IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. _____

RCHFU, LLC, a Colorado limited liability company, JEFFREY A. BAYER and GAIL L. BAYER, ROBERT BUZZETTI, JULIE C. CANNER, LEE JAMES CHIMERAKIS and THERESA ANN CHIMERAKIS, KEVIN CLARE and NANCY LYNNE SHUTE, TOBY L. CONE TRUSTA and TOBY L. CONE, its Trustee, RICHARD J. DAVIS and SHIRLEY J. DAVIS, CARL EICHSTAEDT III, JAMES RICHARD FARQUHAR and JENNIFER LUCILLE FARQUHAR, KOPPLEMAN FAMILY TRUST and LARRY KOPPLEMAN, its Trustee, DAVID LANCASHIRE and STEPHEN ANDREWS, BONNIE LIKOVER, CRAIG LIPTON, JEREMY LOWELL, D.D.S. and LORI LOWELL, EDWARD P. MEYERSON and ANDREA C. MEYERSON, JERRY M. NOWELL TRUST and JERRY M. NOWELL, its Trustee, and DEE ANN DAVIS NOWELL TRUST and DEE ANN DAVIS NOWELL, its Trustee, THOMAS M. PROSE REVOCABLE LIVING TRUST and THOMAS M. PROSE, M.D., its Trustee, CASEY M. ROGERS and COURTNEY S. ROGERS, ROBERT A. SKLAR TRUST and ROBERT A. SKLAR, its Trustee, C. RICHARD STASNEY, M.D. and SUSAN P. STASNEY, TSE HOLDINGS, LLC, a Colorado limited liability company, STEPHEN WEINSTEIN and BRENDA WEINSTEIN, and JACK ZEMER, on behalf of themselves and all Others similarly situated,

    Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, a Delaware corporation,
MARRIOTT OWNERSHIP RESORTS, INC., d/b/a MARRIOTT VACATION CLUB INTERNATIONAL, a Delaware corporation,
ASPEN HIGHLANDS CONDOMINIUM ASSOCIATION, a Colorado non-profit corporation,
RITZ-CARLTON MANAGEMENT COMPANY, LLC, a Delaware limited liability company,
COBALT TRAVEL COMPANY, LLC, INC., a Delaware limited liability company, and
THE LION & CROWN TRAVEL CO., LLC, a Delaware limited liability company,

    Defendants.

**NOTICE OF REMOVAL**

Defendants Marriott Vacations Worldwide Corporation ("MVWC"), Marriott Ownership Resorts, Inc. ("MORI"), The Ritz-Carlton Management Company, LLC ("RCMC"), The Cobalt Travel Company, LLC ("Cobalt"), and The Lion & Crown Travel Company, LLC ("Lion & Crown") (collectively, the "Removing Defendants"), pursuant to 28 U.S.C. §§ 1332, 1367, 1441, 1446, and 1453, D.C.COLO.LCivR 81.1 and with full reservation of all defenses, by their undersigned attorneys, hereby gives notice of removal of the civil action described below to this Court from the District Court of Pitkin County, Colorado. The action is within the original jurisdiction of this Court and properly removed based upon the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332, 1446, and 1453 ("CAFA").

Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be served upon counsel for Plaintiffs and counsel for Defendant Aspen Highlands Condominium Association, Inc. (the "Association"), and will also be filed with the Clerk of the District Court of Pitkin County, Colorado, as an exhibit to a Notice of Filing of Notice of Removal.

Pursuant to D.C.COLO.LCivR 81.1, copies of the current state court register of actions (docket sheet), each pending motion, petition and related response, reply and brief are attached hereto. The current register of actions is attached hereto as Exhibit A. There are no pending pleadings at this time.

In support of removal to this Court, the Removing Defendants allege as follows.

**PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL**

1. On December 31, 2015, Plaintiffs filed their Complaint against the Removing Defendants and the Association (together, "Defendants") in the District Court of Pitkin County, Colorado (the "State Court Action"), but did not serve any of the Defendants with process with respect to that pleading. On April 26, 2016, Plaintiffs filed a First Amended and Supplemental Class Action Complaint and Jury Demand ("FAC") against Defendants in the State Court Action. (Pursuant to 28 U.S.C. § 1446(a), copies of the Summons, FAC, returns of service, and other related pleadings are attached to this Notice as Exhibit B.) MVWC and Lion & Crown first received the Summons and FAC on April 28, 2016, and MORI, RCMC and Cobalt first received the Summons and FAC on April 29, 2016. Upon information and belief, as of the date of the filing of this Notice of Removal, no other pleadings have been filed in the State Court Action.

2. This Notice of Removal has been filed within the time prescribed in 28 U.S.C. § 1446(b), because it is filed within 30 days of the receipt of the Summons and FAC by the Removing Defendants by service or otherwise.

3. The District Court of Pitkin County, Colorado is located within this judicial district. 28 U.S.C. § 85. This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

**ALLEGATIONS OF THE COMPLAINT**

4. Plaintiffs are each owners of certain fractional ownership interests in The Ritz-Carlton Club, Aspen Highlands resort, a condominium located in Aspen, Colorado (the "Resort"), or assignees of such ownership interests. Plaintiffs allege that

3

Defendants' conduct has caused the value of their fractional ownership interests at the Resort to decline, and those interests to become unmarketable. Plaintiffs seek damages, including the "forfeiture" and repayment of "all compensation paid to" RCMC, Cobalt and Lion & Crown, and all profits that Defendants received. Plaintiffs also seek the imposition of a constructive trust. FAC at pp. 26-27. Specifically, Plaintiffs complain of Defendants' alleged (a) decision to affiliate the Resort with Marriott Vacation Club Destinations (a points-based vacation ownership program), (b) failure to sell additional fractional interests, and (c) raising the cost of certain assessments to fractional owners.

5. On behalf of Plaintiffs and the putative class, the Complaint purports to state claims for (a) breach of fiduciary duty against the Association, RCMC and Cobalt, (b) aiding and abetting breaches of fiduciary duty against all Defendants, and (c) civil conspiracy against all Defendants.

6. Plaintiffs seek to represent the following putative class: "All entities and individuals (including their assignees) who, at any time from January 1, 2001 to the present, purchased a 1/12 fractional interest in" the Resort. *Id*. ¶ 97.

7. The Removing Defendants dispute Plaintiffs' factual and class-related allegations, as well as the legal conclusions, in the FAC, and deny that Plaintiffs or the putative class have been harmed in any way.

## BASES FOR REMOVAL

8. This action is within the original jurisdiction of this Court, and removal is proper under CAFA. CAFA grants district courts original jurisdiction over putative class actions in which the amount in controversy exceeds $5 million and any member of the

putative class of Plaintiffs is a citizen of a State different from any Defendant. As set forth below, this action satisfies each of the requirements of 28 U.S.C. § 1332(d)(2) for original jurisdiction under CAFA.

9. <u>Covered Class Action</u>. Without conceding that there is any merit to the FAC's allegations or claims, this action meets the CAFA definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a). *See* FAC ¶ 97.

10. <u>Class Action Consisting of More than 100 Members</u>. The Removing Defendants' records reflect sales of 860 1/12 fractional ownership interests in the Resort. Accordingly, the aggregate number of class members is greater than 100 persons for purposes of 28 U.S.C. § 1332(d)(5)(B).

11. <u>Diversity</u>. The required diversity of citizenship under CAFA is satisfied because "any member of a class of Plaintiffs is a citizen of a State different from any Defendant." 28 U.S.C. § 1332(d)(2)(A).

12. Defendants are each citizens of Colorado, Delaware or Florida. Specifically, MVWC and MORI are both Delaware corporations, with their respective principal places of business in Orlando, Florida. The Association is a Colorado not-for-profit corporation, with its principal place of business in Aspen, Colorado. RCMC and Cobalt are both Delaware limited liability companies, with their respective principal places of business in Orlando, Florida. The sole member of both RCMC and Cobalt is

The Ritz-Carlton Development Company, Inc. ("RCDC"), a Delaware corporation, with its principal place of business in Orlando, Florida. Lion & Crown is a Delaware limited liability company, with its principal place of business in Bethesda, Maryland. RCDC is the sole member of Lion & Crown.

13. The Complaint also includes as named Plaintiffs citizens of Alabama, Arizona, California, Connecticut, Michigan, North Carolina, and Texas, as well as Australia. FAC ¶¶ 13, 15, 17, 19-24, 27-30, 32-34, 36-38, 42. Accordingly, several Plaintiffs themselves are citizens of states (including one foreign state) different from Defendants, thus satisfying the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A).

14. <u>Amount in Controversy</u>. Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6). Without conceding any merit to the FAC's allegations or claims, the amount in controversy here satisfies this jurisdictional threshold, as the damages sought by Plaintiffs are in excess of that amount.

15. For purposes of a CAFA removal, the "amount in controversy . . . is not 'the amount the plaintiff will recover,' but rather 'an estimate of the amount that will be put at issue in the course of the litigation.'" *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1245 (10th Cir. 2012) (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)).

16. While the Removing Defendants dispute that they are liable to Plaintiffs or the putative class, or that Plaintiffs or the putative class suffered any injury or incurred damages in any amount whatsoever, for purposes of satisfying the jurisdictional prerequisites of CAFA, the matter in controversy exceeds $5 million. In that regard, Plaintiffs allege that each class member paid between $200,000 to $400,000 to purchase a fractional interest at the Resort and that the fractional interests have declined in value by over 80%. FAC ¶¶ 6, 10. Accordingly, to meet the $5 million jurisdictional threshold, the putative class would need to include only 32 members (as the alleged decline in value is, at a minimum, 80% of $200,000, or $160,000, and 5,000,000 divided by 160,000 equals 31.25 ). As discussed in paragraph 10 above, the putative class has significantly more members than that. Accordingly, the amount in controversy is more than satisfied here.

17. <u>Non-Applicability of CAFA Exceptions</u>. Once the general requirements of CAFA jurisdiction have been established, the party opposing removal jurisdiction has the burden of proof as to the applicability of either the discretionary or mandatory exceptions of 28 U.S.C. § 1332(d)(3) and (4). *See Woods v. Standard Ins. Co.*, 771 F.3d 1257, 1262 (10th Cir. 2014). Although the Removing Defendants do not bear the burden of proof with respect to the inapplicability of the exceptions contained in 28 U.S.C. § 1332(d)(3) and (4), none of these exceptions applies.

18. The "local controversy" exception set forth in 28 U.S.C. § 1332(d)(4)(A) does not apply for two reasons. First, according to the Removing Defendants' records, only 46 of the 860 members of the putative class (or approximately 5%) reside in

Colorado. Thus Plaintiffs cannot establish that at least two-thirds of the members of the putative class are Colorado citizens. Second, due to the geographic diversity of the putative class (who live throughout the United States), the "principal injuries resulting from the alleged conduct or any related conduct of each defendant," 28 U.S.C. § 1332(d)(4)(A)(III), were not incurred in Colorado.

19. The "home state" exception set forth in 28 U.S.C. § 1332(d)(4)(B) does not apply because Plaintiffs cannot establish that at least two-thirds of the members of the putative class are Colorado citizens.

20. The discretionary jurisdiction exception set forth in 28 U.S.C. § 1332(d)(3) does not apply for two reasons. First, Plaintiffs cannot establish that at least one-third of the members of the putative class are Colorado citizens. Second, several of the factors set forth in 28 U.S.C. § 1332(d)(3) weigh in favor of federal jurisdiction, including the presence of putative class members in numerous different states.

21. <u>No Joinder Necessary</u>. The Association is not required to consent to removal based on CAFA. *See* 28 U.S.C. § 1453(b).

## RESERVATION OF DEFENSES AND RIGHTS

22. As of the date of the filing of this Notice of Removal, no further proceedings have been had in the State Court Action.

23. The Removing Defendants reserve all defenses. In addition, the Removing Defendants do not concede that any Plaintiff states a claim for relief, or that any Plaintiff would be entitled to any relief. Nonetheless, Plaintiffs' claim "whether well

or ill founded in fact, fixes the right of the defendant to remove." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 202 U.S. 283, 294 (1938).

24. If any questions arise as to the propriety of the removal of this action, the Removing Defendants respectfully request the opportunity to present a brief oral argument.

25. The Removing Defendants reserve the right to amend or supplement this Notice of Removal as necessary.

WHEREFORE, the Removing Defendants give notice that the above-described action pending against them and the Association in the District Court of Pitkin County, Colorado is properly removed to this Court.

DATED: May 27, 2016

    Respectfully submitted,

    GREENBERG TRAURIG, LLP

    *s/ Naomi G. Beer*
    Naomi G. Beer
    1200 17th Street, Suite 2400
    Denver, Colorado 80202
    Phone: (303) 572-6500
    Fax: (303) 572-6540
    BeerN@gtlaw.com

    and

Philip R. Sellinger (Admission to be filed)
Ian S. Marx (Admission to be filed)
GREENBERG TAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
Phone: (973) 360-7900
Fax: (973) 301-8410
SellingerP@gtlaw.com
MarxI@gtlaw.com

*Attorneys for Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC and The Lion & Crown Travel Company, LLC*

<u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on this 27th day of May, 2016, a true and accurate copy of the foregoing **NOTICE OF REMOVAL** was filed with the Clerk of the Court via the CM/ECF filing system which will send notification to the following:

Michael J. Reiser
Law Office of Michael J. Reiser
961 Ygnacio Valley Road
Walnut Creek, CA 94596

Matthew C. Ferguson
The Matthew C. Ferguson Law Firm, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611

Michael L. Schrag
Gibbs Law Group LLP
1 Kaiser Plaza, Suite 1125
Oakland, CA 94612

Tyler R. Meade
The Meade Firm P.C.
1816 Fifth Street
Berkeley, CA 94710

Daniel F. Shea
Jessica Black Livingston
Hogan Lovells US LLP
1200 Seventeenth Street, Suite 1500
Denver, Colorado 80202

                 *s/ Julie Eaton*
                 Julie Eaton

                 *(Original on file at offices of Greenberg Traurig, LLP, pursuant to C.R.C.P. 121, § 1-26)*

*NY 245892367v1*