# EXHIBIT A

DECLARATION
FOR
ASPEN HIGHLANDS VILLAGE

423272 10/15/1998 03:59P DECLARAT DAVIS SILVI
1 of 73 R 366.00 D 0.00 N 0.00 PITKIN COUNTY CO

## TABLE OF CONTENTS

| | | |
|---|---|---|
| **ARTICLE 1** | IMPOSITION OF COVENANTS | 1 |
| Section 1.1 | Purpose | 1 |
| Section 1.2 | Intention of Declarant | 1 |
| Section 1.3 | PUD Plan | 1 |
| Section 1.4 | Declaration | 1 |
| Section 1.5 | Covenants Running With the Land | 2 |
| **ARTICLE 2** | DEFINITIONS | 2 |
| Section 2.1 | Act | 2 |
| Section 2.2 | Aspen Highlands Village | 2 |
| Section 2.3 | Assessments | 2 |
| Section 2.4 | Association | 2 |
| Section 2.5 | Association Documents | 2 |
| Section 2.6 | Building | 2 |
| Section 2.7 | Category | 2 |
| Section 2.8 | Class | 3 |
| Section 2.9 | Commercial Directors | 3 |
| Section 2.10 | Commercial Unit | 3 |
| Section 2.11 | Common Area | 3 |
| Section 2.12 | Common Expenses | 3 |
| Section 2.13 | Declarant | 3 |
| Section 2.14 | Declarant Control Period | 3 |
| Section 2.15 | Declaration | 4 |
| Section 2.16 | Deed Restricted Residential Unit | 4 |
| Section 2.17 | Design Guidelines | 4 |
| Section 2.18 | Design Review Board | 4 |
| Section 2.19 | Director | 4 |
| Section 2.20 | District | 4 |
| Section 2.21 | Executive Board | 4 |
| Section 2.22 | Expansion Property | 4 |
| Section 2.23 | Fractional Ownership Interest | 4 |
| Section 2.24 | Fractional Project | 4 |
| Section 2.25 | Free-Market Residential Unit | 4 |
| Section 2.26 | Function | 4 |
| Section 2.27 | Guest | 4 |
| Section 2.28 | Lessee | 5 |
| Section 2.29 | Management Agreement | 5 |
| Section 2.30 | Managing Agent | 5 |
| Section 2.31 | Map or Maps | 5 |
| Section 2.32 | Maximum Rate | 5 |
| Section 2.33 | Owner | 5 |
| Section 2.34 | Parking Facility | 5 |
| Section 2.35 | Parking Facility Association | 5 |

423272 10/15/1998 03:59P DECLARAT DAVIS SILVI
2 of 73 R 366.00 D 0.00 N 0.00 PITKIN COUNTY CO

| | | |
|---|---|---|
| Section 2.36 | Parking Facility Declaration | 5 |
| Section 2.37 | Parking Facility Lot | 6 |
| Section 2.38 | Parking Facility Unit | 6 |
| Section 2.39 | Percentage Assessment Obligation | 6 |
| Section 2.40 | Percentage Voting Allocation | 6 |
| Section 2.41 | Plat | 6 |
| Section 2.42 | Project or Projects | 6 |
| Section 2.43 | Project Association or Project Associations | 6 |
| Section 2.44 | Project Declaration or Project Declarations | 6 |
| Section 2.45 | Project Lots(s) | 6 |
| Section 2.46 | Property | 6 |
| Section 2.47 | PUD Plan | 6 |
| Section 2.48 | Residential Directors | 7 |
| Section 2.49 | Residential Unit | 7 |
| Section 2.50 | Short-Term Parking Facility | 7 |
| Section 2.51 | Short Term Parking Facility Lot | 7 |
| Section 2.52 | Ski Area | 7 |
| Section 2.53 | Ski Company | 7 |
| Section 2.54 | Ski Easement Agreement | 7 |
| Section 2.55 | Supplemental Declaration | 7 |
| Section 2.56 | Supplemental Plat | 7 |
| Section 2.57 | Tourist Accommodation Unit | 7 |
| Section 2.58 | Unit | 7 |
| Section 2.59 | Village Homesite | 8 |
| | | |
| ARTICLE 3 | ASSOCIATION FUNCTIONS AND DUTIES | 8 |
| Section 3.1 | Property Maintenance Function | 8 |
| Section 3.2 | Operation Function | 8 |
| Section 3.3 | Public Health and Safety Function | 8 |
| Section 3.4 | Transportation Function | 9 |
| Section 3.5 | Vehicular Access Limitation Function | 9 |
| Section 3.6 | Recreation Function | 9 |
| Section 3.7 | Marketing Function | 9 |
| Section 3.8 | Solid Waste Collection and Disposal Function; Recycling | 10 |
| Section 3.9 | Animal Control Function | 10 |
| Section 3.10 | Environmental Function | 10 |
| Section 3.11 | Exterior Maintenance Function | 10 |
| Section 3.12 | Television Function | 11 |
| Section 3.13 | Telephone Function | 11 |
| Section 3.14 | Right to Make Rules and Regulations | 11 |
| Section 3.15 | Charges for Use of Common Area | 12 |
| Section 3.16 | Charges for Functions | 12 |
| Section 3.17 | Taxes | 12 |
| Section 3.18 | Right to Disposes of Common Area; Third Party Rights in Common Area | 12 |

423272 10/15/1998 03:59P DECLARAT DAVIS SILVI
4 of 73 R 366.00 D 0.00 N 0.00 PITKIN COUNTY CO

| Section 3.19 | Governmental Successor | 12 |
|---|---|---|
| Section 3.20 | Records | 13 |
| Section 3.21 | Implied Rights of the Association. | 13 |
| Section 3.22 | Association Documents. | 15 |
| Section 3.23 | Ski Use and Access | 15 |
| Section 3.24 | Indemnification | 15 |
| Section 3.35 | Owner's Negligence | 15 |
| Section 3.36 | Enforcement of Association Documents | 15 |
| Section 3.27 | Cooperation with Other Associations | 15 |
| Section 3.28 | Cooperation with Project Associations | 16 |
| Section 3.29 | Limitation of Liability of Association | 16 |
| Section 3.30 | Rights of Ski Company | 16 |
| **ARTICLE 4** | **MEMBERSHIP IN ASSOCIATION** | 17 |
| Section 4.1 | Association Membership | 17 |
| Section 4.2 | Categories of Membership | 17 |
| Section 4.3 | Voting Rights. | 18 |
| Section 4.4 | Election of Directors. | 19 |
| Section 4.5 | Declarant Control | 20 |
| Section 4.6 | Executive Board | 20 |
| Section 4.7 | Fairness Standard | 21 |
| Section 4.8 | Voting by Association Members | 21 |
| Section 4.9 | Owner's and Association's Address for Notices | 21 |
| **ARTICLE 5** | **ASSESSMENTS** | 22 |
| Section 5.1 | Covenant of Personal Obligation of Assessment | 22 |
| Section 5.2 | Purpose of Assessment | 23 |
| Section 5.3 | Amount of Total Annual Assessments | 23 |
| Section 5.4 | Apportionment of Annual Assessments | 23 |
| Section 5.5 | Annual Budget | 24 |
| Section 5.6 | Special Assessments | 24 |
| Section 5.7 | Due Dates for Assessment Payments | 25 |
| Section 5.8 | Declarant's Obligation to Pay Assessments | 25 |
| Section 5.9 | Default Assessments | 25 |
| Section 5.10 | Lien for Assessments | 25 |
| Section 5.11 | Effect of Nonpayment of Assessments | 26 |
| Section 5.12 | Successor's Liability for Assessments | 26 |
| Section 5.13 | Waiver of Homestead Exemption; Subordination of Association's Lien for Assessments | 27 |
| Section 5.14 | Statement of Status of Assessments | 27 |
| Section 5.15 | Liens | 28 |
| **ARTICLE 6** | **DESIGN REVIEW** | 28 |
| Section 6.1 | Design Review Board and Guidelines | 28 |
| Section 6.2 | Purpose and General Authority | 28 |
| Section 6.3 | Board Discretion | 28 |

| Section 6.4 | Design Guidelines | 29 |
|---|---|---|
| Section 6.5 | Design Review Board Membership | 30 |
| Section 6.6 | Organization and Operation of Design Review Board | 30 |
| Section 6.7 | Expenses | 30 |
| Section 6.8 | Other Requirements | 31 |
| Section 6.9 | Limitation of Liability | 31 |
| Section 6.10 | Enforcement | 32 |
| Section 6.11 | Binding Effect | 33 |
| **ARTICLE 7** | **EASEMENTS** | 33 |
| Section 7.1 | Easement of Enjoyment | 33 |
| Section 7.2 | Delegation of Use | 33 |
| Section 7.3 | Recorded Easements | 33 |
| Section 7.4 | Easements for Encroachments | 34 |
| Section 7.5 | Utility Easements | 34 |
| Section 7.6 | Reservation of Easements, Exceptions and Exclusions | 35 |
| Section 7.7 | Emergency Access Easement | 35 |
| Section 7.8 | Association Easement | 35 |
| Section 7.9 | Drainage Easement | 35 |
| Section 7.10 | Easements of Access for Repair, Maintenance and Emergencies | 35 |
| Section 7.11 | Declarant's Rights Incident to Construction and Marketing | 36 |
| Section 7.12 | Governmental Requirements | 36 |
| Section 7.13 | Declarant Easements | 36 |
| Section 7.14 | Right of Declarant and Association to Own Units and to Use Common Area | 36 |
| Section 7.15 | Remodeling Easement | 37 |
| Section 7.16 | Ski Company Easement | 37 |
| Section 7.17 | Easements Deemed Created | 37 |
| **ARTICLE 8** | **RESTRICTIONS ON USE** | 37 |
| Section 8.1 | Land Use Restrictions | 37 |
| Section 8.2 | Use Limitations | 37 |
| Section 8.3 | Maintenance of Property | 37 |
| Section 8.4 | Blasting | 38 |
| Section 8.5 | Water and Sanitation | 38 |
| Section 8.6 | Use of Property During Construction | 38 |
| Section 8.7 | No Noxious or Offensive Activity | 38 |
| Section 8.8 | No Harassment of Wildlife | 39 |
| Section 8.9 | No Hazardous Activities | 39 |
| Section 8.10 | No Unsightliness | 39 |
| Section 8.11 | Lights, Sounds and Odors | 40 |
| Section 8.12 | Restriction on Animals | 40 |

| | | |
|---|---|---|
| Section 8.13 | Restriction on Signs | 40 |
| Section 8.14 | Restrictions on Parking | 41 |
| Section 8.15 | Restriction on Recreation Vehicles | 41 |
| Section 8.16 | Drainage Restriction | 41 |
| Section 8.17 | Landscape Restriction | 41 |
| Section 8.18 | No Mining and Drilling | 41 |
| Section 8.19 | No Fences | 41 |
| Section 8.20 | General Practices Prohibited | 41 |
| Section 8.21 | Declarant's Exemption | 42 |
| Section 8.22 | Health, Safety and Welfare | 42 |
| Section 8.23 | Compliance with Law | 42 |
| Section 8.24 | Subdivision of Units | 42 |
| Section 8.25 | No Timeshare | 43 |
| Section 8.26 | Violation | 43 |
| | | |
| **ARTICLE 9** | **INSURANCE AND FIDELITY BONDS** | 43 |
| Section 9.1 | General Insurance Provisions | 43 |
| Section 9.2 | Cancellation | 44 |
| Section 9.3 | Policy Provisions | 44 |
| Section 9.4 | Insurance Proceeds | 44 |
| Section 9.5 | Association Policies | 45 |
| Section 9.6 | Insurer Obligation | 45 |
| Section 9.7 | Common Expenses | 45 |
| Section 9.8 | Fidelity Insurance | 45 |
| Section 9.9 | Workmen's Compensation Insurance | 46 |
| Section 9.10 | Other Insurance | 46 |
| Section 9.11 | Insurance Obtained by Owners or Project Association | 46 |
| | | |
| **ARTICLE 10** | **MECHANICS' LIENS** | 47 |
| Section 10.1 | Mechanics' Liens | 47 |
| Section 10.2 | Enforcement by the Association | 47 |
| | | |
| **ARTICLE 11** | **ASSOCIATION AS ATTORNEY-IN-FACT** | 47 |
| Section 11.1 | Appointment | 47 |
| Section 11.2 | General Authority | 48 |
| | | |
| **ARTICLE 12** | **DAMAGE OR DESTRUCTION** | 48 |
| Section 12.1 | Casualty to Common Area | 48 |
| Section 12.2 | Casualty to Unit, Project or Parking Facility | 48 |
| | | |
| **ARTICLE 13** | **OBSOLESCENCE** | 49 |
| | | |
| **ARTICLE 14** | **CONDEMNATION** | 49 |
| Section 14.1 | Condemnation of Common Area | 49 |
| Section 14.2 | Condemnation of a Unit or Common Area | |

| | or Common Element of a Project | 50 |
| Section 14.3 | Allocation of Interest After Condemnation | 50 |
| | | |
| **ARTICLE 15** | **EXPANSION AND WITHDRAWAL** | 50 |
| Section 15.1 | Reservation of Expansion and Withdrawal Rights | 50 |
| Section 15.2 | Supplemental Declarations and Supplemental Plats | 50 |
| Section 15.3 | Expansion of Definitions | 50 |
| Section 15.4 | Effect of Expansion | 51 |
| Section 15.5 | Termination of Expansion and Development Rights | 51 |
| | | |
| **ARTICLE 16** | **ACKNOWLEDGMENTS** | 51 |
| Section 16.1 | Acknowledgements | 51 |
| | | |
| **ARTICLE 17** | **DURATION OF COVENANTS AND AMENDMENT** | 53 |
| Section 17.1 | Term | 53 |
| Section 17.2 | Amendment | 53 |
| Section 17.3 | Recording of Amendments | 53 |
| | | |
| **ARTICLE 18** | **DECLARANT'S RIGHTS REGARDING TRANSFER** | 54 |
| | | |
| **ARTICLE 19** | **SPECIAL DISTRICT** | 54 |
| | | |
| **ARTICLE 20** | **MISCELLANEOUS** | 54 |
| Section 20.1 | Restriction on Declarant Powers | 54 |
| Section 20.2 | Nonwaiver | 54 |
| Section 20.3 | Severability | 54 |
| Section 20.4 | Number and Gender | 54 |
| Section 20.5 | Captions | 55 |
| Section 20.6 | Conflicts in Legal Documents | 55 |
| Section 20.7 | Exhibits | 55 |



## DECLARATION
## FOR
## ASPEN HIGHLANDS VILLAGE

THIS DECLARATION FOR ASPEN HIGHLANDS VILLAGE (this "Declaration")
dated as of October  _13_ , 1998, shall be effective upon recordation and is made by Hines
Highlands Limited Partnership, a Delaware limited partnership ("Declarant"). Declarant is the
owner of certain real property in Pitkin County, Colorado, more particularly described on Exhibit
A attached hereto and made part of this Declaration by this reference. Declarant hereby makes
the following grants, submissions and declarations:

### ARTICLE 1
### IMPOSITION OF COVENANTS

Section 1.1   Purpose.   The purpose of this Declaration is to create a Planned
Community known as Aspen Highlands Village pursuant to the Colorado Common Interest
Ownership Act as set forth in Article 33.3, Title 38, Colorado Revised Statutes, as such act exists
on the date hereof, except to the extent that the applicability of future amendments to such act are
mandatory. All capitalized terms used herein are defined in Article 2 below.

Section 1.2   Intention of Declarant.   Declarant intends to develop the Property as a
mixed-use residential and commercial resort community designed to provide services, including
lodging, food and beverage services, shops and retail areas and recreational opportunities for all
persons residing, visiting or doing business in Aspen Highlands Village. Declarant desires to
protect the value and desirability of the Property, to establish a means to provide for and
maintain certain common amenities and properties for the benefit of the owner(s) of the Property
and the separate projects which may be formed thereon and to promote and safeguard the health,
comfort, safety, convenience and welfare of the Owners of Units in Aspen Highlands Village.

Section 1.3   PUD Plan.   Pursuant to the PUD Plan approved by the Pitkin County
Board of Commissioners, up to Two Hundred Seventy-Five (275) Residential Units and 88,627
square feet of commercial space is permitted to be developed within Aspen Highlands Village.
In order to allow for the creation of Commercial Units of not less than 500 square feet per Unit,
Declarant reserves the right to create a maximum of One Hundred Eighty (180) Commercial
Units. Further, Declarant reserves the right to create a maximum of Seven Hundred Fifty (750)
Parking Facility Units (as that term is hereinafter defined). The maximum number of Parking
Facility Units and the maximum number of Commercial Units, when added to the maximum of
275 Residential Units, all as described above, permits a maximum of One Thousand Two
Hundred Five (1,205) Units (without consideration of any resubdivision of Units into Fractional
Ownership Interests) within Aspen Highlands Village. A maximum of seventy-three (73) of
such Units shall be subject to further subdivision into Fractional Ownership Interests.   To
accomplish the creation of Units within the Property, it is anticipated that portions of the
Property will in the future become subject to separate Project Declarations creating Projects
within the Property, all as hereinafter provided.

Section 1.4   Declaration.   To accomplish the purposes and intentions recited above,
Declarant hereby submits the Property, together with all improvements, appurtenances and

423272  10/15/1998  03:59P  DECLARAT  DAVIS  SILVI
8 of 73 R 366.00 D 0.00 N 0.00 PITKIN COUNTY CO

facilities relating to or located on the Property now and in the future, to the provisions of the Act, and hereby imposes upon all of the Property the covenants, conditions, restrictions, easements, reservations and other provisions of this Declaration below, and Declarant hereby declares that all of the Property shall be held, sold, conveyed, encumbered, leased, rented, occupied and improved subject to the provisions of this Declaration.

Section 1.5    Covenants Running With the Land. All provisions of this Declaration shall be deemed to be covenants running with the land, or equitable servitudes, as the case may be. The benefits, burdens and other provisions contained in this Declaration shall be binding upon and shall inure to the benefit of Declarant, all Owners, the Project Associations and their respective heirs, executors, administrators, personal representatives, successors and assigns.

## ARTICLE 2
## DEFINITIONS

The following words, when used in this Declaration or any Supplemental Declaration, shall have the meanings designated below unless the context shall expressly provide otherwise:

Section 2.1    "Act" means the Colorado Common Interest Ownership Act as set forth in Article 33.3, Title 38, Colorado Revised Statutes, as such act exists on the date hereof, except to the extent that the applicability of future amendments to the Act are mandatory.

Section 2.2    "Aspen Highlands Village" means the entirety of the Property subject to the terms and provisions of this Declaration.

Section 2.3    "Assessments" means the annual, special and default Assessments levied pursuant to Article 5 below. Assessments are also referred to as a Common Expense Liability under the Act.

Section 2.4    "Association" means Aspen Highlands Village Association, a Colorado nonprofit corporation, and its successors and assigns. The Association acts through its Executive Board unless a vote of the Owners is otherwise specifically required by the Act, this Declaration or the articles of incorporation or bylaws of the Association.

Section 2.5    "Association Documents" means the basic documents governing the Association, including, but not limited to, this Declaration, the articles of incorporation and bylaws of the Association, and any procedures, rules, regulations or policies relating to the Association adopted under such documents by the Association or the Executive Board.

Section 2.6    "Building" means any building (including all fixtures and improvements contained within it) located on the Property.

Section 2.7    "Category" shall mean each separate category of members in the Association, namely the Free-Market Residential Unit Members, the Deed Restricted Unit Members, the Tourist Accommodation Unit Members, the Commercial Unit Members and the Parking Facility Unit Members (all as described in Section 4.2 of this Declaration), and "Categories" shall mean all such categories collectively.

2

Section 2.8     "Class" shall mean individually the Residential Unit Members and the Commercial Unit Members (as described in Section 4.2 of this Declaration), and "Classes" shall mean both such classes collectively.

Section 2.9     "Commercial Directors" means the members of the Executive Board elected by the Owners of Commercial Units after the expiration of the Declarant Control Period in accordance with the procedures set forth in Article 4 below and in the bylaws of the Association.

Section 2.10     "Commercial Unit" means any separate Unit located on the Property which is designated for commercial uses, and not the Residential Units or the Parking Facility Units. The term Commercial Unit shall include, without limitation, those Units comprised of or designated as restaurant space, retail space and accessory skier services in the PUD Plan.

Section 2.11     "Common Area" means, to the extent of the Association's interest in such real estate or improvements, any real property within Aspen Highlands Village (a) that is owned by the Association, (b) that is owned by a person or entity other than the Association, but in which the Association has rights of use or possession pursuant to a lease, license, easement or other agreement, or (c) that the Association is otherwise required to operate, manage, maintain or repair, together with any improvements located thereon. Without limiting the generality of the foregoing, the Common Area shall include the pedestrian plaza and other portions of the central area of Aspen Highlands Village which are or will be the subject of easements in favor of the Association for the benefit of all Owners as well as certain easements identified on the Plat as "Private Ski Easements" which the Association shall be obligated to maintain upon conveyance of same from Declarant to the Association.

Section 2.12     "Common Expenses" means (a) all expenses expressly declared to be common expenses by this Declaration or the bylaws of the Association; (b) all other expenses of administering, servicing, conserving, managing, maintaining, repairing or replacing the Common Area; (c) all expenses to be incurred by the Association in fulfilling its obligations or permitted Functions under this Declaration; (d) insurance premiums for the insurance carried under Article 9; and (e) all expenses lawfully determined to be common expenses by the Executive Board of the Association.

Section 2.13     "Declarant" means Hines Highlands Limited Partnership, a Delaware limited partnership, and its affiliates, successors and assigns. No party other than Hines Highlands Limited Partnership shall exercise the rights and privileges reserved herein to Declarant unless such party shall receive and record in the real property records of Pitkin County, Colorado a written assignment from Hines Highlands Limited Partnership of all or a portion of such rights and privileges.

Section 2.14     "Declarant Control Period" shall have the meaning given it in Section 4.4 of this Declaration.

| |||||| |||||| |||||||| ||||||| |||| ||||| ||||||| ||| |||||| ||| ||||||
423272 10/15/1998 03:59P DECLARAT DAVIS SILVI
10 of 73 R 366.00 D 0.00 N 0.00 PITKIN COUNTY CO

*Hines\Aspen Highlands\dec ahv v11-clean*

3

Section 2.15 "Declaration" means this Declaration for Aspen Highlands Village, together with any supplement or amendment to this Declaration, recorded by Declarant in the Office of the Clerk and Recorder of Pitkin County, Colorado.

Section 2.16 "Deed Restricted Residential Unit" means any Residential Unit restricted as an affordable housing sale unit, rental unit or dormitory unit pursuant to the PUD Plan, and not the Free-Market Residential Units and the Tourist Accommodation Units.

Section 2.17 "Design Guidelines" means the Design Guidelines and Regulations published and amended and supplemented from time to time by the Design Review Board.

Section 2.18 "Design Review Board" means and refers to the Design Review Board defined in and created pursuant to Article 6 below.

Section 2.19 "Director" means a member of the Executive Board.

Section 2.20 "District" means, collectively, the Aspen Highlands Commercial Metropolitan District, a Colorado quasi-municipal corporation, and the Aspen Highlands Residential Metropolitan District, a Colorado quasi-municipal corporation.

Section 2.21 "Executive Board" means the governing body of the Association, as provided in this Declaration and in the articles of incorporation and bylaws of the Association.

Section 2.22 "Expansion Property" means any real property which Declarant may subject to this Declaration by one or more duly recorded Supplemental Declarations.

Section 2.23 "Fractional Ownership Interest" means an undivided interest in a present estate in fee simple in a Unit together with an exclusive right of possession and occupancy of the Unit as established by the Project Declaration submitting a Project Lot to condominiums or planned community ownership and as contemplated by C.R.S. § 38-33-110(8).

Section 2.24 "Fractional Project" means a Project within which the individual Units are divided into Fractional Ownership Interests pursuant to applicable provisions of Colorado law.

Section 2.25 "Free-Market Residential Unit" means all Residential Units except the Deed Restricted Residential Units and the Tourist Accommodation Units

Section 2.26 "Function" means any activity, function or service required under this Declaration to be undertaken or performed by the Association as well as any activity, function or service otherwise undertaken or performed by the Association.

Section 2.27 "Guest" means any family member, customer, agent, employee, independent contractor, guest, licensee or invitee of an Owner or Lessee and any person or persons, entity or entities who have any right, title or interest in a Unit which is not the fee simple title to the Unit (including a Lessee), and any family member, customer, agent, employee, independent contractor, guest or invitee of such persons or persons, entity or entities.

Section 2.28 "Lessee" means the person or persons, entity or entities who is the lessee under a lease of all or any part of a Unit. The term Lessee shall include Declarant to the extent it is a Lessee as defined above and shall include a sublessee, but it shall not include the Association or any governmental entity (which term shall include but is not limited to special districts formed pursuant to Colorado law).

Section 2.29 "Management Agreement" means any contract or arrangement with a person or entity that provides management services entered into for purposes of discharging the responsibilities of the Executive Board relative to the operation, maintenance and management of the Common Area and/or the performance of Functions.

Section 2.30 "Managing Agent" means a person, firm, corporation, or other entity employed or engaged as an independent contractor pursuant to a Management Agreement.

Section 2.31 "Map" or "Maps" means and includes any engineering survey or surveys of a portion of the Property (whether titled as a map, plat or otherwise and whether in two or three dimensions) locating any Project Lot(s) or the Parking Facility Lot, or the Units in the respective Buildings and the Buildings on the Property, or the Parking Facility Units within the Parking Facility, and/or depicting the floor plans of the Units, together with other drawings or diagrammatic plans and information regarding any portion of the Property as recorded in the Office of the Clerk and Recorder of Pitkin County, Colorado. The definition of "Map" in this Declaration shall include those documents defined as a "map" and a "plat" under the Act.

Section 2.32 "Maximum Rate" shall mean three percentage points greater than that rate of interest charged by a bank designated from time to time by the Executive Board to the best commercial customers of the designated bank for short-term loans and identified as the "prime rate" by such bank as of the date on which such Maximum Rate is imposed with respect to any amount payable under this Declaration, or if less, the maximum rate allowed by law.

Section 2.33 "Owner" means any record owner (including Declarant, and including a contract seller, but excluding a contract purchaser), whether a natural person or persons, or an entity, of a fee simple title interest in and to any Unit (including, without limitation, an owner of an Fractional Ownership Interest), excluding, however, any record owner with an interest therein merely as a mortgagee (unless such mortgagee has acquired fee simple title interest in the Unit pursuant to foreclosure or any proceedings in lieu of foreclosure).

Section 2.34 "Parking Facility" means one or more Buildings, together with the Parking Facility Lot on which such Building(s) are located, which is submitted to condominium or planned community ownership by the Parking Facility Declaration and the associated Map.

Section 2.35 "Parking Facility Association" means the association formed for the purpose of representing Owners of Parking Facility Units.

Section 2.36 "Parking Facility Declaration" means the recorded declaration creating individual Units within the Parking Facility.

423272 10/15/1998 03:59P DECLARAT DAVIS SILVI
12 of 73 R 366.00 D 0.00 N 0.00 PITKIN COUNTY CO

Section 2.37 "Parking Facility Lot" shall mean and refer to a portion of the separately subdivided parcel of land labeled as Block D on the **Plat** which shall be used in the future for construction of a private parking structure or structures which shall be a parking facility serving portions of the Property, the public and Lessees and Guests of Aspen Highlands Village, including the Ski Area, which may be further subdivided as provided herein, but not referring to any public or private streets, and not referring to the Short-Term Parking Facility Lot.

Section 2.38 "Parking Facility Unit" means any separate Unit located within the Parking Facility, and not the Residential Units or the Commercial Units. Until such time as the Parking Facility Declaration is recorded, Parking Facility Unit shall mean the Parking Facility Lot.

Section 2.39 "Percentage Assessment Obligation" means the percentage apportionment of Assessments for which a Unit is responsible as calculated pursuant to Section 5.4 below.

Section 2.40 "Percentage Voting Allocation" means the percentage apportionment of voting rights of an Owner as calculated pursuant to Section 4.3 below.

Section 2.41 "Plat" means that certain Final Plat of Aspen Highlands Village PUD, recorded in the Office of the Clerk and Recorder of Pitkin County, Colorado, on *October 15*, 199 *8* as Reception No. *423275*, as amended from time to time.

Section 2.42 "Project" or "Projects" means one or more Buildings, together with the Project Lot on which such Building(s) are located, on any portion of the Property which is submitted to condominium or planned community ownership by a Project Declaration and the associated Map, but specifically excluding the Parking Facility.

Section 2.43 "Project Association" or "Project Associations" means the association(s), if any, formed for the purpose of representing Owners within a particular Project.

Section 2.44 "Project Declaration" or "Project Declarations" means each recorded declaration creating a Project within the Property.

Section 2.45 "Project Lot(s)" shall mean and refer to any separately subdivided parcel of land labeled as Blocks B, C, D, E and F on the Plat, which may be further subdivided as provided herein, but not referring to any public or private streets.

Section 2.46 "Property" means the real property described in the attached Exhibit A.

Section 2.47 "PUD Plan" means (i) Resolution No. 96-141 of the Board of County Commissioners of Pitkin County, Colorado, Granting Detailed Submission, Planned Unit Development, 1041 Environmental Hazard Review and Special Review Approval to the Aspen Highlands Base Village PUD, (ii) the Aspen Highlands Village Detailed Submission Consolidated Plan approved in connection with Resolution No. 97-299, (iii) the Aspen Highlands Planned Unit Development Guide recorded as Reception No. *423274*, Pitkin County, Colorado and (iv) the Plat.

423272 10/15/1998 03:59P DECLARAT DAVIS SILVI
13 of 73 R 366.00 D 0.00 N 0.00 PITKIN COUNTY CO

Section 2.48 "Residential Directors" means the members of the Executive Board elected by the Owners of Residential Units after the expiration of the Declarant Control Period in accordance with the procedures set forth in Article 4 below and in the bylaws of the Association.

Section 2.49 "Residential Unit" means any separate Unit located on the Property which is designated for residential use, including the Free-Market Residential Units, the Deed Restricted Residential Units and the Tourist Accommodation Units, and not the Commercial Units or the Parking Facility Units.

Section 2.50 "Short-Term Parking Facility" means the parking garage improvements constructed within the Short-Term Parking Facility Lot.

Section 2.51 "Short-Term Parking Facility Lot" shall mean and refer to a portion of the separately subdivided parcel of land labeled as Block D on the Plat which shall be used in the future for construction of a short-term public parking facility, which may be further subdivided as provided herein, but not referring to any public or private streets.

Section 2.52 "Ski Area" means that certain skiing facility and year-round recreation area located adjacent to the Property and generally known as the Aspen Highlands Ski Area.

Section 2.53 "Ski Company" means Aspen Highlands Mountain Limited Liability Company, a Colorado limited liability company, its successors and assigns.

Section 2.54 "Ski Easement Agreement" means that certain Ski Easement Agreement by and between Declarant, as Grantor, and the Ski Company, as Grantee, dated *October 13*, 199*8* and recorded in the Office of the Clerk and Recorder of Pitkin County, Colorado on *October 15*, 199*8* as Reception No. *423259*.

Section 2.55 "Supplemental Declaration" means an instrument which subjects any part of the Expansion Property to this Declaration, as more fully provided in Article 15 below.

Section 2.56 "Supplemental Plat" means a subdivision plat which depicts any part of the Expansion Property becoming subject to this Declaration through a Supplemental Declaration, as more fully provided in Article 15 below.

Section 2.57 "Tourist Accommodation Unit" means any Unit designated as a tourist accommodation unit in the PUD Plan and the Pitkin County Code.

Section 2.58 "Unit" means the fee simple interest in and to any subdivided parcel of real property subject to this Declaration, whether currently existing or created by subsequent resubdivision of the Property, specifically, excluding, however, any Fractional Ownership Interest in a Unit. Each Village Homesite shall be a "Unit" as defined herein. Until and unless a Project Declaration is recorded creating a Project on a Project Lot, each Project Lot shall be an individual "Unit" as defined herein. Until and unless a Parking Facility Declaration is recorded creating the Parking Facility on the Parking Facility Lot, the Parking Facility Lot shall be an individual "Unit" as defined herein.

423272 10/15/1998 03:59P DECLARAT DAVIS SILVI
14 of 73 R 366.00 D 0.00 N 0.00 PITKIN COUNTY CO

Section 2.59 "Village Homesite" means those Units numbered as Lots 1 through 12, inclusive, Block A, and Lots 1 through 19, inclusive, Block G, on the Plat. The Village Homesites are Free-Market Residential Units except for Lots F and G, Block G, which are Deed Restricted Residential Units.

Each capitalized term not otherwise defined in this Declaration or in the Plat shall have the same meanings specified or used in the Act.

## ARTICLE 3
## ASSOCIATION FUNCTIONS AND DUTIES

Section 3.1 Property Maintenance Function. The Association shall provide for the care, operation, management, maintenance, improvement, repair and replacement of all Common Area. Moreover, the Association may provide for the care and maintenance of other areas of the Property if the Executive Board, in its reasonable discretion, deems such care and maintenance to be necessary or desirable for access to the boundary of or full utilization of any Unit or any improvements within Aspen Highlands Village. Such function may include, without limitation, removal of snow from and application of sand and salt to parking areas, roads, walks, drives, malls, stairs and other similar Common Area as necessary for their customary use and enjoyment; construction, operation, repair and maintenance of snowmelt systems; maintenance and care of open space or unimproved areas included in the Common Area and of plants, trees and shrubs in such open space or unimproved areas; and maintenance of lighting provided for parking areas, roads, walks, drives, malls, stairs and other similar Common Area. The Executive Board shall be the sole judge as to the appropriate maintenance, operation and management of the Common Area and other areas of the Property consistent with intent of this Declaration. Without limiting the generality of the foregoing, the Association shall be obligated to assume from Declarant the obligations of Declarant with respect to the easements described as "Private Ski Easements" on the Plat, which obligations are more specifically described in Note 5 on the Plat.

Section 3.2 Operation Function. The Association may do all things that are within the power of the District and which are not being adequately performed by the District which may be reasonably necessary or desirable to keep and maintain Aspen Highlands Village as a secure, attractive and desirable community. In addition, pursuant to easement rights granted to the Association by the Parking Facility Association in Article 7 hereof, the Association may do all things that are within the power of the Parking Facility Association and which are not being adequately performed by the Parking Facility Association which may be reasonably necessary or desirable to keep and maintain the Parking Facility and other real estate and improvements which are subject to the Parking Facility Association in a secure, attractive and desirable condition.

Section 3.3 Public Health and Safety Function. The Association may provide public health and safety services within Aspen Highlands Village, including but not limited to, providing health care services and facilities, security personnel, security systems, fire protection facilities and a fire water system which may include periodic fire prevention inspections and equipment certifications.

423272  10/15/1998 03:59P DECLARAT DAVIS SILVI
15 of 73 R 366.00 D 0.00 N 0.00 PITKIN COUNTY CO

Section 3.4    Transportation Function.    The Association may provide for the operation, maintenance and repair of one or more transportation systems within Aspen Highlands Village. The Association, as it deems necessary, may extend such transportation systems to areas outside of Aspen Highlands Village to provide transportation to and from Aspen Highlands Village. Such transportation systems may include, but are not limited to, gondola, bus, automobile or rail systems and any other facilities deemed necessary or appropriate for the proper operation and maintenance of such systems.

Section 3.5    Vehicular Access Limitation Function.    The Association may provide control over vehicular access to Aspen Highlands Village which it deems necessary or desirable for the health, safety or welfare of persons residing, visiting or doing business within Aspen Highlands Village. Such function may include, without limitation, constructing, operating and maintaining access road control gates (at such location(s) as the Association may from time to time determine to be appropriate), restricting non-commercial vehicular traffic within Aspen Highlands Village except for Owners, Lessees, Guests or visitors who have overnight accommodations at Aspen Highlands Village and who are authorized to park within Aspen Highlands Village, and restricting commercial vehicular traffic within Aspen Highlands Village. All Owners and Lessees may be required to keep the Association informed of all persons who have overnight accommodations at such Owner's or Lessee's property in order to appropriately enforce the rules and regulations which may be adopted by the Association.

Section 3.6    Recreation Function.    The Association may provide a year-round recreational program of suitable variety and such miscellaneous equipment as may be necessary therefor, including but not limited to, informing visitors of recreation available and stimulating their participation therein; conducting, operating, managing and maintaining programs for children, including but not limited to, daycare facilities and such equipment as may be appropriate for use in connection therewith; constructing, caring for, operating, managing, maintaining, improving, repairing and replacing within Aspen Highlands Village swimming pools, ice rinks, skating ponds, clubhouses, foot, nordic and bicycle trails and related facilities, sauna and steam baths, tennis courts, game courts, game or sports courts, game and special events areas, fishing areas and facilities, bobsledding and snow shoeing facilities, outdoor entertainment and other recreational amenities, and such equipment as may be appropriate for use in connection therewith; and removing snow from and cleaning such facilities as necessary to permit their use and enjoyment

Section 3.7    Marketing Function.    The Association may provide suitable and continuing programs to promote Aspen Highlands Village as a desirable year-round destination resort, including but not limited to, stimulating and coordinating major events, advertising and placing articles in news and other media, establishing uniform standards for promotional programs of individual members, involvement in lecture tours and ski shows, encouraging responsible groups to hold conferences and negotiating arrangements and accommodations for such groups, conducting tour operations, publishing a newsletter, providing and operating reception and information centers for the accommodations of Guests and visitors.    The Association may undertake or fulfill its obligations hereunder in whole or in part in conjunction with or through any organization which may be engaged in the promotion of the state or local area ski industry.

423272  10/15/1998 03:59P DECLARAT DAVIS SILVI
16 of 73 R 368.00 D 0.00 N 0.00 PITKIN COUNTY CO

Section 3.8    Solid Waste Collection and Disposal Function; Recycling.    The Association may provide for the collection, removal, disposal and/or recycling of all solid waste in Aspen Highlands Village, including but not limited to, the construction, operation and maintenance of a central waste collection, disposal and/or recycling facility and the possible production and sale of any energy generated in connection therewith. The Association shall have the power to adopt, amend and enforce rules and regulations to provide for the orderly collection, disposal and/or recycling of such waste, for the sale of any energy generated in connection therewith and the distribution of such energy.

Section 3.9    Animal Control Function.    The Association may provide for regulations, facilities, personnel and funds to enforce animal control or exclude animals from Aspen Highlands Village and may cooperate with the appropriate governmental body regarding enforcement of animal control regulations.

Section 3.10    Environmental Function.    The Association may monitor air, soil and water quality in Aspen Highlands Village to determine trends and to detect violations of federal, state or local environmental laws. Neither Declarant, the Association, nor any of their respective directors, officers, agents or employees shall be required to undertake such monitoring, or be liable to any third party for any action which they take, or failure to act, in connection with the inspection or monitoring of air, soil or water quality in Aspen Highlands Village.

Section 3.11    Exterior Maintenance Function.

3.11.1    All Owners are expected to maintain their Units, all Project Associations are expected to maintain their Projects and the Parking Facility Association is expected to maintain the Parking Facility in a first class manner consistent with the high standards of quality typical within Aspen Highlands Village, and the Association does not intend to provide any exterior maintenance and repair of such property. If any Owner fails to maintain its Unit, any Project Association fails to maintain its Project or the Parking Facility Association fails to maintain the Parking Facility, or related improvements or property or fails to perform any acts of maintenance or repair required under this Declaration, the Association may provide, by the affirmative vote of a majority of the members of the Design Review Board present at any meeting thereof, exterior maintenance and repair upon such property after thirty (30) days' notice of such failure to the Owner of such Unit, the applicable Project Association or the Parking Facility Association. In addition, the Association may, without notice, make such emergency repairs and maintenance as may in its judgment be necessary for the safety of any person or to prevent damage to any other property. The cost of such exterior maintenance and repairs of a Unit shall be assessed against the Owner of such Unit (or, with respect to a Unit in an Fractional Project, to the Project Association of such Fractional Project) and shall be a lien and obligation of the Owner pursuant to Section 5.10 herein. The cost of such maintenance or repairs of a Project shall be assessed against all Owners of Units within such Project and shall be a lien and obligation of such Owners pursuant to Section 5.10 herein. The cost of such maintenance or repairs of the Parking Facility shall be assessed against all Owners of Parking Facility Units as a default Assessment pursuant to Section 5.9 herein and shall be a lien and obligation of such Owners pursuant to Section 5.10 herein. For the purpose of performing the exterior maintenance authorized by this Section 3.11.1, the Association, through its duly authorized agents or

10

423272 10/15/1998 03:59P DECLARAT DAVIS SILVI
17 of 73 R 366.00 D 0.00 N 0.00 PITKIN COUNTY CO

employees, shall have the right, after reasonable notice to any Owner, Project Association or the Parking Facility Association, to enter upon such Unit, Project or the Parking Facility during reasonable hours on any day. The Association or its designee is hereby granted an irrevocable license over all property in Aspen Highlands Village to inspect (in a reasonable manner) property within Aspen Highlands Village (but specifically excluding the interior of any Unit or the improvements constructed on any Village Homesite) in order to determine whether any maintenance or repair is necessary under this Section 3.11.1.

3.11.2 Neither Declarant, the Association, nor any of their respective directors, members, officers, agents or employees shall be liable for any incidental or consequential damages for failure to inspect any Unit, Project or the Parking Facility or improvements or portion thereof or to repair or maintain the same. Declarant, the Association or any member of the general public, firm or corporation undertaking such repairs or maintenance shall not be liable for any personal injury or other incidental or consequential damages occasioned by any act or omission in the repair or maintenance of any Unit, Project or the Parking Facility or improvements or portion thereof.

Section 3.12  Television Function. The Association may provide for the installation, operation, maintenance, improvement, repair and replacement of community satellite dishes, cable television equipment and related facilities.

Section 3.13  Telephone Function. The Association may provide for the installation, operation, maintenance, improvement, repair and replacement of telephone or other communication lines, a central telephone switchboard system and related equipment and facilities.

Section 3.14  Right to Make Rules and Regulations. The Association shall be authorized to and shall have the power to adopt, amend and enforce rules and regulations applicable within Aspen Highlands Village with respect to any Common Area or Function, and to implement the provisions of this Declaration, including but not limited to, rules and regulations to prevent or reduce fire hazard; to prevent disorder and disturbances of the peace; to regulate pedestrian and vehicular traffic; to regulate animals; to protect wildlife; to regulate signs; to regulate weed and pest control on undeveloped property within Aspen Highlands Village; to regulate use of any and all Common Area to assure fullest enjoyment of use; to promote the general health, safety and welfare of persons residing, visiting and doing business within Aspen Highlands Village; and to protect and preserve property and property rights. All rules and regulations shall comply with the Association Documents and supplemental declarations of land use restrictions for Aspen Highlands Village, if any. The Residential Directors shall have the exclusive authority to make and amend reasonable rules and regulations governing the use and rental of the Residential Units, and the Commercial Directors shall have the exclusive authority to make and amend reasonable rules and regulations governing the use and rental of the Commercial Units. Any other amendment of or addition to the rules and regulations may be made by a majority of the Directors, including the approval of at least one Commercial Director and one Residential Director. The rules and regulations shall be reasonable and shall be uniformly applied, except such rules may differentiate between reasonable categories of Units, Projects, Owners, Lessees, Guests or members of the general public. The

*Hines\Aspen Highlands\dec ahv v11-clean*

11

Association may provide for enforcement of any such rules and regulations through reasonable and uniformly applied fines and penalties, through exclusion of violators from Common Area or from enjoyment of any Functions, or otherwise. Each Project Association, Owner, Lessee, Guest and member of the general public shall be obligated to and shall comply with and abide by such rules and regulations and pay such fines or penalties upon failure to comply with or abide by such rules and regulations and such unpaid fines and penalties shall be enforceable in accordance with Article 5.

Section 3.15 Charges for Use of Common Area. Notwithstanding the provisions of Section 3.17, the Association may establish charges for use of Common Area to assist the Association in offsetting the costs and expenses of the Association, including depreciation and capital expenses. All charges established under this Section 3.15 shall be reasonable and shall be uniformly applied, except such charges may reasonably differentiate between reasonable categories of Units, Projects, Owners, Lessees, Guests or members of the general public. Each Owner, Lessee, Guest and member of the general public shall be obligated to and shall pay such charges for use.

Section 3.16 Charges for Functions. Notwithstanding the provisions of Section 3.17, the Association may establish charges for providing any service as required or permitted by any Function on a regular or irregular basis to a Project Association, Owner, Lessee, Guest or member of the general public to assist the Association in offsetting the costs and expenses of the Association, including depreciation and capital expenses. All charges established under this Section 3.16 shall be reasonable and shall be uniformly applied, except such charges may differentiate between reasonable categories of Project Associations, Units, Owners, Lessees, Guests or members of the general public. Each Project Association, Owner, Lessee, Guest and member of the general public shall be obligated to and shall pay any such charges for such services.

Section 3.17 Taxes. The Association shall pay all ad valorem real estate taxes, special improvement and other assessments (ordinary and extraordinary), ad valorem personal property taxes and all other taxes, duties, charges, fees and payments required to be made to any governmental or public authority which shall be imposed, assessed or levied upon, or arise in connection with any Common Area or Functions.

Section 3.18 Right to Dispose of Common Area; Third Party Rights in Common Area. Subject to the provisions of Sections 3.21.9 and 16.1.1 below, the Association shall have the full power and authority to sell, lease, grant easements, rights-of-way, licenses, leases or concessions in or to, transfer, encumber, abandon or dispose of any Common Area. The Association shall be entitled to contract with third parties, including, without limitation, other residential or recreational associations or individuals, allowing such persons the use and enjoyment of all or a portion of the Common Area under such terms and for such charges as may be acceptable to the Executive Board of the Association.

Section 3.19 Governmental Successor. Subject to applicable provisions of the Act, any Common Area and any Function may be turned over to a quasi-governmental entity including

423272 10/15/1998 03:59P DECLARAT DAVIS SILVI
19 of 73 R 366.00 D 0.00 N 0.00 PITKIN COUNTY CO

any special district or metropolitan district which is willing to accept and assume the same upon such terms and conditions as the Association shall deem to be appropriate.

Section 3.20    Records.  The Association shall keep financial records sufficiently detailed to enable the Association to comply with Section 38-33.3-316(8) of the Act concerning statements of unpaid assessments. All financial and other records shall be made available for examination by any Owner or such Owner's authorized agents during normal business hours and under other reasonable circumstances. The Association may charge a reasonable fee for copying such materials.

Section 3.21    Implied Rights of the Association.  The Association shall give and may exercise any right or privilege given to it expressly in this Declaration or, except to the extent limited by the terms and provisions of this Declaration, given to it by law and shall have and may exercise every other right, privilege, power and/or authority necessary or desirable to fulfill its obligations under this Declaration, including without limitation the rights to:

3.21.1    adopt and amend the bylaws and rules and regulations of the Association;

3.21.2    adopt and amend budgets for revenues, expenditures and reserves and collect Assessments, including without limitation Assessments for Common Expenses, from Owners;

3.21.3    hire and terminate Managing Agents and other employees, agents and independent contractors. Notwithstanding any provisions contained in this Declaration to the contrary, it is the intent of this Declaration that the Executive Board shall not be able to independently terminate the Management Agreement pursuant to Section 38-33.3-305 of the Act without a vote of a majority of the members of the Executive Board and a vote of Owners representing an aggregate voting interest of 51% or more. The Managing Agent shall not have the authority to make expenditures except upon prior approval and direction by the Executive Board. The Executive Board shall not be liable for any omission or improper exercise by a Managing Agent of any duty, power or function so delegated by written instrument executed by or on behalf of the Executive Board;

3.21.4    institute, defend or intervene in litigation or administrative proceedings in its own name on behalf of itself or two or more Owners on matters affecting Aspen Highlands Village;

3.21.5    establish the Design Review Board as provided in Article 6 and regulate the construction, reconstruction and alteration of any improvements located or to be located on the Property;

3.21.6    make contracts and incur liabilities;

3.21.7    regulate the use, maintenance, repair, replacement and modification of the Common Area;