# EXHIBIT D

## SECOND AMENDMENT TO MANAGEMENT AGREEMENT

THIS SECOND AMENDMENT TO MANAGEMENT AGREEMENT is effectively made and entered into this 2nd day of July, 2012 ("Effective Date"), by and between THE RITZ-CARLTON MANAGEMENT COMPANY, L.L.C., a Delaware limited liability company (hereinafter referred to as "Management Company") and ASPEN HIGHLANDS CONDOMINIUM ASSOCIATION, INC., a Colorado nonprofit corporation (hereinafter referred to as "Association"), which said terms shall be deemed to extend to and include the successors and assigns of said parties hereto (the "Second Amendment").

## RECITALS:

WHEREAS, Association is the corporate entity created pursuant to Colorado Revised Nonprofit Corporation Act (Title 7, Articles 121-137, Colorado Revised Statutes, as amended from time to time) and the Colorado Common Interest Ownership Act (Sessions 38-33.3-101, et seq., Colorado Revised Statutes, as amended and supplemented from time to time, the "Condominium Act") to operate Aspen Highlands Condominium (the "Condominium"), a mixed use condominium project created under the Condominium Act, pursuant to its Declaration of Condominium for Aspen Highlands Condominiums, as amended from time to time, and exhibits thereto (the "Declaration");

WHEREAS, Management Company and Association entered into that certain Management Agreement, dated January 12, 2001 ("Management Agreement"), whereby Association engaged Management Company to provide for the management of the Condominium and the fractional ownership interest plan;

WHEREAS, Management Company and Association entered into a first amendment to the Management Agreement, dated December 31, 2009 (the "First Amendment") (all references to the Management Agreement hereunder shall be deemed to include the terms of the First Amendment);

WHEREAS, Management Company is conveying ownership of the integrated telephone line switching system (otherwise known as the "PBX") to the Association;

WHEREAS, the developer of the Condominium is conveying ownership of certain commercial units within the Condominium commonly known as Condominium Units C-8012 (the "Health Club Facility"), C-8115 (the "Restaurant") and C-8117 (the "Café") to: (i) WC Highlands LLC, a special purpose entity created and controlled by the Association, (Restaurant and Café only) and (ii) Association (Health Club Facility only); and

WHEREAS, both parties desire to enter into this Second Amendment to Management Agreement on the terms and conditions set forth below to reflect that: (i) Association will own the PBX and Management Company will not provide a PBX, (ii) Management Company will have no obligation under the Management Agreement to

operate or maintain: (a) the Restaurant or (b) the Café, and (iii) Management Company will operate the Health Club Facility and the additional two (2) treatment rooms (the "Additional Treatment Rooms"), which comprise a portion of the Common Elements, but will be operated by the Association as part of the Health Club Facility.

NOW, THEREFORE, in consideration of the mutual covenants contained in this Second Amendment, and other good and valuable consideration, the receipt of which is hereby acknowledged, the parties agree as follows:

1.   The Recitals are true and correct and are incorporated herein by this reference.

2.   Section 4(T) of the Management Agreement is hereby deleted in its entirety.

3.   The following language is hereby deleted from the first sentence of Section 14 of the Management Agreement:

> and any revenue realized from the operation of the PBX
> system as described in Paragraph 4(V) above

4.   Management Company has no obligations with respect to the Restaurant or Café under the Management Agreement.

5.   Pursuant to the terms of the Management Agreement, as modified by the terms of this Section 5, Management Company will exclusively operate and manage the Health Club Facility and Additional Treatment Rooms on behalf of the Association as follows:

a.   Management and Operation of Health Club Facility and Additional Treatment Rooms.   The parties acknowledge and agree that Management Company's powers and duties under the Management Agreement relative to the Health Club Facility and Additional Treatment Rooms include, but are not limited to, the exclusive right to manage and operate the Health Club Facility and Additional Treatment Rooms as a spa, which may offer from time to time, massages, manicure, pedicure, facial, herbal wrap and personal training including but not limited to, management of services, personnel and retail sales to guests of the Health Club Facility and Additional Treatment Rooms. Management Company will provide such services during the term of the Management Agreement.

b.   Procurement.   Management Company shall purchase on behalf of and at the sole cost and expense of the Association, all supplies, equipment and outside services needed to operate the Health Club Facility and Additional Treatment Rooms. Such items and services will be purchased from dependable suppliers at competitive prices, taking into account the location of the Condominium, the quality and quantity required by the Association for the necessary and proper operation of the Health Club Facility and Additional Treatment Rooms.   All such procurement shall be for the account of the Association and the cost will be treated as an Operating Expense (as defined in Subsection f below) of the Association.

c. <u>Books, Accounts and Records</u>.  Management Company shall keep and maintain or cause to be kept and maintained, complete and accurate books and records of all services provided, product sales, gross receipts and sales/use tax records and returns of the operation of the Health Club Facility and Additional Treatment Rooms.  Such books and records will reflect the gross receipts of all sales and service charges made by Management Company.  All such books and records shall be kept and prepared in accordance with good accounting practices.  Such books and records shall be available for examination by the Association or its auditors at any time during Management Company's ordinary business hours and upon reasonable prior written notice to Management Company.

d. <u>Budget</u>.  The costs associated with managing and operating the Health Club Facility and Additional Treatment Rooms will be included as separate and distinct line items in the annual budget prepared by Management Company in accordance with Section 4(H) of the Management Agreement.  To the extent that any Operating Expenses (as defined in Subsection f below) are shared costs and expenses with the Condominium, the allocation of such Operating Expenses to the Health Club Facility and Additional Treatment Rooms, as well as to the Restaurant and Café, as applicable, must be fair and reasonable.  Management Company will prepare an itemized annual budget for the Health Club Facility and Additional Treatment Rooms or revisions to the budget, or a combination thereof, as the Management Company determines necessary for submission to the Executive Board ("Health Club Facility Budget").  The Management Company shall submit the Health Club Facility Budget to the Executive Board of the Association, setting forth the anticipated income and Operating Expenses (as defined in Subsection f below) of the Health Club Facility and Additional Treatment Rooms.  In preparing the Health Club Facility Budget, there will be no management fee associated with Management Company's management of the Health Club Facility until the 2022 fiscal year at which time the Association shall pay a management fee to Management Company for management of the Health Club Facility which for each fiscal year shall be equal to ten percent (10%) of the Health Club Facility Budget for such year ("Health Club Facility Management Fee") and such Health Club Facility Management Fee shall be reflected in the Health Club Facility Budget.  The Management Company shall pay itself from the funds of the Association such Health Club Facility Management Fee on an annual or monthly basis, as the Management Company determines.  For the avoidance of doubt, commencing with the 2022 fiscal year, the Association will be required to pay to Management Company a Health Club Management Fee.  For purposes of further clarification, there will be no Health Club Management Fee through the 2021 fiscal year.  Notwithstanding the Health Club Management Fee, the Association remains obligated to pay the management fees to Management Company pursuant to Section 14 of the Management Agreement.

e. <u>Cash Receipts: Operating Accounts</u>.  In accordance with Section 4(J) of the Management Agreement, Management Company will collect and be accountable for all cash and credit receipts associated with the operation of the Health Club Facility and Additional Treatment Rooms and is authorized to draw on the Association's accounts for

any payment to be made by Management Company to discharge any liabilities or obligations incurred in connection with the operation and management of the Health Club Facility and Additional Treatment Rooms including, but not limited to, inventories and other consumables, and Operating Expenses (as defined in Subsection f below).

     f.  Operating Expenses.  For purposes of this Second Amendment, the term "Operating Expenses" means all costs and expenses incurred by Management Company or Association in connection with the operation of the Health Club Facility and Additional Treatment Rooms, including without limitation, salaries, wages, benefits and other costs of each employee or contractor working in the Health Club Facility and Additional Treatment Rooms; the cost of inventories, supplies, equipment and other goods; service, repair, replacement and maintenance of equipment; office and administrative expenses, including corporate and administrative infrastructure costs, liability insurance, all taxes or charges levied or assessed with respect to the operation of the Health Club Facility and Additional Treatment Rooms; including without limitation, taxes levied or assessed on wages, salaries, beverages, sales, services or any property of Management Company used in connection with the operation of the Health Club Facility and Additional Treatment Rooms, and any penalties, fines, interest and other expenses reasonably incurred in connection with any protest or limitation of such taxes, licenses and permit fees; legal fees; insurance; costs of music, entertainment and advertising, or other charges attributable to the operation of the Health Club Facility and Additional Treatment Rooms.

     g.  Sale of Health Club Facility; Change in Use.  If the Association determines to sell or lease the Health Club Facility and/or Additional Treatment Rooms to a third-party, or change the use of the same, then the Association must first provide Management Company with at least one hundred eighty (180) days prior written notice. Management Company may, in its sole, absolute and unfettered discretion, determine: (i) in the event of a sale, to continue to provide its services pursuant to a written agreement between Management Company and the new owner of the Health Club Facility and/or Additional Treatment Rooms, which the Association will use its best efforts to cause the new owner to enter into such agreement with Management Company, (ii) in the event of a lease or change in use, to continue to provide management services tailored to any new use, if applicable, of the Health Club Facility and/or Additional Treatment Rooms, or (iii) in the event of a sale, lease or change in use, to terminate the provisions of this Section 5 in accordance with Subsection i below.

     h.  Insurance. Commencing with the Effective Date, Association shall procure and maintain (or Management Company shall procure and maintain on behalf of and at the sole expense of the Association, the following if (i) the Health Club Facility and Additional Treatment Rooms satisfy the then-current insurability criteria under Management Company's insurance program, and (ii) Management Company determines, in its sole, absolute and unfettered discretion to procure) commercial general liability insurance in the amount of Five Million and No/100 Dollars ($5,000,000.00) per occurrence to cover all claims against Management Company, its parent company,

subsidiaries, affiliates and contractors, and Association arising out of the provision of services at the Health Club Facility and within the Additional Treatment Rooms.

      i.  <u>Termination of Obligation to Manage Health Club Facility and/or Additional Treatment Rooms</u>.  Without otherwise terminating the Management Agreement, Management Company may in its sole, absolute and unfettered discretion (with or without cause) terminate the provisions of this Section 5 upon ninety (90) days written notice to Association.  Should Management Company exercise its rights under this Subsection i, the Association shall pay all fees and invoices for the expenses of Management Company incurred through the date of termination.

      j.  <u>Other Powers and Duties of Management Company; Conflicts</u>.  To the extent not in conflict with the terms of this Section 5, Management Company may exercise all other powers and duties granted to Management Company under the Management Agreement relative to Management Company's operation and management of the Health Club Facility and Additional Treatment Rooms.  In the event Management Company determines that a direct conflict between the terms and provisions of the Management Agreement and this Second Amendment exists, the terms of this Second Amendment shall control.

    6.  This Second Amendment shall affect and be binding upon both parties.

    7.  Capitalized terms not otherwise defined herein shall have the meaning set forth in the Management Agreement.

    8.  Except as modified by the First Amendment and this Second Amendment, the Management Agreement shall remain unchanged and is in full force and effect.

    IN WITNESS WHEREOF, the parties hereto have caused this Second Amendment to be signed by their authorized officer(s) this 2ⁿᵈ day of _____, 2012.

THE RITZ-CARLTON MANAGEMENT COMPANY, L.L.C.

By: _____
Name: _____
Title: _____

ASPEN HIGHLANDS CONDOMINIUM ASSOCIATION, INC.

By: _____
Name: _____
Title: _____

601001455.5