# EXHIBIT E

## THIRD AMENDMENT TO MANAGEMENT AGREEMENT

THIS THIRD AMENDMENT TO MANAGEMENT AGREEMENT ("Amendment") is made and entered into this ___11___ day of October, 2014 ("Effective Date"), by and between THE RITZ-CARLTON MANAGEMENT COMPANY, L.L.C., a Delaware limited liability company ("Management Company"), and ASPEN HIGHLANDS CONDOMINIUM ASSOCIATION, INC., a Colorado nonprofit corporation ("Association"), which said terms shall be deemed to extend to and include the successors and assigns of said parties hereto.

### RECITALS:

WHEREAS, Association is the corporate entity created pursuant to Colorado Revised Nonprofit Corporation Act (Title 7, Articles 121-137, Colorado Revised Statutes, as amended from time to time) and the Colorado Common Interest Ownership Act (Sessions 38-33.3-101, et seq., Colorado Revised Statutes, as amended and supplemented from time to time, the "Condominium Act"), to operate Aspen Highlands Condominiums (the "Condominium"), a mixed use condominium project created under the Condominium Act, pursuant to its Declaration of Condominium for Aspen Highlands Condominiums, as amended from time to time, and exhibits thereto;

WHEREAS, Management Company and Association entered into that certain Management Agreement, dated January 11, 2001 ("Original Management Agreement"), as amended by letter agreement dated December 31, 2009 ("First Amendment"), and as further amended by Second Amendment to Management Agreement dated July 2, 2012 ("Second Amendment," and together with the Original Management Agreement and the First Amendment, the "Agreement"), whereby Association engaged Management Company to provide for the management of the Condominium and the fractional ownership interest plan; and

WHEREAS, both parties desire to enter into this Amendment on the terms and conditions set forth below to reflect their mutual understandings.

NOW, THEREFORE, in consideration of the mutual covenants contained in this Amendment, and other good and valuable consideration, the receipt of which is hereby acknowledged, the parties, intending to be legally bound, hereby agree as follows:

1. The Recitals are true and correct and are incorporated herein by this reference.

2. Capitalized terms used herein and not otherwise defined will have the meanings ascribed to such terms in the Agreement.

3. Section 3 of the Agreement is hereby deleted in its entirety and replaced with the following:

667570-9



"3.  Term and Termination.

(A) Duration of Agreement.  The term of this Agreement shall commence either as of the date hereof, the date of recording of the Declaration in the Public Records of Pitkin County, Colorado, or issuance of a certificate of occupancy by Pitkin County, Colorado for the first residential building to be occupied which is subject to the Declaration, whichever date is the last to occur, and shall continue for a period of five (5) years thereafter. Upon the expiration of said initial five (5) period, this Agreement shall automatically renew for successive periods of five (5) years each; provided, that, notwithstanding the aforementioned, this Agreement will renew on February 9, 2016 for a five (5) year period, and upon the expiration of said five (5) year period, this Agreement will automatically renew for one successive period of five (5) years ending on February 8, 2026.

(B) Termination. Notwithstanding any other provision of the Agreement, the Association may terminate this Agreement at any time for any or no reason upon twelve (12) months advance written notice to the Management Company provided that a majority of the members of the executive board of the Association, including a majority of the Residential Directors and a majority of the Commercial Directors, and not less than sixty percent (60%) of the Owners in the Condominium other than Declarant (or its affiliates, including a trust that is controlled by Declarant or its affiliates), vote in favor of the termination. Under no circumstances shall the Association be authorized to terminate the Agreement without such a vote. The Management Company may terminate this Agreement at any time for any or no reason upon twelve (12) months advance written notice to the Association."

4. Section 14 of the Agreement is hereby deleted in its entirety and replaced with the following:

"14.  Management Fee.

As compensation for its services hereunder, the Management Company shall receive an annual fee, free from all charges and expenses, which shall be an amount equal to Seven Hundred Eighty-One Thousand Ninety-Three Dollars ($781,093.00) from the Association ("Management Fee"). Commencing on the first day of the Association's 2016 fiscal year and annually thereafter on the first day of the Association's fiscal year, the Management Fee will be increased by the lesser of (i) the same percentage increase of the proposed new year's budget over the immediate prior year's budget excluding all amounts for the Management Fee, or (ii) three percent (3%) of the Management Fee imposed in the prior year. Commencing on January 3, 2015, the Management Company will rebate to the Association an annual amount equal to One Hundred Fifty Thousand Dollars ($150,000), payable on a monthly basis by the

667570-79

Management Company (e.g., for the 2015 fiscal year of the Association the rebate would be $12,500 per month) ("Annual Rebate"). For clarification and as an example, the Management Fee for 2015 would be reduced by the Annual Rebate to equal the annual net Management Fee payable in 2015 by the Association to the Management Company (e.g., $781,093.00 - $150,000.00 = $631,093.00). Commencing January 2, 2016 and annually thereafter on the first day of the Association's fiscal year, the Annual Rebate will be increased by the lesser of (i) the same percentage increase of the proposed new year's budget over the immediate prior year's budget excluding all amounts for the Management Fee, or (ii) three percent (3%) of the Management Fee imposed in the prior year. The Management Company shall pay itself from the funds of the Association such Management Fees on a monthly basis."

5. Commencing on January 2, 2016 and annually thereafter on the first day of the Association's fiscal year, the aggregate of the annual fees or amounts paid to the Management Company for the following corporate allocation items: (i) Accounting, and (ii) Administration ("Allocated Expenses"), will not increase on an annual basis by more than three percent (3%) of the aggregate of the Allocated Expenses from the prior year. For clarification and to establish a baseline relative to the application of the increase set forth in this paragraph, the Allocated Expenses for 2015 are: Accounting: Corporate Allocation: - $57,187.00, and Administration: Corporate Allocation - $108,718.00.

6. By executing and delivering this Amendment, the Association and the Management Company hereby unconditionally and irrevocably acknowledge and agree that as of the date of each automatic renewal of the Agreement pursuant to Section 3 thereof, and as of the date of the First Amendment, Second Amendment and this Amendment, such renewal or amendment operated as, or will operate as, a ratification and reaffirmation of the Agreement in its entirety as if the Agreement was entered into as of such date.

7. This Amendment shall affect and be binding upon both parties.

8. Except as modified by this Amendment, the Agreement shall remain unchanged and is in full force and effect.

9. Association and Management Company both represent that they have obtained all corporate authorization, consents and approvals necessary to enter into this Amendment and to perform their obligations under the Agreement, as amended.

10. This Amendment may be signed in any number of counterparts, each of which shall be an original, with the same effect as if the signature thereto and hereto were on the same instrument.

667570-79



11. Association and Management Company acknowledge that they have completely read this Amendment and that prior to signing it they have had sufficient opportunity to examine it and ask questions and consult with their respective attorneys and other persons of their own choosing prior to entering into this Amendment.

[Signature Page Follows]

667570-79

IN WITNESS WHEREOF, the parties hereto have caused this Amendment to be signed by their duly authorized officer(s) this __11__ day of October, 2014, to be effective as of the Effective Date.

THE RITZ-CARLTON MANAGEMENT COMPANY, L.L.C.

By: _____
Name: _Stephanie Sobeck_____
Title: _VP Asset Management____

ASPEN HIGHLANDS CONDOMINIUM ASSOCIATION, INC.

By: _____
Name: _RANDAL L. MERCER_____
Title: _PRESIDENT_____

667570-79