IN THE UNITED STATE DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 16-01301 PAB-GPG

RCHFU, LLC, et al.

Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, et al.

Defendants.

---

**SCHEDULING ORDER**

---

## 1. DATE OF CONFERENCE
## AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

*[Provide the date of the conference and the names, addresses, and telephone numbers of counsel for each party and each pro se party. Identify by name the party represented by each counsel.]*

The Scheduling Conference is set for August 4, 2016, at 10:45 a.m. in Room 323 before

Magistrate Judge Gordon P. Gallagher at the Wayne Aspinall Federal Building - United States

Courthouse, 400 Rood Avenue, Grand Junction, Colorado 81501.

Matthew C. Ferguson, #25687
THE MATTHEW C. FERGUSON LAW FIRM, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611
Telephone: (970) 925-6288
Facsimile: (970) 925-2273
E-mail: matt@matthewfergusonlaw.com
*Attorneys for Plaintiffs*

Michael J. Reiser, #16161
Lilia Bulgucheva (CA State Bar #291374)
LAW OFFICE OF MICHAEL J. REISER

961 Ygnacio Valley Road
Walnut Creek, CA  94596
Telephone: (925) 256-0400
Facsimile: (925) 476-0304
E-mail: reiserlaw@gmail.com
*Attorneys for Plaintiffs*

Michael Schrag (CA State Bar #185832)
Linda Lam (CA State Bar #301461)
GIBBS LAW GROUP LLP
505 14th Street, Suite 1110
Oakland, CA 94612
Phone: (510) 350-9718
Facsimile: (510) 350-9701
E-mail: mls@classlawgroup.com
E-mail: lpl@classlawgroup.com
*Attorneys for Plaintiffs*

Tyler Meade (CA State Bar #160838)
THE MEADE FIRM, P.C.
1816 Fifth Street
Berkeley, CA  94710
Telephone: (510) 843-3670
Facsimile: (510) 843-3679
E-mail: tyler@meadefirm.com
*Attorneys for Plaintiffs*

Naomi G. Beer, Esq.
GREENBERG TRAURIG, LLP
1200 17th Street, Suite 2400
The Tabor Center
Denver, Colorado 80202
Telephone: (303) 572-6500
Facsimile: (303) 572-6540
E-mail: beern@gtlaw.com
*Attorneys for Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc. Aspen Highlands Condominium Association, Ritz-Carlton Management Company, LLC, Cobalt Travel Company, LLC, and Lion & Crown Travel Company, LLC*

Philip R. Sellinger, Esq.
Ian S. Marx, Esq.
500 Campus Drive, Suite 400
Florham Park, New Jersey, 07932
Phone: (973) 360-7900

2

Fax: (973) 301-8410
E-mail: sellingerp@gtlaw.com
E-mail: Marxl@gtlaw.com
*Attorneys for Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., Ritz-Carlton Management Company, LLC, Cobalt Travel Company, LLC and Lion & Crown Travel Company, LLC*

Daniel F. Shea, #27803
Jessica Black Livingston, #41483
HOGAN LOVELLS US LLP
1200 Seventeenth Street, Suite 1500
Denver, Colorado 80202
Telephone: (303) 899-7300
Facsimile: (303) 899-7333
E-mail: dan.shea@hoganlovells.com
E-mail: Jessica.livingston@hoganlovells.com
*Attorneys for Defendant Aspen Highlands Condominium Association*

## 2.  STATEMENT OF JURISDICTION

*[Provide a concise statement of the basis for subject matter jurisdiction with appropriate statutory citations.  If jurisdiction is denied, give the specific reason for the denial.]*

This action was originally filed in the District Court of Colorado, Pitkin County. Certain Defendants removed the action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332, 1446, and 1453. Thereafter, Plaintiffs filed a second amended complaint (the filing of which Defendants[1] did not oppose) that does not include any class claims. The removal of the class action allegations does not divest the Court of subject matter jurisdiction. In that regard, Defendants properly and timely removed this action based on the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), and the contents of the complaint at the time of such removal gave rise to subject matter jurisdiction in this Court. "Post-removal amendments are ineffective to divest a federal court of jurisdiction." *Reece v. AES Corp.*, 638 Fed. Appx. 755, 2016 WL

---

[1] Unless otherwise specified, the term "Defendants" as used throughout this Scheduling Order refers to all named Defendants.

521247, at *17 (10th Cir. Feb. 9, 2016) (affirming denial of remand motion based on post-removal amendments designed to circumvent CAFA) (citing *In re Burlington N. Santa Fe Ry. Co.*, 606 F.3d 379, 380-81 (7th Cir. 2010) (the filing of a post-removal amended complaint that removes class allegations does not divest the district court of CAFA jurisdiction)); *In Touch Concepts, Inc. v. Cellco P'ship*, 788 F.3d 98, 101 (2d Cir. 2015) (same); *Doyle v. OneWest Bank, FSB*, 764 F.3d 1097, 1098 (9th Cir. 2014) (same).

### 3. STATEMENT OF CLAIMS AND DEFENSES

#### a. Plaintiff(s) Position:

Plaintiffs are the persons and entities who purchased 50 fractional interests in the Ritz-Carlton Club Aspen Highlands, located in Aspen, Colorado. Plaintiffs allege that Defendants violated (or aided and abetted in violating, or conspired to violate) various fiduciary duties Defendants owed to Plaintiffs. Between 2001 and 2012, Plaintiffs paid premium prices (averaging approximately $229,000) for deeded 1/12 fractional interests at the Ritz-Carlton Club. Defendants sold these fractional interests at premium prices based on their claims that the interests were superior to Defendants' other timeshare offerings, and would exclusively operate under the Ritz-Carlton Club luxury brand for the use, benefit, and enjoyment of Ritz-Carlton Club Members. However, in 2014, Defendants used their complete control over the Defendant condominium association, as well as their control over the use and operation of Plaintiffs' fractional interests, to eliminate the very features for which Plaintiffs paid premium prices by including the Ritz-Carlton Club Aspen Highlands Fractional Plan in the Marriott Vacation Club affiliation/exchange/points program. This action gave hundreds of thousands of Marriott Vacation Club Members access to

the supposedly exclusive Ritz-Carlton Club and brand at a fraction of the cost that Plaintiffs paid – thereby destroying the value of the fractional interests.

Plaintiffs allege that certain Defendants owed fiduciary duties to Plaintiffs arising out of agreements governing management and operation of the Ritz-Carlton Club, Defendants' agency relationship with Plaintiffs, and by virtue of Defendants' high degree of control over Plaintiffs' fractional interests. These Defendants breached that fiduciary duty by advancing their own interests and the interests of third parties through inclusion of Plaintiffs' fractional interests in Defendants' other, less exclusive timeshare offerings, as well as failing to enforce covenants governing the management, operation, and use of the Ritz-Carlton Club. As a proximate result, Plaintiffs suffered damages, including the destruction of the value of their fractional interests.

Plaintiffs bring a cause of action for breach of fiduciary duty against Defendants Aspen Highlands Condominium Association, Ritz-Carlton Management Company, LLC, and Cobalt Travel Company, LLC. In addition, Plaintiffs bring causes of action for aiding and abetting breach of fiduciary duty, as well as conspiracy, and unjust enrichment against all Defendants.

**b.  Defendant(s) Positions:**

**i.       The Aspen Highlands Condominium Association**

The Association is a Colorado nonprofit corporation organized to manage the Riz-Carlton Club's Aspen Highlands condominiums consistent with applicable governing documents. In 2012, the Association began to consider whether its members would benefit if the manager affiliated with Marriott Vacations Worldwide Corporation's points-based timeshare program. In April 2014, the Association announced it had arranged with the Marriott entity that managed Aspen Highlands for members of the Club to, at their option and election, trade a week at Aspen

Highlands for a week elsewhere with a member of the Marriott Vacation Club ("MVC"). It did

so after conducting a survey of its members and concluding that a majority of the respondents to

the survey voted in favor of the trading program.

Plaintiffs allege that the Association breached its fiduciary duty to Plaintiffs when it

allowed the optional trading program, but they fail to allege sufficient facts to state a claim

against the Association. As an initial matter, Plaintiffs fail to allege facts to establish that they

made a demand of the Association alleging a breach of the Declaration of Condominium for

Aspen Highlands Condominiums, as they are required to do before initiating a lawsuit.

Moreover, Plaintiffs cannot show that the Association breached (or aided and abetted or

conspired to breach) any fiduciary duty because the business judgment rule protects the

Association's choice to give its Club members the opportunity to trade a week with a MVC

member. Finally, Plaintiffs fail to state a claim against the Association for unjust enrichment

because they fail to allege any facts to show that the Association received any benefit at all from

the affiliation, let alone that it unjustly retained such a benefit.

The Association moved to dismiss Plaintiffs' claims on July 25, 2016. Accordingly, it has

not yet filed an Answer to Plaintiffs' Second Amended Complaint. If and when it is required to

do so, the Association reserves the right to assert any and all applicable defenses and

counterclaims it may have against Plaintiffs.

> **ii.     Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, Cobalt Travel Company, LLC, and Lion & Crown Travel Company, LLC (collectively, "Marriott")**

Plaintiffs are owners of 1/12 fractional interests in luxury condominium units at The Ritz-

Carlton Club, Aspen Highlands, Colorado ("RC Club Aspen"). Each 1/12 fractional interest

entitles its owner to four use-weeks per year, which can be spent either at RC Club Aspen in the specific unit for which the owner contracted, or at any other resort with which RC Club Aspen is currently affiliated, subject to availability and other restrictions. Reservations and exchanges for stays at other resorts are managed and administered through The Ritz-Carlton Club Membership Program ("RC Club Membership Program").

Plaintiffs have no complaints about RC Club Aspen, their fractional interests per se, or the RC Club Membership Program in general. Rather, they complain that, in 2014, RC Club Aspen's Program Manager, Cobalt, decided to affiliate RC Club Aspen with Marriott Vacation Club Destinations ("MVC") and that, as a result of that affiliation (the "MVC Affiliation"), MVC members gained "access to luxury resorts [such as RC Club Aspen] that were formerly only available to Plaintiffs and [RC Club Aspen] Owners." SAC ¶ 67.

Plaintiffs thus contend that the MVC Affiliation was improper, and they seek to hold three entities directly liable: RC Management, Cobalt, and the Aspen Highlands Condominium Association ("Association") of which they, as fractional interest owners, are members. Plaintiffs allege that all three entities owed them a fiduciary duty to act in their best interests and that each breached its duty by either carrying out or not opposing the MVC Affiliation.

There are threshold legal issues that bar Plaintiffs' claims. As to RC Management and Cobalt, Plaintiffs' reasoning as to their supposed fiduciary duty is both circuitous and fatally flawed. Plaintiffs assert that, by virtue of a management agreement between the Association and RC Management ("Management Agreement"), RC Management became the Association's (and, by extension, Plaintiffs') fiduciary. Then, because the Management Agreement authorized RC Management to engage a "Program Manager" (Cobalt) to manage and administer the RC Club

Membership Program through an affiliation agreement ("Affiliation Agreement"), Cobalt

allegedly became RC Management's sub-agent and, by extension, the Association's (and

Plaintiffs') fiduciary. Plaintiffs take this roundabout approach because it was Cobalt alone that,

pursuant to the Affiliation Agreement, was permitted to affiliate RC Club Aspen with MVC;

therefore, Plaintiffs' entire case hinges on their ability to show that Cobalt was their fiduciary.

Plaintiffs' argument fails, however, because, in executing the Management Agreement,

the parties expressly agreed that nothing therein should be construed as having created a

fiduciary relationship. In fact, the Management Agreement specifically states that RC

Management is an independent contractor. Such disclaimers of fiduciary duty are fully

enforceable under Colorado law. Thus, because RC Management had no fiduciary duty to

Plaintiffs under the Management Agreement, neither did its alleged sub-agent, Cobalt.

As for Plaintiffs' breach of fiduciary duty claim against the Association, a different

analysis is required because homeowners' associations do owe a fiduciary duty to their members.

Plaintiffs allege that the Association breached its fiduciary duty to them as Association members

by failing to enforce a restrictive covenant prohibiting the MVC Affiliation. But, no such

covenant exists. The Court can make that determination as a matter of law based on the plain

language of the governing documents and general principles of contract interpretation.

Plaintiffs' inability to state breach of fiduciary duty claims against RC Management,

Cobalt and the Association renders their dependent aiding and abetting, conspiracy, and unjust

enrichment claims against the Marriott Defendants moot and there is no viable claim for unjust

enrichment when there is no wrongful conduct.

Plaintiffs have, therefore, failed to state any claim upon which relief could be granted, and the Marriott Defendants have moved to dismiss the complaint in its entirety.

### c.    Other Parties:

*[Provide concise statements of all claims or defenses. Each party, in light of formal or informal discovery undertaken thus far, should take special care to eliminate frivolous claims or defenses. Fed. R. Civ. P. 11 and 16(c)(2)(A).  Do not summarize the pleadings. Statements such as defendant denies the material allegations of the complaint" are not acceptable.]*

## 4.  UNDISPUTED FACTS

The following facts are undisputed:

*[When the parties have the Rule 26(f) meeting, they should make a good-faith attempt to determine which facts are not in dispute.]*

The parties believe that they will be able to stipulate to the following categories of facts:

- The dates and purchase amounts of Plaintiffs' purchases of fractional units at the Ritz-Carlton Club Aspen Highlands;

- The authenticity and uniformity (as to the applicability to all Plaintiffs) of various relevant agreements such as the Management Agreement, Affiliation Agreement, and Declaration of Condominium.

## 5.  COMPUTATION OF DAMAGES

*[Include a computation of all categories of damages sought and the basis and theory for calculating damages. See Fed. R. Civ. P. 26(a)(1)(A)(iii). This should include the claims of all parties. It should also include a description of the economic damages, non-economic damages, and physical impairment claimed, if any.]*

Plaintiffs believe it is premature to compute damages because discovery and expert analysis will likely be required. Generally, Plaintiffs intend to show that Defendants' breach of fiduciary duty, aiding and abetting of such breaches, and conspiracy have caused a severe

diminution in the value of Plaintiffs' fractional interests. Plaintiffs believe that the value of their units have diminished by as much as 80% or more. Plaintiffs intend to compute this diminution in value by showing the difference between the current value of the units and the value the units would have, but-for the breach of fiduciary duty and other illegal acts of Defendants. Plaintiffs seek restitution and/or disgorgement of fees paid to Defendants. In addition, Plaintiffs intend to show that Defendants were unjustly enriched by their illegal activity and should be forced to disgorge any ill-gotten gains received as a result of their illegal acts. Plaintiffs seek to impose a constructive trust on these amounts. Again, discovery and/or expert testimony will be necessary to compute these amounts.

Plaintiffs also anticipate that as discovery ensues, they will seek the right to amend the pleadings to add a claim for exemplary or punitive damages in accordance with C.R.S. section 13-21-102 and other applicable law.

All Defendants believe that the Court will grant their motions to dismiss the complaint. If the case survives those pending motions, all Defendants deny that their actions were the proximate cause of any damages sustained by plaintiffs.

At this time, Defendant Association has not asserted a claim for damages, and thus it does not have a computation for any category of damages. The Association has not yet filed its answer in this matter, and it reserves the right to assert counterclaims that may seek damages. If the Association does assert counterclaims seeking damages, it reserves the right to provide a computation of damages following all necessary and appropriate discovery—both factual and expert—in this matter.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

**a.     Date of Rule 26(f) meeting.**

Counsel for the parties conferred on July 14, 2016.

**b.     Names of each participant and party he/she represented.**

(1)     Matthew C. Ferguson on behalf of the Plaintiffs.

(2)     Michael J. Reiser on behalf of the Plaintiffs.

(3)     Lilia Bulgucheva on behalf of the Plaintiffs.

(4)     Michael L. Schrag on behalf of the Plaintiffs.

(5)     Ian Marx on behalf of the Marriott Defendants.

(6)     Jessica Black Livingston and Daniel Shea on behalf of Defendant Aspen

Highlands Condominium Association.

**c.     Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

The parties will exchange initial disclosure statements by August 5, 2016.

*[If a party's disclosures were not made within the time provided in Fed. R. Civ. P. 26(a)(1)(C) or by the date set by court order, the parties must provide an explanation showing good cause for the omission.]*

**d.     Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

Due to the large number of parties in this action, the parties agreed to extend the initial

disclosure deadline from July 28, 2016 to August 5, 2016.

**e.     Statement concerning any agreements to conduct informal discovery:**

Counsel have discussed this item, but there is no such agreement at this time. The parties

will consider and engage in informal discovery in the future if appropriate.

11

*[State what processes the parties have agreed upon to conduct informal discovery, such as joint interviews with potential witnesses or joint meetings with clients to discuss settlement, or exchanging documents outside of formal discovery. If there is agreement to conduct joint interviews with potential witnesses, list the names of such witnesses and a date and time for the interview which has been agreed to by the witness, all counsel, and all pro se parties.]*

**f.**      **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The parties agree to Bates-stamp documents and work cooperatively to number deposition exhibits in an efficient and non-redundant manner.

*[Counsel and pro se parties are strongly encouraged to cooperate in order to reduce the costs of litigation and expedite the just disposition of the case. Discovery and other litigation costs may be reduced, for example, through telephone depositions, joint repositories for documents, use of discovery in other cases, and extensive use of expert affidavits to support judicial notice. Counsel and pro se parties also will be expected to use a unified exhibit numbering system if required by the practice standards of the judicial officer presiding over the trial of this case.]*

**g.**      **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties have informed their respective clients to preserve potentially relevant documents. The parties anticipate that initial disclosures and discovery will involve information or records maintained in electronic form. Any documents maintained in electronic form will be produced in PDF or other electronic format that is agreed upon by the parties. The parties have agreed to meet and confer as to the particular format and protocol for the production of electronically stored information and may enter into a Protocol for the production of ESI.

*[In such cases, the parties must indicate what steps they have taken or will take to (I) preserve electronically stored information; (ii) facilitate discovery of electronically stored information; (iii) limit the associated discovery costs and delay; (iv) avoid discovery disputes relating to electronic discovery; and (v) address claims of privilege or of protection as trial- preparation materials after production of computer-generated records. Counsel should describe any proposals or agreements regarding electronic discovery made at the Rule 26(f) conference and be prepared to discuss issues involving electronic discovery, as appropriate, at the Scheduling Conference.]*

*[When the parties have their Rule 26(f) meeting, they must discuss any issues relating to the disclosure and discovery of electronically stored information, including the form of production, and also discuss issues relating to the preservation of electronically stored information, communications, and other data. At the Rule 26(f) meeting, the parties should make a good faith effort to agree on a mutually acceptable format for production of electronic or computer-based information. In advance of the Rule 26(f) meeting, counsel carefully investigate their client's information management systems so that they are knowledgeable as to its operation, including how information is stored and how it can be retrieved.]*

**h.    Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties anticipate that disclosures will need to be exchanged and certain discovery will need to be conducted prior to the possibility of exploring settling or resolving this case.

*[The parties are required by Fed. R. Civ. P. 26(f)(2) to have discussed the possibilities for a prompt settlement or resolution of the case by alternate dispute resolution. They must also report the result of any such meeting, and any similar future meeting, to the magistrate judge within 14 days of the meeting.]*

## 7. CONSENT

*[Pursuant to D.C.COLO.LCivR 72.2, all full-time magistrate judges in the District of Colorado are specially designated under 28 U.S.C. § 636(c)(1) to conduct any or all proceedings in any jury or nonjury civil matter and to order the entry of judgment. Parties consenting to the exercise of jurisdiction by a magistrate judge must complete and file the court-approved Consent to the Exercise of Jurisdiction by a United States Magistrate Judge form.]*

*[Indicate below the parties' consent choice. Upon consent of the parties and an order of reference from the district judge, the magistrate judge assigned the case under 28 U.S.C.§ 636(a) and (b) will conduct all proceedings related to the case.]*

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

*[In the majority of cases, the parties should anticipate that the court will adopt the presumptive limitations on depositions established in Fed. R. Civ. P. 30(a)(2)(A)(I) and 33(a)(I). The parties are expected to engage in pretrial discovery in a responsible manner consistent with the spirit and purposes of Fed. R. Civ. P. 1 and 26 through 37. The parties are expected to propose discovery limits that are proportional to the needs of the case, the amount in controversy, and the importance of the issues at stake in the action. See Fed. R. Civ. P. 26(g)(1)(B)(iii). The court must limit discovery otherwise permitted by the Federal Rules of Civil*

*Procedure if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the action." See Fed. R. Civ. P. 26(b)(2)(C).]*

     **a.**     **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

Plaintiffs anticipate that they may need as many as 25 depositions, not counting any experts designated by either of the parties. Defendants reserve the right to object to this number of fact witness depositions. Depositions will intially be limited to 15 of no more than 7 hours and 10 of no more that 4 hours.  Given the nature of the action, the Court will look liberally at short additional depositions, particularly as to each Plaintiff and possible additional Plaintiffs.

Defendants wish to preserve their right to take the deposition of each plaintiff (but will not seek to take the deposition of multiple owners of the same fractional interest where such depositions would be unnecessarily cumulative).

Plaintiffs agreed to limit interrogatories to 25 interrogatories including discrete subparts. Defendants contemplate that they will each serve a standard set of written discovery requests to each of the Plaintiffs that will include approximately 5-10 interrogatories and approximately 5-10 requests for production of documents and approximately 5-10 requests for admissions.

*[If a party proposes to exceed the numerical limits set forth in Fed. R. Civ. P. 30(a)(2)(A)(I), at the scheduling conference they should be prepared to support that request by reference to the factors identified in Fed. R. Civ. P. 26(b)(2)(C)]*

     **b.**     **Limitations which any party proposes on the length of depositions.**

7 hours (though depositions of individual plaintiffs may likely take less time and the parties will meet and confer to discuss this).  See above for limitations.

  **c.**  **Limitations which any party proposes on the number of requests for production and/or requests for admission.**

    25 requests for admissions, not including any requests for admission made solely for authentication purposes, and 25 requests for production, subject to the Defendants' position set forth in Paragraph 8(a) above.

    *[If the parties propose more than twenty-five (25) requests for production and/or requests for admission, at the scheduling conference they should be prepared to support that proposal by reference to the factors identified in Fed. R. Civ. P. 26(b)(2)(C).]*

  **d.**  **Other Planning or Discovery Orders**

    Please see the parties' proposed case schedule under Section 9.

    The Defendants' motions to dismiss all of the claims in the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motions to Dismiss") are currently pending. Marriott Defendants therefore submit that it is premature for the Court to set any discovery schedule, as the Court's ruling on the Motions to Dismiss may obviate the need for any further activity in the case, or alternatively, may significantly impact the relevant time-frames and subject matter of the dispute, as well as the identity of relevant witnesses and documentary evidence. Marriott Defendants instead request that a separate Rule 26(f) planning conference and Rule 16(b) scheduling conference take place within a reasonable time of the Court's disposition of the Motion to Dismiss, at which a meaningful discovery schedule can be discussed and established. In the event that the Court disagrees with Marriott Defendants' position, they are in agreement (except where specifically noted) with the proposed case schedule proposed by plaintiffs in the below Section 9.

    Plaintiffs' position is that the Court should set a schedule now, and that it would be inefficient to hold a second round of meeting and conferring as well as a second Rule 16(b) scheduling conference after the Court rules on the Motions to Dismiss. The litigation, including

setting a pre-trial case schedule and conducting discovery, should move forward while the Motions to Dismiss are pending. *See Collins v. Ace Mortg. Funding, LLC*, 2008 WL 4457850, at *1 (D. Colo. Oct. 1, 2008) (stating that motions to dismiss for failure to state a claim do not typically warrant the imposition of a stay of the case).

*[Set forth any other proposed orders concerning scheduling or discovery. For example, the parties may wish to establish specific deadlines for submitting protective orders or for filing motions to compel.]*

### 9. CASE PLAN AND SCHEDULE

a.      **The parties propose the following case schedule:**

- **Deadline to Exchange Initial Disclosures:**  August 5, 2016

- **Deadline for Joinder of Parties and Amendment of Pleadings:** While the local rule's instructions require that the deadline for joinder of parties and amendment of pleadings is September 16, 2016, Plaintiffs request that this deadline be extended by 90 days (but if the Court disagrees with the parties' proposed fact discovery end-date, Defendants believe this deadline should be correspondingly reduced). Plaintiffs intend to add additional plaintiffs to their complaint after September 16. This extension would promote efficiency by allowing Plaintiffs' counsel to avoid filing new actions (with identical claims but new plaintiffs) and then relating the cases. Additionally, Plaintiffs may seek to amend the pleadings to add a claim for exemplary or punitive damages in accordance with C.R.S. section 13-21-102 and other applicable law. Plaintiffs may need a further extension of this deadline to add a punitive damages claim. Defendants do not believe there is any basis under which a punitive damages claim would be viable

Plaintiffs may move to add additional Plaintiffs within 45 days of today.

and thus they do not agree with the proposed extension of any applicable deadlines.

- **Deadline for Serving Interrogatories:** June 23, 2017

- **Deadline for Serving Requests for Production of Documents and/or Admissions:** June 23, 2017

- **Fact Discovery Cut-off (except for discovery ordered pursuant to motions to compel):** August 25, 2017

- **Deadline to Serve Initial Expert Reports:** September 22, 2017

- **Deadline to Serve Rebuttal Expert Reports:** November 17, 2017

- **Mediation Deadline:** December 8, 2017

- **Expert Discovery Cut-off:** December 22, 2017

- **Dispositive Motions:** January 19, 2018

- **Deadline to File *Daubert* Motions:**   February 9, 2018

- **Deadline to File Motions *in Limine*:**   March 2, 2018

- **Jury Trial:** Per Section IV C of Judge Brimmer's Practice Standards, because the parties anticipate that this trial will last longer than five days, the trial date is to be set following the Final Pretrial Conference.

**Deadline for Joinder of Parties and Amendment of Pleadings:**

Please see above case schedule.

*[Set time period within which to join other parties and to amend all pleadings. This deadline refers to timing only and does not eliminate the necessity to file an appropriate motion and to otherwise comply with Fed. R. Civ. P. 15. Unless otherwise ordered in a particular case, for good cause, this deadline should be no later than 45 days after the date of the scheduling conference, so as to minimize the possibility that late amendments and joinder of parties will precipitate requests for extensions of discovery cutoff, final pretrial conference, and dispositive motion dates. Counsel and pro se parties should plan discovery so that discovery designed to identify additional parties or claims is completed before these deadlines.]*

    **b.**    **Discovery Cut-off:fact**

fact discovery cut-off is 8/25/17

    **c.**    **Motion Deadline:**

1/19/18

*[Set time periods in which discovery is to be completed and dispositive motions are to be filed]*

    **d.**    **Expert Witness Disclosure:**

1. The parties shall identify anticipated fields of expert testimony, if any.

    Plaintiffs anticipate retaining experts to provide testimony related to (a) industry standards/fiduciary duties with respect to condominium and/or hotel management, (b) hotel and luxury branding, (c) diminution in value of the fractional units; (d) the valuation of comparable deeded interests.

No more than 6 experts per represented group inclusive of rebuttal experts.

18

The Association anticipates retaining experts to provide testimony related to (a) industry standards and fiduciary duties of condominium associations; and (b) Plaintiffs' anticipated damages, including diminution in value of fractional units of condominiums.

All parties reserve the rights to challenge that particular subjects are appropriate for expert testimony and to offer rebuttal witnesses.

2.      Limitations which the parties propose on the use or number of expert witnesses:

None at this time.

3.      The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before <u>September 22, 20</u>17. The parties shall also file their initial expert reports by this day. (See proposed case schedule above).

*[This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]*

4.      The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before <u>November 17, 20</u>17. The parties shall also file their rebuttal expert reports by this day. (See proposed case schedule above).

[This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]

*[Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the Rule will be allowed by stipulation unless the stipulation is in writing and approved by the court. In addition to the requirements set forth in Rule 26(a)(2)(B)(I)-(vi), the expert's written report also must identify the principles and methods on which the expert relied in support of his/her opinions and describe how the expert applied those principles and methods reliably to the facts of the case relevant to the opinions set forth in the written report.]*

### e.     Identification of Persons to Be Deposed:

*[List the names of persons to be deposed and provide a good faith estimate of the time needed for each deposition. All depositions must be completed on or before the discovery cut- off date and the parties must comply with the notice and scheduling requirements set for in D.C.COLO.LCivR 30.1.]*

The Parties believe it is premature to identify all deponents. Preliminarily, Plaintiffs anticipate that they may depose Joseph Scalo, William Love, Eveleen Babich, R. Lee Cunningham, Jay Neveloff, Phillip Scheider, Gerald Marsden, Tyler Oliver, Luis De La Cruz, Randy Mercer, Michael Pacin, Nicholas DeMeglio, Frank Mouffe, Steven Weisz, Stephanie Sobeck, and Joel Alper, and Michael Mullenix. Plaintiffs cannot estimate the length of any deposition until documents are produced. Defendants reserve the right to object to the deposition of some of the foregoing listed witnesses. As previously discussed, Defendants reserve the right to take the deposition of each plaintiff.

The Association also believes it is premature to identify all deponents. Preliminarily, the Association anticipates that it may depose a representative of each Plaintiff, Nicholas DeMeglio, Stephanie Sobeck, R. Lee Cunningham and other individuals or corporate representatives to be identified at a later date.

//

//

//

20

**f.      Deadline for Interrogatories:**

Interrogatories must be served no later than June 23, 2017. (See proposed case schedule above).

*[The parties are expected to serve interrogatories on opposing counsel or a pro se party on a schedule that allows timely responses on or before the discovery cut-off date.]*

**g.      Deadline for Requests for Production of Documents and/or Admissions:**

Requests for Production of Documents and/or Admissions must be served by no later than June 23, 2017. (See proposed case schedule above).

*[The parties are expected to serve requests for production and/or requests for admission on opposing counsel or a pro se party on a schedule that allows timely responses on or before the discovery cut-off date.]*

## 10. DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

a.      Status conferences will be held in this case at the following dates and times:
        11/28/17 at 10 a.m.  Telephone or VTC pre-authorized as appropriate.

b.      A final pretrial conference will be set at the status conference. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a.      Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None at this time that are not identified above.

b.      Anticipated length of trial and whether trial is to the court or jury.

The trial of this matter will be to a jury and the parties anticipate that it may take 10-15 days to complete the trial.

21

     c.     Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado 81303-3439.

     None at this time.

*[Determination of any such request will be made by the magistrate judge based on the individual needs of the case and the availability of space and security resources.]*

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

*[The following paragraphs shall be included in the scheduling order:]*

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule

## 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing of good cause.

*[Include a statement that the scheduling order may be altered or amended only upon a showing of good cause.]*

DATED at Grand Junction, Colorado, this  18th    day of   August  , 2016.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

/s/ Matthew C. Ferguson
Matthew C. Ferguson, #25687
THE MATTHEW C. FERGUSON LAW FIRM, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611
Telephone: (970) 925-6288
Facsimile: (970) 925-2273
E-mail: matt@matthewfergusonlaw.com
Attorneys for Plaintiffs

/s/ Ian S. Marx
Naomi G. Beer, Esq.
Philip R. Sellinger, Esq.
Ian S. Marx, Esq.
GREENBERG TRAURIG, LLP
1200 17th Street, Suite 2400
The Tabor Center
Denver, Colorado 80202
Telephone: (303) 572-6500
Facsimile: (303) 572-6540
E-mail: beern@gtlaw.com
Attorneys for Defendants Marriott Vacations
Worldwide Corporation, Marriott Ownership
Resorts, Inc. Aspen Highlands Condominium
Association,     Ritz-Carlton     Management
Company, LLC, Cobalt Travel Company, LLC,
and Lion & Crown Travel Company, LLC

/s/ Jessica B. Livingston
Daniel F. Shea, #27803
Jessica B. Livingston, #41483
HOGAN LOVELLS US LLP
1200 Seventeenth Street, Suite 1500
Denver, Colorado 80202
Telephone: (303) 899-7300
Facsimile: (303) 899-7333
E-mail: jessica.livingston@hoganlovells.com
E-mail: dan.shea@hoganlovells.com
Attorneys for Defendant Aspen Highlands Condominium Association

[Please affix counsels' and any pro se party's signatures before submission of the final
scheduling order to the court.]