IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01301-PAB

RCHFU, LLC, et al.,

    Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, et al.,

    Defendants.

**DEFENDANT ASPEN HIGHLANDS CONDOMINIUM ASSOCIATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Aspen Highlands Condominium Association, Inc. ("Association") respectfully submits this reply in support of its Motion to Dismiss ("Motion") the claims Plaintiffs allege against the Association in their Second Amended Complaint ("SAC").

**INTRODUCTION**

The gravamen of Plaintiffs' SAC is that the Association breached fiduciary duties it owes Plaintiffs by permitting fee-simple Owners of deeded 1/12 fractional ownership interests at the Ritz-Carlton Club in Aspen Highlands ("the Club") to participate in a voluntary trading program whereby they could trade one of their weeks at the Aspen Highlands for a week elsewhere with a member of the Marriott Vacation Club ("MVC"). Just as Owners have the right to rent their units to anyone they wish, the voluntary trading program gives Club members the option, on an annual basis, to trade weeks they may not want to use in Aspen with an MVC member, allowing Club members access to MVC properties. Plaintiffs' response to the Association's first argument—that Plaintiffs never pleaded that they satisfied contractual preconditions to filing this

1

lawsuit, specifically that they first demand action by the Association, *see* SAC, Ex. H, Declaration of Condominium for Aspen Highlands Condominiums ("Declaration"), ¶ 7.8.3—is that making such a demand would have been futile. Resp. at 6–8. Plaintiffs, however, failed to plead that making a demand would be futile, let alone allege sufficient facts to demonstrate futility. Nowhere in the SAC, for example, do Plaintiffs allege that the Association's board members lacked independence, the most common way of successfully pleading futility.

In addition, Plaintiffs' Response fails to demonstrate that the SAC alleged facts sufficient to state a claim against the Association for breach of fiduciary duty. Plaintiffs again fail to show (and to have alleged in the SAC) that a majority of the Association's board members acted in bad faith or lacked independence and thus the Association could not avail itself of the protections afforded by law to those who in good faith exercise their business judgment in making decisions. Finally, Plaintiffs fail to allege facts supporting their claims against the Association for aiding and abetting breaches of fiduciary duty by other Defendants and for conspiracy.[1]

## ARGUMENT

### A. Plaintiffs' claims against the Association must be dismissed because of the demand requirement in the Declaration.

Plaintiffs admit that they failed to satisfy the demand precondition in the Declaration, ¶ 7.8.3, which precondition is never referenced in the SAC. Plaintiffs attempt to justify their failure to make such a demand of the Association by now saying for the first time in their Response that doing so would have been futile. Resp. at 6–8.

Nowhere does the Declaration excuse or waive the demand requirement simply because an Owner believes doing so would be futile. Nevertheless, even if the Declaration could be

---

[1] Plaintiffs dropped their unjust enrichment claim against the Association. Resp. at 13 n.5.

2

interpreted as excusing Club members from making a demand on the basis of futility, at the very least they would have to plead facts demonstrating that making a demand would be futile, as required in shareholder derivative suits and other situations governed by Colorado law. *See Hirsch v. Jones Intercable, Inc.*, 984 P.2d 629, 634 (Colo. 1999) (derivative action by limited partners against general partner); *Bell v. Arnold*, 175 Colo. 277, 285–86 (1971); *New Crawford Valley, Ltd. v. Benedict*, 847 P.2d 642, 644 (Colo. App. 1993) (highlighting specific allegation that "any such demand would be futile"); *see also Griggs v. Jornayvaz III*, No. 09-cv-00629-PAB-KMT, 2010 WL 4932674 at *4 (D. Colo. Nov. 29, 2010) (Brimmer, J.) (noting plaintiffs "allege[d] that such a demand would have been futile"). Plaintiffs never did so in the SAC.

Nor are the allegations of futility advanced by Plaintiffs in their Response, even had they pleaded them in their SAC, sufficient to satisfy their pleading burden of providing sufficient evidence that the Association's board lacked independence to exercise their business judgment. Plaintiffs point to three specific allegations they believe support their argument that making a demand would have been futile. First, they say that the Association was "in active discussions with MVW" about the proposed voluntary trading program. Resp. at 7 (citing SAC ¶¶ 57, 58).[2] But the fact that the Association and MVW were discussing the proposed program does not demonstrate that the Association's board lacked independence or otherwise excuse Plaintiffs' demand requirement.[3] *See Griggs*, 2010 WL 4932674 at *4–5 (discussing standard for

---

[2] Plaintiffs cite paragraphs 57 and 58 of their SAC for this assertion. But paragraph 58 addresses discussions between MVW and the president of the Ritz-Carlton Club, Bachelors Gulch board, not the Association. SAC ¶ 58.

[3] Even if Plaintiffs could show lack of independence by alleging that the very board members who made the 2014 decision could not objectively evaluate a proposal to attack their actions, that would not suffice as Plaintiffs would still have to show there were no independent Association board members at the time they filed their complaint. In this vein, as Plaintiffs' exhibits

3

challenging demand requirement on basis of futility in context of a shareholder derivative action). Second and third, Plaintiffs argue that the Association stated that it would hold a vote of the Club members and then permitted the voluntary trading program without holding a vote. Resp. at 7 (citing SAC ¶¶ 60, 63). As we indicate in our Motion, regardless of whether the Marriott entities or the Association at some point believed it was wise to poll the Club members, no provision of the Declaration, bylaws, or any other governing document required the Association to hold a vote before Club members, as fee-simple owners, could on a voluntary basis trade a week of their allotted time with someone else. Plaintiffs' superficial allegations in the SAC are thus woefully insufficient to "patent[ly]" establish the futility of making a demand of the Association. *See Hirsch*, 984 P.2d at 636 (noting allegations that demonstrated "patent" futility); *Neusteter v. Dist. Ct. in and for City and Cnty. of Denver*, 675 P.2d 1, 7 (1984) (same).

Plaintiffs next attempt to get around their pleading failures by asserting that because we argued in our Motion that the Association did nothing wrong, we conceded the merit of Plaintiffs' futility argument. Resp. at 8. But this post-hoc rationalization is improper: the Association's current defense of the legal claims levied against it does not demonstrate that it would have rejected Plaintiffs' demand had they followed the requirement in the Declaration, a requirement clearly intended to give the Association the opportunity to deliberate, outside of a litigation setting, regarding the fairness of the proposed action to all Club members (including the 750 Club members who are not demanding the action). And Plaintiffs' reference to *Colorado Homes, Ltd. v. Loerch-Wilson* similarly is misplaced. Resp. at 8 (citing 43 P.3d 718, 721 (2001)). *Colorado Homes* does not address demand futility in any way; the Colorado court of appeals

---

evidence, the board's membership has changed over time. *Compare* SAC Ex. G, *with id.* Ex. M (identifying different presidents of the board).

affirmed the trial court's ruling that it would be futile to amend a complaint to expressly assert a claim for breach of fiduciary duty when that claim was properly before the court through other means. 43 P.3d at 721.

Plaintiffs failed to satisfy the Declaration's contractual requirement that they make a demand of the Association before bringing this lawsuit. Moreover, because they did not allege in the SAC that making a demand would be futile, let alone allege facts sufficient to show futility, the SAC should be dismissed.

**B.     Plaintiffs fail to state a claim against the Association for breach of fiduciary duty.**

Alternatively, Plaintiffs' claim for breach of fiduciary duty must be dismissed because the business judgment rule protects the Association's actions here, and Plaintiffs have failed to allege sufficient facts to show that the Association lacks independence, acted in bad faith, or was otherwise deprived of its ability to exercise its business judgment. *See Colo. Homes, Ltd.*, 43 P.3d at 724. The Declaration imposes upon the Association's board a duty to represent owners' interests "in a fair and just manner." Declaration ¶ 6.8. But the Association does not breach that duty every time it acts in a manner that some Owners, here Plaintiffs who comprise fewer than 10 percent of all Owners, disapprove of. Instead, the business judgment rule protects the Association's decisions when they are made in good faith and are not arbitrary. *See Colo. Homes, Ltd.*, 43 P.3d at 724; *Rywalt v. Writer Corp.*, 526 P.2d 316, 317 (Colo. App. 1974).[4]

---

[4] Plaintiffs argue that this Court should not rule on whether the business judgment rule applies at this pleading stage of the litigation. Resp. at 11 (citing *Polk v. Hergert Land & Cattle Co.* 5 P.3d 402,405 (Colo. App. 2000)). But *Polk* does not stand for this proposition, with the Court basing its decision on the disputed facts submitted during briefing on a motion for summary judgment. While the court denied summary judgment on the question whether the business judgment rule protected defendants' conduct, it did so after concluding that there were disputes of material fact regarding the defendants' good faith. *Id.* at 406. In contrast, the SAC contains no allegations of

Plaintiffs' Response identifies the same two purported breaches of the Association's fiduciary duties we addressed in our Motion: (1) that the Association favored Defendants' interests over Club members' by permitting the voluntary trading program, and (2) that the Association failed to enforce Section 19.8 of the Declaration. As to the first, Plaintiffs rehash the same three allegations discussed above in connection with Plaintiffs' futility argument. Resp. at 9. They argue that the Association was actively discussing the voluntary trading program with MVW, represented to Plaintiffs that all Owners would get to vote on the program, and then announced the trading program in April 2014 without holding a vote. *Id.* (citing SAC ¶¶ 60, 63–64). But Plaintiffs fail to establish how these actions, or inactions, were made in bad faith, were arbitrary, or otherwise breached the Association's duty to represent owners' interests "in a fair and just manner." *See* Declaration ¶ 6.8.

In attacking the Association's action, Plaintiffs heavily rely on an April 2013 letter from the Association referencing a possible vote about including "Aspen Highlands in the Marriott Vacation Club affiliation/points program," but which did not elaborate as to the precise nature of the contemplated affiliation. Whether that letter addressed the trading program announced a year later or some other manner of affiliation is immaterial, however, as no provision of the Declaration, bylaws, governing document, or any exhibit to the SAC requires the Association to hold a vote before it could arrange with the Marriott entities to allow Club members, on a voluntary basis, to trade a week with a MVC timeshare member or anyone else. The Declaration contains numerous provisions explicitly requiring a vote by members of the Association—not one of which requires a vote by all members of the Association in connection with the decision

---

bad faith.

to permit the voluntary trading program at issue here.  *See* Mot. at 11.  Thus, Plaintiffs fail to identify any factual allegation that shows how this conduct breached the Association's fiduciary duty or deprives the Association of the business judgment rule's protections.  *See Oberbillig v. West Grand Towers Condo. Ass'n*, 807 N.W.2d 143, 155 (Iowa 2011) ("the [business judgment] rule applies to the board's exercise of its interpretive authority . . . to proceed . . . without a membership vote").

As to the second alleged breach by the Association, failing to enforce Section 19.8 of the Declaration, Plaintiffs argue that the Association's lawyers told it the "affiliation could not take place absent an amendment to the Declaration," yet the Association proceeded nonetheless.  Resp. at 10 (citing SAC ¶ 71).  This argument also fails because the Association's legal advice does not form the basis for any of the allegations in the SAC supporting Plaintiffs' claim for breach of fiduciary duty based on the Association's failure to enforce Section 19.8.  *See* SAC ¶¶ 70–71 (discussing alleged breach of fiduciary duty in connection with Section 19.8 but nowhere mentioning Association's legal advice).  In fact, the SAC only references such advice once, in describing a letter from the Association to Club members in October 2012, which was sent during the beginning of the Association's discussions with MVW regarding the affiliation with the MVW, and which does not mention Section 19.8 of the Declaration.  *See* SAC ¶ 57.

In any event, Section 19.8 is unambiguous, so no parol evidence, whether legal advice or otherwise, would be admissible at trial or any other stage of the litigation to prove what it says.[5]  Section 19.8 prohibits any Units from being "used for the operation of a timesharing, fraction-

---

[5] Parol evidence is inadmissible to vary or contradict the terms of an unambiguous contractual provision.  *See Roa v. Miller*, 784 P.2d 826, 828 (Colo. App. 1989); *see also Northwest Cent. Pipeline Corp. v. JER P'ship*, 943 F.2d 1219, 1226 (10th Cir. 1991).

sharing, interval ownership, private residence club, membership program, vacation club, exchange network or system or similar program," other than the Plan of Fractional Ownership established by Article 23 of the Declaration. Declaration ¶ 19.8; *see also* Colo. Rev. Stat. § 38-33-110 (defining time sharing). This unambiguously means that no one can buy an interest at Aspen Highlands and then subdivide ownership of his Unit in such a manner as to operate a timesharing program with respect to that unit. Section 19.8 does not mean that a Club member cannot rent his unit or trade a week of his interest with another person, even if the trade is for a week at a club at which the other person owns a timesharing interest. Nor does "[t]he mere fact that there is a difference between the parties over the interpretation of an instrument . . . itself create an ambiguity." *Brunton v. Int'l Trust Co.*, 164 P.2d 472, 475 (Colo. 1945).[6]

Plaintiffs have not alleged that any provision of the Declaration prohibits an Owner from participating in the voluntary trading program; nor have they shown that a vote of the Owners was required. Accordingly, the business judgment rule protects the Association's action and Plaintiffs' breach of fiduciary duty claim should be dismissed.

---

[6] Even if Plaintiffs could now effectively amend the SAC to allege that the legal advice referenced in the 2012 letter was based upon Section 19.8 of the Declaration (even though the Section is nowhere referenced in the letter) and convince the Court to consider it as parol evidence, the alleged legal advice would not defeat the application of the business judgment rule. To rebut the application of the rule, Plaintiffs must raise a reason to doubt whether the "action was taken on an informed basis or whether the directors honestly and in good faith believed that the action was in the best interests" of the Association. *See e.g.*, *Griggs*, 2010 WL 4932674 at *10 (evaluating standard in shareholder derivative actions under Delaware law). The cited advice is not directed at the voluntary trading program announced in the April 2014 letter and preceded that announcement by more than a year and a half. There simply is not sufficient evidence to infer, as Plaintiffs have, that the Association intentionally ignored the advice and thereby acted in bad faith.

8

C.     **Plaintiffs fail to state a claim against the Association for aiding and abetting or conspiring with the Marriott Defendants.**

Plaintiffs fail to allege that the Association knowingly provided substantial assistance to another Defendant's breach of its fiduciary duties to the Plaintiffs. *See City P'ship Co. v. Lehman Bros., Inc.*, 344 F. Supp. 2d 1241, 1246 (D. Colo. 2004) (listing elements). The SAC contains only conclusory allegations that the Association "materially assisted, aided, abetted and/or conspired with" other Defendants and that certain Defendants "pursuant to an agreement it [sic] made with Defendant Association," established the voluntary trading program. SAC ¶¶ 45, 64–66. Plaintiffs attempt to recast their general allegations as sufficiently particular in their Response, but to no avail. Again, Plaintiffs rely on the legal advice the Association allegedly received and its decision not to hold a vote, *id.* (citing SAC ¶¶ 57, 60, 63), alleging in addition only that "the Association was working with MVW executives to 'better understand the proposed affiliation.'" Resp. at 12 (citing SAC ¶ 52). But as the Marriott Defendants explained in their Motion to Dismiss, the parties' Affiliation Agreement provides that decisions regarding affiliation are solely within the discretion of Defendant Cobalt and can occur without the Association's approval, Marriott Defs.' Mot. to Dismiss at 12, ECF No. 47, and thus nothing the Association did gave it the power to influence or participate in the affiliation decision. Moreover, neither failing to follow legal advice nor failing to hold a vote is affirmative action that is necessary to satisfy the "substantial assistance" component of the aiding-and-abetting analysis when, as here, the Association has no duty to hold a vote. *See In re Storage Tech. Corp. Sec. Litig.*, 147 F.R.D. 232, 235 (D. Colo. 1993) (failures to act qualify as substantial assistance only where there is a legal duty to act). Standing alone, this additional allegation that the Association was working with MVW to understand the proposed affiliation cannot be deemed

9

assistance of any kind, let alone substantial assistance necessary for aiding-and-abetting liability.[7]

Similarly, Plaintiffs fail to allege any facts to plausibly support their claim that the Association conspired with other Defendants to breach fiduciary duties owed to Plaintiffs. They do not allege any underlying unlawful act or goal—as is required to support a conspiracy claim. *See Double Oak Constr., L.L.C. v. Cornerstone Dev. Int'l, L.L.C.*, 97 P.3d 140, 146 (Colo. App. 2003) (listing elements of claim). In this vein, Plaintiffs voluntarily dropped their claim against the Association for unjust enrichment, Resp. at 13 n.5, thus conceding that the Association derived no financial benefit from agreeing to the voluntary trading program.

## CONCLUSION

For all of the foregoing reasons, the Association respectfully requests that the Court dismiss all of Plaintiffs' claims against the Association with prejudice.

Respectfully submitted this 29th day of August, 2016.

>  */s/ Daniel F. Shea*
> **Daniel F. Shea**
> **Jessica Black Livingston**
> HOGAN LOVELLS US LLP
> 1200 Seventeenth Street, Suite 1500
> Denver, Colorado 80202
> Telephone: (303) 899-7300
> FAX: (303) 899-7333
> E-mail: dan.shea@hoganlovells.com
> E-mail:jessica.livingston@hoganlovells.com
>
> *Attorneys for Defendant Aspen Highlands Condominium Association*

---

[7] Moreover, the Association has a duty to inform itself of all material information reasonably available prior to making a decision that would affect its Owners. *Aronson v. Lewis*, 473 A.2d 805, 812 (Del. 1984), *overruled on other grounds by Brehm v. Eisner*, 746 A.2d 244 (Del. 2000)).

10

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 29, 2016, I electronically filed the foregoing **DEFENDANT ASPEN HIGHLANDS CONDOMINIUM ASSOCIATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| **Michael J. Reiser**<br>Law Office of Michael J. Reiser<br>961 Ygnacio Valley Road<br>Walnut Creek, CA 94596<br>reiserlaw@gmail.com<br><br>**Matthew C. Ferguson**<br>The Matthew C. Ferguson Law Firm, P.C.<br>119 South Spring, Suite 201<br>Aspen, Colorado 81611<br>matt@matthewfergusonlaw.com<br><br>**Michael L. Schrag**<br>Gibbs Law Group LLP<br>1 Kaiser Plaza, Suite 1125<br>Oakland, CA 94612<br>mls@classlawgroup.com<br><br>**Tyler R. Meade**<br>The Meade Firm P.C.<br>1816 Fifth Street<br>Berkeley, CA 94710<br>tyler@meadefirm.com<br><br>*Attorneys for Plaintiffs* | **Naomi G. Beer**<br>1200 17th Street, Suite 2400<br>Denver, Colorado 80202<br>Phone: (303) 572-6500<br>Fax: (303) 572-6540<br>BeerN@gtlaw.com<br><br>**Attorneys for Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., Ritz-Carlton Management Company, LLC, Cobalt Travel Company, LLC and Lion & Crown Travel Company, LLC** |

*/s/ Daniel F. Shea*
**Daniel F. Shea**