**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO**

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC et al.**

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION et al.**

Defendants.

_____

**PLAINTIFFS' UNOPPOSED MOTION TO ADD PLAINTIFFS
IN A THIRD AMENDED COMPLAINT; SUPPORTING MEMORANDUM OF POINTS
AND AUTHORITIES**
_____

Plaintiffs hereby move the Court for permission to file a Third Amended Complaint ("TAC") that adds additional plaintiffs. The proposed TAC is attached hereto as **Exhibit "A".** As grounds for the Motion, Plaintiffs state as follows: The Court's Scheduling Order dated August 18, 2016 expressly allows Plaintiffs to move to add additional Plaintiffs within 45 days of that Order and Plaintiffs submit this timely motion (ECF No. 60 at 16); the TAC only adds new Plaintiffs and does not add new claims or substantive allegations (Ex. A); and pursuant to Fed.R.Civ.P. 15(a)(2) allowing the filing of the TAC is in the interest of a just, fair and efficient resolution of this matter.

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 7.1(a), counsel for Plaintiffs conferred with counsel for Defendants and obtained their consent to the relief sought in this Motion.

-1-

## FACTUAL AND PROCEDURAL BACKGROUND

1. The operative complaint is the Second Amended Complaint, filed on July 18, 2016. ECF No. 40. This complaint includes as named plaintiffs the purchasers of approximately 50 fractional interests at the Ritz-Carlton Club Aspen Highlands ("Plaintiffs"). In the months since then, several dozen more fractional owners signed on to pursue the same case. In all, the proposed TAC includes as named plaintiffs the purchasers of 136 fractional interests. Ex. "A".

2. Prior to the August 4, 2016 Scheduling Conference, Plaintiffs announced that "Plaintiffs intend to add additional plaintiffs to their complaint after September 16, 2016," the deadline in Local Rules for joinder of parties and amending pleadings, noting "[t]his extension would promote efficiency by allowing Plaintiffs' counsel to avoid filing new actions (with identical claims but new plaintiffs) and then relating the cases." ECF No. 60 at p. 16. In the August 18, 2016 Scheduling Order, the Court stated: "Plaintiffs may move to add additional Plaintiffs within 45 days of today." *Id.* This motion is filed within this deadline.

3. Fed.R.Civ.P. 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." A district court has "wide discretion to recognize a motion for leave to amend in the interest of a just, fair or early resolution of litigation." *Bylin v. Billings,* 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1187 (10th Cir. 1999)). Here, the granting of leave to amend is appropriate because it will avoid duplicative lawsuits, and give this Court greater control over the conduct of this mass litigation.

4. "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure

-2-

deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings,* 568 F.3d 1224, 1229 (10th Cir. 2009) (citation and internal quotation marks omitted), *cert. denied,* 130 S.Ct. 1506 (2010). None of these bases to deny amendment exist here. This motion is brought now because the new plaintiffs only recently retained the undersigned counsel to pursue their claims. Defendants will not suffer any prejudice. Indeed, if this motion is denied, they will still face the same claims by the same new plaintiffs in a separately filed complaint.

5. Accordingly, Plaintiffs respectfully request permission to file the proposed Third Amended Complaint submitted with this motion. This new complaint adds owners of 87 fractional interests, bringing the total number of fractional interests in this action to 136.

6. Plaintiffs are certain that additional owners of fractional interests will want to join this lawsuit or commence an action to pursue identical claims. Indeed, several owners are in the process of entering into retainers with Plaintiff's counsel. Owners are either still receiving or opening letters or hearing about the litigation through word of mouth. Plaintiffs will confer with Defendants as appropriate at a future time to determine if agreement can be reached on how to proceed. In any event, Plaintiffs reserve the right to request an enlargement of deadlines and/or to amend to add Plaintiffs.

DATED: October 3, 2016

Respectfully submitted,

*/s/ Matthew C. Ferguson*
Matthew C. Ferguson, Esq.
THE MATTHEW C. FERGUSON LAW FIRM, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611
*Attorneys for Plaintiffs*

-4-

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 3rd day of October, 2016, a true and accurate copy of the foregoing **PLAINTIFFS' UNOPPOSED MOTION TO ADD PLAINTIFFS IN A THIRD AMENDED COMPLAINT; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** was filed and served via CM/ECF filing system upon following:

Matthew C. Ferguson, Esq.
The Matthew C. Ferguson Law Firm, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611

Daniel F. Shea, Esq.
Jessica Black Livingston, Esq.
Hogan Lovells US LLP
1200 Seventeenth Street, Suite 1500
Denver, Colorado 80202

Naomi G. Beer, Esq.
Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, Colorado 80202

Michael J. Reiser, Esq.
Lilia Bulgucheva, Esq.
Law Office of Michael J. Reiser
961 Ygnacio Valley Road
Walnut Creek, California 94596

Michael L. Schrag, Esq.
Gibbs Law Group LLP
1 Kaiser Plaza, Suite 1125
Oakland, California 94612

Ian S. Marx, Esq.
Philip R. Sellinger, Esq.
Greenberg Traurig, LLP
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932

Tyler R. Meade, Esq.
The Meade Firm p.c.
1816 Fifth Street
Berkeley, California 94710

                */s/ Robin White*_____
                Robin White

4834-2500-7930, v. 1