**IN THE UNITED STATE DISTRICT COURT
DISTRICT OF COLORADO**

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC**, a Colorado limited liability company, **JEFFREY A. BAYER** and **GAIL L. BAYER, ROBERT BUZZETTI, JULIE C. CANNER, LEE JAMES CHIMERAKIS** and **THERESA ANN CHIMERAKIS, KEVIN CLARE** and **NANCY LYNNE SHUTE, TOBY L. CONE TRUST** and **TOBY L. CONE**, its Trustee, **RICHARD DAVIS** and **SHIRLEY J. DAVIS**, **CARL EICHSTAEDT III, JAMES RICHARD FARQUHAR** and **JENNIFER LUCILLE FARQUHAR, KOPPELMAN FAMILY TRUST** and **LARRY KOPPELMAN**, its Trustee, **DAVID LANCASHIRE** and **STEPHEN ANDREWS, BONNIE LIKOVER, CRAIG LIPTON, JEREMY LOWELL, D.D.S.** and **LORI LOWELL, EDWARD P. MEYERSON** and **ANDREA C. MEYERSON, JERRY M. NOWELL TRUST** and **JERRY M. NOWELL**, its Trustee, and **DEE ANN DAVIS NOWELL TRUST** and **DEE ANN DAVIS NOWELL**, its Trustee, **THOMAS M. PROSE REVOCABLE LIVING TRUST** and **THOMAS M. PROSE, M.D.,** its Trustee, **CASEY M. ROGERS** and **COURTNEY S. ROGERS, ROBERT A. SKLAR TRUST** and **ROBERT A. SKLAR**, its Trustee, **C. RICHARD STASNEY, M.D.** and **SUSAN P. STASNEY, TSE HOLDINGS, LLC,** a Colorado limited liability company, **STEPHEN WEINSTEIN and BRENDA WEINSTEIN, JACK ZEMER, JEFFREY L. BERTNSTEIN** and **AMY S. BERNSTEIN, CHRISTOPHER BRANOFF** and **KIMBERELY BRANOFF, RICHARD LOUISE LEVENGOOD** and **LYNDA OVERLY LEVENGOOD, FRED H. FRIEDMAN** and **BRENDA C. FRIEDMAN, BENJE R. DANIEL, JR., DDS, MS, PA, R. DAVID & CHERYL M. JONES REVOCABLE LIVING TRUST** and **DAVID R. JONES,** its Trustee, and **CHERYL M. JONES,** its Trustee, **LILY ANN FRIEDMAN, 831 701 ONTARIO LIMITED,** a Canadian Corporation, **GARRY R. KIMBALL** and **CATHERINE G.A. KIMBALL, DAVID FRIEDMAN, MICHAEL G. ROBINSON** and **CAROLINE ROBINSON, HAMMER FAMILY LIMITED PARTNERSHIP, 8202 RCC ASPEN HIGHLANDS, LLC, CARL ANDREW RUDELLA** and **TAMMIEJO RUDELLA, ROBERT KAUFMANN, , DAVID S. ISRAEL TRUST** and **DAVID S. ISRAEL**, its Trustee, **J & B WOODS FAMILY ASSOCAITES, LLC, MICHAEL P. PACIN** and **AMY D. RONNER, BRUCE E. REID** and **ROSEMARY W. REID, CHARLES F.A. MCCLUER, III, P.A.,** a Texas corporation **FRANK R. VOGL** and **EMILY VOGL, LEVY VENTURES LIMITED PARTNERSHIP,** a Florida partnership, **DRE, INC.,** an Illinois corporation, **ROBERT C. HUBBELL** and **JAN H. HUBBELL, DAVID SCHAECTER, VLADIMIR MALAKHOVA** and **LUDMILA MALAKHOVA, EL PASO MANAGEMENT, LLC,** an Alaska limited liability company**, PEPKOWTIZ TRUST** and **SAMUEL H. PEPKOWITZ** and **ROBERTA A. PEPKOWITZ**, its Trustees, **JH CAPITAL CORPORATION,** a Florida corporation, **DAVID S. BLACHER** and **CONSTANCE H. BLACHER, BRYAN J. HAWKINS** and **LAURA A. HAWKINS, BRUCE M. NESBITT REVOCABLE TRUST** and **BRUCE M. NESBITT,** its Trustee, **LE**

**BEFANA TRUST** and **MONICA M. CAMPANELLA,** its Trustee, **REETA G. CASEY REVOCABLE LIVING TRUST** and **REETA G. CASEY,** its Trustee,   **ANTHONY F. PRINSTER** and **SALLY L. PRINSTER, KEVIN E. GRANT, GILBERT P. GRADINGER** and **SALLY A. GRADINGER, JEFFREY RAPPIN**   and **PENNY BROWN,   MILAN RANDIC TRUST** and **MILAN RANDIC,** its Trustee, and **MIRIJANA RANDIC TRUST** and **MIRIJANA RANDIC,** its Trustee, **CHARLES B. BUCHANAN** and **CHARLOTTE S. BUCHANAN, ANNETTE KALCHEIM TRUST** and **ANNETTE KALCHEIM,** its Trustee, **MINDY R. WEXLER REVOCABLE TRUST** and **MINDY R. WEXLER,** its Trustee, **JOHN BERGSTROM, JOHN E. BLANCHARD** and **JENNIFER BLANCHARD** and **ROBERT BLANCHARD** and **ELLEN BLANCHARD, LOUISE B. HOVERSTEN, HOWARD A. SIMON** and **ELIZABETH M. SIMON, GARY S. CHAVIN** and **PAT A. CHAVIN, GREG JACOBSON, DOUGLAS KADISON** and **CAROL KADISON, JOSEPH FRYZER, DANNY V. LACKEY LIVING TRUST** and **DANNY V. LACKEY,** its Trustee, and **NANCY L. LACKEY LIVING TRUST** and **NANCY L. LACKEY,** its Trustee, **H.M. PALM** and **MARGARET PALM, PAUL C. ROSENTHAL** and **CARLA P. ROSENTHAL, THE DAVID & LESA FIGLIULO FAMILY REVOCABLE LIVING TRUST, DAVID A. FIGLIULO,** its Trustee, and **LESA A. FIGLIULO,** its Trustee, **WALTER H. PETRIE** and **NANCY A. PETRIE, KENNETH TOMPKINS** and **KIMBERLY TOMPKINS, BARBARA L. PALAZZOLO REVOCABLE TRUST** and **BARBARA L. PALAZZOLO,** its Trustee, **DAN JAMES WEINKLE** and **SUSAN HOLLOWAY WEINKLE, AMI RABINOWITZ TRUST** and **AMI RABINOWITZ,** its Trustee, and **EVAN RABINOWITZ,** its Trustee, **KONA, LTD.,** a Texas limited partnership, **STEVE V. GURLAND** and **CAROLINE I. GURLAND, SPENCER L. YOUNGBLOOD FAMILY PARTNERSHIP LTD,** a Texas limited partnership, **KENNETH D. CUSHMAN** and **CAROL A. CUSHMAN, DAN MOSKOWITZ** and **WENDY MOSKOWITZ, GARY SHELDON KOHLER** and **DEBORAH JOY KOHLER, LEWIS J. HIRSCH** and **GAYLE HIRSCH, BRADLY PROPERTIES, LLC,** an Alabama limited liability company, **ANNA P. ZALK, MOUNTAIN DRIVE TRUST** and **DAVID JACKEL,** its Trustee, **WILLIAM M. WAXMAN** and **ALAN S. WAXMAN, HYLAND REVOCABLE LIVING TRUST** and **TIMOTHY J. HYLAND,** its Trustee, and **NATALIE B. HYLAND,** its Trustee, **NEIL SPIZIZEN TRUST** and **NEIL SPIZIZEN,** its Trustee, **D.L. WILKEY** and **JULIE JANICEK-WILKEY, CASS FRANKLIN** and **VERA STEWART FRANKLIN, DARYL CRAMER** and **HEATHER CRAMER** and **HOPE S. BARKAN, JACOB LOUIS SLEVIN, RONALD LAWRENCE GLAZER TRUST** and **RONALD LAWRENCE GLAZER,** its Trustee, and **CHRISTIANE NICOLINI GLAZER TRUST,** and **CHRISTIANE NICOLINI GLAZER,** its Trustee, **ERICH TENGELSEN, CHARLES A. GOTTLOB** and **CYNTHIA G. GOTTLOB, LUCY D. ANDA, NEIL G. ARNOVITZ, PETER CHARLES CROWLEY TRUST** and **MELISSA T. CROWLEY,** its Trustee, **PATRICK A. LATTORE** and **DEE P. LATTORE, ROCKY J. MOUNTAIN** and **JANET M. MOUNTAIN, PHYLLIS SCHOFIELD** and **WILLIAM F. SCHOFIELD, JR., MARK L. HORWITZ** and **SUSAN J. HORWITZ, JOEL SACHER** and **SUSAN J. SACHER, C & N ASSETS, LTD.,** a Texas limited partnership, **LISA MOTTOLA TRUST** and **LISA MOTTOLA,** its Trustee, **MEL A. BARKAN, JOHN PATRICK MCEVOY** and **MARIA GOMEZ MCEVOY, GREICO FAMILY LIMITED PARTNERSHIP,** a Texas limited partnership, **CLAIR F. WHITE** and **LINDA GAGE-**

2

**WHITE, JOHN EGLE, DARRYL ROSEN, MICHAEL A. CAPASSO, JEFFREY C. BERMANT, ROCK PILE, LLC**, a Minnesota limited liability company, **RUSSEL S. PARKER** and **JEANNE G. PARKER**

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION**, a Delaware corporation, **MARRIOTT OWNERSHIP RESORTS, INC.**, d/b/a **MARRIOTT VACATION CLUB INTERNATIONAL**, a Delaware corporation, **ASPEN HIGHLANDS CONDOMINIUM ASSOCIATION**, a Colorado non-profit corporation, **RITZ-CARLTON MANAGEMENT COMPANY, LLC**, a Delaware limited liability company, **COBALT TRAVEL COMPANY, LLC, INC.**, a Delaware limited liability company, and **THE LION & CROWN TRAVEL CO., LLC**, a Delaware limited liability company,

Defendants.

---

### THIRD AMENDED AND SUPPLEMENTAL COMPLAINT AND JURY DEMAND
---

Plaintiffs, as listed in the caption and in paragraphs 13 *infra,* by and through their undersigned counsel, for their Complaint and Jury Demand, state and allege as follows:

### I.    INTRODUCTION AND BACKGROUND

1.     This lawsuit concerns Defendants' unlawful acts that decimated the value of deeded 1/12 fractional interests that Plaintiffs and other owners ("Ritz Carlton Aspen Owners") purchased in the Ritz-Carlton Club Aspen Highlands, located in Aspen, Colorado. Over the last several years, Defendants, including Defendant Marriott Vacations Worldwide Corporation ("MVW") and its subsidiaries and affiliates, have knowingly damaged Plaintiffs and unjustly enriched themselves by violating (or aiding and abetting in, or conspiring to violate) various fiduciary duties owed by certain Defendants to Ritz Carlton Aspen Owners.  These violations

undercut the essential features of the fractional interests sold to Plaintiffs and Ritz Carlton Aspen Owners.

2.     In the 1980s, Marriott International, Inc. established Defendant Marriott Ownership Resorts Inc., d.b.a. Marriott Vacation Club International ("MVCI"), to run Marriott's timeshare operations.   MVCI originally sold timeshares in one-week intervals. In 1984, Marriott's Monarch on Hilton Head Island became the first MVCI resort.  By 2009, MCVI had grown to over 400,000 timeshare owners who had purchased one-week interval timeshares.

3.     In 1999, MVCI introduced "The Ritz-Carlton Club" (also known as "The Ritz-Carlton Destination Club") as a luxury alternative to its "Marriott Vacation Club" timeshare product, which it describes as its "upscale" product line. The Ritz-Carlton Club sold deeded 1/12 fractional ownership interests.   The luxury nature, longer use intervals[1], and exclusivity distinguished the Ritz Carlton Club fractional interests from MVCI's "Marriott Vacation Club" product line.  Based on these distinctions and attributes, The Ritz Carlton Club interests were substantially more expensive.

4.     In 2001, the Ritz-Carlton Club, Aspen Highlands was established as the first fractional ownership property for The Ritz-Carlton Club brand. Thereafter, between 2001 and 2012, Defendants developed and sold approximately 3,200 of the deeded 1/12 luxury fractional interests under The Ritz Carlton Club brand at the following nine locations: Aspen Highlands, Colorado; Bachelor Gulch, Colorado; Jupiter, Florida; North Lake Tahoe, California; St.

---

[1]   The Ritz-Carlton Club 1/12 fractionals sold at Ritz-Carlton, Aspen Highlands entitled purchasers to 4 weeks of use per year.  The other Ritz-Carlton Clubs sold 1/12 fractionals entitling three weeks of use, with the remaining 16 weeks used by members on a "space available" basis. Use of the "space available" weeks was given to members pursuant to the rules established in the Ritz-Carlton Membership Program.

Thomas, U.S.V.I.; San Francisco, California; Vail, Colorado; Abaco, Bahamas; and Maui, Hawaii.

5.      In 2010 MCVI began converting legacy "week owners" of Marriott Vacation Club timeshares to a "points-based product" wherein purchasers bought interests in a land trust ("MVC Trust") set up by MVCI to own its resorts.  By the end of 2011, many of the Marriott Vacation Club's over 400,000 owners at over 50 Marriott Vacation Club resorts worldwide were utilizing points purchased from MVCI to trade for use of Marriott Vacation Club resorts. Further, by the end of 2011, Marriott Vacation Club points were available for sale on the secondary market for a fraction of the cost at which MVCI sold them "new." In addition, Marriott Vacation Club Points were available to "rent" from other members, enabling them to upgrade to stays at more desirable resorts than their "home resorts."

6.      Between 2001 and 2012, hundreds of Ritz Carlton Aspen Owners, including Plaintiffs, paid premium prices, ranging from an average of $150,000 to $400,000, for their deeded 1/12 fractional interest at the Ritz Carlton Club in Aspen Highlands, (known as "Tourist Accommodation Units" or "Fractional Units"). These Fractional Units were sold based on Defendants' claims that the Fractional Units were superior to MVCI's other timeshare offerings in that the Ritz Carlton Club Aspen Highlands would be exclusive and operate for the use, benefit and enjoyment of Ritz Carlton Club Members as well as their family and guests "like a second home," supporting the expensive purchase prices for the Fractional Units as compared to other MVCI timeshare offerings. Defendants further stated that the Fractional Units were transferrable like any other form of deeded real estate.

7.      In November 2011, Marriott International, Inc. "spun-off" Defendant MVW as a separately traded public company (NYSE: VAC), and MVW became the exclusive developer and manager of vacation ownership and related products under the Marriott brand and the exclusive developer of vacation ownership and related products under the Ritz-Carlton brand.

8.      In its first Annual Report filed following the spin-off (dated March 21, 2012), MVW revealed its intent to abandon the upscale Ritz-Carlton product line, stating: "we have significantly scaled back our development of Luxury segment vacation ownership products. We do not have any Luxury segment projects under construction nor do we have any current plans for new luxury development.  While we will continue to sell existing Luxury segment vacation ownership products, we also expect to evaluate opportunities for bulk sales of finished inventory and disposition of undeveloped land."

9.      Beginning in 2013 and continuing through the 2014, Defendants MVW, Ritz-Carlton Management Company, LLC ("RC Management"), The Cobalt Travel Company, LLC ("Cobalt") and the other Defendants used their complete control over Defendant Aspen Highlands Condominium Association, Inc., ("Association") as well as their control over the use and operation of Plaintiffs' Fractional Units, to eliminate the very features for which Plaintiffs and Ritz Carlton Aspen Owners paid premium prices, thereby destroying the value of the Fractional Units sold to Plaintiffs and Ritz Carlton Aspen Owners. By these actions, and in breach of their fiduciary duties owed as a result of the control maintained over Plaintiffs' Fractional Units and the fact that Defendants were agents or sub-agents of Plaintiffs and Ritz Carlton Aspen Owners, Defendants profited at Plaintiffs and the Ritz Carlton Aspen Owners' expense. Even though Defendants' actions destroyed the value of the Fractional Units, Plaintiffs

and Ritz Carlton Aspen Owners continue to pay steadily *increasing* annual dues, compounding the harm.  A large percentage of these dues go directly to Defendants in the form of lucrative "management fees" and other "reimbursements" supposedly incurred by Defendants under the management contracts, including payroll related costs. These management fees and reimbursements are paid solely by Fractional Unit owners at the Ritz Carlton Club Aspen Highlands to the Defendants regardless of usage or occupancy.

10.     Due to Defendants' conduct described herein and other actions to be discovered and proven, the Fractional Units owned by Plaintiffs and Ritz Carlton Aspen Owners are now worth less than 20% of the original purchase prices, while, on the other hand, Defendants, including MVW; MVCI; RC Management; Cobalt; and The Lion & Crown Travel Co., LLC ("L&C") have been unjustly enriched. Due to defendants' actions, MVC members can now enjoy the benefits and use of the Ritz-Carlton Club Aspen Highlands property for a fraction of the cost that Plaintiffs and Ritz Carlton Aspen Owners paid. For example, a MVC member can buy (or simply rent) MVC points sufficient to stay at the Ritz Carlton Club Aspen Highlands for approximately twenty percent of what it costs Ritz Carlton Aspen Owners, who paid $200-400k for substantially similar rights and benefits.

## II.     JURISDICTION AND VENUE

11.     This action was filed in the District Court of Colorado, Pitkin County which had jurisdiction over the subject matter at issue because this is a civil action for damages and/or equitable relief.   Colo. Const. Art. VI, § 9(1). Defendants MVW, MVCI, RC Management, Cobalt, and The Lion & Crown Travel Co., LLC removed the action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332, 1446 and 1453.

12.     Venue is proper as the case was removed from the District Court of Pitkin County, Colorado and the District Court of Pitkin County, Colorado is in the District of Colorado. 28 U.S.C. § 28. The case was thus properly removed to this Court. 28 U.S.C. §§ 1441(a).

### III.   PARTIES

#### A.     Plaintiffs

13.     The following are Plaintiffs:

a)     Plaintiff **RCHFU, LLC** is organized under the laws of Colorado. Its only members, Jennifer Kaplan and Alexander H. Busansky, are citizens of California. Pursuant to a uniform Purchase Contract Ms. Kaplan and Mr. Busansky signed in 2003, they paid $218,500 to the seller Ritz Carlton Development Company and obtained title to Residence Interest No. 12 consisting of an undivided 1/12 interest in Residence No. 8314 of Aspen Highlands Condominiums, according to the Declaration of Condominium for Aspen Highlands Condominiums, recorded January 11, 2001, Reception No. 450454 (referred to herein as "Aspen Highlands Condominiums" or "Ritz Aspen Highlands").Pursuant to an Assignment of Claims, Ms. Kaplan and Mr. Busansky transferred all of their claims and all interests in claims arising out of ownership or under the Purchase Contract or otherwise and pertaining to the undivided 1/12 interest in Residence Unit No. 8314 at the Ritz Aspen Highlands to RCHFU, LLC.

b)     Plaintiffs **Jeffrey A. Bayer** and **Gail L. Bayer** (collectively, the "Bayer Plaintiffs") are citizens of the State of Alabama. Pursuant to a uniform Purchase Contract signed in 2001, the Bayer Plaintiffs paid $180,000.00 to the seller Ritz Carlton Development Company,

and obtained title to Residence Interest No. 9 consisting of an undivided 1/12 interest in Residence No. 8308 of the Aspen Highlands Condominiums.

c)      Plaintiff **Robert Buzzetti** is a citizen of the State of Florida. Pursuant to a uniform Purchase Contract signed in 2002, Mr. Buzzetti paid $320,000.00 to the seller Ritz Carlton Development Company, and obtained title to Residence Interest No. 4 consisting of an undivided 1/12 interest in Residence No. 8203 of the Aspen Highlands Condominiums.

d)      Plaintiff **Julie C. Canner** is a citizen of the State of Michigan. Pursuant to a uniform Purchase Contract signed in 2001, Ms. Canner paid $170,000.00 to the seller Ritz Carlton Development Company, and obtained title to Residence Interest No. 13 consisting of an undivided 1/12 interest in Residence No. 8402 of the Aspen Highlands Condominiums.

e)      Plaintiffs **Lee James Chimerakis** and **Theresa Ann Chimerakis** (collectively, the "Chimerakis Plaintiffs") are citizens of the State of Florida. In 2008, the Chimerakis Plaintiffs paid $310,000.00 to the seller Sharon A. Held and Ian C. Hague, and obtained title to Residence Interest No. 5 consisting of an undivided 1/12 interest in Residence No. 2405 of the Aspen Highlands Condominiums.

f)      Plaintiffs **Kevin Clare** and **Nancy Lynne Shute** (collectively, the "Clare Plaintiffs") are citizens of the State of California. In 2005, the Clare Plaintiffs paid $266,000.00 to the seller Thomas E. Noel and Geraldine B. Noel, and obtained title to Residence Interest No. 5 consisting of an undivided 1/12 interest in Residence No. 2206 of the Aspen Highlands Condominiums.

g)      Plaintiffs **Toby L. Cone Trustee** is a citizen of the State of Connecticut and Trustee of the **Toby L. Cone Trust** (collectively, the "Cone Plaintiffs"). Pursuant to a uniform

Purchase Contract signed in 2003, the Cone Plaintiffs paid $220,000.00 to the seller Ritz Carlton Development Company, and obtained title to Residence Interest No. 10 consisting of an undivided 1/12 interest in Residence No. 8406 of the Aspen Highlands Condominiums.

h)      Plaintiffs **Richard Davis** and **Shirley J. Davis** (collectively, the "Davis Plaintiffs") are citizens of the State of Texas. Pursuant to a uniform Purchase Contract signed in 2002, the Davis Plaintiffs paid $290,000.00 to the seller Ritz Carlton Development Company, and obtained title to Residence Unit No. 10 consisting of an undivided 1/12 interest in Residence No. 8105 of the Aspen Highlands Condominiums.

i)      Plaintiff **Carl Eichstaedt, III** is a citizen of the State of California Pursuant to a uniform Purchase Contract signed in 2004, the Eichstaedt Plaintiff paid $238,000.00 to the seller Ritz Carlton Development Company, and obtained title to Residence Unit No. 7 consisting of an undivided 1/12 interest in Residence No. 2204 of the Aspen Highlands Condominiums.

j)      Plaintiffs **James Richard Farquhar** and **Jennifer Lucille Farquhar** are citizens of Australia. Pursuant to a uniform Purchase Contract signed in 2008, the Farquhar Plaintiffs paid $210,000.00 to the seller Ritz Carlton Development Company, and obtained title to Residence Unit No. 5 consisting of an undivided 1/12 interest in Residence No. 2302 of the Aspen Highlands Condominiums.

k)      Plaintiff **Larry Koppleman** is a citizen of the State of California and Trustee of the **Koppleman Family Trust** (collectively, the "Koppleman Plaintiffs"). Pursuant to a uniform Purchase Contract signed in 2001, the Koppleman Plaintiffs paid $310,000.00 to the seller Ritz Carlton Development Company and obtained title to Residence Unit No. 6 consisting of an undivided 1/12 interest in Residence No. 8205 of the Aspen Highlands Condominiums.

l)       Additionally, pursuant to a uniform Purchase Contract signed in 2001, **the Koppleman Plaintiffs** paid $171,000.00 to the seller Ritz Carlton Development Company and obtained title to Residence Unit No. 1 consisting of an undivided 1/12 interest in Residence No. 8404 of the Aspen Highlands Condominiums.

m)      Additionally, pursuant to a uniform Purchase Contract signed in 2002, **the Koppleman Plaintiffs** paid $295,000.00 to the seller Ritz Carlton Development Company and obtained title to Residence Unit No. 2 consisting of an undivided 1/12 interest in Residence No. 8305 of the Aspen Highlands Condominiums.

n)      Plaintiffs **David Lancashire** and **Stephen Andrews** (collectively, "Lancashire/Andrews") are citizens of the State of Texas. Pursuant to a uniform Purchase Contract signed in 2003, Lancashire/Andrews paid $200,000 to the seller Ritz Carlton Development Company and obtained title to Residence Unit No. 6 consisting of an undivided 1/12 interest in Residence No. 8403 of the Aspen Highlands Condominiums.

o)      Plaintiff **David Lancashire** is a citizen of the State of Texas. Pursuant to a uniform Purchase Contract signed in 2008, Mr. Lancashire paid $230,000 to the seller Ritz Carlton Development Company and obtained title to Residence Unit No. 4 consisting of an undivided 1/12 interest in Residence No. 8105 of the Aspen Highlands Condominiums.

p)      Plaintiff **Bonnie Likover** is a citizen of the State of Texas. In 2008, Ms. Likover paid $173,500.00 to the seller Jonathan E. Kagan and obtained title to Residence Interest No. 12 consisting of an undivided 1/12 interest in Residence No. 8202 of the Aspen Highlands Condominiums.

q)      Plaintiff **Craig Lipton** is a citizen of the State of California. In 2007, Mr. Lipton paid $180,000.00 to the seller Linda Rozynes, and obtained title to Residence Interest No. 7 consisting of an undivided 1/12 interest in Residence No. 8311 of the Aspen Highlands Condominiums.

r)      Plaintiffs **Jeremy Lowell, D.D.S.** and **Lori Lowell** (collectively, the "Lowell Plaintiffs") are citizens of the State of Colorado. Pursuant to a uniform Purchase Contract signed in 2005, the Lowell Plaintiffs paid $250,000.00 to the seller Ritz Carlton Development Company, and obtained title to Residence Interest No. 9 consisting of an undivided 1/12 interest in Residence No. 2204 of the Aspen Highlands Condominiums.

s)      Plaintiffs **Edward P. Meyerson** and **Andrea C. Meyerson** (collectively, the "Meyerson Plaintiffs") are citizens of the State of Alabama. In 2004, the Meyerson Plaintiffs paid $234,000.00 to the seller Jordan Grabel and Victoria Grabel, and obtained title to Residence Interest No. 12 consisting of an undivided 1/12 interest in Residence No. 8302 of the Aspen Highlands Condominiums.

t)      Plaintiffs **Jerry M. Nowell** and **Dee Ann Davis Nowell** are citizens of the State of Arizona and as Trustees of the **Jerry M. Nowell Trust** and the **Dee Ann Davis Nowell Trust**, respectively (collectively, the "Nowell Plaintiffs"). Pursuant to a uniform Purchase Contract signed in 2004, the Nowell Plaintiffs paid $210,000.00 to the seller Ritz Carlton Development Company, and obtained title to Residence Interest No. 10 consisting of an undivided 1/12 interest in Residence No. 8106 of the Aspen Highlands Condominiums.

u)      Plaintiff **Thomas M. Prose, M.D.** is a citizen of the State of Michigan and Trustee of the **Thomas M. Prose Revocable Living Trust**, (collectively, the "Prose Plaintiffs").

Pursuant to a uniform Purchase Contract signed in 2008, the Prose Plaintiffs paid $369,000.00 to the seller Ritz Carlton Development Company, and obtained title to two undivided 1/12 interests in Residence No. 2401 of the Aspen Highlands Condominiums. The interests are described in weeks. Additionally, pursuant to a uniform Purchase Contract signed in 2009, the **Prose Plaintiffs** paid $120,650.00 to the seller Ritz Carlton Development Company, and obtained title to an undivided 1/12 interest in Residence No. 2304 of the Aspen Highlands Condominiums. The interest is described in weeks.

v)      Plaintiffs **Case M. Rogers** and **Courtney S. Rogers** are citizens of the State of North Carolina. Pursuant to a uniform Purchase Contract signed in 2003, the Rogers Plaintiffs paid $220,000.00 to the seller Ritz Carlton Development Company, and obtained title to Residence Interest No. 4 consisting of an undivided 1/12 interest in Residence No. 8106 of the Aspen Highlands Condominiums.

w)      Plaintiff **Robert A. Sklar** is a citizen of the State of Michigan and Trustee of the **Robert A. Sklar Trust** (collectively, the "Sklar Plaintiffs"). In 2012, Mr. Sklar paid $80,000.00 to the seller Gregory R. Nelson and Barbara L. Nelson, Trustees of the Nelson Revocable Declaration Of Trust, and obtained title to Residence Interest No. 10 consisting of an undivided 1/12 interest in Residence No. 8204 of the Aspen Highlands Condominiums.

x)      Plaintiffs **C. Richard Stasney** and **Susan P. Stasney** (collectively, the "Stasney Plaintiffs") are citizens of the State of Texas. Pursuant to a uniform Purchase Contract signed in 2001, the Stasney Plaintiffs paid $300,000.00 to the seller Ritz Carlton Development Company and obtained title to Residence Interest No. 11 consisting of an undivided 1/12 interest in Residence No. 8205 of Aspen Highlands Condominiums.

y)      In 2011, **C. Richard Stasney** paid $261,000.00 to the sellers Benvenuto Residential Revocable Trust, as to an undivided 50% interest and DRE, Inc., as to an undivided 50% interest and obtained title to an undivided 1/12 interest in Residence No. 2305 of the Aspen Highlands Condominiums. The interest is described in weeks.

z)      Plaintiff **TSE LLC,** is a Colorado limited liability company, in good standing. Thomas Engelman is a citizen of the State of Colorado and a manager and member. In 2013, TSE Holding, LLC paid $11,000.00 on the secondary market to purchase and obtain title of an undivided 1/12 interest in Residence No. 2304 of the Aspen Highlands Condominiums. The interest is described in weeks.

aa)      Plaintiffs **Stephen Weinstein** and **Brenda Weinstein** (collectively, the "Weinstein Plaintiffs") are citizens of the State of Florida. In 2005, the Weinstein Plaintiffs paid $227,000.00 to the seller David L. Helfet and Mary B. Helfet and obtained title to Residence Interest No. 11 consisting of an undivided 1/12 interest in Residence No. 8314 of Aspen Highlands Condominiums.

bb)      Plaintiff **Jack Zemer** is a citizen of the State of California. Pursuant to a uniform Purchase Contract signed in 2001, Mr. Zemer paid $230,000.00 to the seller Ritz Carlton Development Company, and obtained title to Residence Interest No. 11 consisting of an undivided 1/12 interest in Residence No. 8405 of Aspen Highlands Condominiums.

cc)      Plaintiffs **Jeffrey L. Bernstein** and **Amy S. Bernstein** are citizens of the State of California. Pursuant to a uniform Purchase Contract signed in 2006, the Bernstein Plaintiffs paid $275,000.00 to the seller Ritz Carlton Development Company, and obtained title to Residence

Interest No. 5 consisting of an undivided 1/12 interest in Residence No. 8106 of Aspen Highlands Condominiums.

dd)     Plaintiffs **Christopher Branoff** and **Kimberley Branoff** are citizens of the State of Florida. Pursuant to a uniform Purchase Contract signed in 2003, the Branoff Plaintiffs paid $230,000.00 to the seller Ritz Carlton Development Company, and obtained title to Residence Interest No. 3 consisting of an undivided 1/12 interest in Residence No. 8410 of Aspen Highlands Condominiums.

ee)     Plaintiffs **Richard Louis Levengood** and **Lynda Overly Levengood** are citizens of the State of Pennsylvania. Pursuant to a uniform Purchase Contract signed in 2006, the Levengood Plaintiffs paid $435,000.00 to the seller Ritz Carlton Development Company, and obtained title to Residence Interest No. 1 consisting of an undivided 1/12 interest in Residence No. 2407 of Aspen Highlands Condominiums.

ff)     Plaintiffs **Fred H. Friedman** and **Brenda C. Friedman** are citizens of the State of Alabama. Pursuant to a uniform Purchase Contract signed in 2003, the Friedman Plaintiffs paid $200,000.00 to the seller Ritz Carlton Development Company, and obtained title to Residence Interest No. 8 consisting of an undivided 1/12 interest in Residence No. 8215 of Aspen Highlands Condominiums.

gg)     Plaintiff **Benje R. Daniel, Jr., DDS, MS, PA is a** citizen of the State of Texas. Pursuant to a uniform Purchase Contract signed in 2005, Mr. Daniel paid $351,000.00 to the seller Ritz Carlton Development Company, and obtained title to Residence Unit No. 5 consisting of an undivided 1/12 interest in Residence No. 8203 of Aspen Highlands Condominiums.

hh)     Plaintiffs **David R. Jones** and **Cheryl M. Jones** are citizens of the State of Texas and Trustees of the **R. David & Cheryl M. Jones Revocable Living Trust** (collectively, the "Jones Plaintiffs"). Pursuant to a uniform Purchase Contract signed in 2003, Mr. and Mrs. Jones paid $230,000.00 to the seller Ritz Carlton Development Company, and obtained title to Residence Interest No. 8 consisting of an undivided 1/12 interest in Residence No. 8415 of the Aspen Highlands Condominiums.

ii)     Plaintiff **Lily Ann Friedman** is a citizen of the State of Ohio. Pursuant to a uniform Purchase Contract signed in 2001, Ms. Friedman paid $270,000.00 to the seller Ritz Carlton Development Company, and obtained title to Residence Interest No. 7 consisting of an undivided 1/12 interest in Residence No. 8315 of the Aspen Highlands Condominiums.

jj)     Plaintiff **831 701 Ontario**, is a Canadian Corporation. Ron Ennis is a citizen of Canada and President of 831 701 Ontario. Pursuant to a uniform Purchase Contract signed in 2004, **831 701 Ontario** paid $180,000.00 to seller Pitkin County Exchange Holdings of Aspen, LLC and obtain title to Residence Interest No. 2 of an undivided 1/12 interest in Residence No. 8415 of the Aspen Highlands Condominiums.

kk)     Plaintiffs **Garry R. Kimball** and **Catherine G.C. Kimball** are citizens of the State of Texas. Pursuant to a uniform Purchase Contract signed in 2001, the Kimball Plaintiffs paid $180,000.00 to the seller Ritz Carlton Development Company, and obtained title to Residence Interest No. 10 consisting of an undivided 1/12 interest in Residence No. 8104 of Aspen Highlands Condominiums.

ll)     Plaintiff **David Friedman** is a citizen of the State of Michigan. In 2005, Mr. Friedman paid $245,000.00 to the seller Scott C. Brittingham Trust, and obtained title to

Residence Interest No. 5 consisting of an undivided 1/12 interest in Residence No. 8304 of Aspen Highlands Condominiums.

mm)     Plaintiffs **Michael G. Robinson** and **Caroline Robinson** are citizens of the State of Texas. Pursuant to a uniform Purchase Contract signed in 2001, the Robinson Plaintiffs paid $250,000.00 to the seller Ritz Carlton Development Company and obtained title to Residence Unit No. 12 consisting of an undivided 1/12 interest in Residence No. 8306 of the Aspen Highlands Condominiums. Additionally, pursuant to a uniform Purchase Contract signed in 2009, the **Robinson Plaintiffs** paid $139,000.00 to the seller Ritz Carlton Development Company and obtained title to Residence Unit No. 12 consisting of an undivided 1/12 interest in Residence No. 8410 of the Aspen Highlands Condominiums.

nn)     Plaintiff **Hammer Family Limited Partnership** for benefit of **Robert Hammer, Renee Hammer, Barry Hammer and Jeffrey Hammer is an Illinois partnership**. Pursuant to a uniform Purchase Contract signed in 2002, Mr. Hammer paid $190,000.00 to seller Ritz Carlton Development Company Inc. and obtain title to Residence Interest No. 9 of an undivided 1/12 interest in Residence No. 8202 of the Aspen Highlands Condominiums.

oo)     Plaintiff **8202 RCC Aspen Highlands, LLC** is a Texas limited liability company, in good standing. **John S. Rubin and Margaret Rubin** are citizens of the State of Texas. Pursuant to a uniform Purchase Contract signed in 2001, the Rubin Plaintiffs paid $250,000.00 to the seller Ritz Carlton Development Company and obtained title to Residence Unit No. 8 consisting of an undivided 1/12 interest in Residence No. 8208 of the Aspen Highlands Condominiums.

pp)     Plaintiffs **Carl Andrew Rudella** and **Tammiejo Rudella** are citizens of the State of Florida. Pursuant to a uniform Purchase Contract signed in 2005, the Rudella Plaintiffs paid $180,000.00 to the seller Ritz Carlton Development Company and obtained title to Residence Unit No. 20 consisting of an undivided 1/12 interest in Residence No. 8411 of the Aspen Highlands Condominiums.

qq)     Plaintiff **Robert Kaufmann** is a citizen of the State of Georgia. Pursuant to a uniform Purchase Contract signed in 2004, Mr. Kaufmann paid $240,000.00 to the seller Ritz Carlton Development Company, and obtained title to Residence Interest No. 8 consisting of an undivided 1/12 interest in Residence No. 2204 of Aspen Highlands Condominiums.

rr)     Plaintiff **David S. Israel** is citizen of the State of Illinois and is Trustee of the **David S. Israel Trust**. In 2008, Mr. Israel paid $185,000.00 to the sellers Glenn H. Clements and Michele M. Clements, and obtained title to Residence Interest No. 7 consisting of an undivided 1/12 interest in Residence No. 2306 of the Aspen Highlands Condominiums.

ss)     Plaintiff **J & B Woods Family Associates, LLC** is a New York limited liability company, in good standing. Pursuant to a uniform Purchase Contract signed in 2002, Mr. Woods (James Woods and his wife Barbara Woods, as individuals, originally purchased unit, later transferring ownership to J & B Wood Family Associates, LLC) paid $260,000.00 to the seller Ritz Carlton Development Company, and obtained title to Residence Interest No. 3 consisting of an undivided 1/12 interest in Residence No. 8104 of Aspen Highlands Condominiums.

tt)     Plaintiffs **Michael P. Pacin** and **Amy D. Ronner** are citizens of the State of Florida. Pursuant to a uniform Purchase Contract signed in 2007, the Pacin/Ronner Plaintiffs paid $225,000.00 to the seller Ritz Carlton Development Company and obtained title to   an

undivided 1/12 interest in Residence No. 2408 of the Aspen Highlands Condominiums. The interest is described in weeks.

uu)    Plaintiffs **Bruce E. Reid** and **Rosemary W. Reid** are citizens of the State of Florida. Pursuant to a uniform Purchase Contract signed in 2002, the Reid Plaintiffs paid $200,000.00 to the seller Ritz Carlton Development Company and obtained title to Residence Unit No. 5 consisting of an undivided 1/12 interest in Residence No. 8202 of the Aspen Highlands Condominiums.

vv)    Plaintiff **Charles F. A. McCluer, III, P.A.** is a Texas corporation, in good standing. Charles McCluer and Carol McCluer are citizens of the State of Texas. Pursuant to a uniform Purchase Contract signed in 2004, the McCluer Plaintiffs paid $254,000.00 to the seller Ritz Carlton Development Company and obtained title to Residence Unit No. 8 consisting of an undivided 1/12 interest in Residence No. 2306 of the Aspen Highlands Condominiums.

ww)    Plaintiffs **Frank R. Vogl** and **Emily Vogl** are citizens of the District of Columbia. Pursuant to a uniform Purchase Contract signed in 2004, the Vogl Plaintiffs paid $350,000.00 to the seller Ritz Carlton Development Company and obtained title to Residence Unit No. 6 consisting of an undivided 1/12 interest in Residence No. 2203 of the Aspen Highlands Condominiums.

xx)    Plaintiff **Levy Ventures Limited Partnership** for the benefit of Elliot Levy is a Florida partnership. Pursuant to a uniform Purchase Contract signed in 2002, the Levy Plaintiff paid $174,500.00 to the seller Arnold S. Wood and obtained title to Residence Unit No. 8 consisting of an undivided 1/12 interest in Residence No. 8409 of the Aspen Highlands Condominiums.

yy)     Plaintiff **DRE, Inc.** is an Illinois corporation, in good standing. **Dennis Egidi** is a citizen of the State of Illinois. Pursuant to a uniform Purchase Contract signed in 2005, Egidi Plaintiff paid $320,000.00 to the sellers Robert E. Walsh and Patricia M. Westcott and obtained title to Residence Unit No. 6 consisting of an undivided 1/12 interest in Residence No. 8410 of the Aspen Highlands Condominiums. Additionally, pursuant to a uniform Purchase Contract signed in 2005, Egidi Plaintiff paid $266,600.00 to the seller Ritz Carlton Development Company and obtained title to Residence Unit No. 1 consisting of an undivided 1/12 interest in Residence No. 8401 of the Aspen Highlands Condominiums. Additionally, pursuant to a uniform Purchase Contract signed in 2005, Egidi Plaintiff paid $145,000.00 to the seller Ritz Carlton Development Company and obtained title to an undivided 1/12 interest in Residence No. 2408 of the Aspen Highlands Condominiums. The interest is described in weeks. Additionally, pursuant to a uniform Purchase Contract signed in 2006, Egidi Plaintiff paid $265,000.00 to the seller Ritz Carlton Development Company and obtained title to an undivided 1/12 interest in Residence No. 2401 of the Aspen Highlands Condominiums. The interest is described in weeks.

zz)     Plaintiffs **Robert C. Hubbell** and **Jan H. Hubbell** are citizens of the State of Colorado. Pursuant to a uniform Purchase Contract signed in 2001, the Hubbell Plaintiffs paid $180,000.00 to the seller Ritz Carlton Development Company and obtained title to Residence Unit No. 6 consisting of an undivided 1/12 interest in Residence No. 8404 of the Aspen Highlands Condominiums.

aaa)    Plaintiff **David Schaecter** is a citizen of the State of Florida. Pursuant to a uniform Purchase Contract signed in 2001, Schaecter Plaintiff paid $160,000.00 to the seller Ritz

Carlton Development Company and obtained title to Residence Unit No. 24 consisting of an undivided 1/12 interest in Residence No. 8402 of the Aspen Highlands Condominiums.

bbb)     Plaintiffs **Vladimir Malakhova** and **Ludmila Malakhova** are citizens of the State of Florida. Pursuant to a uniform Purchase Contract signed in 2005, the Malakhova Plaintiffs paid $290,000.00 to the seller Ritz Carlton Development Company and obtained title to Residence Unit No. 5 consisting of an undivided 1/12 interest in Residence No. 2205 of the Aspen Highlands Condominiums. Additionally, pursuant to a uniform Purchase Contract signed in 2006, the Malakhova Plaintiffs paid $385,000.00 to the seller Ritz Carlton Development Company and obtained title to an undivided 1/12 interest in Residence No. 2305 of the Aspen Highlands Condominiums. The interest is described in weeks.

ccc)     Plaintiff **El Paso Asset Management, LLC** is an Alaska limited liability company, in good standing. **Bruce Michael Bridewell** is a citizen of the State of Florida. Pursuant to a uniform Purchase Contract signed in 2003, Bruce Michael Bridewell (deeded to El Paso Asset Management, LLC in 2010) paid $180,000.00 to the seller Ritz Carlton Development Company and obtained title to Residence Unit No. 6 consisting of an undivided 1/12 interest in Residence No. 8408 of the Aspen Highlands Condominiums.

ddd)     Plaintiffs **Samuel H. Pepkowitz** and **Roberta A. Pepkowitz** are a citizens of the State of California and Trustees of the **Pepkowitz Trust** (collectively, the "Pepkowitz Plaintiffs"). Pursuant to a uniform Purchase Contract signed in 2006, Samuel Herschel Pepkowitz and Roberta Ann Pepkowitz (deeded to Pepkowitz Trust in 2003) paid $190,000.00 to the seller Ritz Carlton Development Company and obtained title to Residence Unit No. 23

consisting of an undivided 1/12 interest in Residence No. 8411 of the Aspen Highlands Condominiums.

eee)   Plaintiff **JH Capital Corporation** is a voluntary dissolved Florida corporation. **Joe Hassan** is a citizen of the State of Florida. Pursuant to a uniform Purchase Contract signed in 2001, Hassan Plaintiff paid $440,000.00 to the seller Ritz Carlton Development Company and obtained title to Residence Unit No. 8 consisting of an undivided 1/12 interest in Residence No. 4301 of the Aspen Highlands Condominiums.

fff)   Plaintiffs **David S. Blacher** and **Constance H. Blacher** are citizens of the State of Florida. Pursuant to a uniform Purchase Contract signed in 2003, the Blacher Plaintiffs paid $230,000.00 to the seller Margie H. Bach and obtained title to Residence Unit No. 9 consisting of an undivided 1/12 interest in Residence No. 8415 of the Aspen Highlands Condominiums.

ggg)   Plaintiffs **Bryan J. Hawkins** and **Laura A. Hawkins** are citizens of the State of Oklahoma. Pursuant to a uniform Purchase Contract signed in 2002, the Hawkins Plaintiffs paid $300,000.00 to the seller Ritz Carlton Development Company and obtained title to Residence Unit No. 3 consisting of an undivided 1/12 interest in Residence No. 8315 of the Aspen Highlands Condominiums.

hhh)   Plaintiff **Bruce Nesbitt** is a citizen of the State of Illinois and Trustee of the **Bruce Nesbitt Revocable Trust** (collectively the "Nestbitt Plaintiff"). Pursuant to a uniform Purchase Contract signed in 2001, Bruce M. Nesbitt and Elizabeth W. Nesbitt (deeded to the Bruce Nesbitt Revocable Trust in 2005) paid $230,000.00 to the seller Ritz Carlton Development Company and obtained title to Residence Unit No. 3 consisting of an undivided 1/12 interest in Residence No. 8401 of the Aspen Highlands Condominiums.

22

iii)      Plaintiff **Monica M. Campanella** is a citizen of the State of New York and Trustee of the **Le Befana Trust** (collectively, the "Campanella Plaintiff"). Pursuant to a uniform Purchase Contract signed in 2006, the Campanella Plaintiff paid $405,000.00 to the seller Ritz Carlton Development Company and obtained title to Residence Unit No. 1 consisting of an undivided 1/12 interest in Residence No. 2203 of the Aspen Highlands Condominiums.

jjj)      Plaintiff **Reeta G. Casey** is a citizen of the Florida and Trustee of the **Reeta G. Casey Revocable Living Trust** (collectively, the "Casey Plaintiff"). Pursuant to a uniform Purchase Contract signed in 2008, the Casey Plaintiff paid $165,000.00 to the seller Double B Aspen, LLC, a Texas limited liability company and obtained title to Residence Unit No. 12 consisting of an undivided 1/12 interest in Residence No. 8415 of the Aspen Highlands Condominiums.

kkk)      Plaintiffs **Anthony F. Prinster** and **Sally L.  Prinster** are citizens of the State of Colorado. Pursuant to a uniform Purchase Contract signed in 2001, the Prinster Plaintiffs paid $270,000.00 to the seller Ritz Carlton Development Company and obtained title to Residence Unit No. 11 consisting of an undivided 1/12 interest in Residence No. 8301 of the Aspen Highlands Condominiums.

lll)      Plaintiff **Kevin E. Grant** is a citizen of the Commonwealth of Massachusetts. Pursuant to a uniform Purchase Contract signed in 2010, Grant Plaintiff paid $90,000.00 to the seller Howard (John) Leonhardt and obtained title to Residence Unit No. 3 consisting of an undivided 1/12 interest in Residence No. 8415 of the Aspen Highlands Condominiums.

mmm)  Plaintiffs **Gilbert P. Gradinger** and **Sally A.  Gradinger** are citizens of the State of California and Trustees of **The Gilbert and Sally Gradinger 2001 Revocable Trust**

(collectively "Gradinger Plaintiffs"). Pursuant to a uniform Purchase Contract signed in 2002, Gilbert P. Gradinger and Sally A.  Gradinger (deeded to The Gilbert and Sally Gradinger 2001 Revocable Trust in 2011) paid $290,000.00 to the seller Ritz Carlton Development Company and obtained title to Residence Unit No. 10 consisting of an undivided 1/12 interest in Residence No. 8315 of the Aspen Highlands Condominiums.

      nnn)    Plaintiffs **Jeffrey Rappin** and **Penny Brown** are citizens of the State of Illinois. Pursuant to a uniform Purchase Contract signed in 2004, the Rappin Plaintiffs paid $225,000.00 to the seller Nicholas Wayne and Danielle R. Wayne and obtained title to Residence Unit No. 8 consisting of an undivided 1/12 interest in Residence No. 8314 of the Aspen Highlands Condominiums. Additionally, pursuant to a uniform Purchase Contract signed in 2009, the Rappin Plaintiffs paid $285,000.00 to the seller Ritz Carlton Development Company and obtained title to Residence Unit No. 6  consisting of an undivided 1/12 interest in Residence No. 8211 of the Aspen Highlands Condominiums.

      ooo)    Plaintiff **Milan Randic** is a citizen of the State of Iowa and Trustee of the **Milan Randic Trust**. Plaintiff **Mirjana Randic** is a citizen of the State of Iowa and Trustee of the **Mirjana Randic Trust** (collectively, the "Randic Plaintiffs"). Pursuant to a uniform Purchase Contract signed in 2001, the Randic Plaintiffs paid $290,000.00 to the seller Ritz Carlton Development Company, and obtained title to Residence Interest No. 3 consisting of an undivided 1/12 interest in Residence No. 8303 of the Aspen Highlands Condominiums.

      ppp)    Plaintiffs **Charles B. Buchanan** and **Charlotte S. Buchanan** are citizens of the State of New York. Pursuant to a uniform Purchase Contract signed in 2001, the Buchanan Plaintiffs paid $190,000.00 to the seller Ritz Carlton Development Company and obtained title to

Residence Unit No. 3 consisting of an undivided 1/12 interest in Residence No. 8304 of the Aspen Highlands Condominiums.

qqq)   Plaintiff **Annette Kalcheim** is a citizen of the State of Illinois and Trustee of the **Annette Kalcheim Trust**. Pursuant to a uniform Purchase Contract signed in 2003, the Kalcheim Plaintiff paid $240,000.00 to the seller Ritz Carlton Development Company, and obtained title to Residence Interest No. 3 consisting of an undivided 1/12 interest in Residence No. 8306 of the Aspen Highlands Condominiums.

rrr)   Plaintiff **Mindy Wexler** is a citizen of the State of Minnesota and Trustee of the **Mindy R. Wexler Revocable Trust**. Pursuant to a uniform Purchase Contract signed in 2009, Mindy Wexler (deeded to the Mindy R. Wexler Revocable Trust in 2011) paid $117,500.00 to the seller Ritz Carlton Development Company, and obtained title to Residence Interest No. 12 consisting of an undivided 1/12 interest in Residence No. 8403 of the Aspen Highlands Condominiums.

sss)   Plaintiffs **John Bergstrom, Norman C. Creech** and **Susan S. Creech** are citizens of the State of Colorado (collectively "Bergstrom Plaintiffs"). Pursuant to a uniform Purchase Contract signed in 2004, the Bergstrom Plaintiffs paid $210,000.00 to the seller Ritz Carlton Development Company and obtained title to Residence Unit No. 7 consisting of an undivided 1/12 interest in Residence No. 2202 of the Aspen Highlands Condominiums.

ttt)   Plaintiffs **John E. Blanchard**, **Jennifer Blanchard**, **Robert Blanchard** and **Ellen Blanchard** are citizens of the State of Florida. Pursuant to a uniform Purchase Contract signed in 2007, the Blanchard Plaintiffs paid $285,000.00 to the seller Ritz Carlton Development

Company and obtained title to Residence Unit No. 11 consisting of an undivided 1/12 interest in Residence No. 2208 of the Aspen Highlands Condominiums.

uuu)   Plaintiff **Louise B. Hoversten** is a citizen of the State of Colorado. Pursuant to a uniform Purchase Contract signed in 2002, Phillip E. Hoversten and Louise B. Hoversten (deeded to Louise B. Hoversten in 2004) paid $250,000.00 to the seller Ritz Carlton Development Company and obtained title to Residence Unit No. 4 consisting of an undivided 1/12 interest in Residence No. 8314 of the Aspen Highlands Condominiums.

vvv)   Plaintiffs **Howard A. Simon** and **Elizabeth M. Simon** are citizens of the State of Illinois. Pursuant to a uniform Purchase Contract signed in 2011, the Simon Plaintiffs paid $117,000.00 to the seller Taylor Capital Ventures, LP, a Mississippi limited partnership, and obtained title to Residence Unit No. 11 consisting of an undivided 1/12 interest in Residence No. 8206 of the Aspen Highlands Condominiums.

www)   Plaintiffs **Gary S. Chavin** and **Pat A. Chavin** are citizens of the State of Illinois. Pursuant to a uniform Purchase Contract signed in 2001, the Chavin Plaintiffs paid $180,000.00 to the seller Ritz Carlton Development Company and obtained title to Residence Unit No. 2 consisting of an undivided 1/12 interest in Residence No. 8404 of the Aspen Highlands Condominiums.

xxx)   Plaintiff **Greg Jacobson** is a citizen of the State of California. Pursuant to a uniform Purchase Contract signed in 2008, the Jacobson Plaintiff paid $220,000.00 to the sellers Richard S. Ost and Beth Ost, and obtained title to Residence Unit No. 1 consisting of an undivided 1/12 interest in Residence No. 8314 of the Aspen Highlands Condominiums.

yyy)    Plaintiffs **Douglas Kadison** and **Carol Kadison** are citizens of the State of Texas. Pursuant to a uniform Purchase Contract signed in 2001, the Kadison Plaintiffs paid $260,000.00 to the seller Ritz Carlton Development Company and obtained title to Residence Unit No. 7 consisting of an undivided 1/12 interest in Residence No. 8208 of the Aspen Highlands Condominiums.

zzz)    Plaintiff **Joseph Fryzer** is citizen of the State of California. Pursuant to a uniform Purchase Contract signed in 2003, the Fryzer Plaintiff paid $250,000.00 to the seller Ritz Carlton Development Company and obtained title to Residence Unit No. 6 consisting of an undivided 1/12 interest in Residence No. 8216 of the Aspen Highlands Condominiums.

aaaa)    Plaintiff **Danny V. Lackey** is a citizen of the State of North Carolina and Trustee of the **Danny V. Lackey Living Trust**. Plaintiff **Nancy L. Lackey** is a citizen of the State of North Carolina and Trustee of the **Nancy L. Lackey Living Trust** (collectively, the "Lackey Plaintiffs"). Pursuant to a uniform Purchase Contract signed in 2006, the Lackey Plaintiffs paid $257,000.00 to the seller Ritz Carlton Development Company, and obtained title to Residence Interest No. 10 consisting of an undivided 1/12 interest in Residence No. 2205 of the Aspen Highlands Condominiums.

bbbb)    Plaintiffs **H.M. Palm** and **Margaret Palm** are citizens of the State of Texas. Pursuant to a uniform Purchase Contract signed in 2003, the Palm Plaintiffs paid $220,000.00 to the seller Ritz Carlton Development Company and obtained title to Residence Unit No. 8 consisting of an undivided 1/12 interest in Residence No. 8311 of the Aspen Highlands Condominiums.

cccc)   Plaintiffs **Paul C. Rosenthal** and **Carla P. Rosenthal** are citizens of the State of Maryland. Pursuant to a uniform Purchase Contract signed in 2007, the Rosenthal Plaintiffs paid $235,000.00 to the sellers Peter N. Louras, Jr. and Mary M. Louras, Trustees of the Peter and Mary Louras Trust, a California Trust, and obtained title to Residence Unit No. 12 consisting of an undivided 1/12 interest in Residence No. 8308 of the Aspen Highlands Condominiums. Additionally, pursuant to a uniform Purchase Contract signed in 2009, the Rosenthal Plaintiffs paid $139,500.00 to the seller Ritz Carlton Development Company and obtained title to Residence Unit No. 9 consisting of an undivided 1/12 interest in Residence No. 8410 of the Aspen Highlands Condominiums. Additionally, pursuant to a uniform Purchase Contract signed in 2012, the Rosenthal Plaintiffs paid $100,000.00 to the sellers Janice Penrose and Chris Penrose and obtained title to Residence Unit No. 11 consisting of an undivided 1/12 interest in Residence No. 8307 of the Aspen Highlands Condominiums.

dddd)   Plaintiffs **David A. Figliulo** and **Lesa A. Figliulo** are citizens of the State of Illinois and Trustees of **The David & Lesa Figliulo Family Revocable Living Trust** (collectively, the "Figliulo Plaintiffs"). Pursuant to a uniform Purchase Contract signed in 2008, David A. Figliulo and Lesa A. Figliulo (deeded to The David & Lesa Figliulo Family Revocable Living Trust in 2015) paid $495,000.00 to the seller Ritz Carlton Development Company, and obtained title to Residence Interest No. 3 consisting of an undivided 1/12 interest in Residence No. 8307 of the Aspen Highlands Condominiums.

eeee)   Plaintiffs **Walter H. Petrie** and **Nancy A. Petrie** are citizens of the State of Maryland. Pursuant to a uniform Purchase Contract signed in 2004, the Petrie Plaintiffs paid $260,000.00 to the seller Ritz Carlton Development Company and obtained title to Residence

Unit No. 4 consisting of an undivided 1/12 interest in Residence No. 8306 of the Aspen Highlands Condominiums.

ffff)    Plaintiffs **Kenneth Tompkins** and **Kimberly Tompkins** are citizens of the State of Virginia. Pursuant to a uniform Purchase Contract signed in 2003, the Tompkins Plaintiffs paid $275,000.00 to the seller Sylvia Beatty and obtained title to Residence Unit No. 4 consisting of an undivided 1/12 interest in Residence No. 8308 of the Aspen Highlands Condominiums.

gggg)    Plaintiff **Barbara L. Palazzolo** is a citizen of the State of Michigan and Trustee of the **Barbara L. Palazzolo Revocable Trust** (collectively, the "Palazzolo Plaintiff"). Pursuant to a uniform Purchase Contract signed in 2003, Sebastian Palazzolo and Barbara Palazzolo, the original purchasers (deeded to the Barbara L. Palazzolo Revocable Trust in 2007)  paid $240,000.00 to the seller Ritz Carlton Development Company, and obtained title to Residence Interest No. 6 consisting of an undivided 1/12 interest in Residence No. 8311 of the Aspen Highlands Condominiums.

hhhh)    Plaintiffs **Dana James Weinkle** and **Susan Holloway Weinkle** are citizens of the State of Florida. Pursuant to a uniform Purchase Contract signed in 2009, the Weinkle Plaintiffs paid $165,000.00 to the seller Lon M. Baronne and Karen G. Baronne and obtained title to Residence Unit No. 5 consisting of an undivided 1/12 interest in Residence No. 2301 of the Aspen Highlands Condominiums.

iiii)    Plaintiffs **Evan Rabinowitz** and **Ami Rabinowitz** are citizens of the State of Florida and Trustees of the **Ami Rabinowitz Trust** (collectively, the "Rabinowitz Plaintiffs"). Pursuant to a uniform Purchase Contract signed in 2006, the Rabinowitz Plaintiffs paid $420,000.00 to the seller Arthur Falcone, Trustee of the Arthur Falcone Revocable Living Trust,

a Florida Trust, and obtained title to Residence Interest No. 2 consisting of an undivided 1/12 interest in Residence No. 8210 of the Aspen Highlands Condominiums.

jjjj)    Plaintiff **Kona, Ltd.** is a Texas limited partnership, in good standing. **Ryan M. Youngblood** is a citizen of the State of Texas and manager of Kona, Ltd. Pursuant to a uniform Purchase Contract signed in 2004, Youngblood Plaintiff paid $295,000.00 to the seller Ritz Carlton Development Company and obtained title to Residence Unit No. 21 consisting of an undivided 1/12 interest in Residence No. 8201 of the Aspen Highlands Condominiums.

kkkk)    Plaintiffs **Steve V. Gurland** and **Caroline I. Gurland** are citizens of the State of Florida. Pursuant to a uniform Purchase Contract signed in 2004, the Gurland Plaintiffs paid $160,000.00 to the seller Ritz Carlton Development Company and obtained title to Residence Unit No. 10 consisting of an undivided 1/12 interest in Residence No. 8404 of the Aspen Highlands Condominiums.

llll)    Plaintiff **Spencer L. Youngblood Family Partnership Ltd.** is a Texas limited partnership, in good standing. **Spencer L. Youngblood** is a citizen of the State of Texas and manager of Spencer L. Youngblood Family Partnership Ltd. Pursuant to a uniform Purchase Contract signed in 2001, Spencer Youngblood Plaintiff paid $230,000.00 to the seller Ritz Carlton Development Company and obtained title to Residence Unit No. 8 consisting of an undivided 1/12 interest in Residence No. 8205 of the Aspen Highlands Condominiums.

mmmm)    Plaintiffs **Kenneth D. Cushman** and **Carol A. Cushman** are citizens of the State of Texas. Pursuant to a uniform Purchase Contract signed in 2001, the Cushman Plaintiffs paid $290,000.00 to the seller Ritz Carlton Development Company and obtained title to

Residence Unit No. 8 consisting of an undivided 1/12 interest in Residence No. 8305 of the Aspen Highlands Condominiums.

nnnn)   Plaintiffs **Dan Moskowitz** and **Wendy Moskowitz** are citizens of the State of New York. Pursuant to a uniform Purchase Contract signed in 2009, the Moskowitz Plaintiffs paid $120,000.00 to the seller Ritz Carlton Development Company and obtained title to Residence Unit No. 10 consisting of an undivided 1/12 interest in Residence No. 2208 of the Aspen Highlands Condominiums.

oooo)   Plaintiffs **Gary Sheldon Kohler** and **Deborah Joy Kohler** are citizens of the State of Minnesota. Pursuant to a uniform Purchase Contract signed in 2011, the Kohler Plaintiffs paid $115,000.00 to the seller Ritz Carlton Development Company and obtained title to Residence Unit No. 12 consisting of an undivided 1/12 interest in Residence No. 8215 of the Aspen Highlands Condominiums.

pppp)   Plaintiffs **Lewis J. Hirsch** and **Gayle Hirsch** are citizens of the State of Illinois. Pursuant to a uniform Purchase Contract signed in 2005, the Hirsch Plaintiffs paid $180,000.00 to the seller 831 701 Ontario Limited, a Canadian corporation, and obtained title to Residence Unit No. 5 consisting of an undivided 1/12 interest in Residence No. 8404 of the Aspen Highlands Condominiums.

qqqq)   Plaintiff **Bradley Properties, LLC** is an Alabama limited liability company, in good standing. **Merrill N. Bradley and Julia H. Bradley** are citizens of the State of Alabama (collectively the "Bradley Plaintiffs"). Pursuant to a uniform Purchase Contract signed in 2002, Merrill N. Bradley and Julia H. Bradley, the original purchasers (deeded to Bradley Properties, LLC in 2004) paid $290,000.00 to the seller Ritz Carlton Development Company and obtained

title to Residence Unit No. 6 consisting of an undivided 1/12 interest in Residence No. 8209 of the Aspen Highlands Condominiums. Additionally, pursuant to a uniform Purchase Contract signed in 2002, Merrill N. Bradley and Julia H. Bradley, the original purchasers (deeded to Bradley Properties, LLC in 2004) paid $265,000.00 to the seller Ritz Carlton Development Company and obtained title to Residence Unit No. 12 consisting of an undivided 1/12 interest in Residence No. 8209 of the Aspen Highlands Condominiums.

rrrr)   Plaintiff **Anna P. Zalk** is a citizen of the State of New Jersey. Pursuant to a uniform Purchase Contract signed in 2003, Anna P. Zalk and Kenneth Zalk (deeded to Anna P. Zalk in 2011) paid $240,000.00 to the sellers Jim Hyssen and Merita Hyssen, and obtained title to Residence Unit No. 5 consisting of an undivided 1/12 interest in Residence No. 8209 of the Aspen Highlands Condominiums.

ssss)   Plaintiff **David Jackel Trustee** is a citizen of the State of California and Trustee of the **Mountain Drive Trust** (collectively, the "Jackel Plaintiff"). Pursuant to a uniform Purchase Contract signed in 2003, Jackel Plaintiff paid $350,000.00 to the seller Ritz Carlton Development Company, and obtained title to Residence Interest No. 3 consisting of an undivided 1/12 interest in Residence No. 2203 of the Aspen Highlands Condominiums. Additionally, pursuant to a uniform Purchase Contract signed in 2006, Jackel Plaintiff paid $455,000.00 to the seller Ritz Carlton Development Company, and obtained an undivided 1/12 interest in Residence No. 2207 of the Aspen Highlands Condominiums. The interest is described in weeks. Additionally, pursuant to a uniform Purchase Contract signed in 2008, Jackel Plaintiff paid $277,000.00 to the seller Ritz Carlton Development Company, and obtained an undivided 1/12

interest in Residence No. 2304 of the Aspen Highlands Condominiums. The interest is described in weeks.

tttt)     Plaintiffs **William M. Waxman,** a citizen of the State of Texas and **Alan S. Waxman,** a citizen of the State of New York (collectively "Waxman Plaintiffs"). Pursuant to a uniform Purchase Contract signed in 2004, the Waxman Plaintiffs paid $250,000.00 to the seller Ritz Carlton Development Company and obtained title to Residence Unit No. 8 consisting of an undivided 1/12 interest in Residence No. 2208 of the Aspen Highlands Condominiums.

uuuu)     Plaintiffs **Timothy J. Hyland** and **Natalie B. Hyland** are citizens of the State of Arizona and Trustees of the **Hyland Revocable Living Trust** (collectively, the "Hyland Plaintiffs"). Pursuant to a uniform Purchase Contract signed in 2004, the Hyland Plaintiffs paid $200,000.00 to the seller Ritz Carlton Development Company, and obtained title to Residence Interest No. 11 consisting of an undivided 1/12 interest in Residence No. 8403 of the Aspen Highlands Condominiums. Additionally, pursuant to a uniform Purchase Contract signed in 2005, the Hyland Plaintiffs paid $347,500.00 to the sellers Harold J. Bouillion and Charlene L. Bouillion, and obtained title to Residence Interest No. 10 consisting of an undivided 1/12 interest in Residence No. 8301 of the Aspen Highlands Condominiums.

vvvv)     Plaintiff **Neil Spizizen Trustee** is a citizen of the State of Michigan and Trustee of the **Neil Spizizen Trust** (collectively, the "Spizizen Plaintiff"). Pursuant to a uniform Purchase Contract signed in 2006, Spizizen Plaintiff paid $495,000.00 to the seller Ritz Carlton Development Company, and obtained title to Residence Interest No. 2 consisting of an undivided 1/12 interest in Residence No. 8207 of the Aspen Highlands Condominiums.

wwww)      Plaintiffs **D. L. Wilkey** and **Julie Janicek-Wilkey** are citizens of the State of New Mexico. Pursuant to a uniform Purchase Contract signed in 2003, the Wilkey Plaintiffs paid $240,000.00 to the seller Ritz Carlton Development Company and obtained title to Residence Unit No. 2 consisting of an undivided 1/12 interest in Residence No. 8311 of the Aspen Highlands Condominiums.

xxxx)      Plaintiffs **Cass Franklin** and **Vera Stewart Franklin** are citizens of the State of Iowa. Pursuant to a uniform Purchase Contract signed in 2005, the Franklin Plaintiffs paid $490,000.00 to the seller Ritz Carlton Development Company and obtained title to Residence Unit No. 3 consisting of an undivided 1/12 interest in Residence No. 8307 of the Aspen Highlands Condominiums.

yyyy)      Plaintiffs **Daryl Cramer, Heather Cramer** and **Hope S. Barkan** (collectively the "Cramer Plaintiffs") are citizens of the State of Colorado. Pursuant to a uniform Purchase Contract signed in 2003, the Cramer Plaintiffs paid $219,000.00 to the seller Ritz Carlton Development Company and obtained title to Residence Unit No. 4 consisting of an undivided 1/12 interest in Residence No. 8214 of the Aspen Highlands Condominiums.

zzzz)      Plaintiff **Jacob Louis Slevin** is a citizen of the State of Louisiana. Pursuant to a uniform Purchase Contract signed in 2006, Maury B. Slevin and Jacob Louis Slevin (deeded to Jacob Louis Slevin in 2015) paid $382,500.00 to the sellers Lon M. Baronne and Karen G. Baronne and obtained title to an undivided 1/12 interest in Residence No. 2312 of the Aspen Highlands Condominiums. The interest is described in weeks.

aaaaa)     Plaintiff **Ronald Lawrence Glazer** is a citizen of the State of California and Trustee of the **Ronald Lawrence Glazer Trust**. Plaintiff **Christiane Nicolini Glazer** is a citizen

34

of the State of California and Trustee of the **Christiane Nicolini Glazer Trust** (collectively, the "Glazer Plaintiffs"). Pursuant to a uniform Purchase Contract signed in 2006, the Glazer Plaintiffs paid $300,000.00 to the seller Ritz Carlton Development Company, and obtained title to Residence Interest No. 2 consisting of an undivided 1/12 interest in Residence No. 2405 of the Aspen Highlands Condominiums.

bbbbb)	Plaintiff **Erich Tengelsen** is a citizen of the State of Illinois. Pursuant to a uniform Purchase Contract signed in 2004, Tengelsen Plaintiff paid $230,000.00 to the seller Ritz Carlton Development Company, and obtained title to Residence Interest No. 2 consisting of an undivided 1/12 interest in Residence No. 2202 of the Aspen Highlands Condominiums.

ccccc)	Plaintiffs **Charles A. Gottlob** and **Cynthia G. Gottlob** are citizens of the State of Colorado. Pursuant to a uniform Purchase Contract signed in 2003, the Gottlob Plaintiffs paid $210,000.00 to the seller Ritz Carlton Development Company and obtained title to Residence Unit No. 8 consisting of an undivided 1/12 interest in Residence No. 8106 of the Aspen Highlands Condominiums.

ddddd)	Plaintiff **Lucy D. Anda** is a citizen of the State of New York. Pursuant to a uniform Purchase Contract signed in 2006, Anda Plaintiff paid $510,000.00 to the seller Ritz Carlton Development Company, and obtained title to an undivided 1/12 interest in Residence No. 2401 of the Aspen Highlands Condominiums. The interest is described in weeks.

eeeee)	Plaintiff **Neil G. Arnovitz** is a citizen of Canada. Pursuant to a uniform Purchase Contract signed in 2004, Arnovitz Plaintiff paid $216,600.00 to the seller William S. Weisman and Lauren B. Weisman, obtained title to Residence Interest No. 1 consisting of an undivided 1/12 interest in Residence No. 8202 of the Aspen Highlands Condominiums. Additionally,

pursuant to a uniform Purchase Contract signed in 2005, Arnovitz Plaintiff paid $195,000.00 to the seller Ritz Carlton Development Company, and obtained an undivided 1/12 interest in Residence No. 2408 of the Aspen Highlands Condominiums. The interest is described in weeks.

fffff)   Plaintiff **Melissa T. Crowley Trustee** is a citizen of the State of Colorado and Trustee of the **Peter Charles Crowley Trust** (collectively, the "Crowley Plaintiff"). Pursuant to a uniform Purchase Contract signed in 2001, Crowley Plaintiff paid $200,000.00 to the seller Ritz Carlton Development Company, and obtained title to Residence Interest No. 5 consisting of an undivided 1/12 interest in Residence No. 8104 of the Aspen Highlands Condominiums.

ggggg)   Plaintiffs **Patrick A. Lattore** and **Dee P. Lattore** are citizens of the State of Nevada. Pursuant to a uniform Purchase Contract signed in 2010, the Lattore Plaintiffs paid $116,000.00 to the seller Ritz Carlton Development Company and obtained title to Residence Unit No. 11 consisting of an undivided 1/12 interest in Residence No. 8212 the Aspen Highlands Condominiums.

hhhhh)   Plaintiffs **Rocky J. Mountain** and **Janet M. Mountain** are citizens of the State of Texas. Pursuant to a uniform Purchase Contract signed in 2005, the Mountain Plaintiffs paid $370,000.00 to the seller Ritz Carlton Development Company, and obtained title to Residence Interest No. 9 consisting of an undivided 1/12 interest in Residence No. 2407 of the Aspen Highlands Condominiums. Additionally, pursuant to a uniform Purchase Contract signed in 2007, the Mountain Plaintiffs paid $318,250.00 to the seller Ritz Carlton Development Company, and obtained title to Residence Interest No. 1 consisting of an undivided 1/12 interest in Residence No. 2208 of the Aspen Highlands Condominiums.

iiiii)   Plaintiffs **Phyllis Schofield** and **William F. Schofield, Jr.** are citizens of the State of Florida. Pursuant to a uniform Purchase Contract signed in 2006, Schofield Plaintiffs paid $220,000.00 to the seller Ritz Carlton Development Company, and obtained title to an undivided 1/12 interest in Residence No. 2410 of the Aspen Highlands Condominiums. The interest is described in weeks.

jjjjj)   Plaintiffs **Mark L. Horwitz** and **Susan J. Horwitz** are citizens of the State of Florida. Pursuant to a uniform Purchase Contract signed in 2008, the Horwitz Plaintiffs paid $189,000.00 to the seller Ritz Carlton Development Company, and obtained title to an undivided 1/12 interest in Residence No. 2303 of the Aspen Highlands Condominiums. The interest is described in weeks.

kkkkk)   Plaintiffs **Joel Sacher** and **Susan J. Sacher** are citizens of the State of New Jersey. Pursuant to a uniform Purchase Contract signed in 2001, the Sacher Plaintiffs paid $250,000.00 to the seller Ritz Carlton Development Company, and obtained title to Residence Interest No. 3 consisting of an undivided 1/12 interest in Residence No. 8209 of the Aspen Highlands Condominiums

lllll)   Plaintiff **C & N Assets, Ltd.** is a Texas limited partnership, in good standing. **Heyward Taylor** is a citizen of the State of Texas. Pursuant to a uniform Purchase Contract signed in 2001, Taylor Plaintiff paid $270,000.00 to the seller Ritz Carlton Development Company and obtained title to Residence Unit No. 9 consisting of an undivided 1/12 interest in Residence No. 8315 of the Aspen Highlands Condominiums.

mmmmm)   Plaintiff **Lisa Mottola Trustee** is a citizen of the State of California and Trustee of the **Lisa Mottola Trust** (collectively, the "Mottola Plaintiff"). Pursuant to a uniform

Purchase Contract signed in 2004, Mottola Plaintiff paid $260,000.00 to the seller Ritz Carlton Development Company, and obtained title to Residence Interest No. 6 consisting of an undivided 1/12 interest in Residence No. 2204 of the Aspen Highlands Condominiums.

nnnn) Plaintiff **Mel A. Barkan** is a citizen of the Commonwealth of Massachusetts. Pursuant to a uniform Purchase Contract signed in 2001, Barkan Plaintiff paid $250,000.00 to the seller Ritz Carlton Development Company, obtained title to Residence Interest No. 3 consisting of an undivided 1/12 interest in Residence No. 8308 of the Aspen Highlands Condominiums.

ooooo) Plaintiffs **John Patrick McEvoy** and **Maria Gomez McEvoy** are citizens of the State of New York. Pursuant to a uniform Purchase Contract signed in 2006, the McEvoy Plaintiffs paid $390,000.00 to the seller Ritz Carlton Development Company, and obtained title to Residence Interest No. 12 consisting of an undivided 1/12 interest in Residence No. 2309 of the Aspen Highlands Condominiums.

ppppp) Plaintiff **Greico Family Limited Partnership** is a Texas limited partnership, in good standing. **Frank Greico** is a citizen of the State of Texas and president of the Greico Family Limited Partnership. Pursuant to a uniform Purchase Contract signed in 2006, Greico Plaintiff paid $205,000.00 to the seller Ritz Carlton Development Company and obtained title to an undivided 1/12 interest in Residence No. 2305 of the Aspen Highlands Condominiums. The interest is described in weeks.

qqqqq) Plaintiffs **Clair F. White** and **Linda Gage-White** are citizens of the State of Louisiana. Pursuant to a uniform Purchase Contract signed in 2007, the White Plaintiffs paid $250,000.00 to the sellers Stuart Newberger and Marcy Newberger, and obtained title to

Residence Interest No. 4 consisting of an undivided 1/12 interest in Residence No. 8215 of the Aspen Highlands Condominiums.

rrrrr)   Plaintiff **John Egle** is a citizen of the State of Louisiana. Pursuant to a uniform Purchase Contract signed in 2005, Egle Plaintiff paid $190,000.00 to the seller Ritz Carlton Development Company, and obtained title to Residence Interest No. 7 consisting of an undivided 1/12 interest in Residence No. 2302 of the Aspen Highlands Condominiums.

sssss)   Plaintiff **Darryl Rosen** is a citizen of the State of Illinois. In 2004, Rosen Plaintiff paid $228,000.00 to the seller Ritz Carlton Development Company and obtained title to Residence Interest No. 3 consisting of an undivided 1/12 interest in Residence No. 8212 of the Aspen Highlands Condominiums.

ttttt)   Plaintiff **Michael A. Capasso** is a citizen of the State of New York. Pursuant to a uniform Purchase Contract signed in 2007, Capasso Plaintiff paid $612,000.00 to the seller Donald Garlikov, and obtained title to an undivided 1/12 interest in Residence No. 2410 of the Aspen Highlands Condominiums. The interest is described in weeks.

uuuuu) Plaintiff **Jeffrey C. Bermant** is a citizen of the State of California. In 2001, Bermant Plaintiff paid $250,000.00 to the seller Ritz Carlton Development Company and obtained title to Residence Interest No. 2 consisting of an undivided 1/12 interest in Residence No. 8308 of the Aspen Highlands Condominiums.

vvvvv) Plaintiff **Rock Pile, LLC** is a Minnesota limited liability company. **Jeff Cowan** is a citizen of the State of Minnesota and president of Rock Pile, LLC. Pursuant to a uniform Purchase Contract signed in 2011, Cowan Plaintiff paid $62,000.00 to the seller Ritz Carlton

Development Company and obtained title to an undivided 1/12 interest in Residence No. 2304 of the Aspen Highlands Condominiums. The interest is described in weeks.

wwwww)    Plaintiffs **Russell S. Parker** and **Jeanne G. Parker** are citizens of the State of Texas. Pursuant to a uniform Purchase Contract signed in 2001, the Parker Plaintiffs paid $250,000.00 to the seller Ritz Carlton Development Company and obtained title to Residence Unit No. 1 consisting of an undivided 1/12 interest in Residence No. 8308 of the Aspen Highlands Condominiums.

**B.    Defendants**

14.    Defendant **Marriott Vacations Worldwide Corporation** ("MVW") is a publicly traded Delaware corporation with its principal place of business at 6649 Westwood Boulevard, Orlando, Florida. MVW is the parent and/or an affiliate company of the other Defendants and was involved in and responsible for the wrongful conduct alleged herein. Marriott Vacations Worldwide Corporation or MVC are sometimes referred to herein as Marriott.

15.    Defendant **Marriott Ownership Resorts, Inc., d.b.a. Marriott Vacation Club International** ("MVCI") is a Delaware corporation, and a wholly owned subsidiary of Marriott. Its principal place of business is at 6649 Westwood Boulevard, Orlando, Florida, and it is authorized to do business in Colorado. MVCI was involved in and responsible for the wrongful conduct alleged herein.

16.    Defendant **Aspen Highlands Condominium Association, Inc.** ("Association") is a Colorado non-profit corporation that serves as the official "Owners Association" for Ritz Carlton Aspen Owners.

17.     Defendant **Ritz-Carlton Management Company, LLC** ("RC Management") is another wholly owned MVW subsidiary, and a Delaware limited liability company. Defendant RC Management has a principal place of business at 6649 Westwood Boulevard, Suite 500, Orlando, Florida, and is authorized to do business in Colorado.

18.     Defendant **The Cobalt Travel Company, LLC** ("Cobalt") (formerly known as the Ritz-Carlton Travel Company, LLC) is a Delaware limited liability company, has a principal place of business at 6649 Westwood Boulevard, Suite 500, Orlando, Florida, and is authorized to do business in Colorado.

19.     Defendant **The Lion & Crown Travel Co., LLC** ("L&C") is a Delaware limited liability company formed in 2008 and is authorized to do business in Colorado. L&C is a wholly owned subsidiary of RC Development.

### IV.     SOURCE OF FIDUCIARY DUTIES

20.     There are multiple sources of fiduciary duties arising out of the documents governing the management, operation and use of the Ritz-Carlton Club, Aspen Highlands, including the Articles of Incorporation of Aspen Highlands Condominium Association, Inc., ("Articles"), the Declaration of Condominium for Aspen Highlands Condominium ("Declaration"), The Ritz-Carleton Management Company, LLC Management Agreement (Management Agreement), and the Ritz-Carlton Club Membership Program Affiliation Agreement, ("Affiliation Agreement").

### A.     Aspen Highlands Condominium Association

21.     The Association was created on December 9, 1999 upon filing with the Colorado Secretary of State the Articles of Incorporation of Aspen Highlands Condominium Association,

Inc. Amended and Restated Articles of Incorporation of Aspen Highlands Condominium Association, Inc. were filed with the Colorado Secretary of State on November 2, 2000.

22.     According to the Amended Articles: "The primary purpose for which the Association is organized is to manage, administer, operate and maintain" the Aspen Highlands Condominiums.

23.     Pursuant to Article V. of the Articles, the powers of the Association, include: "To operate, manage, administer, insure, repair, replace, reconstruct and improve the Condominium" (Article 5.1); "To operate, manage and administer the Plan of Fractional Ownership that may be created in the Condominium by the Declarant" (Article 5.2); "To contract for the management of the Condominium and to delegate to such contractor all powers and duties of the Association except such as are specifically required by the various Association Documents or Colorado law to have approval of the board of directors or the members of the Association" (Article 5.7); and, "To enter into agreements providing for the participation of Owners of Fractional Interests in those units committed to a Plan of Fractional Ownership in an exchange system or network of resorts allowing for reciprocal use of resort properties by owners of fractional ownership interests in the Condominium" (Article 5.11).

24.     Defendant Association owed and owes fiduciary duties to buyers of Fractional Units, including Plaintiffs and Ritz Carlton Aspen Owners, including but not limited to a duty of loyalty and duty to enforce restrictive covenants set forth in the Declaration of Condominium for Aspen Highlands Condominiums.[2]  The scope of this fiduciary duty extends beyond the norm for condominium associations based on the delegation and assumption of authority over not just the

---

[2]  *See*, *Woodward v. Board of Directors of Tamarron Association of Condominium Owners, Inc.*, 155 P.3d 621,624 (Colo. App. 2007); *Colorado Homes, Ltd. v. Loerch-Wilson*, 43 P.3d 718, 722 (Colo. App. 2001).

common areas, but also the fractional units themselves.

      **B.**      **Ritz-Carlton Management Company**

      25.      On January 12, 2001, Defendants Association and RC Management, entered into a written agreement, designated "Management Agreement." Pursuant to paragraph 2, captioned "Appointment and Acceptance of Agency," the Association employed RC Management "to act on behalf of the Association **and its members** as the exclusive managing entity and to manage the daily affairs of the Condominium **and the (Fractional Ownership Interest) Plan**, and (RC Management) hereby agrees to so act." (Emphasis added.) A copy of the Management Agreement is attached hereto as **EXHIBIT A.**

      26.      Pursuant to paragraph 4 of the Management Agreement, captioned "Delegation of Authority," Association delegates to RC Management "all of the power and authority of (Association) to the extent necessary to perform (RC Management's) duties and obligations under this agreement." In addition, paragraph 4 provides: **"(RC Management), on behalf of and at the expense of (Association), to the exclusion of all other persons including the (Association) and its members, shall have all the powers and duties of the Executive Board as set forth in the Declaration and the bylaws of the (Association)** (except such thereof as are specifically required to be exercised by its directors or members), and it shall perform, by way of illustration and not limitation, (the services set forth in paragraphs 4(A) through 4(V) . . . ." (Emphasis Added.)

      27.      Paragraph 4(A) of the Management Agreement provides RC Management with the exclusive authority to "Hire, pay, supervise and discharge all persons necessary to be

employed in order to properly manage, maintain, administer and operate the Condominium and (Fractional Ownership Interest) Plan."

28.     Paragraph 4(F) of the Management Agreement provides RC Management with the exclusive authority to "Maintain the (Association's) financial record book, accounts and other records, and as necessary, issue certificate of account to Owners and their Mortgagees . . . ."

29.     Paragraph 4(H) of the Management Agreement provides RC Management with the exclusive authority to "Prepare the itemized annual budget for the (Association) or revisions to the budget, or a combination thereof, (that RC Management) determines necessary for submission to the Executive Board."

30.     Paragraph 4(I) of the Management Agreement provides RC Management with the "authority and responsibility to maintain and replace the personal property within the Common Elements and the (Fractional Units), and to determine the maintenance fee, proration of taxes, and other common expenses applicable to those Common Elements and (Fractional Units), as defined in and provided for in the Declaration.

31.     Paragraph 4(J) of the Management Agreement provides RC Management with the exclusive authority to "Receive and deposit all funds collected from the Owners, or otherwise accruing to the Association, in a special account or accounts of (RC Management) . . . ."

32.     Paragraph 4(L) of the Management Agreement provides RC Management "shall have sole authority to promulgate and amend rules and regulations for the (Fractional Units) and Limited Common Elements of the (Fractional Units) subject to the (Fractional Unit) Directors to revise, repeal or modify such amended rules and regulations and subject to the provisions of the Declaration."

33.     Paragraph 4(N) of the Management Agreement provides RC Management with the authority to "Retain and employ such professionals and such experts whose services may be reasonably required to effectively perform its duties and exercise its powers hereunder, and to employ same on such basis as it deems appropriate."

34.     Perhaps most importantly, Paragraph 4(S) of the Management Agreement provides RC Management with the authority to "Engage a Program Manager through an affiliation agreement, who shall manage and administer the reservation procedures and exchange program for the Ritz-Carlton Club Membership Program (the 'Membership Program') through which Owners of Residence Interests reserve the use of accommodations at a Club as defined in and pursuant to The Ritz-Carlton Club Membership Program Reservation Procedures ('Reservation Procedures'). The Program Manager shall have the broadest possible delegation of authority regarding administration of the Reservation Procedures . . . . RC Management on behalf of (the Association shall assess the Owners of (Fractional Units) the reasonable cost (as determined by the Program Manager) of operating such Reservation Procedures, which cost shall be included as part of Club dues."

35.     Paragraph 14 of the Management Agreement provides that RC Management "shall receive an annual net fee, free from charges and expenses" of Six Hundred Dollars ($600) per Residence Interest from the Owners of the (Fractional Units) . . ."

36.     Based upon these and other terms of the Management Agreement and also by operation of law, RC Management is the agent of the Association and Fractional Unit Owners, including Plaintiffs and Ritz Carlton Aspen Owners, and as such, owes the Association, Plaintiffs and Ritz Carlton Aspen Owners fiduciary duties, including the duties of loyalty, avoiding self-

dealing, and to enforce the restrictive covenants set forth in the Declaration of Condominium for Aspen Highlands.  These fiduciary duties also flow from the fact RC Management was given control over the Fractional Units.

37.    Based upon the high degree of control over Plaintiffs' and Ritz Carlton Aspen Owners' Fractional Units arising from its authority as set forth in the Management Agreement, RC Management owes Plaintiffs and Ritz Carlton Aspen Owners fiduciary duties, including a duty of loyalty, duty to avoid self-dealing, and duty to enforce the restrictive covenants set forth in the Declaration of Condominium for Aspen Highlands.

### C.    The Cobalt Travel Company

38.    Defendant Cobalt entered into a four party agreement titled "The Ritz-Carlton Club Membership Program Affiliation Agreement" ("Affiliation Agreement") with the Ritz-Carlton Development Company ("RC Development") (the seller of the fractional interests at issue, a wholly owned subsidiary of MVW, and the sole manager and member of Defendants RC Management and Cobalt) and Defendants RC Management and the Association. Pursuant to the Affiliation Agreement, the Ritz-Carlton Club, Aspen Highlands and the purchasers of Fractional Units including Plaintiffs and Ritz Carlton Aspen Owners, became affiliated with and members of the Ritz-Carlton Membership Program.

39.    Paragraph 1.2 of the Affiliation Agreement provided: "By acceptance of a conveyance of a Residence Interest at the Club . . . each Member is deemed to have consented to the terms and conditions of this Agreement and to have further consented to the appointment of the Members Association as the authorized representative to act on behalf of the Members with respect to the provisions of this Agreement. Whenever the Members Association's

acknowledgment, consent, understanding and/or agreement is stated or implied in this Agreement, such acknowledgment, consent, understanding and/or agreement shall be deemed to also have been given by the Board of Directors, if applicable, and each Member.

40.     Pursuant to the terms of the Affiliation Agreement, Defendant Cobalt is the Program Manager of the Ritz-Carlton Club Membership Program and also operates the reservation system through which Ritz Carlton Aspen Owners obtain use of their allotted number of days at the Ritz Aspen Highlands and obtain access to the sister Ritz-Carlton Destination Clubs in the Ritz-Carlton Club Membership Program. The Affiliation Agreement provides: "The Program Manager may, in its sole discretion, elect to affiliate other locations with the Membership Program as Member Clubs or Associated Clubs from time to time. *Neither the Developer, Members Association, nor Club Manager shall be entitled to participate in or consent to the Program Manager's decision in this regard.*" (Emphasis added.) A copy of the Affiliation Agreement is attached hereto as **EXHIBIT B**.

41.     Based upon the terms of the Management Agreement and the Affiliation Agreement, Cobalt is the agent or subagent of the Association and Fractional Unit owners, including Plaintiffs and Ritz Carlton Aspen Owners, and as such, owes the Association, Plaintiffs and Ritz Carlton Aspen Owners fiduciary duties, including a duty of loyalty and duty to avoid self-dealing.

42.     Based upon the high degree of control over Plaintiffs' and Ritz Carlton Aspen Owners' Fractional Units arising from its authority as set forth in the Affiliation Agreement, Cobalt owes Plaintiffs and Ritz Carlton Aspen Owners fiduciary duties, including a duty of loyalty and duty to avoid self-dealing.

43.    As described herein, Defendant Cobalt, in violation of its fiduciary duties to Plaintiffs and Ritz Carlton Aspen Owners, and aided and abetted in said fiduciary duty violations by the other Defendants, entered into an Affiliation Agreement with L&C, which allows some or all of the over 400,000 members of Defendant MVW's Marriott Vacation Club who are able to acquire sufficient points in the Marriott Vacation Club Destinations system, to use the Fractional Units at the Ritz-Aspen Highlands. These breaches of fiduciary duty caused a great diminution in the value of Plaintiffs and Ritz Carlton Aspen Owners' Fractional Units, and unjustly enriched the other Defendants, including MVW, MVCI, RC Management and Cobalt at the expense of Plaintiffs and Ritz Carlton Aspen Owners.

44.    MVW directly, and indirectly through wholly owned subsidiaries, exerted control over Ritz-Carlton Club, Aspen Highlands and the other Defendants, because, *inter alia*: 1) MVW's lawyers drafted the Management Agreement that provided its wholly owned subsidiary, RC Management full control of the operation of the Association and the Association Board at the Ritz-Carlton Club, Aspen Highlands; 2) RC Management and Cobalt were shell companies serviced by persons technically employed by MVW and/or MVCI; 3) the costs and revenues generated in connection with Ritz-Carlton Club, Aspen Highlands by MVW, MVCI, RC Management and Cobalt were accounted for in MVW's consolidated financials; 4) employees providing services to MVCI, RC Management, and Cobalt were treated as MVW employees.

45.    Each and all of the Defendants (directly and/or indirectly through individual agents, representatives, employees, principals, officers, directors and members) (a) actively or passively participated in the conduct, acts and omissions alleged herein, (b) materially assisted, aided, abetted and/or conspired with one or more other Defendants in committing the conduct,

acts, and omissions alleged herein, (c) purposely, knowingly, recklessly, or negligently planned, directed, implemented, furthered, and/or consented to conduct, acts and omissions alleged herein, and/or (d) is directly, vicariously, jointly, and/or severally liable for the conduct, acts, and omissions alleged herein.

46.     Each of the Defendants are (a) are the agents, representatives, alter egos, and/or instrumentalities of their respective principals or controlling entities, (b) have interlocking or overlapping directors and/or officers with their respective principals or controlling entities, (c) are undercapitalized and/or spurious or disregarded corporate form, (d) and for which "piercing the corporate veil" is or may be necessary and appropriate to prevent injustice and inequity to Plaintiffs and Ritz Carlton Aspen Owners .

47.     On July 17, 2012, Ms. Eveleen Babich, General Manager of Defendant Cobalt wrote Plaintiffs and Ritz Carlton Aspen Owners a letter (on Ritz Carlton Destination Club letterhead), stating that "Based on the Ritz-Carlton Destination Club member feedback, additional benefits and experiences will be available through a new affiliation with Marriott Vacation Club Destinations . . . Affiliation will extend to you the opportunity to deposit your Reserved Allocation on an annual basis. Once you deposit, the following will be available for you: . . . Secure any of the 51 worldwide Marriott Vacation Club Resorts . . ." A copy of the July 17, 2012 Letter from Eveleen Babich is attached hereto as **EXHIBIT C**.

48.     Eveleen Babich's July 17, 2012 letter did not specify whether this proposed affiliation would allow the 400,000 Marriott Vacation Club members to access the Ritz Carlton Club locations and in fact assured Ritz Carlton Aspen Owners that "nothing about the Home Club Membership…has changed" as a result of this affiliation.

49.     This announcement proposing a new affiliation agreement with Defendant MVW's Marriott Vacations Club Destinations program generated extreme concern amongst the various "member controlled" Boards of Directors of the various Ritz-Carlton Destination Clubs. For instance, in a letter dated August 3, 2012, the Association Board of the Ritz Carlton Club-St. Thomas wrote to its members:

> We have been in frequent communications with each other and the Presidents of the other RCDC Clubs since this announcement. Our general but preliminary consensus regarding the 'evolution' of the RCDC brand as described in Eveleen Babich's letter of July 17th is that we are concerned that this may not be an enhancement to our Membership Interests. We all, as members, invested in the Ritz-Carlton brand!

A copy of the August 3, 2012 Letter from the association board of the Ritz Carlton Club-St. Thomas is attached hereto as **EXHIBIT D**.

50.     On August 10, 2012, the Association Board of the Ritz Carlton Club-Jupiter wrote to its members:

> We were disappointed as to how Ritz Carlton, Marriott Vacations Worldwide Corporation and Cobalt Travel Company, LLC ('RCDC Parties') separately and collectively chose to characterize these matters they have defined as the "evolution of the RCDC brand." No input from your Board of Directors or, to our knowledge, any of the other RCDC Club Boards was ever solicited by these companies while they determined these significant changes to the RCDC system in which we all own a Membership Interest.

A copy of the August 10, 2012 Letter from the association board of the Ritz Carlton Club-St. Thomas is attached hereto as **EXHIBIT E**.[3]

---

[3] Ultimately the announced intention to affiliate the Marriot Vacation Club Destinations program, with its over 400,000 members, caused the Condominium Association Boards of Ritz-Bachelor Gulch and Ritz-Jupiter Clubs to put a vote to their members as to whether to terminate their management agreements with RC Management and Cobalt. In 2013 and 2014, respectively, both of these clubs' memberships voted to terminate the management agreements with Defendant RC Management, and both clubs have since left the system.

51.     On August 17, 2012, Lee Cunningham, the Executive Vice President and Chief Operating Officer of Defendant MVCW, wrote a letter (on Ritz Carlton Destination Club letterhead) to all Ritz Carlton Destination Club Members, including Plaintiffs, "to provide you further information regarding certain changes announced on July 17th to the Lion and Crown Travel Company and The Ritz-Carlton Destination Club system" and to assure the Ritz-Carlton Vacation Club members that "nothing… has changed or will change as a result of the announcement."  The August 17th notice also stated that the original affiliation notice on July 17th had generated questions from the members, which would be addressed in an upcoming Webinar on August 28, 2012. A copy of the August 17, 2012 Letter from Lee Cunningham is attached hereto as **EXHIBIT F**.

52.     In the meantime, Defendant Association wrote a letter to Plaintiffs and Ritz Carlton Aspen Owners on August 17, 2012, notifying them that the Association board was working with MVW executives to better understand the proposed affiliation. The letter states that "[f]rankly, it has been our position that our members bought into a Ritz-Carlton brand and do not want that brand diluted. The Board has concerns that … the nature of our club will change by opening the club to MVW timeshare/points members who have a much lower cost of entry."

53.     The August 17th letter from the Association states that "[t]he Board is also concerned that there are specific provisions in our Association documents which the Board believes does not permit MVW to conduct a separate program as they currently intend."  A copy of the August 17, 2012 Letter from the Association is attached hereto as **EXHIBIT G**.

54.     One of the provisions that the Association was referring to is Section 19.8 of the Declaration of Condominium for Aspen Highlands Condominiums, entitled "Limit on Timesharing," which states as follows:

> Each Owner acknowledges that Declarant intends to create Fractional Ownership Interests with respect to Tourist Accommodation Units within Aspen Highlands Condominiums and Aspen Highlands Village.  Other than the right of Declarant" (sic) or a Successor Declarant and their respective officers, agents, employees, and assigns to create Fractional Ownership Interests in accordance with Article 23 of this Declaration (specifically including, without limitation, the Plan of Fractional Ownership), **no Unit shall be used for the operation of a timesharing, fraction-sharing, interval ownership, private residence club, membership program, vacation club, exchange network or system or similar program whereby the right to exclusive use of the Unit is alternated or scheduled among participants in the program on a fixed or floating time schedule over a period of years whether by written, recorded agreement or otherwise.**  (Emphasis added.)

A copy of the Declaration of Condominium for Aspen Highlands Condominiums is attached hereto as **EXHIBIT H**.[4]

55.     On August 30, 2012, the Ritz-Carlton Destination Club released a new "Frequently Asked Questions for Members" pamphlet to Plaintiffs and Ritz Carlton Aspen Owners , which stated that "Marriott Vacations Worldwide intends to sell most of its remaining unsold Ritz-Carlton Club inventory through the Marriott Vacation Club Destinations program."[5] A copy of the August 30, 2012 pamphlet "Frequently Asked Questions for Members" is attached hereto as **EXHIBIT I**.

---

[4]  The Declaration for Aspen Highlands Village which created the "Master Association", and which also govern the Ritz Carlton Aspen Owners Fractional Units, sets forth a similar use restriction, labeled "No Timeshare" at Section 8.25.

[5]  The August 28, 2012 pamphlet stated: "Marriott Vacations Worldwide is paying club dues on these unsold fractions in excess of eleven million dollars a year, plus continues to subsidize the operating costs at a number of clubs for an additional four million dollars a year."

56.     The August 30, 2012 "Frequently Asked Questions for Members" also states: "Given the current state of the luxury fractional market and the market's unlikely recovery in the near term, selling this inventory through the Marriott Vacation Club Destinations program relieves the significant financial burden of this unsold inventory in a balanced way . . ." and "Marriott Vacations Worldwide is paying club dues on these unsold fractions in excess of eleven million dollars a year, plus continues to subsidize the operating costs at a number of clubs for an additional four million dollars a year."

57.     On October 2, 2012, the Association issued another letter to Plaintiffs and Ritz Carlton Aspen Owners that purported to update them on the discussions with MVW on this pressing issue. The letter revealed, *inter alia*, that **"MVW has been advised that it is the view of the Board and its counsel, that in order for MVW to move towards the points based system it is planning on, that the underlying Association documents would need to be revised as it is in our view that the documents prohibit what MVW is planning."**
A copy of the October 2, 2012 Letter from the Association is attached hereto as **EXHIBIT J**. (Emphasis added.)

58.     While the Association was conducting its discussions with MVW, on November 5, 2012, the President of the Board of the Ritz-Carlton Club, Bachelor Gulch, Michael Mullenix, wrote a letter to Mr. Steven Weisz, President and CEO of MVW and Lee Cunningham, Executive Vice President and COO of MVW, stating:

> I am writing on behalf of the Board of Directors to continue our dialogue about the proposed affiliation of Ritz Carlton Bachelor Gulch Members with Lion and Crown in 2013 and beyond and to request that such proposed affiliation be canceled. At a minimum, the proposed affiliation should be delayed until January 1, 2014 and the status quo maintained until that time . . . The Board and membership of the Club have serious

concerns that the Club's affiliation with Lion and Crown is contrary to the Club's governing documents and, in any event, will have permanent negative impacts on the club, including most importantly to the value of our residence units…

59.     The letter from the Board of the Ritz-Bachelor Club, Gulch to Steven Weisz and Lee Cunningham ended as follows: "Please advise no later than Thursday, November 15, 2012, whether MVW will agree to this requested delay of affiliation. If MVW will not voluntarily agree to this delay and insists on permitting affiliation with Lion and Crown now, the Board may have no alternative but to enforce the Club Declarations prohibition on timesharing through formal legal action. We do not believe that should be necessary given our aligned interests on this issue." A copy of the November 5, 2012 Letter from the Board of the Ritz-Bachelor Gulch to Steven Weisz and Lee Cunningham is attached hereto as **EXHIBIT K**.

60.     Between April 5, 2013 and April 8, 2013, the Association wrote letters to all Plaintiffs and Ritz Carlton Aspen Owners that:

Positive discussions were held today between the Board of Directors and representatives of the Ritz/Marriott including Lee Cunningham, COO of the Ritz-Carlton Destination Club. **Ritz Marriott representatives agree that unless a majority of Aspen Highlands Members (excluding the Marriott interests and Members not in good standing) vote in favor of doing so, Ritz/Marriott will not include Aspen Highlands in the Marriott Vacation Club affiliation/exchange/point program.** Discussions continue on other important issues affecting Aspen Highlands, including alternatives for divesting the current inventory of Aspen Highlands units owned by Ritz/Marriott. **Such inventory will not be sold through the Marriott Vacation Club trust without an additional vote of the Members.**

Copies of letters dated April 5, 2013 and April 8, 2013 from the Association to Ritz Carlton Aspen Owners are attached hereto as **EXHIBIT L**.  (Emphasis added)

61.     No vote of the Members of Ritz-Aspen Highlands, including by Plaintiffs or Ritz Carlton Aspen Owners, in favor of allowing the Defendants to include Ritz-Aspen Highlands in the Marriott Vacation Club affiliation/exchange/point program ever occurred. Likewise, no vote of the Members of Ritz-Aspen Highlands in favor of allowing the Defendants to sell their unsold inventory of Aspen Highlands units through the Marriott Vacation Club trust ever occurred.

62.     However, in April 2014, Defendant Association, acting in concert with and/or aided and abetted by the other Defendants, including MVW, RC Management, and Cobalt, unilaterally decided to include the Ritz-Carlton Club, Aspen Highlands Fractional Plan in the Marriott Vacation Club affiliation/exchange/points program; and agreed and conspired with Defendants to have the Association breach its fiduciary duties to Plaintiffs and Ritz Carlton Aspen Owners by, *inter alia*, 1) agreeing to act and acting in a disloyal manner towards Plaintiffs and Ritz Carlton Aspen Owners by favoring the interests of the Defendants over the interests of the Plaintiffs and by including the Ritz-Carlton Club, Aspen Highlands Fractional Plan in the Marriott Vacation Club affiliation/exchange/points program; and 2) agreeing not to and/or failing to enforce the Declaration, including the covenant against further timesharing, as set forth in paragraph 19.8 of the Declaration.

63.     In April 2014, the Association wrote a letter to all Plaintiffs and Ritz Carlton Aspen Owners updating them on "your Board of Directors' efforts on your behalf . . ." On page 2 of the letter, the Board dropped a bombshell under the heading "Marriott Vacation Club Destination Exchange Program: In response to the Members' wishes - both past and present, the Board has crafted a very unique program which would allow Aspen Club Members to exchange a week of their reserved allocated time for points within the Marriott Vacation Club Destinations

exchange program." A copy of the April 2014 Letter from the Association to Plaintiffs and Ritz Carlton Aspen Owners is attached hereto as **EXHIBIT M.**

64.     Plaintiffs allege that sometime in 2014, in contravention of the promises made to Ritz Carlton Aspen Owners on April 5 and April 8, 2013 (that unless a majority of Aspen Highlands Members vote in favor of doing so, Ritz/Marriott will not include Aspen Highlands in the Marriott Vacation Club affiliation/exchange/point program), Defendants MVW, RC Management and Cobalt, pursuant to an agreement it made with Defendant Association, affiliated the Ritz Carlton Club, Aspen Highlands with Marriott Vacation Club affiliation/exchange/points program.

65.     Plaintiffs allege on information and belief that sometime in 2014, in contravention of the promises made to Ritz Carlton Aspen Owners on April 5, 2013 (that Defendants' unsold inventory of fractionals "will not be sold through the Marriott Vacation Club trust without an additional vote of the Members"), Defendant MVW, pursuant to an agreement it made with Defendant Association not to enforce Section 19.8 of Declaration of Condominium for Aspen Highlands Condominiums, sold a portion of its remaining unsold Ritz-Carlton Club inventory to the Marriott Vacation Club trust.

66.     The actions of the Defendants described above were knowingly made in violation of their respective duties of loyalty owed to Plaintiffs and, Ritz Carlton Aspen Owners as well as in violation of Section 19.8 and other provisions of the Declaration of Condominium for Aspen Highlands Condominiums, as well as the promises made to Plaintiffs and Ritz Carlton Aspen Owners between April 5 and April 8, 2013 that unless a majority of Aspen Highlands Fractional Unit owners and members vote in favor of doing so, Defendants would not include Ritz Carlton

Club, Aspen Highlands or the Plaintiffs' and Ritz Carlton Aspen Owners' Fractional Units in the Marriott Vacation Club affiliation/exchange/point program. The actions described herein violated and/or aided and abetted the violation of Defendants' fiduciary duties owed to Plaintiffs and Ritz Carlton Aspen Owners.

67.    Now, approximately 400,000 Marriott Vacation Club members — who paid a small fraction of the purchase prices and who pay approximately a third of the annual fees — have access to luxury resorts that were formerly only available to Plaintiffs and Ritz Carlton Aspen Owners. Defendants have derived huge profits and/or cost savings through this affiliation, while devaluing Plaintiffs' vested property interests. Worse yet, Plaintiffs have had to pay, in the form of inflated annual maintenance fees, for the increased use and wear and tear resulting from the opening of the Ritz Carlton Club, Aspen Highlands to Marriott Vacation Club Members.

## V.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Breach of Fiduciary Duty Against Association, RC Management, and Cobalt)

68.    Plaintiffs incorporate by reference the allegations contained in the preceding and subsequent paragraphs, as if fully set forth in this cause of action.

69.    Defendants Association, RC Management, and Cobalt owed fiduciary duties to Plaintiffs and Ritz Carlton Aspen Owners arising both out of their agency (or sub-agency) relationship with the Plaintiffs and Ritz Carlton Aspen Owners, as well as by virtue of said Defendants' high degree of control over Plaintiffs' and Ritz Carlton Aspen Owners' Fractional Units and had a duty to act with the utmost good faith and loyalty in the best interests of Plaintiffs and Ritz Carlton Aspen Owners.

70.     These Defendants breached this duty by advancing their own interests and the interests of third parties, including the interests of MVW and MVCI, at the expense of Plaintiffs' and Ritz Carlton Aspen Owner's interests, by agreeing to act and acting in a disloyal manner towards Plaintiffs and Ritz Carlton Aspen Owners and by favoring the interests of the Defendants over the interests of the Plaintiffs and Ritz Carlton Aspen Owners through inclusion of the Ritz-Carlton Club, Aspen Highlands Fractional Plan and the Plaintiffs' and Ritz Carlton Aspen Owners' Fractional Units in the Marriott Vacation Club affiliation/exchange/points program; and 2) agreeing not to and failing to enforce the Declaration, including the covenant against further timesharing, as set forth in paragraph 19.8 of the Declaration and/or by failing to act as a reasonably prudent fiduciary would have acted under the same or similar circumstances.

71.     Defendants Association and RC Management owed Plaintiffs and Ritz Carlton Aspen Owners a fiduciary duty that required them to, among other things, enforce the restrictive covenants of the Declaration, including Section 19.8 thereof, as well as section 8.25 of the Declaration for Aspen Highlands Village. These Defendants failed to enforce Section 19.8, Section 8.25 and other provisions, thereby breaching their fiduciary duty, by: (1) failing to enforce these restrictive covenant against timesharing, as set forth in Section 19.8 and Section 8.25; and/or (2) imposing and/or conspiring with the other Defendants to impose the affiliation of the Marriott Vacation Club affiliation/exchange/points program with the Ritz-Carlton Club, Aspen Highlands Fractional Plan and the Plaintiffs' and Ritz Carlton Aspen Owners/ Fractional Units,

72.     Defendants Association, RC Management and Cobalt also owed Plaintiffs and Ritz Carlton Aspen Owners a fiduciary duty of loyalty arising both out of their respective agency

(or sub-agency) relationship with the Plaintiffs and Ritz Carlton Aspen Owners, as well as by virtue of their high degree of control over Plaintiffs' and Ritz Carlton Aspen Owners' Fractional Units and Cobalt's exclusive control of Plaintiffs and Ritz Carlton Aspen Owners' rights under the appurtenant Ritz-Carlton Club Membership Program.

73.     The fiduciary duties described herein required that Defendants Association, RC Management and Cobalt act in the best interests of Plaintiffs and Ritz Carlton Aspen Owners, which includes refraining from any actions that would unjustly enrich themselves or their affiliates at the expense of the value of the Fractional Units that Plaintiffs and Ritz Carlton Aspen Owners purchased. These Defendants breached that duty by, *inter alia*, imposing, allowing and/or conspiring with the other Defendants to impose the affiliation of the Marriott Vacation Club affiliation/exchange/points program with the Ritz-Carlton Club, Aspen Highlands Fractional Plan and the Plaintiffs' and Ritz Carlton Aspen Owners' Fractional Units.

74.     Defendants Association, RC Management and Cobalt breached these fiduciary duties by advancing their own interests and the interests of third parties, including the interests of MVW and MVCI, at the expense of Plaintiffs' and Ritz Carlton Aspen Owners' interests, in allowing the affiliation of the Marriott Vacation Club affiliation/exchange/points program with the Ritz-Carlton Club, Aspen Highlands Fractional Plan and the Plaintiffs' and Ritz Carlton Aspen Owners / Fractional Units.

75.     As a result of Defendants' breach of fiduciary duties, Plaintiffs and Ritz Carlton Aspen Owners suffered damages, including the destruction of the value in their fractional units, in an amount to be proven at trial.

76.     As a result of Defendants breach of fiduciary duties, Defendants profited at Plaintiffs' and Ritz Carlton Aspen Owners' expense. Defendants should be ordered to forfeit to Plaintiffs and Ritz Carlton Aspen Owners all profits Defendants received as a result of the conduct described herein; and that a constructive trust be imposed upon said profits for the benefit of Plaintiffs and Ritz Carlton Aspen Owners.

**SECOND CAUSE OF ACTION**
**(Aiding and Abetting Breach of Fiduciary Duty Against All Defendants)**

77.     Plaintiffs and Ritz Carlton Aspen Owners incorporate by reference the allegations contained in the preceding, and subsequent paragraphs, as if fully set forth in this cause of action.

78.     Defendants and each of them, including MVW, MVCI and L & C aided and abetted the breaches of fiduciary duty by Defendants Association, RC Management and Cobalt.

79.     As described above, Association, RC Management, and Cobalt owed fiduciary duties to Plaintiffs and Ritz Carlton Aspen Owners.

80.     As described above, Association, RC Management and Cobalt breached their fiduciary duties to Plaintiffs and Ritz Carlton Aspen Owners.

81.     Defendants, including MVW, MVCI and L & C knowingly aided and abetted and participated in the breaches of fiduciary duty by, *inter alia*, participating in further timesharing (prohibited by, inter alia, Section 19.8 of the Declaration of Condominium for Aspen Highlands Condominiums and Section 8.25 of the Declaration for Aspen Highlands Village) and by participating in, intermeddling, forcing and otherwise improperly influencing the decision by Cobalt and the other Defendants to affiliate the Marriott Vacation Club and with the Ritz Carlton Club, Aspen Highlands and with Plaintiffs' and Ritz Carlton Aspen Owners' Fractional Units,

60

despite promises made to Plaintiffs and Ritz Carlton Aspen Owners that such affiliation would not occur without a vote by the Plaintiffs and Ritz Carlton Aspen Owners.

82.     Defendants' aiding and abetting the breach of fiduciary duties alleged herein has caused damage to Plaintiffs and, Ritz Carlton Aspen Owners including the destruction of the value in their fractional units, in an amount to be proven at trial.

83.     As a result of Defendants aiding and abetting of the breach of fiduciary duties described herein, Defendants profited at Plaintiffs and Ritz Carlton Aspen Owners' expense. Defendants should be ordered to forfeit to Plaintiffs and Ritz Carlton Aspen Owners all profits Defendants received as a result of the conduct described herein; and that a constructive trust be imposed upon said profits for the benefit of Plaintiffs and Ritz Carlton Aspen Owners.

### THIRD CAUSE OF ACTION
### (Conspiracy Against All Defendants)

84.     Plaintiffs incorporate by reference the allegations contained in the preceding and subsequent paragraphs, as if fully set forth in this cause of action.

85.     Defendants, and each of them, conspired with the remaining Defendants' scheme to commit the wrongful and unlawful conduct alleged herein.

86.     As described in detail above, MVW, MVCI and L & C, in furtherance of their own financial gain, conspired with Defendants Association, RC Management and Cobalt in breaching their fiduciary duties by agreeing to the affiliation of the Ritz-Carlton Club, Aspen Highlands and Plaintiffs' and  Ritz Carlton Aspen Owners' Fractional Units with the Marriott Vacation Club, in violation of promises made by Defendants both in April 2013, in the Affiliation Agreement, and in the Declaration of Condominium at Aspen Highlands.

87.     All Defendants agreed on an object to be accomplished – the affiliation of the Ritz-Carlton Club, Aspen Highlands and Plaintiffs' and Ritz Carlton Aspen Owners' Fractional Units with the Marriott Vacation Club. There was a meeting of the minds among all Defendants on that object. The Defendants, working together, accomplished the unlawful overt act of aiding and abetting the Association, RC Management, and/or Cobalt in breaching their fiduciary duties to Plaintiffs and Ritz Carlton Aspen Owners by participating in said affiliation, in violation of promises made by Defendants in April 2013, the Affiliation Agreement, and the Declaration of Condominium at Aspen Highlands.

88.     As a proximate result, Plaintiffs suffered damages, including the destruction of the value in their fractional units, in an amount to be proven at trial.

89.     As a result of Defendants conspiracy to breach of fiduciary duties described herein, Defendants profited at Plaintiffs and Ritz Carlton Aspen Owners' expense. Defendants should be ordered to forfeit to Plaintiffs and Ritz Carlton Aspen Owners all profits Defendants received as a result of the conduct described herein; and that a constructive trust be imposed upon said profits for the benefit of Plaintiffs and.

### FOURTH CAUSE OF ACTION
### (Unjust Enrichment Against All Defendants)

90.     Plaintiffs incorporate by reference the allegations contained in the preceding and subsequent paragraphs, as if fully set forth in this cause of action.

91.     Defendants acted in a wrongful manner, unfairly causing detriment to Plaintiffs and   Ritz Carlton Aspen Owners.

92.     Defendants, and each of them, conspired with and aided and abetted each other in achieving a unilaterally imposed affiliation with the Marriott Vacations Club, in order to rid

themselves of a poor financial investment with the Ritz-Carlton Club, to increase the attractiveness, value and price of MVC timeshares sold by the MVW and MVCI through the affiliation with the Ritz Carton Club Aspen Highlands, as well as to increase exchange fees payable to Cobalt and L & C, despite knowing that such an affiliation would devalue Plaintiffs' Fractional Units, while at the same time making Marriott Vacation Club Destinations more attractive, valuable and expensive, all to the unjust enrichment of Defendants, including but not limited to MVW, MVCI, Cobalt and L & C.

93.     Under these circumstances, it would be unjust for Defendants to retain the benefit and ill-gotten profits they made without commensurate compensation to Plaintiffs and Ritz Carlton Aspen Owners. As such, Plaintiffs request that the Court impose a constructive trust for the benefit of Plaintiffs, on all profits Defendants received as a result of the conduct described herein.

## RESERVATION OF RIGHTS

94.     Plaintiffs expressly reserve all rights accorded under Colorado law, including but not limited to the right to amend this pleading as may be necessary in light of new or additional factual information gathered throughout the disclosure and discovery phases of this litigation and the right to plead exemplary damages in accordance with C.R.S. § 13-21.102.

## JURY DEMAND

Plaintiffs demand a trial by jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

a.     That Plaintiffs recover damages, as provided by law, determined to have been

sustained as to each of them;

b.     That Defendants RC Management, Cobalt and L & C forfeit and repay to Plaintiffs all compensation paid to them by Plaintiffs;

c.     That Defendants forfeit to Plaintiffs all profits Defendants received as a result of the conduct described herein; and that a constructive trust be imposed upon said profits for the benefit of Plaintiffs;

d.     That Plaintiffs receive pre-judgment and post-judgment interest as allowed by law;

e.     That Plaintiffs recover their costs of the suit, and attorneys' fees as allowed by law; and

f.     For all other relief allowed by law and equity.

DATED: November 7, 2016.

                        Respectfully submitted,

LAW OFFICE OF MICHAEL J. REISER        THE MATTHEW C. FERGUSON LAW FIRM, P.C.


    */s/ Michael J. Reiser*                         */s/ Matthew C. Ferguson*

| | |
|---|---|
| Michael J. Reiser, # 16161 | Matthew C. Ferguson, #25687 |
| 961 Ygnacio Valley Road | 119 South Spring, Suite 201 |
| Walnut Creek, CA 94596 | Aspen, Colorado 81611 |
| Telephone: (925) 256-0400 | Telephone: (970) 925-6288 |
| Facsimile: (925) 476-0304 | Facsimile: (970) 925-2273 |
| E-mail: reiserlaw@gmail.com | E-mail: matt@matthewfergusonlaw.com |
| GIBBS LAW GROUP, LLP | THE MEADE FIRM FIRM, P.C. |


    */s/ Michael Schrag*                         */s/ Tyler Meade*

| | |
|---|---|
| Michael Schrag (CA State Bar # 185832) | Tyler Meade (CA State Bar # 160838) |
| Linda Lam (CA State Bar# 301461) | 1816 Fifth Street |

505 14th Street, Suite 1110
Oakland, CA 94612
Phone: (510) 350-9718
Facsimile: (510) 350-9701
E-mail: mls@classlawgroup.com
E-mail: lpl@classlawgroup.com

Berkeley, CA  94710
Telephone: 510-843-3670
E-mail: tyler@meadefirm.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 7th day of November, 2016, a true and accurate copy of the foregoing **THIRD AMENDED AND SUPPLEMENTAL COMPLAINT AND JURY DEMAND** was filed and served via CM/ECF filing system upon following:

Matthew C. Ferguson, Esq.
The Matthew C. Ferguson Law Firm, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611

Daniel F. Shea, Esq.
Jessica Black Livingston, Esq.
Hogan Lovells US LLP
1200 Seventeenth Street, Suite 1500
Denver, Colorado 80202

Michael J. Reiser, Esq.
Lilia Bulgucheva, Esq.
Law Office of Michael J. Reiser
961 Ygnacio Valley Road
Walnut Creek, California 94596

Naomi G. Beer, Esq.
Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, Colorado 80202

Michael L. Schrag, Esq.
Gibbs Law Group LLP
1 Kaiser Plaza, Suite 1125
Oakland, California 94612

Ian S. Marx, Esq.
Philip R. Sellinger, Esq.
Greenberg Traurig, LLP
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932

Tyler R. Meade, Esq.
The Meade Firm P.C.
1816 Fifth Street
Berkeley, California 94710

     /s/ Robin White
Robin White

4828-3799-2508, v. 1