IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC et al.**

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION et al.**

Defendants.

_____

**PLAINTIFFS' OPPOSITION TO DEFENDANT ASPEN HIGHLANDS CONDOMINIUM ASSOCIATION'S MOTION TO DISMISS THIRD AMENDED COMPLAINT**
_____

Plaintiffs, by and through their undersigned counsel, hereby submit their Response in Opposition to Defendant Aspen Highlands Condominium Association, Inc.'s ("Association's") Motion to Dismiss Plaintiff's Third Amended Complaint ("TAC") (Dkt. No. 83) and state as follows:

The TAC should not be dismissed for the same reasons set forth in Plaintiffs' Opposition to the Association's Motion to Dismiss the Second Amended Complaint. *See* Dkt. No. 59. Pursuant to the parties' Joint Motion Regarding Defendants' Responses to Plaintiffs' TAC (Dkt. No. 80), and the Court's November 22, 2016 Order (Dkt. No. 82), Plaintiffs hereby incorporate Dkt. No. 59 by reference.

Further, to augment Plaintiffs' request for leave to amend (*see* Dkt. 59 at 13) in the event the Court finds any deficiencies in the TAC, Plaintiffs note that the Association produced documents within the last several weeks containing abundant new evidence that further supports

Plaintiffs' claims. For example, the Association through its President, Jay A. Neveloff (chair of the real estate department of the New York Law firm of Kramer, Levin, Naftalis & Frankel) sought and received legal advice from Philip Gosch, Esq. of Brownstein Hyatt Farber Schreck on the issue of whether the Declaration prohibited the MVC affiliation at issue, and was informed that: "Section 19.8 [of the Declaration] is an unambiguous prohibition against MVC Usage and a clear expression of Declarant's original intent that timeshare/exchange uses like the MVC Usage are prohibited." Based on this legal advice, on November 21, 2012, Mr. Gosch, on behalf of the Association, wrote a cease and desist letter to the Marriott Defendants, explaining that the affiliation was unlawful. Moreover, one fractional owner, Juan Pablo Cappello, who at the time was a partner at Greenberg Traurig, the firm now defending Marriott, informed Marriott on August 26, 2012, with a copy to all Association board members, that the proposed affiliation was an act of self-dealing because "[t]he Marriott Vacation Worldwide Corporation has a huge incentive to dilute the RCDC brand to further its greater interest of selling more Marriott Vacation Club memberships" and "[t]he growth of Marriott Vacation Worldwide Corporation as a public company is tied with growth of sales of more and more Marriott Vacation Club memberships." Mr. Neveloff responded to Mr. Cappello that same day that his "email captured my sentiments quite well." Plaintiffs can add these and many other facts to the complaint if necessary.

In addition, recently produced documents show how the Board promised and then worked with Marriott Vacation Club executives to deny owners highly pertinent information relevant to the proposed merger, as well as the promised right to vote on the merger with the MVC. Indeed, these documents, and others, also support additional causes of action and after

2

completing their review of the documents, Plaintiffs will likely seek leave to file a Fourth Amended Complaint[1] to add these facts and additional causes of action, including promissory estoppel.

Finally, as a means to promote judicial efficiency and economy, Plaintiffs intend to file a Motion to Stay the Case for 60 days in order for Plaintiffs to make a demand to the Association that it sue its executive board for the damages it caused Plaintiffs in failing to enforce Section 19.8 of the Declaration. The notice and related request for a short stay of the action is designed to avoid burdening the Court with ruling on what is at most a correctible defect that the Association raises in its motion to dismiss. As described in the soon to be filed motion, stays are routinely granted to allow parties to fulfill pre-filing obligations. On this point, Plaintiffs note that the Association did not meet and confer with Plaintiffs pursuant to Section III(F)(2) of the Court's Practice Standards prior to filing its Motion to Dismiss the Second Amended Complaint, which may have obviated the need for certain arguments that the Association advanced in its Motion to Dismiss the Second Amended Complaint (Dkt. No. 46).

Dated: December 14, 2016                    Respectfully submitted,

*/s/ Michael Schrag*
Michael Schrag (admitted pro hac vice)
GIBBS LAW GROUP LLP
505 14th Street, Suite 1110
Oakland, CA 94612
Phone: (510) 350-9718
Facsimile: (510) 350-9701
E-mail: mls@classlawgroup.com
*Attorney for Plaintiffs*

---

[1] Plaintiffs remind the Court that the first three amendments were only to add additional plaintiffs and thus, a Fourth Amended Complaint would, in reality, be the first substantive amendment to the complaint based on documents recently produced and still being reviewed.

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on this 14th day of December, 2016, a true and accurate copy of the foregoing **PLAINTIFFS' OPPOSITION TO ASPEN HIGHLANDS CONDOMINIUM ASSOCIATION'S MOTION TO DISMISS THIRD AMENDED COMPLAINT** was filed and served via CM/ECF filing system upon following:

Matthew C. Ferguson, Esq.
The Matthew C. Ferguson Law Firm, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611

Michael J. Reiser, Esq.
Lilia Bulgucheva, Esq.
Law Office of Michael J. Reiser
1475 N. Broadway, Suite 300
Walnut Creek, California 94596

Tyler R. Meade, Esq.
The Meade Firm P.C.
1816 Fifth Street
Berkeley, California 94710

Daniel F. Shea, Esq.
Jessica Black Livingston, Esq.
Hogan Lovells US LLP
1200 Seventeenth Street, Suite 1500
Denver, Colorado 80202

Naomi G. Beer, Esq.
Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, Colorado 80202

Ian S. Marx, Esq.
Philip R. Sellinger, Esq.
Greenberg Traurig, LLP
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932

*/s/ Marianne Fogle*
Marianne Fogle