IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 16-01301 PAB

RCHFU, LLC, et al.

    Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, et al.

    Defendants.

**MARRIOTT DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT**

Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC and The Lion & Crown Travel Co., LLC (collectively, "Marriott Defendants") respectfully submit this reply brief in further support of their Motion to Dismiss the Third Amended Complaint ("TAC") (Dkt. No. 84), pursuant to Fed. R. Civ. P. 12(b)(6).

The TAC should be dismissed for the same reasons set forth in the reply brief the Marriott Defendants previously submitted in support of their Motion to Dismiss the Second Amended Complaint (Dkt. No. 63) ("Reply Brief"). For the reasons set forth in the parties' Joint Motion Regarding Defendants' Responses to the TAC (Dkt. No. 80), and pursuant to the Court's November 22, 2016 Order (Dkt. No. 82), the Marriott Defendants hereby incorporate the Reply Brief by reference.

In addition to incorporating the brief they filed in opposition to the Marriott Defendants' Motion to Dismiss the Second Amended Complaint, as the Parties agreed (*see* Dkt. No. 80), Plaintiffs' Opposition to the Marriott Defendants' Motion to Dismiss the TAC also "augment[s] their] request for leave to amend in the event the Court finds any deficiencies in the TAC," based on discovery they have obtained from Defendant Aspen Highlands Condominium Association, Inc. ("the Association"). (*See* Dkt. No. 86 at 1-3.) In that regard, Plaintiffs claim that the Association has "produced documents within the last several weeks containing abundant new evidence that further supports Plaintiffs' claims," and cite a few examples, without attaching any of these documents to their Opposition Brief. (*Id.* at 1-2.) Plaintiffs further state that, after they complete their review of documents obtained through discovery, they "will likely seek leave to file a Fourth Amended Complaint to add [new] facts and additional causes of action …." (*Id.* at 2-3.)

Plaintiffs' cursory discussion of these documents, however, is misplaced in the context of the Marriott Defendants' Motion to Dismiss, which is based on the legal insufficiency of Plaintiffs' claims as alleged in the TAC. Indeed, "when deciding a Rule 12(b)(6) motion, [the] Court may not consider new allegations contained in a plaintiff's response." *Warad West, LLC v. Sorin CRM USA Inc.*, 119 F. Supp. 3d 1294, 1305 (D. Colo. 2015) (citing *Silver v. Primero Reorganized Sch. Dist. No. 2*, 619 F. Supp. 2d 1074, 1080 (D. Colo. 2007) ("The Plaintiff's response to [Defendant's motion to dismiss] relies not specifically on the allegations in the Amended Complaint, but on an affidavit by the Plaintiff adding new details not found in the Amended Complaint. Because this Court's review on a Motion to Dismiss is limited to those facts asserted in the Amended Complaint, the Court disregards the Plaintiff's affidavit, and

examines only that which is alleged in the Amended Complaint."); *White v. Santomaso*, 2012 WL 364057, at *3 n.4 (D. Colo. Feb. 2, 2012) (same)); *see also Broadus v. Decesaro*, 2016 WL 858628, at *3 (D. Colo. Mar. 4, 2016) ("[Plaintiff] may not defend against a motion to dismiss with allegations that do not appear in his Complaint."); *Swan v. Fauvel*, 2015 WL 7755493, at *6 (D. Colo. Dec. 2, 2015) ("The Court can only consider the four corners of Plaintiff's complaint …, not new allegations in later filings."); *White*, 2012 WL 364057, at *1 ("'The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.'") (quoting *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)).  Accordingly, Plaintiffs' description in their Opposition Brief of the discovery they recently obtained from the Association is not germane to the Court's determination of the Marriott Defendants' Motion to Dismiss.  The Marriott Defendants have moved to dismiss the TAC with prejudice on the ground that the TAC is already Plaintiffs' fourth iteration of the complaint, and Plaintiffs should not be permitted endless opportunities to amend their pleading.

If the Court grants the Marriott Defendants' Motion to Dismiss (which it should) and decides that the dismissal of any of Plaintiffs' claims should be without prejudice, it should require Plaintiffs to move for leave to file a Fourth Amended Complaint, pursuant to Fed. R. Civ. P. 15(a)(2).  In the context of that motion, the Marriott Defendants will respond to Plaintiffs' argument that they should be permitted to file another amended complaint, and reserve all rights to challenge Plaintiffs' efforts to do so at that time.

Dated:  December 28, 2016

Respectfully submitted,

GREENBERG TRAURIG, LLP

By:     s/ Naomi G. Beer
Naomi G. Beer
Philip R. Sellinger
Ian S. Marx
1200 Seventeenth Street, Suite 2400
Denver, Colorado 80202
Tel:      303.572.6500
Fax:     303.572.6540
Email:  BeerN@gtlaw.com
            SellingerP@gtlaw.com
            MarxI@gtlaw.com

*Attorneys for the Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, and The Lion & Crown Travel Co., LLC*

4

## CERTIFICATE OF SERVICE

I hereby certify that, on December 28, 2016, a true and accurate copy of the foregoing **MARRIOTT DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT** was filed and served with the Clerk of the Court via the CM/ECF filing system, which will send notification to the following:

Michael J. Reiser
Lilia Bulgucheva
Law Office of Michael J. Reiser
1475 N Broadway, Suite 300
Walnut Creek, CA 94596
*Counsel for Plaintiffs*

Matthew C. Ferguson
The Matthew C. Ferguson Law Firm, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611
*Counsel for Plaintiffs*

Tyler R. Meade
The Meade Firm P.C.
1816 Fifth Street
Berkeley, CA 94710
*Counsel for Plaintiffs*

Linda Pham Lam
Michael Schrag
Gibbs Law Group LLP
505 14th Street, Suite 1100
Oakland, CA 94612
*Counsel for Plaintiffs*

Daniel F. Shea
Jessica Black Livingston
Hogan Lovells US LLP
1601 Wewatta Street, Suite 900
Denver, Colorado 80202
*Counsel for Aspen Highlands
  Condominium Association*

 

*s/ Julie Eaton*
Julie Eaton

*(Original on file at offices of Greenberg Traurig, LLP, pursuant to C.R.C.P. 121, § 1-26)*