IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 16-01301 PAB

RCHFU, LLC, et al.

      Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, et al.

      Defendants.

---

### MARRIOTT DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER

---

Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC and The Lion & Crown Travel Co., LLC (collectively, "Marriott Defendants") respectfully submit this brief in opposition to Plaintiffs' Motion to Modify the Scheduling Order (Dkt. No. 87) ("Motion").

### RELEVANT BACKGROUND

Plaintiffs move under Federal Rule of Civil Procedure 16(b)(4) to modify the Scheduling Order entered by the Court on August 18, 2016 (Dkt. No. 60). Specifically, in this Motion filed on December 16, 2016, Plaintiffs seek an extension of the October 2, 2016 deadline by which they were required to file any motions to add additional Plaintiffs or to amend their pleading,[1] as

---

[1] Although Plaintiffs requested in the Parties' jointly submitted Proposed Scheduling Order (Dkt. No. 50) that the Local Rules' deadline of September 16, 2016 be extended by 90 days until December 15, 2016 (the day before Plaintiffs filed this Motion), the Court's Scheduling Order does not adopt Plaintiffs' requested deadline and instead provides that the deadline is 45 days from the date of the Scheduling Order, which is October 2, 2016. Dkt. No. 60 at ¶ 9(a).

1

they intend to move for leave to amend the Third Amended Complaint ("TAC") "in order to plead additional recently discovered facts" and add claims for promissory estoppel and constructive fraud.  *See* Motion at 1-2.

In support of the Motion, Plaintiffs describe their discovery efforts to date—specifically, that they first served discovery requests on Defendants on September 8, 2016 (less than a month before the October 2, 2016 deadline for filing a motion to amend the pleadings); that Defendants provided written responses to those requests on October 11, 2016; and that Defendant Aspen Highlands Condominium Association, Inc. ("the Association") produced "14,015 pages of documents" on October 21, 2016, which Plaintiffs claim "counsel promptly began [to] review … for potential use in the pleadings and motion practice."[2]  *Id.* at 6-7.  The Marriott Defendants likewise produced 4,871 pages of documents on November 10, 2016 as part of a continuing production.[3]

Plaintiffs generally describe the contents of various documents produced by the Association between October 21, 2016 and December 9, 2016—which they claim bolster their current causes of action and form the basis for new ones—but do not attach any of those documents to the Motion, nor do they explain their legal significance, if any.  *Id.* at 2-4, 6.

---

Although Plaintiffs refer to the deadline as October 3, 2016, *see, e.g.*, Motion at 9, the Scheduling Order required Plaintiffs to act "within 45 days" of August 18, 2016, *see* Dkt. No. 60 at ¶ 9(a), making October 2, 2016 the deadline for any motion to amend.

[2] It is alleged that Plaintiffs' counsel's review of these documents was halted from November 17, 2016 until December 12, 2016 due to issues relating to the Association's inadvertent production of privileged documents, but they claim to have since "proceeded with all due diligence and haste." *Id.* at 7-8.

[3] The Marriott Defendants' production will be supplemented after the Parties enter into a protocol for the review and production of Electronically Stored Information.

2

Plaintiffs likewise claim that the documents to be produced by the Marriott Defendants are likely to "contain material highly germane to the case and the motion to dismiss." *Id.* at 10. Accordingly, based on what Plaintiffs have already obtained and expect to obtain through discovery, Plaintiffs seek an extension of their deadline to move for leave to amend the TAC (1) until 60 days after this Motion is granted; or (2) if Plaintiffs' Motion to Stay Case (Dkt. No. 89) is granted, until 15 days after the stay is lifted. *Id.* at 1.

## ARGUMENT

As Plaintiffs' Motion comes after the October 2, 2016 Scheduling Order deadline for motions to amend has already passed, Plaintiffs "'must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard'" to justify a modification of the Scheduling Order. *Sanchez v. Pinnacle Credit Servs., LLC*, __ F. Supp. 3d __, 2016 WL 4702055, at *5 (D. Colo. July 15, 2016) (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)).

### Plaintiffs Have Failed to Demonstrate Good Cause Under Rule 16(b)(4)

"Rule 16(b)(4) provides that a scheduling order may be modified upon the showing of good cause and with the court's consent." *Port-a-Pour, Inc. v. Peak Innovations, Inc.*, 2016 WL 1643059, at *2 (D. Colo. Apr. 26, 2016). The Scheduling Order itself likewise states that it "may be altered or amended only upon a showing of good cause." *See* Dkt. No. 60 at ¶ 13. "Consideration of good cause focuses on whether the moving party has been diligent in seeking to modify the scheduling order to permit the proposed amendment." *Port-a-Pour*, 2016 WL 1643059, at *2; *see also Gorsuch*, 771 F.3d at 1240 (Rule 16's good cause standard "requires the

3

movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts'") (quoting *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)).

Plaintiffs argue that there is good cause to extend the October 2, 2016 deadline for moving to file an amended pleading because they claim to have learned (and expect to learn) new information through discovery obtained after the Scheduling Order deadline.  Motion at 9.  However, even assuming that Plaintiffs "may have established good cause for failing to meet the Scheduling Order's deadline to amend," they did not "file[] the present motion in a diligent manner."  See *Energy Consumption Auditing Servs., LLC v. Brightergy, LLC*, 2014 WL 4542336, at **2-3 (D. Kan. Sept. 12, 2014).  Plaintiffs knew that they would not be able to comply with the October 2, 2016 deadline well in advance of that date—indeed, they had not even received written responses to their discovery requests by then (as the requests were served less than a month earlier), let alone any documents—yet they failed to file this Motion before the expiration of the deadline.  Plaintiffs likewise waited until almost two months after they received a significant document production from the Association (which they claim to have "promptly" begun reviewing), and a month after receiving additional documents from the Marriott Defendants, to seek a modification of the Scheduling Order.  Plaintiffs cannot plausibly argue that they did not know until now that an extension of the October 2, 2016 deadline would be necessary.   Plaintiffs' lack of diligence in moving to extend this deadline should result in the denial of their Motion.

### Plaintiffs Have Failed to Satisfy the Rule 15(a) Standard

Because Plaintiffs have failed to show good cause under Rule 16(b), "there is no need for the Court to move on to the second step of the analysis, i.e., whether Plaintiff has satisfied the

4

requirements of Rule 15(a)." *Schneider v. City of Grand Junction*, 2011 U.S. Dist. LEXIS 97421, at **7-8 (D. Colo. Apr. 25, 2011) (citing *Nicastle v. Adams Cnty. Sheriff's Office*, 2011 WL 1465586, at *3 (D. Colo. Mar. 14, 2011); *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 688 (D. Colo. 2000)). Nonetheless, in the event the Court finds good cause exists for the extension under Rule 16(b), the Rule 15(a)(2) standard cannot be met here.

Under Rule 15(a)(2), "leave to amend is not justified when there has been 'undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or the futility of amendment. Untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay.'" *Morse v. Bakken Oil, LLC*, 2016 WL 860469, at *3 (D. Colo. Mar. 7, 2016) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

The Marriott Defendants cannot, at this time, fully determine the extent to which they would be prejudiced if Plaintiffs were permitted to amend the TAC, or the futility of any such amendment, based on the content of any such pleading, as Plaintiffs have only described certain documents on which they intend to rely in general terms (without attaching those documents to the Motion), and have not provided the Marriott Defendants with a draft of their proposed amended pleading.[4] If Plaintiffs were permitted leave to amend the TAC, they would be filing their ***fifth*** iteration of the complaint. As set forth in the Motion, this action was brought more than a year ago, and Plaintiffs have since filed three amended complaints, including the TAC,

---

[4] In the event Plaintiffs are ultimately permitted to move for leave to amend the TAC, Plaintiffs will be required to attach as an exhibit to their motion a copy of their proposed amended pleading, which strikes through the text to be deleted and underlines the text to be added. *See* D.C.COLO.LCivR 15.1(b). The Marriott Defendants reserve all rights to challenge Plaintiffs' efforts to file an amended pleading at that time in the context of that motion, after having had an opportunity to review Plaintiffs' proposed amendments.

which, despite being filed *after* the Defendants' motions to dismiss, did not address any of the deficiencies identified in the motions.  *See* Motion at 4-5.  Plaintiffs should not be permitted endless opportunities to amend their complaint to state a viable claim against the Marriott Defendants.  Indeed, the Marriott Defendants have moved to dismiss the TAC with prejudice, on the grounds that the TAC is already Plaintiffs' fourth iteration of the complaint, and Plaintiffs should not be permitted another chance to state a claim.  Permitting Plaintiffs to amend the TAC months from now will lead to another several months of motion practice and render all of the work the parties have done this past year in connection with Defendants' motions to dismiss the current version of the complaint meaningless.  Additionally, permitting Plaintiffs to amend the TAC will result in additional costs relating to Electronically Stored Information in the form of monthly storage fees.  Forcing Defendants to engage in this type of protracted and vexatious litigation would be greatly prejudicial and unfair.

Finally, to the extent Plaintiffs are arguing that they need discovery to state a valid claim against the Marriott Defendants, such a position is meritless.  Indeed, Plaintiffs must satisfy the pleading requirements of Rule 8 *before* the discovery stage, not after it.  *See Medved v. DeAtley*, 2013 WL 4873054, at *13 (D. Colo. Sept. 11, 2013) (denying motion for leave to amend where plaintiffs simply "maintain[ed] their broad accusations against defendants and insist[ed] that they could establish their claims through discovery") (citing *Aschroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) ("Rule 8 … does not unlock the doors of discovery for a plaintiff with nothing more than conclusions.")); *cf. Vega v. Davis*, 572 Fed. Appx. 611, 616 (10th Cir. 2014).  Accordingly, it would be unfair and contrary to Supreme Court precedent to permit Plaintiffs—who, for the reasons set forth more fully in the briefs submitted in support of the Marriott Defendants' motion

6

to dismiss, *see* Dkt. Nos. 47, 63, 84, 91, were unable to state a claim upon which relief could be granted without discovery—extra time to file an amended pleading so that they can use what they obtain through discovery to state a valid claim.

## CONCLUSION

For all of the foregoing reasons, the Marriott Defendants respectfully request that Plaintiffs' Motion to Modify the Scheduling Order be denied.

Dated:  January 6, 2016                                         Respectfully submitted,

<div style="margin-left: 3em;">

GREENBERG TRAURIG, LLP

By:     *s/ Naomi G. Beer*
         Naomi G. Beer
         Philip R. Sellinger
         Ian S. Marx
         1200 Seventeenth Street, Suite 2400
         Denver, Colorado 80202
         Tel:     303.572.6500
         Fax:    303.572.6540
         Email:  BeerN@gtlaw.com
                    SellingerP@gtlaw.com
                    MarxI@gtlaw.com

*Attorneys for the Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, and The Lion & Crown Travel Co., LLC*

</div>

CERTIFICATE OF SERVICE

I hereby certify that, on January 6, 2016, a true and accurate copy of the foregoing **MARRIOTT DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER** was filed and served with the Clerk of the Court via CM/ECF filing system, which will send notification to the following:

Michael J. Reiser
Lilia Bulgucheva
Law Office of Michael J. Reiser
1475 N Broadway, Suite 300
Walnut Creek, CA 94596
*Counsel for Plaintiffs*

Matthew C. Ferguson
The Matthew C. Ferguson
  Law Firm, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611
*Counsel for Plaintiffs*

Tyler R. Meade
The Meade Firm P.C.
1816 Fifth Street
Berkeley, CA 94710
*Counsel for Plaintiffs*

Linda Pham Lam
Michael Schrag
Gibbs Law Group LLP
505 14th Street, Suite 1100
Oakland, CA 94612
*Counsel for Plaintiffs*

Daniel F. Shea
Jessica Black Livingston
Hogan Lovells US LLP
1601 Wewatta Street, Suite 900
Denver, Colorado 80202
*Counsel for Aspen Highlands*
  *Condominium Association*


*s/ Julie Eaton*
Julie Eaton

*(Original on file at offices of Greenberg Traurig, LLP, pursuant to C.R.C.P. 121, § 1-26)*