**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:16-cv-01301-PAB-GPG

RCHFU, LLC, et al.,

      Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, et al.,

      Defendants.

---

**DEFENDANT ASPEN HIGHLANDS CONDOMINIUM ASSOCIATION'S
RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY
SCHEDULING ORDER**

---

Defendant Aspen Highlands Condominium Association, Inc. ("Association") respectfully submits this response in opposition to Plaintiffs' motion to modify the scheduling order (the "Motion," Dkt. No. 87).

Plaintiffs ask this Court to amend the Scheduling Order governing this case and extend the deadline to join parties and amend pleadings.  Plaintiffs forecast that they intend to seek leave to amend their Third Amended Complaint ("TAC," Dkt. No. 79) to allege new facts and assert new claims.  But Plaintiffs have not demonstrated the good cause required under Rule 16(b)(4) to amend the Scheduling Order, and they have not formally sought leave to amend their TAC.  Therefore, this Court should deny their Motion.

**BACKGROUND**

The Association agrees with Plaintiffs' recitation of the background of this case relevant to the Motion, with the exception of two aspects of this case's procedural background that

1

Plaintiffs have mischaracterized.  First, Plaintiffs contend that at the Scheduling Conference on August 18, 2016, Magistrate Judge Gallagher "never addressed" Plaintiffs' request that the deadline to join parties and amend pleadings be extended to 90 days.  Mot. ¶ 19.  But Judge Gallagher did address Plaintiffs' request, giving them 45 days to add additional plaintiffs.  *See* Dkt. No. 60 at 16.  Plaintiffs now try to parse this deadline into two separate deadlines—one to join parties and a separate deadline to amend pleadings, which they claim the court "never addressed."  *See* Mot. ¶ 19.  But as Plaintiffs admit, at the Scheduling Conference they informed Judge Gallagher only that they intended to join additional plaintiffs.  *Id.*  It thus makes perfect sense that Judge Gallagher took Plaintiffs at their word and extended the entire deadline, but by 45 days rather than the 90 days Plaintiffs requested.  *See* Dkt. No. 60 at 16.

Second, Plaintiffs mischaracterize the Association's document productions and inadvertent disclosure.  Plaintiffs argue that the Association just recently "abandoned" its "attempt" to claw back certain inadvertently produced documents, which had "interrupted" Plaintiffs' review and "suspended Plaintiffs' work."  Mot. ¶¶ 6, 32.  But as Plaintiffs note in part, the Association discovered it had inadvertently produced certain privileged documents and promptly took reasonable steps to rectify the error, sending Plaintiffs a letter addressing the matter on November 17, 2016.  *See id.* ¶ 24.  Following the Association's notification, Plaintiffs and the Association discussed the inadvertent disclosure by phone and in writing.  *See id.* ¶¶ 25– 26.  During that time, the Association decided not to assert the attorney-client privilege or work-product protection over the advice it received from three specific attorneys during the period from 2012 through 2014.  Therefore, approximately three weeks after the inadvertent disclosure notice, the Association produced additional records, including unredacted copies of the

inadvertently produced documents and other documents it previously had withheld on the basis of privilege.  Nevertheless, Plaintiffs had access to the majority of the Association's document production beginning on October 21, 2016.  *See id.* ¶ 23.

Additionally, since Plaintiffs filed their Motion, the parties have completed briefing on the Association's and the Marriott Defendants' Motions to Dismiss the TAC.[1]  Those motions remain pending and ripe for the Court's determination.  And, on December 21, 2016, Plaintiffs filed a motion to stay the case for 60 days.  Dkt. No. 89.  As the Association noted in its Reply in Support of its Motion to Dismiss Plaintiffs' TAC, the Association will respond separately to Plaintiffs' motion to stay, and this Court can and should proceed to rule on the merits of the Association's Motion to Dismiss the TAC even if it grants Plaintiffs' motion to stay.  *See* Dkt. No. 92 at 10.

<u>ARGUMENT</u>

**A.      Plaintiffs do not satisfy Rule 16(b)(4)'s good cause standard.**

Under Rule 16(b)(4), "a scheduling order may be modified only for good cause and with the judge's consent."  Plaintiffs ask this Court to amend the Scheduling Order to extend the deadline to add parties or amend pleadings because they intend to seek leave to amend their TAC.  Mot. ¶¶ 1–2.  The Tenth Circuit has stated that "[a]fter a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under

---

[1]  Plaintiffs argue that the Association's basis to dismiss the TAC because Plaintiffs failed to satisfy the Declaration's demand requirement, Section 7.8.3, is curable by amendment. Mot. ¶ 16.  In an effort to cure, Plaintiffs have now submitted a Notice to the Association pursuant to Declaration Section 7.8.3.  In response, the Association withdrew its argument that the TAC must be dismissed because Plaintiffs failed to make a demand of the Association, without waiving any argument as to Plaintiffs' ability to correct their failure by making a post-suit demand.  *See* Dkt. No. 92 at 2.

[Rule 16(b)(4)] and (2) satisfaction of the Rule 15(a) standard." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).

To satisfy the "good cause" standard under Rule 16(b)(4), Plaintiffs must show their "diligence . . . in attempting to meet the Court's deadlines." *David A. Bovino P.C. v. MacMillan*, No. 12-cv-0051-PAB-MEH, 2014 WL 656842, at *3 (D. Colo. Feb. 20, 2014) (citing *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000)). This requires "some persuasive reason as to why the amendment could not have been effected within the timeframe established by the court." *Id.* In effect, Plaintiffs must "provide an adequate explanation for any delay." *Id.* To be sure, "information learned through discovery and a change in the law[,] if occurring after the deadline to amend contained in the Scheduling Order" may constitute good cause. *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001); *see also MacMillan*, 2014 WL 656842, at *3 (quoting *Riggs v. Johnson*, No. 09-cv-01226-WYD-KLM, 2010 WL 1957110, at *3 (D. Colo. Apr. 27, 2010)). This includes information that a party first learns through discovery or disclosure that is <u>necessary</u> to assert a claim, after the deadline to amend has expired. *Pumpco, Inc.*, 204 F.R.D. at 668.

Plaintiffs cannot establish good cause here. As an initial matter, Plaintiffs do not point to any change in the law that occurred after their deadline expired. Instead, they rely only on their identification of supposed new evidence that (1) further supports their existing claims, and (2) supports certain vague, new claims Plaintiffs intend to seek leave to assert.

> **1.    Plaintiffs cannot demonstrate good cause to extend the deadline to amend their complaint simply by alleging new facts supporting their existing claims.**

Plaintiffs argue that they will seek leave to amend their TAC to plead additional facts that "further support Plaintiffs' claims." Mot. ¶ 7. Plaintiffs state that they want to amend the

Scheduling Order to permit them to seek leave to amend their complaint "in order to plead additional recently discovered facts and admissions" that Plaintiffs contend are "powerful evidence in support of all of Plaintiffs' existing claims." *Id.* ¶ 2. But this is not sufficient to show good cause.

A party cannot amend a complaint after the scheduling order deadline has expired merely to add new facts to support existing claims. *See Trujillo v. Bd. of Educ. of the Albuquerque Public Schools*, Nos. CIV 02-1146 JB/LFG, CIV 03-1185 JB/LFG, 2007 WL 2296955, at *4 (D.N.M. June 5, 2007). This is not an appropriate reason to amend a complaint after the deadline has passed. *Id.*; *see also Wakeen v. Hoffman House, Inc.*, 724 F.2d 1238, 1244 (7th Cir. 1983) ("It is not an abuse of discretion to refuse a request to amend when the proffered amendment merely restates the same facts using different language, or reasserts a claim previously determined."). Thus, Plaintiffs cannot establish good cause to justify seeking leave to amend their TAC to add evidentiary support for their existing claims.

> **2.     Plaintiffs cannot demonstrate good cause to extend the deadline to amend their complaint to allege new claims.**

Plaintiffs similarly have failed to demonstrate good cause based on their purported new evidence and potential new causes of action because they do not provide any specific new evidence or tie that evidence to specific new causes of action. *See Pumpco, Inc.*, 204 F.R.D. at 668–69 (newly discovered evidence must be <u>necessary</u> to assert a claim); *see also Montez v. Allstate Fire & Cas. Ins. Co.*, No. 11-civ-01894-WJM-MEH, 2012 WL 4889449, at *4 (D. Colo. July 30, 2012) (holding plaintiff did not demonstrate good cause because she did not need the new allegations to allege the new claim). In *Butler Nat. Serv. Corp. v. Navegante Grp., Inc.*, a federal district court held that the plaintiff did not demonstrate good cause because it failed to

"point to a single, specific piece of information supporting its proposed fraud claim" that it had identified through discovery after the deadline for amending pleadings.  No. 09-2466-JWL-DJW, 2011 WL 941017, at *3 (D. Kan. Mar. 16, 2011).  When courts have found good cause to justify amending a scheduling order to permit amendment of a complaint, the movant provided specific examples of the newly discovered evidence and explained precisely how such evidence supported a new cause of action.  *See, e.g.*, *Pumpco, Inc.*, 204 F.R.D. at 668–69; *Carefusion 213, LLC v. Prof. Disposables, Inc.*, No. 09-2616-KHV-DJW, 2010 WL 4004874, at *4 (D. Kan. Oct. 12, 2010).  But Plaintiffs have not done so here.

The only "new evidence" Plaintiffs identify with any level of specificity is evidence that, by Plaintiffs' own proclamation, supports their existing claims.  *See* Mot. ¶ 7 (listing new evidence that "further support [sic] Plaintiffs' claims").  Plaintiffs selectively quote legal advice the Association received from its counsel and mention that the Association's counsel sent the Marriott Defendants a cease-and-desist letter.  *Id.*  And Plaintiffs identify one member's communications with the Marriott Defendants complaining about the proposed trading program. *Id.* ¶ 8.  Additionally, and without any specificity at all, Plaintiffs say they have identified documents showing that the Association denied members access to information—without describing how the Association did so or what the information was—and denied members the right to vote on "the merger with the MVC."  Mot. ¶ 9.

This supposedly "new" evidence is not new at all:  In their TAC, Plaintiffs allege that the Association's counsel advised it that the Association's documents prohibit the proposed affiliation (in its then-current form), and they attach, as Exhibit J, the letter discussing this with the Association's members.  *See* TAC ¶ 57, Ex. J.  Moreover, Plaintiffs received a copy of the

6

cease-and-desist letter on December 21, 2012 when the Association Board had the letter distributed to all members; not only is the cease-and-desist letter not new evidence, but Plaintiffs do not justify or explain their approximately four-year delay in attempting to use the letter to support their current or purported new claims.[2]  Further, the Association allegedly denying members the right to vote on the affiliation already is the basis of Plaintiffs' claims in this case. *See, e.g.*, TAC ¶¶ 60–61, 64–66, 70–71, 74, 81, 86–87.  Ultimately, Plaintiffs wish to add additional (but not new) evidence to "further support Plaintiffs' claims."  Mot. ¶ 7.  But merely identifying additional evidence that supports existing claims does not constitute good cause,[3] *see Trujillo*, 2007 WL 2296955, at *4, and Plaintiffs provide absolutely no explanation for how this duplicative evidence is relevant to or supports any new causes of action.

---

[2] The reaction of a number of members to receiving the cease-and-desist letter indicates that they reviewed and paid attention to the letter.  *See* Exhibit 1, AHCA00011580–88 (Email dated December 18, 2012 from Randy Mercer to Nicholas DiMeglio (the Ritz-Carlton Club Aspen Highlands General Manager) providing Board's letter to members and cease-and-desist letter for distribution by DiMeglio to Aspen Highlands Members); Exhibit 2, AHCA00011626 (Email dated December 21, 2012 from RCDC Member Communications distributing link to cease-and-desist letter to Randal L. Mercer Trust, evidencing the distribution of the cease-and-desist to Aspen Highlands Members); Exhibit 3, AHCA00011644–52 (Email dated January 16, 2013 from Randy Mercer to Jerry Marsden, Phillip Schneider, and Tyler Oliver—Association Board members—attaching comments from Aspen Highlands Members discussing the cease-and-desist letter).  All three of these Exhibits were produced to Plaintiffs on October 21, 2016.

[3] Even if the Court were inclined to permit Plaintiffs to add duplicative evidence merely to bolster the weight of evidence in support of their existing claims, the type of evidence Plaintiffs identify here would be inadmissible.  As the Association previously argued, *see* Dkt. No. 92 at 7, evidence like that the Plaintiffs identify here—interpreting or advising on the meaning of unambiguous terms of the Declaration—is impermissible parol evidence.  *See Roa v. Miller*, 784 P.2d 826, 828 (Colo. App. 1989); *Northwest Cent. Pipeline Corp. v. JER P'ship*, 943 F.2d 1219, 1226 (10th Cir. 1991).  And Plaintiffs' concession that Section 19.8 of the Declaration is unambiguous—*see, e.g.*, Mot. ¶ 7 (arguing new facts, which include that the Association was advised that "Section 19.8 [of the Declaration] is . . . unambiguous")—eliminates any need for the Court to look to such parol evidence.

Even if it is considered "new" evidence, Plaintiffs offer no specificity on how this evidence supposedly supports their proposed new claims. Plaintiffs simply conclude that these documents "support additional causes of action." Mot. ¶ 9. But aside from this vague reference to "additional causes of action," *id.*, Plaintiffs only once mention that their anticipated motion to amend might allege claims of promissory estoppel and constructive fraud. *Id.* ¶ 2. Yet they provide no information, supporting allegations, or facts to elucidate the scope or parameters of these proposed new claims. These broad generalities and unspecified causes of action do not adequately demonstrate precisely <u>what new information</u> Plaintiffs learned through discovery or how that information is <u>necessary</u> to assert a new claim. *Pumpco, Inc.*, 204 F.R.D. at 668.

### 3.  Plaintiffs have not properly sought leave to amend under Rule 15.

Lastly, Plaintiffs have not actually moved for leave to amend their TAC under Rule 15, nor have they argued in their Motion that they have satisfied Rule 15(a)'s good cause standard. *See Gorsuch, Ltd., B.C.*, 771 F.3d at 1240 (requiring a party seeking leave to amend after expiration of the deadline to demonstrate "(1) good cause for seeking modification under [Rule 16(b)(4)] and (2) satisfaction of the Rule 15(a) standard"). Typically, plaintiffs moving for leave to amend a scheduling order simultaneously move for leave to amend their complaint, and in doing so provide the court with the ability to assess the purported new evidence and new claims and whether the plaintiffs were diligent in discovering such evidence and bringing it to the court's attention. *See, e.g.*, *Lopez v. Cricket Commc'ns, Inc.*, No. 11-cv-01506-MCA-KMT, 2012 WL 527206, at *2 (D. Colo. Feb. 16, 2012). Or, plaintiffs will move solely for leave to amend their complaint, and the court automatically will undertake a Rule 16(b)(4) analysis if the scheduling order deadlines have expired. *See, e.g.*, *Enterprise Mgm't Ltd., Inc. v. Warrick*, No.

10-cv-00660-JLK-KMT, 2012 WL 1110081, at *2 (D. Colo. Apr. 3, 2012); *Rabin v. Fidelity Nat. Prop. & Cas. Ins. Co.*, No. 10-cv-01645-LTB-KLM, 2012 WL 527479 (D. Colo. Feb. 17, 2012); *Ross v. Colo. Dep't of Transp.*, No. 11-cv-02603-REB-KMT, 2012 WL 7700140 (D. Colo. Aug. 22, 2012).  Either way, plaintiffs file for leave to amend their complaint.  But Plaintiffs did not do so here.

To the extent Plaintiffs are attempting to formally seek leave to amend their TAC, their request is insufficient because it does not contain a proposed amended pleading.  *See* D.C.COLO.LCivR 15.1(b).  And as the Association argued in support of its Motion to Dismiss the TAC, if Plaintiffs do seek leave to amend their TAC,[4] the Association will respond separately to their request, explaining that, among other reasons, Plaintiffs' concession that Declaration Section 19.8 is unambiguous obviates the need to amend to add documents because any interpretations, even if by attorneys, of Section 19.8 or of the statute defining timesharing are inadmissible and cannot, as a matter of law, alter the Declaration's or statute's unambiguous meaning.  *See Specht v. Jensen*, 853 F.2d 805, 808 (10th Cir. 1988) (noting that "legal opinions as to the meaning of the contract terms at issue" would be inadmissible) (citation omitted).

\*        \*        \*

Ultimately, Plaintiffs cannot satisfy Rule 16(b)(4)'s "good cause" standard by pointing to evidence they contend supports their existing claims, and they fail to identify with specificity

---

[4] Plaintiffs hint that they will seek leave to raise claims of constructive fraud and promissory estoppel.  *See* Mot. ¶ 2.  But to the extent Plaintiffs articulate any basis for these claims at all, the only allegations supporting those claims appear to be the same as those raised in the TAC—that the Association permitted the trading program in violation of Section 19.8 and failed to hold a vote on the program.  *See id.* ¶¶ 7–9.  The Association's arguments in its Motion to Dismiss and its Reply would similarly apply to such claims, and thus this Court should not delay ruling on the Motion to Dismiss based on Plaintiffs' suggestion that they may seek leave to add those claims.

exactly what new evidence is necessary to support any particular new cause of action.  And Plaintiffs have not formally sought leave to amend their TAC, so this Court and the Association are left to guess exactly what new claims and new evidence Plaintiffs contend they have been diligently seeking and only just now discovered.  Accordingly, this Court should deny Plaintiffs' request to amend the Scheduling Order to extend their deadline to amend their TAC.

<u>**CONCLUSION**</u>

For all of the foregoing reasons, the Association respectfully requests that the Court deny Plaintiffs' motion to amend the Scheduling Order.

Respectfully submitted this 6th day of January, 2017.

s/ Daniel F. Shea
**Daniel F. Shea**
**Jessica Black Livingston**
HOGAN LOVELLS US LLP
1200 Seventeenth Street, Suite 1500
Denver, Colorado 80202
Telephone: (303) 899-7300
FAX: (303) 899-7333
E-mail: dan.shea@hoganlovells.com
E-mail:jessica.livingston@hoganlovells.com

*Attorneys for Defendant Aspen Highlands Condominium Association*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 6, 2017, I electronically filed the foregoing **DEFENDANT ASPEN HIGHLANDS CONDOMINIUM ASSOCIATION'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| **Michael J. Reiser**<br>Law Office of Michael J. Reiser<br>961 Ygnacio Valley Road<br>Walnut Creek, CA 94596<br>reiserlaw@gmail.com<br><br>**Matthew C. Ferguson**<br>The Matthew C. Ferguson Law Firm, P.C.<br>119 South Spring, Suite 201<br>Aspen, Colorado 81611<br>matt@matthewfergusonlaw.com<br><br>**Michael L. Schrag**<br>Gibbs Law Group LLP<br>1 Kaiser Plaza, Suite 1125<br>Oakland, CA 94612<br>mls@classlawgroup.com<br><br>**Tyler R. Meade**<br>The Meade Firm P.C.<br>1816 Fifth Street<br>Berkeley, CA 94710<br>tyler@meadefirm.com<br><br>***Attorneys for Plaintiffs*** | **Naomi G. Beer**<br>1200 17th Street, Suite 2400<br>Denver, Colorado 80202<br>Phone: (303) 572-6500<br>Fax: (303) 572-6540<br>BeerN@gtlaw.com<br><br>**Attorneys for Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., Ritz-Carlton Management Company, LLC, Cobalt Travel Company, LLC and Lion & Crown Travel Company, LLC** |

s/ Daniel F. Shea