**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:16-cv-01301-PAB-GPG

RCHFU, LLC, et al.,

    Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, et al.,

    Defendants.

**DEFENDANT ASPEN HIGHLANDS CONDOMINIUM ASSOCIATION'S
RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO STAY CASE**

Defendant Aspen Highlands Condominium Association, Inc. ("Association") respectfully submits this response in opposition to Plaintiffs' motion to stay the case (the "Motion") (Dkt. No. 89).

Plaintiffs ask this Court to stay this case for 60 days, with the exception of their "outstanding discovery issues" with the Marriott Defendants. Mot. at 2 n.1. They argue that a stay is necessary because—after failing to comply with the demand requirement in the Declaration of Condominium for Aspen Highlands Condominiums ("Declaration")—Plaintiffs have now provided the Association with notice of their claims under Section 7.8.3 of the Declaration, and they need to give the Association the required 60 days to consider their allegations. Although the Association consents to a stay of discovery and motions practice, the Association opposes Plaintiffs' Motion to the extent it would prevent the Court from ruling on the Association's pending Motion to Dismiss Plaintiffs' Third Amended Complaint (Dkt. No 83).

1

## BACKGROUND

Plaintiffs are members of the Ritz-Carlton Club, Aspen Highlands ("Club"), who own deeded 1/12 fractional ownership interests in their condominium units.  Plaintiffs are upset that Club members were given the opportunity to participate in a voluntary trading program whereby they can trade in one of their weeks at the Aspen Highlands with the Marriott Vacation Club, allowing members of an allegedly lesser-status, non-luxury vacation club to frequent the Aspen Highlands location.  *See* Third Amended Complaint ("TAC"), Dkt. No. 79, Ex. M at 2 (explaining that the "opportunity is totally optional and voluntary").  Plaintiffs allege that the Association's decision to give Club members this option breached the Association's fiduciary duty to them and devalued their Fractional Ownership Interests by at least 80%.  TAC ¶¶ 5–10.

The Association moved to dismiss Plaintiffs' claims in part because Plaintiffs failed to make a demand of the Association's Executive Board with regard to any of their allegations, as required by the Declaration.  *See* Dkt. No. 46 at 5–6; Dkt. No. 83 (incorporating by reference all arguments in Dkt. No. 46).  Specifically, the Declaration requires that any owner seeking to sue to enforce the terms of the Declaration must first make a demand on the Association's Executive Board before the owner can prosecute the claim.  TAC, Ex. H ¶ 7.8.3.  Plaintiffs did not do so here.  Yet they bring this action in an attempt to enforce the Declaration, specifically alleging that the Association breached its fiduciary duties that arose from the Declaration, including its "duty to enforce restrictive covenants set forth in the Declaration" and failure to enforce Section 19.8 of the Declaration.  *See* TAC ¶¶ 24, 54, 62, 65–66, 70–74, 81–82, and 86–87.

Plaintiffs admit that they failed to satisfy the demand precondition in the Declaration but attempt to justify their failure by arguing that doing so would have been futile.  Dkt. No. 59 at

2

6–8. However, the Declaration does not excuse the demand requirement due to futility, and Colorado law requires Plaintiffs to plead facts in support of futility in their complaint if they fail to make a demand. *See Hirsch v. Jones Intercable, Inc.*, 984 P.2d 629, 634 (Colo. 1999) (stating general rule that plaintiff must plead futility); *Bell v. Arnold*, 175 Colo. 277, 285–86 (1971); *New Crawford Valley, Ltd. v. Benedict*, 847 P.2d 642, 644 (Colo. App. 1993) (highlighting specific allegation that "any such demand would be futile"); *see also Griggs v. Jornayvaz III*, No. 09-cv-00629-PAB-KMT, 2010 WL 4932674 at *4 (D. Colo. Nov. 29, 2010) (Brimmer, J.) (noting plaintiffs "allege[d] that such a demand would have been futile"). Plaintiffs did not plead futility in their TAC.

Plaintiffs now argue that their failure to satisfy Section 7.8.3 of the Declaration is curable by amendment. Mot. at 5–7; *see also* Dkt. No. 87 ¶ 16. In an effort to cure, on December 20, 2016, Plaintiffs submitted a Notice to the Association pursuant to Declaration Section 7.8.3 (the "Notice"). The Association currently is assess the allegations in the Notice and determining how to respond. Without waiving any arguments as to Plaintiffs' ability to correct their failure by making a post-suit demand, the Association withdrew its argument that the TAC must be dismissed because Plaintiffs failed to make a demand under Section 7.8.3 of the Declaration. *See* Dkt. No. 92 at 2. The Association's remaining basis for dismissal—that it is protected by the business judgment rule—was not withdrawn and remains ripe for review.

## ARGUMENT

The Association agrees that this Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). And the Association consents to a stay only of discovery and motions practice, while it evaluates

3

the allegations in the Notice. However, since Plaintiffs filed their Motion, the parties have completed briefing on the Association's and the Marriott Defendants' Motions to Dismiss the TAC. *See* Dkt. Nos. 91 & 92 (Marriott Defendant's and Association's reply briefs in support of their respective motions to dismiss Plaintiffs' TAC). The Association moved to dismiss the TAC on the basis that its decision to allow the voluntary trading program is protected by the business judgment rule. *See* Dkt. No. 46 at 7–11; Dkt. No. 92 at 3–7. That motion remains pending and ripe for the Court's determination, and the Association objects to any stay that would prevent the Court from ruling on it.

The Association's protection from Plaintiffs' claims under the business judgment rule is entirely separate and independent from whether Plaintiffs have satisfied the Declaration's demand requirement. Thus, there is no reason why the Court should not exercise its authority to decide the legal issue the Association raises in its Motion to Dismiss. This Court has the inherent authority to dismiss legally unsound claims regardless of the procedural posture of the case. "District courts have the inherent power to manage their dockets," *United States v. Schneider*, 594 F.3d 1219, 1226 (10th Cir. 2010) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)), which "includes the decision to determine which claims to consider," *Sipp v. Unumprovident Corp.*, 107 F. App'x 867, 875 (10th Cir. Aug. 20, 2004); *Weinbaum v. Las Cruces Pub. Sch.*, 465 F. Supp. 2d 1116, 1143 n.26 (D.N.M 2006); *see also Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 218 (5th Cir. 1998) (affirming district court's decision to rule on the "potentially dispositive issue" first). In fact, "the Court is expected to act as expeditiously as possible" in resolving disputes. *Muller v. Islands at Rio Rancho Homeowners Ass'n*, No. 13-351 LFG/RHS, 2013 WL 12085430, at *1 (D.N.M Nov. 5, 2013).

4

A court's decision to rule on a fully briefed motion is "appropriate based on its inherent authority to manage its docket." *Id.* (citing *In re Peterson*, 338 F. App'x 763, 764 (10th Cir. July 24, 2009)). And a court can rule at any time on a motion to dismiss because a court can always rule on issues of law. *See, e.g.*, *Neubarth v. Hartford Life & Acc. Ins. Co.*, 792 F. Supp. 2d 1360, 1364 (S.D. Fla. 2011) (granting defendant's motion to dismiss on the issue of disgorgement even though discovery had not been held on the issue because it was an "issue of law"). Thus, it is within this Court's discretion and inherent authority to rule on the Association's Motion to Dismiss because it challenges the sufficiency of the TAC as a matter of law. Accordingly, this Court can and should proceed to rule on the merits of the Association's Motion to Dismiss the TAC even if it grants Plaintiffs' motion to stay.[1]

## CONCLUSION

For all of the foregoing reasons, the Association respectfully requests that the Court deny Plaintiffs' motion to stay the case to the extent it would prevent the Court from ruling on the Association's pending Motion to Dismiss Plaintiffs' Third Amended Complaint.

---

[1] Plaintiffs have forecasted that they will seek leave to amend their TAC to raise new claims of constructive fraud and promissory estoppel. *See* Dkt. No. 87 ¶ 2. If Plaintiffs do seek leave to amend, the Association will respond separately to their request. It will explain that, among other reasons, Plaintiffs' concession that Declaration Section 19.8 is unambiguous obviates the need to amend the TAC to add supporting documents because any interpretations, even if by attorneys, of Section 19.8 or of the statute defining timesharing are inadmissible and cannot, as a matter of law, alter the Declaration's or statute's unambiguous meaning. *See Specht v. Jensen*, 853 F.2d 805, 808 (10th Cir. 1988) (noting that "legal opinions as to the meaning of the contract terms at issue" would be inadmissible) (citation omitted). Moreover, to the extent Plaintiffs articulate any basis for these new claims at all, the only allegations supporting those claims appear to be the same as those raised in the TAC—that the Association permitted the trading program in violation of Section 19.8 and failed to hold a vote on the program. *See* Dkt. No. 87 ¶¶ 7–9. The Association's arguments in its Motion to Dismiss and its Reply would similarly apply to such claims because Plaintiffs' proposed new claims appear to arise from the same common nucleus of operative facts. Thus this Court should not delay ruling on the Motion to Dismiss based on Plaintiffs' suggestion that they may seek leave to add those claims.

Respectfully submitted this 10th day of January, 2017.

> */s/ Daniel F. Shea*
> **Daniel F. Shea**
> **Jessica Black Livingston**
> HOGAN LOVELLS US LLP
> 1601 Wewatta Street, Suite 900
> Denver, CO 80202
> Telephone: (303) 899-7300
> FAX: (303) 899-7333
> E-mail: dan.shea@hoganlovells.com
> E-mail:jessica.livingston@hoganlovells.com
>
> *Attorneys for Defendant Aspen Highlands Condominium Association*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 10, 2017, I electronically filed the foregoing **DEFENDANT ASPEN HIGHLANDS CONDOMINIUM ASSOCIATION'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO STAY CASE** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| **Michael J. Reiser**<br>Law Office of Michael J. Reiser<br>961 Ygnacio Valley Road<br>Walnut Creek, CA 94596<br>reiserlaw@gmail.com<br><br>**Matthew C. Ferguson**<br>The Matthew C. Ferguson Law Firm, P.C.<br>119 South Spring, Suite 201<br>Aspen, Colorado 81611<br>matt@matthewfergusonlaw.com<br><br>**Michael L. Schrag**<br>Gibbs Law Group LLP<br>1 Kaiser Plaza, Suite 1125<br>Oakland, CA 94612<br>mls@classlawgroup.com<br><br>**Tyler R. Meade**<br>The Meade Firm P.C.<br>1816 Fifth Street<br>Berkeley, CA 94710<br>tyler@meadefirm.com<br><br>*Attorneys for Plaintiffs* | **Naomi G. Beer**<br>1200 17th Street, Suite 2400<br>Denver, Colorado 80202<br>Phone: (303) 572-6500<br>Fax: (303) 572-6540<br>BeerN@gtlaw.com<br><br>**Attorneys for Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., Ritz-Carlton Management Company, LLC, Cobalt Travel Company, LLC and Lion & Crown Travel Company, LLC** |

/s/ Daniel F. Shea

7