IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 16-01301 PAB

RCHFU, LLC, et al.

    Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, et al.

    Defendants.

---

### MARRIOTT DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO STAY CASE

Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC and The Lion & Crown Travel Co., LLC (collectively, "Marriott Defendants") respectfully submit this brief in opposition to Plaintiffs' Motion to Stay Case (Dkt. No. 89) ("Motion").

### RELEVANT BACKGROUND

Plaintiffs filed their initial complaint in this action against the Marriott Defendants and the Aspen Highlands Condominium Association ("the Association") on December 31, 2015 in the District Court of Pitkin County, Colorado, but did not serve any of the Defendants with process with respect to that pleading. *See* Dkt. No. 1 ¶ 1. On April 26, 2016, Plaintiffs filed a First Amended Complaint ("FAC") and subsequently served Defendants. *Id.* The Marriott Defendants then removed the action to this Court on May 27, 2016, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332, 1446, and 1453 ("CAFA"). *Id.*

Before Defendants responded to the FAC, Plaintiffs filed a Second Amended Complaint on July 18, 2016 ("SAC"). *See* Dkt. No. 40. The Marriott Defendants and the Association responded to the SAC by filing motions to dismiss on July 25, 2016. *See* Dkt. Nos. 46, 47. Briefing on Defendants' motions to dismiss the SAC was completed on August 29, 2016. *See* Dkt. Nos. 58, 59, 63, 64. While Defendants' motions to dismiss the SAC were pending, Plaintiffs were granted leave to file a Third Amended Complaint ("TAC"), and filed a TAC and a corrected version of the TAC on November 7, 2016 and November 11, 2016, respectively. *See* Dkt. Nos. 71, 74, 77, 79. Defendants moved to dismiss the TAC on November 23, 2016, *see* Dkt. Nos. 83, 84, and briefing on Defendants' motions to dismiss the TAC was completed on December 28, 2016. *See* Dkt. Nos. 85, 86, 91, 92.[1] Those motions remain pending.

Amidst the briefing on Defendants' motions to dismiss the TAC, Plaintiffs filed two motions of their own: (1) on December 16, 2016, a motion to modify the Scheduling Order (Dkt. No. 60) to permit Plaintiffs to move for leave to file a Fourth Amended Complaint beyond the October 2, 2016 deadline set forth in the Scheduling Order (Dkt. No. 87);[2] and (2) this Motion to stay the case for 60 days to allow Plaintiffs "to satisfy a purported condition precedent to filing suit against" the Association. *See* Motion at 2.

---

[1] When the TAC became the operative pleading, the Court denied Defendants' pending motions to dismiss the SAC as moot. *See* Dkt. No. 78. Accordingly, the parties jointly moved the Court for an order applying Defendants' motions to dismiss the SAC to the TAC. *See* Dkt. Nos. 80, 81. The Court granted that motion in part, directing the parties to file new motions to dismiss, responses, and replies, but permitting the parties to incorporate their previous filings by reference. *See* Dkt. No. 82.

[2] The Marriott Defendants filed a brief in opposition to this motion on January 6, 2016. *See* Dkt. No. 93.

## ARGUMENT

In its initial motion to dismiss, filed in July 2016, the Association argued that Plaintiffs failed to comply with a provision in the governing Declaration of Condominium for Aspen Highlands Condominiums ("Declaration") that required Plaintiffs to provide the Association with pre-suit notice that it was in violation of the Declaration, as well as a 60-day opportunity to take action in response to the notice. *See* Dkt. No. 46 at 5-7. Plaintiffs waited another five months (and nearly a year after the filing of the initial complaint) to serve the Association last month with the required pre-suit notice (although, having waited until after this litigation was commenced, the notice was, admittedly, not ***pre***-suit). *See* Motion at 2. Plaintiffs now seek a 60-day stay of the case in an attempt to belatedly fulfill their obligations under the Declaration (*i.e.,* to provide the Association with an opportunity to take action in response to the notice). *Id.* They qualify their stay Motion, however, with the incongruous request that they be permitted to pursue discovery from the Marriott Defendants while any stay is in effect. *Id.* at n.1 and 7; *see also* Dkt. No. 89-1.

As the Motion is based on Plaintiffs' duty to provide the Association with pre-suit notice, which does not involve the Marriott Defendants, the Marriott Defendants take no position on the merits of Plaintiffs' argument that the case should be stayed. *See* Motion at 5-7. However, to the extent Plaintiffs seek permission to pursue discovery from or otherwise engage in activity with the Marriott Defendants if the case is stayed, Plaintiffs' request should be denied. Indeed, Plaintiffs have not offered any authority for the proposition that they should be permitted to engage in discovery or other activity if the Court agrees with Plaintiffs' Motion and stays this case. None of the decisions on which Plaintiffs rely in support of their contention that a stay is

3

warranted here involved a result in which the Court stayed the case but permitted discovery to go forward. *See* Motion at 5-6 (citing *N-Tron Corp. v. Rockwell Automation, Inc.*, 2010 WL 653760 (S.D. Ala. Feb. 18, 2010) (staying entire case to allow parties to satisfy pre-suit dispute resolution requirement in parties' contract); *Cunningham & Assocs., PLC v. Arag, LLC*, 842 F. Supp. 2d 25 (D.D.C. Jan. 31, 2012) (same); *Mobility Transit Servs., LLC v. Augusta, Ga.*, 2013 WL 3225475 (S.D. Ga. June 25, 2013) (same); *United Food & Commercial Works Int'l Union, Local No. 7 v. Safeway, Inc.*, 2014 WL 901759 (D. Colo. Mar. 7, 2014) (staying and administratively closing case pending arbitration); *United Food & Commercial Works Int'l Union, Local No. 7 v. King Soopers, Inc.*, 2015 WL 1041618 (D. Colo. Mar. 6, 2015 (same)). Accordingly, if Plaintiffs prevail on this Motion and the case is stayed, all mandatory activity in the case should cease until the stay is lifted.

## CONCLUSION

For all of the foregoing reasons, the Marriott Defendants take no position on Plaintiffs' Motion, except to respectfully request that if the Court grants Plaintiffs' request for a 60-day stay of the case, any such Order granting the Motion should provide that there is no obligation of any party to proceed with discovery or other activities during the stay.

Dated:  January 11, 2017                                         Respectfully submitted,

                                                        GREENBERG TRAURIG, LLP

                                   By:     *s/ Naomi G. Beer*
                                            Naomi G. Beer
                                            Philip R. Sellinger
                                            Ian S. Marx
                                            1200 Seventeenth Street, Suite 2400
                                            Denver, Colorado 80202
                                            Tel:     303.572.6500
                                            Fax:    303.572.6540

5

Email: BeerN@gtlaw.com
SellingerP@gtlaw.com
MarxI@gtlaw.com

*Attorneys for the Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, and The Lion & Crown Travel Co., LLC*

CERTIFICATE OF SERVICE

I hereby certify that, on January 11, 2017, a true and accurate copy of the foregoing **MARRIOTT DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO STAY CASE** was filed and served with the Clerk of the Court via CM/ECF filing system, which will send notification to the following:

Michael J. Reiser
Lilia Bulgucheva
Law Office of Michael J. Reiser
1475 N Broadway, Suite 300
Walnut Creek, CA 94596
*Counsel for Plaintiffs*

Matthew C. Ferguson
The Matthew C. Ferguson Law Firm, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611
*Counsel for Plaintiffs*

Tyler R. Meade
The Meade Firm P.C.
1816 Fifth Street
Berkeley, CA 94710
*Counsel for Plaintiffs*

Linda Pham Lam
Michael Schrag
Gibbs Law Group LLP
505 14th Street, Suite 1100
Oakland, CA 94612
*Counsel for Plaintiffs*

Daniel F. Shea
Jessica Black Livingston
Hogan Lovells US LLP
1601 Wewatta Street, Suite 900
Denver, Colorado 80202
*Counsel for Aspen Highlands Condominium Association*

*s/ Karen R. Loveland*
Karen R. Loveland

*(Original on file at offices of Greenberg Traurig, LLP, pursuant to C.R.C.P. 121, § 1-26)*