# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No.: 16-01301 PAB-GBG

RCHFU, LLC, *et al.*,

    Plaintiffs,

vs.

MARRIOTT VACATIONS WORLDWIDE
CORPORATION, *et al.*

    Defendants.

_____/

**STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIALITY
OF DISCOVERY MATERIALS**

Based on the stipulation of the parties, and all the files, records, and proceedings in this action, **IT IS HEREBY ORDERED** that confidential information be disclosed as follows:

1. As used in this Stipulated Protective Order Regarding the Confidentiality of Discovery Materials ("Protective Order"), these terms have the following meanings:

    a. "Attorneys" means counsel of record and their respective partners, of counsel, associates, paralegals, and similar professional or paraprofessional staff;

    b. "Confidential" documents are documents designated pursuant to paragraph 2;

    c. "Documents" are all materials within the scope of Fed. R. Civ. P. 34;

    d. "Outside Vendors" means messenger, copy, coding, and other clerical-service companies or individuals not employed by a party or its Attorneys but providing litigation support; and

    e. "Written Assurance" means an executed document in the form attached as **Exhibit A.**

2. A Party may designate any document as "Confidential," including interrogatory responses, other written discovery responses, or portions of transcripts of depositions or

hearings, but only to protect trade secrets, or other confidential research development or commercial information within the scope of Fed. R. Civ. P. 26(c)(G).

3.   All Confidential documents, along with the information contained in the documents, shall be used for the purpose of this action, or any other action related to the Ritz-Carlton Residence Club or Marriott Vacation Club, including but not limited to *Petrick, et al. v. Marriott Vacations Worldwide Corporation, et al.* (San Francisco Superior Court, Case Number CGC 15-545987) and *Reiser, et al. v. Marriott Vacations Worldwide Corporation, et al.*, E.D. Cal., Case Number 16-cv-00237-MCE-CKD) if the Courts in those additional actions have entered a similar Protective Order governing the use and disclosure of documents designated as Confidential.  No person receiving such Confidential documents shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the documents to any person other than those specified in this paragraph 3 or in paragraph 4 below, absent permission from the Court by means of a motion to deviate from or alter the terms of this Protective Order or by Stipulation with the designating party.

4.   Access to any Confidential document shall be limited to:

   a. the Court and its staff;

   b. Attorneys, their law firms and their Outside Vendors;

   c. persons shown on the face of the document to have authored or received it;

   d. court reporters retained to transcribe testimony;

   e. the parties, employees and former employees of the parties, and third party witnesses or deponents who have knowledge relevant to this litigation; and

   f. outside independent persons (*i.e.,* persons not currently or formerly employed by, consulting with or otherwise associated with any party) who are retained by a party or its Attorneys to furnish technical, consulting, or expert services,

2

or to provide assistance as mock jurors or focus group members or the like, or to give testimony in this action.

5. Non-parties producing documents in the course of this action pursuant to subpoena may also designate documents as Confidential subject to the same protections and constraints as the parties. A copy of this Protective Order may be served along with any subpoena served in connection with this action. All documents produced by such non-parties shall be treated as Confidential for a period of 14 days from the date of their production, and during that period any party may designate such documents as Confidential pursuant to the terms of this Protective Order.

6. Each person appropriately designated pursuant to paragraph 4(f) to receive Confidential information shall execute a "Written Assurance" in the form attached as **Exhibit A**. Opposing counsel shall be notified at least 10 days before disclosure to any such person who is known to be a current employee of any competitor of the party whose designated documents are sought to be disclosed. Such notice shall provide a reasonable description of the position of the competitor's employee to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such disclosure within 7 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

7. Any portion of a deposition taken in this action containing trade secret or other confidential information may be designated Confidential and thereby obtain the protections accorded other Confidential documents. Confidentiality designations for portions of depositions (by page and line number) shall be made by written notice to the other party within 14 days of

3

receipt of the transcript. Unless otherwise agreed, depositions shall be treated as Confidential during the 14-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that includes Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

8. Any party who inadvertently fails to identify documents as Confidential shall, promptly upon discovery of his, her or its oversight, provide written notice of the error and substitute appropriately-designated documents. Any party receiving such improperly-designated documents shall retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents. The reasonable cost of doing so shall be reimbursed by the party who inadvertently misidentified the documents.

9. Any party who inadvertently discloses documents that are privileged, protected by the work product doctrine or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned or destroyed. The receiving party shall either return all copies of such inadvertently produced documents, or confirm that they have been destroyed, within 14 days of receiving a written request. The reasonable cost of doing so shall be reimbursed by the party who inadvertently produced the documents.

The receiving party may thereafter seek re-production of any such documents pursuant to applicable law.

10. If a party seeks to restrict another party from filing a document containing Confidential information with the Court, it shall file a motion in compliance with the Local Rule

7.2 of the U.S. District Court for the District of Colorado.  This Protective Order does not apply to the use of Confidential information at a court hearing or at trial.  Pursuant to applicable law, a party may seek further protections from the Court against the disclosure of Confidential information at a hearing or at trial.

11. Any party may request a change in the designation of any information designated Confidential.  Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to following good faith meet and confer discussions, the party seeking to treat the material as Confidential may move the Court for appropriate relief, providing notice to any other party whose designation of produced documents as Confidential in the action may be affected.  The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c)(G).

12. Within 120 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as Confidential, and shall destroy all extracts or data taken from such documents. Upon written request, each party shall provide a certification as to such return or destruction as within the 120-day period.  However, Attorneys shall be entitled to retain a complete set of their litigation files, including all Confidential information.

13. Any party may apply to the Court for a modification of this Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

14. No action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to the discoverability or admissibility of any evidence.

15. The obligations imposed by this Protective Order shall survive the termination of this action.

Dated: _____, 2017        _____
                                                            U.S. MAGISTRATE JUDGE

**EXHIBIT A**
**WRITTEN ASSURANCE**

_____ declares that:

I reside at _____ in the City of _____, County of _____, State of _____.  My telephone number is _____.

I am currently employed by _____, located at _____, and my current job title is _____.

I have read and believe I understand the terms of the Stipulated Protective Order Regarding the Confidentiality of Discovery Materials (the "Protective Order") dated _____ , filed in Case No. 16-01301 PAB, pending in the United States District Court for the District of Colorado.  I agree to comply with and be bound by the provisions of the Protective Order.  I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" obtained pursuant to the Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order.  I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practicable, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated Confidential, and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on _____          _____
              (Date)                                   (Signature)

2