IN THE UNITED STATE DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC**, *et al.*

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION**, *et al.*

Defendants.

---

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION TO STAY CASE**

---

A.   **The Association Does Not Oppose The Stay**

The Association acknowledges that Plaintiffs have served the notice[1] it claims is necessary, and proffer no authority to suggest this post-filing notice is ineffective. Dkt. No. 86 at pp. 1, 3. Further, the Association does not oppose the issuance of a stay. *Id.* Its response is largely a plea for a ruling on the other argument raised in its motion to dismiss. But the motions to dismiss should not be decided before the Court rules on Plaintiffs' motion to modify the scheduling order (Dkt. No. 87), which if granted will be followed by a motion to amend the complaint, including to add new causes of action based on newly produced documents.

---

[1] The Association will apparently take much if not the full 60 days to respond to the notice letter as it is "assessing" and "evaluating" the assertions "and determining how to respond". It has already moved to dismiss denying any responsibility and tries to downplay 200+ plaintiffs as being "upset".

1

### B. The Marriott Defendants Do Not Oppose the Stay, But Mischaracterize Plaintiffs' Request

While not opposing Plaintiffs' motion to stay (Dkt. No. 97 at p. 3), the Marriott Defendants twist Plaintiffs words to suggest that the motion seeks to permit Plaintiffs to take new discovery against the Marriott Defendants while the stay is in effect. *Id.* (asserting an "incongruous request" to "pursue discovery from the Marriott Defendants while any stay is in effect"). This is not true. Nor is it helpful for the Marriott Defendants to seek two months immunity from their failure to produce a single liability record in response to Plaintiffs' requests propounded on September 8, 2016.

Plaintiffs merely propose that the stay not suspend an ongoing meet and confer process between Plaintiffs and the Marriott Defendants on "*outstanding discovery issues on previously served discovery.*" Dkt. No. 89 at p. 2, n. 1 (italics added); *see also id.* at 7 ("During the stay, Plaintiffs should still be permitted to continue meeting and conferring with the Marriott Defendants over outstanding discovery issues"). This minor proviso, which is in no way inconsistent with the requested stay, is required because the Marriott Defendants have been extremely slow to produce any liability documents[2] *requested more than four months ago*.

Plaintiffs served comprehensive requests for production on the Marriott Defendants on September 8, 2016. Ferguson Decl. at ¶ 4.[3] The Marriott Defendants insisted on entry of a protective order, but have delayed that process for three months, ignoring repeated requests to finalize the order. Ferguson Decl. at ¶ 6-8. Even though the protective order is now in place (Dkt.

---

[2] Many of the produced records pertain to Plaintiffs' usage of their devalued Units.

[3] Declaration of Plaintiffs' counsel Matthew C. Ferguson dated January 24, 2017.

No. 100), the Marriott Defendants' document production will not occur until the parties complete a detailed meet and confer process that began in November and continues today.

In November 2016, the Marriott Defendants proposed that the parties meet and confer on a list of custodians whose electronically stored information would be preserved and reviewed, and on a list of search terms to be used in aid of the process. Ferguson Decl. at ¶ 9. Plaintiffs expressed a willingness to proceed on these terms (subject to certain caveats) in a letter dated November 25, 2016, and the meet and confer process continued with further letters exchanged on December 5 and 20, 2016, and January 6, 2017. Ferguson Decl. at ¶ 10-11. The parties also held a lengthy and very productive telephonic conference on January 18, 2017. Ferguson Decl. at ¶11-12.

In short, Plaintiffs' proposal was carefully framed to allow this meet and confer to continue during the pendency of the stay. Plaintiffs did not propose propounding new discovery – against the Marriott Defendants or anyone else – during the pendency of the stay. Nor have Plaintiffs done so.

DATED this 24th day of January, 2017

Respectfully submitted,

| LAW OFFICE OF MICHAEL J. REISER | THE MATTHEW C. FERGUSON LAW FIRM, P.C. |
|---|---|
| ___/s/ Michael J. Reiser_____ | ___/s/ Matthew C. Ferguson_____ |
| Michael J. Reiser, # 16161 | Matthew C. Ferguson, #25687 |
| 1475 N. Broadway, Suite 300 | 119 South Spring, Suite 201 |
| Walnut Creek, CA 94596 | Aspen, Colorado 81611 |
| Telephone: (925) 256-0400 | Telephone: (970) 925-6288 |
| Facsimile: (925) 476-0304 | Facsimile: (970) 925-2273 |
| E-mail: michael@reiserlaw.com | E-mail: matt@matthewfergusonlaw.com |

3

GIBBS LAW GROUP, LLP                                 THE MEADE FIRM, P.C.


  /s/ Michael Schrag                                   /s/ Tyler Meade
Michael Schrag (CA State Bar # 185832)               Tyler Meade (CA State Bar # 160838)
Linda Lam (CA State Bar# 301461)                     1816 Fifth Street
505 14th Street, Suite 1110                          Berkeley, CA  94710
Oakland, CA 94612                                    Telephone: 510-843-3670
Phone: (510) 350-9718                                E-mail: tyler@meadefirm.com
Facsimile: (510) 350-9701
E-mail: mls@classlawgroup.com
E-mail: lpl@classlawgroup.com

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 24, 2017, I electronically filed the foregoing **PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION TO STAY CASE** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| **Michael J. Reiser** <br> **Lilia Bulgucheva** <br> Law Office of Michael J. Reiser <br> 1475 N. Broadway, Suite 300 <br> Walnut Creek, CA 94596 <br> michael@reiserlaw.com <br> lilia@reiserlaw.com <br><br> **Matthew C. Ferguson** <br> The Matthew C. Ferguson Law Firm, P.C. <br> 119 South Spring, Suite 201 <br> Aspen, Colorado 81611 <br> matt@matthewfergusonlaw.com <br><br> **Michael L. Schrag** <br> Gibbs Law Group LLP <br> 505 14th Street, Suite 1110 <br> Oakland, CA 94612 <br> mls@classlawgroup.com <br><br> **Tyler R. Meade** <br> The Meade Firm P.C. <br> 1816 Fifth Street <br> Berkeley, CA 94710 <br> tyler@meadefirm.com <br><br> *Attorneys for Plaintiffs* | **Daniel F. Shea, Esq.** <br> **Jessica Black Livingston, Esq.** <br> Hogan Lovells US LLP <br> 1200 Seventeenth Street, Suite 1500 <br> Denver, Colorado 80202 <br> Telephone: (303) 899-7300 <br> Fax: (303) 899-7333 <br> dan.shea@hoganlovells.com <br> jessica.livingston@hoganlovells.com <br> *Attorneys for Defendant Aspen Highlands Condominium Association* <br><br> **Naomi G. Beer** <br> **Ian S. Marx, Esq.** <br> **Philip R. Sellinger, Esq.** <br> Greenberg Traurig, LLP <br> 1200 17th Street, Suite 2400 <br> Denver, Colorado 80202 <br> Phone: (303) 572-6500 <br> Fax: (303) 572-6540 <br> BeerN@gtlaw.com <br> SellingerP@gtlaw.com <br> MarxI@gtlaw.com <br> *Attorneys for Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., Ritz-Carlton Management Company, LLC, Cobalt Travel Company, LLC and Lion & Crown Travel Company, LLC* |

                                                  */s/ Tyler R. Meade*
                                                  Tyler R. Meade
                                                  Attorney for Plaintiffs
                                                  The Meade Firm P.C.
                                                  1816 Fifth Street
                                                  Berkeley, CA 94710
                                                  Fax: (510) 843-3679
                                                  tyler@meadefirm.com