IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC et al.**

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION et al.**

Defendants.

---

**PLAINTIFFS' REPORT FOR STATUS CONFERENCE ON FEBRUARY 15, 2017**

---

Plaintiffs, by and through their undersigned counsel, submit the following Report for Status Conference in advance of the Status Conference set by Magistrate Judge Gordon P. Gallagher for February 15, 2017, at 4:00 PM:

1. On February 9, 2017, the Court entered a Minute Order [Doc. 103] directing the parties to arrange a time for a hearing before Your Honor to hear further argument with regard to Plaintiffs' Motion to Modify Scheduling Order [Doc. 87] and Plaintiffs' Motion to Stay Case [Doc. 89].

2. On February 10, 2016, this Court entered a Minute Order directing the parties to appear at this Status Conference in order to address the above noted motions, and also to discuss discovery issues in this case. [Doc. 103(a)].

3. Plaintiffs report here briefly on the status of discovery in order to inform the Court in advance and provide an agenda for discovery matters from their point of view. Plaintiffs

set forth a detailed history of the relevant procedural history in their Motion to Modify Scheduling Order. [Doc. 87]. Certain discovery is described at paragraphs 21 through 28 – primarily document production of the Association.

4. Both the Marriott Defendants[1] and Association have resisted setting depositions. Both sought a stay of discovery during the pendency of their motions to dismiss. No stay has been granted for this reason. The Association has produced records, which process is described in Plaintiffs' motion to modify. *Id.* Additional follow up discovery will be propounded by Plaintiffs to the Association; but the Association has generally been proceeding with celerity on written discovery.

5. As stated, Plaintiffs propounded their first set of written discovery to both The Association and Marriott Defendants on September 8, 2016; both filed responses and objections on October 11, 2016.

6. Since then, the Marriott Defendants have proceeded in very slow fashion. The Marriott Defendants produced 4871 pages of records on November 10, 2016. Nothing has been produced since then. The records produced are documents like the governing Association documents (which Plaintiffs have), Ritz's records about Plaintiffs communication logs for use of the units (voluminous and not highly relevant), some Association budgets and Owner Usage Summaries (voluminous and not highly relevant). This represents the tip of the iceberg in terms of what needs to be produced.

---

[1] Marriott Ownership Resorts Inc., d/b/a/ Marriott Vacation Club International ("MVCI"), Marriott Vacations Worldwide Corporation ("MVW"), Aspen Highlands Condominium Association, Inc., Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, The Lion & Crown Travel Co., LLC.

2

7. It took many weeks (10) to get the Protective Order [Doc. 100] that the Marriott Defendants wanted into place – even though Plaintiffs agreed to the order with minor changes. Plaintiffs' counsel enjoy a cooperative collegial relationship with counsel for the Marriott Defendants and conferrals are constructive. In fact, both sets of counsel[2] are prosecuting three similar cases involving the Marriott Defendants: (i) *Reiser v. Marriott Vacations Worldwide Corporation, et al,* Case No.: 2:16-cv-00237-MCE-CKD pending in the United States District Court, Eastern District of California ("Tahoe Case"); (ii) *Petrick, et al. v. Marriott Vacations Worldwide Corporation, et al.* Case No. CGC 15-545987, Superior Court of the State of California, in and for the County of San Francisco ("San Francisco Case"); and (iii) this case ("Aspen Case"). This means that requests and conferrals on the written discovery to Marriott Defendants generally apply to all three cases as there is very significant overlap in the cases, claims, defenses and the documents being sought. The parties have agreed that, in the interest of efficiency, the Marriott Defendants will produce the same set of documents in all three cases.

8. That said and while Plaintiffs' efforts to obtain discovery are met with cooperation and agreement, the process has been unacceptably slow. Weeks have passed waiting for the Marriott Defendants to respond or follow up.

9. Plaintiffs realize that they requested a stay and have thus sought simply to confer on matters such as the identity of custodians and search terms, as the Motion to Stay Case would expressly allow. [Doc. 89 at p. 2 n. 1 ("Plaintiffs request that during the stay, Plaintiffs and the Marriott Defendants may continue to meet and confer over outstanding discovery issues relating

---

[2] Matthew C. Ferguson and Michael Schrag are counsel only in this case.

3

to previously served discovery").] Plaintiffs have spent much effort providing the names of custodians and creating search terms.

10. The concern is that the Marriott Defendants remain months behind in locating and producing even basic liability records.

11. The Marriott Defendants have filed similar Fed. R. Civ. P. 12(b)(6) motions in the three cases, Tahoe, San Francisco and Aspen. It is clear that the Marriott Defendants have "slow walked" discovery to some extent on the chance that their dispositive motions would be granted and the cases dismissed. This will not occur.

12. On February 13, 2017, United States District Judge Morrison C. England, Jr. for the United States District Court for the Eastern District of California rendered a decision in the Tahoe Case denying the Marriott Defendants' motion to dismiss that case. Attached hereto as **EXHIBIT "1"** is a copy of Judge England's Memorandum and Order, entered on February 13, 2017. Judge England denied the Marriott Defendants' motion seeking dismissal in all respects and has found that all the causes of action pled in the Tahoe case can proceed.

13. This ruing by Judge England eliminates the scenario that the Marriott Defendants have apparently been hoping and waiting for — that wins on motions to dismiss filed in each of the three cases would relieve them of the obligation to produce further responsive documents, including the most relevant and damaging ones that have been not been produced.

14. Attached hereto as **EXHIBIT "2"** is a copy of an e-mail string (January 19, 2017) setting forth a synopsis of the conferrals and agreements with counsel for the Marriott Defendants. It can serve as a good road map for the Status Conference to report on both progress so far and the work that needs to be accomplished. There are several items in the conferral that

4

still require responses from the Marriott Defendants. Responses have been requested in anticipation of the conference.

15. Plaintiffs are concerned that written discovery (production of documents) must be accomplished in short order and that the depositions be scheduled promptly. Plaintiffs expect that today the Marriott Defendants can commit to dates certain for the production of their records. Absent a commitment, Plaintiffs will request court directed deadlines for document production and the commencement of depositions.

16. Additionally, regardless of the disposition of the Association's motion to dismiss, its directors must appear for depositions and there is no reason to delay the commencement of those depositions. They are key witnesses in the case. The Association has resisted these depositions and instead repeatedly asks for disposition of its motion.

17. Plaintiffs would have preferred to have records from all Defendants, but assert that the case cannot wait for disposition of all motions and the production of all records in advance.

DATED: February 15, 2017.

                                      Respectfully submitted,

                                      THE MATTHEW C. FERGUSON LAW FIRM, P.C.

                                      */s/ Matthew C. Ferguson*
                                      Matthew C. Ferguson, #25687
                                      119 South Spring, Suite 201
                                      Aspen, Colorado 81611
                                      Telephone: (970) 925-6288
                                      Facsimile: (970) 925-2273
                                      E-mail: matt@matthewfergusonlaw.com
                                      *Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 14th day of February 15, 2017, a true and accurate copy of the foregoing **PLAINTIFFS' REPORT FOR STATUS CONFERENCE ON FEBRUARY 15, 2017,** was filed and served via CM/ECF filing system upon following:

Matthew C. Ferguson, Esq.
The Matthew C. Ferguson Law Firm, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611

Michael J. Reiser, Esq.
Lilia Bulgucheva, Esq.
Law Office of Michael J. Reiser
1475 N. Broadway, Suite 300
Walnut Creek, California 94596

Tyler R. Meade, Esq.
The Meade Firm P.C.
1816 Fifth Street
Berkeley, California 94710

Daniel F. Shea, Esq.
Jessica Black Livingston, Esq.
Hogan Lovells US LLP
1200 Seventeenth Street, Suite 1500
Denver, Colorado 80202

Naomi G. Beer, Esq.
Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, Colorado 80202

Ian S. Marx, Esq.
Philip R. Sellinger, Esq.
Greenberg Traurig, LLP
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932

*/s/ Robin White*
Robin White

4822-3586-4899, v. 1

6