| | |
|---|---|
| **From:** | MarxI@gtlaw.com |
| **To:** | tyler@meadefirm.com |
| **Cc:** | Matthew Ferguson; michael@reiserlaw.com; lilia@reiserlaw.com; mls@classlawgroup.com; lpl@classlawgroup.com; melissa@meadefirm.com; SellingerP@gtlaw.com; lesserd@gtlaw.com; ZisekR@gtlaw.com |
| **Subject:** | RE: Ritz Cases: Summarizing our call on the document production protocol |
| **Date:** | Thursday, January 19, 2017 3:31:01 PM |
| **Attachments:** | image001.png |

Tyler:

Thanks for your summary. Some additional thoughts are provided in the text below your points:

1. *First, thanks for acknowledging that your duty to find responsive documents extends beyond the search-term based review that we discussed.*

    We are aware of the duties imposed by the Federal Rules, with which we will comply. As discussed, we will be using a search-term based review process to identify potentially responsive documents contained in the electronically stored information that we have preserved from the relevant custodians. As illustrated by the two hypotheticals we discussed on our call yesterday, we agree that our use of this procedure will not preclude our production of otherwise responsive documents – thus, if we are aware of a file cabinet of responsive documents that would not be uncovered by the ESI searches, or similarly of a file folder of highly relevant documents kept by one of the custodians, those documents will be produced.

2. *Second, you confirmed that Mazilli, Phillips, the Ritz/Marriott-appointed board members, and the email address member.inquiry@ritzcarltonclub.com will be added to the list of ESI custodians pursuant to our December 20 letter.*

    Correct. Also, we will let you know the identities of any additional Ritz/Marriott employee board members whom we are adding to the list of custodians.

3. *Third, we will serve a subpoena on Ritz-Carlton Hotel Co., although we continue to believe that this is not necessary. You agreed to let us know*

**EXHIBIT '2"**

*whether this will result in the ESI associated with Black, Hansen, Hearns, DiMeglio, Mouffe and the email address laketahoeclubboard@ritzcarlton.com being handled as you outlined in your December 5 letter and today's call.*

Correct; we will follow-up and respond to your inquiry.

4. *Fourth, you agreed to let us know whether you have ESI for Mary Ann Woodward, the former employee.*

   Correct; we will follow-up and respond to your inquiry.

5. *Fifth, we requested that you provide us with the number of "hits" on each of our search terms, and you indicated that you thought this was feasible. Please confirm that at your earliest convenience. We agreed to evaluate workarounds in the event some result in too many hits.*

   As discussed, we will consult with Capital Novus to determine whether this request is feasible and report back. In any event, we do envision a process in which we and you have a back and forth dialogue with respect to proposed search terms and numbers of "hits" so that we can arrive at a set of search terms that makes sense (and is neither over nor under inclusive).

6. *Sixth, and relatedly, you indicated that that you believe that your vendor (Capital Novis was it?) has robust functionality and likely permits the search functionality referenced at pages 1 and 2 of our January 6 letter. Please provide a summary of that functionality and/or set up a call with Capital Novis.*

   Correct; we will follow-up and respond to your inquiry.

7. *Seventh, you clarified what you meant by a "sample set of documents" in your December 5 letter, namely once we settle on the custodians and search*

*terms, you will review the results, produce the responsive documents that are not privileged, and then we can meet and confer about expanding the custodians and/or search terms. We all agreed that the goal will be to complete the process at that second stage, while recognizing that one never knows the twists and turns a case takes.*

This sounds like an accurate description of the process we proposed and discussed yesterday, but we will likely want to reduce our agreement to a short writing (probably no more than a page), to ensure that we are all clear on its terms. We will work on that and provide it to you when it is done.

8. *Finally, we will review your responses to the document requests in Aspen, Tahoe and San Francisco (which you will try to deliver early) and outline areas of disagreement regarding those responses and the scope of your review.*

Correct. Given that these will form the basis for our determination of responsiveness, any areas of disagreement should be identified and resolved now.

Thanks,
Ian

**Ian S. Marx, Esq.**
Shareholder
Greenberg Traurig, LLP | 500 Campus Drive, Suite 400 | Florham Park, NJ 07932-0677
Tel 973.360.7951 | Fax 973.295.1307 | Cell 917.969.1845
Marxl@gtlaw.com | www.gtlaw.com





**From:** Tyler Meade [mailto:tyler@meadefirm.com]
**Sent:** Wednesday, January 18, 2017 8:34 PM
**To:** Marx, Ian (Shld-NJ-LT); Sellinger, Philip R. (Shld-NJ-LT)
**Cc:** Matthew Ferguson; Mike Reiser; Lilia Bulgucheva; Michael Schrag; Linda Lam; Melissa Riess James
**Subject:** Ritz Cases: Summarizing our call on the document production protocol

Ian,

Thanks for taking the time to chat about document production in the Ritz cases. We'd like to confirm a few things discussed in the call.

First, thanks for acknowledging that your duty to find responsive documents extends beyond the search-term based review that we discussed.

Second, you confirmed that Mazilli, Phillips, the Ritz/Marriott-appointed board members, and the email address member.inquiry@ritzcarltonclub.com will be added to the list of ESI custodians pursuant to our December 20 letter.

Third, we will serve a subpoena on Ritz-Carlton Hotel Co., although we continue to believe that this is not necessary. You agreed to let us know whether this will result in the ESI associated with Black, Hansen, Hearns, DiMeglio, Mouffe and the email address laketahoeclubboard@ritzcarlton.com being handled as you outlined in your December 5 letter and today's call.

Fourth, you agreed to let us know whether you have ESI for Mary Ann Woodward, the former employee.

Fifth, we requested that you provide us with the number of "hits" on each of our search terms, and you indicated that you thought this was feasible. Please confirm that at your earliest convenience. We agreed to evaluate workarounds in the event some result in too many hits.

Sixth, and relatedly, you indicated that that you believe that your vendor (Capital Novis was it?) has robust functionality and likely permits the search functionality referenced at pages 1 and 2 of our January 6 letter. Please provide a summary of that functionality and/or set up a call with Capital Novis.

Seventh, you clarified what you meant by a "sample set of documents" in your December 5 letter, namely once we settle on the custodians and search terms, you will review the results, produce the responsive documents that are not privileged, and then we can meet and confer about expanding the custodians and/or search terms. We all agreed that the goal will be to complete the process at that second stage, while recognizing that one never knows the twists and turns a case takes.

Finally, we will review your responses to the document requests in Aspen, Tahoe and San Francisco (which you will try to deliver early) and outline areas of disagreement regarding those responses and the scope of your review.

Let me know if I missed anything or if you disagree with any of the above.

Thanks,

Tyler

--

Tyler Meade
The Meade Firm p.c.
1816 Fifth Street
Berkeley, CA 94710
510-843-3670
www.meadefirm.com

CONFIDENTIALITY NOTICE: This email may contain material that is confidential, privileged and/or attorney work product. Any use of this email by an unintended recipient is strictly prohibited. If you are not the intended recipient, please contact The Meade Firm p.c. and delete all copies.

---

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate such information.