IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC, et al.**

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION, et al.**

Defendants.

---

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL NEW AUTHORITY SUBMITTED IN OPPOSITION TO MARRIOTT DEFENDANTS' MOTION TO DISMISS**

---

Plaintiffs, by and through their undersigned counsel, pursuant to D.C.Colo. L. Civ R. 7.1(f), hereby notify the Court of new and supplemental authority from a closely related case pending in the Eastern District of California, *Reiser, et al. v. Marriott Vacations Worldwide Corporation, et al.*,[1] 2017 WL 569677 (E.D. Cal. Feb. 13, 2017) ("*Reiser*") (Order Denying [Marriott] Defendants' Motion to Dismiss). The *Reiser* case and Order are relevant to the Marriott Defendants' motion to dismiss the breach of fiduciary duty claims and related aiding and abetting claim. *See* Dkt. Nos. 47 and 84[2].

---

[1] There was no hearing set on the Fed. R. Civ. P. 12(b)(6) motions; but pursuant to D.C.Colo. L. Civ R. 7.1(f), the local rules set a 7 day deadline to file supplemental authority before a hearing. Plaintiffs submit the supplemental promptly following entry of the *Reiser* Order.

[2] On February 15, 2017, Magistrate Judge Gordon Gallagher granted Plaintiffs' Motion to Modify the scheduling order and allowed Plaintiffs to file an amended complaint. [Dkt. No. 105]. In connection with a prior amendment (adding plaintiffs only), this Court entered an order denying Defendants' Fed.R.Civ.P. 12(b)(6) motions to dismiss as moot. [Dkt. No. 78]. The Court then granted the parties' joint motion allowing Defendants' motions to dismiss to

The *Reiser* case is also brought by fractional purchasers at the Ritz-Carlton Club, Lake Tahoe, a sister property to the Ritz-Carlton Club, Aspen Highlands. As in the present case, the *Reiser* plaintiffs allege breaches of fiduciary duties by Ritz-Carlton Management Company and Cobalt Travel Company (among other defendants), and aiding and abetting by Marriott Vacations Worldwide Corporation and Marriott Ownership Resorts Inc., d.b.a. Marriott Vacation Club International (among other defendants). *See Reiser* Dkt. No. 19 (Second Amended Complaint in *Reiser*) at 4th and 6th Causes of Action.

In both cases, the breach of fiduciary duty claims are based on the governing documents, which give the defendants control over the plaintiffs' fractional interests, and also establish agency relationships. *Cf*. Dkt. No. 79 (Third Amended Complaint in *RCHFU*) at ¶¶ 9, 20-76 and *Reiser* Dkt. No. 19 (Second Amended Complaint in *Reiser*) at ¶¶ 10-11, 66-88, 104-111. And in both cases, the law of fiduciary duty is essentially identical. *See Tara Woods Ltd. P'ship v. Fannie May*, 731 F.Supp.2d 1103, 1116 (D. Colo. 2010) (fiduciary duty depends on control "over the property of another"); *Vai v. Bank of Am. Nat'l Trust & Ass'n*, 56 Cal. 2d 329, 338 (1961) (same).

Thus, it is significant that the Hon. Morrison C. England held, on virtually identical facts and similar pleadings, that the Second Amended Complaint in *Reiser* adequately alleges breach of fiduciary duty claims. *Reiser,* 2017 WL 569677 at *4-5 (fiduciary duty exists where there is "control by a person over the property of another"); *id.* at *6 (aiding and abetting breach of

---

simply be refiled with respect to the amended complaint. [Dkt. No. 82]. Plaintiff will file an amended complaint on or before March 10, 2017, and anticipate that the Court would deny the pending dispositive motions as moot again. In this instance, Defendants will likely want revise and supplement their Fed.R.Civ.P. 12(b)(6) motions to some extent. Thus, Plaintiffs will work with Defendants to file a joint motion to allow for the dispositive motion practice to be reset as to the amended complaint. This notice of supplemental new authority is filed in light of the present posture, *i.e.,* that the motions are presently pending.

fiduciary duty claim sufficiently pleaded). A copy of Judge England's "Order Denying [Marriott] Defendants' Motion to Dismiss" is annexed hereto as **Exhibit "A"** for ease or reference.

DATED: February 23, 2017.    Respectfully submitted,

THE MATTHEW C. FERGUSON LAW FIRM, P.C.

_____/s/ Matthew C. Ferguson_____
Matthew C. Ferguson, #25687
119 South Spring, Suite 201
Aspen, Colorado 81611
Telephone: (970) 925-6288
Facsimile: (970) 925-2273
E-mail: matt@matthewfergusonlaw.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 23rd day of February, 2017, a true and accurate copy of the foregoing **PLAINTIFFS' NOTICE OF SUPPLEMENTAL NEW AUTHORITY SUBMITTED IN OPPOSITION TO MARRIOTT DEFENDANTS' MOTION TO DISMISS** was filed and served via CM/ECF filing system upon following:

Michael Schrag, Esq.
Linda Lam, Esq.
Girard Gibbs, LLP
505 14th Street, Suite 1110
Oakland, California 94612

Michael J. Reiser, Esq.
Lilia Bulgucheva, Esq.
Law Office of Michael J. Reiser
1475 N. Broadway, Suite 300
Walnut Creek, California 94596

Tyler R. Meade, Esq.
The Meade Firm P.C.
1816 Fifth Street
Berkeley, California 94710

Daniel F. Shea, Esq.
Jessica Black Livingston, Esq.
Hogan Lovells US LLP
1200 Seventeenth Street, Suite 1500
Denver, Colorado 80202

Naomi G. Beer, Esq.
Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, Colorado 80202

Ian S. Marx, Esq.
Philip R. Sellinger, Esq.
Greenberg Traurig, LLP
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932

*/s/ Robin White*_____
Robin White