**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:16-cv-01301-PAB-GPG

RCHFU, LLC, et al.,

    Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, et al.,

    Defendants.

**DEFENDANT ASPEN HIGHLANDS CONDOMINIUM ASSOCIATION'S REPLY IN SUPPORT OF ITS OBJECTION TO ORDER REGARDING PLAINTIFFS' MOTION TO STAY CASE (ECF #89) AND ORDER REGARDING PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER (ECF #87)**

    Defendant Aspen Highlands Condominium Association, Inc. ("Association") respectfully submits this Reply in support of its Objection (Dkt. No. 108) to Magistrate Judge Gallagher's Order Regarding Plaintiffs' Motion to Modify Scheduling Order (the "Order") (Dkt. No. 105). The Order applied the correct the legal standard under Rule 16(b)(4) but incorrectly concluded that Plaintiffs had satisfied the Rule's good cause standard because the only evidence Plaintiffs identify with specificity is not new and because Plaintiffs failed to identify any purported new evidence with any specificity.

## ARGUMENT

    A district court can modify or set aside an order if the Magistrate Judge "abused his discretion, or, if after viewing the record as a whole, the Court is left with a definite and firm conviction that a mistake has been made." *S.E.C. v. Nacchio*, 614 F. Supp. 2d 1164, 1176 (D. Colo. 2009) (internal quotation marks omitted) (quoting *Ariza v. U.S. West Commcs., Inc.*, 167

1

F.R.D. 131, 133 (D. Colo. 1996)). A court will overturn a Magistrate Judge's order under the "contrary to law" standard if the Magistrate Judge applied the wrong legal standard or applied the appropriate legal standard incorrectly. *Schwartz v. Booker*, No. 09-cv-00915-WJM-KMT, 2014 WL 4056542, at *3 (D. Colo. Aug. 14, 2014). Under the appropriate legal standard at issue here, Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." The "good cause" standard requires that the plaintiffs show their "diligence . . . in attempting to meet the Court's deadlines." *David A. Bovino P.C. v. MacMillan*, No. 12-cv-00551-PAB-MEH, 2014 WL 656842, at *3 (D. Colo. Feb. 20, 2014) (citation omitted). One way a plaintiff can do so is to show that it learned new information through discovery. *Pumpko, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001). But the plaintiff must point to specific examples of newly discovered evidence and explain how that specific new evidence supports the new claim. *See, e.g.*, *id.*; *MacMillian*, 2014 WL 656842, at *3; *Butler Nat. Serv. Corp. v. Navegante Grp., Inc.*, No. 09-2466-JWL-DJW, 2011 WL 941017, at *3 (D. Kan. Mar. 16, 2011). Here, Plaintiffs only identified with specificity additional evidence of existing facts and claims; they failed to identify a single piece of new evidence that supports their new constructive fraud claim.

The only evidence Plaintiffs pointed to with specificity is not newly discovered and thus does not satisfy Rule 16(b)(4)'s good cause standard. Plaintiffs identified only a few documents with any specificity in their motion to amend the scheduling order and their reply briefing. None contains new information. In their motion, they quoted legal advice the Association received and mentioned that the Association sent a cease-and-desist letter drafted by its counsel. *See* Dkt. No. 87 ¶ 7. But the quoted legal advice stating that the governing documents prohibited the proposed

2

affiliation was not new—Plaintiffs attached to their Third Amended Complaint as Exhibit J a letter from the Association to its Members stating that counsel had advised the Board that the governing documents prohibited the proposed affiliation. *See* TAC ¶ 57, Ex. J. And the cease-and-desist letter was not newly discovered. The Association sent all Members, including Plaintiffs, a copy of the cease-and-desist letter on December 21, 2012—approximately four years prior to discovery in this case. *See* Dkt. No. 94 at 7 n.2; *id.*, Exs. 1–3; Dkt. No. 101 at 5 (recognizing the letter was sent over a year before the affiliation); Dkt. No. 109 (alleging, in Fourth Amended Complaint, that the Association sent the cease-and-desist letter on or about December 22, 2012).

Plaintiffs also identified in their reply briefing a legal memorandum the Association received in September 2012. But as the Association explained in its Objection, the legal memorandum analyzes a different proposed affiliation than the one about which Plaintiffs complain here. *See* Dkt. No. 108 at 6–7. The Association and its Members opposed that proposed affiliation, including by sending the cease-and-desist letter, and ultimately were successful in negotiation a different, acceptable exchange program. *See id.*; *see also id.*, Exs. A, B. Also unrelated to Plaintiffs actual allegations against the Association is the communication they identified from a Member voicing his concerns regarding the proposed trading program. These concerns relate solely to the Marriott Defendants, and thus have no bearing on the Association.

Therefore, the only documents that Plaintiffs pointed to with specificity do not actually contain "new" evidence and do not constitute a "persuasive reason as to why the amendment

3

Case No. 1:16-cv-01301-PAB-GPG   Document 111   filed 03/17/17   USDC Colorado   pg 4 of 8

could not have been effected within the timeframe established by the court." *MacMillan*, 2014 WL 656842, at *3.

At the hearing on their motion to amend the scheduling order, Plaintiffs for the first time purported to identify new evidence not previously identified that they claimed supports a new constructive fraud claim against the Association. But they did not identify this new evidence—the Memorandum of Understanding memorializing the April 24, 2014 Affiliation Agreement (the "MOU")—with any level of specificity or explain how this new evidence supports their constructive fraud claim. They did not identify any earlier versions or drafts of the MOU that they claim included a provision promising Members that no affiliation would occur absent a vote, and the executed version of the MOU nowhere references a vote. *See* Dkt. No. 108, Ex. B. Plaintiffs thus failed to identify with specificity what new evidence they discovered about the MOU to support their new constructive fraud claim. *See Butler Nat. Serv. Corp.*, 2011 WL 941017, at *3 (no good cause when plaintiff fails to "point to a single, specific piece of information supporting its proposed fraud claim"). *See also Miller v. Food Concepts Internat'l, LP*, 2015 WL 6082602, at *3 (S.D. Ohio Oct. 16, 2015) (denying motion to amend scheduling order because facts were already known to plaintiffs and plaintiffs "failed to identify with specificity . . . what specific facts were learned from discovery that justified the need to amend the complaint"); *Knoll, Inc. v. Moderno, Inc.*, No. 11-civ-488 AKH, 2012 WL 3613896, at *3 (S.D.N.Y. Aug. 22, 2012) ("Defendants contend that this claim is based on new information but fail to sufficiently identify the new information . . . . Without specific information regarding the

4

new evidence at issue . . . the Court is unable to find that [the movant] has demonstrated good cause . . . .") (internal quotation marks omitted).[1]

In their response to the Objection, Plaintiffs still do not point to a single piece of specific new evidence to explain how they satisfy Rule 16(b)(4). Instead, they direct the Court to the broad description of their new claim and supporting allegations in their Fourth Amended Complaint—which is the very subject of the Association's Objection. Moreover, they identify only in vague, conclusory terms that "certain documents" the Association produced "not only bolster existing claims, but support a new cause of action for constructive fraud." Dkt. No. 5. This still is not sufficient to satisfy Rule 16(b)(4). *See Pumpko, Inc.*, 204 F.R.D. at 668; *MacMillian*, 2014 WL 656842, at *3; *Butler Nat. Serv. Corp.*, 2011 WL 941017, at *3.

Plaintiffs argue that the Association incorrectly asserts that they can satisfy the good cause standard only if their newly discovered evidence is "necessary" to assert their new claim. Dkt. No. 110 at 5–6. They say that the good cause standard does not "require[]" this, and the cases only say that newly discovered evidence "can" constitute good cause. *Id.* at 6. But Plaintiffs misinterpret the Association's argument and, in any event, miss the inescapable conclusion that the newly discovered evidence must support or be relevant in some way to the new claims they intent to allege. Otherwise it is irrelevant to the purported amendment and serves no purpose. Under Rule 16(b)(4), "the Court will analyze whether the information

---

[1] Additionally, Plaintiffs failed to articulate the relevance of the MOU to their fraud claim. As the Association explained in its Objection, the MOU is irrelevant to Plaintiffs' constructive fraud claim: Plaintiffs already alleged that the Members were denied a formal vote on the affiliation, so any revisions or drafts showing that no vote would be held are not new facts; and Plaintiffs do not need drafts of the MOU to prove the Association intended to deny Members a formal vote because intent is not an element of constructive fraud. *See* Dkt. No. 108 at 9–10. Therefore, the drafts and revisions of the MOU serve no purpose and are not relevant to Plaintiffs' new constructive fraud claim.

5

Plaintiff learned from the [new source] is, in fact, <u>newly learned</u> and <u>supports the proposed amendment</u>." *Montez v. Allstate Fire & Cas. Ins. Co.*, No. 11-CV-01894-WJM-MEH, 2012 WL 4889449, at *3 (D. Colo. July 30, 2012), report and recommendation adopted, No. CIV.A. 11-CV-01894, 2012 WL 4005762 (D. Colo. Sept. 12, 2012) (emphasis added). Courts deny a request to modify a scheduling order when the newly discovered facts are not "necessary to allege a [new] claim . . . pursuant to Fed. R. Civ. P. 8." *Id.* at *8. Because Plaintiffs failed to identify any specific evidence that supports or otherwise is "necessary" to allege their constructive fraud claim, they have failed to satisfy Rule 16(b)(4)'s good cause standard. *See id.*

Ultimately, Plaintiffs have not identified any newly discovered evidence with the level of specificity or relevance required to demonstrate good cause under Rule 16(b)(4). The Magistrate Judge erred by granting Plaintiffs' motion to amend the scheduling order and allowing them to amend their complaint to add a new claim for constructive fraud based on non-specific, irrelevant evidence that was not newly discovered. This Court should correct that error.

## **CONCLUSION**

For all of the foregoing reasons and those detailed in the Association's Objection, the Association respectfully requests that the Court overrule the Order and deny the part of Plaintiffs' motion to amend the Scheduling Order allowing them to amend their Third Amended Complaint to add a new claim for constructive fraud.

Respectfully submitted this 17th day of March, 2017.

*/s/ Daniel F. Shea*
**Daniel F. Shea**
**Jessica Black Livingston**
HOGAN LOVELLS US LLP
1601 Wewatta Street, Suite 900
Denver, Colorado 80202
Telephone: (303) 899-7300
FAX: (303) 899-7333
E-mail: dan.shea@hoganlovells.com
E-mail:jessica.livingston@hoganlovells.com

*Attorneys for Defendant Aspen Highlands Condominium Association*

7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 17, 2017, I electronically filed the foregoing **DEFENDANT ASPEN HIGHLANDS CONDOMINIUM ASSOCIATION'S REPLY IN SUPPORT OF ITS OBJECTION TO ORDER PLAINTIFFS' MOTION TO STAY CASE (ECF #89) AND ORDER REGARDING PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER (ECF #87)** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| **Michael J. Reiser**<br>Law Office of Michael J. Reiser<br>961 Ygnacio Valley Road<br>Walnut Creek, CA 94596<br>reiserlaw@gmail.com<br><br>**Matthew C. Ferguson**<br>The Matthew C. Ferguson Law Firm, P.C.<br>119 South Spring, Suite 201<br>Aspen, Colorado 81611<br>matt@matthewfergusonlaw.com<br><br>**Michael L. Schrag**<br>Gibbs Law Group LLP<br>1 Kaiser Plaza, Suite 1125<br>Oakland, CA 94612<br>mls@classlawgroup.com<br><br>**Tyler R. Meade**<br>The Meade Firm P.C.<br>1816 Fifth Street<br>Berkeley, CA 94710<br>tyler@meadefirm.com<br><br>*Attorneys for Plaintiffs* | **Naomi G. Beer**<br>1200 17th Street, Suite 2400<br>Denver, Colorado 80202<br>Phone: (303) 572-6500<br>Fax: (303) 572-6540<br>BeerN@gtlaw.com<br><br>**Ian S. Marx**<br>**Philip R. Sellinger**<br>GREENBERG TRAURIG, LLP<br>500 Campus Drive, Suite 400<br>Florham Park, New Jersey 07932<br>Phone: (973) 360-7900<br>Fax: (973) 301-8410<br>MarxI@gtlaw.com<br>SellingerP@gtlaw.com<br><br>**Attorneys for Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., Ritz-Carlton Management Company, LLC, Cobalt Travel Company, LLC and Lion & Crown Travel Company, LLC** |

*/s/ Daniel F. Shea*

8