## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | | |
|---|---|---|
| RCHFU, LLC et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-1301 |
| | ) | |
| MARRIOT VACATIONS WORLDWIDE | ) | |
| CORPORATION et al. | ) | |
| | ) | Honorable Judge: Philip A. Brimmer |
| | ) | |
| Defendants. | ) | Magistrate: Gordon P. Gallagher |

## MOTION FOR EXTENSION OF TIME TO RESPOND
## TO PLAINTIFFS' FOURTH AMENDED COMPLAINT

Defendant Aspen Highlands Condominium Association, Inc. ("Association") respectfully requests that the Court extend its deadline to respond to Plaintiffs' Fourth Amended Complaint up to and including fourteen (14) days following the Court's ruling on the Association's Objection to the Magistrate Judge's Order Regarding Plaintiffs' Motion to Stay Case (ECF #89) and Order Regarding Plaintiffs' Motion to Modify Scheduling order (ECF #87) (the "Order") (Dkt. No. 108). In support thereof, the Association states as follows:

1.      Plaintiff RCHFU, LLC filed the original complaint in this case on December 31, 2015 as a class-action complaint in state court against the Association and the Marriott Defendants; Plaintiff RCHFU, LLC never served that complaint on any Defendant. Instead, on April 26, 2016, a First Amended Complaint was filed and served on the Defendants. Dkt. No. 5.

1

2.      Marriott Defendants removed the case to this Court.  Dkt. No. 1.  Before any

Defendants answered or otherwise responded to the complaint, on July 18, 2016, Plaintiffs filed

a Second Amended Complaint dropping the class-action allegations and adding individually

named Plaintiffs.  Dkt. No. 40.

3.      The Association and the Marriott Defendants separately moved to dismiss the

Second Amended Complaint on July 25, 2016.  Dkt. Nos. 46 and 47.

4.      Before this Court ruled on the pending motions to dismiss, Plaintiffs filed a Third

Amended Complaint, on November 7, 2016, and a corrected Third Amended Complaint

("TAC"), on November 11, 2016, again adding more individually named Plaintiffs.  Dkt. Nos. 77

and 79.

5.      The Association and Marriott Defendants again separately moved to dismiss the

TAC on November 23, 2016.  Dkt. Nos. 83 and 84.

6.      On December 16, 2016, Plaintiffs asked this Court to amend the Scheduling Order

governing this case and extend the deadline to join parties and amend pleadings.  Dkt. No. 87.

The Association and the Marriott Defendants separately opposed Plaintiffs' motion to amend the

scheduling order.  Dkt. Nos. 93 and 94.

7.      On December 21, 2016, Plaintiffs filed a motion to stay the case for 60 days.  Dkt.

No. 89.  The Association opposed that motion to the extent it sought to prevent the Court from

ruling on the Association's pending Motion to Dismiss.  Dkt. No. 96.

8.      Magistrate Judge Gallagher held a hearing on Plaintiffs' motion to stay and

motion to amend the scheduling order on February 15, 2017 and entered the Order that same day.

Dkt. No. 105.  The Order denies Plaintiffs' motion to stay as moot and grants in part and denies

in part Plaintiffs' motion to amend the Scheduling Order. *Id.* at 2. Specifically, the Order permits Plaintiffs to file a fourth amended complaint adding approximately 50 new plaintiffs (units) and adding a new claim for constructive fraud. *Id.* The Order denies Plaintiffs leave to file a fourth amended complaint asserting a new claim for promissory estoppel. *Id.*

9.    On March 1, 2017, the Association filed an Objection to the Order, requesting that the Court overrule the portion of the Order allowing Plaintiffs' leave to amend their Third Amended Complaint to add a new claim for constructive fraud. Dkt. No. 108.

10.    On March 10, 2017, before the Court ruled on the Association's Objection to the Order, Plaintiffs filed a Fourth Amended Complaint asserting a new claim for constructive fraud against all Defendants. Dkt. No. 109. However, the Fourth Amended Complaint does not include the additional plaintiffs the Order granted Plaintiffs leave to add. *See id.*; *see also* Dkt. No. 110 at 5 n.1. Plaintiffs intentionally did not add the 50 new plaintiffs and instead plan to file a new complaint adding those plaintiffs. Then they will seek consolidation of the two new complaints. Dkt. No. 110 at 5 n.1. Plaintiffs undertook this approach "in an abundance of caution to protect the new plaintiffs against any statute of limitation defenses" if the Court overrules the Order and "disallows the filing of the Fourth Amended Complaint." *Id.*

11.    On March 15, 2017, Plaintiffs filed a response in opposition to the Association's Objection to the Order. Dkt. No. 110. Two days later, on March 17, 2017, the Association filed its reply in support of its Objection to the Order. Dkt. No. 111.

12.    Currently, the Association must respond to Plaintiffs' Fourth Amended Complaint no later than March 24, 2017.

13.     The Association seeks an extension of time to respond to Plaintiffs' Fourth Amended Complaint because it has objected to the addition of the new constructive fraud claim in the Fourth Amended Complaint, and that objection has not yet been resolved by the Court.

14.     Plaintiffs' new claim for constructive fraud, and additional allegations and exhibits that Plaintiffs contend support their new claim, is the only substantive change between the Fourth Amended Complaint and the Third Amended Complaint.

15.     Therefore, the Association currently will be required to respond to the new constructive fraud claim before the Court rules on its Objection to the Order allowing the constructive fraud claim even to be filed.

16.     Plaintiffs' stated reasons for filing the Fourth Amended Complaint prior to the Court's having ruled upon the Association's Objection—concerns about the Statute of Limitations—are not grounds for requiring an immediate response to their inchoate constructive fraud claim.  Whether or not Plaintiffs' failure to file the claim within the original deadline set in the Scheduling Order was the result of their lack of due diligence, as the Association has argued in its Objection, penalizing the Association by requiring it to respond to a claim that has not yet been allowed by the Court is not consistent with principles of fairness and justice. The date of the Association's response to the Fourth Amended Complaint does not in any way factor into the Statute-of-Limitations calculus.

17.     Good cause exists to extend the Association's response deadline.  The Association has objected to the claim that Plaintiffs added to the Fourth Amended Complaint, and if this Court agrees with the Association that Plaintiffs should not have been permitted leave to amend

4

the Third Amended Complaint to add a new constructive fraud claim, no new response will be required from the Association.

18.     Allowing the Association to respond to the Fourth Amended Complaint only after the Court rules on the Association's Objection saves the parties time and resources that may not need to be expended to respond to a claim that may not be allowed to proceed.

19.     Additionally, Plaintiffs have not yet filed their separate complaint adding the new plaintiffs, and once they do, they will consolidate the two complaints.  Dkt. No. 110 at 5 n.1.

20.     At that time, the Association will be required to respond, again, to the most recent complaint.

21.     The Association therefore requests an extension of time up to and including fourteen (14) days following the Court's ruling on the Association's Objection to the Order.

22.     Plaintiffs and the Marriott Defendants will not be prejudiced by this relief. Pursuant to D.C.COLO.LCivR 7.1(a), counsel for the Association conferred with counsel for Plaintiffs.  They offered to consent to a ten (10) day extension, but would not agree to the extension requested by the Association of fourteen (14) days after the Court ruled on its Objection to the Order on the basis they do not believe the Association's objection is meritorious and the date would be uncertain.

23.     Counsel for the Association also conferred with counsel for Marriott Defendants.  Marriott Defendants do not oppose the motion and respectfully request that, in the interest of efficient case management, the Court enter an Order establishing a single response date by which all Defendants shall respond, if necessary, to the Fourth Amended Complaint.

24.    Pursuant to D.C.COLO.LCivR 6.1(b), no other extensions have been granted in connection with this deadline.

25.    Pursuant to D.C.COLO.LCivR 6.1(c), counsel will contemporaneously serve a copy of this Motion on the Association.

WHEREFORE, the Association respectfully requests that the Court extend its deadline to respond to Plaintiffs' Fourth Amended Complaint up to and including fourteen (14) days following the Court's ruling on the Association's Objection to the Magistrate Judge's Order.


Respectfully submitted this 21th day of March, 2017.

/s/ Daniel F. Shea_____

**Daniel F. Shea**
**Jessica Black Livingston**
HOGAN LOVELLS US LLP
1200 Seventeenth
Street, Suite 1500
Denver, Colorado 80202
Telephone: (303) 899-7300
FAX: (303) 899-7333
E-mail: dan.shea@hoganlovells.com
E-mail:jessica.livingston@hoganlovells.com

*Attorneys for Defendant Aspen Highlands Condominium Association*

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 21, 2017, I electronically filed the foregoing **MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' FOURTH AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| **Michael J. Reiser**<br>Law Office of Michael J. Reiser<br>961 Ygnacio Valley Road<br>Walnut Creek, CA 94596<br>reiserlaw@gmail.com<br><br>**Matthew C. Ferguson**<br>The Matthew C. Ferguson Law Firm, P.C.<br>119 South Spring, Suite 201<br>Aspen, Colorado 81611<br>matt@matthewfergusonlaw.com<br><br>**Michael L. Schrag**<br>Gibbs Law Group LLP<br>1 Kaiser Plaza, Suite 1125<br>Oakland, CA 94612<br>mls@classlawgroup.com<br><br>**Tyler R. Meade**<br>The Meade Firm P.C.<br>1816 Fifth Street<br>Berkeley, CA 94710<br>tyler@meadefirm.com<br><br>***Attorneys for Plaintiffs*** | **Naomi G. Beer**<br>1200 17th Street, Suite 2400<br>Denver, Colorado 80202<br>Phone: (303) 572-6500<br>Fax: (303) 572-6540<br>BeerN@gtlaw.com<br><br>**Attorneys for Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., Ritz-Carlton Management Company, LLC, Cobalt Travel Company, LLC and Lion & Crown Travel Company, LLC** |

*/s/ Daniel F. Shea*