IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 16-01301 PAB

RCHFU, LLC, et al.

      Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, et al.

      Defendants.

---

**MARRIOTT DEFENDANTS' BRIEF IN OPPOSITION TO
PLAINTIFFS' NOTICE OF SUPPLEMENTAL NEW AUTHORITY**

---

      Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC and The Lion & Crown Travel Co., LLC (collectively, "Marriott Defendants") respectfully submit this brief in opposition to Plaintiffs' Notice of Supplemental New Authority (Dkt. No. 107) ("Notice").

      Plaintiffs have submitted a recent Eastern District of California decision in *Reiser v. Marriott Vacations Worldwide Corp., et al.,* 2017 WL 569677 (E.D. Cal. Feb. 13, 2017), which they assert is "relevant to the Marriott Defendants' [pending] motion to dismiss the breach of fiduciary duty claims and related aiding and abetting claim" in this case. *See* Notice at 1. In fact, the *Reiser* decision (which focuses on whether the plaintiffs in that case had adequately pled a breach of fiduciary duty claim based on, *inter alia,* the MVC Affiliation) is not at all relevant to the claims asserted here.

As discussed below, the *Reiser* decision was incorrectly decided. *See infra.* More importantly, it does not address the fundamental threshold question: was the MVC Affiliation contractually permitted? If it was, then the question of whether a fiduciary duty exists is never reached. The case most relevant to that question is *Hoyt v. Marriott Vacations Worldwide Corporation*, 2014 WL 509903, at *3, n.6 (D. Minn. Feb. 7, 2014). Reviewing the same affiliation agreement used here and applying Colorado law, the *Hoyt* court found that the MVC Affiliation was contractually permitted:

> The discretion to add Associate Members to the Membership program, coupled with the Affiliation Agreements' pronouncement that '[t]he Program Manager, may, in its sole discretion, create a separate membership program,' … leads the court to conclude as a matter of law that such an affiliation was contemplated and allowed by the governing documents.

*Id.* at *3, n.6. For ease of reference, a copy of the *Hoyt* decision is attached hereto as **Exhibit A.**

In any event, the *Reiser* court applied the wrong law and used the wrong "control" test to find that the plaintiffs in that case had stated a breach of fiduciary duty claim. Where a breach of fiduciary duty claim is based on an alleged principal/agent relationship, as it is in both *Reiser* and this case, a fiduciary duty does not arise unless the alleged principal has the right to control the acts of the alleged agent. *See City and Cnty. of Denver v. Fey Concert Co.*, 960 P. 2d 657, 660-61 (Colo. 1998) (key feature of agency relationship is principal's right to control agent). The relevant documents in this case make clear that the alleged principal (Aspen Highlands Condominium Association) has no right to control the acts of the alleged agent (the management company, RC Management). *See* The Ritz-Carlton Management Company, L.L.C. Management Agreement ("Management Agreement") § 30 at 10 (expressly recognizing RC Management's "independent contractor" status and giving the Association no "right of control over the method,

manner or means by which [RC Management] performs its duties and responsibilities under th[e] Agreement."[1]

The *Reiser* court, however, ignored the law applicable to the breach of fiduciary duty claim that was asserted and relied, instead, on cases applicable to breach of fiduciary duty claims based on confidential relationships, e.g., relationships between family members, physician and patient and priest and penitent.  *See Reiser,* 2017 WL 569677, at *4-5 (citing confidential relationship cases holding that a fiduciary duty exists where there is "control by a person over the property of another").

For example, the *Reiser* court relied on *Vai v. Bank of Am. Nat'l Trust & Sav. Ass'n,* 56 Cal. 2d 329, 337 (1961) (cited in *Reiser* at *5 and in Notice at 2).  In *Vai*, a husband was found to owe his estranged wife a fiduciary duty because he controlled her half-interest in the couple's community property.  *Vai,* 56 Cal. 2d at 337 (citing cases holding that, under California statute, spouse has "full power to dispose of [community property]" until divorce decree is final). Plaintiffs cannot plausibly allege that, simply by managing The Ritz-Carlton Club, Aspen Highlands, Colorado under the Management Agreement, RC Management exercised the kind of "control" over Plaintiffs' property that was found to give rise to a fiduciary duty in *Vai*.  In contrast to the ability to control his wife's property that was afforded to the husband in *Vai* by statute, the Management Agreement gives RC Management no ability to transfer, convey, mortgage, or otherwise dispose of, nor to rent, exchange or otherwise determine the usage of, Plaintiffs' individually deeded fractional interests.  On the contrary, RC Management may only

---

[1] The Management Agreement is attached as Exhibit B to the Declaration of Jeannette Greene (Dkt. No. 49-5), which was submitted in support of the Marriott Defendants' Motion to Dismiss Second Amended Complaint (Dkt. No. 47) and incorporated by reference into the Marriott Defendants' Motion to Dismiss the Third Amended Complaint. (Dkt. No. 84).

enter the condominium units in which Plaintiffs have a deeded fractional interest in order to provide services to the owners or occupants of such units (e.g., "cleaning and maid service," required "maintenance and repair" and "abatement of nuisances … prohibited by applicable law or the Club Interest Declaration"). *See* Management Agreement at § 4(V).

In short, the "control" test applicable to confidential relationship cases, which the *Reiser* court used, is not applicable to either the *Reiser* case or this case because the *Reiser* plaintiffs and the Plaintiffs in this case allege a fiduciary duty based upon a principal/agent relationship and not a confidential relationship.  Thus, in contrast to the *Hoyt* decision*, which is directly on point, the *Reiser* decision is not relevant and need not be considered.

Dated:  March 22, 2017

Respectfully submitted,

GREENBERG TRAURIG, LLP

By:       *s/ Naomi G. Beer*
          Naomi G. Beer
          Philip R. Sellinger
          Ian S. Marx
          1200 Seventeenth Street, Suite 2400
          Denver, Colorado 80202
          Tel:      303.572.6500
          Fax:     303.572.6540
          Email:  BeerN@gtlaw.com
                    SellingerP@gtlaw.com
                    MarxI@gtlaw.com

          *Attorneys for Marriott Vacations
          Worldwide Corporation, Marriott Ownership
          Resorts, Inc., The Ritz-Carlton Management
          Company, LLC, The Cobalt Travel Company, LLC,
          and The Lion & Crown Travel Co., LLC*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on March 22, 2017, a true and accurate copy of the foregoing **MARRIOTT DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL NEW AUTHORITY** was filed and served with the Clerk of the Court via CM/ECF filing system, which will send notification to the following:

Michael J. Reiser
Lilia Bulgucheva
Law Office of Michael J. Reiser
1475 N Broadway, Suite 300
Walnut Creek, CA 94596
*Counsel for Plaintiffs*

Matthew C. Ferguson
The Matthew C. Ferguson Law Firm, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611
*Counsel for Plaintiffs*

Tyler R. Meade
The Meade Firm P.C.
1816 Fifth Street
Berkeley, CA 94710
*Counsel for Plaintiffs*

Linda Pham Lam
Michael Schrag
Gibbs Law Group LLP
505 14th Street, Suite 1100
Oakland, CA 94612
*Counsel for Plaintiffs*

Daniel F. Shea
Jessica Black Livingston
Hogan Lovells US LLP
1601 Wewatta Street, Suite 900
Denver, Colorado 80202
*Counsel for Aspen Highlands
  Condominium Association*

*s/ Julie Eaton*
Julie Eaton

*(Original on file at offices of Greenberg Traurig, LLP, pursuant to C.R.C.P. 121, § 1-26)*