IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 16-01301 PAB

RCHFU, LLC, et al.

    Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, et al.

    Defendants.

## DEFENDANTS' UNOPPOSED MOTION TO EXCEED PAGE LIMITATION

Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, and The Lion & Crown Travel Co., LLC (collectively, "Marriott Defendants"), and the Aspen Highlands Condominium Association ("Association") (together with the Marriott Defendants, "Defendants"), hereby move the Court for permission to file respective Motions to Dismiss Plaintiffs' Fifth Amended Complaint that exceed the page limitation set forth in Rule III.A of the Court's Practice Standards by no more than five pages. As grounds for the Motion, Defendants state as follows:

### CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(a), counsel for Defendants conferred with counsel for Plaintiffs and obtained their consent to the relief sought in this Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

1. Pursuant to the Court's July 14, 2016 Order (Dkt. No. 38) ("the Order"), Plaintiffs filed a Second Amended Complaint ("SAC") on July 18, 2016 (Dkt. No. 40). The SAC named more than 40 Plaintiffs, named six Defendants, contained 94 paragraphs, and asserted four causes of action.

2. In drafting their Motion to Dismiss the SAC, the Marriott Defendants were mindful of the Court's 15-page limitation for such motions, *see* Rule III.A of Judge Brimmer's Practice Standards (Civil Cases), and diligently attempted to comply with that page limitation. However, due to the complexity of the allegations asserted in the SAC, the Marriott Defendants were forced to seek leave (with the consent of counsel for all other parties) to file a Motion to Dismiss that exceeded the page limitation by three pages.

3. On July 22, 2016, the Marriott Defendants filed an Unopposed Motion to Exceed Page Limits (Dkt. 44), which the Court granted that same day in a Minute Order (Dkt. 45).

4. The Association filed its Motion to Dismiss the SAC on July 27, 2016 (Dkt. No. 46). The Association did not need or seek leave to exceed the Court's fifteen-page limitation for its Motion to Dismiss the SAC.

5. After Defendants' Motions to Dismiss the SAC were fully briefed but before the return date for said Motions, Plaintiffs filed a Third Amended Complaint ("TAC") (Dkt. No. 79). Inasmuch as the TAC did not differ substantially from the SAC, Defendants' respective briefs in support of their Motions to Dismiss the TAC (Dkt. Nos.

2

83 and 84) simply incorporated by reference the arguments made in their previous briefs.  The Association filed a reply brief in support of its Motion to Dismiss the TAC that fully set forth its arguments (Dkt. No. 92), and that reply brief complied with the Court's ten-page limitation for such briefs.  *See* Rule III.A of Judge Brimmer's Practice Standards (Civil Cases).

6. On March 10, 2017, Plaintiffs filed a Fourth Amended Complaint (Dkt. No. 109) that contains 115 paragraphs and alleges an additional cause of action for constructive fraud and, on March 31, 2017, filed a Fifth Amended Complaint (Dkt. No. 119) that adds many new Plaintiffs and re-alleges the new constructive fraud claim.  Thus, the Fifth Amended Complaint alleges five causes of action.

7. Accordingly, the Marriott Defendants respectfully request that they be granted, in addition to the three pages that this Court has already permitted, an additional two pages to address these new allegations and the new claim that has been asserted against them.

8. The Association respectfully requests that it be granted an additional five pages to address the new allegations and new claim raised in the Fifth Amended Complaint.  This is the Association's first request to exceed the page limitation for its Motion to Dismiss.

9. Counsel for all of the parties consent to the relief sought herein.

10. This Motion is made in the interests of justice and not for purposes of delay.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court grant them a short extension of the page limit and permit them to file respective Motions to Dismiss the Fifth Amended Complaint that exceed the page limit by no more than five pages, for a total of no more than twenty pages.

Dated:  April 6, 2017 Respectfully submitted,

By:   *s/ Naomi G. Beer*
Naomi G. Beer
Philip R. Sellinger
Ian S. Marx
GREENBERG TAURIG, LLP
1200 Seventeenth Street, Suite 2400
Denver, Colorado 80202
Tel: 303.572.6500
Fax: 303.572.6540
Email: BeerN@gtlaw.com
SellingerP@gtlaw.com
MarxI@gtlaw.com

*Attorneys for Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, and The Lion & Crown Travel Co., LLC*

*s/ Daniel F. Shea*
Daniel F. Shea
Jessica Black Livingston
HOGAN LOVELLS US LLP
1200 Seventeenth Street, Suite 1500
Denver, Colorado 80202
Tel: 303.899.7300
Fax: 303.899.7333
Email: dan.shea@hoganlovells.com
jessica.livingston@hoganlovells.com

*Attorneys for Defendant Aspen Highlands Condominium Association*

4

## CERTIFICATE OF SERVICE

I hereby certify that, on April 6, 2017, a true and accurate copy of the foregoing **DEFENDANTS' UNOPPOSED MOTION TO EXCEED PAGE LIMITATION** was filed and served with the Clerk of the Court via CM/ECF filing system, which will send notification to the following:

Michael J. Reiser
Lilia Bulgucheva
Law Office of Michael J. Reiser
1475 N Broadway, Suite 300
Walnut Creek, CA 94596
*Counsel for Plaintiffs*

Matthew C. Ferguson
The Matthew C. Ferguson Law Firm, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611
*Counsel for Plaintiffs*

Tyler R. Meade
The Meade Firm P.C.
1816 Fifth Street
Berkeley, CA 94710
*Counsel for Plaintiffs*

Linda Pham Lam
Michael Schrag
Gibbs Law Group LLP
505 14th Street, Suite 1100
Oakland, CA 94612
*Counsel for Plaintiffs*

*s/ Julie Eaton*
Julie Eaton

*(Original on file at offices of Greenberg Traurig, LLP, pursuant to C.R.C.P. 121, § 1-26)*

5