**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-01301 PAB-GPG

**RCHFU, LLC**, et al.

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION**, et al.

Defendants.

---

**REVISED SCHEDULING ORDER, SECTIONS 6 & 9**

---

A Scheduling Conference was held on August 18, 2016, before Magistrate Judge Gordon P. Gallagher. A Scheduling Order [Doc #60] was subsequently issued. At a Status Conference/oral argument on motions held on February 15, 2017, the Court directed the parties to present the Court with a proposed amended scheduling order within 45 days [Doc #105]. The parties have continued to regularly confer at all stages of disclosures and discovery and continue to do so. This revised Scheduling Order amends and updates only Sections 6 and 9; all other portions of the Scheduling Order remain in force and effect, except as otherwise altered by prior Court orders.

### 6.  REPORT OF DISCOVERY CONFERENCES AND PROGRESS MEETING UNDER FED. R. CIV. P. 26(f)

**a.**      **Date of Rule 26(f) meeting.**

Counsel for the parties continue to regularly confer, and have done so specifically in connection with this Revised Scheduling Order.

**b.**     **Names of each participant and party he/she represented.**

(1)     Matthew C. Ferguson, Michael J. Reiser, Michael L. Schrag and Tyler

Meade on behalf of the Plaintiffs.

(2)     Ian Marx on behalf of the Marriott Defendants.

(3)     Jessica Black Livingston and Daniel Shea on behalf of Defendant

Aspen  Highlands Condominium Association.

**c.**     **Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

The parties have exchanged initial disclosure statements and will supplement.

**d.**     **Proposed changes, if any, in timing or requirement of disclosures under
Fed. R.  Civ. P. 26(a)(1).**

Initial Disclosures have been exchanged.

**e.**     **Statement concerning any agreements to conduct informal discovery:**

Counsel continue to discuss this item, but there is no such formal agreements at

this time. The parties  will consider and engage in informal discovery in the future if

appropriate.

**f.**     **Statement concerning any other agreements or procedures to reduce
discovery and  other litigation costs, including the use of a unified exhibit
numbering system.**

The parties agree to Bates-stamp documents and work cooperatively to number

deposition exhibits in an efficient and non-redundant manner.

The parties have informed their respective clients to preserve potentially relevant

documents. The parties, through counsel, continue to extensively confer as to the

protocols for the production of  electronically stored information and have agreed upon

protocols for the production of the Marriott and Ritz entities ESI. Plaintiffs will be collecting and producing ESI from each of the individual plaintiffs as follows: obtaining all physical records in Plaintiffs possession for production in electronic format and obtaining and producing ESI from Plaintiffs and/or representatives of entities that may own Units. Additionally, certain of the information sought by Defendants, including Plaintiffs' use of their Units is in the possession Marriott and Ritz as ESI. The parties will be directed to that ESI that has already been produced.

Due to the complexity and breadth of efforts to obtain ESI from the Marriott and Ritz entities, discovery of their entities is taking a significantly longer time to accomplish. Marriott and Ritz have retained a vendor to organize ESI collected from numerous custodians. As a result, other than the initial disclosures of certain limited documents, substantive liability productions have not occurred.

## 9. CASE PLAN AND SCHEDULE

a.      **The parties propose the following case schedule:**

- **Deadline for Serving Interrogatories:** September 21, 2017

- **Deadline for Serving Requests for Production of Documents and/or Admissions:** September 21, 2017

- **Commencement of Depositions:** The parties cannot agree on this item which the Court asked the Parties to address.

**Defendants Association states it desires this language**:

*Defendant Association objects to not establishing a beginning date for depositions given that (1) the original schedule will be extended by about 100 days, leaving approximately 8 months to take depositions; (2) Plaintiffs have not yet produced documents requested by Defendant Association on March 21, 2017, which responses currently are due on April 20, 2017;*

*and (3) Plaintiffs have not moved to compel the production of document they requested from the Marriott Defendants on September 8, 2016. Defendant Association requests that the Scheduling Order not allow any deposition noticed by Plaintiffs of the Association or any present or former director of the Association until 15 days after (i) all Plaintiffs produce all documents requested by the Association, or (ii) Marriott produces all documents requested by plaintiffs in September 2016, whichever is later, excluding any documents withheld under a claim of privilege, so that no party will be able to request an exception from the 7-hour time limitation for depositions that should apply collectively to the Plaintiffs as one party.*

**Plaintiffs respond as follows:**

*Plaintiffs have been prepared to commence depositions for some time. They are prepared to immediately commence depositions of the Defendant Association and will notice depositions presently. Plaintiffs and the Marriott Defendants are concluding an extensive ESI process to produce records. Defendants Association has only recently propounded its request for documents to Plaintiffs. Plaintiffs object to Defendant Association's language which would effectively make the commencement of any depositions contingent on the production of all records. Plaintiffs do not require all documents to commence depositions. Plaintiffs conferred with Defendant Associations' counsel earlier at which time Defendant Association was not concerned in the least with the timing of production of documents by Plaintiff owners, who own 231 units. A large amount of the information sought has already been produced by Marriott Defendants and Plaintiffs will be in possession of the same information. Defendant Association has posited numerous reasons to avoid commencement of depositions of its directors, and former directors. At the last status conference Defendant Associations wanted some additional time to comment depositions so it could have the opportunity to respond to the amended complaint. It is Plaintiffs' position that Defendant Association has been delaying the comment of depositions and this new contingency to commence depositions is opposed. Plaintiffs will follow Magistrate Judge Gallagher's Discovery Dispute Procedures.*

- **Fact Discovery Cut-off (except for discovery ordered pursuant to motions to compel):** December 15, 2017

- **Deadline to Serve Initial Expert Reports:** January 15, 2018

- **Deadline to Serve Rebuttal Expert Reports:** March 12, 2018

- **Mediation Deadline:** March 8, 2018

- **Expert Discovery Cut-off:** April 23, 2018

- **Dispositive Motions:** May 21, 2018

- **Deadline to File *Daubert* Motions:** June 11, 2018

- **Deadline to File Motions *in Limine*:** July 2, 2018

- **Jury Trial:** Per Section IV C of Judge Brimmer's Practice Standards, because the parties anticipate that this trial will last longer than five days, the trial date is to be set following the Final Pretrial Conference.

**b.     Discovery Cut-off:**

Fact discovery cut-off is December 15, 2017

**c.     Motion Deadline:** May 21, 2018

**d.     Expert Witness Disclosure**

1.     As previously set forth.

2.     As previously set forth.

3.     The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a) (2) on or before <u>January 15, 2018</u>. The parties shall also file their initial expert reports by this day. (See proposed case schedule above).

*[This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a) (2) (B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2) (C).]*

4.     The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information

11

specified in Fed. R. Civ. P. 26(a)(2) on or before <u>March 12, 2018</u>.

The parties shall also file their rebuttal expert reports by this day.

(See proposed case schedule above).

*[This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]*

**e.    Identification of Persons to Be Deposed:**

*[List the names of persons to be deposed and provide a good faith estimate of the time needed for each deposition. All depositions must be completed on or before the discovery cut- off date and the parties must comply with the notice and scheduling requirements set for in D.C.COLO.LCivR 30.1.]*

Plaintiffs anticipate that they may depose Joseph Scalo, William Love, Eveleen Babich, R. Lee Cunningham, Jay Neveloff, Phillip Scheider, Gerald Marsden, Tyler Oliver, Luis De La Cruz, Randy Mercer, Michael Pacin, Nicholas DeMeglio, Frank Mouffe, Steven Weisz, Stephanie Sobeck, and Joel Alper, and Michael Mullenix Plaintiffs cannot estimate the length of any deposition until documents are produced. Defendants reserve the right to object to the deposition of some of the foregoing listed witnesses. As previously discussed, Defendants reserve the right to take the deposition of each plaintiff.

The Association also believes it is premature to identify all deponents. Preliminarily, the Association anticipates that it may depose a representative of each Plaintiff, Nicholas DeMeglio, Stephanie Sobeck, R. Lee Cunningham and other individuals or corporate representatives to be identified at a later date.

  **f.**  **Deadline for Interrogatories:**

    Interrogatories must be served no later than September 21, 2017. (See proposed

case schedule above.

*[The parties are expected to serve interrogatories on opposing counsel or a pro se party on a schedule that allows timely responses on or before the discovery cut-off date.]*

  **g.**  **Deadline for Requests for Production of Documents and/or Admissions**

    Requests for Production of Documents and/or Admissions must be served by no

later  than September 21, 2017. (See proposed case schedule above).

*[The parties are expected to serve requests for production and/or requests for admission on opposing counsel or a pro se party on a schedule that allows timely responses on or before the discovery cut-off date.]*

## 13. AMENDMENTS TO SCHEDULING ORDER

    This revised scheduling order may be altered or amended only upon a showing of good cause.

    DATED at Grand Junction, Colorado, this __day of _____, 2017.

          BY THE COURT:


          _____
          United States Magistrate Judge


APPROVED:


\_\_\_\_\_*/s/ Matthew C. Ferguson*_____  \_\_\_\_\_*/s/ Ian S. Marx*_____
Matthew C. Ferguson, #25687    Naomi G. Beer, Esq.
THE MATTHEW C. FERGUSON LAW FIRM, P.C. Ian S. Marx, Esq.
119 South Spring, Suite 201     GREENBERG TRAURIG, LLP
Aspen, Colorado 81611      1200 17th Street, Suite 2400

Telephone: (970) 925-6288
Facsimile: (970) 925-2273
E-mail: matt@matthewfergusonlaw.comm
*Attorneys for Plaintiffs*

The Tabor Center
Denver, Colorado 80202
Telephone: (303) 572-6500
Facsimile: (303) 572-6540
E-mail: beern@gtlaw.com
*Attorneys for Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc. Aspen Highlands Condominium Association, Ritz-Carlton Management Company, LLC, Cobalt Travel Company, LLC, and Lion & Crown Travel Company, LLC*

_____*/s/ Daniel F. Shea*_____
Daniel F. Shea, #27803
Jessica B. Livingston, #41483
HOGAN LOVELLS US LLP
1601 Wewatta Street, Suite 900
Denver, Colorado 80202
Telephone: (303) 899-7300
Facsimile: (303) 899-7333
E-mail: dan.shea@hoganlovells.com
E-mail: jessica.livingston@hoganlovells.com
*Attorneys for Defendant Aspen Highlands Condominium Association*

4841-4561-5174, v. 1