## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 16-01301 PAB-GPG

**RCHFU, LLC**, et al.

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION**, et al.

Defendants.

---

## REVISED SCHEDULING ORDER, SECTIONS 6 & 9
---

A Scheduling Conference was held on August 18, 2016, before Magistrate Judge Gordon P. Gallagher. A Scheduling Order [Doc #60] was subsequently issued. At a Status Conference/oral argument on motions held on February 15, 2017, the Court directed the parties to present the Court with a proposed amended scheduling order within 45 days [Doc #105]. The parties have continued to regularly confer at all stages of disclosures and discovery and continue to do so. This revised Scheduling Order amends and updates only Sections 6 and 9; all other portions of the Scheduling Order remain in force and effect, except as otherwise altered by prior Court orders.

### 6. REPORT OF DISCOVERY CONFERENCES AND PROGRESS MEETING UNDER FED. R. CIV. P. 26(f)

a. **Date of Rule 26(f) meeting.**

Counsel for the parties continue to regularly confer, and have done so specifically in connection with this Revised Scheduling Order.

    **b.**    **Names of each participant and party he/she represented.**

        (1)    Matthew C. Ferguson, Michael J. Reiser, Michael L. Schrag and Tyler Meade on behalf of the Plaintiffs.

        (2)    Ian Marx on behalf of the Marriott Defendants.

        (3)    Jessica Black Livingston and Daniel Shea on behalf of Defendant Aspen Highlands Condominium Association.

    **c.**    **Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

The parties have exchanged initial disclosure statements and will supplement.

    **d.**    **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

Initial Disclosures have been exchanged.

    **e.**    **Statement concerning any agreements to conduct informal discovery:**

Counsel continue to discuss this item, but there is no such formal agreements at this time. The parties will consider and engage in informal discovery in the future if appropriate.

    **f.**    **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The parties agree to Bates-stamp documents and work cooperatively to number deposition exhibits in an efficient and non-redundant manner.

The parties have informed their respective clients to preserve potentially relevant documents. The parties, through counsel, continue to extensively confer as to the protocols for the production of electronically stored information and have agreed upon protocols for the production of the Marriott and Ritz entities ESI. Plaintiffs will be collecting and producing ESI

8

from each of the individual plaintiffs as follows: obtaining all physical records in Plaintiffs possession for production in electronic format and obtaining and producing ESI from Plaintiffs and/or representatives of entities that may own Units. Additionally, certain of the information sought by Defendants, including Plaintiffs' use of their Units is in the possession Marriott and Ritz as ESI. The parties will be directed to that ESI that has already been produced.

Due to the complexity and breadth of efforts to obtain ESI from the Marriott and Ritz entities, discovery of their entities is taking a significantly longer time to accomplish. Marriott and Ritz have retained a vendor to organize ESI collected from numerous custodians. As a result, other than the initial disclosures of certain limited documents, substantive liability productions have not occurred.

## 9. CASE PLAN AND SCHEDULE

a. **The parties propose the following case schedule:**

- **Deadline for Serving Interrogatories:** September 21, 2017
- **Deadline for Serving Requests for Production of Documents and/or Admissions:** September 21, 2017
- **Commencement of Depositions:** Depositions may commence after June 1, 2017.

All Plaintiffs will be collectively deemed one party for purposes of determining the duration of any deposition taken pursuant to Fed. R. Civ. P. 30 of any current or former director of Defendant Association or any attorney who provided any advice to Defendant Association. Further, in the event that any Plaintiff moves for an extension of the time limit set by section (d)(1) of that rule for any such deposition, that Plaintiff shall not be able to assert as a reason for granting such motion that any other non-Association Defendant failed timely to produce

documents in response to any Request for Production of Documents propounded by any Plaintiff. Up to two Plaintiffs' counsel may inquire at a deposition of a current or former Association director who is represented by Defendant Association's counsel.

- **Fact Discovery Cut-off (except for discovery ordered pursuant to motions to compel):** December 15, 2017
- **Deadline to Serve Initial Expert Reports:** January 15, 2018
- **Deadline to Serve Rebuttal Expert Reports:** March 12, 2018
- **Mediation Deadline:** March 8, 2018
- **Expert Discovery Cut-off:** April 23, 2018
- **Dispositive Motions:** May 21, 2018
- **Deadline to File *Daubert* Motions:** June 11, 2018
- **Deadline to File Motions *in Limine*:** July 2, 2018
- **Jury Trial:** Per Section IV C of Judge Brimmer's Practice Standards, because the parties anticipate that this trial will last longer than five days, the trial date is to be set following the Final Pretrial Conference.

b.   **Discovery Cut-off:**

Fact discovery cut-off is December 15, 2017

c.   **Motion Deadline:** May 21, 2018

d.   **Expert Witness Disclosure**

    1.   As previously set forth.

    2.   As previously set forth.

    3.   The parties shall designate all experts and provide opposing

10

      counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a) (2) on or before <u>January 15, 2018</u>. The parties shall also file their initial expert reports by this day. (See proposed case schedule above).

*[This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a) (2) (B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2) (C).]*

4.    The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before <u>March 12, 2018</u>. The parties shall also file their rebuttal expert reports by this day. (See proposed case schedule above).

*[This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]*

**e.**    **Identification of Persons to Be Deposed:**

*[List the names of persons to be deposed and provide a good faith estimate of the time needed for each deposition. All depositions must be completed on or before the discovery cut- off date and the parties must comply with the notice and scheduling requirements set for in D.C.COLO.LCivR 30.1.]*

Plaintiffs anticipate that they may depose Ivan Skoric, Eveleen Babich, R. Lee Cunningham, Jay Neveloff, Phillip Scheider, Tyler Oliver, Luis De La Cruz, Randy Mercer, Michael Pacin, Nicholas DeMeglio, Frank Mouffe, Steven Weisz, Stephanie Sobeck, Stacy Jackson, John Hearns, Juan Pablo Cappello, Mike Marino and Joel Alper,

Mary Lynn Clark, Phil Gosch, David Firmin, Lori Phillips, Mary Ann Woodward and Michael Mullenix Plaintiffs cannot estimate the length of any deposition until documents are produced. Defendants reserve the right to object to the deposition of some of the foregoing listed witnesses. As previously discussed, Defendants reserve the right to take the deposition of each plaintiff.

The Association also believes it is premature to identify all deponents. Preliminarily, the Association anticipates that it may depose a representative of each Plaintiff, Nicholas DeMeglio, Stephanie Sobeck, R. Lee Cunningham and other individuals or corporate representatives to be identified at a later date.

### f.    Deadline for Interrogatories:

Interrogatories must be served no later than September 21, 2017. (See proposed case schedule above.

*[The parties are expected to serve interrogatories on opposing counsel or a pro se party on a schedule that allows timely responses on or before the discovery cut-off date.]*

### g.    Deadline for Requests for Production of Documents and/or Admissions

Requests for Production of Documents and/or Admissions must be served by no later than September 21, 2017. (See proposed case schedule above).

*[The parties are expected to serve requests for production and/or requests for admission on opposing counsel or a pro se party on a schedule that allows timely responses on or before the discovery cut-off date.]*

### 13. AMENDMENTS TO SCHEDULING ORDER

This revised scheduling order may be altered or amended only upon a showing of good cause.

DATED at Grand Junction, Colorado, this __ day of _____, 2017.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

____/s/ Matthew C. Ferguson_____
Matthew C. Ferguson, #25687
THE MATTHEW C. FERGUSON LAW FIRM, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611
Telephone: (970) 925-6288
Facsimile: (970) 925-2273
E-mail: matt@matthewfergusonlaw.comm
*Attorneys for Plaintiffs*

____/s/ Ian S. Marx_____
Naomi G. Beer, Esq.
Ian S. Marx, Esq.
GREENBERG TRAURIG, LLP
1200 17th Street, Suite 2400
The Tabor Center
Denver, Colorado 80202
Telephone: (303) 572-6500
Facsimile: (303) 572-6540
E-mail: beern@gtlaw.com
*Attorneys for Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc. Aspen Highlands Condominium Association, Ritz-Carlton Management Company, LLC, Cobalt Travel Company, LLC, and Lion & Crown Travel Company, LLC*

____/s/ Daniel F. Shea_____
Daniel F. Shea, #27803
Jessica B. Livingston, #41483
HOGAN LOVELLS US LLP
1601 Wewatta Street, Suite 900
Denver, Colorado 80202
Telephone: (303) 899-7300
Facsimile: (303) 899-7333
E-mail: dan.shea@hoganlovells.com
E-mail: jessica.livingston@hoganlovells.com
*Attorneys for Defendant Aspen Highlands Condominium Association*

4850-6684-0391, v. 1

13