# EXHIBIT 1

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of ~~District of~~ Colorado

| | | |
|---|---|---|
| RCHFU, LLC, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:16-cv-01301-PAB-GPG |
| MARRIOTT VACATIONS WORLDWIDE CORPORATION, et al. | ) | |
| *Defendant* | ) | |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
John C. Vaughn
Newmark Knight Frank
4675 MacArthur Court, Suite 1600, Newport Beach, CA 92660

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Veritext<br>20 Corporate Park, Suite 350<br>Irvine, CA 92606 | Date and Time:<br>November 27, 2017  at 10:00 a.m. |
|---|---|

The deposition will be recorded by this method:   Stenographically and video

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:   SEE ATTACHMENT A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   10/19/2017

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    /s/ Michael J. Reiser
                                                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Plaintiffs
RCHFU, LLC, et al.
, who issues or requests this subpoena, are:

Michael J. Reiser, Esq., REISER LAW, p.c., 1475 N. Broadway, Suite 300, Walnut Creek, CA 94596 (925) 256-0400

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC,** *et al.*

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION** *et al.*

Defendants.

---

## ATTACHMENT A TO PLAINTIFFS' SUBPOENA TO TESTIFY AT A DEPOSITION TO JOHN C. VAUGHN

---

Pursuant to Federal Rule of Civil Procedure 45, Plaintiffs hereby request John C. Vaughn produce the following documents:

## **DEFINITIONS**

Terms in these requests for documents are defined as follows:

1.      The terms "you" and "your" mean and refer to John C. Vaughn, as well as to your affiliated and related companies, predecessors in interest, members, officers, directors, principals, owners, agents, employees, representatives, attorneys, and any other person retained by or under the direction or control of those parties.

2.      The term "Marriott" and the phrase "Marriott Defendants," refers individually and collectively, as appropriate, to Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC,

and The Lion & Crown Travel Company, LLC, and to their respective officers, directors, stockholders, owners, agents, employees, representatives, and attorneys, as well as to any other person retained by or under the direction or control of those parties.

3.      The term "Trust" refers to the Bleu Florida Land Trust Association, Inc. and to it's respective officers, directors, stockholders, owners, agents, employees, representatives, and attorneys, as well as to any other person retained by or under the direction or control of those parties.

4.      The term "Action" means the above-captioned action, *RHCFU, LLC v. Marriott Vacations Worldwide Corp.*, Case No. 16-01301 PAB (D. Colo.).

5.      The term "Complaint" refers to the Fifth Amended Complaint and Jury Demand, dated March 31, 2017 filed in this Action.

6.      The term "Appraisal Report" refers to the Appraisal for Real Property for Five Fractional Ownership Units- Ritz Carlton Club in San Francisco 690 Market Street City and County of San Francisco, Ca 94014, as of December 2, 2013, prepared for: Bleu Florida Land Trust Association, Inc. 6649 Westwood Blvd. Orlando, FL 32821 by John C. Vaughn and Christopher T. Donaldson.

7.      The phrase "MVC Affiliation" refers broadly to both the proposed concept and the actual transaction through which members of the Marriott Vacation Club Destinations program could become or became eligible to reserve stays at Ritz-Carlton Destination Club resorts affiliated with the Ritz-Carlton Destination Club Exchange Program.

8.      The term "Cushman & Wakefield" refers to here as Cushman & Wakefield Western, Inc and all its offices that performed work on the appraisal offices at Park City, Utah, Honolulu, Hawaii, Denver, Colorado and including any offices in Denver, Colorado and Northern California.

9.      The term "concerning" means relating to, referring to, reflecting, describing, evidencing, or constituting.

10.     The term "information" means any facts, theories, suggestions, ideas, estimates, predictions, projections, expectations, or aspirations.

11.     The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and refers to every manner of transmitting or receiving information, opinions and thoughts, whether orally, in writing or otherwise, including without limitation, any writing transmitted between persons or any oral conversation of any kind or character, such as personal or telephone conversations, letters, meetings, memoranda, telegraphic, telex, facsimile, and e-mail and other computer communications or transmittal of documents, and all documents concerning such writings or oral conversations.

12.     The term "document" includes originals and all non-identical copies, whether different from the original by reason of alterations or notations made on such copies or otherwise, whether in draft or final form, including without limitation: letters or other correspondence; memoranda; inter-office and intra-office communications; e-mails; reports; notes; jottings; work papers; journals; daybooks; contracts; agreements; leases; proposals; estimates; bonds; telegrams; transmissions; telexes; faxes; cables; mailgrams; studies; messages; file folders; lists; schedules; tables; indices; transcripts; affidavits; tabulations; records of expenditures; receipts; financial,

statistical and computerized data; diaries; calendars; time records; periodicals and newspaper articles; analyses; comparisons; records; books; booklets; circulars; bulletins; notices; newsletters; manuals; purchase orders; work authorizations; invoices; vouchers; cancelled checks; bills; working papers; income tax returns; appraisals; spreadsheets; surveys; statements; minutes; summaries; records or recordings of telephone or other conversations, conferences, meetings, inspections, test, or visits; ledgers; photographs; motion pictures or video films; press releases; advertisements; brochures; catalogs; promotional materials; instructions; other communications; questionnaires; surveys; notebooks; plans; summaries or reports of investigations or negotiations; blueprints; opinions; reports, evaluations or recommendations of consultants, architects, engineers, or independent contractors; charts; graphs; and translations of tapes, disks or other electronic data compilations. The term "document" also means any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced.

13.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each Interrogatory all documents and information that might otherwise be construed to be outside of its scope.

14.     The use of the singular form of any word includes the plural and vice versa. Similarly, the use of one gender shall include all genders, as appropriate in the context.

## **DOCUMENTS TO BE PRODUCED**

REQUEST FOR PRODUCTION NO. 1

Please produce all documents, files (including electronic), records, or things, of any kind or description in your possession, custody or control concerning the Appraisal Report.

REQUEST FOR PRODUCTION NO. 2

4

Please produce all documents, files (including electronic), records, or things of any kind or description, including maps, photographs, surveys in your possession, custody or control concerning the work file(s) at Cushman & Wakefield as required by the Uniform Standards of Professional Appraisal Practice (USPAP) in connection with the Appraisal Report.

REQUEST FOR PRODUCTION NO. 3

Please produce all documents, files (including electronic), records, or things, of any kind or description in your possession, custody or control concerning your communications with the Trust.

REQUEST FOR PRODUCTION NO. 4

Please produce all documents, files (including electronic), records, or things, of any kind or description in your possession, custody or control concerning communications with Marriott or any of the Marriott Defendants in connection with the Appraisal Report.

REQUEST FOR PRODUCTION NO. 5

Please produce all documents, files (including electronic), records, or things, of any kind or description in your possession, custody or control concerning any appraisal, opinion of value or valuation performed by Cushman & Wakefield or any Cushman & Wakefield Valuation and Advising group concerning any fractional units of any other Ritz Carlton Resort Club including Saint Thomas, California, Kapalua, Hawaii, Aspen Highlands, Colorado and Lake Tahoe, California.

Dated: October 19, 2017

REISER LAW, P.C.                                        THE MATTHEW C. FERGUSON LAW FIRM, P.C.

_/s/ Michael J. Reiser_                                 _/s/ Matthew C. Ferguson_
Michael J. Reiser, # 16161                        Matthew C. Ferguson, #25687
Lilia Bulgucheva (CA Bar #291374)        119 South Spring, Suite 201
1475 N. Broadway, Suite 300                    Aspen, Colorado 81611
Walnut Creek, California 94596                 Telephone: (970) 925-6288

Telephone: (925) 256-0400
Facsimile: (925) 476-0304
E-mail: michael@reiserlaw.com
Email: lilia@reiserlaw.com
*Attorney for Plaintiffs*

GIBBS LAW GROUP, LLP

   */s/ Michael Schrag*
Michael Schrag (CA State Bar # 185832)
Linda Lam (CA State Bar# 301461)
505 14th Street, Suite 1110
Oakland, California 94612
Phone: (510) 350-9718
Facsimile: (510) 350-9701
E-mail: mls@classlawgroup.com
E-mail: lpl@classlawgroup.com
*Attorney for Plaintiffs*

Facsimile: (970) 925-2273
E-mail: matt@matthewfergusonlaw.com
*Attorney for Plaintiffs*

THE MEADE FIRM, P.C.

   */s/ Tyler Meade*
Tyler Meade (CA State Bar # 160838)
1816 Fifth Street
Berkeley, California 94710
Telephone: 510-843-3670
E-mail: tyler@meadefirm.com
*Attorney for Plaintiffs*

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery**. A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions**. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information**. These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

7

objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**

  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;

    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

    **(iv)** subjects a person to undue burden.

  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(2) Claiming Privilege or Protection.**

  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

    **(i)** expressly make the claim; and

    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

4822-6387-7713, v. 1