IN THE UNITED STATES DISTRICT COURT

DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC,** *et al.*

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION,** *et al.*

Defendants.

---

**NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS TO IVAN SKORIC**

---

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiffs RCHFU, LLC, et al., (collectively, "Plaintiffs"), will issue the attached subpoena to the following persons:

1. **Ivan Skoric**
   Aspen Snowmass Sotheby's International Realty
   50 Snowmass Village Mall
   Snowmass, Colorado 81615

The subpoena will command Mr. Skoric to produce documents listed in Attachment A to the attached subpoena (*see* **Exhibit 1**).

Dated: November 6, 2017

THE MATTHEW C. FERGUSON LAW FIRM, P.C.

*/s/ Matthew C. Ferguson*
Matthew C. Ferguson, #25687

119 South Spring, Suite 201
Aspen, Colorado 81611
Telepho
ne: (970) 925-6288
Facsimile: (970) 925-2273
E-mail: matt@matthewfergusonlaw.com
*Attorney for Plaintiffs*

### CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 6th day of November, 2017, a true and accurate copy of the foregoing **NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS TO IVAN SKORIC** was served via ECF and E-mail upon following:

Daniel F. Shea, Esq.
  *dan.shea@hoganlovells.com*
Jessica Black Livingston, Esq.
  *jessica.livingston@hoganlovells.com*
Hogan Lovells US LLP
1200 Seventeenth Street, Suite 1500
Denver, Colorado 80202

Naomi G. Beer, Esq.
  *BeerN@gtlaw.com*
Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, Colorado 80202

Ian S. Marx, Esq.
  *MarxI@gtlaw.com*
Philip R. Sellinger, Esq.
  *SellingerP@gtlaw.com*
Greenberg Traurig, LLP
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932

 */s/ Lilia Bulgucheva*
      Lilia Bulgucheva

# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Colorado

| | |
|---|---|
| RCHFU, LLC, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:16-cv-01301-PAB-GPG |
| MARRIOTT VACATIONS WORLDWIDE CORPORATION, et al. | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Ivan Skoric
Aspen Snowmass Sotheby's International Realty
50 Snowmass Village Mall, Snowmass, CO 81615

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   SEE ATTACHMENT A

| Place: REISER LAW, p.c.<br>1475 N. Broadway, Suite 300<br>Walnut Creek, CA 94596 | Date and Time:<br>November 27, 2017 at 10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/06/17

CLERK OF COURT
OR

_____          Lilia Bulgucheva
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs
RCHFU, LLC, et al.              , who issues or requests this subpoena, are:

REISER LAW, p.c., 1475 N. Broadway, Suite 300, Walnut Creek, CA 94596; (925) 256-0400; lilia@reiserlaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
       **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
       **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
       **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC** *et al.*

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION** *et al.*

Defendants.

---

### ATTACHMENT A TO PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS TO IVAN SKORIC

---

Pursuant to Federal Rule of Civil Procedure 45, Plaintiffs hereby request Ivan Skoric produce the following documents:

### DEFINITIONS

1. Documents(s)" includes all documents, communications, information, or tangible things within the scope of Federal Rules of Civil Procedure 26 and 34, including electronically- stored information, and all versions and drafts of versions.

2. "Communication(s)" means the transmittal of information in the form of facts, ideas, inquiries, and any exchange or transfer of information whether written, oral, electronic, or in any form. The term specifically includes emails, text messages, voice messages and voice mail, and instant messaging conversations, regardless of whether such communications are stored on electronic equipment owned by "you" (as defined below)

3. "Concerning" means referring to, discussing, constituting, comprising, reflecting, describing, depicting, indicating, considering, or in any way connected to or with the matter discussed, and shall be interpreted very broadly to promote the full disclosure of information.

4. "Association" means the Aspen Highlands Condominium Association, Inc. a Colorado Nonprofit Corporation, and its respective directors, officers, members, owners, agents, employees, representatives and attorneys.

5. "RCDC" means the Ritz-Carlton Destination Clubs system and the RDCD Clubs in it, including the Clubs at Aspen Highlands, Bachelors Gulch, San Francisco, Lake Tahoe, Kapalua, Jupiter and Abaco.

6. "MVC" means the Marriott Vacation Club timeshare program.

7. "MVW" means Marriott Vacations World Corporation.

8. "Aspen Highlands" means the Ritz-Carlton Destination Club, Aspen Highlands located in Aspen, Colorado,

9. "Marriott" and the phrase "Marriott Defendants," refers individually and collectively, as appropriate, to Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, and The Lion & Crown Travel Company, LLC, and to their respective officers, directors, stockholders, owners, agents, employees, representatives, and attorneys, as well as to any other person retained by or under the direction or control of those parties.

10. "Exchange Program" means any affiliation between Aspen Highlands and another program, including but not limited to Lion & Crown, Abercrombie and Kent, Exclusive

Resorts, and THIRDHOME, but excluding the MVCD Exchange Program.

11. "Fractional Ownership Interest" means an undivided, fee ownership interest as tenant-in-common in a Tourist Accommodation Unit together with an allocated period of time as designated in the deed or other instrument of conveyance allowing owners of Fractional Ownership Interests exclusive right to possession, use and occupancy of a unit during those periods of time designated by the Association that owners may reserve for use pursuant to the Association's Declarations, Disclosures and related Documents and the Membership Program Documents, as defined in Section 23.2.3 of the Declaration of Condominium for Aspen Highlands Condominiums, Aspen Highlands Village, City of Aspen, Pitkin County, Colorado.

12. "MVCD Exchange Program" means the affiliation between Aspen Highlands and the Marriott Vacation Club Destinations exchange program.

13. "Member" means any owner of a Fractional Ownership Interest. The term "any other Member" refers to documents or information relating to any Member of which you are aware, and does not impose on you an independent obligation to obtain information of which you are not currently aware.

14. "Relating to" means constituting, discussing, depicting, memorializing, mentioning, recording, implying, referring, containing, relating, concerning, evidencing, describing, dealing with, embodying, reflecting, identifying, commenting on, responding to, consisting of, supporting, summarizing, contradicting, or in any way pertaining in full or in part to the subject, as the context makes appropriate.

15. "Tourist Accommodation Unit" means a unit designated with the prefix "TA"

on the Map and designated as a tourist accommodation unit in the PUD Plan, and not the Deed Restricted Residential Units or the Commercial Units, as defined in Section 2.71 of the Declaration of Condominium for Aspen Highlands Condominiums, Aspen Highlands Village, City of Aspen, Pitkin County, Colorado.

16. "TAD" means any Tourist Accommodation Director(s) who has served on the board of the Tourist Accommodation Board of Directors at the Aspen Highlands from January 1, 2012 through the present.

17. "You," "your," and "Skoric" refer to Ivan Skoric and Aspen Snowmass Sotheby's International Realty, as wellas to your affiliated and related brokers/brokerages and companies, representatives, agents and any other person retained by you or under your direction or control.

18. "ASSIR" means and refers to Aspen Snowmass Sotheby's International Realty, its brokers, associate brokers, employees, staff, members, officers, directors, principals, owners, agents, representatives, attorneys, and any other person retained by or under the direction or control of those parties.

19. The term "Action" means the above-captioned action, *RCHFU, LLC, et al. v. Marriott Vacations Worldwide Corp., et a.*, Case No. 16-01301-PAB-GPG (D. Colo).

20. The phrase "Purchase Contract" refers to any purchase contract or purchase and sale agreement with respect to the purchase of Fractional Interests, whether directly from Marriott or through a third party, as applicable, as well as to any amendments to the Purchase Contract.

21. The connectives "and" and "or" shall be construed either disjunctively or

conjunctively as necessary to bring within the scope of each request all documents and information that might otherwise be construed to be outside of its scope.

22. The use of the singular form of any word includes the plural and vice versa. Similarly, the use of one gender shall include all genders, as appropriate in the context.

### DOCUMENTS TO BE PRODUCED

1. All documents, files (including electronic), records, or things, of any kind or description in your possession, custody or control relating to the history of sales of Fractional Interests at Aspen Highlands, including any and all lists, compilations, summaries of said transactions that include data such as sale date, sale price, unit number, seller, purchaser, and/or brokers identity.

2. All documents, files (including electronic), records, or things of any kind or description in your possession, custody or control concerning any contract, agreement or arrangement you may have with Marriott or the Association to act as a broker for Fractional Interests at Aspen Highlands, including as a preferred broker, or as one trained or approved by Marriott.

3. All documents, files (including electronic), records, or things of any kind or description in your possession, custody or control concerning any specialized training you have may receive or taken relative to your brokerage services at Aspen Highlands, for Members and/or for Fractional Interests.

4. All documents, files (including electronic), records, or things of any kind or description, your possession, custody or control concerning any communications you have had with Marriott relating to Aspen Highlands since becoming an outside broker selling Fractional Interests.

5. All documents, files (including electronic), records, or things of any kind or description, including maps, photographs, surveys in your possession, custody or control concerning

any communications you have had with Association or the Manager reporting on listing and sales data for Aspen Highlands, Dancing Bear, Timbers Snowmass, Residences at Little Nell, Grand Hyatt, Timbers Bachelor Gulch.

6. All documents, files (including electronic), records, or things of any kind or description, in your possession, custody or control concerning any listings you have had for Fractional Interests at Aspen Highlands.

7. All documents, files (including electronic), records, or things of any kind or description, in your possession, custody or control concerning any market study(s), market analysis(es), appraisal(s), opinion(s) of value, timeshare, interval or fractional ownership comparison(s) relating to the Fractional Interest at Aspen Highlands.

8. All documents, files (including electronic), records, or things of any kind or description, in your possession, custody or control concerning Your communications relating to the Action, the value or loss of value of Fractional Interests and the MVCD Exchange Program with any Member, TAD, Marriott, Nicholas DiMeglio (or any of his upper level staff with The Ritz-Carlton Hotel Company, LLC) and the Association.

Dated: November 6, 2017

REISER LAW, P.C.

   */s/ Michael J. Reiser*
Michael J. Reiser, # 16161
Lilia Bulgucheva (CA Bar # 291374)
1475 N. Broadway, Suite 300
Walnut Creek, California 94596
Telephone: (925) 256-0400
Facsimile: (925) 476-0304

THE MATTHEW C. FERGUSON LAW FIRM, P.C.

   */s/ Matthew C. Ferguson*
Matthew C. Ferguson, #25687
119 South Spring, Suite 201
Aspen, Colorado 81611
Telephone: (970) 925-6288
Facsimile: (970) 925-2273
E-mail: matt@matthewfergusonlaw.com

E-mail: michael@reiserlaw.com
Email: lilia@reiserlaw.com
*Attorney for Plaintiffs*

GIBBS LAW GROUP, LLP

   */s/ Michael Schrag*
Michael Schrag (CA State Bar # 185832)
Linda Lam (CA State Bar# 301461)
505 14th Street, Suite 1110
Oakland, California 94612
Phone : (510) 350-9718
Facsimile : (510) 350-9701
E-mail : mls@classlawgroup.com
E-mail : lpl@classlawgroup.com
*Attorney for Plaintiffs*

*Attorney for Plaintiffs*

THE MEADE FIRM, P.C.

   */s/ Tyler Meade*
Tyler Meade (CA State Bar # 160838)
1816 Fifth Street
Berkeley, California 94710
Telephone: 510-843-3670
E-mail: tyler@meadefirm.com
*Attorney for Plaintiffs*

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii**) is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery**. A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions**. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
   **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The

   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information**. These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

8

| | |
|---|---|
| objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:<br>  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.<br>  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.<br><br>**(3) Quashing or Modifying a Subpoena.**<br><br> **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:<br>  **(i)** fails to allow a reasonable time to comply;<br>  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);<br>  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or<br>  **(iv)** subjects a person to undue burden.<br> **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires: | **(2) Claiming Privilege or Protection.**<br> **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:<br>  **(i)** expressly make the claim; and<br>  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.<br> **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.<br><br>**(g) Contempt.**<br>The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it. |

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

9