## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC,** *et al.*

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION,** *et al.*

Defendants.

_____

## NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS TO MICHAEL MARINO
_____

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Plaintiffs RCHFU, LLC, et al., (collectively, "Plaintiffs"), issues the attached

subpoena to the following persons:

**1. Michael Marino**
620 Eighth Avenue
New York, NY 10018

The subpoena will command Mr. Marino to produce documents listed in Attachment A to

the attached subpoena (*see* **Exhibit 1**).

Dated: November 6, 2017

THE MATTHEW C. FERGUSON LAW FIRM, P.C.

_____ */s/ Matthew C. Ferguson* _____
Matthew C. Ferguson, #25687
119 South Spring, Suite 201

Aspen, Colorado 81611
Telepho
ne: (970) 925-6288
Facsimile: (970) 925-2273
E-mail: matt@matthewfergusonlaw.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 6th day of November, 2017, a true and accurate copy of the foregoing **NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS TO MICHAEL MARINO** was served via ECF and E-mail upon following:

Daniel F. Shea, Esq.
   *dan.shea@hoganlovells.com*
Jessica Black Livingston, Esq.
   *jessica.livingston@hoganlovells.com*
Hogan Lovells US LLP
1200 Seventeenth Street, Suite 1500
Denver, Colorado 80202

Naomi G. Beer, Esq.
   *BeerN@gtlaw.com*
Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, Colorado 80202

Ian S. Marx, Esq.
   *MarxI@gtlaw.com*
Philip R. Sellinger, Esq.
   *SellingerP@gtlaw.com*
Greenberg Traurig, LLP
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932

   _/s/ Lilia Bulgucheva_____
               Lilia Bulgucheva

# EXHIBIT 1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the

RCHFU, LLC, et al.

_____

*Plaintiff*

MARRIOTT VACATIONS WORLDWIDE
CORPORATION, et al.

_____

*Defendant*

)
)
)
)
)
)
)

Civil Action No.  1:16-cv-01301-PAB-GPG

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Michael Marino
620 Eighth Avenue
New York, NY 10018

*(Name of person to whom this subpoena is directed)*

☛ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  SEE ATTACHMENT A

| Place: REISER LAW, p.c.<br>1475 N. Broadway, Suite 300<br>Walnut Creek, CA 94596 | Date and Time:<br>November 16, 2017  at 5:00 p.m. |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  10/30/17

*CLERK OF COURT*

OR

_____    _____
*Signature of Clerk or Deputy Clerk*                    /s/ Lilia Bulgucheva
                                                                            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Plaintiffs
RCHFU, LLC, et al.
_____ , who issues or requests this subpoena, are:

REISER LAW, p.c., 1475 N. Broadway, Ste 300, Walnut Creek, CA 94596; (925) 256-0400; lilia@reiserlaw.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                                *Server's signature*

                                                  _____
                                                                *Printed name and title*

                                                  _____
                                                                *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF COLORADO**

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC** *et al.*

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION** *et al.*

Defendants.

_____

**ATTACHMENT A TO PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS TO MICHAEL MARINO**

_____

Pursuant to Federal Rule of Civil Procedure 45, Plaintiffs hereby request Michael Marino produce the following documents:

## <u>DEFINITIONS</u>

1.     Documents(s)" includes all documents, communications, information, or tangible things within the scope of Federal Rules of Civil Procedure 26 and 34, including electronically- stored information, and all versions and drafts of versions.

2.     "Communication(s)" means the transmittal of information in the form of facts, ideas, inquiries, and any exchange or transfer of information whether written, oral, electronic, or in any form.  The term specifically includes emails, text messages, voice messages and voice mail, and instant messaging conversations, regardless of whether such communications are stored on electronic equipment owned by "you" (as defined below)

3.     "Concerning" means referring to, discussing, constituting, comprising, reflecting, describing, depicting, indicating, considering, or in any way connected to or with the matter discussed, and shall be interpreted very broadly to promote the full disclosure of information.

4.     "Association" means the Aspen Highlands Condominium Association, Inc. a Colorado Nonprofit Corporation, and its respective directors, officers, members, owners, agents, employees, representatives and attorneys.

5.     "RCDC" means the Ritz-Carlton Destination Clubs system and the RDCD Clubs in it, including the Clubs at Aspen Highlands, Bachelors Gulch, San Francisco, Lake Tahoe, Kapalua, Jupiter and Abaco.

6.      "MVC" means the Marriott Vacation Club timeshare program.

7.     "MVW" means Marriott Vacations World Corporation.

8.      "Aspen Highlands" means the Ritz-Carlton Destination Club, Aspen Highlands located in Aspen, Colorado,

9.     "Marriott" and the phrase "Marriott Defendants," refers individually and collectively, as appropriate, to Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, and The Lion & Crown Travel Company, LLC, and to their respective officers, directors, stockholders, owners, agents, employees, representatives, and attorneys, as well as to any other person retained by or under the direction or control of those parties.

10.     "Exchange Program" means any affiliation between Aspen Highlands and another program, including but not limited to Lion & Crown, Abercrombie and Kent, Exclusive

Resorts, and THIRDHOME, but excluding the MVCD Exchange Program.

11.     "Fractional Ownership Interest" means an undivided, fee ownership interest as tenant-in-common in a Tourist Accommodation Unit together with an allocated period of time as designated in the deed or other instrument of conveyance allowing owners of Fractional Ownership Interests exclusive right to possession, use and occupancy of a unit during those periods of time designated by the Association that owners may reserve for use pursuant to the Association's Declarations, Disclosures and related Documents and the Membership Program Documents, as defined in Section 23.2.3 of the Declaration of Condominium for Aspen Highlands Condominiums, Aspen Highlands Village, City of Aspen, Pitkin County, Colorado.

12.     "MVCD Exchange Program" means the affiliation between Aspen Highlands and the Marriott Vacation Club Destinations exchange program.

13.     "Member" means any owner of a Fractional Ownership Interest. The term "any other Member" refers to documents or information relating to any Member of which you are aware, and does not impose on you an independent obligation to obtain information of which you are not currently aware.

14.     "Relating to" means constituting, discussing, depicting, memorializing, mentioning, recording, implying, referring, containing, relating, concerning, evidencing, describing, dealing with, embodying, reflecting, identifying, commenting on, responding to, consisting of, supporting, summarizing, contradicting, or in any way pertaining in full or in part to the subject, as the context makes appropriate.

15.     "Tourist Accommodation Unit" means a unit designated with the prefix "TA"

3

on the Map and designated as a tourist accommodation unit in the PUD Plan, and not the Deed Restricted Residential Units or the Commercial Units, as defined in Section 2.71 of the Declaration of Condominium for Aspen Highlands Condominiums, Aspen Highlands Village, City of Aspen, Pitkin County, Colorado.

16.     "TAD" means any Tourist Accommodation Director(s) who has served on the board of the Tourist Accommodation Board of Directors at the Aspen Highlands from January 1, 2012 through the present.

17.     "You," "your," and "Seyfarth" refer to Michael F. Marino, III, and his law firm Seyfarth Shaw, and any partners, counsel, of counsel and/or associates who worked on the legal matters relating to these requests.

## REQUESTS

1.     Produce all documents and communications concerning your provision of legal services or advise, and/or formal representation of the Association, its Board and/or any TAD, relating to Randall Mercer's requests to you in 2012 through to date. Please note that the Association has waived the attorney client privilege with respect to these engagements concerning Marriott.

2.     Produce all documents and communications relating to any retention agreement, retainer, agreement to render legal services of any sort (including drafts and unsigned) entered into (or proposed to be entered into) by and between Seyfarth and the Association, its Board and/or any TAD, including but not limited to those concerning (1) Randall Mercer's requests to you in 2012 through to date, and (2) negotiations, disputes, disagreements, agreements and

discussions with Marriott relating to the Aspen Highlands for the period December 1, 2012 through to date.

3.      Produce all documents and communications relating to any all invoices, bills, and accounts relating to any legal services rendered by you to the Association, its Board and/or any TAD, including but not limited to those concerning (1) Randall Mercer's requests to you in 2012 through to date, and (2) negotiations, disputes, disagreements, agreements and discussions with Marriott relating to the Aspen Highlands for the period December 1, 2012 through to date.

4.      Produce all documents and communications concerning the MVCD Exchange Program and The Lion & Crown Travel Company, LLC for Aspen Highlands and any club in RCDC, including all discussions and negotiations by and between you and Marriott for the period December 1, 2011 through to date.

5.      Produce all documents and communications concerning negotiations, contacts and discussions you had with Marriott relating to any RCDC club and any proposed or actual affiliation with the MVCD Exchange Program or contractual relationship with The Lion & Crown Travel Company, LLC for the period December 1, 2011 through to date.

6.      Produce all documents and communications by and between you and Randall Mercer and Tyler Oliver for the period December 1, 2012 through to date.

7.      Produce all documents and communications by and between you and Barbara Egolf for the period December 1, 2012 through to date.

8.      Produce all documents and communications concerning Philip A. Gosch (an

attorney with Brownstein Hyatt Farber Schreck) relating to Aspen Highlands.

Dated: October 30, 2017

REISER LAW, P.C.                                THE MATTHEW C. FERGUSON LAW FIRM, P.C.

___/s/ Michael J. Reiser_____             _____/s/ Matthew C. Ferguson_____
Michael J. Reiser, # 16161                       Matthew C. Ferguson, #25687
Lilia Bulgucheva (CA Bar # 291374)               119 South Spring, Suite 201
1475 N. Broadway, Suite 300                      Aspen, Colorado 81611
Walnut Creek, California 94596                   Telephone: (970) 925-6288
Telephone: (925) 256-0400                        Facsimile: (970) 925-2273
Facsimile: (925) 476-0304                        E-mail: matt@matthewfergusonlaw.com
E-mail: michael@reiserlaw.com                    *Attorney for Plaintiffs*
Email: lilia@reiserlaw.com
*Attorney for Plaintiffs*

GIBBS LAW GROUP, LLP                             THE MEADE FIRM, P.C.

___/s/ Michael Schrag_____              _____/s/ Tyler Meade_____
Michael Schrag (CA State Bar # 185832)           Tyler Meade (CA State Bar # 160838)
Linda Lam (CA State Bar# 301461)                 1816 Fifth Street
505 14th Street, Suite 1110                       Berkeley, California 94710
Oakland, California 94612                         Telephone: 510-843-3670
Phone : (510) 350-9718                            E-mail: tyler@meadefirm.com
Facsimile : (510) 350-9701                        *Attorney for Plaintiffs*
E-mail : mls@classlawgroup.com
E-mail : lpl@classlawgroup.com
*Attorney for Plaintiffs*

**Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)**

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions**. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information**. These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

7

objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

### (3) Quashing or Modifying a Subpoena.

**(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(2) Claiming Privilege or Protection.**

**(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (g) Contempt.

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)