## IN THE UNITED STATE DISTRICT COURT
## DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC**, et al.

    Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION**, et al.

    Defendants.

___

### PLAINTIFFS' UNOPPOSED MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO MARRIOTT DEFENDANTS' MOTION FOR PROTECIVE ORDER
___

Plaintiffs, as listed in the caption, by and through undersigned counsel, hereby file this Unopposed Motion for an Enlargement of Time to Respond in Opposition to Marriott Defendants' Motion for a Protective Order Precluding the Deposition of Stephen P. Weisz ("Motion"). In support of this Motion, Plaintiffs respectfully state as follows:

    1.    Plaintiffs request that they be permitted to file their response to the Rule 26 Motion on or before January 8, 2017.[1] The request made in this motion is unopposed. There is no emergent deposition issue the week of December 25, 2017.

    2.    On Friday, December 22, 2017, the Marriott Defendants filed their Fed. R. Civ. P. 26(c)(1)(A) motion seeking to preclude Plaintiffs from conducting the deposition of Stephen P. Weisz ("Mr. Weisz") [Docket #166] ("Rule 26 Motion").

---

[1] Local Rule 7.1(d) would normally allow 21 days to respond. This is abbreviated.

3. At 2:55 p.m. MDT on December 22, 2017, Magistrate Judge Gallagher entered an Order directing that Plaintiffs' response to the Rule 26 Motion, if any, be filed no later than noon on December 26, 2017. [Docket #166].

4. Most counsel had left for the long Christmas holiday weekend. Plaintiffs' counsel Matthew Ferguson and Marriott's counsel Ian Marx were able to reach one another on late Friday afternoon. They agreed that this unopposed motion seeking relief from the abbreviated briefing schedule would be made by Plaintiffs and not opposed.

5. There is <u>no</u> deposition of Weisz going forward on December 29, 2017. This was not made clear in the Marriott Defendants' motion and likely resulted in the Court's December 22, 2017, Order, directing a response be made over the Christmas weekend. This was not the intention of any of the parties – as set forth below.

6. It was agreed to by counsel several weeks ago that the noticing of Mr. Weisz' deposition for December 29, 2017 was being done in order to preserve Plaintiffs' rights and importantly create a vehicle to bring the "apex doctrine" issues raised by these defendants before the Court.

7. To that end, the Plaintiffs served another amended notice for Mr. Weisz' deposition. It was notice "provisionally", as had been another earlier notice.

8. Specifically, in connection with the amended notice for December 29, 2017, Ferguson wrote a November 27, 2017, letter to Marx to confirm their ongoing discussions about the deposition notices. The deposition noticed provisionally for November 29, 2017, was called off.

2

9. A copy of Ferguson's November 27, 2017, letter to Marx is annexed hereto as **EXHIBIT "A".**

10. The letter also stated that:

> The Marriott Defendants believe that they have grounds to oppose Plaintiffs' deposition of Mr. Weisz. To that end, the law and procedural posture is for your clients to move for a protective order. …

11. Plaintiffs wanted the Marriott Defendants' to make the Rule 26 Motion, so that Plaintiffs could respond and have the issued decided. Ferguson wrote that "In reality, as the Marriott Defendants will be moving for protection against this discovery, the date of the deposition will fix the motion practice schedule."

12. Mr. Marx confirmed this understanding in an email the same day and the parties have operated under this plan, *i.e.*, the deposition was noticed simply so that the Marriott Defendants could file the motion and have a benchmark to get it filed. Counsel for all parties had long ago agreed that there would be no deposition of Mr. Weisz on December 29, 2017.

13. Again, the Court likely took this deposition timing issue as an emergent issue. This was not the parties' intent.

14. The Marriott Defendants raised their objection to the deposition of Mr. Weisz in September 2017, and have had several months to prepare and file the Rule 26 Motion.

15. Plaintiffs request the opportunity to respond fully and completely to the Rule 26 Motion. There is no deposition going forward on December 29th. Plaintiffs are required to respond to both the legal arguments and the suggestion that this or any deposition is noticed for harassment. It most certainly is not.

16. As the Court is aware, these depositions are being conducted in three cases.

17. Respectfully, the ability to respond adequately on this important issue is important and would be hampered significantly with only one-half business day to respond.

18. The requested enlargement of time will not prejudice any party to this case, as demonstrated by the fact that it is unopposed.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that the Court grant this Unopposed Motion and enter an order allowing Plaintiffs to file their response to the Rule 26 Motion or before January 8, 2017.

DATED: December 24, 2017

Respectfully submitted,

REISER LAW, P.C.

_____/s/ Matthew W. Reiser_____
Matthew W. Reiser, #315301
1475 N. Broadway Suite 300
Walnut Creek, CA
Telephone: (925) 256-0400
Facsimile: (925) 476-0304
E-mail: michael@reiserlaw.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 25th day of December 2017, a true and accurate copy of the foregoing **UNOPPOSED MOTION FOR ENLARGEMENT OF TIME OF TIME TO RESPOND TO MARRIOTT DEFENDANTS' MOTION FOR PROTECIVE ORDER** was filed and served via CM/ECF filing system upon following:

| | |
|---|---|
| Matthew C. Ferguson, Esq. | Daniel F. Shea, Esq. |
| The Matthew C. Ferguson Law Firm, P.C. | Jessica Black Livingston, Esq. |
| 119 South Spring, Suite 201 | Hogan Lovells US LLP |
| Aspen, Colorado 81611 | 1200 Seventeenth Street, Suite 1500 |
| | Denver, Colorado 80202 |

4

Michael J. Reiser, Esq..  
Reiser Law p.c.  
1475 N. Broadway Suite 300  
Walnut Creek, California 94596  

Michael L. Schrag, Esq.  
Linda Lam, Esq.  
Gibbs Law Group LLP  
1 Kaiser Plaza, Suite 1125  
Oakland, California 94612  

Tyler R. Meade, Esq.  
Melissa Riess James, Esq.  
The Meade Firm P.C.  
1816 Fifth Street  
Berkeley, California 94710  

Naomi G. Beer, Esq.  
Greenberg Traurig, LLP  
1200 17th Street, Suite 2400  
Denver, Colorado 80202  

Ian S. Marx, Esq.  
Philip R. Sellinger, Esq.  
Greenberg Traurig, LLP  
500 Campus Drive, Suite 400  
Florham Park, New Jersey 07932  

  /s/ Matthew W. Reiser  
Matthew W. Reiser  

4840-6171-0425, v. 1

5