**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Gordon P. Gallagher, United States Magistrate Judge

Civil Action No. 16-cv-1301-PAB-GPG

RCHFU, LLC et al,

    Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION et al.,

    Defendants.

**ORDER REGARDING DEFENDANT'S MOTION FOR PROTECTIVE ORDER PRECLUDING THE DEPOSITION OF STEPHEN P. WEISZ**

These matters come before the Court on Defendants' motion (ECF #166)[1] (which was referred to this Magistrate Judge (ECF #169)). [2] The Court has reviewed each of the aforementioned documents, response, reply and any attachments. The Court has also considered the entire case file, the applicable law, and is sufficiently advised in the premises. Oral argument is not necessary to resolve this discrete issue.

---

[1] "(ECF #166)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

[2] Any party may object to this non-dispositive Order within fourteen (14) days. Fed.R.Civ.P. 72(a).

Plaintiffs seek to depose Stephen P. Weisz, President and CEO of Marriott Vacations Worldwide Corporation (MVW) on the basis that he has special knowledge of the Defendants' "strategy and motivation for carrying out the breach of fiduciary duty that lie at the heart of this action" and that he oversaw the change/evolution/re-engineering of the Ritz-Carlton Destination Club (RCDC) (ECF #174, p. 1). Defendants, citing the "apex" doctrine, oppose.

Under the apex doctrine, "a court may protect a high executive officer from the burdens of a deposition upon a showing that (1) the executive has no unique personal knowledge of the matter in dispute; (2) the information sought can be obtained from another witness; (3) the information can be obtained through an alternative discovery method; or (4) severe hardship on the deponent." *Peiker Acustic, Inc. v. Kennedy*, 2011 WL 1244238 *1 (D. Colo. 2011) (citation removed). While there may be an initial burden on the party seeking the deposition to show that the executive has the "unique personal knowledge of some relevant issue," *Echostar Sattellite, LLC v. Splash Media Partners, L.P.*, 2009 WL 1328226 *2 (D. Colo. 2009), this Court has adopted a burden shifting scheme which requires, after the initial showing by the party seeking the deposition, that the executive wishing protection establish by good cause why he/she is entitled to such protection. *See Naylor Farms, Inc. v. Anadarko OGC Co.*, 2011 WL 2535067 *2 (D. Colo. 2011).

The claims alleged in this action center around the theory that an affiliation was formed between Marriott Vacation Club (MVC) and Ritz-Carlton Club in Aspen which allowed Defendants to market access to MVC members, some 400,000 points based members (ECF #174, pp. 1-2). This supposedly depressed the value of RCDC memberships (cost them a significant amount if they wished to sell their memberships). *Id*. Plaintiffs assert that, as the President and CEO of MVW, Mr. Weisz was: (1) responsible for the project resulting in this

change; (2) signed the certificate of sponsorship; (3) was a participant in a 2012 meeting in Orlando regarding a similar scheme; (4) hosted a webinar on the subject in 2012; and (5) was the recipient of key documents opposing the change. *Id.* at pp. 2-7.

I turn first to the fourth factor, severe hardship. Defendants submitted an affidavit of Mary Helon Newman (ECF #167), Executive Assistant to Mr. Weisz. Ms. Neman cites Mr. Weisz's duties during the first and last quarter of each year assessing the performance of the company, finalizing its strategic goals, planning for the new-year, and implementing such plans as the severe hardship which would preclude the deposition. *Id.* While there is no doubt that Mr. Weisz is busy and committed, I do not find the reasons cited rise to the level of a severe hardship and will not stop the deposition on this basis. However, should I allow the deposition, Mr. Weisz's commitments may otherwise figure into both the length and location of the deposition.

With regard to the remaining three factors, the Court finds that these factors should be addressed as a group (holistically) and not individually given the nature of this action and what it appears that Plaintiffs are seeking to garner through the deposition. As to each individual topic Plaintiffs cite as their reasoning for deposing Mr. Weisz, it appears possible that some other source, either a person or a piece of physical evidence such as a letter or document, may answer some of the questions or put together some piece of the puzzle. With each individual piece, the letters, the webinar, the certificate of sponsorship,[3] there may be a way of gathering information as to that discrete piece. But, Mr. Weisz appears, at least based on Plaintiffs' view, to be the person that can put the pieces together and provide the overview, the strategic interpretation sought. The Court understands that Defendants proffer Mr. Cunnigham, Executive VP, as the individual with better knowledge (ECF #166 p. 5). However, I am persuaded that there may be

---

[3] I find the certificate of sponsorship, essentially a document signed under oath, to be of a different caliber from the mention in a power point provided as an analogy thus making my ruling inapposite to that matter. *See Naylor*, 2011 WL 2535067 at *3.

value to a deposition of Mr. Wesiz and Defendants have not met their burden of showing, under the apex doctrine, that he should be protected from such a deposition.

When viewed as a whole, based on the record set forth in this matter and in the filings unique to this Order, I find that: (1) Mr. Weisz has unique personal knowledge of the matter in dispute; (2) the information sought cannot be obtained from another witness; and (3) the information cannot be obtained through an alternative discovery method. For those reasons, the Court will allow the deposition of Mr. Weisz to proceed. Yet, Mr. Weisz, as noted by his Executive Assistant, does bear a heavy load and the list of topics Plaintiffs wish to cover is not extensive. For those reasons, the length and location of the deposition merit some tailoring.

Therefore it is hereby Ordered that Defendants' motion for protective order is denied;

It is further Ordered that the deposition of Mr. Weisz shall occur within sixty (60) miles of either his home or main office location unless Mr. Weisz otherwise volunteers to travel elsewhere;

It is further Ordered that the deposition of Mr. Weisz shall not exceed four (4) hours, exclusive of breaks;

It is further Ordered that each party shall pay their own attorney fees and costs for this motion.

Dated at Grand Junction, Colorado, this January 28, 2018.

_____

Gordon P. Gallagher

United States Magistrate Judge