IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 16-01301 PAB

RCHFU, LLC, et al.

    Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, et al.

    Defendants.

---

**MARRIOTT DEFENDANTS' NOTICE OF SUPPLEMENTAL NEW AUTHORITY
SUBMITTED IN FURTHER SUPPORT OF MOTION
TO DISMISS FIFTH AMENDED COMPLAINT**

---

Marriott Vacations Worldwide Corporation ("MVWC"), Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC ("RC Management"), The Cobalt Travel Company, LLC ("Cobalt") and The Lion & Crown Travel Co., LLC (collectively, "Marriott Defendants"), by and through their undersigned counsel, pursuant to D.C. Colo. L. Civ. R. 7.1(f), hereby notify the Court of new and supplemental authority from a similar case pending in the Superior Court of the State of California (San Francisco County), *Petrick v. Marriott Vacations Worldwide Corp., et al.,* Case No. CGC 15-545987.  In a Statement of Decision issued February 8, 2018, the Judicial Referee (the Honorable Charles W. McCoy, Jr. (Ret.)) sustained, without leave to amend, the Marriott Defendants' demurrer to plaintiffs' claims for breach of fiduciary duty and aiding and abetting breach of fiduciary duty and their related demand for an accounting.

*Petrick* is similar to this case in several respects. Plaintiffs in this case own fractional interests in The Ritz-Carlton Club, Aspen Highlands, and the *Petrick* plaintiffs own fractional interests in The Ritz-Carlton Club and Residences, San Francisco. In both *Petrick* and this case, breach of fiduciary duty- related claims have been alleged against MVWC, RC Management and Cobalt (and others) in connection with the decision to affiliate the plaintiffs' respective clubs with Marriott Vacation Club Destinations (the "MVC Affiliation"). Like Plaintiffs here, the *Petrick* plaintiffs based their now-dismissed breach of fiduciary duty claims on the governing documents, which, in all significant respects, mirror the governing documents in this case.

Given these similarities, we would ask that the Court consider the *Petrick* decision, in particularly, Judge McCoy's finding that, based on the governing documents, the complaint and the applicable law, plaintiffs had pleaded no basis for a fiduciary relationship between themselves and any Marriott Defendant under any legal theory. In contrast to the decision in *Reiser v. Marriott Vacations Worldwide Corp.,* 2017 WL 569677 (E.D. Cal. Feb. 13, 2017), which Plaintiffs submitted for the Court's consideration some time back (Dkt. 107), Judge McCoy's decision accurately reflects and articulates the basic principles of law governing fiduciaries.[1]

---

[1] We would also direct the Court's attention, once again, to the decision in *Hoyt v. Marriott Vacations Worldwide Corp.,* 2014 WL 509903 (D. Minn. Feb.7, 2014), which the Marriott Defendants have cited in support of their pending Motion to Dismiss the Fifth Amended Complaint (Dkt. 131, p.17 & Dkt. 141, p.2, n.2) and have attached as Exhibit A to their Opposition to Plaintiffs' Notice of Supplemental New Authority (Dkt. 115). *Hoyt* (which, unlike both *Reiser* and *Petrick,* was <u>decided under Colorado law</u>) is important because it addresses the fundamental threshold question: was the MVC Affiliation contractually permitted? If it was, then the question of whether a fiduciary duty exists is never reached. Reviewing the same affiliation agreement used in this case (as well as in *Reiser* and *Petrick*), the *Hoyt* court found that the MVC Affiliation was contractually permitted:

For ease of reference, a copy of the *Petrick* decision is attached hereto as **Exhibit A**

Dated:  February 22, 2018

Respectfully submitted,

GREENBERG TRAURIG, LLP

By:  *s/ Naomi G. Beer*
Naomi G. Beer
Philip R. Sellinger
Ian S. Marx
1200 Seventeenth Street, Suite 2400
Denver, Colorado 80202
Tel:     303.572.6500 / Fax:     303.572.6540
Email:   BeerN@gtlaw.com,
SellingerP@gtlaw.com,  MarxI@gtlaw.com

*Attorneys for the Marriott Defendants*

---

The discretion to add Associate Members to the Membership program, coupled with the Affiliation Agreements' pronouncement that '[t]he Program Manager, may, in its sole discretion, create a separate membership program,' … leads the court to conclude as a matter of law that such an affiliation was contemplated and allowed by the governing documents.

*Id.* at *3, n.6.

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of February, 2018, a true and accurate copy of the foregoing **MARRIOTT DEFENDANTS' NOTICE OF SUPPLEMENTAL NEW AUTHORITY SUBMITTED IN FURTHER SUPPORT OF MOTION TO DISMISS FIFTH AMENDED COMPLAINT** and attached **EXHIBIT A** were filed and served with the Clerk of the Court via CM/ECF filing system which will send notification to the following:

Michael J. Reiser
Lilia Bulgucheva
Law Office of Michael J. Reiser
961 Ygnacio Valley Road
Walnut Creek, CA 94596
*Counsel for Plaintiffs*

Matthew C. Ferguson
The Matthew C. Ferguson Law Firm, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611
*Counsel for Plaintiffs*

Tyler R. Meade
The Meade Firm P.C.
1816 Fifth Street
Berkeley, CA 94710
*Counsel for Plaintiffs*

Linda Pham Lam
Michael Schrag
Gibbs Law Group LLP
505 14th Street, Suite 1100
Oakland, CA 94612
*Counsel for Plaintiffs*

Daniel F. Shea
Jessica Black Livingston
Hogan Lovells US LLP
1601 Wewatta Street, Suite 900
Denver, Colorado 80202
*Counsel for Aspen Highlands
  Condominium Association*

*s/ Julie Eaton*
    Julie Eaton

*(Original on file at offices of Greenberg Traurig,
LLP, pursuant to C.R.C.P. 121, § 1-26)*

4