# EXHIBIT A

1  HON. CHARLES W. McCOY, Jr. (Ret.)
   JAMS
2  555 West 5th Street
   32nd Floor
3  Los Angeles, CA 90013
   Tel: 213-620-1133
4  Fax: 213-620-0100

5  Referee

6

7              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                    **FOR THE COUNTY OF SAN FRANCISCO**

9

10 | WILLIAM P. PETRICK, *et. al.*, | ) CASE NO. CGC 15-545987 |
11 | Plaintiffs, | ) [Judicial Referee: Charles W. McCoy, Jr.] |
12 | vs. | ) JAMS Ref. No. 1100082301 |
13 | MARRIOTT VACATIONS WORLDWIDE CORPORATION, a Delaware corporation, *et. al.*, | ) **STATEMENT OF DECISION RE DEFENDANTS' DEMURRER TO FOURTH AMENDED COMPLAINT** |
15 | Defendants. | ) |

1

STATEMENT OF DECISION RE DEFENDANTS' DEMURRER TO FOURTH AMENDED COMPLAINT

## STATEMENT OF DECISION RE

## DEFENDANTS' DEMURRER TO FOURTH AMENDED COMPLAINT

Defendants demur to the First, Second, Third, Fourth and Fifth Claims asserted in Plaintiffs' Fourth Amended Complaint. The Court previously sustained with leave to amend Plaintiffs' claims for breach of fiduciary duty and aiding and abetting breach of fiduciary duty. No additional facts pled in the amended complaint cure the issues giving rise to the Court's sustaining of Defendants' prior demurrer to claims for breach of fiduciary duty and aiding and abetting breach of fiduciary duty.

The relevant fiduciary duties here can only extend to decisions for which the association is responsible. *See, e.g., Raven's Cove Townhomes, Inc. v Knuppe Development Co., Inc.* (1981) 114 Cal.App.3d 783. Where an association possesses no decision-making authority over the alleged wrongful acts, no fiduciary duty can have been exercised, and no breach of fiduciary duty can be successfully alleged. A decision which a developer is entitled to make in its capacity as developer – not as an association member – does not create a fiduciary duty to association members. *See, Frances T. v. Village Green Owners Ass'n* (1986) 42 Cal.3d 490; *Commission on Children's Television, Inc. v. General Foods Corp.* (1983) 35 Cal.3d 197.

Allegations that Chronicle and RC Development controlled the RCC SF Association and that Chronicle and RC Development made certain alleged decisions do not rise to the level required for establishing the existence of a pleadable cause of action for breach of fiduciary duty. See the interrelated: Amended and Restated Declaration of Covenants, Conditions and Restrictions for 690 Market Club p. 2(H), §2.6, § 2.11(f), (g), § 4.1 (the "CCRs"); RCC SF Owner's Association Operating Agreement ("Management Agreement"); and RCC SF

2

Membership Program Affiliation Agreement ("Affiliation Agreement"). As to Cobalt, the governing documents provide that RCC SF Association does not possess authority to approve, object to or participate in decisions made by Cobalt. See the Affiliation Agreement §§V-VII.

RC Management's independent contractor status is affirmed by the Management Agreement and constitutes a relationship that is neither fiduciary nor principal/agent in nature. See the Management Agreement §§ 2, 30; *Wooley v. Embassy Suites, Inc.* (1991) 227 Cal.App.3d 1520; *Sklar v. Princess Properties International, Ltd.* (1987) 194 Cal.App.3d 1202, 1206. By the Management Agreement, the Association released any relevant right of control, delegated power and authority to the Operating Company, granted the Operating Company exclusive powers of the Club Association Board, and denied the Board any right to direct persons employed by the Operating Company. See Management Agreement §§ 4, 30.

RC Management's authority derives entirely from RCC SF Association. *Id.* § 4. RCC SF Association cannot delegate any more authority than it legally possesses, thus RC Management could not derivatively possess control over Plaintiff's fractional interests sufficient to give rise to the fiduciary duties which Plaintiffs seek to allege. RC Management cannot exercise any form of legally cognizable control here over Plaintiffs' fractional interests for purposes of creating actionable relevant fiduciary duties.[1]

Because Plaintiffs cannot successfully allege that RC Management is their agent, they cannot successfully allege that Cobalt is RC Management's sub-agent. The governing documents do not give RCC SF Association the right to control Cobalt. See Affiliation Agreement §§ V-VII, CCR § 4.10.

---

[1] If RC Management were somehow viewed as owing a relevant fiduciary duty to the RCC SF Association under the Management Agreement, the duty could not be found to reach individual Association members. *See Berryman v. Merit Property Management, Inc.* (2007) 152 Cal.App.4th 1544, 1553.

3

STATEMENT OF DECISION RE DEFENDANTS' DEMURRER TO FOURTH AMENDED COMPLAINT

*Vai v. Bank of America National Trust & Savings Ass'n* (1961) 56 Cal.2d 329 does not support the existence of a fiduciary relationship in the instant context. RC Management does not possess any Management Agreement rights to transfer, convey, mortgage or dispose of Plaintiffs' deeded fractional interests. Control facts essential to the decision in *Vai* are not present here. Plaintiffs cannot successfully allege a principal/agent relationship between RCC SF Association and Cobalt. The relevant fractional interests are deeded property interests where rights of alienation belong to the deeded owners, not Cobalt. RC Management does not possess control over the Plaintiffs' deeded fractional interests. The fact that the Management Agreement contemplates services "on behalf of" RCC SF Association and its members does not create a fiduciary relationship absent the existence of a confidential relationship which cannot be alleged here. *See Gilman v. Dalby* (2009) 176 Cal.App.4th 606, 614. Neither *Reiser I* or *Reiser II* would require a different result on the facts alleged. *Reiser v. Marriott Vacations Worldwide Corp.* 2016 WL 1720741 (E.D. Cal. Apr. 29, 2016) ("*Reiser I*"); *Reiser v. Marriott Vacations Worldwide Corp.* 2017 WL 569677 (E.D. Cal. Feb. 13, 2017) ("*Reiser II*");

The absence of alleged facts sufficient to sustain a cause of action for breach of fiduciary duty necessarily leads to the conclusion that Defendants' demurrer to claims for aiding and abetting breach of fiduciary duty and for accounting in the context alleged must be sustained. *See LeVine v. Higashi* (2005) 131 Cal.App.4th 566; *Janis v. California State Lottery Commission* (1998) 68 Cal.App.4th 824.

Defendants' demurrer to the Plaintiffs' First, Second, and Fifth causes of action are sustained without leave to amend. *Schermer v. Tatum* (2016) 245 Cal.App.4th 912, 923. If Plaintiffs wish to amend to assert additional causes of action for constructive and promissory fraud, a motion for leave to amend must be brought. Defendants' demurrer to the Third and

4

STATEMENT OF DECISION RE DEFENDANTS' DEMURRER TO FOURTH AMENDED COMPLAINT

1 | Fourth causes of action is sustained without prejudice to Plaintiffs serving a motion for leave to
2 | amend within 30 days.
3 |
4 | Dated: February 8, 2018.
5 |
6 | _____
  | Hon. Charles W. McCoy, Jr. (Ret.)
  | Referee
7 |
8 | ///
9 | ///
10 | ///
11 | ///
12 | ///
13 | ///
14 | ///
15 | ///
16 | ///
17 | ///

STATEMENT OF DECISION RE DEFENDANTS' DEMURRER TO FOURTH AMENDED COMPLAINT

## PROOF OF SERVICE BY EMAIL & U.S. MAIL

Re: Petrick, William P., et al. vs. Marriott Vacations Worldwide Corporation, et al.
Reference No. 1100082301

I, Lulu Santos, not a party to the within action, hereby declare that on February 08, 2018, I served the attached STATEMENT OF DECISION RE: DEFENDANTS' DEMURRER TO FOURTH AMENDED COMPLAINT on the parties in the within action by Email and by depositing true copies thereof enclosed in sealed envelopes with postage thereon fully prepaid, in the United States Mail, at Los Angeles, CALIFORNIA, addressed as follows:

Ian S. Marx Esq.
Philip R. Sellinger Esq.
Greenberg Traurig LLP
200 Park Ave.
PO Box 677
Florham Park, NJ   07932-0677
Phone: 973-360-7900
marxi@gtlaw.com
sellingerp@gtlaw.com
   Parties Represented:
   Cobalt Travel Company LLC
   Marriott Ownership Resorts, Inc.
   Marriott Vacations Worldwide Corporation
   R.C. Chronicle Building, L.P.
   Ritz-Carlton Development Company, Inc.
   Ritz-Carlton Management Company
   Ritz-Carlton Sales Company, Inc.

Michael J. Reiser Esq.
L/O Michael J. Reiser
1475 N. Broadway
Suite 300
Walnut Creek, CA   94596-4643
Phone: (925) 256-0400
michael@reiserlaw.com
   Parties Represented:
   William P. Petrick

Tyler R. Meade Esq.
Meade Firm, P.C.
1816 Fifth Street
Berkeley, CA   94710
Phone: 510-843-3670
tyler@meadefirm.com
   Parties Represented:
   William P. Petrick

William J. Goines Esq.
Greenberg Traurig LLP
1900 University Ave.
5th Floor
Palo Alto, CA   94303
Phone: 650-328-8500
goinesw@gtlaw.com
   Parties Represented:
   Cobalt Travel Company LLC
   Marriott Ownership Resorts, Inc.
   Marriott Vacations Worldwide Corporation
   R.C. Chronicle Building, L.P.
   Ritz-Carlton Development Company, Inc.
   Ritz-Carlton Management Company
   Ritz-Carlton Sales Company, Inc.

Hon. Harold E. Kahn
Superior Court of San Francisco County
Civic Center Courthouse
400 McAllister Street, Dept. 302
San Francisco, CA   94102
(VIA MAIL ONLY)

I declare under penalty of perjury the foregoing to be true and correct. Executed at Los Angeles, CALIFORNIA on February 08, 2018.

_____
Lulu Santos
lsantos@jamsadr.com