IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-01301-PAB-GPG

RCHFU, LLC, a Colorado limited liability company, et al.,

    Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, et al.,

    Defendants.

---

## ORDER TO SHOW CAUSE

---

The Court takes up this matter *sua sponte* on the fifth amended complaint [Docket No. 119] filed by plaintiffs. On March 27, 2016, this action was removed from the District Court for Pitkin County, Colorado by defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, and The Lion & Crown Travel Company, LLC (collectively, "removing defendants"). Docket No. 1 at 2. Removing defendants claimed that the Court had subject matter jurisdiction over this lawsuit pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332, 1446, 1453 ("CAFA"). Docket No. 1 at 2. At that time, the operative complaint contained class claims, *see* Docket No. 5; however, subsequent amendments have removed all such claims. *See, e.g.*, Docket No. 119 at 92-100.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens*

*Concerned for Separation of Church & State v. City & Cty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("[I]f the parties fail to raise the question of the existence of jurisdiction, the federal court has the duty to raise and resolve the matter."), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014). Second, "[s]ubject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings." *Id.* Finally, delay in addressing the issue only compounds the problem if it turns out that, despite much time and expense having been dedicated to a case, a lack of jurisdiction causes it to be dismissed or remanded regardless of the stage it has reached. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009). It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).[1]

---

[1] Some courts have held that the burden shifts to the party opposing removal under CAFA when that party seeks to invoke the exceptions to 28 U.S.C. § 1332(d). *See Allen v. Boeing Co.*, 784 F.3d 625, 628 (9th Cir. 2015). "Two provisions that generally are regarded as exceptions . . . for purposes of the allocation of the burden of proof are sections 1332(d)(4)(A) and (B)." 14B *Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc.* § 3724 (4th ed.). Title 28 U.S.C. § 1332(d)(11)(B)(ii)(I) forms an exception to the definition of a mass action removable pursuant to CAFA, and the Court is not aware of any courts that have shifted the burden to establish that a case is a

The CAFA provisions in 28 U.S.C. § 1332 grant jurisdiction over some claims not brought under Fed. R. Civ. P. 23 or a state law analogue. In particular, 28 U.S.C. § 1332(d)(11)(A) states that "a mass action shall be deemed to be a class action." The term "mass action" is defined as "any civil action (except a civil action within the scope of section 1711(2)) in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact, except that jurisdiction shall exist only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements under subsection (a)." 28 U.S.C. § 1332(d)(11)(B)(i). Exempted from the definition of a mass action are cases in which "all of the claims in the action arise from an event or occurrence in the State in which the action was filed, and that allegedly resulted in injuries in that State or in States contiguous to that State." 28 U.S.C. § 1332(d)(11)(B)(ii)(I). This exception to mass action jurisdiction has been referred to variously as the "local controversy exception," "local occurrence rule," "local single event exclusion," or "local single event exception." *See, e.g. Hamilton v. Burlington N. Santa Fe Ry. Co.*, 2008 WL 8148619, at *8 (W.D. Tex. Aug. 8, 2008); *Rainbow Gun Club, Inc. v. Denbury Onshore, L.L.C.*, 760 F.3d 405, 408 (5th Cir. 2014); *Allen v. Boeing Co.*, 784 F.3d 625, 632 (9th Cir. 2015). The Court uses the term "local occurrence exception."

There is a split of authority on what constitutes "an event or occurrence" under the local occurrence exception. *See Rainbow Gun Club, Inc.*, 760 F.3d at 411.[2] A

---

mass action away from the removing party.

[2] As accurately described by the Eleventh Circuit, "CAFA's mass action provisions present an opaque, baroque maze of interlocking cross-references that defy

3

district court in the Tenth Circuit construed the phrase as limiting the local occurrence exception to "apply only in cases involving a single event or occurrence, such as an environmental accident, that gives rise to the claims of all plaintiffs," but the Tenth Circuit did not reach the issue on appeal. *Lafalier v. Cinnabar Serv. Co.*, 2010 WL 1486900, at *4 (N.D. Okla. Apr. 13, 2010), *aff'd sub nom. Lafalier v. State Farm Fire & Cas. Co.*, 391 F. App'x 732 (10th Cir. 2010) (unpublished). By contrast, the Fifth Circuit held that, "[a]lthough the exclusion certainly applies in cases in which the single event or occurrence happens at a discrete moment in time, the single event or occurrence may also be constituted by a pattern of conduct in which the pattern is consistent in leading to a single focused event that culminates in the basis of the asserted liability." *Rainbow Gun Club, Inc.*, 760 F.3d at 412. It is unclear whether these differences in interpretation are material to the events in this case. *See Armstead v. Multi-Chem Grp., LLC.*, 2012 WL 1866862, at *7 (W.D. La. May 21, 2012) ("The exception clearly does not focus . . . on the defendant's conduct. Rather, the exception focuses on whether the plaintiffs' claims 'arise from' a single event or occurrence in the forum state that results in injuries in the forum state.").

The parties agree that plaintiffs allege harms resulting from the "trading program" allowing Marriot Vacation Club members to use their timeshare points to stay in the Ritz-Carlton Club, Aspen Highlands, Colorado. Docket No. 119 at 13-14, ¶¶ 9-10 and at 91-92, ¶¶ 83-86; Docket No. 129 at 2; Docket No. 131 at 2 ("Plaintiffs have no complaints about [Ritz-Carlton ("RC")] Club Aspen, their fractional interests per se, or

---

easy interpretation." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1198 (11th Cir. 2007) (citations omitted).

the RC Club Membership Program in general. Rather, they complain that, in 2014, RC Club Aspen's Program Manager, Cobalt, decided to affiliate RC Club Aspen with Marriott Vacation Club Destinations."). Plaintiffs' alleged harms are the loss of value of their Colorado real estate, i.e., the fractional unit interests that they own in the Ritz-Carlton Club, Aspen Highlands, Colorado. *See, e.g.*, Docket No. 119 at 94, ¶ 94 ("Plaintiffs . . . suffered damages, including the destruction of the value in their fractional units."). Defendant Aspen Highlands Condominium Association, Inc. states that this trading program was "formalized" in an "April 2014 Memorandum of Understanding." Docket No. 129 at 2. The Court has limited information about the formalization and implementation of the trading program, in part, because defendants did not file a copy of the April 2014 Memorandum of Understanding with their motions to dismiss and it is not attached to or discussed in the complaint. *See id*. Without such information, the Court cannot independently assess its jurisdictional import. *See Pinkard Constr. Co.*, 2009 WL 2338116, at *3; *Affordable Cmty. of Mo. v. EF & A Capital Corp.*, 2008 WL 4966731, at *2-3 (E.D. Mo. Nov. 19, 2008).

The Tenth Ciruit has held that, "absent compelling reasons to the contrary," courts should decline to exercise supplemental jurisdiction where only state law claims over which they have pendant jurisdiction remain. *Brooks v. Gaenzle*, 614 F.3d 1213, 1230 (10th Cir. 2010) (internal quotation marks omitted). Because the removing defendants seek to assert federal jurisdiction and, therefore, bear the burden on this issue, the Court will order the removing defendants to address whether the local occurrence exception applies under the facts of this case and, if so, whether compelling reasons exist for the Court to exercise pendant jurisdiction.

For the foregoing reasons, it is **ORDERED** that, on or before **5:00 p.m. on March 8, 2018**, defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, and The Lion & Crown Travel Company, LLC shall show cause why this case should not be remanded due to the Court's lack of subject matter jurisdiction.

DATED February 26, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge