IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 16-01301 PAB

RCHFU, LLC, et al.

      Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, et al.

      Defendants.

---

### MARRIOTT DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO AMEND SCHEDULING ORDER TO ADD CLAIM FOR EXEMPLARY DAMAGES AND MOTION TO AMEND COMPLAINT

---

Marriott Vacations Worldwide Corporation ("MVWC"), Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC ("RC Management"), The Cobalt Travel Company, LLC ("Cobalt") and The Lion & Crown Travel Co., LLC (collectively, "Marriott Defendants") hereby oppose Plaintiffs' motions (Dkt. 185), which effectively seeks leave to file a Sixth Amended Complaint.[1]

---

[1] Plaintiffs devote much of their moving brief to describing deposition testimony and documents that they assert show the "wanton and willful" conduct required for exemplary damages. The Marriott Defendants flatly dispute that assertion, and, if it were relevant to this motion (and if space permitted), they could disprove it point by point. The only issue relevant to this motion, however, is whether Plaintiffs have met the legal standards for amending the Scheduling Order and the operative Complaint. As shown below, they have not.

## **INTRODUCTION AND RELEVANT PROCEDURAL HISTORY**

Plaintiffs are already on the sixth iteration of their Complaint in this nearly two-year-old case, and they are now asking the Court to permit them a seventh. For the following reasons, they should not be allowed to amend again.

First, by Order dated March 29, 2017, this Court declared that the current pleading (the Fifth Amended Complaint, Dkt. 119) "shall be the final amended complaint allowed in this matter." (Dkt. 118) (emphasis added). In light of that dispositive and binding pronouncement -- which is not even mentioned in Plaintiffs' moving papers -- Plaintiffs' motions to amend should be denied.

Even without that Order, Plaintiffs' motions to amend the Fifth Amended Complaint and the Scheduling Order should be denied as untimely.[2] In attempting to explain why they are only now moving to amend to demand exemplary damages, Plaintiffs cite to Colorado's exemplary damages statute, which authorizes such damages where the allegedly injurious conduct is "attended by circumstances of fraud." C.R.S. 13-21-102(1)(a). But Plaintiffs have been alleging "circumstances of fraud" since the Fourth Amended Complaint, which they filed on March 10, 2017. *See* Dkt. 109, alleging "Constructive Fraud" and "Aiding and Abetting … Constructive Fraud" as Counts II and III, respectively. If Plaintiffs believed they had a sufficient basis for alleging "circumstances of fraud" in the Fourth Amended Complaint (as Fed. R. Civ. P. 11 required them to have), then they should have demanded exemplary damages at that time. It is too late to do so now.

---

[2] In the original Scheduling Order, the deadline for amending pleadings was October 2, 2016. (Dkt. 60, ¶9(a)). Although Plaintiffs were subsequently given leave to file a Fourth Amended Complaint (*see* February 15, 2017 Order (Dkt. 105)), the Scheduling Order's October 2, 2016 deadline has never changed.

2

For the same reason, Plaintiffs' motions are not advanced by their argument that, "when coupled with documents thus far produced," the depositions of certain Marriott employees "establish a *prima facie* case" for exemplary damages. Pl. Br. at 8. Just as Plaintiffs did not require the referenced documents and depositions in order to file their fraud claim in March 2017, they also did not require them in order to assert an exemplary damages claim. Moreover, the documents to which Plaintiffs refer were produced as of August 4, 2017 (*see id.* at 7), and the Marriott employee depositions that they claim to find most significant (Lee Cunningham's and Stephanie Sobeck's) took place several months ago (in October/November 2017). *See id.* at 18 (Appendix 1). Plaintiffs' unexplained delay in bringing these motions shows a lack of diligence that, under the case law and applicable rules, is, in itself, a more than sufficient reason to deny the motions.

Finally, Plaintiffs' motions should be denied as a matter of fundamental fairness. The Marriott Defendants have already moved to dismiss the Second Amended Complaint (Dkts. 47 & 63, moving and reply briefs) and the Third Amended Complaint (Dkts. 83 & 91, moving and reply briefs); however, Plaintiffs continued to amend their pleadings before either of those motions could be ruled upon.[3] Now the Marriott Defendants' motion to dismiss the Fifth Amended Complaint (which has been fully briefed since May 19, 2017, *see* Dkts. 131 & 141, moving and reply briefs) is pending before the Court. It would be patently unfair to the Marriott Defendants if Plaintiffs were allowed to amend their pleading yet again, before it has even been decided whether they have stated any viable claim. Granting Plaintiffs' motions would also

---

[3] No motions to dismiss were filed in connection with the Fourth Amended Complaint because that pleading contained the new constructive fraud claims but not the new plaintiffs that Plaintiffs had been permitted to add. Accordingly, Plaintiffs immediately filed a Fifth Amended Complaint. (*See* Dkt. 110, p.5, n.1, explaining Plaintiffs' back-to-back filings).

prejudice the Marriott Defendants because it would presumably moot all of the pending motion-to-dismiss briefing (again) and further delay the resolution of this case. Plaintiffs' motions to amend the Fifth Amended Complaint and the Scheduling Order should be denied.

## **STANDARD**

Motions to amend pleadings and scheduling orders are governed by Fed. R. Civ. P. 15(a)(2) and 16(b)(4), respectively. While leave to amend a pleading under Fed. R. Civ. P. 15(a)(2) is generally "freely granted," it is only granted "when justice so requires." *Hendrickson v. Doyle,* 2015 WL 2106225, at *2 (D. Colo. May 4, 2015) (quoting rule). "Leave to amend need not be given … when the moving party unduly delayed, failed to amend despite ample opportunity to do so, the nonmoving party would be unduly prejudiced, or amendment would be futile." *Id.* (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

If a movant cannot meet the standard applicable to pleading amendments, the analysis stops there because an even higher "good cause" standard applies to scheduling order amendments. *See* Fed. R. Civ. P. 16(b)(4) (providing that a scheduling order can be amended "only for good cause and with the judge's consent"). "Consideration of good cause focuses on whether the moving party has been diligent in seeking to modify the scheduling order to permit the proposed amendment." *Port-a-Pour, Inc. v. Peak Innovations, Inc.,* 2016 WL 1643059, at *2 (D. Colo. Apr. 26, 2016); *see also Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n,* 771 F. 3d 1230, 1240 (declaring that Rule 16's "good cause" standard requires movant to show that "'deadlines cannot be met despite [movant's] diligent efforts'") (citation omitted). As shown below, Plaintiffs cannot meet either of the aforementioned standards.

## ARGUMENT

### I. PLAINTIFFS' MOTIONS SHOULD BE DENIED BECAUSE THE COURT HAS SPECIFICALLY PROHIBITED ANY FURTHER AMENDMENT OF THE PLEADINGS

This is not the first time Plaintiffs have sought to amend based on supposedly "new evidence." On December 16, 2016, Plaintiffs claimed to have discovered "new evidence" and moved to amend the Third Amended Complaint to add claims for constructive fraud and promissory estoppel. (Dkt. 87). On February 15, 2017, Magistrate Judge Gallagher granted Plaintiffs' motion to file a Fourth Amended Complaint in order to add a constructive fraud claim as well as some new plaintiffs. (Dkt. 105).[4] Because the Fourth Amended Complaint did not add the new plaintiffs, Magistrate Judge Gallagher permitted Plaintiffs to file a Fifth Amended Complaint (i.e., the current pleading). Plaintiffs were advised, however, that "this shall be the final amended complaint allowed in this matter." (Dkt. 118, March 29, 2017 Minute Entry) (emphasis added). Plaintiffs do not seek relief from this Order. Indeed, they do not even mention it. *Cf. U.S. v. Gonzales,* 344 F. 3d 1036, 1048 (10th Cir. 2003) ("[C]andor to the court is perhaps the most important ethical precept of all.").[5] The Order is binding on Plaintiffs and should be enforced.

### II. PLAINTIFFS' MOTIONS SHOULD BE DENIED AS UNTIMELY

---

[4] Plaintiffs' motion to add a promissory estoppel claim was denied. (Dkt. 105). Curiously, Plaintiffs appear to believe that their pleading includes a promissory estoppel claim. *See* Pl. Br. at 5 ("Plaintiffs added causes of action for constructive fraud and promissory estoppel – along with facts supporting those claims.").

[5] Should Plaintiffs address the March 29, 2017 Order for the first time in their reply brief (which would, of course, be altogether improper), the Marriott Defendants respectfully submit that they should be permitted to file a sur-reply that would respond to any argument(s) Plaintiffs may raise.

Even if the March 29, 2017 Order did not preclude Plaintiffs from amending their pleading, Plaintiffs' motions to amend are untimely.

### A. Had Plaintiffs Wished to Demand Exemplary Damages, They Should Have Done So Concomitantly with Their Long-Ago-Asserted Fraud Claim

Plaintiffs have not added a single factual allegation to the new pleading they seek to file. Rather, they merely propose to add, as a final paragraph in each of the five claims asserted, the following "boilerplate" language, which parrots Colorado's "exemplary damages" statute[6]:

> Plaintiffs' injuries that were caused by the Marriott Defendants' conduct, which was willful and wanton and without regard to consequences or of the rights of the Plaintiffs', is [sic] attended by circumstances of fraud, entitling Plaintiffs to exemplary damages against the Marriott Defendants.

Proposed Sixth Amended Complaint, ¶¶ 96, 105, 113, 120, 125 (emphasis added).

But Plaintiffs have been alleging "circumstances of fraud" since the Fourth Amended Complaint, which was filed March 10, 2017. (Dkt. 109, alleging constructive fraud and aiding and abetting constructive fraud). The absence of any new factual allegations in their proposed pleading shows that, notwithstanding their claim of recently-discovered "new evidence," Plaintiffs are relying on the same factual allegations to support their proposed exemplary damages demand that they have relied on for their constructive fraud claim. It further shows that, whatever "basis" Plaintiffs claim to have for their exemplary damages demand was known to them as of March 10, 2017. Waiting nearly a year to move to amend is untimely by any measure.

---

[6] C.R.S. 13-21-102(1)(a) provides that a plaintiff found to be entitled to damages may also be awarded reasonable exemplary damages if "the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct." (Emphasis added).

6

### B. Plaintiffs' Cavalier Disregard of the Scheduling Order Deadline Precludes a Finding of "Good Cause" to Amend under Fed. R. Civ. P. 16(b)(4)[7]

As a matter of general practice, scheduling order deadlines are strictly enforced. *See Delarosa v. Coyote Pumping Servs.,* 2013 U.S. Dist. LEXIS 73908, at *7 (D. Colo. May 23, 2013) (declaring that "[a] 'Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril'") (citation omitted).  Where a party seeks to amend its pleading after the scheduling order's deadline for amending pleadings has passed, "denial of leave to amend is appropriate 'when the party … has no adequate explanation for the delay.'" *Rabin v. Fid. Nat'l Prop. & Cas. Ins. Co.,* 2012 U.S. Dist. LEXIS 20578, at *6 (D. Colo. Feb. 17, 2012) (quoting *Frank v. U.S. West, Inc.,* 3 F. 3d 1357, 1365-66 (10th Cir. 1993)). Courts will not accept, as an "explanation for the delay," the party's claim that the evidence it needed to assert an exemplary damages claim could not have been obtained until after the pleading amendment deadline had passed.  The court in *Rabin, supra,* flatly rejected that excuse, pointing out that "Plaintiff could have filed a motion requesting an extension prior to the deadline." *Rabin,* 2012 U.S. Dist. LEXIS 20578, at *17.  The court in *Schneider v. City of Grand Junction,* agreed:

> [T]he Court finds that Plaintiff has not adequately explained why she did not file a motion seeking an extension of the pleading amendment deadline before it

---

[7] Although this subsection focuses on Plaintiffs' motion to amend the scheduling order, the dilatoriness described also applies to (and defeats) Plaintiffs' motion to amend the pleading under Rule 15(a)(2). *See, e.g., First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.,* 820 F. 2d 1127, 1132 (10th Cir. 1987) ("We hold that a district court acts within the bounds of its discretion when it denies leave to amend for 'untimeliness' or 'undue delay.'") (citation omitted). Failure to meet either the Rule (a)(2) standard or the Rule 16(b)(4) "good cause" standard compels the denial of a motion to amend the pleading. *See* STANDARD, *supra; see also Kassinove v. McClendon,* 2017 U.S. Dist. LEXIS 158780, at *7-8 (D. Colo. Sept. 27, 2017) ("Because Plaintiffs have not satisfied the Rule 16(b)(4) requirements, it is not necessary to consider whether Plaintiffs satisfy Rule 15.").

> expired. As the deadline approached, Plaintiff was aware that she had not deposed several Defendants…. Given the nature of this case and Plaintiff's allegation of responsibility on the part of [certain defendants], the Court finds that it was foreseeable that Plaintiff might wish to amend her operative pleading after deposing the individual Defendants. Thus, it would have been appropriate to move to extend the pleading amendment deadline before it expired.

2011 U.S. Dist. LEXIS 97421, at *12-13 (D. Colo. Apr. 25, 2011) (citing *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.,* 986 F. Supp. 959, 980 (D.S.C. 1997)) ("Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.").

Plaintiffs try to defend the timing of their motions by pointing out that, under Colorado's exemplary damages statute, a plaintiff must wait to assert a claim for such damages at least until initial disclosures have been exchanged. C.R.S. § 13-21-102(1.5(a). But here, initial disclosures were exchanged on August 5, 2016. The Scheduling Order's deadline for amending pleadings (October 26, 2016, Dkt. 60) has also long passed.[8] Nevertheless, Plaintiffs argue that it was only "the depositions of Cunningham, Sobeck, and Mary Lynn Clark, when coupled with documents thus far produced" that finally permitted them to allege a *prima facie* claim for exemplary damages. Pl. Br. at 8.[9] That is exactly the excuse the court rejected in *Schneider, supra*. Like the plaintiff in *Schneider*, Plaintiffs knew well before the pleading amendment deadline expired that they would eventually be deposing the individuals whose testimony they now claim to find important. And, given their assertion of a fraud claim in March 2017 and "the nature of this

---

[8] Plaintiffs incorrectly claim that, after the original Scheduling Order was issued (Dkt. 60), two later Scheduling Orders (Dkts. 136 & 161) "contemplate Plaintiffs moving to add a claim for exemplary damages." *See* Plaintiffs' Unopposed Motion to Exceed Page Limitation (Dkt. 184) at 2. In fact, those Orders say nothing at all about a possible exemplary damages claim. Indeed, in their motion brief, Plaintiffs admit, as they must, that the two subsequent Orders simply noted that discovery was taking longer than expected. *See* Pl. Br. at 6.

[9] As noted, the documents to which Plaintiffs refer were produced as of August 4, 2017. Pl. Br. at 7.

8

case," it should have been "foreseeable" to Plaintiffs that they "might wish to amend [their] operative pleading" after those depositions. *Cf. Schneider,* 2011 U.S. Dist. LEXIS 97421, at *12-13. Under these circumstances, Plaintiffs' failure to move to extend the pleading amendment deadline before it expired shows a "'[c]arelessness … not compatible with a finding of diligence.'" *Id.* (citation omitted). Accordingly, Plaintiffs' motions to amend should be denied as untimely. *See Doelle v. Mountain States Tel. & Tel.,* 872 F. 2d 942, 947 (10th Cir. 1989) (affirming district court's denial of motion to amend complaint where motion was filed three months after a scheduling order's deadline).

## III. GRANTING PLAINTIFFS' MOTIONS TO AMEND WOULD PREJUDICE THE MARRIOTT DEFENDANTS

Although prejudice to the non-moving party is not a consideration on motions to amend scheduling orders,[10] the Marriott Defendants would, in fact, suffer prejudice if Plaintiffs' motions to amend are granted.

Earlier in the case, the Marriott Defendants moved to dismiss the Second and Third Amended Complaints; however, Plaintiffs were able to moot each of those fully-briefed motions by amending their pleading before a ruling was issued. Now, the Marriott Defendants' motion to dismiss the <u>Fifth</u> Amended Complaint is pending before the Court, and Plaintiffs are again seeking to amend their pleading. Meanwhile, depositions and other discovery are proceeding apace (including, to date, over 40 depositions and over 70,000 pages of documents reviewed and

---

[10] *See Bituminous Cas. Corp. v. Hartford Cas. Ins. Co.,* 2013 U.S. Dist. LEXIS 178103, at *11 (D. Colo. Dec. 18, 2013) ("Rule 16(b) does not focus on … the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment."); *see also LaRiviere v. Phillips,* 2010 U.S. Dist. LEXIS 85125, at *33 (D. Colo. July 15, 2010) ("[T]he lack of prejudice to the non-moving party does not establish 'good cause' for purposes of Rule 16(b)(4).").

produced by the Marriott Defendants alone, with millions of dollars in costs and fees incurred in the process) -- even though <u>it has never yet been determined whether Plaintiffs have pleaded a single viable claim</u>.  If Plaintiffs are allowed to file a Sixth Amended Complaint (and if that would result in the administrative termination of the Marriott Defendants' motion to dismiss the Fifth Amended Complaint, which has been pending since May 19, 2017 (Dkts. 131 & 141)) the Marriott Defendants would be severely prejudiced because they would then have to move to dismiss <u>a fourth time</u> without ever having had a decision on their Rule 12(b)(6) motion. Additionally, Plaintiffs would undoubtedly claim to be entitled to more discovery based upon the newly-sought relief, thus subjecting the Marriott Defendants to more discovery costs over and above the significant sums already expended.  Accordingly, for these and all of the other reasons stated above, Plaintiffs' motions to amend the Scheduling Order and to amend their pleading should be denied.

Dated:  February 28, 2018    Respectfully submitted,

GREENBERG TRAURIG, LLP

By:    *s/ Naomi G. Beer*
Naomi G. Beer
Philip R. Sellinger
Ian S. Marx
1200 Seventeenth Street, Suite 2400
Denver, Colorado 80202
Tel:    303.572.6500 / Fax:    303.572.6540
Email:  BeerN@gtlaw.com, SellingerP@gtlaw.com, MarxI@gtlaw.com

*Attorneys for the Marriott Defendants*

CERTIFICATE OF SERVICE

      I hereby certify that on this 28th day of February, 2018, a true and accurate copy of the foregoing **MARRIOTT DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO AMEND SCHEDULING ORDER TO ADD CLAIM FOR EXEMPLARY DAMAGES AND MOTION TO AMEND COMPLAINT** was filed and served with the Clerk of the Court via CM/ECF filing system which will send notification to the following:

Michael J. Reiser
Lilia Bulgucheva
Law Office of Michael J. Reiser
961 Ygnacio Valley Road
Walnut Creek, CA 94596
*Counsel for Plaintiffs*

Matthew C. Ferguson
The Matthew C. Ferguson Law Firm, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611
*Counsel for Plaintiffs*

Tyler R. Meade
The Meade Firm P.C.
1816 Fifth Street
Berkeley, CA 94710
*Counsel for Plaintiffs*

Linda Pham Lam
Michael Schrag
Gibbs Law Group LLP
505 14th Street, Suite 1100
Oakland, CA 94612
*Counsel for Plaintiffs*

Daniel F. Shea
Jessica Black Livingston
Hogan Lovells US LLP
1601 Wewatta Street, Suite 900
Denver, Colorado 80202
*Counsel for Aspen Highlands*
  *Condominium Association*


*s/ Julie Eaton*
Julie Eaton

*(Original on file at offices of Greenberg Traurig, LLP, pursuant to C.R.C.P. 121, § 1-26)*

11