IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 16-01301 PAB

RCHFU, LLC, et al.

      Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, et al.

      Defendants.

---

### MARRIOTT DEFENDANTS' BRIEF IN RESPONSE TO COURT'S ORDER TO SHOW CAUSE DATED FEBRUARY 26, 2018

---

Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC and The Lion & Crown Travel Co., LLC (collectively, "Marriott Defendants") hereby respond to the Court's order to "show cause why this case should not be remanded due to the Court's lack of subject matter jurisdiction," which was issued *sua sponte* on February 26, 2018 ("OTSC").

### INTRODUCTION

Since the enactment of the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), et seq. ("CAFA"), the Circuit Courts of Appeal (including the Tenth Circuit) have developed governing principles to assist district courts in deciding issues concerning removal and remand. Of particular importance are the principles that jurisdictional facts are assessed as of the time of removal and that post-removal events do not divest federal courts of subject matter jurisdiction.

In this case, the pleading at the time of removal contained class allegations, making the case removable as a class action and giving this Court original jurisdiction over all of the claims that had been asserted, and the "post-removal event" (a pleading amendment that eliminated the class allegations) did not divest the Court of jurisdiction. Thus, while it is true that, "[i]n every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction…." (OTSC at 1), in this case, the Court can be confident that it had, at the time of removal, and continues to have subject matter jurisdiction over all of Plaintiffs' claims.

## RELEVANT PROCEDURAL HISTORY

On April 26, 2016, Plaintiffs filed a First Amended and Supplemental Class Action Complaint and Jury Demand against the Marriott Defendants and others in the District Court of Pitkin County, Colorado ("the State Court Action"). Based on Plaintiffs' class allegations, the Marriott Defendants removed the State Court Action to this Court pursuant to CAFA. *See* Notice of Removal (Dkt. 1) at 4-5 (citing 28 U.S.C. § 1332(d)(2), which gives federal district courts original jurisdiction over putative class actions in which the amount in controversy exceeds $5 million and any member of the putative plaintiff class is a citizen of a State different from that of any defendant).

Although the Marriott Defendants (a/k/a "Removing Defendants") were not required to show that the exceptions to CAFA jurisdiction set forth in 28 U.S.C. § 1332(d)(3) and (4) did not apply, they nevertheless did so. *See id.* at 7-8. As the Marriott Defendants explained in the Notice of Removal, neither the "local controversy" exception nor the "home state" exception (28 U.S.C. § 1332(d)(4)(A), (B)) applied because Plaintiffs could not establish that at least two-thirds of the putative class members are Colorado citizens. CAFA's discretionary exception also

2

did not apply because Plaintiffs could not establish that at least one-third of the putative class members are Colorado citizens, and the other factors to be considered for that exception were not present. *Id.* Because this case was filed as a class action satisfying the requirements of CAFA and because the exceptions to CAFA jurisdiction were not satisfied, CAFA jurisdiction in this case does not require an analysis of the local occurrence exception for "mass actions" ( i.e., whether or not the substantive claims for relief asserted on behalf of the putative class arose from actions undertaken in the forum state, or whether the claims concern real property interests situated in the forum state).

Following removal, Plaintiffs advised that they intended to file a Second Amended and Supplemental Complaint that would drop all class allegations. As part of the meet-and-confer process for that amendment, on July 13, 2016, the parties filed a Joint Motion to Set Deadlines for Plaintiffs to File Second Amended and Supplemental Complaint and for Defendants to Answer, Move or Otherwise Respond ("Joint Motion"). (Dkt. 36). Included in the Joint Motion was the parties' agreement that:

> [T]he removal of the class action allegations from the First Amended and Supplemental Complaint does not divest the Court of subject matter jurisdiction. In that regard, Plaintiffs have specifically agreed not to seek remand or challenge Defendants' assertion that they properly and timely removed this action based on [CAFA], and that the contents of the First Amended and Supplemental Complaint at the time of such removal gave rise to subject matter jurisdiction in this Court. Plaintiffs also do not challenge Defendants' position that "post-removal amendments are ineffective to divest a federal court of jurisdiction." *Reece v. AES Corp.,* [638 Fed. Appx. 755 (10th Cir. 2016)] (affirming denial of remand motion based on post-removal amendments designed to circumvent CAFA) (citing *In re Burlington N. Santa Fe Ry. Co.,* 606 F.3d 379, 380-81 (7th Cir. 2010) (the filing of a post-removal amended complaint that removes class allegations does not divest the district court of CAFA jurisdiction)); *In Touch Concepts, Inc. v. Cellco P'ship,* 788 F.3d 98, 101 (2d Cir. 2015) (same); *Doyle v. OneWest Bank, FSB,* 764 F.3d 1097, 1098 (9th Cir. 2014) (same).

Joint Motion at 4, ¶8.[1]

**ARGUMENT**

## I.  THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THIS CASE UNDER CAFA

It is well settled that, when deciding whether remand is proper, the court must look at the pleadings as they existed at the time of removal.  *See, e.g., Broadway Grill, Inc. v. VISA Inc.,* 856 F. 3d 1274, 1277 (9th Cir. 2017) ("[T]he circuits have unanimously and repeatedly held that whether remand is proper must be ascertained on the basis of the pleadings at the time of removal.") (citing cases); *Vega v. T-Mobile USA, Inc.,* 564 F. 3d 1256, 1258, n.12 (11th Cir. 2009) ("[J]urisdictional facts are assessed at the time of removal.").

Post-removal events (e.g., pleading amendments that eliminate class claims) do not divest a federal district court of subject matter jurisdiction.  *See, e.g., F5 Capital v. Pappas,* 856 F. 3d 61 (2d Cir. 2017) (district court does not lose jurisdiction when plaintiff amends complaint to eliminate the class claim after removal); *Reece,* 638 Fed. Appx. 755 (affirming denial of remand motion based on post-removal amendments designed to circumvent CAFA); *Wright Transp. Inc. v. Pilot Corp.,* 841 F. 3d 1266, 1272 (11th Cir. 2016) ("[It is a] hard-and-fast rule that … plaintiff amending the complaint cannot defeat CAFA jurisdiction."); *In Touch Concepts,* 788 F. 3d at 101 (same); *Doyle,* 764 F. 3d at 1098 (same); *Louisiana v. Am. Nat'l Prop. & Cas. Co.,* 746 F. 3d 633, 639 (5th Cir. 2014) ("Every circuit that has addressed the question has held that post-removal events do not oust CAFA jurisdiction.") (citing *Vega,* 564 F. 3d at 1258, n.12

---

[1] The quoted paragraph reflects the parties' understanding of the governing law.  The Marriott Defendants understand that deciding whether subject matter jurisdiction exists in a particular case is an issue for the Court, and that the parties cannot confer subject matter jurisdiction on the Court by agreement or consent.

("[Jurisdictional facts are assessed at the time of removal; and post-removal events … do not deprive federal courts of subject matter jurisdiction."); *United Steel Workers Int'l Union v. Shell Oil Co.,* 602 F.3d 1087, 1091-92 (9th Cir. 2010) (same); *In re Burlington,* 606 F. 3d at 380-81 (same); *Bluetow v. A.L.S. Enters., Inc.,* 650 F.3d 1178, 1182 n.2 (8th Cir. 2011) (same); *Metz v. Unizan Bank,* 649 F.3d 492, 500 (6th Cir. 2011) (same)).

The Tenth Circuit reiterated this reasoning in *Reece, supra.* In that case, plaintiffs had filed a putative class action in state court on behalf of a class of Oklahoma <u>residents</u>. After removal, however, plaintiffs sought leave to amend the class description to cover only Oklahoma <u>citizens</u>, hoping to avail themselves of CAFA's "local controversy" exception.[2] The Tenth Circuit affirmed the district court's denial of plaintiffs' motion for leave to amend, noting that "[a]lthough this class definition might have been effective if employed when the case was first filed, post-removal amendments are ineffective to divest a federal court of jurisdiction." 638 Fed. Appx. at 775; *see also Hargett v. RevClaims, LLC,* 854 F. 3d 962 (8th Cir. 2017) ("[F]or purposes of the local-controversy exception, class citizenship must be determined as of the date of the pleading giving federal jurisdiction.").

Here, the operative pleading at the time of removal was a putative class action.[3] Thus, the case was properly removed under CAFA's provision governing class actions, giving this Court original subject matter jurisdiction over all of the claims in the case. *Cf. Wright Transp.,*

---

[2] The local controversy exception "requires plaintiffs seeking remand to show that 'greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed.'" *Reece,* 638 Fed. Appx. at 767 (quoting 28 U.S.C. § 1332(d)(4)(A)(i)(I)).

[3] CAFA defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

841 F. 3d at 1272-73 ("Because CAFA vested the District Court with original jurisdiction over the remaining claims, there was no need for it to analyze supplemental jurisdiction.").  The fact that Plaintiffs later amended their pleading to remove the class allegations did not divest the Court of its subject matter jurisdiction.  *See In re Burlington,* 606 F. 3d at 380-81 (the filing of a post-removal amended complaint that removes class allegations does not divest the district court of CAFA jurisdiction).  Accordingly, the Court has subject matter jurisdiction over all of the claims asserted in this case.

## II.   THIS CASE WAS BROUGHT IN STATE COURT AS A CLASS ACTION, NOT A MASS ACTION; THUS, THE "LOCAL OCCURRENCE" EXCEPTION DOES NOT APPLY

In addition to giving federal district courts original jurisdiction over putative class actions, CAFA jurisdiction also extends to cases that are not brought as putative class actions but, rather, are "brought individually by large groups of plaintiffs."  *See Lowery v. Alabama Power Co.,* 483 F. 3d 1184, 1198 (11th Cir. 2007) (citing 28 U.S.C. § 1332(d)(11)).  Such cases are called "mass actions."  The purpose of CAFA's mass action provision is to "prevent[] plaintiffs' counsel from avoiding CAFA's expanded federal jurisdiction by simply choosing not to seek class certification."  *Id.* at 1198, n.32 (citing S. Rep. No. 109-14, at 47 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 44).  The mass action provision is most often used to support the removal to federal court of large environmental tort cases.  *See, e.g., Allen v. Boeing Co.,* 784 F. 3d 625 (9th Cir. 2015) (analyzing CAFA's mass action provision where individual plaintiffs alleged that Boeing had released toxins into the groundwater).

Different exceptions to CAFA jurisdiction exist depending on whether, at the time of removal, the case was brought on behalf of a putative class or whether it was brought as a mass

action (i.e., by at least 100 individual plaintiffs who proposed to try their claims jointly on the ground that they involved common questions of law or fact, *see* 28 U.S.C. § 1332(d)(11)(B)(i)). For cases brought as class actions, a "local controversy" exception applies where more than two-thirds of the putative class are citizens of the State where the action was originally filed.  *See* n.2, *supra.*  For cases brought as mass actions, a "local occurrence" exception applies where "all of the claims in the action arise from an event or occurrence in the State in which the action was filed … that allegedly resulted in injuries in that State or in States contiguous to that State."  28 U.S.C. § 1332(d)(11)(B)(ii)(I); *see also Hamilton v. Burlington N. Santa Fe Railway Co.,* 2008 WL 8148619 at *8 (W.D. Tex. Aug. 8, 2008) (contrasting the two exceptions).  While CAFA's "local controversy" exception "condition[s] … jurisdiction on the relationship of the parties to the forum state," "the mass action exception for local occurrences focuses exclusively on [the] relationship to the forum state of the injuries claimed."  *Id.* at *8, 9; *see also id.* at *9 (explaining that the two exceptions "identify a different type of 'local' interest" in that the local controversy exception focuses on "local parties" while the local occurrence exception focuses on "local injuries").

In other words, CAFA's local controversy exception for putative class actions does not depend in any fashion on whether or not the underlying claims for relief arose in the forum state. By contrast, this is the key inquiry for CAFA's "local occurrence" exception for mass actions.

In this case, the pleading at the time of removal contained class allegations; thus, the case was properly removed under CAFA's class action provision, not its mass action provision.  *Cf. Broadway Grill,* 856 F. 3d at 1277 (propriety of remand must be ascertained based on the pleadings at the time of removal).  Nor do the Marriott Defendants rely in any fashion on the

mass action provision as a basis for CAFA jurisdiction.  The fact that, after removal, the pleading was amended to remove the class allegations did not deprive this Court of subject matter jurisdiction.  *Cf. Reece,* 638 Fed. Appx. at 775.  Accordingly, cases dealing with CAFA's mass action provision and the "local occurrence" exception do not apply here.[4]

**CONCLUSION**

For all of the foregoing reasons, the Court has subject matter jurisdiction over all of the claims that have been asserted in this case.

Dated:  March 7, 2018

Respectfully submitted,

GREENBERG TRAURIG, LLP

By:      *s/ Naomi G. Beer*
Naomi G. Beer
Philip R. Sellinger
Ian S. Marx
1200 Seventeenth Street, Suite 2400
Denver, Colorado 80202
Tel:      303.572.6500 / Fax:      303.572.6540
Email:  BeerN@gtlaw.com,
SellingerP@gtlaw.com,  MarxI@gtlaw.com

*Attorneys for the Marriott Defendants*

---

[4]  Although not relevant for the reasons discussed above, the April 2014 Memorandum of Understanding referenced in the OTSC (p. 5) is attached as Exhibit B to Defendant Aspen Highlands Condominium Association's March 1, 2017 Objection to Order regarding Plaintiffs' Motion to Stay Case and Order regarding Plaintiffs' Motion to Modify Scheduling Order. (Dkts. 108, 108-2).

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 7th day of March, 2018, a true and accurate copy of the foregoing **MARRIOTT DEFENDANTS' BRIEF IN RESPONSE TO COURT'S ORDER TO SHOW CAUSE DATED FEBRUARY 26, 2018** was filed and served with the Clerk of the Court via CM/ECF filing system which will send notification to the following:

Michael J. Reiser
Reiser Law, P.C.
1475 N. Broadway, Suite 300
Walnut Creek, CA 94596
*Counsel for Plaintiffs*

Matthew C. Ferguson
The Matthew C. Ferguson Law Firm, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611
*Counsel for Plaintiffs*

Tyler R. Meade
The Meade Firm P.C.
1816 Fifth Street
Berkeley, CA 94710
*Counsel for Plaintiffs*

Linda Pham Lam
Michael Schrag
Gibbs Law Group LLP
505 14th Street, Suite 1100
Oakland, CA 94612
*Counsel for Plaintiffs*

Daniel F. Shea
Jessica Black Livingston
Hogan Lovells US LLP
1601 Wewatta Street, Suite 900
Denver, Colorado 80202
*Counsel for Aspen Highlands
Condominium Association*

s/ *Julie Eaton*
    Julie Eaton

*(Original on file at offices of Greenberg Traurig,
LLP, pursuant to C.R.C.P. 121, § 1-26)*