1

```
 1            IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF COLORADO
 2
      Case No. 16-cv-01301-PAB-GPG
 3    _____

 4    RCHFU, LLC, et al.,

 5          Plaintiff,

 6    vs.

 7    MARRIOTT VACATIONS WORLDWIDE CORPORATION, et al.,

 8          Defendants.
      _____
 9

10           Proceedings before GORDON P. GALLAGHER, United

11    States Magistrate Judge, United States District Court for the

12    District of Colorado, commencing at 4:49 p.m., March 29,

13    2017, in the United States Courthouse, Denver, Colorado.

14    _____

15           WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS
      ARE HEREIN TYPOGRAPHICALLY TRANSCRIBED. . .
16    _____

17                           APPEARANCES

18           MATTHEW FERGUSON and MICHAEL REISER, Attorneys at

19    Law, appearing for the Plaintiff, (appearing via telephone).

20           DANIEL SHEA, Attorney at Law, appearing

21    for the Defendant Aspen Highlands Condominium Association.

22           IAN MARX, Attorney at Law, appearing for the

23    Defendant Marriott Group.

24    _____

25                       STATUS CONFERENCE
```

2

```
 1                    P R O C E E D I N G S
 2              (Whereupon, the within electronically recorded
 3    proceedings are herein transcribed, pursuant to order of
 4    counsel.)
 5              THE COURT:  All right.  Good afternoon every
 6    everybody.  This is Gordon Gallagher and we are on the record
 7    in RCHFU, et al., vs. Marriott coming on for what sounds like
 8    a brief discussion of discovery or amendments of some sort
 9    and we'll get up to what that is here in a moment.
10              This is 16-cv-1301.  Let me go through, just so
11    I've got a good record of it, starting with plaintiff
12    counsel.  Who do we have for the plaintiff, please?
13              MR. FERGUSON:  Good afternoon, Your Honor.  Matthew
14    Ferguson and Mike Reiser (inaudible).
15              THE COURT:  Okay.  Mr. Ferguson, and I'm sorry, I
16    did not hear who the next person was.
17              MR. FERGUSON:  Michael Reiser.
18              THE COURT:  Michael Reiser.  Okay.  Mr. Ferguson
19    and Mr. Reiser for the plaintiffs.
20              And who do we have for the defense?
21              MR. SHEA:  Daniel Shea (inaudible) for the
22    Association, Your Honor.
23              THE COURT:  Okay.  Mr. Shea for the Association.
24              And anybody else?
25              MR. MARX:  Again, Your Honor, you have Ian, I-A-N,
```

3

```
 1   Marx, M-A-R-X, from Greenberg Taurig, and I represent the
 2   Marriott group of defendants.
 3              THE COURT:  All right.  And is there anybody else
 4   that we need to involve in this discussion or anybody else
 5   that's on the line that I don't know about?
 6              UNIDENTIFIED SPEAKER:  No.
 7              THE COURT:  Okay, great.  That makes it easy.  All
 8   right.
 9              Who wants to tell me what's going on?
10              MR. FERGUSON:  Your Honor, it's Matt Ferguson and
11   I'll speak briefly.
12              As the Court is aware that (inaudible) matters that
13   following the (inaudible) the plaintiffs amend the complaint
14   in some regard.  The Association filed an objection, which
15   (inaudible) as well.  Instructed to file a fourth amended
16   complaint that we anticipated we could add the new plaintiffs
17   to; however, as we explained to opposing counsel, because
18   there was a pending objection to the (inaudible) fourth
19   amended complaint, (inaudible) amended complaint with the new
20   allegations and cause of action and did not add (inaudible)
21   for the following reasons.
22              Our concern was that it was filed fourth amended
23   complaint in the people in the case, but at some time hence,
24   the Court (inaudible) might (inaudible) must amend those was
25   (inaudible) and, therefore, the position of having the fourth
```

```
1    amended complaint that could be stricken or not allowed and
2    that could occur after (inaudible) statute of limitations.
3            So we said (inaudible) to take (inaudible) and a
4    new complaint (inaudible) and consolidate.  However, Mr. Shea
5    and I spoke yesterday afternoon and because they withdrew the
6    objection, we no longer have that potential avenue,
7    procedural -- you know, procedural position we would have new
8    people trying to get in the case (inaudible) not in the
9    complaint.  So that's the situation that we're in.
10           And all I wanted to do was to explain to the Court
11   that Mr. Shea and myself have discussed that, rather than
12   (inaudible) yesterday, we would simply go to back to our
13   fourth amended complaint, which is now on file, and add the
14   new people to it.  We both think (inaudible) that, you know,
15   starting another action for this purpose was no longer needed
16   and it would just complicate things.
17           So the request was submitted allowing us to file
18   either a fourth amended complaint (inaudible) or just file a
19   fifth amended complaint with new people in it.
20           THE COURT:  Okay, well --
21           MR. FERGUSON:  That's our request.
22           THE COURT:  (Inaudible) and I'll come to Mr. Shea
23   and Mr. Marx here in a moment.  We'll call -- if we do it,
24   we'll call it the fifth amended complaint, because that will
25   make everybody's lives a whole lot easier than the fourth
```

1    amended complaint, part B.

2        So Mr. Shea, what is your position?

3        MR. SHEA:  Well, our position is that the
4    plaintiffs can file that fifth amended complaint; that the
5    constructive fourth claim (inaudible) they can add.  We hope
6    that this is the last amendment to the complaint, given that
7    the statue of limitations (inaudible) is just about to run
8    because if we can (inaudible) another scheduling order and
9    submit it to Your Honor on Monday or sometime next week -- if
10    Monday is not a strict deadline, given the events that have
11    happened, we would just ask that the plaintiffs commit to not
12    amending the complaint any more than any new claims
13    (inaudible) because we've got to get on with this case at
14    some point.

15        THE COURT:  Okay.  So I'm guessing what I'm
16    hearing, and I'll turn to you in a moment, Mr. Marx, is to
17    the extent that there is an agreement, the agreement is
18    premised upon this is the last amended complaint.  There
19    won't be any new people or new claims.

20        Is your agreement to the filing of a fifth amended
21    complaint premised on those suppositions?

22        UNIDENTIFIED SPEAKER:  (Inaudible).

23        THE COURT:  Mr. Shea to begin with.

24        MR. SHEA:  Yeah.  (Inaudible).

25        THE COURT:  Okay.

6

```
1              MR. SHEA:  Because this, you know, the route that
2    took us here in the first place (inaudible) finality at some
3    point.
4              THE COURT:  So, Mr. Ferguson, is that your
5    understanding, that your -- the agreement that you have to
6    file an unopposed fifth amended complaint, at least from the
7    Association's perspective, is this is the end of the road as
8    far as that goes?
9              MR. FERGUSON:  Yes, Your Honor, we would not be
10   adding any -- any more plaintiffs at this point, with one
11   correction.  If those plaintiffs (inaudible) defendants
12   statute of limitations, that (inaudible) but as a practical
13   matter, with this fifth amended complaint, we're not -- we're
14   not going to be adding any people to this case after this
15   occurs.
16             THE COURT:  Okay.  I guess I should have asked,
17   When will you be prepared to file your fifth amended
18   complaint?
19             MR. FERGUSON:  Well, (inaudible) is working on
20   (inaudible) Your Honor, I think that's pretty much done.  So
21   it will probably be tomorrow or Monday or Tuesday, it just
22   depends.  It's just a matter of getting it typed and prepared
23   properly.  So 24 to 48 hours, worst case.
24             THE COURT:  Mr. Marx.
25             UNIDENTIFIED SPEAKER:  (Inaudible) by Friday for
```

```
 1    sure.
 2              THE COURT:  Okay.  Mr. Marx, your position.
 3              MR. MARX:  Thank you, Your Honor.
 4              We do not oppose the filing of the fifth amended
 5    complaint adding additional plaintiffs and adding the
 6    constructive fraud claim.  As Your Honor summarized the
 7    position of the Association, we share the same position,
 8    which is that we don't oppose it, provided that this is the
 9    last pleading; there will be no further attempt to amend to
10    include more plaintiffs and more claims.
11              THE COURT:  Okay.  And I will stay with you
12    Mr. Marx while I'm on the subject.  Just looking back at the
13    ECF record here, I have an order that I granted, in part, an
14    extension of time to respond.  If I order filing by March 31,
15    how many days do you realistically need to respond at this
16    juncture?
17              MR. MARX:  Well, Your Honor, we plan to respond by
18    motion to dismiss, and it would be -- I think under the
19    rules, it would be within 14 days --
20              THE COURT:  Okay.
21              MR. MARX:  -- of the filing and that's what we
22    would propose for the responses.
23              THE COURT:  All right.  And, Mr. Shea, anything
24    different in terms of your response date, however you might
25    choose to respond?
```

8

 1           MR. SHEA:  Well, I'm sorry, Your Honor.  We will
 2   respond within the 14 days, as well.
 3           THE COURT:  Okay.  So hearing no objection, the
 4   plaintiffs may file what will be termed a fifth amended
 5   complaint, that will be their final complaint, on or before
 6   March 31, 2017.  Responsive pleading be whatever type of
 7   pleading the party chooses within 14 days thereafter.  All
 8   right.
 9           Mr. Ferguson, anything else that you think we need
10   to address today?
11           MR. FERGUSON:  We are working -- Your Honor,
12   drafting (inaudible) motions (inaudible) I've circulated that
13   for consideration and, you know, I think I have it docketed
14   for Monday to have that in; but it (inaudible) an extra day
15   or two (inaudible) to consider it done.  (Inaudible) going to
16   be someplace (inaudible) to be realistic about the deadlines
17   in light of the (inaudible) documents and (inaudible).
18           THE COURT:  How does the 10th work for everybody?
19   Mr. Ferguson?
20           MR. FERGUSON:  Oh, that's more than ample, Your
21   Honor.
22           THE COURT:  Mr. Shea, Mr. Marx, anybody object to
23   the 10th?  I can tell you I'm not looking at it before then
24   anyway, so let's revise scheduling order than due no later
25   than April the 10th, 2017.  Obviously, you can file it before

9

1    then if you want, but other than that, Mr. Ferguson, anything
2    else from the plaintiffs?
3            MR. FERGUSON:  No (inaudible).
4            UNIDENTIFIED SPEAKER:  If I can just seek one point
5    of clarification, Your Honor, on the order.  So the order
6    prevents any further amendments in this case adding any new
7    plaintiffs or any new claims to the complaint.  I'm just
8    imagining down the road (inaudible) envision this order
9    meaning (inaudible) like if there is an amended (inaudible)
10   trial or even, you know, (inaudible) other plaintiffs that
11   come along, you know, and I don't think there are, but I
12   mean, let's say there are, this doesn't preclude the filing
13   of a separate claim if those plaintiffs wanted to file a
14   claim, you know, (inaudible).
15           THE COURT:  In terms -- in terms of conforming and
16   things, I'll certainly come to Mr. Shea and Mr. Marx on this
17   if they have anything different they want to say; but in
18   terms of conforming for trial or otherwise kind of cleaning
19   things up as necessary as the case goes along, that happens.
20           What I think -- what I'm hearing the defense wants
21   to do is get this case moving at a substantive fashion and
22   wants to be done with new claims in this complaint.  So to
23   that extent, that's what I understand this to control by my
24   order.
25           In terms of new plaintiffs filing a new case, I

1   don't think I have any statutory authority to preclude that.

2   Obviously, somebody can argue some kind of joinder issue

3   later if they wanted to if that's what was requested, but I

4   don't think I can -- I don't think any of us here have the

5   ability to stop some new potential plaintiff from doing

6   something when they're not part of this discussion.

7          So Mr. Shea, Mr. Marx, anything on that issue?

8          UNIDENTIFIED SPEAKER:  (Inaudible) an argument

9   whether the order authorizes or precludes further suits, but

10  I don't think this order addresses that question.

11         THE COURT:  Okay.  All right.  Mr. Reiser, anything

12  else from your perspective?

13         MR. REISER:  No, Your Honor.  Thank you.

14         THE COURT:  Okay, Mr. Shea.

15         MR. SHEA:  Nothing, Your Honor.  Thank you.

16         THE COURT:  Okay.  Mr. Marx?

17         UNIDENTIFIED SPEAKER:  (inaudible) question that

18  relates to the anticipated motion to dismiss.  You know, we

19  (inaudible) motion to dismiss and then there are subsequent

20  pleadings that (inaudible) and so the subsequent motions to

21  dismiss, we refer the Court to our prior submission; we don't

22  anticipate doing that here because at some point this becomes

23  cumbersome to keep (inaudible) but we anticipate filing a

24  motion to dismiss.

25         But my question is as follows, and it concerns the

1    page limit -- the 15-page limit.  Initially, we sought leave

2    from the Court to obtain additional briefing (inaudible) that

3    we keep referring back to 18 pages long.  Now that there has

4    been additional (inaudible) deal with, we -- I think we need

5    an additional few pages.  So we would be asking for an

6    additional (inaudible) page limit.  I'm not sure if that's

7    something we can accomplish (inaudible) but we could

8    accomplish (inaudible).

9             THE COURT:  Sure, and I can tell you in terms -- I

10   would certainly encourage discussion between you about that

11   pursuant to the Local Rule and just commonsense.

12            In terms of my take on it, I'm going to punt

13   because I suspect that Judge Brimmer will likely not refer

14   this motion to me because I don't -- I don't believe it was

15   referred for -- I'm just looking back to see.  But I don't --

16   I don't recall the initial motion to dismiss being referred.

17            So my position would be that if he's keeping the

18   motion, then he can decide how many pages he wants to read.

19   If he refers it to me, then I'm more than happy to make that

20   decision, but I don't -- I don't want to tell him how much is

21   right or wrong for a motion that he's going to be reviewing.

22            So I would say file it; and if it gets referred to

23   me, I'm more than happy to rule on it, but I suspect it won't

24   be referred to me.

25            MR. MARX:  (Inaudible) two- or three-page

1     (inaudible) I think we can kind of keep (inaudible) so I

2     think you'll find (inaudible) on that.

3             THE COURT:  Okay.

4             UNIDENTIFIED SPEAKER:  Your Honor, thanks for

5     (inaudible) short notice.

6             THE COURT:  Absolutely.  Thank you, gentlemen, and

7     we'll be back together here in the next couple weeks to deal

8     with the amended scheduling order, it sounds like.

9             (Whereupon, the within hearing was then in

10    conclusion.)

11

12

13    I certify that the foregoing is a correct transcript to the

14    best of my ability to hear and understand the audio recording

15    and based on the quality of the audio recording from the

16    above-entitled matter.

17

18    /s/ Dyann Labo                      March 6, 2018

19    Signature of Transcriber            Date

20

21

22

23

24

25