# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Colorado

| RCHFU, LLC, et al. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 16-01301 PAB |
| Marriott Vacations Worldwide Corporation, et al. | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Timbers BG Management, LLC, 225 Main Street, Suite 201, Carbondale, Colorado 81623
c/o Cogency Global Inc. 12649 W Warren Ave, Lakewood, Colorado 80228

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A hereto.

| Place: Greenberg Traurig, LLP, Attn: Naomi G. Beer<br>1200 17th Street, Suite 2400<br>Denver, Colorado 80202 | Date and Time:<br>04/02/2018 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 3/12/18

CLERK OF COURT

OR _____ /s/ _____
_____     _____
Signature of Clerk or Deputy Clerk        Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants Marriott Vacations Worldwide Corporation, et al._____, who issues or requests this subpoena, are:

Naomi G. Beer, 1200 17th Street, Suite 2400, Denver, CO 80202, beern@gtlaw.com, (303) 572-6500

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 16-01301 PAB

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, and The Lion & Crown Travel Company, LLC, by and through their undersigned counsel, request that Timbers BG Management, LLC produce the following documents pursuant to the Definitions set forth below.

## DEFINITIONS

**Definitions**

1.  The terms "you" and "your" mean and refer, individually and collectively, as appropriate, to Timbers BG Management, LLC, and to its respective officers, directors, stockholders, owners, parent, subsidiary and affiliated corporations and business entities, agents, employees, representatives, and attorneys, as well as to any other person retained by or under the direction or control of those parties.

2.  The term "Ritz-Carlton" refers individually and collectively, as appropriate, to Defendant The Ritz-Carlton Management Company, LLC, to The Ritz-Carlton Hotel Company, LLC, and to their respective officers, directors, stockholders, owners, parent, subsidiary and affiliated corporations and business entities, agents, employees, representatives, and attorneys, as well as to any other person retained by or under the direction or control of those parties.

3.  The term "Bachelor Gulch Resort" refers to the Timbers Bachelor Gulch resort, located in Avon, Colorado.

4.  The term "Homeowners' Association" refers individually and collectively, as appropriate, to the RCC-BG Condominium Association, Inc., and to its respective officers,

directors, stockholders, owners, agents, employees, representatives, and attorneys, as well as to any other person retained by or under the direction or control of those parties.

5. The term "concerning" means relating to, referring to, reflecting, describing, evidencing, or constituting.

6. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and refers to every manner of transmitting or receiving information, opinions and thoughts, whether orally, in writing or otherwise, including without limitation, any writing transmitted between persons or any oral conversation of any kind or character, such as personal or telephone conversations, letters, meetings, memoranda, telegraphic, telex, facsimile, and e-mail and other computer communications or transmittal of documents, and all documents concerning such writings or oral conversations.

7. The term "document" includes originals and all non-identical copies, whether different from the original by reason of alterations or notations made on such copies or otherwise, whether in draft or final form, including without limitation: letters or other correspondence; memoranda; inter-office and intra-office communications; e-mails; reports; notes; jottings; work papers; journals; daybooks; contracts; agreements; leases; proposals; estimates; bonds; telegrams; transmissions; telexes; faxes; cables; mailgrams; studies; messages; file folders; lists; schedules; tables; indices; transcripts; affidavits; tabulations; records of expenditures; receipts; financial, statistical and computerized data; diaries; calendars; time records; periodicals and newspaper articles; analyses; comparisons; records; books; booklets; circulars; bulletins; notices; newsletters; manuals; purchase orders; work authorizations; invoices; vouchers; cancelled checks; bills; working papers; income tax returns; appraisals;

spreadsheets; surveys; statements; minutes; summaries; records or recordings of telephone or other conversations, conferences, meetings, inspections, test, or visits; ledgers; photographs; motion pictures or video films; press releases; advertisements; brochures; catalogs; promotional materials; instructions; other communications; questionnaires; surveys; notebooks; plans; summaries or reports of investigations or negotiations; blueprints; opinions; reports, evaluations or recommendations of consultants, architects, engineers, or independent contractors; charts; graphs; and translations of tapes, disks or other electronic data compilations.  The term "document" also means any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced.

8. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each Request all documents that might otherwise be construed to be outside of its scope.

9. The use of the singular form of any word includes the plural and vice versa. Similarly, the use of one gender shall include all genders, as appropriate in the context.

## DOCUMENTS TO BE PRODUCED

### REQUEST NO. 1

All documents, communications or correspondence between you and the Homeowners' Association concerning your performance as the managing entity for the Resort, including without limitation, (a) your potential replacement as the managing entity of the Resort with Ritz-Carlton, (b) dissatisfaction with exchange offerings or the exchange program that you made available, and (c) the resale price of fractional ownership interests after you succeeded Ritz-Carlton over as the managing entity for the Resort.

## REQUEST NO. 2

All documents, communications or correspondence between you and any individual owner of one or more fractional ownership interests at the Resort concerning your performance as the managing entity for the Resort, including without limitation, (a) your potential replacement of as the managing entity of the Resort with Ritz-Carlton, (b) dissatisfaction with exchange offerings or the exchange program that you made available, and (c) the resale price of fractional ownership interests after you succeeded Ritz-Carlton over as the managing entity for the Resort.

## REQUEST NO. 3

All meeting minutes at which any specific grievances raised by the Homeowners' Association or by individual owners of fractional ownership interests at the Resort regarding your performance as the managing entity for the Resort, including without limitation, (a) your potential replacement of as the managing entity of the Resort with Ritz-Carlton, (b) dissatisfaction with exchange offerings or the exchange program that you made available, and (c) the resale price of fractional ownership interests after you succeeded Ritz-Carlton over as the managing entity for the Resort, were discussed.