IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC,** *et al.*

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION,** *et al.*

Defendants.

---

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION TO AMEND SCHEDULING ORDER TO ALLOW PLAINTIFFS TO AMEND COMPLAINT TO ADD CLAIM FOR EXEMPLARY DAMAGES; AND MOTION TO AMEND COMPLAINT**

---

### I.  INTRODUCTION

Plaintiffs' motions to amend the scheduling order and the complaint to add a prayer for exemplary damages should be granted because Plaintiffs complied with Colorado law, which did not permit pleading exemplary damages until after initial disclosures *and* Plaintiffs had a prima facie case to support such damages. As C.R.S. § 13-21-102(1.5)(a) contemplates, Plaintiffs did not learn of the facts supporting exemplary damages until they reviewed and analyzed key documents revealing that the Marriott Defendants willfully breached their fiduciary duties to Plaintiffs in order to line their own pockets. In fact, the story the documents told came to life when, shortly before filing this motion, Plaintiffs deposed Lee Cunningham, Stephanie Sobeck, and Mary Lynn Clark -- the key Marriott executives who orchestrated the self-dealing.

1

Moreover, the Marriott Defendants have had notice that Plaintiffs intended to add a claim for exemplary damages at this juncture since this case started. Every iteration of the complaint and the scheduling order states that Plaintiffs reserve the right to plead exemplary damages at a later stage under C.R.S. § 13-21-102(1.5)(a). And while the Court's March 29, 2017 minute order (Dkt. No. 119) stated that the Fifth Amended Complaint ("FAC") would be the last opportunity for Plaintiffs to add new claims and additional plaintiffs, it did not address Plaintiffs' right to later plead an exemplary damages prayer pursuant to C.R.S. § 13-21-102(1.5)(a). Plaintiffs' proposed Sixth Amended Complaint does not add any new causes of action or plaintiffs, but rather adds only a prayer for exemplary damages, now that a prima facie case exists. Moreover, at the time of the March 29, 2017 status conference, the Marriott Defendants had not produced any documents demonstrating their liability – and would not do so for months. Thus, granting this motion is consistent with all prior orders, in no way moots the pending motion to dismiss, and will not unfairly prejudice the Marriott Defendants in any way.

## II.     ARGUMENT

### A. Plaintiffs' Motions to Amend the Scheduling Order and Complaint Are Timely

Under Colorado law, Plaintiffs could not have filed the instant motions until this stage in the case. C.R.S § 13-21-102(1.5)(a), which applies to Colorado claims in federal courts, states that a plaintiff may only plead exemplary damages after the exchange of initial disclosures *and* the plaintiff establishes prima facie proof of a triable issue showing that the "injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct." C.R.S. § 13-21-102(1)(a); *Am. Economy Ins. Co. v. William Schoolcraft, M.D., P.C.*, 2007 WL 160951, *1-2 (D. Colo. Jan. 17, 2007). While Plaintiffs have anticipated seeking exemplary damages since the

outset of this case—and clearly notified the Marriott Defendants of this in all iterations of the complaint and scheduling orders by reserving "all rights accorded under Colorado law … to amend this pleading … to plead exemplary damages in accordance with C.R.S. § 13-21-102," Plaintiffs could not actually amend until recently because the statute requires them to develop *evidence* to establish prima facie proof supporting exemplary damages." *See, e.g.*, Dkt. No. 77 at ¶ 94; Dkt. No. 109 at ¶ 115; Dkt. No. 119 at ¶ 121. This case was nowhere near that stage in the spring of 2017.

Plaintiffs filed this motion promptly after gathering evidence establishing a prima facie case of a triable issue on exemplary damages. A prima facie case is evidence that, unless rebutted and when viewed in the light most favorable to the plaintiff, is sufficient to establish a fact – and is established by a showing of a "reasonable likelihood that the issue will be ultimately submitted to the jury for resolution." *Stamp v. Vail Corp.*, 172 P.3d 437, 449 (D. Colo. 2007) (internal citations omitted); *Am. Econ. Ins. Co.*, 2007 WL 160951 at *4; *Hendrickson v. Doyle*, 2015 WL 2106225, *4 (D. Colo. May 4, 2015). Plaintiffs developed their prima facie case for exemplary damages through documents that were among the 150,000 pages that the Marriott Defendants produced. Declaration of Matthew Ferguson ISO Plaintiffs' Motions to Amend Scheduling Order and Complaint ("Ferguson Decl."), Dkt. No. 185-1 at ¶ 11. While those documents provided some evidence of the Marriott Defendants' fraudulent and wanton behavior, it was not until Plaintiffs deposed key Marriott executives, including Stephanie Sobeck and Lee Cunningham, in mid-November that they solidified a prima facie case of "circumstances of fraud, malice, or willful and wanton conduct." While Plaintiffs had noticed these depositions for October, they moved them to November at the Marriott Defendants' request. Ferguson Decl. at ¶ 13.

3

The Marriott Defendants' opposition mistakenly equates *pleading standards* with prima facie *proof* by arguing that Plaintiffs should have included a demand for exemplary damages when they alleged "circumstances of fraud" and constructive fraud. But *allegations* of fraud based on information and belief, even if they are pled with particularity, do not equate to actual *evidence* showing willful and wanton conduct. Under Rule 8(a), a pleading must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Rule permits pleadings based on "information and belief." *Bison Designs, LLC v. Lejon of California, Inc*., 2016 WL 4921441, *5 (D. Colo. Feb. 1, 2016). Rule 9(b) sets a higher pleading standard for fraud claims, and requires that a party alleging fraud "state with particularity the circumstances constituting fraud or mistake." *Id*. Unlike these pleading standards, prima facie proof of a triable issue of exemplary damages requires *evidence* showing "a reasonable likelihood that the issue will ultimately be submitted to the jury for resolution." *E&S Liquors, Inc. v. U.S. Fidelity & Guar. Co*., 2009 WL 837656, *2 (D. Colo. Mar. 26, 2009).

It is axiomatic that C.R.S. § 13-21-102 specifically prohibits a demand for exemplary damages in any initial complaint because it "contemplates that the discovery process will provide the requisite prima facie evidence to support a claim for punitive damages." *Id*. The Marriott Defendants entirely miss the point of the statute (and Plaintiffs' motion) when they erroneously assert that "Plaintiffs are relying on the same factual *allegations* to support their proposed exemplary damages demand that they have relied on for their constructive fraud claim." Marriott Defendants' Opposition to Plaintiffs' Motions to Amend Scheduling Order and Complaint, ("Opp."), Dkt. No. 193 at 6. As required in Colorado, Plaintiffs' motion is based on *actual evidence* (exhibits and testimony) – not allegations – of the type of conduct warranting punitive

4

damages under C.R.S. § 13-21-102. The detailed history of Plaintiffs' requests for this discovery and evidence is set forth in Plaintiffs' opening brief and the Ferguson declaration. Indeed, the Marriott Defendants ignore the protection that Colorado law grants defendants by requiring this standard. Had Plaintiffs pled punitive damages before they had sufficient evidence to do so, the Marriott Defendants would have opposed (properly) on the grounds that Plaintiffs failed to comply with C.R.S. § 13-21-102(1.5)(a).

### B. Each Version of the Scheduling Order Stated Plaintiffs' Statutory Right and Intention to Seek Leave to Add an Exemplary Damages Prayer

Plaintiffs' motion is timely because Plaintiffs could not have provided prima facie proof of a triable issue on punitive damages before the deadline to amend pleadings. While Plaintiffs served their initial document requests in September 2016, it was not until August 2017 that the Marriott Defendants announced that they believed their document production was "substantially complete." Ferguson Decl. at ¶ 10. At that point, the Marriott Defendants had produced around 150,000 pages that Plaintiffs needed to review. *Id*. at ¶ 11. After Plaintiffs reviewed and organized those documents, they immediately began noticing relevant depositions for October 2017 – only to move them to November at the Marriott Defendants' request. *Id*. at ¶ 13. This process of reviewing documents and deposing key Marriott executives could not have been completed prior to the deadline to amend pleadings.

*Schneider v. City of Grand Junction*, 2011 WL 13224077 (D. Colo. Apr. 25, 2011), is distinct from the present case. There, the plaintiff moved to amend the scheduling order so that she could file an amended complaint that added both new factual allegations and a demand for exemplary damages. *Schneider*, 2011 WL 13224077 at *1. The court, however, concluded that the plaintiff was not diligent in pursuing the discovery necessary to support her proposed

punitive damages claim because the delay in scheduling depositions was solely her fault. *Id*. at *3. Further, she had requested files late in the discovery phase and the defendant timely produced them; and she had no other excuse for her delay. *Id.* The court thus denied the plaintiff's motion based on the finding that she failed to demonstrate due diligence. *Id.* Given the plaintiff's late service of deposition notices and discovery requests (and the plaintiff's allegations of reprehensibility on the part of the defendant), the *Schneider* court noted that it would have been appropriate for the plaintiff to move to extend the pleading amendment deadline before it expired. *Id*.

Here, conversely, Plaintiffs diligently pursued discovery and eventually obtained the evidence that now supports their prayer for exemplary damages. Plaintiffs served most of their requests for production in September 2016. Ferguson Decl. at ¶ 5. But as this Court knows well, the process of negotiating the Marriott Defendants' document production was protracted from the beginning. *See* Ferguson Decl. at ¶¶ 7-11. Then, while Plaintiffs originally noticed the depositions of key Marriott witnesses for September 2017, the Marriott Defendants requested that they be postponed until November 2017 due to those witnesses' lack of availability. *See* Exhibit 2 to Ferguson Decl., Dkt. No. 185-4.

Thus, despite their diligence, Plaintiffs could not have obtained and processed the evidence supporting a prayer for exemplary damages before the pleading amendment deadline of April 10, 2017. *See* Transcript of March 29, 2017 Status Conference at p. 8, Dkt. No. 195. Indeed, a prayer for punitive damages requires prima facie proof. This takes the addition of any such prayer outside of normal amendment deadlines. For this reason, the *Schneider* court focused its decision not on the amendment deadline, but on the plaintiff's overall delay.

Because Plaintiffs foresaw this tension between the time they would obtain discovery and the pleading amendment deadline, they signaled their likely need to amend the scheduling order to add a punitive damages claim from the outset. The first scheduling order in this case was issued on July 28, 2016. Dkt. No. 50. At that early stage, Plaintiffs had already stated their intention to proceed in accordance with Colorado law by stating "Plaintiffs also anticipate that as discovery ensues, they will seek the right to amend the pleadings to add a claim for exemplary or punitive damages in accordance with C.R.S. section 13-21-102 …" Dkt. No. 50 at 10. Each subsequent revised scheduling order incorporated that statement. *See* Dkt. No. 136 at p. 1 and Dkt. No. 161 at p. 1. This section of the scheduling order, Computation of Damages, has not been altered by any subsequent revision of the Scheduling Order. This fact further distinguishes the present circumstances from those in *Schneider* – where the plaintiff did not give the Court and opposing party notice of the future need to change the pleading amendment deadline in any version of the scheduling order. *See Schneider*, 2011 WL 13224077 at *3.

### 1. The Court's prior order on amendments to the complaint did not address forms of relief

This Court has never addressed Plaintiffs' amendment of the complaint to add additional forms of relief. During the March 29, 2017 status conference, Judge Gallagher recognized that the Marriott Defendants and the Association agreed to Plaintiffs filing a Fifth Amended Complaint to add new plaintiffs. The "additional" constructive fraud claim was already in the Fourth Amended Complaint and the Court found it better to create a Fifth Amended Complaint to add new plaintiffs (rather than file a new version of the Fourth Amended Complaint). *See* Transcript at p. 4-5 (Dkt. No. 195) (Judge Gallagher: "to the extent that there is an agreement, the agreement is premised upon this is the last amended complaint. There won't be any new

people or new claims.") But Plaintiffs' present motion does not concern any *new plaintiffs or new claims*; rather, Plaintiffs properly seek to add an *additional form of relief* that, under C.R.S. § 13-21-102, they could not add until now. This would not alter or add to any allegations in the complaint, as the Marriott Defendants themselves recognized by stating, "Plaintiffs have not added a single factual allegation to the new pleading they seek to file . . . they merely propose to add, as a final paragraph in each of the five claims asserted . . . language, which parrots Colorado's 'exemplary damages' statute . . ." Opp. at 6. Thus, Plaintiffs' addition of an exemplary damages demand would not run afoul of any court order.

### C. Plaintiffs' Addition of a Claim for Exemplary Damages Would Not Cause Prejudice to Any Party in this Case

No prejudice to any party would result in Plaintiffs' amendment of their complaint to add an exemplary damages demand. Because Plaintiffs' amended complaint would be identical to the FAC except for the prayer language requesting exemplary damages, the Court would not need to moot the Marriott Defendants' motion to dismiss the FAC. The parties' briefing on that motion would be fully applicable to the Plaintiffs' proposed Sixth Amended Complaint.

What is more, the Marriott Defendants would not be prejudiced because they have known since the start of this case that Plaintiffs would eventually seek leave to add a demand for exemplary damages in their complaint. As discussed above, the Marriott Defendants have known about Plaintiffs' intent to seek exemplary damages from the complaints and the scheduling orders since the start of this case. Further, given the nature of Plaintiffs' claims – that the Marriott Defendants willfully breached fiduciary duties to Plaintiffs in order to enrich the themselves – it has been clear from the beginning that Plaintiffs would seek to add a demand for

8

exemplary damages when they had enough evidence to do so. There is no basis for the Marriott Defendants' assertion that they would be prejudiced by this addition.

### III. CONCLUSION

Because Plaintiffs complied with C.R.S § 13-21-102(1.5)(a) by refraining from adding a claim for exemplary damages before they had prima facie proof of a triable issue on such damages, and because Plaintiffs were diligent in obtaining the facts supporting their exemplary damages claim, Plaintiffs' motion to amend the scheduling order to allow Plaintiffs to amend their complaint to add a claim for exemplary damages (and motion to amend their complaint) should be granted.

Dated: March 14, 2018

Respectfully submitted,

GIBBS LAW GROUP LLP

*/s/ Michael Schrag*
Michael Schrag (CA Bar No. 185832)
505 14th Street, Suite 1110
Oakland, CA 94612
Phone: (510) 350-9718
Facsimile: (510) 350-9701
E-mail: mls@classlawgroup.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

   I, the undersigned, hereby certify that on this 14th day of March, 2018, a true and accurate copy of the foregoing **PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION TO AMEND SCHEDULING ORDER TO ALLOW PLAINTIFFS TO AMEND COMPLAINT TO ADD CLAIM FOR EXEMPLARY DAMAGES; AND MOTION TO AMEND COMPLAINT** was filed and served via CM/ECF filing system upon following:

Naomi G. Beer, Esq.
Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, Colorado 80202
beern@gtlaw.com

Ian S. Marx, Esq.
Philip R. Sellinger, Esq.
Greenberg Traurig, LLP
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
marxi@gtlaw.com
sellingerp@gtlaw.com

Daniel F. Shea, Esq.
Jessica Black Livingston, Esq.
Hogan Lovells US LLP
1200 Seventeenth Street, Suite 1500
Denver, Colorado 80202
dan.shea@hoganlovells.com
jessica.livingston@hoganlovells.com

             */s/ Marianne Fogle*
             Marianne Fogle