IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC,** *et al.*

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION,** *et al.*

Defendants.

___

**PLAINTIFFS' RESPONSE TO MARRIOTT DEFENDANTS' NOTICE OF SUPPLEMENTAL NEW AUTHORITY SUBMITTED IN FURTHER SUPPORT OF MOTION TO DISMISS FIFTH AMENDED COMPLAINT**
___

Plaintiffs file this response to the Marriott Defendant's notice of supplemental authority in support of their motion to dismiss the Fifth Amended Complaint ("FAC"). Dkt. No. 191. Contrary to the Marriott Defendant's filing, the recent decision in *Petrick v. Marriott Vacations Worldwide Corp. et al.* does not apply to the present case because it: (1) fails to follow Judge Morrison England's better-reasoned decision in *Reiser et al. v. Marriott Vacations Worldwide Corp. et al.*, 2017 WL 569677 (E.D. Cal. Feb. 13, 2017); and (2) was based on a complaint that differs from the one at issue here. In addition, the Marriott Defendants' filing mischaracterizes *Hoyt v. Marriott Vacations Worldwide Corp.*, 2014 WL 509903 (D. Minn. Feb. 7, 2014), a case that did not even involve fiduciary duties.

The facts and allegations in *Reiser* mirror those in this case. And the relevant documents giving rise to fiduciary duties are substantially identical. There, the plaintiffs are owners of

1

fractional interests at the Ritz-Carlton Club, Lake Tahoe who allege breaches of fiduciary duties by Ritz-Carlton Management Company ("RC Management") and Cobalt Travel Company (among other defendants), as well as aiding and abetting of those breaches by Marriott Vacations Worldwide Corporation. Like Plaintiffs here, the *Reiser* plaintiffs claim that a fiduciary duty arose under the Management Agreement. There, RC Management was appointed to act on behalf of the fractional interest owners and to manage the daily affairs of the club. *Reiser*, 2017 WL 569677 at *4. RC Management then delegated all managerial authority and control over the plaintiffs' use of their own interests to a subagent, Cobalt. *Id.* at *1.

The Marriott Defendants moved to dismiss in *Reiser,* raising the same arguments they make here—that the Marriott Defendants' control over Plaintiffs' fractional interests does not give rise to fiduciary duties. Judge England denied the motion to dismiss, holding that the *Reiser* plaintiffs properly pleaded a breach of fiduciary claim based on RC Management's control over the plaintiffs' property. *Id.* at *5. He noted that "[w]hether or not a fiduciary duty exists depends on the surrounding facts and circumstances," and that "Plaintiffs had pleaded exactly" a fiduciary duty claim based on control over their individually deeded property interests. *Id*. Judge England also denied the Marriott Defendants' motion to dismiss the *Reiser* plaintiffs' aiding and abetting claims. *Id*. at *6.

In ruling on the demurrer in *Petrick*, Judge McCoy failed to even analyze the decision in *Reiser,* instead stating in conclusory fashion that the holding would not "require a different result on the facts alleged." *Petrick* at 5. Because the facts and documents at issue in *Reiser* are parallel to those in this case, the *Reiser* holding is applicable to this action. The Marriott Defendants concede the close similarity between the present case and *Reiser*. *See, e.g.,* Dkt. No. 152 at p. 4

(stating the cases are "similar" and the parties have coordinated discovery due to "substantial overlap").

Further, unlike in *Petrick*, which was based primarily on the Management Agreement, Plaintiffs' case here is also based on two restrictive covenants of the Declaration that govern the Ritz-Aspen property. The FAC alleges—in full agreement with the Association's own attorney's pre-litigation conclusion—that two restrictive covenants, § 8.25 of the Master Declaration and § 19.8 of the Declaration of Condominium, prohibited the affiliation. Dkt. No. 119 at ¶¶ 55, 60, 61, 90. Section 19.8 states that "no Unit shall be used for the operation of a timesharing, fraction-sharing ... membership program, vacation club ... or similar program whereby the right to exclusive use of the Unit is alternated or scheduled among participants in the program...." *Id*. at ¶ 55. Section 8.25 of the Master Declaration, which also governs Plaintiffs' fractional units, sets forth a similar "no timeshare" use restriction. *Id*. at ¶ 55. These provisions were not at issue in *Petrick*, whereas here, the Association's failure to enforce these restrictive covenants (and the Marriott Defendants' aiding and abetting of this failure) provide additional bases for breach of fiduciary liability.

Finally, the Marriott Defendants' reference to *Hoyt* is wildly misleading. Dkt. No. 191 at 2, fn. 1. In *Hoyt*, the court dismissed the plaintiffs' *breach of contract* claim concerning a *different affiliation*. *Hoyt*, 2014 WL 509903, at *1, 3. The *Hoyt* court never addressed breach of fiduciary law because those plaintiffs did not bring breach of fiduciary claims; the claims in *Hoyt* were breach of contract, breach of the implied covenant, unjust enrichment, and violations of consumer protection statutes. Nothing in that case (or any other case) holds that whether an affiliation is contractually permitted is a "threshold" question in breach of fiduciary analysis.

3

Dkt. No. 191 at 2, fn. 1. *Hoyt* neither mentions the word "fiduciary," nor addresses the principle that a contractual grant of control over another's property is exactly what gives rise to the fiduciary duties in this case and in *Reiser*. *See* Dkt. No. 140 at p. 7 (collecting cases, including *Tara Woods Ltd. P'ship v. Fannie May*, 731 F.Supp.2d 1103, 1116 (D. Colo. 2010)).

In sum, because the recent decision in *Petrick* fails to follow Judge England's order in *Reiser*, and because the present case is based on two restrictive covenants that are not at issue in *Petrick*, the recent *Petrick* decision does not apply here.

Dated: March 15, 2018                            Respectfully submitted,

                                                 GIBBS LAW GROUP LLP

                                                 */s/ Michael Schrag*
                                                 Michael Schrag (CA Bar No. 185832)
                                                 505 14th Street, Suite 1110
                                                 Oakland, CA 94612
                                                 Phone: (510) 350-9718
                                                 Facsimile: (510) 350-9701
                                                 E-mail: mls@classlawgroup.com

                                                 *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on this 15th day of March, 2018, a true and accurate copy of the foregoing **PLAINTIFFS' RESPONSE TO MARRIOTT DEFENDANTS' NOTICE OF SUPPLEMENTAL NEW AUTHORITY SUBMITTED IN FURTHER SUPPORT OF MOTION TO DISMISS FIFTH AMENDED COMPLAINT** was filed and served via CM/ECF filing system upon following:

Naomi G. Beer, Esq.
Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, Colorado 80202
beern@gtlaw.com

Ian S. Marx, Esq.
Philip R. Sellinger, Esq.
Greenberg Traurig, LLP
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
marxi@gtlaw.com
sellingerp@gtlaw.com

Daniel F. Shea, Esq.
Jessica Black Livingston, Esq.
Hogan Lovells US LLP
1200 Seventeenth Street, Suite 1500
Denver, Colorado 80202
dan.shea@hoganlovells.com
jessica.livingston@hoganlovells.com

*/s/ Marianne Fogle*
Marianne Fogle

5