IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-01301-PAB-GPG

RCHFU, LLC, a Colorado limited liability company, et al.,

    Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, et al.,

    Defendants.

---

## MINUTE ORDER

---

**Entered by Judge Philip A. Brimmer**

    This matter is before the Court on the Marriott Defendants' Brief in Response to Court's Order to Show Cause Dated February 26, 2018 [Docket No. 194] filed by defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, and The Lion & Crown Travel Co., LLC (collectively, "Marriott defendants"). Marriott defendants do not address whether the implementation of the so-called trading program constituted "an event or occurrence" within the meaning of 28 U.S.C. § 1332(d)(11)(B)(ii)(I), *see* Docket No. 192 at 4-5, or address whether "compelling reasons exist for the Court to exercise pendant jurisdiction" if this Court's jurisdiction is predicated solely on the Court's discretionary jurisdiction. Docket No. 192 at 5; *see also* Docket No. 194; *Brooks v. Gaenzle*, 614 F.3d 1213, 1230 (10th Cir. 2010); *Brown v. Mortgage Electronic Registration Systems, Inc.*, 738 F.3d 926 (8th Cir. 2013) (finding jurisdiction over state-law claims not subject to CAFA upon removal was predicated on supplemental jurisdiction); *Wright Transportation, Inc. v. Pilot Corp.*, 841 F.3d 1266, 1273 (11th Cir. 2016) ("Supplemental jurisdiction does have a role in CAFA cases, but only in those that also have 'state-law claims that were never subject to CAFA jurisdiction.'" (quoting *In Touch Concepts, Inc. v. Cellco P'ship*, 788 F.3d 98, 102 (2d Cir. 2015))). Nonetheless, based on the information before the Court at this time, the Court is satisfied that it has subject matter jurisdiction over plaintiffs' claims. *See Reece v. AES Corp.*, 638 F. App'x 755 (10th Cir. 2016) (unpublished); *In re Burlington N. Santa Fe Ry. Co.*, 606 F.3d 379, 380-81 (7th Cir. 2010)). Wherefore, it is **ORDERED** that the Court's order to show cause [Docket No. 192] is **DISCHARGED**.

    DATED: March 19, 2018.