# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC,** *et al.*

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION**, *et al.*

Defendants.

___

**PLAINTIFFS' F.R.C.P. 37(b)(2)(A) MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS AGAINST THE MARRIOTT DEFENDANTS FOR FAILURE TO OBEY WITH THIS COURT'S DISCOVERY ORDER**

___

Plaintiffs, by and through their counsel, respectfully submit this motion pursuant to Fed.R.Civ.P. 37(b)(2)(A) and (C) to compel production and for the imposition of sanctions against the Marriott Defendants for their willful failure to obey this Court's discovery order. This Motion is based on the grounds that: (1) on February 11, 2018, the parties brought to this Court a Discovery Dispute Chart, detailing the Marriott Defendants' ongoing failure to comply with five subpoenas for the production of documents (and depositions for three) which were served by the Plaintiffs in November 2017; (2) on February 20, 2018, this Court entered a written order directing the Marriott Defendants to produce documents for one subpoena by end of day February 22, 2018, with all remaining documents to be produced by March 15, 2018; and (3) the Marriott Defendants have failed to comply with this discovery order.

**CERTIFICATE OF COMPLIANCE WITH D.C. COLO. L. CIVR 7.1A**

The undersigned certifies that they have conferred with counsel for the Marriott Defendants, who oppose this Motion. Moreover, as set for the below Plaintiffs have engaged the

1

Marriott Defendants for several months by email, telephone and letter about many discovery disputes – including the implicated Dispute No. 5 in the Discovery Dispute Chart that was before Magistrate Judge Gordon Gallagher at two discovery conferences – January 12, 2018 (ECF No. 180) and February 16, 2018 (ECF No. 188).

## INTRODUCTION

As early as October 19, 2017, Plaintiffs provided notice that they would subpoena Nicholas DiMeglio and Ivan Skoric (amongst others) to testify at depositions. They also noticed the deposition for John Hearns. Since that time, the Marriott Defendants have stalled and stonewalled — and have failed to produce records or produced them so late as to cause major disruption of Plaintiffs' ability to conduct orderly discovery and work with their experts. Some of those failures have come before Judge Gallagher; others will result in separate motions to compel and for sanctions. This motion concerns the ongoing failure by the Marriott Defendants to produce records pursuant to four subpoenas — for witnesses and entities they have undertaken to represent. This failure is now in direct violation of Judge Gallagher's order, entered on February 20, 2018 ("February 20th Order"). ECF No. 189. For these violations, the Court should once again compel production and impose appropriate and just sanctions, including the award of attorneys' fees and costs for this motion and the need to retake or even further delay depositions pending production. For example, the depositions of two key Marriott witnesses, including CEO Steven Weisz (April 4, 2018)(the subject of two court orders – ECF Nos. 183 and 189) and Executive Vice President Lani Kane-Hanan (March 22, 2018) are impacted by these failures and others. Moreover, notwithstanding that the Marriott Defendants and their counsel have undertaken the representation of and responsibility for these five subpoenas to third parties, the failure to comply with a subpoena implicates Fed. R. Civ. P. 45(g), which allows for a finding of contempt.

Plaintiffs seek an order compelling the Marriott Defendants to comply with the February 20th Order and compelling the complete, immediate and orderly production of documents in compliance with the four outstanding subpoenas — and not do it by way of a document dump. The Court should also require the Marriott Defendants to set forth in detail and under oath the steps they have taken to search and locate the documents and information that were requested in these November 2017, subpoenas, which were never objected to. The Court should (and must) impose sanctions for the Marriott Defendants' failure to comply with the Federal Rules of Civil Procedure and importantly for not obeying this Court's discovery order, including the award of attorney's fees and costs in connection with this Motion. Finally, depending on the documents produced, the number produced and when produced, Plaintiffs will almost certainly move for order permitting the Plaintiffs to re-take the deposition of certain witnesses.

## RELEVANT PROCEDURAL BACKGROUND

A chart of the subpoenas that are relevant here follows:

| SUBPOENA | DATE OF SERVICE | DEPONENT | DOCUMENT REQUESTS | RETURN DATE/RESPONSE/OBJECTIONS/COURT ORDER |
|---|---|---|---|---|
| The Ritz-Carlton Development Company, Inc. (Marriott International) | November 21, 2017 | Duces Tecum Only | 12 | December 4, 2017<br><br>No Response<br>No objections<br><br>Ongoing Failure to Comply with February 20th Order: Yes |
| The Ritz-Carlton Hotel Company, LLC (Marriott International) | November 28, 2017 | Duces Tecum Only | 9 | December 8, 2017<br><br>No Response<br>No objections<br><br>Ongoing Failure to Comply with February 20th Order: Yes |

| John Hearns (Marriott International) | November 17, 2017 | John Hearns/Duces Tecum *Vice President, Global Residential Operations at Marriott International* | 9 | November 28, 2017<br><br>No Response<br>No objections<br><br>Ongoing Failure to Comply with February 20th Order: Yes |
|---|---|---|---|---|
| Ivan Skoric | November 6- 13, 2017 | Ivan Skoric/Duces Tecum | 8 | December 4, 2017<br><br>No objections<br>No Response until February 22 and 23, 2018.<br><br>Ongoing Failure to Comply with February 20th Order: No |
| Nicholas DiMeglio (Marriott International) | November 28, 2017 | Nicholas DiMeglio/Duces Tecum *General Manager, The Ritz-Carlton Club Aspen Highlands at The Ritz-Carlton Hotel Company, L.L.C.* | 10 | December 8, 2017<br><br>No Response<br>No objections<br><br>Ongoing Failure to Comply with February 20th Order: Yes |

Plaintiffs served a subpoena duces tecum upon Ivan Skoric on November 6, 2017. ECF No. 148. Mr. Skoric is employed as a broker by a third party real estate brokerage firm. Because he had been a sales person for Ritz-Carlton Development Company ("Devco"), a company affiliated with the Marriott Defendants that built the club at issue, the Marriott Defendants' counsel have taken on his and Devco's representation. Likewise, they have undertaken the representation of (1) Nicholas DiMeglio the manager of the Ritz-Carlton Destination Club at Aspen Highlands and (2) John Hearns, Vice President, Global Residential Operations at Marriott International, responsible for operational oversight and brand management of all branded residential business

4

units within the Marriott International portfolio, including The Ritz-Carlton Destination Club, which are at issue in three cases, including this one.

All of these entities and persons have repeatedly failed to comply with the subpoenas set forth above. Due to these failures to comply and the lack of production Plaintiffs have been forced to continue depositions of Skoric, Hearns and DiMeglio from November 2017, well into April 2018. Despite multiple efforts to confer by letter, by phone and the informal discovery dispute processes with the Court, the Marriott Defendants and the subpoenaed parties have failed to comply.

Plaintiffs then sought this Court's intervention. On February 11, 2018, the Parties submitted a Discovery Dispute Chart to Judge Gallagher. Issue No. V concerned the third-party document subpoenas to John Hearns, Nicholas DiMeglio, Ivan Skoric, The Ritz-Carlton Hotel Company, LLC, and the Ritz-Carlton Development Company, Inc. (all represented by same counsel as the Marriott Defendants).

Plaintiffs advised the Court as follows:

> In and around mid and late November 2017, Plaintiffs propounded deposition and documents subpoenas to third parties who are represented by the Marriott Defendants' counsel. The Marriott Defendants' counsel advised that they represented these witnesses and entities. Production of documents and objections were due in early to mid-December 2017. There was no timely response and Plaintiffs' repeated efforts to obtain records have been for naught. These documents are relevant to Plaintiffs liability claims. They are also needed for expert practice. Depositions of these witnesses have been repeatedly delayed. Plaintiffs need to promptly receive these documents well in advance of the Hearns, DiMeglio, and Skoric depositions. Those third parties have neither produced any documents nor responded with objections to those subpoenas – thus waiving all their objections. *See Amica Mut. Ins. Co. v. Whois Privacy Protection Service, Inc.*, 2012 WL 1657728 (D. Colo, 2012) at *3 (Under Rule 45, a party that does not object to a subpoena

> duces tecum by the earlier of 14 days after service or the time for compliance waives all objections). The depositions are to be noticed or have been on the expectation that records will be produced. Those expectations are in jeopardy with each passing day and week.

The Marriott Defendants responded and represented to the Court thus:

> These subpoenas are directed toward individuals and entities that are not parties to this litigation. As discussed with Plaintiffs' counsel, Marriott Defendants' counsel are representing these individuals and entities, will work with Plaintiffs' counsel to schedule the requested depositions and will be providing Plaintiffs with depositions and documents responsive to the subpoenas.

On February 16, 2018,[1] Judge Gallagher held a two-hour Discovery Conference. ECF No. 189. Based on Dispute No. V, the above statements, and the discussion with counsel, his Honor ordered that the Skoric documents be produced by the end of day February 22, 2018 and that "*all remaining documents* shall be produced by end of day March 15, 2018." *Id*. at 2 (emphasis supplied).

The Skoric Documents were needed because his long-delayed deposition was at that time scheduled for February 27, 2017, in Aspen, Colorado. Initially, about 350 relevant documents were produced early in the morning on February 22, 2018, as required by the February 20th Order. Then, by the end of that day, the Marriott Defendants produced an additional <u>35,000</u> pages for Skoric – a third party salesman. On Friday, February 23, 2018, they produced another 2000 pages; thus, there were 37,000 pages[2] with one full business day to intake and review them – and that was the day depositions of two Plaintiffs were scheduled, depriving any opportunity for the responsible attorney to review and process the documents. It was agreed that it was necessary and fair to

---

[1] The Court's ruling was filed on February 20, 2018, but the ruling was issued at the hearing on February 16, 2018, which the Defendant's and their Counsel took part in.

[2] All the documents were marked "Confidential".

6

postpone the Skoric deposition. This was the serious problem caused by the Marriott Defendants failure to respond – going back to December 2017. It was not possible to conduct Skoric's deposition with a massive and untimely document "dump". The Skoric deposition is not yet rescheduled, because many other depositions were already scheduled, including a multitude of Marriott's depositions of Plaintiffs. Thus, Plaintiffs are deprived of any notion of a timely and orderly deposition of a witness who was noticed for last year and who is important to the preparation of expert reports, among other things.

As of the time of the filing this motion, March 20, 2018, the Marriott Defendants have not complied with the February 20th Order — *i.e*., many weeks after Marriott representations to Plaintiffs' counsel and this Court that compliance was forthcoming and five days after the Court's deadline. The Marriott Defendants' conduct here is a continuation of their inordinate delay and false promises. The prejudice to Plaintiffs has reached intolerable levels that force them to postpone depositions, take other depositions without key documents, alter discovery plans, cancel travel plans, hold up experts and pore over the materials to identify gaps in production from an overly broad privilege log of about 140 pages and inconsistencies in all productions, including the failure to produce key documents. These will be the subject of separate motions. Plaintiffs workload has increased exponentially and valuable resources — both the Court's and Plaintiffs' — are consumed by the need to closely monitor and then deal the Marriott Defendants' discovery conduct.

Plaintiffs must request this Court's intervention to remedy these abusive discovery tactics. Plaintiffs will almost certainly be required to move for an order permitting Plaintiffs to re-take the deposition of certain witnesses.[3] Again, the depositions of a key high-level executives are

---

[3] Plaintiffs are now required to file a Motion to Compel in this case and the associated Ritz cases seeking the various Courts' leave to redepose MVW executives Lee Cunningham, Stephanie

scheduled for March 23, 2018 and April 4, 2018 – and will be started without documents from Devco and also importantly, the Marriott International entities with whom both are involved with the Ritz-Carlton Destination Clubs and brand that has been diluted by affiliation with a vacation club.

## ARGUMENT

### I. THE COURT SHOULD COMPEL THE MARRIOTT DEFENDANTS TO COMPLY WITH THIS COURT'S FEBRUARY 20th ORDER AND DIRECT THE IMMEDIATE AND ORDERLY PRODUCTION OF DOCUMENTS IN COMPLETE COMPLIANCE WITH SUBPOENAS

#### A. Fed.R.Civ.P. 37 Empowers this Court to Compel Production and Sanction the Marriott Defendants

Federal Rule of Civil Procedure 37(b)(2)(A) provides that: "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further *just* orders." The Court has directed and compelled the Marriott Defendants' compliance with the subpoenas as reached through Judge Gallagher's discovery dispute mechanisms. In effect, the Court ruled on Plaintiffs' request under Fed.R.Civ.P. 37(a)(3)(B)(iv) that the failure if the Marriott Defendants to produce documents be rectified. Given the Court's February 20th Order, the next steps are under Fed.R.Civ.P. 37(b)(2)(A) and (C). Here, sanctions progress from issue preclusion, to striking defenses, to designating facts. They end in a default judgment.

---

Sobeck, and Mary Lynn Clark. As will be articulated in *that* motion to compel, the Marriott Defendants have failed to produce key documents. This misconduct appears of an overall strategy to conceal records and delay trial. IMarriotts' counsel has had a similar problem in other major litigation. *See generally Coquina Investments v. Rothstein*, 2012 WL 3202273, at *13–18 (S.D. Fla. Aug. 3. 2012) ("I will note at the outset that it is difficult to accept that it was a mere coincidence that the late productions on the eve or during trial contained highly relevant documents. . . . Based on my review of all of the evidence, and considering the pattern of discovery abuses before, during, and after trial, I find that Greenberg Traurig acted negligently in failing to comply with its discovery obligations in this case . . .."). Plaintiffs are very fearful that they have been put in a like situation and that their good faith efforts and collegial relationships with opposing counsel have put them in an untenable position.

Then, under Fed.R.Civ.P. 37(b)(2)(C), the court "*must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the disobedient party's failure to comply". (emphasis supplied).

There are few limitations on the district court's discretion to choose a sanction. In the Tenth Circuit, a district court's discretion is cabined only to choosing a sanction that is both "just" and "related to the particular 'claim' which was at issue in the order to provide discovery." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920–21 (10th Cir. 1992) (citing *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982)).

Courts routinely sanction disobedient party's that fail, whether willfully or negligently, to comply with court orders. These sanctions run the gamut, but often include apportionment of costs, compelling discovery, and anything else intended to prevent unfair prejudice to litigants and insure the integrity of the discovery process, such as allowing a Party to re-take a deposition and requiring the disobedient party to pay for it. *See e.g.*, *City of Orem v. Evanston Insurance Company*, 2017 WL 5178748, at *4 (D. Utah Nov. 7, 2017) (holding that defendant failed to comply with court order and imposing sanctions, including compelling discovery, reallowing depositions, and the award of reasonable expenses); *U.S. Commodity Futures Trading Comm'n v. Gramalegui*, 2017 WL 3699884, at *2 (D. Colo. Aug. 28, 2017) (finding that defendant willfully failed to comply with discovery obligations by producing documents as the discovery period was sunsetting, months after being ordered to, and imposing sanctions, including compelling discovery and awarding attorney's fees).

It is respectfully requested that this Court should utilize its inherent powers and first make clear that the subpoenas must be complied with completely, immediately and properly, including not with "document dumps" and the wholesale designation of documents as confidential (few if

any fall within the limited scope of the protective order).[4] Then just sanctions against the Marriott Defendants are entirely warranted.

## CONCLUSION

Plaintiffs seek an order (1) compelling the Marriott Defendants to comply with the February 20th Order and compelling the complete, immediate and orderly production of documents in compliance with the four outstanding subpoenas; (ii) the Marriott Defendants to set forth in detail and under oath the steps they have taken to search and locate the documents and information that were requested in these November 2017, subpoenas, (iii) imposing just sanctions against Marriott Defendants, including the award of attorney's fees and costs in connection with this Motion, and (iv) permitting the Plaintiffs to re-take the deposition of certain witnesses.

Dated: March 20, 2018

| REISER LAW, p.c. | THE MATTHEW C. FERGUSON LAW FIRM, P.C. |
|---|---|
| ___/s/ Michael J. Reiser_____ | _____/s/ Matthew C. Ferguson_____ |
| Michael J. Reiser, # 16161 | Matthew C. Ferguson, #25687 |
| 1475 N. Broadway, Suite 300 | 119 South Spring, Suite 201 |
| Walnut Creek, CA 94596 | Aspen, Colorado 81611 |
| Telephone: (925) 256-0400 | Telephone: (970) 925-6288 |
| E-mail: michael@reiserlaw.com | E-mail: matt@matthewfergusonlaw.com |
| GIBBS LAW GROUP, LLP | THE MEADE LAW FIRM, P.C. |
| ___/s/ Michael Schrag_____ | ___/s/ Tyler Meade_____ |
| Michael Schrag (CA State Bar # 185832) | Tyler Meade (CA State Bar # 160838) |
| Linda Lam (CA State Bar# 301461) | 1816 Fifth Street |
| 505 14th Street, Suite 1110 | Berkeley, CA 94710 |
| Oakland, CA 94612 | Telephone: 510-843-3670 |
| Telephone: (510) 350-9718 | E-mail: tyler@meadefirm.com |
| E-mail: mls@classlawgroup.com | *Attorneys for Plaintiffs* |
| E-mail: lpl@classlawgroup.com | |

---

[4] *See,* ECF No. 100 Stipulated Protective Order – "A Party may designate any document as "Confidential," including interrogatory responses, other written discovery responses, or portions of transcripts of depositions or hearings, <u>but only to protect trade secrets, or other confidential research development or commercial information …</u>" The Marriott Defendants have grossly over-designated.

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on this 20th day of March, 2018, a true and accurate copy of the foregoing **PLAINTIFFS' F.R.C.P. 37(b)(2)(A) MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS AGAINST THE MARRIOTT DEFENDANT'S FOR FAILURE TO OBEY WITH THIS COURT'S DISCOVERY ORDER** was served via CM/ECF filing system upon following:

    Daniel F. Shea, Esq.
      *dan.shea@hoganlovells.com*
    Jessica Black Livingston, Esq.
      *jessica.livingston@hoganlovells.com*
    Hogan Lovells US LLP
    1200 Seventeenth Street, Suite 1500
    Denver, Colorado 80202

    Naomi G. Beer, Esq.
      *BeerN@gtlaw.com*
    Greenberg Traurig, LLP
    1200 17th Street, Suite 2400
    Denver, Colorado 80202

    Ian S. Marx, Esq.
      *MarxI@gtlaw.com*
    Philip R. Sellinger, Esq.
      *SellingerP@gtlaw.com*
    Greenberg Traurig, LLP
    500 Campus Drive, Suite 400
    Florham Park, New Jersey 07932

                            */s/ Lucie Riviere*_____
                                Lucie Riviére

4827-0499-0559, v. 1