IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 16-01301 PAB

RCHFU, LLC, et al.

Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, et al.

Defendants.

---

**MARRIOTT DEFENDANTS' OPPOSITION TO PLAINTIFFS' F.R.C.P. 37(b)(2)(A) MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS**

---

Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, and The Lion & Crown Travel Co., LLC (collectively, "Marriott Defendants") respectfully submit this opposition to Plaintiffs' Motion to Compel Discovery and for Sanctions (Doc. 202).

## INTRODUCTION

Plaintiffs' motion concerns subpoenas to four non-parties for documents that, although produced, were provided to Plaintiffs two weeks after the March 15, 2018 deadline set in the Court's February 16, 2018 Minute Order (Doc. 189). The delay in production was the result of the good faith prioritization of a significant amount of discovery-related activities unfolding in this case (explained in detail below); however, the Marriott Defendants' counsel regrets that the documents were not timely produced and further regrets that the Court was not provided with

prior notice of the delay. Given that the documents have been produced (as Plaintiffs were informed would occur prior to their filing this motion), the motion should be denied.

In addition to Plaintiffs' motion having been rendered moot by the document production, it is also not supportable under the legal authority on which it purports to be based. Plaintiffs claim that their motion "concerns the ongoing failure <u>by the Marriott Defendants</u> to produce records pursuant to four subpoenas for witnesses and entities they have undertaken to represent." Pl. Br. at 2 (emphasis added). The Marriott Defendants are parties to this litigation; the non-parties to whom the subpoenas were directed are not. While the Marriott Defendants' counsel was willing to facilitate the production of the documents, Plaintiffs' demand for sanctions against the Marriott Defendants under Fed. R. Civ. P. 37(b)(2)(A) is improper, as that rule applies only to the failure of <u>parties</u> to comply with discovery demands; it does not apply to non-parties. *See* ARGUMENT, Point II, *infra* (citing authorities).

The two-week delay in production should also be considered in the context in which it occurred. During the February 16, 2018 conference on discovery matters at which the March 15, 2018 date was set, a whole host of items were on the agenda, and an extensive number of issues were identified for resolution. The non-party document production about which Plaintiffs are now complaining was one of those agenda items. As directed by the Court, immediately after the February 16 conference, the parties began negotiations and discussions designed to achieve a global resolution of all unresolved issues concerning document discovery from the Marriott Defendants. This process resulted in the parties' agreement that all outstanding issues with respect to the Marriott Defendants' document production would be resolved through the use of agreed-upon search terms applied to the data of two agreed-upon custodians and that a

supplemental document production resulting from this process would be made by the Marriott Defendants on or before March 15, 2018.   Consistent with that agreement, the Marriott Defendants then searched for and produced such additional documents on March 13, 2018, advising Plaintiffs that the production was being done on a prioritized basis.[1]   There was no dilatoriness or lack of effort here.   Moreover, the Marriott Defendants have agreed to postpone the two depositions for which Plaintiffs claim to need the late-produced documents.   Plaintiffs' motion should be denied.[2]

### RELEVANT FACTUAL HISTORY[3]

This motion concerns document subpoenas served upon four entities and individuals that are not parties to this case: The Ritz-Carlton Development Company, Inc. ("RCDC"); the Ritz-Carlton Hotel Company, Inc. ("RC Hotel"); Nicholas Dimeglio and John Hearns.   As shown below, the documents sought under this motion have all been produced:

1) Subpoena to non-party The Ritz-Carlton Development Company, seeking documents relating to the sale of fractional interests at The Ritz-Carlton Club, Aspen Highlands:   **Responsive documents were produced on March 16, 2018**. Marx Decl. ¶ 24, Ex. Q (cover letter enclosing "documents bearing Bates numbers RCDC068289-68347 which contain data and information pertaining to the sales

---

[1] In addition, within a week of the conference, documents responsive to a subpoena to non-party Ivan Skoric were produced (which involved the review of over 200,000 potentially responsive documents).

[2] Little need be said about Plaintiffs' unfortunate decision to try to smear the Marriott Defendants' counsel in this case by citing a several-year-old unrelated case simply because it involved attorneys from their same 2000-lawyer firm.   *See* Pl.Br. at 8, n.3 (claiming the case shows that "Marriott's counsel has had a similar problem in other major litigation").

[3] These facts are verified in the accompanying Declaration of Ian S. Marx, dated April 2, 2018 ("Marx Decl.") and its attached exhibits.

of fractional interests at The Ritz-Carlton Club, Aspen Highlands by The Ritz-Carlton Development Company, Inc., including sales facilitated by Lore Institute").

2) Subpoenas to non-parties The Ritz-Carlton Hotel Company, LLC, John Hearns and Nicholas DiMeglio: **Responsive documents were produced on March 29-31, 2018**. *Id.*at ¶ 26, Ex. R (series of three cover letters, the first, which was for documents bearing bates numbers RCHC000001-007062, states: "We have uploaded to our secure website a production of documents in response to Plaintiffs' Subpoenas to Produce Documents to John Hearns, dated November 22, 2017, The Ritz-Carlton Hotel Company, LLC, dated November 28, 2017, and Nicholas DiMeglio, dated November 28, 2017. … Under separate cover, a colleague will send you a link by which you may access these documents."; second cover letter was for documents bates numbers RCHC007063-RCHC008505; third cover letter was for documents bearing bates numbers RCHC008506-RCHC012209).[4]

Plaintiffs' complaints about timeliness of document production, and the good faith nature of the delay, should be considered in the context of the extensive document discovery efforts that have been undertaken and the substantial document productions that have taken place since the February 16, 2018 conference.

As directed by the Court on January 12, 2018 (Doc. 180), on February 11, 2018, the parties submitted a revised Discovery Dispute Chart listing open discovery issues ("Issues

---

[4] With respect to these three subpoenas, Plaintiffs' counsel were advised on March 15, 2018, before this motion was filed, that the documents sought would be produced shortly without the need for any judicial intervention. *Id.* at ¶ 25.

Chart"). *Id.* at ¶ 5. The Court then held a conference on February 16, 2018 to address the resolution of these issues, which resulted in the Court's entry of a Minute Order listing certain issues to be addressed and resolved.

One of the issues (Issue 5) concerned a non-party subpoena to non-party Ivan Skoric (a former employee of the Marriott Defendants involved in sales of fractional interests at The Ritz-Carlton Club, Aspen Highlands). *Id.* at ¶¶ 17-21. Plaintiffs' counsel insisted that Mr. Skoric's personal computer be searched for potentially responsive documents. Counsel acquired a mirror image of his hard drive and over 200,000 potentially documents were identified and reviewed. *See id.* at ¶ 20. Documents responsive to the Skoric subpoena were produced on February 21, 22 and 23, 2018. *See id.*, Exs. M, O (cover letters containing information and instructions regarding the production of documents being produced in response to Plaintiffs' Notice of Subpoena to Produce Documents to Ivan Skoric).

Immediately following the February 16, 2018 conference, the parties engaged in significant discussions and negotiations to resolve Issues 2, 3 and 4 on the Issues Chart, which concerned disputes regarding the prior document productions made by the Marriott Defendants and which the Court directed the parties to continue attempt to resolve through continued conferral or through motion practice. Briefly described, Plaintiffs argued that the Marriott Defendants should be required to undertake additional searches for responsive documents from an expanded list of document custodians. *Id.* at ¶ 7, Ex. A. The Marriott Defendants, however, objected to such discovery but argued that, if it was permitted, it should be done at Plaintiffs' expense. *Id.*, Ex. B. The parties continued their discussions on these issues over the next two weeks, during which time they also exchanged information and conferred as to proposed

document search terms to be used in connection with additional custodians. *Id.* at ¶¶ 8-13*,* Exs. C-I. On March 1, 2018, these issues were resolved through an agreement under which the Marriott Defendants, at their own expense, would apply an agreed-upon set of search terms to the email data of two new custodians (Stephen Weisz and Lani Kane-Hannan) and would produce responsive documents obtained through this process on or before March 15, 2018. *Id. at* ¶ 14. An email sent that day summarized the agreement:

> This confirms that we now have an agreement that resolves all outstanding disputes regarding documents in all three cases (except any that remain relating to financial/damages documents identified in Issue I on the February 9, 2018 "Issues Chart" submitted to Judge Gallagher). Based on our agreement, we will have the data moved on to our vendor's review platform, review the documents and produce non-privileged responsive documents to you as they become available.

*See id.* Ex. J.

The Marriott Defendants then prioritized the review and production of these documents. *See id.* at ¶ 15*,* Ex. K (March 10, 2018 email to plaintiffs' counsel indicating: "As discussed, we prioritized the review of these documents and anticipate producing them to you on Monday."). The documents were produced to plaintiffs' counsel on March 13, 2018. *See id.* at ¶ 16, Ex. L (cover letter stating "We have uploaded to our secure website documents bearing bates numbers RCDC067521-68251. These documents consist of certain Strategic Council updates that were previously withheld on the basis of privilege, as well as the non-privileged responsive documents from the recently searched and reviewed set of documents from custodians Stephen Weisz and Lani Kane-Hanan.").[5]

---

[5] Issue 6 on the Parties' Dispute Chart concerned the location and scheduling of Plaintiffs' depositions. Following the February 16 Conference, the parties' negotiated a compromise resolution pursuant to which Marriott Defendants agreed to forgo taking all Plaintiff depositions in Denver and instead to do so in several other cities proposed by

Concerning the subpoenas at issue on this motion, documents responsive to the subpoena to non-party The Ritz-Carlton Development Company, were produced on March 16, 2018. *Id.* Ex. Q. Documents responsive to the three other non-party subpoenas at issue on this motion (subpoenas to Ritz-Carlton Hotel Company, LLC, John Hearns and Nicholas DiMeglio) were produced two weeks later, on March 29-31, 2018. *Id.* Ex. R.[6]

Finally, Plaintiffs contend that the recently-produced documents responsive to the non-party subpoenas at issue here are relevant to the depositions of two depositions of Marriott Defendants executives, President and CEO Stephen Weisz and Executive Vice President Lani Kane-Hanan and that the delay in production of these documents has prejudiced their ability to prepare for those depositions. The timing of the document production was not designed to prejudice Plaintiffs in their preparation for these depositions in any fashion; rather, the documents were produced in the priority that it was believed Plaintiffs desired. On April 1, 2018, the Marriott Defendants offered to reschedule these depositions to agreeable dates in the future to give Plaintiffs more time to review these documents, and Plaintiffs accepted that offer. *Id.* at ¶ 27, Ex. S.

## <u>ARGUMENT</u>

## I.    PLAINTIFFS' MOTION TO COMPEL SHOULD BE DENIED AS THE

---

Plaintiffs as being more convenient to them. Thus, also during the weeks following the February 16 Conference, counsel was engaged in the deposition of a significant number of plaintiffs in this case and the two other cases with which fact discovery has been proceeding on a coordinated basis. Specifically, counsel conducted 15 plaintiff depositions from February 16 to March 15, 2018 in San Francisco and Miami. *See id.* at ¶¶ 22-23.

[6] Although Rule 37(a)(1) of the Federal Rules of Civil Procedure requires the movant to confer or attempt to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action, in a telephone conference with Plaintiffs' counsel on March 16, 2018 (prior to this motion being filed), Plaintiffs' counsel were informed that the documents that are the subject of this motion would be produced without the need for judicial intervention. *See id.* at ¶ 25; *see also* D.C.Colo. L.Civ.R. 7.1(a) (requiring parties to meet and confer prior to filing any motion). The Court's Discovery Disputes Procedures applicable to cases before Magistrate Judge Gallagher were also not adhered to with respect to this motion, which was filed without first having had an informal conference with the Court.

**DOCUMENTS SOUGHT HAVE BEEN PRODUCED**

It is well established that, when responses to discovery demands are provided while a motion to compel responses is pending, that motion is moot. *See, e.g., Chansamone v. IBEW Local 97,* 523 F. App'x 820, 823, n.6 (2d Cir. 2013) (party's receipt of responses to its discovery demands "moot[ed] any motion to compel"); *Chada v. Olympia,* U.S. App. LEXIS 5693, at *3, n.2 (7th Cir. Apr. 3, 1991) (same); *Alexander v. Archuleta Cnty, Colo.,* 2009 WL 1392072, at *2-3 (D. Colo. May 15, 2009) (same).

Here, the documents responsive to the non-party subpoenas issued by Plaintiffs have been produced. *See* RELEVANT STATEMENT OF FACTS, *supra.* Plaintiffs' motion to compel should, therefore, be denied as moot.

## II. RULE 37(b)(2)(A) DOES NOT APPLY TO THE PRODUCTION OF DOCUMENTS BY NON-PARTIES TO A LITIGATION

Plaintiffs have moved to compel the production of documents and for sanctions under Fed. R. Civ. P. 37(b)(2), more specifically, under Fed. R. Civ. P. 37(b)(2)(A), which lists possible actions that may be taken "[i]f <u>a party or a party's officer, director, or managing agent</u> … fails to obey an order to provide … discovery." (Emphasis added). As its plain language makes clear, however, the Rule applies only to parties to a litigation, not to non-parties. *See General Ins. Co. of Am. v. Eastern Consol. Utils.,* 126 F. 3d 215, 220 (3d Cir. 1997) ("<u>On its face…, Rule 37(b)(2) applies only to parties, and we have found no case that has applied Rule 37(b)(2) to a nonparty.</u>") (emphasis added); *see also* 7 Moore's Fed. Prac. § 37.40 (3d Ed. 1997) ("Only Rule 37(b)(1), governing a deponent's failure to be sworn or to answer a question after being directed to do so by the court applies to nonparties. Rule 37(b)(2), governing all other failures to obey discovery orders, does not apply to nonparties."); 9 Moore's Fed. Prac. §

45.04[7] (3d Ed. 1997) ("Rule 37(b) sanctions are in their nature usually applicable to parties."). Thus, the Rule does not apply to the persons and entities to whom/which Plaintiffs have issued document subpoenas.

### III.   EVEN IF RULE 37(b)(2) APPLIED, SANCTIONS AGAINST THE MARRIOTT DEFENDANTS WOULD NOT BE WARRANTED

Deciding whether to impose sanctions for violation of discovery orders is within the court's sound discretion. *Olsen v. U.S.,* 1995 U.S. Dist. LEXIS 15275, at *2 (D. Colo. Sept. 29, 1995) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 642 (1976)). Sanctions against the Marriott Defendants would not be warranted given that (a) the documents that Plaintiffs seek have already been produced (and Plaintiffs were advised that they would be produced before they filed this motion); (b) the rule under which this motion has been brought does not apply to the entities from which the documents were sought; and (c) the delay was the result of good faith in view of the substantial discovery that Plaintiffs were provided during the same time period that the subject documents were ordered produced.

Here, Plaintiffs argue that the subpoenaed documents are needed for the depositions of two witnesses – Stephen Weisz and Lani Kane-Hanan.  The Marriott Defendants concede that the RC Hotel document production was provided only a few days before these depositions were scheduled to occur; however, they suggested that the depositions be adjourned to give Plaintiffs sufficient time to review the documents, and Plaintiffs' counsel accepted this offer.  The delay in production did not interfere with the judicial process.  As described above, in the weeks following the February 16 Conference, the Marriott Defendants engaged in extensive efforts to address all of the discovery issues discussed at the Conference, and the delay associated with the production of documents responsive to these non-party subpoenas was due to counsel's

prioritization of efforts.  All of these factors weigh heavily against the imposition of sanctions. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992); *see also Farmer v. Mount Vernon Realty, Inc.,* 720 F. Supp. 223, 226 (D.D.C. 1989) (demand for sanctions denied where "discovery delays … were not the result of bad faith"); *Georgacarakos v. Wiley,* 2009 WL 1194155, at *8 (D. Colo. Apr. 30, 2009) (same).

## **CONCLUSION**

For all of the foregoing reasons, Plaintiffs' Motion to Compel Discovery and for Sanctions should be denied.

Dated:  April 2, 2018

Respectfully submitted,

GREENBERG TRAURIG, LLP

By:  *s/ Naomi G. Beer*
Naomi G. Beer
Philip R. Sellinger
Ian S. Marx
1200 Seventeenth Street, Suite 2400
Denver, Colorado 80202
Tel:     303.572.6500 / Fax:     303.572.6540
Email:  BeerN@gtlaw.com,
SellingerP@gtlaw.com,  MarxI@gtlaw.com

*Attorneys for the Marriott Defendants*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 2nd day of April, 2018, a true and accurate copy of the foregoing **MARRIOTT DEFENDANTS' OPPOSITION TO PLAINTIFFS' F.R.C.P. 37(b)(2)(A) MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS** was filed and served with the Clerk of the Court via CM/ECF filing system which will send notification to the following:

Michael J. Reiser
Lilia Bulgucheva
Law Office of Michael J. Reiser
961 Ygnacio Valley Road
Walnut Creek, CA 94596
*Counsel for Plaintiffs*

Matthew C. Ferguson
The Matthew C. Ferguson Law Firm, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611
*Counsel for Plaintiffs*

Tyler R. Meade
The Meade Firm P.C.
1816 Fifth Street
Berkeley, CA 94710
*Counsel for Plaintiffs*

Linda Pham Lam
Michael Schrag
Gibbs Law Group LLP
505 14th Street, Suite 1100
Oakland, CA 94612
*Counsel for Plaintiffs*

Daniel F. Shea
Jessica Black Livingston
Hogan Lovells US LLP
1601 Wewatta Street, Suite 900
Denver, Colorado 80202
*Counsel for Aspen Highlands*
  *Condominium Association*


*s/ Susan E. Law*
   Susan E. Law

*(Original on file at offices of Greenberg Traurig,*
*LLP, pursuant to C.R.C.P. 121, § 1-26)*