IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 16-01301 PAB

RCHFU, LLC, et al.

     Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, et al.

     Defendants.

**DECLARATION OF IAN S. MARX IN SUPPORT OF
MARRIOTT DEFENDANTS' OPPOSITION TO PLAINTIFFS' F.R.C.P. 37(b)(2)(A)
MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS**

I, Ian S. Marx, declare and state:

1. I am a Shareholder with the law firm Greenberg Traurig, LLP, attorneys for Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, and The Lion & Crown Travel Company, LLC (collectively, "Marriott Defendants") in the captioned matter. I respectfully submit this Declaration in connection with the Marriott Defendants' opposition to Plaintiffs' Motion to Compel Discovery and for Sanctions (Doc. 202).

2. In addition to making many other discovery demands, Plaintiffs issued subpoenas for the production of documents to five persons or entities not parties to this litigation: Ivan Skoric (a former employee of the Marriott Defendants), The Ritz-Carlton Development Company ("RCDC"), The Ritz-Carlton Hotel Company, LLC ("RC Hotel") and two RC Hotel employees, John Hearns and Nicholas DiMeglio.

3. Pursuant to the Court's February 16, 2018 Minute Order (Doc. 189), the subpoenaed documents were to be produced by March 15, 2018. As explained below, the documents have been provided as of March 31, 2018.

4. I regret that these documents were not timely produced and that the Court was not provided with prior notice of the delay, which was the result of the good faith prioritization of a significant amount of discovery-related activities unfolding in this case (described below).

5. Prior to the February 16, 2018 Conference, the parties had, at the Court's direction, submitted a Discovery Dispute Chart listing open discovery issues ("Issues Chart"). Issues 2, 3 and 4, which concerned the parties' divergent views with respect to document discovery from the Marriott Parties, remained unresolved at the Conference. The Court encouraged the parties to continue conferring in an attempt to resolve these open issues, and the Court issued a Minute Order that stated: "Disputes 2, 3 and 4: Need to be briefed or conferred."

6. Beginning immediately after the February 16, 2018 conference and continuing through March 13, 2018, I engaged in significant discussions and negotiations with Plaintiffs' counsel concerning open Issues 2, 3 and 4, which we were able to resolve. As the Court will likely recall, these issues essentially concerned Plaintiffs' position that the Marriott Defendants should be required to "re-do" document discovery by undertaking additional searches for responsive documents from an expanded list of document custodians. The Marriott Defendants objected to such discovery and argued that, if it was permitted, it should be done at Plaintiffs' expense.

7. As noted, this discussion and negotiation process began immediately following the February 16 Conference. Annexed hereto as Exhibit A is a true and correct copy of an

email to me from Plaintiffs' counsel Michael Schrag, sent Friday evening February 16, 2018 after the conference earlier that day, making a proposal concerning the resolution of Issues 2, 3 and 4, and annexed hereto as Exhibit B is a true and correct copy of my email in response to Mr. Schrag, in which I proposed an alternate approach.

8. Over the next several days, Mr. Schrag and I exchanged additional proposals and responses. Annexed hereto as Exhibits C and D are true and correct copies of our emails exchanged on February 20 and 22, 2018.

9. On February 23, Mr. Schrag conveyed what he characterized as a final offer of compromise to resolve Disputed Issues 2, 3 and 4. Among other things, it was presented as time sensitive and was predicated upon reaching an agreement and the production of all documents under this compromise being produced on or before March 15, 2018. A true and correct copy of Mr. Schrag's email is annexed hereto as Exhibit E.

10. Mr. Schrag and I had a telephone conference on February 26, 2018, during which I stated that the Marriott Defendants were interested in resolving Disputed Issues 2, 3 and 4 along the lines he had proposed and that we would prioritize our efforts so that documents could be produced prior to the March 15 deadline he requested, subject to his confirmation that this would resolve document issues with respect to this case and the two California cases (which involve The Ritz-Carlton Destination Clubs in San Francisco and Lake Tahoe) and assuming that the search terms Plaintiffs proposed were reasonable. Annexed hereto as Exhibit F is Mr. Schrag's email to me confirming our discussion.

11. Also during this time, Plaintiffs' counsel took the position that if agreement could not be reached as to Disputed Issues 2, 3 and 4, they would seek the Court's involvement

3

in a conference they were suggesting would take place on Thursday, March 1.  Annexed hereto as Exhibit G is a true and correct copy of an email sent to me by Plaintiffs' counsel Matthew Ferguson on February 27, 2018, stating that he had already inquired about potential court time for March 1.

12.     Following my discussion with Mr. Schrag on February 26, we engaged in the processes he and I discussed.  Specifically, we ran Plaintiffs' proposed search terms across the data sets we were discussing, proposed some alternative terms, and provided Plaintiffs' counsel with summaries of the results obtained.  Annexed hereto as Exhibit H is a true and correct copy of my February 28, 2018 email to Plaintiffs' counsel (and attached reports).

13.     Later on February 28, 2018, Plaintiffs' counsel and I discussed some additional modifications to the search terms.  I reiterated that, in order to resolve Disputed Issues 2, 3 and 4 within the timeframe Plaintiffs desired, we would prioritize our review and production of these documents.  Annexed hereto as Exhibit I is a true and correct copy of my email to Plaintiffs' counsel as well as his responsive email to me the next day.

14.     On March 1, 2018, we confirmed that Disputed Issues 2, 3 and 4 were resolved through an agreement under which the Marriott Defendants, at their own expense, would apply an agreed-upon set of search terms to the email data of two new custodians (Stephen Weisz and Lani Kane-Hannan) and would produce responsive documents obtained through this process on or before March 15, 2018.  Attached hereto as Exhibit J is a true and correct copy of my March 1, 2018 confirming email from me to Plaintiffs' counsel which states: "This confirms that we now have an agreement that resolves all outstanding disputes regarding documents in all three cases (except any that remain relating to financial/damages documents identified in Issue I on

4

the February 9, 2018 'Issues Chart' submitted to Judge Gallagher).  Based on our agreement, we will have the data moved on to our vendor's review platform, review the documents and produce non-privileged responsive documents to you as they become available." Exhibit J further states:  "As discussed, we prioritized the review of these documents and anticipate producing them to you on Monday."

15. Annexed hereto as Exhibit K are true and correct copies of emails that Plaintiffs' counsel and I exchanged on Friday March 9 and Saturday, March 10, 2018 regarding our prioritization of this process and our confirmation that this document production would be made shortly.

16. In resolution of disputed Issues 2, 3 and 4, the documents were produced on March 13, 2018.  Annexed hereto as Exhibit L is a true and correct copy of the cover letter enclosing these documents.

17. Another one of the issues addressed at the February 16 Conference (Issue 5) concerned a non-party subpoena to Ivan Skoric (a former employee of the Marriott Defendants involved in sales of fractional interests at The Ritz-Carlton Club, Aspen Highlands). The Court directed that documents responsive to this subpoena be produced on or before February 22.  As discussed below, given Plaintiffs' insistence upon a production of all electronic data from Mr. Skoric's personal computer, this process also required the allocation of significant resources.

18. An initial production of responsive documents was made to Plaintiffs' counsel on February 21, 2018.  Annexed hereto as Exhibit M is a true and correct copy of the cover letter conveying such documents.  This initial production was comprised of "hard copy" documents with electronically-stored information to follow.

5

19. Plaintiffs' counsel repeated their insistence that that Mr. Skoric's personal computer be searched for potentially responsive documents. Attached hereto as Exhibit N is a true and correct copy of correspondence from Plaintiffs' counsel in this regard, which was sent after our first non-ESI production.

20. To facilitate this production of Mr. Skoric's electronically stored information, our firm's vendor acquired a mirror image of Mr. Skorics's hard drive, which contained over 200,000 documents. A significant amount of resources was required to review and identify the documents responsive to the subpoena.

21. Documents responsive to the Skoric subpoena were produced on February 21, 22 and 23, 2018. Annexed hereto as Exhibit O are true and correct copies of cover letters containing information and instructions regarding the Skoric documents, which were produced on a rolling basis as soon as they became available.

22. Another open disputed issue (Issue 6 on the Parties' Dispute Chart) that was discussed and resolved during this period concerned the location and scheduling of Plaintiffs' depositions. Stated briefly, Marriott Defendants argued that to promote efficiency, all Plaintiffs should be deposed in Denver so that depositions could proceed consecutively in one location. Plaintiffs did not agree and argued that the depositions should proceed in six different cities. Again, the Court encouraged counsel to confer on and resolve this issue. Accordingly, following the February 16 Conference, the parties' negotiated a compromise resolution pursuant to which Marriott Defendants agreed to forgo taking all Plaintiff depositions in Denver and, instead, to take the depositions in cities proposed by Plaintiffs as being more convenient to them. Annexed hereto as Exhibit P are true and correct copies of emails reflecting an

agreement to conduct plaintiff depositions in Miami the week of March 11, in Dallas the week of March 16, and in Denver the week of April 2.

23. During this same time period, a significant number of plaintiffs were deposed both in this case and in the two other cases with which fact discovery has been proceeding on a coordinated basis. Fifteen plaintiff depositions were conducted from February 16 to March 15, 2018 in San Francisco and Miami.

24. One of the subpoenas at issue on this motion concerns non-party The Ritz-Carlton Development Company, from which documents relating to the sale of fractional interests at The Ritz-Carlton Club, Aspen Highlands are sought. Documents responsive to the subpoena were produced on March 16, 2018. Annexed hereto as Exhibit Q is a true and correct copy of a cover letter enclosing the documents.[1]

25. In a March 16, 2018 telephone conference, Plaintiffs' counsel Michael Reiser and I discussed the documents for RC Hotel, Hearns and DiMeglio, which I advised would be produced shortly without the need for judicial intervention.

26. The RC Hotel, Hearns and DiMeglio documents were produced to Plaintiffs on March 29-30, 2018. Annexed hereto as Exhibit R are true and correct copies of cover letters regarding these productions.[2] The documents were produced as soon as they were available and could be reviewed.

---

[1] In a Status Report filed with the Court on the evening of March 30, 2018, Plaintiffs raised issues concerning this production. We have initiated a meet and confer process with Plaintiffs' counsel so any issues can promptly be resolved.

[2] In emails sent on April 1, 2018, Plaintiffs' counsel raised issues concerning this production. We have initiated a meet and confer process with Plaintiffs' counsel so any issues can promptly be resolved.

27.     By email dated April 1, 2018, we suggested that the depositions of Lani Kane-Hanan and Stephen Weisz (which were scheduled for April 3 and 4, 2018) be adjourned to give Plaintiffs' counsel time to review the recently-produced documents. Plaintiffs' counsel have accepted this proposal. A true and correct copy of this email exchange is annexed hereto as Exhibit S.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 2nd day of April, 2018, in Florham Park, New Jersey.

_____
IAN S. MARX