IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC,** *et al.*

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION**, *et al.*

Defendants.

___

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF F.R.C.P. 37(b)(2)(A) and (C) MOTION TO COMPEL AND FOR THE IMPOSITON OF SANCTIONS FOR FAILURE TO OBEY WITH THIS COURT'S DISCOVERY ORDER AND ONGOING FAILURE TO COMPLY WITH F.R.C.P. 34(b)(2)(E)(i) AND (ii) AND F.R.C.P. 45(e)**
___

Plaintiffs, by and through their counsel, respectfully submit this reply in further support of Plaintiffs' Fed.R.Civ.P. 37(b)(2)(A) and (C) to compel production and for the imposition of sanctions against the Marriott Defendants for their willful and ongoing failure to obey this Court's February 20th Order ("Motion for Sanctions").

Plaintiffs also state in support that despite two last minute document dumps on March 29 and 31, 2018, the Marriott Defendants (<u>and</u> Marriott International, Inc.) have failed to produce responsive documents and what documents were produced were not done in the manner required under Fed.R.Civ.P. 34(b)(2)(E)(e)(i) and (ii). This conduct provides additional compelling bases for the imposition of sanctions.

1

Moreover, given Marriott's new take the subpoenaed entities and persons have failed to comply with Fed.R.Civ.P. 45(e)(1)(A)[1] and (B). A party not complying with a subpoena is subject to a finding of contempt under Fed.R.Civ.P. 45(g) Plaintiffs are forced to file a separate and alternate motion under Fed.R.Civ.P. 37(b)(1) and/or Rule 45(e).[2]

## INTRODUCTION

This Motion for Sanctions is not "moot"[3]. Magistrate Judge Gallagher's procedures do not contemplate that following extensive attorney conferrals, two discovery dispute charts and two discovery dispute conferences leading to the court's discovery order, the Marriott Defendants can flout that order and then be entitled to a new round of conferrals and discovery disputes procedures. Months have been lost and continue to be lost to Plaintiffs in discovery. The Marriott Defendants say they "regret" that they failed to comply with February 20th Order and they "regret" that they did not inform the Court. They did not ask for the proverbial permission – but instead beg for forgiveness. The Marriott Defendants and Greenberg Traurig, LLP then offer excuses such as: "good faith prioritization", "good faith nature of delay", there should have been more conferrals, and the subpoenas were to "non-parties". These apologies and excuses ring hollow and worse.

---

[1] "A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand".

[2] Plaintiffs assert that the circumstances are far different than in *Gen. Ins. Co. of Am. v. E. Consol. Utilities, Inc.,* 126 F.3d 215, 218 (3d Cir. 1997)(non-party deponent failed to appear for an asset type deposition post-judgment) cited by Marriott. Here, the Marriott Defendants and their counsel took over the subpoenas and handled them in all phases – including telling Plaintiffs not to contact these parties or their counsel, through discovery dispute processes, representations to the court and a court order.

[3] Marriott's notion that a motion for sanctions is "mooted" by a late, woefully incomplete and misleading production is seriously flawed – as is relying on a footnote in a summary judgment order appeal in *Chansamone v. IBEW Local 97*, 523 F. App'x 820, 822 (2d Cir. 2013). This is NOT a motion to compel – although one of the sanctions should be to compel production.

They state falsely that all responsive documents have been produced. In fact, nowhere near all the requests have been responded to.

Real burdens befall Plaintiffs and their counsel. For example, data and information for experts is produced months late, complicating and delaying their work; attorney travel schedules and days held for depositions in far flung cities are canceled causing havoc and out-of-pocket expense, and importantly disrupting professional schedules and other commitments. And, depositions have been conducted before documents – long delayed – have been produced.

**THE LATE AND INCOMPLETE PRODUCTIONS**

The Marriott Defendants and the four (4) subpoenaed persons and entities they have represented ignored Plaintiffs' November 2017 subpoenas for months. This lead to the discovery dispute processes, and the most recent February 16th discovery dispute conference. That led to the Court's February 20th Order, which these defendants have flouted – the March 15th deadline came and went. Then, without explanation for the failure to comply with that order, at 2:47 p.m., on Thursday, March 29, 2018, Greenberg Traurig, LLP dumped 7062 pages of documents bates labeled "RCHC"[4]. This was 18 minutes after the Honorable Philip A. Brimmer entered the Order denying the Marriott Defendants' motion to dismiss. This leads one to believe that perhaps a token production may have been at the ready, in the event that the Marriott Defendants' motion was denied.[5] Another 1442 pages were produced at the end of the same day; and then 3703 pages on Holy Saturday, March 31, 2018. Thus, 12,209 pages were produced minutes after ten more depositions had just been concluded at MVW headquarters in Orlando (relative to *Reiser*, *Petrick*

---

[4] Presumably, this stands for the Ritz-Carlton Hotel Company, LLC, a subsidiary of Marriott International, Inc. – the owner of the Ritz-Carlton brand.

[5] The parties knew that Judge Brimmer was in the process of ruling given an order to show cause finding this Court had jurisdiction a few weeks prior.

and this case[6]) – the last one ending on the afternoon of March 29, 2018.[7] *See* Accompanying Declaration of Matthew C. Ferguson, dated April 9, 2018 ("Ferguson Declaration" or "Ferg. Decl.") ¶ 6. These depositions all occurred after the March 15, 2018, deadline set by the court to comply with the subpoenas, and without the benefit of these documents. *Id.* ¶ 13. Plaintiffs have been forced repeatedly to proceed with depositions without complete productions. The two recent document dumps violate the basic norms of document production.[8] The Marriott Defendants now try to cop out of Fed. R. Civ. P. 37(b)(2)(A) by saying these were subpoenas to "non-parties". These witnesses and entities manage the Ritz-Carlton Club in Aspen. It was Greenberg Traurig, LLP who wrote in the discovery dispute chart that they represented these persons and entities and would comply. It was Greenberg Traurig, LLP who stood before this Court on February 16, 2018, and stated that the documents long withheld would be produced on or before March 15, 2018. Recall that it was the Marriott Defendants who had placed the discovery in this case into yet another extension posture. They and their lawyers wanted more time for discovery, including to respond to Plaintiffs' 5 subpoenas served in November 2017. They (and the "non-parties" – *i.e.,* Marriott International entities that Greenberg represents) were given another month to comply for 4 of them. Perhaps Greenberg Traurig, LLP believes that the sanctions should instead fall squarely to themselves who insisted on representing the subpoenaed parties and represented they would

---

[6] *Petrick* refers to *Petrick, et al. v. Marriott Vacations Worldwide Corporation, et al.*, San Francisco Superior Court Case No. CGC 15-545987. *Reiser* refers to *Reiser, et al. v. Marriott Vacations Worldwide Corporation, et al.*, E.D. Cal. Case No. 16-CV-00237-MCE-CKD. Both sides agree these are related cases. *See, e.g.,* Dkt. No. 152 at 4, ¶ 9 ("There is substantial overlap in the claims and issues in these three cases, so the Parties have worked collaboratively to coordinate discovery and avoid undue duplication of effort. For example, the parties agreed on a consolidated production of documents by the Marriott Defendants, and that the relevant witnesses should be deposed only once").

[7] Greg Campbell 3-22-18; Don Baarman 3-22-18; Jon Albert 3-23-18; Charles Baron 3-23-18; Nathan Guikema 3-28-18; Craig Oulette 3-28-18; Ed Simonetta 3-28-18; Stacy Jackson-Rauso 3-29-18; Brad Bradford 3-29-18; Bill Whelihan 3-29-18.

[8] A separate motion will address MVW's failure to produce a key affiliation agreement central to core issues in this case.

comply by March 15th. That firm told Plaintiffs' counsel and this Court they would be providing the responsive documents and witnesses for depositions. The Marriott Defendants' attempted disavowal of their representations to Plaintiffs and the Court would suggests that they might rather that subpoenaed parties' failures instead implicate Fed. R. Civ. P. 45(g), which allows for a finding of contempt. Greenberg, however, clearly assumed representation of these parties, took over direct control of these sister corporations' obligations.  Fed. R. Civ. P. 37(b)(2)(A) applies because the Marriott Defendants subjected themselves to the order. They agreed to have Greenberg and these related entities (through various management and license contracts) comply with the subpoenas and produce the documents.

As a result of the late, improper and incomplete productions, documents were not available for ten recent depositions conducted for combinations of the three RCDC cases. Instead, the 13000 pages had to be initially processed on Easter weekend.  As a result of this violation and other issues concerning withheld documents, the April 3rd and 4th depositions had to be scrubbed altogether on Easter morning. As unfortunately predicted in this Motion for Sanctions, the Marriott Defendants were indeed forced to cancel the depositions of MVW CEO Steven Weisz (April 4, 2018)(the subject of two court orders – ECF Nos. 183 and 189) and Executive Vice President Lani Kane-Hanan (April 3, 2018).[9] These two depositions have been sought since the fall of 2017. Plaintiffs' counsel schedules have been thrust into more disarray.  Meetings have been scrubbed; airfares and hotels cancelled at expense. All discovery has been deleteriously impacted with this in a long array of discovery delays and abuses. Indeed, the entire discovery process executed by Plaintiffs against Marriott has been marred by late and incomplete productions – that causes delay

---

[9] Additionally, documents relevant to these witnesses are still being produced in connection with the discovery dispute processes. This included very recent productions of documents and a new privilege log. One critical document and those related to it were withheld – and will be the subject of a separate motion for sanctions.

and significant expense. The subpoenaed deposition of John Hearns (April 24, 2018) has been pulled by the Marriott Defendants.[10] Ivan Skoric (Aspen) has to be rescheduled and Nicholas DiMeglio (Aspen) still needs to be scheduled. There is no way to tell what of the 13,000 pages are his – if any. The situation is the same for John Hearns.

This sanctions motion -- filed on March 20th -- sought compliance with the discovery order:

> [C]ompelling the <u>complete,</u> immediate and <u>orderly production of documents</u> in compliance with the four outstanding subpoenas — and not do it by way of a document dump. The Court should also require the Marriott Defendants to set forth in detail and under oath the steps they have taken to search and locate the documents and information that were requested in these November 2017, subpoenas, which were never objected to.

Instead, the Marriott Defendants, knowing this was Plaintiffs' concern and request waited another 9-11 days without any word. Then came the late and completely disordered document dumps. No letter, discovery response or communication of any meaningful kind explained what was being produced, by whom or what, or how. Ferg. Decl. ¶¶ 10, 14, 20. In the case of the subpoenas to DiMeglio, Hearns and The Ritz-Carlton Hotel Company, LLC ("RCHC"), the Marriott Defendants and Greenberg did absolutely nothing to inform Plaintiffs what documents were produced from which company, witness or custodian. They at times appear literally shuffled. In the case of the Ritz-Carlton Development Company, Inc. there is a hint of what was being produced to a couple of request – but the rest ignored. *Id.*

### THE MARRIOTT DEFENDANTS' FAILURE TO COMPLY WITH COURT'S ORDER

The Marriott Defendants' primary opposition is that the "documents sought have been produced". This is not so. *See generally,* Ferguson Declaration.

---

[10] This deposition was in the works and was contemplated for this date, The Marriott Defendants suggested it was because Plaintiffs' counsel had not responded. The suggestion is wrong.

Here is an updated chart of the 4 relevant subpoenas that sets forth the relevant and current data and sets out the ongoing failures of the Marriott Defendants, Marriott International and the witnesses to comply with subpoenas and order:

| SUBPOENA | DATE OF SERVICE/ RETURN DATE | DEPONENT/NUMBER OF DOCUMENT REQUESTS | RESPONSE/OBJECTIONS/COURT ORDER |
|---|---|---|---|
| The Ritz-Carlton Development Company, Inc.[11] | November 21, 2017<br><br>December 4, 2017. | Duces Tecum Only<br><br>**12 Requests**<br><br>**EXHIBIT "1" TO THE FERGUSON DECLARATION.** | There were no responses or objections.<br><br>On March 16, 2018, a day after due, Greenberg sent a letter producing documents for the Ritz-Carlton Development Company, LLC -- RCDC068289-68347 (only 58 pages), that only responded to only portions of Request Nos. 1 and 3 – as can be gleaned by Plaintiffs' counsel. Resp, Ex. **"Q"** is a copy of that March 16th, letter from Ian Marx. It says what the data is – but not anything else about the other requests. Also, this subpoena is to one of the so-called "non-parties"; yet the Marriott Defendants used their Bates Number Series – "RCDC".<br><br>There are <u>no</u> responses or documents produced in response to Request Nos. 2, 4, 5, 6, 7, 8, and 9.[12] As no response was filed with specific responses or objections, it is impossible to determine what is not being produced or why.<br><br>Thus, the Marriott Defendants statement that all responsive documents have been produced on March 16, 2018 (Resp. p. 3) is far from true.<br><br>Ongoing Failure to Comply with February 20th Order: **Yes** |
| The Ritz-Carlton Hotel Company, LLC (Marriott International) | November 28, 2017<br><br>December 8, 2017 | Duces Tecum Only<br><br>**9 Requests**<br><br>**EXHIBIT "2" TO THE FERGUSON DECLARATION.** | On March 29, 2018, 9 days after the filing of this Motion and nearly 4 months after the return date, Mr. Marx sent two letters stating that Greenberg was producing documents "in response to Plaintiffs' Subpoenas to Produce Documents to John Hearns, dated November 22, 2017, The Ritz-Carlton Hotel Company, LLC, |

---

[11] Correction The Ritz-Carlton Development Company, LLC is a Marriott Vacation Worldwide related entity. It is not a named party – but was an entity that MVW executives utilized to develop the RCDC's.

[12] The actual requests are set out verbatim in **APPENDIX "1"** at the end of this Motion for Sanctions.

7

| | | | |
|---|---|---|---|
| | | | dated November 28, 2017, and Nicholas DiMeglio, dated November 28, 2017." Resp. Ex "R". The first letter was sent minutes after Judge Brimmer entered his order denying the motions to dismiss. These were Bates labelled RCHC000001-007062 and 007063-008505. These were three separate and distinct subpoenas to a separate entity in RCHC, and two individuals (DiMeglio and Hearns) with different jobs in different states.<br><br>Then on Saturday, March 31, 2018, RCHC008506-012209 were produced. See Resp. Ex "R".<br><br>None of the letters or emails stated which documents were produced for which subpoena; nothing explained what requests were being complied with or not. There is no response to numbered request and never have there been objections. The Marriott Defendants have failed to produce responsive documents and what documents were produced were not done in the manner required under Fed.R.Civ.P. 34(b)(E)(e)(i). Moreover, the subpoenaed entities and persons have failed to comply with Fed.R.Civ.P. 45(e) and are thus subject to a finding of contempt under Fed.R.Civ.P. 45(g).<br><br>Careful review indicates that there are no documents or a paucity of documents responsive to Request Nos. 1, 2, 3 (only Aspen case), 4, 5, 6, 7, 8, and 9. Because these are done by way of a document dump with purposeful co-mingling of the documents, the investigation and analysis is made extremely difficult. Moreover, there is no order to the records. There are occasionally groupings of related documents, for example about the April 5, 2013, vote letter, or rentals through Frias, irrelevant Disciplinary Letters to Members for perceived infractions. There is no way to determine what physical file of ESI belongs to a specific subpoena. |

| | | | Ongoing Failure to Comply with February 20th Order: **Yes** |
|---|---|---|---|
| John Hearns (Marriott International) | November 17, 2017<br><br>November 28, 2017 | John Hearns/Duces Tecum<br>*Vice President, Global Residential Operations at Marriott International*<br><br>**9 Requests.**<br><br>**EXHIBIT "3" TO THE FERGUSON DECLARATION.** | See Response in Box above.<br><br>Initial review indicates that there is no documents or a paucity of documents responsive to Request Nos. 1, 2, 3, 4, 5, 6, 7 (a few), and 8. There are documents responsive to 9 – but for which person or company it is unknown because these are done by way of a document dump with purposeful co-mingling of subpoenas, the investigation and analysis is made extremely difficult. The same infirmities are present for the Hearns subpoena. If the Marriott Defendants are objecting – it is silently. If they believe that documents were previously produced somehow – it is not stated.<br><br>Ongoing Failure to Comply with February 20th Order: **Yes** |
| Nicholas DiMeglio (Marriott International) | November 28, 2017 | Nicholas DiMeglio/Duces Tecum<br>*General Manager, The Ritz-Carlton Club Aspen Highlands at The Ritz-Carlton Hotel Company, L.L.C.*<br><br>**10 Requests**<br><br>**EXHIBIT "4" TO THE FERGUSON DECLARATION.** | December 8, 2017<br><br>See Responses to Boxes above. The same problems apply to the DiMeglio subpoena. There are his emails – but they are dispersed throughout the co-mingled production. There are documents responsive to Request Nos. 1, 2, 3 (only Aspen case), 7, 8.<br><br>There are no or a paucity of documents responsive to Request Nos. 4, 5, 6, 7, 9 and 10.<br><br>There are many documents produced that don't appear to have been requested – but instead produced as filler – a prime example are repeat batches of draft and final letter to members who RCHC believes committed an infraction of some club rule or pages of rental forms through one Aspen broker. It's almost like Greenberg said, "give them this – it will keep them busy".<br><br>Ongoing Failure to Comply with February 20th Order: **Yes** |

The Marriott Defendants, Greenberg and the subpoenaed parties ignore very basic rules of document and ESI production:

9

- Fed.R.Civ.P. 34(b)(2)(B) "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons."
    - *There are no responses or objections to determine what was or was not produced.*

- Fed.R.Civ.P. 34(b)(2)(C) "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest."
    - *There are no objections to any of the requests – but clearly there are many requests where there are no documents produced that have to exists.*

- Fed.R.Civ.P. 34(b)(2)(E) "Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information: **(i)** A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request…"(emphasis supplied)
    - *It is not even clear which of the 12000 pages were physical records and which were ESI. It is clear that if 3 sperate subpoenas to separate people and entities are produced in one dump – that is not how they are kept in the ordinary course of business. It is clearer that no effort was made to organize and label documents to correspond to a request.*

- Fed.R.Civ.P.45(e) "**Duties in Responding to a Subpoena** These procedures apply to producing documents or electronically stored information:**(A)** *Documents*. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand."
    - *Same as above.*

The rules are simple – but have been ignored entirely. They require the producing party to respond to the request or produce records as kept in the ordinary course. The Marriott Defendants and their "non-party" charges at Marriott International have made it impossible to take a subpoena and see what has or has not been responded to – or withheld based on objections/privileges never interposed. It seems that they have purposely made it impossible to determine who has produced what and in response to what request. That – or they have completely disregarded the rules and attendant obligations with the same ill effect. In addition to Bates numbering documents for three subpoenas all "RCHC" – they have provided no key, letter or explanation for the 13,000-page document dump. It is simply impossible to even know the source of the documents produced in

10

the simple serial numbering system Compare that conduct to the 206 Plaintiffs' production is clearly marked with the name of the person producing it and the number (*e.g.*, 'Smith 0001-00592"). Indeed, all Plaintiffs were instructed to turn over <u>all</u> records – hard and electronic -- as they were kept in physical or electronic files. They were then produced in a manner that the Marriott Defendants know exactly who produced them. On February 16, 2018, Plaintiffs' counsel promised this Court and Greenberg to round up all missing Plaintiffs' discovery responses and worked to meet the March 15th deadline. Plaintiffs worked diligently to meet this deadline and did.

## ARGUMENT

Marriott[13] has been found guilty of all the same transgressions before. *Celano v. Marriott International, Inc.*, 2007 WL 2070220 N.D. Calif. July 13, 2007). Marriott's counsel was Greenberg Traurig, LLP in the *Celano* case too. That court described in detail 11 years ago exactly what has occurred here in 2017-8:

> The court found that Marriott failed to show that its failure was substantially justified or that sanctions would be unjust. Namely, the court relied on the facts that: (1) almost all documents Marriott produced arrived after plaintiffs filed their motion to compel; (2) Marriott never requested an extension of time; (3) defense counsel failed to explain why it took months to even compile a list of names and numbers of employees in charge of the responsive documents; (3)[14] the Marriott email directing its personnel to search for responsive documents is dated December 28, months after the request and weeks after plaintiffs moved to compel; (4) Marriott withheld documents such as documents from the Camelback golf course, which it owns, which were not produced until January 26, 2007 and documents from the Rookery course, which were not produced as of January 26, 2007; (5) documents were not produced as kept in the ordinary course of business, nor were they indexed or organized; and (6) Marriott's counsel admitted she did not review documents for responsiveness and compliance with the federal rules before passing them along to plaintiffs. The court noted that Marriott failed "utterly, repeatedly and deliberately" and that its production was "haphazard, overdue, piecemeal and incomplete."

---

[13] Marriott International comprised the vacation club business – *i.e.*, there had been no "spin-off" yet.

[14] Mis-numbering is in the original.

11

Here the Marriott Defendants' conduct is nearly identical: (1) the documents were produced after the February 20th Order and after Plaintiffs filed this Motion; (2) no extensions were requested for the return dates or to comply with the February 20th Order and March 15, 2018, deadline (much less the subpoena return dates last year; (3) Greenberg has failed to explain these months of delays – until now but only some excuses – like they were busier with other things; (4) it is not clear when Greenberg and the Marriott Defendants began to work with Marriott International and communicate about the subpoenas and what if any instructions were given to comply and how to compile records– (and if these are "non-parties", those communications are not privileged); (5) the Marriott Defendants have withheld documents – critical ones (subject of a separate motion); and (6) Greenberg and Marriott have failed to produce documents as kept in the ordinary course of business or labelled to a request – most basically, three different entity/persons cannot share the same files. They did this in the face of a specific request in this motion not to do so.

When, Marriott's counsel said that they would produce records on March 15th, they should have already started months ago – but apparently not. Marriott lobs the Ivan Skoric subpoena up as an excuse for being busy. Plaintiffs' counsel had requested Skoric's documents for many months. He was subpoenaed in his capacity as an independent real estate broker – yet Greenberg stepped in to run interference and "represent" him because he had been a salesman years ago for MVW. It is not accurate that Plaintiffs "insisted" searching his "personal computer". There were specific requests and Plaintiffs' counsel had several phone calls with his brokerage firm and Mr. Marx paring down the parameters of the requests. In fact, the only insistence by Plaintiffs' counsel was a targeted search and the reduction of documents to be produced. There was again no effort to communicate what the documents were responsive to the Skoric requests – and the late production of 37,000 pages two business days before required cancellation. They were not

produced as kept in the ordinary course of business as 37,000 pages were selected from 200,000. Ferg. Decl. ¶25. Therefore, the production should have been "organize[d] and label[led] them to correspond to the categories in the request…" Fed.R.Civ.P. 34(b)(2)(E) and Fed.R.Civ.P.45(e).

The Marriott Defendants now assert that other discovery disputes, conferrals and work arounds took them time. Plaintiffs' counsel were doing the same thing and defending dozens of Plaintiffs' (unnecessarily long) depositions. Moreover, Plaintiffs' counsel insured that all 206 of Plaintiffs' Interrogatory answers and verifications, Fed.R.Civ.P. 36 admissions, discovery responses/documents were produced by the deadline imposed. And that was a lot more work than uploading the withheld 730 pages of easily located Strategic Council updates – held out as now an excuse and searching a database for a few custodians.

Marriott even asserts that documents were "produced in the priority that it believed Plaintiffs desired". These subpoenas were issued in November 2017. That was the "desired" order of priority – productions last early December. The Marriott Defendants also conflate the discovery issues relating to additional searches of MVW records (Items 2, 3 and 4) with the separate and distinct subpoenas issues (Item No. 5). A large part of Mr. Marx's affidavit and exhibits relate to an entirely different part of the discovery dispute process. Marriott can surely double track – and they had two major in-house law departments at their disposal.  Mr. Marx relies on call and a passing remark that the documents were coming "shortly" – after the deadline – provides no cover. And they were not produced shortly – indeed they are yet to be produced for many requests. Ferg. Decl. ¶ 27. The Marriott Defendants have mooted nothing. Fed.R.Civ.P.  37(b)(2)(A) provides that: "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further *just* orders." There is no concession that documents have all been produced as in the case cited by Marriot in *Alexander v. Archuleta Cty., Colo.*, No. CIV.A.

08-CV-00912CM, 2009 WL 1392072, at *3 (D. Colo. May 15, 2009). Even after finding a motion to compel moot, Magistrate Judge Nix was aware that appropriate sanctions could be meted out.[15] This of course is a post order sanctions motion.

Again, under Fed.R.Civ.P. 37(b)(2)(C), the court "*must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the disobedient party's failure to comply" (emphasis supplied). Plaintiffs rely on the same case law cited in the Motion for Sanctions.

## CONCLUSION

Plaintiffs request at least the following sanctions: (1) an order compelling the Marriott Defendants (and the parties that their lawyers represent) to immediately and completely comply with the February 20th Order and the four subpoenas; (2) requiring the Marriott Defendants and/or their counsel to file a report about all efforts to comply with the subpoenas (past and future) that includes a report on the methods employed for the retrieval of hard documents and ESI, the custodians contacted, the compilation of documents, the reasons that documents were not produced by reason of any undeclared "objections" or privileges, and documents withheld for any reason; (3) all attorneys' fees and costs for the expenses of filing this Motion for Sanctions and the careful review of the 13,000 pages produced[16]; (4) attorneys' fees relating to the preparation of the scrubbed depositions of Weisz and Kane-Hanan, and airfares lost; (5) the right to depose any witness previously deposed (*i.e.*, after the subpoenas' return dates in December 2017) as a result of documents that have just now been and must still be produced[17] and the attorneys' fees and

---

[15] The reasons she did not impose sanctions are not present here: death of a close friend, admission of wife to hospital with serious illness, a 14-hour commute and third parties not cooperating.

[16] Not for their substance – but simply trying to discern any modicum of compliance.

[17] A separate basis exists and will be litigated concerning depositions taken without the benefit of a key affiliation agreement.

costs to re-engage in that deposition practice; (6) the attorneys' fees and costs that will be expended in fling a related and separate motion under Fed.R.Civ.P. 37(b)(1) and/or Rule 45(e); and (7) any other just and appropriate sanctions and necessary remedial measure under this court's inherent powers. Plaintiffs are prepared to provide a tally of all fees and costs requested above and provide data as to what discovery needs to be redone. First, the Marriott Defendants need to comply with the Court's order.

Dated: April 10, 2018

| **REISER LAW, P.C.** | **THE MATTHEW C. FERGUSON LAW FIRM, P.C.** |
|---|---|
| ___*/s/ Michael J. Reiser*___<br>Michael J. Reiser, # 16161<br>1475 N. Broadway, Suite 300<br>Walnut Creek, CA 94596<br>Telephone: (925) 256-0400<br>E-mail: michael@reiserlaw.com | ___*/s/ Matthew C. Ferguson*___<br>Matthew C. Ferguson, #25687<br>119 South Spring, Suite 201<br>Aspen, Colorado 81611<br>Telephone: (970) 925-6288<br>E-mail: matt@matthewfergusonlaw.com |
| **GIBBS LAW GROUP, LLP** | **THE MEADE LAW FIRM, P.C.** |
| ___*/s/ Michael Schrag*___<br>Michael Schrag (CA State Bar # 185832)<br>Linda Lam (CA State Bar# 301461)<br>505 14th Street, Suite 1110<br>Oakland, CA 94612<br>Telephone: (510) 350-9718<br>E-mail: mls@classlawgroup.com<br>E-mail: lpl@classlawgroup.com | ___*/s/ Tyler Meade*___<br>Tyler Meade (CA State Bar # 160838)<br>1816 Fifth Street<br>Berkeley, CA 94710<br>Telephone: 510-843-3670<br>E-mail: tyler@meadefirm.com<br>*Attorneys for Plaintiffs* |

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 10th day of April, 2018, a true and accurate copy of the foregoing **PLAINTIFFS' F.R.C.P. 37(b)(2)(A) MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS AGAINST THE MARRIOTT DEFENDANT'S FOR FAILURE TO OBEY WITH THIS COURT'S DISCOVERY ORDER AND ONGOING FAILURE TO COMPLY WITH F.R.C.P. 34(b)(2)(E)(i) AND (ii) AND F.R.C.P. 45(e)** was served via CM/ECF filing system upon following:

    Daniel F. Shea, Esq.
      *dan.shea@hoganlovells.com*
    Jessica Black Livingston, Esq.
      *jessica.livingston@hoganlovells.com*
    Hogan Lovells US LLP
    1200 Seventeenth Street, Suite 1500
    Denver, Colorado 80202

    Naomi G. Beer, Esq.
      *BeerN@gtlaw.com*
    Greenberg Traurig, LLP
    1200 17th Street, Suite 2400
    Denver, Colorado 80202

    Ian S. Marx, Esq.
      *MarxI@gtlaw.com*
    Philip R. Sellinger, Esq.
      *SellingerP@gtlaw.com*
    Greenberg Traurig, LLP
    500 Campus Drive, Suite 400
    Florham Park, New Jersey 07932

                                         */s/ Lucie Riviere*
                                            Lucie Riviére

## APPENDIX "1"

**RITZ-CARLTON DEVELOPMENT COMPANY, INC.**

REQUEST FOR PRODUCTION NO. 2
All documents, files (including electronic), records, or things of any kind in, your possession, custody or control containing a list of all former and current Members at Aspen Highlands.

REQUEST FOR PRODUCTION NO. 4

All documents, files (including electronic), records, or things of any kind in your possession, custody or control concerning any communications you have had with Marriott relating to the proposed affiliation and any form of affiliation of Aspen Highlands with MVC or into the MVCD Exchange Program and/or Lion and Crown since December I, 2012.

REQUEST FOR PRODUCTION NO. 5
All documents, files (including electronic), records, or things of any kind in your possession, custody or control concerning any communications you have had with the Association, Members, or any broker or brokerage discussing listing(s) and sale(s) data for Aspen Highlands, Dancing Bear, Timbers Snowmass, Residences at Little Nell, Grand Hyatt, and/or Timbers Bachelor Gulch.

REQUEST FOR PRODUCTION NO. 6
All documents, files (including electronic), records, or things of any kind in your possession, custody or control concerning the sale, transfer or conveyance of Fractional Interests by Members, including the forms and deeds required by the owner modification group.

REQUEST FOR PRODUCTION NO. 7
All documents, files (including electronic), records, or things of any kind in your possession, custody or control concerning any market study(ies), market analysis(es), appraisal(s), opinion(s) of value, timeshare, interval or fractional ownership comparison(s) relating to the Fractional Interest at Aspen Highlands.

REQUEST FOR PRODUCTION NO. 8
All documents, files (including electronic), records, or things of any kind in your possession, custody or control concerning the marketing and sale of Fractional Interests at Aspen Highlands, including brochures, selling guides, instructions for salespersons and brokers, the identity of sales people for the Development Company, and adve1tising from the time the first ever sales of Fractional Interests were initiated until present day.

REQUEST FOR PRODUCTION NO. 9
All documents, files (including electronic), records, or things of any kind in your possession, custody or control concerning the dollar amount of sales of Fractional Interest as sold by Development Company at Aspen Highlands, including all studies, compilations, and statistics generated regarding sales price, including as may be arranged by type of unit, year of sales, salesperson, and/or building.

**THE RITZ-CARLTON HOTEL COMP ANY, LLC**
Request 1, 2, 3: Only Aspen case.

REQUEST FOR PRODUCTION NO. 1

All communications, including e-mails and letters, to or from (or CC'ing) the Marriott Defendants concerning the affiliation or potential affiliation of any Ritz-Carlton Destination Club, including the Ritz-Carlton Club at Aspen Highlands, with the MVC or the MVC Exchange Program.

REQUEST FOR PRODUCTION NO. 2
All documents relating to Marriott International's luxury fractional interest business under the Ritz-Catton brand and "evolution" of the Ritz-Carlton brand as a result of the affiliation of any RCDC club with the MVC or the MVC Exchange.

REQUEST FOR PRODUCTION NO. 3

All documents concerning communications at Marriott International or among the Marriott Defendants related to the Action and the related actions pertaining to the Lake Tahoe and San Francisco RCDCs *(Petrick, et al. v. Marriott, et al.* (San Francisco Sup. Case No. CGC 15-545987) and *Reiser, et al. v. Marriott, et al.* (Case No. 2:16-CV-00237-MCE-CKD)).

REQUEST FOR PRODUCTION NO. 4

All documents relating to customer or Member inquiries or complaints about the affiliation of any RCDC club with MVC or the MVC Exchange Program.

REQUEST FOR PRODUCTION NO. 5

All documents concerning any communications at Marriott International relating to the study of or analysis of any form of affiliation of the RCDC with the MVC, MVC Exchange Program and/or Lion & Crown.

REQUEST FOR PRODUCTION NO. 6

All documents and communications concerning any studies, analysis(es) or reports by Marriott International or any consultant concerning the proposed affiliation and ultimate affiliation of Aspen Highlands with the MVC, MVC Exchange Program, and/or Lion & Crown.

REQUEST FOR PRODUCTION NO. 7

All documents concerning Your communications with the Marriott Defendants and RCDC relating to the affiliation of Aspen Highlands with the MVC, MVC Exchange Program, and/or Lion & Crown.

REQUEST FOR PRODUCTION NO. 8

All documents concerning any market study(ies), market analysis(es), appraisal(s), opinion(s) of values or prices of Fractional Interests at Aspen Highlands.

REQUEST FOR PRODUCTION NO. 9

All documents concerning your communications with Michael Mullenix, Joanne Perfido, or any other former director on the board of RCC-BG Condominium Association, Inc. for the RCDC at Bachelor Gulch, relating to the proposed affiliation of that Club with the MVC, MVC Exchange Program and/or Lion & Crown.

**JOHN HEARNS**

REQUEST FOR PRODUCTION NO. 1

All communications, including e-mails and letters, to or from (or CC'ing) Jay Neveloff, Michael Mullenix, Salvatore Cutrona, and/or Randy Mercer concerning the affiliation or potential affiliation of any Ritz-Carlton Destination Club, including the Ritz-Carlton Club at Aspen Highlands, with the MVC.

REQUEST FOR PRODUCTION NO. 2

All documents in your possession, custody or control relating to the history of sales of Fractional Interests at Aspen Highlands (including both developer sales and resales), including any and all lists, compilations, and summaries of said transactions that include data such as sale date, sale price, unit number, seller, purchaser, and/or brokers' identity.

REQUEST FOR PRODUCTION NO. 3

All documents in you· possession, custody or control containing a list of all former and current Members at Aspen Highlands.

REQUEST FOR PRODUCTION NO. 4
All documents in your possession, custody or control concerning any reservations made, assistance for reservations made, inquiries for reservation made by you or any of your staff at Aspen Highlands for any TAD at any RCDC or MVC prope1iy since December 2012.

REQUEST FOR PRODUCTION NO. 5
All documents in your possession, custody or control concerning any communications you have had with Marriott relating to the proposed affiliation and any form of affiliation of Aspen Highlands with MVC or into the MVCD Exchange Program and/or Lion and Crown since December 1, 2012.

REQUEST FOR PRODUCTION NO. 6
All documents in your possession, custody or control concerning any communications you have had with the Association, Members, or any broker or brokerage discussing listing(s) and sale(s) data for Aspen Highlands, Dancing Bear, Timbers Snowmass, Residences at Little Nell, Grand Hyatt, and Timbers Bachelor Gulch.

REQUEST FOR PRODUCTION NO. 7
All documents in your possession, custody or control concerning the December 2013 Survey, including but not limited to communications with any Member, TAD, Marriott, other RCDC managers, other Associations' officers or directors at any RCDC, Hotel Company, broker/brokerage, the Association (and any of its Board members), and Morrow & Co., LLC.

REQUEST FOR PRODUCTION NO. 8
All documents in your possession, custody or control concerning any market study(s), market analysis(es), appraisal(s), opinion(s) of value, timeshare, interval or fractional ownership comparison(s) relating to the Fractional Interest at Aspen Highlands.

REQUEST FOR PRODUCTION NO. 9
All documents in your possession, custody or control concerning your communications relating to the present litigation, the value or loss of value of Fractional Interests and the MVCD Exchange Program with any Member, TAD, Marriott, broker/brokerage, and the Association.

**NICHOLAS DIMEGLIO C/O MARRIOTT INTERNATIONAL, INC.**

REQUEST FOR PRODUCTION NO. 4
All documents concerning Your communications with or within Marriott International related to the affiliation of any RCDC with the MVC or into the MVC Exchange Program and/or Lion & Crown.

REQUEST FOR PRODUCTION NO. 5
All documents relating to customer or Member inquiries or complaints about the affiliation of any RCDC club with MVC or the MVC Exchange Program.

REQUEST FOR PRODUCTION NO. 6
All documents concerning any communications at Marriott International relating to the study of or analysis of any form of affiliation of the RCDC with the MVC, MVC Exchange Program and/or Lion & Crown.

REQUEST FOR PRODUCTION NO. 7

All documents and communications concerning any studies, analysis(es) or reports by Marriott International or any consultant concerning the proposed affiliation and ultimate affiliation of Aspen Highlands with the MVC, MVC Exchange Program, and/or Lion & Crown.

REQUEST FOR PRODUCTION NO. 9
All documents concerning any market study(ies), market analysis(es), appraisal(s), opinion(s) of values or prices of Fractional Interests at Aspen Highlands.

REQUEST FOR PRODUCTION NO. 10
All documents concerning your communications with Michael Mullenix, Joanne Perfido, or any other former director on the board of RCC-BG Condominium Association, Inc. for the RCDC at Bachelor Gulch, relating to the proposed affiliation of that Club with the MVC, MVC Exchange Program and/or Lion & Crown.

4817-1351-3312, v. 1