**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC,** *et al.*

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION,** *et al.*

Defendants.

---

**DECLARATION OF MATTHEW C. FERGUSON FURTHER SUPPORT OF F.R.C.P. 37(b)(2)(A) MOTION TO COMPEL DISCOVERY AND FOR THE IMPOSITON OF SANCTIONS FOR FAILURE TO OBEY WITH THIS COURT'S DISCOVERY ORDER AND ONGOING FAILURE TO COMPLY WITH F.R.C.P. 34(B)(e)(i) AND (ii) AND F.R.C.P. 45(e)**

---

I, Matthew C. Ferguson**,** declare and state:

1.      I am an attorney and the shareholder of The Matthew C. Ferguson Law Firm, P.C., co-counsel for Plaintiffs in the above-captioned action. I am a competent witness to give testimony to the facts set forth herein.  I am a member of the Colorado bar and of this Court. Furthermore, as a bar-licensed attorney in good standing in Colorado, I am an officer of Colorado state and federal courts.

A.  PURPOSES OF THIS AFFIDAVIT

2.      I respectfully submit this Declaration in further support of Plaintiffs' Fed.R.Civ.P. 37(b)(2)(A) and (C) to compel production and for the imposition of sanctions against the Marriott Defendants for their willful and ongoing failure to obey this Court's February 20th

Order ("Motion for Sanctions"). Plaintiffs are prepared to submit their attorneys' fees and costs on the items set forth in the motion and the last paragraph of this affidavit. The other sanctions first require the Marriott Defendants to comply with the February 20th Order, so that Plaintiffs can better determine how to proceed with future depositions and probably deal with depositions taken without all the documents.

3. The purpose of this Declaration is to set forth my relevant testimony in further support of the Motion to for Sanctions concerning the facts about the failure to comply with subpoenas and the Court's February 20th Order.

4. I informed the Court on February 16, 2016, that counsel enjoyed a collegial relationship, but pointedly added that the Marriott Defendants' handling of discovery had been very problematic. Plaintiffs have reported on these problems in their Status Reports over the course of the action and in the context Magistrate Judge Gallagher's Discovery Dispute mechanisms. The Marriott Defendants have been slow to produce documents throughout and have withheld a key document. Privilege logs come months late and after depositions. Those logs have overbroad assertions of privilege and essentially every document has been marked confidential. In the face of these problems, Plaintiffs have taken advantage of the Court's discovery dispute mechanisms.

5. Here, the Marriott Defendants took over the representation of a former MVW employee (Skoric), RCDC (an MVW entity – seller of the units) and the persons and entities that manage this club (Marriott International witnesses). After assuming responsibilities and cutting Plaintiffs off from pursuing the subpoenas directly, the subpoenas were foot-dragged for months continuing even after the court-imposed deadline. It continues still.

6.      Another purpose of this affidavit is to dispute the facts and conclusions set forth in the Marriott Defendants' response, including that they or the "non-parties" have produced all the responsive documents.

7.      I have also created the Chart in the Reply for the 4 implicated subpoenas and state that it is true and accurate to the best of my ability. It contains the crux of the issues in detail. Because the Court uses a similar device/chart, I have employed it here.

8.      I have also attached hereto the following Exhibits:

      a.      **EXHIBIT "1"** – Subpoena to The Ritz-Carlton Development Company, LLC, dated November 21, 2017 -- 12 Requests;

      b.      **EXHIBIT "2"** – Subpoena to The Ritz-Carlton Hotel Company, LLC, dated November 28, 2017 -- 9 Requests;

      c.      **EXHIBIT "3"** – Subpoena to John Hearns, dated November 17, 2017 – 9 Requests; and

      d.      **EXHIBIT "4"** – Subpoena to Nicholas DiMeglio, dated November 28, 2017 – 10 Requests.

The specific requests that have <u>not</u> been responded to – or that are impossible to determine if or how they have been responded to – are contained verbatim in **APPENDIX "1"** to the Reply.

**B.      RECENT FACTS AND THE MARRIOTT DEFENDANTS FAILURE TO COMPLY WITH THE COURT'S FEBRUARY 20TH ORDER HISTORY**

9.      The statement of the relevant procedural history set forth in the Motion for Sanctions and the Reply are true and accurate.

10.      On March 16, 2018, a day after due, Greenberg Traurig, LLP sent a letter producing documents for the Ritz-Carlton Development Company, LLC -- RCDC068289-68347 (only 58 pages). It responded to only portions of Request Nos. 1 and 3 – as can be gleaned by

Plaintiffs' counsel. The March 16th, letter from Ian Marx merely says what the data produced is – but not anything else about the other requests. There are no responses or documents produced in response to Request Nos. 2, 4, 5, 6, 7, 8, and 9.  As no response was filed with specific responses or objections, it is impossible to determine what is not being produced or why.   Thus, the Marriott Defendants statement that all responsive documents have been produced on March 16, 2018 (Resp. p. 3) is far from true.

11.     The Marriot Defendants did not respond to any of the three subpoenas to Nicholas DiMeglio, John Hearns, or The Ritz-Carlton Hotel Company, LLC by the Court imposed deadline. Mr. Marx wants to recall a passing remark that the documents would be produced "shortly" made to one of Plaintiffs' counsel in the context of a separate and serious discovery matter. There was no email or letter and no court filing to extend the already missed deadline – only after four more days of silence on four-months-old subpoenas. And, nothing came "shortly" – it took two more weeks to receive an incomplete and confusing series of document dumps on Easter Weekend.

12.     Specifically -- bearing in mind that the Motion for Sanctions was filed on March 20, 2018, on Thursday, March 29, 2018, without explanation for the failure to comply with the February 20th Order, at 2:47 p.m., Greenberg Traurig, LLP drop-boxed 7062 pages of documents bates labeled "RCHC"[1]. This was 18 minutes after the Honorable Philip A. Brimmer entered the Order denying the Marriott Defendants' motion to dismiss. Another 1442 pages were produced at the end of the same day; and then 3703 pages came on Holy Saturday, March 31, 2018. These

---

[1] Presumably, this stands for the Ritz-Carlton Hotel Company, LLC, a subsidiary of Marriott International, Inc. – the owner of the Ritz-Carlton brand.

rolling productions all occurred well <u>after</u> the March 15, 2018, deadline set by the court to comply with the subpoenas.

13.    Thus, 12,209 pages were produced <u>after</u> ten more depositions had just been concluded at MVW headquarters in Orlando (relative to *Reiser*, *Petrick* <u>and</u> this case[2]) – the last one ending on the afternoon of March 29, 2018.[3]

14.    Again, no letter from Greenberg, discovery response or communication of any kind explained what was being produced, by whom, for what, or how. The Marriott Defendants and Greenberg did absolutely nothing to inform Plaintiffs what documents were produced from which company, witness or custodian.  They at times appear literally shuffled.

15.     In the case of the Ritz-Carlton Development Company, Inc. there is a hint of what was being produced to a couple of requests – but the rest have been ignored.

16.    Indeed, Greenberg's production letters attached to the response as Exhibits Q and R reveal no effort is made to inform what is being produced, by whom or how under Fed.R.Civ.P. 34(b)(2)(E)(e)(i) and (ii). This improper manner of production occurred <u>after</u> the discovery order.

17.    As with the RCDC response, it is not true that all documents have been produced with respect to the Hearns, DiMegio and RCHC.

---

[2] *Petrick* refers to *Petrick, et al. v. Marriott Vacations Worldwide Corporation, et al.*, San Francisco Superior Court Case No. CGC 15-545987.  *Reiser* refers to *Reiser, et al. v. Marriott Vacations Worldwide Corporation, et al.*, E.D. Cal. Case No. 16-CV-00237-MCE-CKD. Both sides agree these are related cases. *See, e.g.,* Dkt. No. 152 at 4, ¶ 9 ("There is substantial overlap in the claims and issues in these three cases, so the Parties have worked collaboratively to coordinate discovery and avoid undue duplication of effort. For example, the parties agreed on a consolidated production of documents by the Marriott Defendants, and that the relevant witnesses should be deposed only once").

[3] Greg Campbell 3-22-18; Don Baarman 3-22-18; Jon Albert 3-23-18; Charles Baron 3-23-18; Nathan Guikema 3-28-18; Craig Oulette 3-28-18; Ed Simonetta 3-28-18; Stacy Jackson-Rauso 3-29-18; Brad Bradford 3-29-18; Bill Whelihan 3-29-18.

18.     Although, I have prepared the Chart in the Reply to synthesize and try to simply the data relevant to the Motion for Sanctions, I repeat here what has happened.

19.     On March 29, 2018, 9 days after the filing of this Motion and nearly 4 months after the return date, Mr. Marx sent two letters stating that Greenberg was producing documents "in response to Plaintiffs' Subpoenas to Produce Documents to John Hearns, dated November 22, 2017, The Ritz-Carlton Hotel Company, LLC, dated November 28, 2017, and Nicholas DiMeglio, dated November 28, 2017." Resp. Ex "R".  Again, the first letter was sent minutes after Judge Brimmer entered his order denying the motions to dismiss. These were Bates labelled RCHC000001-007062 and 007063-008505. Then on Saturday, March 31, 2018, RCHC008506-012209 were produced. *See* Resp. Ex "R".

20.     These were for three separate and distinct subpoenas to a separate entity, *i.e.,* RCHC, and two individuals (DiMeglio and Hearns) with different jobs in different states. They were not a unified subpoena and purposefully so.

21.     None of the letters or emails form Greenberg stated which documents were produced for which subpoena; nothing explained what requests were being complied with or not. There is no response to numbered requests and never have there been objections.  The Marriott Defendants and subpoenaed parties have failed to produce responsive documents and what documents were produced were not done in the manner required under Fed.R.Civ.P. 34(b)(E)(e)(i).

22.     My careful review of the records indicates that there are no documents or a paucity of documents responsive to many of  requests --  as set forth in the Chart. Because these late productions were done by way of a document dump with purposeful co-mingling of the

documents, the investigation and analysis of them is made extremely difficult. It takes hours simply to try to see what request might have been responded to and determine the huge gaps.

23.     I have been through the entire 13,000-page production as has Michael J. Reiser. The purpose of the reviews was to try to make sense of what was produced, by whom and how. It is not possible. There is no order to the records. There are occasionally groupings of related documents, for example about the April 5, 2013, vote letter, or rentals through Frias, irrelevant Disciplinary Letters to Members for perceived infractions. There is no way to determine what physical file or ESI belongs to a specific subpoena.

24.     The Marriott Defendants offer up some various excuses.

25.     One is Ivan Skoric. Plaintiffs' counsel had requested Skoric's documents for many months. He was subpoenaed in his capacity as an independent real estate broker – yet Greenberg stepped in to run interference and "represent" him, because he had been an MVW salesman several years ago. It is not accurate that Plaintiffs "insisted" on searching his "personal computer".  There were specific requests and Plaintiffs' counsel had several phone calls with his brokerage firm and Mr. Marx specifically to explain and pare down the parameters of the requests. In fact, my only insistence was to reach a targeted search and the reduction of documents to be produced. I wanted to and tried to make the production simple and not burdensome. Mr. Skoric would not speak with me and Mr. Marx handled the subpoena. There was no effort to communicate what the documents were responsive to the Skoric requests – and the late production of 37,000 pages two business days before required cancellation of his deposition. They were obviously not produced as kept in the ordinary course of business as 37,000 pages were selected from 200,000. There was no effort whatsoever to explain what

requests matched up to what documents – or what may have been withheld based on unstated objections or asserted privileges.

26.     The Marriott Defendants also assert that other discovery disputes, conferrals and work arounds took them time. Plaintiffs' counsel were doing the same thing and defending dozens of Plaintiffs' (unnecessarily long) depositions. Moreover, Plaintiffs' counsel insured that all 206 of Plaintiffs' Interrogatory answers and verifications, Fed.R.Civ.P. 36 admissions, discovery responses/documents were produced by the deadline imposed. And that was a lot more work than uploading the withheld 730 pages of easily located (withheld or redacted) Strategic Council updates – held out as an excuse. Likewise, searching the database for a few custodians was never offered as a reason to have more time.

27.     The Marriott Defendants also conflate the discovery issues relating to additional searches of MVW records (Items 2, 3 and 4) with the separate and distinct subpoenas issue (Item No. 5). A large part of Mr. Marx's affidavit and exhibits he attached relate to an entirely different part of the discovery dispute process. Marriott and its law firm can surely double track – and they had two major in-house law departments at their disposal.  Mr. Marx relies on call and a passing remark that the documents were coming "shortly" – after the deadline. Again, this provides no cover because they were not produced "shortly" – indeed they are yet to be produced to this day.

28.     These actions and discovery abuses have caused and continue to cause serious disruption, delay and expense to Plaintiffs' efforts to conduct and conclude fact discovery. The situation also negatively impacts expert witness practice.

C.      REQUEST FOR SANCTIONS AND RELIEF

29.     Plaintiffs request at least the following sanctions: (1) an order compelling the Marriott Defendants (and the parties that their lawyers represent) to immediately and completely comply with the February 20th Order and the four subpoenas; (2) requiring the Marriott Defendants and/or their counsel to file a report about all efforts to comply with the subpoenas (past and future) that includes a report on the methods employed for the retrieval of hard documents and ESI, the custodians contacted, the compilation of documents, the reasons that documents were not produced by reason of any undeclared "objections" or privileges, and documents withheld for any reason; (3) all attorneys' fees and costs for the expenses of filing this Motion for Sanctions and the careful review of the 13,000 pages produced ; (4) attorneys' fees relating to the preparation of the scrubbed depositions of Weisz and Kane-Hanan, and airfares lost; (5) the right to depose any witness previously deposed (i.e., after the subpoenas' return dates in December 2017) as a result of documents that have just now been and must still be produced  and the attorneys' fees and costs to re-engage in that deposition practice; (6) the attorneys' fees and costs that will be expended in fling a related and separate motion under Fed.R.Civ.P. 37(b)(1) and/or Rule 45(e); and (7) any other just and appropriate sanctions and necessary remedial measure under this court's inherent powers.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 10, 2018, in Aspen, Colorado.


  _/s/ Matthew C. Ferguson_____
         Matthew C. Ferguson

4811-5039-1905, v. 1