# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Colorado

| RCHFU, LLC et al. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:16-cv-01301-PAB-GPG |
| Marriott Vacations Worldwide Corp. et al. | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: The Ritz-Carlton Development Company, Inc. c/o Marriott International, Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: Gibbs Law Group LLP<br>505 14th Street, Suite 1110<br>Oakland, CA 94612 | Date and Time:<br>12/04/2017 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/21/2017

*CLERK OF COURT*

OR  /s/ signature

_____        _____
Signature of Clerk or Deputy Clerk              Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Plaintiffs** RCHFU, LLC et al., who issues or requests this subpoena, are:

Linda Lam, Gibbs Law Group LLP, 505 14th St. Suite 1110, Oakland, CA 94612; lpl@classlawgroup.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:16-cv-01301-PAB-GPG

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC,** *et al.*

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION,** *et al.*

Defendants.

## ATTACHMENT A TO PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS TO THE RITZ-CARLTON DEVELOPMENT COMPANY, INC.

Pursuant to Federal Rule of Civil Procedure 45, Plaintiffs hereby request that The Ritz-Carlton Development Company, Inc. produce the following documents:

### DEFINITIONS

1. "Document(s)" includes all documents, communications, information, or tangible things within the scope of Federal Rule of Civil Procedure 45, including electronically-stored information, and all versions and drafts of versions.

2. "Communication(s)" means the transmittal of information in the form of facts, ideas, inquiries, and any exchange or transfer of information whether written, oral, electronic, or in any form. The term specifically includes emails, text messages, voice messages and voice mail, and instant messaging conversations, regardless of whether such communications are stored on electronic equipment owned by the "Development Company" (as defined below).

3. "Concerning" means referring to, discussing, constituting, comprising, reflecting, describing, depicting, indicating, considering, or in any way connected to or with the matter discussed, and shall be interpreted very broadly to promote the full disclosure of information.

4. "Association" means the Aspen Highlands Condominium Association, Inc., a Colorado nonprofit corporation, and its respective directors, officers, members, owners, agents, employees, representatives, and attorneys.

5. "RCDC" means the Ritz-Carlton Destination Clubs system and the RCDC Clubs that were or are in it, including the clubs at Aspen Highlands, Bachelors Gulch, San Francisco, Lake Tahoe, Kapalua, Jupiter, and Abaco.

6. "Development Company" means the Ritz-Carlton Development Company, Inc. and its respective officers, directors, stockholders, owners, agents, employees, representatives, and attorneys, as well as any other person retained by or under the direction or control of those parties.

7. "MVC" means the Marriott Vacation Club.

8. "MVW" means Marriott Vacations Worldwide Corporation.

9. "Aspen Highlands" means the Ritz-Carlton Destination Club, Aspen Highlands located in Aspen, Colorado.

10. "Marriott" and the phrase "Marriott Defendants," refers individually and collectively, as appropriate, to Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, and The Lion & Crown Travel Company, LLC, and to their respective officers,

directors, stockholders, owners, agents, employees, representatives, and attorneys, as well as to any other person retained by or under the direction or control of those parties.

11. "Fractional Interest(s)" means an undivided, fee ownership interest as tenant-in-common in a Tourist Accommodation Unit together with an allocated period of time as designated in the deed or other instrument of conveyance allowing owners of Fractional Ownership Interests exclusive right to possession, use and occupancy of a unit during those periods of time.

12. "MVCD Exchange Program" means the affiliation between Aspen Highlands and the Marriott Vacation Club exchange program.

13. "Member" means any owner of a Fractional Ownership Interest. The term "any other Member" refers to documents or information relating to any Member of which you are aware, and does not impose on you an independent obligation to obtain information of which you are not currently aware.

14. "Relating to" means constituting, discussing, depicting, memorializing, mentioning, recording, implying, referring, containing, relating, concerning, evidencing, describing, dealing with, embodying, reflecting, identifying, commenting on, responding to, consisting of, supporting, summarizing, contradicting, or in any way pertaining in full or in part to the subject, as the context makes appropriate.

15. "Tourist Accommodation Unit" means a unit designated with the prefix "TA" on the Map and designated as a tourist accommodation unit in the PUD Plan, and not the Deed Restricted Residential Units or the Commercial Units, as defined in Section 2.71 of the

3

Declaration of Condominium for Aspen Highlands Condominiums, Aspen Highlands Village, City of Aspen, Pitkin County, Colorado.

16. "Hotel Company" means the Ritz-Carlton Hotel Company, LLC and its respective officers, directors, stockholders, owners, agents, employees, representatives, and attorneys, as well as any other person retained by or under the direction or control of those parties.

17. "ASSIR" means and refers to Aspen Snowmass Sotheby's International Realty, its brokers, associate brokers, employees, staff, members, officers, directors, principals, owners, agents, representatives, attorneys, and any other person retained by or under the direction or control of those parties.

18. The term "Action" means the above-captioned action, *RHCFU, LLC v. Marriott Vacations Worldwide Corp.*, Case No. 16-01301 PAB (D. Colo.).

19. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each Interrogatory all documents and information that might otherwise be construed to be outside of its scope.

20. The use of the singular form of any word includes the plural and vice versa. Similarly, the use of one gender shall include all genders, as appropriate in the context.

**DOCUMENTS TO BE PRODUCED**

REQUEST FOR PRODUCTION NO. 1

All documents, files (including electronic), records, or things, of any kind in your possession, custody or control relating to the history of sales of Fractional Interests at Aspen Highlands (including both developer sales <u>and</u> resales), including any and all lists, compilations, summaries of said transactions that include the sale date, sale price, unit number, seller, purchaser, and/or brokers'

4

identity (if any).

REQUEST FOR PRODUCTION NO. 2

All documents, files (including electronic), records, or things of any kind in your possession, custody or control containing a list of all former and current Members at Aspen Highlands.

REQUEST FOR PRODUCTION NO. 3

All documents, files (including electronic), records, or things of any kind in your possession, custody or control concerning the retention of the Lore Institute to market and/or sell the Development Company's remaining inventory of Fractional Interests at Aspen Highlands, including. lists, compilations, summaries of said transactions that include the sale date, sale price, unit number, seller, purchaser, and/or brokers' identity (if any).

REQUEST FOR PRODUCTION NO. 4

All documents, files (including electronic), records, or things of any kind in your possession, custody or control concerning any communications you have had with Marriott relating to the proposed affiliation and any form of affiliation of Aspen Highlands with MVC or into the MVCD Exchange Program and/or Lion and Crown since December 1, 2012.

REQUEST FOR PRODUCTION NO. 5

All documents, files (including electronic), records, or things of any kind in your possession, custody or control concerning any communications you have had with the Association, Members, or any broker or brokerage discussing listing(s) and sale(s) data for Aspen Highlands, Dancing Bear, Timbers Snowmass, Residences at Little Nell, Grand Hyatt, and/or Timbers Bachelor Gulch.

REQUEST FOR PRODUCTION NO. 6

All documents, files (including electronic), records, or things of any kind in your possession,

custody or control concerning the sale, transfer or conveyance of Fractional Interests by Members, including the forms and deeds required by the owner modification group.

REQUEST FOR PRODUCTION NO. 7

All documents, files (including electronic), records, or things of any kind in your possession, custody or control concerning any market study(ies), market analysis(es), appraisal(s), opinion(s) of value, timeshare, interval or fractional ownership comparison(s) relating to the Fractional Interest at Aspen Highlands.

REQUEST FOR PRODUCTION NO. 8

All documents, files (including electronic), records, or things of any kind in your possession, custody or control concerning the marketing and sale of Fractional Interests at Aspen Highlands, including brochures, selling guides, instructions for salespersons and brokers, the identity of sales people for the Development Company, and advertising from the time the first-ever sales of Fractional Interests were initiated until present day.

REQUEST FOR PRODUCTION NO. 9

All documents, files (including electronic), records, or things of any kind in your possession, custody or control concerning the dollar amount of sales of Fractional Interest as sold by Development Company at Aspen Highlands, including all studies, compilations, and statistics generated regarding sales price, including as may be arranged by type of unit, year of sales, salesperson, and/or building.

REQUEST FOR PRODUCTION NO. 10

All documents, files (including electronic), records, or things of any kind in your possession, custody or control concerning the decision to cease active selling of Fractional Units and to then retain the Lore Institute.

REQUEST FOR PRODUCTION NO. 11

All documents, files (including electronic), records, or things of any kind in your possession, custody or control concerning the final and total costs to develop and build the RCDC Club at Aspen Highlands.

REQUEST FOR PRODUCTION NO. 12

All documents, files (including electronic), records, or things of any kind in your possession, custody or control concerning the identity of all officers and directors of the Development Company since 2000.

Dated: November 21, 2017

| | |
|---|---|
| LAW OFFICE OF MICHAEL J. REISER | THE MATTHEW C. FERGUSON LAW FIRM, P.C. |
| /s/ Michael J. Reiser<br>Michael J. Reiser, # 16161<br>961 Ygnacio Valley Road<br>Walnut Creek, California 94596<br>Telephone: (925) 256-0400<br>Facsimile: (925) 476-0304<br>E-mail: reiserlaw@gmail.com<br>*Attorney for Plaintiffs* | /s/ Matthew C. Ferguson<br>Matthew C. Ferguson, #25687<br>119 South Spring, Suite 201<br>Aspen, Colorado 81611<br>Telephone: (970) 925-6288<br>Facsimile: (970) 925-2273<br>E-mail: matt@matthewfergusonlaw.com<br>*Attorney for Plaintiffs* |
| GIBBS LAW GROUP, LLP | THE MEADE FIRM, P.C. |
| /s/ Michael Schrag<br>Michael Schrag (CA State Bar # 185832)<br>Linda Lam (CA State Bar# 301461) | /s/ Tyler Meade<br>Tyler Meade (CA State Bar # 160838)<br>1816 Fifth Street |

7

505 14th Street, Suite 1110  
Oakland, California 94612  
Phone: (510) 350-9718  
Facsimile: (510) 350-9701  
E-mail: mls@classlawgroup.com  
E-mail: lpl@classlawgroup.com  
*Attorney for Plaintiffs*

Berkeley, California 94710  
Telephone: 510-843-3670  
E-mail: tyler@meadefirm.com  
*Attorney for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC,** *et al.*

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION,** *et al.*

Defendants.

---

**NOTICE OF PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS TO THE RITZ-CARLTON DEVELOPMENT COMPANY, INC. C/O MARRIOTT INTERNATIONAL, INC.**

---

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiffs RCHFU, LLC et al. will issue the attached subpoena to produce documents to the following entity:

1. **The Ritz-Carlton Development Company, Inc.**
   **c/o Marriott International, Inc.**
   **Registered Agent – Corporate Creations Network Inc.**
   **3411 Silverside Road Tatnall Building Ste. 104**
   **Wilmington, DE 19810**

The subpoena will command The Ritz-Carlton Development Company, Inc. to produce documents listed in Attachment A to the attached subpoena.

Dated: November 21, 2017

THE MATTHEW C. FERGUSON LAW FIRM, P.C.

*/s/ Matthew C. Ferguson*
Matthew C. Ferguson, #25687
119 South Spring, Suite 201
Aspen, Colorado 81611
Telephone: (970) 925-6288
E-mail: matt@matthewfergusonlaw.com

*Attorney for Plaintiffs*

### CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 21st day of November, 2017, a true and accurate copy of the foregoing **NOTICE OF PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS TO THE RITZ-CARLTON DEVELOPMENT COMPANY, INC. C/O MARRIOTT INTERNATIONAL, INC.** was served via e-mail upon the following:

Daniel F. Shea, Esq.
   *dan.shea@hoganlovells.com*
Jessica Black Livingston, Esq.
*jessica.livingston@hoganlovells.com*
   Hogan Lovells US LLP
   1200 Seventeenth Street, Suite 1500
   Denver, Colorado 80202


Ian S. Marx, Esq.
   *MarxI@gtlaw.com*
Philip R. Sellinger, Esq.
   *SellingerP@gtlaw.com*
Greenberg Traurig, LLP
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932

*/s/ Linda Lam*
Linda Lam

2