# EXHIBIT 2

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Colorado

| RCHFU, LLC et al. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:16-cv-01301-PAB-GPG |
| Marriott Vacations Worldwide Corp. et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: The Ritz-Carlton Hotel Company, LLC c/o Marriott International, Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: Gibbs Law Group LLP<br>505 14th Street, Suite 1110<br>Oakland, CA 94612 | Date and Time:<br>12/08/2017 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/28/2017

*CLERK OF COURT*

OR  *[signature]*

_____      _____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Plaintiffs** RCHFU, LLC et al. _____ , who issues or requests this subpoena, are:

Linda Lam, Gibbs Law Group LLP, 505 14th St. Suite 1110, Oakland, CA 94612; lpl@classlawgroup.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:16-cv-01301-PAB-GPG

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ :

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC** *et al.*

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION** *et al.*

Defendants.

## ATTACHMENT A TO PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS TO THE RITZ-CARLTON HOTEL COMPANY, LLC

Pursuant to Federal Rule of Civil Procedure 45, Plaintiffs hereby request that the Ritz-Carlton Hotel Company, LLC produce the following documents:

## DEFINITIONS

1. "Document(s)" includes all documents, communications, information, or tangible things within the scope of Federal Rule of Civil Procedure 45, including electronically-stored information, and all versions and drafts of versions.

2. "Communication(s)" means the transmittal of information in the form of facts, ideas, inquiries, and any exchange or transfer of information - whether written, oral, electronic, or in any form. The term specifically includes emails, text messages, voice messages and voice mail, and instant messaging conversations, regardless of whether such communications are stored on electronic equipment..

3. "Concerning" means referring to, discussing, constituting, comprising, reflecting, describing, depicting, indicating, considering, or in any way connected to or with the matter discussed, and shall be interpreted very broadly to promote the full disclosure of information.

4. "RCDC" means the Ritz-Carlton Destination Club system and the RCDC Clubs that were or are in it, including the Clubs at Aspen Highlands, Bachelor Gulch, San Francisco, Lake Tahoe, Kapalua, Jupiter, and Abaco.

5. "MVC" means the Marriott Vacation Club.

6. "MVCD Exchange Program" means the affiliation between Aspen Highlands and the Marriott Vacation Club Destinations exchange program.

7. "MVW" means Marriott Vacations Worldwide Corporation.

8. "Lion & Crown" means The Lion & Crown Travel Co., LLC.

9. "Aspen Highlands" means the Ritz-Carlton Destination Club, Aspen Highlands located in Aspen, Colorado.

10. "Development Company" means the Ritz-Carlton Development Company, LLC and its respective officers, directors, stockholders, owners, agents, employees, representatives, and attorneys, as well as any other person retained by or under the direction or control of those parties.

11. "Hotel Company" means the Ritz-Carlton Hotel Company, LLC and its respective officers, directors, stockholders, owners, agents, employees, representatives, and attorneys, as well as any other person retained by or under the direction or control of those parties.

12. "Bachelor Gulch HOA" means RCC-BG Condominium Association, Inc.

2

13. "Marriott" and the phrase "Marriott Defendants," refers individually and collectively, as appropriate, to Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, and The Lion & Crown Travel Company, LLC, and to their respective officers, directors, stockholders, owners, agents, employees, representatives, and attorneys, as well as to any other person retained by or under the direction or control of those parties.

14. "Marriott International" means Marriott International, Inc. and its present and former officers, directors, stockholders, owners, agents, employees, representatives, and attorneys, as well as any other person retained by or under the direction or control of those parties.

15. "Fractional Ownership Interest" means an undivided, fee ownership interest as tenant-in-common in a Tourist Accommodation Unit together with an allocated period of time as designated in the deed or other instrument of conveyance allowing owners of Fractional Ownership Interests exclusive right to possession, use and occupancy of a unit during those periods of time.

16. The term "Action" means the above-captioned action, *RCHFU, LLC v. Marriott Vacations Worldwide Corp.*, Case No. 16-01301 PAB (D. Colo.).

17. "Tourist Accommodation Unit" means a unit designated with the prefix "TA" on the Map and designated as a tourist accommodation unit in the PUD Plan, and not the Deed Restricted Residential Units or the Commercial Units, as defined in Section 2.71 of the Declaration of Condominium for Aspen Highlands Condominiums, Aspen Highlands Village, City of Aspen, Pitkin County, Colorado.

18. "TAD" means any Tourist Accommodation Director(s) who has served on the board of the Tourist Accommodation Board of Directors at the Aspen Highlands from 2012 to the present.

19. "You" and "your" and "Hotel Company" refer to The Ritz-Carlton Hotel Company, LLC and its present and former officers, directors, stockholders, owners, agents, employees, representatives, and attorneys, as well as any other person retained by or under the direction or control of those parties.

20. The use of the singular form of any word includes the plural and vice versa. Similarly, the use of one gender shall include all genders, as appropriate in the context.

21. "Relating to" means constituting, discussing, depicting, memorializing, mentioning, recording, implying, referring, containing, relating, concerning, evidencing, describing, dealing with, embodying, reflecting, identifying, commenting on, responding to, consisting of, supporting, summarizing, contradicting, or in any way pertaining in full or in part to the subject, as the context makes appropriate.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

1. All communications, including e-mails and letters, to or from (or CC'ing) the Marriott Defendants concerning the affiliation or potential affiliation of any Ritz-Carlton Destination Club, including the Ritz-Carlton Club at Aspen Highlands, with the MVC or the MVC Exchange Program.

2. All documents relating to Marriott International's luxury fractional interest business under the Ritz-Carton brand and "evolution" of the Ritz-Carlton brand as a result of the affiliation of any RCDC club with the MVC or the MVC Exchange.

4

3. All documents concerning communications at Marriott International or among the Marriott Defendants related to the Action and the related actions pertaining to the Lake Tahoe and San Francisco RCDCs (*Petrick, et al. v. Marriott, et al.* (San Francisco Sup. Case No. CGC 15-545987) and *Reiser, et al. v. Marriott, et al.* (Case No. 2:16-CV-00237-MCE-CKD)).

4. All documents relating to customer or Member inquiries or complaints about the affiliation of any RCDC club with MVC or the MVC Exchange Program.

5. All documents concerning any communications at Marriott International relating to the study of or analysis of any form of affiliation of the RCDC with the MVC, MVC Exchange Program and/or Lion & Crown.

6. All documents and communications concerning any studies, analysis(es) or reports by Marriott International or any consultant concerning the proposed affiliation and ultimate affiliation of Aspen Highlands with the MVC, MVC Exchange Program, and/or Lion & Crown.

7. All documents concerning Your communications with the Marriott Defendants and RCDC relating to the affiliation of Aspen Highlands with the MVC, MVC Exchange Program, and/or Lion & Crown.

8. All documents concerning any market study(ies), market analysis(es), appraisal(s), opinion(s) of values or prices of Fractional Interests at Aspen Highlands.

9. All documents concerning your communications with Michael Mullenix, Joanne Perfido, or any other former director on the board of RCC-BG Condominium Association, Inc. for the RCDC at Bachelor Gulch, relating to the proposed affiliation of that Club with the MVC, MVC Exchange Program and/or Lion & Crown.

Dated: November 28, 2017

REISER LAW, P.C.

   /s/ Michael J. Reiser
Michael J. Reiser, # 16161
Lilia Bulgucheva (CA Bar # 291374)
1475 N. Broadway, Suite 300
Walnut Creek, California 94596
Telephone: (925) 256-0400
Facsimile: (925) 476-0304
E-mail: michael@reiserlaw.com
Email: lilia@reiserlaw.com
*Attorney for Plaintiffs*

GIBBS LAW GROUP, LLP

   /s/ Michael Schrag
Michael Schrag (CA State Bar # 185832)
Linda Lam (CA State Bar# 301461)
505 14th Street, Suite 1110
Oakland, California 94612
Phone : (510) 350-9718
Facsimile : (510) 350-9701
E-mail : mls@classlawgroup.com
E-mail : lpl@classlawgroup.com
*Attorney for Plaintiffs*

THE MATTHEW C. FERGUSON LAW FIRM, P.C.

   /s/ Matthew C. Ferguson
Matthew C. Ferguson, #25687
119 South Spring, Suite 201
Aspen, Colorado 81611
Telephone: (970) 925-6288
Facsimile: (970) 925-2273
E-mail: matt@matthewfergusonlaw.com
*Attorney for Plaintiffs*

THE MEADE FIRM, P.C.

   /s/ Tyler Meade
Tyler Meade (CA State Bar # 160838)
1816 Fifth Street
Berkeley, California 94710
Telephone: 510-843-3670
E-mail: tyler@meadefirm.com
*Attorney for Plaintiffs*

6

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC,** *et al.*

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION,** *et al.*

Defendants.

---

**NOTICE OF PLAINTIFFS' SUBPOENAS TO PRODUCE DOCUMENTS TO THE RITZ-CARLTON HOTEL COMPANY, LLC, JOHN HEARNS, AND NICHOLAS DIMEGLIO C/O MARRIOTT INTERNATIONAL, INC.**

---

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiffs RCHFU, LLC et al. will issue the attached subpoenas to produce documents to the following individuals and entity:

1. **The Ritz-Carlton Hotel Company, LLC**
   c/o Marriott International, Inc.
   Registered Agent – Corporate Creations Network Inc.
   3411 Silverside Road Tatnall Building Ste. 104
   Wilmington, DE 19810

2. **John Hearns**
   c/o Marriott International, Inc.
   Registered Agent – Corporate Creations Network Inc.
   3411 Silverside Road Tatnall Building Ste. 104
   Wilmington, DE 19810

3. **Nicholas DiMeglio**
   **c/o Marriott International, Inc.**
   **Registered Agent – Corporate Creations Network Inc.**
   **3411 Silverside Road Tatnall Building Ste. 104**
   **Wilmington, DE 19810**

The subpoenas will command The Ritz-Carlton Hotel Company, LLC, John Hearns, and Nicholas DiMeglio to produce documents listed in Attachment A to each attached subpoena.

Dated: November 28, 2017

THE MATTHEW C. FERGUSON LAW FIRM, P.C.

/s/ *Matthew C. Ferguson*
Matthew C. Ferguson, #25687
119 South Spring, Suite 201
Aspen, Colorado 81611
Telephone: (970) 925-6288
E-mail: matt@matthewfergusonlaw.com

*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 28th day of November, 2017, a true and accurate copy of the foregoing **NOTICE OF PLAINTIFFS' SUBPOENAS TO PRODUCE DOCUMENTS TO THE RITZ-CARLTON HOTEL COMPANY, LLC, JOHN HEARNS, AND NICHOLAS DIMEGLIO C/O MARRIOTT INTERNATIONAL, INC.** was served via e-mail upon the following:

Daniel F. Shea, Esq.
   *dan.shea@hoganlovells.com*
Jessica Black Livingston, Esq.
*jessica.livingston@hoganlovells.com*
   Hogan Lovells US LLP
   1200 Seventeenth Street, Suite 1500
   Denver, Colorado 80202


Ian S. Marx, Esq.
   *MarxI@gtlaw.com*
Philip R. Sellinger, Esq.
   *SellingerP@gtlaw.com*

2

Greenberg Traurig, LLP
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932

/s/ *Linda Lam*
Linda Lam