IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 16-01301 PAB

RCHFU, LLC, et al.

      Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, et al.

      Defendants.

_____

**MARRIOTT DEFENDANTS' SUR-REPLY IN OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS**

      Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, and The Lion & Crown Travel Co., LLC (collectively, "the Marriott Defendants") respectfully submit this sur-reply, and the accompanying Supplemental Declaration of Ian S. Marx, in opposition to Plaintiffs' Motion to Compel Discovery and for Sanctions Against the Marriott Defendants (Docket Entry 202) (the "Motion").

      Documents responsive to the Subpoenas at issue were produced as of March 31, 2018 and since that time, although the Marriott Defendants have offered to meet and confer regarding any concerns relating to these productions, Plaintiffs have not pursued any such dialogue.

**A.   <u>Subpoenas to Nicholas Dimeglio and John Hearns</u>**

      Plaintiffs complain that they are unable to ascertain the source of the 12,209 pages of documents that were produced with the stamp "RCHC" on March 29-31, 2018.  As has been

explained to Plaintiffs' counsel, all of these documents were produced by The Ritz-Carlton Hotel Company ("Ritz-Carlton Hotel"), which was served with a subpoena for documents.

Two employees of Ritz-Carlton Hotel, Nicholas Dimeglio and John Hearns, were also served with subpoenas seeking depositions and the production of documents.  Mr. Dimeglio and Mr. Hearns do not, in their personal capacities, possess documents responsive to the subpoenas separate and apart from the documents maintained by their employer, Ritz-Carlton Hotel.  Ritz-Carlton Hotel preserved and searched the electronically stored information ("ESI") used by Mr. Dimeglio and Mr. Hearns, comprised of their company email accounts and computer hard drives stored on the systems of Ritz-Carlton Hotel, to compile and produce documents potentially responsive to the Subpoenas.  *See*  Supplemental Declaration of Ian S. Marx, dated April 20, 2018 ("Supp. Marx Decl.") ¶¶ 3-4.

**B.   The Subpoena to The Ritz-Carlton Hotel Company, LLC**

On March 29 through 31, 2018, all non-privileged documents responsive to the Document Requests contained in the Subpoena to Ritz-Carlton Hotel were produced to Plaintiffs. *See* Declaration of Ian S. Marx, dated April 2, 2018 ("Marx Decl."), ¶ 26, Ex. R (series of three cover letters, producing documents bearing bates numbers RCHC000001- RCHC012209).

The documents produced by RCHC on March 29-31, 2018 are responsive to the following Requests for Production: Request No. 1 (communications to or from the Marriott Defendants concerning the affiliation or potential affiliation of The Ritz-Carlton Destination Club with the MVC or MVC Exchange Program); Request No. 2 (the luxury fractional business under the Ritz-Carlton brand as a result of the affiliation of any Ritz-Carlton Destination Club with the MVC or MVC Exchange); Request No. 3 (communications relating to the lawsuits

RCHFU, LLC v Marriott Vacations Worldwide Corp., Case No. 16-01301 PAB (D. Colo.), Petrick, et. al. v. Marriott, et. al. (San Francisco Sup. Case No. CGC 15-545987); and Reiser v. Marriott, et. al. (Case No. 2:16-CV-237-MCE-CKD); Request No. 4 (Member inquiries or complaints about the affiliation of any RCDC club with MVC or the MVC Exchange Program; Request No. 5 (communications relating to studies or analyses of affiliation of RCDC with the MVC, MVC Exchange Program and/or Lion & Crown); Request No. 6 (communications relating to studies or analyses of affiliation of The Ritz-Carlton Destination Club Aspen Highlands with the MVC, MVC Exchange Program and/or Lion & Crown); Request No. 7 (communications with the Marriott Defendants and RCDC relating to the affiliation of The Ritz-Carlton Destination Club Aspen Highlands with the MVC, MVC Exchange Program and/or Lion & Crown); Request No. 8 (documents regarding valuation of fractional interests at The Ritz-Carlton Destination Club Aspen Highlands); and Request No. 9 (communications with Michael Mullenix, Joanne Perfido or any other former director on the board of RCC-BG Condominium Association, Inc. for the RCDC at Bachelor Gulch, relating to the proposed affiliation of that Club with the MVC, MVC Exchange Program and/or Lion & Crown).   *See* Supp. Marx Decl. ¶¶ 5-6.

The documents described above were obtained and produced as follows.  In response to the Subpoena, ESI from the email accounts and computer hard drives of Ritz-Carlton Hotel employees was preserved and then uploaded onto a review platform maintained by the Marriott Defendants' ESI vendor, so that documents potentially responsive to the Requests in the subpoena could be identified and reviewed.  As soon as that review was completed, documents that were identified as responsive were prepared for production by the ESI vendor.  These

documents were produced to Plaintiffs' counsel through a secure file transfer protocol as they became available in exactly the same format and manner as the Marriott Defendants have been producing documents throughout this case.  It has not been the parties' practice in this case to identify the specific document request to which a particular document is responsive, when documents are produced.  *See* Supp. Marx Decl.  ¶ 7.

###### C.   Subpoena to The Ritz-Carlton Development Company, Inc.

On March 16, 2018,  Plaintiffs' counsel were provided with a compilation of data and information responsive to the Subpoena to The Ritz-Carlton Development Company, Inc. ("Ritz-Carlton Development"), the entity responsible for sales of fractional interests at The Ritz-Carlton Club, Aspen Highlands.  *See* Marx Decl. ¶ 24, Ex. Q.

Specifically, this compilation provided, as requested, data and information pertaining to the sales of all fractional interests at The Ritz-Carlton Club, Aspen Highlands by or on behalf of Ritz-Carlton Development.  The data and information was provided for 953 transactions from the outset of sales in 2000 through 2017, and included the following:  the name of each fractional interest purchaser; the unit number and interest purchased; the contract date; the sales price; the date on which the transaction closed; and whether the sales were facilitated by the Lore Institute. *See* Supp. Marx Decl.  ¶ 8.

This compilation of information and data produced is responsive to the following Requests for Production in the Subpoena to Ritz-Carlton Development:   Request No. 1 (concerning sales of Fractional Interests at The Ritz-Carlton Destination Club Aspen Highlands); Request No. 2 (seeking a list of former and current Members at The Ritz-Carlton Destination Club Aspen Highlands); Request No. 3 (concerning sales by Lore Institute of remaining

inventory fractional interests at The Ritz-Carlton Destination Club Aspen Highlands); Request No. 9 (concerning the dollar amount of sales of Fractional Interests at The Ritz-Carlton Destination Club Aspen Highlands by The Ritz-Carlton Development Company, Inc.).  *See* Supp. Marx Decl. ¶ 10.

In addition to the foregoing, the Subpoena to Ritz-Carlton Development also sought the production of documents that had previously been requested from and produced by the Marriott Defendants, of which Ritz-Carlton Development is an affiliate (unlike Ritz-Carlton Hotel, which is a separate entity not affiliated with the Marriott Defendants).  Thus, documents responsive to the Requests for Production in the Subpoena not addressed above were previously produced by the Marriott Defendants.  *See* Supp. Marx Decl. ¶¶ 11-12.

### D.   Offer to Meet and Confer

On April 2, 2018, counsel for the Marriott Defendants offered to meet and confer with respect to the subpoenas to Messrs. Dimeglio and Hearns, Ritz-Carlton Hotel and Ritz-Carlton Development.  To date, Plaintiffs' counsel have not accepted this offer.  *See* Supp. Marx Decl. ¶ 13.

Dated:  April 23, 2018

Respectfully submitted,

GREENBERG TRAURIG, LLP

*s/ Naomi Beer*
Naomi Beer
Ian S. Marx
Philip R. Sellinger
1200 Seventeenth Street, Suite 2400
Denver, Colorado 80202
Tel:  303.572.6500/Fax:  303.572.6540
BeerN@gtlaw.com, MarxI@gtlaw.com
SellingerP@gtlaw.com
*Attorneys for the Marriott Defendants*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 23rd day of April, 2018, a true and accurate copy of the foregoing **MARRIOTT DEFENDANTS' SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS** was filed and served with the Clerk of the Court via CM/ECF filing system which will send notification to the following:

Michael J. Reiser
Lilia Bulgucheva
Law Office of Michael J. Reiser
961 Ygnacio Valley Road
Walnut Creek, CA 94596
*Counsel for Plaintiffs*

Matthew C. Ferguson
The Matthew C. Ferguson Law Firm, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611
*Counsel for Plaintiffs*

Tyler R. Meade
The Meade Firm P.C.
1816 Fifth Street
Berkeley, CA 94710
*Counsel for Plaintiffs*

Linda Pham Lam
Michael Schrag
Gibbs Law Group LLP
505 14th Street, Suite 1100
Oakland, CA 94612
*Counsel for Plaintiffs*

Daniel F. Shea
Jessica Black Livingston
Hogan Lovells US LLP
1601 Wewatta Street, Suite 900
Denver, Colorado 80202
*Counsel for Aspen Highlands
 Condominium Association*

*s/ Julie Eaton*
    Julie Eaton