IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 16-01301 PAB

RCHFU, LLC, et al.

    Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, et al.

    Defendants.

**SUPPLEMENTAL DECLARATION OF IAN S. MARX IN SUPPORT OF MARRIOTT DEFENDANTS' OPPOSITION TO PLAINTIFFS' F.R.C.P. 37(b)(2)(A) MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS**

I, Ian S. Marx, declare and state:

    1.    I am a Shareholder with the law firm Greenberg Traurig, LLP, attorneys for Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, and The Lion & Crown Travel Company, LLC (collectively, "Marriott Defendants") in the captioned matter. I respectfully submit this Supplemental Declaration in connection with the Marriott Defendants' opposition to Plaintiffs' Motion to Compel Discovery and for Sanctions (Doc. 202).

    2.    Plaintiffs complain that they are unable to ascertain the source of the 12,209 pages of documents that were produced with the stamp "RCHC" on March 29-31, 2018. As has been explained to Plaintiffs' counsel, all of these documents were produced by The Ritz-

*NY 247314562v1*

Carlton Hotel Company ("Ritz-Carlton Hotel"), which was served with a subpoena for documents.

3. Two employees of Ritz-Carlton Hotel, Nicholas Dimeglio and John Hearns, were also served with subpoenas seeking depositions and the production of documents. We understand that Mr. Dimeglio and Mr. Hearns do not, in their personal capacities, possess documents responsive to the subpoenas separate and apart from the documents maintained by their employer, Ritz-Carlton Hotel.

4. Ritz-Carlton Hotel preserved and searched the electronically stored information ("ESI") used by Mr. Dimeglio and Mr. Hearns, comprised of their company email accounts and computer hard drives stored on the systems of Ritz-Carlton Hotel, to compile and produce documents potentially responsive to the Subpoenas.

5. On March 29 through 31, 2018, all non-privileged documents responsive to the Document Requests contained in the Subpoena to Ritz-Carlton Hotel were produced to Plaintiffs.

6. The documents produced by RCHC on March 29-31, 2018 are responsive to the following Requests for Production: Request No. 1 (communications to or from the Marriott Defendants concerning the affiliation or potential affiliation of The Ritz-Carlton Destination Club with the MVC or MVC Exchange Program); Request No. 2 (the luxury fractional business under the Ritz-Carlton brand as a result of the affiliation of any Ritz-Carlton Destination Club with the MVC or MVC Exchange); Request No. 3 (communications relating to the lawsuits RCHFU, LLC v Marriott Vacations Worldwide Corp., Case No. 16-01301 PAB (D. Colo.), Petrick, et. al. v. Marriott, et. al. (San Francisco Sup. Case No. CGC 15-545987); and Reiser v.

Marriott, et. al. (Case No. 2:16-CV-237-MCE-CKD); Request No. 4 (Member inquiries or complaints about the affiliation of any RCDC club with MVC or the MVC Exchange Program; Request No. 5 (communications relating to studies or analyses of affiliation of RCDC with the MVC, MVC Exchange Program and/or Lion & Crown); Request No. 6 (communications relating to studies or analyses of affiliation of The Ritz-Carlton Destination Club Aspen Highlands with the MVC, MVC Exchange Program and/or Lion & Crown); Request No. 7 (communications with the Marriott Defendants and RCDC relating to the affiliation of The Ritz-Carlton Destination Club Aspen Highlands with the MVC, MVC Exchange Program and/or Lion & Crown); Request No. 8 (documents regarding valuation of fractional interests at The Ritz-Carlton Destination Club Aspen Highlands); and Request No. 9 (communications with Michael Mullenix, Joanne Perfido or any other former director on the board of RCC-BG Condominium Association, Inc. for the RCDC at Bachelor Gulch, relating to the proposed affiliation of that Club with the MVC, MVC Exchange Program and/or Lion & Crown).

   7. The documents described above were obtained and produced as follows. In response to the Subpoena, ESI from the email accounts and computer hard drives of Ritz-Carlton Hotel employees was preserved and then uploaded onto a review platform maintained by the Marriott Defendants' ESI vendor, so that documents potentially responsive to the Requests in the subpoena could be identified and reviewed. As soon as that review was completed, documents that were identified as responsive were prepared for production by the ESI vendor. These documents were produced to Plaintiffs' counsel through a secure file transfer protocol as they became available in exactly the same format and manner as the Marriott Defendants have been producing documents throughout this case. It has not been the

parties' practice in this case to identify the specific document request to which a particular document is responsive, when documents are produced.

8. On March 16, 2018, Plaintiffs' counsel were provided with a compilation of data and information responsive to the Subpoena to The Ritz-Carlton Development Company, Inc. ("Ritz-Carlton Development"), the entity responsible for sales of fractional interests at The Ritz-Carlton Club, Aspen Highlands.

9. Specifically, this compilation provided, as requested, data and information pertaining to the sales of all fractional interests at The Ritz-Carlton Club, Aspen Highlands by or on behalf of Ritz-Carlton Development. The data and information was provided for 953 transactions from the outset of sales in 2000 through 2017, and included the following: the name of each fractional interest purchaser; the unit number and interest purchased; the contract date; the sales price; the date on which the transaction closed; and whether the sales were facilitated by the Lore Institute.

10. This compilation of information and data produced is responsive to the following Requests for Production in the Subpoena to Ritz-Carlton Development: Request No. 1 (concerning sales of Fractional Interests at The Ritz-Carlton Destination Club Aspen Highlands); Request No. 2 (seeking a list of former and current Members at The Ritz-Carlton Destination Club Aspen Highlands); Request No. 3 (concerning sales by Lore Institute of remaining inventory fractional interests at The Ritz-Carlton Destination Club Aspen Highlands); Request No. 9 (concerning the dollar amount of sales of Fractional Interests at The Ritz-Carlton Destination Club Aspen Highlands by The Ritz-Carlton Development Company, Inc.).

4

11. In addition to the foregoing, the Subpoena to Ritz-Carlton Development also sought the production of documents that had previously been requested from and produced by the Marriott Defendants, of which Ritz-Carlton Development is an affiliate (unlike Ritz-Carlton Hotel, which is a separate entity not affiliated with the Marriott Defendants). Thus, documents responsive to the Requests for Production in the Subpoena not addressed above were previously produced by the Marriott Defendants.

12. Marriott Defendants previously produced any documents responsive to the following Requests: Request No. 4 (communications with Marriott Defendants relating to the affiliation of The Ritz-Carlton Destination Club Aspen Highlands with MVC or into the MVCD Exchange Program and/or Lion and Crown); Request No. 5 (communications discussing listings and sales data for The Ritz-Carlton Destination Club Aspen Highlands); Request No. 7 (documents regarding valuation of fractional interests at The Ritz-Carlton Destination Club Aspen Highlands); Request No. 8 (marketing materials concerning the sale of fractional interests at The Ritz-Carlton Destination Club Aspen Highlands); Request No. 10 (the decision to cease active selling of Fractional Units at The Ritz-Carlton Destination Club Aspen Highlands and to retain the Lore Institute); Request No. 11 (the final and total costs to build The Ritz-Carlton Destination Club Aspen Highlands) and Request No. 12 (the identity of all officers and directors of The Ritz-Carlton Development Company since 2000).

13. On April 2, 2018, I sent Plaintiffs' counsel an email offering to meet and confer with respect to the subpoenas to Messrs. Dimeglio and Hearns, Ritz-Carlton Hotel and Ritz-Carlton Development. To date, other than some dialogue regarding documents relating to Mr. Dimeglio, Plaintiffs' counsel have not accepted this offer.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 20th th day of April, 2018, in San Francisco, California.

_____
IAN S. MARX