**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC et al.**

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION et al.**

Defendants.

---

## PLAINTIFFS' UNOPPOSED MOTION TO EXCEED PAGE LIMITATION

---

Plaintiffs hereby move the Court for permission to file their Motion for Sanctions and a Default Judgment Against Certain Marriott Defendants ("Sanctions Motion") that exceeds the page limitation set forth in Rule III.A of this Court's Practice Standards by no more than three pages. As grounds for the Motion, Plaintiffs state as follows:

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(a), counsel for Plaintiffs conferred with counsel for the Marriott Defendants, who do not oppose this motion.

## RELEVANT BACKGROUND

1. The Sanctions Motion concerns the Marriott Defendants' wrongful withholding of a key document in this case, which Plaintiffs requested in 2016. This important Affiliation Agreement shows that the Marriott Defendants knowingly asserted a false factual argument to

support their motion to dismiss Plaintiffs' breach of fiduciary duty and constructive fraud claims. The complexity of the Sanctions Motion and the need to provide the court details of the discovery process necessitate a longer brief.

2. In their Sanctions Motion, Plaintiffs need to (1) explain the interactions between Plaintiffs' counsel and the Marriott Defendants' counsel during the course of this litigation that highlight the Marriott Defendants' wrongful concealment of the key agreement; (2) describe the Marriott Defendants' executives' deposition testimony tailored to that concealment; (2) show how Plaintiffs' counsel uncovered the key agreement in March 2018; and (3) explain how the Marriott Defendants' behavior has affected the entire course of this case. Plaintiffs seek leave to file an overlength brief in order to fully explain the sequence of these events showing that the concealment warrants a default judgment against certain Marriott Defendants on particular causes of action.

3. Plaintiffs consent to affording the Marriott Defendants the same extension of the page limitation for their opposition to the Sanctions Motion (for an opposition brief of no more than 18 pages).

**CONCLUSION**

For the above reasons, Plaintiffs respectfully request the Court grant them an extension of the page limitation and permit them to file the Sanctions Motion that exceeds the page limit by no more than three pages, for a total of no more than 18 pages. Plaintiffs consent to the same extension of the page limitation being granted to the Marriott Defendants.

Dated: April 27, 2018

Respectfully submitted,

GIBBS LAW GROUP LLP

*/s/ Michael Schrag*
Michael Schrag (admitted *pro hac vice*)

505 14th Street, Suite 1110
Oakland, CA 94612
Phone: (510) 350-9718
Facsimile: (510) 350-9701
E-mail: mls@classlawgroup.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on this 27th day of April, 2018, a true and accurate copy of the foregoing **Plaintiffs' Motion to Exceed Page Limitation** was filed and served via CM/ECF filing system upon following:

Daniel F. Shea, Esq.
Jessica Black Livingston, Esq.
Hogan Lovells US LLP
1200 Seventeenth Street, Suite 1500
Denver, Colorado 80202

Naomi G. Beer, Esq.
Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, Colorado 80202

Ian S. Marx, Esq.
Philip R. Sellinger, Esq.
Greenberg Traurig, LLP
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932

*/s/ Linda Lam*
Linda Lam