# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 16-01301 PAB

RCHFU, LLC, et al.

    Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, et. al.

    Defendants.

---

### MARRIOTT DEFENDANTS' RULE 26 INITIAL DISCLOSURES

Marriott Vacations Worldwide Corporation ("MVW"), Marriott Ownership Resorts, Inc. ("MORI"), The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, and The Lion & Crown Travel Co., LLC (collectively, "Marriott Defendants"), by and through their undersigned counsel, hereby submit the following initial disclosures in accordance with Fed. R. Civ. P. 26(a)(1).

Marriott Defendants make these disclosures in good faith and based upon the information now available to them. Marriott Defendants reserve the right to amend or supplement these disclosures pursuant to Fed. R. Civ. P. 26(e) to the extent that the Marriott Defendants, during the course of discovery and ongoing investigation, become aware of additional relevant individuals or documents Marriott Defendants intend to rely upon.

These responses should be deemed amended and supplemented to include all admissible evidence in the parties' responses to written discovery requests, all admissible deposition testimony and all admissible documents that are produced in discovery.

*NJ 229824838v2*

By providing these disclosures, Marriott Defendants do not represent that they are identifying every document, tangible thing or witness possibly relevant to the issues that may eventually be raised in this action. Marriott Defendants reserve the right to call any witness or present any exhibit or item at trial not listed here but identified through discovery or investigation during this action.

Nothing in these disclosures is intended to be an admission of any act, a waiver of any defense, affirmation of the existence or admissibility of any fact, affirmation of the existence or admissibility of any document or an agreement or acceptance of any of Plaintiffs' legal theories. The information is provided without waiving: (1) the right to object to the use of any such information for any purpose, in this or any other action, on the grounds of privilege, relevancy, materiality and/or any other appropriate grounds; (2) the right to object to any discovery involving or relating to the information disclosed or documents identified; or (3) the right to revise, correct, supplement, or clarify any of the information provided, at any time.

    **i.**    **The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims, unless the use would be solely for impeachment:**

The following persons are likely to have discoverable information that the Marriott Defendants may use to support their defenses to the Plaintiffs' claims.[1]

**Marriott Defendants**: Each individual identified below is associated with the Marriott Defendants or a co-defendant, and may be contacted only through Marriott Defendants' counsel, Ian S. Marx, Esq., Greenberg Traurig LLP, 200 Park Avenue, P.O. Box 677, Florham Park, NJ 07932, (973)360-7900.

---

[1] Expert witnesses, if any, will be disclosed pursuant to this Court's Scheduling Order.

a. <u>Stephanie Sobeck</u>, Vice President, Asset Management, has general knowledge regarding the Marriott Defendants' defenses to the allegations of the Complaint, including: (i) the decision made by the Program Manager of The Ritz-Carlton Club, Aspen Highlands, Colorado ("RC Club Aspen") to affiliate RC Club Aspen with Marriott Vacation Club Destinations ("MVC") (the "MVC Affiliation"); (ii) a vote of the Members of RC Club Aspen that was taken prior to the MVC Affiliation; and (iii) the ability of Members of the MVC Program to access fractional properties at the RC Club Aspen.

b. <u>Ralph Lee Cunningham</u>, Executive Vice President & Chief Operating Officer, has general knowledge regarding the Marriott Defendants' defenses to the allegations of the Complaint, including: (i) the decision made by the Program Manager of RC Club Aspen to enter into the MVC Affiliation; (ii) a vote of the Members of RC Club Aspen that was taken prior to the MVC Affiliation; and (iii) the ability of Members of the MVC Program to access fractional properties at the RC Club Aspen.

c. <u>Stacey Jackson-Rauso</u>, Asset Manager, has general knowledge relating to sales of fractional interests at RC Club Aspen.

d. <u>Evelyn Babich</u>, former General Manager of The Ritz-Carlton Club Member Services Department, has general knowledge regarding the MVC Affiliation.

**Additional Individuals**:

e. <u>Nicholas Dimeglio</u>, General Manager of RC Club Aspen, has general knowledge regarding issues relating to the vote of the Members of RC Club Aspen taken prior to the MVC Affiliation.  Mr. Dimeglio is an employee of The Ritz-Carlton Hotel Company ("RCHC").  RCHC is not an affiliate or subsidiary of the Marriott Defendants.

a. <u>Randal L. Mercer</u>, c/o CRE Consultants, Brokerage Services 12140 Carissa Commerce Court, Suite 102, Fort Myers, FL 33966, President of Aspen Highlands Condominium Association, Inc., has general knowledge regarding some of the allegations of the Complaint, including the vote of the Members of RC Club Aspen that was taken prior to the MVC Affiliation and issues relating to the MVC Affiliation.

Marriott Defendants further incorporate by reference herein the following individuals who may have discoverable information that Marriott Defendants may rely upon to support their

3

claims or defenses:  all those persons identified by Plaintiffs or any co-Defendants in their initial disclosures; all persons identified by any party in answers to interrogatories; and all persons referred to in the documents produced in this litigation.

**ii.     A copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims, unless the use would be solely for impeachment.**

Categories of documents that Marriott Defendants may use to support their defenses include:[2]

a) Purchase Contracts for fractional interests at RC Club Aspen between each Plaintiff and The Ritz-Carlton Development Company, and associated documents and amendments thereto.

b) Documents governing the Condominium Association and Aspen Highlands Resort Property, including, but not limited to the following documents and any amendments thereto:

   1. Articles of Incorporation of Aspen Highlands Condominium Association, Inc.;
   2. Declaration for Aspen Highlands Village ("Master Declaration"); and
   3. Declaration of Condominium for Aspen Highlands Condominiums, Aspen Highlands Village

c) Documents relating to the affiliation of resorts in The Ritz-Carlton Club Membership Program, including, but not limited to the following documents and any amendments thereto:

   1. The Ritz-Carlton Club Membership Program Affiliation Agreement; and
   2. Reservation Procedures for the Ritz-Carlton Club Membership Program.

d) Disclosure documents, including but not limited to:

   1. The Ritz Carlton Travel Company, LLC Aspen Highlands Disclosure Statement, dated March 2003; and
   2. Public Offering Statement.

e) Operating Agreements and Management Agreements, including but not limited to the following agreements and any amendments thereto:

---

[2] The location of documents generally is in the office of the Marriott Defendants' counsel in Florham Park, New Jersey, or in the offices of the Marriott Defendants in Orlando, Florida.

4

*NJ 229824838v2*

        The Ritz-Carlton Management Company, LLC Management Agreement
Club On-Site Management Agreement between The Ritz-Carlton Management Company, LLC and The Ritz-Carlton Hotel Company

f) Correspondence, notices, agreements, reports, studies, notes, memoranda or other documents related to the affiliation of The Ritz-Carlton Destination Club with Marriott Vacation Club Destinations.

g) Correspondence, notices, agreements, reports, studies, notes, memorandum or other documents related to sales of fractional interests at RC Club Aspen.

h) Documents and/or correspondence relating to the vote of fractional interest owners regarding MVC Affiliation.

i) Releases signed by plaintiffs.

Marriott Defendants reserve the right to supplement these disclosures with any other discoverable documents that may support their claims or defenses in this action. Marriott Defendants also anticipate using yet unknown documents solely in the possession of Plaintiffs, their respective agents and/or third parties to support their claims or defenses.

    iii. **A computation of each category of damages claimed by the disclosing party.**

Not applicable.

   iv. **Any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

  Not applicable.

Dated:  August 5, 2016      GREENBERG TRAURIG, LLP

             By: *s/ Ian S. Marx*
                Naomi G. Beer
                Philip R. Sellinger
                Ian S. Marx
                1200 Seventeenth Street, Suite 2400
                Denver, Colorado 80202
                Tel: 303.572.6500
                Fax: 303.572.6540
                Email:  BeerN@gtlaw.com
                    SellingerP@gtlaw.com
                    MarxI@gtlaw.com

                *Attorneys for the Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, and The Lion & Crown Travel Co., LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of August, 2016, a true and accurate copy of the foregoing **MARRIOTT DEFENDANTS' RULE 26 INITIAL DISCLOSURES** was served (but not filed) and delivered by email and regular mail to the following:

Michael J. Reiser
Lilia Bulgucheva
Law Office of Michael J. Reiser
961 Ygnacio Valley Road
Walnut Creek, CA 94596
*Counsel for Plaintiffs*

Matthew C. Ferguson
The Matthew C. Ferguson Law Firm, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611
*Counsel for Plaintiffs*

Tyler R. Meade
The Meade Firm P.C.
1816 Fifth Street
Berkeley, CA 94710
*Counsel for Plaintiffs*

Linda Pham Lam
Michael Schrag
Gibbs Law Group LLP
505 14th Street, Suite 1100
Oakland, CA 94612
*Counsel for Plaintiffs*

Daniel F. Shea
Jessica Black Livingston
Hogan Lovells US LLP
1200 Seventeenth Street, Suite 1500
Denver, Colorado 80202
*Counsel for Aspen Highlands*
  *Condominium Association*

7

s/Debra Donato

*(Original on file at offices of Greenberg Traurig, LLP, pursuant to C.R.C.P. 121, § 1-26*

*NY 246009340v3*

*NJ 229824838v2*