# EXHIBIT C

| | |
|---|---|
| 1 | PHILIP R. SELLINGER (SBN 226468) |
| 2 | WILLIAM J. GOINES (SBN 61290) |
|   | GREENBERG TAURIG, LLP |
| 3 | 1900 University Avenue, 5th Floor |
|   | East Palo Alto, CA  94303-2283 |
| 4 | Telephone: 650-328-8500 |
|   | Facsimile: 650-328-8508 |
| 5 | sellingerp@gtlaw.com |
|   | goinesw@gtlaw.com |
| 6 | |
| 7 | Attorneys for Defendants |
|   | Marriott Vacations Worldwide Corporation; |
| 8 | Marriott Ownership Resorts, Inc.; The Ritz-Carlton |
|   | Development Company, Inc.; The Ritz-Carlton |
| 9 | Sales Company, Inc.; The Ritz-Carlton |
|   | Management Company, LLC; The Cobalt |
| 10 | Travel Company, LLC; and |
|   | R.C. Chronicle Building, L.P. |

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN FRANCISCO**

| | |
|---|---|
| WILLIAM P. PETRICK, et al., | CASE NO. CGC 15-545987 |
| Plaintiffs, | **MARRIOTT DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)** |
| vs. | |
| MARRIOTT VACATIONS WORLDWIDE CORPORATION, a Delaware corporation, *et al.,* | |
| Defendants. | |

| | |
|---|---|
| PROPOUNDING PARTY: | Plaintiffs WILLIAM P. PETRICK and SHARON F. PETRICK**,** individually and as Trustees of the William and Sharon Petrick Revocable Trust dated August 20, 2002, et al. |

| | |
|---|---|
| RESPONDING PARTY: | Defendants MARRIOTT VACATIONS WORLDWIDE CORPORATION; MARRIOTT OWNERSHIP RESORTS, INC.; THE RITZ-CARLTON DEVELOPMENT COMPANY, INC.; THE RITZ-CARLTON SALES COMPANY, INC.; THE RITZ-CARLTON MANAGEMENT COMPANY, LLC; THE COBALT TRAVEL COMPANY, LLC; R.C. CHRONICLE BUILDING, L.P. (collectively, "the Marriott Defendants") |
| SET NO. | ONE |

Pursuant to California Code of Civil Procedure § 2031.210, the Marriott Defendants, by and through their undersigned counsel, Greenberg Traurig, LLP, respond to Plaintiffs' Requests for Production of Documents (Set One), dated January 10, 2017 ("Requests") as follows:

## GENERAL OBJECTIONS

1. The Marriott Defendants object to these Requests to the extent that they attempt to impose obligations on them other than those authorized or imposed by the California Code of Civil Procedure.

2. The Marriott Defendants object to these Requests to the extent that they seek documents or information protected from disclosure by the attorney-client privilege, the work product doctrine, the joint defense privilege, or any other applicable privileges. Privileged documents and information will not be provided. Moreover, the inadvertent production of documents protected by any such privilege or doctrine shall not constitute a waiver thereof, either as to those documents so inadvertently produced or as to any other documents.

3. The Marriott Defendants object to these Requests to the extent that they are beyond the proportionality and burden standards set forth in California Code of Civil Procedure §§ 2031.010, *et seq*. The Marriott Defendants will produce only non-privileged documents that are relevant to a claim or defense that are proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

4. The Marriott Defendants object to these Requests to the extent that they are served on the Marriott Defendants as a group, with no attempt to identify which Defendant is expected to possess and

produce documents responsive to each specific Request. The Marriott Defendants will not produce duplicate copies of responsive documents to the extent more than one Marriott Defendant has access to such documents. To the extent the Marriott Defendants agree to produce documents herein, only one copy of responsive documents will be produced.

5. The Marriott Defendants object to these Requests to the extent that they seek documents that are not within their possession, custody, or control.

6. The Marriott Defendants object to these Requests, including to the Definitions and Instructions therein, to the extent that they are overly broad, vague, ambiguous, incomprehensible, or otherwise lacking in sufficient precision to permit a response, unduly burdensome, oppressive, unreasonably cumulative, duplicative or intended to harass, or not relevant to the subject matter of this action or reasonably calculated to lead to the discovery of admissible evidence.

7. The Marriott Defendants object to the Requests to the extent they request documents for a time period between 2012 and the present. The Marriott Defendants agree to a relevant time period from January 1, 2012 through June 30, 2015. To the extent Plaintiffs seek documents beyond June 30, 2015, the Marriott Defendants object to requests for such documents as overly broad and unduly burdensome, irrelevant to the claims and defenses in this matter, and not reasonably calculated to lead to the discovery of admissible evidence.

8. The Marriott Defendants' Responses to these Requests are based upon documents currently available to them and a reasonable review of their current records. The Marriott Defendants reserve the right to rely on any facts, documents or other evidence which may develop or subsequently come to their attention, to assert additional objections, or to correct, supplement or amend these Responses at any time.

9. The Marriott Defendants object to these Requests to the extent that they seek the Marriott Defendants' confidential or proprietary business information without the entry of an appropriate protective order. Any documents to be produced will be produced only after the parties enter into a mutually agreeable confidentiality order. Confidential documents will not be produced without the entry of a confidentiality order.

10. The Marriott Defendants object to producing any ESI (including electronic mail) in response to the Requests until the parties enter into a mutually agreeable ESI protocol including the use of agreed upon search terms to limit the number of potentially responsive documents and an agreed upon list of custodians whose ESI must be searched, to avoid undue burden or expense.

11. To the extent that the Marriott Defendants provide information or documents in response to these Requests, they do not concede that the information requested by Plaintiffs is relevant to this action, or that any documents, information, or responses to these Requests are or will be admissible evidence at a trial of or any hearing in this or any other action. The Marriott Defendants do not waive any objection, on any ground, whether or not asserted herein, to the use of any such Response at any such trial or hearing.

12. The foregoing General Objections shall be deemed incorporated by reference in response to each Request as if fully set forth therein, and are not waived by the production of documents in response to any particular Request.

## DOCUMENT REQUESTS

**REQUEST NO. 1**

Produce ALL DOCUMENTS RELATING to the affiliation of the SF Ritz with the MVC, including all COMMUNICATIONS, memoranda and feedback received from other Ritz-Carlton Destination Club members.

**RESPONSE TO REQUEST NO. 1**

The Marriott Defendants object to this Request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine. The Marriott Defendants also object to this Request as overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents relating to all of The Ritz-Carlton Destination Clubs and members of such clubs, as opposed to just The Ritz-Carlton Club and Residences, San Francisco and its members, as such information is not relevant to this action involving only The Ritz-Carlton Club and Residences, San Francisco.

Subject to and without waiving the General Objections and these objections, the Marriott Defendants interpret this Request to seek documents concerning the affiliation of The Ritz-

3

Carlton Club and Residences, San Francisco with Marriott Vacation Club Destinations, and the Marriott Defendants will produce for inspection and copying, upon entry of a mutually agreeable confidentiality order, all such non-privileged documents in their possession, custody, or control.

**REQUEST NO. 2**

Produce ALL DOCUMENTS RELATING TO any and all vote and/or survey materials sent to owners of fractional interests at the SF RITZ PERTAINING TO the affiliation of SF Ritz with the MVC.

**RESPONSE TO REQUEST NO. 2**

Subject to and without waiving the General Objections, the Marriott Defendants will produce for inspection and copying, upon entry of a mutually agreeable confidentiality order, all responsive, non-privileged documents in their possession, custody, or control. The Marriott Defendants further state that a third party, Morrow & Company, administered the survey of members at The Ritz-Carlton Club and Residences, San Francisco, and this third party may have responsive documents that are not in the Marriott Defendants' possession, custody, or control.

**REQUEST NO. 3**

Produce all DOCUMENTS sufficient to show the total annual cost of operating the SF RITZZ and Ritz-Carlton Club Membership Program from 2012 to the present.

**RESPONSE TO REQUEST NO. 3**

Subject to and without waiving the General Objections, the Marriott Defendants will produce for inspection and copying, upon entry of a mutually agreeable confidentiality order, copies of the approved condominium association operating budget for The Ritz-Carlton Club and Residences, San Francisco, during the time period between January 1, 2012 through June 30, 2015. To the extent this Request seeks any documents beyond that time frame, or any additional types of documents, the Marriott Defendants object to the Request as irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad and unduly burdensome, and as vague and ambiguous.

**REQUEST NO. 4**

Produce all DOCUMENTS sufficient to show Marriott Defendants' annual revenue and profits from selling MVC timeshares from 2012 to the present.

**RESPONSE TO REQUEST NO. 4**

The Marriott Defendants object to this Request on the grounds that it improperly seeks financial discovery that is not appropriate at this initial stage of the litigation. The Marriott Defendants further object on the grounds that this Request seeks confidential and proprietary information that is irrelevant to the claims and defenses in this action and the Request is not reasonably calculated to lead to the discovery of admissible evidence. The Marriott Defendants are willing to confer with Plaintiffs' counsel in an attempt to determine whether the parties can reach an agreement to narrow the Request so that it is properly within the scope of discovery.

**REQUEST NO. 5**

Produce all DOCUMENTS sufficient to show Marriott Defendants' annual revenue and profits received from selling fractional interests at SF RITZ from 2009 to the present.

**RESPONSE TO REQUEST NO. 5**

The Marriott Defendants object to this Request on the grounds that it improperly seeks financial discovery that is not appropriate at this initial stage of the litigation. The Marriott Defendants further object on the grounds that this Request seeks confidential and proprietary information that is irrelevant to the claims and defenses in this action and the Request is not reasonably calculated to lead to the discovery of admissible evidence. The Marriott Defendants are willing to confer with Plaintiffs' counsel in an attempt to determine whether the parties can reach an agreement to narrow the Request so that it is properly within the scope of discovery.

**REQUEST NO. 6**

Produce all DOCUMENTS sufficient to show Marriott Defendants' annual revenue and profits received from renting fractional interests at SF RITZ from 2009 to the present.

**RESPONSE TO REQUEST NO. 6**

The Marriott Defendants object to this Request on the grounds that it improperly seeks financial discovery that is not appropriate at this initial stage of the litigation. The Marriott Defendants

further object on the grounds that this Request seeks confidential and proprietary information that is irrelevant to the claims and defenses in this action and the Request is not reasonably calculated to lead to the discovery of admissible evidence.  The Marriott Defendants are willing to confer with Plaintiffs' counsel in an attempt to determine whether the parties can reach an agreement to narrow the Request so that it is properly within the scope of discovery.

**REQUEST NO. 7**

Produce all DOCUMENTS sufficient to show the number of nights Marriott Defendants used fractional units, whether owned by Marriott Defendants or any other owner at SF RITZ, for marketing and promotional purposes at the SF RITZ from 2009 to the present.

**RESPONSE TO REQUEST NO. 7**

The Marriott Defendants object to this Request on the ground that it seeks information and documents that are irrelevant to the claims and defenses in this action and thus it is not reasonably calculated to lead to the discovery of admissible evidence.  The Marriott Defendants are willing to confer with Plaintiffs' counsel in an attempt to determine whether the parties can reach an agreement to narrow the Request so that it is properly within the scope of discovery.

**REQUEST NO. 8**

Produce ALL DOCUMENTS RELATING TO all verbal or written agreements between the Marriott Defendants and Marriott Resorts Travel Company, Inc.

**RESPONSE TO REQUEST NO. 8**

Subject to and without waiving the General Objections, the Marriott Defendants will produce for inspection and copying, upon entry of a mutually agreement confidentiality order, copies of the final and executed versions of (a) the Affiliation Agreement, dated November 14, 2013, between Marriott Resorts, Travel Company, Inc. and The Lion & Crown Travel Company, LLC; (b) the Acknowledgment of and Joinder to the Affiliation Agreement, dated December 14, 2014, between Marriott Resorts, Travel Company, Inc., The Lion & Crown Travel Company, LLC, and 690 Market Club Owners Association; and (c) First Amendment to Acknowledgment of and Joinder to the Affiliation Agreement, dated March 31, 2015, by Marriott Resorts, Travel Company, Inc., The Lion & Crown Travel Company, LLC, and 690 Market Club Owners

Association. To the extent this Request seeks any additional types of documents, including unexecuted drafts, the Marriott Defendants object to this Request as irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad and unduly burdensome, and as seeking documents protected by the attorney-client privilege and work product doctrine.

**REQUEST NO. 9**

Produce ALL DOCUMENTS RELATING TO any member surveys Marriott Defendants conducted RELATING TO the affiliation of SF RITZ with the MVC.

**RESPONSE TO REQUEST NO. 9**

The Marriott Defendants object to this Request on the ground that it is duplicative of Request No. 2. Subject to and without waiving the General Objections and this objection, the Marriott Defendants will produce for inspection and copying, upon entry of a mutually agreeable confidentiality order, all responsive, non-privileged documents in their possession, custody, or control. The Marriott Defendants further state that a third party, Morrow & Company, administered the survey of members at The Ritz-Carlton Club and Residences, San Francisco, and this third party may have responsive documents that are not in the Marriott Defendants' possession, custody, or control.

**REQUEST NO. 10**

Produce each and every version of the Ritz-Carlton Club Membership Program Affiliation Agreement that has existed since the opening of SF RITZ.

**RESPONSE TO REQUEST NO. 10**

Subject to and without waiving the General Objections, the Marriott Defendants will produce for inspection and copying, upon entry of a mutually agreement confidentiality order, copies of each final and executed version of The Ritz-Carlton Club, San Francisco Membership Program Affiliation Agreement in effect between January 1, 2012 through June 30, 2015. To the extent this Request seeks any documents beyond that time frame, or any additional types of documents, including unexecuted drafts, the Marriott Defendants object to this Request as irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad and unduly

burdensome, and as seeking documents protected by the attorney-client privilege and work product doctrine.

**REQUEST NO. 11**

Produce each and every version of the Management Agreement between The Ritz-Carlton Management Company, LLC and 690 Market Club Owners Association that has existed since the opening of the SF RITZ, including any drafts or redline versions, as well as DOCUMENTS including internal analyses, communications and memoranda RELATING TO the Management Agreement(s).

**RESPONSE TO REQUEST NO. 11**

Subject to and without waiving the General Objections, the Marriott Defendants will produce for inspection and copying, upon entry of a mutually agreeable confidentiality order, copies of each final and executed version of the Operating Agreement between The Ritz-Carlton Management Company, LLC and Highlands Resort Club Association, Inc. ("Management Agreement") in effect between January 1, 2012 and June 30, 2015.  To the extent this Request seeks any documents beyond that time frame, or any additional types of documents, including unexecuted drafts of the Management Agreement, or internal analyses, communications or memoranda regarding the Management Agreement, the Marriott Defendants object to the Request as irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad and unduly burdensome, and as seeking documents protected by the attorney-client privilege and work product doctrine.

**REQUEST NO. 12**

Produce all COMMUNICATIONS between the 690 Market Club Owners Association and the Marriott Defendants RELATING TO the affiliation of SF RITZ with the MVC.

**RESPONSE TO REQUEST NO. 12**

Subject to and without waiving the General Objections, the Marriott Defendants will produce for inspection and copying, upon entry of a mutually agreeable confidentiality order, all responsive, non-privileged documents in their possession, custody, or control.

**REQUEST NO. 13**

Produce complete copies of Purchase Contracts for each Plaintiff in this matter.

**RESPONSE TO REQUEST NO. 13**

Subject to and without waiving the General Objections, the Marriott Defendants will produce for inspection and copying, upon entry of a mutually agreeable confidentiality order, copies of the purchase documents for each Plaintiff in this matter that are in the Marriott Defendants' possession, custody, or control.

**REQUEST NO. 14**

Produce ALL DOCUMENTS, including COMMUNICATIONS, between YOU and any Plaintiffs in this lawsuit RELATING TO the affiliation of the SF RITZ with the MVC.

**RESPONSE TO REQUEST NO. 14**

Subject to and without waiving the General Objections, the Marriott Defendants will produce for inspection and copying, upon entry of a mutually agreeable confidentiality order, all documents sent from any of the Marriott Defendants to the members of The Ritz-Carlton Club and Residences, San Francisco regarding the affiliation of The Ritz-Carlton Club and Residences, San Francisco with Marriott Vacation Club Destinations, as well as any communications between any of the Marriott Defendants and any of the Plaintiffs regarding the affiliation of The Ritz-Carlton Club and Residences, San Francisco with Marriott Vacation Club Destinations that are in the Marriott Defendants' possession, custody, or control.

**REQUEST NO. 15**

Produce ALL DOCUMENTS RELATING TO the sales and marketing of the fractional interests at the SF RITZ.

**RESPONSE TO REQUEST NO. 15**

Subject to and without waiving the General Objections, the Marriott Defendants will produce for inspection and copying, upon entry of a mutually agreeable confidentiality order, all responsive, non-privileged documents in their possession, custody, or control.

Dated:  February 9, 2017                    Respectfully submitted,

GREENBERG TRAURIG, LLP

By:   */s/ William J. Goines*
           William J. Goines

1
2
3
4

Philip R. Sellinger
*Attorneys for Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Development Company, Inc., The Ritz-Carlton Sales Company, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, and R.C. Chronicle Building, L.P.*

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MARRIOTT DEFENDANTS' RESPONSES AND OBJECTIONS TO
PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)