# EXHIBIT I

| | |
|---|---|
| **From:** | MarxI@gtlaw.com |
| **To:** | tyler@meadefirm.com |
| **Cc:** | michaeljr@reiserlaw.com; matthew@reiserlaw.com; bianca@reiserlaw.com; raquel@meadefirm.com; Michael Schrag; matt@matthewfergusonlaw.com; Linda Lam; dan.shea@hoganlovells.com; jessica.livingston@hoganlovells.com; danielle.hartley@hoganlovells.com; levined@gtlaw.com; michael@reiserlaw.com; seena@meadefirm.com; SellingerP@gtlaw.com |
| **Subject:** | RE: Ritz/Aspen: Discovery Issues |
| **Date:** | Wednesday, April 04, 2018 1:35:04 PM |
| **Attachments:** | image002.png |
| | image003.png |
| | RC 003825-61 2010.08.08 L&C Affiliation Agreement with Cobalt.pdf |
| | 246594558_v_1_11-10-16 Letter re Marriott Defendants_Initial Production....pdf |

Tyler:

Responding to your questions:

As to the 2010 Affiliation Agreement Between Lion & Crown and Cobalt dated August 8, 2010 (the "2010 Affiliation Agreement"):

On review of our productions, we have found that the 2010 Affiliation Agreement was actually produced to you in our initial production of documents on November 10, 2016. *See* Bates Nos. 3825-61. For your convenience, I attach another copy of the produced 2010 Affiliation Agreement, together with a copy of cover letter enclosing that production. So, it appears that we were both mistaken as to whether that document had previously been produced.

As to the Affiliation Agreement Between MRTC and Lion & Crown dated November 14, 2013 (the "2013 Affiliation Agreement"):

On review, it appears we were in possession of the 2013 Affiliation Agreement before the time we made our initial production on November 10, 2016 but did not realize it was not produced in our production that day or thereafter. In retrospect, we agree we should have realized that; but, that was an oversight and not an effort to hide the document. When we realized that the 2013 Affiliation Agreement had not been produced, we produced it.

To explain further: our initial production on November 10, 2016 consisted of "hard copy" documents we received from our clients. We intended it to include all responsive documents we had received. Notably, our production that day included the 2010 Affiliation Agreement and also the Acknowledgement of and Joinder to Affiliation Agreement Between The Lion & Crown Travel Company Co., LLC and Marriott Resorts, Travel Company, Inc., dated April 14, 2014 ("the Acknowledgement Agreement"), which references the 2013 Affiliation Agreement both in the title of the document in large, all capitals font, and in its first paragraph. But, unintentionally, the 2013 Affiliation Agreement itself was not included in the production.

By explanation, not excuse: as you will recall, the November production included advertising and marketing materials, budget information, governing documents relating to the resort and exchange program, purchase contracts and related documents concerning the plaintiffs, internal notes and information relating to communications with the plaintiffs, documents relating to the affiliation survey and usage history summaries relating to the plaintiffs --- as well as the 2010

Affiliation Agreement and the Acknowledgement Agreement. The failure to produce the 2013 Affiliation Agreement was the result of a good faith error by an associate or paralegal in our firm, who inadvertently failed to include it in the compilation of documents that were provided to me to be reviewed prior to production, and was not an intent to withhold. I was not aware of that failure until Mike Reiser's email to me on March 12 asked about the 2013 Affiliation Agreement. When he did, I looked into that, discovered the document had not been produced, and promptly arranged for it to be produced on March 13.

I believe our true intent (i.e. not to withhold or conceal the 2013 Affiliation Agreement) is shown by my exchange with you during Ms. Sobeck's deposition in November and by our privilege log. As you will recall and as the Sobeck transcript shows, I said I assumed the document had been produced but that, in any event, we would produce (or re-produce it), for you. I did not condition that, but rather immediately said that, whether or not already produced, we would provide it. Additionally, several entries on our initial Privilege Log identified documents concerning the affiliation and the 2013 Affiliation Agreement as to which our clients asserted privilege.

As I know you understand from your experience in large litigations like this, this type of mistake can happen. What is important is that (as here) the mistake was made in good faith and that, when it is realized, it is corrected and one seeks to correct the harm, if any, that resulted from it. With that intent, we produced the 2013 Affiliation Agreement promptly after realizing the mistake, and have offered to reopen two depositions to allow your side to question as to it. We do not believe that your not having the document earlier affected prior proceedings; but, if you do, we can and will address that with you in good faith. Therefore, we believe that the correct process at this point is to move forward together cooperatively, and that motion practice as to this would be unwarranted.

We hope that, on reflection, you will agree and will join with us to complete this aspect of discovery expeditiously and fairly.

Thanks,
Ian

**Ian S. Marx, Esq.**
Shareholder
Greenberg Traurig, LLP | 500 Campus Drive, Suite 400 | Florham Park, NJ 07932-0677
Tel 973.360.7951 | Fax 973.295.1307 | Cell 917.969.1845
MarxI@gtlaw.com | www.gtlaw.com

