# EXHIBIT 1

1   MICHAEL J. REISER, ESQ. (SBN 133621)
    REISER LAW P.C.
2   1475 N. Broadway, Suite 300
    Walnut Creek, California 94596
3   Telephone: (925) 256-0400
    Facsimile:  (925) 476-0304
4   michael@reiserlaw.com

5   TYLER R. MEADE, ESQ. (SBN 160838)
    SAMUEL FERGUSON (SBN 270957)
6   THE MEADE FIRM P.C.
    1816 Fifth Street
7   Berkeley, CA 94710
    Telephone: (510) 843-3670
8   Facsimile:  (510) 843-3679
    tyler@meadefirm.com
9   sam@meadefirm.com

10  *Attorneys for Plaintiffs*

11  KURT A. KAPPES (SBN 146384)
    GREENBERG TRAURIG, LLP
12  1201 K Street, Suite 1100
    Sacramento, CA 95814
13  Telephone: (916) 442-1111
    Facsimile (916) 448-1709
14  kappesk@gtlaw.com

15  PHILIP R. SELLINGER (SBN 226468)
    IAN S. MARX
16  (admitted pro hac vice)
    GREENBERG TRAURIG, LLP
17  500 Campus Drive
    Florham Park, NJ 07932-0677
18  Telephone: (973) 360-7918
    Facsimile: (973) 295-1318
19  sellingerp@gtlaw.com

20  *Attorneys for Defendants*

21              UNITED STATES DISTRICT COURT

22             EASTERN DISTRICT OF CALIFORNIA

23  THOMAS F. REISER JR., *et al.*,         | Case No. 2:16-CV-00237-MCE-CKD

24              Plaintiffs,                 | **JOINT MOTION AND STIPULATION TO ISSUE AN AMENDED SCHEDULING ORDER**

25        v.

26  MARRIOTT VACATIONS WORLDWIDE            | [PROPOSED ORDER LODGED AND FILED HEREWITH]
    CORPORATION, *et al.*,

27              Defendants.                 | DEPT:      Courtroom 7
                                            | JUDGE:     Hon. Morrison C. England, Jr.
28

---

*JOINT MOTION AND STIPULATION TO ISSUE AN AMENDED SCHEDULING ORDER*

## I.     INTRODUCTION

This Joint Motion asks for entry of an Order amending the July 14, 2017 Order which extended the fact discovery date to December 15, 2017. Despite diligent work by all, the parties will require another three months to complete the coordinated discovery now being conducted across three related cases. Accordingly, Plaintiffs and Defendants jointly propose an extension of the fact discovery deadline to March 15, 2018. That is the agreed upon and Court-ordered date for the close of discovery in *RCHFU*, one of the other two related cases. The parties agree that fact discovery in *Petrick,* the other related case, should close at the same time and expect that the Court will so order shortly.

## II.    BACKGROUND

As previously stated, there are two cases pending in other jurisdictions that were brought by the same lawyers representing plaintiffs in the three consolidated cases here concerning the RCC-Lake Tahoe and involving overlapping issues and overlapping defendants. *Petrick, et al. v. Marriott Vacations Worldwide Corporation* (San Francisco Sup. Ct. Case No. CGC 15-545987) involves some similar claims made against some of the same defendants related to The Ritz-Carlton Club, San Francisco (the "RCC-San Francisco"). *Petrick* is set for trial on October 5, 2018. The parties are awaiting a ruling for a motion to dismiss in *RCHFU, LLC, et al. v. Marriott Vacations Worldwide Corporation, et al.* (D. Colo. Case No. 16-cv-01301-PAB-GPG) brought by certain fractional purchasers at The Ritz-Carlton Club, Aspen Highlands (the "RCC-Aspen Highlands").

The parties recognized early on that much of the discovery in *Petrick* and *RCHFU* would overlap with the discovery at issue in the cases concerning the RCC-Lake Tahoe here. Thus, in the interest of efficiency, the parties have coordinated discovery efforts in all of these cases; concerning, for example, the production of documents and depositions of fact witnesses.

In the fall of 2016, after the plaintiffs in these RCC-Lake Tahoe cases served document requests, the parties agreed that Defendants would identify responsive documents and review and produce them pursuant to a negotiated process applicable to all three cases. As previously disclosed to the Court, this process was complex and consumed several months. To review, Defendants identified 21 custodians whose electronically stored information had been preserved and uploaded to an Early Case Assessment ("ECA") Tool. The total number of documents that were uploaded to the ECA Tool was 5,465,830.

-2-

After applying a date filter of January 1, 2012 through the present, 1,493,087 documents remained, and after all duplicate documents were eliminated from this data set, the final total came to 1,017,114 documents.

For several months, from January through April 2017, the parties then negotiated and agreed upon a search term list to identify documents that would be potentially responsive to discovery requests in the cases relating to the RCC-Lake Tahoe, RCC-Aspen and RCC-San Francisco pending before this Court and in Colorado and California. Defendants then elevated a representative sample of the potentially responsive documents that were identified when the search terms were applied to a review platform that allowed them to be reviewed for privilege. The representative sample consisted of a proportionally representative number of documents from each custodian. Defendants made an initial production of non-privileged documents from the representative sample. Defendants produced approximately 64,000 pages of documents to Plaintiffs' counsel on May 17, 2017.

Plaintiffs' counsel reviewed this initial production and confirmed that no changes should be made to the search terms and/or the custodian list. Defendants then elevated all of the potentially responsive documents to the review platform, and are in the process of reviewing those documents for responsiveness and privilege. Defendants began a rolling production of responsive and non-privileged documents on June 15, 2017. Defendants have reported that, to the best of their knowledge, they have produced all responsive documents that are not privileged, with the exception of some plaintiff-specific documents that will be produced shortly.

On October 11, 2017, Defendants' counsel sent Plaintiffs' counsel a letter outlining several areas in which Defendants believe that Plaintiffs' responses to Defendants' written discovery requests (Interrogatories, Document Requests and Requests for Admissions) were deficient. In addition, Plaintiffs have raised certain discovery issues with Defendants that they still hope to resolve, but that might result in a motion to compel. So far, the parties have worked through all issues and have not required judicial intervention on discovery issues.

Plaintiffs have reviewed the large volume of documents produced by Defendants, and except as identified above, the parties have mostly completed written discovery.

///

-3-

The parties have also agreed that, where appropriate, Defendants will be required to produce certain witnesses with knowledge relevant to the Lake Tahoe, Aspen and San Francisco cases only once. The parties have been begun diligently taking depositions and have an extensive deposition schedule across a multitude of locations throughout the United States.  Across the three related cases, the parties took five depositions in October (Neveloff, Schneider, Marsden, Mercer, and Cappello) and four so far in November (Cunningham, Phillips, Hayward, and Sobeck).  Four previously-noticed depositions are being rescheduled, and the following depositions are scheduled over the next three weeks (with some disputes regarding those shown with asterisks):

Stephen Weisz at 9:00 a.m. on 11/29 in Orlando*

Philip Gosch at 9:00 a.m. on 12/1 in Denver

Ivan Skoric at 9:00 a.m. on 12/4 in Aspen*

Nicholas DiMeglio at 1/:00 p.m. on 12/4 in Aspen*

Michael Marino at 9:00 a.m. on 12/6 in New York City

Marylynn Clark at 9:00 a.m. on 12/6 in New Jersey

Tyler Oliver at 9:00 a.m. on 12/8 in Kansas City

Eveleen Babich at 9:00 a.m. on 12/11 in Salt Lake City*

Nichole Verrechia at 9:00 a.m. on 12/13 in New York City

Jay Neveloff at 9:00 a.m. on 12/14 in New York City

In addition, Defendants have noticed 18 depositions of plaintiffs in *Reiser.*  Across all three related Ritz cases, Defendants have noticed 134 depositions of plaintiffs (18 in *Reiser*, 91 in *RCHFU* and 25 in *Petrick*) that have been noticed to take place in the period leading up to the December 15th, 2017 fact discovery cutoff that was in place as of the time the Notices had been served.

## III.   ARGUMENT

There is good cause to amend the operative Scheduling Order in *Reiser*, to provide for a fact discovery end date of March 15, 2018.  This would permit fact discovery in *Reiser* to run in parallel with the fact discovery period in *Petrick* and *RCHFU, LLC, et al. v. Marriott Vacations Worldwide Corporation, et al.* (*i.e.*, the Aspen case), in which the Court on November 22, 2017 entered an Order granting the parties' motion to extend the fact discovery date to close on March 15, 2018. The parties are

-4-

1   in agreement that this is the most efficient way to conduct discovery in these cases.

2      As to the *Reiser* case, this is the fourth request to extend this deadline.  This Court has previously

3 approved requests to extend the deadline from its original date of July 17, 2016 to January 13, 2017, and

4 subsequently to extend the deadline again to July 12, 2017 and December 15, 2017, pursuant to earlier

5 joint motions and stipulations submitted by the parties.  *Reiser* Dkt. Nos. 22, 24, 30, 31 and 42.

6      Plaintiffs and Defendants request a continuance in order to have more time to accommodate

7 witnesses' schedules and travel accommodations in light of the tremendous breadth of depositions

8 scheduled across many locations throughout the United States. Without a fact discovery continuance,

9 accommodating such an extensive deposition schedule would be extremely burdensome.

10      The parties at present do not anticipate asking for any more continuances.  Accordingly, the

11 parties respectfully request that the Court grant this motion.  *See Johnson v. Mammoth Recreations, Inc.*,

12 975 F.2d 604, 609 (9th Cir. 1992) ("The district court may modify the pretrial schedule if it cannot

13 reasonably be met despite the diligence of the party seeking the extension") (internal citation omitted);

14 Fed.R.Civ.P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent").

## III.      CONCLUSION

16      Accordingly, the parties jointly request that the Court issue an issuing an Amended Scheduling

17 Order in *Reiser* extending the fact discovery end date to March 15, 2018.

18  DATED:  November 27, 2017        Respectfully submitted,

19                              LAW OFFICE OF MICHAEL J. REISER

20                              THE MEADE FIRM P.C.

21                              By:_____*/s/ Tyler Meade*_____

22                                      TYLER MEADE
                                     Attorneys for Plaintiffs

23  DATED:  November 27, 2017        GREENBERG TRAURIG, LLP

24                              By:_____*/s/ Ian S. Marx*_____

25                                      IAN S. MARX
                                     Attorneys for Defendants Marriott Vacations

26                                      Worldwide Corporation, Marriott Ownership
                                     Resorts, Inc., The Ritz-Carlton Development

27                                      Company, Inc., The Ritz-Carlton Sales Company,
                                     Inc., The Ritz-Carlton Management Company, LLC,

28                                      and The Cobalt Travel Company, LLC

-5-

*JOINT MOTION AND STIPULATION TO ISSUE AN AMENDED SCHEDULING ORDER*