**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC,** *et al.*

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION**, *et al.*

Defendants.

_____

**PLAINTIFFS' REPLY TO MARRIOTT DEFENDANTS' RESPONSE TO THE**
**COURT'S ORDER OF MAY 14, 2018 CONCERNING THE IDENTIFICATION OF**
**DOCUMENTS ON A PRIVILEGE LOG**

_____

On May 14, 2018, the Court ordered that: "Defendants shall also, in a separate and unrestricted filing, identify exactly where the CGC Strategic Plan was listed on any privilege log." Dkt. No. 245.

The Marriott Defendants' response to the Court's order lists ten <u>drafts</u> of what is purportedly the CGC Strategic Plan, but not the final version. Plaintiffs had already informed the Marriott Defendants that Plaintiffs had seen the <u>drafts</u> on the privilege log; Mr. Ferguson sent Mr. Marx an email on Friday, May 11, 2018 noting that the privilege log contained "drafts aplenty" of the CGC strategic Plan -- just not the final version. Rather than simply informing the Court that the final CGC Strategic Plan was never logged, the Marriott Defendants instead listed these "drafts." And the drafts that were logged failed to comply with Fed.R.Civ.P. 26(b)(5)(A)(ii)'s requirement to "describe the nature of the documents, communications, or tangible things not

1

produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." For example, the drafts that were logged do not mention that Cunningham authored the CGC Strategic Plan. Today during a deposition, Plaintiffs learned that Chief Executive Officer Stephen Weisz was also on the Corporate Growth Committee.[1]

Dated: May 15, 2018

Respectfully submitted,

GIBBS LAW GROUP LLP

*/s/ Michael Schrag*
Michael Schrag (CA State Bar #185832)
Linda Lam (CA State Bar#301461)
505 14th Street, Suite 1110
Oakland, CA 94612
Telephone: (510) 350-9718
E-mail: mls@classlawgroup.com
E-mail: lpl@classlawgroup.com

*Attorneys for Plaintiffs*

---

[1] The Marriott Defendants previously moved to preclude Mr. Weisz's deposition by arguing that he lacked "unique personal knowledge" about the events in this case. *See* Dkt. No. 166. The Court denied that motion, and Mr. Weisz's deposition is now scheduled for May 17, 2018.

## <u>CERTIFICATE OF SERVICE</u>

      I, the undersigned, hereby certify that on this 15th day of May, 2018, a true and accurate copy of the foregoing **PLAINTIFFS' REPLY TO MARRIOTT DEFENDANTS' RESPONSE TO THE COURT'S ORDER OF MAY 14, 2018 CONCERNING THE IDENTIFICATION OF DOCUMENTS ON A PRIVILEGE LOG** was served via CM/ECF filing system upon the following:

      Daniel F. Shea, Esq.
        *dan.shea@hoganlovells.com*
      Jessica Black Livingston, Esq.
        *jessica.livingston@hoganlovells.com*
      Hogan Lovells US LLP
      1200 Seventeenth Street, Suite 1500
      Denver, Colorado 80202

      Naomi G. Beer, Esq.
        *BeerN@gtlaw.com*
      Greenberg Traurig, LLP
      1200 17th Street, Suite 2400
      Denver, Colorado 80202

      Ian S. Marx, Esq.
        *MarxI@gtlaw.com*
      Philip R. Sellinger, Esq.
        *SellingerP@gtlaw.com*
      Greenberg Traurig, LLP
      500 Campus Drive, Suite 400
      Florham Park, New Jersey 07932

                        */s/ Linda Lam*
                       Linda Lam