**IN THE UNITED STATE DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC**, a Colorado limited liability company, et al.,

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION**, a Delaware corporation, et al.,

Defendants.

---

### ASPEN HIGHLANDS CONDOMINIUM ASSOCIATION'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS AND A DEFAULT JUDGMENT AGAINST CERTAIN MARRIOTT DEFENDANTS

---

Defendant Aspen Highlands Condominium Association (the "AHCA"), by and through

its undersigned counsel, Hogan Lovells US LLP, respectfully submits this Response in

Opposition to Plaintiffs' Motion for Sanctions and a Default Judgment Against Certain Marriott

Defendants (Dkt. No. 223) (the "Sanctions Motion").

### INTRODUCTION

On April 27, 2018, Plaintiffs filed the Sanctions Motion against certain Marriott

Defendants seeking sanctions for the Marriott Defendants' alleged failure to produce a

November 14, 2013 affiliation agreement between the Lion & Crown Travel Co., LLC and

Marriott Resorts, Travel Company, Inc. (the "2013 Affiliation Agreement"). *See generally*

Sanctions Mot.  Specifically, Plaintiffs seek (i) entry of a default judgment against Ritz-Carlton

Management Company on Plaintiffs' first cause of action for breach of fiduciary duty and

1

against RC Management, Lion & Crown, and Marriott Vacation Club Worldwide Corp. on Plaintiffs' third cause of action for aiding and abetting other defendants' alleged breach of fiduciary and constructive fraud; (ii) leave to re-depose three senior Marriott executives (Mr. Cunningham, Ms. Sobeck, and Mr. Hayward), at the Marriott Defendants' expense; (iii) leave to re-depose "four former Aspen board members," at the Marriott Defendants' expense; and (iv) sanctions under Rule 26(g), including attorneys' fees for the Sanctions Motion. Sanctions Mot. at 2.

Although Plaintiffs do not seek sanctions against the AHCA, they do seek to re-depose four AHCA Board directors.  Yet they did not inform the Court that they had been in discussions with counsel for the AHCA, prior to filing the Sanctions Motion, concerning their request to re-depose the AHCA Board directors, which the AHCA opposed.  In fact, counsel for Plaintiffs asked to re-depose certain AHCA Board directors in connection with the 2013 Affiliation Agreement and separately sought to re-depose AHCA Board president, Mr. Randy Mercer, arguing that they needed additional time with Mr. Mercer beyond the seven hours permitted under the rules and this Court's scheduling order.  The AHCA opposed both requests.  Plaintiffs then filed their Sanctions Motion against the Marriott Defendants, knowing that in doing so they sought as a sanction the very relief that the AHCA opposed.  As discussed below, for numerous reasons, Plaintiffs cannot show the need or good reason required to grant their request for sanctions in the form of leave to re-depose four AHCA Board directors at the Marriott Defendants' expense.[1]

Plaintiffs believe that the 2013 Affiliation Agreement indicates that the AHCA had the

---

[1] Because the Sanctions Motion does not seek any relief against the AHCA, the AHCA takes no position on the three other sanctions Plaintiffs seek.

ability to participate in the decision whether to affiliate the Ritz-Carlton Club, Aspen Highlands with the Marriott Vacation Club Destinations exchange program. *Id.* at 9. And they say they need to re-depose four AHCA Board directors to ask them about the 2013 Affiliation Agreement. The AHCA disagrees with Plaintiffs' interpretation of the significance and relevance of the 2013 Affiliation Agreement. Plaintiffs have been aware of the 2013 Affiliation Agreement since October 2016, when the AHCA produced a document entitled Acknowledgement of and Joinder to Affiliation Agreement Between the Lion & Crown Travel Co., LLC and Marriott Resorts, Travel Company, Inc. (the "Acknowledgement and Joinder Agreement"), which explicitly references the 2013 Affiliation Agreement. Yet when Plaintiffs' counsel deposed the AHCA Board directors in the fall of 2017 and January 2018, a full year after becoming aware of the 2013 Affiliation Agreement, they did not ask the witnesses a single question about the Acknowledgement and Joinder Agreement, its reference to the 2013 Affiliation Agreement, or the 2013 Affiliation Agreement itself.

Moreover, as Plaintiffs are aware from conversations with counsel for the AHCA and from the testimony of Marriott representatives, Marriott did not provide the 2013 Affiliation Agreement to any of the AHCA Board directors or to their counsel, who negotiated the Acknowledgement and Joinder Agreement with Marriott, so there is no reason to retake the AHCA Board directors' depositions. The Plaintiffs request to re-depose the AHCA Board directors, all of whom are volunteers and thus do not receive any compensation for time spent at their depositions, is also not necessary for another reason: the 2013 Affiliation Agreement is irrelevant to Plaintiffs' surviving claims—that the AHCA breached its fiduciary duties and engaged in constructive fraud by holding a survey rather than a vote concerning the affiliation

3

with MVC.  Whether the AHCA Board directors reviewed the 2013 Affiliation Agreement in connection with executing the Acknowledgement and Joinder Agreement in April 2014 does not relate in any way to the circumstances surrounding the survey, which was held beginning in December 2013 and closing in January 2014.  Therefore, permitting Plaintiffs to re-depose AHCA Board directors to inquire into the topic of the 2013 Affiliation Agreement will not provide any relevant, discoverable information and will serve only to prejudice the AHCA Board directors and waste the parties' time and resources.

## ARGUMENT

The AHCA does not dispute that the Court has the inherent power to impose sanctions for bad faith conduct.  But here, Plaintiffs admit that there was no wrongdoing on the part of the AHCA with regard to the production of the 2013 Affiliation Agreement.  Sanctions Mot. at 2 n.1, 10–11.  Imposing a prejudicial sanction against the AHCA because of another defendant's conduct is unwarranted, particularly because Plaintiffs have not shown good cause for the specific sanction requested—the re-deposition of AHCA Board directors.

### I.      Legal Standard

Although parties typically can notice and take depositions without requiring a court's involvement, Federal Rule of Civil Procedure 30(a)(2)(A)(ii) provides that "[a] party must obtain leave of court . . . if the parties have not stipulated to the deposition and . . . the deponent has already been deposed in the case."  Plaintiffs have already deposed numerous AHCA Board members, and the parties have not stipulated to their being re-deposed.  Yet Plaintiffs seek, as a sanction against the Marriott Defendants, to re-depose "four former Aspen Board members" at the Marriott Defendants' expense.  Sanctions Mot. at 2.

4

The decision whether to allow further examination of a party who already has been deposed is within the discretion of the court. *Roberts v. State of Okla.*, 110 F.3d 74, 9 (10th Cir. 1997); *Martensen v. Koch*, 301 F.R.D. 562, 585 (D. Colo. 2014). The party seeking leave to "extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order." Fed. R. Civ. P. 30, Advisory Committee Note to the 2000 Amendment. Generally courts "will not require a deponent to appear for a second deposition without some showing of need or good reason for doing so" because re-deposing a witness "without a showing of [reason] will generally support a finding of annoyance and undue burden or expense." *Myers v. Mid–West Nat'l Life Ins. Co.*, No. 04–cv–00396–LTB–KLM, 2008 WL 2410413, at \*2 (D. Colo. June 11, 2008) (citing *Cuthbertson v. Excel Indus. Inc.*, 179 F.R.D. 599, 605 (D. Kan. 1998)) (internal quotation marks omitted). Where no "need or good reason" is shown, a court should deny the request to re-depose a witness. *See Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, No. 09–cv–00970–PAB–KMT, 2014 WL 358866, at \*1 (D. Colo. Jan. 31, 2014). Such is the case here.

**II.     Plaintiffs have not shown need or good reason to re-depose four AHCA Board directors.**

The AHCA opposes Plaintiffs' request for sanctions to conduct continued depositions of four AHCA Board directors who already have been deposed. Plaintiffs' counsel failed to inform the Court of the AHCA's position on their request to re-depose the AHCA Board directors. The only basis for Plaintiffs' request to re-depose AHCA Board directors is that Plaintiffs recently discovered that the Marriott Defendants failed to produce the 2013 Affiliation Agreement. However, this does not constitute "need or good reason" to justify re-deposing a witness who already has been deposed, and this Court should exercise its discretion to deny Plaintiffs leave to

5

do so.

As an initial matter, the AHCA Board directors would be prejudiced if they were required to sit for a second deposition in this case. All of the AHCA Board directors are volunteers and are not compensated for their time like corporate executives. *Contra Ironstone Condominiums at Stroh Ranch Owners Ass'n, Inc. v. Peerless Indem. Ins. Co.*, No. 12-CV-03160-CMA-KMT, 2014 WL 518241, at \*2 (D. Colo. Feb. 7, 2014) (explaining that being paid for deposition time weighs in favor of granting a second deposition of an already-deposed individual). Plaintiffs have not identified the four AHCA Board directors whom they wish to re-depose. But the AHCA presumes that the four directors are Mr. Randy Mercer, Mr. Philip Schneider, Mr. Gerald Marsden, and Mr. Tyler Oliver.[2] Three of those four directors Mr. Schneider, Mr. Marsden, and Mr. Oliver, are former directors and are no longer even on the AHCA Board. Mr. Oliver and Mr. Mercer are self-employed in the real-estate industry and would not be able to bill clients while being deposed, thus disrupting their professional jobs. The AHCA will also incur travel expenses and fees were the Court to order further depositions of Mr. Mercer (who lives in Fort Myers, Florida), Mr. Schneider (who lives in Scottsdale, Arizona), Mr. Marsden (who lives in New York, New York), and Mr. Oliver (who lives in Overland Park, Kansas).[3] And as discussed

---

[2] Plaintiffs request as a sanction permission to re-depose "four former Aspen board members," Sanctions Mot. at 2, but sometimes refer to them as just "four Aspen board members," *id.* at 10. Although Mr. Mercer is a current, not a former, board member, the AHCA presumes Plaintiffs wish to re-depose him because he was the President of the AHCA Board at the time. Of the other AHCA Board directors who have already been deposed, Mr. Schneider and Mr. Oliver were also on the Board at the relevant time, and Mr. Marsden had just completed his term in the fall of 2013.

[3] Although Plaintiffs request that the Court order the second depositions at the Marriott Defendants' expense, it is unclear whose attorneys' fees and costs they seek to be covered. *See* Sanctions Mot. at 2. Even if Plaintiffs seek to have Marriott pay the AHCA's counsel's fees and

in detail below, the testimony Plaintiffs seek is unrelated to their current claims against the AHCA, so it is unclear what relevant testimony Plaintiffs could obtain by asking these witnesses to volunteer additional time to sit for a second deposition.

Assuming that Mr. Mercer is one of the AHCA Board directors whom Plaintiffs wish to re-depose, Plaintiffs have failed to apprise the Court of the fact that Plaintiffs and the AHCA have been discussing—and the AHCA opposes—the Plaintiffs' separate desire to continue Mr. Mercer's deposition to permit additional examination beyond the seven-hour time limit.  The AHCA's bases for opposing that request provide further grounds to deny Plaintiffs' sanctions request to re-depose Mr. Mercer:  first, Plaintiffs' counsel already deposed Mr. Mercer for the full seven hours permitted by the Rules and this Court's scheduling order, and they have not shown good cause for exceeding this limit.  *See* Declaration of Jessica Black Livingston, ¶ 3. Second, Plaintiffs' counsel acted disrespectfully toward Mr. Mercer during his deposition, as evidenced by certain excerpts from the deposition transcript.  *See id.*, ¶¶ 4–5, Ex. 1 (excerpts of the deposition transcript of R. Mercer on Oct. 24, 2017).  Any re-deposition of Mr. Mercer, whether on the topic of the 2013 Affiliation Agreement or otherwise, would be unwarranted for these additional reasons.

Furthermore, in October 2016—long before Plaintiffs commenced any depositions in this case—the AHCA produced to Plaintiffs the Acknowledgement and Joinder Agreement.  *See id.*, ¶ 6; *see also id.*, ¶ 7, Ex. 2 (Acknowledgement and Joinder Agreement).  This document, which was signed by AHCA Board president Mr. Randy Mercer in April 2014, explicitly states that the AHCA is acknowledging and joining the 2013 Affiliation Agreement—the exact agreement that

---

costs, doing so does not remedy the other prejudice the AHCA and its counsel will suffer, including lost time and income for the AHCA Board directors, as described above.

Plaintiffs argue the Marriott Defendants failed to produce until just recently.  The Acknowledgement and Joinder Agreement repeatedly references the 2013 Affiliation Agreement, including in its title, opening paragraph, recitals, and numbered paragraphs.  *Id.*, Ex. 2.  However, despite having the AHCA's Acknowledgement and Joinder Agreement since October 2016, Plaintiffs voluntarily chose not to ask Mr. Mercer, Mr. Schneider, Mr. Marsden, or Mr. Oliver about the 2013 Affiliation Agreement referenced in the Acknowledgement and Joinder at their depositions.  *See id.*, ¶ 8.  In fact, it is this exact Acknowledgement and Joinder that alerted Plaintiffs' counsel to the existence of the 2013 Affiliation Agreement on March 12, 2018.  *See* Sanctions Mot. at 8–9.  Plaintiffs' counsel should have known as early as October 2016 from the Acknowledgement and Joinder that the 2013 Affiliation Agreement existed, and they had a year to request it before beginning the depositions of the AHCA Board directors in October 2017.

The lack of diligence on the part of Plaintiffs' counsel in not requesting the 2013 Affiliation Agreement between October 2016 and October 2017 is consequential because the Court "may deny leave to conduct a second deposition of the witness even if relevant documents are produced subsequent to the deposition if the party taking the deposition either failed to request those documents in a timely fashion or chose to conduct the deposition prior to the completion of document discovery." *Fresenius Medical Care Holdings, Inc. v. Roxane Labs., Inc.*, No. 2:05-cv-0889, 2007 WL 764302, at *2 (S.D. Ohio Mar. 9, 2007) (citing *Lowery v. Noble Drilling Corp.*, No. CIV. A. 96–3968, 1997 WL 675328 (E.D. La. Oct. 29, 1997)) (ultimately permitting the re-deposition based primarily on considerations of costs and relevance of testimony).  Plaintiffs did not request this document from the AHCA or any Marriott

8

Defendant, and even if they had, the AHCA did not possess the document, as Plaintiffs recognize. *See* Sanctions Mot. at 10–11; *see also* Decl. of J. Livingston, ¶ 9.

Moreover, Plaintiffs chose to conduct their depositions of the AHCA Board directors prior to the completion of document discovery. Plaintiffs began their depositions of the AHCA Board directors in early October 2017 and concluded in January 2018. *See* Sanctions Mot., Decl. of Michael J. Reiser, ¶ 27 (listing deposition dates of witnesses, including AHCA Board directors). But in April 2017, well before the Plaintiffs actually deposed the AHCA Board directors, Plaintiffs represented to the Court that they "have been prepared to commence depositions for some time" and that, as of April 13, 2017, they were "prepared to immediately commence depositions of the Defendant Association." *See* Revised Scheduling Order, Sections 6 & 9, at 4, Dkt. No. 127 (Apr. 13, 2017) (Plaintiffs' response to AHCA's desired language for the case plan and schedule for commencement of depositions). Plaintiffs thus were "immediately" ready for depositions of the AHCA Board directors and proposed beginning those depositions in April 2017, knowing additional document productions were still to come: "Plaintiffs object to Defendant Association's language which would effectively make the commencement of any depositions contingent on the production of all records. Plaintiffs do not require all documents to commence depositions." *Id.* To be sure, the 2013 Affiliation Agreement was not produced by the Marriott Defendants until March 13, 2018, but Plaintiffs were ready to begin deposing the AHCA Board directors in April 2017,[4] and did in fact depose the directors in the fall of 2017 and January 2018, knowing full well the risks they assumed by

---

[4] Plaintiffs were ready to begin depositions prior to August 2017, when the Marriott Defendants certified that their production was substantially complete. *See* Sanctions Mot. at 5 (regarding Marriott's certification concerning its production).

doing so before the completion of document discovery.  *See Fresenius Medical Care Holdings, Inc.*, 2007 WL 764302, at \*2.

Additionally, Plaintiffs recognize that the AHCA Board did not see or review 2013 Affiliation Agreement, *see* Sanctions Mot. at 10–11, so it is unclear how the AHCA Board directors' testimony would be relevant to the terms of the document.  The terms and conditions of the 2013 Affiliation Agreement are set forth plainly in the document, which speaks for itself; Plaintiffs do not suggest how any testimony from the AHCA Board directors about the 2013 Affiliation Agreement's terms could be relevant when they did not receive or review it at any time.  In fact, because the AHCA Board did not see or review the document, there is no reason that Plaintiffs' counsel could not have obtained the testimony they now seek by asking the AHCA Board directors generally about the document during their deposition (which Plaintiffs' counsel should have known about because it was explicitly reference in the Acknowledgement and Joinder Agreement):  there is no need to present the witnesses with the document in order to question them about its existence if they have never seen or reviewed it before.

The only testimony Plaintiffs identify that they say they would have asked about is: (1) "whether RC Management provided them with a copy of the 2013 Affiliation Agreement," *id.* at 3; (2) "whether they [the Board] were aware that the Association could prevent the MVC affiliation," *id.*; and (3) to "confirm that the Marriott Defendants asked them to sign the joinder in the affiliation without showing them the 2013 Affiliation Agreement giving them the right to reject affiliation," *id.* at 10.  Plaintiffs' counsel could have asked these questions during the depositions of the AHCA Board directors.  This is not a situation where the witnesses "refused to answer pertinent questions," *Koch*, 301 F.R.D. at 585, and thus should be re-deposed.  The

pertinent questions were not asked of the witnesses at the time of their depositions, and presenting the witnesses with a document they never received or reviewed does not change the fact that the same testimony could have been obtained previously.

Critically, given that the AHCA Board directors did not receive or review the 2013 Affiliation Agreement, their testimony concerning a document they did not receive or review is not relevant to Plaintiffs' remaining claims in this case. Plaintiffs' claims that remain viable at this point concern whether the AHCA breached its fiduciary duties or committed constructive fraud by facilitating a survey and not a vote on the question of affiliating with the MVC. *See* Order, Dkt. No. 210 at 22–23, 25 (Mar. 29, 2018) (dismissing breach-of-fiduciary-duty claim based on alleged failure to enforce restrictive covenants and constructive-fraud claim based on failure to disclose governing documents or any conflict between the affiliation proposal and governing documents). The 2013 Affiliation Agreement does not once mention a survey or a vote. *See* Decl. of Michael J. Reiser, Ex. G (not containing the term survey or vote in the agreement, and mentioning the term survey only in the draft exhibit B to the 2013 Affiliation Agreement, which represents a draft form of an acknowledgement of and joinder to the 2013 Affiliation Agreement). It does not in any way relate to the survey, nor do Plaintiffs suggest that any testimony concerning the document would touch on the issue of the survey. The Court need not order witnesses to be re-deposed when the information sought is not relevant to the existing claims in the case. *See, e.g.*, *Myers*, 2008 WL 2410413, at *2 (considering the "relevance of the information sought" with regard to the existing claims among the factors indicating the "burden and expense of the proposed additional discovery" through re-deposition of a witness outweighed its likely benefit and did not meet the "requisite showing of need or good reason").

11

Plaintiffs' counsel argues that the AHCA Board's execution of the Acknowledgement and Joinder Agreement breached its duty to exercise reasonable care, citing *John Doe (1) v. Archdiocese of Denver*, 413 F. Supp. 2d 1187, 1191 (D. Colo. 2006), and that Plaintiffs are prejudiced by the late production of the 2013 Affiliation Agreement because they would have sought leave to amend to allege a claim for breach of the duty of care.  *See* Sanctions Mot. at 14–15.  The authority Plaintiffs rely on makes a general statement that a fiduciary owes a duty to exercise reasonable care and skill, but the case addresses whether federal question jurisdiction exists for claims against an Archdiocese for negligent hiring, negligent supervision, negligent retention, and fraud in relation to a priest who allegedly sexually assaulted young boys.  *John Doe (1)*, 413 F. Supp. 2d at 1190–91.  Plaintiffs have not alleged any claim against the AHCA for breach of the duty of care in their Sixth Amended Complaint.  *See generally* Dkt. No. 250.  Any discovery on such a claim—particularly re-deposing a witness who already has been deposed—would be improper at this juncture.  Plaintiffs first must seek leave of the Court to amend their claims to add a new cause of action against the AHCA before discovery on that putative cause of action should be allowed.  To be clear, the AHCA does not suggest that Plaintiffs be permitted to amend their Sixth Amended Complaint; rather, the ACHA contends that because the Sixth Amended Complaint does not contain any allegations or claims against the AHCA relating to a breach of the duty of care, and because the only remaining issues in this case concern the Defendants' conduct with regard to the narrow issue of the survey that was held on the question of affiliating with the MVC, Plaintiffs' rationale for seeking to re-depose certain AHCA Board directors—to question them about the 2013 Affiliation Agreement—is not relevant to Plaintiffs' current claims in this case.

Ultimately, Plaintiffs have failed to show need or good reason for their request to re-depose four AHCA Board directors.  Because they have failed to make this showing, the Court should exercise its discretion and, pursuant to Federal Rule of Civil Procedure 30(a)(2)(A)(ii), decline to award them sanctions in the form of leave to re-depose the AHCA Board directors at the Marriott Defendants' expense.[5]

## CONCLUSION

For these foregoing reasons, the AHCA respectfully requests that the Court deny Plaintiffs' request for sanctions against certain Marriott Defendants in the form of leave to re-depose four AHCA Board directors in order to question them about the 2013 Affiliation Agreement.

---

[5] Plaintiffs argue, pursuant to *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), for terminating sanctions against certain Marriott Defendants.  *See* Sanctions Mot. at 14–19. Plaintiffs do not seem to suggest that the Court should consider the *Ehrenhaus* factors in its analysis whether to award non-terminating sanctions such as the re-deposition of AHCA Board directors.  However, to the extent Plaintiffs do so argue, the AHCA contends that Plaintiffs cannot show any of the five factors that would warrant the sanctions Plaintiffs request against the AHCA.  *Ehrenhaus*, 965 F.2d at 921.  There is no prejudice to Plaintiffs by refusing to order the re-deposition of the AHCA Board directors, as explained above.  The AHCA has not interfered with the judicial process, as the Plaintiffs argue the Marriott Defendants have.  The AHCA is not culpable with regard to the failure to produce the 2013 Affiliation Agreement, as Plaintiffs recognize when they argue that the AHCA did not possess the document (and thus could not have been obligated to produce it).  *See* Sanctions Mot. at 10–11.  The Court has not warned the parties about any sanctions related to the 2013 Affiliation Agreement.  And other sanctions against the Marriott Defendants as requested by the Plaintiffs in the Sanctions Motion would provide an adequate remedy to the Marriott Defendants' alleged misconduct.

Respectfully submitted this 18th day of May, 2018.


/s/ Daniel F. Shea
Daniel F. Shea
Jessica Black Livingston
HOGAN LOVELLS US LLP
1601 Wewatta Street, Suite 900
Denver, Colorado 80202
Telephone: (303) 899-7300
FAX: (303) 899-7333
E-mail: dan.shea@hoganlovells.com
E-mail:jessica.livingston@hoganlovells.com

*Attorneys for Defendant Aspen Highlands*
*Condominium Association*

14

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 18th day of May, 2018, a true and accurate copy of the foregoing **ASPEN HIGHLANDS CONDOMINIUM ASSOCIATION'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS AND A DEFAULT JUDGMENT AGAINST CERTAIN MARRIOTT DEFENDANTS** was filed and served via CM/ECF filing system upon following:

Matthew C. Ferguson, Esq.
The Matthew C. Ferguson Law Firm, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611

Michael J. Reiser, Esq.
Law Office of Michael J. Reiser
1475 N. Broadway, Suite 300
Walnut Creek, California 94596

Michael L. Schrag, Esq.
Linda Lam, Esq.
Gibbs Law Group LLP
505 14th Street, Suite 1110
Oakland, California 94612

Tyler R. Meade, Esq.
The Meade Firm P.C.
1816 Fifth Street
Berkeley, California 94710

Naomi G. Beer, Esq.
Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, Colorado 80202

Ian S. Marx, Esq.
Philip R. Sellinger, Esq.
Todd Schleifstein
Greenberg Traurig, LLP
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932

*/s/ Greg Apt*