IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 16-01301 PAB

RCHFU, LLC, et al.

    Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, et al.

    Defendants.

---

### MARRIOTT DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS UNOPPOSED MOTION TO RESTRICT ACCESS

---

Pursuant to Local Civil Rule 7.2(c), Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, and The Lion & Crown Travel Co., LLC (collectively, "Marriott Defendants") respectfully submit this Motion to Restrict Access regarding ECF#246 (the "Unredacted Strategic Plan Memo" or the "Memo") and the attachments to ECF#247[1] (the "Borkholder Exhibits"). In support, the Marriott Defendants state as follows.

**COMPLIANCE WITH DISTRICT OF COLORADO LOCAL CIVIL RULE 7.1**

Counsel for the Marriott Defendants conferred with counsel for Plaintiffs regarding the substance of this motion. Counsel for Plaintiffs indicated that they do not oppose the Marriott Defendants' Motion to Restrict Access insofar as the Motion requests that the Unredacted Strategic Plan Memo remain restricted while the stay issued in the Court's May 22, 2018 Order

---

[1] The Borkholder Declaration itself was filed in unrestricted form on May 16, 2018 (ECF#253, Attachment 1), in response to the Court's Order issued on the same date (ECF#252), which specifically directed the Marriott Defendants to file the Declaration without restriction *excluding* its attachments.

on Plaintiffs' Motion to Compel is in place. Plaintiffs reserve their right to seek production of the Unredacted Memo. Plaintiffs do not oppose this Motion to Restrict Access insofar as it seeks to restrict access to the Borkholder Exhibits.

## INTRODUCTION

By way of this Motion to Restrict, the Marriott Defendants seek to protect confidential documents—which contain sensitive business information and are subject to the attorney-client privilege—from public disclosure. In response to a Motion to Compel *In Camera* Review of an Unredacted Version of Marriott's Strategic Plan Memorandum and Request for Expedited Relief (ECF#239) ("Motion to Compel"), both the Unredacted Strategic Plan Memo and the Borkholder Exhibits were filed on May 15, 2018, under a Level 2 restriction, which will expire after fourteen (14) days pursuant to Local Civil Rule 7.2(e). The Marriott Defendants therefore file this Motion to Restrict to ensure that the confidentiality of these documents remains protected.

First, the Unredacted Strategic Plan Memo contains competitively sensitive and confidential information authored by or with input from the Marriott Defendants' Law Department attorneys. The Memo concerns a Strategic Plan for future actions concerning the Ritz-Carlton Destination Club ("RCDC"). Implementation of the Strategic Plan required the Corporate Growth Committee's (the "CGC") formal approval. Such approval, however, was dependent on substantial legal due diligence. Even if the Memo is not protected by the attorney-client privilege, it is subject to a Confidential designation under the Protective Order in this case (ECF#100). Independent of the Protective Order, the Memo contains highly sensitive business information that would harm the Marriott Defendants if disclosed to competitors. Thus, the Unredacted Strategic Plan Memo should be restricted under Local Civil Rule 7.2 regardless of the Court's ultimate determination of its privileged status.

Second, the Borkholder Exhibits are subject to the attorney-client privilege and in need of restriction. With one exception, the Borkholder Exhibits have not been produced to Plaintiffs[2], and Plaintiffs have not challenged the privileged nature of these documents. The Borkholder Exhibits were submitted to the Court to demonstrate the substantial attorney involvement in the Memo, including the communication of legal advice and actual drafting of certain sections of the Memo by lawyers. None of the Borkholder Exhibits are subject to the Plaintiffs' Motion to Compel and their privileged nature is not the subject of any current dispute. Accordingly, the Borkholder Exhibits should remain restricted.

## BACKGROUND

Plaintiffs' Motion to Compel sought an *in camera* review and production of the Unredacted Strategic Plan Memo. On May 13, 2018, the Marriott Defendants filed a Response to the Motion to Compel, indicating that they did not object to providing the Court the unredacted Memo for *in camera* review. In addition, the Marriott Defendants requested the Court's permission to submit, along with the unredacted Memo, "a Declaration that establishes the factual predicate for the assertion of privilege, additional documents demonstrating the involvement of counsel and the privileged nature of the document, and a short Memorandum that identifies the relevant legal authority supporting the claim of privilege and response to the authority on which Plaintiffs rely." (ECF#240).

On May 14, 2018, the Court ordered the Marriott Defendants to produce the Unredacted Memo at a Level 2 Restriction. ECF#245. In addition, the Court permitted the Marriott

---

[2] Plaintiffs requested the document attached as Exhibit B to the Borkholder Declaration (ECF#247-2) on May 18, 2018. The Marriott Defendants produced the document to Plaintiffs subject to Plaintiffs' agreement that such production does not constitute a waiver of privilege, to which Plaintiffs agreed.

3

Defendants to submit supporting documents as requested in their May 13, 2018 Response. Accordingly, on May 15, 2018, the Marriott Defendants submitted the unredacted Memo at a Level 2 Restriction (ECF#246), the Declaration of Kathi Borkholder and accompanying exhibits at a Level 2 Restriction (ECF#247), and a memorandum in response to the Motion to Compel (ECF#249) at a Level 2 Restriction. In the memorandum in response to the Motion to Compel (ECF#249), the Marriott Defendants volunteered to file unrestricted copies of the memorandum and the Borkholder Declaration if the Court determined that doing so would not lead to a waiver of the attorney-client privilege. (ECF#249 at 2, n.1). On May 16, 2018, the Court ordered the Marriott Defendants to file the "memorandum (ECF #249) and the Borkholder declaration (ECF #247-NOT including any attachments) without restriction" and added that its "Order requiring unrestricted filing of these two documents shall not constitute a waiver of the attorney-client privilege." (ECF#252). Accordingly, the Marriott Defendants filed unrestricted copies of both documents on the same date. (ECF#253).

On May 22, 2018[3], the Court issued a decision on the Motion to Compel. As it relates to the instant Motion to Restrict, the Court determined that the Memo contains a mixture of business and legal advice. (ECF#265 at 6). The Court further held that the Memo "was prepared primarily for purposes of developing a successful strategy for further operation of a portion of the business." (ECF#265 at 8). The Court therefore ordered the production of the unredacted Memo, noting that, "[p]ursuant to operation of the protective order (ECF #100), a timely designation by Defendants of the confidential status, ECF #246 will remain restricted and shall be treated as confidential through the pendency of this action and in accordance with the protective order." (ECF#265 at 9).

---

[3] The Order is dated May 22, 2018, but it was docketed and served on counsel via ECF on May 23, 2018.

As part of its analysis, the Court considered the Borkholder Declaration. The Court noted that

> [t]he affidavit of Ms. Borkholder, Vice President and Senior Counsel within the Law Departments of Marriott International, Inc., outlines the process by which the CGC memorandum was prepared (ECF #247). Over some 6 months, various attorneys within the law department were tasked with significant responsibility for preparation of the document which was ultimately derived.

(ECF#265 at 6). The Borkholder Declaration attached seven (7) exhibits, which were filed and currently remain as Restricted Level 2. (ECF#247-1–247-7). Each document contains attorney-client privileged information and discussions leading to the creation of the Memo. The Borkholder Exhibits involve and convey legal advice. In particular, one document, created by the then Deputy General Counsel of Marriott's Law Department, sets forth specific subjects on which legal advice was sought. (ECF#247-1). Five of the documents are email communications centered on the Law Department's legal advice regarding the Memo, and the remaining document is an email attachment containing a draft version of the Memo illustrating the Legal Department's contributions.

## **LEGAL STANDARDS**

Pursuant to Local Rule 7.2(c), a motion to restrict public access shall:

(1) identify the document or the proceeding for which restriction is sought;
(2) address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction);
(3) identify a clearly defined and serious injury that would result if access is not restricted;
(4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and
(5) identify the level of restriction sought.

D. COLO. LOCAL CIV. R. 7.2(c).  "It is beyond question that this [c]ourt has discretionary power to control and seal, if necessary, records and files in its possession." *United States v. Dillard*, 795 F.3d 1191, 1205 (10th Cir. 2015) (quoting *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir.1980)).  Indeed, a court may, in its discretion, restrict the public's right to access to judicial records

> if the public's right of access is outweighed by competing interests. In exercising this discretion, we weigh the interests of the public, which are presumptively paramount, against those advanced by the parties. To overcome this presumption against sealing, the party seeking to seal records must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process.

*JetAway Aviation, LLC v. Bd. of Cty. Comm'rs of Cty. of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014) (internal citations and quotation marks omitted); *see also Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (The presumption in favor of public access is "not absolute," and is overcome where "countervailing interests outweigh the public interests in access."). "[A] sufficient showing to overcome the presumption may be found where the records contain trade secrets, . . . business information that might harm a litigant's competitive standing, . . . information which could harm the competitive interests of third parties, . . . or private or personally identifiable information, . . . or otherwise invade privacy interests[.]" *Anderson v. Walgreen Co.*, Civil Action No. 14-cv-02642-RM-MJW, 2016 U.S. Dist. LEXIS 1740, at *4 (D. Colo. Jan. 7, 2016) (internal citations and quotation marks omitted).  Significant here, the Supreme Court has acknowledged that discovery materials "were not open to the public at common law." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33, 81 L. Ed. 2d 17, 104 S. Ct. 2199 (1984) (noting "restraints placed on discovered, but not yet admitted, information, are not a restriction on a traditionally public source of information"); *United States v. Wolfson*, 55 F.3d 58,

60 (2d Cir. 1995) (finding no public right of access to documents submitted to court in camera as part of discovery dispute).

The Tenth Circuit recognizes that protection of privileged documents and work product is, in fact, in the *public* interest. *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980) ("Pointing in the other direction, however, is the public interest expressed in the doctrines of attorney-client privilege and work product immunity; a decision circumventing these doctrines poses a significant threat to the free flow of communications between clients and their attorneys and inhibits the ability of lawyers to adequately prepare their clients' cases); *see also United States v. Gonzales*, 150 F.3d 1246, 1266 (10th Cir. 1998) (finding it was an abuse of discretion for the district court to unseal documents protected by attorney-client privilege and as work product); *Siedle v. Putnam Investments, Inc.*, 147 F.3d 7, 11 (1st Cir. 1998) (stating "[protecting the attorney-client privilege] is precisely the kind of countervailing concern that is capable of overriding the general preference for public access to judicial records").

Protection is likewise appropriate where records may become "a vehicle for an improper purpose," including where the documents at issue are "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Thus, courts have long recognized that a party's interest in maintaining confidentiality of competitively sensitive documents outweighs the public's general interest in access to court records: "[c]ommercial competitors seeking an advantage over rivals need not be indulged" in favor of public access "in the name of monitoring the courts." *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995); *see Hershey v. ExxonMobil Oil Corp.*, 550 F. App'x 566, 574 (10th Cir. 2013) (maintaining "confidential commercial competitive information" under seal).

# ARGUMENT

I. **Identifications Under Local Rules 7.2(c)(1) and (5)**

    A. **The Marriott Defendants Request that the Unredacted Strategic Plan Memo (ECF#246) Remain Restricted at Level 2 at Least Until the Stay is Lifted Under the Court's May 22, 2018 Order (ECF#265).**

Pursuant to Local Rule 7.2(c)(1) and (5), the Marriott Defendants request that the Memo remain restricted at Level 2 until the stay is lifted under the Court's May 22, 2018 Order. Under Rule 72(a) of the Federal Rules of Civil Procedure, the parties have 14 days from the date of the Order to object to the Court's ruling. Until the Marriott Defendants make a determination on whether to object, and during the pendency of any objection proceedings, the unredacted Memo should maintain its Level 2 restriction.[4] If the Marriott Defendants do not object, or if their objection is unsuccessful, then the Memo should remain at a Level 1 Restriction. The less restrictive designation of Level 1 would be appropriate if and when the Marriott Defendants produce the unredacted Memo to Plaintiffs, as access is limited to the parties and the Court under a Level 1 Restriction. D. COLO. LOCAL CIV. R. 7.2(b).

    B. **The Marriott Defendants Request that the Borkholder Exhibits (ECF #247-1–7) Remain Restricted at Level 2 for the Remainder of the Action**

Pursuant to Local Rule 7.2(c)(1) and (5), the Marriott Defendants request that the Borkholder Exhibits remain restricted at Level 2 for the remained of this action. Under Level 2 restriction, access is limited to the Marriott Defendants and the Court. D. COLO. LOCAL CIV. R. 7.2(b).

---

[4] The Court acknowledged as much in its Order: "Pursuant to operation of the protective order (ECF #100), a timely designation by Defendants of the confidential status, ECF #246 will remain restricted and shall be treated as confidential through the pendency of this action and in accordance with the protective order." (ECF#265 at 9).

## II. The Memo and Borkholder Exhibits Should Remain Restricted Because They Contain Sensitive Business Information and Privileged Information, and are Entitled to a Confidential Designation Under the Protective Order.

As an initial matter, the Memo and the Borkholder Exhibits were submitted to the Court in response to a discovery motion filed by the Plaintiffs seeking to compel the production of the Memo. The Borkholder Exhibits were not the subject of the Plaintiffs' motion; rather, they were submitted by the Marriott Defendants to support their assertion of privilege. Federal courts overwhelmingly recognize that the public interest in access to documents filed pursuant to discovery disputes is low. *See, e.g.*, *Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 755 (10th Cir. 2009) (district court properly sealed documents that were not central to its determination on the merits); *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001) (holding that documents attached to discovery motions are not subject to the right of public access at all).

As such, the Marriott Defendants' interests in maintaining the documents' privilege protections and protecting the documents' confidential information overcome the presumption of public access.

### A. The Marriott Defendants' Interest in Maintaining the Attorney-Client Privilege Outweighs the Public Interest in Open Access

As set forth above, the protection of privileged documents is, in fact, in the public interest. *See Dobbins*, 616 F.2d at 46; *Gonzales*, 150 F.3d 1246, 1266; *Siedle*, 147 F.3d at 11. As this Court recognized, the Borkholder Declaration and its Exhibits detail the substantial involvement of counsel in the creation of the Memo. (ECF#265 at 6). The Borkholder Exhibits consist of attorney work product and legal advice. The communications captured in the Borkholder Exhibits exemplify the free flow of information between attorneys and clients that

9

the attorney-client privilege seeks to protect. The Marriott Defendants' interest in maintaining a Level 2 Restriction of the Borkholder Declaration not only outweighs any public interest in disclosure, it is concomitant with the public's interest in maintaining the sanctity of the privilege. Moreover, the Borkholder Exhibits were submitted only to demonstrate attorney involvement in the Memo. As a result, this Court should maintain the Level 2 Restriction of the Borkholder Exhibits.

### B. The Public Interest in Open Access is Further Outweighed by the Marriott Defendants' Interest in Protecting its Competitively Sensitive Information

Both the Borkholder Exhibits and the Memo contain competitively sensitive information or discussions about such information, the protection of which outweighs the public interest in disclosure. Indeed, the protection of competitively sensitive information has long been recognized as a compelling reason to maintain the confidentiality of documents filed in the court record. *See, e.g., Nixon*, 435 U.S. at 598; *Hershey*, 550 F. App'x at 574; *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (documents that contained competitively sensitive information, such as "pricing terms," should remain under seal); *In re Qualcomm Litig.*, No. 3:17-CV-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (sealed filing is appropriate to "prevent competitors from gaining insight into the parties' business model and strategy"); *Bauer Bros. LLC v. Nike, Inc.*, No. 09CV500-WQH-BGS, 2012 WL 1899838, at *2 (S.D. Cal. May 24, 2012) (sealing documents that revealed business information such as defendant's marketing strategies and sales and retailer data).

In this case, any competitor in the industry could turn to the Memo and Borkholder Exhibits to glean, and ultimately copy, a strategy for the future of the Ritz-Carlton Destination Club. The creation of the Memo required significant legal and business analysis, which is not

only subject to protection under the Protective Order in this case (ECF #100) but also independently warrants protection from this Court due to its sensitive nature.

### C. Public Filing of the Memo and Borkholder Exhibits Would Seriously Injure the Marriott Defendants

As an initial matter, the Memo and the Borkholder Exhibits reflect legal advice from in-house counsel, and the public filing of these documents could infringe upon the right and freedom to freely exchange communications and ideas with counsel. The Borkholder Exhibits in particular are not the subject of any dispute and were merely submitted to support the Marriott Defendants' opposition to a non-dispositive discovery motion. Public filing of the Borkholder Exhibits could destroy the Marriott Defendants' attorney-client protection and chill the attorney-client relationship. Even assuming, as this Court has held, that the Plaintiffs are entitled to the unredacted Memo, it should nevertheless be shielded from public disclosure due to the competitively sensitive nature of its contents.

Indeed, as explained above, disclosure of the Memo and the Borkholder Exhibits would harm the Marriott Defendants in a business sense. The Memo, for example, contains sensitive profit and loss and cash flow information, analysis of business and legal risks, financial projections, and an ultimate strategy recommendation. The Borkholder Exhibits reflect some of the discussions, which are predominately legal in nature, which led to the Memo, as well as legal documents and drafts containing attorney work product. The disclosure of this information would provide competitors insight into the Marriott Defendants' business strategies and concerns. Accordingly, the Memo and Borkholder Exhibits should be restricted to protect the Marriott Defendants from unnecessary competitive harm, which is especially compelling in this instance because the documents were filed in conjunction with a non-dispositive discovery motion and not a substantive, merits-based adjudication of the claims in this case.

**D. No Alternative Restriction is Practicable or Would Adequately Protect the Marriott Defendants' Interests**

The Marriott Defendants already provided Plaintiffs with a redacted version of the Memo, and, in any event, the Memo as a whole is subject to a confidential designation under the Protective Order. The emails contained in the Borkholder Exhibits are replete with attorney-client communications and any sufficient redactions would hide virtually the entire email chain, except for some of the email fields. Such redactions would afford no greater public access than maintaining the restriction. The non-email Borkholder Exhibits suffer from a similar problem. The documents in their entirety constitute attorney-client communications and no amount of redaction could maintain the privilege while also giving the public any meaningful access to the contents.

## CONCLUSION

For the foregoing reasons, the Marriott Defendants respectfully request that this Court grant their Motion to Restrict Access and maintain the Level 2 restriction of ECF#246 (the unredacted Memo)[5] and the attachments to ECF#247 (the Borkholder Exhibits).


Dated:  May 29, 2018                          Respectfully submitted,

                                              GREENBERG TRAURIG, LLP

                                              By:  s/ Ian S. Marx
                                              Naomi G. Beer
                                              Philip R. Sellinger
                                              Ian S. Marx
                                              1200 Seventeenth Street, Suite 2400
                                              Denver, Colorado 80202
                                              Tel: 303.572.6500 / Fax: 303.572.6540

---

[5] The Marriott Defendants acknowledge that, if the stay of the Court's May 22, 2018 Order is lifted and the unredacted Memo is produced to Plaintiffs, a Level 1 Restriction would be appropriate.

12

500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
Tel: 973.360.7900 / Fax: 973.301.8410
Email:  BeerN@gtlaw.com,
SellingerP@gtlaw.com,  MarxI@gtlaw.com

*Attorneys for the Marriott Defendants*

CERTIFICATE OF SERVICE

   I hereby certify that on this 29th day of May, 2018, a true and accurate copy of the foregoing **MARRIOTT DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS UNOPPOSED MOTION TO RESTRICT ACCESS** was filed and served with the Clerk of the Court via CM/ECF filing system which will send notification to the following:

| | |
|---|---|
| Michael J. Reiser<br>Lilia Bulgucheva<br>Law Office of Michael J. Reiser<br>961 Ygnacio Valley Road<br>Walnut Creek, CA 94596<br>*Counsel for Plaintiffs* | Tyler R. Meade<br>The Meade Firm P.C.<br>1816 Fifth Street<br>Berkeley, CA 94710<br>*Counsel for Plaintiffs* |
| Matthew C. Ferguson<br>The Matthew C. Ferguson Law Firm, P.C.<br>119 South Spring, Suite 201<br>Aspen, Colorado 81611<br>*Counsel for Plaintiffs* | Linda Pham Lam<br>Michael Schrag<br>Gibbs Law Group LLP<br>505 14th Street, Suite 1100<br>Oakland, CA 94612<br>*Counsel for Plaintiffs* |
| | Daniel F. Shea<br>Jessica Black Livingston<br>Hogan Lovells US LLP<br>1601 Wewatta Street, Suite 900<br>Denver, Colorado 80202<br>*Counsel for Aspen Highlands*<br> *Condominium Association* |

        *s/ Jaclyn DeMais*
         Jaclyn DeMais

        *(Original on file at offices of Greenberg Traurig, LLP, pursuant to C.R.C.P. 121, § 1-26)*