IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 16-01301 PAB

RCHFU, LLC, et al.

    Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, et al.

    Defendants.

## MARRIOTT DEFENDANTS' MOTION FOR LEAVE TO FILE SUR-REPLY TO MOTION FOR SANCTIONS AND A DEFAULT JUDGMENT AGAINST CERTAIN MARRIOTT DEFENDANTS

Pursuant to this Court's Practice Standard III.B.2, Defendants Marriott Vacations Worldwide Corporation ("MVWC"), Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC ("RC Management"), The Cobalt Travel Company, LLC ("Cobalt"), and The Lion & Crown Travel Co., LLC ("Lion & Crown") (collectively, the "Marriott Defendants") hereby request leave to file a short sur-reply to Plaintiffs' Reply in Further Support of Motion for Sanctions and a Default Judgment against Certain Marriott Defendants ("Motion") (ECF#278).[1]

---

[1] Pursuant to Colorado Local Civil Rule 7.1, the Marriott Defendants' counsel have conferred with Plaintiffs' counsel regarding this motion for leave to file a sur-reply. Plaintiffs' counsel have advised that Plaintiffs oppose this motion.

1

The Marriott Defendants respectfully submit that a sur-reply is needed to correct a serious misstatement by Plaintiffs that goes to the very heart of their Motion, namely, whether the failure to have produced the 2013 Affiliation Agreement was intentional, as Plaintiffs' contend, or whether it was merely inadvertent, as the Marriott Defendants contend. Specifically, Plaintiffs make the following assertions:

> <u>Plaintiffs reasonably believed</u> that all relevant affiliation agreements had been produced. Although the Acknowledgment and Joinder referenced an underlying affiliation agreement, <u>Plaintiffs were misled into believing</u> that the affiliation agreement effectuating the MVC affiliation was the one that Marriott referenced in its motion to dismiss (which involved Cobalt), or the memorandum of understanding that the Association referenced.

(ECF#278 at 2) (emphasis added).

The language of the Acknowledgment and Joinder could have given Plaintiffs <u>no</u> reasonable basis for believing that the affiliation agreement referenced therein was either of the documents they mention. The Acknowledgement and Joinder (which was produced to Plaintiffs in <u>November 2016</u>, Bates Nos. RC 001436-39) plainly states that the affiliation agreement being referenced was "<u>between [Marriott Resorts, Travel Company, Inc.] and [Lion & Crown] dated November 14, 2013</u>." (Emphasis added). That clearly eliminates both of the agreements with which Plaintiffs claim to have confused it, as those were, respectively, (a) a 2001 affiliation agreement among Cobalt, RC Management, The Ritz-Carlton Development Company, Inc., and Aspen Highlands Condominium Association (the "Association"); and (b) an April 17, 2014 memorandum of understanding between Lion & Crown and the Association.

Moreover, the 2013 Affiliation Agreement was also specifically identified by date and parties in the Marriott's Defendants' February 9, 2017 responses to plaintiffs' document requests in *Petrick v. MVWC, et al.,* Case No. CGC 15-545987 (Calif. Sup. Ct., Cnty of San Francisco),

2

which is handled by the same counsel representing Plaintiffs here. *See* ECF#273-4 at 8. Significantly, those document requests, which the *Petrick* plaintiffs served on January 10, 2017, asked for "ALL DOCUMENTS RELATING TO all verbal or written agreements between the Marriott Defendants and Marriott Resorts Travel Company, Inc." *See id.* (emphasis added). There can be little doubt but that Plaintiffs' request was prompted by the Marriott Defendants' November 2016 production of the Acknowledgement and Joinder, which, as noted, identified the affiliation agreement to which it referred as being between Lion & Crown and Marriott Resorts, Travel Company, Inc.[2]

Plaintiffs' tacit admission that they erred when reviewing the Acknowledgment and Joinder and then erred again when they failed to follow up on information that the Marriott Defendants provided to them in *Petrick* shows that, in litigation, errors sometimes happen. *See* Marriott Defendants' Opposition to Motion (explaining its inadvertent failure to produce the 2013 Affiliation Agreement). If permitted to file a sur-reply, the Marriott Defendants will provide the Court with the fully-executed, dated version of the Acknowledgement and Joinder.[3] From that

---

[2] Plaintiffs' assertion that Marriott and its counsel "have repeatedly [been] warned" about discovery violations is also grossly misleading. *See* ECF#278 at 10. The defendants in Plaintiffs' cited cases are not affiliates of the Marriott Defendants and are in fact affiliates in the "Marriott" or "Ritz-Carlton" hotel chain owned by Marriott International, Inc. The Marriott Defendants were spun off from Marriott International, Inc. in 2011 into a separate publicly traded company. While the *Riley v. Marriott International, Inc.* case does involve a timeshare resort developed by an affiliate of the Marriott Defendants and managed by another affiliate of the Marriott Defendants, it does not demonstrate a pattern of behavior or conduct as alleged. As for the GT counsel in the six-year-old case cited by Plaintiffs, those are not the GT lawyers currently before the Court; indeed, not all of those other attorneys are even still with GT's 2,000-plus-attorney firm.

[3] It is significant that, in all of the numerous exhibits that Plaintiffs attach to their moving and reply Motion papers, they did not provide the Court with a copy of this fully-executed -- and dated -- version of the Acknowledgement and Joinder. The prominent April 24, 2014 date on this version of the Acknowledgement and Joinder (which, as noted, was produced to Plaintiffs in November

3

document and the other ways in which Plaintiffs were provided notice of the 2013 Affiliation Agreement (*see* ECF#273 at 5), the Court should conclude that, while the Marriott Defendants were remiss in not providing the 2013 Affiliation Agreement, Plaintiffs were on notice of that document's existence but took no action to obtain a copy of it.  The Marriott Defendants' motion for leave to file a sur-reply should be granted.

Dated:  June 29, 2018

MASTERS & VINER, P.C.


/s David L. Masters
David L. Masters
Masters & Viner, P.C.
152 Colorado Avenue
Montrose, Colorado 81401
970-249-2622
dlm@mastersviner.com

---

2016) readily distinguishes it from the other agreements with which Plaintiffs claim to have confused it.

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of June, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael J. Reiser
Law Office of Michael J. Reiser
1475 N. Broadway, Suite 300
Walnut Creek, CA 94596

Tyler R. Meade
The Meade Firm P.C.
1816 Fifth Street
Berkeley, CA 94710

Matthew C. Ferguson
The Matthew C. Ferguson Law Firm, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611

Linda Pham Lam
Michael Schrag
Gibbs Law Group LLP
505 14th Street, Suite 1100
Oakland, CA 94612

Daniel F. Shea
Jessica Black Livingston
Hogan Lovells US LLP
1601 Wewatta Street, Suite 900
Denver, Colorado 80202

/s David L. Masters
David L. Masters