## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC,** *et al.*

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION,** *et al.*

Defendants.

___

### PLAINTIFFS' RESPONSE TO MARRIOTT DEFENDANTS' MOTION FOR LEAVE TO FILE SUR-REPLY TO MOTION FOR SANCTIONS AND A DEFAULT JUDGMENT AGAINST CERTAIN MARRIOTT DEFENDANTS
___

The Marriott Defendants should not be granted leave to file its requested sur-reply for two separate reasons. First, the sur-reply is improper because it does not seek to address any facts or law raised for the first time in Plaintiffs' reply. Second, the proposed sur-reply would assert arguments that misrepresent Plaintiffs' reply, serving no useful purpose to the Court. That said, Marriott will have the opportunity to submit further briefing on the issue of whether default judgment should be entered because Plaintiffs intend to file a new motion for default judgment based on additional key documents produced on June 29, 2018, that Marriott intentionally withheld.

A sur-reply is not expressly authorized by federal or local rules, but "is not improper where it addresses facts or law newly raised in the reply." *Grosvenor v. Qwest Communications Intern., Inc.*, 2010 WL 3906253, *2 n.1 (D. Colo. Sept. 30, 2010). The Marriott Defendants' motion for

1

leave to file a sur-reply (Dkt. No. 279) does not even try to argue that Plaintiffs raised new facts or law in their reply in support of moving for sanctions and a default judgment (Dkt. No. 278). Instead, Marriott merely presents further argument on an issue Plaintiffs raised in their *opening* brief: that the Marriott Defendants intentionally, not just inadvertently, withheld the 2013 Affiliation Agreement from Plaintiffs and the Court. That opening brief explained that Plaintiffs reasonably believed Marriott had produced all relevant affiliation agreements because Marriott had asserted in its motion to dismiss that the agreement pertinent to the MVC affiliation was one giving Cobalt exclusive authority, along a with memorandum of understanding regarding affiliation ("MOU"). *See* Plaintiffs' Motion for Sanctions and a Default Judgment, Dkt. No. 223 at p. 15 ("Marriott asserted that the Affiliation Agreement attached to the purchase contract gave Cobalt alone the exclusive authority 'to affiliate other locations . . . .'"). Marriott should not be allowed to respond to that notion in a sur-reply because it had every chance to do so in its opposition brief.

What is more, Marriott misinterprets certain statements in Plaintiffs' reply brief in ways that muddy rather than clarify issues. Plaintiffs had explained in their reply in support of their motion for sanctions (and in their original motion for sanctions, Dkt. 223 at p. 15) that they were "misled into believing that the affiliation agreement effectuating the MVC affiliation was the one that Marriott referenced in its motion to dismiss (which involved Cobalt), or the memorandum of understanding that the Association referenced." Dkt. No. 278 at p. 2. In other words, Plaintiffs had no reason to believe that the 2013 Affiliation Agreement even existed because they were misled by Marriott's statements that the agreement with Cobalt and the MOU were the pertinent affiliation agreements in this case. But Marriott, in an effort to blame the victim of this discovery fraud,

2

claims that Plaintiffs were misled by the language in the Acknowledgement and Joinder itself, and thought that it referenced the Cobalt agreement or the MOU. That is clearly not the case; as soon as Plaintiffs noticed, during a deposition, that the Acknowledgment and Joinder referenced what *appeared to be* a different agreement, they demanded its production from Marriott. While Marriott promised to produce it, it failed to do so until Plaintiffs made a second demand in March 2018.

While there is no need for further briefing on the issue Marriott raises, Plaintiffs want to alert the Court that on the same day it requested leave to file a sur-reply, Marriott produced documents relating to a survey and focus group sessions about the MVC affiliation. Like the 2013 Affiliation Agreement, these documents are highly probative and antithetical to defenses Marriott has raised. Plaintiffs intend to file another motion next week requesting default judgment for this intentional concealment and discovery abuse.[1]

In any event, the motion for leave should be denied because, in essence, it already contains a sur-reply. The motion for leave includes the exact (and only) arguments the Marriott Defendants intend to make on sur-reply. Indeed, the Marriott Defendants admit that the only additional thing they would do if granted such leave is "provide the Court with the fully-executed, dated version of the Acknowledgment and Joinder." Dkt. No. 279.

For all the above reasons, Marriott's motion for leave for file a sur-reply should be denied.

Dated: July 2, 2018

Respectfully submitted,

| LAW OFFICE OF MICHAEL J. REISER | THE MATTHEW C. FERGUSON LAW FIRM, P.C. |
|---|---|
| ___/s/ Michael J. Reiser_____ | _____/s/ Matthew C. Ferguson_____ |

---

[1] It will likely make sense for the Court to consolidate the two motions seeking default judgment and/or sanctions for Marriott and its counsel's discovery violations.

| | |
|---|---|
| Michael J. Reiser, # 16161 | Matthew C. Ferguson, #25687 |
| 1475 N. Broadway | 119 South Spring, Suite 201 |
| Walnut Creek, CA 94596 | Aspen, Colorado 81611 |
| Walnut Creek, California 94596 | Telephone: (970) 925-6288 |
| Telephone: (925) 256-0400 | Facsimile: (970) 925-2273 |
| Facsimile: (925) 476-0304 | E-mail: matt@matthewfergusonlaw.com |
| E-mail: reiserlaw@gmail.com | *Attorney for Plaintiffs* |
| *Attorney for Plaintiffs* | |

GIBBS LAW GROUP LLP                    THE MEADE FIRM, P.C.

__/s/ Michael Schrag_____          ___/s/ Tyler Meade_____
Michael Schrag (CA State Bar # 185832)      Tyler Meade (CA State Bar # 160838)
Linda Lam (CA State Bar# 301461)            1816 Fifth Street
505 14th Street, Suite 1110                 Berkeley, California 94710
Oakland, California 94612                   Telephone: 510-843-3670
Phone: (510) 350-9718                       E-mail: tyler@meadefirm.com
Facsimile: (510) 350-9701                   *Attorney for Plaintiffs*
E-mail: mls@classlawgroup.com
E-mail: lpl@classlawgroup.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 2nd day of July 2018, a true and accurate copy of the foregoing **PLAINTIFFS' RESPONSE TO MARRIOTT DEFENDANTS' MOTION FOR LEAVE TO FILE SUR-REPLY TO MOTION FOR SANCTIONS AND A DEFAULT JUDGMENT AGAINST CERTAIN MARRIOTT DEFENDANTS** was filed and served via CM/ECF filing system upon following:

| | |
|---|---|
| David Masters | Daniel F. Shea, Esq. |
| dlm@mastersviner.com | Jessica Black Livingston, Esq. |
| Masters & Viner, P.C. | Hogan Lovells US LLP |
| 970.249.2622 | 1200 Seventeenth Street, Suite 1500 |
| 152 Colorado Avenue | Denver, Colorado 80202 |
| Montrose, CO 81401 | |
| | |
| Ian S. Marx, Esq. | Naomi G. Beer, Esq. |
| Philip R. Sellinger, Esq. | Greenberg Traurig, LLP |
| Greenberg Traurig, LLP | 1200 17th Street, Suite 2400 |
| 500 Campus Drive, Suite 400 | Denver, Colorado 80202 |
| Florham Park, New Jersey 07932 | |

                                            */s/ Lucie Riviere_*

4

5

Lucie Riviere