IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC,** *et al.*

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION,** *et al*.

Defendants.

___

**PLAINTIFFS' STATUS REPORT FOR JULY 11, 2018 STATUS CONFERENCE WITH MAGISTRATE JUDGE GORDON P. GALLAGHER**
___

Plaintiffs, by and through their undersigned counsel, submit the following Status Report in anticipation of the July 11, 2018, Status Conference with the Honorable Gordon P. Gallagher, to commence at 4:00 p.m.

Plaintiffs report on the status of this matter as of July 10, 2018.

1. **FACT DISCOVERY CUT-OFF**

Pursuant to the Revised Scheduling Order entered by Judge Gallagher on May 3, 2018, the fact discovery cut-off (except for discovery ordered pursuant to motions to compel) is July 16, 2018. Dkt. No. 231. Plaintiffs have conducted approximately 14 depositions since entry of that revised order. A chart of depositions conducted in this case by Plaintiffs is in **APPENDIX I**. The recent depositions included taking a second round of depositions of two key Marriott Vacation Worldwide executives in Orlando, Florida, precipitated by the late production of withheld

documents, critical to the case which were the subject, in part, of Plaintiffs' First Sanctions Motion (defined *infra*., at Section 3(a)(ii)). Plaintiffs have completed most fact discovery with the exception of a few open items discussed below.

Plaintiffs' detailed history of the discovery in this case is set forth in their Status Reports and discovery/sanctions motions and will not be repeated here in any depth. Plaintiffs assert that the discovery process has been severely prejudiced by the Marriott Defendants' discovery abuse that has severely and negatively impacted Plaintiffs prosecution of their claims which has cost them and their counsel many hundreds of hours and many hundreds of thousands of dollars to address.

## 2. MEDIATION

Pursuant to the Revised Scheduling Order, the Mediation Deadline is August 6, 2018.

On April 5, 2018, Plaintiffs and defendant Aspen Highlands Condominium Association, Inc., through counsel, participated in a mediation with James M. Lyons, Esq. of Lewis Roca Rothgerber Christie LLP, Denver Colorado. At the mediation it became clear that there were necessary disclosures still to be made about the Association's insurance coverages. The mediation before Mr. Lyons was adjourned and will now be completed at a second session on July 31, 2018.

On June 21, 2018, Plaintiffs and the Marriott Defendants participated in a mediation conducted by mediators with Mediated Negotiations in San Francisco, California. The mediation was concluded the same day. No resolution was achieved.

## 3. PENDING MOTIONS

### a. Plaintiffs

Plaintiffs have 3 pending motions:

i. Plaintiffs' Fed.R.Civ.P. 37(b)(2)(A) Motion to Compel Discovery and for Sanctions Against the Marriott Defendants for Failure to Obey this Court's Discovery Order. (Dkt. Nos. 202, 213, 215 and 221). Judge Gallagher has taken this motion under his advisement. (Dkt. Nos. 203, 204, 263 and 267).

ii. Plaintiffs' Motion for Sanctions and Default Judgment Against Certain Marriott Defendants. (Dkt. Nos. 223, 262, 273, 274 and 278) ("Plaintiffs' *First* Sanctions Motion"). Referred by Judge Brimmer to Judge Gallagher. (Dkt. No. 233).

iii. Plaintiffs' Motion for Sanctions and Default Judgment Against Certain Marriott Defendants Based on APCO Document; and Motion to Consolidate. ("Plaintiffs' *Second* Sanctions Motion"). (Dkt. No. 282). Referred by Judge Brimmer to Judge Gallagher. (Dkt. No. 284).

### b. The Marriott Defendants

The Marriott Defendants have one pending motion:

i. The Marriott Defendants Motion for Leave to File Sur-Reply to [Plaintiffs] Motions for Sanctions and a Default Judgment Against Certain Defendants. (Dkt. No. 279, 281).

### c. Association

The Association has no pending motions.

### 4. REPORT ON MEET AND CONFER ON PLAINTIFFS' MOTION TO COMPEL/SANCTIONS

Plaintiffs and the Marriott Defendants have been allowed additional time to finally report on the Parties' ongoing meet and confer efforts in compliance with the Court's May 21, 2018 Order and directive to lead counsel to confer and narrow issues as to Plaintiffs' Motion to Compel. Dkt. Nos. 263 and 277. Plaintiffs' counsel and Marriott's counsel will complete the conferral before the status conference and if necessary file a separate report on the outcome of those efforts. On the evening of July 9, 2018, however, the Marriott Defendants' counsel sent a letter summarizing their position on the outstanding items, which included 4 supplemental productions on the afternoon of July 9, 2018. Plaintiffs' counsel Matthew Ferguson conferred briefly about this

3

but will need to confer with co-counsel before reporting Plaintiffs' position on these matters. The parties will disagree on the issue of awarding monetary sanctions to Plaintiffs, which will need to be decided by the court.

### 5. PLAINTIFFS' OUTSTANDING DISCOVERY ISSUES

#### a. Issues for Possible Resolution by Parties:

i. <u>Ben Pierce Deposition.</u> Plaintiffs agreed with the Marriott Defendants to adjourn the deposition of MVW's Ben Pierce, Senior Director, and conclude it after the fact discovery deadline. This was a result scheduling conflict. Marriott and Plaintiffs are seeking to agree on a date, but Plaintiffs are not now able to accommodate a date within the cut-off.

ii. <u>John Vaughn Deposition.</u> Plaintiffs seek the Marriott Defendants' agreement to conduct the deposition of a third-party witness, John Vaughn, after the fact discovery deadline. This is a result of good faith scheduling issues.

iii. <u>Documents Subpoena to Lore Institute.</u> Plaintiffs have sought for some time to serve a subpoena to Lore Institute a specialized broker retained by Marriott entities to market and sell unsold Marriott Ritz-Aspen inventory. Lore's founder and owner suddenly and tragically died earlier this year, and out of respect Plaintiffs' counsel have not pressed for records in the possession of the widow. They had a home office. Plaintiffs' counsel are continuing to attempt to locate former employees/colleagues to assist.

#### b. Disputed Items

i. <u>Marriott's Privilege Logs.</u> Plaintiffs have expressed concerns that Marriott's privilege logs were not provided into 2018, <u>after</u> key depositions were conducted before those dates (see Appendix I). Plaintiffs are concerned that the many hundreds of documents with thousands of subparts on the logs (143 pages and 9 pages) are not privileged. Plaintiffs have sought to confer with the Marriott Defendants about documents withheld on the grounds of privilege. On May 29, 2018, Plaintiffs' counsel narrowed the hundred documents to confer about down from hundreds/thousands to 47 documents and have sought to confer since that time. The Parties have been busy on this case and the related cases in California and have not had the time to complete this conferral. It is likely that a motion to compel will arise out of this dispute. Counsel have agreed to attempt complete the conferral by July 16, 2018.

ii. <u>Fed.R.Civ.P. 30(b)(6) Deposition of Marriott International, Inc. ("MAR").</u> Marriott International, Inc. is the separate, much larger and more well know hospitality

company. MVW spun off from MAR on November 2011, but MAR still co-manages Ritz-Carlton Destination Clubs, and licenses the trade name to MVW. Plaintiffs' conducted this deposition on June 26, 2018. The Marriott Defendants' counsel defended the deposition of this non-party. Plaintiffs assert that the designee was unable to address certain designated topics and that further testimony will be required.

iii. <u>APCO Documents.</u> As set forth in Plaintiffs' Second Motion for Sanctions, the Marriott Defendants did not turn over key records relating to highly relevant surveys and communications consulting done by its vendor APCO Worldwide, Inc., until June 29, 2018. Marriott cannot dispute that these withheld records should have been produced long ago. Every witness at Marriott directly or indirectly involved with APCO has already been deposed – some twice. Association witnesses were also deposed without these records. Plaintiffs seek terminating sanctions, but it is clear that yet more deposition discovery will be necessary and relevant to Plaintiffs' punitive damages claim.

iv. <u>APCO Deposition.</u> Plaintiffs have been working with APCO general counsel to get a deposition date for a records and Fed.R.Civ.P. 30(b)(6) deposition. This will likely need to occur outside the discovery cut-off.

v. <u>Continued Deposition of Association.</u> Plaintiffs and the Association have had a separate running (low level) dispute about Plaintiffs conducting a continued deposition of Board President Randy Mercer. The Association opposes based on the 7-hour rule. A discovery dispute chart was prepared in connection with significant conferral efforts but not submitted as efforts to resolve still continue. Plaintiffs assert that at least some of the dispute has been subsumed in Plaintiffs' two sanctions motions against the Marriott Defendants, as Mr. Mercer and/or other directors will need to be deposed about the withheld documents. Plaintiffs assert that the burden and costs of these depositions should fall to Marriott. Counsel for Plaintiffs and the Association have also tried to resolve the dispute in the context of mediation, While as of this filing there is still an unresolved discovery dispute, Plaintiffs and the Association will attempt to address and resolve this issue at or before the July 31, 2018 mediation session between the two. The deposition would have to be conducted after the facts cut-off date – but its relates to motion to compel/sanctions and is excepted.

vi. <u>Marriott Over-Designation of its Records as "Confidential".</u> Plaintiffs have repeatedly objected to and challenged the Marriott Defendants' over-designation of its records and third-party records as "Confidential", under the limited terms of the Stipulated Protective Order Regarding Confidentiality of Discovery Materials. (Dkt. No. 100, see, ¶ 2). Plaintiffs objections have largely been ignored, and the Marriott Defendants have not moved as required to establish their burden.

DATED: July 10, 2018

Respectfully submitted,

REISER LAW, p.c.

THE MATTHEW C. FERGUSON LAW FIRM, P.C.

____/s/ Michael J. Reiser_____
Michael J. Reiser, # 16161
1475 N. Broadway, Suite 300
Walnut Creek, CA 94596
Telephone: (925) 256-0400
E-mail: michael@reiserlaw.com
GIBBS LAW GROUP, LLP

_____/s/ Matthew C. Ferguson_____
Matthew C. Ferguson, #25687
119 South Spring, Suite 201
Aspen, Colorado 81611
Telephone: (970) 925-6288
E-mail: matt@matthewfergusonlaw.com
THE MEADE FIRM, P.C.

____/s/ Michael Schrag_____
Michael Schrag (CA State Bar # 185832)
Linda Lam (CA State Bar# 301461)
505 14th Street, Suite 1110
Oakland, CA 94612
Telephone: (510) 350-9718
E-mail: mls@classlawgroup.com
E-mail: lpl@classlawgroup.com

_____/s/ Tyler Meade_____
Tyler Meade (CA State Bar # 160838)
1816 Fifth Street
Berkeley, CA 94710
Telephone: 510-843-3670
E-mail: tyler@meadefirm.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 10th day of July, 2018, a true and accurate copy of the foregoing **PLAINTIFFS' STATUS REPORT FOR JULY 11, 2018 STATUS CONFERENCE WITH MAGISTRATE JUDGE GORDON P. GALLAGHER** was filed and served via CM/ECF filing system upon following:

Daniel F. Shea, Esq.
dan.shea@hoganlovells.com
Jessica Black Livingston, Esq.
jessica.livingston@hoganlovells.com
Hogan Lovells US LLP
1200 Seventeenth Street, Suite 1500
Denver, Colorado 80202

Naomi G. Beer, Esq.
BeerN@gtlaw.com
Greenberg Traurig, LLP

1200 17th Street, Suite 2400
Denver, Colorado 80202

Ian S. Marx, Esq.
MarxI@gtlaw.com
Philip R. Sellinger, Esq.
SellingerP@gtlaw.com
Greenberg Traurig, LLP
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932

David Masters
dlm@mastersviner.com
Masters & Viner, P.C.
152 Colorado Avenue
Montrose, CO 81401

            */s/ Courtney Sanders*
             Courtney Sanders

7