IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 16-01301 PAB

RCHFU, LLC, et al.

    Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, et al.

    Defendants.

---

**MARRIOTT DEFENDANTS' RESPONSE TO PLAINTIFFS'
STATUS REPORT FOR JULY 11, 2018 STATUS CONFERENCE WITH MAGISTRATE
JUDGE GORDON P. GALLAGHER**

---

    Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, and The Lion & Crown Travel Co., LLC (collectively, "Marriott Defendants") respectfully submit this response to the Plaintiffs' Status Report for July 11, 2018 Status Conference with Magistrate Judge Gordon P. Gallagher (ECF#285), and state as follows.

    **1.  Fact Discovery Cut-Off**

    As discussed below, Marriott Defendants dispute Plaintiffs' characterization of many issues portrayed in their last-minute Status Report. In fact, the Status Report is nothing more than an inappropriate attempt by Plaintiffs to distort a number of issues to be considered by this Court in an attempt to extend discovery interminably so as to pursue their ever-evolving theories in this case. As to the fact discovery cut-off, except as outlined below in Section 5, the Marriott Defendants believe that fact discovery should be concluded as of July 16, 2018 pursuant to your

Honor's order dated May 3, 2018 and that there should not be any open ended extension of fact discovery.

One significant issue, however, concerns the completion of Plaintiffs' depositions. During the Status Conference on May 2, 2018, the parties discussed the completion of the depositions of approximately 163 plaintiffs, who have not yet been deposed. On May 3, 2018, the Court entered an Order, directing the parties to state their positions on this subject. As directed, on May 10, 2018, the Marriott Defendants submitted their Response to the Court's Order Directing the Parties to State their Positions with Respect to Certain Plaintiff Depositions (ECF#238). The Marriott Defendants indicated their agreement to a concept discussed during the May 2 conference, which would involve the Court's entry of an Order providing that:

(1) the need for these depositions will be assessed after: (a) the Court rules upon a motion Plaintiffs intend to make (as discussed in the May 2, 2018 conference with the Court) that is expected to clarify whether individualized reliance is an element of their claim for constructive fraud; and (b) plaintiffs advise whether they intend to call each plaintiff as a witness at trial; and

(2) if following the Court's decision on that motion, Marriott Defendants wish to take the deposition of a plaintiff who has not yet been deposed, that witness will be made available for deposition, before the case is set for trial or any final pretrial proceedings occur, regardless of whether the deadline for fact discovery has otherwise passed.

The Marriott Defendants do not believe that Plaintiffs submitted a response to the Court's May 3, 2018 Order directing the parties to state their positions on this issue and the Court has not entered any Order concerning this issue. Plaintiffs also have not filed the motion discussed during the May 2, 2018 conference that would clarify the issue of individualized reliance. The Marriott Defendants request that the Court enter an Order setting forth an expeditious date for Plaintiffs to make the motion addressing reliance as they suggested, for the Marriott Defendants' response, and thereafter for the actions set forth in (1) and (2) above.

Moreover, prompt resolution of this issue is important to readying this case for trial, if a settlement cannot be achieved. The Marriott Defendants believe that fact discovery (including depositions of Plaintiffs) should be concluded before expert discovery and in limine motions proceed. Consistent with generally accepted principles of case and trial management, expert discovery and in limine motions could improperly impact remaining fact testimony if the latter is not completed beforehand. Thus, the Marriott Defendants believe that the parties should work toward an expedited treatment of Plaintiffs' anticipated motion regarding reliance and, depending on the outcome of that motion, the completion of Plaintiffs' depositions (to the extent necessary). The Marriott Defendants would urge that these steps be completed in the next 90 days and that the current deadline for expert reports (August 13, 2018), and all subsequent deadlines, be extended accordingly.

**2. Mediation**

We are quite surprised by plaintiffs' characterization as to the status of the mediation. While the discussions are of course confidential and cannot be described here, it is important to accurately understand the current status and the Marriott Defendants will discuss (to the extent possible under the mediation agreement) such issues at the upcoming conference.

**3. Pending Motions**

Plaintiffs' Status Report accurately summarizes the status of pending motions (other than the fact that the Marriott Defendants' motion for leave to file a sur-reply on ECF#233 was granted after the Status Report was filed).

**4. Report of Meet and Confer on Plaintiffs' Motion to Compel/Sanctions**

As directed by the Court in its Order of May 21, 2018, the Marriott Defendants have met and conferred with Plaintiffs' counsel to determine whether there were any outstanding issues

with respect to Plaintiffs' Fed. R. Civ. P. 37(b)(2)(A) Motion to Compel Discovery and for Sanctions Against the Marriott Defendants for Failure to Obey this Court's Discovery Order. As outlined in a letter to Plaintiffs' counsel dated July 9, 2018 (a copy of which is attached hereto as Exhibit A), the Marriott Defendants believe that all required documents have been produced and there are no outstanding issues with respect to this motion. Although, as indicated by Plaintiffs, the Marriott Defendants have not agreed to Plaintiffs' demand for monetary sanctions relating to this motion.

5. **Plaintiffs' Outstanding Discovery Issues**

   a. Issues for Possible Resolution by Parties

   i. **Ben Pierce Deposition** – this is a Marriott Defendant employee whose deposition plaintiffs noticed, following which the Marriott Defendants offered Plaintiffs numerous dates for this deposition prior to the July 16 fact discovery cut-off (for example, June 25, July 9 and July 13). While Marriott Defendants are amenable to taking this deposition the week after this cutoff to accommodate a family obligation of Plaintiffs' counsel, they are not amenable to producing Mr. Pierce more than a week after the current deadline.

   ii. **John Vaughan Deposition** – this is a non-party witness whose deposition Plaintiffs sought by subpoena. The deposition was set for June 19, 2018 but then plaintiffs unilaterally cancelled it. Marriott Defendants are unaware of any reason this deposition should be taken after the fact discovery cut-off and are not amenable to conducting it after the end date.

   iii. **Document Subpoena to Lore Institute** – Plaintiffs have been aware of the Lore Institute's role in connection with the sale of fractions at issue in this case since its outset. There is no reason a document subpoena could not have been timely served. Marriott Defendants are not amenable to conducting this discovery after the current end date.

   b. Disputed Items

   i. **Marriott Defendants' Privilege Logs** – Plaintiffs have identified approximately 47 documents on the Marriott Defendants' privilege logs about which they would like to confer and the parties have agreed to complete this conferral by July 16, 2018. Marriott Defendants do not anticipate that this will result in motion practice or any need to extend the discovery deadline.

4

ii. **Marriott International Deposition** – Plaintiffs conducted the deposition pursuant to Rule 30(b)(6) of non-party Marriott International, Inc. on June 26, 2016. Testimony was sought with respect to 18 Topics. The Marriott International witness appropriately and adequately prepared for the deposition by conducting meetings with relevant personnel and reviewing relevant documents. Plaintiffs have not advanced any specific grievance with this deposition, there has been no demand for relief or meet and confer and there is no basis to seek additional relief with respect to this deposition. Plaintiffs' Complaint contains no allegations that make such discovery from Marriott International reasonable or necessary; and in fact seems driven by Plaintiffs continuing desire to change legal theories on the fly.

iii. **APCO Documents**: The Marriott Defendants dispute plaintiffs' characterizations regarding these documents. As will be fully set forth in connection with the opposition to Plaintiffs' recently-filed motion, these documents were not intentionally withheld and there is no basis upon which terminating sanctions should be issued. Although Plaintiffs received documents from APCO pursuant to subpoena on May 29, and have not been diligent in requesting follow up discovery thereafter, to the extent that further depositions are sought concerning APCO, the Marriott Defendants are amenable to producing Stephanie Sobeck for deposition on or before July 27, 2018, for the limited purpose of answering questions concerning APCO.

iv. **APCO Deposition:** The Marriott Defendants will not oppose a request to conduct the deposition of an APCO witness on topics germane to this case on or before July 27, 2018.

v. **Continued Deposition of Association:** The Marriott Defendants take no position with respect to this dispute between the Plaintiffs and the Association, other than to state that if there are further depositions of the Association Board Members, it should not be done at the expense of the Marriott Defendants and should occur by July 27, 2018.

vi. **Marriott Defendants' Alleged Over-Designation of Confidential Documents**: The Marriott Defendants have taken good-faith measures to protect confidential information from disclosure pursuant to the Court's Stipulated Protective Order. The Marriott Defendants are willing to meet and confer with respect to any specific grievances.

vii. To the extent the Court extends discovery for the purpose of allowing plaintiffs to conduct any of the discovery set forth in this section 5, the Marriott Defendants

should be allowed the same time period to supplement their production of any documents on which they intend to rely.

The Marriott Defendants further request that should plaintiffs request any future discovery conferences, their initial request for such conference set forth with specificity the issues they intend to raise as it is not fair for the Marriott Defendants to be compelled to respond to unsolicited status reports with only approximately 24 hours notice.

Dated: July 11, 2018                              Respectfully submitted,

GREENBERG TRAURIG, LLP

By:  *s/ Ian S. Marx*

Philip R. Sellinger
Ian S. Marx
1200 Seventeenth Street, Suite 2400
Denver, Colorado 80202
Tel: 303.572.6500 / Fax: 303.572.6540
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
Tel: 973.360.7900 / Fax: 973.301.8410
Email:  SellingerP@gtlaw.com,  MarxI@gtlaw.com

*Attorneys for the Marriott Defendants*

CERTIFICATE OF SERVICE

    I hereby certify that on this 11th day of July, 2018, a true and accurate copy of the foregoing **MARRIOTT DEFENDANTS' RESPONSE TO PLAINTIFFS' STATUS REPORT FOR JULY 11, 2018 STATUS CONFERENCE WITH MAGISTRATE JUDGE GORDON P. GALLAGHER** was filed and served with the Clerk of the Court via CM/ECF filing system which will send notification to the following:

Michael J. Reiser
Law Office of Michael J. Reiser
1475 N. Broadway
Suite 300
Walnut Creek, CA 94596
*Counsel for Plaintiffs*

Matthew C. Ferguson
The Matthew C. Ferguson Law Firm, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611
*Counsel for Plaintiffs*

Tyler R. Meade
The Meade Firm P.C.
1816 Fifth Street
Berkeley, CA 94710
*Counsel for Plaintiffs*

Linda Pham Lam
Michael Schrag
Gibbs Law Group LLP
505 14th Street, Suite 1100
Oakland, CA 94612
*Counsel for Plaintiffs*

Daniel F. Shea
Jessica Black Livingston
Hogan Lovells US LLP
1601 Wewatta Street, Suite 900
Denver, Colorado 80202
*Counsel for Aspen Highlands*
 *Condominium Association*

    *s/ Jaclyn DeMais*
    Jaclyn DeMais

*(Original on file at offices of Greenberg Traurig, LLP, pursuant to C.R.C.P. 121, § 1-26)*

7