IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 16-01301 PAB

RCHFU, LLC, et al.

      Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, et al.

      Defendants.

---

### MARRIOTT DEFENDANTS' SUR-REPLY TO PLAINTIFFS' MOTION FOR SANCTIONS AND A DEFAULT JUDGMENT AGAINST CERTAIN MARRIOTT DEFENDANTS

Pursuant to this Court's July 10, 2018 Order (ECF#286), the Marriott Defendants Defendants[1] hereby submit this sur-reply to Plaintiffs' motion for sanctions ("Motion") (ECF#223).  The key question before the Court on this Motion is whether the failure to have produced the 2013 Affiliation Agreement was intentional, as Plaintiffs' contend, or whether it was merely inadvertent, as the Marriott Defendants contend.  Specifically, Plaintiffs assert:

> <u>Plaintiffs reasonably believed</u> that all relevant affiliation agreements had been produced.  <u>Although the Acknowledgment and Joinder referenced an underlying affiliation agreement, Plaintiffs were misled into believing</u> that the affiliation agreement effectuating the MVC affiliation was the one that Marriott referenced in its motion to dismiss (which involved Cobalt), or the memorandum of understanding that the Association referenced.  (ECF#278 at 2) (emphasis added).

The language of the Acknowledgment and Joinder could have given Plaintiffs <u>no</u> reasonable basis for believing that the affiliation agreement referenced therein was either of the

---

[1] The Marriott Defendants include Marriott Vacations Worldwide Corporation ("MVWC"), Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC ("RC Management"), The Cobalt Travel Company, LLC ("Cobalt"), and The Lion & Crown Travel Co., LLC ("Lion & Crown").

documents they mention.  The Acknowledgement and Joinder (which was produced to Plaintiffs in November 2016, Bates Nos. RC 001436-39) plainly states that the affiliation agreement being referenced was "between [Marriott Resorts, Travel Company, Inc.] and [Lion & Crown] dated November 14, 2013."  *See* Acknowledgement and Joinder, attached to the July 17, 2018 Declaration of Ian S. Marx ("7/17/18 Marx Decl.") as Exhibit A (emphasis added).[2]  That clearly eliminates both of the agreements with which Plaintiffs claim to have confused it, as those were, respectively, (a) a 2001 affiliation agreement among Cobalt, RC Management, The Ritz-Carlton Development Company, Inc., and Aspen Highlands Condominium Association (the "Association"); and (b) an April 17, 2014 memorandum of understanding between Lion & Crown and the Association.

Nor should Plaintiffs have been confused by the Marriott Defendants' statement that "the Affiliation Agreement attached to the purchase contract gave Cobalt alone the exclusive authority 'to affiliate other locations….'" *See* Plaintiffs' Response to Motion for Leave to File Sur-Reply…" (ECF#281 at 2).  That statement, which is entirely correct, in no way negated the existence of a subsequent agreement between Lion & Crown and Marriott Resorts Travel Company, Inc., i.e., the 2013 Affiliation Agreement.

Moreover, the 2013 Affiliation Agreement was also specifically identified by date and parties in the Marriott's Defendants' February 9, 2017 responses to plaintiffs' document requests in *Petrick v. MVWC, et al.,* Case No. CGC 15-545987 (Calif. Sup. Ct., Cnty of San Francisco), which is handled by the same counsel representing Plaintiffs here.  *See* ECF#273-4 at 8.  Those

---

[2] Significantly, in all of the numerous exhibits Plaintiffs attach to Motion papers, they did not provide the Court with a copy of this fully-executed (and dated) version of the Acknowledgement and Joinder.  The prominent April 24, 2014 date on this document (which, as noted, was produced to Plaintiffs in November 2016) readily distinguishes it from the other agreements with which Plaintiffs claim to have confused it.

document requests, which the *Petrick* plaintiffs served on January 10, 2017, asked for "ALL DOCUMENTS RELATING TO all verbal or written agreements between the Marriott Defendants and <u>Marriott Resorts Travel Company, Inc.</u>"  *See id.* (emphasis added).  Plaintiffs' request was almost certainly prompted by the Marriott Defendants' November 2016 production of the Acknowledgement and Joinder, which identified the affiliation agreement to which it referred as being between Lion & Crown and <u>Marriott Resorts, Travel Company, Inc.</u>[3]

Plaintiffs' tacit admission that they erred when reviewing the Acknowledgment and Joinder and then erred again when they failed to follow up on information that the Marriott Defendants provided to them in *Petrick* shows that, in litigation, errors sometimes happen.  *See* ECF#279 (explaining Marriott Defendants' inadvertent failure to produce the 2013 Affiliation Agreement).   After considering the Acknowledgement and Joinder that was produced to Plaintiffs in November 2016 (7/17/18 Marx Decl. Ex. A) and the other ways in which Plaintiffs were provided notice of the 2013 Affiliation Agreement (*see* Marriott Defendants' opposition brief, ECF#273 at 5), the Court should conclude that, while the Marriott Defendants were remiss in not providing the 2013 Affiliation Agreement, Plaintiffs were on notice of that document's existence but took no action to obtain a copy of it.  Plaintiffs' Motion should be denied.

Dated: July 17, 2018                              Respectfully submitted,

---

[3] Plaintiffs' assertion that Marriott and its counsel "have repeatedly [been] warned" about discovery violations is also grossly misleading. *See* ECF#278 at 10. The defendants in Plaintiffs' cited cases are not affiliates of the Marriott Defendants and are in fact affiliates in the "Marriott" or "Ritz-Carlton" hotel chain owned by Marriott International, Inc.  The Marriott Defendants were spun off from Marriott International, Inc. in 2011 into a separate publicly traded company.  While the *Riley v. Marriott International, Inc.* case does involve a timeshare resort developed by an affiliate of the Marriott Defendants and managed by another affiliate of the Marriott Defendants, it does not demonstrate a pattern of behavior or conduct as alleged.  As for the GT counsel in the six-year-old case cited by Plaintiffs, those are not the GT lawyers currently before the Court; indeed, not all of those other attorneys are even still with GT's 2,000-plus-attorney firm.

GREENBERG TRAURIG, LLP

By: _s/ Ian S. Marx_
Philip R. Sellinger
Ian S. Marx
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
Tel: 973.360.7900 / Fax: 973.301.8410
Email:  SellingerP@gtlaw.com,  MarxI@gtlaw.com

*Attorneys for the Marriott Defendants*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 17th day of July 2018, a true and accurate copy of the foregoing **MARRIOTT DEFENDANTS' SUR-REPLY TO PLAINTIFFS' MOTION FOR SANCTIONS AND A DEFAULT JUDGMENT AGAINST CERTAIN MARRIOTT DEFENDANTS**, together with a Declaration of Ian S. Marx (with exhibit), was filed and served with the Clerk of the Court via CM/ECF filing system which will send notification to the following:

Michael J. Reiser
Lilia Bulgucheva
Law Office of Michael J. Reiser
961 Ygnacio Valley Road
Walnut Creek, CA 94596
*Counsel for Plaintiffs*

Matthew C. Ferguson
The Matthew C. Ferguson Law Firm, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611
*Counsel for Plaintiffs*

Tyler R. Meade
The Meade Firm P.C.
1816 Fifth Street
Berkeley, CA 94710
*Counsel for Plaintiffs*

Linda Pham Lam
Michael Schrag
Gibbs Law Group LLP
505 14th Street, Suite 1100
Oakland, CA 94612
*Counsel for Plaintiffs*

Daniel F. Shea
Jessica Black Livingston
Hogan Lovells US LLP
1601 Wewatta Street, Suite 900
Denver, Colorado 80202
*Counsel for Aspen Highlands
 Condominium Association*

*s/ Jaclyn DeMais*
    Jaclyn DeMais

*(Original on file at offices of Greenberg Traurig, LLP, pursuant to C.R.C.P. 121, § 1-26)*