**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF COLORADO**

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC,** *et al.*

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION,** *et al.*

Defendants.

---

**PLAINTIFFS' RESPONSE TO MARRIOTT DEFENDANTS' SUR-REPLY TO PLAINTIFFS' MOTION FOR SANCTIONS AND A DEFAULT JUDGMENT AGAINST CERTAIN MARRIOTT DEFENDANTS**

---

Plaintiffs have never claimed they were confused as to which affiliation agreement was the pertinent one in this case. Rather, Plaintiffs were misled into believing that the affiliation agreement allowing the MVC affiliation was the 2001 Affiliation Agreement between Cobalt and Ritz-Carlton Management (among others) – since that is what Marriott represented throughout its motion to dismiss. *See* Marriott Defendants' Motion to Dismiss, Dkt. No. 131 at pp. 2, 6, 7, 13. Marriott's concealment of the 2013 Affiliation Agreement was necessary because disclosing it would have revealed the falsity of the position Marriott took in its motion to dismiss, i.e., that Cobalt had "sole discretion" to affiliate, and could do so *without the Association's approval*. *Id*. at p. 13. Indeed, Marriott spent a full page of its motion to dismiss explaining the affiliation

1

agreement involving Cobalt, stating that the document contemplated Cobalt's right to create a "separate membership program" – such as the MVC affiliation. *Id*. at 7.[1]

In its sur-reply, Marriott misinterprets certain statements in Plaintiffs' reply brief. Plaintiffs explained that they were "misled into believing that the affiliation agreement effectuating the MVC affiliation was the one that Marriott referenced in its motion to dismiss (which involved Cobalt), or the memorandum of understanding that the Association referenced." Dkt. No. 278 at 2. In other words, Plaintiffs had no reason to believe that the 2013 Affiliation Agreement was relevant due to Marriott's statements that the agreement with Cobalt and the MOU were the pertinent affiliation agreements in this case. At no point have Plaintiffs claimed they erred or were confused in reviewing any documents – only that they were affirmatively misled by Marriott's representations in this case.

For the reasons set forth in Plaintiffs' opening and reply brief, the Court should conclude that Marriott's withholding of the 2013 Affiliation Agreement, when coupled with its arguments to the Court relying on the agreement's non-existence, was intentional rather than inadvertent.

---

[1] The Association's motion to dismiss further misled Plaintiffs into believing that the 2013 Affiliation Agreement was not relevant. There, the Association claimed that a MOU was the document that effectuated the MVC affiliation – stating that Plaintiffs failed to attach to the complaint "the April 2014 Memorandum of Understanding that formalized the trading program that [Plaintiffs] allege caused them harm." Association's Motion to Dismiss, Dkt. No. 129 at p. 2.

2

Dated: July 24, 2018                                     Respectfully submitted,

   **GIBBS LAW GROUP LLP**

*/s/ Michael Schrag*
Michael Schrag (CA State Bar # 185832)
Linda Lam (CA State Bar# 301461)
505 14th Street, Suite 1110
Oakland, CA 94612
Telephone: (510) 350-9700
E-mail: mls@classlawgroup.com
E-mail: lpl@classlawgroup.com

3

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on this 24th day of July 2018, a true and correct copy of the foregoing **PLAINTIFFS' RESPONSE TO MARRIOTT DEFENDANTS' SUR-REPLY TO PLAINTIFFS' MOTION FOR SANCTIONS AND A DEFAULT JUDGMENT AGAINST CERTAIN MARRIOTT DEFENDANTS** was served via ECF filing upon:

Daniel F. Shea, Esq.
dan.shea@hoganlovells.com
Jessica Black Livingston, Esq.
jessica.livingston@hoganlovells.com
Hogan Lovells US LLP
1200 Seventeenth Street, Suite 1500
Denver, Colorado 80202

Naomi G. Beer, Esq.
BeerN@gtlaw.com
Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, Colorado 80202

Ian S. Marx, Esq.
MarxI@gtlaw.com
Philip R. Sellinger, Esq.
SellingerP@gtlaw.com
Greenberg Traurig, LLP
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932

David Masters
dlm@mastersviner.com
Masters & Viner, P.C.
970.249.2622
152 Colorado Avenue
Montrose, CO 81401

*/s/ Linda Lam*
Linda Lam