### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC et al.**

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION et al.**

Defendants.

_____

### PLAINTIFFS' AUGUST 28, 2018 STATUS REPORT AND REQUEST TO MAGISTRATE JUDGE GORDON P. GALLAGHER TO ENTER [PROPOSED] ADDENDUM TO REVISED SCEDULING ORDER

_____

Plaintiffs, by and through their undersigned counsel, submit the following Status Report (as of August 28, 2018) and Request to Magistrate Judge Gordon P. Gallagher to Enter Addendum to Scheduling Order.

On July 12, 2018, the parties held a Status Conference with Magistrate Judge Gordon P. Gallagher to address primarily the outstanding discovery matters raised by Plaintiffs in advance of the July 16, 2018, Fact Discovery Cut-off. Plaintiffs submitted a detailed Status Report on July 10, 2018 (Dkt. No. 285); in response to which the Marriott Defendants filed their own report on July 11, 2018. Dkt. No. 287.

#### A.  PREPARATION AND NEGOTIATION OF ADDENDUM TO STATUS REPORT.

After the Status Conference, on July 23, 2018, Plaintiffs' counsel prepared and forwarded a draft proposed Addendum to Revised Schedule Order to reflect the matters discussed at the

Status Conference, including those set forth in the Court's Minutes and Orders dated July 11, 2018 (Dkt. No. 289). The Court contemplated that an Addendum was a practical approach to addressing open items based on Plaintiffs' counsel suggestion. *Id.*

Plaintiffs' counsel have since met and conferred with the Marriott Defendants' counsel by email and phone on multiple occasions to discuss the Addendum. During this process, the Marriott Defendants' counsel had been heavily engaged with certain Plaintiffs' counsel in the settlement of the related California cases. Additionally, all counsel have been busy travelling or out of the office. The conferral process has however been marked by long gaps in communications back from Marriott's counsel, including a protracted gap now lasting over a week. Plaintiffs thus proceed with this status report.

### B.  Agreed Upon Items.

Most items have been agreed upon. All parties have agreed to adjust certain expert discovery and dispositive motion deadlines by several weeks. They are reflected in the attached [proposed] Addendum to Revised Scheduling Order.

### C.  Disputed and Unresolved Items.

#### a.  Plaintiff Depositions

After the exchange of drafts of the Addendum agreeing on all items and conferring on matters such as the documents withheld by Marriott as privileged, on August 13, 2018, the Marriott Defendants attempted to insert a new item – which was to conduct depositions of more Plaintiffs after the July 16, 2018 Fact Discovery Cut-off (and before a ruling on the individual reliance issue for Plaintiffs' constructive fraud claim). This matter was <u>not</u> raised in the Marriott Defendants' Status Report or at the Status Conference by their counsel. Indeed, had it been

raised, Plaintiffs would have opposed any attempt by the Marriott Defendants to conduct depositions after the discovery cut-off. The Marriott Defendants had ceased taking depositions months ago. Plaintiffs opposed placing the item in the proposed Addendum. Instead, Counsel agreed to mention Marriott's new item in a status report as a disputed matter for future litigation.

### b.   Dispositive Motions Deadline

The Marriott Defendants then sought to change the order of the Dispositive Motions which were due to be filed on a schedule running concurrently with fact and expert discovery. The Marriott Defendants sought for the first time to place the dispositive motion deadline after all expert discovery. This would have placed the deadline into December 2018 (with the notable exception of the issue of individual reliance). Plaintiffs were not intending to bifurcate dispositive motion practice, and indeed stated that it would be briefed as part of dispositive motion practice. Since an email on August 15, 2018, Plaintiffs have sought to compromise the issue by extending the dispositive motion date to November 12, 2018. Plaintiffs see no reason to change the order of things in a Scheduling Order in place for 2 years, and in fact, assert that this case needs to progress given the inordinate delay caused by the Marriott Defendants.  Marriott's counsel indicated they would respond to the compromise date but have not. This matter is marked in the Addendum as unresolved. Plaintiffs request that their suggested date on November 12, 2018, be entered by the Court.

### c.   Deposition of Marriott Executives on Withheld APCO Documents

As the Court knows, there are three pending Plaintiffs' motions for sanctions[1], including one concerning the failure to produce any records concerning key corporate communication service, survey and focus group performed by APCO Worldwide, Inc., including relation to affiliation. (Dkt. Nos. 282, 296 and 297). Upon producing their records, the Marriott Defendants offered up one executive witness, Stephanie Sobeck, for a third deposition installment for Plaintiffs to address this serious APCO discovery failure. During the conferrals after the status conference on July 12, 2018, counsel parties have discussed scheduling Ms. Sobeck's deposition. Marriott Vacation Worldwide has been heavily engaged in a major merger and thus its executives are largely unavailable in August 2018. Marriott and its counsel could only provide one date in September for Ms. Sobeck's deposition – September 12, 2018. This date was already booked by the undersigned for depositions in a separate case. On August 17, 2018, Plaintiffs' counsel requested Marriott's counsel to check availability on October 1 and/or 2, 2018, for three APCO related depositions (COO Lee Cunningham and Mary Lynn Clark). Marriott's counsel promised a response on Ms. Sobeck's deposition by August 21, 2018. Marriott has provided no communication on any item since then, which has been consistent with long gaps in communications by them throughout August. Plaintiffs have thus placed the time to complete the deposition of Ms. Sobeck in the proposed Addendum by October 15, 2018. This is an unresolved item but is a reasonable date under the circumstances. Plaintiffs will likely need to litigate the

---

[1] Plaintiffs' Fed.R.Civ.P. 37(b)(2)(A) Motion to Compel Discovery and for Sanctions Against the Marriott Defendants for Failure to Obey this Court's Discovery Order. (Dkt. Nos. 202, 213, 215 and 221). The motion to compel portion of this motion has been withdrawn and the sanctions portion will be re-filed in a truncated format.

issue of conducting depositions of Mary Lynn Clark and Lee Cunningham on the APCO records that were withheld by the Marriott Defendants.

### D.  PLAINTIFFS' PENDING SANCTIONS MOTIONS FULLY BRIEFED.

The following sanctions motions filed by Plaintiffs are now fully briefed:

1. Plaintiffs' Motion for Sanctions and Default Judgment Against Certain Marriott Defendants. (Dkt. Nos. 223, 262, 273, 274, 278, 281, 290 and 291) ("Plaintiffs' *First* Sanctions Motion"). Referred by Judge Brimmer to Judge Gallagher. (Dkt. No. 233).

2. Plaintiffs' Motion for Sanctions and Default Judgment Against Certain Marriott Defendants Based on APCO Document; and Motion to Consolidate. ("Plaintiffs' *Second* Sanctions Motion"). (Dkt. No. 282, 296 and 297). Referred by Judge Brimmer to Judge Gallagher. (Dkt. No. 284).

### E.  RESOLUTION OF DISPUTE CONCERNING ADDITIONAL ASSOCIATION DISCOVERY

Plaintiffs and the Association have resolved a long-standing discovery dispute concerning the continuation of the deposition of board president Randall Mercer. He will be produced on approximately October 12, 2018 in Aspen, Colorado. Two central topics are the joinder of the Ritz Aspen Club to the affiliation agreement with Marriott Vacation Club and the APCO Worldwide survey and focus groups. These are the subjects of Plaintiffs' pending sanctions motions, including that these were not produced in the litigation. According to the Association these documents/information were not provided in 2013/14. Plaintiffs and the Association reserve all rights in connection with those motions, including those portions concerning the need to re-depose Mr. Mercer on the documents withheld and concealed by the Marriott Defendants and related sanctions.

Plaintiffs' counsel has also agreed to propound targeted written discovery to obviate the need to re-depose other board members on these topics.

**F. PLAINTIFFS' REQUEST FOR ENTRY OF [PROPOSED] ADDENDUM TO REVISED SCHEDULING ORDER.**

Plaintiffs request that the proposed Addendum to Revised Scheduling be entered as submitted herewith. An annotated version and a "clean" version are submitted herewith. It reflects the agreement of counsel with two exception of two unresolved matters (dispositive motion deadline and date to complete Ms. Sobeck's deposition) both of which Plaintiffs' counsel have sought to resolve.

DATED: August 28, 2018.

Respectfully submitted,

LAW OFFICE OF MICHAEL J. REISER

_____/s/ Michael J. Reiser_____
Michael J. Reiser, # 16161
961 Ygnacio Valley Road
Walnut Creek, CA 94596
Telephone: (925) 256-0400
Facsimile: (925) 476-0304
E-mail: reiserlaw@gmail.com
*Attorney for Plaintiffs*

GIBBS LAW GROUP, LLP

___/s/ Michael Schrag_____
Michael Schrag (CA State Bar # 185832)
Linda Lam (CA State Bar# 301461)
505 14th Street, Suite 1110
Oakland, CA 94612
Phone: (510) 350-9718
Facsimile: (510) 350-9701
E-mail: mls@classlawgroup.com
E-mail: lpl@classlawgroup.com

THE MATTHEW C. FERGUSON LAW FIRM, P.C.

_____/s/ Matthew C. Ferguson_____
Matthew C. Ferguson, #25687
119 South Spring, Suite 201
Aspen, Colorado 81611
Telephone: (970) 925-6288
Facsimile: (970) 925-2273
E-mail: matt@matthewfergusonlaw.com
*Attorney for Plaintiffs*

THE MEADE FIRM, P.C.

____/s/ Tyler Meade_____
Tyler Meade (CA State Bar # 160838)
1816 Fifth Street
Berkeley, CA 94710
Telephone: 510-843-3670
E-mail: tyler@meadefirm.com
*Attorney for Plaintiffs*

6

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that on this 28th day of August 2018, a true and accurate copy of the foregoing **PLAINTIFFS' AUGUST 28, 2018 STATUS REPORT AND REQUEST TO ENTER REVISED SCHEDULING ORDER,** was filed and served via CM/ECF filing system upon following:

Daniel F. Shea, Esq.
Jessica Black Livingston, Esq.
Hogan Lovells US LLP
1200 Seventeenth Street, Suite 1500
Denver, Colorado 80202

Naomi G. Beer, Esq.
Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, Colorado 80202

Ian S. Marx, Esq.
MarxI@gtlaw.com
Philip R. Sellinger, Esq.
SellingerP@gtlaw.com
Greenberg Traurig, LLP
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932

David Masters
dlm@mastersviner.com
Masters & Viner, P.C.
970.249.2622
152 Colorado Avenue
Montrose, CO 81401

*/s/ Courtney Sanders*_____
Courtney Sanders

4850-7369-0224, v. 1

7