IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 16-01301 PAB

RCHFU, LLC, et al.

    Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, et al.

    Defendants.

---

### MARRIOTT DEFENDANTS' RESPONSE TO PLAINTIFFS' STATUS REPORT DATED AUGUST 28, 2018

---

Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, L.L.C., The Cobalt Travel Company, LLC, and The Lion & Crown Travel Co., LLC (collectively, "Marriott Defendants") respectfully submit this response to the Plaintiffs' Status Report filed on August 28, 2018 (ECF#300).

As with prior submissions, Plaintiffs' Report contains a number of inaccurate and disparaging contentions, which the Marriott Defendants feel constrained to address.

As an initial matter, the Marriott Defendants take issue with the gratuitous assertion in Section A of Plaintiffs' Status Report that there have been "long gaps in communications back from Marriott's counsel" in connection with discussions relating to the proposed Addendum to the Scheduling Order (this unfortunate contention follows the more appropriate and accurate report that the parties discussed the proposed Addendum by email and telephone on numerous occasions and that all counsel had been involved in connection with the settlement of the related California cases). Plaintiffs' submission fails to explain that the Status Report was intended to

be submitted jointly on about Friday, August 16, 2018 but due to a computer malfunction by Plaintiffs' counsel, Plaintiffs' counsel did not provide a draft of the document to review (as explained in an email by Plaintiffs' counsel that evening: "I will come in on Saturday (August 17) to redo the Status Report.  I'm sorry I did not have that for you – promise I had done it but failed to save somehow.").  Contrary to the foregoing representations, Plaintiffs' counsel never provided a draft Status Report to review; instead Plaintiffs filed their own Report unilaterally on August 28.

Plaintiffs similarly, inaccurately and unfortunately contend that dates for the deposition of Marriott Defendants' executive Stephanie Sobeck could not be obtained in September "for the most part, given religious observance constraints in September for GT lawyers."  It is true that the Jewish High Holidays of Rosh Hashanah and Yom Kippur have presented some scheduling challenges in September for the Marriott Defendants' counsel.  However, issues related to the efforts to schedule depositions in September were also caused significantly by the conflicts of Plaintiffs' counsel.   For example, in an email on August 17, 2018, on the subject of deposition scheduling, Plaintiffs' counsel advised: "I have depositions all over September – including 3 days in Wichita 26-28. Two depositions the week of the 18th (you're not available on any other days).; two the week of the 10th."

Plaintiffs also inaccurately contend that the Marriott Defendants did not raise the subject of additional depositions of Plaintiffs prior to or at the last status conference.  In fact, the Marriott Defendants raised this issue and it was discussed at the July 11, 2018 Status Conference.  First, in their Response to Plaintiffs' last pre-conference submission (ECF#238), the Marriott Defendants raised the issue of the depositions of remaining plaintiffs.  *See*, *e.g.*, p. 2-3 ("One significant issue, however, concerns the completion of Plaintiffs' depositions.").  By

way of background, on May 3, 2018, the Court entered an Order, directing the parties to state their positions with respect to the 163 plaintiffs who have not yet been deposed. As directed, on May 10, 2018, the Marriott Defendants submitted their Response to the Court's Order (ECF#238). Plaintiffs never submitted a response to the Court's Order directing the parties to state their positions on this issue. The Marriott Defendants' submission prior to the July 11 conference thus suggested that "that the parties should work toward an expedited treatment of plaintiffs' anticipated motion regarding reliance and, depending on the outcome of that motion, ***the completion of plaintiffs' depositions*** (to the extent necessary)." Next, this subject was discussed at the Status Conference on July 11, 2018. Specifically, as noted by the Court: "And then as was noted in Mr. Marx's response, we need to address what was addressed by Marriott defendants in 238 with regard to plaintiff depositions. So that needs to get on the list." (Tr. at 6:8-11). The Court further observed concerning the subject of Plaintiff depositions:

> If it's realistically something where you are in agreement and you want to wait on those plaintiff depositions until after the legal issues are decided, it probably makes sense to have it come in as just a draft order with the bullet points that each party thinks are appropriate after you conferred and then we can go at it that way, but that way we have some specifics in terms of exactly what the agreement is with regard to those plaintiffs.

(Tr. at 26:7-14).

Following the July 11 conference the parties discussed the subject of Plaintiff depositions. Plaintiffs' counsel wish to defer the depositions of all approximately 163 Plaintiffs until after the Court rules on a summary judgment motion to be filed later this year. The Marriott Defendants are amenable to this approach except that they wish to take a limited number of additional depositions of Plaintiffs (by video conference), prior to the Court's ruling on the reliance motion, to which Plaintiffs' object.

As indicated in the proposed Addendum to the Scheduling Order, there are three areas in which the parties are in disagreement.

### A. As to Plaintiff Depositions

The Marriott Defendants are for the most part amenable, as set forth in their prior submission on this issue (ECF#238), to deferring the depositions of the remaining 163 Plaintiffs who have not yet been deposed until after the Court rules on a summary judgment motion to be filed later this year. The Marriott Defendants do however wish to take the depositions of some additional Plaintiffs by video conference, which we anticipate could be accomplished by October 15, 2018.[1] Given the Plaintiffs' desire to extend the deposition schedule until October 15, so that they can take desired discovery, there is no reason for Defendants not to have the same opportunity. As discussed during the last status conference on July 11, it will be difficult to predict when the Court will rule on the anticipated summary judgment motion relating to reliance and the Marriott Defendants would therefore like to enhance their defense to Plaintiffs' claims by taking some additional plaintiff depositions.

### B. As to the Dispositive Motions Deadline

Plaintiffs propose a November 12, 2018 deadline to move for summary judgment; the Marriott Defendants propose enlarging this date by a couple of weeks. The parties do agree on a deadline of November 30, 2018 for the completion of expert discovery, including the depositions of experts. The Marriott Defendants anticipate making a motion for summary judgment that is dependent on expert testimony and do not believe they should be required to make that motion

---

[1] As discussed with Plaintiffs' counsel, the desire to take some of these depositions is based on a current lack of clarity concerning the Plaintiffs' ownership of the fractional interests in question and might be avoided based on supplemental written discovery responses.

4

prior to the completion of expert discovery.  Thus, the Marriott Defendants believe that the dispositive motion deadline should be any time after November 30, 2018 (although, of course, the Marriott Defendants are not suggesting that any party should be precluded from moving for summary judgment prior to the deadline, should they so choose).

## C.  As to the Depositions Relating to APCO/Remaining Marriott Depositions

Prior to and at the last Status Conference on July 11, 2018, Plaintiffs sought the depositions of two of Marriott Defendants' witnesses; Ben Pierce (whose deposition had been previously noticed but not taken) and Stephanie Sobeck, for a third time (with respect to issues relating to APCO), to take place after the prior fact discovery end date of July 16, 2018.  Indeed, the parties' proposed Addendum specifically identifies these two witnesses as the ***only*** remaining Marriott Defendant witnesses to be deposed.  The Marriott Defendants remain amenable to producing Ms. Sobeck and Mr. Pierce for deposition in Orlando on an agreeable date, as requested by Plaintiffs, prior to October 16, 2018 (for example, they both are available on October 9, 2018).[2]  Plaintiffs' counsel, however, have served Notices that purport to schedule the deposition of Ms. Sobeck and the third deposition of the Marriott Defendants' Chief Operating Officer, Lee Cunningham, and a second deposition of former employee, Mary Lynn Clark, on October 8, 2018.  As to Ms. Clark, she is not employed by the Marriott Defendants (she left the company in 2013) and although her deposition cannot be secured by Notice, the Marriott Defendants have inquired as to her amenability and availability to appear again.  She is amenable and will make herself appropriately available, and although she resides and works in New Jersey, she can be produced in Orlando on October 9, 2018 (when Ms. Sobeck and Mr. Pierce are also available).  Mr. Cunningham already has been deposed for three days in this case, including

---

[2] The Marriott Defendants also suggest that the date for the Marriott Defendants to continue to supplement their disclosures pursuant to Rule 26 (as reflected in the eighth bullet point to the proposed Addendum) should be revised modified from August 31, 2018 to September 30, 2018.

about the results of work done by APCO and the Marriott Defendants' use of that work, and therefore the Marriott Defendants do not believe that further depositions are warranted or necessary, although they are amenable to a discussion about whether there are alternate means to obtain such discovery pertaining to Mr. Cunningham.

Dated:  September 6, 2018

Respectfully submitted,
GREENBERG TRAURIG, LLP

By:  *s/ Ian S. Marx*

Philip R. Sellinger
Ian S. Marx
1200 Seventeenth Street, Suite 2400
Denver, Colorado 80202
Tel: 303.572.6500 / Fax: 303.572.6540
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
Tel: 973.360.7900 / Fax: 973.301.8410
Email:  SellingerP@gtlaw.com,  MarxI@gtlaw.com

*Attorneys for the Marriott Defendants*

CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of September, 2018, a true and accurate copy of the foregoing **MARRIOTT DEFENDANTS' RESPONSE TO PLAINTIFFS' STATUS REPORT DATED AUGUST 28, 2018** was filed and served with the Clerk of the Court via CM/ECF filing system which will send notification to the following:

Michael J. Reiser
Law Office of Michael J. Reiser
1475 N. Broadway, Suite 300
Walnut Creek, CA 94596
*Counsel for Plaintiffs*

Matthew C. Ferguson
The Matthew C. Ferguson Law Firm, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611
*Counsel for Plaintiffs*

Tyler R. Meade
The Meade Firm P.C.
1816 Fifth Street
Berkeley, CA 94710
*Counsel for Plaintiffs*

Linda Pham Lam
Michael Schrag
Gibbs Law Group LLP
505 14th Street, Suite 1100
Oakland, CA 94612
*Counsel for Plaintiffs*

Daniel F. Shea
Jessica Black Livingston
Hogan Lovells US LLP
1601 Wewatta Street, Suite 900
Denver, Colorado 80202
*Counsel for Aspen Highlands*
 *Condominium Association*

    *s/ Jaclyn DeMais*
      Jaclyn DeMais

*(Original on file at offices of Greenberg Traurig, LLP, pursuant to C.R.C.P. 121, § 1-26)*