IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 16-01301 PAB

RCHFU, LLC, et al.

    Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, et al.

    Defendants.

---

## MARRIOTT DEFENDANTS' RESPONSE TO PLAINTIFFS' STATUS REPORT DATED SEPTEMBER 20, 2018

---

Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, L.L.C., The Cobalt Travel Company, LLC, and The Lion & Crown Travel Co., LLC (collectively, "Marriott Defendants") respectfully submit this response to the Plaintiffs' Status Report filed on September 20, 2018 (ECF#306).

**1. As to Hearing Dates**

There is no basis for Plaintiffs' insinuation that the Marriott Defendants have inappropriately caused scheduling difficulties relating to a hearing date on motions identified on the Court's docket at numbers 223 and 283. On September 12, Plaintiffs' counsel provided a list of 7 potential hearing dates that had been obtained from the Court, during the timeframe of October 15-31. Plaintiffs' counsel did not tell which, if any, of those dates worked for them; but they asked us to let them know which worked for the Marriott Defendants. On September 14, we told Plaintiffs' counsel that three of the 7 potential dates worked for us (October 15, 19 and 31). Plaintiffs' counsel reported back that they had conflicts on those dates. Plaintiffs' counsel

then asked whether we were available on November 2; however, that date presents conflicts for the Marriott Defendants. On September 24, the Marriott Defendants suggested to Plaintiffs' counsel that a telephone call amongst counsel would be helpful prior to the September 25 call with the Court so the parties could review their calendars and find common available dates after November 2. Plaintiffs' counsel declined the invitation for a call, asking instead that we provide them with proposed available dates in early November. We responded by email identifying three dates on which we are all available (November 15, 20 and 21), to which there has been no response from Plaintiffs' counsel.

### 2. As to the Marriott Defendants' Privilege Log

Plaintiffs have requested the production of 47 documents identified on the Marriott Defendants' privilege log. The Marriott Defendants have or shortly will produce 28 of these documents to Plaintiffs' counsel and, with respect to the remaining 19 documents, have provided additional information concerning the documents and proposed some compromises. The Marriott Defendants remain willing to meet and confer to narrow the issues and resolve any remaining disputes with respect to these 19 documents.

### 3. As to Plaintiffs' Depositions

There are 163 Plaintiffs whose depositions have not yet been taken. As previously indicated, the Marriott Defendants are amenable to deferring a decision whether to take these depositions until after the Court rules on a motion Plaintiffs intend to make on or before December 17, 2018, which will involve a ruling by the Court on issues pertaining to the elements of a claim for constructive fraud. By letter to Plaintiffs' counsel dated September 14, 2018, the Marriott Defendants identified the Plaintiffs whom they would like to depose now notwithstanding the foregoing. Plaintiffs' counsel responsive letter dated September 20, 2018,

adamantly rejected these depositions; stating that Marriott Defendants would have to make a motion to obtain an order compelling them.  Thus, Marriott Defendants will make that motion.

On a related note, the Marriott Defendants believe that a provision in the Court's Scheduling Addendum (ECF#307) concerning Plaintiffs' depositions should be clarified. Specifically, the seventh bullet point should more accurately state:

- The Parties anticipate that the issue of individualized reliance will be resolved by the Court in a motion for summary judgment Plaintiffs will make on or before December 17, 2018 (the "Reliance Motion").  Other then depositions of plaintiffs that may be compelled before then by Court Order, the Marriott Defendants right to depose Plaintiffs (not previously deposed), will be addressed after the Reliance Motion is decided.

Dated:  September 25, 2018

Respectfully submitted,
GREENBERG TRAURIG, LLP


By:  *s/ Ian S. Marx*

Philip R. Sellinger
Ian S. Marx
1200 Seventeenth Street, Suite 2400
Denver, Colorado 80202
Tel: 303.572.6500 / Fax: 303.572.6540
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
Tel: 973.360.7900 / Fax: 973.301.8410
Email:  SellingerP@gtlaw.com,  MarxI@gtlaw.com

*Attorneys for the Marriott Defendants*

3

CERTIFICATE OF SERVICE

      I hereby certify that on this 25th day of September, 2018, a true and accurate copy of the foregoing **MARRIOTT DEFENDANTS' RESPONSE TO PLAINTIFFS' STATUS REPORT DATED SEPTEMBER 20, 2018** was filed and served with the Clerk of the Court via CM/ECF filing system which will send notification to the following:

| | |
|---|---|
| Michael J. Reiser<br>Law Office of Michael J. Reiser<br>1475 N. Broadway, Suite 300<br>Walnut Creek, CA 94596<br>*Counsel for Plaintiffs* | Tyler R. Meade<br>The Meade Firm P.C.<br>1816 Fifth Street<br>Berkeley, CA 94710<br>*Counsel for Plaintiffs* |
| Matthew C. Ferguson<br>The Matthew C. Ferguson Law Firm, P.C.<br>119 South Spring, Suite 201<br>Aspen, Colorado 81611<br>*Counsel for Plaintiffs* | Linda Pham Lam<br>Michael Schrag<br>Gibbs Law Group LLP<br>505 14th Street, Suite 1100<br>Oakland, CA 94612<br>*Counsel for Plaintiffs* |
| | Daniel F. Shea<br>Jessica Black Livingston<br>Hogan Lovells US LLP<br>1601 Wewatta Street, Suite 900<br>Denver, Colorado 80202<br>*Counsel for Aspen Highlands*<br> *Condominium Association* |

                                                *s/ Jaclyn DeMais*
                                                    Jaclyn DeMais

                                           *(Original on file at offices of Greenberg Traurig,*
                                           *LLP, pursuant to C.R.C.P. 121, § 1-26)*