# EXHIBIT BB

| | |
|---|---|
| **DISTRICT COURT, PITKIN COUNTY, COLORADO**<br>506 E. Main Street, Suite 300<br>Aspen, Colorado 81611<br>_____<br>**Plaintiff**: RCHFU, LLC, on behalf of itself and all others similarly situated<br><br>vs.<br><br>**Defendants**: MARRIOTT VACATIONS WORLDWIDE CORPORATION; MARRIOTT OWNERSHIP RESORTS, INC., d/b/a MARRIOTT VACATION CLUB INTERNATIONAL; RITZ-CARLTON MANAGEMENT COMPANY, LLC; COBALT TRAVEL COMPANY, LLC; ASPEN HIGHLANDS CONDOMINIUM ASSOCIATION, INC.; ASPEN HIGHLANDS TOURIST ACCOMMODATION BOARD; and THE LION & CROWN TRAVEL CO., LLC<br>_____<br>*Attorneys for Plaintiff*:<br><br>Michael J. Reiser, A.R. # 16161<br>LAW OFFICE OF MICHAEL J. REISER<br>961 Ygnacio Valley Road<br>Walnut Creek, CA  94596<br>Telephone: (925) 256-0400<br>Facsimile:  (925) 476-0304<br>E-mail: reiserlaw@gmail.com<br><br>Matthew C. Ferguson, A.R. #25687<br>THE MATTHEW C. FERGUSON LAW FIRM, P.C.<br>119 South Spring Street, Suite 201<br>Aspen, Colorado 81611<br>Telephone: (970) 925-6288<br>Facsimile:  (970) 925-2273<br>E-mail: matt@matthewfergusonlaw.com<br><br>Michael L. Schrag (*Pro Hac Vice to be filed*)<br>GIBBS LAW GROUP LLP<br>1 Kaiser Plaza, Suite 1125<br>Oakland, CA 94612<br>Telephone (510) 350-9718<br>Facsimile: (510) 350-9701<br>E-mail: mls@classlawgroup.com | DATE FILED: December 31, 2015 7:21 PM<br>FILING ID: 40100FBDD0636<br>CASE NUMBER: 2015CV30160<br><br><br>**COURT USE ONLY**<br><br>_____<br><br>**Case Number:**<br><br>**Division:** |

*RCHFU, LLC v. Marriott Vacations Worldwide Corporation, et al.*
Pitkin County District Court Case No.
**CLASS ACTION COMPLAINT AND JURY DEMAND**
Page 2

## CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff RCHFU, LLC ("Plaintiff") on behalf of itself and all other similarly situated entities and/or individuals ("Class Members" or the "Class"), brings this action based upon the investigation of counsel and information and belief against the following Defendants: Marriott Vacations Worldwide Corporation; Marriott Ownership Resorts, Inc. d/b/a Marriott Vacation Club International; Ritz-Carlton Management Company, LLC; Cobalt Travel Company, LLC; Aspen Highlands Condominium Association, Inc.; Aspen Highlands Tourist Accommodation Board; and The Lion & Crown Travel Co., LLC (collectively, "Defendants"). Plaintiff demands a jury trial as to all claims so triable.

### INTRODUCTION AND BACKGROUND

1. This lawsuit concerns Defendants' unlawful acts that decimated the value of deeded 1/12 fractional interests that Class Members purchased in the Ritz-Carlton Club Aspen Highlands, located in Aspen, Colorado. Over the last few years, Defendants, including Defendant Marriott Vacations Worldwide Corporation ("MVW") and its subsidiaries and affiliates, have unjustly enriched themselves by violating (or aiding and abetting in, or conspiring to violate) various fiduciary duties owed by certain Defendants to Class Members. These violations undercut the essential features of the fractional interests sold to Class Members.

2. Defendant Marriott Ownership Resorts Inc. d.b.a. Marriott Vacation Club International ("MORI" initially and then "MVCI") was established as a subsidiary of Marriott International, Inc. in 1984, when Marriott's Monarch on Hilton Head Island became the first MORI resort.[1] By 1993, MORI had more than 50,000 owners of fractional interests in its units and more than 19 resorts across three countries. In 1995, MORI became known by the aforementioned fictitious Marriott Vacation Club International, and by 1997 it had grown to over 100,000 owners.

3. In 1999, MVCI introduced The Ritz-Carlton Club (otherwise known as "The Ritz-Carlton Destination Club"), which it described as "an equity-based, luxury vacation program" that sold deeded 1/12 fractional ownership interests, and was distinct from MVCI's "Marriott Vacation Club" product line due to it higher-end nature.

4. In 2001, Aspen Highlands was established as the first fractional ownership property for The Ritz-Carlton Club brand. Thereafter, between 2001 and 2012, the Defendants developed

---

[1] Since November 2011, when Marriott International, Inc. spun off MVW as a separately traded public company, MVCI has been a wholly owned subsidiary of Defendant MVW.

*RCHFU, LLC v. Marriott Vacations Worldwide Corporation, et al.*
Pitkin County District Court Case No.
**CLASS ACTION COMPLAINT AND JURY DEMAND**
Page 3

and sold approximately 3,000 of the deeded 1/12 luxury fractional interests under The Ritz Carlton Club brand at the following nine locations: Aspen Highlands, Colorado; Bachelor Gulch, Colorado; Jupiter, Florida; North Lake Tahoe, California; St. Thomas, U.S.V.I.; San Francisco, California; Vail, Colorado; Abaco, Bahamas; and Maui, Hawaii.

5. Meanwhile, in 2010, MVCI had introduced sales of and was converting legacy owners of timeshares at its resorts to a "points-based product" wherein purchasers bought interests in a land trust ("MVC Trust") set up by MVCI to own its resorts. By 2012, the Marriott Vacation Club had grown to over 400,000 owners at over 50 Marriott Vacation Club resorts worldwide, many of who were utilizing points purchased from MVCI to trade for use of Marriott Vacation Club resorts. Further, by 2012, Marriott Vacation Club points were available for sale on the secondary market for a fraction of the cost at which MVCI sold them.

6. Between 2001 and 2012, approximately 800 Class Members paid premium prices, ranging from $200,000 to $400,000, for their deeded 1/12 fractional interest at the Ritz Carlton Club in Aspen Highlands, (known as "Tourist Accommodation Units" or "Fractional Units"). These Fractional Units were sold based on Defendants' claims that the Fractional Units were superior to MVCI's other timeshare offerings in that the Ritz Carlton Club Aspen Highlands would be exclusive and operated for the use, benefit and enjoyment of Ritz Carlton Club Members, their family and guests "like a second home" (warranting the highly expensive purchase prices for the Fractional Units as compared to other MVCI timeshare offerings), and that the Fractional Units were transferrable like any other form of deeded real estate.

7. However, beginning in 2013, MVW, Ritz-Carlton Management Company, LLC and the other Defendants used their complete control over Defendant Aspen Highlands Condominium Association, Inc. and Defendant The Cobalt Travel Company, LLC to eliminate the very features for which Class Members paid premium prices, thereby destroying the value of the Fractional Units sold to Class Members. By these actions Defendants profited at the Class's expense. Despite the destruction of the value of the Fractional Units, Class Members continue to pay steadily increasing annual dues, much of which goes directly to Defendants in the form of lucrative "management fees" and other "reimbursements" supposedly incurred by Defendants under the management contracts, including payroll related costs. These management fees and reimbursements are paid solely by Fractional Unit owners at the Ritz Carlton Club Aspen Highlands to the Defendants regardless of usage or occupancy.

8. Due to the conduct of the Defendants described herein, the Fractional Units owned by Class Members are now worth less than 20% of the original purchase prices, and Defendants, including MVW; MVCI; Ritz-Carlton Management Company, LLC; Cobalt Travel Company, LLC; and The Lion & Crown Travel Co., LLC have been unjustly enriched by the wrongful and unlawful conduct described herein. Due to defendants actions MVC members can now enjoy the benefits and use of the Ritz-Carlton Club Aspen Highlands property for a fraction of the cost that Class Members paid.  For example a MVC member can buy MVC points sufficient to stay at the

*RCHFU, LLC v. Marriott Vacations Worldwide Corporation, et al.*
Pitkin County District Court Case No.
**CLASS ACTION COMPLAINT AND JURY DEMAND**
Page 4

Ritz Carlton Club Aspen Highlands for approximately twenty percent of what it costs Class Members, who paid $200-400k for substantially similar rights and benefits.

## JURISDICTION

9. This Court has jurisdiction over the subject matter at issue because this is a civil action for damages and/or equitable relief. Colo. Const. Art. VI, § 9(1).

10. Venue is proper in this Court under C.R.C.P. 98(a) and (c) as this action arises from the sale of Fractional Units located in Pitkin County, Colorado, and certain of Defendants' wrongful and illegal conduct was committed in Pitkin County. In addition, jurisdiction and venue are proper in this court pursuant to the terms of the uniform Purchase Contract and other agreements or instruments executed in connection therewith.

## PARTIES

**A.  Plaintiff**

11. Plaintiff **RCHFU, LLC** is organized under the laws of Colorado. Its only members, Jennifer Kaplan and Alexander Busansky, are citizens of California. Pursuant to a uniform Purchase Contract Ms. Kaplan and Mr. Busansky signed in 2003, they purchased and obtained title to Residence Unit No. 12 consisting of an undivided 1/12 interest in Residence No. 8314 of Aspen Highlands Condominiums, ("Ritz Aspen Highlands"), according to the Declaration of Condominium for Aspen Highlands Condominiums, recorded January 11, 2001, Reception No. 450454.

12. Pursuant to an Assignment of Claims, Ms. Kaplan and Mr. Busansky transferred all of their claims and all interests in claims arising out of ownership or under the Purchase Contract or otherwise and pertaining to the undivided 1/12 interest in Residence Unit No. 8314 at the Ritz Aspen Highlands to RCHFU, LLC.

**B.  Defendants**

13. Defendant **Marriott Vacations Worldwide Corporation** ("MVW") is a publicly traded Delaware corporation with its principal place of business at 6649 Westwood Boulevard, Orlando, Florida. MVW is the parent and/or an affiliate company of the other Defendants and was involved in and responsible for the wrongful conduct alleged herein. Marriott Vacations Worldwide Corporation is sometimes referred to herein as Marriott.

14. Defendant **Marriott Ownership Resorts, Inc., d.b.a. Marriott Vacation Club International** ("MORI" or "MVCI") is a Delaware corporation, and a wholly owned subsidiary

*RCHFU, LLC v. Marriott Vacations Worldwide Corporation, et al.*
Pitkin County District Court Case No.
**CLASS ACTION COMPLAINT AND JURY DEMAND**
Page 14

litigation increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

51. In the alternative, the proposed class may be certified because:

a. the prosecution of separate actions by the individual members of the proposed class would create a risk of inconsistent adjudications, which could establish incompatible standards of conduct for Defendants;

b. the prosecution of individual actions could result in adjudications, which as a practical matter, would be dispositive of the interests of non-party class members or which would substantially impair their ability to protect their interests; and

## FIRST CAUSE OF ACTION
## (BREACH OF FIDUCIARY DUTY)
## (Against AH Condominium Association, AH Condominium Association Board, RC Management, and Cobalt)

52. Plaintiff and Class Members incorporate by reference the allegations contained in the preceding paragraphs 1 through 51, and subsequent paragraphs, as if fully set forth in this cause of action.

53. Defendants AH Condominium Association, AH Condominium Association Board, RC Management, and Cobalt had a duty to act with the utmost good faith and loyalty in the best interests of Class Members. These Defendants breached this duty by advancing their own interests and the interests of third parties, including the interests of MVW and MVCI, at the expense of Class Members' interests, and/or by failing to act as a reasonably prudent fiduciary would have acted under the same or similar circumstances.

54. Defendants AH Condominium Association, AH Condominium Association Board, and RC Management owed Class Members a fiduciary duty that required them to, among other things, enforce the restrictive covenants of the Declaration of Condominium for Aspen Highlands Condominiums, including Section 19.8 thereof, as well as section 8.25 of the Declaration for Aspen Highlands Village. These Defendants failed to enforce Section 19.8, Section 8.25 and other provisions, thereby breaching their fiduciary duty, by: (1) failing to enforce these restrictive covenant against timesharing, as set forth in Section 19.8 and Section 8.25; and/or (2) allowing the affiliation of the Marriott Vacation Club with Class Members' Fractional Units.

*RCHFU, LLC v. Marriott Vacations Worldwide Corporation, et al.*
Pitkin County District Court Case No.
**CLASS ACTION COMPLAINT AND JURY DEMAND**
Page 15

55. Defendants AH Condominium Association, AH Condominium Association Board, and RC Management also owed Class Members a fiduciary duty of loyalty requiring that they act in the best interests of Class Members, which includes refraining from any actions that would destroy the value of the Fractional Units that Class Members purchased. These Defendants breached that duty by, *inter alia*: (1) failing to enforce restrictive covenants, including the restrictive covenant against further timesharing, as set forth in Section 19.8 of the Declaration of Condominium for Aspen Highlands Condominiums; and Section 8.25 of the Declaration for Aspen Highlands Village and/or (2) allowing the affiliation of the Marriott Vacation Club with Class Members' Fractional Units.

56. Defendant Cobalt owed fiduciary duties, (including a duty of loyalty), to Class Members arising out of Cobalt's high degree of control over Class Members' Fractional Units and Cobalt's exclusive control of Class Members' rights under the appurtenant Ritz Carlton Membership Program. Defendant Cobalt breached these fiduciary duties by advancing their own interests and the interests of third parties, including the interests of MVW and MVCI at the expense of Class Members' interests, in allowing the affiliation of the Marriott Vacation Club with the Ritz Carlton Club Aspen Highlands and with Class Members' Fractional Units.

57. As a result of Defendants' breach of fiduciary duties, Class Members suffered damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
## (AIDING AND ABETTING BREACH OF FIDUCIARY DUTY)
## (Against All Defendants)

58. Plaintiff and Class Members incorporate by reference the allegations contained in the preceding paragraphs 1 through 57, and subsequent paragraphs, as if fully set forth in this cause of action.

59. Defendants, and each of them, aided and abetted the breaches of fiduciary duty by AH Condominium Association, AH Condominium Association Board, RC Management and Cobalt.

60. As described above, AH Condominium Association, AH Condominium Association Board, RC Management and Cobalt owed fiduciary duties to Class Members to enforce restrictive covenants, including but not limited to Section 19.8 of the Declaration of Condominium for Aspen Highlands Condominiums and Section 8.25 of the Declaration for Aspen Highlands Village. AH Condominium Association, AH Condominium Association Board, RC Management and Cobalt also owed fiduciary duties of loyalty to Class Members, requiring them to act in the best interests of Class Members.