# 2016



**Background regarding the two relevant "affiliation agreements":**

- At the time of purchase, buyers received an "affiliation agreement" between the Association, RC Management, and Cobalt.
- Until March 2018, it appeared that this was the only contractual agreement governing Marriott's decision to affiliate the RCDC with the MVC.
- This agreement appeared to grant Cobalt exclusive authority to affiliate the RCDC with other clubs, i.e., the MVC.
- In March 2018, Plaintiffs discovered the "2013 Affiliation Agreement," and learned the Marriott Defendants had failed to produce it.
- The 2013 Affiliation Agreement granted the association at each club with the power to stop the affiliation – *at least* at their club.
- This is important because it contradicts factual assertions that the Marriott Defendants made to support their various motions to dismiss.

**Legend:**
- Relevant Pleadings (blue)
- Written Discovery (orange)
- Discovery re APCO (yellow)
- Defendants' Failures (red)
- Depositions (green)



# 2017

**4/14/17: Same argument asserted** in MTD Fifth Amended Complaint. ECF No. 131 at pp. 3 n. 1, 6-7, 12-13.

**4/27/17: Same argument asserted in a MTD in *Petrick*:**

- "Cobalt had no fiduciary duty to Plaintiffs when it made decisions that it was granted sole discretion to make under the Affiliation Agreement, including the decision to affiliate with MVC" (ECF No. 224-2 at p. 4); and
- "[T]he Affiliation Agreement makes clear that all important discretionary decisions (including affiliating with new membership programs, e.g., MVC) are made solely by the 'Program Manager' i.e., Cobalt…. [T]he governing documents expressly provide that the RCC SF Association has no authority to participate in, approve of, or object to Cobalt's decision" (*Id.* at p. 7).

*See also* ECF No. 223-1 at p. 7.

Jan. | Feb. | Mar. | Apr. | May | June | July | Aug. | Sept. | Oct. | Nov. | Dec.

**6/15/17:** Defs. begin what they call a **rolling production**.

**8/4/17:** Defs. state "the Marriott Defendants' production of documents in these matters is **substantially complete**, though there may be some additional documents that the Marriott Defendants ultimately produce." ECF No. 223-5 at p. 2.

**9/6/18 to 9/29/18:** Plfs. make **four** written **demands** for that Defs. **confirm** they have produced all responsive documents. ECF No. 223-6 at p. 7.

**11/28/17:** Defs. agree in a joint filing in *Reiser* that "to the best of their knowledge, they **have produced all responsive documents** that are not privileged, with the exception of some plaintiff-specific documents that will be produced shortly." ECF No. 224-1 at p. 3.

Jan. | Feb. | Mar. | Apr. | May | June | July | Aug. | Sept. | Oct. | Nov. | Dec.

Defendants fail to produce any documents for more than seven months.

**6/29/17:** Defs. produce Depo. Ex. **1266**, a 128-page, 1770-line chart entitled "RCDC Open Ended Responses (08-4-1) that does not mention APCO but Plfs. later determined was APCO survey data. ECF No. 282-11.

**9/21/17:** Plfs.' 3rd Req. to Produce Documents, including Request No. 34 seeking all **consultant reports regarding the affiliation**. ECF No. 223-6 at pp. 1-3.

**10/30/17: Defs. fail to respond** to 3rd Req. to Produce Documents even **after a 1-week extension.** ECF No. 223-6 at pp. 1-3.

**12/10/17:** Defs. produce an additional 42,518 pages.

**12/12/17:** Plfs.' demand documents concerning "**feedback concerning the decision to affiliate.**" ECF No. 223-6 at p. 12.

**11/12/17 & 11/16/17:** Cunningham and Sobeck give **evasive testimony** Depo. Ex. **1266**, and Plaintiffs are unable to press because the APCO documents had not been produced. ECF No. 282-1 at pp. 11-16.

Depositions | Oct. | Nov. | Dec.

Neveloff
Marsden
Schneider
Mercer

Cunningham
Phillips
Hayward
Sobeck

Gosch
Marino
Clark
Mullinex

Relevant Pleadings
Written Discovery
Discovery re APCO
Defendants' Failures
Depositions

# 2018

**2/8/18: Court in *Petrick* dismisses all breach of fiduciary duty claims** based on the Marriott Defs.' factually flawed (or at least factually disputed) argument: "The relevant fiduciary duties here can only extend to decisions for which the association is responsible … Where an association possesses no decision-making authority over the alleged wrongful acts, no fiduciary duty can have been exercised, and no breach of fiduciary duty can be successfully alleged." ECF No. 224-3 at p. 2; ECF No. 223-1 at p. 8.

**2/22/18:** In a "Notice of Supplemental New Authority," the Marriott **Defs. ask this Court to follow the *Petrick*** dismissal: "Given these similarities, we would ask that the Court consider the *Petrick* decision, in particularly, Judge McCoy's finding that, based on the governing documents, the complaint and the applicable law, plaintiffs had pleaded no basis for a fiduciary relationship between themselves and any Marriott Defendant under any legal theory." ECF No. 191 at p. 2.

Jan. | Feb.

**3/12/18: Mike Reiser discovers the 2013 Affiliation Agreement** after reviewing the Aspen board's "Acknowledgment and Joinder to Affiliation Agreement." ECF No. 223-1 at p. 5.

**3/13/18: Ian Marx produces 2013 Affiliation Agreement** ECF No. 223-1 at p. 5.

**3/15/18: Marx disavows any claim of error**, writing: "we produced copies of all agreements you requested…." ECF No. 223-9.

**4/4/18: Ian Marx changes his tune**, writing: "On review, it appears we were in possession of the 2013 Affiliation Agreement before the time we made our initial production on November 10, 2016 but did not realize it was not produced in our production that day or thereafter." ECF No 223-10.

**4/26/18:** Plfs. subpoena **APCO** documents. ECF No. 282-16.

**4/29/18:** Ian Marx writes that production of **APCO** documents could "be resisted **attorney-client and work product privileges**." ECF No. 282-17.

**5/30/18: APCO produces** dozens of documents pursuant to a subpoena. ECF No. 282-1 at p. 17.

**6/1/18 & 6/5/18: Defs. ignore two requests** for an explanation re **APCO**. ECF No. 282-1 at p. 18.

**June:** Marx **suggests no prejudice** because Plfs. received Depo. Ex. 1266. ECF No. 282-1 at p. 19.

**6/29/18: Defs. produce** dozens of **APCO** documents. ECF No. 282-1 at p. 19.

**7/2/18:** Marx claims contract lawyers **"mistakenly" marked dozens of APCO documents** as nonresponsive. ECF No. 296 at p. 5.

Jan. | Feb. | Mar. | Apr. | May | June | July | Aug. | Sept.

**1/5/18:** Defs. produce a **privilege log** and the first copy of the **actual survey**.

**2/21-23/18:** Defs. produce **36,780 Skoric** documents (subpoenaed in November) per Court order. ECF No. 189 at p. 2.

**2/1/18:** Defs. **produce 2,676 pages** re revenues and expenses re MVP points.

After we discover the concealed 2013 Affiliation Agreement, Defs. make a flurry of productions through July:

- **3/13/18:** 731 pages of **Strategic Council** updates;
- **3/16/18:** 59 pages of sales data in spreadsheet form;
- **3/29/18 & 3/31/18:** 12,210 pages of **Ritz-Carlton Hotel Company documents** first subpoenaed in November 2017 and not produced until a motion to compel was filed (ECF No. 189 at p. 2);
- **4/3/18:** 23 pages of **Stategic Council Luxury Segment** Updates;
- **4/6/18:** 48 pages of **Business Review Reports**;
- **4/17/18:** 1,684 pages of **Cushman & Wakefield** Appraisals;
- **5/8/18:** 28 pages of **Corporate Growth Committee** memos, including one regarding Defs.' **RCDC Proposed Strategic Plan**;
- **6/7/18:** 40 pages of **spreadsheets** regarding **usage**;
- **6/22/18:** 430 pages of **Marriott International** documents first subpoenaed in November 2017;
- **7/9/18:** 2,465 pages including documents relating to the **Lore Institute**; and
- **9/25/18:** 223 pages of withheld documents **previously marked privileged**.

Jan. | Feb. | Mar. | Apr. | May | June | July | Aug. | Sept. | Oct.

Oliver

Babich

Skoric

Verrechia
Sobeck #2
Kane-Hanan
Cunningham #2
Weisz

DiMegglio
Hearns
Rossi

Hayward #2
Hicks
Frates-Mazzilli

Dalbec
Mercer #2

Sobeck #3
Clark #2
Pierce

Relevant Pleadings
Written Discovery
Discovery re APCO
Defendants' Failures
Depositions