IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC**, a Colorado limited liability company, et al.,

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION**, a Delaware corporation, et al.,

Defendants.

## ASPEN HIGHLANDS CONDOMINIUM ASSOCIATION'S
## REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Plaintiffs' remaining claims against AHCA[1] concern one issue: AHCA's business decision to conduct a survey, not a vote, on the affiliation between AHCA and the MVW Exchange Program, which Plaintiffs say gives rise to a breach of AHCA's duty of loyalty. Sixth Am. Compl. ¶¶ 24, 37–38, 42–43, 85, 88, 91, 98. Plaintiffs have not brought a claim for breach of the duty of care, and this Court dismissed Plaintiffs' claims to the extent they concerned the legality of the affiliation itself, holding that the Declaration did not prohibit the affiliation as a matter of law. Order at 22–23. So, the only allegedly wrongful conduct remaining in this case is the alleged disloyalty of AHCA in surveying all individual members instead of conducting a vote not required by the condominium documents or Colorado law.

AHCA's Motion for Summary Judgment (Dkt. 319, "Motion" or "Mot.") contends, then, that the material facts are not in dispute (everyone agrees a vote didn't occur) and that this business decision doesn't give rise to liability as a matter of law. Plaintiffs, in their Response in

---

[1] AHCA adopts all abbreviations and defined terms from its Motion for Summary Judgment.

1

Opposition (Dkt. 325, "Response" or "Resp.") to AHCA's Motion, dodge this legal question and instead present the Court with pages of "disputed" facts in the hope that one might be trial-worthy. Plaintiffs' additional facts fall into three categories: facts concerning (1) the legal interpretation of Section 19.8 of the Declaration provided by Phil Gosch and later disseminated to Members; (2) AHCA's participation in the affiliation; and (3) AHCA's business decision to survey members on the affiliation. The first two categories of facts are irrelevant and therefore immaterial—they do not concern the decision to conduct a survey. This Court has decided that Section 19.8 of the Declaration did not prohibit the affiliation as a matter of law, Order at 22–23 (citing *Hoyt v. Marriott Vacations Worldwide Corp.,* 2014 WL 509903, at *3 (D. Minn. Feb. 7, 2014)), notwithstanding Mr. Gosch's inadmissible legal opinion to the contrary. And, likewise, AHCA's later participation in the affiliation has no bearing on the allegedly wrongful conduct at issue—the failure to hold a vote.

The third category contains facts that are material. But no party disputes that AHCA conducted a survey, not a vote. Because the decision to survey members was a business decision that did not violate AHCAs' contractual fiduciary duties, and for the other reasons stated in AHCAs' Motion, judgment is proper in AHCA's favor as a matter of law.

### RESPONSE CONCERNING DISPUTED FACTS

1–17, 19–26, 28, 30–33, & 35–46. AHCA does not dispute the factual content[2] of these Additional Disputed Facts ("ADF"). Yet as explained above, and elaborated on below, most of these ADFs are immaterial to AHCA's motion.

---

[2] Plaintiffs *do* dispute any legal conclusion asserted by Plaintiffs in their ADFs and any of Plaintiffs' characterization of the factual content in these ADFs.

2

27 & 29. The letters cited in ADFs 27 and 29 speak for themselves. And Plaintiffs' inferences based on those letters are unsupported by their text. The November letter referenced in ADF 27 states the survey would occur "[a]s promised earlier this year," which is a reference to the April 2013 "vote" letter. Dkt. 319-10 at 1. And the December 2013 survey referenced in ADF 29 was not the "first time" AHCA members learned that MVCD members could reserve a stay in an exchanged week. The November letter, sent the month before said, "a [MVCD member] could reserve a stay in the allocated week." Dkt. 319-10 at 2–3.[3]

## ARGUMENT

**I. Plaintiffs' disputes of fact are immaterial to application of the business-judgment rule.**

AHCA's business decision to conduct a survey instead of a vote cannot give rise to liability absent evidence the decision was made "in bad faith or in fraud of the rights of the members." *Rywalt v. Writer Corp.*, 526 P.2d 316, 317 (Colo. App. 1974). To overcome this threshold presumption that AHCA's decision involved the good-faith exercise of its business judgment, Plaintiffs must prove that the Board "favor[ed] certain members at the expense of … others," "compete[d] with the members," or "advance[d] its own interest over those of the members" when it decided to conduct the survey instead of the vote. *DA Mountain Rentals, LLC v. The Lodge at Lionshead Phase III Condo. Ass'n Inc.*, 409 P.3d 564, 574 (Colo. App. 2016) (articulating the standard of good-faith conduct applied to homeowners associations). Absent

---

[3] AHCA also disputes ADFs 18 and 34, which do not relate to the decision to conduct a survey and are thus immaterial to AHCA's Motion. Mr. Marino testified that AHCA hired him to provide legal advice. **Ex. Z**, Marino Dep. 162:4–18 (describing his relationship with the Board as "counsel" who provided legal advice); *see also id.*, Exs. 1815–17, 1821 (Marino's bills for "legal services rendered"). And Mr. Marino testified that he drafted and negotiated the MOU. *Id.* at 162:19–163:5; *see also id.* at 161:11–24.

3

such evidence, AHCA "will not be held liable for errors or mistakes in judgment." *Fin. Indus. Fund, Inc. v. McDonnell Douglas Corp.*, 474 F.2d 514, 518 (10th Cir. 1973).[4]

Plaintiffs have adduced no evidence that the decision to conduct a survey was made in bad faith. This is because there isn't any. Every member was permitted to participate in the survey. Mot. at 7. There is no evidence that the directors gained any advantage at expense of the Members as a result of the survey. *Id.* Indeed, there is no evidence that the TADs who approved the MOU ever used the MVCD program. *Id.* As a result, judgment is proper in AHCA's favor as a matter of law. *Patel v. Hall*, 849 F.3d 970, 978 (10th Cir. 2017) ("[S]ummary judgment may be warranted if the movant points out a lack of evidence to support an essential element of that claim and the nonmovant cannot identify specific facts that would create a genuine issue.").

Plaintiffs instead present a slew of immaterial facts that have no bearing on the decision to conduct the survey. Resp. at 13. Phil Gosch's legal opinion is, for example, wholly irrelevant in light of the Court's decision that the affiliation did not violate the Declaration. Order at 22–23. And in any event, a lawyer's opinion on the law is inadmissible. *Specht v. Jensen*, 853 F.2d 805, 809 (10th Cir. 1988) (noting that a lawyer's "opinions as to the meaning of the contract terms at issue" are inadmissible because it "is not for witnesses to instruct the jury as to the applicable principles of law, but for the judge" (alterations adopted) (citing *Marx & Co. v. Diners' Club, Inc.*, 550 F.2d 505 (2d Cir. 1977)). Similarly, Plaintiffs' contention that AHCA "promised a vote" is immaterial. AHCA was not obligated to hold a vote as a matter of law.

---

[4] As explained in AHCA's Motion at 7 n.2, arbitrary conduct cannot overcome the protections of the business-judgment rule under Colorado law, notwithstanding Plaintiffs' assertions to the contrary, Resp. at 13. What's more, Plaintiffs have not alleged that AHCA breached its duty of care. Their claims are instead based on breach of the duty of loyalty. Sixth Am. Compl. ¶¶ 24, 37–38, 42–43, 85, 88, 91, 98. As such, Plaintiffs' arguments regarding arbitrariness have no place in this case.

Order at 25.  Nor does AHCA's *later* participation in the affiliation, through, say, the execution of the acknowledgement and joinder, Resp. at 14, have any bearing on its *earlier* decision to conduct a survey and not a vote.

In short, Plaintiffs' business-judgment rule arguments fail for two reasons.  *First*, Plaintiffs fail to adduce any evidence that the decision to conduct a survey involved the kind of self-dealing that would fall below its duty to act in good faith.  *Second*, Plaintiffs' facts are irrelevant to the issue at hand:  whether the decision to survey members was made in bad faith.

**II.  The economic-loss rule disposes of this case as a matter of law.**

The Declaration sets out AHCA's fiduciary duties.  *See* UMF 1, Ex. A ¶ 6.8.  Any action for breach of those duties thus sounds in contract, not tort, and the economic-loss rule bars Plaintiffs' tort claims for breach of those duties.  Plaintiffs' two contrary arguments fail.

Notwithstanding Plaintiffs' assertion, Resp. at 16, neither *Semler v. Hellerstein*, 428 P.3d 555 (Colo. App. 2016), nor *Woodmoor Imp. Ass'n v. Brenner*, 919 P.2d 928 (Colo. App. 1996), holds that a homeowners association owes its members a "judicially recognized special independent duty" that "will support a tort action even though the parties have entered into a contract[]" containing the "identical duty."  *S. K. Peightal Engineers, LTD v. Mid Valley Real Estate Sols. V, LLC*, 342 P.3d 868, 875 (Colo. 2015).  *Semler*, 428 P.3d at 563, and *Woodmoor*, 919 P.2d at 932, merely hold that homeowners associations owe their members fiduciary duties.  Plaintiffs cite no authority holding that AHCA had a "special relationship" with its members regarding the fiduciary duties at issue.[5]

---

[5] Notably, the holding of *Colorado Homes, Ltd. v. Loerch-Wilson*, 43 P.3d 718, 722 (Colo. App. 2001), is inapplicable here.  *Colorado Homes* involved an independent duty imposed on

Nor are Colorado's common-law fiduciary duties more expansive than those in the Declaration. Resp. at 17. Plaintiffs don't explain how the fiduciary duties they allege AHCA breached are beyond the scope of Section 6.8 of the Declaration. *See id.* And they don't explain how the fairness standard in that section is identical to the covenant of good faith and fair dealing (which *is not* a fiduciary duty). *Id.* It isn't. The duties in Section 6.8 encompass the common-law fiduciary duties AHCA owed its members. *See DA Mountain Rentals*, 409 P.3d at 574 (articulating the fiduciary duty applied to homeowners associations).

### III. A claim for constructive fraud requires that an advantage be gained by *the Defendant*.

Under Colorado law, "the gaining of an advantage by the party *to be charged* at the expense of the complaining party" is a necessary element of constructive fraud. *Barnett v. Elite Properties of Am., Inc.*, 252 P.3d 14, 24 (Colo. App. 2010) (Gabriel, J.); *see also Kayser v. Mongham*, 6 P. 803, 811 (Colo. 1885) (requiring evidence of "unconscientious advantage … taken of the fiduciary relation" for constructive fraud). Plaintiffs provide no such evidence.

Plaintiff's contrary arguments rely on misreading the case law. Take *Barnett*. Plaintiffs say that *Barnett* is distinguishable because it does not involve a fiduciary relationship. Resp. at 18–19. But that is immaterial to the aspect of *Barnett*'s holding at issue here: that the defendant must be advantaged. 252 P.3d at 24.

Similarly, Plaintiffs assert that *Sec. Nat. Bank v. Peters, Writer & Christensen, Inc.*, 569 P.2d 875 (Colo. App. 1977), involved a constructive-fraud claim against corporate directors who did not gain an advantage, but that's not true. *Id.* at 881 (defendant-directors "gambled with [company] property" at plaintiffs' expense and to the directors' benefit); *see also id.*

---

homeowners associations "to enforce restrictive covenants," which is a duty no longer at issue in this case.

(constructive fraud "arises where a special confidential or fiduciary relationship exists, which affords the power and means of one to take *undue advantage* over the other" (emphasis added)). *Scott Sys., Inc. v. Scott*, 996 P.2d 775, 780 (Colo. App. 2000), which Plaintiffs assert stands for the proposition that they need not prove AHCA was advantaged, concerned whether plaintiffs had pleaded constructive fraud with particularity. And *Miller v. McCloud*, No. 14-CV-1156-WJM-KLM, 2016 WL 524357, at *7 (D. Colo. Feb. 10, 2016), and *Kim v. Grover C. Coors Tr.*, 179 P.3d 86, 98 (Colo. App. 2007), both involve *failures* to prove constructive fraud. In *Miller*, there was no deception. And in *Kim* there was no breach of fiduciary duty. These decisions are wholly irrelevant. Because the undisputed evidence shows that AHCA gained no advantage at Plaintiffs' expense, summary judgment for AHCA is proper on this claim.[6]

**IV. AHCA cannot be primarily and secondarily liable for the same conduct.**

AHCA cannot as a matter of law be both primarily liable for breaching its fiduciary duties and secondarily liable for aiding and abetting Marriott's breaches of its fiduciary duties (or constructive fraud) *when both claims rely on the same alleged AHCA conduct*. Plaintiffs also

---

[6] Additionally, Plaintiffs' claim for constructive fraud is untimely. Plaintiffs argue that they did not know that a vote would not be held on the proposed affiliation until April 2014, Resp. at 20 (which, notably, is contrary to the position Plaintiffs previously took before the Court, *see* Dkt. 87 at 2–3 ("Plaintiffs … recently discovered facts … that … support additional claims for … constructive fraud.")) . Resp. at 20. The undisputed facts demonstrate otherwise. In July 2013, AHCA informed members that a "survey will be distributed to all Aspen Members shortly." UMF 8 at 2. Then in November and December 2013 AHCA reiterated that "[a]s promised earlier this year"—which is a specific reference to earlier member-communications, including the April 2013 letter using the term "vote" and the July 2013 letter stating a survey would be held—that a survey would be taken. UMF 10; UMF 11. So, Plaintiffs should have known of their constructive-fraud claim by July 2013, but no later than December 2013, more than three years before Plaintiffs added the constructive-fraud claim to their Complaint. In addition, Plaintiffs' argument that *American Pipe* tolling applies here is off base. Plaintiffs had long since dropped their class claims (which would trigger *American Pipe*) when they moved to add the constructive-fraud claim.

7

misconstrue AHCA's cases, which present the straightforward rule that aiding-and-abetting liability attaches only when a defendant is a "non-fiduciary" of the Plaintiff. *In re Kaiser Merger Litig.*, 168 B.R. 991, 997 (D. Colo. 1994). This makes sense because "a person who himself owes a fiduciary duty with respect to a transaction or course of conduct cannot be liable for aiding and abetting a breach of that same fiduciary duty by another *because the same facts that would otherwise constitute aiding and abetting would constitute a 'primary breach of fiduciary duty.'*" *Mann v. GTCR Golder Rauner, L.L.C.*, 483 F. Supp. 2d 884, 916 (D. Ariz. 2007) (emphasis added). Nor have Colorado courts held that the claims are "compatible," as Plaintiffs say. Resp. at 22–23. The decisions Plaintiffs cite merely use the terms "breach of fiduciary duty" and "aiding and abetting a breach of fiduciary duty" in the same decision. *See Kirzhner v. Silverstein*, No. 09-CV-02858-CMA, 2010 WL 2985615, at *11 (D. Colo. July 23, 2010); *Sender v. Mann*, 423 F. Supp. 2d 1155, 1165 (D. Colo. 2006). Neither says a defendant can be liable for breach-of-fiduciary-duty and aiding-and-abetting claims on the same conduct.[7]

### V. Plaintiffs have not adduced evidence that the failure to hold a vote on the affiliation caused Plaintiffs' damages.

Plaintiffs do not dispute that the linchpin of their causation case against AHCA—after the Court's dismissal of their claim that the Condominium Declaration required a vote before any affiliation could occur—is AHCA's failure to hold a vote on the affiliation. Resp. at 23 ("[T]here is evidence that AHCA's failure to hold a vote *resulted in the affiliation* and caused Plaintiffs' property values to diminish."); *see also* Order at 21–22, 25. Plaintiffs' burden, then, if they are somehow able to cast aside their repeated admission in their multiple complaints that the

---

[7] Plaintiffs do not address AHCA's alternative arguments regarding secondary liability, *see* Mot. at 19–22, and, as such, concede them. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) (A court should not "make a party's case for it.").

affiliation with the MVC was the proximate cause of their damages, Mot. at 23–24 & n.26, is to prove the hypothetical alternative—**that, had a vote occurred, the affiliation would not have happened**. *See Brown v. Silvern*, 45 P.3d 749, 751 (Colo. App. 2001) (explaining that, to prove causation in a legal malpractice action, the Plaintiff must prove that the underlying case would have been successful absent the legal malpractice); Dan B. Dobbs, *et al.*, *The Law of Torts* § 187 (2d ed. 2018) (explaining that causation requires proof of the "hypothetical alternative case").

Plaintiffs offer no such evidence in support. Plaintiffs must make two independent factual showings: that (1) a majority of members would have voted against the affiliation, and (2) AHCA would've heeded this "no" vote and not affiliated with AHCA. On the first, Plaintiffs argue that "members vehemently opposed the MVC affiliation." Resp. at 23. AHCA does not dispute that some members opposed affiliation. But the fact that *some* members opposed it is irrelevant (and, thus, immaterial, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("[I]rrelevant" facts are immaterial for purposes of summary judgment.)). This is because Plaintiffs offer no evidence that (1) *a majority* of members opposed the affiliation, (2) *this majority* of members would have voted had a vote been held, and (3) *this majority* of members would have voted against the affiliation, which is the material fact at issue.[8] Moreover, Plaintiffs offer no evidence that, if a majority of members voted against the affiliation, AHCA would not have affiliated with the MVC program. Nor could they. As the Court has recognized, AHCA was not required to hold a vote on the question of affiliation by the Declaration. Order at 25. Nor was a vote required by the Acknowledgement and Joinder or the MOU. Mot. at 24. Indeed, no vote would have been binding under Colorado law. *Id.* Plaintiffs' lack of evidence on the

---

[8]To the extent members' opposition was to the earlier, timeshare-based affiliation that was never implemented, these concerns have no bearing on the affiliation at issue here.

9

essential question of causation here—the hypothetical alternative case—means summary judgment is proper in AHCA's favor.  *Patel*, 849 F.3d at 978 (summary judgment warranted if party bearing burden of proof "cannot identify specific facts that would create a genuine issue").

Plaintiffs' remaining evidence of causation is immaterial.  The evidence concerning the Affiliation doesn't matter unless Plaintiffs can show that it was the failure to hold a vote that made the Affiliation (not AHCA's later participation in it) possible.  Dkt. 250 ¶¶ 99–100, 110.  Plaintiffs' own expert, Jon Simon, bears this out:  he strictly limited his causation opinion to the Marriott Defendants' conduct and AHCA's alleged secondary participation in that conduct.  *See* Simon Report ¶¶ 16c, 35 (explaining his causation opinion only applies to AHCA to "the extent Plaintiffs prove that the A[HCA] aided and abetted or conspired with Marriott Defendant in effectuating the … affiliation.").  Nowhere does Mr. Simon say that Plaintiffs' alleged damages were caused by (1) AHCA's failure to hold a vote or (2) AHCA's participation in the affiliation on its own.

Respectfully submitted this 21st day of December, 2018.

> */s/Daniel F. Shea*
> Daniel F. Shea
> Jessica Black Livingston
> Andrew C. Lillie
> Andrew M. Nussbaum
> HOGAN LOVELLS US LLP
> 1601 Wewatta Street, Suite 900
> Denver, Colorado 80202
> Telephone: (303) 899-7300
> Fax: (303) 899-7333
> E-mail: dan.shea@hoganlovells.com
> E-mail: Jessica.livingston@hoganlovells.com
> E-mail: andrew.lillie@hoganlovells.com
> E-mail: andrew.nussbaum@hoganlovells.com
> *Attorneys for Defendant AHCA*