# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC**, a Colorado limited liability company, et al.,

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION**, a Delaware corporation, et al.,

Defendants.

## MOITION OF DANIEL SHEA TO WITHDRAW AS COUNSEL FOR ASPEN HIGHLANDS CONDOMINIUM ASSOCIATION

Under Local Attorney Rule 5(b), I, Dan Shea, move to withdraw as counsel for Defendant Aspen Highlands Condominium Association (the "Association").[1]

In support of this motion, I state as follows:

1. I am currently counsel of record for the Association, along with Jessica Black Livingston, Andrew C. Lillie, and Andrew M. Nussbaum of Hogan Lovells US LLP.

2. I plan to retire from Hogan Lovells US LLP in 2019.

3. Jessica Black Livingston, Andrew C. Lillie, and Andrew M. Nussbaum of Hogan Lovells US LLP will remain as counsel for the Association.

4. As required by Local Attorney Rule 5(b), I have informed the Association of my intention to withdraw as their counsel.

---

[1] Under Local Civil Rule 7.1(b), no duty to confer applies to this motion.

5. I believe that withdrawal is appropriate under Local Attorney Rule 5(b) and Colorado Rule of Professional Conduct 1.16(b)(1).

6. Local Attorney Rule 5(b) states that "[a]n attorney who has filed an Entry of Appearance … may seek to withdraw on motion showing good cause."

7. Colorado Rule of Professional Conduct 1.16(b)(1) states that "a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client."

8. My withdrawal can be accomplished in this case without material adverse effect on the interests of the Association given that the Association will continue to be represented in this case by Jessica Black Livingston, Andrew C. Lillie, and Andrew M. Nussbaum of Hogan Lovells.

9. This Court regularly grants motions to withdraw. *See, e.g.*, *US Commodity Futures Trading Comm'n v. R2 Capital Grp. LLC*, No. 14-CV-02182-MSK-KLM, 2017 WL 4350364, at *1 (D. Colo. Jan. 11, 2017); *Magluta v. United States Fed. Bureau of Prisons*, No. 11-CV-02381-RM-KLM, 2014 WL 2891825, at *1 (D. Colo. June 26, 2014); *OTO Software, Inc. v. Highwall Techs., LLC*, No. 08-CV-01897-PAB-CBS, 2011 WL 3236049, at *1 (D. Colo. July 5, 2011); *Taylor v. Panico*, No. 07-CV-00985-KHV-KMT, 2010 WL 3835786, at *3 (D. Colo. Sept. 23, 2010); *AdvantEdge Bus. Grp. v. Meridian Ben., Inc.*, No. CIVA02WDM00901WDMCBS, 2007 WL 1061512, at *1 (D. Colo. Apr. 6, 2007), *aff'd sub nom. AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233 (10th Cir. 2009).

For these reasons, I respectfully ask the Court to enter an order withdrawing me as counsel of record for the Association.

Respectfully submitted this 9th day of January, 2019.

        */s/ Daniel Shea*
        Daniel Shea
        HOGAN LOVELLS US LLP
        1601 Wewatta Street, Suite 900
        Denver, Colorado 80202
        Telephone:  (303) 899-7300
        Fax:  (303) 899-7333
        Email:  daniel.shea @hoganlovells.com
        *Attorneys for Defendant Aspen Highlands Condominium Association*