**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO**

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC,** *et al.*

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION,** *et al.*

Defendants.

---

### PLAINTIFFS' MOTION TO AMEND SCHEDULING ORDER AND AMEND COMPLAINT

---

Plaintiffs respectfully file this motion under Fed. R. Civ. P. 15(a)(2) and 16(b)(4) to amend the complaint and the scheduling order to permit the filing of the Seventh Amended Complaint, in connection with the directives in Magistrate Judge Gordon P. Gallagher's "Order Regarding Plaintiffs' Motions for Default Judgment" ("Sanctions Order") (ECF No. 330). A clean copy of which the Seventh Amended Complaint is attached to the Declaration of Tyler R. Meade ("Meade Decl."), as well as a redline copy showing changes from the Sixth Amended Complaint. Meade Decl. at Ex. 1 (clean copy), Ex. 2 (redline).

In addition, Plaintiffs seek to amend the scheduling order to permit Plaintiffs to take (a) the depositions of Messrs. Oliver, Schneider, Marino and Harris requested in Plaintiffs' response to the Court's December 31, 2018 Order, (b) two additional depositions recently offered by the Marriott Defendants after they produced new evidence on December 28, 2018, including surveys showing that access to Ritz-Carlton Destination Club properties, such as Aspen Highlands, was a substantial factor to at least a third of purchasers of Marriott Vacation Club points (the "December

28 evidence"), and (c) other depositions that may be required for Plaintiffs to fully understand this newly produced evidence.

Additionally, as the Sanctions Order invites requests for other remedies to correct the prejudice suffered by the Marriot Defendants' failure to produce the 2013 Affiliation Agreement,[1] Plaintiffs intend to move to compel the production of documents related to the 2013 Affiliation Agreement that have been withheld as privileged. Plaintiffs will also move for the award of attorneys' fees in connection with Plaintiffs' Fed.R.Civ.P. 37(b)(2)(A) motion to compel (ECF. Nos. 203, 204, 263 and 267), which was held in abeyance pending the issuance of the Sanctions Order, as well as fees and costs related to review of such documents if Plaintiffs' motion is granted.

Finally, Plaintiffs move to defer expert discovery until the aforementioned depositions about the December 28 evidence are completed, a change that the Marriott Defendants have already agreed to.

Plaintiffs' motion to amend the Complaint is based the Marriott Defendants' late production of (a) the 2013 Affiliation Agreement, and (b) internal memoranda showing the Marriott Defendants' actions dating back to mid-2011 regarding their decision to abandon and "re-engineer" the Ritz-Carlton Destination Club (sometimes, "RCDC") product line by merging the RCDC with the Marriott Vacation Club (sometimes, "MVC").  This information did not come to light until after Plaintiffs sought leave to file their Sixth Amended Complaint.

Plaintiffs' motion to amend the Scheduling Order (ECF No. 328) to allow further fact depositions is based on (a) the Marriott Defendants' late production of the 2013 Affiliation

---

[1] The full title of the document is "Affiliation Agreement providing Members enrolled with The Lion & Crown Travel Co., LLC access to Marriott Vacation Club Destinations Exchange Program and Marriott Resorts, Travel Company, Inc. d/b/a MVC Exchange Company Members access to Accommodations Received from Participating L&C Members and Lion & Crown." Hereinafter, the "2013 Affiliation Agreement."

Agreement, which this Court determined to be a substantially unjustified violation of discovery rules, and (b) the Marriott Defendants' own offer to produce two new fact witnesses after they produced new evidence on December 28. Plaintiffs request to defer expert discovery is primarily based on the Marriott Defendants' own acknowledgment that the latter two depositions and the new information produced on December 28, 2018 may affect the opinions of Plaintiffs' experts, and also on the difficulty of conducting expert depositions while fact discovery is reopened in the manner described herein.

## CERTIFICATE OF COMPLIANCE WITH D.C.COLO.L.CIV.R 7.1A

The undersigned certifies that they have conferred with the Marriott Defendants'[2] counsel who have not yet indicated one way or another whether their clients oppose this Motion. Counsel continues to diligently confer about several aspects of this motion; however, given the Court's deadlines in the Sanctions Order, Plaintiffs believe it is prudent to pursue all issues in this motion, hoping that some may be resolved by the parties.

## I. INTRODUCTION

Discovery in this case has been complex, to say the least. Tens of thousands of pages have been exchanged between the parties, and many key documents were produced late by the Marriott Defendants. Indeed, this Court just issued an order on December 31, 2018, addressing the Defendants unjustified withholding of the 2013 Affiliation Agreement. ECF No. 330. Earlier, the Court issued an Order Regarding Plaintiffs' Motion to Compel concerning Marriott's assertions of privilege in regard to a late produced Corporate Growth Committee memorandum. Plaintiffs are still requesting other unproduced Corporate-Growth-Committee-related documents.

---

[2] Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, Cobalt Travel Company, LLC, and Lion & Crown Travel Co., LLC (collectively, the "Marriott Defendants" or "Marriott").

The 2013 Affiliation Agreement, and the circumstances surrounding the Association's signing of the "Acknowledgment of and Joinder to" the 2013 Affiliation Agreement ("Acknowledgment and Joinder") are central to this case. Plaintiffs expect to establish during the requested re-depositions of Tyler Oliver, Joel Schneider and Michael Marino, and the new deposition of Robert Harris, that the Marriott Defendants duped the Association board into signing the Acknowledgment and Joinder in April 2014 by concealing the very agreement they were acknowledging and joining. Among other things, this evidence supports Plaintiffs' claim that the Association board breached its duty to use reasonable care in the exercise of its duties because it acknowledged and joined an agreement that it did not read. These facts further support the Plaintiffs' claim against the Marriott Defendants for aiding and abetting the Association's breach as it concealed the 2013 Affiliation Agreement.

The late-produced Corporate Growth Committee ("CGC"), Strategic Council ("SC"), and Growth and Governance Council ("GGC") documents are similarly important. These documents show that the Marriott Defendants' misconduct began in mid-2011, just months before Marriott International ("MI") spun off its timeshare operations into Marriott Vacations Worldwide Corporation ("MVW"), when the Marriott Defendants began to execute a "Product Re-Engineering" plan for the RCDC. These documents reveal Marriott plotting to profit from the abandonment, re-engineering, and merger of the RCDC product line with MVC while knowing full well the risk of legal exposure to RCDC owners harmed by their self-serving actions. Further, these documents detail the Marriott Defendants' plan to leverage the "halo" surrounding the Ritz-Carlton's famed brand to sell MVC points.

Even the Marriott Defendants acknowledge the need for additional fact depositions. On December 28, 2018, they produced important new evidence, including survey data showing the

"ability to use Vacation Club Points to stay at a Ritz-Carlton Club" was a substantial factor for at least a third of those who purchased MVC points. Recognizing that it would be unfair to deny Plaintiffs the opportunity to understand this new survey data and net cost information for points, the Marriott Defendants have offered to produce two knowledgeable witnesses — Urcil Peters and Zach Sonberg — for fact depositions. The parties are still meeting and conferring on exactly what will be required to remedy the prejudice caused by the late production of the December 28 evidence. Plaintiffs want to ensure that the Marriott Defendants have not "cherry picked" the survey evidence they have produced, and will likely insist that the actual survey reports and other summary level evidence be produced. And Plaintiffs may need more than the two depositions offered. Hopefully, the parties will reach agreement on these issues. Plaintiffs believe that the conferral should include making Marriott pay for the costs of these depositions.

But the parties need not delay amending the Scheduling Order pending the resolution of this meet and confer, for it is apparent that additional fact depositions are required due to the Marriott Defendants' late production of the 2013 Affiliation Agreement and December 28 evidence. Amending the Scheduling Order now would allow these necessary depositions to take place, and the parties time to resolve outstanding issues.

## II.     RELEVANT PROCEDURAL BACKGROUND

The Plaintiffs' most recent request to amend the complaint to assert a punitive damages remedy was filed on February 7, 2018. ECF No. 185. The Court granted the amendment on May 10, 2018 and Plaintiffs filed the Sixth Amended Complaint on May 15, 2018. ECF Nos. 237, 250. Since Plaintiffs sought leave to file a Sixth Amended Complaint, Defendants have produced a number of new documents, including (1) the 2013 Affiliation Agreement, (2) documents from Marriot's Corporate Growth Committee, its Strategic Council, and its Growth and Governance

5

Council, and (3) surveys related to Marriot customers' decision-factors in purchasing Marriot points, including information that approximately one-third considered access to the Ritz-Carlton Destination Club in their decision to purchase Marriot Vacation Club points.[3]

The Marriot Defendants' failure to produce the 2013 Affiliation Agreement dramatically affected Plaintiffs' discovery strategy. Plaintiffs were robbed of the opportunity to depose key witnesses, including Association board members and the Association's attorney about whether they ever saw the 2013 Affiliation Agreement and/or understood its terms. For instance, Plaintiffs were robbed of of the opportunity to depose the Association members and its attorney about the fundamental reallocation of authority from Ritz to Marriot under the 2013 Affiliation Agreement. Without the 2013 Affiliation Agreement, Plaintiffs were unable to fully explore the impact of Mr. Mercer's recommendation of the 2013 Affiliation to members during the 2013-2014 survey and the impact of his signing the Acknowledgment and Joinder on behalf of the Association. Meade Decl. ¶ 6.

Specifically, Plaintiffs need to re-depose the following witnesses and question them about the circumstances surrounding the 2013 Affiliation Agreement and the Acknowledgment and Joinder that the Association board signed in April 2014:

| **Witness** | **Role** | **Date Previously Deposed** |
|---|---|---|
| Philip Schneider | Association board member | October 18, 2017 |
| Michael Marino | Association attorney | December 6, 2017 |
| Tyler Oliver | Association board member | January 12, 2018 |

Meade Decl. at ¶ 7. In addition, Plaintiffs should be permitted to depose the fourth member of the board at the time the Acknowledgment and Joinder was signed in April 2014, Robert Harris. *Id.* at ¶ 8.

---

[3] The late production of these latter documents was not a subject of the Plainitffs' Sanctions Motion.

When Plaintiffs sought leave to file the Sixth Amended Complaint in February 2018, the Marriott Defendants also had not produced critical documents detailing the Marriott Defendants' internal deliberations regarding its decision to abandon the RCDC product line. Specifically, the Marriott Defendants did not produce the CGC, SC and GGC documents, close to 1,200 pages, until March through June 2018. *Id.* at ¶¶ 5–6, 9, Ex. 3.

On December 28, 2018, the Marriott Defendants produced a small selection of documents regarding surveys of people who attended sales presentations for the Marriott Vacation Club and those who purchased MVC points. *Id.* at ¶ 10, Ex. 4. In addition, they produced net pricing information for those points. Plaintiffs believe this information should have been produced in response to both Rule 26 disclosure requirements and various discovery requests. *Id*. at ¶ 10, Ex. 5. Disagreeing with that position, the Marriott Defendants explain their late production of this information by claiming that they did not realize until recently that their experts would rely on this information. *Id.* at ¶ 10, Ex. 4. This dispute need not be resolved now, and perhaps not ever, because the Marriott Defendants acknowledge that even under their rendition of events, Plaintiffs should be permitted to conduct discovery on this new evidence. *Id.* at ¶ 10, Ex. 6, p. 5.

Indeed, in a letter dated January 11, 2019, the Marriott Defendants offered (a) to produce additional information regarding the surveys, although not what Plaintiffs believe is necessary, (b) to produce two individuals, Messrs. Peters and Sonberg, they claim have knowledge of the December 28 evidence, (c) that two of Plaintiffs three experts should be given an opportunity to incorporate this new information into their expert reports, and (d) that expert discovery should be delayed pending completion of the above. *Id.* at ¶ 10, Ex. 6, p.5. These offers are a good start, but do not sufficiently cure the harm caused by the late production of this evidence. The most important issue will no doubt be the documents related to these surveys and how the data was used

7

to make business decisions relevant to this case. The parties will strive to agree upon an appropriate agreement within the parameters of a revised Scheduling Order.

### III.   ARGUMENT

The only way to fully remedy the harm caused by the Marriott Defendants' late production of the 2013 Affiliation Agreement, CGC, SC and GGC documents, and the December 28 evidence is to (1) permit Plainitffs to file the proposed Seventh Amended Complaint based on the 2013 Affiliation Agreement and the late-produced CGC, SC and GGC documents, (2) permit Plaintiffs to re-depose Messrs. Oliver, Schneider and Marino and depose Mr. Harris, regarding the 2013 Agreement and the Acknowledgment and Joinder, (3) provide Plaintiffs a fair opportunity to explore the December 28 evidence with a complete production of related documents and an opportunity to depose relevant witnesses, including but not necessarily limited to the depositions of Peters and Sonberg offered by Marriott, and (4) postpone expert discovery until the aforementioned fact discovery is completed. Although ACHA has provided responses to interrogatories and requests for admission, establishing that they did not receive or read the 2013 Affiliation Agreement, Plaintiffs are entitled to cure the deficient videotape depositions for trial and to cross-examine these witness.

The Scheduling Order should be modified to allow Plaintiffs to file their Seventh Amended Complaint forthwith upon the granting of this motion. Fact discovery should be reopened for a period of 60 days for the limited purpose of allowing (a) the parties to negotiate what additional documents should be produced relating to the December 28 evidence, and (b) plaintiffs to take the additional depositions related to the 2013 Affiliation Agreement and December 28 evidence identified herein plus any others reasonably required according to the agreement of the parties and/or a further Order of this court. Finally, Plaintiffs shall have 30 days from the completion of

these depositions to update their expert reports, and the parties should have another 45 days for expert depositions.

Here, the legal analysis for the amendment standard starts with the Court's findings of prejudice and related directives in the Sanctions Order. The Court has invited Plaintiffs to request other remedies to correct the prejudice suffered by non-provision of the 2013 Affiliation agreement, including to move to amend the complaint at this time. ECF. No. 330 at p. 30 ("[s]o, if Plaintiffs wish to attempt to amend, now is the time"). Thus, the Court has already found that good cause exists. Nonetheless, Plaintiffs set forth the standard.

### A. Legal Standard

A party must demonstrate good cause to amend a scheduling order under Fed. R. Civ. P. 16(b)(4). Practically, this standard requires the movant to show the scheduling deadline cannot be met despite the movant's diligent efforts. For example, Rule 16's good cause requirement is shown if the plaintiff has learned new information through (or even after) discovery. *Net-Linx Americas, Inc. v. Berry Company, LLC*, 2015 WL 506753, at *1 (D. Colo. Feb. 5, 2015) (holding that good cause existed to amend the scheduling order to allow for a motion to amend where plaintiff learned that defendant misrepresented certain facts after the deadline to amend passed).

With respect to reopening discovery and allowing for additional depositions, such a decision is committed to the sound discretion of the trial court. *Smith v. U.S.*, 834 F.2d 166, 169 (10th Cir. 1987). The court should consider several factors, such as (i) whether trial is imminent, (ii) whether the request is opposed or unopposed, (iii) potential prejudice to the non-movant, (iv) the diligence of the moving party in obtaining discovery, (v) the foreseeability of the need for additional discovery in light of time allowed for discovery; and (vi) the likelihood that discovery

will lead to relevant evidence. *Llewellyn v. Ocwen Loan Servicing, LLC*, 2013 WL 3199980, at *3 (D. Colo. June 24, 2013).

Where, as here, a plaintiff seeks to amend the scheduling order to allow for an amended complaint, the plaintiff must also satisfy the Rule 15(a) standard. *Birch v. Polaris Indu., Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015). Under Rule 15, in general, and unless futile, leave to amend a complaint should be "freely given." Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). An amendment is futile only if the plaintiff can prove no set of facts in support of his amendment. *Jefferson County Sch. Dist. V. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir. 1999) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."). As the Supreme Court has stated:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

**B. Under Rule 16(b)(4), Good Cause Exists to Amend the Scheduling Order to Allow this Motion to Amend the Complaint**

Good cause exists to amend the scheduling order in this case and allow for a motion to amend the complaint. *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668-69 (D. Colo. 2001), is illustrative. In *Pumpco*, the plaintiff argued that good cause existed to extend the deadline for amendment because the plaintiff "recently received [documents] from [the defendant]" which

established a basis for an additional claim for breach of fiduciary duty. *Id.* at 668. The court held that the receipt of information through discovery, even if it occurred after the deadline to amend passed, constituted good cause sufficient to justify an extension. *Id.* The same is true here. The late-produced documents, including the 2013 Affiliation Agreement, demonstrate that Plaintiffs have additional facts to assert and/or weave into already-existing claims claims. *See also Watkins v. Action Care Ambulance*, No. 07-cv-02598, 2010 WL 3834348, at *2 (D. Colo. Sept. 24, 2010) (granting leave for defendant to assert affirmative defense because it rests on facts that "came to light" well into discovery and were "clearly not available to defendant at the time of its earlier pleadings") (Brimmer, J.).

### C. Under Rule 15(a)(2), Good Cause Exists to Amend the Complaint to Incorporate the Facts Relating to the 2013 Affiliation Agreement and Allege Misconduct Dating Back to Mid-2011

Here, Plaintiffs seek to amend the complaint to explicitly incorporate facts and allegations that the Association breached its duty to exercise reasonable care by signing the Acknowledgment and Joinder without reading the 2013 Affiliation Agreement, and the Marriott Defendants aided and abetted in that breach by concealing the 2013 Affiliation Agreement. In addition, Plaintiffs seek to allege misconduct dating back to mid-2011 based on the late-produced CGC, SC and GGC documents.

It cannot be plausibly stated that the Plaintiffs bring this motion in bad faith or to cause delay. Plaintiffs were denied the opportunity to amend earlier by the late production of this evidence, as this Court appears to have acknowledged. *See* ECF No. 330 at pp. 19–20 ("There is and remains prejudice to Plaintiffs. This prejudice includes, in this action, claim amendment issues as discussed in Plaintiffs' reply.").

Nor can it be argued that Plaintiffs' amendments would cause prejudice. Indeed, this amendment is sought to *cure* prejudice caused by the Marriott Defendants' discovery misconduct.

Moreover, these amendments are merely clarifications and supplemental to the original allegations made against the Association and the Marriott Defendants, and so there is no concern that the new allegations will materially alter the scope of the litigation. *Nacchio*, 2008 WL 2756941, at *7 (D. Colo. July 14, 2008) ("The proposed aiding and abetting allegations against Defendant Mohebbi would not materially alter the scope of the litigation or the factual context of the SEC's claims") (citing cases therein). Indeed, Plaintiffs believe these claims are subsumed within existing allegations and only seek to amend the complaint to make the allegations explicit.

As to futility, the amendments sought will not render the complaint subject to dismissal. The additional material bolsters Plaintiffs' claims against the existing defendants for breach of fiduciary duty and constructive fraud, and against the Marriott Defendants for aiding and abetting those breaches and that constructive fraud.

### D. Good Cause Exists to Permit Plaintiffs to Take the Fact Depositions Identified Herein

This Court has recognized Plaintiffs were denied a fair opportunity to explore issues relating to the Association's signing the Acknowledgment and Joinder without having read the 2013 Affiliation Agreement and the Marriott Defendants' act of concealing that agreement from the Board. ECF No. 330 at 22-23 ("Plaintiffs essentially argue that the course of deposition questioning would have been altered . . . . And this is a fair point. . . So, there was a Rule 26 violation, a violation which had some negative consequence(s) on Plaintiffs prosecution of their case."); *Llewellyn*, 2013 WL 3199980, at *4 (reopening discovery and allowing additional depositions where movant was unable to gather necessary information to defend a claim because Plaintiff failed to provide information until after close of discovery). Thus, there can be little doubt

12

that Plaintiffs should be permitted to re-depose Messrs. Oliver, Schneider and Marino (with the Marriott Defendants paying all related fees and costs), and to take the deposition of Mr. Harris.

Additionally, the Marriott Defendants agree that Plaintiffs should be permitted the opportunity to conduct discovery relating to the December 28 evidence. The Scheduling Order should be amended to permit what the parties agree is necessary to cure the harm from the late production of the December 28 evidence. This remedy is uncontroversial, given that Defendants experts relied upon the December 28 documents in crafting their reports. Meade Decl. at ¶ 10, Ex. 4. Plaintiffs should be given the opportunity to holistically review the full panoply of documents considered by the Defendants' experts, as opposed to the cherry-picked documents actually produced by Defendants. *See Republic of Ecuador v. For the Issuance of a Subpoena Under 28. U.S.C. Sec. 1782(a)*, 735 F.3d 1179, 1189 (10th Cir. 2013) ("The intention [of the 2010 Amendment to Rule 26] is that 'facts or data' be interpreted broadly to require disclosure of any material considered by the expert, from whatever source, that contains factual ingredients") (citations omitted); *Pertile v. Gen. Motors, LLC*, 2017 WL 3767780, at *6-10 (D. Colo. Aug. 31, 2017) (ordering Defendant to produce files "considered" by the expert, not just the files used by expert in crafting the report). It remains to be seen the extent that Plaintiffs and Marriott Defendants can resolve these issues without court intervention.

Defendants would not be prejudiced by the Court granting Plaintiffs' motion. Trial is not imminent. While opposing counsel has not yet indicated whether this request is opposed, Plaintiffs only bring this motion to cure prejudice caused *by the Marriott Defendants*. Further, Plaintiffs have been diligent in prosecuting this action, as this motion is brought just days after an important Sanctions Order in this case and yet-another late production by the Marriott Defendants. While additional discovery is likely necessary, the evidence it would lead to is highly relevant, as it

concerns actions that are core to this case: (i) the Affiliation itself, (ii) the effects of such Affiliation, *and* (iii) Defendants' motive to affect the Affiliation and leverage the halo of the Ritz brand.

### E. Expert Discovery Should Be Deferred Until Additional Fact Discovery is Complete

Expert discovery is currently scheduled to close on February 14, 2019.  ECF No. 328.  Even the Marriott Defendants concede this must be changed in light of the late production of the December 28 evidence, which they acknowledge may require changes to Plaintiffs' expert reports.  Meade Decl. at ¶ 10, Ex. 6 at p. 5.  Under these circumstances, there are clear grounds for extending the expert discovery cutoff as requested.  Indeed, it would be unfair to require Plaintiffs to complete expert discovery while taking fact depositions regarding the December 28 evidence.  For these reasons, grounds for amending this deadline are easily met.

### IV. CONCLUSION

For the reasons stated, Plaintiffs respectfully request that the Scheduling Order be amended to allow the new claims revealed by the tardily produced 2013 Affiliation Agreement, and to allow Plaintiffs a fair opportunity to obtain critical deposition testimony regarding late-produced evidence.  Finally, expert discovery should be deferred until the fact depositions outlined in this motion have been completed.

Dated: January 14, 2019

Respectfully submitted,

LAW OFFICE OF MICHAEL J. REISER

 */s/ Michael J. Reiser*
Michael J. Reiser, # 16161
1475 N. Broadway, Suite 300
Walnut Creek, CA  94596
Telephone: (925) 256-0400
Facsimile: (925) 476-0304

THE MATTHEW C. FERGUSON LAW FIRM, P.C.

 */s/ Matthew C. Ferguson*
Matthew C. Ferguson, #25687
119 South Spring, Suite 201
Aspen, Colorado 81611
Telephone: (970) 925-6288

| | |
|---|---|
| E-mail: reiserlaw@gmail.com<br>*Attorney for Plaintiffs* | Facsimile: (970) 925-2273<br>E-mail: matt@matthewfergusonlaw.com<br>*Attorney for Plaintiffs* |
| GIBBS LAW GROUP, LLP | THE MEADE FIRM, P.C. |
| */s/ Michael Schrag*<br>Michael Schrag (CA State Bar # 185832)<br>Linda Lam (CA State Bar# 301461)<br>505 14th Street, Suite 1110<br>Oakland, CA 94612<br>Phone: (510) 350-9718<br>Facsimile: (510) 350-9701<br>E-mail: mls@classlawgroup.com<br>E-mail: lpl@classlawgroup.com<br>*Attorney for Plaintiffs* | */s/ Tyler Meade*<br>Tyler Meade (CA State Bar # 160838)<br>12 Funston Avenue, Suite A<br>San Francisco, CA 94129<br>Telephone: (415) 724-9600<br>Facsimile: (415) 510-2544<br>E-mail: tyler@meadefirm.com<br>*Attorney for Plaintiffs* |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 14, 2019, I electronically filed the foregoing P**LAINTIFFS' MOTION TO AMEND SCHEDULING ORDER AND AMEND COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| **Michael J. Reiser**<br>Reiser Law, P.C.<br>1475 N. Broadway, Suite 300<br>Walnut Creek, CA 94596<br>michael@reiserlaw.com<br><br>**Matthew C. Ferguson**<br>The Matthew C. Ferguson Law Firm, P.C.<br>119 South Spring, Suite 201<br>Aspen, Colorado 81611<br>matt@matthewfergusonlaw.com<br><br>**Michael L. Schrag**<br>Gibbs Law Group LLP<br>505 14th Street, Suite 1110<br>Oakland, CA 94612<br>mls@classlawgroup.com<br><br>**Tyler R. Meade**<br>The Meade Firm P.C.<br>12 Funston Avenue, Suite A<br>San Francisco, CA 94129<br>tyler@meadefirm.com | **Andrew Nussbaum, Esq.**<br>**Jessica Black Livingston, Esq.**<br>Hogan Lovells US LLP<br>1200 Seventeenth Street, Suite 1500<br>Denver, Colorado 80202<br>Telephone: (303) 899-7300<br>Fax: (303) 899-7333<br>dan.shea@hoganlovells.com<br>jessica.livingston@hoganlovells.com<br>***Attorneys for Defendant Aspen Highlands Condominium Association***<br><br>**Naomi G. Beer**<br>**Ian S. Marx, Esq.**<br>**Philip R. Sellinger, Esq.**<br>Greenberg Traurig, LLP<br>1200 17th Street, Suite 2400<br>Denver, Colorado 80202<br>Phone: (303) 572-6500<br>Fax: (303) 572-6540<br>BeerN@gtlaw.com<br>SellingerP@gtlaw.com<br>MarxI@gtlaw.com<br>***Attorneys for Defendants Marriott*** |

| *Attorneys for Plaintiffs* | *Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., Ritz-Carlton Management Company, LLC, Cobalt Travel Company, LLC and Lion & Crown Travel Company, LLC* |
|---|---|

                               */s/ Tyler R. Meade*
                               Tyler R. Meade
                               Attorney for Plaintiffs
                               The Meade Firm P.C.
                               12 Funston Avenue, Suite A
                               San Francisco, CA 94129
                               Fax: (415) 510-2544
                               tyler@meadefirm.com