# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC,** *et al.*

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION,** *et al.*

Defendants.

---

## DECLARATION OF TYLER MEADE IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND SCHEDULING ORDER AND AMEND COMPLAINT

---

I, Tyler Meade, declare and state:

1. I am Principal at the Meade Firm p.c., co-counsel for Plaintiffs in the above-captioned action. Except as to matters stated on information and belief, I have personal knowledge of the information referenced herein and could competently testify as to its truth if called to do so. As to matters stated on information and belief, I am informed and believe them to be true.

2. In response to the Court's Order on Plaintiffs' Motion for Sanctions to request additional relief, ECF No. 330, pp. 29-30, I respectfully submit this declaration in support of Plaintiffs' Motion to Amend Scheduling Order and Amend Complaint.

3. Attached hereto as Exhibit 1 is a clean version of Plaintiffs' proposed Seventh Amended Complaint.

4. Attached hereto as Exhibit 2 is a redline of Plaintiffs' proposed Seventh Amended Complaint.

5. Since Plaintiffs moved to amend the Complaint in February 2018, the Marriot Defendants have produced a number of important documents. The Plaintiffs' most recent request

to amend the Complaint was filed on February 7, 2018. ECF No. 185. The Court granted the motion on May 10, 2018 and Plaintiffs filed the Sixth Amended Complaint on May 15, 2018. ECF Nos. 237, 250.)

6.  On March 12, 2018 — after moving for a Sixth Amended Complaint — the Plaintiffs discovered that the Defendants had unjustifiably withheld the "Affiliation Agreement providing Members enrolled with The Lion & Crown Travel Co., LLC access to Marriott Vacation Club Destinations Exchange Program and Marriott Resorts, Travel Company, Inc. d/b/a MVC Exchange Company Members access to Accommodations Received from Participating L&C Members and Lion & Crown" ("2013 Affiliation Agreement"). The Marriot Defendants' failure to produce the 2013 Affiliation Agreement dramatically affected Plaintiffs discovery strategy, as Plaintiffs were robbed of the opportunity to question Association board members and the Association's attorney about that agreement. Plaintiffs would have questioned the Association's board members and the Association's attorney about whether they were given the 2013 Affiliation Agreement, whether the board members and the Association's attorney read it and understood its terms, including its fundamental reallocation of authority to the Program Manager for the MVC. Plaintiffs would have questioned whether such facts were understood *before* Mr. Mercer both recommended the 2013 Affiliation to members during the 2013-2014 survey and before he signed the Acknowledgment and Joinder on behalf of the Association.

7.  In order to cure the prejudice from the improper withholding of the 2013 Affiliation Agreement, Plaintiffs need to re-depose the following witnesses and question them about the 2013 Affiliation Agreement and the Acknowledgment and Joinder that the Association board signed in April 2014:

| **Witness** | **Role** | **Date Previously Deposed** |
| --- | --- | --- |
| Philip Schneider | Association board member | October 18, 2017 |
| Michael Marino | Association attorney | December 6, 2017 |
| Tyler Oliver | Association board member | January 12, 2018 |

8.	Plaintiffs also wish to depose Robert Harris, the fourth member of the Association board in April 2014 who signed the Acknowledgment and Joinder to the 2013 Affiliation Agreement.

9.	In addition to the 2013 Affiliation Agreement, when Plaintiffs sought leave to file the Sixth Amended Complaint in February 2018, the Marriott Defendants still had not produced other critical documents. Those documents detailed the Marriott Defendants' internal deliberations regarding its decision to abandon the RCDC product line.  Specifically, the Marriott Defendants did not produce 731 pages of Strategic Council ("SC") documents until March 13, 2018, did not produce 28 pages of Corporate Growth Committee ("CGC") memos until May 8, 2018, and did not produce 430 pages of Growth and Governance Council ("GGC") documents until June 22, 2018. True and Correct copies of transmission letters reflecting the Marriot Defendants' late production of these documents are attached hereto as Exhibit 3.

10.	On December 28, 2018, the Marriott Defendants produced another small selection of critical documents regarding surveys of people who attended sales presentations for the Marriott Vacation Club and those who purchased MVC points.  In addition, they produced net pricing information for those points.  These documents were used by the Defendants experts in crafting their reports.  Plaintiffs believe this information should have been produced in response to both Rule 26 disclosure requirements and various discovery requests.  Disagreeing with that position, the Marriott Defendants explain their late production of this information by claiming that they did not realize until recently that their experts would rely on this information.  The Marriott Defendants acknowledge that even under their rendition of events, Plaintiffs should be permitted to conduct some discovery on this new evidence. Additionally, in the December 28, 2018 letter, Defendants represented to Plaintiffs that Urcil Peters and Zach Sonberg, Marriott employees, were likely to

have discoverable information concerning to them. Defendants confirmed this knowledge in the January 11, 2019 letter and agreed to make Messrs. Peters and Sonberg available for depositions.

11. Attached hereto as Exhibit 4 is a true and correct copy of a December 28, 2018 letter correspondence from Ian Marx, attorney for the Marriot Defendants, memorializing Marriot's production of these documents.

12. Attached hereto as Exhibit 5 is a true and correct copy of Plaintiffs counsel's response.

13. Attached hereto as Exhibit 6 is a true and correct copy of the Marriot Defendants' January 11, 2019 reply letter, memorializing their explanation for the late-produced documents and their acknowledgment that Plaintiffs should be entitled to some additional discovery in response to their late production of documents with their expert rebuttal reports.

14. In the January 11, 2019 letter, the Marriott Defendants offered (a) to produce additional information regarding the surveys (although not what Plaintiffs believe is sufficient), (b) to produce two individuals they claim have knowledge of the December 28 evidence, (c) that two of Plaintiffs three experts should be given an opportunity to incorporate this new information into their expert reports, and (d) that expert discovery should be delayed pending completion of the above.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 14, 2019 in San Francisco, CA.

/s/ *Tyler Meade*
Tyler Meade