# Exhibit 5



**THE MEADE FIRM** p.c.

12 FUNSTON AVE., SUITE A, SAN FRANCISCO, CA  94129

CALIFORNIA  .  NEW YORK

January 8, 2019

<u>Via Email:</u>

Philip R. Sellinger
   *SellingerP@gtlaw.com*
Ian S. Marx
   *MarxI@gtlaw.com*
Greenberg Traurig, LLP
500 Campus Drive, Suite 400
Florham Park, NJ  07932-0677

      Re:   *RCHFU, et al. v. Marriott Vacations Worldwide Corp., et al.*
            D. Colo. Case No. 16-cv-01301-PAB-GPG

Dear Philip and Ian:

    We write in response to your letters dated December 28, 2018 and January 4, 2019 and the scheduling of expert depositions.

    On September 21, 2017, Plaintiffs served their Third Set of Requests for Production on the Marriott Defendants.  Request No. 21 demanded that the Marriott Defendants "Produce all documents *concerning* the use of the Ritz Properties by users that were not RCDC members from 2011 to the present."  *Id.* at p. 21 (italics added).  These requests included an extremely broad definition of the term "concerning."  *Id.* at p. 3.

    During proceedings before Magistrate Judge Gallagher in January and February 2018, Plaintiffs specifically raised your failure to produce documents in response to Request for Production No. 21 and others, noting:

> [T]he requested documents are relevant to Plaintiffs' damages. Disgorgement of wrongfully obtained profits is a recognized remedy for the breach of fiduciary duty claims Plaintiffs allege. *Grynberg v. Total S.A.*, 538 F.3d 1336, 1347 (10th Cir. 2008); *see also* Colo. Jury Instrs., Civil ch. 26:5(2)(a), (c) (4th ed. 2007) (permitting the return of "[a]nything of value or any profit the defendant … received as a result of the breach of fiduciary duty").

Updated Joint Discovery Dispute Chart submitted to Magistrate Gallagher on January 11, 2018 at pp. 1-2.  In response, you led Judge Gallagher to believe that you had withdrawn your earlier objections to this discovery request, stating:

> *Updated Position: During the January 12, 2018 informal discovery conference before the Court, Marriott Defendants agreed to reconsider producing the documents sought by*

Messrs. Sellinger & Marx
January 8, 2019
Page 2

> these Requests. Notwithstanding our objections to these Requests, which we continue to believe are proper, Marriott Defendants produced 2,676 pages of documents on February 1, 2018….

*Id.* at p. 1 (italics in original).[1]

Yet, you did not produce the survey material included with your December 28 letter — **even though the survey results show that between 2013 and 2018, consistently more than a third of respondents attending Marriott Vacation Club sales presentations reported that "The ability to use Vacation Club Points to stay at a Ritz-Carlton Club" was an important feature "when deciding whether to purchase with Marriott Vacation Club."**  This clearly is evidence "concerning the use of the Ritz Properties by users that were not RCDC members from 2011 to the present" and should have been produced at least a year ago — **before our Plaintiffs spent hundreds of thousands of dollars preparing expert reports based on incomplete information**.

The Marriott Defendants also should have produced this survey information pursuant to Requests for Production Nos. 13, 22, 23, and 24 in *RCHFU* and Request for Production No. 1 in *Petrick*.  Further, the Marriott Defendants' initial Rule 26 disclosure promised to produce: "Correspondence, notices, agreements, reports, studies, notes, memoranda or other documents related to the affiliation of The Ritz-Carlton Destination Club with Marriott Vacation Club Destinations."  And the Marriott Defendants should have identified the survey in response to Interrogatory Nos. 8 and 9.

Additionally, the new documents produced at RCDC075969 and RDCD075970 detail historic MVC revenues from timeshare and points sales.  These documents are directly responsive to Request No. 4 in *Petrick* ("all DOCUMENTS sufficient to show Marriot Defendants' annual revenue and profits from selling MVC timeshares from 2012 to the present"), Request No. 6 in *Reiser* (same), and Request number 23 in *RCHFU* ("all… Sales Analysis Reports, and all Sales Reports for 2012-2016 for MVCI…").

You have implicitly recognized the fundamental unfairness resulting from your repeated failures to produce this material until well after the close of fact discovery by offering to allow us to depose Urcil Peters and Zach Sonberg, two Marriott employees who are supposedly knowledgeable about these late-produced documents.  This offer, however, does not even begin to cure the prejudice caused by your late production of this material.  In essence, your position is that Plaintiffs should be compelled to take fact depositions *after* they have spent hundreds of thousands of dollars on expert reports and *while* we are supposed to be taking expert depositions.  The Court is not likely to countenance such a self-serving remedy to yet another discovery violation.

Plaintiffs intend to raise this new instance of misconduct with the Court unless the Marriott Defendants immediately agree to the following with the understanding that Plaintiffs

---

[1] Indeed, all objections were waived because you did not timely respond.  *Pham v. Hartford Fire Ins. Co.*, 193 F.R.D. 659, 661-62 (D. Colo. 2000) ("[A] failure to object to requests for production of documents within the time permitted by the federal rules has been held to constitute a waiver of any objection").

Messrs. Sellinger & Marx
January 8, 2019
Page 3

would defer consideration of additional sanctions — such as fees incurred in revising expert reports or other costs:

1. The Marriott Defendants will immediately produce *all* documents concerning the above-referenced surveys, including but not limited to any related summaries, reports, memoranda, or correspondence.
2. Plaintiffs will have a reasonable opportunity to (a) analyze such documents, (b) depose the relevant witnesses, and (c) incorporate relevant information into their expert reports.
3. Expert depositions will be deferred until the above is completed.

We are available to discuss this matter.  Let us know a convenient time.

Sincerely,

THE MEADE FIRM p.c.

*/s/ Tyler Meade*

Tyler Meade