IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC,** *et al.*

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION,** *et al.*

Defendants.

## DECLARATION OF MICHAEL J. REISER IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

**Michael J. Reiser,** declares and states:

1. I am a member in good standing of the Colorado and California bars, the President of REISER LAW, P.C. ("Firm"), and co-counsel for 200 plus plaintiffs or sets of plaintiffs who own approximately 233 Fractional interests ("Plaintiffs") in this action.

2. I submit this affidavit in support of Plaintiffs' Motion for Attorneys' Fees and Costs in Connection with Sanctions Order ("Fee Application") as directed in Judge Gordon P. Gallagher's "Order Regarding Plaintiffs' Motions for Default Judgment" ("Sanctions Order") (Dkt. 330), and pursuant to Fed.R.Civ.P. 54(d), and D.Colo.L.Civ.R 54.3.

### A. QUALIFICATIONS

3. I graduated from the University of Colorado School of Law in Boulder, Colorado in 1986. I was admitted to practice law in Colorado in 1986. In 1988, I was admitted to the California bar. From 1988 through 1993, I worked as an associate with Rankin, Sproat, *et al.*, an



1

AV rated law firm located in Oakland, California. From 1994 to 1999, I was a partner at that same firm. In 1998, I obtained an AV rating, which has been continuously maintained to the present. In 1999, I opened my own law office in Walnut Creek, California, specializing in complex business, real estate, class action and civil rights litigation. In January 2017, the name of the Law Office of Michael J. Reiser was changed to Reiser Law, p.c.

4. Over the past thirty years, I have handled multiple first-chair jury and bench trials, as well as numerous binding arbitrations. I have been engaged in litigation involving the Interstate Land Sales Full Disclosure Act ("ILSA") since September 2009, when I filed lawsuits on behalf of twenty-nine condo-hotel owners, consolidated under the case titled *Keefe v. Base Village Owners, LLC*, Pitkin County Colorado District Court, Case Number 2009 CV 273. In March 2011, my co-counsel, Matthew Ferguson, and I successfully achieved, on summary judgment, the rescission of approximately $100 million worth of purchase contracts for 60 slope-side condo-hotel unit owners at the Viceroy Hotel in Snowmass, Colorado, and the return of $15.3 million in deposits, based upon ILSA claims, including those arising under 15 U.S.C. §§ 1703(a)(1)(C) and 1703(d)(1). Since September 2009, I have devoted over 75% of my practice to representing condominium and condo-hotel owners in lawsuits arising out of ILSA, the Unfair Competition Law ("UCL") and the common law of California, Colorado and New York.

5. In addition to the *Keefe* case discussed above, I have been either lead or co-lead counsel in the multiple class action and multi-plaintiff lawsuits, including this mass action. A copy of a list of some of the cases I have handled is attached as **EXHIBIT "1"**.

6. I currently employ three attorneys and two paralegals. As noted in the list of cases (Ex. 1), I am and have been co-counsel with The Matthew C. Ferguson Law Firm, P.C., The Meade Firm, p.c. and the Gibbs, Law Group, LLP in various combination for several cases.

2

7. Michael Reiser, Jr. assisted on matters related to the Discovery Violation and the additional discovery. He graduated form the University of California Hastings College of Law in 2016 and was admitted to the California Bar in 2018.

### B. PURPOSES OF THIS AFFIDAVIT

8. The purposes of this Affidavit are to set forth my relevant testimony in support of Plaintiffs' Fee Application about (1) this Firms' billings related to the Discovery Violation on the Affiliation Agreement as found in the Sanctions Order, (2) the work performed by my association and me on the Marriott's Discovery Violation and failure to produce the November 14, 2013, Affiliation Agreement, (3) the collection, extraction, review and winnowing of hours actually spent to those reasonably spent, and (4) the costs my firm incurred in connection with the late production of the Affiliation Agreement and specifically re-deposing two critical high level MVW executives.

### C. BILLING FOR DISCOVERY VIOLATION

9. Mr. Ferguson sets forth the non-confidential facts of the Four Firm's retention by Plaintiffs in this action.

10. My staff and associate have first taken relevant time records for the work that my associate and I performed on these issues related to the Marriott Defendants' failure to produce the Affiliation Agreement, not including the time spent on the Affiliation Agreement Sanctions Motion. Although other timekeepers at my firm also worked on these issues, because their hours were not significant, I have not included them here.

11. I have previously submitted a Declaration in connection with the Affiliation Agreement Sanctions Motion dated April 27, 2018 (ECF. No. 223). In that affidavit I set forth some of the prejudice suffered in the case including having taken 14 depositions without the benefit

3

of the Affiliation Agreement. I also discuss the efforts made to meet and confer with ACHA's counsel to address the prejudice of having deposed several board members and a lawyer.

12. As Mr. Ferguson states in his affidavit, this is not an end-of-case fees and costs application. As such, the only entries included are those on which I believe are relevant to the Sanctions Order.. Mr. Ferguson and I were the one primarily involved in analyzing the impacts on the pleadings and substantive issues. We also took co-lead on handling the new discovery, including the need to return to Orlando, Florida to conduct the depositions of MVW executives Stephanie Sobeck and Lee Cunningham. I also assisted with the issues related to the Discovery's Violation's impact on the discovery of the Aspen Highlands Condominium Association ("ACHA") and also helped Mr. Ferguson in preparing for and in conducting the second deposition of Randall Mercer – ACHA board president.

13. I then carefully reviewed both my and my associate's time records for the work we did related to the Discovery Violation; first to determine if it is related to the violation, and, second, to eliminate errors or duplicate time entries. During this review, I next exercised my billing discretion to eliminate and/or reduce certain time entries to arrive at hours reasonably expended. I spent many more hours dealing with this Discovery Violation than is sought here, but in order to be expedient and cognizant of Fed.R.Civ.P. 1 and this court's time, I have been very conservative in the hours in this Fee Application.

14. I also spoke with Mr. Ferguson who has also reviewed my firm's time spent. I spoke to him to assist in his final effort to "winnow" hours actually spent to hours reasonably spent. The task descriptions and time spent were placed in a spreadsheet by me and then made into an exhibit to the Fee Application. See Ex. 12 to Fee Application.

### D. HOURLY RATES

4

15. As set forth in the Fee Application, my hourly rates in the past 2-3 years have ranged from $700-800 per hour in these complex class, mass and multi-plaintiff actions. Germane here is that U.S. Distinct Court Judge Gonzalo P. Curiel entered an order on September 28, 2017 approving my rate of $740 -- in *Beaver v. Tarsadia Hotels,*, No. 11-CV-01842- GPC-KSC Order at p. 32. (D. California. Sep. 28, 2017)(a complex commercial class action involving hospitality industry). My associate's rate (then a law clerk) was approved for $225.00. A copy of Judge Curiel's Order is annexed to the Fee Application as ] 15.

16. In conjunction with Mr. Ferguson and his research on complex litigation hourly rates in Denver, Colorado, and to expedite this Fee Application by avoiding expensive litigation on rate issues, we are seeking a rate of $650 for me and $225 for my associate. The reasons for this prevailing rate request are set forth in Section III.(h) of the Fee Application.

### E. COSTS

17. The most significant impact on the depositions of Mr. Cunningham and Ms. Sobek is that we had spent $19,000's on the first depositions – which had been taken with trial director technology. We simply could not outlay those funds again – so these key depositions are not consistent in the technology we wanted to use and had invested in heavily. Mr. Ferguson sets forth those facts and expenses in his affidavit.

18. Reiser Law, p.c. also incurred $2,873.34 in the litigation expenses listed below, which are related to a second trip to Orlando, Florida. These included airfare to Florida, meals and lodging. Because we agreed to a single trip to conduct 2 other depositions that had been postponed also due to late productions, Plaintiffs are seeking one half (1/2) of these expenses. Copies of credit card statements and/or bills are available upon request, but I attest that these expenses were

5

incurred for the depositions of Mr. Cunningham and Ms. Sobeck in Orlando, Florida. We were there from May 13 – May 18, 2018.

| | |
|---|---|
| Southwest Airlines to Orlando - MJR and MJR,jr | $579.50 |
| Grand Bohemian (2 rooms) | $3,381.37 |
| Cabs and Uber | $133.72 |
| Meals | $297.58 |
| Alaska Air from Orlando - MJR ad MJR,jr | $1,186.40 |
| Parking | $168.00 |
| | $5,746.67 |
| Less | 50% |
| | $ 2,873.34 |

### F. FEES SUMMARY

19. In total, I reasonably (and very conservatively) spent 75.1 hours working on fixing the consequences of Defendants' Discovery Violation from March 13, 2018 to December 31, 2018. In fact, I have not included a great deal of important work that I did on assisting in negotiating for and assisting on re-deposing Randy Mercer and on written discovery to ACHA regarding the Affiliation Agreement. Mr. Ferguson took the laboring oar there and I have not included my several hours. I have not included time spent in reading the new depositions. I have not included time in conferral with Greenberg Traurig on negotiation for new depositions. My associate Michael Reiser reasonably spent 32 hours on these issues and was very important to assisting me and Mr. Ferguson on these depositions and creating files and exhibits to fit into prior depositions.

20. I personally prepared for and co-conducted, in Orlando, Florida, the two depositions that Plaintiffs were forced to retake on May 15 and May 18, 2018 (Stephanie Sobeck and Lee Cunningham). Their prior depositions were very long and had to be reviewed. I worked with Michael Reiser, Jr. to create new chronological files and to study and analyze the Affiliation Agreement's role in the MVC and RCDC affiliation. I worked extensively with Mr. Ferguson on our one day off and late into the evenings. I also worked with our co-counsel Tyler Meade who was present with us to assist in the depositions being taken that week. He was working on a detailed mediation brief and needed to understand and then turn around the new testimony.

6

21. In my opinion, based on prevailing rates in the relevant legal communities and the serious consequences of the Marriott Defendants' failure to produce the Affiliation Agreement and time involved dealing with it, my firm's attorneys' fees, as have analyzed and adjusted them with Mr. Ferguson, related to the Discovery Violation are reasonable and necessary as set forth in the Fee Application.

Michael J. Reiser

## Reiser Law, P.C. List of cases

A. *Keefe v. Base Village Owners, LLC*, Pitkin County Colorado District Court, Case Number 2009 CV 273. In March 2011, co-counsel and I successfully achieved, on summary judgment, the rescission of approximately $100 million worth of purchase contracts for 60 slope-side condo-hotel unit owners at the Viceroy Hotel in Snowmass, Colorado, and the return of $15.3 million in deposits, based upon ILSA claims, including those arising under 15 U.S.C. §§ 1703(a)(1)(C) and 1703(d)(1).

B. *CGJ Investments, LLC, et al. v. Intrawest Napa Development Company, et al.* — Napa County Superior Court Case Number 26-47855. Lead counsel in an ILSA and UCL based rescission action seeking deposits retained by defendants pertaining to 7 condominium units at the Westin-Verasa in Napa, California. Status: Confidential settlement reached in 2011.

C. *Ham, et al. v. Intrawest Napa Development Company, et al.* — Napa County Superior Court Case Number 26-50708. Lead counsel in an ILSA and UCL based rescission action pertaining to 26 closed condominium hotel units at the Westin-Verasa in Napa, California. Status: Confidential settlement reached in 2012.

D. *Lakin, et al. v. R.C. Chronicle Building, LP, et al.* — San Francisco Superior Court Case Number CGC-11-511958. Lead counsel in an ILSA and UCL based rescission action pertaining to 10 closed condominium units at the Ritz Carlton Residences in San Francisco, California. Status: Confidential settlement reached in 2012.

E. *Rundberg, et al. v. Intrawest Napa Development Company, et al.* — Napa County Superior Court Case Number 27-56986. A class action filed and litigated by the five firms appointed Class Counsel herein seeking deposits retained by defendants involving approximately 80 condominium unit purchase and sale agreements at the Westin-Verasa in Napa, California. Status: Settlement class approved and settlement reached in 2014.

F. *Bruce L. Smith, et al. v. The Related Companies, LP, et al.* — Pitkin County Colorado District Court Case Number 2011 CV168. Co-Lead counsel in an ILSA and common-law based rescission action pertaining to 29 closed condominium units at the Capitol Peak Lodge Condominiums in the Town of Snowmass Village, Colorado. Status: Confidential settlement reached in 2015.

EXHIBIT A

G. *Petrick, et al. v. Marriott Vacations Worldwide Corporation, et al.* —San Francisco Superior Court Case Number CGC-15-545987. Co-Lead counsel with Tyler Meade representing owners of approximately 70 deeded fractional-interest units at the San Francisco Ritz Carlton Residence Club in a common law and UCL based rescission action.

H. *Reiser, et al. v. Marriott Vacations Worldwide Corporation, et al.* —United States District Court, Eastern District of California Case Number 16-CV-00237-MCE-CKD. Co-Lead counsel with Tyler Meade representing owners of over 20 deeded fractional-interest units at the Lake Tahoe Ritz Carlton Residence Club in a common law and UCL based rescission action. Status: Discovery stage. Recently consolidated with *Bhagat, et al. v. Marriott Vacations Worldwide Corporation*, United States District Court, Eastern District Of California, 2:16-CV-00237-MCE-CKD.

I. *Gillespie, et al. v. St. Regis Residence Club New York, Inc. , et al.* —United States District Court, Southern District of New York Case Number 16-cv-09390-GHW. Co-Lead counsel with Tyler Meade and Michael Schrag representing 107 deeded fractional-interest units at the St. Regis Residence Club in a breach of implied covenant of good faith and fair dealing, rescission and unjust enrichment action.

J. *Ulti-Mate Connectors, Inc., et al. v. American General Life Insurance Company, et al.* — United States District Court, Central District of California Case Number 14-cv-1051-JLS-JPR. Co-Lead counsel with Tyler Meade and Michael Schrag representing 3 whole-life policy holders and their employer in a RICO, RICO Conspiracy, Fraud, UCL and common law rescission action arising out of the marketing of an illegal tax-shelter by among others, American General Life Insurance Company. Status: Settlement reached in July 2016.

K. *Asokan et al. v American General Life Insurance Co., et al.* — United States District Court, Middle District Florida Case Number 15-cv-2048-PGB-KRS. Co-Lead counsel with Tyler Meade, Michael Schrag (and others) representing 6 whole-life policy holders and their employers in a common law Fraud and Breach of Fiduciary Duty action arising out of the marketing of an illegal tax-shelter by among others, American General Life Insurance Company.

L. *Smith et al. v. American General Life Insurance Co., et al.* — United States District Court, Central District of California Case Number 16- cv-01893-JLS

(JPRx). Co-Lead counsel with Tyler Meade and Michael Schrag representing 9 whole-life policy holders and their employers in a RICO, RICO Conspiracy, Fraud, UCL and common law rescission action arising out of the marketing of an illegal tax-shelter by among others, American General Life Insurance Company.