## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC**, a Colorado limited liability company, et al.,

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION**, a Delaware corporation, et al.,

Defendants.

## ASPEN HIGHLANDS CONDOMINIUM ASSOCIATION'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND SCHEDULING ORDER AND AMEND COMPLAINT (ECF 337)

In its New Year's Eve Order granting in part and denying in part the Plaintiffs' motions for sanctions, the Court made clear that its Order did not apply to the Aspen Highlands Condominium Association ("Association"), and, as such, no sanctions were warranted against the Association: "I find absolutely no misconduct or violation by Aspen Highlands."  ECF 330 at 29.  Yet oddly, Plaintiffs' requested sanctions to amend the Complaint a seventh time and to amend the Scheduling Order to re-depose Association representatives, among others, are expressly target the Association.  Plaintiffs' proposed amendments to the Complaint add a brand new duty-of-reasonable-care claim against the Association.  And the additional depositions they request single out only Association representatives:  former tourist accommodation directors, Philip Schneider, Tyler Oliver, and Robert Harris; as well as former Association attorney Mike Marino.

1

Because Plaintiffs' requested sanctions are outside the bounds of the Court's Order, they should be denied. But even if the Court had authorized sanctions against the Association (and it hasn't), the Plaintiffs' proposed amendments fail independently, on their merits. The proposed amendments to the Complaint are highly prejudicial to the Association as they raise significant new factual issues two-and-half years into this already protracted litigation. If allowed, the Association will have to defend extensive new fact discovery and file a new motion for summary judgment. The proposed amendments to the Complaint are also futile. The new claim that the Association breached its duty of reasonable care is barred by the business judgment rule and the economic loss rule. And Plaintiffs have failed to show good cause to re-depose Mr. Schneider, Mr. Oliver, and Mr. Marino, let alone to take the deposition in the first instance of Mr. Harris, whom Plaintiffs chose not to depose during the lengthy period of fact discovery. Plaintiffs already have sought—and received—from the Association discovery of the information they seek from these individuals, and they provide no other basis to justify the burden that additional depositions will impose on these former volunteer directors.

Plaintiffs' requests to amend the Scheduling Order and the Complaint should be denied.

## BACKGROUND

Last April, Plaintiffs moved for sanctions against the Marriott Defendants ("Marriott") for Marriott's failure to produce the 2013 Affiliation Agreement between the Marriott Vacation Club Destinations program and Lion & Crown. See ECF 223 at 1. Then, in July, Plaintiffs again moved for sanctions against Marriott on the grounds that Marriott failed to produce certain APCO survey documents. See ECF 282 at 1. Plaintiffs argued that Marriott violated Rule 26 by failing to produce these documents and, as such, were liable for sanctions.

In Plaintiffs' first sanctions motion, they sought to re-depose four former Association directors. See ECF 223 at 2. The Association, although not the target of the sanctions motion, opposed that requested relief. See ECF 262. While these motions were pending, Plaintiffs and the Association resolved their differences by agreeing to permit the re-deposition of only Mr. Randy Mercer, the former President of the Association's Board of Directors, and allowing the Plaintiffs to propound written discovery requests to be answered by all other relevant former Association Directors. **Ex. 1**, Decl. of Jessica Black Livingston ¶ 3. Plaintiffs' purpose in taking Mr. Mercer's deposition a second time was to ask him about the 2013 Affiliation Agreement, which they did during his re-deposition on September 13, 2018. *Id.* at ¶ 4. Plaintiffs also submitted a second set of interrogatories and their first set of requests for admission to all former Association Directors from 2013 to the present regarding the 2013 Affiliation Agreement and the APCO survey documents. *Id.* at ¶ 6. The Association responded to Plaintiffs' extensive requests, and a copy of those responses are attached here as **Exhibit 2**. Among other things, the former Directors averred:

- that they had no version of the 2013 Affiliation Agreement before executing the Acknowledgment and Joinder;

- that they had not seen the 2013 Affiliation Agreement before executing the Acknowledgment and Joinder;

- that they had not read the Affiliation Agreement before executing the Acknowledgment and Joinder;

- that they had not asked Marriott for a copy of the Affiliation Agreement before executing the Acknowledgment and Joinder;

3

- that they executed the Acknowledgment and Joinder to participate in the MVCD Program as required by the Affiliation Agreement;

- that Mr. Mercer never discussed the reference to the Affiliation Agreement in the Acknowledgement and Joinder with any director before executing the Acknowledgment and Joinder; and

- that Mr. Marino never provided the Association with any communication about the Affiliation Agreement.

*Id.* at 5–8, 10–11.

On New Year's Eve, the Court granted in part and denied in part Plaintiffs' motions for sanctions. ECF 330 at 29. The Court first ruled that Marriott's failure to produce the 2013 Affiliation Agreement violated the discovery rules and that this violation was not substantially justified. *Id.* The Court further ruled that although failure to produce the APCO documents was a discovery violation, it was substantially justified. *Id.* So, the Court only ordered sanctions for Marriott's failure to produce the 2013 Affiliation Agreement and requested that the Plaintiffs submit briefing on the reasonable costs incurred as a result of the violation and "any other remedies being sought by Plaintiffs meant to correct the prejudice suffered by non-provision of the Affiliation Agreement." *Id.* at 30.

The Court made clear, however, that its Order ***did not apply to the Association***. This is because, as the Court ruled, the Association did nothing wrong: "I find absolutely no misconduct or violation by Aspen Highlands." *Id.* Yet, despite this lack of wrongdoing by the Association, the sanctions that Plaintiffs now seek in their Motion to Amend Scheduling Order and Amend

Complaint[1] are almost entirely directed against the Association.  Foremost among Plaintiffs' requests is to amend the Complaint a *seventh* time to add a claim that the Association breached its duty of reasonable care.  ECF 337 at 11; ECF 337-3 ¶ 113.

Given its "absolute[]" lack of "misconduct or violation," ECF 330. at 29, the Association opposes Plaintiffs' attempt to impose sanctions on it.

## ARGUMENT

Plaintiffs' requests for additional sanctions to amend the Complaint and Scheduling Order seek to impose sanctions on the Association despite the Association's lack of sanctionable misconduct.  Plaintiffs' requests are thus beyond the scope of the Court's Order and should be denied.  But even if Plaintiffs' requests were within the bounds of the Court's Order (and they aren't), they fail on the merits.  Plaintiffs' motion to amend the Complaint should be denied because it is prejudicial to the Association, it is futile, and it is frivolous.  This is Plaintiffs' *seventh* attempt to amend the Complaint to add claims that raise significant new factual questions and that require a brand new motion for summary judgment.  Plaintiffs' request to amend the Scheduling Order, moreover, targets only Association witnesses to cover ground already addressed by the Association in response to Plaintiffs' discovery requests—requests the Association agreed to answer well after the close of fact discovery as the negotiated resolution to the dispute over the very sanctions Plaintiffs now request a second time from the Court.  Plaintiffs' attempt to impose these prejudicial sanctions on the Association when it has acted diligently and in good faith throughout discovery should be denied.

---

[1] The Association incorporates by reference its Response in Opposition to Plaintiffs' Application for Additional Remedies, which was filed concurrently.  The Association takes no position on Plaintiffs' Motion for Attorneys' Fees and Costs, ECF 339.

**I. Plaintiffs' requests to amend target the Association and are thus outside the bounds of the Court's sanctions Order.**

Plaintiffs' requests to amend the Complaint and Scheduling Order target the Association and are, thus, wholly outside the bounds set by the Court's Order on sanctions. As explained, the Court made clear that the Association has acted diligently and in good faith and has committed no violation of the applicable discovery rules. ECF 330 at 29. Yet despite this, Plaintiffs' requested sanctions seek to penalize the Association. Consider, for example, Plaintiffs' request to amend the Complaint a seventh time. A majority of Plaintiffs' proposed revisions pertain to the Association's alleged breach of its duty of reasonable care. *See* ECF 337 at 11; ECF 337-3 ¶¶ 26, 39–40, 92, 95–100, 113. Indeed, Plaintiffs' proposed duty-of-reasonable-care claim applies to Marriott only secondarily, alleging that Marriott aided and abetted the Association's breach of its duty of reasonable care. ECF 337-3 ¶ 119. This is true, too, with Plaintiffs' request to amend the Scheduling Order. Plaintiffs requested sanctions on this front—re-depositions of Mr. Schneider, Mr. Oliver, and Mr. Marino, and to take the deposition in the first instance of Mr. Harris, whom Plaintiffs chose not to depose during the lengthy period of fact discovery—targets only Association witnesses despite the Association's blamelessness.

To be sure, a court enjoys broad discretion in crafting sanctions. *White v. Gen. Motors Corp.*, 908 F.2d 675, 678 (10th Cir. 1990). But any sanction must be tailored to the violation and can only be "levied upon *the person responsible* for the violation." *Id.* at 686 (emphasis added). Indeed, a sanction can only be entered upon "specific findings that the party was aware of the wrongdoing;" if it isn't, the sanction order is subject to reversal. *Id.* Here, the Court's Order as it applies to the Association made precisely the opposite findings necessary to levy the sanctions

6

Plaintiffs seek: that the Association did nothing wrong. ECF 330 at 29. So, Plaintiffs' requested amendments to both the Complaint and the Scheduling Order should be denied.

### II. Plaintiffs' requested sanctions fail on the merits.

Although the Court can end its analysis here and deny Plaintiffs' Motion as beyond the scope of its Order, Plaintiffs' Motion also fails on the merits.

#### A. Plaintiffs' request to amend the Complaint prejudices the Association.

Plaintiffs' request to amend the Complaint to add a claim for breach of the duty of reasonable care against the Association prejudices the Association. The "most important … factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'" *Id.* (quoting *Patton v. Guyer,* 443 F.2d 79, 86 (10th Cir. 1971)). "Most often, this occurs when the amended claims … raise significant new factual issues." *Id.* Plaintiffs' proposed amendments do just that.

Plaintiffs' proposed amendments to the Complaint raise significant new factual and legal questions that, if allowed, will prejudice the Association. Oddly, Plaintiffs speak out of both sides of their mouth on this issue. On the one hand, Plaintiffs contend that the 2013 Affiliation Agreement is "central to this case," and as such Marriott's failure to produce it left key factual issues unknown to Plaintiffs until recently. ECF 337 at 6. On the other hand, Plaintiffs say that "these amendments are merely clarifications and supplemental to the original allegations made against the Association and the Marriott Defendants, and so there is no concern that the new allegations will materially alter the scope of the litigation." *Id.* at 12. Plaintiffs can't have it

7

both ways. Either the 2013 Affiliation Agreement is key to the case justifying significant new discovery and substantial delay to an already protracted litigation. Or the newly discovered information is insignificant.

Plaintiffs' proposed amendments are not simple clarifications or corrections of pleading deficiencies. The breadth of what Plaintiffs anticipate as new factual issues is made plain by their substantial deposition requests: to re-depose Mr. Schneider, Mr. Oliver, and Mr. Marino, and to depose for the first time Mr. Harris. If Plaintiffs' amendments raised insignificant new factual issues, Plaintiffs would not need numerous new depositions. Defending these new depositions, moreover, will impose substantial and unnecessary costs on the Association. The prejudice to the Association is thus plain. *See Amusement Indus., Inc. v. Stern*, No. 07 CIV. 11586 LAK, 2014 WL 4460393, at *13 (S.D.N.Y. Sept. 11, 2014) ("Prejudice is likely if the amended complaint contains new complex and serious charges which would … require additional discovery for the defendants to rebut.").

The new allegations also raise substantial and complex legal issues that will require the Association to draft a new motion for summary judgment. The Plaintiffs—despite having had *six* opportunities to amend the Complaint—have never alleged that the Association breached its duty of reasonable care.[2] To inject this wholly new, and fundamentally different, basis for

---

[2] Although Plaintiffs represent that their duty-of-reasonable-care claim was always part of their Complaint, ECF 337 at 12, this simply is not so. Their duty-of-reasonable-care claim is based on the Association's alleged failure to review the 2013 Affiliation Agreement prior to executing the 2014 Acknowledgement and Joinder. ECF 337-3 ¶¶ 92–100, 113. But Plaintiffs never once alleged this, or anything remotely similar, in any prior version of their Complaint. In fact, Plaintiffs never mentioned the 2013 Affiliation Agreement at all—nor could they if they were unaware of its existence until recently—and Plaintiffs never mentioned the 2014 Acknowledgment and Joinder. Their duty-of-reasonable-care claim is a brand new claim. Plaintiffs' representations to the contrary are inaccurate.

8

liability at this very late date changes the nature of the case.  Indeed, injecting new claims into a dispute at such a late date is the exact kind of prejudice that warrants denial of a motion amend.  *Hom v. Squire*, 81 F.3d 969, 973 (10th Cir. 1996) (finding prejudicial a motion "to add an entirely new and different claim to [the plaintiff's] suit little more than two months before trial").

What's more, Plaintiffs could have requested leave to amend their Complaint to add these new allegations as early as October 2016 when the Association first produced the Acknowledgment and Joinder.  The Acknowledgement and Joinder repeatedly references the 2013 Affiliation Agreement, including in its title, opening paragraph, recitals, and numbered paragraphs.  Ack. & Joinder at 1–3, attached as **Exhibit 4**.  However, despite having the Acknowledgement and Joinder for nearly two years, Plaintiffs chose not to ask any questions about it during  the numerous depositions of Association directors.  In fact, it is this exact Acknowledgement and Joinder that alerted Plaintiffs' counsel to the existence of the 2013 Affiliation Agreement on March 12, 2018.  See ECF 223 at 8–9.  Plaintiffs' counsel should have known as early as October 2016 from the Acknowledgement and Joinder that the 2013 Affiliation Agreement existed.

Plaintiffs' request to only now amend the Complaint to include allegations about the 2013 Affiliation Agreement—30 months and tens of depositions after it should have become aware of its existence—clearly prejudices the Association and should be denied.

### B.  Plaintiffs' request to amend the Complaint is futile.

Plaintiffs' proposed amendments are also futile.  A court should deny a plaintiff's request for leave to amend the complaint if it is futile. *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). "A proposed amendment is futile if

the complaint, as amended, would be subject to dismissal." *Id.* Here, Plaintiffs' proposed duty-of-reasonable-care claim is futile for at least two independent reasons: the business judgment rule insulates the AHCA's conduct from civil liability and the economic loss rule bars recovery because the Association's duty of reasonable care is a creature of contract.

### i. The Association's alleged breach of the duty of reasonable care is insulated by the business judgment rule.

The business judgment rule bars Plaintiffs' new duty of reasonable care claim because the Association exercised sound business judgment when it engaged Mike Marino to negotiate the Acknowledgement and Joinder to the 2013 Affiliation Agreement. Courts will not "interfere with or regulate the conduct of the directors [of a board] in the reasonable and honest exercise of their judgment and duties" absent evidence that the "directors acted in bad faith or in fraud of the rights of the members." *Rywalt v. Writer Corp.*, 526 P.2d 316, 317 (Colo. App. 1974). This is because the business judgment rule "bars judicial inquiry into actions of corporate directors taken in good faith and in the exercise of honest judgment in the lawful and legitimate furtherance of corporate purposes." *Curtis v. Nevens*, 31 P.3d 146, 151 (Colo. 2001).

Here, Plaintiffs for the first time allege in their proposed Seventh Amended Complaint that the Association violated its duty of reasonable care to members when it "execut[ed] the Acknowledgment and Joinder without requesting or reading the 2013 Affiliation Agreement itself." ECF 337-3 ¶ 113. But the Association's conduct was not careless because it relied on its counsel at the time, Mike Marino, to review and negotiate the Acknowledgment and Joinder. See Marino Dep. 158:3–18, attached as **Exhibit 3**; Mercer Dep. 327:24–328:2 attached as **Exhibit 5**. The Association was entitled to rely on Mr. Marino's advice as a matter of law when exercising its sound business judgment. *See* 19 C.J.S. Corporations § 561 ("If a corporate board

10

seeks legal advice before reaching its decision and relies on that advice in reaching its decision, it will be found to have properly exercised its business judgment." (collecting cases)).

Notably, Plaintiffs now admit that the Association retained Mr. Marino as their attorney to negotiate the Acknowledgment and Joinder. In their sanctions briefing, Plaintiffs repeatedly refer to Mr. Marino as the Association's attorney and expressly seek to re-depose him on whether he reviewed the 2013 Affiliation Agreement when negotiating the Acknowledgement and Joinder. ECF 337 at 6 (asking to re-depose Mike Marino, the "Association's attorney about whether [he] ever saw the 2013 Affiliation Agreement and/or understood its terms"); *see also* ECF 338 at 2–3. This position—that Mr. Marino was engaged as the Association's attorney while negotiating the Acknowledgment and Joinder—is 180-degrees to the position Plaintiffs took in response to the Association's motion for summary judgment. There, Plaintiffs assert that Mr. Marino "was not retained to provide legal advice." ECF 325 at 7; *id.* at 2, 10–11, 14, 21.

But, now, Plaintiffs have taken the opposite position and have admitted that the Association retained Mr. Marino in his professional capacity as an *attorney* to negotiate the Acknowledgment and Joinder. This admission is dispositive here. The Association's reliance on Mr. Marino's advice when executing the Acknowledgment and Joinder is fully protected by the business judgment rule. These undisputed facts, as well as the others referenced in this response, would subject Plaintiffs' proposed Seventh Amended Complaint to a motion for summary judgment. And "[a] court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment." *Bauchman for Bauchman v. W. High Sch.*, 132 F.3d 542, 562 (10th Cir. 1997). Plaintiffs' proposed amendments are futile.

11

### ii. Plaintiffs' duty-of-reasonable-care claim is barred by the economic loss rule.

Plaintiffs' proposed amendment is also futile because it is barred by the economic loss rule. The economic loss rule bars tort claims for a breach of a duty that arises out of a contract. *S K Peightal Eng'rs, LTD v. Mid Valley Real Estate Sols. V, LLC*, 342 P.3d 868, 872 (Colo. 2015). Here, the Plaintiffs now allege that the Association breached its "dut[y of] reasonable care." ECF 337-3 ¶ 113. But this duty arises from a contract between the parties, the Declaration of Condominium establishing the Aspen Highlands Condominium Association ("Declaration" or "Decl."). The Declaration imposes on the Board a duty to "represent the interests of" the owners fairly and justly and holds the Board to "the standards of good faith and *reasonableness*" in doing so. Decl. ¶ 6.8 (emphasis added), attached as **Exhibit 6**. This reasonableness duty set forth in the Declaration is identical to the tort duty imposed by law: "A fiduciary's obligations . . . include, among other things, . . . a duty to exercise *reasonable care* and skill." *Bailey v. Allstate Ins. Co.*, 844 P.2d 1336, 1339 (Colo. App. 1992) (emphasis added); *see also DA Mountain Rentals, LLC v. The Lodge at Lionshead Phase III Condo. Ass'n Inc.*, 409 P.3d 564, 574 (Colo. App. 2016) (explaining that a director of a homeowners' associations owes the same fiduciary duties to its members that arise in other fiduciary contexts). And Plaintiffs point to no independent duty of reasonable care that would apply to supersede the existing contractual duties in the Declaration. *See S K Peightal Eng'rs, LTD*, 342 P.3d at 875 (an independent tort duty is one that "is beyond the scope of the duties contained within the contract"). As a result, Plaintiffs' attempt to add a duty-of-reasonable-care claim is barred by the economic loss rule and is futile.

### C. Plaintiffs have failed to show good cause to re-depose Mr. Schneider, Mr. Oliver, and Mr. Marino, or to take the deposition of Mr. Harris for the first time.

Plaintiffs fail to note that they made a deal with the Association after they discovered the 2013 Affiliation Agreement. After Plaintiffs initially sought to re-depose four former Association Directors, the Association agreed to permit the re-deposition of Mr. Mercer about his involvement in the negotiation of the Affiliation Agreement and to allow the Plaintiffs to submit requests for admission and interrogatories on the 2013 Affiliation Agreement to all former Association Directors from 2013 to the present. **Ex. 1**, Decl. of Jessica Black Livingston ¶¶ 3–4, 6. The Association held up its end of the bargain, now only to have the Plaintiffs come back and ask for more. Given that Plaintiffs have the information they need and that the parties previously agreed to exchange, Plaintiffs' request to re-depose various Association representatives should be denied.

The decision whether to allow further examination of a party who already has been deposed is within the discretion of the court. *Roberts v. State of Okla.*, 110 F.3d 74, 9 (10th Cir. 1997); *Martensen v. Koch*, 301 F.R.D. 562, 585 (D. Colo. 2014). The party seeking leave to "extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order." Fed. R. Civ. P. 30, Advisory Committee Note to the 2000 Amendment. Generally courts "will not require a deponent to appear for a second deposition without some showing of need or good reason for doing so" because re-deposing a witness "without a showing of [reason] will generally support a finding of annoyance and undue burden or expense." *Myers v. Mid–West Nat'l Life Ins. Co.*, No. 04–cv–00396–LTB–KLM, 2008 WL 2410413, at *2 (D. Colo. June 11, 2008) (citing *Cuthbertson v. Excel Indus. Inc.*, 179 F.R.D. 599, 605 (D. Kan.

13

1998)) (internal quotation marks omitted). Where no "need or good reason" is shown, a court should deny the request to re-depose a witness. *See Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, No. 09–cv–00970–PAB–KMT, 2014 WL 358866, at *1 (D. Colo. Jan. 31, 2014). Such is the case here.

The Association Board directors and Mr. Marino would be prejudiced if they were required to sit for a second deposition in this case. All of the Association Board directors are volunteers and are not compensated for their time like corporate executives. *Contra Ironstone Condominiums at Stroh Ranch Owners Ass'n, Inc. v. Peerless Indem. Ins. Co.*, No. 12-CV-03160-CMA-KMT, 2014 WL 518241, at *2 (D. Colo. Feb. 7, 2014) (explaining that being paid for deposition time weighs in favor of granting a second deposition of an already-deposed individual). Mr. Harris, who Plaintiffs chose not to depose during the extensive fact discovery in this case, would also suffer prejudice. The fact that Plaintiffs now want to change their strategy and depose Mr. Harris this late in the game is extremely prejudicial to him.

But more fundamentally, the Plaintiffs already have the information they need. Plaintiffs have already had the opportunity to re-depose Mr. Mercer on his involvement in the execution of the Acknowledgment and Joinder. **Ex. 1**, Decl. of Jessica Black Livingston ¶ 4. And they questioned Mr. Marino about his involvement in the negotiation of the Acknowledgment and Joinder during his deposition. *See, e.g.*, **Ex. 3**, Marino Dep. 158:3–159:5. Moreover, the Association responded to Plaintiffs' second set of interrogatories and first set of requests for admission, which pertained directly to the 2013 Affiliation Agreement. Given that all former Directors—including Mr. Schneider, Mr. Oliver, and Mr. Harris—responded extensively to those discovery requests as described above, averring that they did not review the 2013

Affiliation Agreement before the board executed the Acknowledgement and Joinder, , *supra* at 3–4, there is simply nothing else to ask Mr. Schneider, Mr. Oliver, or Mr. Harris. In short, Plaintiffs have failed to demonstrate good cause for the repeat depositions they seek.

## CONCLUSION

Plaintiffs' requested sanctions to amend the Complaint and Scheduling Order, among others, are beyond the scope of the Court's Order, which made clear that there was no misconduct or discovery violation by the Association. To enter sanctions against the Association, then, would violate the axiom that a sanction can only be entered against a violating party. Given this, Plaintiffs' requests to amend should be denied.

And in any event, Plaintiffs requests to amend fail on their merits. The proposed amendments to the Complaint inject new factual issues that will impose significant new costs on the Association and substantially delay this never-ending litigation. What's more, the prejudice suffered by the Association because of the proposed amendments will serve no purpose: the amendments are futile. And Plaintiffs have failed to show good cause to re-depose Mr. Schneider, Mr. Oliver, or Mr. Marino, or to take the deposition of Mr. Harris. These depositions will only retrace ground already covered in the Association's discovery responses. Plaintiffs' requests to amend are thus meritless and should be denied.

Respectfully submitted this 4th day of February, 2019.

        */s/ Jessica Black Livingston*
        Jessica Black Livingston
        Andrew C. Lillie
        Andrew M. Nussbaum
        HOGAN LOVELLS US LLP
        1601 Wewatta Street, Suite 900
        Denver, Colorado 80202
        Telephone: (303) 899-7300

FAX: (303) 899-7333
E-mail:jessica.livingston@hoganlovells.com
E-mail:andrew.lillie@hoganlovells.com
E-mail:andrew.nussbaum@hoganlovells.com
*Attorneys for Defendant Aspen Highlands Condominium Association*