# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO**

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC**, a Colorado limited liability company, et al.,

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION**, a Delaware corporation, et al.,

Defendants.

---

**ASPEN HIGHLANDS CONDOMINIUM ASSOCIATION'S OBJECTIONS AND
RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES AND FIRST
SET OF REQESTS FOR ADMISSION**

---

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Aspen Highlands Condominium Association (the "Association") hereby objects and responds to Plaintiffs' Second Set of Interrogatories (the "Interrogatories") and First Set of Requests for Admission ("Requests") to Defendant Aspen Highlands Condominium Association.

## <u>GENERAL STATEMENTS</u>

The following statements and objections are hereby incorporated into each and every response to Plaintiffs' Requests and Interrogatories.  The Association's objections and responses are based upon information presently available to the Association, and the Association's investigation and discovery of information and documents relating to the claims and defenses at issue in this case are ongoing.  The Association reserves the right to supplement these objections in view of and responses with—and to introduce at trial or in any pretrial motion in this case— any and all evidence hereafter discovered by the parties in this action, including evidence from

1

any third party.  The information set forth below is subject to correction for errors, mistakes, or omissions, if any should be found to exist.

Nothing in these responses and objections shall be deemed an admission by the Association regarding the existence of any information, the relevance, authenticity, materiality, or admissibility of any information, for any purpose, or the truth or accuracy of any statement or characterization contained in any Request or Interrogatory.  Where the Association responds by identifying documents or individuals with knowledge concerning a particular subject matter identified in a Request or Interrogatory, such response shall not be construed as an admission concerning the accuracy of Plaintiffs' characterization of the subject matter.  The Association expressly reserves the right to object to the use of these responses, the subject matter contained herein, or the documents identified or produced in connection herewith during any subsequent proceeding, including during trial of this or any action.

## GENERAL OBJECTIONS

The Association makes, and hereby incorporates by reference, the following general objections to the Requests and Interrogatories as a whole and to each and every separate Request and Interrogatory, whether or not separately set forth in each response to each Request and Interrogatory:

1.     The Association objects to any and all Requests and Interrogatories to the extent that they call for the disclosure of information that contains attorney-client communications, constitutes attorney work-product, discloses mental impressions, conclusions, opinions, or legal theories of any attorneys, contains privileged attorney-client communications, contains confidential or proprietary information, was prepared in anticipation of litigation, contains joint-defense or common-interest privileged communications, or is otherwise protected from

2

disclosure under applicable privileges, laws, or rules.  Inadvertent production of any document or revealing of information subject to any applicable privilege or protection, including but not limited to the attorney-client privilege and the work-product doctrine, is not intended to be, and shall not operate as, a waiver of any such privilege or protection, in whole or in part.

2.     The Association objects to the Requests and Interrogatories to the extent that they seek information that is not within the Association's possession, custody, or control or refers to entities, persons, or events not known to the Association, on the grounds that such Requests and Interrogatories seek to require more of the Association than any obligation imposed by law, would subject the Association to unreasonable and undue oppression, burden and expense, and/or further seek to impose upon the Association an obligation to investigate or discover information or materials from third parties or sources which are equally accessible to Plaintiffs.

3.     The Association objects to the Requests and Interrogatories to the extent they are vague, ambiguous, overly broad, unduly burdensome, oppressive, harassing, incomprehensible, or contain words or phrases that are confusing or lack sufficient definition to permit response. By responding to any Request or Interrogatory, the Association does not adopt any meaning Plaintiffs may intend or have in mind, and the Association expressly reserves the right to object to the use or introduction or any response that mischaracterizes or takes the Association's response out of context or attempts to apply the response to a unilateral definition of a particular inquiry.

4.     The Association objects to the Requests and Interrogatories to the extent that they seek information that is the subject of confidentiality agreements, protective orders, or rulings issued by other courts limiting dissemination or usage of the requested information.

5.      The Association objects to the Requests and Interrogatories to the extent they call for information that is already in possession of or equally available to Plaintiffs, including but not limited to documents available from other Defendants in above-captioned case, government agencies, regulatory bodies, court files, the internet, or commercial industry sources.

6.      The Association objects to the Requests and Interrogatories to the extent they seek to create any obligation to provide information in a manner not required under the Federal Rules of Civil Procedure or other applicable law.  When appropriate, the Association will undertake a reasonable and good faith effort to respond.  Responses therefore will be based upon such documents and information as are reasonably available to the Association and susceptible to retrieval through reasonable discovery efforts.  The Association expressly disclaims any obligation and objects to any attempt to impose any further or greater obligation upon it to collect documents or information or to supplement these responses, except as may be imposed by law or regulation.

7.      The Association reserves the right to challenge the competency, relevancy, materiality, or admissibility at trial of any of the information it provides in response to the Interrogatories.

8.      The Association objects to each and every Request and Interrogatory to the extent it seeks legal opinions or conclusions or presents questions of pure law.  Nothing in the Association's responses is intended to provide, and no part of the Association's response shall be construed as providing, a legal conclusion regarding the meaning or application of any terms or phrases used in Plaintiffs' Requests or Interrogatories.

9.      The Association objects to each and every Request and Interrogatory to the extent it is compound, duplicative, or cumulative of other forms of discovery that are more convenient or less burdensome.

10.      The Association objects to each and every Request and Interrogatory to the extent it seeks information or documents not proportional to the needs of the case, not relevant to the claims or defenses of any party, or otherwise not within the scope of relevant discovery.

11.      The Association objects to the definition of "TAD" as being unclear and vague. The Association construes TAD to mean any Tourist Accommodation Director of the Association from 2013 through the present.

12.      The Association incorporates by reference the general objections set forth above into each of the specific objections and responses set forth below. The Association may repeat a general objection for emphasis or some other reason. The failure to repeat any general objections, or failure to specifically incorporate a general objection by reference, does not waive any general objection to the Interrogatory. Moreover, the Association's investigation, discovery, and analysis are ongoing, and its responses are based on the Association's present investigation and information presently available to it. The Association reserves the right to produce evidence of subsequently discovered facts, and to modify, supplement, or otherwise change or amend its responses and objections to these Requests and Interrogatories as necessary.

## <u>REQUESTS FOR ADMISSION</u>

### <u>Request for Admission No. 1</u>

Admit that the Association did not have any version, original or copy of the 2013 Affiliation Agreement in its files at any time.

**Response:** Admitted insofar as the Association did not possess any version, original, or copy of the 2013 Affiliation Agreement before such document was produced by the Marriott Defendants in the course of this Action; otherwise denied.

## Request for Admission No. 2

Admit that no Association director or officer, including any TAD, Tyler Oliver, Phillip Schneider and/or Robert Harris, had seen the 2013 Affiliation Agreement at any time before Mercer signed the Acknowledgment and Joinder.

**Response:**  Admitted that no TAD, including Tyler Oliver, Phillip Schneider, or Robert Harris, had seen the 2013 Affiliation Agreement before such document was produced by the Marriott Defendants in the course of this Action; otherwise denied.

## Request for Admission No. 3

Admit that no Association director or officer, including any TAD, Tyler Oliver, Philip Schneider and/or Robert Harris, had read the 2013 Affiliation Agreement at any time before Mercer signed the Acknowledgment and Joinder.

**Response:**  Admitted that no TAD, including Tyler Oliver, Phillip Schneider, or Robert Harris, had read the 2013 Affiliation Agreement before such document was produced by the Marriott Defendants in the course of this Action; otherwise denied.

## Request for Admission No. 4

Admit that no Association director or officer, including any TAD, Tyler Oliver, Philip Schneider and/or Robert Harris, had seen or read the 2013 Affiliation Agreement at any time after Mercer signed the Acknowledgment and Joinder.

**Response:** Admitted that no TAD, including Tyler Oliver, Phillip Schneider, or Robert Harris, had seen or read the 2013 Affiliation Agreement at any time after Mercer signed the Acknowledgment and Joinder until such document was produced by the Marriott Defendants in the course of this Action; otherwise denied.

**Request for Admission No. 5**

Admit that the Association did not ask any of the Marriott Defendants, Hotel Company or MII for the 2013 Affiliation Agreement at any time before or after Mercer signed the Acknowledgement and Joinder.

**Response:** Admitted that the Association did not ask any of the Marriott Defendants, Hotel Company, or MII for the 2013 Affiliation Agreement at any time before or after Mercer signed the Acknowledgement and Joinder, but the Association has since received the document as produced by the Marriott Defendants in the course of this Action.

**Request for Admission No. 6**

Admit that the Association executed the Acknowledgement and Joinder to acknowledge the terms of the 2013 Affiliation Agreement and to join in the Affiliation Agreement and for the purpose of acknowledging and agreeing that the Aspen Highlands constituted an Affiliate Program.

**Response:**  The Association objects to this request because it is vague and ambiguous. The Association also objects to this request because "Affiliate Program" is not a defined term and its meaning is vague and unclear.  Subject to and without waiving the foregoing specific objections and the General Statements and General Objections, the Association admits that it executed the Acknowledgement and Joinder to participate in the MVCD Program as required by the 2013 Affiliation Agreement.

**Request for Admission No. 7**

Admit that the Association did not have any version, original or copy of a "Ritz-Carlton Destination Club Member Study Detailed Survey August 2013" conducted and prepared by APCO ("APCO Report") in its files at any time.

**Response:** Admitted insofar as the Association did not have any version, original or copy of the APCO Report in its files at any time before such document was produced by the Marriott Defendants in the course of this Action; otherwise denied.

**Request for Admission No. 8**

Admit that the Association did not have any version, original or copy of a "Member Focus Group Interview Ritz-Carlton Destination Club Member Study Research Report January 2014" conducted and prepared by APCO ("APCO Survey Results") in its files at any time.

**Response:** Admitted insofar as the Association did not have any version, original or copy of the APCO Survey Results in its files at any time before such document was produced by the Marriott Defendants in the course of this Action; otherwise denied.

**Request for Admission No. 9**

Admit that no TAD knew the term of the 2013 Affiliation Agreement as it would apply to Aspen Highlands on or before April 24, 2014.

**Response:**  The Association objects to the word "term" as it is used here because it is vague and ambiguous.  Subject to and without waiving the foregoing specific objections and the General Statements and General Objections, the Association admits it did not know any of the terms of the 2013 Affiliation Agreement as they would apply to Aspen Highlands until the 2013 Affiliation Agreement was produced by the Marriott Defendants in the course of this Action; otherwise denied.

**Request for Admission No. 10**

Admit that, on or before April 24, 2014, no TAD knew that a Marriott Member would be able to access Aspen Highlands for less than a week increment when Mercer executed the Acknowledgement and Joinder to the 2013 Affiliation Agreement.

**Response:** Admitted.

## INTERROGATORIES

Subject to the General Statement and General Objections, which are incorporated by reference, as well as the specific objections set forth below, the Association responds to Plaintiffs' Interrogatories (No. 2) as follows:

8

**Interrogatory No. 2**

Did the Association, including specifically its directors and officers in 2013 and 2014, ever see or read the APCO Report before April 24, 2014, or communicate about it; and if yes, please identify the communications, including who did see or read it, when did he/they see or read it, with whom did he/they communicate about it and the substance of all the communications?

**Response:** The Association incorporates the General Statements and General Objections above as if set forth in full herein. The Association further objects to this Interrogatory to the extent it seeks information or documents that are subject to the attorney-client privilege, the work-product doctrine, and/or certain other privileges, doctrines, or immunities under applicable statute, regulation, decision, or other law. The Association will limit its response to this Interrogatory to information that it knew or had in its possession, custody, or control from January 1, 2012 to the present.

Subject to and without waiving the foregoing specific objections and the General Statements and General Objections, the Association states as follows: The Board Meeting Minutes from the Board Meeting on September 21, 2013 (RCHC001408) indicate that Stephanie Sobeck presented a partial summary of the results of the APCO Report to the Board. However, no TAD recalls ever seeing, reading, or communicating about the APCO Report before April 24, 2014.

**Interrogatory No. 3**

Did the Association, including specifically its directors and officers in 2013 and 2014, ever see or read the APCO Survey Results before April 24, 2014, or communicate about it; and if yes, please identify the communications, including who did see or read it, when did he/they see or read it, with whom did he/they communicate about it and the substance of all communications?

**Response:** The Association incorporates the General Statements and General Objections above as if set forth in full herein. The Association further objects to this Interrogatory to the

9

extent it seeks information or documents that are subject to the attorney-client privilege, the work-product doctrine, and/or certain other privileges, doctrines, or immunities under applicable statute, regulation, decision, or other law.  The Association will limit its response to this Interrogatory to information that it knew or had in its possession, custody, or control as from January 1, 2012 to the present.

Subject to and without waiving the foregoing specific objections and the General Statements and General Objections, the Association states as follows:  The Board Meeting Minutes from the Board Meeting on September 21, 2013 (RCHC001408) indicate that Stephanie Sobeck presented a partial summary of the APCO Survey Results to the Board.  However, no TAD recalls ever seeing, reading, or communicating about the APCO Survey Results before April 24, 2014.

**Interrogatory No. 4**

Has Mercer ever discussed or communicated about the Acknowledgment and Joinder's reference to the 2013 Affiliation Agreement with the Association, including with any other TAD; and if yes, please identify the communications.

**Response:** The Association incorporates the General Statements and General Objections above as if set forth in full herein.  The Association further objects to this Interrogatory to the extent it seeks information or documents that are subject to the attorney-client privilege, the work-product doctrine, and/or certain other privileges, doctrines, or immunities under applicable statute, regulation, decision, or other law.  The Association further objects to this Interrogatory because the phrase "with the Association" is vague and unclear.  The Association will limit its response to this Interrogatory to information that it knew or had in its possession, custody, or control as of January 1, 2012.

10

Subject to and without waiving the foregoing specific objections and the General Statements and General Objections, the Association states as follows:  Mr. Randy Mercer never discussed with, or communicated about, the Acknowledgment and Joinder's reference to the 2013 Affiliation Agreement with the Association, including any TAD, before such document was produced by the Marriott Defendants in the course of this Action.

**Interrogatory No. 5**

Did Michael Marino ever provide any communication to the Association specifically about the 2013 Affiliation Agreement; and conversely did the Association ever provide any communications to Marino specifically about the 2013 Affiliation Agreement.

**Response:** The Association incorporates the General Statements and General Objections above as if set forth in full herein.  The Association further objects to this Interrogatory to the extent it seeks information or documents that are subject to the attorney-client privilege, the work-product doctrine, and/or certain other privileges, doctrines, or immunities under applicable statute, regulation, decision, or other law.  The Association further objects on the ground that the Interrogatory is unclear and vague.  The Association will limit its response to this Interrogatory to information that it knew or had in its possession, custody, or control from January 1, 2012 to the present.

Subject to and without waiving the foregoing specific objections and the General Statements and General Objections, the Association states as follows:  Michael Marino never provided any communication to the Association specifically about the 2013 Affiliation Agreement.  Nor did the Association ever provide any communications to Marino specifically about the 2013 Affiliation Agreement.

**Interrogatory No. 6**

Did anyone from the Marriott Defendants, Hotel Company or MII ever communicate with the Association about the APCO Report or the APCO Survey Results before April 24, 2014?

a.  If the answer is yes, please provide all details about any such communications, including the persons communication, the dates, the substance and method of communications.

**Response:** The Association incorporates the General Statements and General Objections above as if set forth in full herein.  The Association further objects to this Interrogatory to the extent it seeks information or documents that are subject to the attorney-client privilege, the work-product doctrine, and/or certain other privileges, doctrines, or immunities under applicable statute, regulation, decision, or other law.  The Association will limit its response to this Interrogatory to information that it knew or had in its possession, custody, or control from January 1, 2012 to the present.

Subject to and without waiving the foregoing specific objections and the General Statements and General Objections, the Association states as follows:  The Board Meeting Minutes from the Board Meeting on September 21, 2013 (RCHC001408) indicate that Stephanie Sobeck presented a partial summary of the APCO Survey Results and the APCO Report to the Board.  However, no TAD recalls ever seeing, reading, or communicating about the APCO Survey Results or the APCO Report before April 24, 2014.

Dated this 4th day of December, 2018

HOGAN LOVELLS US LLP


*/s/ Dan Shea*_____
Daniel F. Shea, Esq.
Jessica Black Livingston, Esq.
Hogan Lovells US LLP
1601 Wewatta Street, Suite 900
Denver, Colorado 80202
Dan.Shea@hoganlovells.com
Jessica.Livingston@hoganlovells.com
ATTORNEYS FOR DEFENDANT ASPEN
HIGHLANDS CONDOMINIUM ASSOCIATION

## **VERIFICATION OF RANDY MERCER**

Under 28 U.S.C. § 1746, I swear and verify under penalty of perjury that the foregoing answers to Plaintiffs' first set of requests for admission and second set of interrogatories are true and correct to the best of my knowledge for the relevant time period to the extent that time period overlapped with my service as a TAD from October 2012 to present.

Executed on _12/19/2018_
By _____
Randy Mercer

## VERIFICATION OF SALVATORE CUTRONA

Under 28 U.S.C. § 1746, I swear and verify under penalty of perjury that the foregoing answers to Plaintiffs' first set of requests for admission and second set of interrogatories are true and correct to the best of my knowledge for the relevant time period to the extent that time period overlapped with my service as a TAD from July 2016 to present.

Executed on  *12-11-18*

By: *SMcitrona*

Salvatore Cutrona

14

## <u>VERIFICATION OF ROBERT HARRIS</u>

Under 28 U.S.C. § 1746, I swear and verify under penalty of perjury that the foregoing answers to Plaintiffs' first set of requests for admission and second set of interrogatories are true and correct to the best of my knowledge for the relevant time period to the extent that time period overlapped with my service as a TAD from October 2013 to present.

Executed on _____

By: _____
Robert Harris

### VERIFICATION OF JOEL ALPER

Under 28 U.S.C. § 1746, I swear and verify under penalty of perjury that the foregoing answers to Plaintiffs' first set of requests for admission and second set of interrogatories are true and correct to the best of my knowledge for the relevant time period to the extent that time period overlapped with my service as a TAD from October 2014 to present.

Executed on 12/12/2018

By: _____
Joel Alper

## VERIFICATION OF TYLER OLIVER

Under 28 U.S.C. § 1746, I swear and verify under penalty of perjury that the foregoing

answers to Plaintiffs' first set of requests for admission and second set of interrogatories are true

and correct to the best of my knowledge for the relevant time period to the extent that time

period overlapped with my service as a TAD from August 2012 to October 2015.

Executed on ____12/13/2018____

By:_____

Tyler Oliver

## VERIFICATION OF PHILIP SCHNEIDER

Under 28 U.S.C. § 1746, I swear and verify under penalty of perjury that the foregoing answers to Plaintiffs' first set of requests for admission and second set of interrogatories are true and correct to the best of my knowledge for the relevant time period to the extent that time period overlapped with my service as a TAD from August 2012 to July 2014.

Executed on _____12·14-18_____

By: _Philip Schneider_

Philip Schneider

answers to Plaintiffs' first set of requests for admission and second set of interrogatories are true and correct to the best of my knowledge for the relevant time period to the extent that time period overlapped with my service as a TAD from August 2012 to September 2013.

Executed on 12 | 11 | 18

By: _Gerald Marsden_

Gerald Marsden

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 31, 2018, a copy of the foregoing was served on the following by electronic mail and U.S. mail:

Matthew C. Ferguson, Esq.
The Matthew C. Ferguson Law Firm, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611

Michael J. Reiser, Esq.
Law Office of Michael J. Reiser
1475 N. Broadway, Suite 300
Walnut Creek, California 94596

Michael L. Schrag, Esq.
Linda Lam, Esq.
Gibbs Law Group LLP
505 14th Street, Suite 1110
Oakland, California 94612

Tyler R. Meade, Esq.
The Meade Firm P.C.
1816 Fifth Street
Berkeley, California 94710

Naomi G. Beer, Esq.
Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, Colorado 80202

Ian S. Marx, Esq.
Philip R. Sellinger, Esq.
Todd Schleifstein
Greenberg Traurig, LLP
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932

*/s/ Andrew Nussbaum*