# EXHIBIT 3

```
 1         IN THE UNITED STATES DISTRICT COURT
 2                 DISTRICT OF COLORADO
 3      Civil Action No. 1:16-cv-01301-PAB-GPG
 4
 5      RCHFU, LLC, et al.,
 6                         Plaintiffs,
 7
              - against -
 8
        MARRIOTT VACATIONS WORLDWIDE CORPORATION,
 9      et al.,
10                         Defendants.
11      -------------------------------------------x
12
13
14         VIDEOTAPED DEPOSITION of MICHAEL
15      MARINO, held at the offices of Seyfarth Shaw
16      LLP, located at 620 8th Avenue, New York,
17      New York 10018, commencing at 11:32 a.m. on
18      December 6, 2017, before Anthony Giarro, a
19      Registered Professional Reporter and a Notary
20      Public of the State of New York.
21
22
23
24      Job No. 2732223
25      Pages 1 - 182

                                                  Page 1
```

```
 1     A P P E A R A N C E S :
 2     Attorneys for Plaintiffs:
 3          THE MATTHEW C. FERGUSON LAW FIRM, P.C
            BY:   MATTHEW C. FERGUSON, ESQ.
 4          119 South Spring
 5          Aspen, Colorado 81611
            matt@matthewfergusonlaw.com
 6
 7     Attorneys for Marriott Defendants:
 8          GREENBERG TRAURIG LLP
 9          BY:   TODD L. SCHLEIFSTEIN, ESQ.
            500 Campus Drive
10          Florham Park, New Jersey 07932
11          schleifsteint@gtlaw.com
12
13     Attorneys for Defendant Association:
14          HOGAN LOVELLS US LLP
            BY:   DANIEL F. SHEA, ESQ.
15          1601 Wewatta
16          Denver, Colorado 80202
17          dan.shea@hoganlovells.com
18
       Attorneys for Michael Marino:
19          SEYFARTH SHAW LLP
            BY:   RICHARD RESNIK, ESQ.
20          620 8th Avenue
21          New York, New York 10018
22
23     ALSO PRESENT:
24          PETER COOPER, Videographer
25          CHRISTOPHER HANLON, Technician


                                                  Page 2
```

```
 1        document was marked as Exhibit 1824
 2         for identification, as of this date.)
 3      Q     So there's a document here
 4   called Acknowledgment of Joinder to
 5   Affiliation Agreement between Lion and
 6   Crown Travel and Marriott Resorts.
 7              So it looks like someone is
 8   drafting an agreement that's going to be
 9   a joinder of the association with this
10   Lion and Crown and Marriott Resorts
11   travel company relationship.
12              Is this a document that you
13   were preparing or was this something that
14   you were given to look at?
15      A     I was given to look at.
16   Clearly, those squiggles, that's my
17   handwriting, yeah, like I didn't even know
18   MVCD.  I didn't know what that was.
19      Q     If you look at page 2 of
20   this partial document, I guess it's a
21   draft that you're making notes on, the
22   third whereas clause reads, "The parties
23   have agreed to a special accommodation to
24   allow the association to determine
25   whether (by a survey of the association's
```

Page 158

```
 1     members or such other method as the
 2     association in Lion and Crown mutually
 3     agree upon)."
 4                By this point, the
 5     situation, there had been a survey?
 6          A     I don't know the time -- I
 7     don't know the timeline of this.
 8          Q     And you hadn't been involved
 9     at all -- let me withdraw that.
10                You had indicated before
11     that Ms. Egolf said that they could do
12     what they wanted to do?
13          A     I shouldn't attribute those
14     specific words to her.  What I said was in
15     my prior dealings with her, often her
16     response was words to the effect of, if
17     you look at the agreement, we have the
18     right to do that and, in fact,
19     unilaterally.
20          Q     To do the affiliation?
21          A     I can't say affiliation, no,
22     specifically.  I just meant that was kind
23     of her general lawyer approach.
24          Q     That was her default
25     position?
```

Page 159