**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC**, a Colorado limited liability company, et al.,

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION**, a Delaware corporation, et al.,

Defendants.

**ASPEN HIGHLANDS CONDOMINIUM ASSOCIATION'S**
**RESPONSE IN OPPOSITION TO PLAINTIFFS'**
**MOTION FOR ADDITIONAL REMEDIES (ECF 338)**

In response to the Court's New Year's Eve Order on sanctions, Plaintiffs have moved for, among other sanctions, a curative jury instruction. But Plaintiffs' proposed instruction is vague and prejudicial to the Association. It doesn't make clear that the Association did nothing wrong during discovery and invites the jury to consider the failure to produce the 2013 Affiliation Agreement in its evaluation of the evidence *against* the Association. What's more, the requested instruction has no relevance to the factual or legal bases for liability that Plaintiffs allege. As a result, the Court should deny the requested jury instruction.

In addition, Plaintiffs seek to amend the Scheduling Order to depose or re-depose former tourist accommodation directors, Philip Schneider, Tyler Oliver, and Robert Harris; as well as former Association attorney Mike Marino. But this sanction targets only Association witnesses and is, as such, outside the bounds of the Court's order on sanctions. But even if the Court had

1

authorized sanctions against the Association (and it hasn't), Plaintiffs have failed to show good cause to re-depose Mr. Schneider, Mr. Oliver, and Mr. Marino, let alone to take the deposition in the first instance of Mr. Harris, whom Plaintiffs chose not to depose during the lengthy period of fact discovery.  Plaintiffs already have sought—and received—from the Association discovery of the information they seek from these individuals, and they provide no other basis to justify the burden that additional depositions will impose on these former volunteer directors.  Plaintiffs' request for additional depositions should be denied.

## BACKGROUND

Last April, Plaintiffs moved for sanctions against the Marriott Defendants ("Marriott") for Marriott's failure to produce the 2013 Affiliation Agreement between the Marriott Vacation Club Destinations program ("MVCD") and Lion & Crown ("LC").  See ECF 223 at 1.  Then, in July, Plaintiffs again moved for sanctions against Marriott on the grounds that Marriott failed to produce certain APCO survey documents.  See ECF 282 at 1.  Plaintiffs argued that Marriott had violated Federal Rule of Civil Procedure 26 by failing to produce these documents and, as such, were liable for sanctions.

In Plaintiffs' first sanctions motion, they sought to re-depose four former Association directors.  See ECF 223 at 2.  The Association, although not the target of the sanctions motion, opposed that requested relief.  See ECF 262.  While these motions were pending, Plaintiffs and the Association resolved their differences by agreeing to permit the re-deposition of only Mr. Randy Mercer, the former President of the Association's Board of Directors, and allowing the Plaintiffs to propound written discovery requests to be answered by all other relevant former Association Directors.  **Ex. 1**, Decl. of Jessica Black Livingston ¶ 3.  Plaintiffs submitted a

2

second set of interrogatories and their first set of requests for admission to all former Association Directors from 2013 to the present regarding the 2013 Affiliation Agreement and the APCO survey documents. *Id.* at ¶ 6. The Association responded to Plaintiffs' extensive requests, and a copy of those responses are attached here as **Exhibit 2**. Among other things, the former Directors averred:

- that they had no version of the 2013 Affiliation Agreement before executing the Acknowledgment and Joinder;

- that they had not seen the 2013 Affiliation Agreement before executing the Acknowledgment and Joinder;

- that they had not read the Affiliation Agreement before executing the Acknowledgment and Joinder;

- that they had not asked Marriott for a copy of the Affiliation Agreement before executing the Acknowledgment and Joinder;

- that they executed the Acknowledgment and Joinder to participate in the MVCD Program as required by the Affiliation Agreement;

- that Mr. Mercer never discussed the reference to the Affiliation Agreement in the Acknowledgement and Joinder with any director before executing the Acknowledgment and Joinder; and

- that Mr. Marino never provided the Association with any communication about the Affiliation Agreement.

*Id.* at 5–8, 10–11.

On New Year's Eve, the Court granted in part and denied in part Plaintiffs' motions. ECF 330 at 29. The Court first ruled that Marriott's failure to produce the 2013 Affiliation Agreement violated the discovery rules and that this violation was not substantially justified. *Id*. The Court further ruled that although failure to produce the APCO documents was a discovery violation, it was substantially justified. *Id.* So, the Court only ordered sanctions for Marriott's failure to produce the 2013 Affiliation Agreement and requested that the Plaintiffs submit briefing on the reasonable costs incurred as a result of the violation and "any other remedies being sought by Plaintiffs meant to correct the prejudice suffered by non-provision of the Affiliation Agreement." *Id.* at 30. The Court made clear, however, that the Order had nothing to do with the Association. This is because, as the Court found, the Association did nothing wrong: "I find absolutely no misconduct or violation by Aspen Highlands." *Id.* at 29.

In response to the Court's briefing request, the Plaintiffs sought multiple sanctions,[1] including an allegedly curative jury instruction:

> Before this trial, the parties were required to exchange documents and other information in a process known as discovery. The Court has found that the Marriott Defendants violated the rules of discovery by not giving Plaintiffs a copy of the 2013 Affiliation Agreement when they should have. You may consider this failure when evaluating the evidence.

ECF 338 at 6. Plaintiffs also requested additional depositions of Mr. Schneider, Mr. Oliver, Mr. Harris, and Mr. Marino. *Id.* at 5.

---

[1] The Association incorporates by references its concurrently-filed response to Plaintiffs' Motion to Amend Scheduling Order and Amend Complaint, ECF 337, here. The Association takes no position on Plaintiffs' Motion for Attorneys' Fees and Costs, ECF 339.

4

**ARGUMENT**

Plaintiffs' request for a curative jury instruction is vague, prejudicial, and irrelevant. It should be denied. In addition, Plaintiffs' request to amend the Scheduling Order for additional depositions targets the Association and is unsupported by good cause. This request should be denied, too.

**I.     The curative jury instruction is vague, prejudicial, and irrelevant.**

Plaintiffs' requested jury instruction is vague and prejudicial to the Association and should be rejected. Although a district court has broad discretion in crafting sanctions in response to discovery violations, any such sanction must be "be both 'just' and 'related to the particular claim which was at issue.'" *Knowlton v. Teltrust Phones, Inc.*, 189 F.3d 1177, 1182 (10th Cir. 1999). Here, the requested jury instruction is beyond the scope of the Court's Order because it does not make clear that the Association committed no discovery violation. Instead, the instruction vaguely asserts, "[y]ou may consider this failure when evaluating the evidence." ECF 338 at 6. The instruction does not make clear that the Association engaged in no misconduct. Nor does it instruct the jurors that they cannot consider the failure to produce the 2013 Affiliation Agreement when evaluating the Association's liability. A jury instruction should not confuse jurors. *Faulkner v. Super Valu Stores, Inc.*, 3 F.3d 1419, 1433 (10th Cir. 1993). Yet that is precisely what Plaintiffs' supposedly curative instruction will do. It will confuse the jury as to how, and against which party, it can consider the failure to produce the Affiliation Agreement.

More importantly, the requested instruction has no relation to Plaintiffs' claims. A jury instruction should "focus the jury on the relevant inquiry," *York v. Am. Tel. & Tel. Co.*, 95 F.3d

5

948, 953 (10th Cir. 1996), but Plaintiffs' requested instruction is not related to the alleged bases for liability. It does not explain what claim or claims Marriott's failure to produce the 2013 Affiliation Agreement is related to, let alone how that failure should be considered. *Knowlton*, 189 F.3d 1177, upon which Plaintiffs rely, ECF 338 at 5–6, is not to the contrary. The curative jury instruction in that case allowed the jury to make a presumption about the relevant factual issues in the case. *Knowlton*, 189 F.3d at 1182 (upholding a curative jury instruction, permitting the jury to presume joint-employer status of the defendant, which was key factual issue in the case). Plaintiffs' proposed instruction, on the other hand, merely permits the jury to consider Marriott's failure to produce the Affiliation Agreement "when evaluating the evidence." ECF 338 at 6. It doesn't explain *how* the jury should consider that evidence, or in relation to what claims it can consider the evidence. As such, it is wholly inapplicable to the factual questions at issue in the case.

## II. Plaintiffs' request for new depositions targets the Association and is thus outside the bounds of the Court's sanctions Order.

Plaintiffs' request to amend the Scheduling Order to depose Mr. Schneider, Mr. Oliver, Mr. Harris, and Mr. Marino targets the Association and is, thus, wholly outside the bounds set by the Court's Order on sanctions. The Court made clear that the Association has acted diligently and in good faith and has committed no violation of the applicable discovery rules. ECF 330 at 29. Yet despite this, Plaintiffs' requested depositions seek to penalize the Association. Plaintiffs requested sanctions—re-depositions of Mr. Schneider, Mr. Oliver, and Mr. Marino, and to take the deposition in the first instance of Mr. Harris, whom Plaintiffs chose not to depose during the lengthy period of fact discovery—target only Association witnesses. To be sure, a Court enjoys broad discretion in crafting sanctions. *White v. Gen. Motors Corp.*, 908 F.2d 675, 678 (10th Cir.

1990). But any sanction must be tailored to the violation and can only be "levied upon the person responsible for the violation." *Id.* at 686. Indeed, a sanction can only be entered upon "specific findings that the party was aware of the wrongdoing;" if it isn't, the sanction order is subject to reversal. *Id.* Here, the Court's Order as it applies to the Association made precisely the opposite findings necessary to levy the sanctions Plaintiffs seek. The Court found that the Association did nothing wrong. ECF 330 at 29. So, Plaintiffs' request for additional depositions should be denied.

### III.     Plaintiffs have failed to show good cause for new depositions.

In addition, Plaintiffs' request to re-depose various Association representatives fails on the merits. As a preliminary matter, Plaintiffs fail to note that they made a deal with the Association after they discovered the 2013 Affiliation Agreement. After Plaintiffs initially sought to re-depose four former Association Directors, the Association agreed to permit the re-deposition of Mr. Mercer about his involvement in the negotiation of the Affiliation Agreement and to allow the Plaintiffs to submit requests for admission and interrogatories on the 2013 Affiliation Agreement to all former Association Directors from 2013 to the present. **Ex. 1**, Decl. of Jessica Black Livingston at ¶¶ 3–6. The Association held up its end of the bargain, now only to have the Plaintiffs come back and ask for more. Given that Plaintiffs have the information they need, Plaintiffs' request to re-depose various Association representatives should be denied.

The decision whether to allow further examination of a party who already has been deposed is within the discretion of the court. *Roberts v. State of Okla.*, 110 F.3d 74, 9 (10th Cir. 1997); *Martensen v. Koch*, 301 F.R.D. 562, 585 (D. Colo. 2014). The party seeking leave to "extend the examination, or otherwise alter the limitations, is expected to show good cause to

7

justify such an order." Fed. R. Civ. P. 30, Advisory Committee Note to the 2000 Amendment. Generally courts "will not require a deponent to appear for a second deposition without some showing of need or good reason for doing so" because re-deposing a witness "without a showing of [reason] will generally support a finding of annoyance and undue burden or expense." *Myers v. Mid–West Nat'l Life Ins. Co.*, No. 04–cv–00396–LTB–KLM, 2008 WL 2410413, at *2 (D. Colo. June 11, 2008) (citing *Cuthbertson v. Excel Indus. Inc.*, 179 F.R.D. 599, 605 (D. Kan. 1998)) (internal quotation marks omitted). Where no "need or good reason" is shown, a court should deny the request to re-depose a witness. *See Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, No. 09–cv–00970–PAB–KMT, 2014 WL 358866, at *1 (D. Colo. Jan. 31, 2014). Such is the case here.

The Association Board directors and Mr. Marino would be prejudiced if they were required to sit for a second deposition in this case. All of the Association Board directors are volunteers and are not compensated for their time like corporate executives. *Contra Ironstone Condominiums at Stroh Ranch Owners Ass'n, Inc. v. Peerless Indem. Ins. Co.*, No. 12-CV-03160-CMA-KMT, 2014 WL 518241, at *2 (D. Colo. Feb. 7, 2014) (explaining that being paid for deposition time weighs in favor of granting a second deposition of an already-deposed individual). Mr. Harris, who Plaintiffs chose not to depose during the extensive fact discovery in this case, would also suffer prejudice. The fact that Plaintiffs now want to change their strategy and depose Mr. Harris this late in the game is extremely prejudicial to him.

But more fundamentally, the Plaintiffs already have the information they need. Plaintiffs have already had the opportunity to re-depose Mr. Mercer on his involvement in the execution of the Acknowledgment and Joinder. **Ex. 1**, Decl. of Jessica Black Livingston at ¶¶ 3–5. And they

8

questioned Mr. Marino about his involvement in the negotiation of the Acknowledgment and Joinder during his deposition. **Ex 3.**, Marino Dep. 158:3–159:5. Moreover, the Association responded to Plaintiffs' second set of interrogatories and first set of requests for admission, which pertained directly to the 2013 Affiliation Agreement. Given that all former Directors—including Mr. Schneider, Mr. Oliver, and Mr. Harris—responded extensively to those discovery requests as described above, *supra* at 3—they did not review the 2013 Affiliation Agreement before the board executed the Acknowledgement and Joinder, *id.*—there is simply nothing else to ask Mr. Schneider, Mr. Oliver, or Mr. Harris. In short, Plaintiffs have failed to demonstrate good cause for the repeat depositions they seek.

## CONCLUSION

Plaintiffs' requested jury instruction should be denied. It is vague, prejudicial, and has no bearing on the alleged bases of liability. At a minimum, however, the instruction should be clarified to make clear that the failure to produce the 2013 Affiliation Agreement cannot be considered when assessing the liability of the Association.

In addition, Plaintiffs' request to amend the Scheduling Order to permit new depositions targets the Association despite the Association's lack of wrongdoing. And in any event, Plaintiffs have failed to show good cause for these additional depositions. The request to amend the Scheduling Order should be denied as well.

Respectfully submitted this 4th day of February, 2019.

                                                           */s/ Jessica Black Livingston*
                                                           Jessica Black Livingston
                                                           Andrew C. Lillie
                                                           Andrew M. Nussbaum
                                                           HOGAN LOVELLS US LLP
                                                           1601 Wewatta Street, Suite 900
                                                           Denver, Colorado 80202
                                                           Telephone: (303) 899-7300
                                                           FAX: (303) 899-7333
                                                           E-mail:jessica.livingston@hoganlovells.com
                                                           E-mail:andrew.lillie@hoganlovells.com
                                                           E-mail:andrew.nussbaum@hoganlovells.com
                                                           *Attorneys for Defendant Aspen Highlands Condominium Association*