IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 16-01301 PAB

RCHFU, LLC, et al.

    Plaintiffs.

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, et al.

    Defendants.

---

**DECLARATION OF IAN S. MARX IN OPPOSITION TO PLAINTIFFS' MOTIONS TO AMEND SCHEDULING ORDER AND COMPLAINT (ECF#337); FOR ADDITIONAL REMEDIES WITH RESPECT TO DELAYED PRODUCTION OF 2013 AFFILIATION AGREEMENT (ECF#338); AND FOR ATTORNEYS' FEES AND COSTS (ECF#339)**

---

I, Ian S. Marx, declare and state:

    1.    I am an attorney licensed to practice law in the State of New Jersey and a Shareholder with the law firm Greenberg Traurig, LLP, attorneys for Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, and The Lion & Crown Travel Company, LLC ("L&C") (collectively, "Marriott Defendants") in the above-captioned matter. I respectfully submit this Declaration in opposition to Plaintiffs' (a) Motion to Amend Scheduling Order and Complaint (ECF#337); (b) Motion for Additional Remedies with Respect to Delayed Production of 2013 Affiliation Agreement (ECF#338); and (c) Motion for Attorneys' Fees and Costs (ECF #339). I have full knowledge of and am competent to testify as to all matters stated herein.

1

**Plaintiffs' Motion for Leave to Amend Scheduling Order and Complaint**

2.       As early as June 2017, the Marriott Defendants produced documents in discovery that address the issues discussed in the Corporate Growth Committee ("CGC"), Strategic Council ("SC"), and Growth and Governance Council ("GGC") documents on which Plaintiffs' Motion for Leave to Amend Scheduling Order and Complaint is, in part, based. For example, on June 29, 2017, the Marriott Defendants produced to Plaintiffs a document titled, "Marriott Vacations Worldwide Corporation / Marriott International Update," dated September 12, 2012 (Bates No. RCDC005698-5707) ("September 2012 MI Update"). A true and correct copy of the September 2012 MI Update is attached hereto as **Exhibit A**.

3.       The Marriott Defendants also produced to Plaintiffs, on June 29, 2017, a June 2013 email chain regarding the "Luxury Segment Reengineering" portion of a Strategic Council Package. A true and correct copy of the June 2013 email chain is attached hereto as **Exhibit B.**

4.       A true and correct copy of the transcript of Mr. Cunningham's November 10, 2017 deposition is attached hereto as **Exhibit C**.

5.       In addition, as early as 2016, Defendant Aspen Highlands Condominium Association ("Association") produced to Plaintiffs at least two documents addressing Marriott Vacation Club ("MVC") Owners' use of developer-owned inventory at The Ritz-Carlton Club, Aspen Highlands, Colorado ("RC Club Aspen"), a concept that Plaintiffs now seek to incorporate into their proposed Seventh Amended Complaint based on the CGC, SC, and GGC documents.

6.       Specifically, in October 2016, the Association produced to Plaintiffs a document titled "The Ritz-Carlton Club Aspen Member Update" from "late 2012" (Bates No.

2

AHCA00010911-10924) ("2012 Aspen Member Update").  A true and correct copy of the 2012 Aspen Member Update document is attached hereto as **Exhibit D**.

7. In December 2016, the Association produced to Plaintiffs an August 2012 e-mail from "[MVC] Insider" to MVC Owners (Bates No. AHCA00015737-15739) ("August 2012 MVC Insider Email").  A true and correct copy of the August 2012 MVC Insider Email is attached hereto as **Exhibit E**.

8. A true and correct copy of the transcript of Mr. Cunningham's November 15, 2017 deposition is attached hereto as **Exhibit F**.

9. A true and correct copy of the transcript of Ms. Sobeck's May 15, 2018 deposition is attached hereto as **Exhibit G**.

10. A true and correct copy of the transcript of Mr. Cunningham's May 18, 2018 deposition is attached hereto as **Exhibit H**.

11. To date, the Marriott Defendants have expended substantial resources in formulating their defense based on the theory of damages that Plaintiffs pleaded from the beginning of this case.  This effort has culminated in the Marriott Defendants' expert reports, which rebut Plaintiffs' experts' damages theories and calculations based on Plaintiffs' existing claims and allegations.  The Marriott Defendants have spent millions of dollars defending the merits and on expert reports that rebut Plaintiffs' damages based on Plaintiffs' existing claims.

### Plaintiffs' Motion for Additional Remedies with Respect to Delayed Production of 2013 Affiliation Agreement

12. After the Marriott Defendants' inadvertently belated production of the November 14, 2013 Affiliation Agreement between non-party Marriott Resorts, Travel Company, Inc. and L&C ("2013 Affiliation Agreement"), Plaintiffs sought to engage in further discovery regarding the 2013 Affiliation Agreement, including the re-depositions of the Marriott Defendants'

3

witnesses, Mr. Cunningham and Ms. Sobeck. The Marriott Defendants reproduced Ms. Sobeck and Mr. Cunningham for depositions on May 15 and May 18, 2018, respectively. *See* Exhibits G and H.

13. In addition to the re-depositions of Ms. Sobeck and Mr. Cunningham, Plaintiffs sought to re-depose several members of the Association Board, which the Association resisted. Plaintiffs ultimately agreed to forgo the depositions of these Association Board members in exchange for the Association's agreement to (a) reproduce Randal Mercer (who served as President of the Association Board during the relevant time, and who had been previously deposed on October 24, 2017) for a deposition regarding his knowledge of the 2013 Affiliation Agreement, and (b) to respond to additional "targeted written discovery." True and correct copies of the transcripts of Mr. Mercer's October 24, 2017 and September 13, 2018 depositions are attached hereto as **Exhibits I** and **J**, respectively.

14. The Association served its responses to the additional "targeted written discovery" regarding the 2013 Affiliation Agreement (which consisted of an additional eight requests for admissions and two interrogatories regarding the 2013 Affiliation Agreement) on December 4, 2018. A true and correct copy of the Association's Written Discovery Responses, dated December 4, 2018, is attached hereto as **Exhibit K**.

15. A true and correct excerpt from the transcript of Michael Marino's December 6, 2017 deposition is attached hereto as **Exhibit L**.

16. Plaintiffs chose not to depose Robert Harris during the fact discovery period, and did not seek to take his deposition until now.

### Plaintiffs' Motion for Attorneys' Fees and Costs

17. Plaintiffs did not confer with the Marriott Defendants prior to filing their Motion for Attorneys' Fees and Costs and did not provide the Marriott Defendants with any bill of fees or costs that would be sought prior to filing this Motion.

18. Mr. Cunningham was first deposed over a period of two days on November 10 and 15, 2017, for a total of 10.7 hours. *See* Exhibits C and F.

19. Ms. Sobeck was first deposed on November 16, 2017 for a period of 7.45 hours. A true and correct copy of the transcript of Ms. Sobeck's November 16, 2017 deposition is attached hereto as **Exhibit M**.

20. As discussed above, the Marriott Defendants agreed to reproduce Ms. Sobeck and Mr. Cunningham for depositions, to allow Plaintiffs the opportunity to question them regarding the 2013 Affiliation Agreement. To maximize efficiencies and minimize costs, the re-depositions of Ms. Sobeck and Mr. Cunningham were purposely scheduled to book-end the already scheduled depositions of two other, senior executives of the Marriott Defendants, Ms. Kane-Hanan and Mr. Weisz. The Sobeck, Kane-Hanan, Weisz, and Cunningham depositions were held in Orlando on consecutive days between May 15, 2018 and May 18, 2018. The re-depositions of Ms. Sobeck and Mr. Cunningham thus did not require Plaintiffs' counsel to incur any additional travel time or expense.

21. Ms. Sobeck's re-deposition lasted 5.48 hours and was primarily taken by Plaintiffs' counsel Matthew Ferguson, although Plaintiffs' counsel Michael Reiser also asked questions. *See* Exhibit G.

22. Mr. Cunningham's re-deposition lasted 3.72 hours and was primarily taken by Mr. Reiser, although Mr. Ferguson also asked questions. *See* Exhibit H.

23. Plaintiffs' counsel Tyler Meade and Michael Reiser, Jr. were also present at the re-depositions of Ms. Sobeck and Mr. Cunningham, although neither asked questions at either deposition.

24. Mr. Mercer was first deposed on October 24, 2017 for a period of 7.25 hours. *See* Exhibit I.

25. As discussed above, Mr. Mercer was re-deposed on September 13, 2018 for a total of 1.36 hours. *See* Exhibit J. Mr. Mercer's re-deposition was taken by Mr. Ferguson in Aspen, Colorado, where Mr. Ferguson lives and works. There was thus no additional travel time or expense incurred by Plaintiffs' counsel in connection with Mr. Mercer's re-deposition.

26. The two other matters involving similar issues and parties, in which plaintiffs are represented by Reiser Law and the Meade Firm (both of which firms also represent plaintiffs in this case), with which this matter has been coordinated for certain discovery purposes, *Petrick, et al. v. Marriott Vacations Worldwide Corp., et al.*, Case No.: 15-545987 (California Superior Court, San Francisco County), and *Reiser, et al. v. Marriott Vacations Worldwide Corp., et al.*, Case No. 2:17-cv-00952-MCE-CKD (E.D. Cal.), have settled. The settlements in those cases (the specific terms of which are confidential) included a very substantial payment to the law firms of Messrs. Reiser and Meade for their work in connection with those cases.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 4th day of February, 2019 in Florham Park, New Jersey.

_____
IAN S. MARX

6