IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC,** *et al.*

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION,** *et al.*

Defendants.

_____

**REPLY DECLARATION OF MATTHEW C. FERGUSON IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**
_____

**MATTHEW C. FERGUSON**, declares and states:

1. I am a member in good standing of the Colorado and New York bars, an officer of this Court and the shareholder of THE MATTHEW C. FERGUSON LAW FIRM, P.C. ("Firm"), co-counsel "Plaintiffs" in the above-entitled action.

2. I submit this reply affidavit in further support of Plaintiffs' Motion for Attorneys' Fees and Costs in Connection with Sanctions Order ("Fee Application"), Dkt. No. 339, as directed by Judge Gordon P. Gallagher's "Order Regarding Plaintiffs' Motions for Default Judgment" ("Sanctions Order"), Dkt. No. 330, made pursuant to Fed.R.Civ.P. 54(d), and D.C.COLO.L.Civ.R 54.3.

3. I affirm the accuracy of the factual assertions made in the Fee Application.

4. Plaintiffs are entitled to **$142,743** in fees, and **$29,515.66** in costs in connection with the discovery violation incurred from March 14, 2018 through December 31, 2018. Plaintiffs

1

seek a total award of **$34,882.50** in fees in connection with this Fee Application incurred from January 2 through January 14, 2019. Plaintiffs thus seek a total award of **$207,141**. Plaintiffs reserve the right to supplement the fees incurred on the reply and any hearing on fees.[1]

### A.  PURPOSES OF THIS DECLARATION

5. The purposes of this Declaration are to set forth my relevant testimony in support of Plaintiffs' Fee Application and in reply to the "statement of facts" and certain of the arguments posited in "Marriott's Opposition to Plaintiffs Motion for Attorneys' Fees and Costs" ("Opposition"). I testify about the work performed by the four firms to "fix the problems" caused by Marriott's discovery violation.

### B.  NECESSARY DEPOSITION FEES AND MARRIOTT'S THREE CASES PLOY

6. Marriott's Opposition, Statement of Facts Section B, asserts that Plaintiffs' counsel should not have charged for air travel hours because the travel to Orlando was necessary for the Weisz and Kane-Hanan depositions. This assertion ignores that Plaintiffs have not sought all hours in transit (for example, I did not include three hours outbound and four inbound) and that Plaintiffs' counsel worked on the flights. **Fee Application**, **Ex. 11**. Moreover, these depositions were critical to the case and a junior lawyer (Michael Reiser, Jr.) came to assist. Mr. Reiser, Jr. is in charge of the document databases in the case. He helped extensively with the Sobeck and Cunningham depositions. Tyler Meade was present and necessary – but Plaintiffs have sought fees for very few of his hours.

7. Spot checking Marriott's chart on Opposition p. 5 shows Marriott incorrectly adds up my hours for Orlando at 56.3 – it's 46 hours. Preparing for two re-depositions, strategizing, conferring, reading and re-reading depositions and complex documents (including on airplanes

---

[1] Indeed, this reply took more than 10 hours to prepare and file, which equates to more than **$6,000.**

2

where I work) takes time. It took longer than I billed. We have 206 client groups, so we are representing more than 400 people who purchased $60 million in fractionals – decimated in value.

8.      These are complex issues, and the damage caused by the Affiliation Agreement's non-production has been extensive. Mike Reiser, Mike Reiser, Jr. and I had to go over most of the case's discovery record. We had to reread hours of depositions before going to and in Orlando. We have not sought all the hours doing these tasks.

9.      On April 6, 2018, Marriott produced an eight-page Privilege Log related solely to the Affiliation Agreement, with approximately 60 documents' parts and subparts withheld as "privileged" because they involved drafts beginning from April 2012 to November 2013. Marriott took over 18 months to draft and figure out the Affiliation Agreement. I count that **22** Marriott managers or executives and **6** in-house lawyers were on emails about it. Yet, Marriott would criticize Mike Reiser and me for unraveling all of this in the time it took to conduct the depositions.

10.     Marriott even argues that I did not have to travel to Mr. Mercer's deposition because I live in Aspen – but I never sought travel time for that deposition. Mr. Mercer's deposition was part of a long discovery dispute process – indeed, there are still disputes. Marriott's failure to provide ACHA with the Affiliation Agreement in 2014 was unknown to Plaintiffs and that has in itself required extensive analysis. Written discovery was targeted.

11.     Marriott assert that Messrs. Reiser and Meade stated that they were also on record for the two California cases. GT did the same thing at virtually every deposition, to spare Marriott's executives three separate depositions. This was the *Aspen* Affiliation Agreement. The suggestion that Marriott has somehow paid the fees for these lawyers when they settled the California cases is not factually accurate. In fact, it demonstrates that Marriott and GT know and saw these lawyers extremely busy dealing with Affiliation Agreement issues,

3

### C. ALL FEES SOUGHT ARE ATTRIBUTABLE TO THE NON-PRODUCTION OF THE AFFILIATION AGREEMENT

12. In Opposition Section C, Marriott seeks to eliminate $34,979.50. These fees are clearly attributable to the non-production of the Affiliation Agreement. Marriott completely ignores that there were many tasks and much time spent on matters not directly related to the re-depositions: written discovery, strategic decisions to make and conferring on those many tasks. Plaintiffs have *not* included Sanctions Motions tasks, time and fees.

13. In compliance with the Sanctions Order, Plaintiffs have taken hours attributable to the non-production and Marriott's discovery violation and winnowed them down.

14. Indeed, in preparing this reply, I have recognized that many hours and tasks were not captured in this Fee Application. For example, the withheld Affiliation Agreement created a whole new discovery dispute process with the Association. This dispute continues to this day.

15. I reply next to one of Marriott's charts found at its Opposition on pp. 6-8. My last column shows that this time was all attributable to the discovery violation. To the extent a tiny portion of time may not have been, many more hours that were attributable were not captured.

| Matthew C. Ferguson | | | |
|---|---|---|---|
| *Date* | *Time Spent All Time* | *Task Description* | *Plaintiffs' Reply* |
| 3/26/18 | **.5**<br>3.0 | Work on privilege log; work on discovery | Substantial time on Sanctions motion not included; Revised SO with Ian Marx to Extend for Redepositions Emails with Marx Attached. **Ex. A**. Search 1st Priv. Log For Affiliation Agreement |
| 3/29/18 | .3<br>3.80 | Conference calls on strategy | Lengthy call on J. Brimmer Order<br>Discussed Affiliation Agreement in context of same |
| 3/28/18 | .3<br>4.0 | Calls to M. Reiser | In regular contact about Affiliation Agreement Problems |
| 3/30/18 | 1.0<br>**8.50** | Prepare for Orlando deposition | Emails and calls about Set Up Veritext Reporters Paralegals getting Docs for Affiliation Depos |
| 3/31/18 | .7<br>7.0 | Calls to Reiser; prepare for depositions; emails to GT by M. Reiser; attend team meeting on case | Saturday team meeting – time on Affiliation agreement And depos |

4

| | | | |
|---|---|---|---|
| 4/2/18 | .5<br>5.60 | Work on case law with M. Reiser | Ferguson and Reiser – lengthy emails from Marx on AA Would be more time missed. |
| 4/14/18 | 1.2<br>3.0 | Work on preparing for final depositions; teleconference with M. Reiser; | Working Saturday to begin depo prep on AA, cut in 1/2 |
| 4/15/18 | **.4**<br>1.0 | Work on deposition scheduling and preparation; emails with I. Marx; calls to M Reiser | Working on Sunday; Marx emails trying to schedule Orlando depos for April. |
| 4/17/18 | **.7**<br>2.50 | Calls and emails with I. Marx re: depositions; teleconference with M. Reiser; emails to team | Email to Marx about depositions and "assimilating AA issue in case and J. Brimmer Order. **Ex.** |
| 4/18/18 | **.5**<br>2.0 | Team calls; emails with I. Marx; work on deposition scheduling; work with Lucie Riviere | Depositions for Orlando still in scheduling process; Calls with I. Marx on various issues and deposition. |
| 4/25/18 | **.5**<br>4.0 | Teleconference with M. Reiser and M. Schrag re: case | Discussing April 6, 2018 AA Priv. Log |
| 5/1/18 | **1.0**<br>6.0 | Team call on various issues; prepare depositions and review documents; work on discovery | Missed 4/30 Status report about re-depositions<br>Preparing for critical re-depositions in 2 weeks; Preparing for status conference to extend Disc. For these depos. |
| 5/2/18 | **1.5**<br>5.0 | Work on MVW depositions; work on exhibits with L. Riviere. | MCF to conduct Sobeck and Cunningham depos; Support on Weisz<br>Actually, missed extensive discovery dispute work |
| 5/10/18 | **2.0**<br>5.50 | Teleconference with GT lawyers; work on discovery, prepare for depositions | Conservative time spent preparing to Re-depositions. |
| 5/11/18 | 3.5<br>10.0 | Research logs; calls to M. Reiser; prepare for Orlando depositions | Conservative time spent preparing to Re-depositions. Preparing by following docs improperly withheld on AA |
| 5/12/18 | **5.8**<br>8.0 | Prepare for depositions in Orlando; prepare exhibits; calls and emails with team | Conservative time spent preparing to Re-depositions.<br>First Depo Sobeck on 5.15.18 – took lead<br>Worked extensively with M. Reiser and M. Reiser, Jr. |
| 5/13/18 | **9.0**<br>12.0 | Prepare for depositions; travel to Orlando; prep for depositions; meetings M. Reiser and<br>M. Reiser Jr. | Conservative time spent preparing to Re-depositions. First Depo Sobeck on 5.15.18 took lead<br>Worked extensively with Reisers. I work on airplanes and this was a 15+ hour day |
| 8/18/18 | .3 | Work on depositions, discover issues and exhibits | Negotiating at time for Mercer Depos and written And written discovery |
| 8/30/18 | .5 | Work on HOA discovery issues | Only discovery left was re AA issues. |

| | | | |
|---|---|---|---|
| **Lucie Rivière** | | | |

5

| Date | Time | Task Description | Notes |
|---|---|---|---|
| 5/2/18 | **2.1** 5.2 | Saved additional documents for Defendants deposition in Dropbox. Printed and stapled for counsel review. Converted to PDF, printed and stapled | Paralegal working with Ferguson, see above Depos 11 days out. |
| 5/8/18 | **.5** 1.20 | Converted, drafted and saved Notice of deposition of several defendants | Fraction of time on Depos Notices by Paralegal |
| 5/11/18 | **3.2** 3.7 | Helped counsel prepare for Defendant depositions in Florida (continued): found marked exhibits in the drive, ordered exhibits/ordered them in a binder, created a Ritz SF binder, a Marriott privilege logs binder and an important docs binder. Searched in Drive additional exhibits for counsel. Saved them, uploaded them in the Drive, Printed another Defendant's transcript deposition, added it to the Binder | Paralegal assisting for redepositions; Wiesz generated no documents Keep in minds that Ferguson did not depose Lani Kane-Hanan. |
| 5/14/18 | 2.0 | Uploaded and saved in the Drive and Google drive Deposition transcripts and exhibits for two Defendants. Researched for April 2014 Board letter for counsel's deposition in Florida, sent it to him. Created a new folder on the Google Drive, uploaded exhibits in order for counsel to | Paralegal looking for HOA data from key and relevant April 2014 period, when HOA signed acknowledgement and joinder |

| **Michael Reiser, Jr.** | | | |
|---|---|---|---|
| 5/11/18 | 2.5 | Prepare for Depos in Orlando/calls with M. Ferguson re: same as above | M. Reiser Jr. spent far more time assisting MCF with Complete documents for all Affiliation issues And Docs. Reduced by many hours |
| 5/12/18 | 4 | Prepare for Depos in Orlando/Conference Calls with legal team re: same | M. Reiser Jr. spent far more time assisting MCF with Complete documents for all Affiliation issues And Docs. Reduced by many hours |
| 5/18/18 | 8 | Return travel from Orlando | M. Reiser Jr. was in Florida to assist with Re-depositions |

| **Michael Reiser** | | | |
|---|---|---|---|
| *Date* | *Time Spent* | *Task Description* | |
| 5/11/18 | 2.5 | Prepare for Depos in Orlando/calls with M. Ferguson re: same as above | Fraction of Time Spent on Re-deposition preparation |
| 5/12/18 | 4 | Prepare for Depos in Orlando/Conference Calls with legal team re: same | Fraction of Time Spent on Re-deposition preparation |

6

| 5/18/18 | 8 | | Return travel from Orlando; | Fraction of Time Spent on Re-deposition preparation; Fraction of time preparing for attending and getting from Orlando to San Francisco; co-lead on Sobeck And Cunningham depos |
|---|---|---|---|---|

| **Michael L, Schrag** | | | |
|---|---|---|---|
| *Date* | *Time Spent* | *Task Description* | |
| 3/14/18 | 1.0 | Conf. Call Team re [pivoting fiduciary duty theory and motion to compel], and new discovery abuses | Directly related to the day the AA was discovered; Illustrates need to look at pleadings etc. |
| 3/25/18 | 1.3 | Review prior motions to dismiss and analyze issue of Association not Cobalt having authority to affiliate; draft email to Team re same | Marriott's motion to dismiss still pending; Judge Brimmer did not rule until 3/31; Considering how to address in dispositive motion; Directly related |

| *Date* | *Time Spent* | *Task Description* | |
|---|---|---|---|
| 3/14/18 | .5 | Conference call with team re: overall case strategy and staffing, new hot documents in case | Directly related to the day the AA was discovered; Illustrates need to look at pleadings etc. |

### D. ALL ATTORNEYS' FEES FOR THIS APPLICATION SHOULD BE AWARDED

16. I followed all rules and applicable case law in preparing this Fee Application and now this reply. As I was the person generally in charge of the many tasks attributable to the discovery, and familiar with what everyone was doing, I undertook the responsibility for the Fee Application. I spent more than 40 hours preparing this motion. It is not complex legal briefing, but it takes time and is important.

17. Plaintiffs should not be awarded fees and costs only to have what is awarded drastically reduced by the time it took to make the motion.

7

### E. PLAINTIFFS' COSTS ARE REASONABLE AND NECESSARY

18. In Section E. 1. and 2., Marriott demonstrates that it simply cannot accept the damage it has done. Plaintiffs should be awarded half the costs of the transcription and videographer fees for the first round of the three depositions that had to be reconvened. This amount will only make a dent in the damages done. The $13,524.98 is a fraction of the lost value of the depositions. Plaintiffs spent tens of thousands of dollars on the trips to GT's Orlando office to conduct depositions. They had to fly to Naples for the Mercer deposition. Fixing these transcripts, but worse not having matching technology, has cost far more than this amount.

19. Plaintiffs cut all their travel costs in half. This is more than fair. More lawyers had to attend and had to get to Orlando earlier (travel both weekends), stay longer, and eat out more often because of these depositions. These re-depositions became very important. More time was spent in preparation for re-deposing Sobeck and Cunningham than the other two depositions that week. Marriott should not get a free pass for these small amounts – Plaintiffs were the ones trying to save money.

### F. THE HOURS ARE REASONABLE AND THE RECORDS PROPER

20. The total fees and costs are summarized here:

| TYPE | FEES AMOUNT | COSTS AMOUNT | |
| --- | --- | --- | --- |
| Attorneys' Fees – Discovery Violation | $142,743 | | |
| Attorneys' Fees – Fee Application | $34,882.50 | | |
| Costs –Second Depositions | | $ 19,610 | |
| Costs–First Depositions (1/2) | | $ 9,905.66 | |
| **TOTAL** | $177,626.50 | $ 29,515.66 | **$207,141.16** |

8

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 19, 2019, in Walnut Creek, California.

             */s/ Matthew C. Ferguson*
              Matthew C. Ferguson

4821-1444-4168, v. 1