IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC,** *et al.*

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION,** *et al.*

Defendants.

___

**PLAINTIFFS' OMNIBUS REPLY TO MARRIOTT DEFENDANTS' AND ASPEN HIGHLANDS CONDOMONIUM ASSOCIATION'S OPPOSITION TO PLAINTIFFS' MOTION FOR ADDITIONAL REMEDIES WITH RESPECT TO DELAYED PRODUCTION OF 2013 AFFILIATION AGREEMENT**

___

**I.     INTRODUCTION.**

On December 31, 2018, this Court issued an order regarding Plaintiffs' motion for default judgment for failure to disclose the 2013 Affiliation Agreement. ("Order," Dkt. No. 330). This Court found a discovery violation that was not substantially justified, ordering, as a result, "reasonable expenses, attorney fees, and other relief to remedy the violation." Order, p. 29. This Court further held that Plaintiffs were prejudiced by the discovery violation, and that Plaintiffs "may have some additional depositions to notice and take, and expended extra time and effort on this portion of the case as a result of the failure to provide the AA. Finally, this has somewhat extended the litigation—again costing more. The prejudice can be cured." *Id.* at 19-20. The Court therefore granted Plaintiffs 14 days to "[r]equest any other remedies being sought by Plaintiffs meant to correct the prejudice suffered by non-provision of the Affiliation Agreement[.]"

1

In response, Plaintiffs submitted an application for additional remedies. They have focused on a limited universe of relief that would help remedy the prejudice created by the discovery violation: a jury instruction and a few additional depositions following up on gaps in the deposition record created by the withholding of the 2013 Affiliation Agreement. ("Application for Additional Remedies," Dkt. No. 338). The Aspen Highlands Condominium Defendant ("Association") and the Marriott Defendants filed oppositions. Dkt. Nos. 343 ("Association Opp.") and 346 ("Marriott Opp.").

## II. ARGUMENT

### A. The Jury Instruction Plaintiffs Seek Is Warranted

A narrowly tailored curative jury instruction pursuant to Fed. R. Civ. P. Rule 37(c)(1)(B) is an appropriate response to the Marriott Defendants' discovery violation. The proposed instruction reads:

> Before this trial, the parties were required to exchange documents and other information in a process known as discovery. The Court has found that the Marriott Defendants violated the rules of discovery by not giving Plaintiffs a copy of the 2013 Affiliation Agreement when they should have. You may consider this failure when evaluating the evidence.

This instruction is appropriate as a matter of law and narrowly tailored to address the harm caused by the Marriott Defendants.

#### 1. Plaintiffs' Requested Jury Instruction Is an Appropriate Remedy Under the Circumstances

Rule 37(c)(1) of the Federal Rules of Civil Procedure gives the court discretion to craft remedies "[i]f a party fails to provide information" required by Rule 26. One such remedy is that

"the court, on motion and after giving an opportunity to be heard: . . . may inform the jury of the party's failure." *Id.* § 37(c)(1)(B).[1]

Curative jury instructions are an intermediate remedy well within this Court's discretion to order for the harms flowing from the discovery abuses here. *See, e.g.*, *Medcorp, Inc. v. Pinpoint Techs., Inc.*, No. CIV.A08CV00867MSKKLM, 2010 WL 2500301, at *4 (D. Colo. June 15, 2010) (placing jury instructions on a continuum between remedies such as default judgment and lesser sanctions). Adverse inference instructions can range from permissive to mandatory; Plaintiffs seek a more moderate instruction on the continuum ("may consider").[2]

Marriott seeks to distinguish the case law in which curative jury instructions have been ordered as being based necessarily on more egregious facts than here, but Marriott engaged in the same universe of conduct, and nothing in those cases prevents Plaintiffs from obtaining this remedy. For example, failing to provide material evidence after notice was sufficient for a curative jury instruction in *Knowlton v. Teltrust Phones, Inc.*, 189 F.3d 1177, 1181-82 (10th Cir. 1999) (finding no abuse of discretion in the magistrate judge's sanction); Marriott Defendants here failed to provide the Affiliation Agreement, despite repeated requests. Providing evasive and incomplete responses to discovery requests merited a curative jury instruction in *Tom v. S.B., Inc.*, 280 F.R.D.

---

[1] Because the 2013 Affiliation Agreement helps Plaintiffs' case, the option under Rule 37 of excluding the agreement at trial would reward instead of sanctioning the Marriott Defendants for their conduct.

[2] *See, e.g.*, *Mali v. Fed. Ins. Co.*, 720 F.3d 387, 392–93 (2d Cir. 2013) (noting that as a sanction the district court "might simply have told the jury those facts and nothing more; or it might have added that the jury could, but need not, draw inferences against the [defendant] based on those facts; or, as requested in [another case], that the jury should draw adverse inferences against the [defendant] based on those facts; or that the jury should render a verdict for the Defendant").

603, 613-15 (D.N.M. 2012); while this Court did not find that the Marriott Defendants lied, their withholding was substantially unjustified. Facts in cases outside this jurisdiction, such as *McCloud v. Goodyear Dunlop Tires N. Am., Ltd.*, 2007 WL 2584289, at *4-6 (C.D. Ill. Aug. 23, 2007) (involving at best misleading responses by defendants to interrogatories), are no less instructive here. *See, e.g.*, *White v. CitiMortgage, Inc.*, No. 15-0289-CV-W-SRB, 2018 WL 4926306, at *4 (W.D. Mo. Oct. 10, 2018) (permitting a curative jury instruction regarding the Defendant's delay in supplying documents, rejecting Defendant's argument that the "proposed jury instruction 'is an extreme sanction that is not narrowly tailored'"). *Cf. Pers. Audio, LLC v. Apple, Inc.*, No. 9:09CV111, 2011 WL 6148587, at *5 (E.D. Tex. June 16, 2011) (permitting the Plaintiff to tell the jury that documents had been produced late when introducing the evidence at trial).

Marriott similarly tries to rely on case law interpreting the evidentiary Rule 403 and holding that certain evidence of litigation misconduct cannot be introduced at trial. But Marriott's cases cannot stretch that far. Marriott Opp. at pp. 15-16. In one, the court held that certain conduct in litigation cannot be used as evidence of bad faith — in a case involving the *tort of bad faith*. *See Timberlake Constr. Co. v. U.S. Fid. & Guar. Co.*, 71 F.3d 335, 340-41 (10th Cir. 1995). In another, the plaintiff sought to introduce evidence of litigation misconduct – but the court excluded it primarily because it was irrelevant to the claim. *Ali v. Jerusalem Rest., Inc.*, No. 14-CV-00933-MEH, 2015 WL 5440510, at *1 (D. Colo. June 9, 2015). Marriott even cites a decision by Judge Brimmer, again about admissibility of evidence, as opposed to jury instructions, and again involving a bad faith claim against an insurance company, as opposed to the substantive claims in this case. *Toy v. Am. Family Mut. Ins. Co.*, No. 12-CV-01683-PAB-MJW, 2014 WL 485922, at *2 (D. Colo. Feb. 6, 2014).

The Marriott Defendants also place heavy emphasis on an FRCP Advisory Committee comment explaining that there is a higher burden of proving intent when a party seeks an adverse-inference instruction — but that comment expressly applies to spoliation of electronically stored information under Rule 37(e). That provision is irrelevant here except to the extent that a sort of expresio unius principle would apply in favor of Plaintiffs — the fact that the committee emphasizes an extra burden under Rule 37(e) without mentioning other Rule 37 sanctions shores up the fact that Rule 37(c)(1), on which Plaintiffs rely, does not require any such intent.

Defendants offer a somewhat frantic and misleading stringcite of case law to shore up this argument. They state that *Everlight Elecs. Co. v. Nichia Corp.*, No. 12-CV-11758, 2013 WL 6713789, at *5 (E.D. Mich. Dec. 20, 2013), stood for the proposition that an adverse inference was an "extreme sanction." Opp. at p.13. But *Everlight* does not discuss adverse inferences or jury instructions, but instead considers dismissal and preclusion of evidence as possible sanctions. They also miss the boat in citing *Panwar v. Access Therapies, Inc*., 2014 WL 820023, at *8 (S.D. Ind. Mar 3, 2014), a case involving, *inter alia*, plaintiffs' efforts to seek sanctions under FRCP 37(b)(2)(A), not 37(c)(1)(B), in which the court found that the prejudice to the plaintiffs of the wrongful withholding was minimal, unlike here. Defendnats similarly try to rely on *Butterworth v. Laboratory Corp. of Am. Holdings*, 2012 WL 12864185, at *25 (M.D. Fla. Apr. 23, 2012), where the court similarly found critical that the plaintiff suffered little prejudice from a delay in production of electronically stored information. And in *Chavez v. Blue Sky Natural Beverage Co*., 2011 WL 4830997, at *3-*4 (N.D. Cal. Oct. 12, 2011), the court refused to provide an adverse instruction because doing so would essentially penalize defendants for complying with a court order, and the court also rejected the proposed instruction as based on alleged spoliation without

concrete evidence of such. Finally, while *Pall Corp. v. 3M Purification Inc.*, 279 F.R.D. 209, 213 (E.D.N.Y. 2011), rejects the adverse instruction request made under FRCP 37(b) (as opposed to 37(c), which Plaintiffs rely on here), the court relied on an outdated standard, and, moreover, found no prejudice from the delayed production, unlike here.

This Court held that the Marriott Defendants committed a discovery violation without substantial justification by not timely disclosing the 2013 Affiliation Agreement. The Court should reject the Marriott Defendants' attempt to limit Plaintiffs' right pursuant to Fed. R. Civ. P. 37(c)(1) to obtain an appropriately tailored adverse inference instruction.

### 2. The Requested Jury Instruction Would Not Prejudice the Association

The Association objects to Plaintiffs' requested curative jury instruction as unduly prejudicial to it. The proposed instruction would state that the "*Marriott Defendants* violated the rules of discovery" (emphasis added). This proposed jury instruction is narrowly tailored to the Marriott Defendants. It does not mention the Association. No prejudice to the Association would result. And it is highly relevant and tailored to their claims.

However, Plaintiffs would accept modifying the proposed jury instruction to explicitly instruct the jury not to consider the Marriott Defendants' discovery violation against the Association when evaluating the evidence, or any other modification this Court decides would remove any perceived prejudice.

### B. Further Deposition of Association Witnesses Would Be Warranted and Within the Bounds of the Court's Sanctions Order

Both Marriott and the Association oppose additional depositions on unsupportable grounds.

### 1. These Depositions Are Relevant and Will Help Remedy the Prejudice to Plaintiffs of the Withholding, Although Plaintiffs Are Willing To Adapt Their Request

Plaintiffs are seeking to remedy the prejudice suffered from taking the Association directors' depositions without having seen the 2013 Affiliation Agreement. For example, the Affiliation Agreement contained many concerning provisions that anyone who merely read the Acknowledgment and Joinder Agreement, like the Association's directors, could not have anticipated. *See* Application for Additional Remedies, at pp. 3-4. Yet Plaintiffs could not explore any of these topics when deposing Association witnesses because the Marriott Defendants concealed the 2013 Affiliation Agreement.[3] Additionally, Plaintiffs could have asked more questions about the directors' knowledge of the underlying agreement's existence. The same goes for Mr. Marino, who was participating in negotiations related to the Affiliation.

Marriott tries to frame an agreement between the Plaintiffs and Marriott during the pendency of the motion for default judgment to not push for the full scope of deposition remedies as broader than it was. Plaintiffs agreed at that point to a temporary limited scope of additional depositions because default judgment would obviate the need for more—they did not agree to never again seek to question the directors about the Affiliation Agreement.

However, Plaintiffs would willing to forego live testimony of the board members for the jurors, so long as Marriott agrees that the relevant written discovery[4] and deposition testimony to

---

[3] Defendants note that Harris was not deposed before – so why now? The short answer is that Plaintiffs did not understand the importance of what another director, who was not elected to the Association board until late 2013, could offer until they received and understood the import of the 2013 Affiliation Agreement.

[4] These include the AA Objections and Responses to Plaintiffs' Second Set of Interrogatories and First Set of Requests for Admission in December 2018.

date is admissible at trial even if the Association is no longer a defendant. Further, Plaintiffs did not agree to hold off on further depositions of Mr. Marino and so continue to request his re-deposition.

### 2. Plaintiffs Will Limit Any Additional Video Depositions to One Hour and Request that Marriott Defendants Pay All Costs

The Association argues that it would be unfair for the Court to "sanction" it by requiring additional deposition time from its directors, and Marriott argues that it will be prejudiced by having to commit more time and resources to the depositions. While the Association did not necessarily participate in the withholding, Order, p.29, that is not the point. And the burden on both parties would be minimal.[5] Plaintiffs are willing to limit these depositions (or single deposition, if Marriott agrees to the stipulation mentioned above) to an hour each and have asked the Court to order that the Marriott Defendants pay all costs and fees associated with the depositions, which would include fees and costs requested by the Association. These steps would minimize any burden on the Association and the deponents.

### 3. Plaintiffs Have Spent Significant Money on Video Depositions of the Directors for Use at Trial

Because Messrs. Oliver, Schneider, and Harris reside outside the trial court's subpoena range, they cannot be compelled to testify live at trial. Therefore, the Association's written discovery responses do not alleviate Plaintiffs' need for depositions videotaped for use at trial. It would be unfair and prejudicial to the presentation of their case at trial to have to present perhaps the most important testimony from each of these witnesses—about the concealment and

---

[5] Additionally, the four witnesses each testified for less than the seven hours allowed pursuant to Fed. R. Civ. P. 30(d)(1).

subsequent discovery of the 2013 Affiliation Agreement—in the form of answers to written discovery, when all of the other testimony from these witnesses will be presented via videotape. However, as noted, if Marriott agrees to stipulate to the admissibility of the relevant discovery to date itemized above, Plaintiffs will agree to only pursue an additional deposition of Mr. Marino to remedy for the discovery abuse herein.

### III. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Additional Remedies should be granted, with any necessary adjustments, and the scheduling order should be amended.

Dated: February 19, 2019                           Respectfully submitted,

                                                    GIBBS LAW GROUP LLP

                                                    */s/ Michael Schrag*
                                                    Michael Schrag (CA State Bar # 185832)
                                                    Linda Lam (CA State Bar# 301461)
                                                    505 14th Street, Suite 1110
                                                    Oakland, CA 94612
                                                    Telephone: (510) 350-9700
                                                    E-mail: mls@classlawgroup.com
                                                    E-mail: lpl@classlawgroup.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 19th day of February 2019, a true and correct copy of the foregoing **PLAINTIFFS' OMNIBUS REPLY TO MARRIOTT DEFENDANTS' AND ASPEN HIGHLANDS CONDOMONIUM ASSOCIATION'S OPPOSITION TO PLAINTIFFS' MOTION FOR ADDITIONAL REMEDIES WITH RESPECT TO DELAYED PRODUCTION OF 2013 AFFILIATION AGREEMENT** was served via ECF filing upon:

Jessica Black Livingston, Esq.
jessica.livingston@hoganlovells.com
Hogan Lovells US LLP
1200 Seventeenth Street, Suite 1500
Denver, Colorado 80202

Naomi G. Beer, Esq.
BeerN@gtlaw.com
Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, Colorado 80202

Ian S. Marx, Esq.
MarxI@gtlaw.com
Philip R. Sellinger, Esq.
SellingerP@gtlaw.com
Greenberg Traurig, LLP
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932

David Masters
dlm@mastersviner.com
Masters & Viner, P.C.
970.249.2622
152 Colorado Avenue
Montrose, CO 81401

                                            */s/ Linda Lam*
                                            Linda Lam