IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 16-01301 PAB

RCHFU, LLC, et al.

     Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, et al.

     Defendants.

---

**MARRIOTT DEFENDANTS' MOTION FOR LEAVE TO FILE A SUR-REPLY TO PLAINTIFFS' MOTION TO AMEND SCHEDULING ORDER AND COMPLAINT**

---

The Marriott Defendants respectfully request permission to file a short (five-page) sur-reply brief to address new and highly misleading arguments made in Plaintiffs' Reply in Support of Motion to Amend Scheduling Order and Complaint, namely, that (a) "[t]he Marriott Defendants were on notice of Plaintiffs' theories of liability regarding pre-affiliation conduct well before the [Sixth Amended Complaint]" and "Plaintiffs' case has long been about more than just the [MVC Affiliation] itself" (Pl. Br. (ECF#356) at 6, n.3, 7); and (b) the Marriott Defendants were further on notice because the Sixth Amended Complaint ("Sixth AC" (ECF#250)) contains essentially the same (albeit less specific) non-2013 Affiliation Agreement-related allegations now being proposed. *Id.* at 2, 6-8.[1]  If permitted a sur-reply, the Marriott Defendants can easily demonstrate

---

[1] Capitalized terms used herein are as defined in the Marriott Defendants' Opposition to Motion to Amend Scheduling Order and Complaint (ECF#344).

that both contentions are incorrect.[2]  As to the former, all the pleadings and orders of record filed

or issued up through the Fifth AC show that this case has always been about the MVC Affiliation

and nothing else.[3]  As to the latter, while many of the allegations from the Sixth AC to which

Plaintiffs refer mention events that happened before December 2014 (the MVC Affiliation's

operative date), they are not pared-down versions of the allegations Plaintiffs are now proposing.

Rather, they relate solely to the MVC Affiliation, including the issue of whether RC Club Aspen

members would be allowed to vote on the affiliation.[4]  For example, Plaintiffs claim that Paragraph

64 of the Sixth AC alleges that "'*[a]ny practice of allowing the use of the [Ritz-Aspen] by the*

---

[2] Plaintiffs acknowledge that the non-2013 Affiliation Agreement allegations that they seek leave to add were not authorized under the December 31 Order.  *Id.* at 1.  Plaintiffs hope that these unauthorized allegations will give their experts a basis for calculating damages using a mid-2011 start date even though the sole event on which their claims have been based throughout this case (the MVC Affiliation) did not occur until several years later.  The reasons why Plaintiffs' ultra vires allegations should not be permitted are explained in the Marriott Defendants' opposition brief and would not be repeated in a sur-reply.

[3] *See, e.g.,* Second AC (ECF#40 at ¶ 70) (asserting breach of fiduciary duty claim based on allegations that Defendants had "favor[ed] their interests] over the interests of Plaintiffs … through inclusion of [RC Club Aspen] in the [MVC] affiliation/exchange points program"); Third AC (ECF#79 at ¶ 92) (asserting unjust enrichment claim based on allegation that Defendants wrongfully profited from the "unilaterally imposed affiliation with [MVC]"); Fourth AC (ECF#109 at ¶ 92) (asserting constructive fraud claim based on allegation that "Defendants knew that the disclosures they made to Plaintiffs and other Members related to the [MVC] affiliation … were misleading and failed to fully disclose material facts…"); Order on Marriott Defendants' Motion to Dismiss Fifth AC (ECF#210 at 7-8, 25) (describing Plaintiffs' claims as "alleg[ing] that, due to the MVC affiliation opening up access to Aspen Highlands to MVC members …, plaintiffs' fractional units are worth less than 20% of the original purchase price" and "alleg[ing] that [certain Defendants] substituted a survey for the promised vote [on the MVC Affiliation] without informing the [RC Club Aspen] members'").

[4] Indeed, that was the sole basis on which Plaintiffs sought, and were granted, leave to file their Sixth AC to add a claim for exemplary damages.  *See* Plaintiffs' Motion to Amend to Add Claim for Exemplary Damages (ECF#185) at 14 (claiming that Plaintiffs were denied a vote because the Marriott Defendants knew RC Club Aspen "members would vote against affiliation"); May 10, 2018 Order granting Plaintiffs' motion (ECF#237) at 8 (finding Plaintiffs had "established the requisite *prima facie* basis to proceed with a claim for exemplary damages" by alleging that the Marriott Defendants substituted a survey for a vote on the MVC Affiliation).

MVC Members' … would be unlawful." Pl. Br. (ECF#356) at 7 (italics added by Plaintiffs for this Motion). That is not an allegation by Plaintiffs. It is a quotation from a letter written by Association attorney Philip A. Gosch, which Plaintiffs provide as background to explain their version of how the MVC Affiliation ultimately came to be. Nowhere in the Sixth AC do Plaintiffs themselves make such an allegation. Likewise misleading is their citation to Paragraph 60 of the Sixth AC (*id.* at 7), which, again, simply quotes, for background purposes, from a memorandum written by Mr. Gosch. Nor do Paragraphs 48 to 51 of the Sixth AC support Plaintiffs' contention (*id.*), as they only describe certain correspondence sent to members in connection with the MVC Affiliation. Equally far-fetched is Plaintiffs' assertion that the inclusion of the phrase "affiliation/exchange/points program" in Paragraph 89 of the Sixth AC (*id.*) somehow put the Marriott Defendants on notice that they would be seeking damages unconnected to the MVC Affiliation. Paragraph 89 consists of conclusory language setting forth a cause of action, which cannot be interpreted in a manner inconsistent with the Sixth AC's factual allegations. The bottom line: nowhere in the Sixth AC do Plaintiffs allege that pre-MVC Affiliation conduct was unlawful. The new allegations they seek to add are an improper back-door attempt to introduce an entirely different damages theory.[5] If granted a sur-reply, the Marriott Defendants would ask the Court to reject Plaintiffs' misleading assertions concerning the proposed allegations and deny them leave

---

[5] If Plaintiffs really believed that the proposed non-2013 Affiliation Agreement-related allegations "merely provid[e] Defendants with heightened notice of the factual basis for existing claims" and "merely elaborate on prior allegations" (*see id.* at 8), then they would not be urging their addition with such zeal. Nor would there be any reason to do so. *See Fed. R. Civ. P.* 8(a) (pleading need only set forth a "short and plain statement of the claim showing that the pleader is entitled to relief").

to amend to the extent they seek to add any allegations not pertaining directly to the 2013 Affiliation Agreement.

## <u>CERTIFICATE OF COMPLIANCE WITH D.C. COLO. LCIVR 7.1(a)</u>

Pursuant to D.C. Colo. LCivR 7.1(a), I hereby certify that, on February 28, 2019, I conferred with counsel for Plaintiffs and counsel for Defendant Aspen Highlands Condominium Association, Inc. ("Association") regarding the relief sought in this motion.  Although the Association consents to the relief sought in this motion, Plaintiffs do not consent.

Dated:  February 28, 2019                     Respectfully submitted,

By:     *s/ Ian S. Marx*
Naomi G. Beer
Philip R. Sellinger
Ian S. Marx
GREENBERG TRAURIG, LLP
1200 Seventeenth Street, Suite 2400
Denver, Colorado 80202
Tel:     303.572.6500
Fax:     303.572.6540
Email:  BeerN@gtlaw.com
          SellingerP@gtlaw.com
          MarxI@gtlaw.com

*Attorneys for Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, and The Lion & Crown Travel Co., LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on February 28, 2019, a true and accurate copy of the foregoing **MARRIOTT DEFENDANTS' MOTION FOR LEAVE TO FILE A SUR-REPLY TO PLAINTIFFS' MOTION TO AMEND SCHEDULING ORDER AND AMEND COMPLAINT** was filed and served with the Clerk of the Court via CM/ECF filing system, which will send notification to the following:

Michael J. Reiser
Law Office of Michael J. Reiser
1475 N Broadway, Suite 300
Walnut Creek, CA 94596
*Counsel for Plaintiffs*

Matthew C. Ferguson
The Matthew C. Ferguson Law Firm, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611
*Counsel for Plaintiffs*

Tyler R. Meade
The Meade Firm P.C.
1816 Fifth Street
Berkeley, CA 94710
*Counsel for Plaintiffs*

Linda Pham Lam
Michael Schrag
Gibbs Law Group LLP
505 14th Street, Suite 1100
Oakland, CA 94612
*Counsel for Plaintiffs*

*s/ Rebecca Zisek*
Rebecca Zisek

*(Original on file at offices of Greenberg Traurig, LLP, pursuant to C.R.C.P. 121, § 1-26)*