IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 16-01301 PAB

RCHFU, LLC, et al.

    Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, et al.

    Defendants.

**MARRIOTT DEFENDANTS' STATUS REPORT AND REQUEST FOR ENTRY OF ORDER IMPLEMENTING FOURTH ADDITIONAL CASE SCHEDULE ADDENDUM**

Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, and The Lion & Crown Travel Co., LLC (collectively, "Marriott Defendants") respectfully submit this Status Report and Request for Entry of Order Implementing Fourth Additional Case Schedule Addendum, for the purpose of summarizing the current status of issues and to request the entry of an Order that will provide for, and enable the parties to, complete discovery and the filing of post-discovery motions.

    A. **Pending Motions**

There currently are three motions pending before the Court:

1. Plaintiffs' Motion for Leave to Amend the Case Scheduling Order and to File a Seventh Amended Complaint (ECF # 337) (the "Motion to Amend").

2. Plaintiffs' Motion for Additional Remedies (ECF # 338) (the "Motion for Additional Remedies").

3. Plaintiffs' Motion for Costs and Attorneys' Fees (ECF # 339) (the "Motion for Costs and Fees").

These three motions are fully-briefed as of February 19, 2019 and awaiting the Court's decision, except for the Motion to Amend, as to which the Marriott Defendants filed a motion for leave to file a sur-reply (ECF # 358), which also remains undecided. The Court's decisions as to the Motions to Amend and for Additional Remedies would be of assistance in connection with the completion of discovery and post-discovery motions.

B. **Background/Facts Regarding Discovery and Scheduling**

As summarized below, since the outset of this case, the parties have negotiated revisions to the deadlines embodied in the Court's Rule 16 Scheduling Order, which have been implemented through addenda to that Order, which the parties have presented to the Court for its consideration and entry.

On August 18, 2016, the Court entered its initial Scheduling Order (the "Scheduling Order"). Among other things, the Scheduling Order contained a date by which fact discovery must be concluded (the "Fact Discovery End Date"), dates for the service of affirmative and rebuttal expert reports (the "Affirmative and Rebuttal Expert Report Deadlines"), for the completion of expert depositions (the "Expert Deposition Cutoff") and deadlines for the service of certain motions (for summary judgment, to exclude expert opinions under *Daubert* and motions *in limine*) that the parties agreed would be filed after the completion of expert depositions (the "Post-Discovery Motion Deadlines").

The Fact Discovery End Date, Affirmative and Rebuttal Expert Report Deadlines, Expert Deposition Cutoff and the Post-Discovery Motion Deadlines have thus been modified by subsequent orders of the Court on numerous occasions, which implemented the parties' negotiated

extension of these deadlines.[1]  The operative deadlines embodied in the Court's last entered Order are as follows:

- Fact Discovery End Date – July 16, 2018 (except for certain depositions specifically identified in the Court's Order of September 21, 2018 (ECF # 307)).

- Affirmative Expert Report Deadline – October 12, 2018.

- Rebuttal Expert Report Deadline – December 28, 2018

- Expert Deposition Cutoff – February 14, 2019

- Post Discovery Motion Deadlines – February 25, March 11 and 18, 2019

Plaintiffs served their affirmative expert reports on October 12, 2018.  These included a report from Chekitan Dev, a professor at Cornell University, who seeks to offer an opinion concerning, among other things, consumer preferences in connection with the purchase of Marriott Vacation Club Points ("MVC Points") and James Simon, who seeks to offer an opinion, among other things, concerning the alleged reasons for price increases charged by the Marriott Defendants for MVC Points.  After reviewing Plaintiffs' reports, Greenberg Traurig explored with the Marriott Defendants topics that had not been the subject of prior discovery demands and, in that regard, learned of certain documents concerning these subjects.  These documents were comprised of a template sales and marketing SMS survey (the "SMS Survey") and summaries of the responses related to two questions on the SMS Survey (the "SMS Reports").  The Marriott Defendants also became aware of a spreadsheet containing information that was used in April 2010 concerning the pricing of MVC Points (the "April 2010 Points Pricing Spreadsheet").

---

[1] Specifically, in Orders entered on April 27, 2017 (ECF # 136); November 22, 2017 (ECF # 161); May 3, 2018  (ECF # 232); September 10, 2018 (ECF # 303); September 21, 2018 (ECF # 307); October 5, 2018 (ECF # 310); October 16, 2018 (ECF # 316); November 20, 2018 (ECF # 322); and December 19, 2018 (ECF # 328).

3

The Marriott Defendants believed that their experts might find these documents helpful in preparing rebuttal reports and, as a result, provided the documents to their rebuttal experts. On December 28, 2018, the Marriott Defendants amended their prior disclosures pursuant to Rule 26 to identify the SMS Survey and Reports and the April 2010 Points Pricing Spreadsheet and to identify Urcil Peters as being knowledgeable about the survey documents and Zach Sonberg as being knowledgeable about the points pricing documents. The Marriott Defendants also produced the SMS Survey, Reports and the April 2010 Points Pricing Spreadsheet to Plaintiffs. These documents were not previously listed in the Marriott Defendants' Rule 26 Disclosures because they did not have reason to believe that they were or would be relevant to the claims or defenses in the case, or that such documents would be used to support their defenses. Nor were such documents encompassed by any of Plaintiffs' discovery requests.

Plaintiffs and the Marriott Defendants thereafter agreed that: (a) Marriott Defendants would produce additional documents that had been requested by Plaintiffs concerning the SMS Surveys and Reports; (b) Plaintiffs would take the depositions of Messrs. Peters and Sonberg; (c) the parties would serve amended affirmative and rebuttal expert reports incorporating information in the MVC Sales Survey and Points Pricing Documents; and (d) the Expert Deposition Cutoff and Post-Discovery Motion Deadlines would be adjusted, following service of the amended Reports. The parties further agreed that the foregoing would be embodied in a Court-ordered addendum to the Scheduling Order.

In accordance with the parties' foregoing agreement, the Marriott Defendants produced additional documents to Plaintiffs on January 15, 2019 and February 12, 2019. The Marriott Defendants made the two agreed-upon witnesses (Urcil Peters and Zach Sonberg) available for deposition, which were taken by Plaintiffs' counsel on February 13, 2019.

Also pursuant to the parties' agreement, the Marriott Defendants prepared and circulated to all counsel on February 14, 2019, a proposed Fourth Additional Case Schedule Addendum (and an Order implementing it), with the request that all counsel confirm their agreement to the provisions of the Addendum and entry of the Order, so that it could be presented to the Court for its consideration and entry (and as had been done many times previously, as summarized above in footnote 1).  Counsel for the AHCA Defendants promptly indicated their assent.  However, Plaintiffs' counsel did not.  Thereafter, pursuant to some discussions between counsel for Plaintiffs and the Marriott Defendants, on February 20, 2019, counsel for the Marriott Defendants again circulated a revised draft of the Fourth Addendum, with the same request as before.  Again, the AHCA Defendants promptly gave their assent and again, Plaintiffs were silent.  Finally, on February 28, 2019, the Marriott Defendants circulated a final draft, with the request that all parties provide their assent or comment on the drafts by the close of business on March 1, 2019.  Again, the AHCA Defendants promptly provided their assent to the Addendum and entry of an Order implementing it.  Plaintiffs have not responded at all to the request; they have not objected to any of the proposed dates set forth on the Addendum; nor provided any explanation as to why they have not responded.

C. **The Fourth Additional Case Schedule Addendum**

The proposed Fourth Additional Case Schedule Addendum, to which the Marriott Defendants and the AHCA Defendants agree, is attached as Exhibit A.  This represents the agreement of all parties, including Plaintiffs, who for unexplained reasons have withheld their assent to the entry of an Order implementing this agreement.  The Marriott Defendants request that the Court enter an Order implementing the following agreed upon modified deadlines:

- **Plaintiffs' Deadline to Serve Supplemental Affirmative Reports of Dr. Dev and Mr. Simon concerning the SMS Survey, SMS Reports and the**

> **MVC Points pricing spreadsheet information produced on December 28, 2018**:  March 13, 2019

- **Defendants' Deadline to Serve Supplemental Rebuttal Reports of Dr. Israel and Dr. King**:  April 10, 2019

- **Expert Discovery Cut-off**:  May 23, 2019

- **Dispositive Motions**: June 6, 2019

- **Deadline to File Daubert Motions**: June 14, 2019

- **Deadline to File Motions in Limine**: June 21, 2019

The Marriott and AHCA Defendants specifically agree to the entry of an Order imposing these deadlines.  Plaintiffs have not responded as to the issue.  To the extent that Plaintiffs disagree with the foregoing, the Marriott Defendants request a conference with the Court, so that revised deadlines can be entered and so that the parties can have a framework for the completion of discovery and post-discovery motion practice.

Dated:  March 7, 2019

Respectfully submitted,

GREENBERG TRAURIG, LLP

By:  s/ Ian S. Marx

Philip R. Sellinger
Ian S. Marx
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
Tel: 973.360.7900 / Fax: 973.301.8410
Email: SellingerP@gtlaw.com; MarxI@gtlaw.com

*Attorneys for the Marriott Defendants*

6

CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of March, 2019, a true and accurate copy of the foregoing **MARRIOTT DEFENDANTS' STATUS REPORT AND REQUEST FOR ENTRY OF ORDER IMPLEMENTING FOURTH ADDITIONAL CASE SCHEDULE ADDENDUM** was filed and served with the Clerk of the Court via CM/ECF filing system which will send notification to the following:

Michael J. Reiser
Law Office of Michael J. Reiser
1475 North Broadway, Suite 300
Walnut Creek, California 94596
*Counsel for Plaintiffs*

Matthew C. Ferguson
The Matthew C. Ferguson Law Firm, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611
*Counsel for Plaintiffs*

Tyler Meade
The Meade Firm P.C.
12 Funston Avenue, Suite A
San Francisco, California 94129
*Counsel for Plaintiffs*

Linda Pham Lam
Michael Schrag
Gibbs Law Group LLP
505 14th Street, Suite 1100
Oakland, CA 94612
*Counsel for Plaintiffs*

Jessica Black Livingston
Andrew Nussbaum
Hogan Lovells US LLP
1601 Wewatta Street, Suite 900
Denver, Colorado 80202
*Counsel for Aspen Highlands
  Condominium Association*

*s/ Rebecca Zisek*
    Rebecca Zisek

*(Original on file at offices of Greenberg Traurig, LLP, pursuant to C.R.C.P. 121, § 1-26)*