**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Gordon P. Gallagher, United States Magistrate Judge

Civil Action No. 16-cv-1301-PAB-GPG

RCHFU, LLC *et al*.,

    Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION *et al*.,

    Defendants.

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION TO AMEND**

This matter comes before the Court on Plaintiffs' motion to amend (ECF #337)[1] (which was referred to this Magistrate Judge (ECF #341)), Aspen Highland's response (ECF #342), the Marriott Defendants' opposition (ECF #344), and Plaintiffs' reply (ECF #356). The Court has reviewed each of the aforementioned documents, responses, replies, and any attachments. The Court has also considered the entire case file, the applicable law, and is sufficiently advised in

---

[1] "(ECF #339)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

1

the premises. The Court ORDERS as follows DENYING the motion without prejudice and with leave to file again, WITHIN TEN (10) DAYS, under the conditions set forth below.[2]

This motion to amend is, as the parties are aware, an offshoot of the litigation over a discovery violation regarding the Affiliation Agreement. On December 31, 2018, in a document now euphemistically termed the "New Year's Eve Order" (ECF #342, p. 1), I found a discovery violation occurred when Marriott failed to timely disclose the Affiliation Agreement and I stated the following, as it applies to the motion to amend:

> In terms of remedies, it appears that Marriott tried to make right their mistake by allowing additional depositions and taking other steps to fix the problem their non-provision caused. However, in the Court's view, additional steps need to be taken to remedy the failure concerning the Affiliation Agreement as set forth *infra*.
>
> For the reasons set forth in detail above, I find as follows;
>
> I find that there was a discovery violation with regard to the Affiliation Agreement. I do not find that the violation was substantially justified. Thus, I Order reasonable expenses, attorney fees, and other relief to remedy the violation.
>
> I find that there was a discovery violation with regard to the APCO documents. I do find the violation to be substantially justified. Therefore, I will Order no sanction as a remedy for this violation.
>
> I find no bad faith nor any willful misconduct. I specifically do not find this situation to merit default judgment.
>
> I find absolutely no misconduct or violation by Aspen Highlands. As to whether I should consider Ordering Marriott to pay for any additional deposition(s), that is encapsulated in my Order below.
>
> The Court is loathe to open this issue to a Pandora's box of further briefing, yet some clarity needs to be sought as to costs, fees, and other potential remedies. Therefore, Plaintiffs shall have fourteen days to do the following:
>
> (1)    Provide a detailed bill of fees and costs, complying with all rules and statutes, including local rules, setting forth specific costs and fees related only to the Rule 26 violation, in this action, for the non-provision of the Affiliation

---

[2] Any party may object to this non-dispositive Order within fourteen (14) days. Fed.R.Civ.P. 72(a).

> Agreement. The Court is not Ordering the payment of fees and costs that it took to litigate this extensive default judgment controversy over the past six (6) months. What the Court is referring to is specific costs/expenses/fees Plaintiffs had to expend to otherwise fix the problem(s), e.g., extra deposition(s), travel, etc.; and
>
> (2)     Request any other remedies being sought by Plaintiffs meant to correct the prejudice suffered by non-provision of the Affiliation Agreement, e.g., amendment of claims, additional depositions, etc. The Court understands Plaintiffs to not want to proceed with amendment due to: the current posture of the case, e.g., summary judgment motions have been filed; the expense involved in attempting to amend; and the fact that amendment may protract the litigation. Yet, the pleadings did not completely foreclose Plaintiffs wanting to argue this point. So, if Plaintiffs wish to attempt to amend, now is the time.

The New Year's Eve Order (ECF #330, pp. 29-30).

That Order engendered the aforementioned pleadings and specifically Plaintiff's motion to amend (ECF #337). Therein, Plaintiffs request that the Court Order the following:

> (1)     Docket Plaintiff's seventh amended complaint, *see* redline version (ECF #337-3);
>
> (2)     Allow the depositions of Messers. Oliver, Marino, and Harris;
>
> (3)     Allow two additional depositions offered by Marriott after production of the 12/28/2018 evidence;
>
> (4)     Allow other depositions, as necessary, to understand the 12/28/2018 evidence;
>
> (5)     Plaintiffs discuss, but do not currently request, a potential motion to compel withheld privileged documents; and
>
> (6)     Defer expert discovery until the close of the time-period necessary to conduct the aforementioned discovery and depositions.

Plaintiffs' motion (ECF #337, pp. 1-2).

The scope of Plaintiffs' requests in their motion to amend (ECF #337) goes significantly beyond the direction provided by the Court in the New Year's Eve Order. In that Order, the Court clearly found one violation-failure to timely provide the Affiliation Agreement. The Court further specifically found that the violation was not in bad faith or willful on Marriott's part and

that Aspen Highlands did nothing wrong at all.  The clear intent of the Court was to remedy the failure to provide the Affiliation Agreement-and nothing more.  In no way did the Order in any way address a discovery provision from 12/28/2018-something completely unknown to the Court at the time of the New Year's Eve Order, some three days later.

Plaintiffs' requested amendment goes far beyond the Affiliation Agreement issue and addresses, at length, the 12/28/2018 documents.  The Court neither Ordered nor authorized such an expansion.  Particularly with regard to the 12/28/2018 documents, the proposed amended complaint includes matters related to those documents throughout in a fashion that the Court cannot readily redact the proposed amendments related to that issue.  The Court has frankly struggled with how to tailor Plaintiffs' request to some reasonable scope based on the Court's Order and intent from the New Year's Eve Order.  Ultimately the Court has concluded that the responsibility for imposing some semblance of reasonableness and relatedness on the requests lies not with the Court but with Plaintiffs.  For that reason, the Court refuses to parse through the requests-as they now stand-and instead returns this task to where it rightly belongs, the Plaintiffs.  For that reason, Plaintiffs' motion to amend is DENIED without prejudice.

Plaintiffs are instructed that any future requests, which must be made within TEN (10) DAYS, are to be narrowly tailored to address only the failure to provide the Affiliation Agreement-a failure that was neither willful nor in bad faith.  While the Court understands that said failure had effect(s) that spread out into other discovery, attempts to remedy those ripple effects need to be reasonable and truly associated with the actual discovery violation.

Any remedy is likely to have some effect on Aspen Highlands, but this should be kept to an absolute minimum as Aspen Highlands is not at fault for the discovery violation.  In terms of

such effect, this might include additional depositions. If such were to be Ordered, costs would need to be shifted away from Aspen Highlands. This does not completely defray the inconvenience factor, but that is impossible to cabin off on a multi-party litigation such as this where one party's actions effect the others.

Dated at Grand Junction, Colorado, this March 18, 2019.

Gordon P. Gallagher

United States Magistrate Judge