IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC**, a Colorado limited liability company, et al.,

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION**, a Delaware corporation, et al.,

Defendants.

## ASPEN HIGHLANDS CONDOMINIUM ASSOCIATION'S
## RESPONSE REGARDING PLAINTIFF'S ADDITIONAL EXPERT REPORT

Pursuant to the Court's Order on March 18, 2019 (ECF 372), the Aspen Highlands Condominium Association (AHCA) hereby submits its response brief concerning Plaintiffs' request to designate a new, additional expert to provide statistical modeling of certain data.

Plaintiffs have requested a modification to the deadlines set out in the Case Schedule Addendum to permit them to designate a new expert who will provide statistical modeling and analysis of SMS survey data produced by the Marriott Defendants on December 28, 2018. ECF 362, 367. Plaintiffs contend that the SMS survey data demonstrate that "the Marriott Defendants profited from using the 'Halo' effect of the Ritz-Carlton Destination Club access and brand to sell more Marriott Vacation Club points." ECF 367 at 1. They argue that the data "provide[] a new basis to quantify the amount of the Marriott Defendants' unjust enrichment," and that the data "provide[] Plaintiffs an additional means to quantify how much the Marriott Defendants

1

profited as a result of their misconduct." *Id.* at 1, 3; *see also id.* at 4 (arguing that the SMS survey data provide "a basis to statistically quantify a portion of the resulting unjust enrichment (disgorgement) through regression analysis").

Plaintiffs specifically confirm that the new expert they seek to disclose would perform a statistical analysis "focusing only on the import of the newly produced data." ECF 367 at 3 (emphasis added). Plaintiffs similarly stated during the scheduling conference on March 18, 2019 that the new expert they propose would address only the SMS survey data and would not provide a report concerning any other issue nor rebuttal testimony of any expert other than Dr. Israel and Dr. King, to the extent that Dr. Israel and Dr. King relied on the SMS survey data in their respective expert reports.

Plaintiffs do not assert an unjust enrichment claim against the AHCA. *See* Sixth Amended Complaint. Nor do they claim that the AHCA profited from Marriott's alleged ability to use the "Halo" effect to sell more Marriott Vacation Club points. *See generally id.* And the AHCA was not included in the Marriott Defendants' and the Plaintiffs' discussions and written exchanges attempting to resolve their disagreement over the SMS survey data.

Accordingly, based on Plaintiffs' representations that they do not intend to ask their new expert to testify about any matter beyond the scope of the SMS survey data, the AHCA takes no position on whether the Court should permit Plaintiffs to designate a new expert to provide statistical modeling of the SMS survey data. However, should Plaintiffs' new expert seek to provide testimony beyond the scope of the SMS survey data, the AHCA would oppose such a request (based at least in part on the facts that the deadline for disclosing experts and serving initial reports has past and the designation of any new experts would prejudice the AHCA) and

the AHCA would move to strike or disqualify such portions of the expert report and/or testimony.

Respectfully submitted this 28th day of March, 2019.

*/s/ Jessica Black Livingston*
Jessica Black Livingston
Andrew C. Lillie
Andrew M. Nussbaum
HOGAN LOVELLS US LLP
1601 Wewatta Street, Suite 900
Denver, Colorado 80202
Telephone: (303) 899-7300
FAX: (303) 899-7333
E-mail:jessica.livingston@hoganlovells.com
E-mail:andrew.lillie@hoganlovells.com
E-mail:andrew.nussbaum@hoganlovells.com

*Attorneys for Defendant Aspen Highlands Condominium Association*

3