IN THE UNITED STATES DISTRICT COURT

DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC,** *et al.*

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION,** *et al.*

Defendants.

---

**PLAINTIFFS' MODIFIED MOTION TO AMEND THE SCHEDULING ORDER AND COMPLAINT REGARDING THE 2013 AFFILIATION AGREEMENT**

---

Pursuant to the Court's order, Dkt. No. 369, Plaintiffs submit this modified motion to amend their complaint with respect to the 2013 Affiliation Agreement.

## I. INTRODUCTION

Plaintiffs propose adding allegations in the Seventh Amended Complaint (7AC) based on facts Plaintiffs learned from the 2013 Affiliation Agreement. Specifically, Plaintiffs seek leave to add additional facts to support an existing aiding and abetting a breach of the duty to exercise reasonable care claim against Marriott, which concealed the 2013 Affiliation Agreement from the Association. Plaintiffs learned that the agreement gave the Association the power to prevent the Ritz-Aspen from being a part of the Marriott Vacation Club (MVC) affiliation – and that Marriott hid that right from the Association, which signed a joinder to that agreement without even reading

1

it. The 7AC also describes certain terms of the 2013 Affiliation Agreement, and how they benefit MVC members at Plaintiffs' expense.

Plaintiffs' proposed amendments are proper under Rules 16 and 15. There is good cause to amend the scheduling order under Rule 16(b) because the Court invited Plaintiffs to seek leave to amend as a sanction for Marriott's discovery violations, and Plaintiffs have been diligent in pursuing discovery as well as filing the instant motion. Plaintiffs also satisfy Rule 15(a), which dictates that leave to amend is generally only denied upon a showing of undue delay, undue prejudice, bad faith, or futility of amendment. *Ingle v. Dryer*, 2008 WL 1744337, *2 (D. Colo. Apr. 11, 2008). None of those exist here.

This modified motion to amend is narrowly tailored to the 2013 Affiliation Agreement. Plaintiffs' prior motion to amend, Dkt. No. 337, proposed amendments based on corporate documents produced in June 2018 showing that Marriott's misconduct dates back to mid-2011. Those proposed amendments in no way related to the documents that Marriott produced on 12/28/2018, which were about the SMS survey that Marriott conducted among individuals who attended MVC sales presentations. Rather, the amendments that Plaintiffs were proposing added greater detail to claims already in the operative complaint alleging that Marriott made high-level decisions to market broad access to RCDC properties to MVC points purchasers starting in 2011. However, in line with the Court's order, and because Plaintiffs may prove their case with those facts regardless of whether they are pled, the present motion is limited to allegations regarding the 2013 Affiliation Agreement. *See Guidance Endodontics, LLC v. Dentsply Intern., Inc.,* 2009 WL 3672505, *7 (D.N.M. Sept. 29, 2009) (a plaintiff's proposed amendment "to add additional facts

to support its existing claims" could not prejudice the defendants because the plaintiff "could present whatever admissible evidence it had to establish the elements of those claims").

## II.  ARGUMENT

### A. There Is Good Cause Under Rule 16(b) to Amend the Schedule to Allow Plaintiffs to Add Allegations Concerning the 2013 Affiliation Agreement

Under Rule 16(b), a party who wishes to amend a complaint after the deadline for amending pleadings must show "good cause," which requires showing that it has been diligent in attempting to meet deadlines. *Rehlberg v. City of Pueblo,* 2011 WL 4102287, *3 (D. Colo. Sept. 14, 2011). Plaintiffs have good cause to amend the scheduling order because the Court invited Plaintiffs to seek leave to amend their complaint in its order finding that Marriott's late production of the 2013 Affiliation Agreement was a discovery violation that was not substantially justified. Dkt. No. 330 at p. 29. Further, Plaintiffs' proposed amendments regarding the 2013 Affiliation Agreement relate to an existing breach of fiduciary duty claim. *See Cooper v. Clough, P.C. v. U.S. Bank Nat. Ass'n*, 2011 WL 5075563, *2 (D. Colo. Oct. 26, 2011) (finding good cause under Rule 16 where "all of Plaintiff's amendments are merely alternative theories related to existing claims . . . , are based on evidence already known or knowable to Defendant, and will not materially change the course of discovery in this matter in any way").

The operative complaint already includes a breach of the duty of care claim against the Association. *See* Sixth Amended Complaint, Dkt. No. 250 at ¶ 89 (alleging that the Association failed "to act as a reasonably prudent fiduciary would have acted under the same or similar circumstances"). Plaintiffs seek leave to allege further detail on how Marriott aided and abetted that breach: by concealing the 2013 Affiliation Agreement from the Association. 7AC at ¶ 85. Because Marriott never provided the Association with the agreement, the Association's board

members signed an Acknowledgement and Joinder to the agreement without even reading what it was "acknowledging" and "joining." *Id.* Marriott knew that the 2013 Affiliation Agreement gave the Association the power to prevent the MVC affiliation from extending to the Ritz-Aspen, but concealed it from the Association. *Id.* at ¶¶ 86-87. While some of the proposed allegations pertain to the Association's conduct with respect to the 2013 Affiliation Agreement, there are no new claims against the Association; those allegations are only to explain how Marriott concealed the agreement from the Association (and thus aided and abetted the Association's breach of its duty of care).

Plaintiffs' other proposed amendments describe the 2013 Affiliation Agreement and its effects on Plaintiffs' property. For instance, paragraph 46 of the 7AC states that the agreement provided that the affiliation with MVC would not apply to a particular RCDC (such as the Ritz-Aspen) unless that club's association signed a separate agreement to join the 2013 Affiliation Agreement. The amendments also explain some of the 2013 Affiliation Agreement's one-sided terms: Section X of the agreement created a ten-year term for the MVC affiliation, which automatically renews for five-year terms; once the Association signed the Acknowledgment and Joinder, only Marriott had power to withdraw from the affiliation; and the agreement granted MVC expansive use rights on RCDC properties – including the right to use RCDC units for marketing and sales of MVC memberships. *Id.* at ¶¶ 90, 91. Further, Section 7.1 of the agreement reserves for MVC the right to charge RCDC members for using the exchange program, but prohibits charges to MVC members for exchanging into RCDC properties. *Id.* at ¶ 92.

Plaintiffs have been diligent in moving to amend. It was not until December 2018 that the Court invited Plaintiffs to request remedies to correct the prejudice resulting from Marriott's

failure to produce the Affiliation Agreement. *See* Dkt. No. 330 at p. 30 ("So, if Plaintiffs wish to attempt to amend, now is the time.") After Plaintiffs submitted their initial motion to amend, the Court ordered that Plaintiffs may file a modified motion to amend tailored to only the Affiliation Agreement, which they are now doing. Dkt. No. 369 at p. 4. Thus, since Plaintiffs did not learn about the 2013 Affiliation Agreement until after the deadline to amend pleadings, and it was not until December 31, 2018 that the Court found Marriott's failure to produce the agreement to be a discovery violation warranting remedies, there is good cause to modify the scheduling order to allow Plaintiffs to amend their complaint. *See Pumpco, Inc. v. Schenker Intern., Inc.*, 204 F.R.D. 667, 668-669 (D. Colo. Dec. 18, 2001) (allowing a plaintiff to assert a new cause of action based on discovery received after the deadline to amend pleadings).

### B. Leave to Amend Should Be Granted Under Rule 15 Because There Is Neither Undue Delay Nor Prejudice to Defendants

Under Rule 15, leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). A court need not grant leave to amend, however, where there would be undue prejudice to the opposing party, or the amendment would be futile. *Jenkins v. Duffy Crane and Hauling, Inc.,* 2015 WL 6464437, *13 (D. Colo. Oct. 27, 2015). Plaintiffs' request to add allegations about the 2013 Affiliation Agreement would not result in any prejudice to Marriott. Plaintiffs' current complaint already alleges a breach of fiduciary duty claim against Marriott, and the proposed amendments merely add more facts on the same line of conduct: Marriott aided and abetted the Association in breaching its duty of care by concealing the 2013 Affiliation Agreement, and allowed the Association to enter into an agreement that would destroy the value of Plaintiffs' fractional interests. *See Fairfield Dev., Inc. v. J.D.I. Contractor & Supply, Inc.*, 782 F.Supp.2d 1205, 1209 (D. Colo. 2011) ("When considering a motion to amend under Rule 15(a), 'courts

5

typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment.'"). Further, when Plaintiffs filed their initial motion to amend on the 2013 Affiliation Agreement, Marriott did not oppose any amendments relating to the agreement (but only opposed Plaintiffs' other proposed amendments). *See* Dkt. No. 344 at p. 6 (Marriott conceding that "The December 31 Order permitted Plaintiffs to seek leave to amend with respect to the 2013 Affiliation Agreement."). Thus, leave to amend should be granted because there would be no undue prejudice to Marriott.

### III. CONCLUSION

For all the above reasons, this Court should grant Plaintiffs leave to file the 7AC, which includes proposed allegations regarding the 2013 Affiliation Agreement.

Dated: March 28, 2019

| | |
|---|---|
| **REISER LAW, P.C.** | **THE MATTHEW C. FERGUSON LAW FIRM, P.C.** |
| ___/s/ Michael J. Reiser___ | ___/s/ Matthew C. Ferguson___ |
| Michael J. Reiser, # 16161 | Matthew C. Ferguson, #25687 |
| 1475 N. Broadway, Suite 300 | 119 South Spring, Suite 201 |
| Walnut Creek, CA 94596 | Aspen, Colorado 81611 |
| Telephone: (925) 256-0400 | Telephone: (970) 925-6288 |
| E-mail: michael@reiserlaw.com | E-mail: matt@matthewfergusonlaw.com |
| **GIBBS LAW GROUP LLP** | **THE MEADE FIRM, P.C.** |
| ___/s/ Michael L. Schrag___ | ___/s/ Anne Decker___ |
| Michael Schrag (CA State Bar # 185832) | Anne Decker (CA State Bar # 268435) |
| Linda Lam (CA State Bar# 301461) | Tyler Meade (CA State Bar # 160838) |
| 505 14th Street, Suite 1110 | 12 Funston Ave., Suite A |
| Oakland, CA 94612 | San Francisco, CA 94129 |
| Telephone: (510) 350-9718 | Telephone: (415) 724-9600 |
| E-mail: mls@classlawgroup.com | E-mail: annie@meadefirm.com |
| E-mail: lpl@classlawgroup.com | E-mail: tyler@meadefirm.com |
| | *Attorneys for Plaintiffs* |

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on this 28th day of March 2019, a true and accurate copy of the foregoing **PLAINTIFFS' MODIFIED MOTION TO AMEND THE SCHEDULING ORDER AND COMPLAINT REGARDING THE 2013 AFFILIATION AGREEMENT** was served via CM/ECF filing system upon the following:

    Jessica Black Livingston, Esq.
       *jessica.livingston@hoganlovells.com*
    Hogan Lovells US LLP
    1200 Seventeenth Street, Suite 1500
    Denver, Colorado 80202

    Naomi G. Beer, Esq.
       *BeerN@gtlaw.com*
    Greenberg Traurig, LLP
    1200 17th Street, Suite 2400
    Denver, Colorado 80202

    Ian S. Marx, Esq.
       *MarxI@gtlaw.com*
    Philip R. Sellinger, Esq.
       *SellingerP@gtlaw.com*
    Greenberg Traurig, LLP
    500 Campus Drive, Suite 400
    Florham Park, New Jersey 07932

                                        */s/ Anne Decker*
                                        Anne Decker