IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 16-01301 PAB

RCHFU, LLC, et al.

      Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, et al.

      Defendants.

---

## MARRIOTT DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION TO RESTRICT ACCESS

---

Pursuant to Local Civil Rule 7.2(c), Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, and The Lion & Crown Travel Co., LLC (collectively, "Marriott Defendants") respectfully submit this Motion to Restrict Access regarding ECF #378 and its attachments.

### COMPLIANCE WITH DISTRICT OF COLORADO LOCAL CIVIL RULE 7.1

Counsel for the Marriott Defendants conferred with counsel for Plaintiffs and Defendant Aspen Highlands Condominium Association ("Association") regarding the substance of this motion. Counsel for the Association indicated that they consent to the filing of the Marriott Defendants' Motion to Restrict. As of the time this Motion was filed, Plaintiffs have not yet provided their position on the Marriott Defendants' Motion to Restrict Access.

## INTRODUCTION

By way of this Motion to Restrict Access, the Marriott Defendants seek to protect confidential documents—which contain sensitive business information—from public disclosure. On March 28, 2019, in opposition to Plaintiffs' Request for Supplemental Expert Reports to Analyze Newly Produced Data (ECF #376) ("Plaintiffs' Expert Motion"), the Marriott Defendants filed excerpts of the "newly produced data"—documents pertaining to certain Sales and Marketing Surveys ("SMS Documents")—under a Level 1 restriction.[1] Pursuant to Local Civil Rule 7.2(e), the Marriott Defendants file this Motion to Restrict Access to ensure that the confidentiality of these documents remains protected.

The SMS Documents have been produced to Plaintiffs in full, subject to a Confidential designation under the Protective Order entered in this case (ECF #100), which Plaintiffs have not challenged. In addition, independent of the Protective Order, the SMS Documents contain highly sensitive business information that would harm the Marriott Defendants if disclosed to competitors. Indeed, the SMS Documents reflect the questions that are asked of actual and prospective purchasers of the MVC Points Product (collectively, "Points Purchasers") after sales presentations, to assess these individuals' perceptions of more than 35 aspects of the sales presentations (*see* Marx Decl. ¶ 4); as well as the responses to those questions, which provide the Marriott Defendants with insight into how Points Purchasers view their products and evaluate the importance of the various features they offer. Providing the Marriott Defendants' competitors

---

[1] The SMS Documents were attached as Exhibits B, C, and D to the publicly filed Declaration of Ian S. Marx, dated March 28, 2019 (ECF #377-1) ("Marx Decl."), which was submitted in opposition to Plaintiffs' Expert Motion.

2

with access to this sensitive business information would be harmful to the Marriott Defendants. Thus, the SMS Documents should be restricted under Local Civil Rule 7.2.

## LEGAL STANDARDS

Pursuant to Local Rule 7.2(c), a motion to restrict public access shall:

(1) identify the document or the proceeding for which restriction is sought;
(2) address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction);
(3) identify a clearly defined and serious injury that would result if access is not restricted;
(4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and
(5) identify the level of restriction sought.

Local Civ. R. 7.2(c). "It is beyond question that this [c]ourt has discretionary power to control and seal, if necessary, records and files in its possession." *United States v. Dillard*, 795 F.3d 1191, 1205 (10th Cir. 2015) (quoting *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir.1980)). Indeed, a court may, in its discretion, restrict the public's right to access to judicial records

> if the public's right of access is outweighed by competing interests. In exercising this discretion, we weigh the interests of the public, which are presumptively paramount, against those advanced by the parties. To overcome this presumption against sealing, the party seeking to seal records must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process.

*JetAway Aviation, LLC v. Board of Cty. Comm'rs of Cty. of Montrose*, 754 F.3d 824, 826 (10th Cir. 2014) (internal citations and quotation marks omitted); *see also Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (The presumption in favor of public access is "not absolute," and is overcome where "countervailing interests outweigh the public interests in access."). "[A]

3

sufficient showing to overcome the presumption may be found where the records contain trade secrets, … business information that might harm a litigant's competitive standing, … information which could harm the competitive interests of third parties, … or private or personally identifiable information, … or otherwise invade privacy interests[.]" *Anderson v. Walgreen Co.*, Civil Action No., 2016 U.S. Dist. LEXIS 1740, at *4 (D. Colo. Jan. 7, 2016) (internal citations and quotation marks omitted). Significant here, the Supreme Court has acknowledged that discovery materials "were not open to the public at common law." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984) (noting "restraints placed on discovered, but not yet admitted, information, are not a restriction on a traditionally public source of information"); *United States v. Wolfson*, 55 F.3d 58, 60 (2d Cir. 1995) (finding no public right of access to documents submitted to court in camera as part of discovery dispute).

The Tenth Circuit has likewise recognized that protection is appropriate where, as here, records may become "a vehicle for an improper purpose," including where the documents at issue are "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Thus, courts have long recognized that a party's interest in maintaining confidentiality of competitively sensitive documents outweighs the public's general interest in access to court records: "[c]ommercial competitors seeking an advantage over rivals need not be indulged" in favor of public access "in the name of monitoring the courts." *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995); *see Hershey v. ExxonMobil Oil Corp.*, 550 Fed. Appx. 566, 574 (10th Cir. 2013) (maintaining "confidential commercial competitive information" under seal).

## ARGUMENT

**I. The SMS Documents Should Remain Restricted Because They Contain Sensitive Business Information and are Entitled to a Confidential Designation Under the Protective Order.**

Pursuant to Local Rule 7.2(c)(1) and (5), the Marriott Defendants request that the SMS Documents remain restricted at Level 1, which limits access to the parties and the Court. Local Civ. R. 7.2(b).

### A. The Public Interest in Documents Submitted in Response to a Discovery Motions is Minimal.

As an initial matter, the SMS Documents were submitted in response to a discovery motion filed by Plaintiffs, which sought leave to submit a new expert report to address the SMS Documents after the deadlines for serving expert reports had expired. (ECF #376.) Federal courts overwhelmingly recognize that the public interest in access to documents filed pursuant to discovery disputes is low. *See, e.g.*, *Riker v. Federal Bureau of Prisons*, 315 Fed. Appx. 752, 755 (10th Cir. 2009) (district court properly sealed documents that were not central to its determination on the merits); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001) (holding that documents attached to discovery motions are not subject to the right of public access at all). As such, the Marriott Defendants' interests in protecting the SMS Documents' confidential information overcome the presumption of public access.

### B. The Public Interest in Open Access is Further Outweighed by the Marriott Defendants' Interest in Protecting its Competitively Sensitive Information.

The SMS Documents contain competitively sensitive information, the protection of which outweighs the public interest in disclosure. Indeed, the protection of competitively

5

sensitive information has long been recognized as a compelling reason to maintain the confidentiality of documents filed in the court record. *See, e.g., Nixon*, 435 U.S. at 598; *Hershey*, 550 Fed. Appx. at 574; *In re Electronic Arts, Inc.*, 298 Fed. Appx. 568, 569 (9th Cir. 2008) (documents that contained competitively sensitive information should remain under seal); *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (sealed filing is appropriate to "prevent competitors from gaining insight into the parties' business model and strategy"); *Bauer Bros. LLC v. Nike, Inc.*, 2012 WL 1899838, at *2 (S.D. Cal. May 24, 2012) (sealing documents that revealed business information such as defendant's marketing strategies and sales and retailer data).

As discussed above, the SMS Documents are internal documents that provide the Marriott Defendants with insight into how Points Purchasers view their products and evaluate the importance of the various features they offer. This assists the Marriott Defendants in developing their marketing strategy, as Points Purchasers' responses to SMS questions are used to determine various business objectives. If the SMS Documents were publicly filed, any competitor in the industry could examine them to glean, and ultimately copy, a marketing strategy for products similar to the MVC Points product, and to understand what features are attractive to the Marriott Defendants' customer base. The creation of the SMS and the resulting compilation of Points Purchasers' responses required significant business analysis, which is not only subject to protection under the Protective Order entered in this case (ECF #100) but also independently deserving of protection from this Court due to its sensitive nature.

### C. Public Filing of the SMS Documents Would Injure the Marriott Defendants.

The SMS Documents should be shielded from public disclosure due to the competitively sensitive nature of its contents. Indeed, as explained above, disclosure of the SMS Documents would harm the Marriott Defendants in a business sense. Disclosure of the information contained in the SMS Documents, which the Marriott Defendants use to determine their marketing strategy, product development and pricing, and contain their customers' perceptions, would provide competitors insight into the Marriott Defendants' business strategies and concerns, as well as how to appeal to the Marriott Defendants' customer base. Accordingly, the SMS Documents should be restricted to protect the Marriott Defendants from unnecessary competitive harm, which is especially compelling here because the documents were filed in conjunction with a discovery motion and not a substantive, merits-based adjudication of the claims in this case.

### D. No Alternative Restriction is Practicable or Would Adequately Protect the Marriott Defendants' Interests.

The Marriott Defendants have already produced the SMS Documents to Plaintiffs in full, and, in any event, the SMS Documents are subject to a confidentiality designation under the Protective Order. No amount of redaction or other type of restriction could protect the confidential and competitively sensitive information contained in the SMS Documents while also giving the public any meaningful access to the contents. Accordingly, the SMS Documents should maintain their Level 1 restriction, and access should be limited to the parties and the Court.

## CONCLUSION

For the foregoing reasons, the Marriott Defendants respectfully request that this Court grant their Motion to Restrict Access and maintain the Level 1 restriction of the SMS Documents (ECF #378).

Dated:  April 11, 2019                                  Respectfully submitted,

GREENBERG TRAURIG, LLP

By:  *s/ Ian S. Marx*
Philip R. Sellinger
Ian S. Marx
500 Campus Drive, Suite 400
Florham Park, NJ 07932
Tel: 973.360.7900 / Fax: 973.301.8410
Email:  SellingerP@gtlaw.com,  MarxI@gtlaw.com

*Attorneys for the Marriott Defendants*

8

CERTIFICATE OF SERVICE

       I hereby certify that on this 11th day of April, 2019, a true and accurate copy of the foregoing **MARRIOTT DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION TO RESTRICT ACCESS** was filed and served with the Clerk of the Court via CM/ECF filing system which will send notification to the following:

Michael J. Reiser
Law Office of Michael J. Reiser
1475 North Broadway, Suite 300
Walnut Creek, California 94596
*Counsel for Plaintiffs*

Matthew C. Ferguson
The Matthew C. Ferguson Law Firm, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611
*Counsel for Plaintiffs*

Tyler Meade
The Meade Firm P.C.
12 Funston Avenue, Suite A
San Francisco, California 94129
*Counsel for Plaintiffs*

Linda Pham Lam
Michael Schrag
Gibbs Law Group LLP
505 14th Street, Suite 1100
Oakland, CA 94612
*Counsel for Plaintiffs*

Jessica Black Livingston
Andrew Nussbaum
Hogan Lovells US LLP
1601 Wewatta Street, Suite 900
Denver, Colorado 80202
*Counsel for Aspen Highlands
 Condominium Association*

*s/ Rebecca Zisek*
   Rebecca Zisek

*(Original on file at offices of Greenberg Traurig, LLP, pursuant to C.R.C.P. 121, § 1-26)*

9