IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 16-01301 PAB

RCHFU, LLC, et al.

    Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, et al.

    Defendants.

---

**MARRIOTT DEFENDANTS' STATUS REPORT AND REQUEST FOR IMMEDIATE TELEPHONE CONFERENCE TO ADDRESS IMPENDING DEADLINES IN CONNECTION WITH PLAINTIFFS' UNAUTHORIZED SERVICE OF AN EXPERT REPORT FROM JASON BASS**

---

Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, and The Lion & Crown Travel Co., LLC (collectively, "Marriott Defendants") respectfully submit this Status Report and Request for Immediate Telephone Conference to Address Impending Deadlines in Connection with Plaintiffs' Unauthorized Service of an Expert Report from Jason Bass in violation of the Court's Order.

On April 12, 2019, Plaintiffs served an expert report, dated April 12, 2019, from Jason Bass (the "Bass Report"). A copy of the Bass Report is attached hereto as Exhibit A. Plaintiffs previously moved for leave to serve an expert report from Mr. Bass (a previously undisclosed expert witness). That motion was fully briefed and argued and in a 7-page written decision issued on April 7, 2019, that motion was **denied**. In an attempt to do an end run around the Court's Order,

Plaintiffs served the Bass Report several days later as an "Exhibit" to one of the two supplemental reports they also served on April 12 (which were authorized by the Court), but opinions contained in those reports rely largely on the unauthorized Bass Report. The Marriott Defendants will shortly be moving to strike these reports. In the meantime, the Marriott Defendants request a telephone conference at the Court's earliest convenience, so that upcoming deadlines, including the May 20, 2019 deadline for the service of the Marriott Defendants' rebuttal reports can be suspended until the Court determines (again) the reports to which the Marriott Defendants must respond.

1. On March 12, 2019, Plaintiffs raised a request to serve an expert report from Jason Bass, a previously undisclosed expert in statistical analysis, regarding the alleged impact of certain survey results on their damage claims. The Marriott Defendants opposed Plaintiffs' request on the grounds that: the deadline for disclosing affirmative experts had expired in October 2018; there was no basis for Plaintiffs to obtain relief from this expired deadline; and because, in any event, the parties had entered into an agreement that did not include Plaintiffs' identification and service of a report from new expert.

2. At the Court's direction, Plaintiffs' motion for leave to serve a report from Mr. Bass was formally briefed (ECF #376 and ECF # 377) (the "Bass Report Motion") and the Court heard argument on April 3, 2019.

3. On April 4, 2019, the Court entered a Minute Order (ECF # 384), which modified a number of deadlines, "in anticipation of" a number of Orders the Court would be issuing to resolve pending motions, including the Bass Report Motion. Specifically, the April 4 Order provides the following schedule:

 (a) April 12, 2019 – Plaintiffs' Deadline to Serve Supplemental Affirmative Reports of Dr. Dev and Mr. Simon limited to the SMS Survey, SMS Reports and the MVC Points pricing spreadsheet information produced on December 28, 2018;
 (b) May 20, 2019 -- Defendants Deadline to Serve Supplemental Rebuttal Reports of Dr. Israel and Dr. King;
 (c) June 21, 2019 -- Expert Discovery Cut-off;
 (d) July 5, 2019 -- Dispositive Motions;
 (e) July 19, 2019 -- Deadline to File Daubert Motions; and
 (f) July 26, 2019 -- Deadline to File Motions in Limine:

ECF # 384.  As the Court was cognizant that the Bass Report Motion was going to be denied, this schedule does not permit sufficient time or opportunity for the Marriott Defendants to find, engage and obtain a rebuttal report from any statistician in response (and/or to otherwise respond) to the Bass Report.

 4. On April 7, 2019, the Court entered an Order formally denying the Bass Report Motion and holding that Plaintiffs were not permitted to serve the Bass Report (ECF # 386). Pursuant to the Court's April 4 Order, on April 12, Plaintiffs were permitted to serve supplemental affirmative reports of Dr. Dev and Mr. Simon.

 5. On April 12, 2019, Plaintiffs served supplemental reports from Dr. Dev and Mr. Simon.  However, Plaintiffs also served the Bass Report, which was attached as "Exhibit A" to the Supplemental Expert Report of Jon Simon.  The Supplemental Simon and Dev Reports both largely rely upon the Bass Report in reaching conclusions and opinions.

 6. The Marriott Defendants will be moving to exclude the Bass Report and, to the extent that they rely upon the Bass Report, the Supplemental Simon and Dev Reports (the "Motion to Strike") on the ground that the Bass Report is barred by the Court's April 7 Order, which expressly addressed Plaintiffs' request to serve the Bass Report and denied that request.  In their Request for Supplemental Expert Reports (ECF # 376), Plaintiffs sought "leave to designate [Bass

3

as] a statistics expert." In its April 7, 2019 Order (ECF # 386), the Court denied Plaintiffs' request. Inasmuch as Bass has never been (and cannot be, under the Court's Order) identified as an expert, the Bass Report should be stricken. *See* Fed. R. Civ. P. 37(c) (a party that fails to identify a witness as required by Rule 26 (a) may not use that witness to supply evidence on a motion, at a hearing or at trial). In addition, the expert reports of Dev and Simon should be stricken to the extent they rely on the improperly-offered Bass report. *See e.g., Dura Automotive Sys. of Indiana, Inc. v. CTS Corp.*, 283 F. 3d 609, 614 (7th Cir. 2002) (Posner, J.) (expert cannot be "the mouthpiece of a scientist in a different specialty"); *see also Gallardo v. United States*, 2012 WL 1191864, at *3 (D. Colo. Apr. 10, 2012) (expert "is not permitted to merely relay expert opinions of others").

7. The Marriott Defendants have a deadline of May 20, 2019, in which to serve replies to the Supplemental Dev and Simon Reports. However, the Marriott Defendants should not be required to serve such replies until the Court decides the forthcoming Motion to Strike and the May 20, 2019 deadline should be suspended. The Marriott Defendants should not be required to attempt to engage their own new expert to rebut the Bass Report; nor should the Marriott Defendants be required to engage in the work and burden associated with preparing rebuttals to the Simon and Dev Supplemental Reports, until the Court rules on the Marriott Defendants' motion that they should be stricken based on their improper reliance on the Bass Report.

8. The Marriott Defendants therefore request that the Court convene a telephone conference at the Court's earliest convenience, to discuss the suspension of the May 20, 2019 deadline (and the deadlines that follow) and such other related issues as the Court deems appropriate.

Dated:  April 17, 2019                              Respectfully submitted,

GREENBERG TRAURIG, LLP

By: *s/ Ian S. Marx*

Philip R. Sellinger
Ian S. Marx
1200 Seventeenth Street, Suite 2400
Denver, Colorado 80202
Tel: 303.572.6500 / Fax: 303.572.6540
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
Tel: 973.360.7900 / Fax: 973.301.8410
Email:  SellingerP@gtlaw.com,  MarxI@gtlaw.com

*Attorneys for the Marriott Defendants*

5

CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of April, 2019, a true and accurate copy of the foregoing **MARRIOTT DEFENDANTS' STATUS REPORT AND REQUEST FOR IMMEDIATE TELEPHONE CONFERENCE TO ADDRESS IMPENDING DEADLINES IN CONNECTION WITH PLAINTIFFS' UNAUTHORIZED SERVICE OF AN EXPERT REPORT FROM JASON BASS** was filed and served with the Clerk of the Court via CM/ECF filing system which will send notification to the following:

Michael J. Reiser
Law Office of Michael J. Reiser
1475 North Broadway, Suite 300
Walnut Creek, California 94596
*Counsel for Plaintiffs*

Matthew C. Ferguson
The Matthew C. Ferguson Law Firm, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611
*Counsel for Plaintiffs*

Tyler Meade
The Meade Firm P.C.
12 Funston Avenue, Suite A
San Francisco, California 94129
*Counsel for Plaintiffs*

Linda Pham Lam
Michael Schrag
Gibbs Law Group LLP
505 14th Street, Suite 1100
Oakland, CA 94612
*Counsel for Plaintiffs*

Jessica Black Livingston
Andrew Nussbaum
Hogan Lovells US LLP
1601 Wewatta Street, Suite 900
Denver, Colorado 80202
*Counsel for Aspen Highlands*
  *Condominium Association*

s/ Rebecca Zisek
    Rebecca Zisek

*(Original on file at offices of Greenberg Traurig, LLP, pursuant to C.R.C.P. 121, § 1-26)*

6