IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 16-01301 PAB

RCHFU, LLC, et al.

      Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, et al.

      Defendants.

---

**MARRIOTT DEFENDANTS' SUPPLEMENTAL STATUS REPORT AND REQUEST FOR IMMEDIATE TELEPHONE CONFERENCE TO ADDRESS IMPENDING DEADLINES IN CONNECTION WITH PLAINTIFFS' UNAUTHORIZED SERVICE OF AN EXPERT REPORT FROM JASON BASS**

---

Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, and The Lion & Crown Travel Co., LLC (collectively, "Marriott Defendants") respectfully submit this Supplemental Status Report and Request for Immediate Telephone Conference to Address Impending Deadlines in Connection with Plaintiffs' Unauthorized Service of an Expert Report from Jason Bass in violation of the Court's Order.

**STATEMENT OF CONFERRAL PURSUANT TO D.C.COLO.LCivR 7.1(a)**

On April 17, 2019, the Marriott Defendants submitted their initial request that the Court convene a telephone conference at the Court's earliest convenience, to discuss the suspension of the Marriott Defendants' May 20, 2019 deadline in which to serve certain rebuttal reports (and the deadlines that follow) and such other related issues as the Court deems appropriate (ECF # 391). That same day, the Court entered a Minute Order, striking this initial Request and directing

the parties to have a meaningful conferral on the issues.  On April 19, 2019, counsel for the Plaintiffs (Michael Reiser, Tyler Meade, Michael Schrage and Matthew Ferguson) and counsel for the Marriott Defendants (Ian Marx) had a telephone conference to discuss: the Marriott Defendants' request for a suspension of the May 20, 2019 deadline for replying to the Dev and Simon reports; the Plaintiffs' intention behind attaching the Bass Report as an exhibit to the Simon Supplemental Report; and the Marriott Defendants' anticipated motion to strike the Bass (and Simon) Reports.  The parties were unable to reach agreement as to any of the foregoing issues.  Plaintiffs' counsel indicated they would be filing an objection to this Court's Order of April 7, 2019 concerning the Bass Report (which they filed on April 22, 2019 (ECF # 395) and that they were not amenable to a suspension of the Marriott Defendants' May 20 deadline in which to respond to the Dev and Simon reports.

\*       \*       \*

1.   On March 12, 2019, Plaintiffs requested to serve an expert report from Jason Bass, a previously undisclosed expert in statistical analysis, regarding the alleged impact of certain survey results on their damage claims.  The Marriott Defendants opposed Plaintiffs' request on the grounds that: the deadline for disclosing affirmative experts had expired in October 2018; there was no basis for Plaintiffs to obtain relief from this expired deadline; and because, in any event, the parties had entered into an agreement that did not include Plaintiffs' identification and service of a report from new expert.

2.   At the Court's direction, Plaintiffs' motion for leave to serve a report from Mr. Bass was formally briefed (ECF #376 and ECF # 377) (the "Bass Report Motion") and the Court heard argument on April 3, 2019.

3.  On April 4, 2019, the Court entered a Minute Order (ECF # 384), which modified a number of deadlines, "in anticipation of" a number of Orders the Court would be issuing to resolve pending motions, including the Bass Report Motion.  Specifically, the April 4 Order provides the following schedule:

(a) April 12, 2019 – Plaintiffs' Deadline to Serve Supplemental Affirmative Reports of Dr. Dev and Mr. Simon limited to the SMS Survey, SMS Reports and the MVC Points pricing spreadsheet information produced on December 28, 2018;

(b)  May 20, 2019 -- Defendants Deadline to Serve Supplemental Rebuttal Reports of Dr. Israel and Dr. King;

(c) June 21, 2019 -- Expert Discovery Cut-off;

(d)  July 5, 2019 -- Dispositive Motions;

(e)  July 19, 2019 -- Deadline to File Daubert Motions; and

(f)  July 26, 2019 -- Deadline to File Motions in Limine:

ECF # 384.  As the Court was cognizant that the Bass Report Motion was going to be denied, this schedule does not permit sufficient time or opportunity for the Marriott Defendants to find, engage and obtain a rebuttal report from any statistician in response (and/or to otherwise respond) to the Bass Report.

4.   On April 7, 2019, the Court entered an Order formally denying the Bass Report Motion and holding that Plaintiffs were not permitted to serve the Bass Report (ECF # 386). Pursuant to the Court's April 4 Order, on April 12, Plaintiffs were permitted to serve supplemental affirmative reports of Dr. Dev and Mr. Simon.

5.   On April 12, 2019, Plaintiffs served supplemental reports from Dr. Dev and Mr. Simon.  However, in an attempt to do an end run around the Court's Order, Plaintiffs also served the Bass Report, which was attached as "Exhibit A" to the Supplemental Expert Report of Jon Simon.  The Supplemental Simon Report largely relies upon the Bass Report in reaching conclusions and opinions.

6.     The Marriott Defendants will be moving to exclude the Bass Report and, to the extent that it relies upon the Bass Report, the Supplemental Simon Report (the "Motion to Strike") on the ground that the Bass Report is barred by the Court's April 7 Order, which expressly addressed Plaintiffs' request to serve the Bass Report and denied that request.  *See, e.g.*, F.R.C.P. 16(f)(1)(C) ("court may issue any just orders . . . if a party or its attorney . . . fails to obey a scheduling or other pretrial order"); F.R.C.P. 37(b) (authorizing sanctions for failure to comply with discovery orders); *see also Chung v. El Paso Sch. Dist. #11*, 2015 WL 871032, at **1-2 (D. Colo. Feb. 26, 2015) (striking plaintiff's designation of experts which violated prior court order).   In addition, the Marriott Defendants' motion to strike will rely upon case law precluding one expert from relying on the expert report of another.  *Dura Automotive Sys. of Indiana, Inc. v. CTS Corp.*, 283 F. 3d 609, 614 (7th Cir. 2002) (Posner, J.) (expert cannot be "the mouthpiece of a scientist in a different specialty"); *see also Gallardo v. United States*, 2012 WL 1191864, at *3 (D. Colo. Apr. 10, 2012) (expert "is not permitted to merely relay expert opinions of others").

7.     The Marriott Defendants have a deadline of May 20, 2019, in which to serve replies to the Supplemental Dev and Simon Reports.  However, the Marriott Defendants should not be required to serve such replies until the Court decides the forthcoming Motion to Strike and the May 20, 2019 deadline should be suspended.  The Marriott Defendants should not be required to attempt to engage their own new expert to rebut the Bass Report; nor should the Marriott Defendants be required to engage in the work and burden associated with preparing rebuttals to the Simon and Dev Supplemental Reports, which improperly rely upon the Bass Report, until the Court rules on the Marriott Defendants' Motion to Strike.

8.      The fact that Plaintiffs have now filed an objection to the April 7, 2019 Order does not permit them to ignore the Order or justify the position that the Court should not fully enforce the Order.  An objection to and appeal of a Magistrate Judge's Order does not "render the magistrate judge's ruling invalid until the district court acts on the objection."  Fed. Prac. & Proc. Civ. §3069 (3d ed. Apr. 2019), citing *Esparza v. Bridgestone/ Firestone, Inc.*, 200 F.R.D. 654, 656 (D. Colo. 2001) ("Those courts that have considered the issue have held that the filing of an objection does not automatically stay the magistrate judge's order").

9.      The Marriott Defendants request a telephone conference at the Court's earliest convenience, so that upcoming deadlines, including the May 20, 2019 deadline for the service of the Marriott Defendants' rebuttal reports can be suspended until the Court determines (again) the reports to which the Marriott Defendants must respond.


Dated:  April 24, 2019                                    Respectfully submitted,

                                                          GREENBERG TRAURIG, LLP

                                                          By:  *s/ Ian S. Marx*

                                                          Philip R. Sellinger
                                                          Ian S. Marx
                                                          1200 Seventeenth Street, Suite 2400
                                                          Denver, Colorado 80202
                                                          Tel: 303.572.6500 / Fax: 303.572.6540
                                                          500 Campus Drive, Suite 400
                                                          Florham Park, New Jersey 07932
                                                          Tel: 973.360.7900 / Fax: 973.301.8410
                                                          Email:  BeerN@gtlaw.com,
                                                          SellingerP@gtlaw.com,  MarxI@gtlaw.com

                                                          *Attorneys for the Marriott Defendants*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 24nd day of April, 2019, a true and accurate copy of the foregoing **MARRIOTT DEFENDANTS' SUPPLEMENTAL STATUS REPORT AND REQUEST FOR IMMEDIATE TELEPHONE CONFERENCE TO ADDRESS IMPENDING DEADLINES IN CONNECTION WITH PLAINTIFFS' UNAUTHORIZED SERVICE OF AN EXPERT REPORT FROM JASON BASS** was filed and served with the Clerk of the Court via CM/ECF filing system which will send notification to the following:

Michael J. Reiser
Law Office of Michael J. Reiser
1475 North Broadway, Suite 300
Walnut Creek, California 94596
*Counsel for Plaintiffs*

Matthew C. Ferguson
The Matthew C. Ferguson Law Firm, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611
*Counsel for Plaintiffs*

Tyler Meade
The Meade Firm P.C.
12 Funston Avenue, Suite A
San Francisco, California 94129
*Counsel for Plaintiffs*

Linda Pham Lam
Michael Schrag
Gibbs Law Group LLP
505 14th Street, Suite 1100
Oakland, CA 94612
*Counsel for Plaintiffs*

Jessica Black Livingston
Andrew Nussbaum
Hogan Lovells US LLP
1601 Wewatta Street, Suite 900
Denver, Colorado 80202
*Counsel for Aspen Highlands
 Condominium Association*


*s/ Rebecca Zisek*
     Rebecca Zisek

*(Original on file at offices of Greenberg Traurig,
LLP, pursuant to C.R.C.P. 121, § 1-26)*

6