**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF COLORADO**

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC,** *et al.*

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION,** *et al.*

Defendants.

---

**PLAINTIFFS' RESPONSE TO MARRIOTT'S SUPPLEMENTAL STATUS REPORT AND REQUEST FOR IMMEDIATE TELEPHONE CONFERENCE ON THE PARTIES' EXPERT WITNESS DISPUTES**

---

Plaintiffs file this response to Marriott's supplemental status report on the parties' expert witness disputes (Dkt. No. 397). As the Court instructed, Plaintiffs served supplemental expert reports from Jon Simon and Chekitan Dev on April 12, 2019. Contrary to Marriott's statement, Plaintiffs complied with the Court's order (Dkt. No. 386) and did not designate Mr. Bass as a testifying expert. Rather, Mr. Simon's supplemental report relied, in part, on a regression analysis that Jason Bass performed on the new data that Marriott produced. While Plaintiffs believe that allowing Mr. Bass to testify would be most helpful to the jury, Mr. Simon — the vacation ownership industry expert — is qualified to testify about this regression analysis.[1] It is common for an expert to rely on associates or assistants to perform calculations or analyses. Mr.

---

[1] Plaintiffs filed a Rule 72(a) objection to the Court's order. Dkt. No. 395.

Bass has assisted Mr. Simon and Plaintiffs' other damages expert, Maurice Robinson, on other aspects of their reports.

If Marriott disagrees that Mr. Simon is qualified to testify about the regression analysis (or any other opinion) it must do so in a *Daubert* motion. *See Hubbell v. Carney Bros. Const.*, 2011 WL 1060239, *2-3 (D. Colo. Mar. 23, 2011) (analyzing a party's motion to strike an expert's supplemental opinion under Federal Rule of Evidence 702 and *Daubert* standards). The expert discovery cut-off is June 21, 2019, and *Daubert* motions are to be filed by July 26, 2019. Dkt. No. 384. Plaintiffs will oppose any *Daubert* motion on this issue. *See e.g.*, *In re: Yasmin and Yaz (Drospirenone) Marketing, Sales Practices and Products Liability Litig.*, 2011 WL 6740363, *4 (S.D. Ill. Dec. 22, 2011) (courts commonly allow an expert to "rely on information provided by non-testifying experts, so long as he does not merely serve as a spokesman for the absent experts").

Dated: April 25, 2019                    Respectfully submitted,

*/s/ Michael Schrag*
Michael Schrag (CA State Bar # 185832)
GIBBS LAW GROUP LLP
505 14th Street, Suite 1110
Oakland, CA 94612
Telephone: (510) 350-9700
E-mail: mls@classlawgroup.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 25, 2019, I electronically filed the foregoing **PLAINTIFFS' RESPONSE TO MARRIOTT'S SUPPLEMENTAL STATUS REPORT AND REQUEST FOR IMMEDIATE TELEPHONE CONFERENCE ON THE PARTIES' EXPERT WITNESS DISPUTES** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| **Michael J. Reiser**<br>Reiser Law, P.C.<br>1475 N. Broadway, Suite 300<br>Walnut Creek, CA 94596<br>michael@reiserlaw.com<br><br>**Matthew C. Ferguson**<br>The Matthew C. Ferguson Law Firm, P.C.<br>119 South Spring, Suite 201<br>Aspen, Colorado 81611<br>matt@matthewfergusonlaw.com<br><br>**Tyler R. Meade**<br>The Meade Firm P.C.<br>12 Funston Avenue, Suite A<br>San Francisco, CA 94129<br>tyler@meadefirm.com<br><br>*Attorneys for Plaintiffs* | **Andrew Nussbaum, Esq.**<br>**Jessica Black Livingston, Esq.**<br>Hogan Lovells US LLP<br>1200 Seventeenth Street, Suite 1500<br>Denver, Colorado 80202<br>Telephone: (303) 899-7300<br>Fax: (303) 899-7333<br>dan.shea@hoganlovells.com<br>jessica.livingston@hoganlovells.com<br>*Attorneys for Defendant Aspen Highlands Condominium Association*<br><br>**Naomi G. Beer**<br>**Ian S. Marx, Esq.**<br>**Philip R. Sellinger, Esq.**<br>Greenberg Traurig, LLP<br>1200 17th Street, Suite 2400<br>Denver, Colorado 80202<br>Phone: (303) 572-6500<br>Fax: (303) 572-6540<br>BeerN@gtlaw.com<br>SellingerP@gtlaw.com<br>MarxI@gtlaw.com<br>*Attorneys for Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., Ritz-Carlton Management Company, LLC, Cobalt Travel Company, LLC and Lion & Crown Travel Company, LLC* |

*/s/ Michael Schrag*

3