1

1                      UNITED STATES DISTRICT COURT
                           DISTRICT OF COLORADO
2

3    RCHFU, LLC, et al.,            .   Case No. 16-cv-01301-PAB-GPG
                                    .
4              Plaintiff,           .
                                    .
5    vs.                            .   Alfred A. Arraj Courthouse
                                    .   901 19th Street
6    MARRIOTT VACATIONS             .   Denver, CO  80294
     WORLDWIDE CORPORATION,         .
7    et al.,                        .
                                    .
8              Defendants.          .   April 25, 2019
     . . . . . . . . . . . . . . .      4:03 p.m.
9

10         **TRANSCRIPT OF PROCEEDINGS HELD BEFORE THE HONORABLE**
            **GORDON P. GALLAGHER, UNITED STATES MAGISTRATE JUDGE**
11

12   APPEARANCES:

13   For the Plaintiffs:            Meade Firm, P.C.
                                    By:  Tyler R. Meade
14                                  12 Funston Avenue
                                    Suite A
15                                  San Francisco, CA  94129
                                    (415) 724-9600
16
                                    Gibbs Law Group
17                                  By:  Michael L. Schrag
                                    By:  Linda P. Lam
18                                  505 14th Street
                                    Suite 1100
19                                  Oakland, CA  94612
                                    (510) 350-9718
20
     For the Defendants:            Greenberg Traurig, LLP
21                                  By:  Philip R. Sellinger
                                    By:  Ian S. Marx
22                                  500 Campus Drive
                                    Suite 400
23                                  Florham Park, NJ  07932
                                    (973) 360-7900
24

25

```
 1  Appearances continued:

 2  For Defendant Aspen              Hogan Lovells US LLP
    Highlands Condominium            By:  Andrew M. Nussbaum
 3  Association:                     1601 Wewatta Street
                                     Suite 900
 4                                   Denver, CO  80202
                                     (303) 899-7300
 5
    Court Recorder:                  Clerk's Office
 6                                   U.S. District Court
                                     901 19th Street
 7                                   Denver, CO  80294

 8  Transcription Service:           AB Court Reporting & Video
                                     216 16th Street, Suite 600
 9                                   Denver, CO  80202
                                     (303) 296-0017
10
    NOTE:   All appearances by telephone.
11
    Proceedings recorded by electronic sound recording;
12  transcript produced by transcription service.

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                    (Time noted:  4:03 p.m.)
 2              THE COURT:  All right, good afternoon, everybody.
 3  This is Gordon Gallagher, and we're here in RCHFU versus
 4  Marriott, 16-cv-1301, for our regular fireside chat.
 5              And let me go ahead and take entries of
 6  appearance, starting with the Plaintiff, please.
 7              MR. SCHRAG:  Good afternoon, Your Honor.  Michael
 8  Schrag for the Plaintiff.  And I have Linda Lam on the line,
 9  and also Tyler Meade.
10              THE COURT:  All right.  Good afternoon to all of
11  you.
12              And for Marriott, please?
13              MR. SELLINGER:  Good afternoon, Your Honor.  On
14  behalf of Marriott, Philip Sellinger and Ian Marx.
15              THE COURT:  All right.  Good afternoon to both of
16  you all.
17              And for the Association, please?
18              MR. NUSSBAUM:  Good afternoon, Your Honor.  On
19  behalf of the Association, Andrew Nussbaum.
20              THE COURT:  All right.  Good afternoon.
21              We've got a couple of items to address in 397 and
22  399.
23              Before I do that, let me turn back.  I had one
24  question I wanted to ask Mr. Marx about a completely
25  different matter.
```

1             I had received Plaintiffs' motion to amend,
2  document 379, as well as Aspen Highlands' response opposing
3  it, and I'm still anticipating a timely reply, which time
4  doesn't pass until early next month.
5             But I did not see, Mr. Sellinger or Mr. Marx, a
6  response from Marriott to the motion to amend.
7             I just want to make sure I'm not supposed to
8  expect one, since it's not apparently out of time.  Is one
9  coming?
10            MR. MARX:  No, Your Honor.
11            THE COURT:  Okay.
12            MR. MARX:  This is Mr. Marx.  Based on an
13 agreement that we have with Plaintiffs' counsel concerning an
14 alteration to one of the paragraphs in the complaint, we are
15 not opposing the present motion.
16            THE COURT:  Okay.  All right.  I took it as that
17 was probably the case, but I did not want to assume that.
18            Okay.  Let me then turn back to the order of the
19 day.
20       (Pause)
21            THE COURT:  I guess there's a couple of issues at
22 hand.  One is a restriction of some prior documents.  That
23 really doesn't have to be dealt with today.
24            And the other issue is the issue encapsulated
25 within 397 and 399, which is really a relatively simple issue

1  wrapped within a much larger one.
2            The issue right now is essentially suspension of a
3  couple of reply deadlines, those for the Dev and Simon
4  reports, based on other issues.
5            So I guess let me turn first to whomever wants to
6  address this for Plaintiffs, and understanding I'm not
7  deciding the greater issues at this point, but there's
8  greater issues that clearly exist.
9            Do the Plaintiffs have -- or I guess what's the
10 Plaintiffs' position in terms of what this does or needs to
11 do to response or other timing deadlines while those other
12 issues are sorted out?
13           MR. SCHRAG:  Sure, Your Honor.  This is Michael
14 Schrag.
15           I think the issue is the suspension of dates for
16 whether the Defendants need to serve their expert reports on
17 May 20th.
18           We served the Dev and Simon reports per the
19 schedule, and we think the schedule should remain on course.
20           The issue that Marriott raised is that, you know,
21 as the Court denied our request to designate another expert,
22 Mr. Bass, we served a report of Mr. Simon that relied on Mr.
23 Bass' analysis.
24           You know, so while we think that Mr. Bass would be
25 the most helpful person to testify about the regression

1  analysis and the damages implications of that analysis for
2  the jury, and we respectfully disagree with Your Honor's
3  decision, and have filed an objection to that, we do think
4  that Mr. Simon is qualified to testify about that analysis
5  given his expertise in the vacation ownership industry, and
6  his knowledge about the various factors that people choose
7  when they buy their vacation club points.
8           And so that's our plan B, Your Honor.  And the
9  Defendants disagree, or Marriott, at least, disagrees that
10 Mr. Simon is qualified to testify about that.  And that's
11 fine for them to have that disagreement, and, of course,
12 there's a process set up for them to raise that disagreement,
13 and it's through a *Daubert* motion.
14          *Daubert* motions are due, I think, on July 26th.
15 And that's the schedule that we've all agreed to.  And if
16 they have an issue with our expert reports, they can raise it
17 in their *Daubert* motion, we'll respond.
18          And in the meantime, the Court -- you know, we'll
19 see what happens, whether Judge Brimmer upholds or overrules
20 Your Honor's ruling on whether Mr. Bass can also testify.
21          But in the meantime, these expert reports are
22 there.  They have the deadline.  They can respond to the
23 expert reports that are there.  We can do the expert
24 discovery, take depositions, all of that.  Their expert
25 reports, the expert depositions, will further inform whether

1   they have a valid objection to the opinions that Mr. Simon
2   has expressed in his supplemental report.
3               And so all of that should just proceed on
4   schedule, and we'll deal with the *Daubert* motion when it
5   comes up.
6               THE COURT:  The way I'm taking --
7               MR. SCHRAG:  So unless Mr. Meade has anything to
8   add, --
9               THE COURT:  I'll turn to Marriott in just a
10  moment.
11              But the way I take it is not necessarily an
12  opposition to your position, but essentially the idea I
13  believe that Marriott seems to be propounding is that if I'm
14  wrong, and Mr. Bass should be allowed as an expert, and if
15  Judge Brimmer allows that, which certainly could happen, in
16  that case, having responded to the Dev and Simon reports, at
17  least as to this aspect of it, by way of a response, would be
18  a waste of time.
19              So, I guess the issue that I'd like to hear from
20  the Plaintiffs before I turn to the defense is:  Why not wait
21  and see what happens?
22              MR. SCHRAG:  I don't think it's going to be a
23  waste of time, Your Honor, because the opinions are there.
24  The analysis is there for them to see and respond to.
25              Whether Mr. Bass is allowed to testify, you know,

1  if he's allowed to testify he will produce his own report,
2  but it will be the same report that's attached to the Simon
3  report right now.
4           So there really isn't a good reason to wait.
5           THE COURT:  All right.  Okay, let me turn to
6  whomever wants to address this for Marriott, and then I'll
7  turn to the Association after that.
8           MR. SELLINGER:  Thank you, Your Honor.  This is
9  Philip Sellinger.
10          We do not intend at this point to make a *Daubert*
11 motion.  We do intend in very short order to make a motion to
12 strike the Bass report and to strike any reliance by Simon on
13 the Bass report, on the grounds that it's a violation of the
14 prior ruling.
15          It is not a *Daubert* issue.  It's not even a Rule
16 703 issue.  They did not raise Rule 703 initially, and we
17 believe under the case law they're not entitled to invoke a
18 new argument now that they didn't make before.
19          But none of this really needs to get resolved
20 today.  Today the only request is that Your Honor extend the
21 deadlines until our motion to strike is resolved.  We're
22 going to make that motion.
23          If Your Honor denies it, then they'll have the
24 reports and we'll respond to them.
25          If Your Honor grants them, then there would be no

1  response.
2            And that's really the very limited relief we're
3  seeking today.  We'll make that motion in very short order,
4  and *Daubert* issues are certainly more into the future.
5            But to allow -- to require us to take discovery
6  and to submit expert reports with respect to the Bass report
7  that we believe was properly filed, it's essentially allowing
8  Plaintiffs a run around the order and giving them exactly
9  what they've already asked for and that the Court declined to
10 award.
11           So all we're asking is to suspend these deadlines.
12 We'll make the motion very promptly, and it will get ruled
13 upon promptly, and then we'll all see where we stand.
14           THE COURT:  Before I go back to the Plaintiff, or
15 turn to the Association on that, when you say you're going to
16 make the motion promptly, what does that mean?
17           MR. SELLINGER:  My expectation is that we will --
18 my hope is that we'll make it by the end of next week, or
19 certainly early the following week.
20           THE COURT:  So we're talking about approximately
21 by probably no later than May 10th?
22           MR. SELLINGER:  Yes.
23           THE COURT:  All right.  For the Plaintiff, before
24 I turn to the Association, in terms of the idea of suspending
25 the deadline at least until the motion is made, what is the

1  Plaintiffs' position?
2             MR. MARX:  Your Honor, we think the schedule
3  should proceed on track.  I mean, we adhered to the deadlines
4  that the Court set.
5             And what happened is that we have -- Mr. Simon has
6  testified, or has provided a report, with those expert
7  opinions, including using the results of the regression
8  analysis.
9             So those right now are Mr. Simon's opinions.  If
10 at some point, you know, Your Honor's ruling is overturned
11 and Mr. Bass can testify as to those opinions, then it will
12 be Mr. Bass' opinions.
13            But right now, they are Mr. Simon's.  And they
14 should just proceed with their experts, and we should just
15 stay on track.  There just isn't a reason to veer from that
16 path right now.
17            And I think it really is -- you know, this motion
18 to strike really is just a disguised *Daubert* motion.  They're
19 saying that Mr. Simon can't express those opinions.  That's a
20 *Daubert* question.
21            THE COURT:  All right.  Well, --
22            MR. SELLINGER:  This is Philip Sellinger.
23            THE COURT:  Yes.
24            MR. SELLINGER:  If I could just say --
25            THE COURT:  You may.

```
 1              MR. SELLINGER:  -- if the substance of the Bass
 2   report had been incorporated straight out in the Simon
 3   report, we wouldn't be having this discussion.  We wouldn't
 4   make a Daubert motion.  That's not what was done.
 5              There is a document that's designated expert
 6   report of Bass, and it's an exhibit to the Simon report.  And
 7   it's just -- he's got Mr. Simon relying on that.
 8              So the motion we're making is not a Daubert
 9   motion.
10              THE COURT:  Mr. Nussbaum, I don't want to exclude
11   you from this conversation.  I'm not sure you have a dog in
12   this fight, but do you have a position?
13              MR. NUSSBAUM:  No, Your Honor.  The Association
14   doesn't have a position on this dispute.
15              THE COURT:  All right.  Well, what I'm going to do
16   at this point in time is split the baby, given the limited
17   temporal relief requested.
18              I'm going to add 14 days to the response period,
19   which right now is May the 20th, and I'm going to make that
20   response period June the 3rd.
21              What that will allow is for the defense to
22   essentially work on a motion to strike between now and what
23   must be a filing date of no later than May the 10th of 2019.
24              What I will do at that point in time is
25   immediately review it, with the understanding that, of
```

```
 1  course, that motion may not be referred to me, because that's
 2  Judge Brimmer's prerogative.
 3              I'm not willing to, at least at this juncture,
 4  delay deadlines beyond that because of the -- essentially the
 5  endless possibilities of time that get wrapped into that for
 6  response and reply times.  And, of course, for objection
 7  times that have to be there.
 8              I want to, at the very least, see that motion to
 9  strike before I consider adding more time basically to kind
10  of get a feel for the motion.  And I don't find that adding
11  two weeks here is an undue burden on any party with the
12  certain circumstance we're in with no trial date at this
13  point in time.
14              So that's the order.  And I think that probably
15  addresses the limited issues before the Court today.
16              But let me turn back to Mr. Schrag.  Anything else
17  from your perspective that needs to be addressed today?
18              MR. SCHRAG:  No, Your Honor.  We appreciate your
19  time this afternoon.
20              THE COURT:  Absolutely.  Mr. Sellinger, anything
21  further from your perspective?
22              MR. SELLINGER:  No, Your Honor.  Thank you.
23              THE COURT:  Okay.  And Mr. Nussbaum?
24              MR. NUSSBAUM:  No, Your Honor.  Thank you.
25              THE COURT:  Okay, thank you, and have a good
```

```
 1  afternoon, everybody.
 2            MR. SCHRAG:  Thank you, Your Honor.
 3            MR. MARX:  Bye bye.
 4                  (Time noted:  4:19 p.m.)
 5                        * * * * *
 6                        CERTIFICATE
 7       I, RANDEL RAISON, certify that the foregoing is a
 8  correct transcript from the official electronic sound
 9  recording of the proceedings in the above-entitled matter, to
10  the best of my ability.
11
12  [signature: Randel Raison]
13  _____        May 22, 2019
14  Randel Raison
15
16
17
18
19
20
21
22
23
24
25
```