IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC,** *et al.*

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION,** *et al.*

Defendants.

---

**PLAINTIFFS' RESPONSE TO MARRIOTT DEFENDANTS' RULE 37(c) MOTION TO STRIKE**

---

### I. INTRODUCTION

Marriott's motion to strike (ECF No. 405) has become moot. While it was proper for Plaintiffs' designated expert, Jon Simon, to rely on a regression analysis that his associate Jason Bass performed, Plaintiffs have agreed to withdraw all portions of Mr. Simon's report that rely on Mr. Bass's analysis. *See Canopy Corp. v. Symantec Corp*, 2005 WL 5988670, at *2 (D. Utah Nov. 4, 2005) (holding that a testifying expert can rely on a regression analysis by an undisclosed expert). Plaintiffs are doing so in the interest of keeping this case on its current schedule and moving this case to trial.

Marriott's discovery violations have already delayed this case by at least one year, and Plaintiffs realize that the instant dispute over Mr. Bass's report could cause more significant delay.

Thus, by this response, Plaintiffs withdraw "the Bass Report from the Supplemental Simon Report" and withdraw "all portions of the Supplemental Simon Report that refer to or relate to, or

1

rely upon, any opinions" in the Bass Report.[1] Plaintiffs' withdrawal of Bass's report as well as those portions of the Supplemental Simon Report that rely on Bass's report moots the Marriott Defendants' motion to strike and any need to further delay scheduled deadlines.

## II.  BACKGROUND

On March 29, 2019, Plaintiffs moved before Magistrate Judge Gallagher to designate a new expert — Jason Bass — in light of Marriott's late production of voluminous survey data among individuals who attended Marriott Vacation Club sales presentations. ECF No. 376. Plaintiffs moved to designate Bass as an expert to present a regression analysis of the survey data, which would allow Plaintiffs to show the jury how Marriott's co-marketing of the Ritz and Marriott brands has significantly increased the number of MVC points that Marriott has sold — all at the expense of devaluing Plaintiffs' Ritz-Aspen interests. *Id.*

The Court denied Plaintiffs' motion to designate Bass as a new expert on April 7, 2019, finding that Plaintiffs had reached an agreement with the Marriott Defendants wherein Plaintiffs would be allowed to supplement their already-designated expert opinions to address the late-produced survey data, but would not be allowed to designate a new expert. ECF No. 386. Plaintiffs contend and maintain that there was no such agreement and that they moved as soon as practical after all the documents were finally produced.

That order was issued five days before Plaintiffs' deadline to serve their supplemental expert reports, which was also before Plaintiffs' deadline to object to Judge Gallagher's order.

---

[1] This is largely co-extensive with the relief requested by the Marriott Defendants. *See* Motion to Strike; Dkt. No. 405, p.14. To the extent the Marriott Defendants' motion can be read more broadly to request that Plaintiffs withdraw any information contained in the Supplemental Simon Report that relied on Bass's work as a non-testifying consulting expert on non-regression analysis related work — *i.e.*, their request to strike any "information of *any kind* offered by Bass," *id.* — Plaintiffs do not agree to withdrawal of that work.

2

Plaintiffs disclosed Simon's supplemental expert report with the Bass regression analysis as an attachment, according to case law governing expert testimony. This provided Marriott with notice of Bass's analysis while Plaintiffs' objection to the Court's order was pending.

On May 16, 2019, Judge Brimmer overruled Plaintiffs' objections, ECF No. 412, thereby preventing Plaintiffs from designating Bass as a new expert, although not addressing whether Simon may rely on Bass's analysis.

### III.   PLAINTIFFS WILL WITHDRAW BASS'S ANALYSIS

In an effort to prevent further delay in this case, Plaintiffs have met and conferred with the Marriott Defendants and hereby withdraw those portions of the Supplemental Simon Expert Report that rely on the Bass Report attached as Exhibit A. Specifically, Plaintiffs will withdraw:

• The Report of Jason Bass dated April 12, 2019 (Ex. A to Simon's supplemental report)

• Portions of Simon's supplemental report that referred to or relied on Mr. Bass's analysis, which are the following sections:

　　1) Page 2, full, to page 3, second line (inclusive).

　　2) All of section B on pages 7-9.

• Portions or sections of the exhibits to Simon's supplemental report referring or relating to the "volume halo effect" or "volume halo damages."

With no dispute over the instant motion to strike, Plaintiffs see that there should be no reason to further amend the scheduling order. The Marriott Defendants will request the Court for scheduling amendments, and Plaintiffs will confer in good faith.

### IV.   CONCLUSION

For the foregoing reasons, the Marriott Defendant's motion to strike should be denied as moot.

3

Dated: May 24, 2019                                                    Respectfully submitted,

| | |
|---|---|
| **REISER LAW, P.C.** | **THE MATTHEW C. FERGUSON LAW FIRM, P.C.** |
| ___/s/ Michael J. Reiser_____ | _____/s/ Matthew C. Ferguson_____ |
| Michael J. Reiser, # 16161 | Matthew C. Ferguson, #25687 |
| 1475 N. Broadway, Suite 300 | 119 South Spring, Suite 201 |
| Walnut Creek, CA 94596 | Aspen, Colorado 81611 |
| Telephone: (925) 256-0400 | Telephone: (970) 925-6288 |
| E-mail: michael@reiserlaw.com | E-mail: matt@matthewfergusonlaw.com |
| **GIBBS LAW GROUP, LLP** | **THE MEADE FIRM, P.C.** |
| ___/s/ Michael L. Schrag_____ | ___/s/ Tyler Meade_____ |
| Michael Schrag (CA State Bar # 185832) | Tyler Meade (CA State Bar # 160838) |
| Linda Lam (CA State Bar # 301461) | Annie Decker (CA State Bar # 268435) |
| 505 14th Street, Suite 1110 | 12 Funston Ave., Suite A |
| Oakland, CA 94612 | San Francisco, CA 94129 |
| Telephone: (510) 350-9718 | Telephone: (510) 843-3670 |
| E-mail: mls@classlawgroup.com | E-mail: tyler@meadefirm.com |
| E-mail: lpl@classlawgroup.com | |

*Attorneys for Plaintiffs*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 24, 2019, I electronically filed the foregoing **PLAINTIFFS' RESPONSE TO MARRIOT DEFENDANTS RULE 37(c) MOTION TO STRIKE** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| **Michael J. Reiser**<br>Reiser Law, P.C.<br>1475 N. Broadway, Suite 300<br>Walnut Creek, CA 94596<br>michael@reiserlaw.com<br><br>**Matthew C. Ferguson**<br>THE MATTHEW C. FERGUSON LAW FIRM, P.C.<br>119 South Spring, Suite 201<br>Aspen, Colorado 81611<br>matt@matthewfergusonlaw.com<br><br>**Michael L. Schrag**<br>Gibbs Law Group LLP<br>505 14th Street, Suite 1110 | **Andrew Nussbaum, Esq.**<br>**Jessica Black Livingston, Esq.**<br>Hogan Lovells US LLP<br>1200 Seventeenth Street, Suite 1500<br>Denver, Colorado 80202<br>Telephone: (303) 899-7300<br>Fax: (303) 899-7333<br>dan.shea@hoganlovells.com<br>jessica.livingston@hoganlovells.com<br>***Attorneys for Defendant Aspen Highlands Condominium Association***<br><br>**Naomi G. Beer, Esq.**<br>**Ian S. Marx, Esq.**<br>**Philip R. Sellinger, Esq.** |

4

| | |
|---|---|
| Oakland, CA 94612<br>mls@classlawgroup.com<br><br>**Tyler R. Meade**<br>The Meade Firm P.C.<br>12 Funston Avenue, Suite A<br>San Francisco, CA 94129<br>tyler@meadefirm.com<br><br>*Attorneys for Plaintiffs* | Greenberg Traurig, LLP<br>1200 17th Street, Suite 2400<br>Denver, Colorado 80202<br>Phone: (303) 572-6500<br>Fax: (303) 572-6540<br>BeerN@gtlaw.com<br>SellingerP@gtlaw.com<br>MarxI@gtlaw.com<br>*Attorneys for Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., Ritz-Carlton Management Company, LLC, Cobalt Travel Company, LLC and Lion & Crown Travel Company, LLC* |

*/s/ Matthew Reiser*
Matthew Reiser
Reiser Law, P.C.
1475 N. Broadway, Suite 300
Walnut Creek, CA 94596
michael@reiserlaw.com

5