IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC**, a Colorado limited liability company, et al.,

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION**, a Delaware corporation, et al.,

Defendants.

ASPEN HIGHLANDS CONDOMINIUM ASSOCIATION'S
UNOPPOSED MOTION TO EXCEED PAGE LIMITATION FOR
SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT

Defendant Aspen Highlands Condominium Association (the "AHCA"), by and through its undersigned counsel, Hogan Lovells US LLP, respectfully seeks leave to file a supplemental Motion for Summary Judgment that exceeds the page limit in Rule III.F.3.a. of the Court's Practice Standards (civil cases) by no more than 8 additional pages. As grounds for this motion, the AHCA states as follows:

1. Pursuant to D.C.COLO.LCivR 7.1, counsel for the AHCA conferred with Linda Lam, counsel for Plaintiffs, and with Ian Marx, counsel for the Marriott Defendants, on the relief requested herein. Counsel for Plaintiffs and counsel for the Marriot Defendants consented by e-mail on July 23, 2019.

2. This is the AHCA's second motion for leave to file excess pages. On October 12, 2018, the AHCA moved for leave to file a motion for summary judgment with fifteen excess

pages. ECF 311. On October 15, 2018, the Court granted in part and denied in part the AHCA's motion, allowing the AHCA to file a motion for summary judgment five pages in excess of the Court's 20-page limit. ECF 314. On October 22, 2018, the AHCA filed its first motion for summary judgment in compliance with the Court's October 14 order. ECF 319.

3. Following this Court's Order on June 23, 2019 (ECF 427), Plaintiffs filed their Seventh Amended Complaint on June 28, 2019 (ECF 428, as corrected ECF 430). In their Seventh Amended Complaint, Plaintiffs add a number of allegations concerning the 2013 Affiliation Agreement, including factual and legal allegations that the AHCA breached its duty to exercise reasonable care. *See generally* ECF 430 ¶¶ 24, 37–38, 42, 45–47, 49, 85–92, 104, 110, and 124. This duty-of-care claim arises from Plaintiffs' new allegations that the AHCA failed to review the 2013 Affiliation Agreement before executing the Acknowledgment and Joinder to that Agreement. *E.g.*, ECF 430 ¶ 88.

4. In its Order granting Plaintiffs leave to file their Seventh Amended Complaint, the Court recognized that the new amendments could give rise to additional modifications to the case, such as additional discovery. ECF 427 at 11, 13. Similarly, the Court previously found that there was "absolutely no misconduct or violation by [the Association]," (ECF 387 at 2) and that the Plaintiffs' remedy of amending their allegations must be narrowly tailored to "have as little spill-over as possible to [the Association] as that Defendant did not create the violation" (*Id.* at 7).

5. The AHCA could not have reasonably addressed the new duty-of-care claim and the new allegations giving rise to the new duty-of-care claim in its initial Motion for Summary Judgment for the obvious reason that those allegations and new claim were not a part of the

operative complaint at that time.  Indeed, the Court permitted Plaintiffs to raise these new allegations and new claim approximately eight months after the AHCA filed its Motion for Summary Judgment.

6. To avoid prejudicing the AHCA, the AHCA respectfully requests that the Court grant the AHCA's unopposed motion for leave to file for 8 excess pages to file a short supplemental motion for summary judgment in response to the Plaintiffs new duty-of-care claim only.  The AHCA requires a modest extension of the page limits in order to adequately set out the undisputed material facts and explain why the AHCA is entitled to judgment as a matter of law on Plaintiffs' new duty-of-care allegations.  For the avoidance of doubt, the AHCA's supplemental motion for summary judgment will address only these new allegations and will not address any other claim or issue in the case.

7. The AHCA consents to allowing Plaintiffs an additional eight pages on their response brief to address the arguments the AHCA raises on the new duty-of-care allegations.

WHEREFORE, the AHCA respectfully requests that this Court allow an expansion of the page limits to permit the AHCA to file an eight-page supplemental motion for summary judgment on the new allegations raised in Plaintiffs' Seventh Amended Complaint.

Respectfully submitted this 23rd day of July, 2019.

> */s/ Jessica Black Livingston*
> Jessica Black Livingston
> Andrew C. Lillie
> Andrew M. Nussbaum
> HOGAN LOVELLS US LLP
> 1601 Wewatta Street, Suite 900
> Denver, Colorado 80202
> Telephone: (303) 899-7300
> FAX: (303) 899-7333
> E-mail:jessica.livingston@hoganlovells.com

E-mail:andrew.lillie@hoganlovells.com
E-mail:andrew.nussbaum@hoganlovells.com
*Attorneys for Defendant Aspen Highlands Condominium Association*

# CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 23rd day of July, 2019, a true and accurate copy of the foregoing **ASPEN HIGHLANDS CONDOMINIUM ASSOCIATION'S MOTION FOR LEAVE TO FILE EXCESS PAGES** was filed and served via CM/ECF filing system upon following:

Matthew C. Ferguson, Esq.
The Matthew C. Ferguson Law Firm, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611

Michael J. Reiser, Esq.
Law Office of Michael J. Reiser
1475 N. Broadway, Suite 300
Walnut Creek, California 94596

Michael L. Schrag, Esq.
Linda Lam, Esq.
Gibbs Law Group LLP
505 14th Street, Suite 1110
Oakland, California 94612

Tyler R. Meade, Esq.
The Meade Firm P.C.
1816 Fifth Street
Berkeley, California 94710

Naomi G. Beer, Esq.
Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, Colorado 80202

Ian S. Marx, Esq.
Philip R. Sellinger, Esq.
Todd Schleifstein
Greenberg Traurig, LLP
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932

                                                */s/ Greg Apt*