# EXHIBIT D

Case No. 1:16-cv-01301-PAB-GPG   Document #14   Filed 12/21/16   USDC Colorado   page 2 of 8
Case 1:16-cv-01301-PAB-GPG   Document 89   Filed 12/21/16   USDC Colorado   Page 1 of 9
of 9

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC et al.**

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION et al.**

Defendants.

---

## PLAINTIFFS' MOTION TO STAY CASE

---

Plaintiffs RCHFU, LLC et al. ("Plaintiffs"), by and through their undersigned counsel, hereby move the Court to stay this case for 60 days. Plaintiffs submit the following brief in support of their Motion. As noted in Plaintiffs' motion to amend the Scheduling Order (Dkt. No. 87), the Court's ruling on this motion may affect the ruling that motion. *Id.* at 1 ("Plaintiffs request that this deadline [for joining parties] be extended to 60 days from the date this motion is granted, or if the motion to stay referenced below is granted, until 15 days after the stay is lifted").

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(a), on December 13, 2016, Plaintiffs' counsel conferred by telephone with counsel for Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, Cobalt Travel Company, LLC, and Lion & Crown Travel Co., LLC (collectively, "the Marriott Defendants") as well as counsel for

Defendant Aspen Highlands Condominium Association, Inc. ("Association"). The parties were unable to agree on a stay in this case. Plaintiffs provided counsel for the Marriott Defendants as well as counsel for the Association with a near-final draft of this motion on December 15, 2016, yet neither counsel responded to that draft.

## INTRODUCTION

Plaintiffs move for a brief stay in this case in order to satisfy a purported condition precedent to filing suit against one of the defendants in the case, the Association. Granting this motion will remove the primary issue raised by the Association in its motion to dismiss.

Plaintiffs filed their Second Amended Complaint ("SAC") against the Association and other Defendants, alleging breaches of fiduciary duties of loyalty and failure to enforce restrictive covenants. The Association moved to dismiss the SAC, largely on grounds that Plaintiffs failed to provide the Association with proper notice, which the Association claims is a contractual condition precedent to filing suit. While Plaintiffs believe such notice, to the extent it was required at all, was excused because it would have been futile (*see* Dkt. No. 59 at 6-8), Plaintiffs hereby request a 60-day stay in the case to allow the notice procedure to take place and to make it unnecessary for the Court to rule on the Association's primary argument in its motion to dismiss.[1] Plaintiffs served their notice on the Association on December 20, 2016, and the Association thus has 60 days from that date to act on the notice, pursuant to the parties'

---

[1] Plaintiffs request that during the stay, Plaintiffs and the Marriott Defendants may continue to meet and confer over outstanding discovery issues relating to previously served discovery. The Marriott Defendants have not provided any substantive documents to date. Thus, allowing Plaintiffs to continue conferring with them during the stay will likely allow the Marriott Defendants' document production to catch up with the Association's document production. This also means that the requested stay would not result in any material delay; this case cannot move forward to a significant degree until the Marriott Defendants produce the requested documents.

Declaration. The notice, coupled with the stay, will obviate the need for the Court to decide the

main issue raised in the Association's motion to dismiss. Such stays are routinely granted in

analogous situations in order to allow the parties to fulfill pre-filing obligations without

dismissing the action. *See N-Tron Corp. v. Rockwell Automation, Inc.*, 2010 WL 653760 (S.D.

Ala. Feb. 18, 2010) (court stayed action to allow parties to fulfill contractual obligation to

mediate).

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs are the owners of one-twelfth fractional interests in luxury condominium units

at the Ritz-Carlton Club Aspen Highlands ("Ritz-Aspen"). The Ritz-Aspen was developed by

Marriott Vacation Club International ("MVCI"), which also owns a less exclusive timeshare line

called the Marriott Vacation Club ("MVC"). On average, Plaintiffs paid over $200,000 for each

unit and they pay between $12,000 and $16,000 in annual fees. As owners, they are entitled to

use their units at the Ritz-Aspen for four weeks per year. While Plaintiffs could have paid far less

for condominium use by participating in a timeshare such as MVC, they chose the Ritz-Aspen

Club based on promises in the Declaration (among many places) that it would be operated and

managed for the exclusive benefit of those who purchased fractional units in Aspen or the sister

Ritz-Carlton Clubs.

When Plaintiffs purchased, they agreed to give almost complete control over their

fractional interests, and their concomitant use rights, to the Association. The Association then

retained Defendant Ritz-Carlton Management Company ("RC Management") to be the

"managing agent" of the Ritz-Aspen. The Association and RC Management, in turn, delegated

3

near complete managerial control over Plaintiffs' use of their fractional interests to Defendant

Cobalt Travel Company ("Cobalt").

By 2013, MVCI and its parent company Marriott Vacations Worldwide ("MVW") had

decided to abandon the upscale Ritz-Carlton luxury club product, and favor their points-based

and much less expensive MVC. To this end, in 2014, Cobalt, at the urging of MVW, MVCI, and

with the assistance of the other Defendants, affiliated the Ritz-Aspen with the MVC, meaning

that over 400,000 MVC members could use their points to access the Ritz-Aspen for a small

fraction of what Plaintiffs paid for the same access. The natural result of this affiliation was the

decimation of the values of Plaintiffs' fractional interests due to the dilution of the Ritz-Carlton

brand and loss of its exclusivity.

Plaintiffs' SAC alleges that Defendants' actions breached or aided and abetted in

breaching Defendants' fiduciary duties to Plaintiffs and destroyed the values of the fractional

interests as well as the viability of the overall project. The SAC also alleges that two restrictive

covenants, § 8.25 of the Master Declaration and § 19.8 of the Declaration of Condominium

("Declaration"), prohibited the affiliation.

The Association filed a motion to dismiss the SAC. *See* Dkt. No. 46. In that motion, the

Association argued that Plaintiffs' claims against the Association should be dismissed because

Plaintiffs failed to allege that they satisfied contractual preconditions to filing this lawsuit. *Id.* at

5-6. The Association referred to Section 7.8.3 of the Declaration, which provides that:

> Before an aggrieved Owner may prosecute any proceeding at law or in equity
> enforcing the provisions of this Declaration or the bylaws of the Association or
> seeking other relief relating to a violation or attempted violation of the provisions
> of this Declaration or the bylaws … the Owner will first give written notice to the
> [Association's] Executive Board specifying the violation or attempted violation of
> the provisions of this Declaration or the bylaws, the facts and circumstances

4

surrounding the violation, and the name of the person alleged to have violated or attempted to violate the provisions of this Declaration or the bylaws.

Declaration ¶ 7.8.3.

Section 7.8.3 further provides that if the Association "fails to enforce or cause enforcement of the violated provisions of this Declaration or the bylaws of the Association within sixty (60) days after the Executive Board receives the Owner's notice," the owner may file suit. In their opposition to the Association's motion to dismiss, Plaintiffs explained that demand was not a precondition to this lawsuit because it would have been futile. *See* Dkt. No. 59 at 6-8. Even now, notice seems futile because the damage has been done and enforcing §19.8 at this point may not reverse the destruction of values that Defendants' actions caused. Nevertheless, in the interests of judicial economy, and in order to bring finality to this issue and moot the technical and curable argument the Association makes, Plaintiffs gave notice to the Association on December 20, 2016 and now seek to stay this action for 60 days while the Association has the opportunity to act on the notice, as contemplated in the Declaration.

## **ARGUMENT**

### **The Case Should Be Stayed While Plaintiffs Implement a Contractual Precondition to Filing Suit.**

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Baca v. Berry*, 806 F.3d 1262, 1269-70 (10th Cir. 2015) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)); *see also Pet Milk Co. v. Ritter*, 325 F.2d 586, 588 (10th Cir. 1963) (stating that a district court has power to stay proceedings pending before it for the purpose of economy of time and effort for itself, counsel, and litigants). Moreover, district courts routinely grant stays to allow plaintiffs to implement contractual preconditions to filing suit. *See,*

*e.g., N-Tron Corp,* 2010 WL 653760 at *7-8 ; *Cunningham & Associates, PLC v. Arag, LLC*, 842 F.Supp.2d 25 (D.D.C. Jan. 31, 2012); *Mobility Transit Servs., LLC v. Augusta, Georgia*, 2013 WL 3225475 (S.D. Ga. June 25, 2013); *United Food & Commercial Workers Int'l Union, Local No. 7 v. Safeway, Inc.,* 2014 WL 901759, *1 (D. Colo. Mar. 7, 2014) (recognizing that "the proper course of action when a party seeks to invoke an arbitration clause is to stay the proceedings rather than to dismiss outright); *United Food and Commercial Workers Int'l Union, Local 7 v. King Soopers, Inc.,* 2015 WL 1041618, *2 (D. Colo. Mar. 6, 2015) (same).

*N-Tron Corp.* is instructive and provides well-reasoned analysis as to why a case should be stayed to allow parties to fulfill pre-filing obligations rather than dismissed. There, the plaintiff and the defendant had entered into a program to facilitate marketing efforts for their complementary product lines. 2010 WL 653760 at *1. The program was governed by a contract that included a dispute resolution provision that required the parties to mediate any dispute arising out of the program. *Id.* at *5-6. Thus, negotiation and mediation procedures were a condition precedent to filing suit. *Id.* at *6. The defendant argued that the plaintiff's claims should be dismissed for failure to comply with the dispute resolution provision. *Id.* at *7. The court disagreed, and explained that "[w]hen confronted with objections that plaintiffs have initiated litigation without satisfying arbitration or mediation requirements, courts routinely stay rather than dismiss the proceedings to allow for implementation of the agreed-upon dispute resolution mechanism." *Id.* The court held that granting a stay to require the plaintiff to negotiate and mediate in good faith was an appropriate remedy, and would result in "no perceptible prejudice" to the defendant. *Id.* at *8. The court also stated that "it bears emphasis that only [two counts in the complaint] trigger the dispute resolution provision . . . By staying the entire action .

. . the Court ensures that all four causes of action will be litigated together in a single proceeding . . ." *Id*.

Similarly, here, while Plaintiffs maintain that demand would be futile in that it would be akin to asking the Association to sue itself, Plaintiff requests that the Court stay this case for 60 days to allow Plaintiffs to satisfy the Declaration's pre-suit demand requirement. Doing so would render moot the Association's argument that Plaintiffs have failed to satisfy a condition precedent to filing suit, and therefore save judicial resources. What is more, a stay would not result in any prejudice to the Defendants, and would ensure that all claims in this case are litigated together.

## CONCLUSION

For all the above reasons, the Court should stay this case for 60 days because the Plaintiffs provided pre-suit notice to the Association on December 20, 2016. During the stay, Plaintiffs should still be permitted to continue meeting and conferring with the Marriott Defendants over outstanding discovery issues.

Dated: December 21, 2016         Respectfully submitted,

*/s/ Michael Schrag*
Michael Schrag (admitted *pro hac vice*)
GIBBS LAW GROUP LLP
505 14th Street, Suite 1110
Oakland, CA 94612
Phone: (510) 350-9718
Facsimile: (510) 350-9701
E-mail: mls@classlawgroup.com

*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

      I, the undersigned, hereby certify that on this 21st day of December, 2016, a true and accurate copy of the foregoing **PLAINTIFFS' MOTION TO STAY CASE** was filed and served via CM/ECF filing system upon following:

Matthew C. Ferguson, Esq.
The Matthew C. Ferguson Law Firm, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611

Daniel F. Shea, Esq.
Jessica Black Livingston, Esq.
Hogan Lovells US LLP
1200 Seventeenth Street, Suite 1500
Denver, Colorado 80202

Michael J. Reiser, Esq.
Lilia Bulgucheva, Esq.
Law Office of Michael J. Reiser
1475 N. Broadway, Suite 300
Walnut Creek, California 94596

Naomi G. Beer, Esq.
Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, Colorado 80202

Tyler R. Meade, Esq.
The Meade Firm P.C.
1816 Fifth Street
Berkeley, California 94710

Ian S. Marx, Esq.
Philip R. Sellinger, Esq.
Greenberg Traurig, LLP
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932

*/s/ Marianne Fogle*
Marianne Fogle