# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC** et al.

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION** et al.

Defendants.

---

**PLAINTIFFS' RESPONSE TO DEFENDANT ASPEN HIGHLANDS CONDOMINIUM ASSOCIATION'S OBJECTION TO ORDER REGARDING PLAINTIFFS' MOTION TO STAY CASE AND ORDER REGARDING PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER**

---

## INTRODUCTION

The Court should adopt Judge Gallagher's measured order granting in part and denying in part Plaintiffs' motion to modify the scheduling order because it was neither clearly erroneous nor contrary to law – the steep burden set by Rule 72(a) that the Association has failed to satisfy.

After considering briefing and extensive oral argument explaining that recently produced evidence supports a new claim for constructive fraud, Judge Gallagher ruled that Plaintiffs may file a fourth amended complaint adding a claim for constructive fraud (as well as claims for additional plaintiffs who own approximately 50 units). Dkt. No. 105 at 2. This ruling is well supported – and nowhere close to a clearly erroneous exercise of discretion.

1

Judge Gallagher correctly found that Plaintiffs demonstrated the good cause needed under Rule 16(b) to justify modifying the scheduling order by acting with the requisite diligence. Indeed, Plaintiffs could not have added the new allegations to their complaint before the deadline for amending pleadings because they learned of that information *after* the deadline had passed. The new evidence supports a constructive fraud claim and bolsters already-existing claims – thereby likely quieting a motion to dismiss and promoting judicial efficiency. Thus, Judge Gallagher properly exercised his discretion in finding good cause to allow Plaintiffs to amend their complaint.

## ARGUMENT

Judge Gallagher's discretionary order granting in part and denying in part Plaintiffs' motion to modify the scheduling order is entitled to great deference, and was in no way "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). Under Rule 16(b), a scheduling order may be amended upon a showing of good cause. This is a discretionary determination that is reviewed on appeal under the highly deferential abuse of discretion standard. *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (reviewing district court's ruling on motion to modify scheduling order for abuse of discretion); *Rehberg v. City of Pueblo*, 2011 WL 4102287, *3 (D. Colo. Sept. 14, 2011) ("The rule 'gives district courts wide latitude in entering scheduling orders.' . . . A district court's refusal to modify a scheduling order will be reviewed for an abuse of discretion.").

The standard of review applicable to the Association's objection is equally deferential. Judge Gallagher's discretionary determination can only be set aside to the extent that it "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72. The "contrary to law" standard does

2

not apply because the Association concedes that Judge Gallagher applied the appropriate legal standard. Dkt. No. 108 at 4;12 Fed. Prac. & Proc. Civ. § 3069 (2d ed.) (under the "contrary to law" standard, the district court will set aside the magistrate's order if it applied an incorrect legal standard). The Association merely takes issue with *how* Judge Gallagher exercised his discretion.

Under the "clearly erroneous" standard, Judge Gallagher's discretionary determination must be affirmed unless this Court "is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (internal quotation marks omitted). Such reversals are exceedingly rare. *See, e.g.,* 12 Fed. Prac. & Proc. Civ. § 3069 (collecting cases and stating "In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge"); *Advanced Analytics, Inc. v. Citigroup Glob. Markets, Inc.*, 301 F.R.D. 47, 50 (S.D.N.Y. 2014) ("This standard of review is 'highly deferential;' 'magistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused'") (citations omitted).

Plaintiffs have demonstrated good cause under Rule 16. The rule's "good cause" standard focuses on the diligence of the moving party. *Christen-Loper v. Bret's Electric, LLC*, 2016 WL 1317711, *2 (D. Colo. Apr. 4, 2016). Specifically, the moving party must show that it has been diligent in attempting to meet the scheduling order's deadlines, and provide an adequate explanation for delay. *Rehberg*, 2011 WL 4102287 at *3. The Association concedes that information learned through discovery, but after the deadline to amend pleadings set by the scheduling order, may constitute good cause. Dkt. No. 108 at 4. That is exactly the situation at

3

Case 1:16-cv-01301-PAB-GPG Document 110 Filed 03/13/17 USDC Colorado Page 4 of 9

hand: Plaintiffs learned of new information through discovery after October 3, 2016, the deadline to amend pleadings. The Association did not produce its 14,000 pages of documents until October 21. Not long later, the Association insisted that Plaintiffs halt their review of that production based on their inadvertent production of privileged information, and Plaintiffs complied. It was not until mid-December that the Association formally announced that it was no longer "clawing back" any documents after all, and that Plaintiffs could resume their review. Just a few days later, Plaintiffs filed their motion to amend the scheduling order. This short delay between Plaintiffs' discovery of new evidence they seek to add and the filing of this motion is clear evidence of diligence.

Further, the newly discovered evidence supports a constructive fraud claim. Constructive fraud is "a breach of duty, which, irrespective of moral guilt, the law declares fraudulent because of its tendency to deceive, violate confidence, or injure public interests." *Miller v. McCloud*, 2016 WL 524357, *7 (D. Colo. Feb. 10, 2016). The constructive fraud claim that Plaintiffs seek to add here is akin to the one in *Security Nat. Bank v. Peters, Writer & Christensen, Inc*., 39 Colo.App. 344 (1977). There, the plaintiffs were preferred shareholders of a corporation who filed suit against the corporation's directors because, among other things, the plaintiffs were denied notice of and an opportunity to vote at a shareholders meeting where a plan for liquidation and dissolution of the corporation was approved; plaintiffs claimed these actions deprived them of their right to object to the changes. *Security Nat. Bank*, 39 Colo.App. at 351. The court held that by gambling with the plaintiffs' property without informing the plaintiffs of their plan, the directors' "conduct constitute[d] constructive fraud as a matter of law." *Id*. at 352.

4


Case No. 1:16-cv-01301-PAB-GPG Document 110 Filed 03/15/17 USDC Colorado Page 5 of 9

In the present case, Plaintiffs discovered documents in the Association's production revealing that the Marriott Defendants and the Association did the same thing: took action that would significantly affect Plaintiffs' property without giving them an opportunity to vote or object, and without fully disclosing their actions to Plaintiffs. This is clearly alleged in the Fourth Amended Complaint that Plaintiffs filed on March 10, 2017 pursuant to Judge Gallagher's order. *See White v. Burt Enterprises,* 200 F.R.D. 641, 642 (D. Colo. 2000) (the filing of Rule 72(a) objections to a magistrate judge's order does not operate to automatically stay the magistrate judge's order).[1] The Fourth Amended Complaint demonstrates what Plaintiffs have explained here and throughout their briefing for this motion: that certain documents produced by the Association not only bolster existing claims, but support a new cause of action for constructive fraud. *See, e.g.,* Dkt. No. 109 at ¶¶ 55-56, 59, 62-65, 67-73, 90-97 (new allegations in Fourth Amended Complaint).

What is more, the Association's assertion that new information constitutes good cause *only if it is necessary* to assert a new claim is unsupported by any authority. The Association cites cases finding good cause where there was new evidence that was necessary to assert a claim, but nowhere in these cases (or any other cases) is the notion that good causes exists only if newly discovered evidence is *necessary* to a new claim. For instance, the court in *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001), one of the main cases the

---

[1] The Fourth Amended Complaint includes the constructive fraud cause of action and the factual allegations supporting it, but does not add the additional plaintiffs referenced in Judge Gallagher's order. Rather, Plaintiffs will file a new complaint with the new plaintiffs. Plaintiffs do this in an abundance of caution to protect the new plaintiffs against any statute of limitations defenses in the unlikely event that this Court finds Judge Gallagher's decision clearly erroneous and disallows the filing of the Fourth Amended Complaint. Plaintiffs will file a separate Complaint on behalf of the new plaintiffs, as well as a notice of related case, and ask that the two actions be coordinated to avoid duplication of effort.

5

Case 1:16-cv-01301-PAB-GPG Document 110 Filed 03/15/17 USDC Colorado Page 6 of 8
of 9
Case No. 1:16-cv-01301-PAB-GPG Document 441-7 filed 07/29/19 USDC Colorado pg 7 of 8

Association cites, recognizes that the fact that a party first learns, through discovery, information necessary for the assertion of a claim after the deadline to amend established in the scheduling order has expired, *can* constitute good cause. *See Pumpco*, 204 F.R.D. at 668-69. But nowhere does the court say that this is *required*, as the Association represents. *See* Dkt. No. 108 at 4 ("such [new] information must be specifically identified and necessary to assert a claim"). The same goes with *David A. Bovino P.C. v. MacMillan*, 2014 WL 656842 (D. Colo. Feb. 20, 2014), which the Association cites for the same notion. But in *MacMillan*, the court again recognized that discovery of new evidence that is necessary to a new claim *can* constitute good cause; nowhere does it say that this is a requirement for good cause. *See MacMillan*, 2014 WL 656842 at *3. The last case that the Association cites, *Carefusion 213, LLC v. Prof. Disposables, Inc.*, 2010 WL 4004874 (D. Kan. Oct. 12, 2010), stands for the same proposition; the court there allowed the plaintiff to amend its complaint because it did not become aware of the factual basis for certain claims until after the deadline to amend pleadings, but nowhere does the court state that this scenario is required for a finding of good cause. *See Carefusion 213*, 2010 WL 4004874 at *3-4.

Because Rule 16(b) imposes an "arguably more stringent standard" than Rule 15, *Bylin v. Billings*, 568 F.3d 1224, 1231 (10th Cir. 2009), Judge Gallagher noted at the February 15, 2017 hearing that Plaintiffs do not need to file a motion under Rule 15 seeking leave to amend. Rather, his February 15 Order grants Plaintiffs permission to file a Fourth Amended Complaint that adds approximately 50 units and a new claim for constructive fraud. Dkt. No. 105 at 2. In the same Order, Judge Gallagher denied Plaintiffs' request to add a claim for promissory estoppel. *Id*.

6

# CONCLUSION

For all of the above reasons, the Court should adopt Judge Gallagher's order granting in part and denying in part Plaintiffs' motion to modify the scheduling order.

Dated: March 15, 2017
Respectfully submitted,
THE MATTHEW C. FERGUSON LAW FIRM, P.C.

_____/s/ Matthew C. Ferguson_____
Matthew C. Ferguson, #25687
119 South Spring, Suite 201
Aspen, Colorado 81611
Telephone: (970) 925-6288
Facsimile: (970) 925-2273
E-mail: matt@matthewfergusonlaw.com
*Attorney for Plaintiffs*

# CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 15th day of March, 2017, a true and accurate copy of the foregoing **PLAINTIFFS' RESPONSE TO DEFENDANT ASPEN HIGHLANDS CONDOMINIUM ASSOCIATION'S OBJECTION TO ORDER REGARDING PLAINTIFFS' MOTION TO STAY CASE AND ORDER REGARDING PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER** was filed and served via CM/ECF filing system upon following:

Matthew C. Ferguson, Esq.
The Matthew C. Ferguson Law Firm, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611

Michael J. Reiser, Esq.
Lilia Bulgucheva, Esq.
Law Office of Michael J. Reiser
961 Ygnacio Valley Road
Walnut Creek, California 94596

Michael L. Schrag, Esq.
Gibbs Law Group LLP
1 Kaiser Plaza, Suite 1125
Oakland, California 94612

Daniel F. Shea, Esq.
Jessica Black Livingston, Esq.
Hogan Lovells US LLP
1200 Seventeenth Street, Suite 1500
Denver, Colorado 80202

Naomi G. Beer, Esq.
Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, Colorado 80202

Ian S. Marx, Esq.
Philip R. Sellinger, Esq.
Greenberg Traurig, LLP
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932

7

Tyler R. Meade, Esq.
The Meade Firm P.C.
1816 Fifth Street
Berkeley, California 94710

                                                  __*/s/ Robin White*_____
                                                  Robin White

4820-3421-3445, v. 1

8