# EXHIBIT I

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC,** *et al.*

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION,** *et al*.

Defendants.

___

**PLAINTIFFS' STATUS REPORT AND REQUEST FOR ENTRY OF REVISED SCHEDULING ORDER**
___

Plaintiffs, by and through their undersigned counsel, submit the following Status Report and Request for Entry of Revised Scheduling Order in connection with Discovery Dispute Conference held by Magistrate Judge Gordon P. Gallagher on February 16, 2018:

Plaintiffs report on two matters: (1) the failure by the Marriott Defendants to produce records in connection with four subpoenas issued in 2017 and the Court's February 20, 2018 Order (ECF No. 202); and (2) the almost certain need to file another motion(s) addressing the Marriott Defendants' failure to produce other very important documents, and the withholding and concealment of two key agreements central to the issues in this case -- impacting the entire discovery practice in this case.

1.     On March 20, 2018, Plaintiffs were forced to file a Fed.R.Civ.P. 37(b)(2)(A) and (C) motion to compel production and to impose sanctions against the Marriott Defendants for their

1

willful failure to obey this Court's discovery order ("Motion to Compel and for Sanctions"). ECF No. 202. Magistrate Gordon P. Gallagher has directed the Marriott Defendants to respond to the Motion to Compel and for Sanctions. On March 30, 2018. ECF No. 204.

2. Presumably, the Marriott Defendants will respond in the 10 days provided. Plaintiffs will reply.

3. On March 16, 2018, the Marriott Defendants provided only a partial production of responsive documents (58 pages) to the subpoena served on the Ritz-Carlton Development Company, Inc. – the MVW entity that actually sold the factional interests. It is not a defendant here and was thus subpoenaed last year. Par for the course, the Marriott Defendants made no effort to state what request the documents produced were responsive to. They did not respond to request nos. 1, 2, 4, 5, 6, 7, 8, and 9. No explanation was in Ian Marx's cover letter as to what was being produced and whether this was an installment production in response to an important twelve (12) requests subpoena.

4. Not until forty-one (41) days after their representations to this Court that they would produce the records on or before March 15, 2018, did the Marriott Defendants begin to produce records in response to three 2017 subpoenas served on individuals and an entity under the separate Marriott, International, Inc.[1] They were then ordered to do so by March 15, 2018 in the February 20th Order. The Marriott Defendants' counsel had not communicated to Plaintiffs' counsel any effort by the Marriott Defendants to comply or an intention to do so. They never asked for an extension or provided an explanation – before or after the Motion to Compel was filed.

---

[1] The Marriott Defendants have assumed the defense of subpoenas served on the Marriott International, Inc. witnesses and entity. These are separate companies, but the same law firm proceeded to (mis) handle the subpoenas.

2

5.  Then, on March 29, 2018, minutes after the Honorable Phillip C. Brimmer ruled on the dispositive motions, Greenberg Traurig[2], LLP sent a letter (and a second email) advising that a link would be established for "documents in response to Plaintiffs' Subpoenas to Produce Documents to John Hearns, dated November 22, 2017, The Ritz-Carlton Hotel Company, LLC, dated November 28, 2017, and Nicholas DiMeglio, dated November 28, 2017.

6.  A day before the response to the Motion to Compel was due on subpoenas served last year, the Marriott Defendants produced RCHC000001-007062 and RCHC007063-RCHC008505 for the three subpoenas. No effort was made to identify the entity or individual producing the records – they are all in one document dump. The cover letter and email provided no explanation as to what was being produced, by whom, which requests were being responded to or ignored, and what might yet still come. None of the subpoenaed entities or persons ever filed a response or objections.

7.  The effect of the Marriott Defendants' ongoing failure to comply with the four subpoenas and the Court's February 20th Order and subsequent production methods is to once again throw Plaintiffs' discovery efforts and planning into flux. Documents are dumped weeks and months late with no direction as to what is being responded to or by whom. Documents were not made available for already concluded and now scheduled depositions. Other depositions are still delayed until all the documents are produced. The Marriott Defendants' discovery practices are pushing Plaintiffs against the already extended discovery cutoff date.

8. The prejudice to Plaintiffs is compounded by the late production (March 13 and 15, 2018) of two central affiliation agreements that have been withheld and concealed. These agreements are central to the issues in the case, as they are the very agreements that effectuated the affiliation of the Ritz-Carlton Private Clubs with the points-based Marriott Vacation Destination Club that lies at the core of this case. The Marriott Defendants have misrepresented their defense (and motion to dismiss) based on concealing these agreements. These efforts constitute misrepresentations to Plaintiffs and the Court, including in the Marriott Defendants' motion to dismiss. Presently, Plaintiffs' counsel are conferring with opposing counsel on these serious matters. Impacts on the dispositive issues are certain, and discovery has been infected with the withholding of records germane to at least a dozen depositions.

9. On February 16, 2018, this Court held a discovery dispute conference and extended the fact discovery deadline by sixty (60) days to May 14, 2018. The parties and the Court discussed the need to conform the other deadlines to this extension and submit a revised scheduled order.

10. Annexed hereto is a (proposed) Revised Scheduling Order, that has conformed expert and motions dates to the extended cutoff date.

11. Plaintiffs have provided a redline and clean version of the Revised Scheduling Order to counsel for the Marriott Defendants. The Marriott Defendants promised to but have not responded one way or another. The Association concurs with the Revised Scheduling Order. Undersigned respectfully submits that the changes are compliant with the Court's directions.

12. Plaintiffs – without objection – request that the Revised Scheduling Order be entered.

DATED: March 30, 2018

4

Respectfully submitted,

REISER LAW, p.c.

THE MATTHEW C. FERGUSON LAW FIRM, P.C.

____/s/ Michael J. Reiser_____
Michael J. Reiser, # 16161
1475 N. Broadway, Suite 300
Walnut Creek, CA 94596
Telephone: (925) 256-0400
E-mail: michael@reiserlaw.com
GIBBS LAW GROUP, LLP

_____/s/ Matthew C. Ferguson_____
Matthew C. Ferguson, #25687
119 South Spring, Suite 201
Aspen, Colorado 81611
Telephone: (970) 925-6288
E-mail: matt@matthewfergusonlaw.com
THE MEADE LAW FIRM, P.C.

____/s/ Michael Schrag_____
Michael Schrag (CA State Bar # 185832)
Linda Lam (CA State Bar# 301461)
505 14th Street, Suite 1110
Oakland, CA 94612
Telephone: (510) 350-9718
E-mail: mls@classlawgroup.com
E-mail: lpl@classlawgroup.com

____/s/ Tyler Meade_____
Tyler Meade (CA State Bar # 160838)
1816 Fifth Street
Berkeley, CA 94710
Telephone: 510-843-3670
E-mail: tyler@meadefirm.com
*Attorneys for Plaintiffs*

5

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 30th day of March, 2018, a true and accurate copy of the foregoing **PLAINTIFFS' STATUS REPORT AND REQUEST FOR ENTRY OF REVISED SCHEDULING ORDER,** was filed and served via CM/ECF filing system upon following:

> Daniel F. Shea, Esq.
> Jessica Black Livingston, Esq.
> Hogan Lovells US LLP
> 1200 Seventeenth Street, Suite 1500
> Denver, Colorado 80202
>
> Naomi G. Beer, Esq.
> Greenberg Traurig, LLP
> 1200 17th Street, Suite 2400
> Denver, Colorado 80202
> Ian S. Marx, Esq.
> Philip R. Sellinger, Esq.
> Greenberg Traurig, LLP
> 500 Campus Drive, Suite 400
> Florham Park, New Jersey 07932
>
> */s/ Linda Lam*
> Linda Lam