IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 16-01301 PAB

RCHFU, LLC, et al.

    Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, et al.

    Defendants.

---

### MARRIOTT DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO RESTRICT ACCESS TO CERTAIN SUMMARY JUDGMENT FILINGS

Pursuant to Local Civil Rule 7.2(c), Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, and The Lion & Crown Travel Co., LLC (collectively, "Marriott Defendants") respectfully submit this Motion to Restrict Access regarding ECF #442, 443, 444, 445, and 452, inclusive of each filings' exhibits. These documents were filed on July 29 and July 30, 2019, on a Restricted basis in support of the Marriott Defendants' and Plaintiffs' respective summary judgment motions. In support, the Marriott Defendants state as follows.

**COMPLIANCE WITH DISTRICT OF COLORADO LOCAL CIVIL RULE 7.1**

Counsel for the Marriott Defendants conferred with counsel for Plaintiffs regarding the substance of this motion. Counsel for Plaintiffs indicated that they do not consent to the Marriott Defendants' Motion to Restrict Access.

# FACTUAL BACKGROUND

By way of this Motion to Restrict, the Marriott Defendants seek to protect confidential documents containing sensitive business information from public disclosure.

The Court has previously entered orders restricting similar sensitive, confidential documents, which were submitted to the Court in connection with prior motions:

- ECF #272 (Order dated May 30, 2018);
- ECF #393 (Order dated April 17, 2019);
- ECF #408 (Order dated May 15, 2019);
- ECF #409 (Order dated May 15, 2019); and
- ECF #420 (Order dated May 31, 2019).

As summarized below, in support of their respective motions for partial summary judgment, the Marriott Defendants and Plaintiffs filed certain documents on a Restricted, Level 1 basis because they contain competitively sensitive and confidential information regarding the Marriott Defendants' business:

### A. Marriott Defendants

    i.    Restricted Supplemental Declaration of Ian Marx[1] (ECF #442, 442-1 – 442-4 (July 29, 2019)).

### B. Plaintiffs

    i.    Restricted Partial Summary Judgment Motion (ECF #443 (July 29, 2019));

---

[1] The Marriott Defendants also filed a separate Declaration of Ian Marx with their Motion for Partial Summary Judgment, which did not contain confidential or sensitive documents and was therefore not filed on a Restricted basis.  ECF #441, 441-1 – 441-20 (July 29, 2019).

2

    ii.    Restricted Declaration of Michael J. Reiser and Part 1 of exhibits in support of Plaintiffs' Motion for Partial Summary Judgment (ECF #444, 444-1 – 444-29 (July 29, 2019));

    iii.    Restricted Declaration of Michael J. Reiser and Part 2 of exhibits in support of Plaintiffs' Motion for Partial Summary Judgment (ECF #445, 445-1 – 445-29 (July 29, 2019));

    iv.    Plaintiffs' *Refiled*[2] Restricted Partial Summary Judgment Motion (ECF #452), including a refiled Restricted Declaration of Michael J. Reiser (ECF #452-1) (July 30, 2019).

The parties filed these documents on a restricted basis on July 29 and July 30, 2019, because each of these filings contains competitively sensitive and confidential information. Thus, pursuant to Local Civil Rule 7.2(c), the Marriott Defendants file this Motion to Restrict to ensure that the confidentiality of these documents remains protected.

## ARGUMENT

Pursuant to Local Rule 7.2(c), a motion to restrict public access shall:

(1) identify the document or the proceeding for which restriction is sought;
(2) address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction);
(3) identify a clearly defined and serious injury that would result if access is not restricted;
(4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and
(5) identify the level of restriction sought.

---

[2] On July 30, 2019, Plaintiffs' filed a Notice of Errata (ECF #450) indicating that their Partial Summary Judgment Motion (ECF # 443) erroneously failed to note an exhibit number and the Declaration of Michael J. Reiser (the "Reiser Declaration") erroneously failed to include and attach an exhibit. Plaintiffs thereafter filed a corrected Partial Summary Judgment Motion and Reiser Declaration (ECF #452 and 452-1).

3

D. COLO. LOCAL CIV. R. 7.2(c). "It is beyond question that this [c]ourt has discretionary power to control and seal, if necessary, records and files in its possession." *United States v. Dillard*, 795 F.3d 1191, 1205 (10th Cir. 2015) (quoting *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir.1980)). Indeed, a court may, in its discretion, restrict the public's right to access to judicial records

> if the public's right of access is outweighed by competing interests. In exercising this discretion, we weigh the interests of the public, which are presumptively paramount, against those advanced by the parties. To overcome this presumption against sealing, the party seeking to seal records must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process.

*JetAway Aviation, LLC v. Bd. of Cty. Comm'rs of Cty. of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014) (internal citations and quotation marks omitted); *see also Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (the presumption in favor of public access is "not absolute," and is overcome where "countervailing interests outweigh the public interests in access."). "[A] sufficient showing to overcome the presumption may be found where the records contain . . . business information that might harm a litigant's competitive standing, . . . . information which could harm the competitive interests of third parties, . . . or private or personally identifiable information, . . . or otherwise invade privacy interests[.]" *Anderson v. Walgreen Co.*, Civil Action No. 14-cv-02642-RM-MJW, 2016 U.S. Dist. LEXIS 1740, at *4 (D. Colo. Jan. 7, 2016) (internal citations and quotation marks omitted). Significant here, the Supreme Court has acknowledged that discovery materials "were not open to the public at common law." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33, 81 L. Ed. 2d 17, 104 S. Ct. 2199 (1984) (noting "restraints placed on discovered, but not yet admitted, information, are not a restriction on a traditionally public source of information"); *United States v. Wolfson*, 55 F.3d 58,

4

60 (2d Cir. 1995) (finding no public right of access to documents submitted to court in camera as part of discovery dispute).

Restriction is appropriate where records may become "a vehicle for an improper purpose," including where the documents at issue are "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Thus, courts have long recognized that a party's interest in maintaining confidentiality of competitively sensitive documents outweighs the public's general interest in access to court records: "[c]ommercial competitors seeking an advantage over rivals need not be indulged" in favor of public access "in the name of monitoring the courts." *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995); *see Hershey v. ExxonMobil Oil Corp.*, 550 F. App'x 566, 574 (10th Cir. 2013) (maintaining "confidential commercial competitive information" under seal).

The filings for which the Marriott Defendants seek a Level 1 Restriction meet these standards for restricting public access. The contents of these filings fall into two general categories, each of which are entitled to protection: (1) confidential expert reports; or (2) confidential filings or confidential documents produced in discovery in this case containing sensitive business information.

First, the Restricted Marx Declaration attached as exhibits two expert reports that the experts (Plaintiffs' expert Jon Simon and the Marriott Defendants' rebuttal expert, Mark Israel) designated as Confidential under the Protective Order in this case (ECF #100). These reports analyze and discuss sensitive, internal information regarding the Marriott Defendants' business in support of their conclusions. This information includes price data, business valuations,

5

marketing information, inventory details, and other similar information.  Second, the Plaintiffs' Partial Summary Judgment Motion and Reiser Declaration in support thereof discuss, quote, and attach confidential documents produced in discovery in this case.  Like the expert reports, these documents contain competitively sensitive information and, in some cases, personal information about certain individuals.  Finally, the Marx Declaration cites to and attaches two submissions previously filed by Plaintiffs in this case on a Restricted basis (ECF #282 and ECF #297) in support of their Motion for Sanctions and Default Judgment.  These documents and the discussion surrounding them similarly contain sensitive business information regarding the Marriott Defendants' marketing, business strategies, and customer base.

As has been demonstrated in prior submissions, and as this Court has previously found (ECF #s 272, 393, 408, 409, and 420), disclosure of this type of information would harm the Marriott Defendants because a competitor in the same or similar industry could glean, and ultimately copy, the Marriott Defendants' business strategy or unfairly utilize this information for their own benefit.  Indeed, the protection of competitively sensitive information has long been recognized as a compelling reason to maintain the confidentiality of documents filed in the court record.  *See, e.g., Nixon*, 435 U.S. at 598; *Hershey*, 550 F. App'x at 574; *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (documents that contained competitively sensitive information, such as "pricing terms," should remain under seal); *In re Qualcomm Litig.*, No. 3:17-CV-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (sealed filing is appropriate to "prevent competitors from gaining insight into the parties' business model and strategy"); *Bauer Bros. LLC v. Nike, Inc.*, No. 09CV500-WQH-BGS, 2012 WL 1899838, at *2 (S.D. Cal. May 24, 2012) (sealing documents that revealed business information such as

defendant's marketing strategies and sales and retailer data). Accordingly, the need for protection outweighs the public interest in disclosure.

## CONCLUSION

For the foregoing reasons, the Marriott Defendants respectfully request that this Court grant their Motion to Restrict Access and maintain the Level 1 restriction for ECF #442, 443, 444, 445, and 452, inclusive of each filings' exhibits.

Dated:  August 12, 2019                     Respectfully submitted,

                                            GREENBERG TRAURIG, LLP

                                            By:  *s/ Ian S. Marx*
                                            Philip R. Sellinger
                                            Ian S. Marx
                                            500 Campus Drive, Suite 400
                                            Florham Park, New Jersey 07932
                                            Tel: 973.360.7900 / Fax: 973.301.8410
                                            Email:  SellingerP@gtlaw.com,  MarxI@gtlaw.com

                                            *Attorneys for the Marriott Defendants*

7

CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of August, 2019, a true and accurate copy of the foregoing **MARRIOTT DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION TO RESTRICT ACCESS TO CERTAIN SUMMARY JUDGMENT FILINGS** was filed and served with the Clerk of the Court via CM/ECF filing system which will send notification to the following:

Michael J. Reiser
Law Office of Michael J. Reiser
1475 N Broadway, Suite 300
Walnut Creek, CA 94596
*Counsel for Plaintiffs*

Matthew C. Ferguson
The Matthew C. Ferguson Law Firm, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611
*Counsel for Plaintiffs*

Tyler R. Meade
The Meade Firm P.C.
1816 Fifth Street
Berkeley, CA 94710
*Counsel for Plaintiffs*

Linda Pham Lam
Michael Schrag
Gibbs Law Group LLP
505 14th Street, Suite 1100
Oakland, CA 94612
*Counsel for Plaintiffs*

Jessica Black Livingston
Hogan Lovells US LLP
1601 Wewatta Street, Suite 900
Denver, Colorado 80202
*Counsel for Defendant*
*Aspen Highlands Condominium Association, Inc.*

                                               *s/ Jaclyn DeMais*
                                                 Jaclyn DeMais