## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC et al.**

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION et al.**

### PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO RESTRICT ACCESS TO CERTAIN SUMMARY JUDGMENT FILINGS

Pursuant to Local Rule 7.2(d), Plaintiffs RCHFU, LLC et al. respectfully submit this opposition to Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, and Lion & Crown Travel Co., LLC (collectively, "Marriott Defendants'") motion to restrict access to Dkt. Nos. 442, 443, 444, 445, and 452 ("Motion").

## **INTRODUCTION**

The Marriott Defendants improperly seek to restrict dozens of documents on key issues in this case and the parties' motions for summary judgment – even though these documents do not contain "trade secrets, or other confidential research development or commercial information." Stipulated Protective Order, Dkt. No. 100, ¶ 2. Nor do they contain any "sensitive business information" as the Marriott Defendants suggest. Even if these documents include sensitive commercial information, the presumption in favor of public access weighs against restriction. The Marriott Defendants have failed to meet their burden in overcoming the presumption in favor of public access, and the Motion should be denied.

1

**DOCUMENTS AT-ISSUE**

The Marriott Defendants request to restrict from public access: (i) excerpted deposition transcripts of important witnesses that do not discuss any trade secrets or confidential information; (ii) communications between the Marriot Defendants and the Aspen Highlands Condominium Association ("Association") concerning the affiliation between the Ritz-Carlton Destination Club and the down-market Marriott Vacation Club; (iii) internal Marriott documents relating to the affiliation; (iv) various legal agreements that govern the relationship between the Marriott Defendants and the Association; (v) governing documents, such as the Declaration of Condominium for the Association; (vi) documents in the public record, such as the Amended and Restated Articles of Incorporation of the Association; (vii) various nonprivileged analyses of the affiliation; (viii) communications to and from Plaintiffs and other Aspen Highlands members, including communications disseminated by the Marriott Defendants to the entire Aspen Highlands membership; (ix) the Association's objections and responses to Plaintiff's Second Set of Interrogatories and First Set of Requests for Admission; (x) and the reports of Plaintiffs' expert Jon Simon and the Marriott Defendants' rebuttal expert, Mark Israel. *See* Motion, Dkt. No. 458, pp. 2-3.

Most of these documents were created between 2001 and 2014. Any "sensitive business information" is stale. These documents do not contain any trade secrets or proprietary, confidential information, and the Marriott Defendants have not identified any such information in any specific document, even with their overbroad and generalized concerns regarding "sensitive business information."

**STANDARD**

Local Rule 7.2 governs motions to restrict access. It provides that the movant must "identify the document or the proceeding for which restriction is sought," and "address the interest to be protected and why such interest outweighs the presumption of public access."

Local Civ. R. 7.2(c)(1)-(2). Additionally, the party seeking restriction must identify a "clearly defined and serious injury" and explain why there is no reasonable alternative to restriction (such as redaction or restricted access to portions of exhibits). *Id.* at (3)-(4).

The public has a fundamental interest in open access to court records. *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135 (10th Cir. 2011) ("A party seeking to file court records must overcome a presumption, long supported by courts, that the public has a common-law right of access to judicial records"); *M.M. v. Zavaras*, 939 F.Supp. 789, 801 (D. Colo. 1996) ("[S]ecret court proceedings are anathema to a free society."). To justify depriving the public of this fundamental interest, a party must articulate a "real and substantial interest." *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011).

Therefore, to meet its burden of overcoming the presumption of public access, the movant must "with particularity, and on a document-by-document basis, establish why access should be restricted, including identifying the specific injury that would result if access to a particular document is not restricted." *SOLIDFX, LLC v. Jeppesen Sanderson, Inc.*, 2012 WL 2917116, *7 (D. Colo. July 16, 2012) (denying a motion to restrict for "point[ing] generally to 39 exhibits comprising more than 250 pages and argu[ing] that those materials contain proprietary information, or are part of a confidential business plan," without specifying which documents were at-issue); *see also Arkansas River Power Auth. v. The Babcock & Wilcox Co.*, 2016 WL 192269, *3 (D. Colo. Jan. 15, 2016) ("A showing of compelling reasons for restriction of public access is necessary, as it is critical that the public be able to review the factual basis of this court's decisions. . . ."). This burden is heightened when the materials at question may be used as the basis for a judicial decision on the merits of the case. *Lucero v. Sandia Corp.*, 495 Fed.App'x. 903, 913 (10th Cir. 2012); Charles Alan Wright, et al., *Federal Practice & Procedure* §2042 ("The strongest arguments for access apply to materials used as the basis for a judicial decision of the merits of the case, as by summary judgment.").

## ARGUMENT

The Marriot Defendants have not met their burden under Local Rule 7.2 and Tenth Circuit law to overcome the presumption of public access to records that may be used in a judicial decision on the merits. In seeking to restrict over 60 exhibits and hundreds of pages of documents, the Marriott Defendants state in a conclusory fashion that the documents contain "sensitive business information."[1] This is a broad and generalized statement that does not satisfy the particularity requirement that the law imposes. *Arkansas River Power Auth.*, 2016 WL 192269, *3; *Gunn v. WCA Logistics, LLC*, 2016 WL 7868827, at *2 (D. Colo. Jan. 12, 2016) ("Given the public's interest in access to the central issues in a lawsuit, I do not believe Defendants could have established, in any event, that their interest predominates in this situation"); *Jeppesen Sanderson*, 2012 WL 2917116, at *7 ("[failing to specify] by document which of these concerns is involved and why, as to that document, 'a clearly defined and serious injury . . .' fails to satisfy the burden imposed by Rule 7.2").

Further, the documents at issue do not contain any trade secrets or confidential documents. The Marriott Defendants have made no effort to identify any particular document or specific information of concern. A motion to restrict must establish that the materials it seeks to restrict reveal trade secrets or other proprietary information. *Arkansas River Power Auth.*, 2016 WL 192269 at *7 (denying motion to restrict for failing to establish that discovery responses reveal any trade secrets or other proprietary information). And given that these materials may be

---

[1] The Marriott Defendants further suggest that prior orders on motions to restrict in this case are somehow relevant here. In Dkt. No. 272, the Court ordered a level-1 restriction of documents covered by attorney-client privilege that were proffered by the Marriott Defendants in support of an assertion of privilege. *See* Dkt. No. 269 at 9. Dkt. No. 393 was a minute order restricting an exhibit that was the subject of a pending motion to strike. In Dkt. No. 408, the Marriott Defendants filed an unopposed request to restrict documents and supported their request by substantially detailing the contents of the documents and the potential harm if they were made publicly accessible. Dkt. Nos. 409 and 420 involved essentially the same documents at issue in Dkt. No. 408. Here, there are no documents covered by attorney-client privilege or subject to a pending motion to strike, and the Marriot Defendants have made no showing of harm.

used as the basis for a judicial decision on a summary judgment motion before this Court, the Marriott Defendants must make a particularly heightened showing. *Id.* at *7; *Lucero*, 495 Fed.App'x at 913. The Marriott Defendants' conclusory statements that there may be "sensitive business information" fail to establish that the Marriot Defendants have a "real and substantial interest that justifies depriving the public of access" to these critical records. *Helm*, 656 F.3d at 1292; *Jeppesen Sanderson*, 2012 WL 2917116 at *7 (denying a motion to restrict where the Defendant "[A]rgue[d] . . . [that the documents at issue] including internal communications and strategy documents, concern Jeppesen's confidential business plans, [third parties], and competitors . . . [and] discuss Jeppesen's internal strategy" and stating that "the argument is made too broadly and is too generalized to satisfy the requirements of [Local Rule 7.2].").

Finally, the Marriott Defendants fail to address any reasonable alternatives or attempt to explain why only restriction will adequately protect their interests. Local Civ. R. 7.2(c)(4). If the documents contain any "sensitive business information" (which they do not) such information could be redacted.

## CONCLUSION

For the above reasons, Plaintiffs respectfully request that this Court deny the Marriott Defendants' motion to restrict.

Dated:        August 14, 2019                    Respectfully submitted,

                                                 GIBBS LAW GROUP LLP

                                                 */s/ Linda Lam*
                                                 Michael Schrag (CA State Bar # 185832)
                                                 Linda Lam (CA State Bar# 301461)
                                                 505 14th Street, Suite 1110
                                                 Oakland, CA 94612
                                                 Telephone: (510) 350-9700
                                                 E-mail: mls@classlawgroup.com
                                                 E-mail: lpl@classlawgroup.com
                                                 *Attorney for Plaintiffs*

5

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on this 13th day of August 2019, a true and accurate copy of the foregoing **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO RESTRICT ACCESS TO CERTAIN SUMMARY JUDGMENT FILINGS** was served via CM/ECF filing system upon the following:

Jessica Black Livingston, Esq.
*jessica.livingston@hoganlovells.com*
Hogan Lovells US LLP
1200 Seventeenth Street, Suite 1500
Denver, Colorado 80202

Naomi G. Beer, Esq.
*BeerN@gtlaw.com*
Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, Colorado 80202

Ian S. Marx, Esq.
*MarxI@gtlaw.com*
Philip R. Sellinger, Esq.
*SellingerP@gtlaw.com*
Greenberg Traurig, LLP
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932

*/s/ Linda Lam*
Linda Lam

6