IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 16-01301 PAB

RCHFU, LLC, et al.

    Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, et al.

    Defendants.

---

**MARRIOTT DEFENDANTS' MOTION *IN LIMINE* TO
PRECLUDE REFERENCES TO OTHER LAWSUITS**

---

Defendants Marriott Vacations Worldwide Corporation ("MVWC"), Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, and The Lion & Crown Travel Co., LLC (collectively, "Marriott Defendants") hereby move the Court *in limine* for an order precluding Plaintiffs (including their expert witnesses and counsel) from mentioning or introducing any evidence at trial regarding the following other actions (collectively, "Other Lawsuits"), including the claims asserted and any settlements reached in those cases:

> *Petrick v. Marriott Vacations Worldwide Corporation*, Case No. CGC 15-545987 (Super. Ct., San Francisco Cnty., Cal.) ("*Petrick*");
>
> *Reiser v. Marriott Vacations Worldwide Corporation*, Docket No.: 2:16-CV-00237-MCE-CKD (E.D. Cal.) ("*Reiser*");
>
> *Helman v. Marriott International, Inc.*, Docket No. 3:19-cv-00036-CVG-RM (D.V.I.) ("*Helman*");

1

*Gillespie v. St. Regis Residence Club*, Docket No. 16 Civ. 9390 (GHW) (S.D.N.Y.) ("*Gillespie*"); and

*G.A. Resort Condominium Association, Inc. v. ILG, Inc.*, Civ. Act. No. 19-cv-01870 (D. Colo.) ("*GARCA*").

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(a), the Marriott Defendants' counsel conferred with Plaintiffs' counsel before making this motion and made a reasonable and good faith effort to resolve this dispute. Specifically, on August 15, 2019, the Marriott Defendants' counsel had a telephone conference with Plaintiffs' counsel to discuss the factual and legal bases for this motion. Plaintiffs' counsel refused to agree to the relief sought by the Marriott Defendants.

## FACTUAL BACKGROUND

**Plaintiffs' Claims**

1. This action was filed in state court in Pitkin County, Colorado on December 31, 2015, and was timely and properly removed to this Court on May 27, 2016. Plaintiffs are owners of 1/12 fractional interests in luxury condominium units at The Ritz-Carlton Club, Aspen Highlands, Colorado ("RC Club Aspen"). Each 1/12 fractional interest entitles its owner to four use-weeks per year. These use-weeks can be spent either at RC Club Aspen in the specific unit for which the owner contracted or at any other resort with which RC Club Aspen is currently affiliated, subject to availability and other restrictions. There are 205 fractional interests out of a total of 876 available fractional interests at issue in this case.

2. Effective December 5, 2014, RC Club Aspen affiliated with the Marriott Vacation Club Destinations Exchange Program (the "MVCD Program"). That affiliation (the "MVC Affiliation") allowed RC Club Aspen members to enroll in the MVCD Program, elect to deposit

2

one or more of their RC Club Aspen use-weeks in the MVCD Program, and receive, in return, exchange points that can be used to reserve accommodations at various MVC resorts and for other vacation experiences (such as cruises and safaris).  The MVC Affiliation also enabled MVCD Program members with sufficient amounts of exchange points to access any RC Club Aspen use-weeks that RC Club Aspen members have elected to deposit in the MVCD Program.

3. Plaintiffs' claims concern the damages that they have supposedly suffered due to: (a) the alleged failure to allow RC Club Aspen members to vote on whether the MVC Affiliation should take place; and (b) the MVC Affiliation itself.  Plaintiffs seek damages for the alleged diminution in value of their fractional interests supposedly caused by the MVC Affiliation, and they also seek disgorgement of the profits that the Marriott Defendants allegedly received as a result of the MVC Affiliation.

### *Petrick*, *Reiser* and *Helman*

4. *Petrick, Reiser* and *Helman* involved many of the same defendants as in this case and were brought by some of the same counsel representing Plaintiffs here.  The *Petrick, Reiser* and *Helman* plaintiffs were owners of 1/12 fractional interests in luxury condominium units at The Ritz-Carlton Destination Club ("RCDC") resorts in San Francisco ("RC Club San Francisco") (*Petrick*), Truckee, California ("RC Club Lake Tahoe") (*Reiser*), and St. Thomas, U.S. Virgin Islands ("RC Club St. Thomas") (*Helman*), and they asserted, under California and U.S. Virgin Islands law, similar damages claims arising from the affiliation of the MVCD Program with their respective resorts.  *Petrick* was filed in May 2015 and was resolved on a confidential basis in July 2018.  *Reiser* was filed in July 2015 and was resolved on a confidential basis in June 2018.  *Helman* was filed in January 2019 and is currently pending.

5.      While the MVC Affiliation was and is an issue in *Petrick, Reiser* and *Helman,* the plaintiffs in those cases also made claims and legal arguments different from those that Plaintiffs make here.  For example, the *Reiser* plaintiffs alleged that defendants had improperly de-annexed and sold several of the units in RC Club Tahoe and had also ceased trying to sell new units, which plaintiffs claimed caused their annual maintenance fees to increase.  In addition to asserting a breach of fiduciary duty claim, as Plaintiffs do here, the *Reiser* plaintiffs demanded rescission of their purchase contracts and asserted claims for breach of contract and breach of the implied covenant of good faith and fair dealing and for violation of California's Unfair Competition Law.

6.      Likewise, in addition to asserting claims relating to the MVC Affiliation, the *Petrick* plaintiffs also alleged that a number of units supposedly reserved for RC Club San Francisco's fractional interest program had improperly been part of a third-party bulk sale, that a supposedly promised health club and curb cut-out had never been built, and that efforts to sell more fractional interests had been abandoned, and they demanded rescission, asserted (among other things) a breach of the implied covenant of good faith and fair dealing claim and demanded an accounting.

7.      The focus of the claims in *Helman* is also decidedly different from that in *Petrick*, *Reiser* and this case.  Unlike Plaintiffs here, the *Helman* plaintiffs concede that they were given a vote on the MVC Affiliation via a campaign waged by their owners' association to amend their condominium declaration, but allege that the vote was obtained through trickery, and they seek to overturn and nullify it.  Specifically, the *Helman* plaintiffs allege that the defendants essentially engineered this vote by "slow-walking" foreclosures on delinquent purchase money mortgages on fractional interests at RC Club St. Thomas, thereby purportedly creating a "financial crisis" that

the MVC Affiliation would resolve.  Based on these allegations, the *Helman* plaintiffs asserted claims under the Virgin Islands Criminally Influenced and Corrupt Organizations Act, the Virgin Islands Consumer Protection Law of 1973 and the Virgin Islands Consumer Fraud and Deceptive Business Practices Act, as well as claims for breach of fiduciary duty, constructive and common law fraud (and for aiding and abetting such alleged conduct), breach of contract and breach of the implied covenant of good faith and fair dealing.

### *Gillespie* and *GARCO*

8.  Certain subsidiaries of MVWC were named as defendants in *Gillespie* and in *GARCO* (where MVWC itself was also named as a defendant)[1], and were also brought by some of the same counsel representing Plaintiffs here.  Neither case, however, concerns RCDC resorts or the MVCD Program.

9.  Rather, *Gillespie* involves the sale of fractional interests at the St. Regis Residence Club resort (located at the St. Regis Hotel) in New York City.  The *Gillespie* plaintiffs allege that the defendants abandoned their efforts to sell fractional interests at the residence club, and instead decided to rent the units out to the public for overnight use, drawing an influx of short-term renters and allegedly reducing the resale value of their fractional interests.  *Gillespie* was filed in December 2016 and is currently pending.

10.  *GARCO* involves the sale of fractional interests at the Hyatt Residence Club Grand Aspen resort in Aspen, Colorado, and challenges the introduction of a new points-based timeshare program also offered under the Hyatt brand, which would allow members of the new program to

---

[1] Interval Leisure Group, Inc. ("Interval") was the ultimate parent company of certain defendants in *Gillespie* and *GARCO*.  On September 1, 2018, MVWC acquired Interval, including its subsidiaries.

5

have access to the units at the Grand Hyatt Aspen, again allegedly reducing the resale value of their fractional interests. *GARCO* was filed in May 2019 and is currently pending.

**Basis for This Motion**

11.     Notwithstanding the important differences between this case and the Other Lawsuits, many similarities exist in terms of affiliation-related facts,[2] the damages claims asserted, the common themes of diluting the supposed exclusivity of a fractional-interest resort by providing access to others, and the cases' common plaintiffs' counsel. Accordingly, the potential for jury confusion that would result if any of the Other Lawsuits are mentioned at the trial of this matter is enormous.[3] Moreover, any mention of the settlements that were reached in *Petrick* and *Reiser* would unfairly and severely prejudice the Marriott Defendants. Nothing about the Other Lawsuits – neither their filing, the claims asserted, nor the settlement of two of them – make any fact at issue in this case more or less probable. The order the Marriott Defendants seek is amply warranted and should be granted.

---

[2] The Marriott Defendants do not seek to preclude Plaintiffs from referring to any of the underlying facts involving the affiliation of the MVCD Program with RC Club San Francisco, RC Club Lake Tahoe or RC Club St. Thomas.

[3] A disturbing preview of what would likely happen if the order the Marriott Defendants seek is not granted was provided on November 20, 2018, when several discovery motions against the Marriott Defendants were heard by Magistrate Judge Gallagher. During oral argument, Plaintiffs' counsel repeatedly referred to the factual allegations of the complaints and motion practice in *Petrick* and *Reiser*. *See* Transcript of Nov. 20, 2018 hearing (attached as Exhibit B to the August 19, 2019 Omnibus Declaration of Ian S. Marx ("Marx Decl.") at 17:24-19:12, 26:7-20, 36:22-37:2, 38:5-25, 39:11-14, 48:6-16, 58:7-22, 80:20-81:12. After the eighth or ninth *Petrick* and *Reiser* reference, Magistrate Judge Gallagher began to wonder whether Plaintiffs were actually asking him to make some ruling in those cases. *Id*. at 81:13-18. If these references were confusing for the Court, one can only imagine the effect they would have on a jury.

## ARGUMENT

12. "Irrelevant evidence is inadmissible." Fed. R. Evid. 402. Evidence is relevant only if "it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence may be excluded, however, "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. In performing the Rule 403 balancing test, "[t]he district court has considerable discretion" (*United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001)), and should place "particular scrutiny … on the proponent's showing of probative value." *Toy v. American Family Mut. Ins. Co.*, 2014 WL 485922, at *2 (D. Colo. Feb. 6, 2014) (Brimmer, *J.*).

13. Likewise, Federal Rule of Evidence 404(b)(1) precludes the admission of any evidence of a "crime, wrong, or other act" for the purpose of demonstrating "a person's character in order to show that on a particular occasion the person acted in accordance with the character."[4] The types of character evidence encompassed by Rule 404(b) include a party's prior litigation history. *See, e.g., Flannery Properties v. Byrne*, 2000 WL 781964, at *4 (10th Cir. May 30, 2000) (in action alleging fraudulent representations in connection with sale of real property, affirming exclusion of evidence under Rule 404(b) of an earlier lawsuit by plaintiff, which had been offered to show coercive use of litigation).

---

[4] The word "person" in Rule 404(b) also applies to the character of a business entity, such as a corporation. *See Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.,* 2014 WL 348637, at *5 (D. Colo. Jan. 31, 2014) (Brimmer, *J.*) (applying Rule 404(b) to preclude character evidence offered against corporate defendant).

7

14. In addition, Federal Rule of Evidence 408(a)(1) precludes the admission of any evidence concerning the "furnishing, promising, . . . offering . . . or accepting . . . [of] valuable consideration in compromising or attempting to compromise [a] claim," whether "to prove or disprove the validity . . . of a disputed claim[,] or to impeach by a prior inconsistent statement or a contradiction." "[W]hen the issue is doubtful, the better practice is to exclude evidence of compromises or compromise offers." *Bradbury v. Phillips Petroleum Co.*, 815 F.2d 1356, 1364 (10th Cir. 1987). This Court has previously invoked Rule 408(a) in granting motions *in limine* precluding reference at trial to settlement and compromise agreements or offers. *See Predator Int'l,* 2014 WL 348637, at *5 (precluding either party from referring at trial to terms of stipulated preliminary injunction entered earlier in copyright infringement action); *Etherton v. Owners Ins. Co.*, 2013 WL 68702, at *8 (D. Colo. Jan. 7, 2013) (Brimmer, *J*.,) (precluding references at trial to settlement offer made by defendant).

15. Recognizing the dangers of unfair prejudice and jury confusion, federal courts routinely preclude, under Rules 403, 404(b) or 408(a), references to related litigation and the resolution of such litigation, whether by verdict or settlement. *See, e.g., Brumly Estate v. Iowa Beef Processors, Inc.*, 704 F.2d 1351, 1356-57 (5th Cir. 1983) (in action seeking to recover unpaid purchase price for cattle, affirming exclusion of evidence of prior judgments in similar cases, finding such evidence unduly prejudicial and having the potential to confuse or mislead the jury); *Jeffers v. Farm Bureau Prop. & Cas. Ins. Co.,* 2014 WL 4371426, at *3 (D. Ariz. Sept. 4, 2014) (in breach of insurance contract action alleging failure to pay property damage claim, excluding evidence of bad faith claims asserted against defendant insurer in other litigations); *Goldberg v. 401 N. Wabash Venture LLC*, 2013 WL 1499043, at *3 (N.D. Ill. Apr. 11, 2013) (in action alleging

fraudulent inducement to sign purchase agreements for condominium units in Trump Tower, excluding evidence of similar suit filed by same plaintiffs' counsel); *Johnson v. Land O' Lakes, Inc.*, 181 F.R.D. 388, 390, 394 (N.D. Iowa 1998) (in "hedge to arrive" contract case brought by grain producers, excluding, under Rules 403 and 408(a), evidence of similar lawsuits against defendant and their settlement).

16. At the trial of this matter, no legitimate purpose would be served by introducing evidence regarding, or making any reference to, the claims asserted in the Other Lawsuits or the settlements reached in *Petrick* and *Reiser*. The only purpose would be to inflame the jury by trying to create the impression that the Marriott Defendants have engaged in a widespread pattern of wrongdoing with respect to the MVC Affiliation across multiple resorts, non-affiliation-related access to RCDC properties, and providing allegedly undeserved access to a number of allegedly "exclusive" resorts to members of the general public. Reference to the Other Lawsuits would thus constitute exactly the sort of "bad character" evidence that Rule 404(b) prohibits. This case is about RC Club Aspen, not any other RCDC resort, and certainly not about St. Regis Residence Club or Hyatt Residence Club resorts. Bringing up any of the Other Lawsuits at the trial of this matter would improperly shift the focus of this case to other resorts and, in so doing, unfairly prejudice the Marriott Defendants while confusing and misleading the jury.

17. Likewise, any reference to, or evidence of, the settlements reached in *Petrick* and *Reiser* would run afoul of Rules 403, 404(b) and 408(a), since the only purpose of such references and evidence would be to encourage the jury to infer that, in agreeing to pay money to fractional interest owners at other RCDC resorts who were allegedly "harmed" in a similar manner to Plaintiffs, the Marriott Defendants admitted liability regarding the MVC Affiliation (or other non-

9

affiliation-related access).  Consideration of the *Petrick* and *Reiser* settlements would also unfairly paint the Marriott Defendants as "bad actors" and would further inflame, confuse and mislead the jury.

## CONCLUSION

For all the foregoing reasons, the Marriott Defendants respectfully request that the Court enter an order precluding Plaintiffs (including their expert witnesses and counsel) from referring to, or introducing evidence at trial regarding the Other Lawsuits, including the fact that such lawsuits were filed, the claims asserted or the settlements reached in *Petrick* and *Reiser*.

Dated:  August 19, 2019            Respectfully submitted,

By:     *s/ Philip R. Sellinger*
Philip R. Sellinger
Ian S. Marx
GREENBERG TAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, NJ 07932
Email:  SellingerP@gtlaw.com
            MarxI@gtlaw.com

*Attorneys for Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, and The Lion & Crown Travel Co., LLC*

# CERTIFICATE OF SERVICE

I hereby certify that, on August 19, 2019, a true and accurate copy of the foregoing **MARRIOTT DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE REFERENCES TO OTHER LAWSUITS** was filed and served with the Clerk of the Court via CM/ECF filing system, which will send notification to the following:

Michael J. Reiser
Law Office of Michael J. Reiser
1475 N Broadway, Suite 300
Walnut Creek, CA 94596
*Counsel for Plaintiffs*

Matthew C. Ferguson
The Matthew C. Ferguson Law Firm, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611
*Counsel for Plaintiffs*

Tyler R. Meade
The Meade Firm P.C.
1816 Fifth Street
Berkeley, CA 94710
*Counsel for Plaintiffs*

Linda Pham Lam
Michael Schrag
Gibbs Law Group LLP
505 14th Street, Suite 1100
Oakland, CA 94612
*Counsel for Plaintiffs*

                                        */s/ Jaclyn DeMais*
                                        Jaclyn DeMais