# EXHIBIT H

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Gordon P. Gallagher, United States Magistrate Judge

Civil Action No. 16-cv-1301-PAB-GPG

RCHFU, LLC *et al.*,

    Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION *et al.*,

    Defendants.

## ORDER REGARDING PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS PURSUANT TO THE COURT'S DECEMBER 31, 2018 SANCTIONS ORDER

This matter comes before the Court on Plaintiffs' motion for attorney's fees and costs (ECF #339)[1] (which was referred to this Magistrate Judge (ECF #341)), the Marriott Defendants' response (ECF #345), and Plaintiffs' reply (ECF #355). The Court has reviewed each of the aforementioned documents, responses, replies, and any attachments. The Court has also considered the entire case file, the applicable law, and is sufficiently advised in the premises.

---

[1] "(ECF #339)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

1

Case 1:16-cv-01301-PAB-GPG Document 472-8 Filed 08/10/19 USDC Colorado Page 2 of 3 of 4

The Court ORDERS as follows DENYING the request without prejudice and with leave to file again if appropriate under the conditions set forth below.[2]

This request for fees is, as the parties are aware, an offshoot of the litigation over a discovery violation regarding the Affiliation Agreement. On December 31, 2018, in a document now euphemistically termed the "New Year's Eve Order" (ECF #342, p. 1), I stated, as it applies to fees and costs:

> I find that there was a discovery violation with regard to the Affiliation Agreement. I do not find that the violation was substantially justified. Thus, I Order reasonable expenses, attorney fees, and other relief to remedy the violation.
> . . .
>
> Therefore, Plaintiffs shall have fourteen days to do the following:
>
> (1)   Provide a detailed bill of fees and costs, complying with all rules and statutes, including local rules, setting forth specific costs and fees related only to the Rule 26 violation, in this action, for the non-provision of the Affiliation Agreement. The Court is not Ordering the payment of fees and costs that it took to litigate this extensive default judgment controversy over the past six (6) months. What the Court is referring to is specific costs/expenses/fees Plaintiffs had to expend to otherwise fix the problem(s), e.g., extra deposition(s), travel, etc.

The New Year's Eve Order (ECF #330, pp. 29-30).

That Order engendered the aforementioned pleadings and an ultimate request from Plaintiffs for $210,761.48 in costs and fees. In addition to briefing, the parties supplied the Court with close to 700 hundred pages of attachments in support and opposition of the requested costs and fees.

This matter, as it applies to the Marriott Defendants, appears on track to proceed to trial[3] with the ever-present possibility of settlement. Should Plaintiffs prevail at trial, they will surely

---

[2] Any party may object to this non-dispositive Order within fourteen (14) days. Fed.R.Civ.P. 72(a).

[3] The fees and costs requests does not relate to the Aspen Highlands Defendants who currently have pending, and which this court expresses no opinion as to, a motion for summary judgment (ECF #319).

move for their attorney's fees. To the extent that those fees encompass the entire case, any award specific to this discovery issue would turn out to have been a needlessly duplicative exercise. To the extent the parties may engage in settlement discussions, they are perfectly capable of encapsulating the current fees and costs requests into their calculations and discussions on that score.

The Court accordingly finds that addressing the attorney's fees and costs request at this stage would be an inefficient use of judicial resources. In particular, I take this position as I found no bad faith or willful misconduct on the part of the Marriott Defendants in failing to timely provide the Affiliation Agreement. *See* ECF #330, p. 29. That distinction is crucial because bad faith or willful misconduct in the course of a case should result in an immediate levelling of the playing field and sanction for such conduct-otherwise such conduct is in effect being rewarded. As this is not such a situation, that immediacy is not present. If, however, Plaintiffs never become entitled to fees as a prevailing party, or if no settlement occurs, Plaintiffs may move again (at the conclusion of this case) for the fees and costs authorized in the New Year's Eve Order.

Dated at Grand Junction, Colorado, this March 18, 2019.

Gordon P. Gallagher

United States Magistrate Judge

3