# EXHIBIT I

Case No. 1:16-cv-01301-PAB-GPG Document #73-0 filed 08/19/19 USDC Colorado page 2 of 12

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Gordon P. Gallagher, United States Magistrate Judge


Civil Action No. 16-cv-1301-PAB-GPG


RCHFU, LLC *et al*.,

      Plaintiffs,

v.


MARRIOTT VACATIONS WORLDWIDE CORPORATION *et al*.,

      Defendants.

---

## ORDER REGARDING PLAINTIFFS' APPLICATION FOR ADDITIONAL REMEDIES

---

This matter comes before the Court on Plaintiffs' application for additional remedies (ECF #338)[1] (which was referred to this Magistrate Judge (ECF #341)), Aspen Highland's response (ECF #343), the Marriott Defendants' opposition (ECF #346), and Plaintiffs' omnibus reply (ECF #357). The Court has reviewed each of the aforementioned documents, responses, replies, and any attachments. The Court has also considered the entire case file, the applicable

---

[1] "(ECF #338)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

law, and is sufficiently advised in the premises.  The Court ORDERS as follows GRANTING

the motion in-part and DENYING the motion in-part as specifically set forth below. [2]

This instant motion is, as the parties are aware, an offshoot of the litigation over a

discovery violation regarding the Affiliation Agreement.  On December 31, 2018, in a document

now euphemistically termed the "New Year's Eve Order" (ECF #342, p. 1), I found a discovery

violation occurred when Marriott failed to timely disclose the Affiliation Agreement and I stated

the following, as it applies to the motion to amend:

> In terms of remedies, it appears that Marriott tried to make right their mistake by
> allowing additional depositions and taking other steps to fix the problem their
> non-provision caused.  However, in the Court's view, additional steps need to be
> taken to remedy the failure concerning the Affiliation Agreement as set forth
> *infra*.
>
> For the reasons set forth in detail above, I find as follows;
>
> I find that there was a discovery violation with regard to the Affiliation
> Agreement.  I do not find that the violation was substantially justified.  Thus, I
> Order reasonable expenses, attorney fees, and other relief to remedy the violation.
>
> I find that there was a discovery violation with regard to the APCO documents.  I
> do find the violation to be substantially justified.  Therefore, I will Order no
> sanction as a remedy for this violation.
>
> I find no bad faith nor any willful misconduct.  I specifically do not find this
> situation to merit default judgment.
>
> I find absolutely no misconduct or violation by Aspen Highlands.  As to whether I
> should consider Ordering Marriott to pay for any additional deposition(s), that is
> encapsulated in my Order below.
>
> The Court is loathe to open this issue to a Pandora's box of further briefing, yet
> some clarity needs to be sought as to costs, fees, and other potential remedies.
> Therefore, Plaintiffs shall have fourteen days to do the following:
>
> (1)      Provide a detailed bill of fees and costs, complying with all rules and
> statutes, including local rules, setting forth specific costs and fees related only to
> the Rule 26 violation, in this action, for the non-provision of the Affiliation

---

[2] Any party may object to this non-dispositive Order within fourteen (14) days.  Fed.R.Civ.P. 72(a).

Case No. 1:16-cv-01301-PAB-GPG   Document #373   04/08/19519   USDC Colorado   page 3 or 4
Case 1:16-cv-01301-PAB-GPG   Document 387   Filed 04/07/19   USDC Colorado   Page 3 of 11
of 12

Agreement. The Court is not Ordering the payment of fees and costs that it took to litigate this extensive default judgment controversy over the past six (6) months. What the Court is referring to is specific costs/expenses/fees Plaintiffs had to expend to otherwise fix the problem(s), e.g., extra deposition(s), travel, etc.; and

(2)     Request any other remedies being sought by Plaintiffs meant to correct the prejudice suffered by non-provision of the Affiliation Agreement, e.g., amendment of claims, additional depositions, etc. The Court understands Plaintiffs to not want to proceed with amendment due to: the current posture of the case, e.g., summary judgment motions have been filed; the expense involved in attempting to amend; and the fact that amendment may protract the litigation. Yet, the pleadings did not completely foreclose Plaintiffs wanting to argue this point. So, if Plaintiffs wish to attempt to amend, now is the time.

The New Year's Eve Order (ECF #330, pp. 29-30).

That Order engendered the aforementioned pleadings and specifically Plaintiff's application for additional remedies (ECF #33). Therein, Plaintiffs request that the Court Order the following:

(1)     Allow the depositions of Messers. Oliver, Schneider, Marino, and Harris;

(2)     Plaintiffs discuss, but do not currently request, a potential motion to compel withheld privileged documents;

(3)     Plaintiffs indicate they will move for an award of fees; and

(6)     Plaintiffs request a curative jury instruction.

Plaintiffs' motion (ECF #338, pp. 3-5).

1.     Additional depositions:

Plaintiffs move for depositions of Messers. Oliver, Schneider, Marino, and Harris. In their omnibus reply, Plaintiffs place some additional contours on their requests stating that they are willing to either (a) limit these to one-hour video depositions with Marriott paying the freight or (b) limit the additional deposition request to only Mr. Marino if Marriott agrees to certain

proposed discovery stipulations set forth at ECF #357, pp. 7-8 and fn. 4.  In another document filed in this action, the parties joint report (ECF #382, p. 1) Marriott indicates that it continues to oppose the additional proposed remedies.  As there is no talk of a stipulation in the affirmation of opposition, the court presumes there is no agreement and thus rules on request (a) for depositions of all four (4) proposed deponents.

Marriott opposes the depositions on the basis that: (a) they are precluded by a prior consensual resolution to a discovery dispute; (b) the proposed deponents never saw the Affiliation Agreement and thus the proposed depositions on the topic is not likely to lead to relevant evidence: and (c) Mr. Harris was never deposed despite the opportunity to depose him being available.

With regard to the agreement, Marriott submits the declaration of Attorney Ian Marx (ECF #346-1).  Therein, Mr. Marx indicates that Marriott allowed the re-deposition of Sobek and Cunnigham on the topic of the Affiliation Agreement (ECF #346-1, p. 4).  Marriott also recounts that a dispute arose over re-deposing several Board members-a dispute resolved by an agreement to forgo some depositions in return for re-deposition of Mercer (President of the Board at the relevant juncture) and some targeted written discovery.  *Id.*

Aspen Highlands also opposes the depositions on the varied basis that: (a) an agreement was reached to depose Mr. Mercer about the Affiliation Agreement and to submit requests for admission and interrogatories to other Association Directors; (b) the request for depositions targets Aspen Highlands, a party not at fault in the discovery dispute; and (c) the Association Directors have already responded so the requested depositions would be redundant.

With regard to the agreement, Aspen Highlands submits the declaration of Attorney Jessica Livingston (ECF #343-1). Therein, Ms. Livingston indicates that, in September 2018 and while the default judgment/sanctions motion was pending before the Court, Aspen Highlands and Plaintiffs reached a resolution on this topic. Attorney Livingston states that, pursuant to the agreement, Mr. Mercer was re-deposed about the Affiliation Agreement. *Id*. at p. 3. Further, Aspen Highlands assented to a second set of interrogatories and first set of requests for admission on the topic. *Id*. A review of the requests for admission, numbers 1-5, and 9 and interrogatories 4 and 5 show that they directly reference the Affiliation Agreement in an attempt to determine the effect on the Board of not having the Agreement. *See* Aspen Highland's responses to Plaintiff's second set of interrogatories and first set of requests for admission (ECF #343-2).

Plaintiffs' initial request justifying depositions of each of the four men is premised on the Affiliation Agreement not being seen by any of them. *See* ECF #338, pp. 3-4. Essentially, Plaintiffs want to depose on the theory that the agreement was not reviewed by the potential deponents and the Agreement was substantially lopsided-granting significant benefits for little gain to Aspen Highlands. *Id*. What it seems to boil down to is an attempt to show that no reasonable director would have signed such an agreement, had that director seen the agreement. *Id*. Plaintiffs' omnibus reply offers little more on this topic. *See* ECF #357, pp. 7-8.

With regard to whether there was or was not an agreement between the parties that would preclude the Court even wading into the topic of allowing additional depositions, there is a significant lack of any evidence. Plaintiffs respond that there was an agreement reached for some additional discovery but that agreement in no way precluded an ask to the Court for more. Other than the obvious fact that some agreement must have been reached because the parties

cooperatively engaged in some additional discovery, no one has documented the scope or limitations of the agreement, e.g., an email chain, letters between Counsel, or some more formalized agreement.  I also must take into account that at the time this agreement for additional discovery was reached, the Court was also moved by Plaintiffs to impose sanctions and enter default judgment-remedies far more severe than some additional depositions.  *See* Plaintiffs' motion for sanctions regarding the Affiliation Agreement (ECF #223 (filed 4/27/2018)) and Plaintiffs' motion for sanction and default judgment regarding the APCO documents (ECF #283 (filed 7/3/2018)).  These motions were pending during the time that the agreement was reached between the parties, addressed the same alleged violations, yet were not withdrawn on the basis of whatever agreement the parties may have reached on this score.  So that leaves the Court with the knowledge that there was an agreement, the agreement clearly did not encompass the entirety of the specific controversy, yet the Court is provided nothing concrete to outline the contours of the agreement.

All parties herein are represented by competent and assiduous Counsel perfectly capable of fully documenting any agreement reached on this topic-particularly as to whether any agreement was meant to have a preclusive effect on other remedies the Court may consider ordering.  As Marriott correctly notes, the Court should and must encourage resolution of discovery disputes between the parties in an effort to better secure the just, speedy, and inexpensive determination of matters.  *See Hoelzel v. First Select Corp*., 214 F.R.D. 634, 635 (D. Colo. 2003); *see also* D.C.COLO.LCivR 7.1(a).  The problem is that no party has provided the Court with a specific agreement to enforce.  In the absence of more, the Court finds that there was not an agreement on this topic which precludes Plaintiffs' request for additional remedies and the Court will move on to determining which additional remedies are appropriate.

There is a power to depositions, because of their usefulness in trial, because of the possibility of a spontaneous utterance which can provide useful information, and for many other reasons. One of Marriott's points opposing depositions comes down to the fact that the proposed deponents did not see the Affiliation Agreement, have admitted to not seeing it, so basically what is the point in asking them about it. Plaintiffs have outlined the associated topics on which they would like to depose were the court to allow additional depositions. *See* Plaintiffs' application (ECF #338, p. 4)

Marriott opposes citing Rule 16 and *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987), essentially arguing that the *Smith* factors should be applied in terms of allowing discovery at this late date. In this discrete circumstance, a pure application of the *Smith* factors is not appropriate. This is not a circumstance of Plaintiffs coming to the Court and merely requesting discovery that they did not timely conduct. This discovery is meant to remedy Marriott's failure to disclose the Affiliation Agreement-not some failure by Plaintiffs. To that end, the appropriate test is not the *Smith* test, but instead a determination of what remed(y)(ies) are necessary to put Plaintiffs back on an even playing field. Plaintiffs have already proven and the Court Ordered that there was a violation. Thus, requiring Plaintiffs to again shoulder the burden of proof would be unjust.

The intent of the Court is to impose the remedy most likely to put Plaintiffs back in the position they would have been in had the violation not occurred, to impose the minimum sanction necessary to put Plaintiffs in that position, and to have as little spill-over as possible to Aspen Highlands as that Defendant did not create the violation. *See generally White v. General Motors Corp., Inc.*, 908 F.2d 675, 684-85 (10th Cir. 1990). Had Plaintiffs been in possession of the Affiliation Agreement in a timely fashion, it is highly likely that Plaintiffs would have

Case 1:16-cv-01301-PAB-GPG   Document 387   Filed 04/07/19   USDC Colorado   Page 8 of 11

explored with the proposed witnesses the topics outline in Plaintiffs' application. *See* ECF #338, p. 4. The proposed lines of questioning are logical-given Plaintiffs' view of the import of the Affiliation Agreement. On that topic, Marriott argues that Plaintiffs had an opportunity to depose Mr. Harris and passed on that opportunity. While true, the more appropriate question is whether Plaintiffs would have chosen to depose Harris if they had been in possession of the Affiliation Agreement at the time that decision was made. As indicated in Plaintiffs' omnibus reply, Plaintiffs would have deposed Harris knowing what they know now about the Affiliation Agreement. *See* omnibus reply (ECF #357, p. 7, fn 3).

For all of the aforementioned reasons, the Court finds that additional depositions are an appropriate remedy to correct the late provision of the Affiliation Agreement. But four is too many, is cumulative, and is unnecessary. The point(s) to be made with the potential deponents are important but do not merit repetition with four more depositions. Two is the appropriate balance to make Plaintiffs whole but to not be unduly cumulative. Two depositions, chosen wisely by Plaintiffs, allows for a fair sampling of perspectives on the topic that might be inhibited were only one additional deposition allowed. The Court keeps in mind that the parties already agreed to some additional written discovery which certainly supplements these depositions. Given the limited scope of questioning, no more than two hours per deposition is warranted. Finally, Marriot is to pay all reasonable fees and costs associated with the additional depositions and the depositions may be conducted via videoconference in order to mitigate costs. While the Court is mindful that Aspen Highlands bears no responsibility for the discovery dispute, there is no way to mitigate this situation without implicating that party in the remedy. Therefore, Marriott shall pay Aspen Highland's reasonable fees and costs associated with the additional depositions as well.

2.      Motion to compel:

Plaintiffs mention that they may seek a motion to compel (ECF #338, p. 3).   At this moment, as no motion to compel is sought, the Court issues no Order on this topic.

3.      Motion for fees and costs on a motion to compel:

This topic is also not ripe.

4.      Jury instruction:

Plaintiffs request a jury instruction as set forth in their application (ECF #338, p. 6).   The requested instruction reads as follows:

> Before this trial, the parties were required to exchange documents and other information in a process known as discovery. The Court has found that the Marriott Defendants violated the rules of discovery by not giving Plaintiffs a copy of the 2013 Affiliation Agreement when they should have. You may consider this failure when evaluating the evidence.

Essentially, Plaintiffs argue that the instruction set forth above would allow-but not require-the jury to find a permissible inference against Marriott.   *Id*.   Plaintiffs also note that they will argue that the Affiliation Agreement was deliberately concealed from the Board.   *Id*. Plaintiffs continue the argument as to why a curative instruction is warranted based on these circumstances in Plaintiffs' omnibus reply (ECF #357).   Both Marriott and Aspen Highlands oppose.   *See* Marriott's opposition (ECF #346) and *see* Aspen Highland's response (ECF #343).

Going back to the Court's New Year's Eve Order, I keep in mind that there was a discovery violation but the violation was not in bad faith nor was it willful misconduct. The Court's intent is to put the parties back on as level a playing field as possible, not to afford one party a possible leg up at trial. Simply put, this is not a case where the Court, in its considered judgment, believes that a jury instruction is warranted to rectify this situation. The discovery in this action has been complex, expensive, and long lasting. It has not been perfect but the parties have been moving through this complex process in a reasonable and diligent fashion. Neither this specific instance of late discovery nor the course of discovery over the life of this case convince the Court that a jury instruction would be fair or just in this circumstance. As I have specifically found the failure to timely provide the Affiliation Agreement neither willful nor in bad faith, the mere negligent failure does not warrant an adverse influence instruction. *See Estate of Trentadue ex rel. Aguilar v. U.S.*, 397 F.3d 840, 862-63 (10th Cir. 2005).

As the discovery violation can and will be remedied by other measures, no jury instruction on the topic of any sort is warranted. The appropriate remedies are those agreed to by the parties, the additional depositions (which Marriott will pay for), and a potential 7th amended complaint-still being litigated in other filings.

For the foregoing reasons the Court Orders that Plaintiffs may depose, at their pleasure, two of the four listed potential additional deponents. Each deposition may be for no more than two (2) hours, will generally be limited to those topics listed in the motion and omnibus reply, and may be conducted by video.

It is further Ordered that Marriott shall pay the reasonable fees and expenses of Plaintiffs and Aspen Highlands for the depositions.

It is further Ordered that Plaintiffs' request for a jury instruction on the topic is denied.

Dated at Grand Junction, Colorado, this April 7, 2019.

_____

Gordon P. Gallagher

United States Magistrate Judge