# EXHIBIT N

**Kaplan, Roger (Shld-NJ-LT)**

| | |
|---|---|
| **From:** | Michael Schrag <mls@classlawgroup.com> |
| **Sent:** | Monday, August 5, 2019 6:17 PM |
| **To:** | Kaplan, Roger (Shld-NJ-LT) |
| **Cc:** | matt@matthewfergusonlaw.com; michael@reiserlaw.com; Marx, Ian (Shld-NJ-LT); Sellinger, Philip R. (Shld-NJ-LT); Schleifstein, Todd (OfCnsl-NJ-LT) |
| **Subject:** | RE: RHCFU v. Marriott -Mr. Simon's Notes and Memorandum |

Roger:  Without waiving any privileges or rights, we are willing to produce Simon's memo to the extent that it reflects the facts of what transpired at the presentation.  We need to review the memo again to determine whether there are privileged communications within it that must be redacted.  We should be able to produce it by Wednesday.

Michael

Michael Schrag | Attorney
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, CA 94612
Phone: (510) 350-9718
Fax: (510) 350-9701
www.classlawgroup.com

**From:** KaplanR@gtlaw.com <KaplanR@gtlaw.com>
**Sent:** Monday, August 5, 2019 2:25 PM
**To:** Michael Schrag <mls@classlawgroup.com>
**Cc:** matt@matthewfergusonlaw.com; michael@reiserlaw.com; MarxI@gtlaw.com; SellingerP@gtlaw.com; SchleifsteinT@gtlaw.com
**Subject:** RE: RHCFU v. Marriott -Mr. Simon's Notes and Memorandum

Mike:

Can you please provide Plaintiffs' position on this?

Thank you.

**Roger Kaplan**
Shareholder
Greenberg Traurig, LLP
500 Campus Drive, Suite 400 | Florham Park, NJ 07932-0677
T +1 973.360.7957  |  F +1 973.295.1257  |  C +1 201.841.8285
KaplanR@gtlaw.com  |  www.gtlaw.com  |  View GT Biography

**GT** GreenbergTraurig

**From:** Michael Schrag [mailto:mls@classlawgroup.com]
**Sent:** Friday, August 2, 2019 6:14 PM
**To:** Kaplan, Roger (Shld-NJ-LT) <KaplanR@gtlaw.com>
**Cc:** matt@matthewfergusonlaw.com; michael@reiserlaw.com; Marx, Ian (Shld-NJ-LT) <MarxI@gtlaw.com>; Sellinger, Philip R. (Shld-NJ-LT) <SellingerP@gtlaw.com>; Rodriguez, Manuel E. (Para-NJ-LT) <rodriguezme@gtlaw.com>; Scavelli, Greg (Para-NJ-LT) <scavellig@gtlaw.com>; Schindler, Barry (Shld-NJ-IP-Tech) <SchindlerB@gtlaw.com>
**Subject:** Re: RHCFU v. Marriott -Mr. Simon's Notes and Memorandum

**\*EXTERNAL OF GT\***

Roger: I'm in a deposition today but we should be able to respond by Monday as you request.
Michael

Sent from my iPhone

On Aug 2, 2019, at 4:46 AM, "KaplanR@gtlaw.com" <KaplanR@gtlaw.com> wrote:

> Counsel:
>
> I am following up on this subject, our meet and confer on Tuesday, July 30, 2019, and our prior emails on this subject, including the attached email below:
>
> Please provide us with a response by Monday, August 5, 2019, whether you will produce:
>
> (i)   Any notes or other documents retained by Mr. Simon from the MVC Newport Coast Villas sales presentation on September 23, 2018;
>
> (ii)  Mr. Simon's memorandum of September 24, 2018, regarding that sales presentation; and
>
> (iii) Any communications between the MVC sales executives with  Mr. Simon, before, during or after the sales presentation, either inviting him to the presentation, making arrangements, providing him with information, or following up on the presentation.
>
> Please provide any documents that you will produce by no later than Wednesday, August 7, 2019.
>
> Thank you.
>
> **Roger B. Kaplan**
> Shareholder
> Greenberg Traurig, LLP
> 500 Campus Drive, Suite 400 | Florham Park, NJ 07932-0677
> T +1 973.360.7957  | F +1 973.295.1257  | C +1 201.841.8285
> KaplanR@gtlaw.com | www.gtlaw.com  |  View GT Biography
>
> <image001.png>

**From:** Kaplan, Roger (Shld-NJ-LT)
**Sent:** Tuesday, July 30, 2019 6:58 PM
**To:** Michael Schrag (mls@classlawgroup.com) <mls@classlawgroup.com>; Matthew C. Ferguson (matt@matthewfergusonlaw.com) <matt@matthewfergusonlaw.com>; Michael Reiser (michael@reiserlaw.com) <michael@reiserlaw.com>
**Cc:** Marx, Ian (Shld-NJ-LT) <MarxI@gtlaw.com>
**Subject:** RHCFU v. Marriott - Meet and Confer Conference Call re Mr. Simon's Notes and Memorandum

Counsel:

This will follow up on our meet-and-confer conference call earlier today concerning our request for production of the notes of Jon R. Simon relating to his attendance at an MVC sales presentation at MVC Newport Coast Villas on September 23, 2018. On the call was Ian Marx and myself for the Marriott Defendants, and Michael Schrag, Matthew Ferguson and Michael Reiser for Plaintiffs.

During the conference call, you advised us as follows:

- You advised that Mr. Simon retained some notes prepared by the MVC sales executive(s) during the presentation which primarily contain calculations as to points, prices and related matters, and stated that you will produce these notes.

- You also agreed to produce any communications by the MVC sales executives to Mr. Simon, before and after the sales presentation, either inviting him to the presentation, making arrangements, or following up on the presentation.

- You advised that Mr. Simon did not retain his notes made during the sales presentation, but prepared a memorandum to counsel dated September 24, 2018, summarizing the sales presentation, which was based on his notes and his recollection of the presentation.

During the conference call, you questioned why the memorandum by Mr. Simon to counsel would not be privileged or protected. In response, I advised you that Mr. Simon's summary of what took place at the sales presentation, and what was said, was not an attorney-client communication, and would not be subject to a claim of work product -- even if Mr. Simon's analysis of the sales presentation was subject to a claim of work product. You asked if we could supply you with any authority on this point. We noted that we did not have authority to cite during the call because we were just informed during the call that there was a memorandum by Mr. Simon to counsel, and we advised you that we would get back to you with such authority. As a result, please be advised as follows:

First, the Mr. Simon's memorandum is, plainly, not an attorney-client communication because it was not a communication between an attorney and his or her client. Second, as for the work product doctrine, as noted in *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995):

> Because the work product doctrine is intended only to guard against divulging the attorney's strategies and legal impressions, it does not protect facts concerning the creation of work product or facts contained within work product. Thus, work product does not preclude inquiry into the mere fact of an investigation.

*See also Hansen Constr., Inc. v. Everest Nat'l Ins. Co*., No. 16-CV-02902-CMA-GPG, 2017 WL 7726711, at *1 (D. Colo. July 28, 2017) ("the work product doctrine is intended only to guard against divulging the attorney's strategies and legal impressions, it does not protect facts concerning the creation of work product or facts contained within work product") (quoting *Resolution Trust Corp. v. Dabney*); *Commc'ns Corp. v. Jaxon Eng'g & Maint., Inc.,* No. 10-CV-02868-MSK-KMT, 2014 WL 183303, at *5 (D. Colo. Jan. 12, 2014) ("the work-product doctrine is intended only to guard against divulging the attorney's strategies and legal impressions, it does not protect facts concerning creation of work product or facts contained within work product. Thus, work product does not preclude inquiry into the mere fact of investigation.") (citing *Resolution Trust Corp. v. Dabney*). In sum, even for *attorney created* work product – as opposed to work product of a non-attorney – only the attorney's "strategies and legal impressions" are protected, but the facts contained in the work product are not. Thus, *even if* Mr. Simon's memorandum was work product, the "*facts*" reflected in the memorandum as to what transpired during the sales presentation, and what was discussed, are not protected.

Similarly, the Committee Notes on the 2010 Amendments to Rule 26(b)(4), Fed. R. Civ. P., states:

> Rules 26(b)(4)(B) and (C) do not impede discovery about the opinions to be offered by the expert or the development, foundation, or basis of those opinions. For example, the expert's testing of material involved in litigation, and notes of any such testing, would not be exempted from discovery by this rule. ***Similarly, inquiry about communications the expert had with anyone other than the party's counsel about the opinions expressed is unaffected by the rule.*** (Emphasis added).

As the Court in *Republic of Ecuador v. For Issuance of a Subpoena Under 28 U.S.C. Sec. 1782(a)*, 735 F.3d 1179, 1187 (10th Cir. 2013), noted:

[T]he underlying purpose of the 2010 revision was to return the work-product doctrine to its traditional understanding. The drafters articulated: "The refocus of disclosure on 'facts and data' is meant to limit disclosure to material of a factual nature by excluding theories or mental impressions of counsel." Fed.R.Civ.P. 26(a)(2)(B) (2010 Comments). Thus, Rule 26(b)(4), especially subdivision (C), restores the core understanding that the work-product doctrine solely protects the inner workings of an attorney's mind. Though Chevron argues that "facts or data" is to be construed narrowly to limit discovery to the bare-bones factual information underlying an expert's opinion, Aplt. Br. 29, the comments reinforce the strong preference for broad discovery of expert materials: "[T]he intention is that 'facts or data' be interpreted broadly to require disclosure of any material considered by the expert, from whatever source, that contains factual ingredients." Fed.R.Civ.P. 26(a)(2)(B) (2010 Comments). This indifference as to the source of material refutes Chevron's contention that documents provided to an expert by a party are protected under Rule 26(b)(3). And materials containing "factual ingredients" include far more than materials made up solely of "facts or data."

*See also Chevron Corp. v. Stratus Consulting, Inc.*, No. 10-CV-00047-MSK-MEH, 2010 WL 3923092, at *8 (D. Colo. Oct. 1, 2010).

Given the foregoing, we think it is clear that we are entitled to Mr. Simon's memorandum -- certainly to the extent it reflects what transpired at the sales presentation, which would not be protected by the attorney-client privilege or the work product doctrine. Please let us know as soon as possible whether you will produce this memorandum as well as the other documents discussed during our call.

**Roger Kaplan**
Shareholder

Greenberg Traurig, LLP
500 Campus Drive, Suite 400 | Florham Park, NJ 07932-0677
T +1 973.360.7957   | F +1 973.295.1257   | C +1 201.841.8285
KaplanR@gtlaw.com  |  www.gtlaw.com  |  View GT Biography

<image001.png>

Attorneys for the Marriott Defendants

---

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.