IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 16-01301 PAB

RCHFU, LLC, et al.

      Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, et al.

      Defendants.

---

**DEFENDANT THE RITZ-CARLTON MANAGEMENT COMPANY, LLC'S UNOPPOSED MOTION TO GROUP TOGETHER PARAGRAPHS OF RESPONSE TO STATEMENT OF UNDISPUTED MATERIAL FACTS, OR IN THE ALTERNATIVE, TO EXCEED PAGE LIMITATION**

---

In connection with Plaintiffs' motion for partial summary judgment (the "PSJ Motion," ECF #452), Defendant The Ritz-Carlton Management Company, LLC ("RC Management") respectfully seeks leave to deviate slightly from the provisions of Rule III(F)(3)(b)(iv) of this Court's Practice Standards by responding to Plaintiffs' Statement of Undisputed Material Facts by identifying in one sentence at the outset of its Response to the Statement of Undisputed Material Facts the approximately 40 or so facts that it does not dispute for purposes of the PSJ Motion.  In the alternative, RC Management seeks leave to exceed the page limitation set forth in Rule III(F)(3)(a) of this Court's Practice Standards, as modified by the Court's July 24, 2019 Order (ECF #439) by no more than two pages with respect to the PSJ Motion.  In support of this motion, RC Management states as follows:

## **CERTIFICATE PURSUANT TO L. CIV. R. 7.1(a)**

1.      The Marriott Defendants' counsel have conferred with counsel for Plaintiffs and Defendant Aspen Highlands Condominium Association, Inc. (the "Association").  The Association consents to the relief sought.  Plaintiffs do not object to RC Management's request to use a single sentence at the outset of its Response to their Statement of Undisputed Material Facts to identify the approximately 40 or so facts that RC Management that does not dispute, and if that relief is denied, Plaintiffs do not object to RC Management's alternative request for an additional two pages for its opposition to the PSJ Motion, provided that Plaintiffs have up to one more page on a reply submission if a similar issue arises.

## **PROCEDURAL HISTORY**

2.      On July 22 and 23, 2019, respectively, Plaintiffs and Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., RC Management, The Cobalt Travel Company, LLC, and The Lion & Crown Travel Co., LLC (collectively, "Marriott Defendants"), each submitted unopposed motions for an additional five pages for their respective partial summary judgment motions.  ECF ##435, 436.  The Court granted both requests in its July 24, 2019 Order, and further provided all parties with an additional five pages for their respective oppositions to the adverse parties' partial summary judgment motions.  ECF #439.  Each side was thus given 25 pages for their respective motions and oppositions.

3.      Plaintiffs and the Marriott Defendants each filed their respective motions for partial summary judgment on July 29, 2019.  ECF ##441, 452.

4.      On August 8, 2019, RC Management moved, over Plaintiffs' objection, for an 11-day extension of time, from August 19 to August 30, 2019, to oppose the PSJ Motion.  ECF

#456. By Order dated August 8, 2019, the Court granted RC Management's motion in part, extending the time by which it must oppose the PSJ Motion to August 26, 2019. ECF #457.

## GROUNDS FOR THIS MOTION

5.  Plaintiffs' PSJ Motion includes an 84-paragraph statement of undisputed material facts (which, including the sub-parts of paragraph 84, is actually 96 paragraphs). RCF #452 at 2-17.

6.  Rule III(F)(3)(b)(iv) of this Court's Practice Standards requires RC Management, "in a section . . . styled 'Response to Statement of Undisputed Material Facts,'" to "admit or deny the asserted material facts set forth by" Plaintiffs "in separate paragraphs numbered to correspond to [Plaintiffs'] paragraph numbering." Moreover, the Rule further requires that, for any denial, RC Management provide a "**brief** factual explanation of the reason(s) for the denial and a **specific reference** to material in the record supporting the denial." (Emphasis in original.)

7.  In addition, Rule III(F)(3)(b)(v) of this Court's Practice Standards requires that, if RC Management "believes that there exist additional **disputed** questions of fact which it has not adequately addressed in the submissions it has made pursuant to" Rule III(F)(3)(b)(iv), it "shall, in a separate section . . . styled 'Statement of Additional Disputed Facts,' set forth in simple, declarative sentences, **separately numbered and paragraphed**, each additional, material disputed fact which undercuts [Plaintiffs'] claim that [they are] entitled to judgment as a matter of law." (Emphasis in original.) The Rule further provides that "[e]ach separately numbered and paragraphed fact shall be accompanied by a **specific reference** to material in the record which establishes the fact or at least demonstrates that it is disputed." (Emphasis in original.)

8. Moreover, pursuant to Rule III(F)(3)(a) of this Court's Practice Standards, the 25 pages allotted to RC Management must include all three of its (a) response to Plaintiffs' statement of undisputed material facts; (b) statement of disputed material facts; and (c) legal argument in opposition to the PSJ Motion.

9. RC Management has prepared multiple drafts of its opposition to the PSJ Motion in a diligent and good faith effort to comply with the 25-page limit under the above conditions. It has determined that, by grouping together the approximately 40 paragraphs of Plaintiffs' statement of undisputed material facts that it does not dispute for purposes of the PSJ Motion, its response will comply with the current page limit.

10. RC Management has likewise determined that, if the above approach is not permitted, it will require 27 pages to adequately (a) respond to Plaintiffs' voluminous statement of undisputed material facts in the specific manner and with the level of detail and evidentiary support required by this Court's Practice Standards; (b) set forth a separate statement of disputed material facts, also in the specific manner and with the level of detail and evidentiary support required by the Court's Practice Standards (an additional element that was not required of Plaintiffs in the PSJ Motion, and thus did not count against the 25 pages they were allotted); and (c) explain, through a coherent and comprehensive legal argument, why Plaintiffs are not entitled to judgment as a matter of law with respect to certain claims and parts of claims pleaded in the Seventh Amended Complaint. RC Management thus, in the alternative, seeks leave to submit a 27-page opposition to the PSJ Motion.

11. The Marriott Defendants consent to providing Plaintiffs, as they have requested, with up to one more page on a reply submission if a similar issue arises.

WHEREFORE, RC Management respectfully requests that this Court allow it respond to Plaintiffs' Statement of Undisputed Material Facts in the PSJ Motion by identifying in one sentence at the outset of its Response to the Statement of Undisputed Material Facts the facts that RC Management does not dispute for purposes of the PSJ Motion. In the alternative, RC Management respectfully requests an expansion of the page limitation on its forthcoming response to the PSJ Motion by two pages, for a total of 27 pages.

Dated: August 21, 2019

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: _s/ Ian S. Marx_
Naomi G. Beer
Philip R. Sellinger
Ian S. Marx
1200 Seventeenth Street, Suite 2400
Denver, Colorado 80202
Tel: 303.572.6500 / Fax: 303.572.6540
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
Tel: 973.360.7900 / Fax: 973.301.8410
Email:  BeerN@gtlaw.com,
SellingerP@gtlaw.com,  MarxI@gtlaw.com

*Attorneys for The Ritz-Carlton Management Company, LLC*

CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of August, 2019, a true and accurate copy of the foregoing **DEFENDANT THE RITZ-CARLTON MANAGEMENT COMPANY, INC.'S UNOPPOSED MOTION TO GROUP TOGETHER PARAGRAPHS OF RESPONSE TO STATEMENT OF UNDISPUTED MATERIAL FACTS, OR IN THE ALTERNATIVE, TO EXCEED PAGE LIMITATION** was filed and served with the Clerk of the Court via CM/ECF filing system which will send notification to the following:

Michael J. Reiser
Law Office of Michael J. Reiser
1475 N Broadway, Suite 300
Walnut Creek, CA 94596
*Counsel for Plaintiffs*

Matthew C. Ferguson
The Matthew C. Ferguson Law Firm, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611
*Counsel for Plaintiffs*

Tyler R. Meade
The Meade Firm P.C.
1816 Fifth Street
Berkeley, CA 94710
*Counsel for Plaintiffs*

Linda Pham Lam
Michael Schrag
Gibbs Law Group LLP
505 14th Street, Suite 1100
Oakland, CA 94612
*Counsel for Plaintiffs*

Jessica Black Livingston
Hogan Lovells US LLP
1601 Wewatta Street, Suite 900
Denver, Colorado 80202
*Counsel for Defendant*
*Aspen Highlands Condominium Association, Inc.*

                                                   *s/ Jaclyn DeMais*
                                                      Jaclyn DeMais
                                        *(Original on file at offices of Greenberg Traurig,*
                                        *LLP, pursuant to C.R.C.P. 121, § 1-26)*