# EXHIBIT 29

### ARTICLES OF INCORPORATION
### OF
### ASPEN HIGHLANDS
### CONDOMINIUM ASSOCIATION, INC.

19991230923  C
$    50.00
SECRETARY OF STATE
12-09-1999  16:23:44

The undersigned, acting as incorporator of a corporation under the Colorado Revised Nonprofit Corporation Act (Articles 121 through 137 of Title 7, CRS, as amended) hereby certifies the following Articles:

## ARTICLE I.
### Name

The name of the corporation shall be Aspen Highlands Condominium Association, Inc. (the "Association").

## ARTICLE II.
### Definitions

Unless defined herein or unless the context otherwise requires, all terms used in these Articles of Incorporation shall have the same meaning as the identical terms utilized in the Declaration of Condominium (the "Condominium Declaration") for Aspen Highlands Condominiums (the "Condominium") to be recorded in the office of the Clerk and recorder of Pitkin County, Colorado.

## ARTICLE III.
### Period Of Duration

The Association shall exist in perpetuity from and after the date of filing of these Articles of Incorporation with the Colorado Secretary of State, until and unless terminated and dissolved according to the Condominium Declaration or Colorado law.

## ARTICLE IV.
### Purposes

4.1    The primary purposes for which the Association is organized is to manage, administer, operate and maintain the Condominium to be located on and within Lots 4 and 8, Supplemental Plat for Block D, Aspen Highlands Village P.U.D., Pitkin County, Colorado according to the Plat thereof filed with the Clerk and Recorder of Pitkin County, Colorado on September 28, 1999, at Plat Book 51, Page 41, Reception Number 436003. The Condominium will be created by and in accordance with the Condominium Declaration and the condominium map to be filed in the records of the Clerk and Recorder of Pitkin County, Colorado. At the option of the Declarant, the Condominium may be expanded to include Lot 2, Supplemental Plat for Block D, Aspen Highlands Village P.U.D., Pitkin County, Colorado.

4.2    The purposes of the Association are also (i) to preserve, protect and enhance the value and amenities of the Condominium; (ii) to promote the health, safety and welfare of the Owners of Units and Fractional Ownership Interests (collectively, the "Owners") in the Condominium; and, (iii) to provide for the use and enjoyment of the Condominium by the Owners, all in accordance with the Condominium Declaration and the Association Documents, the Colorado Common Interest Ownership Act and the Colorado Revised Nonprofit Corporation Act, each as amended, revised or supplemented from time to time.

Articles of incorporation - AHCA (20999 (filed copy)

RC 003887

4.3    The Association shall be a nonprofit corporation under the laws of the State of Colorado and shall have no capital stock. The Association does not contemplate any pecuniary gain or profit for the members thereof.

## ARTICLE V.
### Powers

In furtherance of the purposes stated above, the Association shall have and may exercise all of the rights, powers, privileges, and immunities now or subsequently conferred upon or not prohibited of nonprofit corporations organized under the laws of the State of Colorado, by the Colorado Common Interest Ownership Act or granted under the Condominium Declaration, including but not limited to, the following:

5.1    To operate, manage, maintain, administer, insure, repair, replace, reconstruct and improve the Condominium.

5.2    To operate, manage and administer the Plan of Fractional Ownership that may be created in the Condominium by the Declarant.

5.3    To adopt a budget and make and collect assessments against members to defray the costs of operating, managing, maintaining, administering, insuring, repairing, replacing, reconstructing and improving the Condominium and the Plan of Fractional Ownership including the payment of Membership Program Dues and real estate taxes.

5.4    To use the proceeds of assessments in the exercise of its powers and duties.

5.5    To promulgate and amend rules and regulations respecting the use of the Condominium by Owners, visitors and guests.

5.6    To enforce by legal means the provisions of the various Association Documents, including but not limited to, the Condominium Declaration, these Articles of Incorporation, the bylaws of the Association and the rules and regulations of the Condominium.

5.7    To contract for the management of the Condominium and to delegate to such contractor all powers and duties of the Association except such as are specifically required by the various Association Documents or Colorado law to have approval of the board of directors or the members of the Association. Notwithstanding any provisions contained in these Articles of Incorporation to the contrary, it is the intent of these Articles of Incorporation that the board of directors of the Association shall not be able to independently terminate a contract for the management of the Condominium without a vote of the Owners as provided by Colorado law, by the Condominium Declaration and the bylaws.

5.8    To merge the Condominium with any other condominium or common interest community as provided by Colorado law.

5.9    To lease, license or otherwise obtain from, and grant to, third parties beneficial use rights in and to condominium and non-condominium property. All funds and the titles to all property owned, managed or acquired by the Association and the proceeds thereof shall be held only for the benefit of the members in accordance with the provisions of the Association Documents.

5.10    To own, lease, maintain, manage, repair, replace and operate parking space units for the benefit of Owners; to promulgate, administer and enforce regulations concerning such parking

Articles of Incorporation - AHCA 120999 (filed copy)

2

RC 003888

space units; and to collect assessments related to the cost of operating, owning and leasing such parking space units.

5.11    To enter into agreements providing for the participation of Owners of Fractional Interests in those units committed to the Plan of Fractional Ownership in an exchange system or network of resorts allowing for the reciprocal use of resort properties by owners of fractional ownership interests in the Condominium.

5.12    To operate, own or manage commercial enterprises not inconsistent with the purposes of the Association.

5.13    Such other powers granted to the Association pursuant to section 38-33.3-302 of the Colorado Common Interest Ownership Act.

## ARTICLE VI.
### Members

6.1    The qualifications of members, the manner of their admission, and voting by members shall be as provided in the Condominium Declaration and the bylaws.

6.2    All Owners, whether of Units or Fractional Ownership Interests, shall be voting members of the Association, and no other persons or entities shall be entitled to voting membership. Voting membership in the Association may be divided into separate Classes and Categories as provided in the Condominium Declaration and the bylaws.

6.3    Membership in the Association is an appurtenance to each Unit or Fractional Ownership Interest and shall be automatically transferred upon the conveyance of each respective Unit or Fractional Ownership Interest.

6.4    There shall be no cumulative voting.

## ARTICLE VII.
### Directors

7.1    The affairs of the Association will be managed by a board of directors of not less than six (6) nor more than nine (9) directors as provided in the Condominium Declaration and the bylaws.

7.2    The initial board shall be appointed by the Declarant. Thereafter, Directors shall be appointed or elected, as the case may be, as provided in the Condominium Declaration and the bylaws.

## ARTICLE VIII.
### Limitation of Liability and Indemnification

8.1    No director of the Association shall have any liability to the Association or to its members for monetary damages for breach of fiduciary duty as a director, except to the extent such exemption from liability is not permitted under the Colorado Common Interest Ownership Act or the Colorado Revised Nonprofit Corporation Act. Any repeal or modification of the foregoing sentence shall not adversely affect any right or protection of a director in respect of any act or omission occurring prior to such repeal or modification.

RC 003889

8.2     No member of the Executive Board or officer of the Association shall be personally liable for any injury to person(s) or property arising out of a tort committed by an employee except to the extent such exemption from liability is not permitted under the Colorado Revised Nonprofit Corporation Act.

8.3     Except in the case of gross negligence or willful or wanton acts or omissions every director, every officer and every member of any committee of the Association shall be indemnified by the Association either directly or indirectly through insurance policies or otherwise, to the fullest extent permitted by law, against all expenses and liabilities, including attorneys' fees, reasonably incurred by or imposed upon such person in connection with any proceeding to which such person may be a party, or in which such person may become involved by reason of such person being or having been a director, officer or committee member, except in such cases where indemnification is not permitted under the Colorado Revised Nonprofit Corporation Act; provided, that in the event of a settlement, the indemnification herein shall apply only when the board of directors has approved such settlement and reimbursement as being in the best interests of the Association and not contrary to Colorado law.  The foregoing indemnification shall be in addition to and not exclusive of all other rights to which such director, officer or committee person may be entitled.

## ARTICLE IX.
### Amendments

Amendments to these Articles of Incorporation shall be proposed and adopted in the following manner:

9.1     Notice of the subject matter of a proposed amendment shall be included in the notice of any meeting at which a proposed amendment is considered.

9.2     Until the first election of a majority of directors by members other than the Declarant, approval of an amendment to these Articles of Incorporation shall require the affirmative action of two-thirds (2/3) of the board of directors, and no meeting of the members nor any approval thereof need be had.

9.3     After the first election of a majority of directors by members other than the Declarant, a resolution approving a proposed amendment may be proposed by either the board of directors or by the members of the Association, and after being proposed and approved by one of such bodies, requires the approval of the other body. Except as otherwise provided herein, such approvals must be by not less than a majority of the voting directors including the approval of a majority of the Residential Directors and a majority of the Commercial Directors of all the directors and by not less than a two-thirds (2/3) vote of the members of the Association present in person or by proxy and entitled to vote at a duly called meeting of the Association at which a quorum is present.

9.4     An amendment when adopted shall be effective when filed with the Secretary of State of the State of Colorado.

9.5     Notwithstanding the foregoing, during the Declarant Control Period, as defined in the Condominium Declaration, these Articles of Incorporation may be amended by the Declarant as may be required by any governmental entity; as may be necessary to conform these Articles of Incorporation to any governmental statutes; as may be in the best interests of the Association; or as the Declarant may deem appropriate, in its sole discretion, to carry out the purposes of the project and to expand or enhance the Plan of Fractional Ownership.

4

Articles of incorporation - AHCA 120999 (filed copy)

RC 003890

## ARTICLE X.
### Termination and Dissolution

10.1     The Association shall continue in existence until the Condominium is terminated in accordance with the Condominium Declaration or otherwise by law. Upon termination of the Condominium, the Association shall thereupon be dissolved. Notwithstanding dissolution, the Association shall continue in existence for such additional time as may be reasonably necessary to wind up and liquidate its affairs.

10.2     Upon dissolution, winding up and liquidation of its affairs, the assets of the Association shall be distributed to the members in accordance with each member's undivided ownership interest in the Condominium.

## ARTICLE XI.
### Special Meetings

Special meetings of the Association members may be called as provided in the Condominium Declaration or the bylaws.

## ARTICLE XII.
### Principal Office

The physical address of the initial principal office of the Association is 6649 Westwood Blvd., Suite 500, Orlando, FL 32821. The mailing address of the initial principal office of the Association is 6649 Westwood Blvd., Suite 500, Orlando, FL 32821.

## ARTICLE XIII.
### Registered Agent and Registered Office

The initial registered agent shall be Prentice-Hall Corporation System Inc. The initial registered office is 1560 Broadway, Denver, Colorado 80202. The registered agent or registered office or both may be changed by majority vote of the board of directors.

## ARTICLE XIV.
### Incorporator

The name and address of the incorporator to these Articles of Incorporation is as follows:

> James R. Martin
> 303 East 17th Avenue, Suite 1100
> Denver, Colorado 80203-1264

**IN WITNESS WHEREOF** the incorporator has hereto affixed the incorporator's signature this 9th day of December, 1999.

James R. Martin
303 East 17th Avenue, Suite 1100
Denver, Colorado 80203-1264

Articles of Incorporation - AHCA 120999 (filed copy)

5

RC 003891

## CONSENT OF REGISTERED AGENT

The undersigned hereby consents to the appointment as the initial registered agent of Aspen Highlands Condominium Association, Inc.

Registered Agent:

PRENTICE-HALL CORPORATION SYSTEM INC.

Authorized Signatory

RC 003892



STATE OF COLORADO
DEPARTMENT OF STATE

I hereby certify that this is a true and
complete copy of the document filed in
this office and admitted to record in

File  1999123 0923

DATED  1-7-00

Donetta Davidson

Secretary of State

By  Peggy S. DeVris

RC 003893