IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 16-01301 PAB

RCHFU, LLC, et al.

    Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, et al.

    Defendants.

---

**MARRIOTT DEFENDANTS' MEMORANDUM IN SUPPORT OF
THEIR MOTION TO RESTRICT ACCESS TO THE RESTRICTED SUPPLEMENTAL
DECLARATION OF IAN S. MARX, INCLUDING ITS EXHIBITS, IN SUPPORT OF
THEIR MOTION TO EXCLUDE (ECF #462)**

---

Pursuant to Local Civil Rule 7.2(c), Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, and The Lion & Crown Travel Co., LLC (collectively, "Marriott Defendants") respectfully submit this Motion to Restrict Access regarding their Restricted Supplemental Declaration of Ian S. Marx in Support of their Motion to Exclude Expert Testimony of Chekitan Dev, Jonathan Simon, and R. Maurice Robinson (ECF #462), including its exhibits (ECF #462-1–4)., filed on August 12, 2019 ("Restricted Declaration"). In support, the Marriott Defendants state as follows.

**COMPLIANCE WITH DISTRICT OF COLORADO LOCAL CIVIL RULE 7.1**

Counsel for the Marriott Defendants advised all parties of the substance of this motion and requested that they advise whether the relief sought would be agreed to or opposed.

Defendant Aspen Highlands Condominium Association consents to the relief sought. As of the time this motion was filed, counsel for Plaintiffs have not provided their position. The Marriott Defendants will supplement this motion after hearing back from Plaintiffs and conferring as appropriate.

## FACTUAL BACKGROUND

By way of this Motion to Restrict, the Marriott Defendants seek to protect confidential documents containing sensitive business information from public disclosure. In conjunction with their Motion to Exclude Expert Testimony of Chekitan Dev, Jonathan Simon, and R. Maurice Robinson ("Motion to Exclude," ECF #460), the Marriott Defendants filed separately the confidential and non-confidential materials submitted in support of their motion. In particular, the Declaration of Ian S. Marx in Support of Marriott Defendants' Motion to Exclude Expert Testimony of Chekitan Dev, Jonathan Simon and R. Maurice Robinson (ECF #461) ("Non-Restricted Declaration") contains non-confidential materials, while the Restricted Declaration includes only those expert reports designated by the respective experts as "Confidential" because of the sensitive nature of their contents. In particular, the Non-Restricted Declaration attaches five non-confidential expert reports and three excerpted transcripts from the depositions of three expert witnesses, and the Restricted Declaration refers to and attaches four Confidential expert reports. Accordingly, the Restricted Declaration and its exhibits were filed on a Restricted, Level 1 basis.

As summarized below, the Marriott Defendants seek to retain the Restricted, Level 1 designation of the Restricted Declaration and its exhibits because they contain competitively sensitive and confidential information regarding the Marriott Defendants' business.

# ARGUMENT

Pursuant to Local Rule 7.2(c), a motion to restrict public access shall:

(1) identify the document or the proceeding for which restriction is sought;
(2) address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction);
(3) identify a clearly defined and serious injury that would result if access is not restricted;
(4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and
(5) identify the level of restriction sought.

D. COLO. LOCAL CIV. R. 7.2(c). "It is beyond question that this [c]ourt has discretionary power to control and seal, if necessary, records and files in its possession." *United States v. Dillard*, 795 F.3d 1191, 1205 (10th Cir. 2015) (quoting *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir.1980)). Indeed, a court may, in its discretion, restrict the public's right to access to judicial records

> if the public's right of access is outweighed by competing interests. In exercising this discretion, we weigh the interests of the public, which are presumptively paramount, against those advanced by the parties. To overcome this presumption against sealing, the party seeking to seal records must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process.

*JetAway Aviation, LLC v. Bd. of Cty. Comm'rs of Cty. of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014) (internal citations and quotation marks omitted); *see also Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (the presumption in favor of public access is "not absolute," and is overcome where "countervailing interests outweigh the public interests in access."). "[A] sufficient showing to overcome the presumption may be found where the records contain . . . business information that might harm a litigant's competitive standing, . . .

. information which could harm the competitive interests of third parties, . . . or private or personally identifiable information, . . . or otherwise invade privacy interests[.]" *Anderson v. Walgreen Co.*, 14-cv-02642-RM-MJW, 2016 U.S. Dist. LEXIS 1740, at *4 (D. Colo. Jan. 7, 2016) (internal citations and quotation marks omitted).

Restriction is appropriate where records may become "a vehicle for an improper purpose," including where the documents at issue are "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Thus, courts have long recognized that a party's interest in maintaining confidentiality of competitively sensitive documents outweighs the public's general interest in access to court records: "[c]ommercial competitors seeking an advantage over rivals need not be indulged" in favor of public access "in the name of monitoring the courts." *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995); *see Hershey v. ExxonMobil Oil Corp.*, 550 F. App'x 566, 574 (10th Cir. 2013) (maintaining "confidential commercial competitive information" under seal).

This Court has restricted documents, including briefs and exhibits, submitted in support of motions to exclude expert testimony. *See Teets v. Great-W. Life & Annuity Ins. Co.*, 2016 WL 1586418, at *3 (D. Colo. Apr. 20, 2016). The Court in *Teets* noted that restriction was appropriate because the "wholesale disclosure" of the at-issue documents submitted in support of the defendant's motion to exclude expert testimony "could put [defendant] at a competitive disadvantage." *Id.*

Similarly here, the Restricted Declaration and the four expert reports that accompany it, for which the Marriott Defendants seek a Level 1 Restriction, meet the standards for restricting

4

public access.  The four reports were authored by three experts: (1) Chekitan Dev (Plaintiffs' expert); Ceridwyn King (Marriott Defendants' expert); and (3) Mark Israel (Marriott Defendants' expert).  Each expert designated their reports as Confidential under the Protective Order in this case (ECF #100).  These reports analyze and discuss sensitive, internal information regarding the Marriott Defendants' business in support of their conclusions.  This information includes price data, business valuations, marketing information, consumer research, inventory details, and other similar information.

Disclosure of this type of information would harm the Marriott Defendants because a competitor in the same or similar industry could glean, and ultimately copy, the Marriott Defendants' business strategy or unfairly utilize this information for their own benefit.  Indeed, the protection of competitively sensitive information has long been recognized as a compelling reason to maintain the confidentiality of documents filed in the court record.  *See, e.g., Nixon*, 435 U.S. at 598; *Hershey*, 550 F. App'x at 574; *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (documents that contained competitively sensitive information, such as "pricing terms," should remain under seal); *In re Qualcomm Litig.*, No. 3:17-CV-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (sealed filing is appropriate to "prevent competitors from gaining insight into the parties' business model and strategy"); *Bauer Bros. LLC v. Nike, Inc.*, No. 09CV500-WQH-BGS, 2012 WL 1899838, at *2 (S.D. Cal. May 24, 2012) (sealing documents that revealed business information such as defendant's marketing strategies and sales and retailer data).  Accordingly, the need for protection outweighs the public interest in disclosure.

## CONCLUSION

For the foregoing reasons, the Marriott Defendants respectfully request that this Court grant their Motion to Restrict Access and maintain the Level 1 restriction for the Restricted Declaration (ECF #462), including its exhibits (ECF #462-1–4).

Dated:  August 26, 2019

Respectfully submitted,

GREENBERG TRAURIG, LLP

By:  *s/ Ian S. Marx*
Philip R. Sellinger
Ian S. Marx
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
Tel: 973.360.7900 / Fax: 973.301.8410
Email:  SellingerP@gtlaw.com,  MarxI@gtlaw.com

*Attorneys for the Marriott Defendants*

CERTIFICATE OF SERVICE

      I hereby certify that on this 26th day of August, 2019, a true and accurate copy of the foregoing **MEMORANDUM IN SUPPORT OF THE MARRIOTT DEFENDANTS' MOTION TO RESTRICT ACCESS TO THE RESTRICTED SUPPLEMENTAL DECLARATION OF IAN S. MARX, INCLUDING ITS EXHIBITS, IN SUPPORT OF THEIR MOTION TO EXCLUDE (ECF #462)** was filed and served with the Clerk of the Court via CM/ECF filing system which will send notification to the following:

Michael J. Reiser
Law Office of Michael J. Reiser
1475 N Broadway, Suite 300
Walnut Creek, CA 94596
*Counsel for Plaintiffs*

Matthew C. Ferguson
The Matthew C. Ferguson Law Firm, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611
*Counsel for Plaintiffs*

Tyler R. Meade
The Meade Firm P.C.
1816 Fifth Street
Berkeley, CA 94710
*Counsel for Plaintiffs*

Linda Pham Lam
Michael Schrag
Gibbs Law Group LLP
505 14th Street, Suite 1100
Oakland, CA 94612
*Counsel for Plaintiffs*

Jessica Black Livingston
Hogan Lovells US LLP
1601 Wewatta Street, Suite 900
Denver, Colorado 80202
*Counsel for Defendant*
*Aspen Highlands Condominium Association, Inc.*

                                                  *s/ Jaclyn DeMais*
                                                  Jaclyn DeMais

7