IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 16-01301 PAB

RCHFU, LLC, et al.

       Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, et al.

       Defendants.

---

**MARRIOTT DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION TO RESTRICT ACCESS TO CERTAIN SUMMARY JUDGMENT FILINGS**

---

**INTRODUCTION**

On July 29, 2019, Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, and The Lion & Crown Travel Co., LLC (collectively, "Marriott Defendants") and Plaintiffs both filed motions for summary judgment (ECF ##442, 443, 444, 445, and 452)[1]. In connection therewith, the Marriott Defendants have moved this Court, pursuant to Local Civil

---

[1] ECF #442, 442-1 – 442-4 is the Restricted Supplemental Declaration of Ian Marx, along with four exhibits, filed by the Marriott Defendants;
ECF #443 is Plaintiff's Restricted Partial Summary Judgment Motion;
ECF #444, 444-1 – 444-29, filed by Plaintiffs, is the Restricted Declaration of Michael J. Reiser ("Reiser Declaration"), including Part 1 of the total 59 exhibits filed in support of their summary judgment motion;
ECF #445, 445-1 – 445-29, filed by Plaintiffs, is a copy of the Reiser Declaration, along with Part 2 of the total 59 exhibits filed in support of their summary judgment motion;
ECF #452 and 452-1, filed by Plaintiffs, is a corrected, refiled copy of Plaintiffs' Partial Summary Judgment Motion and Reiser Declaration.

Rule 7.2(c), to restrict access regarding the summary judgment submissions that the parties filed on a restricted basis in connection with those motions, inclusive of each filings' exhibits. The Marriott Defendants took a narrow approach regarding restrictions and filed two separate Declarations in support of their motion—one containing confidential materials, which was thus filed as restricted, and one containing non-confidential materials, which was thus publicly filed. Plaintiffs took a different approach, and filed their entire summary judgment motion, including their brief, supporting declaration, and close to 60 exhibits, on a restricted basis. In other words, the Marriott Defendants filed four specific exhibits on a restricted basis, whereas Plaintiffs filed their brief and all 59 exhibits on a restricted basis.

After filing their entire moving papers on a wholesale restricted basis, Plaintiffs now dispute that any of the documents are subject to restriction. Plaintiffs' position is untenable. As Plaintiffs point out, the Stipulated Protective Order in this case (ECF #100) ("Protective Order") applies to "confidential . . . commercial information." The documents filed reflect information that was produced in discovery on a confidential basis and contain confidential, commercial and sensitive information about the Marriott Defendants' business, which could be used by a competitor to gain an unfair advantage. Therefore, as described more fully below, the Court should maintain the Level 1 Restriction of those documents.

## ARGUMENT

As an initial matter, Plaintiffs take an inappropriately narrow view of the type of documents that require protection, which is based on a misreading of relevant decisional law. Despite Plaintiffs' suggestion to the contrary, documents containing "trade secrets" are not the only type of documents that are appropriately subject to restriction under Local Civil Rule 7.2.

2

In fact, one of the cases principally relied on by Plaintiffs, *SOLIDFX, LLC v. Jeppesen Sanderson, Inc.*, makes clear that documents containing sensitive, confidential information, which if disclosed could harm that party's competitive standing—like the documents the Marriott Defendants seek to restrict here—should be protected from public disclosure. 2012 WL 2917116, at *2 (D. Colo. July 16, 2012) ("[A]ccess properly is denied where court files might serve as a source of business information that could harm a litigant's competitive standing" (quoting *SBM Site Services, LLC v. Garrett*, 2011 WL 1375117 at *3 (D. Colo. April 12, 2011)).

The other cases upon which Plaintiffs rely are also inapplicable. For instance, in *Arkansas River Power Auth. v. The Babcock & Wilcox Co.*, the Court declined to restrict documents that contained information that had been published in a book authored by the defendant and available for sale to the public through Amazon. 2016 WL 192269, at *7 (D. Colo. Jan. 15, 2016), *aff'd sub nom. Arkansas River Power Auth. v. Babcock & Wilcox Power Co.*, 2016 WL 9734946 (D. Colo. Aug. 19, 2016)). The documents that the Marriott Defendants seek to protect from public disclosure here do not reflect information that is "already in the public domain." *Id.* Nor do Plaintiffs so allege. Moreover, in *Lucero v. Sandia Corp.*, 495 F. App'x 903, 913-14 (10th Cir. 2012) (summary order), the Tenth Circuit *granted* a motion to seal an entire volume of the parties' joint appendix, holding that the "parties' confidentiality concerns are sufficiently weighty that Volume II of the Corrected Joint Appendix should remain under seal" where, as here, the volume contained "confidential information relating to [the defendants'] personnel and business practices."

Unlike the Marriott Defendants' summary judgment submission, which separately filed confidential exhibits, Plaintiffs' restricted their entire submission. The Tenth Circuit restricts

3

public access to such filings, including briefs and exhibits, when they contain confidential information. *See, e.g.*, *Suture Express, Inc. v. Owens & Minor Distribution, Inc.*, 851 F.3d 1029, 1046–47 (10th Cir.) (granting motion to seal brief and volumes 2-25 of the joint appendix), *cert. denied sub nom. Suture Exp., Inc. v. Owens & Minor Distribution, Inc.*, 138 S. Ct. 146, 199 L. Ed. 2d 186 (2017); *Lucero*, 495 F. App'x at 913-14 (granting motion to seal volume of appendix); *Sorenson Commc'ns, Inc. v. FCC*, 659 F.3d 1035, 1041 n. 4 (10th Cir. 2011) (making orders to seal the parties' briefs and a portion of the joint appendix permanent "to protect confidential information relating to [the defendant's] finances and business practices"). Given Plaintiffs' decision to file their entire motion as restricted (rather than to make separate submissions for confidential and non-confidential documents as the Marriott Defendants did), the Court may reasonably determine that the entire submission should remain restricted, rather than go through a document-by-document analysis, as Plaintiffs now suggest is required.

But in the event the Court declines to maintain the Level 1 restriction on Plaintiffs' entire summary judgment filing, and even if the Marriott Defendants must undertake a document-by-document analysis, that analysis (which is done below), demonstrates that the restricted documents contain confidential information, and thus should remain restricted. The documents requiring protection from public disclosure generally fall into five categories:

**1. Confidential Expert Reports.** The Marriott Defendants submitted two Confidential expert reports on a restricted basis: (1) the Expert Rebuttal Report of Mark Israel, dated December 28, 2018, and (2) the Supplemental Expert Report of Jon Simon, dated June 7, 2019. *See* Supplemental Exs. C and D to the Restricted Marx Declaration (ECF ##442-3, 442-4). These reports were appropriately designated by the respective experts as Confidential under the

4

Protective Order in this case at the time they were served because they analyze and discuss confidential information to support their conclusions.  Disclosure of these reports to the public could provide competitors with access to confidential information regarding the Marriott Defendants' customer preferences, usage statistics, breakdown of inventory details, and pricing strategy and history, among other information.  Access to this information could allow competitors to target and try to usurp the Marriott Defendants' customers, steal business strategy, or undermine the Marriott Defendants' business in other ways.  *See Teets v. Great-W. Life & Annuity Ins. Co.*, 2016 WL 1586418, at *3 (D. Colo. Apr. 20, 2016) (granting motion to restrict brief and exhibits filed in support of motion to exclude expert testimony because "wholesale disclosure" of the at-issue documents "could put [defendant] at a competitive disadvantage").

Accordingly, the following documents should retain their Level 1 Restriction:  ECF #442-3 and 442-4.

**2. Internal Strategy Memoranda or Communications.**  Plaintiffs attached to the Reiser Declaration several internal memoranda and other internal communications produced in discovery by the Marriott Defendants on a confidential basis, regarding and/or reflecting corporate analysis or strategy on sensitive business issues.  *See* Exhibits 11, 19, 25, 26, 27, 28, 32, 33, and 41 of the Reiser Declaration (ECF ##444-11, -19, -25, -26, -27, -28; ECF ##445-3, -4 -12).

First, Plaintiffs attach various strategy memoranda, consisting of "Segment Updates" by the Marriott Vacations Worldwide Strategic Council and a May 24, 2012 Strategic Plan

Memorandum provided to the Marriott Vacations Worldwide Corporate Growth Committee.[2] *See* Exs. 11, 25, 26, 27, 28, 32 to the Reiser Declaration (ECF ##444-11, -25, -26, -27, -28; ECF ##445-12). These provide granular detail of the Marriott Defendants' financial results and forecasts, various sector breakdowns and analyses, upcoming projects, action items, contracts, and other business plans. Similarly, Plaintiffs have attached an email containing internal strategy discussions, expressly characterized as confidential, between members of the Member Services Team for the Ritz-Carlton Destination Club ("RCDC") and a Director for Process and Projects for Marriott Vacations Worldwide. *See* Ex. 41 to the Reiser Declaration (ECF ##445-3).

Second, Plaintiffs attach excerpts from the deposition of Stephen Weisz—Marriott Vacation Worldwide Corporations' President and CEO. Ex. 19 to the Reiser Declaration (ECF #444-19). These excerpts address the contents of the above-referenced internal strategy memoranda, thus revealing their competitively sensitive contents.

Finally, Plaintiffs attach a confidential report concerning a Member Study conducted by APCO Worldwide Inc. for Marriott Vacations Worldwide, which contains a detailed analysis of information provided by RCDC members. *See* Ex. 33 to Reiser Declaration (ECF #445-4). This study was prepared for internal use only by senior executives of Marriott Vacations Worldwide, and contains competitively sensitive information regarding members' opinions, overall satisfaction, member demographics, and strategic options.

These documents are all confidential, contain competitively sensitive information, and thus should remain restricted. Plaintiffs' contention that any such documents are "stale" is unfounded: Disclosure of the Marriott Defendants' detailed assessment of its business

---

[2] The Strategic Council and Corporate Growth Committee are comprised of senior leadership at Marriott Vacations Worldwide, including members of its Executive Committee.

performance, member satisfaction and usage trends, and strategies for potential growth could foreseeably be used by competitors to the Marriott Defendants' detriment. Such competitors could try to exploit perceived vulnerabilities, usurp or thwart potential future opportunities, or unfairly copy the Marriott Defendants' strategies. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (restricting public access is appropriate where records may become "a vehicle for an improper purpose," including where the documents at issue are "sources of business information that might harm a litigant's competitive standing"); *In re Qualcomm Litig.*, No. 3:17-CV-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (sealed filing is appropriate to "prevent competitors from gaining insight into the parties' business model and strategy").

Accordingly, the following documents should retain their Level 1 Restriction: ECF ##444-11, -19, -25, -26, -27, -28; ECF ##445-3, -4, -12.

**3. Appraisals.** Plaintiffs attached two versions of an Appraisal prepared by Cushman & Wakefield regarding the RC Club Aspen for the Bleu Florida Land Trust, a land trust that held the inventory that comprised the RCDC Portfolio Program, a points-based luxury exchange program that allowed participating members to access participating RCDC properties. Exs. 36 and 38 to the Reiser Declaration (ECF ##445-7 and 445-9). The Appraisal[3] relies on confidential, internal information provided on a confidential basis to Cushman & Wakefield for the very limited purpose of assessing the value of certain fractional interests. Similar to the Expert Reports and internal strategy memoranda discussed above, the Appraisals discuss and

---

[3] The Appraisal is the subject of a pending Motion *in Limine* filed by the Marriott Defendants on August 19, 2019, which seeks to exclude Plaintiffs from using the Appraisal at trial, for a number of reasons. ECF #475. The Marriott Defendants filed the Appraisal on a restricted basis in connection with the Motion *in Limine*. ECF #477, 477-1.

analyze this internal information, which includes details about the RC Club Aspen's inventory, product and consumer characteristics, and sales prices. The Appraisal was prepared for a very specific purpose, and its use was expressly limited to that purpose only. Public disclosure of the Appraisals will contravene that purpose, and like the Expert Reports and internal strategy memoranda, provide competitors with access to competitively sensitive information that could be used to harm the Marriott Defendants.

Accordingly, the following documents should retain their Level 1 Restriction: ECF ##445-7 and 445-9.

**4. Confidential Member Information.** Plaintiffs attach two documents containing confidential information regarding RCDC members. *See* Exs. 23 and 24 of the Reiser Declaration (ECF ##444-23, -24). First, Plaintiffs attach a table capturing member comments in response to a letter sent by the Aspen Highlands Condominium Association (Ex. 23 to the Reiser Declaration, ECF #444-23). The table contains confidential information, including individual member names, member numbers, and email addresses. Many of these members are not Plaintiffs in this case. Second, Plaintiffs include an email attaching confidential comments and communications with one particular member who is not a Plaintiff in this case. (Ex 24 to the Reiser Declaration, ECF #444-24). The document contains, among other things, his name, email address, and phone number. There is no evidence that these members intended or expected their personal information to be made public. Moreover, this information, some of which includes individual member numbers, could potentially be used for improper purposes, such as unsolicited advertising, impersonation or identity theft. *See Anderson v. Walgreen Co.*, No. 14-cv-02642-RM-MJW, 2016 U.S. Dist. LEXIS 1740, at *4 (D. Colo. Jan. 7, 2016) ("[A] sufficient showing

to overcome the presumption may be found where the records contain . . . business information that might harm a litigant's competitive standing, . . . information which could harm the competitive interests of third parties, . . . or private or personally identifiable information, . . . or otherwise invade privacy interests[.]");

Accordingly, the following documents should retain their Level 1 Restriction: ECF ##444-23 and -24.

**5. Documents Previously Filed on a Restricted Basis.** Two documents filed on a restricted basis by the Marriott Defendants in connection with their summary judgment motion are briefs initially filed by Plaintiffs themselves on a restricted basis on July 3, 2018, and August 20, 2018, in connection with their Motion for Sanctions and Default Judgment Based on APCO Documents (ECF ##282, 297). *See* Supplemental Exs. A and B to the Restricted Marx Declaration (ECF ##442-1, 442-2). These briefs were presented again to the Court by the Marriott Defendants in support of their motion for summary judgment to demonstrate that Plaintiffs have consistently characterized this case as being solely about the Affiliation. Accordingly, only those passages of the briefs referenced in the Marriott Defendants' memorandum of law are germane to their summary judgment motion. However, the rest of the filing contains confidential information centered on a confidential survey and focus group of Marriott Defendants' customers, which should be protected from public disclosure because it contains competitively sensitive information about this customer base that a competitor could unfairly use to its advantage and the Marriott Defendants' detriment, as described above.

Accordingly, the following documents should retain their Level 1 Restriction: ECF ##442-1, 442-2.

## CONCLUSION

For the foregoing reasons, the Marriott Defendants respectfully request that this Court grant their Motion to Restrict Access and maintain the Level 1 restriction for ECF #442, 443, 444, 445, and 452, inclusive of each filings' exhibits.

Dated:  August 28, 2019  Respectfully submitted,

GREENBERG TRAURIG, LLP

By:  *s/ Ian S. Marx*
Philip R. Sellinger
Ian S. Marx
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
Tel: 973.360.7900 / Fax: 973.301.8410
Email:  SellingerP@gtlaw.com,  MarxI@gtlaw.com

*Attorneys for the Marriott Defendants*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 28th day of August, 2019, a true and accurate copy of the foregoing **MARRIOTT DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION TO RESTRICT ACCESS TO CERTAIN SUMMARY JUDGMENT FILINGS** was filed and served with the Clerk of the Court via CM/ECF filing system which will send notification to the following:

Michael J. Reiser
Law Office of Michael J. Reiser
1475 N Broadway, Suite 300
Walnut Creek, CA 94596
*Counsel for Plaintiffs*

Matthew C. Ferguson
The Matthew C. Ferguson Law Firm, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611
*Counsel for Plaintiffs*

Tyler R. Meade
The Meade Firm P.C.
1816 Fifth Street
Berkeley, CA 94710
*Counsel for Plaintiffs*

Linda Pham Lam
Michael Schrag
Gibbs Law Group LLP
505 14th Street, Suite 1100
Oakland, CA 94612
*Counsel for Plaintiffs*

Jessica Black Livingston
Hogan Lovells US LLP
1601 Wewatta Street, Suite 900
Denver, Colorado 80202
*Counsel for Defendant
Aspen Highlands Condominium Association, Inc.*

*s/ Jaclyn DeMais*
Jaclyn DeMais

11