IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 16-01301 PAB

RCHFU, LLC, et al.

    Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, et al.

    Defendants.

---

**MARRIOTT DEFENDANTS' REPLY IN FURTHER SUPPORT
OF MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF #441)**

---

### RESPONSE TO STATEMENT OF ADDITIONAL DISPUTED FACTS

1. - 14.  Admit but note that such "facts" are immaterial as set forth in the Argument, *infra*.

15.  The cited testimony does not demonstrate that "Plaintiffs pursued in discovery …what uses of the Ritz Aspen by Marriott Vacation Club breached Defendants' fiduciary duties." None of the questions or testimony suggested MVCD member access to the resort through use of developer-owned fractional interests breached fiduciary duty, but, rather, demonstrate only that Plaintiffs explored access by MVCD members before the MVC Affiliation as factual background to the MVC Affiliation. Also, much of the cited testimony is not specific to RC Club Aspen.

16.-17.  The cited documents did not place the Marriott Defendants "on notice" that Plaintiffs "were seeking damages related to conduct stemming back to at least 2011." The cited documents focus only on the MVC Affiliation, described by Plaintiffs as the "at-issue affiliation," or its factual background, and do not discuss any acts or omissions unrelated to the MVC Affiliation.

1

18. The phrase "a collection of adverse terms" does not appear in the cited declarations, is too vague for a fact-based response, and is therefore denied.[1]

## ARGUMENT

**I. PLAINTIFFS DID NOT PROVIDE NOTICE THAT THEY SOUGHT RELIEF BASED ON NON-AFFILIATION-RELATED CONDUCT**

Plaintiffs argue that the Marriott Defendants should have divined, and thus were on notice, from the allegations in the 7AC, coupled with their discovery requests and questions asked at depositions, that they were seeking damages and unjust enrichment based upon non-Affiliation-Related Conduct. Pl. Br. (ECF #472) at 7-13. Neither Plaintiffs' pleadings nor the discovery record support that position. And, rather than having to guess as to what the case was about and what damages Plaintiffs might seek, the Marriott Defendants were entitled to rely on Plaintiffs' numerous Court-filed statements that they were seeking damages and unjust enrichment arising from "the Affiliation" – and nothing else. *See* Marx Reply Decl. and Exhibits. Plaintiffs have not disputed or even addressed those Court-filed statements.

**A. The 7AC and Its Referenced Documents Concern Only the MVC Affiliation.**

The authorities cited by Plaintiffs (Pl. Br. at 8) stand for only the general proposition that a complaint, which should be construed broadly, is sufficient if it puts the defendant on fair notice of the claims asserted against it. But the eight Complaints filed by Plaintiffs are hardly bare-bones "notice pleadings" requiring liberal construction. Rather, in each amendment, Plaintiffs expanded

---

[1] Regardless, Robert Harris' declaration is contradicted by his deposition testimony that, after reviewing the 2013 Affiliation Agreement, his only concerns would have been that it did not have a termination provision, and that it permitted MVCD members to use RC Club Aspen weeks deposited for marketing or promotional purposes – which he admits he knew in April 2014. Declaration of Ian Marx, dated September 3, 2019 ("Marx Reply Decl."), Ex. A at 88-94, 96-103.

the allegations with additional factual detail gleaned through ongoing discovery.² Under these circumstances, material absent from the latest version of the complaint should be construed as purposely omitted and outside the scope of Plaintiffs' claims. *See e.g.*, *Ind v. Colorado Dept. of Corrections*, 2011 WL 7063298 at *11 n.6 (D. Colo. Apr. 7, 2011) (declining to construe *pro se* complaint liberally to include additional allegations, where complaint was "detailed and Plaintiff methodically lists each claim and the legal basis for such claim," and finding that "the Court is not Plaintiff's advocate and is not at liberty to construct claims on his behalf").

In any event, the cases Plaintiffs cite are irrelevant, because the 7AC cannot be read as seeking damages for Non-Affiliation-Related Conduct. Pl. Br. at 9-10. Close examination of the paragraphs Plaintiffs cite reveals that all of the allegations pertain to the MVC Affiliation. For example, none of these paragraphs complain about – or even mention – the sale or use of developer-owned fractional interests at RC Club Aspen or access to the resort by others through the MVCD Explorer Collection, which is the Non-Affiliation-Related Conduct for which Plaintiffs now seek damages.

The absence of allegations of Non-Affiliation-Related Conduct in the pleadings is notable when compared to that of two other actions involving RCDC resorts in San Francisco and Lake Tahoe brought by most of the same counsel. The Non-Affiliation-Related Conduct allegations in these complaints demonstrates that Plaintiffs' counsel knew how to plead such liability theories where they intended to assert them. Those allegations concerned a wide variety of matters entirely unrelated to the MVC Affiliation, including (1) the allegedly improper sale of fractional interests

---

² *See* ECF ##1 at 3 (12/31/15), 1-2 (4/26/16), 40 (7/18/16), 79 (11/11/16), 109 (3/10/17), 119 (3/31/17), 250 (5/15/18), 430 (7/9/19).

to the MVC Trust; (2) the deletion of resorts from the RCDC exchange program; (3) developer rental of unused fractional interests; (4) alleged "under-selling," or cessation of sales, of fractional interests; (5) control over the homeowners' associations; and (6) complaints about representations concerning amenities and repurchase of fractional interests.[3]  In contrast, the allegations in the 7AC merely provide the factual background leading up to the MVC Affiliation and the Marriott Defendants' actions in advocating for or implementing it.

Plaintiffs themselves have repeatedly characterized this case as being solely about the MVC Affiliation.  Strikingly absent from Plaintiffs' opposition is any response to the numerous examples from their prior Court submissions (exhibited to the Declaration of Ian Marx, dated July 29, 2019 (ECF #441-1)) in which they repeatedly affirm that this case is focused solely on the MVC Affiliation, or any Court submission in which Plaintiffs affirmatively state that their claims are not any broader than that.  In fact, several of the key pieces of evidence upon which Plaintiffs now rely prove that the case is and always has been about the MVC Affiliation only, as do comments about the litigation made by Plaintiffs' counsel to the press.  *See* Marx Reply Decl. Exs. D, E. For example, Plaintiffs now rely heavily on a November 21, 2012 letter from AHCA attorney Philip Gosch (7AC Ex. N).  Pl. Br. at 2, 6, 10-11.  However, Plaintiffs characterized the letter in earlier motion practice as having "demanded that the Marriott defendants refrain from ***pursuing the affiliation with MVC***" and discussing actions taken by AHCA and other RC Club associations

---

[3]  *See* Complaint in *Petrick v. Marriott Vacations Worldwide Corp.*, Case No. CGC 15-545987 (Super. Ct., San Francisco Cnty., Cal.) ("*Petrick*," Marx Reply Decl. Ex. B) at ¶¶ 5(a)-(c), 105(a)-(d), 111-12, 114, 125, 131; Complaint in *Reiser v. Marriott Vacations Worldwide Corp.*, Docket No. 2:16-CV-00237-MCE-CKD (E.D. Cal.) ("*Reiser*," Marx Reply Decl. Ex. C) at ¶¶ 4, 6, 52-57.

"*against the affiliation with MVC*." ECF #210 at 6-7 (emphasis added); ECF #441-1 at ¶ 3.[4]

Finally, Plaintiffs fail to respond to the Marriott Defendants' argument that they have adduced no evidence that any Non-Affiliation-Related Conduct was wrongful, other than to argue conclusorily that "as fiduciaries and agents," the Marriott Defendants "could not use" unsold fractional interests "to promote the Marriott Vacation Club or take other actions they knew would harm Plaintiffs." *Id*. at 10-11. But Plaintiffs do not even allege that MVWC and MORI, the entities that controlled the use of the MVCD Program's developer-owned fractional interests, owed them fiduciary duties. Accordingly, any use of unsold fractional interests to promote the MVCD Program cannot be a fiduciary breach. *See also* ECF #481 (Opposition to Plaintiffs' Motion for Summary Judgment). With respect to RC Management, Cobalt and L&C, this Court has previously held that a breach of fiduciary duty claim cannot stand where the supposed duty is inconsistent with the parties' contractual obligations. ECF #210 at 22-23 (dismissing claim to the extent that it relates to failure to enforce restrictive covenants in Declaration of Condominium). That holding is the law of the case. *See Entel GRB, LLC v. Stull Ranches, LLC*, 840 F.3d 1239, 1241 (10th Cir. 2016) ("Law of the case doctrine . . . preclude[s] the relitigation of issues either expressly or implicitly resolved in prior proceedings in the same court.").

### B. Discovery Did Not Provide the Marriott Defendants With Notice That Plaintiffs Sought to Expand the Scope of Their Claims.

---

[4] Plaintiffs also cite to the Court's statement that the "main events at issue in this case began when Cobalt's general manager sent a letter dated July 17, 2012. . . ." Pl. Br. at 9 (citing ECF #210 at 5). But that letter only concerns the forthcoming MVC Affiliation (and other unrelated conduct about which Plaintiffs do not complain). Marx Reply Decl. Ex. F. Even Plaintiffs' most recent characterization of their claims through the repeated phrase "affiliation/exchange/points program," Pl. Br. at 1, 9-10, demonstrates that their claims concern only the MVC Affiliation, as this "affiliation" allowed RC Club Aspen owners to "exchange" unused weeks at the resort with MVCD members for "points" in the MVCD "points program."

Equally unavailing is Plaintiffs' argument that certain of their document requests and questions at depositions notified the Marriott Defendants that Plaintiffs were expanding their claims to include Non-Affiliation-Related Conduct. Pl. Br. at 11-13. The "scope of discovery under the federal rules is broad and . . . 'discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues.'" *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). Rather, "the goal [is] to allow the parties to discover whatever is necessary to prove or disprove their cases." *Professional Solutions Ins. Co. v. Mohrlang*, 2008 WL 4426016, at *2 (D. Colo. Sept. 25, 2008). *See also Pivitol Colo. II, LLC v. Triple M Beteiligungs-GMBH*, 2008 WL 349059, at *3 (D. Colo. Feb. 6, 2008) ("it is not significant that broad discovery will disclose large quantities of material which would be completely inadmissible in evidence").

Plaintiffs' pursuit of the documents identified in SADF Nos. 1-14 and 16-18, or deposition questions cited in SADF No. 15, does not substitute for their failure to allege anywhere in the 7AC that the subject matter of those documents and testimony was in any manner wrongful. Moreover, the topics covered by that discovery is pertinent only to the MVC Affiliation. For example, Plaintiffs concede that the "joint discovery charts" referenced in SADF No. 17 concerned "the Marriott Defendants' motivation for the *at-issue* affiliation. . . ." *Id*. at 7 (emphasis added).

Plaintiffs also point to documents and deposition testimony concerning 2012-13 communications with RC Club Aspen owners. *Id*. at 12. However, these focus only on the proposed MVC Affiliation and AHCA's concern with one issue: the possibility of the transfer of unsold developer-owned fractional interests at the resort to the MVC Trust. As former AHCA Board president Jay Neveloff testified, once the Marriott Defendants agreed this would not take

place, AHCA supported the MVC Affiliation. Marx Reply Decl. Ex. G at 71:14-22. In fact, earlier versions of the Complaint contained specific allegations concerning the sale of developer-owned fractional interests at RC Club Aspen, *see, e.g.*, ECF #79 (Third Amended Complaint) at ¶ 65, until Plaintiffs realized that those allegations were factually incorrect. They were then omitted from the 7AC, which (unlike the pleadings in *Petrick* and *Reiser*) does not include any allegations about the *use* of developer-owned fractional interests.[5]

## II. PLAINTIFFS' UNJUST ENRICHMENT CLAIM SHOULD BE DISMISSED

Plaintiffs' defense of their unjust enrichment claim also misses the mark. In *Harris Group, Inc. v. Robinson*, 209 P.3d 1188, 1205 (Colo. App. 2009), the court explained that unjust enrichment is "a form of restitution designed to restore the plaintiff to his or her prior status." *See also Tull v. United States*, 481 U.S. 412, 424 (1987) ("Restitution is limited to restoring the status quo and ordering the return of that which rightfully belongs to" plaintiff). The *Harris* court explained that, if damages for the tort served as restitution, plaintiff would have an adequate remedy at law and would not be entitled to an additional unjust enrichment award. *Harris*, 209 P.3d at 1206-07. Plaintiffs seek damages for the diminution in value of their interests allegedly resulting from MVCD members accessing RC Club Aspen. But they allege that this very same conduct permitted the Marriott Defendants to wrongfully profit. Thus, Plaintiffs' recovery of

---

[5] Moreover, discovery was conducted jointly with that in *Petrick* and *Reiser* – where the complaints were broader and encompassed a wide range of conduct having nothing to do with the MVC Affiliation (some going back to 2011, before the concept of the MVC Affiliation was even announced), and that are entirely absent from the 7AC and its predecessor pleadings. Thus, numerous documents were produced by the Marriott Defendants for use in all three cases, and the depositions of several high-level Marriott witnesses (*e.g.*, Lee Cunningham, Stephanie Sobeck and Richard Hayward) were triple-captioned. ECF #152 at ¶¶ 9-10; Marx Reply Decl. Ex. H at 6:5-7:25.

7

damages for the alleged diminution in value under their tort claims would duplicate their claim for relief under their theory of unjust enrichment. *See Leprino Foods Co. v. Factory Mut. Ins. Co.*, 653 F.3d 1121, 1134 (10th Cir. 2011) ("plaintiff may not receive a double recovery for the same injuries or losses arising from the same conduct"). Because Plaintiffs' legal remedies will restore the *status quo*, the unjust enrichment claim should be dismissed.[6]

### III. AHCA HAD NO POWER TO PREVENT RC CLUB ASPEN'S PARTICIPATION IN THE MVC AFFILIATION

Plaintiffs have failed to respond to the Marriott Defendants' argument that AHCA was not an intended third-party beneficiary of the 2013 Affiliation Agreement and, thus, did not have the power or standing to enforce its terms. D. Br. at 18-25.[7] If AHCA had no right to prevent the resort's participation in the MVC Affiliation (even if it refused to execute the Acknowledgement Agreement), then Plaintiffs' breach of fiduciary duty claim against AHCA – and their corresponding constructive fraud (*id*. ¶ 110) and aiding and abetting claims (*id*. ¶ 124) against the Marriott Defendants – fail as a matter of law. *Id.*

Instead, Plaintiffs argue that third-party beneficiary principles are inapplicable, because there are no contract claims against the Marriott Defendants. Pl. Br. at 18. But this is beside the

---

[6] Plaintiffs concede that there cannot be a double recovery. *See* Pl. Br. at 16 (quoting Restatement (Third) of Restitution and Unjust Enrichment § 3 (2011), cmt. c.

[7] The Court may properly determine, as a matter of law, that AHCA was not an intended third-party beneficiary of the 2013 Affiliation Agreement, and Plaintiffs have failed to raise any genuine issues of material fact that would preclude such a finding. *See* Defendants Moving Br. at 21-25. *See also Webb v. Brandon Exp., Inc.*, 2009 WL 5210120, at *4 (D. Colo. Dec. 23, 2009) (ruling "as a matter of law" that plaintiffs were not intended third-party beneficiaries of insurance contract); *see also Hawaiian Airlines, Inc. v. AAR Aircraft Servs., Inc.*, 167 F. Supp. 3d 1311, 1318 (S.D. Fla. 2016) (the determination of third-party beneficiary status under a written contract is generally a matter of law not to be submitted to the trier of fact).

8

point, as third-party beneficiary principles nonetheless govern whether AHCA had the power to prevent RC Club Aspen's participation in the MVC Affiliation if it withheld its consent. *See Hanley v. Continental Airlines, Inc.*, 687 F. Supp. 533, 537-38 (D. Colo. 1998) (third-party beneficiary under contract has standing to assert tort claim for intentional interference with contractual relations); Baskerville--*Donovan Engineers, Inc. v. Pensacola Exec. House Condo. Ass'n, Inc.*, 581 So. 2d 1301, 1303 (Fla. 1991) (recognizing that "[t]hird-party beneficiary principles have ... been employed ... in tort law").  Implicitly admitting that AHCA is not an intended third-party beneficiary, Plaintiffs instead quote at length from the 2013 Affiliation Agreement to argue that AHCA is a "necessary party" because (they wrongly assert) the resort could not have affiliated with the MVCD Program without AHCA executing an Acknowledgment Agreement. Pl. Br. at 20-21, 25.  But AHCA is already a party to this case, so the concept of "necessary party," a doctrine addressing joinder of absent parties under F.R,C,P, 19, is inapposite.

Plaintiffs also rely on section 7.1 of The Ritz-Carlton Club Membership Program Affiliation Agreement (Marx Reply Decl. Ex. I) ("AA") to argue that "Cobalt's authority is limited to affiliating" with "clubs," and not "programs."  But the AA affirms that Cobalt had sole authority to affiliate RC Club Aspen with outside exchange programs:

> By execution of this Agreement, [RCDC, AHCA, and RC Management] hereby acknowledge that [Cobalt] is responsible for exercising all of the rights and duties associated with the affiliation of the Residences at the Club **with any other program** which provides use rights to Members at various locations through exchange of use rights **or other means**, and neither [RCDC, AHCA, nor RC Management] shall affiliate or attempt to affiliate such Residences with any such program other than as directed and approved by [Cobalt].

*Id.* § 5.5 (emphasis added).  Plaintiffs concede that the resort's affiliation with the MVCD Program

9

is "an affiliation between two 'programs.'" Pl. Br. at 24. Therefore, Plaintiffs' reliance on section 7.1 of the AA to argue that "Cobalt's authority is limited to affiliating" with "clubs" is baseless. *Id.* at 23-24. That section does not eliminate or in any way curtail Cobalt's authority to affiliate with other "programs." *Id.* at 24.[8]

Plaintiffs' final argument -- that section 5.5 should be read as "contemplat[ing] that [AHCA] and Cobalt must jointly decide whether to affiliate with another program" (*id.*) -- should likewise be rejected. Section 5.5 expressly provides that affiliations with other programs must be directed and approved by Cobalt. This prohibition against AHCA affiliating (or attempting to affiliate) with another program cannot be read as requiring its participation in any such decision.

## CONCLUSION

For all the foregoing reasons, together with those set forth in its initial motion, the Court should grant the Marriott Defendants' motion for partial summary judgment.

Dated: September 3, 2019

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: *s/ Philip R. Sellinger*
Philip R. Sellinger
Ian S. Marx
500 Campus Drive, Suite 400
Florham Park, NJ 07932
Email: SellingerP@gtlaw.com, MarxI@gtlaw.com
*Attorneys for the Marriott Defendants*

---

[8] Because, as Plaintiffs note, RC Club Aspen's affiliation with the MVCD Program is "an affiliation between two "programs" (Pl. Br. at 24), the limitations applicable only to Cobalt's authority to affiliate with other "clubs" are inapposite. Pl. Br. at 22-23. These "club" limitations do not limit Cobalt's broad authority to affiliate with any "program." AA at § 5.5. To accept Plaintiffs' interpretation of section 7.1 would nullify section 5.5, which grants Cobalt the authority to affiliate the resort with "any other program." *See, e.g.*, *CBS Outdoor, Inc. v. 800 Lincoln LLC*, 2012 WL 4356241, at *11 (D. Colo. Sept. 24, 2012) (contract terms must be "read in harmony," and courts should "give effect to all the contract provisions").

10

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of September, 2019, a true and accurate copy of the foregoing **MARRIOTT DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF #441)** and attached exhibits were filed and served with the Clerk of the Court via CM/ECF filing system, which will send notification to the following:

Michael J. Reiser
Law Office of Michael J. Reiser
1475 N Broadway, Suite 300
Walnut Creek, CA 94596
*Counsel for Plaintiffs*

Matthew C. Ferguson
The Matthew C. Ferguson Law Firm, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611
*Counsel for Plaintiffs*

Tyler R. Meade
The Meade Firm P.C.
1816 Fifth Street
Berkeley, CA 94710
*Counsel for Plaintiffs*

Linda Pham Lam
Michael Schrag
Gibbs Law Group LLP
505 14th Street, Suite 1100
Oakland, CA 94612
*Counsel for Plaintiffs*

/s/ *Gregory Scavelli*
Gregory Scavelli