IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 16-01301 PAB

RCHFU, LLC, et al.

    Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, et al.

    Defendants.

**MARRIOTT DEFENDANTS' MEMORANDUM IN SUPPORT OF
THEIR MOTION TO RESTRICT ACCESS TO (1) THE RESTRICTED
DECLARATIONS OF IAN S. MARX, INCLUDING THEIR EXHIBITS (ECF #474, 477),
IN SUPPORT OF THE MARRIOTT DEFENDANTS' MOTIONS *IN LIMINE* AND (2)
PLAINTIFFS' OPPOSITION TO MARRIOTT DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT, INCLUDING ITS EXHIBITS (ECF #472)**

Pursuant to Local Civil Rule 7.2(c), Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, and The Lion & Crown Travel Co., LLC (collectively, "Marriott Defendants") respectfully submit this Motion to Restrict Access regarding the following documents, which are filed under ECF ##474, 472, and 477:

1. The Supplemental Restricted Omnibus Declaration of Ian S. Marx (ECF #474) (the "Marx Restricted Omnibus Declaration"), including its exhibits (ECF #474-1–4) in Support of Marriott Defendants' Motions *in Limine*[1], which was filed by the Marriott Defendants on August 19, 2019;

---

[1] The motions are filed under ECF ##466-471. The Marriott Defendants do not seek to restrict the motions themselves.

2. Plaintiffs' Opposition to Marriott Defendants' Motion for Partial Summary Judgment, Dkt. No. 441 (ECF #472), including its exhibits (ECF #472-1–21), which was filed by Plaintiffs on August 19, 2019;

3. The Supplemental Restricted Declaration of Ian S. Marx in Support of Marriott Defendants' Motion *in Limine* to Exclude the Cushman & Wakefield Appraisal[2] (ECF #477) (the "Marx Restricted Cushman Declaration"), including its exhibit (ECF #477-1), which was filed by the Marriott Defendants on August 19, 2019.

The Marriott Defendants' basis for seeking to maintain the Level 1 Restriction for these filings is set forth more fully below. The Marriott Defendants are cognizant of Judge Gallagher's Order dated August 30, 2019 (ECF #489), which, among other things, instructs the parties to confer and submit a joint filing with, as applicable, redacted versions of the documents at issue in the Marriott Defendants' other recent Motions to Restrict (ECF ##458, 484). The Marriott Defendants submit this motion because Local Civil Rule 7.2(e) requires a party to file a motion to restrict within 14 days in order to retain a document's restriction; however, to promote efficiency, the Marriott Defendants plan to include the documents at-issue in this motion with the joint submission to be filed on September 13, 2019, pursuant to Judge Gallagher's August 30, 2019 Order (ECF #489).

## COMPLIANCE WITH DISTRICT OF COLORADO LOCAL CIVIL RULE 7.1

Counsel for the Marriott Defendants advised all parties of the substance of this motion and requested that they advise whether the relief sought would be agreed to or opposed. As of the time this motion was filed, neither counsel for Plaintiffs nor counsel for Defendant Aspen Highlands Condominium Association have provided their position. Nevertheless, the Marriott Defendants plan to include the documents at-issue in this motion in their conferral with counsel

---

[2] The Motion was filed under ECF #475. The Marriott Defendants do not seek to restrict the motion itself.

pursuant to Judge Gallagher's Order on August 30, 2019 (ECF #489), after which the parties will inform the Court of their respective positions in their joint submission in response to Judge Gallagher's August 30, 2019 Order (ECF #489).

## ARGUMENT

### A. The Documents Subject to This Motion

By way of this Motion, the Marriott Defendants seek to protect confidential documents containing sensitive business information from public disclosure. In conjunction with their various Motions *in Limine*, the Marriott Defendants filed two Declarations on a Restricted, Level 1 basis: the Marx Restricted Omnibus Declaration and the Marx Restricted Cushman Declaration. ECF ##474, 477. The Marx Restricted Omnibus Declaration supported six separate motions *in limine*, and attached four confidential documents. ECF #474. The Marx Restricted Cushman Declaration attached one confidential document. ECF #477. The corresponding briefs and all non-confidential documents were filed publicly. ECF ##465-471, 473, 475, 476. The Marriott Defendants also seek to restrict Plaintiffs' Opposition to Marriott Defendants' Motion for Partial Summary Judgment ("Plaintiffs' Summary Judgment Opposition"), including the brief, Declaration of Tyler Meade, and its exhibits, all of which were filed by Plaintiffs on a restricted basis. ECF #472.

### B. Legal Standard

The legal standards applicable to this Motion to Restrict have been set forth in the Marriott Defendants' other recent motions to restrict, which involve similar categories of documents. *See* ECF ##458, 484. The Marriott Defendants incorporate the standards set forth in those motions by reference herein. *Id.*

3

### C. The Documents Subject to this Motion

The filings for which the Marriott Defendants seek to retain a Level 1 Restriction meet the legal standards for restricting public access, as explained below.

#### 1. The Marriott Defendants' *In Limine* Filings

As an initial matter, the confidential documents submitted by the Marriott Defendants were appropriately filed on a restricted basis because they contain (1) two confidential expert reports (ECF #474-1, -3); (2) a brief previously filed on a restricted basis (ECF #474-2); (3) a confidential appraisal (ECF #477-1); and (4) a confidential memorandum authored by one of Plaintiffs' experts (ECF #474-4).[3]

First, the Marriott Defendants submitted two Confidential expert reports: (1) the Supplemental Expert Report of Jon Simon, dated June 7, 2019 (ECF #474-1) and (2) the Supplemental Expert Report of Chekitan S. Dev, dated April 12, 2019 (ECF #474-3). These reports were appropriately designated by the respective experts as Confidential under the Protective Order in this case (ECF #100) at the time they were served because they analyze and discuss confidential information to support their conclusions. Disclosure of these reports to the public could provide competitors with access to confidential information regarding the Marriott Defendants' customer preferences, usage statistics, inventory details, and pricing strategy and history, among other information. Access to this information could allow competitors to target and try to usurp the Marriott Defendants' customers, steal business strategy, or undermine the Marriott Defendants' business in other ways. *See Teets v. Great-W. Life & Annuity Ins. Co.*,

---

[3] The first three categories contain documents that are the subject of a pending Motion to Restrict filed by the Marriott Defendants on August 12, 2019. ECF #458. To the extent not expressly addressed in this Motion, the Marriott Defendants incorporate by reference herein the arguments set forth in their prior Motion to Restrict.

4

2016 WL 1586418, at *3 (D. Colo. Apr. 20, 2016) (granting motion to restrict brief and exhibits filed in support of motion to exclude expert testimony because "wholesale disclosure" of the at-issue documents "could put [defendant] at a competitive disadvantage").

Moreover, the information at the heart of Dr. Dev's Supplemental Expert Report—a Sales and Marketing Survey and documents related to the Sales and Marketing Survey (collectively, the "SMS Documents")—has previously been restricted by this Court in connection with other filings in this case. *See* ECF ##408 and 409 (May 15, 2019 Orders); #420 (May 31, 2019 Order).  Dr. Dev's report reveals the substance of the SMS Documents; therefore, public access to his report would essentially negate the Court's prior Orders.

Second, the Marriott Defendants attached a brief initially filed by Plaintiffs on a restricted basis on July 3, 2018 in connection with their Motion for Sanctions and Default Judgment Based on APCO Documents (ECF #282).  ECF #474-2.  The brief addresses confidential information centered on a confidential survey and focus group of Marriott Defendants' customers, which should be protected from public disclosure because it contains competitively sensitive information about this customer base that a competitor could unfairly use to its advantage and the Marriott Defendants' detriment.

Third, the Marriott Defendants attached an Appraisal prepared by Cushman & Wakefield regarding the RC Club Aspen for the Bleu Florida Land Trust, a land trust that held the inventory that comprised the RCDC Portfolio Program, a points-based luxury exchange program that allowed participating members to access participating RCDC properties. ECF #477-1. The Appraisal relies on confidential, internal information provided on a confidential basis to Cushman & Wakefield for the very limited purpose of assessing the value of certain fractional

5

interests. The Appraisal discusses and analyzes this internal information, which includes details about the RC Club Aspen's inventory, product and consumer characteristics, and sales prices. The Appraisal was prepared for a very specific purpose, and its use was expressly limited to that purpose only. Public disclosure of the Appraisals will contravene that purpose and provide competitors with access to competitively sensitive information that could be used to harm the Marriott Defendants.

Fourth, the Marriott Defendants attached a Confidential Memorandum authored by Plaintiffs' expert Jon Simon and produced by Plaintiffs. Mr. Simon labeled the memorandum "Confidential." ECF #474-4. As set forth in one of the Marriott Defendants' Motions *in Limine*, the Confidential Memorandum is the product of Mr. Simon's improper *ex parte* meeting with employees of the Marriott Defendants. *See* ECF #471. The Confidential Memorandum reflects Mr. Simon's improper communications and unethically procured information about the Marriott Defendants' sales practices, and thus should be restricted from public access.

### 2. Plaintiffs' Summary Judgment Opposition Filings

Unlike the Marriott Defendants' submissions, which separately filed confidential exhibits, Plaintiffs' restricted their entire Summary Judgment Opposition. The Tenth Circuit restricts public access to such filings, including briefs and exhibits, when they contain confidential information. *See, e.g.*, *Suture Express, Inc. v. Owens & Minor Distribution, Inc.*, 851 F.3d 1029, 1046–47 (10th Cir.) (granting motion to seal brief and volumes 2-25 of the joint appendix), *cert. denied sub nom. Suture Exp., Inc. v. Owens & Minor Distribution, Inc.*, 138 S. Ct. 146, 199 L. Ed. 2d 186 (2017); *Lucero v. Sandia Corp.*, 495 F. App'x 903, 913–14 (10th Cir. 2012) (granting motion to seal volume of appendix); *Sorenson Commc'ns, Inc. v. FCC*, 659 F.3d

1035, 1041 n. 4 (10th Cir. 2011) (making orders to seal the parties' briefs and a portion of the joint appendix permanent "to protect confidential information relating to [the defendant's] finances and business practices"). Given Plaintiffs' decision to file their entire motion as restricted, the Court may reasonably determine that the entire submission should remain restricted.

Nevertheless, a document-by-document analysis of Plaintiffs' Summary Judgment Opposition reveals that it contains confidential information and that certain documents should remain restricted. In particular, the excerpt of the deposition testimony of Richard Hayward, an Asset Manager for Marriott Vacations Worldwide, included with Plaintiffs' Summary Judgment Opposition (ECF #472-13) contains testimony expressly designated as Confidential under the parties' Protective Order (ECF #100). This testimony addresses confidential details regarding the Marriott Defendants' business structure and strategy. Competitors could harm the Marriott Defendants by exploiting this information to undermine or copy the Marriott Defendants' business. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (restricting public access is appropriate where records may become "a vehicle for an improper purpose," including where the documents at issue are "sources of business information that might harm a litigant's competitive standing"); *In re Qualcomm Litig.*, No. 3:17-CV-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (sealed filing is appropriate to "prevent competitors from gaining insight into the parties' business model and strategy").

## CONCLUSION

For the foregoing reasons, the Marriott Defendants respectfully request that this Court grant their Motion to Restrict Access and maintain the Level 1 restriction for all documents filed

in connection with the Marx Restricted Omnibus Declaration (ECF #474), the Marx Restricted Cushman Declaration (ECF #477), and Plaintiffs' Summary Judgment Opposition (ECF #472).

Dated:  September 3, 2019

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: *s/ Ian S. Marx*
Philip R. Sellinger
Ian S. Marx
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
Tel: 973.360.7900 / Fax: 973.301.8410
Email:  SellingerP@gtlaw.com,  MarxI@gtlaw.com

*Attorneys for the Marriott Defendants*

8

CERTIFICATE OF SERVICE

      I hereby certify that on this 3rd day of September, 2019, a true and accurate copy of the foregoing **MARRIOTT DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO RESTRICT ACCESS TO (1) THE RESTRICTED DECLARATIONS OF IAN S. MARX, INCLUDING THEIR EXHIBITS (ECF #474, 477), IN SUPPORT OF THE MARRIOTT DEFENDANTS' MOTIONS *IN LIMINE* AND (2) PLAINTIFFS' OPPOSITION TO MARRIOTT DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT, INCLUDING ITS EXHIBITS (ECF #472)** was filed and served with the Clerk of the Court via CM/ECF filing system which will send notification to the following:

Michael J. Reiser
Law Office of Michael J. Reiser
1475 N Broadway, Suite 300
Walnut Creek, CA 94596
*Counsel for Plaintiffs*

Matthew C. Ferguson
The Matthew C. Ferguson Law Firm, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611
*Counsel for Plaintiffs*

Tyler R. Meade
The Meade Firm P.C.
1816 Fifth Street
Berkeley, CA 94710
*Counsel for Plaintiffs*

Linda Pham Lam
Michael Schrag
Gibbs Law Group LLP
505 14th Street, Suite 1100
Oakland, CA 94612
*Counsel for Plaintiffs*

Jessica Black Livingston
Hogan Lovells US LLP
1601 Wewatta Street, Suite 900
Denver, Colorado 80202
*Counsel for Defendant
Aspen Highlands Condominium Association, Inc.*

                                                      *s/ Jaclyn DeMais*
                                                      Jaclyn DeMais