IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 16-01301 PAB

RCHFU, LLC, et al.

    Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, et al.

    Defendants.

---

**MARRIOTT DEFENDANTS' MEMORANDUM IN SUPPORT OF
THEIR MOTION TO RESTRICT ACCESS TO THE CONFIDENTIAL DECLARATION
OF IAN S. MARX IN SUPPORT OF DEFENDANT THE RITZ-CARLTON
MANAGEMENT COMPANY, L.L.C.'S OPPOSITION TO PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT, INCLUDING ITS EXHIBITS (ECF #483)**

---

Pursuant to Local Civil Rule 7.2(c), Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, and The Lion & Crown Travel Co., LLC (collectively, "Marriott Defendants") respectfully submit this Motion to Restrict Access regarding the Confidential Declaration of Ian S. Marx in Support of Defendant The Ritz-Carlton Management Company, L.L.C.'s Opposition to Plaintiffs' Motion for Partial Summary Judgment (ECF #483), including its exhibits (ECF #483-1–6).

The Marriott Defendants' basis for seeking to maintain the Level 1 Restriction for these filings is set forth more fully below. The Marriott Defendants are cognizant of Judge Gallagher's Order dated August 30, 2019 (ECF #489), which, among other things, instructs the

parties to confer and submit a joint filing with, as applicable, redacted versions of the documents at issue in the Marriott Defendants' other recent Motions to Restrict (ECF ##458, 484). The Marriott Defendants submit this motion because Local Civil Rule 7.2(e) requires a party to file a motion to restrict within 14 days in order to retain a document's restriction; however, to promote efficiency, the Marriott Defendants plan to include the documents at-issue in this motion with the joint submission to be filed on September 13, 2019, pursuant to Judge Gallagher's August 30, 2019 Order (ECF #489).

## COMPLIANCE WITH DISTRICT OF COLORADO LOCAL CIVIL RULE 7.1

Counsel for the Marriott Defendants advised all parties of the substance of this motion and requested that they advise whether the relief sought would be agreed to or opposed. As of the time this motion was filed, neither counsel for Plaintiffs nor counsel for Defendant Aspen Highlands Condominium Association have provided their position. Nevertheless, the Marriott Defendants plan to include the documents at-issue in this motion in their conference with counsel pursuant to Judge Gallagher's Order on August 30, 2019 (ECF #489), after which the parties will inform the Court of their respective positions in their joint submission.

## ARGUMENT

### A. The Documents Subject to This Motion

By way of this Motion, the Marriott Defendants seek to protect confidential documents containing sensitive business information from public disclosure. In support of their Opposition to Plaintiffs' Motion for Partial Summary Judgment (ECF #481), which was filed publicly, the Marriott Defendants submitted two Declarations: (1) Declaration of Ian s. Marx in Support of Defendant The Ritz-Carlton Management Company, L.L.C.'s Opposition to Plaintiffs' Motion

for Partial Summary Judgment, which attached fifty non-confidential exhibits (ECF #482, 482-1–50) (the "Marx Declaration"); and (2) the Confidential Declaration of Ian S. Marx in Support of Defendant The Ritz-Carlton Management Company, L.L.C.'s Opposition to Plaintiffs' Motion for Partial Summary Judgment (ECF #483), which attached six confidential exhibits (ECF #483-1–6) (the "Confidential Marx Declaration"). The Marx Declaration was filed publicly, and the Confidential Marx Declaration was filed on a Level 1 restricted basis.

### B. Legal Standard

The legal standards applicable to this Motion to Restrict have been set forth in the Marriott Defendants' other recent motions to restrict, which involve similar categories of documents. *See* ECF ##458, 484. The Marriott Defendants incorporate the standards set forth in those motions by reference herein. *Id.*

### C. Basis for Restriction of the Documents Subject to this Motion

The filings for which the Marriott Defendants seek to retain a Level 1 Restriction meet the legal standards for restricting public access.

**ECF #483-1.** Exhibit 1 to the Confidential Marx Declaration is a May 24, 2012 Strategic Plan Memorandum ("CGC Memo") provided to the Marriott Vacations Worldwide Corporate Growth Committee, which is comprised of senior leadership at Marriott Vacations Worldwide, including members of its Executive Committee. The CGC Memo contains confidential information detailing corporate strategy, detailed financial results, and projections.

**ECF #483-2.** Exhibit 2 to the Confidential Marx Declaration is a May 17, 2013 letter from The Ritz-Carlton Club, Bachelor Gulch ("RCC BG") Condominium Association to the RCC BG Members, which was produced by the RCC BG Condominium Association pursuant to

3

a subpoena (the "BG Letter"). The BG Letter was designated as "Confidential," and contains sensitive information involving a property that is not at issue in this case.

**ECF #483-3.** Exhibit 3 to the Confidential Marx Declaration is a Member Study, Detailed Report prepared by APCO Insight ("APCO Study"). The APCO Study was prepared for internal use only by senior executives of Marriott Vacations Worldwide, and contains competitively sensitive information regarding members' opinions, overall satisfaction, member demographics, and strategic options.

**ECF #483-4.** Exhibit 4 to the Confidential Marx Declaration is a December 2013 email chain between Stephanie Sobeck (Vice President of Asset Management for The Ritz-Carlton Destination Club ("RCDC")), Lee Cunningham (an officer of Marriott Vacation Worldwide), and John Doyle, the President of the condominium association at The Ritz-Carlton Destination Club, St. Thomas, which was produced in discovery by the Marriott Defendants. This email was designated as "Confidential" pursuant to the Protective Order in this case (ECF #100) and contains confidential discussions regarding the Marriott Defendants' strategy for the potential affiliation with Marriott Vacation Club Destinations Exchange Program at the Ritz-Carlton Club, Aspen.

**ECF #483-5.** Exhibit 5 to the Confidential Marx Declaration is a November 4, 2014 email chain, produced by the Marriott Defendants during discovery, containing internal strategy discussions, expressly characterized as confidential, between members of the Member Services Team for the Ritz-Carlton Destination Club ("RCDC") and a Director for Process and Projects for Marriott Vacations Worldwide.

**ECF #483-6.** Exhibit 6 to the Confidential Marx Declaration is a presentation titled, "Update on access to Ritz-Carlton Club locations via Premier, Premier Plus," which was produced by the Marriott Defendants in discovery. This presentation was designated as "Confidential" pursuant to the Protective Order in this case (ECF #100) and discusses corporate structure and strategy, details about inventory, value information, and future plans for the company.

Each of the above-referenced documents contains confidential and competitively sensitive information regarding the Marriott Defendants' business. Disclosure of this information could foreseeably be used by competitors to the Marriott Defendants' detriment. Such competitors could try to exploit perceived vulnerabilities, usurp or thwart potential future opportunities, or unfairly copy the Marriott Defendants' strategies. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (restricting public access is appropriate where records may become "a vehicle for an improper purpose," including where the documents at issue are "sources of business information that might harm a litigant's competitive standing"); *In re Qualcomm Litig.*, No. 3:17-CV-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (sealed filing is appropriate to "prevent competitors from gaining insight into the parties' business model and strategy").

Accordingly, the Court should retain the Level 1 restriction on each of the confidential documents filed under ECF #483.

## CONCLUSION

For the foregoing reasons, the Marriott Defendants respectfully request that this Court grant their Motion to Restrict Access and maintain the Level 1 restriction for all documents filed

5

in connection with the Confidential Declaration of Ian S. Marx in Support of Defendant The Ritz-Carlton Management Company, L.L.C.'s Opposition to Plaintiffs' Motion for Partial Summary Judgment (ECF #483).

Dated:  September 9, 2019       Respectfully submitted,

GREENBERG TRAURIG, LLP

By:  *s/ Ian S. Marx*
Philip R. Sellinger
Ian S. Marx
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
Tel: 973.360.7900 / Fax: 973.301.8410
Email:  SellingerP@gtlaw.com,  MarxI@gtlaw.com

*Attorneys for the Marriott Defendants*

CERTIFICATE OF SERVICE

      I hereby certify that on this 9th day of September, 2019, a true and accurate copy of the foregoing **MARRIOTT DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO RESTRICT ACCESS TO THE CONFIDENTIAL DECLARATION OF IAN S. MARX IN SUPPORT OF DEFENDANT THE RITZ-CARLTON MANAGEMENT COMPANY, L.L.C.'S OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT, INCLUDING ITS EXHIBITS (ECF #483)** was filed and served with the Clerk of the Court via CM/ECF filing system which will send notification to the following:

Michael J. Reiser
Law Office of Michael J. Reiser
1475 N Broadway, Suite 300
Walnut Creek, CA 94596
*Counsel for Plaintiffs*

Matthew C. Ferguson
The Matthew C. Ferguson Law Firm, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611
*Counsel for Plaintiffs*

Tyler R. Meade
The Meade Firm P.C.
1816 Fifth Street
Berkeley, CA 94710
*Counsel for Plaintiffs*

Linda Pham Lam
Michael Schrag
Gibbs Law Group LLP
505 14th Street, Suite 1100
Oakland, CA 94612
*Counsel for Plaintiffs*

Jessica Black Livingston
Hogan Lovells US LLP
1601 Wewatta Street, Suite 900
Denver, Colorado 80202
*Counsel for Defendant
Aspen Highlands Condominium Association, Inc.*

                                                        *s/ Jaclyn DeMais*
                                                        Jaclyn DeMais