# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC, *et al.***

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION, *et al.***

Defendants.

_____

### PLAINTIFFS' OPPOSITION TO MARRIOTT DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE REFERENCES TO OTHER LAWSUITS

_____

Marriott's motion to preclude references to other lawsuits should be denied as premature, and because it does not specify any actual evidence at issue. Marriott makes clear that it does not seek to exclude the underlying *facts* of the related lawsuits; it only asks the Court to exclude evidence that the other lawsuits exist. Dkt. No. 468 at n.2.

A motion *in limine* can aid the trial process by allowing the Court to rule on an evidentiary issue in advance of trial. *Etherton v. Owners Ins. Co*., 2013 WL 68702, at *1 (D. Colo. Jan. 7, 2013). But in many cases, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in the proper context." *Id*. "[A] court is almost always better situated during the actual trial to assess the value and utility of evidence." *Koch v. Koch Industries, Inc*., 2 F.Supp.2d 1385, 1388 (D. Kan. 1998).

Also, a court may deny a motion *in limine* for failing to specifically identify the evidence to be excluded. *Id.*; *Romero v. Helmerich & Payne Int'l Drilling Co.*, 2017 WL 3268878, at *3 (D. Colo. Aug. 1, 2017). This Court's Practice Standards state that "[m]otions *in limine* are discouraged when the motion cannot be resolved until evidence is presented at trial." Practice Standards (Civil cases), Judge Philip A. Brimmer § III.E; *see also Gallardo ex rel. Gallardo v. United States*, 2012 WL 694390, at *1 (D. Colo. Mar. 1, 2012) (denying motion *in limine* because of the "context-specific nature of trial evidence").

Marriott's present motion does not specify any evidence that it seeks to exclude. Marriott only says that references to, or evidence of, other related lawsuits (several of which involve plaintiffs suing for damages resulting from MVC members' access to their property) would be irrelevant and prejudicial. Dkt. No. 468 at ¶ 11. While Marriott claims that any reference to other lawsuits against it would constitute "bad character" evidence, confuse the jury, and improperly refer to settlements, without any reference to specific testimony or documents, it is impossible to assess the probative value and possible prejudice of any evidence Marriott seeks to exclude. *Id.* at ¶¶ 14, 16.

Therefore, Marriott's motion should be denied as premature and overly broad. Plaintiffs agree to seek permission from the Court before referring to, or offering evidence of, any other lawsuit. This will allow the Court to resolve evidentiary issues in the context of the actual trial, and the facts as they develop.

Dated: September 9, 2019

Respectfully submitted,

*/s/ Linda Lam*
Linda Lam (CA State Bar # 301461)
GIBBS LAW GROUP LLP
505 14th Street, Suite 1110

Oakland, CA 94612
Telephone: (510) 350-9700
E-mail: lpl@classlawgroup.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 9, 2019, I electronically filed the foregoing **PLAINTIFFS' OPPOSITION TO MARRIOTT DEFENDANTS' MOTION IN LIMINE TO PRECLUDE REFERENCES TO OTHER LAWSUITS** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| **Michael J. Reiser**<br>Reiser Law, P.C.<br>1475 N. Broadway, Suite 300<br>Walnut Creek, CA 94596<br>michael@reiserlaw.com<br><br>**Matthew C. Ferguson**<br>The Matthew C. Ferguson Law Firm, P.C.<br>119 South Spring, Suite 201<br>Aspen, Colorado 81611<br>matt@matthewfergusonlaw.com<br><br>**Tyler R. Meade**<br>The Meade Firm P.C.<br>12 Funston Avenue, Suite A<br>San Francisco, CA 94129<br>tyler@meadefirm.com<br><br>***Attorneys for Plaintiffs*** | **Naomi G. Beer**<br>**Ian S. Marx, Esq.**<br>**Philip R. Sellinger, Esq.**<br>Greenberg Traurig, LLP<br>1200 17th Street, Suite 2400<br>Denver, Colorado 80202<br>Phone: (303) 572-6500<br>Fax: (303) 572-6540<br>BeerN@gtlaw.com<br>SellingerP@gtlaw.com<br>MarxI@gtlaw.com<br>***Attorneys for Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., Ritz-Carlton Management Company, LLC, Cobalt Travel Company, LLC and Lion & Crown Travel Company, LLC*** |

*/s/ Linda Lam*