**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF COLORADO**

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC,** *et al.*

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION,** *et al.*

Defendants.

___

**PLAINTIFFS' OPPOSITION TO MARRIOTT DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE REFERENCES TO "MERGER" WITH MARRIOTT VACATION CLUB DESTINATIONS**
___

## I.  INTRODUCTION

The Marriott Defendants' Motion *In Limine* to Preclude References to "Merger" with the Marriott Vacation Club (Dkt. No. 467) does not seek to preclude evidence or testimony, but rather seeks to constrain the terminology Plaintiffs' counsel uses and unduly limit the manner or method in which Plaintiffs argue or characterize the evidence in this case. Because such limitations are contrary to Colorado law, which gives counsel wide latitude in characterizing their case before the jury, and because key documents produced by both the Marriott Defendants and the Association use the term merger, the present motion should be denied.

## II.  ARGUMENT

### A. The Marriott Defendants are Inappropriately Attempting to Control How Plaintiffs Present Their Case

1

By seeking to preclude references to a "merger" between the Ritz Carlton Destination Club and the Marriott Vacation Club, the Marriott Defendants are improperly attempting to exclude an appropriate descriptor of the evidence and a rhetorical device. The Marriott Defendants try to dictate the manner in which Plaintiffs choose to present their case during closing argument, or generally. "The scope of closing argument should not be unduly restricted[,] [however,] due to the nature of our adversarial system." *Domingo-Gomez v. People*, 125 P.3d 1043 (Colo. 2005). Thus, parties have "wide latitude" during closing argument. *Id.* Closing argument "may properly include the facts in evidence and any reasonable inferences drawn therefrom." *Id.* Furthermore, advocates may employ "rhetorical flourishes" in closing arguments. *Id.*. *Harlan v. Dauffenbach*, 2019 (D. Colo) WL 688042. Plaintiffs should not be precluded from arguing their case and allowing the jury to make reasonable inferences as to whether the Marriott Defendants' conduct in affiliating the Ritz Carlton Destination Club and the Marriott Vacation Club resulted in a *de facto* "merger" from the viewpoint of the pertinent witnesses, the open market, and potential consumers or any existing owners.

The Marriott Defendants overstate the holding of *Blackwell Indus. Found., Inc. v. Texstar Corp.*, 387 F.2d 708, 708 (10th Cir. 1968), in citing it for the proposition that "the Tenth Circuit has made clear that the term 'merger' is only to be used if its legal definition is met." *See* Dkt. No. 467 at 8. While the *Blackwell* decision held that a formal statutory merger did not occur between the two parties at issue because the legal definition of a merger was not met, it does not extend so far as to prevent any party from using the term "merger" in any litigation that does not involve a formal corporate merger. *Id.* at 708.

### B. The Marriott Defendants' Motion *In Limine* is Overbroad and Premature

In the Marriott Defendants' motion *in limine*, they argue that one potential use of the word "merger" in the business organizations context does not apply to the facts of this case, and thus Plaintiffs should be precluded from using the term altogether. While no formal statutory merger between two corporations occurred here, the integration between the more exclusive Ritz Carlton Destination Club and the Marriott Vacation Club resulted in the average consumer or potential consumer of the products viewing the affiliation as a "merger" in the everyday meaning of the word. Indeed, the Merriam-Webster Thesaurus lists "merger" as a word related to "affiliation".[1] Unsurprisingly, in light of the analogous meanings of the words "merger" and "affiliation," numerous relevant documents produced by the Association show Ritz-Aspen owners referring to a "merger" between the Ritz Carlton Destination Club and the Marriott Vacation Club. *See, e.g.*, Exhs. A, B, and C attached to the Declaration of Michael J. Reiser.

In addition, the Marriott Defendants do not make a sufficient showing of prejudice. They are incorrect that using the term "merger" necessarily implies that "MVCD members are on equal footing with Plaintiffs" with respect to accessing the Ritz-Aspen. *See* Dkt. No. 467 at 7. As Plaintiffs' industry expert Jon Simon opines, the re-engineering that allowed MVC members access to Ritz-Aspen (regardless of whether access rights were perfectly equal) is fairly termed a "merger." *See* Ex. D at 104:15-105:3. To the extent the Marriott Defendants and their experts disagree, they can argue why is the affiliation was not a merger. The term "merger" is not so loaded that any prejudice will result.

In sum, an exclusion of the word "merger" on a motion *in limine* is overbroad and premature in that it seeks to exclude relevant evidence contained in these documents. *See* Hon.

---

[1] *See* https://www.merriam-webster.com/thesaurus/affiliation (last visited on September 9, 2019).

Judge Brimmer Practice Standard -Civil § III(E) "Motions in limine are discouraged when the motion cannot be resolved until evidence is presented at trial.")

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests that the Marriott Defendants' Motion *In Limine* (Dkt. No. 467) be denied.

Dated: September 9, 2019                                              Respectfully submitted,

                                                     Reiser Law, P.C.

*/s/ Michael J. Reiser*
Michael J Reiser (CO State Bar # 16161)
1475 N. Broadway Ste 300
Walnut Creek, CA 94596
Telephone: (925) 256-0400
E-mail: michael@reiserlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 9, 2019, I electronically filed the foregoing **PLAINTIFFS' OPPOSITION TO MARRIOTT DEFENDANTS' MOTION IN LIMINE TO PRECLUDE REFERENCES TO "MERGER" WITH MARRIOTT VACATION CLUB DESTINATIONS** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| **Michael Schrag**<br>Gibbs Law Group, LLP<br>505 14th Street, Suite 1110<br>Oakland, CA 94596<br>mls@classlawgroup.com<br><br>**Matthew C. Ferguson**<br>The Matthew C. Ferguson Law Firm, P.C.<br>119 South Spring, Suite 201<br>Aspen, Colorado 81611<br>matt@matthewfergusonlaw.com<br><br>**Tyler R. Meade**<br>The Meade Firm P.C.<br>12 Funston Avenue, Suite A<br>San Francisco, CA 94129<br>tyler@meadefirm.com<br><br>*Attorneys for Plaintiffs* | **Andrew Nussbaum, Esq.**<br>**Jessica Black Livingston, Esq.**<br>Hogan Lovells US LLP<br>1200 Seventeenth Street, Suite 1500<br>Denver, Colorado 80202<br>Telephone: (303) 899-7300<br>Fax: (303) 899-7333<br>dan.shea@hoganlovells.com<br>jessica.livingston@hoganlovells.com<br>*Attorneys for Defendant Aspen Highlands Condominium Association*<br><br>**Naomi G. Beer**<br>**Ian S. Marx, Esq.**<br>**Philip R. Sellinger, Esq.**<br>Greenberg Traurig, LLP<br>1200 17th Street, Suite 2400<br>Denver, Colorado 80202<br>Phone: (303) 572-6500<br>Fax: (303) 572-6540<br>BeerN@gtlaw.com<br>SellingerP@gtlaw.com<br>MarxI@gtlaw.com<br>*Attorneys for Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., Ritz-Carlton Management Company, LLC, Cobalt Travel Company, LLC and Lion & Crown Travel Company, LLC* |

*/s/ Michael J. Reiser*