**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO**

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC, *et al.***

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION, *et al.***

Defendants.

_____

**PLAINTIFFS' OPPOSITION TO MARRIOTT DEFENDANT'S MOTION *IN LIMINE*
TO PRECLUDE REFERENCES TO DISCOVERY DISPUTES**

_____

## I.      INTRODUCTION

At trial, Plaintiffs intend to prove that exemplary damages should be awarded because the Marriott Defendants consciously disregarded the harm they would cause by breaching their fiduciary duties to Plaintiffs. Colorado law allows a court to consider a defendant's misconduct during litigation and discovery when deciding whether to award exemplary damages. For that reason, evidence of the Marriott Defendants' discovery violations in this case may be presented at trial.

The discovery violations pertaining to Marriott's withholding of important documents from Plaintiffs and the Association, and then from Plaintiffs' counsel during this litigation, exposes a pervasive pattern of the Marriott Defendants' concealment and obfuscation during discovery, which is evidence supporting exemplary damages.

1

The present motion should also be denied as premature. The Court will be better suited to decide the probative value and possible prejudice of any evidence of or reference to Marriott's discovery violations during the actual trial.

## II.     RELEVANT BACKGROUND

After conducting a significant amount of discovery, Plaintiffs filed a motion to amend the scheduling order and to amend their complaint to add a claim for exemplary damages. ECF No. 185. Plaintiffs argued that exemplary damages were warranted because the Marriott Defendants consciously disregarded the harm they would cause by breaching, or aiding and abetting in the breach of, fiduciary duties. ECF No. 185 at 9.

On May 10, 2018, Magistrate Judge Gallagher issued an order granting Plaintiffs' motion to amend. ECF No. 237. Judge Gallagher reasoned that Plaintiffs had established the requisite *prima facie* basis to proceed with a claim for exemplary damages by establishing circumstances of fraud, malice or willful and wanton conduct. ECF No. 237 at 8.

Plaintiffs subsequently moved for various discovery sanctions against the Marriott Defendants based on (1) the Marriott Defendants' failure to produce the 2013 Affiliation Agreement, which exposes as false Marriott's claim that the Association had no role in or authority to approve or reject an affiliation with MVC. ECF No. 223 at 9; and, (2) the Marriott Defendants' failure to produce an additional set of documents relating to a survey and focus group performed by APCO Worldwide, Inc. (the "APCO files") that strongly support Plaintiffs' fiduciary duty and constructive fraud claims. ECF No. 282 at 1.

On December 31, 2018, Judge Gallagher issued an order (ECF No. 330) granting Plaintiffs' motions in part and denying them in part, holding that the Marriott Defendants' had committed

discovery violations. ECF No. 330 at 19-21, 22-24. With respect to the sanctions motion involving the failure to produce the 2013 Affiliation Agreement, Judge Gallagher found that there was a discovery violation and that it was not substantially justified, thus ordering reasonable expenses, attorney's fees, and other relief to remedy the violation. *Id*. at 19-21. With respect to the sanctions motion involving APCO files, Judge Gallagher found that there was a discovery violation but found that the violation was substantially justified and did not order any sanctions. *Id*. at 22-24.

## III.   ARGUMENT

### A.  The Discovery Disputes are Relevant to Plaintiffs' Exemplary Damages Claim

Under Colorado law, a plaintiff who seeks to justify exemplary damages must show that the "injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct." C.R.S. § 13-21-102(1)(a) and (1.5)(a). Judge Gallagher has already found that Plaintiffs have established a *prima facie* case of willful and wanton conduct. ECF No. 237. Notably, this order was granted *before* Plaintiffs knew about the discovery violations pertaining to the 2013 Affiliation Agreement and the APCO files.

Colorado law allows a court, in its discretion, to increase any award of exemplary damages, to a sum not to exceed three times the amount of actual damages, if a party shows that: "(a) [t]he defendant has continued the behavior or repeated the action which is the subject of the claim against the defendant in a willful and wanton manner, either against the plaintiff or another person or persons, during the pendency of the case." C.R.S. § 13-21-102(3)(a); *Coors v. Sec. Life of Denver Ins. Co*., 112 P.3d 59, 67 (Colo. 2005) (awarding exemplary damages where the defendant failed to meet basic discovery and disclosure obligations during the litigation); *see also Tait v. Hartford Underwriters Ins. Co*., 49 P.3d 337, 342–43 (Colo. App. 2001) (damages trebled where

defendant complained of expedited trial date and committed discovery violation in manner that required the court to hold hearings to insure compliance).

Here, section 3(a) is applicable because the discovery violations exposed the Marriott Defendants' continued misconduct. Around the time of the 2014 MVC affiliation, Marriott hid from Plaintiffs the fact that the Association board had veto power over the affiliation – and then Marriott continued that concealment from Plaintiffs' counsel in this case. Such conduct, coupled with Marriott's withholding of the APCO files, is further justification for exemplary damages.

## B. Marriott's Attempt to Preclude References to Discovery Disputes at this Stage is Premature

This Court's Practice Standards make clear that "[m]otions *in limine* are discouraged when the motion is evidence driven and cannot be resolved until evidence is presented at trial." Practice Standards (Civil cases), Judge Philip A. Brimmer § III.E. ("Motions *in limine* are discouraged when the motion cannot be resolved until evidence is presented at trial. Instead, the issue can be flagged in a trial brief."); id. § IV.H. ("Please flag evidentiary issues in a trial brief rather than by motion *in limine*."). In *United States v. Cheely*, the Court concluded that the context-specific nature of trial evidence required denial of the United States' motion. *See United States v. Cheely* 814 F.Supp. 1430, 1446 (D.Alaska 1992). ("The trial judge will have to balance probative value against possible prejudice in the context of the trial and the issues as they develop. A pre-trial ruling on this issue would be premature.")

The Marriott Defendants' motion *in limine* is evidence-driven, since it seeks to exclude discovery disputes that support Plaintiffs' exemplary damages claim, and should be deferred until any such evidence is actually presented at trial. Thus, the Marriott Defendants' motion should be denied as premature.

**IV.     CONCLUSION**

For the reasons set forth above, the Marriott Defendant's Motion *in limine* to Preclude References to Discovery Disputes (ECF No. 466) should be denied.

Dated: September 9, 2019                          Respectfully submitted,

                                                  REISER LAW, P.C.

                                                  */s/ Michael J. Reiser*
                                                  Michael J. Reiser (CO State Bar # 16161)
                                                  1475 N. Broadway, Suite 300
                                                  Walnut Creek, CA 94596
                                                  Telephone: (925) 256-0400
                                                  E-mail: michael@reiserlaw.com

                                                  *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 9th day of September 2019, a true and correct copy of the foregoing **PLAINTIFFS' OPPOSITION TO MARRIOTT DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE REFERENCES TO DISCOVERY DISPUTES** was served via ECF filing upon:

Naomi G. Beer, Esq.
BeerN@gtlaw.com
Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, Colorado 80202

Ian S. Marx, Esq.
MarxI@gtlaw.com
Philip R. Sellinger, Esq.
SellingerP@gtlaw.com
Greenberg Traurig, LLP
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932

David Masters
dlm@mastersviner.com
Masters & Viner, P.C.
970.249.2622
152 Colorado Avenue
Montrose, CO 81401

*/s/ Michael J. Reiser*
Michael J. Reiser