## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC,** *et al.*

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION,** *et al.*

Defendants.

___

**PLAINTIFFS' OPPOSITION TO MARRIOTT DEFENDANTS' MOTION *IN LIMINE* TO BIFURCATE TRIAL AND TO PRECLUDE REFERENCES TO MARRIOTT DEFENDANTS' PROFITS DURING EARLIER PHASES OF TRIAL**
___

### I.     INTRODUCTION

In lieu of a single trial to resolve all issues, Marriott proposes a two-phase jury trial, where the jury would first determine liability and compensatory damages, and then hear further evidence and render a second verdict on punitive damages, followed by a wholly separate bench trial on disgorgement. Whether properly seen as bifurcation or trifurcation, Marriott's proposal should be rejected because it would waste judicial and party time and resources.

There is no basis for Marriott's concern that a jury would be "unduly influenced" into awarding compensatory damages based on evidence of Marriott's wealth or assets (which Marriott assumes will be presented to justify punitive damages). In Colorado, a party may not present evidence of a defendant's wealth or income to justify punitive damages. Thus, Marriott's concern of prejudice based on any evidence of its wealth is unwarranted.

1

Nor would it make sense to hold a jury trial on some of Plaintiffs' claims, and then a separate bench trial on unjust enrichment and disgorgement. All of Plaintiffs' claims and damages theories are based on the same conduct and evidence.

## II.     ARGUMENT

Under Rule 42(b), a court may order a separate trial of one or more issues or claims. Fed. R. Civ. P. 42(b). Courts have wide discretion in deciding whether to bifurcate. *Leone v. Owsley*, 2016 WL 9735826, at *1 (D. Colo. June 23, 2016). "Bifurcation is appropriate if the court finds that it will: 1) avoid prejudice; 2) be more convenient; or 3) be conducive to expedition and economy." *Id*. If the issues are not separable, bifurcation is improper. *Id*.

### A.     Bifurcation Will Not Promote Judicial Economy Because Evidence on Liability, Compensatory Damages, and Punitive Damages Substantially Overlaps

Bifurcation is improper here because the issues are intertwined, and having multiple trials would waste judicial resources. Each of Plaintiffs' claims and damages theories focuses on Marriott's decision to allow MVC members access to the Ritz-Aspen for a fraction of what Plaintiffs paid. *See generally* Seventh Amended Complaint, Dkt. No. 430. Marriott began allowing MVC members to access the Ritz-Aspen through developer-owned inventory around 2011, and made that access permanent by systematically affiliating the Ritz-Aspen with MVC in 2014. *Id*. at pp. 92-94. When Marriott first announced the idea of the MVC affiliation in 2012, Plaintiffs and other Ritz-Aspen owners strongly opposed it. In response to that opposition, Marriott promised that no affiliation would take place unless a majority of the owners voted in favor of it. *Id*. at pp. 81-85. However, when it realized that it would never win a vote in favor of an affiliation, Marriott reneged on that promise and chose to advance its own interests by implementing the affiliation anyway. *Id*. at p. 94.

2

Plaintiffs' claims include breach of fiduciary duty, constructive fraud, and unjust enrichment. *Id*. at pp. 94-105. Plaintiffs allege they suffered damages to their property values, while Marriott enjoyed significant profits. *See generally id*. Marriott profited by selling more expensive (and a higher volume of) MVC points after it announced that individuals could use their points to access the Ritz-Aspen, and Plaintiffs seek to disgorge those ill-gotten profits through their breach of fiduciary claims, as well as their unjust enrichment claim. *See, e.g., id*. at pp. 97, 104-105.

Plaintiffs' claim for punitive damages is based on the same conduct that will establish liability and compensatory damages. Plaintiffs have already established a *prima facie* case of Marriott's willful and wanton conduct based on its reneging of the vote, and its executives' decision to move forward with the affiliation – knowing that doing so would destroy the value of Plaintiffs' purchase. Order Regarding Plaintiffs' Motion to Amend, Dkt. No. 237 at p. 8-9.

Because the evidence supporting punitive damages is nearly identical to evidence on liability and compensatory damages, the claims should be tried together. *Hangarter v. Provident Life & Acc. Ins. Co*., 373 F.3d 998, 1021 (9th Cir. 2004) (stating that trying compensatory and punitive damage claims together is "normal procedure," given that evidence on both usually overlaps substantially); *Dowdy v. Coleman*, 2012 WL 5944232, *10 (D. Utah Nov. 28, 2012) ("The majority of evidence as to whether punitive damages are appropriate can be given during the main part of the trial … Because of such overlap, judicial economy is furthered by trying all the issues together."). Whether Marriott promised a vote on the MVC affiliation, reneged on that vote, and then imposed the affiliation despite knowing the harm it would have on Plaintiffs' property values is evidence of Marriott's liability for breach of fiduciary and constructive fraud –

3

as well as justification for punitive damages. A multiple-phase trial (or multiple trials) would require the parties to present the same evidence twice.

Marriott's concern that the jury would be "unduly influenced" by evidence of its net worth or its profits is unfounded. Plaintiffs have no intention of using evidence of Marriott's assets or net worth to support punitive damages, since under Colorado law, "evidence of the income or net worth of a party shall not be considered in determining the appropriateness or amount of [exemplary] damages." CO Rev. Stat § 13-21-102(6); *Corbetta v. Albertson's, Inc.*, 975 P.2d 718, 722 (Colo. 1999). Plaintiffs only intend to show the amount of Marriott's ill-gotten gains from allowing MVC members to access Plaintiffs' property for the purpose of disgorging profits – not for the purpose of justifying punitive damages.

### B. Bifurcating Unjust Enrichment Is Improper Because It Is Not Distinct from Plaintiffs' Fiduciary Duty and Constructive Fraud Claims

There would be no judicial economy in bifurcating Plaintiffs' breach of fiduciary duty and constructive fraud claims from their unjust enrichment claim. For one, the conduct supporting all these claims is the same. Marriott's profits from using Plaintiffs' property to sell MVC points is the basis for the disgorgement remedy Plaintiffs are seeking on their breach of fiduciary, constructive fraud and aiding and abetting claims; and the profits Marriott made from that wrongful conduct is also the basis for Plaintiffs' unjust enrichment claim. Evidence of the "halo effect" that the Ritz-Carlton brand had on MVC is relevant to all claims: it shows Marriott's motivation for breaching its fiduciary duties, and helps explain why it was so profitable for Marriott to do so.

What is more, "when the legal and equitable issues overlap and the evidence is intertwined … the district court must take care not to impinge on the right to a jury." *Danjaq*

4

*LLC v. Sony Corp.*, 263 F.3d 942, 962 (9th Cir. 2001). A federal court may separate legal and equitable claims only if "the legal and equitable issues are distinct." *M.Z. v. Goleta Union Sch. Dist.*, 2018 WL 5794520, at *2 (C.D. Cal. June 12, 2018) (quoting *Danjaq*, 263 F.3d at 962).

The distinction as to whether unjust enrichment is legal or equitable is not as clear as Marriott makes it to be. "[W]hether it is legal or equitable depends upon the context in which it is asserted and the nature of the remedy sought." *Hottinger Excavating & Ready Mix, LLC v. R.E. Crawford Construction, LLC*, 2016 WL 9735771, *2 (D. Colo. May 26, 2016). "The most widespread error is the assertion that a claim in restitution or unjust enrichment is by its nature equitable rather than legal. From this false premise a court may conclude … that there is no right to a jury trial of a particular issue …." Restatement (Third) of Restitution § 4 cmt. B. Where a plaintiff is seeking restitution in the form of a money judgment, "without resort to any of the ancillary remedial devices traditionally available in equity but not at law, the remedy is presumptive legal." *Id.* at cmt. d.; *see Telewiszja Polska USA, Inc. v. EchoStar Satellite Corp.*, 2005 WL 2405797, *3-4 (N.D. Ill. Sept. 28, 2005) (holding that a plaintiff who sought disgorgement of profits was seeking legal, rather than equitable, relief).

The cases Marriott cites do not support its argument that the Court should bifurcate unjust enrichment from the rest of Plaintiffs' claims. Marriott cites several cases where a court bifurcated proceedings so that it could determine whether *non-monetary* equitable remedies (such as declaratory judgment and injunction relief) were appropriate. Motion, Dkt. No. 470 at ¶ 17. *Quarles v. Spess Oil Co., Inc.* is no better for Marriott. 2009 WL 319624 (10th Cir. Feb. 10, 2009). There, there were no bifurcated trial proceedings. The district court allowed all claims (including unjust enrichment and punitive damages) to be tried in a single proceeding, but chose

5

to reserve the decision on the unjust enrichment claim for itself. *Id*. at *1. The same can happen here; even if the Court decides that it should reserve the unjust enrichment claim for itself, there is no reason why the parties can't try the unjust enrichment claim in the same proceeding as the other claims – especially given the substantial overlap in evidence.

### III. CONCLUSION

For all the above reasons, Marriott's motion *in limine* should be denied.

Dated: September 9, 2019                                             Respectfully submitted,

*/s/ Linda Lam*
Linda Lam (CA State Bar # 301461)
GIBBS LAW GROUP LLP
505 14th Street, Suite 1110
Oakland, CA 94612
Telephone: (510) 350-9700
E-mail: lpl@classlawgroup.com

*Counsel for Plaintiffs*

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 9, 2019, I electronically filed the foregoing **PLAINTIFFS' OPPOSITION TO MARRIOTT DEFENDANTS' MOTION *IN LIMINE* TO BIFURCATE TRIAL AND TO PRECLUDE REFERENCES TO MARRIOTT DEFENDANTS' PROFITS DURING EARLIER PHASES OF TRIAL** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| **Michael J. Reiser**<br>Reiser Law, P.C.<br>1475 N. Broadway, Suite 300<br>Walnut Creek, CA 94596<br>michael@reiserlaw.com<br><br>**Matthew C. Ferguson**<br>The Matthew C. Ferguson Law Firm, P.C.<br>119 South Spring, Suite 201<br>Aspen, Colorado 81611<br>matt@matthewfergusonlaw.com<br><br>**Tyler R. Meade**<br>The Meade Firm P.C.<br>12 Funston Avenue, Suite A<br>San Francisco, CA 94129<br>tyler@meadefirm.com<br><br>*Attorneys for Plaintiffs* | **Naomi G. Beer**<br>**Ian S. Marx, Esq.**<br>**Philip R. Sellinger, Esq.**<br>Greenberg Traurig, LLP<br>1200 17th Street, Suite 2400<br>Denver, Colorado 80202<br>Phone: (303) 572-6500<br>Fax: (303) 572-6540<br>BeerN@gtlaw.com<br>SellingerP@gtlaw.com<br>MarxI@gtlaw.com<br>*Attorneys for Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., Ritz-Carlton Management Company, LLC, Cobalt Travel Company, LLC and Lion & Crown Travel Company, LLC* |

*/s/ Linda Lam*

7