## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC,** *et al.*

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION,** *et al.*

Defendants.

---

### PLAINTIFFS' OPPOSITION TO MARRIOTT DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE THE CUSHMAN & WAKEFIELD APPRAISAL

---

### I.      INTRODUCTION

Marriott's attempt to exclude, as unreliable, an appraisal that it commissioned and referenced in pricing fractional interests at the Ritz-Aspen, should be rejected. In the appraisal, Marriott's hired consultant, Cushman and Wakefield, concluded that Ritz-Aspen interests were losing value, in large part as a result of MVC members being able to access those interests. The appraisal noted negative perceptions in the marketplace from the MVC-member access, as well as the benefit to Marriott's MVC points program. While Marriott is free to argue to the jury that its own appraisal is flawed, its argument that the appraisal should be excluded as hearsay misses the mark because it is admissible for the non-hearsay purpose of showing Marriott's state of mind, i.e., that Marriott had clear notice that MVC-member access was diminishing Plaintiffs' property values, and that the affiliation would continue to cause harm to Plaintiffs. Despite this notice, Marriott continued to push the affiliation to give MVC members permanent access to the

Ritz-Aspen. allowing it to continue profiting at Plaintiffs' expense. This is evidence of Marriott's willful and wanton conduct. Further, Plaintiffs do not need to use the appraisal to prove the truth of its contents because they will use the live testimony of one of its authors, John Vaughn, to establish these facts. Marriott does not and cannot argue that such testimony is inadmissible.[1]

Finally, this motion is premature. The Court will be better situated to assess the appraisal's admissibility during the actual trial.

## II.     ARGUMENT

### A.  The Appraisal Is Admissible for the Non-Hearsay Purpose of Its Effect on the Listener

"[S]tatements offered for their effect on the listener are not hearsay." *Altamirano v. Chemical Safety and Hazard Investigation Board*, 41 F.Supp.3d 982, 992 (D. Colo. 2014) (citation omitted). There is an exception to the hearsay rule when a party seeks to admit a statement not for its truth, but to show the listener's (or reader's) knowledge or intent. *Maes v. Leprino Foods Co., Inc*., 2017 WL 1077638, *3 (D. Colo. Mar. 22, 2017). This is true even where "the contested statements also relate to the underlying issues of the case." *Leser v. U.S. Bank Nat. Ass'n*, 2012 WL 6738402, *5 (E.D.N.Y. Dec. 29, 2012) (citations omitted).

The Cushman & Wakefield appraisal is admissible for the non-hearsay purpose of proving Marriott's notice and knowledge of both the potential harm to Plaintiffs, as well as the benefit to Marriott from MVC-member access. Marriott commissioned the appraisal in 2012 to value interests it held in a trust, including Ritz-Aspen interests. Motion, Dkt. No. 475 at p. 3.

---

[1] That said, Plaintiffs' experts will rely on and testify about the Cushman appraisal in their opinion testimony, as Marriott does not dispute that experts may rely on hearsay in forming their opinions. Fed. R. Evid. 703; *Nicholson v. Evangelical Lutheran Good Samaritan Society, Inc*., 2017 WL 3127799, at *36 (D.N.M. July 21, 2017).

Cushman completed the appraisal and provided it to RCMC's Stephanie Sobeck, in December 2013, a few months before Marriott decided to proceed with affiliating the Ritz-Aspen with MVC. *Id*. at pp. 3-4. Among other conclusions, Cushman found that "the conversion to a points system has been perceived by existing fractional owners as diluting the exclusivity of the Ritz Carlton Club by opening specific resorts to the Marriott Vacation Club." Appraisal, Dkt. No. 477-1 at p. 19. It goes on to say that "[o]verall, the conversion to a points system and the integration of the Marriott Vacation Club has had a negative impact on the market value of existing fractional interests in the Ritz Carlton Club." *Id*. Finally, it notes that "(c)onversely, the Marriott Vacation Club is now perceived in the marketplace as providing an excellent opportunity to access the luxury product offered by the Ritz Carlton Club properties." *Id*. Cushman ultimately valued the Ritz-Aspen interests at an average of $39,769 each – which is a small fraction of what Plaintiffs paid. *Id*. at p. 27.

Regardless of the truth of the appraisal's conclusions, the fact that Marriott had notice from its own appraiser opining that MVC access was diluting Plaintiffs' property values, while adding value to its own Marriott Vacation Club offering, is relevant to several of Plaintiffs' claims. For one, Plaintiffs allege that Marriott breached fiduciary duties by knowingly advancing its own interests over Plaintiffs in allowing MVC members to access their club. *See* Seventh Amended Complaint, Dkt. No. 430 at pp. 94-95. The Cushman appraisal gave Marriott notice that by the end of 2013, its practice of allowing MVC members to stay at the Ritz-Aspen was creating a negative perception of Plaintiffs' property in the marketplace – and causing a decline in Plaintiffs' property values, as well as propping up the value of MVC points. Yet Marriott chose to move forward with the affiliation in 2014, giving MVC members *permanent* access to

the Ritz-Aspen. Motion at p. 4 (stating the MVC affiliation was implemented in December 2014).

The appraisal is also evidence of Marriott's willful and wanton conduct. The Court has allowed Plaintiffs to proceed on their claim for exemplary damages, based on their *prima facie* case of Marriott's willful and wanton conduct. Order on Motion to Amend, Dkt. No. 237 at pp. 8-9. To justify exemplary damages, Plaintiffs will need to prove that Marriott was conscious of its conduct, and knew (or should have known) that injury would result to Plaintiffs. *Id.* at p. 7; *Coors v. Sec. Life of Denver Ins. Co.*, 112 P.3d 59, 66 (Colo. 2005). The Cushman appraisal does just that: it shows that Marriott knew that its own appraisal firm opined that the practice of allowing MVC members to access the Ritz-Aspen was harming Plaintiffs' property values, while benefitting Marriott's points-based timeshare product, but proceeded to make that access permanent anyway.

The appraisal is therefore admissible for the non-hearsay purpose of showing Marriott's notice, intent, and knowledge. Marriott's arguments as to why the appraisal isn't reliable are irrelevant, because Plaintiffs are not seeking to use it to prove the truth of any statements within it. And the fact that the appraisal was completed before the 2014 affiliation makes it even more relevant to Marriott's notice of likely injury to Plaintiffs – not irrelevant to Plaintiffs' case, as Marriott implies. *See* Motion at pp. 3-4.

Plaintiffs also intend to introduce live testimony by one of the appraiser's authors, John Vaughan, in support of the notion that allowing MVC members to access the Ritz-Aspen has diminished Plaintiffs' property values, while substantially benefitting Marriott and its MVC points program.

### B.  The Present Motion Is Premature

The present motion should also be denied as premature. A motion *in limine* can aid the trial process by allowing the Court to rule on an evidentiary issue in advance of trial. *Etherton v. Owners Ins. Co.*, 2013 WL 68702, at *1 (D. Colo. Jan. 7, 2013). But in many cases, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in the proper context." *Id.* "[A] court is almost always better situated during the actual trial to assess the value and utility of evidence." *Koch v. Koch Industries, Inc.*, 2 F.Supp.2d 1385, 1388 (D. Kan. 1998). The Court will be better suited to determine whether the Cushman appraisal is admissible in the context of trial.

### C.  CONCLUSION

For all the above reasons, Marriott's motion *in limine* should be denied.


Dated: September 9, 2019                    Respectfully submitted,

                                            */s/ Linda Lam*
                                            Linda Lam (CA State Bar # 301461)
                                            GIBBS LAW GROUP LLP
                                            505 14th Street, Suite 1110
                                            Oakland, CA 94612
                                            Telephone: (510) 350-9700
                                            E-mail: lpl@classlawgroup.com

                                            *Counsel for Plaintiffs*

<u>**CERTIFICATE OF SERVICE**</u>

      The undersigned hereby certifies that on September 9, 2019, I electronically filed the foregoing **PLAINTIFFS' OPPOSITION TO MARRIOTT DEFENDANTS' MOTION IN LIMINE TO EXCLUDE THE CUSHMAN & WAKEFIELD APPRAISAL** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| **Michael J. Reiser**<br>Reiser Law, P.C.<br>1475 N. Broadway, Suite 300<br>Walnut Creek, CA 94596<br>michael@reiserlaw.com<br><br>**Matthew C. Ferguson**<br>The Matthew C. Ferguson Law Firm, P.C.<br>119 South Spring, Suite 201<br>Aspen, Colorado 81611<br>matt@matthewfergusonlaw.com<br><br>**Tyler R. Meade**<br>The Meade Firm P.C.<br>12 Funston Avenue, Suite A<br>San Francisco, CA 94129<br>tyler@meadefirm.com<br><br>***Attorneys for Plaintiffs*** | **Naomi G. Beer**<br>**Ian S. Marx, Esq.**<br>**Philip R. Sellinger, Esq.**<br>Greenberg Traurig, LLP<br>1200 17th Street, Suite 2400<br>Denver, Colorado 80202<br>Phone: (303) 572-6500<br>Fax: (303) 572-6540<br>BeerN@gtlaw.com<br>SellingerP@gtlaw.com<br>MarxI@gtlaw.com<br>***Attorneys for Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., Ritz-Carlton Management Company, LLC, Cobalt Travel Company, LLC and Lion & Crown Travel Company, LLC*** |

*/s/ Linda Lam*