IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 16-01301 PAB

RCHFU, LLC, et al.

      Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, et al.

      Defendants.

---

**MARRIOTT DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF
MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF
NON-AFFILIATION-RELATED DAMAGES AND CONDUCT**

---

The Marriott Defendants respectfully submit this reply brief in further support of their motion *in limine* for an order precluding Plaintiffs (including their expert witnesses and counsel) from using or seeking to use at trial any evidence of Non-Affiliation-Related Conduct[1], including any evidence purporting to show damages allegedly sustained by Plaintiffs as a result of such conduct.

## ARGUMENT

### I.   THIS MOTION IS NOT PRECLUDED BY THE MARRIOTT DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs argue that a summary judgment motion and a motion *in limine* may never share the same subject matter.  Pl. Br. (ECF #503) at 2-3.  An examination of the purposes of those two motions, however, shows that Plaintiffs' argument is both illogical and incorrect.  The

---

[1] Terms used in this reply are as defined in the Marriott Defendants' moving brief.

purpose of a summary judgment motion is to determine whether a trial is necessary as to certain claims or issues. *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). A motion *in limine*, however, assumes that a trial is being held with respect to its subject matter. Its purpose is simply "to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Martensen v. Koch*, 2015 WL 514913, at *2 (D. Colo. Feb. 6, 2015) (internal quotations and citation omitted). Implicitly recognizing those distinct purposes, this Court has declared that a motion *in limine* is sometimes necessary to effectuate a ruling on an earlier summary judgment motion. *See Echon v. Sackett,* 2018 WL 684758, at *2 (D. Colo. Feb. 2, 2018) (Brimmer, *J.*) (granting motion *in limine* to preclude defendants from introducing evidence inconsistent with facts deemed established, which was necessary to enforce Court's prior summary judgment order).[2]

That is exactly why the Marriott Defendants have made this motion. If the Marriott Defendants' motion for partial summary judgment is granted, that ruling will have to be enforced at trial, that is, the Court will need to prevent Plaintiffs from introducing evidence in support of legal theories that are not properly at issue at trial (as it did in *Echon*). Such evidence would include a wide variety of documents and testimony having nothing to do with the MVC Affiliation at RC Club Aspen or whether Plaintiffs were promised, but failed to receive, a "vote" with respect to that affiliation. For example, the Marriott Defendants would seek to preclude evidence regarding the pre-2015 transfer to the MVC Trust of unsold developer-owned fractional

---

[2] *Predator International, Inc. v. Gamo Outdoor USA, Inc.*, 2014 WL 348637 (D. Colo. Jan. 31, 2014), which Plaintiffs cite, is inapposite. The motion *in limine* in that case sought a pure legal determination as to whether one of the plaintiff's state law claims was pre-empted by a federal statute. The defendant, however, had failed to move for summary judgment on that ground.

interests at RCDC resorts other than RC Club Aspen.[3]   Moving *in limine* on this issue was necessary in order to preserve the Marriott Defendants' trial objections to such evidence, as the Scheduling Order required all motions *in limine* to be filed within three weeks of the filing of motions for summary judgment.  ECF #384.

## II.   THE 7AC DOES NOT PROPERLY PLEAD NON-AFFILIATION-RELATED CONDUCT

Plaintiffs alternatively argue that, based on the 7AC's allegations coupled with their discovery requests, the Marriott Defendants should have somehow divined (and, thus, were on notice) that Plaintiffs are seeking damages and equitable remedies for unjust enrichment based on Non-Affiliation-Related Conduct.  Pl. Br. at 3-5.  The record clearly shows that Plaintiffs' pleadings and discovery focused solely on the MVC Affiliation.  *See* Marriott Defendants' Reply Brief in Further Support of Partial Summary Judgment Motion (ECF #491) at 2-5.

For example, Plaintiffs point to their having pleaded a November 21, 2012 "cease and desist" letter from Association attorney Philip Gosch.  Pl. Br. at 3 (citing 7AC Ex. N).  In earlier motion practice, however, Plaintiffs characterized that letter as having "demanded that the

---

[3] Plaintiffs argue that this and other evidence concerning Non-Affiliation-Related Conduct are nonetheless relevant to their claim for punitive damages, as it evidences the Marriott Defendants' supposedly "willful and wanton conduct."  Pl. Br. at 5-6.  Plaintiffs fail to explain how such conduct is relevant to the intent required to establish wantonness or willfulness.  *See U.S. Fire Ins. Co. v. Sonitrol Mgmt. Corp.*, 192 P.3d 543, 549 (Colo. App. 2008) ("Willful and wanton conduct is purposeful conduct committed recklessly that exhibits an intent consciously to disregard the safety of others.  Such conduct extends beyond mere unreasonableness.").  Moreover, any marginal relevance of this evidence is greatly outweighed by the undue prejudice that it would cause the Marriott Defendants and the likelihood that it would confuse the jury as to the relevant time period, RCDC resorts and other matters actually at issue.  *See* Fed. R. Evid. 403; *Marshall v. El Paso Natural Gas Co.*, 874 F.2d 1373, 1381 (10th Cir. 1989) (affirming exclusion of evidence regarding defendant's application to regulatory authority and other remedial measures taken to mitigate damages caused by drilling and plugging of oil and gas well as unduly confusing to jury, notwithstanding its potential relevance as defense to punitive damages claim).

3

Marriott defendants refrain from ***pursuing the affiliation with MVC***" and as discussing actions taken by the Association and other RC Club associations "***against the affiliation with MVC***." ECF #210 at 6-7 (emphasis added); ECF #441-1 at ¶ 3.  Even now, Plaintiffs characterize their claims as involving the "affiliation/exchange/points program."  Pl. Br. at 3.  This further confirms that their claims concern only the MVC Affiliation, as it is that "affiliation" that allowed RC Club Aspen members to "exchange" unused weeks at the resort with MVCD members for "points" in the MVCD "points program."

Plaintiffs also argue that certain of their document requests and discovery motions notified the Marriott Defendants that Plaintiffs were expanding their claims to include Non-Affiliation-Related Conduct.  *Id*. at 4-5.  That is clearly incorrect, as the "scope of discovery under the federal rules is broad and . . . 'discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues.'"  *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).  A request for documents is not a substitute for a pleading, and Plaintiffs fail to allege anywhere in the 7AC that the subject matter of the documents that they now identify as having been requested in discovery was in any way wrongful.  In any event, the topics covered by that discovery are pertinent only to the MVC Affiliation.  For example, Plaintiffs earlier conceded that the "discovery dispute chart" that they now reference (*see* Pl. Br. at 4) concerned "the Marriott Defendants' motivation for the ***at-issue*** affiliation. . . ."  ECF #472 at 7 (emphasis added).

The fact that the Non-Affiliation-Related Conduct is not part of this case is perhaps best demonstrated by Plaintiffs' earlier efforts to file the 7AC.  Plaintiffs were initially granted leave

4

to file the 7AC as a remedy for the Marriott Defendants' belated production of a single MVC-Affiliation-related document (the 2013 Affiliation Agreement); however, they were limited to adding allegations relating to that specific document.   ECF #330 at 30.   When Plaintiffs attempted to "go[] far beyond" the Court's direction by adding several new allegations concerning Non-Affiliation-Related Conduct – the very evidence the Marriott Defendants seek to preclude through this motion – the Court denied Plaintiffs' motion for leave to re-plead and ordered them to remove such "unrelated" allegations from their proposed amended pleading. ECF #369 at 4.  Plaintiffs should not now be allowed to introduce evidence at trial supporting the very allegations that the Court has earlier forbidden them to make.

## CONCLUSION

For all the foregoing reasons and the reasons set forth in their moving brief, the Marriott Defendants respectfully request that the Court enter an order precluding Plaintiffs from using or seeking to use at trial any evidence of Non-Affiliation-Related Conduct by the Marriott Defendants.

Dated:  September 23, 2019                    Respectfully submitted,

                                  By:     *s/ Philip R. Sellinger*
                                          Philip R. Sellinger
                                          Ian S. Marx
                                          GREENBERG TRAURIG, LLP
                                          500 Campus Drive, Suite 400
                                          Florham Park, NJ 07932
                                          Email:  SellingerP@gtlaw.com
                                                     MarxI@gtlaw.com

                                          *Attorneys for Defendants Marriott Vacations*
                                          *Worldwide Corporation, Marriott Ownership*
                                          *Resorts, Inc., The Ritz-Carlton Management*
                                          *Company, LLC, The Cobalt Travel Company, LLC,*
                                          *and The Lion & Crown Travel Co., LLC*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that, on September 23, 2019, a true and accurate copy of the foregoing **REPLY IN FURTHER SUPPORT OF MARRIOTT DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF NON-AFFILIATION-RELATED DAMAGES AND CONDUCT** was filed and served with the Clerk of the Court via CM/ECF filing system, which will send notification to the following:

Michael J. Reiser
Law Office of Michael J. Reiser
1475 N Broadway, Suite 300
Walnut Creek, CA 94596
*Counsel for Plaintiffs*

Matthew C. Ferguson
The Matthew C. Ferguson Law Firm, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611
*Counsel for Plaintiffs*

Tyler R. Meade
The Meade Firm P.C.
1816 Fifth Street
Berkeley, CA 94710
*Counsel for Plaintiffs*

Linda Pham Lam
Michael Schrag
Gibbs Law Group LLP
505 14th Street, Suite 1100
Oakland, CA 94612
*Counsel for Plaintiffs*

*/s/ Jaclyn DeMais*
Jaclyn DeMais

6

*ACTIVE 45952159v1*