IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 16-01301 PAB

RCHFU, LLC, et al.

     Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, et al.

     Defendants.

---

**MARRIOTT DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF MOTION *IN LIMINE* TO BIFURCATE TRIAL AND TO PRECLUDE REFERENCES TO MARRIOTT DEFENDANTS' PROFITS DURING THE JURY TRIAL**

---

The Marriott Defendants respectfully submit this reply brief in further support of their motion *in limine* for an order (1) bifurcating the trial of this action into (a) a potentially two-phase jury trial, with a first phase to determine liability (and potential compensatory damages) with respect to Plaintiffs' legal claims, and, if necessary, a second phase on punitive damages; and (b) a bench trial on Plaintiffs' equitable unjust enrichment claim seeking disgorgement of profits; and (2) during the jury trial, precluding Plaintiffs and their counsel from referring to, or introducing evidence regarding, any "unjust profits" allegedly earned by any of the Marriott Defendants.

## **ARGUMENT**

Plaintiffs argue that separating a jury trial into liability and punitive damages phases would not serve the interests of judicial economy because their claims for monetary relief "overlap" and are supposedly based on the same evidence, which should only be presented once.  Pl. Br. (ECF #508) at 2-4.  Plaintiffs also argue that judicial economy interests would not be served by

conducting a jury trial on their legal claims and a later bench trial on their equitable unjust enrichment claim because the latter claim is not sufficiently "distinct" from the former claims to merit a separate trial.  *Id*. at 4-6.  Plaintiffs' arguments are incorrect.

In both the jury trial and the bench trial, evidence would only be presented once.  And it is imperative that Plaintiffs' legal and equitable (*i.e.*, unjust enrichment) claims be tried separately because one discrete category of evidence (the expert testimony of Jonathan Simon regarding the so-called "halo profits" allegedly earned by the Marriott Defendants as a result of the MVC Affiliation) is relevant only to the profits that Plaintiffs seek to be disgorged pursuant to their unjust enrichment claim.  Mr. Simon's "halo profits" testimony has no bearing whatsoever on Plaintiffs' legal claims (*i.e.*, their fiduciary duty-based and constructive fraud claims) or on their punitive damages claim, as it exclusively concerns actions taken by the Marriott Defendants ***after*** the allegedly promised "vote" on the MVC Affiliation,  the Association's acknowledgement of the MVC Affiliation and its implementation at RC Club Aspen, and would say nothing about the Marriott Defendants' motivations or alleged bad faith ***before*** those events occurred.

Nor can Plaintiffs contend that Mr. Simon's testimony is relevant to whether the Marriott Defendants intended to breach an alleged fiduciary duty or commit constructive fraud because intent is not an element of either of those claims.  *See Holmes v. Young*, 885 P.2d 305, 308 (Colo. App. 1994) ("[W]rongful intent is not necessary [to establish breach of fiduciary duty] as the factfinder is required only to find that the defendant knew of the breach of duty and participated in it.") (internal quotations and citation omitted); Decision on Defendants' Motions to Dismiss Complaint (ECF #210) at 25 ("Constructive fraud is possible even where a defendant acted in good faith without intent to deceive, but nonetheless breaches a fiduciary duty owed to another on

2

account of failure to make full disclosure.") (internal quotation and citation omitted).

While Mr. Simon's testimony is irrelevant to Plaintiffs' legal claims (and, thus, if accepted would not help prove any elements of those claims), it has tremendous potential to inflame the jury deciding the legal claims, as Plaintiffs intend to argue that the Marriott Defendants have earned $767 million in alleged "halo profits," of which some $106 million is allegedly attributable to the MVC Affiliation at RC Club Aspen. *See* Def. Br. (ECF #470) at 9. Hearing such testimony would only prejudice the Marriott Defendants without any concomitant legal benefit.

In addition, Plaintiffs' purported judicial economy concerns are unfounded. No duplication of evidence or effort will occur by bifurcating this case into an initial jury trial on Plaintiffs' legal claims and a later bench trial on their equitable unjust enrichment claim. By the time of the bench trial, the Court will already have presided over the jury trial and will have heard all the evidence offered by the parties with respect to liability. The jury's verdict on liability and any specific findings of fact made by the jury would have a collateral estoppel effect that would bind the Court in the bench trial on Plaintiffs' unjust enrichment claim. *See Ag Servs. of Am., Inc. v. Nielsen*, 231 F.3d 726, 732 (10th Cir. 2000) (holding that collateral estoppel applies if "the jury verdict by necessary implication reflects the resolution of a common factual issue"). At the bench trial, the Court would only have to hear and weigh Mr. Simon's new evidence on "halo profits."

Just to be clear: with respect to the jury trial, the Marriott Defendants do not object to allowing the jury to hear any otherwise admissible evidence relevant to liability for breach of fiduciary duty (or aiding and abetting or conspiring to commit such a breach), to constructive fraud, or to a compensatory damages award. Evidence regarding the "unjust profits" allegedly earned by any of the Marriott Defendants, however, should be heard by the Court only, as it has no bearing

on any of the issues to be decided by the jury.  Any other admissible evidence unrelated to any

harm allegedly experienced by Plaintiffs should likewise be deferred and only heard to the extent

relevant to assessing potential punitive damages should liability be found and if such an inquiry is

required.[1]  This is a common approach taken by many federal courts.  *See* Def. Br. at 8-9 (citing

cases).[2]

     Notwithstanding the foregoing, the Marriott Defendants are amenable to Plaintiffs'

proposal that the Court reserve on deciding whether to hear separate evidence offered solely in

support of the unjust enrichment claim at a second trial (*see* Pl. Br. at 5-6), provided that their

counsel be precluded from referring, in an opening statement or otherwise in a jury trial, to the

concept or amount of "halo profits" allegedly earned by the Marriott Defendants.

---

[1] The Marriott Defendants have never argued that they are concerned that Plaintiffs will introduce evidence of their "assets or net worth to support punitive damages," as Plaintiffs assert.  *See* Pl. Br. at 4.

[2] The contrary authorities cited by Plaintiffs are distinguishable.  For example, in *Hangarter v. Provident Life and Accident Insurance Company*, 373 F.3d 998, 1021 (9th Cir. 2004), which involved a claim against an insurance carrier that discontinued the insured's disability benefits, bifurcation of punitive damages was deemed inappropriate because "Defendants' profits, financial condition, and financial statements helped establish Defendants' alleged business strategies, incentives, and practices, all of which were relevant to Hangarter's claim for breach of contract." *Dowdy v. The Coleman Company, Inc.*, 2012 WL 5944232 (D. Utah Nov. 28, 2012), was a garden-variety personal injury products liability action, in which bifurcation was deemed inappropriate because much of the proposed punitive damages evidence was also relevant to establishing the defectiveness of the product.  By contrast, bifurcation is necessary here to prevent the jury from hearing potentially prejudicial evidence having nothing to do with any element of Plaintiffs' claims for relief.  As for *Corbetta v. Albertson's, Inc.*, 975 P.2d 718 (Colo. 1999), that was a personal injury action arising from plaintiff's biting into a pebble that was in a salad purchased at defendant's grocery store; it did not even concern bifurcation.

**<u>CONCLUSION</u>**

For all the foregoing reasons and the reasons set forth in their moving brief, the Marriott Defendants respectfully request that the Court enter an order (1) bifurcating the trial into a jury trial to determine liability with respect to Plaintiffs' legal claims and, if necessary, punitive damages, and a bench trial on Plaintiffs' unjust enrichment claim; and (2) at the jury trial, precluding Plaintiffs and their counsel from referring to, or introducing any evidence regarding, any "unjust profits" allegedly earned by any of the Marriott Defendants.

Dated:    September 23, 2019                    Respectfully submitted,

By: *s/ Philip R. Sellinger*
Philip R. Sellinger
Ian S. Marx
GREENBERG TRAURIG, LLP
1144 Fifteenth Street, Suite 3300
Denver, Colorado 80202
Tel:     303.572.6500
Fax:     303.572.6540
Email:   BeerN@gtlaw.com
         SellingerP@gtlaw.com
         MarxI@gtlaw.com

*Attorneys for Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, and The Lion & Crown Travel Co., LLC*

5

## CERTIFICATE OF SERVICE

I hereby certify that, on September 23, 2019, a true and accurate copy of the foregoing **MARRIOTT DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF MOTION *IN LIMINE* TO BIFURCATE TRIAL AND TO PRECLUDE REFERENCES TO MARRIOTT DEFENDANTS' PROFITS DURING THE JURY TRIAL** was filed and served with the Clerk of the Court via CM/ECF filing system, which will send notification to the following:

Michael J. Reiser
Law Office of Michael J. Reiser
1475 N Broadway, Suite 300
Walnut Creek, CA 94596
*Counsel for Plaintiffs*

Matthew C. Ferguson
The Matthew C. Ferguson Law Firm, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611
*Counsel for Plaintiffs*

Tyler R. Meade
The Meade Firm P.C.
1816 Fifth Street
Berkeley, CA 94710
*Counsel for Plaintiffs*

Linda Pham Lam
Michael Schrag
Gibbs Law Group LLP
505 14th Street, Suite 1100
Oakland, CA 94612
*Counsel for Plaintiffs*

*s/ Julie Eaton*
Julie Eaton

*(Original on file at offices of Greenberg Traurig, LLP, pursuant to C.R.C.P. 121, § 1-26)*

*ACTIVE 45952316v1*