IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 16-01301 PAB

RCHFU, LLC, et al.

    Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, et al.

    Defendants.

---

**MARRIOTT DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF ITS
MOTION *IN LIMINE* TO PRECLUDE
REFERENCES TO DISCOVERY DISPUTES**

---

## INTRODUCTION

The Marriott Defendants have moved the Court *in limine* for an order precluding Plaintiffs and their counsel from referring to or introducing any evidence at trial regarding discovery disputes between the parties during the course of this litigation, in particular (but not limited to) disputes concerning the failure of the Marriott Defendants and/or their counsel to have initially produced in discovery (1) the 2013 Affiliation Agreement; and (2) certain documents relating to surveys conducted by APCO Worldwide, Inc. (the "APCO Documents"), which disputes were resolved by the Court's December 31, 2018 Decision and Order (ECF #330).

Plaintiffs' argument that evidence of the Marriott Defendants' discovery conduct should be admitted at trial as evidence of the Marriott Defendants' bad faith for purposes of exemplary damages misses the mark. First, Plaintiffs imply that prior Orders from the Court support admitting the discovery disputes as evidence supporting their exemplary damages claim. The

opposite is true: the Court has expressly held that the Marriott Defendants did not act in bad faith. Because an award of punitive or exemplary damages requires a showing of intentional wrongdoing, which the Court found was lacking with respect to the discovery disputes, that topic is wholly irrelevant to Plaintiffs' exemplary damages claim. Moreover, even if the jury were to decide to award exemplary damages, evidence of the discovery disputes would still have no bearing on the issue, as only the Court decides whether to increase an award of exemplary damages under Colorado law. Accordingly, there would still be no basis for the jury to be exposed to such evidence, even under those circumstances. As such, the Court can decide now that the discovery disputes should not be referenced at trial.

## ARGUMENT

Plaintiffs incorrectly argue that the Marriott Defendants "hid from Plaintiffs the fact that the Association board had veto power over the affiliation," and that conduct, coupled with the Marriott Defendants' conduct during discovery, justifies exemplary damages. *See* ECF #507 at 4. Plaintiffs' argument is refuted by both this Court's prior orders and the very cases upon which Plaintiffs rely.

First, Plaintiffs completely ignore that the Court repeatedly concluded that the challenged discovery conduct was ***not*** the product of any bad faith by the Marriott Defendants, but rather the result of an oversight. *See* ECF #330 (the "Discovery Order") at 18, 20 ("I find no ill will, conscious effort to deceive, or dishonest purpose. This was a mistake-perhaps a costly and time-consuming mistake-but a mistake nonetheless"), 24 ("The APCO failure was a mistake, and a justified one at that, not the result of willful misconduct."), 26, 27, 28, 29. As such, the Marriott Defendants' conduct during discovery has no probative value as to any claims in this case. To the

contrary, the Court has previously considered and rejected Plaintiffs' contention that the discovery disputes are tied to the alleged misconduct underlying Plaintiffs' claims in this case. *Id.* at 27 (acknowledging Plaintiffs' argument that the discovery violation bolsters the fiduciary duty claims, but finding that the "juxtaposition" of the fiduciary duty arguments and the discovery violation "does not necessarily conflate to some sort of bad faith nor willful misconduct").[1] Accordingly, because the Court held that the discovery disputes did not involve any bad faith, they have no place at trial.

Second, Plaintiffs suggest that evidence concerning the discovery disputes should be admitted at trial because it is relevant to the multiplier that could be applied to exemplary damages under Colorado law. This is plainly incorrect for two reasons.

First, exemplary or punitive damages cannot be awarded absent a showing of willful and wanton conduct supported by competent, admissible evidence. *Hackett v. Breg, Inc.*, 2011 WL 4550186, at *5 (D. Colo. Oct. 3, 2011). Such conduct is defined as "purposeful conduct committed recklessly that exhibits an intent consciously to disregard the safety of others [and] extends beyond mere unreasonableness." *U.S. Fire Ins. Co. v. Sonitrol Mgmt. Corp.*, 192 P.3d 543, 549 (Colo. App. 2008). The manner in which the Marriott Defendants conducted themselves during the discovery process can have no bearing on the intent required to establish willful and wanton conduct, especially in light of the Court's prior holding that they did not act in bad faith with respect to their document production.

---

[1] Moreover, the Court's Order in response to Plaintiffs' motion to amend merely permits Plaintiffs to assert an exemplary damages claim; the Order says nothing about discovery practices, litigation conduct, or an increase of exemplary damages. *See* ECF #237.

Second, even if the Marriott Defendants' discovery conduct had some relevance to the availability and ability to increase the amount of exemplary damages (which it does not as to either), any increase of the jury's award is determined by the Court. *See* Colo. Rev. Stat. Ann. § 13-21-102(3) ("the court may increase any award of exemplary damages, to a sum not to exceed three times the amount of actual damages"). This is demonstrated in the cases Plaintiffs cite. In *Tait ex rel. Tait v. Hartford Underwriters Ins. Co.*, 49 P.3d 337, 340 (Colo. App. 2001), the jury awarded exemplary damages, and after the verdict, the insured moved to increase the award. The insurer argued against an increased exemplary damages award by pointing out that "allowing the jury to consider such conduct creates evidentiary difficulties," which the court flatly rejected: "[t]he trial court, not the jury, considered insurer's litigation conduct in increasing the exemplary award." *Id.* at 343. Similarly, in *Coors v. Sec. Life of Denver Ins. Co.*, 112 P.3d 59, 67 (Colo. 2005), the court held that "[t]he size of a punitive damages award is committed in the first instance to the discretion of the fact finder" but that the ***court*** "may increase an award based on behavior during the pendency of the case."

Accordingly, the discovery disputes between the parties are in no way relevant to any issues before the jury with respect to Plaintiffs' claim for exemplary damages. Instead, such evidence can only create unfair prejudice to the Marriott Defendants. *See* Fed. R. Evid. 402, 403. As such, the Marriott Defendants' motion *in limine* correctly seeks to exclude any reference to the discovery disputes at trial.

## CONCLUSION

For all the foregoing reasons, the Marriott Defendants respectfully request that the Court enter an order precluding Plaintiffs (including their counsel and experts) from referring to, or

4

introducing evidence at trial regarding, discovery disputes including the failure of the Marriott Defendants and their counsel to have initially produced the 2013 Affiliation Agreement and the APCO Documents in discovery.

Dated:   September 23, 2019          Respectfully submitted,

By:    *s/ Philip R. Sellinger*
Philip R. Sellinger
Ian S. Marx
GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, NJ 07932
Email:  SellingerP@gtlaw.com
           MarxI@gtlaw.com

*Attorneys for Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, and The Lion & Crown Travel Co., LLC*

# CERTIFICATE OF SERVICE

I hereby certify that, on September 23, 2019, a true and accurate copy of the foregoing **MARRIOTT DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE REFERENCES TO DISCOVERY DISPUTES** was filed and served with the Clerk of the Court via CM/ECF filing system, which will send notification to the following:

Michael J. Reiser
Law Office of Michael J. Reiser
1475 N Broadway, Suite 300
Walnut Creek, CA 94596
*Counsel for Plaintiffs*

Matthew C. Ferguson
The Matthew C. Ferguson Law Firm, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611
*Counsel for Plaintiffs*

Tyler R. Meade
The Meade Firm P.C.
1816 Fifth Street
Berkeley, CA 94710
*Counsel for Plaintiffs*

Jessica Black Livingston
Hogan Lovells US LLP
1601 Wewatta Street, Suite 900
Denver, Colorado 80202
*Counsel for Defendant*
*Aspen Highlands Condominium Association, Inc.*

                                                    */s/ Gregory Scavelli*
                                                    Gregory Scavelli