IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 16-01301 PAB

RCHFU, LLC, et al.

Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, et al.

Defendants.

**MARRIOTT DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION *IN LIMINE* TO EXCLUDE REFERENCES TO "MERGER" WITH MARRIOTT VACATION CLUB DESTINATIONS**

## INTRODUCTION

Plaintiffs argue that the Marriott Defendants'[1] motion to preclude Plaintiffs' references to the term "merger" to describe the MVC Affiliation is intended "to constrain the terminology Plaintiffs' counsel uses and … limit the manner or method in which Plaintiffs argue or characterize the evidence in this case." Pl. Opp. (ECF #510) at 1. Plaintiffs are correct -- the Marriott Defendants do seek to prevent Plaintiffs' counsel and their experts from using a term loaded with legal significance that appears nowhere in the 7AC and that has been used by Plaintiffs in full awareness that the term is both factually and legally incorrect, to purposely imply the occurrence of a combination that they acknowledge never happened. This is not a matter of constraining the creativity of Plaintiffs' counsel. It is a question of ensuring that Plaintiffs' argument adheres to

---

[1] Terms used herein are as defined in the Marriott Defendants' moving brief (ECF #475).

the scope of their claims and does not confuse the fact finder or prejudice the Marriott Defendants through the use of false and loaded language.

## ARGUMENT

The Marriott Defendants' Moving Brief establishes that the word "merger" appears nowhere in the 7AC. No "merger" between MVCD and RCDC or RC Club Aspen is alleged, nor is the term used to describe the MVC Affiliation. *Id.* at 4. Use of the term appeared only recently by Plaintiffs' counsel, to describe processes unrelated to the MVC Affiliation, and by Plaintiffs' expert, as a synonym for "re-engineering." *Id.* at 4-5.

Plaintiffs admit that "no formal statutory merger between two corporations occurred here." Pl. Opp. (ECF #510) at 3.[2] They purport to use the term "merger" in the "everyday" meaning of the word, as "related to 'affiliation.'" *Id.* They suggest that RC Aspen owners who themselves used the term "merger" in the past intended it to mean exactly that – an affiliation between RC Club Aspen and MVC. *Id.* But, as the Marriott Defendants established, allowing Plaintiffs to use the term "merger" at trial would result in prejudice. The term "merger" has legal significance, and implies to the jury that the RC Club Aspen and MVC combined to put all members on equal footing in terms of their respective property rights and right to access RC Club Aspen – and that inaccurate implication could improperly and unduly influence the fact finder's understanding of the "everyday" use of the term.

---

[2] Plaintiffs cannot logically contend otherwise. RCDC and/or RC Club Aspen and MVCD did not acquire one another's stock, assets, liabilities, or powers as part of the MVC Affiliation; nor is RCDC or RC Club Aspen merely a "part" or "division" of the allegedly less-exclusive MVCD Program. Moving Br. (ECF #475) at 7.

2

Plaintiffs argue that the more neutral term, "affiliation," is synonymous with "merger" in "everyday" parlance. Even if Plaintiffs were correct, this would not be a reason to permit the use of an inaccurate, misleading, and prejudicial term.

Courts are well within their discretion to exclude evidence that was never pleaded and is, therefore, irrelevant and not probative. Moving Br. (ECF #475) at 6. Use of an inaccurate term is also appropriately excluded under Rule 403 when it is could mislead or confuse a jury, and a more accurate or neutral alternative is available. *Id.* Plaintiffs (including their counsel and experts) should be ordered to use less misleading and prejudicial terminology to describe the MVC Affiliation. At the very least, they should be precluded from using the term "merger" in their opening or on cross-examination of witnesses at trial until reliable evidence suggests that the term "merger" has some application to the facts of the case.

## CONCLUSION

For all the foregoing reasons and for the reasons set forth in their moving brief, the Marriott Defendants respectfully request that the Court enter an order precluding Plaintiffs (including their expert witnesses and counsel) from referring at trial to a purported "merger" between MVCD and RCDC, RC Club Aspen or any other RCDC properties; or, to the extent the Court seeks to defer adjudication, an order precluding Plaintiffs' counsel from referring to such a "merger" in their opening statement or during cross examination of witnesses at trial.

Dated: September 23, 2019           Respectfully submitted,

                                    GREENBERG TRAURIG, LLP

                             By:    *s/ Philip R. Sellinger*
                                    Philip R. Sellinger
                                    Ian S. Marx

3

GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, NJ 07932
Email:  SellingerP@gtlaw.com
            MarxI@gtlaw.com

*Attorneys for the Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, and The Lion & Crown Travel Co., LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that, on this 23rd day of September, 2019, a true and accurate copy of the foregoing **MARRIOTT DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION IN LIMINE TO EXCLUDE REFERENCES TO "MERGER" WITH MARRIOTT VACATION CLUB DESTINATIONS** and attached exhibits were filed and served with the Clerk of the Court via CM/ECF filing system, which will send notification to the following:

Michael J. Reiser
Law Office of Michael J. Reiser
1475 N Broadway, Suite 300
Walnut Creek, CA 94596
*Counsel for Plaintiffs*

Matthew C. Ferguson
The Matthew C. Ferguson Law Firm, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611
*Counsel for Plaintiffs*

Tyler R. Meade
The Meade Firm P.C.
1816 Fifth Street
Berkeley, CA 94710
*Counsel for Plaintiffs*

Linda Pham Lam
Michael Schrag
Gibbs Law Group LLP
505 14th Street, Suite 1100
Oakland, CA 94612
*Counsel for Plaintiffs*

Jessica Black Livingston
Hogan Lovells US LLP
1601 Wewatta Street, Suite 900
Denver, Colorado 80202
*Counsel for Defendant*
*Aspen Highlands Condominium Association, Inc.*

                                                */s/ Gregory Scavelli*
                                                Gregory Scavelli