# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC**, a Colorado limited liability company, et al.,

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION**, a Delaware corporation, et al.,

Defendants.

---

## DECLARATION OF JESSICA BLACK LIVINGSTON IN SUPPORT OF ASPEN HIGHLANDS CONDOMINIUM ASSOCIATION'S AND PLAINTIFFS' JOINT MOTION FOR GOOD-FAITH DETERMINATION OF SETTLEMENT

---

I, Jessica Black Livingston, declare and state as follows:

1.      I am counsel at Hogan Lovells US LLP, and an attorney for Defendant the Aspen Highlands Condominium Association, Inc. (the "AHCA") in the above-captioned matter. I am a member in good standing of the Colorado Bar. I submit this Declaration based upon personal knowledge of the matters stated herein and in support of the AHCA's and Plaintiffs' Joint Motion for Good-Faith Determination of Settlement.

2.      In mid-2018, Plaintiffs and the AHCA participated in two separate mediation sessions, mediated by James M. Lyons, neither of which resulted in a settlement.

3.      After an additional year of extensive motions practice, depositions, and expert discovery, Plaintiffs and the AHCA again engaged in a mediation session, mediated by Mr. Lyons, on July 15, 2019.

reaching a resolution that is in the best interests of both the Plaintiffs and AHCA without any aim whatsoever to injure the interests of the Marriott Defendants.

12.     Plaintiffs and the AHCA had no intent to harm the Marriott Defendants in their negotiation of the settlement or in their agreement on the terms of the Settlement Agreement.

13.     Over the course of two weeks, counsel for Plaintiffs and for the AHCA had frequent communications regarding the proposed terms of what ultimately became the Settlement Agreement.

14.     Counsel engaged in frequent phone calls and email exchanges while negotiating the monetary and non-monetary aspects of the settlement.

15.     Counsel for Plaintiffs and for the AHCA spent days exchanging offers and counteroffers before reaching an agreement on an acceptable monetary payment from the AHCA to Plaintiffs.  During this time, Mr. Lyons remained engaged in the context of his role as mediator.

16.     The contents of the declarations provided by the four AHCA directors pursuant to provision 4 of the Settlement Agreement were repeatedly discussed in order to ensure that directors' attestations accurately reflected the events that occurred.

17.     This dispute has been ongoing for over three years, with dozens upon dozens of depositions and several rounds of contested motions practice.

18.     The settlement amount, which was paid entirely from the AHCA's director & officers liability insurance policies, reflects the Plaintiffs' and the AHCA's respective assessments of future litigation expenses, litigation and jury risks, the potential for adverse judgement(s), and appellate expenses, among other factors.

Marriott Defendants on this Motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 23rd day of September, 2019.

/s/
Jessica Black Livingston
HOGAN LOVELLS US LLP
1601 Wewatta Street, Suite 900
Denver, Colorado 80202
Telephone: (303) 899-7300
FAX: (303) 899-7333
E-mail:jessica.livingston@hoganlovells.com

*Attorney for Defendant Aspen Highlands
Condominium Association*