**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO**

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC,** *et al.*

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION,** *et al.*

Defendants.

---

**PLAINTIFFS' REPORT FOR STATUS CONFERENCE ON SEPTEMBER 27, 2019
AND REQUEST FOR EXPEDITED BREIFING/PROCEEDINGS ON ECF 535**

---

Plaintiffs, by and through their undersigned counsel, submit the following Report for Status Conference and Request for Expedited Briefing in advance of the telephonic Status Conference set by Magistrate Judge Gordon P. Gallagher for September 27, 2019, at 9:00 a.m.

1. On September 23, 2019, after conferring with the Marriott Defendants, Plaintiffs and the Association filed a Joint Motion for Good Faith Determination of Settlement ("Motion to Approve"). (Doc. 535).

2. Plaintiffs respectfully request that if the Marriott Defendants truly intend to challenge the good faith settlement between the Association and Plaintiffs based on their speculation of "collusive conduct" and "cross-move" for discovery, that they be required to do so immediately and that the Motion to Approve proceed on an expedited basis. The Association is in limbo and Daubert motions briefing schedule has an asterisk as it hits Judge Brimmer's desk.

Any response and "cross-motion" should be filed promptly and the briefing expedited to seven (7) days. The Marriott Defendants first set out their position on August 23, 2019.

3. Plaintiffs and the Association have proceeded in good faith and have performed under the Settlement Agreement. It was clear during the meet and confer with Marriott's counsel on the Motion to Approve that when the Marriott Defendants "reserved" the "right to re-depose the four directors and made broad discovery requests of a what they know is confidential mediation and negotiation processes that their intent was to delay and even stymie an important settlement. There are over 200 Plaintiffs and the Association has an even larger constituency of members who have all worked in good faith for certainty and finality. This case is ready to be set for trial between Plaintiffs and the Marriott Defendants. This setting is also delayed.

4. The settling parties have performed and requested approval of the settlement after trying to obtain consent from all parties. The Marriott Defendants could not explain the collusive conduct because there is none. So, they want a fishing expedition and to delve into a confidential mediation and settlement negotiation process. There they will try to spin up some harm. They should not be allowed to open a lengthy, time consuming, expensive side-show case within a case -- with discovery and depositions. This is only an attempt to delay approval of a settlement that they must not care for. It also stalls the trial setting as the Association is ready to be dismissed and should have been long ago. Time is of the essence in the Settlement Agreement and the Court wanted the settlement consummated or for the Association to file its motions/briefs.

5. The Marriott Defendants will no doubt present at the conference that they do not know enough and will request the Court allow discovery. Plaintiffs realized early on that the

2

Marriott Defendants have no good faith basis to oppose on "collusive conduct" grounds and that agreeing to hand over some confidential settlement and mediation communications would only lead to more requests and irrelevant questions. The Association ultimately concurred. The Marriott Defendants cannot make and have made no showing that they are entitled to open this new inquiry.

6. The background facts are set forth in more detail in the Motion to Approve. (Doc. 535). On July 29, 2019, Aspen Highlands Condominium Association filed a "Notice of Settlement in Principle and Motion to Stay Association's Deadlines". (Doc. 440). On July 29, 2019, Judge Brimmer granted the motion in part and referred the remainder to Judge Gallagher. (Doc. 448 and 449).

7. On August 15, 2019, as required by the Court's previous order, Plaintiffs and the Association jointly filed a "Notice of Settlement and Unopposed Motion to Stay Deadline" and advised that a fully executed settlement agreement was in place. (Doc. 465). Plaintiffs and Association jointly and promptly undertook good faith efforts to obtain court approval of the Settlement Agreement in accordance with C.R.S. § 13-50.5-105. Those efforts entailed promptly conferring with counsel for the Marriott Defendants. As set forth in Jessica Black Livingston's Declaration dated September 23, 2019, on August 22, 2019, she provided Ian Marx and his co-counsel with a copy of the Settlement Agreement and the declarations of four board members. She wrote to confer on the Motion to Approve:

> Hi Ian,
> I'm reaching out regarding the Plaintiffs and the Association's settlement. As you likely saw in our Notice of Settlement (ECF No. 465), part of the Settlement Agreement requires the Plaintiffs and the Association to submit the settlement to the Court for approval under C.R.S. § 13-50.5-105. Accordingly, we will be

3

moving the Court for an order approving that the settlement was reached in good faith. Will Marriott consent to that motion, or does Marriott intend to contest that the settlement meets the requirements under the statute? Attached is a copy of the Settlement Agreement for your review. <u>If you could please let us know Marriott's position by the end of the day tomorrow, 8/23, we would appreciate it.</u>

8. Rather than respond as requested on August 23, 2019, the Marriott Defendants delayed one week and did not respond until Mr. Marx's August 29, 2019, email wherein, based on rank speculation at best, he stated that because "it <u>appears</u> to us that the [settlement] <u>may</u> have been the product of collusive conduct… with the intention of prejudicing the Marriott Defendants…." (emphasis added). The Marriott Defendants said they could not give a position. Marriott's only complaint was that declarations delivered by four directors had "questionable and inconsistent testimony." Not since that date almost one month ago, have the Marriott Defendants provided any explanation as to what is inconsistent, beyond the hazy footnote in a reply brief. The undersigned has asked for what exactly is inconsistent, but the Marriott Defendants have ignored the request.

9. Instead of taking a position on the purported inconsistency in the declarations and setting forth that position, the Marriott Defendants made overreaching discovery requests for all communications between the two settling sides concerning the Settlement Agreement and Declarations and for all drafts of same. Marriott's counsel then reserved the "right" to seek to depose the four declarants. It was the latter "reservation" that signaled that the Marriott Defendants have every intention of delaying the approval of the settlement and harming Plaintiffs with more delay to trial and punishing the Association for splitting ranks.

10. The declarants are also the same four directors who the Marriott Defendants assiduously objected to Plaintiffs being allowed to re-depose on the issue of the withheld 2013 Affiliation Agreement. Plaintiffs were only allowed to depose Robert Harris who was not previously deposed. Mr. Harris was deposed on August 2, 2019, and despite a detailed Marriott Defendants cross-examination, they never asked about the settlement that Marriott Defendants knew was in process.

11. The Settlement Agreement and Declarations were the product of a confidential mediation process. The mediator James Lyons and his associate were heavily involved throughout to assist. The unseemly assertion that there *may* be collusion by and among the Plaintiffs' law firms, Hogan Lovells, LLP and Lewis Roca Rothgerber Christie, LLP, to prejudice the Marriott Defendants is only made worse by the suggestion that they were somehow involved in obtaining inconsistent testimony. First, "inconsistent" testimony is not false or untrue. It is a view up for strenuous debate. The Marriott Defendants would have made that claim of false testimony if they could. They cannot. Second, any "inconsistency" is something that Greenberg Traurig can deal with on cross-examination. Third, on August 19, 2019, the four simple declarations were submitted by Plaintiffs with their opposition to the Marriott Defendants' motion for partial summary judgment. (Doc. 472). The Marriott Defendants have had these declarations for well over a month and they filed their reply on September 3, 2019. Only one mention is made in a footnote about one declaration of Robert Harris. Marriott quibbles in that unclear footnote about what they view is an inconsistency between the declaration and his recent deposition testimony. (Doc. 491, p. 2, fn 1). It's hard to divine any. If the Marriott Defendants truly thought that there was collusive conduct to prejudice them in the settlement and

5

that conduct was false testimony of some sort – they would have been raised in their reply. They did not.

12. Plaintiffs maintain that as set forth in the Motion to Approve that the Marriott Defendants have the burden of proving settlement was the product of collusive conduct. The presumption is that the settlement is in good faith. Marriott should not be permitted to simply utter the "collusion" buzz words and then claim entitlement to discovery. The Marriott Defendants have stated they see an inconsistency in the declaration, but other than quibbling in a footnote they can make no showing they are entitled to inquire into a confidential mediation and negotiation process. If they persist and want to brief this matter, Plaintiffs again respectfully request that it all be done on an expedited basis -- within seven (7) days.

DATED: September 26, 2019.

Respectfully submitted,

THE MATTHEW C. FERGUSON LAW FIRM, P.C.

*/s/ Matthew C. Ferguson*
Matthew C. Ferguson, #25687
119 South Spring, Suite 201
Aspen, Colorado 81611
Telephone: (970) 925-6288
Facsimile: (970) 925-2273
E-mail: matt@matthewfergusonlaw.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 26th day of September 2019, a true and accurate copy of the foregoing **PLAINTIFFS' REPORT FOR STATUS CONFERENCE ON SEPTEMBER 27, 2019** was filed and served via CM/ECF filing system upon following:

Jessica Black Livingston, Esq.
Andrew Nussbaum, Esq.
Hogan Lovells US LLP
1200 Seventeenth Street, Suite 1500
Denver, Colorado 80202

Naomi G. Beer, Esq.
Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, Colorado 80202

Ian S. Marx, Esq.
MarxI@gtlaw.com
Philip R. Sellinger, Esq.
SellingerP@gtlaw.com
Greenberg Traurig, LLP
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932

*/s/ Lucie Riviere*_____
Lucie Riviere

4835-9552-6568, v. 1