# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC**, a Colorado limited liability company, et al.,

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION**, a Delaware corporation, et al.,

Defendants.

## DECLARATION OF JESSICA BLACK LIVINGSTON IN SUPPORT OF ASPEN HIGHLANDS CONDOMINIUM ASSOCIATION'S AND PLAINTIFFS' JOINT MOTION FOR GOOD-FAITH DETERMINATION OF SETTLEMENT

I, Jessica Black Livingston, declare and state as follows:

1. I am counsel at Hogan Lovells US LLP, and an attorney for Defendant the Aspen Highlands Condominium Association, Inc. (the "AHCA") in the above-captioned matter. I am a member in good standing of the Colorado Bar. I submit this Declaration based upon personal knowledge of the matters stated herein and in support of the AHCA's and Plaintiffs' Joint Motion for Good-Faith Determination of Settlement.

2. In mid-2018, Plaintiffs and the AHCA participated in two separate mediation sessions, mediated by James M. Lyons, neither of which resulted in a settlement.

3. After an additional year of extensive motions practice, depositions, and expert discovery, Plaintiffs and the AHCA again engaged in a mediation session, mediated by Mr. Lyons, on July 15, 2019.

1

4. That all-day mediation session was followed by a prolonged two-week negotiation period, at the conclusion of which Plaintiffs and the AHCA were able to reach a settlement in principle on the evening of July 26, 2019.

5. The next day, on Saturday, July 27, 2019, counsel for the AHCA informed counsel for Defendant Marriott that the Plaintiffs and AHCA had reached a settlement in principle.

6. On July 30, 2019, Plaintiffs and the AHCA finalized their Settlement Agreement and Mutual Release of Claims (the "Settlement Agreement").

7. Mr. Lyons stayed engaged as the mediator to assist reaching a settlement.

8. The Settlement Agreement was fully executed on August 15, 2019, after obtaining signatures from each and every of the approximately 206 sets of Plaintiffs (owners of 230 units) and the AHCA.

9. Attached hereto as Exhibit 2 is a true and accurate copy of the Settlement Agreement, including its respective exhibits.

10. Counsel for Plaintiffs and the AHCA extensively negotiated these terms with the aid of their mediator over the course of approximately two weeks, taking into account the needs of their respective clients, their separate assessments of the litigation risks presented by the prospect of continuing towards trial, the time and expenses each side faced in continuing to litigate this dispute, and numerous other factors relevant to each side.

11. In their settlement efforts, Plaintiffs and the AHCA vigorously negotiated their respective positions, endeavoring to reduce their respective risks by reaching a private resolution to the dispute rather than facing the uncertainty associated with a jury trial, and ultimately

2

reaching a resolution that is in the best interests of both the Plaintiffs and AHCA without any aim whatsoever to injure the interests of the Marriott Defendants.

12. Plaintiffs and the AHCA had no intent to harm the Marriott Defendants in their negotiation of the settlement or in their agreement on the terms of the Settlement Agreement.

13. Over the course of two weeks, counsel for Plaintiffs and for the AHCA had frequent communications regarding the proposed terms of what ultimately became the Settlement Agreement.

14. Counsel engaged in frequent phone calls and email exchanges while negotiating the monetary and non-monetary aspects of the settlement.

15. Counsel for Plaintiffs and for the AHCA spent days exchanging offers and counteroffers before reaching an agreement on an acceptable monetary payment from the AHCA to Plaintiffs. During this time, Mr. Lyons remained engaged in the context of his role as mediator.

16. The contents of the declarations provided by the four AHCA directors pursuant to provision 4 of the Settlement Agreement were repeatedly discussed in order to ensure that directors' attestations accurately reflected the events that occurred.

17. This dispute has been ongoing for over three years, with dozens upon dozens of depositions and several rounds of contested motions practice.

18. The settlement amount, which was paid entirely from the AHCA's director & officers liability insurance policies, reflects the Plaintiffs' and the AHCA's respective assessments of future litigation expenses, litigation and jury risks, the potential for adverse judgement(s), and appellate expenses, among other factors.

3

19. Additionally, because the AHCA's insurance policies are wasting policies (meaning that defense costs are deducted from the available policy limits), continued litigation expenses simply reduced the amounts available to satisfy a judgment—and, notably, any amount awarded to another party in the form of indemnification or contribution.

20. The settlement amount reflects an intentional effort by the AHCA to preserve some amount of the insurance policies in the event that a future related claim is filed against the AHCA that requires the AHCA to defend itself.

21. The AHCA endeavored to require, when negotiating the monetary terms of the settlement, that some funds remain available within the overall limits of the insurance policies.

22. The ultimate settlement amount thus reflects this strategic goal of the AHCA.

23. The declarations contain nearly identical testimony to that which the AHCA, and those specific four declarants, already provided in the form of discovery responses.

24. Attached hereto is a true and accurate copy of the AHCA's verified objections and responses to Plaintiffs' second set of interrogatories and first set of requests for admission, dated December 31, 2018.

25. The testimony in the declarations simply mirrors what the declarants will testify to under oath if called at trial, and the declarants will be subject to cross examination if they so testify at trial.

26. The four declarants further agreed to not contest any trial subpoena (they do not reside within the subpoena power of the Court) and to appear at trial to testify, if called to do so.

27. Counsel for the AHCA shared the full Settlement Agreement and all its terms with counsel for the Marriott Defendants on August 22, 2019, in an effort to confer with the

4

Marriott Defendants on this Motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 23rd day of September, 2019.

/s/
Jessica Black Livingston
HOGAN LOVELLS US LLP
1601 Wewatta Street, Suite 900
Denver, Colorado 80202
Telephone: (303) 899-7300
FAX: (303) 899-7333
E-mail:jessica.livingston@hoganlovells.com

*Attorney for Defendant Aspen Highlands Condominium Association*

5