IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 16-01301 PAB

RCHFU, LLC, et al.

  Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, et al.

  Defendants.

---

**DECLARATION OF IAN S. MARX IN SUPPORT OF
MARRIOTT DEFENDANTS' RESPONSE TO ASPEN HIGHLANDS
CONDOMINIUM ASSOCIATION'S AND PLAINTIFFS' JOINT MOTION FOR GOOD-
FAITH DETERMINATION OF SETTLEMENT (ECF #535)**

---

I, **Ian S. Marx**, declare and state:

1.    I am a shareholder of Greenberg Traurig, LLP, attorneys for Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, and The Lion & Crown Travel Company, LLC ("L&C") (collectively, "Marriott Defendants") in this action. I submit this Declaration based upon personal knowledge and in support of the Marriott Defendants' Response to Aspen Highlands Condominium Association's (the "Association" or "AHCA") and Plaintiffs' Joint Motion For Good-Faith Determination of Settlement (ECF #535) ("Settlement Motion"), as well as Plaintiffs' Report for Status Conference on September 27, 2019 and Request for Expedited Briefing/Proceedings on ECF 353 (ECF #538).

2.    I received an email from Jessica Livingston, Esq. of Hogan Lovells, counsel to the AHCA, on Saturday, July 27, 2019, which informed me that the night before, the AHCA had

reached a settlement in principle with Plaintiffs concerning their claims against the AHCA.  Ms. Livingston further advised that the AHCA would be informing the Court of the settlement in principle, and requesting a stay of the AHCA's deadlines, pending execution of the settlement and Ms. Livingston.  I spoke with Ms. Livingston on Monday, July 29, 2019.  She informed me she was not at liberty to share the details of the settlement, which we did not discuss.

3. On August 22, 2019, I received an email from Ms. Livingston, which attached a copy of the fully executed Settlement Agreement between Plaintiffs and the AHCA.  She advised that the Settlement Agreement required Plaintiffs and the Association to submit the settlement to the Court for approval under C.R.S. § 13-50.5-105 and told me that they would be moving the Court for an order approving that the settlement was reached in good faith.  She asked whether the Marriott Defendants would consent to that motion or whether the Marriott Defendants intended to contest that the settlement meets the requirements under the statute.  Ms. Livingston requested that the Marriott Defendants respond to her request within a day.  A true and correct copy of Ms. Livingston's email to me is attached as Exhibit A.

4. I responded to Ms. Livingston's email that day, telling her that we would review the issue with our clients and respond to her request for Marriott's position as soon as possible, although it would not likely be within the one-day response time she requested.  A true and correct copy of my email to Ms. Livingston is attached as Exhibit B.

5. On August 29, 2019, I wrote in response to Ms. Livingston.  A true and correct copy of my email is attached hereto as Exhibit C.

6. I had subsequent discussions with the AHCA's counsel Brad Levin and Jessica Livingston on September 6 and 12, 2019, in which we discussed the Marriott Defendants' request

2

for documents and information. They did not commit to providing it, nor did they deny our requests.

7. In the meantime, the AHCA's President, Salvatore Cutrona, was reaching out directly to the Marriott Defendants. Attached hereto as Exhibit D is a true and correct copy of an email from Mr. Cutrona to Lee Cunningham, of Marriott Vacations Worldwide Corporation, sent on September 12, 2019.

8. Mr. Cunningham responded to Mr. Cutrona. A true and correct copy of Mr. Cunningham's emailed response, sent on September 12, 2019, is attached hereto as Exhibit E.

9. Mr. Cutrona responded later that day. A true and correct copy of his email to Mr. Cunningham, sent on September 12, 2019, is attached hereto as Exhibit F.

10. On Saturday, September 21, 2019, Ms. Livingston for the first time responded to our request for documents and information. Attached hereto as Exhibit G is a true and correct copy of her emailed response.

11. I responded to Ms. Livingston on September 23, 2019 (the next business day). Attached hereto as Exhibit H is a true and correct copy of my emailed response.

12. True and correct copies of excerpts from the deposition of Robert Harris, taken on August 2, 2019, are attached hereto as Exhibit I.

13. Attached as Exhibit J is a true and correct copy of an email chain dated December 6, 2013, between former directors of the Aspen Highlands Condominium Association (the "Association")—Robert Harris, Randal Mercer, Philip Schneider, Tyler Oliver, and Joel Alper—which was produced in discovery by the Association and identified as Exhibit 1001 at the August 2, 2019 deposition of Robert Harris.

14. Attached as Exhibit K is a true and correct copy of an email chain from April 4 to April 5, 2014, between and among former directors of the Association and employees of the Marriott Defendants, which was produced in discovery by the Association and identified as Exhibit 1004 at the August 2, 2019 deposition of Robert Harris.

I declare under penalty of perjury that the foregoing is true and correct.

Executed October 8, 2019, in Florham Park, New Jersey.

                                           */s/ Ian S. Marx*
                                           IAN S. MARX