# EXHIBIT C

# Marx, Ian (Shld-NJ-LT)

| | |
|---|---|
| **From:** | Marx, Ian (Shld-NJ-LT) |
| **Sent:** | Thursday, August 29, 2019 4:35 PM |
| **To:** | 'Black Livingston, Jessica' |
| **Cc:** | Matthew Ferguson (matt@matthewfergusonlaw.com); Michael Schrag (mls@classlawgroup.com); Michael Reiser (michael@reiserlaw.com); Tyler Meade (tyler@meadefirm.com); Sellinger, Philip R. (Shld-NJ-LT); Scavelli, Greg (Para-NJ-LT); Nussbaum, Andrew |
| **Subject:** | RE: Aspen Settlement - Court Approval |

Dear Jess:

We write in response to your request for the Marriott Defendants' position with respect to your anticipated motion for Court approval of your settlement under C.R.S. § 13-50.5-105.

Based on the information presently available to us (which as of now, is comprised solely of the Settlement Agreement you provided to us on August 22), we are not in a position to advise whether we will agree to the motion, or contest that the settlement was entered into in good faith. Based on our review of the Agreement, it appears to us that it may have been the product of collusive conduct between the AHCA and Plaintiffs, with the intention of prejudicing the Marriott Defendants. Of particular concern are Paragraphs 4 and 5 of the Agreement, which obligate certain of the AHCA's Former Directors to sign and deliver certain Declarations, and to appear at trial and provide testimony consistent with those Declarations, which are inconsistent with the Former Directors' deposition testimony. The procurement of this questionable and inconsistent testimony in exchange for the release of claims against the AHCA creates the appearance of collusion.

In order to assess whether the Settlement Agreement was the product of non-collusive conduct, and thus to adequately react to your anticipated motion, we request that you provide us with the following documents and information:

1. All communications between Plaintiffs' counsel and the AHCA's counsel concerning, relating or pertaining to:
    a. the Settlement Agreement and/or
    b. the Declarations.

2. All drafts of:
    a. the Settlement Agreement
    b. the Declarations.

3. The Marriott Defendants would reserve the right to seek depositions of the Former Directors concerning the Settlement Agreement and Declarations, following the production of documents.

Given that we will be unable to adequately assess the good faith of the settlement without this information, we cannot advise you of our position at this time and, given the significance of this requested information to the good faith inquiry, we will request it from the Court in the event it is not provided.

We are available to discuss these issues with you, at your convenience.

Thanks,
Ian

**Ian S. Marx, Esq.**
Shareholder
**Greenberg Traurig, LLP**
500 Campus Drive, Suite 400 | Florham Park, NJ 07932-0677
T +1 973.360.7951   | F +1 973.295.1307   | C +1 917.969.1845
MarxI@gtlaw.com   |   www.gtlaw.com   |   View GT Biography

