# EXHIBIT D

**From:** Salvatore M. Cutrona, Sr. <salcut@comcast.net>

**Sent:** Thursday, September 12, 2019 10:21 AM

**To:** Cunningham, Lee

**Cc:** Salvatore Cutrona

**Subject:** Fwd: Aspen Settlement - Court Approval

Dear Lee:

I hope this finds you well.

1

I would like to arrange a time to discuss the current status of the Ritz-Carlton Destination Club, Aspen Highlands Condominium Association, Inc.(AHCA), settlement with the plaintiffs in the RCHFU, LLC et al v. Marriott Vacations Worldwide Corporation et al case.

We received the attached email from Marriott counsel re: our request under CO law for Court approval of our settlement under C.R.S. § 13-50.5-105.

Lee, as president of AHCA, I personally worked with our attorneys in July to reach this settlement. It includes no payment for damages, but sole reimbursement for legal fees paid or incurred, further protecting the Association.

I can assure you that it is not as Marriott's counsel claims below that it is the "**product of collusive conduct between the AHCA and Plaintiffs, with the intention of prejudicing the Marriott Defendants.**"  I can assure you of this.

To that end, I ask for a meeting with you to discuss clearly and accurately our current settlement provisions, the economics of the deal, the Declaration requested by plaintiff's attorney relate to the Affiliation Agreement, all of which has been covered in deposition and discovery on the court record, my analysis of the settlement payment and provisions of the Agreement, and why this is in the best interest of our Associaiton, the Ritz-Carlton Destination Club, and the litigation. This is further exasperated by the fact that we uncovered recently that our D&O Insurance, which is brokered through MVWC on our behalf as our Management Company, does not protect the Association from damages our co-defendant MVWC would have agains the AHCA.

Please let me know as soon as possible, when we might be able to meet and discuss this issue. I would be more than happy to come to Orlando to help move this along if you deem that appropriate.

All my best!

Salvatore M. Cutrona, Sr.
salcut@comcast.net
Mobile: 917-543-8529
Office: 610-796-8855

\

2

**From:** MarxI@gtlaw.com [mailto:MarxI@gtlaw.com]
**Sent:** Thursday, August 29, 2019 2:35 PM
**To:** Black Livingston, Jessica
**Cc:** matt@matthewfergusonlaw.com; mls@classlawgroup.com; michael@reiserlaw.com; tyler@meadefirm.com; SellingerP@gtlaw.com; scavellig@gtlaw.com; Nussbaum, Andrew
**Subject:** RE: Aspen Settlement - Court Approval

Dear Jess:

We write in response to your request for the Marriott Defendants' position with respect to your anticipated motion for Court approval of your settlement under C.R.S. § 13-50.5-105.

Based on the information presently available to us (which as of now, is comprised solely of the Settlement Agreement you provided to us on August 22), we are not in a position to advise whether we will agree to the motion, or contest that the settlement was entered into in good faith. Based on our review of the Agreement, <u>**it appears to us that it may have been the product of collusive conduct between the AHCA and Plaintiffs, with the intention of prejudicing the Marriott Defendants.**</u> Of particular concern are Paragraphs 4 and 5 of the Agreement, which obligate certain of the AHCA's Former Directors to sign and deliver certain Declarations, and to appear at trial and provide testimony consistent with those Declarations, which are inconsistent with the Former Directors' deposition testimony. The procurement of this questionable and inconsistent testimony in exchange for the release of claims against the AHCA creates the appearance of collusion.

In order to assess whether the Settlement Agreement was the product of non-collusive conduct, and thus to adequately react to your anticipated motion, we request that you provide us with the following documents and information:

3

1. All communications between Plaintiffs' counsel and the AHCA's counsel concerning, relating or pertaining to:

    a. the Settlement Agreement and/or
    b. the Declarations.

2. All drafts of:

    a. the Settlement Agreement
    b. the Declarations.

3. The Marriott Defendants would reserve the right to seek depositions of the Former Directors concerning the Settlement Agreement and Declarations, following the production of documents.

Given that we will be unable to adequately assess the good faith of the settlement without this information, we cannot advise you of our position at this time and, given the significance of this requested information to the good faith inquiry, we will request it from the Court in the event it is not provided.

We are available to discuss these issues with you, at your convenience.

Thanks,
Ian



Ian S. Marx, Esq.
Shareholder
**Greenberg Traurig, LLP**
500 Campus Drive, Suite 400 | Florham Park, NJ 07932-0677
T +1 973.360.7951   |   F +1 973.295.1307   |   C +1 917.969.1845
MarxI@gtlaw.com  |  www.gtlaw.com  |  View GT Biography

<image001.png>


**From:** Black Livingston, Jessica
[mailto:jessica.livingston@hoganlovells.com]

4

**Sent:** Thursday, August 22, 2019 2:18 PM

**To:** Marx, Ian (Shld-NJ-LT) <MarxI@gtlaw.com>

**Cc:** Matthew Ferguson (matt@matthewfergusonlaw.com) <matt@matthewfergusonlaw.com>; Michael Schrag (mls@classlawgroup.com) <mls@classlawgroup.com>; Michael Reiser (michael@reiserlaw.com) <michael@reiserlaw.com>; Tyler Meade (tyler@meadefirm.com) <tyler@meadefirm.com>; Sellinger, Philip R. (Shld-NJ-LT) <SellingerP@gtlaw.com>; Scavelli, Greg (Para-NJ-LT) <scavellig@gtlaw.com>; Nussbaum, Andrew <andrew.nussbaum@hoganlovells.com>

**Subject:** Aspen Settlement - Court Approval

*EXTERNAL TO GT*

Hi Ian,

I'm reaching out regarding the Plaintiffs and the Association's settlement. As you likely saw in our Notice of Settlement (ECF No. 465), part of the Settlement Agreement requires the Plaintiffs and the Association to submit the settlement to the Court for approval under C.R.S. § 13-50.5-105. Accordingly, we will be moving the Court for an order approving that the settlement was reached in good faith. Will Marriott consent to that motion, or does Marriott intend to contest that the settlement meets the requirements under the statute? Attached is a copy of the Settlement Agreement for your review. If you could please let us know Marriott's position by the end of the day tomorrow, 8/23, we would appreciate it.

Thanks,

Jess

5

**Jessica Black Livingston**
Counsel

**Hogan Lovells US LLP**
1601 Wewatta Street, Suite 900
Denver, CO 80202

Tel: +1 303 899 7300
Direct: +1 303 454 2433
Fax: +1 303 899 7333
Email: jessica.livingston@hoganlovells.com
www.hoganlovells.com

*Please consider the environment before printing this e-mail.*

**About Hogan Lovells**
Hogan Lovells is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP. For more information, see www.hoganlovells.com.

CONFIDENTIALITY. This email and any attachments are confidential, except where the email states it can be disclosed; it may also be privileged. If received in error, please do not disclose the contents to anyone, but notify the sender by return email and delete this email (and any attachments) from your system.

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately atpostmaster@gtlaw.com, and do not use or disseminate the information.