## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC,** *et al.*

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION,** *et al.*

Defendants.

---

### PLAINTIFFS' MOTION FOR SETTING OF PRETRIAL CONFERENCE BEFORE MAGISTRATE GORDON P. GALLAGHER AND REQUEST FOR EXPEDITED BREIFING

---.

Plaintiffs, by and through their undersigned counsel, hereby request that the Court schedule the Rule 16 Pretrial Conference.

### I.  CERTIFICATE OF COMPLIANCE WITH D.C. COLO. L. CIVR 7.1A

The undersigned certifies that he has conferred with counsel for the Marriott Defendants about working on the Final Pretrial Order and setting the Pretrial Conference for December 2019. After conferral, the Marriott Defendants oppose this Motion. The Marriott Defendants' position is that even though the case is nearly four years old, fact and expert discovery are closed and all motions, including i*n limines*, are full briefed, it is premature to hold the Pretrial Conference.

### II.  REQUEST FOR EXPEDITED BRIEFING

Because this is simple scheduling motion, Plaintiffs request that the Marriott Defendants respond in no more than 7 days and that any rely be filed within 3 says.

1

### III. INTRODUCTION

As directed by Magistrate Judge Gallagher in his October 1, 2019 Order (Doc. 541), Plaintiffs move for an order setting the Pretrial Conference for a date in December 2019. Pursuant to Judge Brimmer's Practice Standards (Civil Cases) at IV.A., Judge Gallagher is required to hold a Final Pretrial Conference as prescribed by Fed.R.Civ.P. 16(d) and (e), and D.C.COLO.LCivR 16.3.

### II. RELEVANT FACTS AND PROCEDURAL POSTURE.

On September 30, 2019, Plaintiffs' counsel contacted the Judge Gallagher's clerk for available dates in December 2019 to conduct this Pretrial Conference and copied counsel for all parties. On October 1, 2019, the Marriott Defendants sent an email to the Court clerk opposing the setting of the Pretrial Conference. Plaintiffs responded that same day.[1] Judge Gallagher then directed the parties to proceed by motion to set the Fed.R.Civ.P. 16(e) Final Pretrial Conference. Doc. 541.

On September 30, 2019, having also reached a settlement of their case against the Association[2] at the close of discovery and dispositive motion practice, Plaintiffs began meeting and conferring with the Marriott Defendants' about drafting a joint Pretrial Order for the Final Pretrial Conference. As part of that process, realizing the pretrial order would take some time, Plaintiffs asked Judge Gallagher's clerk about available Final Pretrial Conference dates in December 2019 – about 75 days out.

---

[1] A copy of the Plaintiffs and Marriott Defendants' emails chain on September 30 and October 1, 2019 is attached to this motion as EXHIBIT "1".

[2] ACHA's and Plaintiffs Joint Motion for Good Faith Determination of Settlement is briefed and pending before Judge Gallagher. The Marriott Defendants have opposed the motion and cross moved for discovery about the settlement, (Docs. 535,542,543,544 and 546). which has been opposed.

The Scheduling Order in this case was entered over three years ago by Judge Gallagher on August 18, 2016 (Doc. 60) and modified numerous times. The extensive noticed and propounded discovery is now finally complete. Cross motions for summary judgment are fully briefed, as are the Marriott Defendants' Daubert and in *limine* motions.  Because the parties anticipate that the jury trial will be longer than five days, the trial date must be set <u>following</u> the requisite Final Pretrial Conference. (Doc. 60, p.  18, citing Judge Brimmer's Practice Standards Section IV.C.).

Yet the Marriott Defendants propose delaying  the drafting of the Pretrial Order and the scheduling the Final Pretrial Conference. They do not want to participate in either required tasks until the Court rules on all the summary judgment and Daubert motions. They now also suggest that they might want to conduct additional Plaintiffs' depositions based on those rulings (indicating they know the case will proceed to trial).

Plaintiffs are proceeding with the drafting of the Pretrial Order and as required are moving here to schedule the necessary Final Pretrial Conference.

## IV. ARGUMENT

### A. The Parties Have Finished All Pretrial Tasks and The Court Requires a Final Pretrial Conference Before Setting the Trial Date

Plaintiffs and the Marriott Defendants have completed all requirements set forth in the Scheduling Order as amended. Contrary to the Marriott Defendants' assertion, the extensive and delayed discovery has now been completed (with Marriott's asterisk). The Parties' dispositive, Daubert and in *limine* motions are all fully briefed.

Fed.R.Civ.P. 16(e)  is discretionary with the District Judge and provides in pertinent part that "[t]he court may hold a final pretrial conference to formulate a trial plan, including a plan to facilitate the admission of evidence." *Id.* Judge Brimmer requires a Final Pretrial Conference to be

held by the magistrate judge. Again, the Parties agreed in the Scheduling Order that this case cannot yet be set for trial under Judge Brimmer's rules because it will exceed five days. (Doc. 60, p. 18). Thus, following the Final Pretrial Conference the Parties will need to set the trial and a Trial Preparation Conference with Judge Brimmer (Practice Standard IV.B.) and may be required to present argument regarding the length of trial. Practice Standard IV.C.

**B. The Pendency of Various Motions is Not a Valid Reason to Delay Setting the Pretrial Conference**

The Marriott Defendants' desire that all pending motions be decided before the Pretrial Conference is not a recognized reason to stop prosecution of the case.  Courts often hold pretrial conferences while various motions are pending. Indeed, Section 5 of Judge Brimmer's  Final Pretrial Order form  requires all <u>pending</u> motions to be listed, showing that the Court anticipates holding the Pretrial Conference before resolving all motions.

The Marriott Defendants similarly sought a single-track plan in 2016 when they stated in their section of the Scheduling Order that setting a discovery schedule in the case was "premature" pending a potential favorable decision for them on the initial motion to dismiss. As they do here, they asserted then that waiting "may obviate" the need for further activity in the case. Doc. 60, p. 16. Marriott and ACHA's Fed.R.Civ.P. 12(b)(6) motions were ultimately denied in substantial part. But because the Court would not allow what was effectively a request for a "pending motion" stay of discovery, the case proceeded in discovery for many months. The parties would have lost many months of prosecution.

Plaintiffs urge that there is no rule, case law. practice standard or good basis to effectively stay the case. The Marriott Defendants try to take on the mantle of Fed.R.Civ.P. 1 as a valid reason to stay the prosecution of the case. Their position is rather delaying the case and costing

Plaintiffs more time and money. For example, for a fourth year of litigation Plaintiffs who own 230 Fractional Units will be billed for assessments of $16,000 – in many cases more than what the units are now worth. Marriott's suggestion that the Court may be spared a 3-5-hour Pretrial Conference if the case is stayed pending Judge Brimmer's potential pretrial rulings ignores the fact that cases are resolved or not resolved on motions all the time. This could be the case for all stages of litigation. Parties are required by the rules to continue to prepare the case for trial while motions are pending. The fact that the parties may settle is not a reason to forestall the next step in a case either. It is the orderly and timely prosecution of the of cases that leads to resolution by settlement or verdict.

Likewise, Marriott's urging that possible pre-trial rulings might directly affect the proof is not a reason for delay. Parties routinely adopt to such rulings, rather than stopping to wait for them.

### C. ALL NOTICED/PROPOUNDED DISCOVERY IS COMPLETE AND THE POSSIBILITY THAT MARRIOTT DEFENDANTS MAY WANT TO CONDUCT ADDITIONAL PLAINTIFF DEPOSITIONS IS NO BASES TO DELAY THE PRETRIAL CONFERENCE.

As per the Court's directive, on September 14, 2018, the Marriott Defendants, provided a Plaintiffs' counsel with a letter containing a list of Plaintiffs they sought Court permission for to depose after the fact discovery cut-off with a statement as to why. These were subsets of plaintiffs who had either not been deposed or who had attended mediation in June 2018. Plaintiffs responded and rejected that request by letter dated September 20, 2018. A copy of Matthew C. Ferguson's letter to Ian Marx and Peter Sellinger outlining the detailed reasons for that rejection is attached hereto as **EXHIBIT "2"**. On September 25, 2019, the Marriott Defendants filed a Status Report and stated that in light of Plaintiffs' rejection to conduct depositions of Plaintiffs after the cut-off, the Marriott Defendants would make a motion for an order compelling them. (Doc. 308, p.

2-3). On November 20, 2018, the Court entered an "Order Re: Second Additional Case Schedule Addendum (Doc. 322, p. 1), in which the Court observed that the Marriott Defendants might move to compel.  The Marriott Defendants have never brought a motion to compel and 12 ½ months have passed. In the same order, as agreed by the parties, the issue of reliance would be part of a motion for summary judgment.  Those "reliance" motions have been filed. Any right to depose Plaintiffs will be addressed after the issue is decided. This is how Marriott chose to proceed. This placeholder on an issue of reliance is not a reason to stop the entire pretrial process. This was never suggested.

The Marriott Defendants have deposed dozens of plaintiffs already. Their testimony plays almost no role in Marriott's pending motions.  Individual reliance is a discrete issue for one potential element of one claim for constructive fraud. The Marriott Defendants also propounded written discovery. They have dozens of transcripts of similarly situated plaintiffs already. The situation is not unlike all the other unknowns in a case. There was no notion that while this issue (and others) was *sub judice* with the filing of dispositive motions the case would be stayed, and the parties could stop proceeding toward trial. All of Plaintiffs' depositions are not needed to have a Pretrial Conference. The possible answers are already known with the dozens of other depositions and the fact patterns are all basically the same. Even if by some chance that were the case (which Plaintiffs say no), the issue is discreet and simple enough to provide for appropriately in the Pretrial Order.

## V. CONCLUSION

Plaintiffs respectfully request an order setting the Pretrial Conference for a date in December 2019.

Dated: October 18, 2019

6

REISER LAW, P.C.

___*/s/ Michael J. Reiser*_____
Michael J. Reiser, # 16161
1475 N. Broadway, Suite 300
Walnut Creek, CA 94596
Telephone: (925) 256-0400
E-mail: michael@reiserlaw.com
*Attorney for Plaintiffs*


GIBBS LAW GROUP, LLP

___*/s/ Michael Schrag*_____
Michael Schrag (CA State Bar # 185832)
Linda Lam (CA State Bar# 301461)
505 14th Street, Suite 1110
Oakland, CA 94612
Phone: (510) 350-9718
Facsimile: (510) 350-9701
E-mail: mls@classlawgroup.com
E-mail: lpl@classlawgroup.com
*Attorney for Plaintiffs*

THE MATTHEW C. FERGUSON
LAW FIRM, P.C.

_____*/s/ Matthew C. Ferguson*_____
Matthew C. Ferguson, #25687
119 South Spring, Suite 201
Aspen, Colorado 81611
Telephone: (970) 925-6288
Facsimile: (970) 925-2273
E-mail: matt@matthewfergusonlaw.com
*Attorney for Plaintiffs*


THE MEADE LAW FIRM, P.C.

___*/s/ Tyler Meade*_____
Tyler Meade (CA State Bar # 160838)
1816 Fifth Street
Berkeley, CA 94710
Telephone: 510-843-3670
E-mail: tyler@meadefirm.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 18th day of October 2019, a true and accurate copy of the foregoing **PLAINTIFFS' MOTION FOR SETTING OF PRETRIAL CONFERENCE BEFORE MAGISTRATE GORDON P. GALLAGHER AND REQUEST FOR EXPEDITED BREIFING** was served via E-mail upon following:

| | |
|---|---|
| Jessica Black Livingston, Esq.<br>Hogan Lovells US LLP<br>1200 Seventeenth Street, Suite 1500<br>Denver, Colorado 80202 | |
| Naomi G. Beer, Esq.<br>Greenberg Traurig, LLP<br>1200 17th Street, Suite 2400<br>Denver, Colorado 80202 | Ian S. Marx, Esq.<br>Philip R. Sellinger, Esq.<br>Greenberg Traurig, LLP<br>500 Campus Drive, Suite 400<br>**Florham Park, New Jersey 07932** |

  */s/ Virginia O'Keeffe*_____
Virginia O'Keeffe
4838-2209-6042, v. 1