| | |
|---|---|
| **From:** | Matthew Ferguson |
| **To:** | Angela Barnes; MarxI@gtlaw.com |
| **Cc:** | michael@reiserlaw.com; tyler@meadefirm.com; lpl@classlawgroup.com; mls@classlawgroup.com; Lucie Riviere; debbie@reiserlaw.com; SellingerP@gtlaw.com; jessica.livingston@hoganlovells.com; scavellig@gtlaw.com |
| **Subject:** | RE: RCHFU v Marriott -- Final Pretrial Conference |
| **Date:** | Tuesday, October 01, 2019 1:11:00 PM |
| **Attachments:** | Matthew C Ferguson Esq .vcf<br>image008.png<br>image009.png<br>image010.png<br>image002.png |

Thanks.



Matthew C. Ferguson

**The Matthew C. Ferguson Law Firm, P.C.**

119 South Spring Street

Suite 201

Aspen, Colorado 81611

Tel (970) 925-6288

Fax (970) 925-2273

matt@matthewfergusonlaw.com

www.matthewfergusonlaw.com



\* If you are a client of Matthew C. Ferguson and this electronic mail message is directed to you, please DO NOT FORWARD this transmission to anybody. Strict confidentiality is necessary in order to maintain confidentiality.

---

**From:** Angela Barnes <Angela_Barnes@cod.uscourts.gov>
**Sent:** Tuesday, October 01, 2019 12:52 PM
**To:** Matthew Ferguson <matt@matthewfergusonlaw.com>; MarxI@gtlaw.com
**Cc:** michael@reiserlaw.com; tyler@meadefirm.com; lpl@classlawgroup.com; mls@classlawgroup.com; Lucie Riviere <lucie@matthewfergusonlaw.com>; debbie@reiserlaw.com; SellingerP@gtlaw.com; jessica.livingston@hoganlovells.com; scavellig@gtlaw.com
**Subject:** RE: RCHFU v Marriott -- Final Pretrial Conference

Hello –
Probably Judge Gallagher will have feedback for you all by day's end.

Exhibit "1"

Angela Barnes
Judicial Asst for Magistrate Judge Gordon P. Gallagher
400 Rood Avenue, Aspinall Federal Bldg.
Grand Jct CO 81501
970-241-8932, Option 0

---

**From:** Matthew Ferguson <matt@matthewfergusonlaw.com>
**Sent:** Tuesday, October 01, 2019 12:36 PM
**To:** Angela Barnes <Angela_Barnes@cod.uscourts.gov>; MarxI@gtlaw.com
**Cc:** michael@reiserlaw.com; tyler@meadefirm.com; lpl@classlawgroup.com; mls@classlawgroup.com; Lucie Riviere <lucie@matthewfergusonlaw.com>; debbie@reiserlaw.com; SellingerP@gtlaw.com; jessica.livingston@hoganlovells.com; scavellig@gtlaw.com
**Subject:** RE: RCHFU v Marriott -- Final Pretrial Conference

Dear Ms. Barnes: We could not envision that simply attempting to set up a date for a pretrial conference 75 days hence would be met with such a robust substantive response. I will respond for Judge Gallagher here, but it would appear that a status conference in the next week or so might be in order to discuss moving this case to trial and practically resolving any real issues surrounding the Final Pretrial Order (PTO) and Pretrial Conference. The answer is not to do anything, which is what Marriott espouses. The Marriott Defendants argue for delay on the chance that orders on motions change the scope of the case. That is the situation in all complex litigation. Recall that the Marriott Defendants wanted to stay all litigation at the outset pending rulings on their motion to dismiss. That was rejected and the parties are 18 months further along than they otherwise would have been. Under Marriott's view of Rule 1 – the parties would have had to have waited for a busy federal court to deny their motions to start disclosures and discovery. Likewise, there should not be more delay now at the Rule 56 stage of the case.

Plaintiffs are simply starting the process of getting the PTO prepared and a Final Pretrial Conference in place. We have reached out in good faith after all motions briefing is in place. We envisioned that the process will take 60-75 days to get done and think that is fair. Many discovery issues have delayed this case.

The issue of more Plaintiffs' depositions has been in play for a long time and is no reason to delay preparation of the PTO or forestall having the conference scheduled. The Marriott Defendants stopped taking depositions at a certain point and then the issue was discussed many times and is now being litigated on motion as agreed. These depositions were rote affairs, but most nonetheless often took many hours to complete. Plaintiffs have brought those concerns forward in the past. In a nutshell, the testimony obtained of Plaintiffs in the past was not such "an important component of the evidence in the pretrial order" so as to delay the preparation of the PTO. The Marriott Defendants have dozens of Plaintiffs' transcripts to work with – and all the testimony was largely the same by category of owner and has fallen into discrete facts and areas of facts. It is after all the same transactions. Stopping the pretrial process to wait on rulings to possibly get a deposition in order to ask another elderly owner if she liked a pool at a Marriott Vacation Club in Florida is no reason to stop forward progress. The Marriott Defendants and counsel are agile enough to prepare the PTO at this stage.

The Marriott Defendants cannot delay all forward progress of the case because motions are pending or because they _may_ want to conduct some more rote depositions. Plaintiffs have filed a motion for partial summary judgment, but do not expect that they are not required to do the PTO work because Judge Brimmer might well rule in their favor before trial or during.

This District's rules' standard form of PTO clearly contemplates that there are pending motions in a case proceeding to preparation of the PTO and the conference.   Rare is the case that all motions are decided. Many times, motions are not decided until the eve of trial. Or not decided at all and treated as trial briefs. Indeed, Courts have control of their dockets and often not ruling may be for the purpose of prodding resolution through settlement. The Marriott Defendants seem to be suggesting that Judge Brimmer needs to be advised that they do not want to proceed until the Court has ruled. We can assure Judge Gallagher that Plaintiffs do not presume to have such control. They only intend to follow the rules and get the PTO done. If the case changes by orders on motions at some future date, so be it.

Discovery is complete. It simply has an asterisk (that the Marriott Defendants have put there when they reserved the right to re-engage on more depositions of Plaintiffs). All of Plaintiffs depositions are not needed to prepare the PTO. The PTO like the entire case can have an asterisk and the parties will adjust accordingly.

There is no support for the Marriott Defendants' notion that pending summary judgment motions or Daubert motions -- which may impact the "contour" of the case -- are reasons not to prepare the PTO or schedule the final pretrial conference. Litigants, lawyers and courts adjust every day.  That the parties may have less work to do if the court rules a certain way at a date uncertain, is no basis to delay these important processes.

We will continue to confer in good faith on these matters and will see if opposing counsel concurs that a status conference is in order. Thank you. Matt Ferguson



Matthew C. Ferguson
**The Matthew C. Ferguson Law Firm, P.C.**
119 South Spring Street
Suite 201
Aspen, Colorado 81611
Tel (970) 925-6288
Fax (970) 925-2273
matt@matthewfergusonlaw.com
www.matthewfergusonlaw.com



* If you are a client of Matthew C. Ferguson and this electronic mail message is directed to you, please DO NOT FORWARD this transmission to anybody. Strict confidentiality is necessary in order to maintain confidentiality.

**From:** Angela Barnes <Angela_Barnes@cod.uscourts.gov>
**Sent:** Tuesday, October 01, 2019 10:10 AM
**To:** Marxl@gtlaw.com
**Cc:** michael@reiserlaw.com; tyler@meadefirm.com; lpl@classlawgroup.com; mls@classlawgroup.com; Lucie Riviere <lucie@matthewfergusonlaw.com>; debbie@reiserlaw.com; SellingerP@gtlaw.com; jessica.livingston@hoganlovells.com; Matthew Ferguson <matt@matthewfergusonlaw.com>; scavellig@gtlaw.com
**Subject:** RE: RCHFU v Marriott — Final Pretrial Conference

Hello, I will send this on to Judge Gallagher.

Angela Barnes
Judicial Asst for Magistrate Judge Gordon P. Gallagher
400 Rood Avenue, Aspinall Federal Bldg.
Grand Jct CO 81501
970-241-8932, Option 0

**From:** Marxl@gtlaw.com <Marxl@gtlaw.com>
**Sent:** Tuesday, October 01, 2019 10:05 AM
**To:** Angela Barnes <Angela_Barnes@cod.uscourts.gov>
**Cc:** michael@reiserlaw.com; tyler@meadefirm.com; lpl@classlawgroup.com; mls@classlawgroup.com; lucie@matthewfergusonlaw.com; debbie@reiserlaw.com; SellingerP@gtlaw.com; jessica.livingston@hoganlovells.com; matt@matthewfergusonlaw.com; scavellig@gtlaw.com
**Subject:** RE: RCHFU v Marriott — Final Pretrial Conference

Dear Ms. Barnes:

We write on behalf of the Marriott Defendants in response to Mr. Ferguson's email of yesterday afternoon, which requested that a pre-trial conference be scheduled before Judge Gallagher in Grand Junction in early December. We would ask that Judge Gallagher be provided with our email response as he considers Plaintiffs' request.

We note initially that Mr. Ferguson's email states that: "we are beginning the process to submit the Final Pretrial Order with counsel for Marriott." In this regard, about twelve minutes before Mr. Ferguson sent his email to you, his co-counsel, Michael Reiser, sent an email to my colleague Philip Sellinger and me, asking if we were available for a call later this week to discuss the subject of a pre-trial conference, including Plaintiffs' suggestion that one be scheduled for early December. No prior

discussion regarding a pre-trial conference had occurred between counsel, and both Mr. Sellinger and I were out of the office due to our religious observance of Rosh Hashanah when yesterday's emails were sent. The Marriott Defendants thus have not been involved in any process regarding the Final Pretrial Order.

Given the current posture of the case, which includes several significant open issues (including possible additional depositions of plaintiffs) and a considerable number of important pending motions, a pre-trial conference in early December as Plaintiffs suggest is premature. A pre-trial conference should not be scheduled until all depositions are completed and the pending motions are resolved. Consistent with Rule 1 of the Federal Rules of Civil Procedure, this would limit expensive, time consuming, and potentially irrelevant, pre-trial activities, and permit the parties and the Court to proceed to trial as efficiently and expeditiously as possible.

First, as noted, discovery is not complete, contrary to typical pre-trial procedure. Pursuant to the Court's Order and the parties' Stipulation (ECF#322 and 390), the Marriott Defendants still have the opportunity to take additional depositions of plaintiffs who have not yet been deposed. As per the Court's Order, this issue—the additional depositions of plaintiffs—will be addressed only after the Court decides Plaintiffs' pending motion for summary judgment (ECF#446). Plainly, these depositions must be completed before the pre-trial Order is prepared and the pre-trial conference is held, given that the testimony obtained will be an important component of the evidence described in the pre-trial order.

Second, in addition to the plaintiffs' pending summary judgment motion, the Marriott Defendants also have a pending motion for partial summary judgment (ECF#441). This motion would, if granted, substantially limit the scope of the trial by precluding Plaintiffs from asserting any claims relating to, or recovering damages caused by, actions of the Marriott Defendants other than the challenged MVC Affiliation. If granted, the proofs relevant to Plaintiffs' claims at trial would be reduced, including the elimination of many live witnesses, as well as the introduction of certain depositions and other evidence to be introduced at trial.

Third, there are also various additional pending motions that will impact the pre-trial process. For example, there are motions by the Marriott Defendants pursuant to *Daubert v. Merrell Dow*, to exclude the proposed expert testimony of all three of plaintiffs' experts (ECF#460). The Marriott Defendants also have made several motions *in limine* that, if granted, would also substantially impact the contours of the relevant evidence at trial. (ECF#466, 467, 468, 469, 470, 471, 475).

In preparing the pre-trial Order, the parties will be required to provide information concerning the identity and proposed testimony of witnesses, the proposed deposition testimony upon which a party intends to rely at trial, and the exhibits a party intends to offer into evidence. The Court will also be required to expend substantial effort and resources to conduct a conference and review and enter the pre-trial Order, which Plaintiffs' counsel acknowledges given their request for 3-5 hours of court time for the conference alone. While the Marriott Defendants recognize that parties sometimes engage in the pre-trial processes while there are still some open issues; the open issues outlined above—including the Court's rulings on summary judgment and the impact of those rulings on additional depositions of plaintiffs—directly affect the scope of the case and the proofs to be introduced at trial. Given the foregoing, and because proceeding through the preparation of the pre-trial order and pre-trial conference could thus require the parties and the Court to engage in significantly more burden, effort and expense than may ultimately be required, it would be more appropriate to delay the pre-trial conference until any additional discovery is completed and the motions are resolved. *See* Fed. R. Civ. P. 1 (stating that the Rules "should be construed, administered

and employed by the court and the parties to secure the just, speedy and inexpensive determination of every action and proceeding.")

Respectfully,

Ian Marx

**Ian S. Marx, Esq.**
Shareholder
**Greenberg Traurig, LLP**
500 Campus Drive, Suite 400 | Florham Park, NJ 07932-0677
T +1 973.360.7951 | F +1 973.295.1307 | C +1 917.969.1845
MarxI@gtlaw.com | www.gtlaw.com | View GT Biography

**GT GreenbergTraurig**

---

**From:** Angela Barnes [mailto:Angela_Barnes@cod.uscourts.gov]
**Sent:** Monday, September 30, 2019 6:06 PM
**To:** Matthew Ferguson <matt@matthewfergusonlaw.com>
**Cc:** michael@reiserlaw.com; tyler@meadefirm.com; Linda Lam (lpl@classlawgroup.com) <lpl@classlawgroup.com>; mls@classlawgroup.com; Lucie Riviere <lucie@matthewfergusonlaw.com>; debbie@reiserlaw.com; Sellinger, Philip R. (Shld-NJ-LT) <SellingerP@gtlaw.com>; Marx, Ian (Shld-NJ-LT) <MarxI@gtlaw.com>; jessica.livingston@hoganlovells.com
**Subject:** RE: RCHFU v Marriott -- Final Pretrial Conference

*EXTERNAL TO GT*

Hello: Sounds reasonable – but before I offer dates, let me check with Judge Gallagher for certain and I will write back tomorrow. Thank you.
Angela Barnes
Judicial Asst for Magistrate Judge Gordon P. Gallagher
400 Rood Avenue, Aspinall Federal Bldg.
Grand Jct CO 81501
970-241-8932, Option 0

**From:** Matthew Ferguson <matt@matthewfergusonlaw.com>
**Sent:** Monday, September 30, 2019 3:23 PM
**To:** Angela Barnes <Angela_Barnes@cod.uscourts.gov>
**Cc:** michael@reiserlaw.com; tyler@meadefirm.com; Linda Lam (lpl@classlawgroup.com) <lpl@classlawgroup.com>; mls@classlawgroup.com; Lucie Riviere <lucie@matthewfergusonlaw.com>; debbie@reiserlaw.com; SellingerP@gtlaw.com; MarxI@gtlaw.com; jessica.livingston@hoganlovells.com
**Subject:** RCHFU v Marriott -- Final Pretrial Conference

Dear Ms. Barnes: we are beginning the process to submit the Final Pretrial Order with counsel for Marriott. We are aiming for a final pretrial conference with Judge Gallagher for the first part of December – which should be amble ample time to get the order ready enough for the conference.

I am not certain how long we will need but given the case's length and complexity I would imagine 3-5 hours would necessary and then suffice. Of course, you and Judge Gallagher will have input and final say as to how long. We thought if we got started now looking for slots then, we would have enough time slots of that length and more than enough lead time to ensure that counsel can get to GJT.

I have copied all counsel – including the Association's.

Let us know how you would like us to proceed. Thank you, Matt Ferguson



**Matthew C. Ferguson**

matt@matthewfergusonlaw.com
A Professional Corporation  |  Attorneys at Law
119 South Spring Street l Suite 201
Aspen, Colorado 81611
970.925.6288 office  |  970.925.2273 fax
Ext. 121
www.matthewfergusonlaw.com

^ If you are a client of Matthew C. Ferguson and this electronic mail message is directed to you, please DO NOT FORWARD this transmission to anybody. Strict confidentiality is necessary in order to maintain confidentiality.
^ E-mail, phone, or letter contact does not create an attorney-client relationship. Similarly, a response to your inquiry does not bind representation of any person or any entity. Representation only begins after a written Fee Agreement is fully executed, the agreed-upon retainer is paid in full, and the retainer clears the Firm's trust account.
^ This e-mail (including any attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521. It may contain information that is confidential, privileged, proprietary, or otherwise legally exempt from disclosure. This e-mail is solely for the use of the addressee(s) named above. If you are not the intended recipient, you are hereby notified that you are not authorized to read, print, retain, copy or disseminate this message, any part of it, or any attachments. If you have received this message in error, please delete this message and any attachments from your system without reading the content and notify the sender immediately of the inadvertent transmission. Receipt by anyone other than the individual recipient is NOT a waiver of attorney-client privilege, and there is no intent on the part of the sender to waive any privilege that may attach to this communication. Thank you for your cooperation.

Tax Advice Disclosure: Any U.S. Federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used or relied upon, for the purpose of avoiding penalties under the Internal Revenue Code or promoting, marketing or recommending any entity, investment plan or other transaction.

If you are not an intended recipient of confidential and privileged information in this email, please

delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.