

# MATTHEW C. FERGUSON
LAW FIRM

September 20, 2018

**MATTHEW C. FERGUSON**
matt@matthewfergusonlaw.com

*VIA* E-MAIL AND MAIL
Ian S. Marx, Esq.
Phillip R. Sellinger, Esq.
Greenberg Traurig, LLP
500 Campus Drive
Florham Park, New Jersey 07932-0677

Re:   **RCHFU, LLC,** *et al.* **v. Marriott Vacations Worldwide,** *et al.*: **Case No: 1:16-cv-01301-PAB**

Dear Messrs. Marx and Sellinger:

    I have Ian Marx's letter dated September 14, 2018 concerning your improper request to conduct post fact discovery cut-off depositions and discovery. The last line of the letter underscores your complete disregard of Plaintiffs' rights, court deadlines, the fact discovery cut-off and the litigation process. We are completing limited fact discovery because of the Marriott Defendants' withholding of documents, failures to comply with discovery requests, interference with subpoenas to witnesses at RCHC, and concealment of evidence. You are seeking to take discovery of Plaintiffs because you failed to conduct it within the discovery rules and court orders. Marriott is seeking 34 depositions after the cut-off. Plaintiffs will not agree to these depositions. You have apparently abandoned our discussions about informally providing Plaintiffs' information about unit sales.

    Your history of noticing depositions is as flawed as your recounting of it. Initially you gave Plaintiffs last-minute notice of short, 1-2-hour depositions, of which several were to be taken per day. You and your clients would later embark on a deposition campaign that seemed designed to keep your office's billing hours up for senior lawyers. The previously noticed 1-2-hour depositions became inordinately long and unproductive. We will not now produce the eight witnesses that you never pursued.

    You ignore the history of these abandoned depositions, the facts and your own correspondence. On April 9, 2018, Ian Marx sent us a letter in connection with the then Fact Discovery cut-off date of May 14, 2018. In this letter, Mr. Marx dropped a footnote to the effect that the Marriott Defendants still wanted to conduct the depositions of Lillian Babcock, Bruce Michael Bridewell, Toby Cone, Mark or Mona Dembs, James or Jennifer Farquhar, Walter or Nancy Petrie, Milan or Mirjana Randic, C. Richard Stasney, and Frank Vogl. I (and others) had been in regular contact about these depositions.

Exhibit "2"

Letter to Ian S. Marx, Esq. and Phillip R. Sellinger, Esq.
September 20, 2018
Page **2** of **4**

 

      I looked into coordinating all of these depositions for your firm and responded to Messrs. Marx and Schleifstein in a detailed email on April 17, 2018. In addition, I made several telephone calls to your office, including calls to Ian Marx about Mr. Dembs' illness and Ms. Babcock's age. Here is what I said in my email:

- *Toby Cone: is scheduled for April 26, 2018 in NYC.*

    - She came to your office and was deposed. Indeed, we had to press your firm to respond to our efforts to produce her – with Mr. Marx not returning phone calls and emails (*see, e.g.*, Lucie Riviere email 4/19/2018).

- *Lillian Babcock: is 83 years old and lives in Pittsford, NY (near Rochester). Is there a serious need for her? She would have to fly and stay alone. Can she answer some specific questions in a written format?*

    - Greenberg Traurig never responded, made no effort to confer and never re-noticed her deposition. The Marriott Defendants ceased all efforts to conduct depositions and essentially stated that they were done. This was confirmed by their actions and inaction.

- *Frank Vogl: was scheduled for April 25 in Washington, will reschedule when we are in Wash DC area for Hearns' deposition.*

    - Greenberg Traurig never responded, made no effort to confer and never re-noticed his deposition. The Marriott Defendants ceased all efforts to conduct depositions and essentially stated that they were done. The Marriott Defendants were the subject of Plaintiffs' first motion to compel and sanctions motions relevant to Mr. Hearns and his deposition was repeatedly delayed and ultimately moved to Orlando, Florida. Unlike the Marriott Defendants, we pursued this discovery and timely conducted the depositions.

- *Walter or Nancy Petrie: was scheduled for April 25 in Washington, will reschedule when we are in Wash DC area for Hearns' deposition.*

    - Greenberg Traurig never responded, made no effort to confer and never re-noticed his deposition. The Marriott Defendants ceased all efforts to conduct depositions and essentially stated that they were done. Again, the Marriott Defendants were the subject of a motion to compel and sanctions motions relevant to Mr. Hearns and his deposition was repeatedly delayed and moved.

- *Bruce Bridewell: is a solo practitioner doctor in Miromar Lakes, Florida. We can produce him in Denver when we can commit him. We'll check dates.*

Letter to Ian S. Marx, Esq. and Phillip R. Sellinger, Esq.
September 20, 2018
Page **3** of **4**

- o Greenberg Traurig never responded, made no effort to confer and never re-noticed his deposition. The Marriott Defendants ceased all efforts to conduct depositions and essentially stated that they were done.

- *Mark or Mona Dembs: Mark has a neurological issue preventing him from traveling. We will need to video conference somehow.*

  - o Greenberg Traurig never responded, made no effort to confer and never re-noticed his deposition. The Marriott Defendants ceased all efforts to conduct depositions and essentially stated that they were done.

- *James or Jennifer Farquhar: lives in Australia. We will need to video conference somehow.*

  - o Greenberg Traurig never responded, made no effort to confer and never re-noticed his deposition. The Marriott Defendants ceased all efforts to conduct depositions and essentially stated that they were done.

- *Milan Randic: wife has Alzheimer's Disease cannot leave her alone; We will need to video conference somehow.*

  - o Greenberg Traurig never responded, made no effort to confer and never re-noticed his deposition. The Marriott Defendants ceased all efforts to conduct depositions and essentially stated that they were done.

- *C. Richard Stasney (Houston): wife also has Alzheimer's Disease cannot leave her alone. He is Houston and could not find a caregiver for Dallas. We will need to video conference somehow.*

  - o Greenberg Traurig never responded, made no effort to confer and never re-noticed his deposition. The Marriott Defendants ceased all efforts to conduct depositions and essentially stated that they were done.

Actually, your law firm gave one short response on April 19, 2018 – Mr. Schleifstein sent an e-mail saying: "Ian and I will get back to Matt on the other eight Plaintiffs' listed in Matt's e-mail. Greenberg Traurig never followed up. For all intents and purposes, your words and actions were that the Marriott Defendants had decided to forgo these depositions. We heard nothing about them again until September 14, 2018. And it appears that you failed to even review the history.

We will not agree to allow any of these depositions. You chose to forgo these depositions and did nothing after April 19, 2018, to conduct or schedule any of these depositions. You ignored the fact discovery cut-off date altogether. If you persist, the matter must go to motion practice before the Honorable Gordon P. Gallagher. The constructive fraud issue and agreement was not a placeholder or excuse to reopen discovery in the expert witness and motion phases of this case.

Letter to Ian S. Marx, Esq. and Phillip R. Sellinger, Esq.
September 20, 2018
Page 4 of 4

This holds true for the other three witnesses you now seek to depose after the cut-off: Jeff Bremant, Larry Brown, and Mark Horwitz. It is troublesome that Greenberg Traurig and the Marriott Defendants would attempt to select Plaintiffs who attended the mediation but were never on the list of 50. Participating in the mediation is not a ground to add these three Plaintiffs to your list of depositions after the fact discovery cut-off. If you agree to produce Jim Hunter for deposition who also appeared for your client at the failed mediation on facts relating to his role in this law suit, APCO, affiliation, business strategy, etc. we might reconsider as a *quid pro quo*.

Finally, we will not produce Plaintiffs "(a) through (w)" for depositions. That is 23 sets of Plaintiff owners never pursued for deposition before the cut-off. Clearly, you did not want to write that number down. You essentially admit that you failed to propound written discovery for some yet unspecified information. You also misled me by suggesting that we could provide information informally with a request for documents or information. You stated to me that you needed some ownership information, and not depositions. You mentioned this to the Court also on September 7, 2018. It looks like you are now reneging on that promise. Perhaps your side will then will "yield" in an effort to feign reasonableness.

I suggest that you promptly write a short and simple letter with the limited information you claim not to have regarding Plaintiffs who have sold their units. I said we were willing to consider that effort favorably.

Thank you.

Very truly yours,

Matthew C. Ferguson

cc: Michael J. Reiser, Esq. (*via* e-mail)
    Michael L. Schrag, Esq. (*via* e-mail)
    Tyler R. Meade, Esq. (*via* e-mail)
    Linda Lam, Esq. (*via* e-mail)
    Daniel F. Shea, Esq. (*via* e-mail)
    Jessica Livingston Black, Esq. (*via* e-mail)

4819-5985-5731, v. 1