**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Gordon P. Gallagher, United States Magistrate Judge

Civil Action No. 16-cv-1301-PAB-GPG

RCHFU, LLC *et al*.,

    Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION *et al*.,

    Defendants.

**ORDER REGARDING MARRIOTT'S CROSS-MOTION TO COMPEL DISCOVERY**

    This matter comes before the Court on Marriott's cross-motion to compel discovery (ECF #543)[1] (which was referred to this Magistrate Judge (ECF #545)), Marriott's supporting declaration (ECF #544), and the joint response of Plaintiffs and Aspen Highlands (ECF #546). The Court has reviewed each of the aforementioned documents, responses, replies, and any attachments. The Court has also considered the entire case file, the applicable law, and is sufficiently advised in the premises. The Court ORDERS as follows DENYING the motion.[2] The

---

[1] "(ECF #543)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

[2] Any party may object to this non-dispositive Order within fourteen (14) days. Fed.R.Civ.P. 72(a).

1

Court is aware that this is a discrete sub-part of the controversy over whether the settlement between Plaintiffs and Aspen Highlands should be approved.  *See* ECF #535.  However, that portion of the dispute must be addressed by this Magistrate Judge as a Recommendation thus resulting in this sub-part of the issue being dealt with by way of a separate Order.

Plaintiffs and Aspen Highlands filed a motion for good-faith determination of settlement (ECF #535).  After a fair amount of wrangling, Marriott filed a motion to compel discovery (ECF #543).  Marriott seeks (1) communications between Plaintiffs' Counsel and the Association's Counsel relating to the Settlement Agreement and/or the Declarations; and (2) drafts of the Settlement Agreement and the Declarations.  Motion to compel (ECF #543, p. 2).  Marriott believes such discovery is warranted on the basis that four former Directors have provided identical statements and must appear at any trial between Plaintiffs and testify consistent with their declarations.  Motion to compel (ECF #543, p. 2).

As will be more fully elucidated in this Court's Recommendation as to the proposed settlement, I must examine whether the settlement was made in good faith under the Uniform Contribution Among Tortfeasors Act.  C.R.S. § 13-50.5-105.  A duty of good faith is required to the non-settling defendant and there must not be collusive conduct.  *Copper Mountain, Inc. v. Poma of Am., Inc.*, 890 P.2d 100, 104, 108 (Colo. 1995).  A party challenging an agreement has the burden of proving the agreement to be collusive.  *Id.* at 108.  There may be circumstances, upon a showing of good cause, where a challenge by a non-settling tortfeasor would warrant discovery.  *Stubbs v. Copper Mountain, Inc.*, 862 P.2d 978, 986 (Colo. App. 1993).  The court must weigh the alleged need for discovery and presentation of evidence at a hearing against the need for keeping the procedure within a framework that does not discourage settlement or strain the resources of the settling parties or the court.  *Id*.

Marriott claims the settlement "bears the hallmarks of collusion and bad faith" because four Directors executed "virtually identical sworn Declarations" and that the same Directors are required to appear as witnesses at trial and "testify consistent with the Declarations." Motion to compel (ECF #543, pp. 1-2). A review of the Declarations (ECF #535-2, p. 251-278) shows the error with this argument and concomitant lack of good cause for this Court to Order discovery on the topic.

Four Directors (Randal Mercer, Philip Schneider, Tyler Oliver, and Robert Harris) executed Declarations. These Declarations all state that each Director was never provided a copy of what has been termed the "Affiliation Agreement", *see* Order re motion for sanctions (ECF #330, pp. 7-12) (providing a lengthy description of the history and dispute regarding the Affiliation Agreement). Each Declaration goes on to state that the Director was not aware of the terms of the Affiliation Agreement and would not have executed joinder had he/she been so aware. Then, each Declaration goes on to cut and paste twelve (12) separate subsections of the Affiliation Agreement that each Director claims to have been unaware of—having not seen the Affiliation Agreement at the time of joinder.

This is old news. The parties have been well-aware for months that the Directors claim to have never seen the Affiliation Agreement. By including multiple paragraphs from the Affiliation Agreement in the Declarations, this analysis changes not a wit. If the Directors had not seen the Affiliation Agreement then, *res ipsa loquitor,* the Directors similarly could not have known what was in the paragraphs therein. Having seen, or not, the exact paragraphs of the Affiliation Agreement is completely different from diving into whether some of the exact statements therein contradict other evidence gathered during the discovery process, e.g., depositions.

What Marriott attempts to argue, *see* motion to compel (ECF #543, pp. 5-8), is that because certain paragraphs of the Affiliation Agreement differ from other discovery in this action, that such differences show collusion in the bargaining. One such example is with regard to the Harris deposition in which there is discussion that Director Harris was aware that MVCD members could reserve short stays. *See* motion to compel (ECF #543, p. 5). The argument seems to be that because Director Harris knew of some of the changes allowed by the Affiliation Agreement, he thus knew about it—showing the Declaration to be collusive. But, of course, that's not what the Declarations say. The Declarations do not drill down into the truth or falsity of each paragraph therein in terms of whether the Directors may have had tacit or explicit understandings of some of the practices set forth therein—separate and apart from the Affiliation Agreement. The Declarations simply say that each Director had not seen the Affiliation Agreement, it lists paragraphs from the Affiliation Agreement, and goes on to say that the joinder would have been nixed if the Affiliation Agreement had been reviewed.

Rather than establishing any cause for discovery regarding the negotiation process, much less good cause, this is properly fodder for cross-examination during the upcoming trial in this case. Marriott cites *Minpeco, S.A. v. Hunt,* 127 F.R.D. 460, 462-63 (S.D.N.Y. 1989) and *Goodrich v. Tenney*, 33 N.E. 44 (Ill. 1893) for the proposition that it is inappropriate to agree to testimony as part of a settlement. Those cases are either inapposite, *see Minpeco* (the Court therein allowed the settlement on the basis that there was no evidence to show control of potential testimony), or inapplicable, *see Goodrich* (addressing specific monetary payment to witnesses for testimony). Here, the Declarations require nothing more than a continued acknowledgement that the Affiliation Agreement was never provided in advance of the vote, that the Director(s) were thus unaware of the contents of the Affiliation Agreement, and that—had they been aware—they would have voted

4

differently. All else remains open to cross-examination. The Court finds that the Declarations in no way establish good cause to open the discovery door into the negotiation process—that door remains firmly closed.

Marriott's argument that vigorous negotiation suggests a "collusive alliance" (Marriott's motion to compel (ECF #543, p. 11) provides no evidence that would allow the Court to afford it credence. Marriott comments on: (1) the attempts by both parties—Aspen Highlands and RCHFU—to reduce the risks and uncertainty faced in a jury trial; (2) the extensive negotiation of non-monetary aspects of the settlement; and (3) repeated discussions about the Declarations, *see supra*. *Id*. But the perceived problems in the negotiations that Marriott cites are exactly what occurs in an arms-length negotiation. The parties are supposed to find a way to settle that avoids the vagaries of a jury trial. The parties are supposed to extensively negotiate monetary and non-monetary aspects of a settlement—if vigorous negotiation is what it takes to get the job done. And finally, repeated discussions about a topic represent the difficulty of the topic and tenacity of the parties, not necessarily collusion in the process.

Finding no good cause to justify discover on this topic, Marriott's motion is DENIED.

Dated at Grand Junction, Colorado, this October 21, 2019.

Gordon P. Gallagher
United States Magistrate Judge