# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Gordon P. Gallagher, United States Magistrate Judge

Civil Action No. 16-cv-1301-PAB-GPG

RCHFU, LLC *et al.*,

      Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION *et al.*,

      Defendants.

---

## RECOMMENDATION REGARDING ASPEN HIGHLANDS' AND PLAINTIFFS' JOINT MOTION FOR GOOD-FAITH DETERMINATION OF SETTELEMENT

---

      This matter comes before the Court on Aspen Highlands' and Plaintiffs' joint motion (ECF #535)[1] (which was referred to this Magistrate Judge (ECF #536)), Plaintiffs' report for status conference (ECF #538), the Declaration of Counsel Livingston (ECF #542), Marriott's response (ECF #543), the Declaration of Counsel Marx (ECF #544), and the joint reply of Aspen Highlands and Plaintiffs (ECF #546).   The Court has reviewed each of the aforementioned documents, responses, replies, and all attachments.   The Court has also considered the entire case file, the applicable law, and is sufficiently advised in the premises.   This Court respectfully

---

[1] "(ECF #535)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

RECOMMENDS that the motion be GRANTED. [2,3]   The Court is separately addressing the motion to compel discovery (ECF #543) by way of an Order (ECF #550).

Plaintiffs and Aspen Highlands move for approval of their proposed settlement (ECF #535).   I must examine whether the settlement is made in good faith under the Uniform Contribution Among Tortfeasors Act (UCATA).  C.R.S. § 13-50.5-105.  A duty of good faith is required to a non-settling defendant and there must not be collusive conduct.  *Copper Mountain, Inc. v. Poma of Am., Inc.*, 890 P.2d 100, 104, 108 (Colo. 1995) (rejecting the reasonable range test).  A settlement is collusive when "it is aimed to injure the interests of the absent tortfeasor." *Id.* at 108 (internal citation removed).  A party challenging an agreement has the burden of proving the agreement to be collusive.  *Id.*

Plaintiffs and Aspen Highlands have met their initial and fairly minimal burden by setting forth their proposed settlement.  *See* settlement agreement and mutual release of claims (ECF #535-2).  In addition, Counsel for Aspen Highlands took the additional step of filing a declaration in support of the settlement (ECF #542).  Paraphrasing from the agreement, it requires:

---

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

[3] The Court is aware that Plaintiffs and Aspen Highlands consent to my entering an order or holding a hearing on this discrete topic. *See* joint motion (ECF #535-2, p. 4, para. 6). However, for a variety of reasons which include a lack of privity with Marriott on the topic, review by this Magistrate Judge must remain a Recommendation.

(1)    Payment of funds (ECF #535-3, p. 3, para. 3);

(2)    Provision of four sworn Declarations (para. 4);

(3)    Testimony at trial consistent with the Declarations (pp. 3-4, para. 5); and

(4)    Mutual dismissals and releases (but not of Marriott) (pp. 4-5, paras. 7-10).

Marriott opposes the settlement and claims it "bears the hallmarks of collusion and bad faith" because four Directors executed "virtually identical sworn Declarations" and that the same Directors are required to appear as witnesses at trial and "testify consistent with the Declarations." Motion to compel (ECF #543, pp. 1-2).  A review of the Declarations (ECF #535-2, p. 251-278) shows the error with this argument and concomitant lack of good cause for this Court to Order discovery on the topic.

Four Directors (Randal Mercer, Philip Schneider, Tyler Oliver, and Robert Harris) executed Declarations.  These Declarations all state that each Director was never provided a copy of what has been termed the "Affiliation Agreement", *see* Order re motion for sanctions (ECF #330, pp. 7-12) (providing a lengthy description of the history and dispute regarding the Affiliation Agreement).  Each Declaration goes on to state that the Director was not aware of the terms of the Affiliation Agreement and would not have executed joinder had he/she been so aware.  Then, each Declaration goes on to cut and paste twelve (12) separate subsections of the Affiliation Agreement that each Director claims to have been unaware of—having not seen the Affiliation Agreement at the time of joinder.

This is old news.  The parties have been well-aware for months that the Directors claim to have never seen the Affiliation Agreement.  By including multiple paragraphs from the Affiliation Agreement in the Declarations, this analysis changes not a wit.  If the Directors had not seen the

3

Affiliation Agreement then, *res ipsa loquitor,* the Directors similarly could not have known what was in the paragraphs therein.  Having seen, or not, the exact paragraphs of the Affiliation Agreement is completely different from diving into whether some of the exact statements therein contradict other evidence gathered during the discovery process, e.g., depositions.

What Marriott attempts to argue, *see* motion to compel (ECF #543, pp. 5-8), is that because certain paragraphs of the Affiliation Agreement differ from other discovery in this action, that such differences show collusion in the bargaining.  One such example is with regard to the Harris deposition in which there is discussion that Director Harris was aware that MVCD members could reserve short stays.  *See* motion to compel (ECF #543, p. 5).  The argument seems to be that because Director Harris knew of some of the changes allowed by the Affiliation Agreement, he thus knew about it—showing the Declaration to be collusive.  But, of course, that's not what the Declarations say.  The Declarations do not drill down into the truth or falsity of each paragraph therein in terms of whether the Directors may have had tacit or explicit understandings of some of the practices set forth therein—separate and apart from the Affiliation Agreement.   The Declarations simply say that each Director had not seen the Affiliation Agreement, it lists paragraphs from the Affiliation Agreement, and goes on to say that the joinder would have been nixed if the Affiliation Agreement had been reviewed.

Rather than establishing any cause for discovery regarding the negotiation process, much less good cause, this is properly fodder for cross-examination during the upcoming trial in this case.  Marriott cites *Minpeco, S.A. v. Hunt,* 127 F.R.D. 460, 462-63 (S.D.N.Y. 1989) and *Goodrich v. Tenney*, 33 N.E. 44 (Ill. 1893) for the proposition that it is inappropriate to agree to testimony as part of a settlement.  Those cases are either inapposite, *see Minpeco* (the Court therein allowed the settlement on the basis that there was no evidence to show control of potential testimony), or

inapplicable, *see Goodrich* (addressing specific monetary payment to witnesses for testimony). Here, the Declarations require nothing more than a continued acknowledgement that the Affiliation Agreement was never provided in advance of the vote, that the Director(s) were thus unaware of the contents of the Affiliation Agreement, and that—had they been aware—they would have voted differently.  All else remains open to cross-examination.

Marriott's argument that vigorous negotiation suggests a "collusive alliance" (Marriott's motion to compel (ECF #543, p. 11) provides no evidence that would allow the Court to afford it credence.  Marriott comments on: (1) the attempts by both parties—Aspen Highlands and RCHFU—to reduce the risks and uncertainty faced in a jury trial; (2) the extensive negotiation of non-monetary aspects of the settlement; and (3) repeated discussions about the Declarations, *see supra. Id*.  But the perceived problems in the negotiations that Marriott cites are exactly what occurs in an arms-length negotiation.  The parties are supposed to find a way to settle that avoids the vagaries of a jury trial.  The parties are supposed to extensively negotiate monetary and non-monetary aspects of a settlement—if vigorous negotiation is what it takes to get the job done.  And finally, repeated discussions about a topic represent the difficulty of the topic and tenacity of the parties, not *per se* collusion in the process.

The Court has carefully examined all the documents involved in this matter, including the settlement agreement (ECF #535-2).  The Court finds no evidence to support Marriott's theory that collusive conduct occurred in the negotiation of this matter.  The proposed settlement agreement appears to be nothing other than an arms-length bargain which fully comports with the UCATA.  The Court finds that Marriott has not met its burden of showing the agreement to be collusive and has further not met any lesser burden of showing Marriott to be entitled to any

discovery or further dispute or process on this issue (other than an allowed objection to this recommendation, *see* FN. 2 above).  The Court finds that the settlement agreement is in good faith.

For the foregoing reasons, it is respectfully RECOMMENDED that the motion for good-faith determination of settlement be GRANTED.

Dated at Grand Junction, Colorado, this October 21, 2019.

_____

Gordon P. Gallagher

United States Magistrate Judge