IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-01301-PAB-GPG

RCHFU, LLC, a Colorado limited liability company, et al.,

      Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, a Delaware corporation, et al.,

      Defendants.

---

**MINUTE ORDER**

---

**Entered by Chief Judge Philip A. Brimmer**

      This matter is before the Court on the parties' Fed. R. Civ. 41(a)(1)(A)(ii) Stipulation for Dismissal of Plaintiffs' Claims Against Defendant Aspect Highlands Condominium Association ("AHCA") With Prejudice [Docket No. 556] filed on December 4, 2019.

      Rule 41(a)(1)(A)(ii) states that "the plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii).  The parties' stipulation is signed by counsel for plaintiff RCHFU, LLC, the individual plaintiffs, and defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., Aspen Highlands Condominium Association, Ritz-Carlton Management Company, LLC, Cobalt Travel Company, LLC, and The Lion & Crown Travel Co., LLC.  Docket No. 556 at 2.  Thus, the stipulation is signed by all parties who have appeared.

      While the language of Rule 41 does not contemplate the dismissal of some, but not all, defendants, the weight of authority suggests that a constrictive reading of Rule 41(a) is undesirable in light of the numerous procedural methods for dismissal of parties.  *See Van Leeuwen v. Bank of Am., N.A.*, 304 F.R.D. 691, 697 (D. Utah 2015) (applying "the majority rule" to dismiss one of several defendants from a case); *see also* 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2362 (3d ed. 2019) ("The power to drop some plaintiffs or some defendants from the suit plainly exists, either in the Civil Rules or in the inherent power of the district court. Nevertheless it seems undesirable and unnecessary to invoke inherent power to avoid an artificial limit of Rule 41(a) that is reached only by an overly literal reading of that rule.").

Accordingly, defendant Aspen Highlands Condominium Association was dismissed with prejudice as of the entry of the stipulation of dismissal.  No Court order is necessary.

DATED December 10, 2019.