IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Gordon P. Gallagher, United States Magistrate Judge

Civil Case No. 16-cv-01301-PAB-GPG

RCHFU, LLC, *et al.*,

    Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE
CORPORATION, *et al.*,

    Defendants.

---

**ORDER DENYING IN PART AND GRANTING IN PART THE MARRIOTT
DEFENDANTS' MOTIONS TO RESTRICT ACCESS (D. 458, 484, 493, 502, 534)**

---

This matter comes before the Court on Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, and Lion & Crown Travel Co., LLC's (collectively, the Marriott Defendants) five motions to restrict:  (1) Motion to Restrict Access regarding D. 442, 443, 444, 445, and 452, inclusive of each filings' exhibits (D. 458); (2) Motion to Restrict Access to D. 462, including its exhibits in D. 462-1–4 (D. 484); (3) Motion to Restrict Access to D. 474, 474-1-4, 472, and 477 (D. 493); (4) Motion to Restrict Access to D. 483 and its exhibits in D. 483-1-6 (D. 502); and (5) Motion to Restrict Access to D. 511-6 (D. 534).  Plaintiffs' filed a response to D. 458 (D. 464), and the Marriott Defendants filed a reply (D. 487).  Plaintiffs have not filed a

1

response to D. 484, D. 493, D. 502, or D. 534.  The motions have been referred to this Magistrate Judge and this Court will dispose of all the motions in this Order.  (D. 459, 485, 495, 504, 536).[1] The Court has reviewed the pending motions, response, reply, and all attachments.  The Court has also considered the entire case file, the applicable law, and is sufficiently advised in the premises.  Oral argument is not necessary.  This Magistrate Judge orders that the motions be DENIED IN PART AND GRANTED IN PART for the reasons specifically set forth below.

I.  FACTS

Since July 29, 2019, the parties in this case have filed multiple motions to restrict approximately 116 documents as "Restricted – Level 1."  (D. 551, p. 1).  On August 30, 2019, this Court noted in its Order:

> Preliminarily, the Court does find some restriction[s] to be appropriate as some of the documents contain sensitive business or other confidential information of the sort. However, the wholesale request to restrict hundreds of pages of documents goes beyond what is necessary to protect such information given the presumption of public access. Significant redaction needs to occur, and the parties need to engage in the redaction, NOT the Court. Therefore, it is Ordered that the documents listed above all remain restricted at Level 1 restriction until further Order of the Court. The parties, Shall consult and, within fourteen (14) days, file a joint filing which: (1) finds some way of easily associating redacted documents (for purposes of public review) with their restricted corollaries, e.g., the original document; (2) appropriately redacts documents to reflect the general presumption in favor of access with restriction as the exception; and (3) provides some easily reviewed chart showing those documents for which redaction is agreed and those for which it is not. The Court will further review the matter at the time. Whatever system the parties create for this review should be narrowly tailored so as not to clog up the ECF record in this action.

---

[1] The Court's ruling on this matter is nondispositive as it does not remove any claim or defense from this case.  Pursuant to 28 U.S.C. § 636(b)(1)(A), "A judge of the court may reconsider any pretrial matter under subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  Any party may object to this nondispositive Order within fourteen (14) days.  FED. R. CIV. P. 72(a).

(D. 489). On September 13, 2019, the Marriott Defendants and Plaintiffs filed a joint status report in response to the Order. (D. 517). First, the parties noted that they agreed that 81 documents should no longer be restricted. (*Id*., pp. 2-5). The parties stated that they would submit an unopposed motion to lift the restrictions on the listed documents. (*Id.*, p. 5). The parties also noted that they were still in disagreement regarding approximately 35 documents (although they noted that seven of these documents were duplicates or near-duplicates). (*Id*., pp. 5-7). The parties agreed to continue meeting and conferring and would report back to this Court by September 27, 2019. (*Id*., p. 7). On September 27, 2019, the parties then submitted a status report noting that the process had not been concluded and that they would "report back to the Court when it is done." (D. 539).

On October 21, 2019, the parties filed a third joint status report, again noting that they would submit an unopposed motion to lift restrictions on 89 documents. (D. 551, pp. 2-5). To this date, the parties have not done so. The parties met, conferred, and agreed to apply redactions to six documents. (*Id.*, pp. 5-6). The parties did not explain why these documents required redaction or what these redactions would entail. Moreover, the parties noted that they were still in disagreement regarding 27 documents, but were willing to meet and confer again regarding these documents. (*Id*., pp. 6-8). It does not appear that the parties have met and conferred regarding these 27 documents since October 2019. The parties have not filed another joint status report since October 2019.

II.   ANALYSIS

It is undisputed that there is a common law right of public access to court records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). A motion to restrict is, therefore, analyzed

3

under this presumption of preserving the public's right to access court documents. *United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997). Accordingly, unless the "right to access is outweighed by the interests favoring nondisclosure," documents filed with the court are presumptively available to the public. *Id.*; *Bush v. Catholic Health Initiatives Colorado*, 18-CV-03184-PAB-KMT, 2019 WL 4306194, at *1 (D. Colo. Sept. 11, 2019); *Preeson v. Parkview Med. Ctr., Inc.*, No. 15-CV-02263-MSK-KMT, 2017 WL 1197298, at *15-16 (D. Colo. March 30, 2017).

Rule 7.2 of the Local Rules of Practice of the United States District Court for the District of Colorado governs motions to restrict. D.C.COLO.LCivR. 7.2. And the party seeking restriction has the burden to justify relief. D.C.COLO.LCivR. 7.2(a); *XY, LLC v. Trans Ova Genetics, LC*, No. 13-cv-00876-WJM-NYM, 2015 WL 7014419, at * 2 (D. Colo. Nov. 15, 2015). In order to restrict public access to documents filed with the court, Local Rule 7.2(c) requires a party to move for restriction with a written motion that: (1) identifies "the document or the proceeding for which restriction is sought"; (2) addresses "the interest to be protected and why such interest outweighs the presumption of public access"; (3) identifies "a clearly defined and serious injury that would result if access is not restricted"; (4) explains "why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question"; and (5) identifies "the level of restriction sought." D.C.COLO.LCivR. 7.2(c)(1)-(5). Furthermore, the fact that a motion is unopposed does not alone justify restriction because the right to access court records is owed to the public. D.C.COLO.LCiv.R. 7.2(c)(2); *see Preeson*, 2017 WL 1197298, at *16. Moreover, the presence or lack of objection to a motion to restrict is not enough to deny or grant such a motion. D.C.COLO.L.Civ.R. 7.2(d).

4

The Supreme Court has noted that in the past, courts have restricted access to certain records including, "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). But even though the presumption of access is not absolute, the moving party must show "some significant interest that outweighs the presumption." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). "As a result, a party seeking to restrict access may not simply point to confidentiality designations with respect to materials produced in discovery and/or state that it 'believes' certain materials are competitively sensitive (without evidentiary support) in an attempt to secure wholesale sealing of entire legal briefs and accompanying exhibits." *Trans Ova Genetics, LC*, 2015 WL 7014419, at *2.

The Marriott Defendants' motions to restrict do not comply with the requirements of Rule 7.2. Although the motions identify the Marriott Defendants' private interests (i.e., protection of corporate records which they have deemed "sensitive business information"), they do not explain why this interest outweighs the presumption of public access to information or why these documents, some of which were created between 2001 and 2014, are still trade secrets or proprietary confidential information other than to merely argue that another company could hypothetically copy their practices. Furthermore, both parties have moved for summary judgment, and courts generally are hesitant to restrict access to documents that are used by parties moving for, or opposing, summary judgment "absent the most compelling reasons." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 140 (2d Cir. 2004); *see also Lucero v. Sandia Corp*., 495 F. App'x 903, 913 (10th Cir. 2012).

The motions further fail to demonstrate that there would be any serious or imminent injury that might befall the Marriott Defendants as a result of the disclosure of these documents, some of which are documents that the parties have now agreed to unrestrict. Finally, the parties, after

almost six months, have failed to derive any alternative other than a Level 1 restriction for a multitude of documents. The argument that these documents contain "competitively sensitive information" is made too broadly and is too generalized to satisfy the requirements of D.C.COLO.L.Civ.R. 7.2 or to overcome the presumption of public access. Therefore, the motions to restrict (D. 458, 484, 493, 502) are denied.

III.   CONCLUSION

For the foregoing reasons, this Magistrate Judge ORDERS that the motions to restrict (D. 458, 484, 493, 502) be DENIED WITHOUT PREJUDICE. Because this Court granted the Marriott Defendants' motion to restrict D. 246, this Court will GRANT the Marriott Defendants' motion (D. 534) to maintain a Level 1 restriction on D. 511-6.

The Court, however, finds that the Marriott Defendants have not made a sufficient showing under D.C.Colo.L.Civ.R. 7.2(c)(2)-(4) to justify restrictions on access to the documents listed in D. 458, D. 484, D. 493, and D. 502. The parties will have until March 26, 2019, to consult and file a new motion. At which point, if no motion is filed, the Clerk of the Court will lift the provisional restrictions on the documents listed in said motions.

Furthermore, the Clerk of the Court is ORDERED to lift the provisional restrictions on the following docket entries:

| Original ECF # | Document Description | Motion to Restrict ECF # |
|---|---|---|
| 442 | Restricted Supplemental Declaration of Ian S. Marx in Support of Marriott Defendants' Motion for Partial Summary Judgment | 458 |
| 443 | Plaintiffs' Partial Summary Judgment Motion (Brief) | 458 |
| 444 | Restricted Declaration of Michael J. Reiser in support of Plaintiffs' Partial Summary Judgment ("PSJ") Motion | 458 |
| 444-1 | Aspen Declaration of Condominium (Exhibit 1 to Plaintiffs' PSJ Motion) | 458 |
| 444-2 | Management Agreement (Exhibit 2 to Plaintiffs' PSJ Motion) | 458 |
| 444-3 | The 5.5.18 Sobeck Deposition (Exhibit 3 to Plaintiffs' PSJ Motion) | 458 |
| 444-4 | Cobalt Affiliation Agreement (Exhibit 4 to Plaintiffs' PSJ Motion) | 458 |
| 444-5 | The 11.16.17 Sobeck Deposition (Exhibit 5 to Plaintiffs' PSJ Motion) | 458 |
| 444-6 | The 11.15.17 Cunningham Deposition Vol II (Exhibit 6 to Plaintiffs' PSJ Motion) | 458 |
| 444-7 | 11.10.17 Cunnigham Deposition Vol I (Exhibit 7 to Plaintiffs' PSJ Motion) | 458 |
| 444-8 | 5.18.18 Cunningham Deposition (Exhibit 8 to Plaintiffs' PSJ Motion) | 458 |
| 444-9 | 7.17.12 Letter from E. Babich (Exhibit 9 to Plaintiffs' PSJ Motion) | 458 |
| 444-10 | 10.24.117 Mercer Deposition (Exhibit 10 to Plaintiffs' PSJ Motion) | 458 |
| 444-12 | 8.17.12 Aspen Board Letter (Exhibit 12 to Plaintiffs' PSJ Motion) | 458 |
| 444-13 | 10.4.17 Neveloff Deposition (Exhibit 13 to Plaintiffs' PSJ Motion) | 458 |
| 444-14 | 8.20.12 Cunningham Letter (Exhibit 14 to Plaintiffs' PSJ Motion) | 458 |
| 444-15 | 8.27.12 Cappello Letter (Exhibit 15 to Plaintiffs' PSJ Motion) | 458 |

| 444-16 | 10.26.17 Cappello Letter (Exhibit 16 to Plaintiffs' PSJ Motion) | 458 |
|---|---|---|
| 444-17 | 8.26.12 Neveloff Email (Exhibit 17 to Plaintiffs' PSJ Motion) | 458 |
| 444-18 | 11.21.12 Gosch Letter (Exhibit 18 to Plaintiffs' PSJ Motion) | 458 |
| 444-20 | 12.22.12 Aspen Board Letter (Exhibit 20 to Plaintiffs' PSJ Motion) | 458 |
| 444-21 | 4.5.13 Aspen Board Letter (Exhibit 21 to Plaintiffs' PSJ Motion) | 458 |
| 444-22 | Marsden Deposition (Exhibit 22 to Plaintiffs' PSJ Motion) | 458 |
| 444-29 | 5.14.13 Cunningham Letter (Exhibit 29 to Plaintiffs' PSJ Motion) | 458 |
| 445 | Restricted Declaration of Michael J. Reiser in support of Plaintiffs' Partial Summary Judgment Motion | 458 |
| 445-1 | 6.4.13 Mardsen Email (Exhibit 30 to Plaintiffs' PSJ Motion) | 458 |
| 445-2 | July 2013 email chain re: Bachelor Gulch Result (Exhibit 31 to Plaintiffs' PSJ Motion) | 458 |
| 445-5 | 11.20.13 Sobeck Email (Exhibit 34 to Plaintiffs' PSJ Motion) | 458 |
| 445-6 | Pierce Deposition (Exhibit 35 to Plaintiffs' PSJ Motion) | 458 |
| 445-8 | 11.20.13 Blue Florida Land Trust Association Meeting Minutes (Exhibit 37 to Plaintiffs' PSJ Motion) | 458 |
| 445-10 | M.L. Clark Deposition (Exhibit 39 to Plaintiffs' PSJ Motion) | 458 |
| 445-11 | December 2013 Email Chain between S. Sobeck, L. Cunningham, and J. Doyle (Exhibit 40 to Plaintiffs' PSJ Motion) | 458 |
| 445-13 | Cunningham and Board Letter to Members (Exhibit 42 to Plaintiffs' PSJ Motion) | 458 |
| 445-14 | 12.4.13 Cunningham Survey email (Exhibit 43 to Plaintiffs' PSJ Motion) | 458 |
| 445-15 | Survey Webpage (Exhibit 44 to Plaintiffs' PSJ Motion) | 458 |

| | | |
|---|---|---|
| 445-16 | Survey FAQs (Exhibit 45 to Plaintiffs' PSJ Motion) | 458 |
| 445-17 | 12.6.13 Board Email attaching Letter re: Survey (Exhibit 46 to Plaintiffs' PSJ Motion) | 458 |
| 445-18 | 12.6.13 Board Letter re: Survey (Exhibit 47 to Plaintiffs' PSJ Motion) | 458 |
| 445-19 | Oliver Deposition (Exhibit 48 to Plaintiffs' PSJ Motion) | 458 |
| 445-20 | Sobeck 12.6.13 Email re: Proposed Edits to Board Letter (Exhibit 49 to Plaintiffs' PSJ Motion) | 458 |
| 445-21 | December 2013 Neveloff email with R. Mercer re: Board Letter (Exhibit 50 to Plaintiffs' PSJ Motion) | 458 |
| 445-22 | 1.30.18 Neveloff Deposition (Exhibit 51 to Plaintiffs' PSJ Motion) | 458 |
| 445-23 | February 2014 Email Chain re: Affiliation Acknowledgment (Exhibit 52 to Plaintiffs' PSJ Motion) | 458 |
| 445-24 | April 2014 Association Letter (Exhibit 53 to Plaintiffs' PSJ Motion) | 458 |
| 445-25 | 2010 Affiliation Agreement (Exhibit 54 to Plaintiffs' PSJ Motion) | 458 |
| 445-26 | 2013 Affiliation Agreement (Exhibit 55 to Plaintiffs' PSJ Motion) | 458 |
| 445-27 | Acknowledgment and Joinder (Exhibit 56 to Plaintiffs' PSJ Motion) | 458 |
| 445-28 | 9.13.18 Mercer Deposition (Exhibit 57 to Plaintiffs' PSJ Motion) | 458 |
| 445-29 | Aspen Highlands Condominium Associations' Objections and Responses to Plaintiffs' Second Set of Interrogatories and First Set of Requests for Admission (Exhibit 58 to Plaintiffs' PSJ Motion) | 458 |
| 452 | Plaintiffs' Refiled/Corrected Partial Summary Judgment Motion | 458 |
| 452-1 | Plaintiffs' Refiled/Corrected Declaration of Michael J. Reiser | 458 |
| 462 | Restricted Supplemental Declaration of Ian S. Marx in Support of their Motion to Exclude Expert Testimony of Chekitan Dev, Jonathan Simon, and R. Maurice Robinson | 484 |

| | | |
|---|---|---|
| 474 | Supplemental Restricted Omnibus Declaration of Ian S. Marx in support of Motions *in Limine* | 493 |
| 472 | Plaintiffs' Opposition to Marriott Defendants' ("MD") Motion for Partial Summary Judgment (Brief) | 493 |
| 472-1 | Declaration of Robert Harris (to Plaintiffs' Opposition to MD Motion for PSJ) | 493 |
| 472-2 | Declaration of Randal Mercer (to Plaintiffs' Opposition to MD Motion for PSJ) | 493 |
| 472-3 | Declaration of Tyler Oliver (to Plaintiffs' Opposition to MD Motion for PSJ) | 493 |
| 472-4 | Declaration of Philip Schneider (to Plaintiffs' Opposition to MD Motion for PSJ) | 493 |
| 472-5 | Declaration of Tyler Meade ISO Plaintiffs Opposition to Defendants Motion for Summary Judgement | 493 |
| 472-6 | Aspen Highlands Condominium Association Restated Articles of Incorporation (Exhibit 1 to Plaintiffs' Opposition to Marriott Defendants' Motion for PSJ) | 493 |
| 472-7 | Plaintiffs' First Set of Requests for Production to Marriott Defendants (Exhibit 2 to Plaintiffs' Opposition to Marriott Defendants' Motion for PSJ) | 493 |
| 472-8 | Plaintiffs' Third Set of Requests for Production to Marriott Defendants (Exhibit 3 to Plaintiffs' Opposition to Marriott Defendants' Motion for PSJ) | 493 |
| 472-9 | Marriott Defendants' Responses and Objections to Plaintiffs' Third Requests for Production (Exhibit 4 to Plaintiffs' Opposition to Marriott Defendants' Motion for PSJ) | 493 |
| 472-10 | 11.15.17 Cunningham Deposition Excerpts (Exhibit 5 to Plaintiffs' Opposition to Marriott Defendants' Motion for PSJ) | 493 |
| 472-11 | 5.15.18 Sobeck Deposition Excerpts (Exhibit 6 to Plaintiffs' Opposition to Marriott Defendants' Motion for PSJ) | 493 |
| 472-12 | 11.10.17 Cunningham Deposition Excerpts (Exhibit 7 to Plaintiffs' Opposition to Marriott Defendants' Motion for PSJ) | 493 |

| | | |
|---|---|---|
| 472-14 | 12.1.17 Gosch Deposition<br>(Exhibit 9 to Plaintiffs' Opposition to Marriott Defendants' Motion for PSJ) | 493 |
| 472-15 | 10.4.17 Neveloff Deposition<br>(Exhibit 10 to Plaintiffs' Opposition to Marriott Defendants' Motion for PSJ) | 493 |
| 472-16 | 10.26.17 Cappello Deposition<br>(Exhibit 11 to Plaintiffs' Opposition to Marriott Defendants' Motion for PSJ) | 493 |
| 472-17 | 4.18.17 Email from M. Reiser re: Meet and Confer<br>(Exhibit 12 to Plaintiffs' Opposition to Marriott Defendants' Motion for PSJ) | 493 |
| 472-18 | 4.18.17 Letter from I. Marx re: Meet and Confer<br>(Exhibit 13 to Plaintiffs' Opposition to Marriott Defendants' Motion for PSJ) | 493 |
| 472-19 | 12.17.17 Letter from T. Meade re: Meet and Confer<br>(Exhibit 14 to Plaintiffs' Opposition to Marriott Defendants' Motion for PSJ) | 493 |
| 472-20 | 5.10.18 Marriott Defendants' Supplemental Disclosure<br>(Exhibit 15 to Plaintiffs' Opposition to Marriott Defendants' Motion for PSJ) | 493 |
| 472-21 | 2.9.18 Joint Discovery Chart<br>(Exhibit 16 to Plaintiffs' Opposition to Marriott Defendants' Motion for PSJ) | 493 |
| 477 | Supplemental Restricted Declaration of Ian S. Marx in Support of<br>Marriott Defendants' *Motion in Limine* to Exclude the Cushman & Wakefield Appraisal | 493 |
| 483 | Confidential Declaration of Ian S. Marx in Support of Defendant The<br>Ritz-Carlton Management Company, L.L.C.'s Opposition to<br>Plaintiffs' Motion for Partial Summary Judgment | 493 |
| 483-4 | December 2013 Email Chain between S. Sobeck, L. Cunningham, and J. Doyle<br>(Exhibit 4 to the Confidential Declaration of Ian S. Marx in Support of RCMC's Opposition to Plaintiffs' Motion for PSJ) | 502 |
| 511 | Plaintiffs' Reply ISO Motion for Partial Summary Judgment | 502 |

| 511-1 | Declaration of Tyler Meade In Support of Plaintiffs' Reply ISO Motion for Partial Summary Judgment | none |
|---|---|---|
| 511-2 | Excerpts from November 16, 2017 Sobeck Deposition (Exhibit 1 to Plaintiffs' Reply ISO Motion for PSJ) | none |
| 511-3 | Excerpts from Craig Oulette Deposition (Exhibit 2 to Plaintiffs' Reply ISO Motion for PSJ) | none |
| 511-4 | Email from Patrick Forth to Eveleen Babich (Exhibit 3 to Plaintiffs' Reply ISO Motion for PSJ) | none |
| 511-5 | Excerpts from the March 7, 2018 deposition of Eveleen Babich (Exhibit 4 to Plaintiffs' Reply ISO Motion for PSJ) | none |

Dated at Grand Junction, Colorado this March 12, 2020.

Gordon P. Gallagher
United States Magistrate Judge