**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Case No. 16-01301-PAB-GPG

RCHFU, LLC, et al.

    Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, *et al.*

    Defendants.

**MVW DEFENDANTS' MOTION FOR RECONSIDERATION OF
MARCH 20, 2020 ORDER WITH RESPECT TO MOTION *IN LIMINE* TO
BIFURCATE JURY TRIAL INTO LIABILITY AND PUNITIVE DAMAGES PHASES**

Defendants Marriott Vacations Worldwide Corporation ("MVWC"), Marriott Ownership Resorts, Inc. ("MORI"), The Ritz-Carlton Management Company, LLC ("RC Management"), The Cobalt Travel Company, LLC ("Cobalt"), and The Lion & Crown Travel Co., LLC ("L&C") ("MVW Defendants" or "Defendants"), hereby move the Court to reconsider the portion of its March 20, 2020 Order (ECF #564) which granted in part and denied in part the Defendants' motion *in limine* for an order bifurcating the trial of this action into three phases. Defendants seek reconsideration of only that portion of the Court's ruling that denied bifurcation of the jury trial on Plaintiffs' legal claims into (i) an initial liability and compensatory damages phase, and (ii) if necessary, a punitive damages phase with the same jury immediately following the first phase. *Id*. at 19-22.

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 7.1(a), the MVW Defendants' counsel conferred with Plaintiffs' counsel before making this motion and made a reasonable and good faith effort to resolve this

dispute. Specifically, on April 2, 2020, the MVW Defendants' counsel had a telephone conference with Michael Reiser, counsel for Plaintiffs, to discuss the factual and legal bases for this motion. Plaintiffs' counsel refused to agree to the relief sought by the MVW Defendants.

## INTRODUCTION

Defendants are aware that motions for reconsideration are generally disfavored. Nonetheless, Defendants are compelled to seek this relief now to avoid the prejudice that would result from the Court's Order denying bifurcation of the jury trial into liability/compensatory damages and punitive damages phases. In making this motion, Defendants do not seek to rehash their prior arguments on bifurcation. They accept the Court's decision on those arguments. Rather, Defendants seek reconsideration on two new grounds raised by the Court's Order:

First, the Court misconstrued Defendants' argument as seeking two *separate* juries for the liability/compensatory damages phase and for the punitive damages phase. Defendants do not. Defendants seek, and have always sought, one jury, which, if necessary, would hear the punitive damages case immediately after the presentation and decision regarding the liability/compensatory damages case.

Second, and more importantly, the Court's ruling that evidence of non-affiliation conduct is *irrelevant* to plaintiffs' case on liability and compensatory damages should have changed the bifurcation analysis respecting the Court's decision that such non-affiliation evidence could be admitted to demonstrate the willfulness of Defendants' conduct as it relates *solely* to punitive damages. The Court's evidence ruling eliminated Plaintiffs' principal argument against bifurcation – "overlapping" evidence as to liability/compensatory damages and punitive damages – but the Court's bifurcation ruling failed to give due consideration to the potentially tremendous prejudicial

effect that non-affiliation conduct evidence would have on the jury's consideration of liability and compensatory damages. Presentation of such evidence during a trial on liability and compensatory damages creates the very real potential for confusion, as well as the risk that the jury would be inflamed and its liability/compensatory damages decision tainted by the negative influence of evidence that the Court held is *entirely irrelevant* to such issues. Moreover, as discussed below, a limiting instruction will compound rather than cure these prejudicial effects. An instruction that "such evidence cannot be considered for liability or compensatory damages, but can be considered for willfulness and punitive damages," will serve only to implicitly suggest to the jury that there was, or could have been, willfulness by the Defendants. This would reasonably impact the jury's deliberation during the liability/compensatory damages phase.

The Court has already held that such non-affiliation evidence does not satisfy the *minimum* requirements of relevance under Evid. Rule 401, in that it has *no probative value* to the liability or compensatory damages issues in the case. Given its potential prejudicial impact, the non-affiliation evidence should be excluded from the proceedings on liability and compensatory damages pursuant to Evid. Rule 403. If liability and damages are found, *the very same jury* can hear the non-affiliation evidence on the issue of willfulness during the punitive damages phase. Any overlap and duplication of evidence will be eliminated. Indeed, if the jury returns a verdict of "no cause" or "no damages" in the first phase, there would be no second phase -- thereby potentially saving time and effort and judicial resources.

And, to the extent any of Defendants' witnesses or any other witnesses will be recalled during the second phase to provide what will be more limited testimony, Defendants alone will bear that expense of having the witness travel to testify again. Plaintiffs will suffer no prejudice or

disadvantage – other than the inability to try to improperly sway the jury's determination on liability and compensatory damages through the presentation of confusing and irrelevant evidence whose only purpose is to browbeat the jury with Defendants' theoretical willful wrongdoing.

Given: 1) the extreme prejudice of admitting *entirely irrelevant* non-affiliation evidence during the liability/compensatory damages phase of the trial, 2) that a limiting instruction will likely amplify rather than cure the confusion and prejudice caused by this evidence, and 3) that any "overlapping" or duplication of evidence can be avoided with bifurcation of the hearing before the same jury, with no burden on Plaintiffs, we respectfully ask the Court to consider these points – which are the incidental effects of its prior ruling on non-affiliation evidence -- and reverse its decision regarding bifurcation.

## THE COURT'S PRIOR DECISION ON THE *IN LIMINE* MOTIONS

### A. The Court's Decision on Relevance and Admission of the Non-Affiliation Evidence

In its March 20, 2020, Order (ECF #564), on Defendants' *in limine* motion to exclude all non-affiliation related evidence, the Court held that such evidence was not encompassed by Plaintiffs' claims in this case. Specifically, the Court held:

- Non-affiliation conduct and related damage claims were not encompassed by Plaintiffs' pleadings in the case and that "plaintiffs' seventh amended complaint does not put defendants on notice that plaintiffs seek damages related to pre-affiliation conduct." *Id*. at 13;

- Defendants were not put on notice that non-affiliation related conduct "may constitute . . . one or more breaches of fiduciary duties" and Plaintiffs did "not put defendants on notice that plaintiffs may base their claims on this conduct." *Id.* at 14.

- "Earlier in this litigation, plaintiffs sought to amend their complaint to include allegations that they now argue are already set forth in their complaint [which] further demonstrates that the complaint lacks allegations concerning pre-affiliation conduct." *Id* at 14-15.

- "[D]efendants' motion will be granted to the extent it seeks to exclude the use of this evidence in support of plaintiffs' claims for compensatory damages." *Id.* at 15.

Having held that such non-affiliation conduct was not relevant to either liability or compensatory damages on any of Plaintiffs' claims in the case, the Court accepted Plaintiffs' argument that, even if entirely irrelevant to the substantive merits of Plaintiffs' affiliation claim, such evidence could be "independently admissible to show willfulness . . . to support plaintiffs' punitive damages claims."  *Id*. at 17.

### B. The Court's Decision on Bifurcation of Liability/Compensatory Damages From Punitive Damages

Although the Court granted bifurcation of the legal and equitable claims, with the equitable claim of disgorgement of unjust profits to be tried to the Court after a jury trial (ECF #564 at 22-24), the Court denied Defendants' motion to bifurcate the jury trial into two phases: (i) a liability/compensatory damages phase; and (ii) a punitive damages phase. *Id*. at 19-22.

The Court based its decision on the grounds that (i) "plaintiffs have stated that they do not intend to offer evidence concerning defendants' profits or net worth" (*id.* at 20); (ii) evidence "supporting [Plaintiffs'] general liability claims and their claims for punitive damages substantially overlaps" (*id.* at 21); (iii) "dividing the jury trial into separate phases would require the repetition of some evidence to the second phase jury and require a separate jury selection."*(id.* at 21-22)*; and* (iv) that the "danger of undue prejudice or confusion of the issues [could be avoided] if the jury is given a limiting instruction to consider this evidence for only the limited purpose of determining whether defendants acted willfully or wantonly."  *Id.* at 17.

## ARGUMENT

### I. District Courts Have Plenary Power to Reconsider Interlocutory Orders

District courts have the plenary power to revisit interlocutory orders as justice requires,

including through motions for reconsideration. *Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id*. District courts have broad discretion in determining whether to depart from their prior orders upon reconsideration. *Wagoner v. Wagoner,* 938 F.2d 1120, 1122 n.1 (10th Cir. 1991).

## II. The Court's Decision that Non-Affiliation Conduct was Not Relevant to Plaintiff's Liability or Compensatory Damages Claims Should Be the Basis for Reconsidering and Reversing the Decision on Bifurcation

As noted above, the Court held that non-affiliation evidence was *not relevant* – had *no probative value* – to Plaintiff's liability or compensatory damages claims on the affiliation, but could be "probative" of "willfulness" "in order to support plaintiffs' punitive damages claims." ECF #564 at 17. Accordingly, the Court held that such evidence could be admitted for that purpose only, and the jury could be "given a limiting instruction to consider this evidence for only the limited purpose of determining whether defendants acted willfully or wantonly." *Id*. Thus, while the Court recognized the potential prejudice of admitting evidence irrelevant as to liability and compensatory damages, it suggested a cure – a direction by the Court that "such evidence can be considered to prove defendants' willfulness for punitive damages" – that would compound the prejudice, by reinforcing Plaintiffs' theme of willful wrongful conduct – a theme Plaintiffs will doubtless repeat like a drumbeat throughout the trial.

Bifurcation would correct this potential for prejudice and solve concerns over potential duplication of evidence and waste of judicial resources. Bifurcating the trial to exclude non-affiliation evidence from the first phase eliminates "overlap" of evidence and would have no impact on affiliation-related evidence. To the extent that affiliation-related evidence is relevant to both liability/compensatory damages and punitive damages, such evidence would be admissible in the first phase under the Court's ruling *even with* a bifurcated trial. The very same jury that will hear all such evidence during the liability/compensatory damages phase will immediately thereafter sit to hear the additional non-affiliation evidence that is relevant solely as to willfulness and punitive damages. Indeed, based on the jury verdict in the first phase, there may be no need for a second phase, thereby shortening the jury trial and saving judicial resources.

As best expressed by the Fourth Circuit Court of Appeals, "when it is determined that the evidence relevant to the appropriate amount of punitive damages will be prejudicial to the jury's consideration of liability or compensatory damages, bifurcation of the trial under Fed. R. Civ. P. 42(b) remains an available solution." *Mattison v. Dallas Carrier Corp.*, 947 F.2d 95, 110 (4th Cir. 1991). Numerous district courts have thus bifurcated cases into separate liability and punitive damages phases where, as here, it would be unduly prejudicial to allow the jury, in assessing the defendant's liability, to also hear evidence relevant only to whether its conduct is egregious enough to merit a punitive award. *See, e.g., Sedillo Elec. v. Colorado Cas. Ins. Co.,* 2017 U.S. Dist. LEXIS 54384, at *9-*10 (D.N.M. Apr. 10, 2017) (bifurcating trial to defer evidence of insurer's alleged bad faith unrelated to defendant's liability for breach of insurance contract to later phase); *Supinski v. UPS*, 2012 U.S. Dist. LEXIS 98276, at *22-*23 (M.D. Pa. July 16, 2012) (employment discrimination action; denying plaintiff's motion for new trial arising from decision to preclude

evidence of government agency finding regarding extent of plaintiff's disability in liability phase and defer such evidence to later punitive damages phase of trial, which proved unnecessary when defendant received jury verdict on liability); *Ingle v. Circuit City*, 2006 U.S. Dist. LEXIS 100620, at *14 (S.D. Cal. Feb. 1, 2006) (bifurcating trial in employment discrimination action, and deferring evidence of defendant's litigation history to later punitive damages phase); *Munafo v. Metropolitan Transp. Auth.*, 2003 U.S. Dist. LEXIS 13495, at *69-*69 (E.D.N.Y. Jan. 22, 2003) (bifurcating trial to defer evidence relating solely to punitive damages to later phase in civil rights action arising from claim of retaliatory termination).

Finally, Plaintiffs will not be prejudiced by bifurcation. To the extent Plaintiffs seek to recall any of Defendants' witnesses to offer evidence of non-affiliation related conduct relevant to willfulness, Defendants agree to bear the expense of producing the witnesses again in Denver. Indeed, because Plaintiffs videotaped the depositions of Defendants and *all* third-party witnesses, in the extraordinarily unlikely event that any third-party witnesses are relevant to such non-affiliation related willfulness for the punitive damages phase, Plaintiffs will be able to use those videotaped depositions.

## CONCLUSION

For all the foregoing reasons, the Court should reconsider its earlier ruling on defendants' *in limine* motion with respect to bifurcation and bifurcate the jury trial of Plaintiffs' legal claims into an initial liability and compensatory damages phase, and if necessary, a later punitive damages phase. Any evidence of non-affiliation conduct would be offered solely during the punitive damages phase; and Defendants will bear the cost of producing witnesses again during the punitive

damages phase to the extent such witnesses are necessary for the presentation of evidence related to non-affiliation conduct.

| | |
|---|---|
| Dated:   April 3, 2020 | Respectfully submitted, |
| | By: *s/ Philip R. Sellinger* |
| | Philip R. Sellinger |
| | Ian S. Marx |
| | Roger B. Kaplan |
| | GREENBERG TAURIG, LLP |
| | 500 Campus Drive, Suite 400 |
| | Florham Park, New Jersey |
| | Tel: (973) 360-7900 |
| | Fax: (973) 301-8410 |
| | Email:  SellingerP@gtlaw.com |
| | MarxI@gtlaw.com |
| | KaplanR@gtlaw.com |
| | - and - |
| | Naomi G. Beer, Esq. |
| | GREENBERG TRAURIG, LLP |
| | 1144 15th Street, Suite 3300 |
| | Denver, Colorado 80202 |
| | Tel: (303) 572-6500 |
| | Fax: (303) 572-6540 |
| | Email:   BeerN@gtlaw.com |
| | *Attorneys for Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, and The Lion & Crown Travel Co., LLC* |

## CERTIFICATE OF SERVICE

I hereby certify that, on April 3, 2020, a true and accurate copy of the foregoing **MVW DEFENDANTS' MOTION FOR RECONSIDERATION OF MARCH 20, 2020 ORDER WITH RESPECT TO MOTION *IN LIMINE* TO BIFURCATE TRIAL INTO LIABILITY AND PUNITIVE DAMAGES PHASES** was filed and served with the Clerk of the Court via CM/ECF filing system, which will send notification to the following:

Michael J. Reiser
Law Office of Michael J. Reiser
1475 N Broadway, Suite 300
Walnut Creek, CA 94596
*Counsel for Plaintiffs*

Matthew C. Ferguson
The Matthew C. Ferguson Law Firm, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611
*Counsel for Plaintiffs*

Tyler R. Meade
The Meade Firm P.C.
12 Funston Avenue, Suite A
San Francisco, CA 94129
*Counsel for Plaintiffs*

Linda Pham Lam
Michael Schrag
Gibbs Law Group LLP
505 14th Street, Suite 1100
Oakland, CA 94612
*Counsel for Plaintiffs*

*s/ Gregory Scavelli*
Gregory Scavelli

*(Original on file at offices of Greenberg Traurig, LLP, pursuant to C.R.C.P. 121, § 1-26)*