**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO**

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC** et al.

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION** et al.

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO RESTRICT ACCESS IN RESPONSE TO COURT ORDER (DKT. NO. 562) DENYING IN PART AND GRANTING IN PART THE MARRIOTT DEFENDANTS' MOTIONS TO RESTRICT ACCESS (DKT NOS. 458, 484, 493, 502, 534)**

Pursuant to Local Rule 7.2(d), Plaintiffs' RCHFU, LLC et al. respectfully submit this opposition to Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, and The Lion & Crown Travel Co., LLC (collectively, "Marriott Defendants") Motion to Restrict in Response to Court Order (Dkt. No. 562) Denying in Part and Granting in Part the Marriott Defendants' Motion to Restrict Access (Dkt. Nos. 458, 484, 493, 502, 534) (Dkt. #570) (the "Motion").

## INTRODUCTION

On March 12, 2020, this Court entered an Order (Dkt. No. 562) that lifted the provisional redactions on about 64 docket entries, but left restricted 32 docket entries previously filed with the Court on a restricted basis (and as to which motions to restrict had been filed). The Court further ordered that the restrictions on public access to these documents would be lifted unless a subsequent motion to maintain the restriction was made and granted. The Marriott Defendants filed such a motion as to fifteen documents on April 9, 2020. Dkt. No. 570. Plaintiffs oppose this Motion.

The Marriott Defendants improperly seek to restrict these "at-issue" documents, which bear on key issues in this case—even though these documents do not contain "trade secrets, or

1

other confidential research development or commercial information." Stipulated Protective Order, Dkt. No. 100, ¶ 2. Even if these documents include sensitive commercial information, as the Marriott Defendants contend, most of these documents were created between 2001 and 2014. Any "sensitive business information" is stale and thus the presumption in favor of public access weighs against restriction. The Marriott Defendants have failed to meet their burden in overcoming the presumption in favor of public access, and the Motion should be denied.

## DOCUMENTS AT-ISSUE

The Marriott Defendants request to restrict from public access to the following Docket entries:

| No. | ECF # | Document Description ("MD" = "Marriott Defendants") | Marriott's Proposed Treatment |
|---|---|---|---|
| 1. | 442-1 | Plaintiffs' Motion for Sanctions and a Default Judgment Against Certain Marriott Defendants Based on APCO Documents; and Motion to Consolidate (ECF #282) (Exhibit A to MD's Summary Judgment Motion) | This is a 390-page document, comprised of 35 component documents. The entire the document may be unrestricted, except for the following pages: 41-49, 51-70, 72-88, 279-81, 283-84, 355-65, 368-71, 376-81. |
| 2. | 442-2 | Plaintiffs' Reply in Support of Motion for Sanctions and a Default Judgment Against Certain Marriott Defendants Based on APCO Documents (ECF #297) (Exhibit B to MD's Summary Judgment Motion) | This is a 35-page document, comprised of 7 component documents. The entire document may be unrestricted, except for the following pages: 23-25 and 29- 32. |
| 3. | 442-3/462-4 | Expert Rebuttal Report of Mark Israel, dated December 28, 2018 (Exhibit C to MD's Summary Judgment Motion) | The entire document may be unrestricted, subject to redaction only of internal consumer survey information about MVC Points purchasers (Table 4 (p. 28) Figure 2, p.29), Table A1 (p.93), Figure A1 (p.94) and pricing discounts offered by MVC to sell points (Table 5 and 6 pp.51-61)). |

| | | | |
|---|---|---|---|
| 4 | 444-23 | Member Comments (Exhibit 23 to Plaintiffs' Partial Summary Judgment "PSJ" Motion) | The entire document may be unrestricted, but the Members' email addresses and telephone numbers should be redacted. |
| 5. | 444-24 | 4.12.13 Stephanie Sobeck Email attaching Member comments (Exhibit 24 to Plaintiffs' PSJ Motion) | The entire document may be unrestricted, but the Members' email addresses and telephone numbers should be redacted. |
| 6. | 445-4/483-3[2] | APCO Member Study Detailed Report (Exhibit 33 to Plaintiffs' PSJ Motion) | The restriction should be retained. |
| 7. | 444-11/483-1[3] | May 24, 2012 CGC Memo (Exhibit 11 to Plaintiffs' PSJ Motion) | The restriction should be retained. |
| 8. | 444-25 | August 8, 2012 Strategic Council Update (Exhibit 25 to Plaintiffs' PSJ Motion) | The entire document may be unrestricted, but pages 2-6 should be redacted, so that only information pertaining to The Ritz-Carlton Club, Aspen Highlands, and the "Luxury Segment Reengineering" remains. |
| 9. | 444-26 | September 27, 2012 Strategic Council Update (Exhibit 26 to Plaintiffs' PSJ Motion) | The entire document may be unrestricted, but pages 2-6 should be redacted, so that only information pertaining to The Ritz-Carlton Club, Aspen Highlands, and the "Luxury Segment Reengineering" remains. |
| 10. | 444-27 | October 25, 2012 Strategic Council Update (Exhibit 27 to Plaintiffs' PSJ Motion) | The entire document may be unrestricted, but pages 2-6 should be redacted, so that only information pertaining to The Ritz-Carlton Club, Aspen Highlands, and the "Luxury Segment Reengineering" remains. |
| 11. | 444-28 | January 17, 2013 Strategic Council Update (Exhibit 28 to Plaintiffs' PSJ Motion) | The entire document may be unrestricted, but pages 2-6 should be redacted so that only information pertaining to the Ritz-Carlton Club, Aspen Highlands, and the "Luxury Segment Reengineering" remains. |

| 12. | 445-3 | July 10, 2014 Strategic Council Update (Exhibit 32 to Plaintiffs' PSJ Motion) | The entire document may be unrestricted, but pages 2-15 should be redacted, so that only information pertaining to The Ritz-Carlton Club, Aspen Highlands, and the "Luxury Segment Reengineering" generally remains. |
|---|---|---|---|
| 13. | 445-7 | Draft Aspen Cushman & Wakefield Appraisal (Exhibit 36 to Plaintiffs' PSJ Motion) | The restriction should be maintained; pursuant to the Court's Order of March 20, 2020, granting Marriott's *motion in limine*, the Appraisal has been excluded. |
| 14. | 445-9 | Final San Francisco Cushman & Wakefield Appraisal (Exhibit 38 to Plaintiffs' PSJ Motion) | The restriction should be maintained. *See above.* |
| 15. | 477-1 | Aspen Cushman & Wakefield Appraisal Report (Exhibit 1 of Supplemental Restricted Declaration of Ian S. Marx in Support of Marriott Defendants' Motion *in Limine* to Exclude the Cushman & Wakefield Appraisal) | The restriction should be maintained. *See above.* |

The Plaintiffs do not oppose[1] the Marriott Defendants' proposed un-redaction(s) for the following docket entries: 444-23; 444-24; 445-7; 445-9; 477-1.

## **LEGAL STANDARD**

Local Rule 7.2 governs motions to restrict access. It provides that the movant must "identify the document or the proceeding for which restriction is sought," and "address the interest to be protected and why such interest outweighs the presumption of public access. Local Civ. R. 7.2(c)(1)-(2). Additionally, the party seeking restriction must identify a "clearly defined and serious injury" and explain why there is no reasonable alternative to restriction (such as redaction or restricted access

---

[1] Ian Marx, counsel for the Marriott Defendants, emailed Plaintiffs regarding the Marriott Defendants' proposed un-redactions on April 9, 2020 stating "We intend to file a motion to restrict along these lines and would appreciate the benefit of knowing whether you would agree to the following relief. If you believe that further discussion of the issues would be beneficial, then we would file a motion today to request an additional two weeks to permit that dialogue to take place; alternatively, we could file the motion to restrict today." Plaintiffs did not have an adequate opportunity to assess their position or respond to the Marriott Defendants' inquiry to request an additional two weeks prior to the Marriott Defendants filing its motion to restrict (Dkt. No. #570) on April 9, 2020.

to portions of exhibits). *Id.* at (3)-(4).

The public has a fundamental interest in open access to court records. *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135 (10th Cir. 2011) ("A party seeking to file court records must overcome a presumption, long supported by courts, that the public has a common-law right of access to judicial records"); *M.M. v. Zavaras*, 939 F.Supp. 789, 801 (D. Colo. 1996) ("[S]ecret court proceedings are anathema to a free society."). To justify depriving the public of this fundamental interest, a party must articulate a "real and substantial interest." *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011).

Accordingly, to meet its burden of overcoming the presumption of public access, the movant must "with particularity, and on a document-by-document basis, establish why access should be restricted, including identifying the specific injury that would result if access to a particular document is not restricted." *SOLIDFX, LLC v. Jeppesen Sanderson, Inc.*, 2012 WL 2917116, *7 (D. Colo. July 16, 2012) (denying a motion to restrict for "point[ing] generally to 39 exhibits comprising more than 250 pages and argu[ing] that those materials contain proprietary information, or are part of a confidential business plan," without specifying which documents were at-issue); *see also Arkansas River Power Auth. v. The Babcock & Wilcox Co.*, 2016 WL 192269, *3 (D. Colo. Jan. 15, 2016) ("A showing of compelling reasons for restriction of public access is necessary, as it is critical that the public be able to review the factual basis of this court's decisions.").

The movant's burden is heightened when the materials at question may be used asthe basis for a judicial decision on the merits of the case. *Lucero v. Sandia Corp.*, 495 Fed.App'x. 903, 913 (10th Cir. 2012); Charles Alan Wright, et al., *Federal Practice & Procedure* §2042 ("The strongest arguments for access apply to materials used as the basis for a judicial decision of the merits of the case, as by summary judgment.") Local Civ. R. 7.2(c)(1)-(2). Additionally, the party seeking restriction must identify a "clearly defined and serious injury" and explain why there is no reasonable alternative to restriction (such as redaction or restricted access to portions of exhibits. *Id.* at (3)-(4).

**ARGUMENT**

The Marriot Defendants have not met their heightened burden under Local Rule 7.2 and Tenth Circuit law to overcome the presumption of public access to records. In the well-reasoned March 12, 2020 "Order Denying In Part and Granting in Part The Marriott Defendants' Motion to Restrict Access," this Court stated "[i]t is undisputed that there is a common law right of public access to court records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). A motion to restrict is therefore analyzed under this presumption of preserving the public's right to access court documents. *United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997)." *See* Dkt. No. 562 at 3-4.

With this high burden in mind, the Marriott Defendants now seek to un-restrict 11 at-issue docket entries they contend are entitled to protection because they relate to "sensitive and confidential business information used by the Marriott Defendants' senior management in meetings regarding corporate strategy and governance; and information pertaining to a confidential engagement the Marriott Defendants' legal department into with a public relations/crisis management firm, APCO, in response to actual and threatened litigation."

**I.   Documents "Regarding Strategy/Corporate Governance" (ECF#s 444-19, 444-11, 444-25, 444-26, 444-27, 444-28, 445-3 and 483-1) are Stale.**

The documents the Marriott Defendants seek to unrestricted were created between 2012 and 2014. Thus, any "sensitive business information" the Marriott Defendants seeks to restrict in these documents are stale. The information contained in these documents pertain to financial information, decision making processes, and corporate strategies that are at least six years old and are thus stale.

Marriott has not offered a rationale to restrict these documents that satisfies its burden. As this Court noted, Marriott must explain why its interest in aged documents outweighs the presumption of public access. Alternatively, Marriott could detail how these aged documents continue to contain trade secrets or proprietary confidential information, "other than to merely argue that another company could hypothetically copy their practice." Dkt. No. 562, p. 5. Marriott still has not satisfied this requirement and continues to provide conclusory, perfunctory statements insufficient to

6

overcome the presumption of public access. *See, e.g.*, Dkt. No. 570, p. 11 ("[C]ompetitors facing similar circumstances that the Marriott Defendants were facing at the time of these documents' creation can gain an unfair advantage by copying – or avoiding – their strategies").

## II. Documents Containing "Information Pertaining to APCO (ECF #s 442-1, 442-2, 445-4, 474-2, 483-3).

The APCO documents (ECF#s 442-1, 442-2, 445-4, 474-2 and 483-3) contain internal strategy and member survey data from 2013 and 2014. These documents are now six to seven years old and are thus stale. The Marriott Defendants are silent as to why these documents are still relevant and contain "sensitive business information" that require restriction six to seven years later. Further, the Marriott Defendants' conclusory statements that "the APCO survey should be restricted because they contain information that the Marriott Defendants and APCO never intended to be public" fail to establish that the Marriot Defendants have a "real and substantial interest that justifies depriving the public of access" to these critical records. *Helm*, 656 F.3d at 1292; *Jeppesen Sanderson*, 2012 WL 2917116 at *7 (denying a motion to restrict where the Defendant "[A]rgue[d] . . . [that the documents at issue] including internal communications and strategy documents, concern Jeppesen's confidential business plans, [third parties], and competitors . . . [and] discuss Jeppesen's internal strategy" and stating that "the argument is made too broadly and is too generalized to satisfy the requirements of [Local Rule 7.2]." Marriott is effectively stating that a confidentiality agreement it executed with a third-party—standing alone—should bind this Court and prevent public access to such documents. Such an argument is barred by the relevant local rule of practice and this Court should not countenance such an effete attempt to skirt it. D.C. Colo. L. Civ. R. 7.2(c)(2)("[S]tipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify a restriction"); *accord Sibley v. Sprint Nextel Corp.*, 254 F.R.D. 662, 667 (D. Kan. 2008) (holding that a "moving party must submit particular and specific facts, and not merely stereotyped and conclusory statements" to establish grounds limiting access) (internal citation omitted).

The Marriott Defendants have not overcome the high presumption weighted towards public access to information.

## **CONCLUSION**

For the above reasons, Plaintiffs respectfully request this Court deny the Marriott Defendants' motion to restrict.

Dated: April 9, 2020

                                                    Respectfully submitted,
                                                    REISER LAW, P.C.
                                                    By: /s/ Michael J. Reiser
                                                    Michael J. Reiser
                                                    Bar No.16161
                                                    1475 N. Broadway, Suite 300
                                                    Walnut Creek, CA 94597
                                                    Telephone (925) 256-0400
                                                    Email: Michael@reiserlaw.com

                                                    *Attorneys for the Plaintiffs*

# CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 14th day of August 2019, a true and accurate copy of the foregoing **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO RESTRICT ACCESS IN RESPONSE TO COURT ORDER (DKT. NO. 562) DENYING IN PART AND GRANTING IN PART THE MARRIOTT DEFENDANTS' MOTIONS TO RESTRICT ACCESS (DKT NOS. 458, 484, 493, 502, 534)** was served via CM/ECF filing system upon the following:

Jessica Black Livingston, Esq.
*jessica.livingston@hoganlovells.com*
Hogan Lovells US LLP
1200 Seventeenth Street, Suite 1500
Denver, Colorado 80202

Naomi G. Beer, Esq.
*BeerN@gtlaw.com*
Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, Colorado 80202

Ian S. Marx, Esq.
*MarxI@gtlaw.com*
Philip R. Sellinger, Esq.
*SellingerP@gtlaw.com*
Greenberg Traurig, LLP
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932

*/s/ Michael J. Reiser*
Michael J. Reiser