## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC,** *et al*.

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION,** *et al*.

---

**PLAINTIFFS' OPPOSITION TO MVW DEFENDANTS' MOTION FOR RECONSIDERATION OF MARCH 20, 2020 ORDER WITH RESPECT TO MOTION *IN LIMINE* TO BIFURCATE JURY TRIAL INTO LIABILITY AND PUNITIVE DAMAGES PHASES**

---

### I.      INTRODUCTION

There are no grounds for reconsideration of the Court's decision to try liability, compensatory damages, and punitive damages in a single phase. The Court reasoned that because core evidence supporting punitive damages—e.g. Marriott willfully breaching fiduciary duties and reneging on its promise of a vote on the MVC affiliation—substantially overlaps with the evidence that will support liability, the jury should only have to hear it once. The Court's decision to also allow Plaintiffs to use Marriott's pre-affiliation conduct to support punitive damages doesn't materially change this substantial overlap.

Plaintiffs will also support their punitive damages claim with evidence that before it announced affiliation plans in July 2012, Marriott provided MVC members access to the Ritz-Aspen and learned that this devalued Plaintiffs' interests. While Marriott speculates that a jury may be confused and credit this evidence toward compensatory (as well as punitive) damages, the

Court has already come up with a tried and true solution to this concern: a limiting instruction to ensure that the jury only considers such evidence to determine punitive damages. Thus, Marriott will suffer no prejudice and the trial can proceed efficiently. In contrast, Marriott's proposal to bifurcate would require Plaintiffs to present much of the same evidence twice and would be a waste of judicial resources. The Court's basis for deciding against bifurcation remains correct. Because Marriott can point to no clear error or change in law or facts, its motion to reconsider should be denied.

## I.   ARGUMENT

### A.  There are no changes in circumstances, facts, or law that would warrant reconsideration

Marriott points to no change in the law, newly discovered evidence, or clear error that would warrant reconsideration.[1] *See Carbajal v. Lucio*, 2016 WL 7245798, at *1 (D. Colo. Dec. 14, 2016) (on a motion to reconsider, courts ask "whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error"). Instead, Marriott repeats the same basic argument it made in the first go-around: that it would be unduly prejudicial for the jury to hear evidence on punitive damages as well as evidence on liability and compensatory damages in the same trial phase. *Compare* Dkt. 470 (original motion) at p. 8 ("having the same jury charged with deciding the issue of liability and compensatory damages also hear evidence offered in support of a punitive recovery is likely to unduly prejudice the defendant by inflaming the jury …") *to* Dkt.

---

[1] Marriott's statement that "the Court misconstrued Defendants' argument as seeking two *separate* juries for the liability/compensatory damages phase and for the punitive damages phase" is incorrect. Marriott itself stated in its initial motion: "This practice [of bifurcation] is particularly appropriate where, as here, having the *same jury* charged with deciding the issue of liability and compensatory damages also hear evidence offered in support of a punitive recovery is likely to unduly prejudice the defendant …" Dkt. 470 at p. 8, ¶ 14 (emphasis added).

569 (motion to reconsider) at p. 3 ("Presentation of such [punitive damages] evidence during a trial on liability and compensatory damages creates … the risk that the jury would be inflamed …"). Because the Court's reasons for rejecting that argument still stand, reconsideration should be denied.

For one, notwithstanding the ruling limiting how evidence of non-affiliation related conduct is used at trial, evidence supporting punitive damages substantially overlaps with evidence on liability. The Court allowed Plaintiffs to add a claim for punitive damages based on (1) Marriott's decision to affiliate the Ritz-Aspen with the Marriott Vacation Club despite knowing that doing so would destroy Plaintiffs' property values, and (2) Marriott's reneging on its promise that no affiliation would take place without a majority vote in favor of it. Dkt. 237 at p. 8. The same evidence will support liability for Plaintiffs' breach of fiduciary duty and constructive fraud claims. The Court recognized this overlap in deciding against bifurcation, which would result in the parties presenting the exact same evidence twice. Dkt. 564 at p. 21 ("Plaintiffs' claims of constructive fraud … or breach of fiduciary duty are based on defendants' alleged acts of 'participating in, intermeddling, forcing or otherwise improperly influencing the decision' to affiliate despite the fact that the promised majority vote had not been held … Plaintiffs seek punitive damages based on this same conduct."). That logic still applies even if some additional evidence conduct unrelated to the affiliation also supports a punitive damages award.

### B.  A limiting instruction would eliminate any prejudice

The Court correctly ruled that a limiting jury instruction will alleviate any potential prejudice from the jury hearing evidence that even before it announced the affiliation in July 2012, Marriott knew that allowing MVC members access to Ritz Aspen would be profitable for Marriott

but would diminish the value of Plaintiffs' fractional shares. In any trial, it is common for some evidence to be relevant to one claim and not to another. "[C]ourts routinely handle these matters through limiting instructions to the jury …" *Smith v. BNSF Ry. Co*., 2019 WL 5063468, at *2 (D. Colo. Oct. 8, 2019). The core of Plaintiffs' punitive damages claim is Marriott's reneging on its promise of a vote and decision to affiliate despite knowing that doing so would cause harm to Plaintiffs.[2] Evidence relating to Marriott allowing MVC members access to Ritz Aspen in 2011 (before the affiliation was announced) will also show Marriott's willful and wanton state of mind, since it'll show Marriott knew that reneging on the vote and imposing the affiliation would enrich itself while driving down the value of Plaintiffs' deeded fractional interests. The Court intends to instruct the jury to consider pre-affiliation evidence only for the purpose of determining punitive and not compensatory damages. Dkt. 563 at p. 17.

Marriott's claim that a limiting instruction would "likely amplify rather than cure the confusion and prejudice" is based on conjecture and contrary to precedent. Dkt. 569 at p. 4. Marriott gives no explanation for why it believes a limiting instruction would be too complicated for a jury to understand. And it ignores that absent evidence to the contrary, courts presume jurors will follow instructions. *Smith*, 2019 WL 5063468 at *2. As the Supreme Court put it, "[u]nless we proceed on the basis that the jury will follow the court's instructions where those instructions

---

[2] Plaintiffs moved to add a claim for punitive damages to their complaint *before* they learned that Marriott failed to produce the 2013 Affiliation Agreement, which is the document that effectuated the affiliation at issue in this case. Marriott's failure to produce this agreement was the subject of a sanctions order (Dkt. 330). Marriott's failure to provide this agreement to the Association, which prevented the Association from learning that it had the power to stop the affiliation, will also support punitive damages.

are clear and the circumstances are such that the jury can reasonably be expected to follow them, the jury system makes little sense." *Id*. (citing *Bruton v. United States*, 391 U.S. 123, 135 (1968)).

### C.  The Court's motion *in limine* decisions are consistent with each other

Contrary to Marriott's motion, the Court's decision not to bifurcate is consistent with its decision to limit pre-affiliation evidence to the claim for punitive damages. The bulk of evidence on punitive damages, which relates to Marriott's failure to hold the promised vote and decision to affiliate in willful disregard of its fiduciary duties, still substantially overlaps with evidence that will support liability. That the Court will also allow Plaintiffs to present evidence on pre-affiliation conduct to support punitive damages does not change that overlap. And it is only natural that Plaintiffs present pre-affiliation conduct in the first phase of trial, so that they can tell the jury a sequential story of what happened leading up to the affiliation, of the affiliation itself, and what resulted from it. It would make no sense for the jury to have to wait until the second phase of trial to hear about what happened in the years *before* the affiliation.

Marriott incorrectly argues that the Court's decision to exclude use of non-affiliation evidence to support compensatory damages is inconsistent with the Court's decision not to bifurcate. The Court ruled that Plaintiffs cannot use such evidence to support compensatory damages because, in its view, Plaintiffs' complaint does not provide Marriott with sufficient notice that Plaintiffs seek recovery for that conduct. Dkt. 564 at p. 14-15. Contrary to what Marriott repeatedly states in its reconsideration motion, the Court did *not* rule that "evidence of non-affiliation conduct does not satisfy the *minimum* requirements of relevance under Evid. Rule 401, in that it has *no probative value*." Dkt. 569 at p. 3 (emphasis in original). Rather, the Court only held that Plaintiffs could use such evidence to support punitive damages

only. *See* Dkt. 564 at p. 15-17. So long as there is a limiting instruction to the jury, there is nothing improper about Plaintiffs presenting pre-affiliation evidence in the same phase as liability and compensatory damages.

## II.   CONCLUSION

For all the above reasons, Plaintiffs respectfully request that Marriott's motion for reconsideration be denied.

Dated: April 24, 2020

REISER LAW, P.C.

*/s/ Michael J. Reiser*
Michael J. Reiser, # 16161
1475 N. Broadway, Suite 300
Walnut Creek, CA 94596
Telephone: (925) 256-0400
E-mail: michael@reiserlaw.com
*Attorney for Plaintiffs*


GIBBS LAW GROUP LLP

*/s/ Michael Schrag*
Michael Schrag (CA State Bar # 185832)
Linda Lam (CA State Bar# 301461)
505 14th Street, Suite 1110
Oakland, CA 94612
Phone: (510) 350-9718
Facsimile: (510) 350-9701
E-mail: mls@classlawgroup.com
E-mail: lpl@classlawgroup.com
*Attorney for Plaintiffs*

THE MATTHEW C. FERGUSON
LAW FIRM, P.C.

*/s/ Matthew C. Ferguson*
Matthew C. Ferguson, #25687
119 South Spring, Suite 201
Aspen, Colorado 81611
Telephone: (970) 925-6288
Facsimile: (970) 925-2273
E-mail: matt@matthewfergusonlaw.com
*Attorney for Plaintiffs*


THE MEADE LAW FIRM, P.C.

*/s/ Tyler Meade*
Tyler Meade (CA State Bar # 160838)
12 Funston Avenue
San Francisco, CA 94129
Telephone: (415) 724-9600
E-mail: tyler@meadefirm.com
*Attorney for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that on this 24th day of April 2020, a true and accurate copy of the foregoing **PLAINTIFFS' OPPOSITION TO MVW DEFENDANTS' MOTION FOR RECONSIDERATION OF MARCH 20, 2020 ORDER WITH RESPECT TO MOTION IN LIMINE TO BIFURCATE JURY TRIAL INTO LIABILITY AND PUNITIVE DAMAGES PHASES** was served via CM/ECF filing system upon the following:

Naomi G. Beer, Esq.
*BeerN@gtlaw.com*
Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, Colorado 80202

Ian S. Marx, Esq.
*MarxI@gtlaw.com*
Philip R. Sellinger, Esq.
*SellingerP@gtlaw.com*
Greenberg Traurig, LLP
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932

> */s/ Michael Schrag*
> Michael Schrag