**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:16-cv-01301-PAG-GPG

RCHFU, LLC, et al

    Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, et al,

    Defendants.

---

**DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 20, 2020 ORDER ON DEFENDANTS' MOTION *IN LIMINE* TO BIFURCATE JURY TRIAL INTO LIABILITY AND PUNITIVE DAMAGES PHASES**

---

Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, and The Lion & Crown Travel Co., LLC ("L&C") (collectively, "Defendants") submit this reply in response to Plaintiffs' Opposition (ECF #573) to, and in further support of, Defendants' Motion for Reconsideration of the Court's March 20, 2020 Order (ECF #564) on Defendants' motion *in limine* to bifurcate the jury trial of this matter into (i) liability/compensatory damages and (ii) punitive damages phases.

## ARGUMENT

Plaintiffs offer no valid reason why Defendants' motion for reconsideration should not be granted. To the contrary, their incorrect assertions (along with an important omission) show precisely why reconsideration is essential.

ACTIVE 50338024v1

First, and most importantly, in asserting that a bifurcated trial "would result in the parties presenting the exact same evidence twice" (ECF #573 at 3), Plaintiffs are essentially repeating and expanding upon the Court's misapprehension of a key element of Defendants' position, namely, the assumption that Defendants are seeking two separate juries. *See Hyberg v. Milyard*, 2010 U.S. Dist. LEXIS 90306 at *9 (D. Colo. Aug. 31, 2010) (finding "'motion for reconsideration … appropriate where the court has misapprehended … a party's position'") (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)); *accord, Stoney v. Cingular Wireless L.L.C.*, 2009 U.S. Dist. LEXIS 43209 at *2 (D. Colo. May 19, 2009). Defendants propose that a single jury hear all the evidence in this case. In the first phase of the jury trial, the jury would hear evidence relevant to liability or compensatory damages, even if such evidence is also relevant to punitive damages. Then, in a second phase of the jury trial (assuming liability and damages have been found), that same jury would hear any additional evidence relevant solely to punitive damages. Evidence would not be "presented … twice," as Plaintiffs contend. Phasing the jury trial in this manner would also serve judicial economy interests because a second phase will only be necessary if the jury returns a verdict of liability and damages in the first phase.

Second, Plaintiffs incorrectly assert that a limiting instruction from the Court will be sufficient to cure any prejudice to Defendants that will result if evidence relevant solely to punitive damages is admitted in the liability/compensatory damages phase of the trial. In fact, courts recognize that, in such circumstances, a limiting instruction may not cure the resulting prejudice to defendant. *See, e.g., HVLPO2 v. Oxygen Frog, LLC,* 949 F.3d 685, 688 (Fed. Cir. 2020) (vacating jury verdict where "[u]nder the circumstances . . . the district court's limiting instruction was insufficient to cure the substantial prejudice"); *Norwood v. Children & Youth Serv.*, 2011 U.S.

2

Dist. LEXIS 159820 at *7 (C.D. Cal. July 27, 2012) (explaining that failure to bifurcate a trial may cause fact finders to "conflate the evidence relevant to liability and damages" and to "abandon their objectivity and return a verdict based on passion and prejudice," and "a limiting instruction to the jury may be insufficient to avoid [that result]"; *Loussier v. Universal Music Grp., Inc.*, 2005 U.S. Dist. LEXIS 37545 at *10 (S.D.N.Y July 14, 2005) (finding "limiting instruction to the jury … insufficient to 'cure the risk of undue prejudice'").

Third, Plaintiffs incorrectly assert that "the Court's decision not to bifurcate is consistent with its decision to limit pre-affiliation evidence to the claim for punitive damages." (ECF #573 at 5). After the Court determined that non-affiliation conduct was not encompassed by Plaintiffs' claims, it then overlooked that determination by ruling that non-affiliation-related evidence introduced solely to support punitive damages is admissible in the liability/compensatory damages phase of the trial. *See United States v. Ibarra*, 920 F.2d 702, 706 (10th Cir. 1990) (finding motion for reconsideration appropriate where "a point [was] overlooked in the initial decision"); *Ramsey v. Mansfield*, 2008 U.S. Dist. LEXIS 39512 at *5 (D. Colo. May 14, 2008) (deciding motion for reconsideration based on points that were "'overlooked by the Court'") (quoting *Klein-Becker USA, LLC,* 2007 U.S. Dist. LEXIS 51996, 2007 WL 2084337 at *1 (D. Utah July 17, 2007)). Permitting the introduction of pre-affiliation conduct evidence during the liability/compensatory damages phase of the trial, even if just to support punitive damages, allows Plaintiffs to conduct an end run around the Court's ruling and allows Plaintiffs to use that evidence to support their liability/compensatory damages claims.

Finally, Plaintiffs do not even try to explain how they could possibly be prejudiced by a bifurcation of the trial into a liability/compensatory damages phase and a punitive damages phase

in which (a) the same jury would be used for both phases; (b) any "overlapping" evidence would be admitted in the first phase; (c) the second phase (should one prove necessary) would immediately follow the first without repetition of evidence; (d) the same jury would, in the second phase, only hear additional evidence relevant solely to punitive damages; and (e) Defendants will bear the cost of producing witnesses again during the punitive damages phase to the extent such witnesses are necessary for the presentation of evidence related to non-affiliation conduct.  In contrast to Plaintiffs, who would suffer no prejudice whatsoever if the trial is bifurcated in this manner, Defendants would be severely (and perhaps irreparably) prejudiced if evidence relevant solely to punitive damages is admitted in the liability/compensatory damages phase of the trial. Repeatedly instructing the jury that such evidence is relevant to Defendants' alleged "willful and wanton" conduct would not lessen such prejudice; if anything, it would likely increase it.  *See, e.g., Estate of Gonzalez v. Hickman*, 2007 U.S. Dist. LEXIS 84390 at *34 (C.D. Cal. June 28, 2007) (holding that any "inconvenience [to plaintiffs,] which will occur only if [they] prevail in the first phase, does not outweigh the prejudice that defendants will suffer if the trial is not bifurcated")

ACTIVE 50338024v1

## CONCLUSION

For all the foregoing reasons, and for the reasons set forth in Defendants' moving papers, the Court should reconsider its Order on Defendants' motion *in limine* to bifurcate the jury trial into liability and punitive damages phases and should grant such motion in full.

Dated:  May 7, 2020

Respectfully submitted,

By: */s/ Philip R. Sellinger*
    Philip R. Sellinger
    Roger B. Kaplan
    Ian S. Marx

GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, NJ 07931-0677
Telephone: (973) 360-7900
Facsimile: (973) 301-8410
Email:  SellingerP@gtlaw.com
        KaplanR@gtlaw.com
        MarxI@gtlaw.com

- and –

Naomi G. Beer, Esq.
GREENBERG TRAURIG, LLP
1144 Fifteenth Street, Suite 3300
Denver, Colorado 80202
Telephone: (303) 572-6500
Facsimile: (303) 572-6540
E-mail: beern@gtlaw.com

*Attorneys for Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, and The Lion & Crown Travel Co., LLC*

# CERTIFICATE OF SERVICE

    I hereby certify that, on May 7, 2020, a true and accurate copy of the foregoing **DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 20, 2020 ORDER (DKT. 564) WITH RESPECT TO DEFENDANTS MOTION *IN LIMINE* FOR BIFURCATION OF JURY TRIAL INTO LIABILITY AND PUNITIVE DAMAGES PHASES** was filed and served with the Clerk of the Court via CM/ECF filing system, which will send notification to the following:

Michael J. Reiser
Law Office of Michael J. Reiser
1475 N Broadway, Suite 300
Walnut Creek, CA 94596
*Counsel for Plaintiffs*

Matthew C. Ferguson
The Matthew C. Ferguson Law Firm, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611
*Counsel for Plaintiffs*

Tyler R. Meade
The Meade Firm, P.C.
12 Funston Avenue., Suite A
San Francisco, California 94129
*Counsel for Plaintiffs*

Linda Pham Lam
Michael Schrag
Gibbs Law Group LLP
505 14th Street, Suite 1100
Oakland, CA 94612
*Counsel for Plaintiffs*

6

*s/ Gregory Scavelli*
Gregory Scavelli

*(Original on file at offices of Greenberg Traurig, LLP, pursuant to C.R.C.P. 121, § 1-26)*
