**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Gordon P. Gallagher, United States Magistrate Judge

Civil Case No. 16-CV-01301-PAB-GPG

RCHFU, LLC, *et al.*,

    Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, *et al.*,

    Defendants.

---

**ORDER DENYING IN PART AND GRANTING IN PART THE MARRIOTT DEFENDANTS' MOTION TO RESTRICT ACCESS**

---

This matter comes before the Court on a motion to restrict by Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, and The Lion & Crown Travel Co., LLC (collectively, the Marriott Defendants) (D. 570)[1], Plaintiffs' response (D. 572), and the Marriott Defendants' reply (D. 574). The motion has been referred to this Magistrate Judge. (D. 571).[2] The Court has reviewed the pending motion, response, reply, and all attachments. The

---

[1] "(D. 570)" is an example of the stylistic convention used to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] The Court's ruling on this matter is nondispositive as it does not remove any claim or defense from this case. Pursuant to 28 U.S.C. § 636 (b)(1)(A), "A judge of the court may reconsider any pretrial matter under subparagraph (A) where it has been shown

Court has also considered the entire case file, the applicable law, and is sufficiently advised in the premises. Oral argument is not necessary. This Magistrate Judge DENIES IN PART AND GRANTS IN PART the motion for the reasons specifically set forth below.

I.  FACTS

There is no need for this Court to restate all of the facts that lead up to its Order issued on March 12, 2020. (D. 562). On August 30, 2019, this Court instructed the parties to engage in significant redaction of the approximately 116 documents subject to the parties' multiple motions to restrict. (*Id.*, p. 2; D. 489). And because this Court granted the Marriott Defendants' motion to restrict D. 246, this Court granted the Marriott Defendants' motion (D. 534) to maintain a Level 1 restriction on D. 511-6. (D. 562, p. 6).

On March 12, 2020, this Court instructed the parties to consult and to file a new motion to restrict the documents listed in D. 458, D. 484, D. 493, and D. 502 or else the Clerk of the Court would lift the provisional restrictions on the documents. (*Id.*).  (D. 570). On March 20, 2020, the Court granted Defendants' motion in limine to exclude the Cushman & Wakefield Appraisal because the report lacked reliability and could confuse or mislead the jury. (D. 564, p. 29). The Marriott Defendants filed a motion to restrict fifteen documents (and their duplicates) on April 9, 2020. (D. 570). Plaintiffs do not oppose the restrictions for D. 444-23 and D. 444-24 (redaction of customer email addresses and phone numbers); and D. 445-7, D. 445-9, and D. 477-1 (the Cushman & Wakefield Appraisals). (D. 572, p. 4).

---

that the magistrate judge's order is clearly erroneous or contrary to law." Any party may object to this nondispositive Order within fourteen (14) days. FED. R. CIV. P. 72(a).

## II. LEGAL STANDARD

It is undisputed that there is a common law right of public access to court records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). A motion to restrict is, therefore, analyzed under this presumption of preserving the public's right to access court documents. *United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997). Accordingly, unless the "right to access is outweighed by the interests favoring nondisclosure," documents filed with the Court are presumptively available to the public. *Id.* (citing *Nixon*, 435 U.S. at 602). The Court, in exercising its discretion, weighs "the interests of the public, which are presumptively paramount, against those advanced by the parties." *United States v. Dillard*, 795 F.3d 1191, 1205 (10th Cir. 2015) (quoting *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

Rule 7.2 of the Local Rules of Practice of the United States District Court for the District of Colorado governs motions to restrict. D.C.COLO.LCivR. 7.2. And the party seeking restriction has the burden to justify relief. D.C.COLO.LCivR. 7.2(a); *XY, LLC v. Trans Ova Genetics, LC*, No. 13-cv-00876-WJM-NYM, 2015 WL 7014419, at * 2 (D. Colo. Nov. 15, 2015). In order to restrict public access to documents filed with the court, Local Rule 7.2(c) requires a party to move for restriction with a written motion that: (1) identifies "the document or the proceeding for which restriction is sought"; (2) addresses "the interest to be protected and why such interest outweighs the presumption of public access"; (3) identifies "a clearly defined and serious injury that would result if access is not restricted"; (4) explains "why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question"; and (5) identifies "the level of restriction sought." D.C.COLO.LCivR. 7.2(c)(1)-(5). Furthermore, the fact that a motion is unopposed does not alone justify restriction because the right to access court records is owed to the public. D.C.COLO.LCiv.R. 7.2(c)(2); *see Preeson v. Parkview Med. Ctr., Inc.*, No. 15-CV-

3

02263-MSK-KMT, 2017 WL 1197298, at *16 (D. Colo. Mar. 30, 2017). Moreover, the presence or lack of objection to a motion to restrict is not enough to deny or grant such a motion. D.C.COLO.L.Civ.R. 7.2(d).

The Supreme Court has noted that in the past, courts have restricted access to certain records including, "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). But even though the presumption of access is not absolute, the moving party must show "some significant interest that outweighs the presumption." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). "As a result, a party seeking to restrict access may not simply point to confidentiality designations with respect to materials produced in discovery and/or state that it 'believes' certain materials are competitively sensitive (without evidentiary support) in an attempt to secure wholesale sealing of entire legal briefs and accompanying exhibits." *Trans Ova Genetics, LC*, 2015 WL 7014419, at *2. And an "overly broad request" that is "bereft of specific examples" indicating which documents contain confidential information is insufficient to outweigh the presumption of public access. *Pine Tel. Co. v. Alcatel Lucent USA Inc.*, 617 F. App'x 846, 852 (10th Cir. 2015). Indeed, a "generalized allusion" that the documents contain confidential information is "woefully inadequate to meet [the movant's] heavy burden." *JetAway Aviation, LLC v. Bd. of Cty. Comm'rs of Cty. of Montrose, Colo.*, 754 F.3d 824, 827 (10th Cir. 2014) (citation omitted); *see also Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 613 (S.D.N.Y. 1998) ("A party seeking to preclude disclosure of trade secrets has the burden to show that the information in fact constitutes a trade secret, that disclosure would harm movant's competitive position and that the asserted harm outweighs the presumption of public access. With respect to proof of competitive harm, vague and conclusory allegations will not suffice.").

III.  ANALYSIS

    A.  Uncontested Redactions and Restrictions

First, having reviewed D. 444-23 and D. 444-24 and Defendants' request to redact customers' email addresses and phone numbers, this Court finds this request is both limited in scope and appropriate. Because the documents contain private or personally identifiable information and the redactions are limited to protect such information, this Court grants Defendants' request. *Anderson v. Walgreen Co.*, No. 14-CV-02642-RM-MJW, 2016 WL 74934, at *2 (D. Colo. Jan. 7, 2016); *see* FED. R. CIV. P. 26(c). The Clerk of the Court will maintain D. 444-23 and D. 444-24 at Level 1 restriction and Plaintiffs will file an appropriately redacted version of the documents that comply with the instructions in this Order (*see* infra).

Second, regarding D. 445-7, D. 445-9, and D. 477-1 (the Cushman & Wakefield Appraisals), this Court finds such restriction of said documents reasonable. The Court previously noted that "there are serious concerns about the appraisal's accuracy and reliability" and, moreover, the documents are not relevant to the issues pertaining to the future trial. (*See* D. 564, p. 29). Because these documents are irrelevant in resolving the issues before the Court, restriction from public access is appropriate. *See Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 755 (10th Cir. 2009) ("On the other hand, where the documents 'play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason.'") (citation omitted).

    B.  Expert Report of Mark Israel (D. 442-3 and D. 462-4)

Defendants next seek to restrict D. 442-3 (and 462-4, which is a duplicate) because the report contains: (1) "proprietary customer intelligence," which consists of several tables and figures which contain survey responses from potential purchasers about features they consider

5

important when deciding whether to purchase a timeshare, and (2) information used by Defendants' expert witness. Defendants propose restriction of the document by redacting Table 4 (D. 442-3, p. 34), Figure 2 (*Id.*, p. 35), Table A1 (*Id.*, p. 99), Figure A1 (*Id.*, p. 100), and Tables 5 and 6 (*Id.*, pp. 57-67). (D. 570, p. 7). Furthermore, Defendants argue that Plaintiffs have waived any objection to the restriction because they failed to address the issue in the response. (D. 574, p. 1). However, the lack of objection to a motion to restrict is not enough for this Court to grant such a motion. D.C.COLO.L.Civ.R. 7.2(d).

This Court finds that Defendants are not moving to restrict D. 442-3 and D. 462-4 under D.C.COLO.L.Civ.R. 7.2. Instead, what Defendants are proposing is the redaction of the previously listed pages under Rule 26. The Court finds that the private interest in redacting the report outweighs the public interest in accessing the unredacted report. *Loxo Oncology, Inc. v. Array Biopharma Inc.*, No. 18-CV-03062-PAB-MEH, 2019 WL 5425040, at *2 (D. Colo. Oct. 23, 2019). Under Federal Rule of Civil Procedure 26(c)(1)(G), the Court may for good cause protect a party from disclosing "trade secret or other confidential research, development, or commercial information." Such redactions are a practical, less restrictive alternative in comparison to total restriction of the report. Accordingly, the Clerk of the Court will maintain documents 442-3 and 462-4 at Level 1 restriction and Defendants will file an appropriately redacted version of the documents that comply with the instructions in this Order (*see* infra).

    C. Strategy and/or Corporate Governance Documents (D. 444-19, D. 444-11, D. 444-25, D. 444-26, D. 444-27, D. 444-28, D. 445-3, and D. 483-1)

First, Defendants concede that D. 444-19 was inadvertently listed under headings IV and no longer seek to maintain restriction for this document. (D. 574, p. 2 n.2). Accordingly, this Court denies Defendants' motion to restrict D. 444-19 and lifts the restriction. Next, Defendants

seek to restrict D. 444-11 and its duplicate, D. 483-1, in its entirety while seeking redactions for D. 444-25, D. 444-26, D. 444-27, D. 444-28, and D. 445-3. (*Id.*, p. 2 n.1).

Next, this Court examines D. 444-11, a ten-page document that was filed as an exhibit for Plaintiffs' motion for partial summary judgment, which is already heavily redacted due to attorney and client privilege. (*See* D. 444-11, pp. 2-6, 8-9). Defendants do not explain why this document must be restricted further. And Defendants fail to identify a clearly defined and serious injury that would result if access to the document is not restricted. *See* D.C.COLO.L.Civ.R. 7.2(c)(3). Indeed, Defendants only mention D. 444-11 and D. 483-1 in its chart of proposed treatment and a small number of footnotes. (D. 570, pp. 3, 11). Defendants have not explained why the document warrants restriction in its entirety given that it is already heavily redacted. This Court, therefore, denies the motion.

Regarding the remainder of the documents, Defendants maintain that they do not seek to restrict the entirety of these documents but redact "information pertaining to the issues in this case involving The Ritz-Carlton Club, Aspen Highlands, and the 'Luxury Segment Reengineering.'" (D. 570, p. 11). Defendants state that documents 444-25, 444-26, 444-27, and 444-28, each six pages long, may be unrestricted except for pages 2-6. Similarly, Defendants propose leaving document 445-3, a fifteen-page document, unrestricted except for pages 2-15. (*Id.*, pp. 3-4). However, that would essentially leave only the cover page of each document unredacted with the majority of text on the remaining pages of each document inaccessible to the public. This is, in essence, a restriction of the document rather than a proposed redaction, and Defendants have failed to show how these "Strategic Council Updates" are more than a generalized claim that the documents contain confidential information or that Defendants would suffer harm if the restrictions were lifted. *JetAway Aviation, LLC*, 754 F.3d at 827. As Plaintiffs note, these

7

documents contain data compiled from 2012 to 2014, thus this Court finds the threat of harm to Defendants' competitive standing is unavailing and too attenuated. Defendants' argument that competitors could "try to predict how the Marriott Defendants may respond by analyzing how they responded in the past" does not overcome the heavy barrier against restriction. (D. 570, p. 12). Accordingly, this Court denies Defendants' motion and lifts the restriction on these documents.

> D. Information Pertaining to the APCO Survey (D. 442-1, D. 442-2, D. 445-4, D. 474-2, and D. 483-3)

First, Defendants concede that D. 474-2 was inadvertently listed under headings V and no longer seek to maintain restriction for this document. (D. 574, p. 2 n.2). Accordingly, this Court denies Defendants' motion to restrict this document.

Next, Defendants seek to restrict D. 445-4 and its duplicate, D. 483-3, in its entirety while seeking redactions for D. 442-1 and D. 442-2. (D. 574, p. 2 n.1). Regarding D. 445-4, in 2013, Defendants engaged the services of a public relations/crisis management firm to collect data on member satisfaction and conduct focus groups. (D. 570, pp. 12-13). Plaintiffs argue that this survey data is now stale and renders Defendants' argument that this survey contains confidential and competitively sensitive information moot. (*See* D. 574, p. 5). Furthermore, Defendants do not explain why D. 445-4 and its duplicate, D. 483-3, need to be restricted in their entirety rather than redacted. This Court does not find that the data and analysis regarding customers' satisfaction with their timeshares in 2013 to be information that could harm Defendants' competitive standing. Moreover, Defendants fail to identify a clearly defined and serious injury that would result if access is not restricted. *See* D.C.COLO.L.Civ.R. 7.2(c)(3). Accordingly, this Court denies Defendants' motion and lifts the restriction on these documents.

Regarding the remainder of the documents, Defendants maintain that D. 442-1, a 390-page document comprised of 35 component documents, should have pages 41-49, 51-70, 72-88, 279-

81, 283-84, 355-65, 368-71, 376-81 redacted.  Defendants also propose that D. 442-2, a 35-page document comprised of 7 component documents, should have pages 23-25 and 29-32 redacted. (D. 570, p. 13).  Some of these pages are duplicates of D. 445-4 and the remaining documents relate to the retention of and the data collected by APCO between 2013-2014.  This Court finds that Defendants' motion to redact these pages fails for two reasons.  First, to the extent that Defendants wish to restrict entire component documents, Defendants fail to explain how these documents and APCO's data on owners' satisfaction with their timeshares, if made available to the public, could harm the Defendants' competitive standing or the competitive interest of third parties.  Defendants' explanation that these "documents were intended to remain confidential and were created with the purpose of aiding senior executives' development of corporate strategy and the decision-making process" does not rise above the high hurdle of D.C.COLO.L.Civ.R. 7.2 and the public's right to access court documents.  *McVeigh*, 119 F.3d at 811.

Second, to the extent that Defendants wish to redact pages within the component documents, in general, "business information that is substantially out of date is unlikely to merit protection under Rule 26(c).  A party seeking to protect outdated information must make a specific showing of present harm." *JTS Choice Enterprises, Inc. v. E.I. Du Pont De Nemours & Co.*, No. 11-CV-03143-WJM-KMT, 2013 WL 791438, at *4 (D. Colo. Mar. 4, 2013); *see also Q-Tech Labs. Pty Ltd. v. Walker*, No. CIV.A.01-RB-1458(CBS, 2002 WL 1331897, at *15 (D. Colo. June 4, 2002) (quoting *Deford v. Schmid Prod. Co., a Div. of Schmid Labs.*, 120 F.R.D. 648, 654 (D. Md. 1987)) ("While staleness of information sought to be protected is not an absolute bar to issuance of an order, it is a factor which must be overcome by a specific showing of present harm.").  Defendants fail to make any showing of present harm, and thus, this Court is not

persuaded that any redactions are warranted under Rule 26. Accordingly, this Court denies Defendants' motion and lifts the restriction on these documents.

IV.     CONCLUSION

For the foregoing reasons, this Magistrate Judge GRANTS IN PART AND DENIES IN PART the Marriott Defendants' motion to restrict access.  (D. 570).

It is further ORDERED that the Clerk of Court SHALL MAINTAIN the current restriction for D. 442-1, D. 442-2, D. 445-4, D. 483-3, D. 444-11, D. 483-1, D. 444-19, D. 444-25, D. 444-26, D. 444-27, D. 444-28, D. 445-3, and D. 474-2 for fourteen days and that such restriction SHALL EXPIRE at that time unless an objection is filed to this Order. If an objection is filed, the restriction will remain in effect until the conclusion of any litigation on that objection and the issuance of an Order from the presiding District Judge.

It is further ORDERED that the Clerk of Court SHALL MAINTAIN the current restriction for D. 442-3, D. 444-23, D. 444-24, D. 445-7, D. 445-9, D. 462-4, and D. 477-1.  Defendants will file, by October 19, 2020, an appropriately redacted version of the previously listed documents that comply with the foregoing instructions in this Order.

Dated at Grand Junction, Colorado this September 30, 2020.

Gordon P. Gallagher
United States Magistrate Judge