IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 16-01301 PAB

RCHFU, LLC, et al.

      Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE
CORPORATION, et al.

      Defendants.

---

**DECLARATION OF ROGER B. KAPLAN, ESQ., IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE PLAINTIFFS' AFFILIATION PROFITS EXHIBIT**

---

I, ROGER B. KAPLAN, hereby declare under penalty of perjury:

1.      I am a member in good standing of the New Jersey and New York bars, and of the bar of this Court. I am a member of the firm of Greenberg Traurig, LLP, attorneys for the Marriott Defendants in this case and I have personal knowledge of the matters stated herein and could and would competently testify thereto if called upon to do so.

2.      In May 2017, the Marriott Defendants served the same First Set of Interrogatories on all Plaintiffs (see, e.g., Exhibit A hereto) that included Interrogatory No. 8, which contained the following request:

> Identify the damages that you seek to recover on an individual basis, specifically by category as well as by amount, the basis for calculating each item of alleged damages, and all documents upon which the calculation of such alleged damages is based.

(Exhibit A at pg. 10).

3.      Each Plaintiff served their own separate set of Responses and Objections to the Marriott Defendants' First Set of Interrogatories, all of which contained an identical answer to Interrogatory No. 8. For example, see Exhibit A, hereto, which contains the Responses and

Objections of Plaintiff David Schaecter to Marriott Defendants' First Set of Interrogatories, at page 12 (Response to Interrogatory No. 8), which stated:

> Plaintiffs incorporate by reference objections Nos. 1, 2, 6, 8, and 11. Plaintiffs further object on the grounds that the damages categories and calculations will be the subject of Fed. R. Civ. P. 26(a)(2) expert testimony and such disclosures and information as required will be provided in accord with the Scheduling Order entered in an Action (as amended). Without waiving the Objections and subject to the Preliminary Statement, General Objections and specific objections, Plaintiffs respond as follows:
>
> Generally, Plaintiffs have been damaged by the significant diminution in value of their Fractional Units caused by the MVC affiliation. Additionally, Plaintiffs are entitled to disgorgement of all commissions, fees and profits the Marriott Defendants received, an account of all commissions, fees and profits earned by Marriott Defendants and will seek a constructive trust imposed upon said commissions, fees and profits for the benefit of Plaintiff. Because expert discovery has not yet occurred, Plaintiffs reserve the right to supplement or modify the types of damages they seek.

(Exhibit B at pg. 12). All other Plaintiffs served an identical response to Interrogatory No. 8.

4.      During the course of this case, no Plaintiff served any supplemental response to Interrogatory No. 8, other than to serve the expert reports of Chekitan Dev, Jonathan Simon and R. Maurice Robinson.

I hereby declare under penalty of perjury under the laws of the state of New Jersey that the foregoing is true and correct to the best of my knowledge.

Executed on December 7, 2020, in Florham Park, New Jersey.

<u>*s/ Roger B. Kaplan*</u>
Roger B. Kaplan

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 8th day of December 2020, a true and accurate copy of the foregoing **DECLARATION OF ROGER B. KAPLAN, ESQ., IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO EXCLUDE PLAINTIFFS' AFFILIATION PROFITS EXHIBIT** was filed and served with the Clerk of the Court via CM/ECF filing system, which will send notification to the following:

Michael J. R iser
Law Office of Michael J. Reiser
1475 N Broadway, Suite 300
Walnut Creek, CA 94596
*Counsel for Plaintiffs*

Matthew C. Ferguson
The Matthew C. Ferguson Law Firm, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611
*Counsel for Plaintiffs*

Tyler R. Meade
The Meade Firm P.C.
1816 Fifth Street
Berkeley, CA 94710
*Counsel for Plaintiffs*

Linda Pham Lam
Michael Schrag
Gibbs Law Group LLP
505 14th Street, Suite 1100
Oakland, CA 94612
*Counsel for Plaintiffs*

*s/ Gregory Scavelli*
Gregory Scavelli

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 16-01301 PAB

RCHFU, LLC, a Colorado limited liability company,
et al.

      Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION,
a Delaware corporation, et al.

      Defendants.

---

**MARRIOTT DEFENDANTS' FIRST SET OF
INTERROGATORIES TO PLAINTIFF DAVID SCHAECTER**

---

Pursuant to Fed. R. Civ. P. 33(a), Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, and The Lion & Crown Travel Company, LLC, by and through their undersigned counsel, demand that Plaintiff David Schaecter respond to these Interrogatories pursuant to the Definitions and Instructions set forth below, within 30 days of service.

<u>**DEFINITIONS AND INSTRUCTIONS**</u>

<u>**Definitions**</u>

1.      The terms "you" and "your" mean and refer to Plaintiff David Schaecter, as well as to all agents, attorneys, accountants, consultants, representatives, private investigators or other persons acting on his behalf.

2.      The term "Marriott" and the phrase "Marriott Defendants," refers individually and collectively, as appropriate, to Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, and The Lion & Crown Travel Company, LLC, and to their respective officers, directors, stockholders, owners, agents, employees, representatives, and attorneys, as well as to any other person retained by or under the direction or control of those parties.

3.      The term "Association" refers to Defendant Aspen Highlands Condominium Association, and to its officers, directors, owners, agents, employees, representatives, and attorneys, as well as to any other person retained by or under the direction or control of those parties.

4.      The term "Aspen Resort" refers to The Ritz-Carlton Club and Residences, Aspen Highlands, located in Aspen, Colorado.

5.      The term "Action" means the above-captioned action, *RHCFU, LLC v. Marriott Vacations Worldwide Corp.*, Case No. 16-01301 PAB (D. Colo.).

6.      The term "Complaint" refers to the Fifth Amended Complaint and Jury Demand, dated March 31, 2017 filed on your behalf in the Action.

7.      The phrase "Fractional Interest" refers to the condominium unit[s] at the Aspen Resort in which you purchased an undivided fractional interest, as alleged in the Complaint.

8.      The phrase "MVC Affiliation" refers broadly to both the proposed concept and the actual transaction through which members of the Marriott Vacation Club Destinations program could become or became eligible to reserve stays at the Aspen Resort and at other Ritz-

Carlton Destination Club resorts affiliated with the Ritz-Carlton Destination Club Exchange Program, subject to availability and other restrictions.

9.      The phrase "Purchase Contract" refers to the Purchase Contract with respect to the purchase of your Fractional Interest, whether directly from Marriott or through any third party, as applicable, as well as to any amendments to the Purchase Contract.

10.     The term "concerning" means relating to, referring to, reflecting, describing, evidencing, or constituting.

11.     The term "information" means any facts, theories, suggestions, ideas, estimates, predictions, projections, expectations, or aspirations.

12.     The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and refers to every manner of transmitting or receiving information, opinions and thoughts, whether orally, in writing or otherwise, including without limitation, any writing transmitted between persons or any oral conversation of any kind or character, such as personal or telephone conversations, letters, meetings, memoranda, telegraphic, telex, facsimile, and e-mail and other computer communications or transmittal of documents, and all documents concerning such writings or oral conversations.

13.     The term "document" includes originals and all non-identical copies, whether different from the original by reason of alterations or notations made on such copies or otherwise, whether in draft or final form, including without limitation:  letters or other correspondence; memoranda; inter-office and intra-office communications; e-mails; reports; notes; jottings; work papers; journals; daybooks; contracts; agreements; leases; proposals; estimates; bonds; telegrams; transmissions; telexes; faxes; cables; mailgrams; studies; messages;

file folders; lists; schedules; tables; indices; transcripts; affidavits; tabulations; records of expenditures; receipts; financial, statistical and computerized data; diaries; calendars; time records; periodicals and newspaper articles; analyses; comparisons; records; books; booklets; circulars; bulletins; notices; newsletters; manuals; purchase orders; work authorizations; invoices; vouchers; cancelled checks; bills; working papers; income tax returns; appraisals; spreadsheets; surveys; statements; minutes; summaries; records or recordings of telephone or other conversations, conferences, meetings, inspections, test, or visits; ledgers; photographs; motion pictures or video films; press releases; advertisements; brochures; catalogs; promotional materials; instructions; other communications; questionnaires; surveys; notebooks; plans; summaries or reports of investigations or negotiations; blueprints; opinions; reports, evaluations or recommendations of consultants, architects, engineers, or independent contractors; charts; graphs; and translations of tapes, disks or other electronic data compilations.  The term "document" also means any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced.

14.	The term "identify," when used with respect to a natural person, means:

a.	In the case of a current officer, director, stockholder, owner, agent, employee, representative, or attorney of a non-individual party, the person's full name, address, and job title or description.

b.	In the case of a former officer, director, stockholder, owner, agent, employee, representative, or attorney of a non-individual party, the person's full name, current or last known residential address, job title or description while employed by a party, and current or last known employer.

c.      In the case of all other individuals, the person's full name, business or residential address, job title or description, the identity of the person's employer(s) at all relevant times, and if different, the identity of the person's current or last known employer.

15.     The term "identify," when used with respect to a business, governmental or other entity, means to state the entity's name, business status (e.g., corporation, partnership, sole proprietorship, government agency, etc.), principal place of business, and the identity of the matters in connection with the entity is named.

16.     The term "identify" when used with respect to a document means to state the date of the document, the author(s), the recipient(s), the subject matter, the location of each copy, and the identity of the person(s) in possession of the document.

17.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each Interrogatory all documents and information that might otherwise be construed to be outside of its scope.

18.     The use of the singular form of any word includes the plural and vice versa. Similarly, the use of one gender shall include all genders, as appropriate in the context.

**Instructions**

1.      These Interrogatories call for information that is in your possession, custody or control, including without limitation, that in the possession, custody or control of your agents, representatives and attorneys.

2.      Specify the grounds or reasons for any objection with particularity.  Your objection to any Interrogatory or portion of such Interrogatory does not excuse you from providing information in response to any non-objectionable Interrogatories or portions.

3.      If you assert a claim of privilege or attorney work product in responding or objecting to a particular Interrogatory and do not provide information on the basis of such assertion, (a) identify the nature of the privilege (including attorney work product) which is being claimed and if the privilege is being asserted in connection with a defense governed by state law, (b) set forth the state privilege rule being invoked, and (c) indicate whether any such documents exist or whether any oral communications took place with respect to the requested information.

4.      If you are able to provide some, but not all, of the information requested by a particular Interrogatory, provide such information as you are able, and identify specifically the terms or aspects as to which you do not have sufficient information to respond fully.

5.      Fully and separately answer each Interrogatory.  When an Interrogatory can be answered in whole or in part by reference to the response to a preceding or subsequent Interrogatory, it is sufficient to so indicate by specifying the response to the preceding or subsequent Interrogatory by number, and by specifying whether it is claimed that the response to the preceding or subsequent Interrogatory is a full or partial response.  If the latter, complete the response to the balance of the Interrogatory.

6.      If an Interrogatory consists of a number of separate sub-parts, respond completely to each such sub-part with the same effect as if it were propounded as a separate Interrogatory. If you object to such an Interrogatory, clearly indicate the part of the Interrogatory to which such objection is directed and the specific basis for the objection.

7.      These Interrogatories cover the time period from January 1, 2012 to the present.

8.      These Interrogatories are continuing in nature, and to the extent that you acquire or discover additional documents pertaining to the subject matter of these Interrogatories after the service of your responses, immediately serve supplemental responses to these Interrogatories.

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify all efforts that you personally made (i.e., efforts undertaken by you directly, rather than indirectly through your attorneys in the Action) to respond to the Marriott Defendants' First Set of Interrogatories, First Set of Requests for Production of Documents, and First Set of Requests for Admission, including without limitation, the review of specific documents and records that you personally maintain and communications that you personally had with others.

### INTERROGATORY NO. 2

Have you ever tried to make a reservation at the Aspen Resort to use your Fractional Interest during the designated time period set forth in your Purchase Contract, but were unable to do so?  If so, identify (a) the date and context of all such occasions on which you were unable to make a reservation at the Aspen Resort, including without limitation, the reason for your inability to do so; (b) the manner in which you became aware that you could not make a reservation at the Aspen Resort; (c) whether you advised Marriott or the Association of your inability to make a reservation at the Aspen Resort; and (d) if so, the response and any remedy that you received from Marriott or the Association.

## INTERROGATORY NO. 3

Have you ever communicated with any of the Marriott Defendants, the Association, or any other person, other than your attorneys, concerning:  (a) the proposed or actual MVC Affiliation; (b) any alleged decline in the value of your Fractional Interest; or (c) any complaints regarding annual assessments at the Aspen Resort that you paid in connection with your Fractional Interest?  If so, identify (i) the dates on which each such communication took place; (ii) whether the communication was oral or written; (iii) if oral, all persons present when the communication took place; (iv) the substance and context of the communication; and (v) if written, provide a copy of the communication.  If you do not know the exact date of a particular oral communication, state the time frame with as much precision as possible.

## INTERROGATORY NO. 4

Indicate whether you read, or were you otherwise made aware of, paragraph 35(f) of the Purchase Contract, which provides that "[i]n the event of any litigation between Seller and Purchaser concerning the subject matter of this Agreement, the prevailing party shall be paid by the non-prevailing party all its costs and expenses, including, without limitation, reasonable attorneys' fees and reasonable costs incurred incident to such litigation," before you agreed to join the Action as a co-Plaintiff, and identify the assets that are available to you in meeting this obligation in the event that the Marriott Defendants were to prevail on all or major aspects of its defense of the Action.

## INTERROGATORY NO. 5

Other than your Fractional Interest, have you ever owned a timeshare interest at any resort or with any developer?  If so, identify (a) the nature and percentage of the interest, (b) the

resort, hotel, or other real property at which you own or owned the interest, (c) the date that you purchased the interest, (d) the purchase price for the interest, (e) if applicable, the date that you sold the interest, (f) if applicable, the sale price for the interest, (g) if applicable, whether you attempted to sell the interest, but were unable to do so, (h) the dates and locations of your use of the interest, and (i) if applicable, whether you used any kind of exchange program associated with the interest.

## **INTERROGATORY NO. 6**

Identify all e-mail addresses that you use, as well as all user names that you use on social media (including, without limitation, on Facebook, YouTube, Twitter, Pinterest, Tumblr, and Instagram).

## **INTERROGATORY NO. 7**

For each of your Responses to Marriott's First Set of Requests for Admission that is not an unqualified admission, set forth all facts that support your Response.

## <u>INTERROGATORY NO. 8</u>

Identify the damages that you seek to recover on an individual basis, specifically by category as well as by amount, the basis for calculating each item of alleged damages, and all documents upon which the calculation of such alleged damages is based.

Dated:  May 22, 2017

GREENBERG TRAURIG, LLP

By:    *s/ Naomi G. Beer*
Naomi G. Beer
Philip R. Sellinger
Ian S. Marx
1200 Seventeenth Street, Suite 2400
Denver, Colorado 80202
Tel:     303.572.6500
Fax:     303.572.6540
Email:  BeerN@gtlaw.com
            SellingerP@gtlaw.com
            MarxI@gtlaw.com

*Attorneys for the Marriott Vacations
Worldwide Corporation, Marriott Ownership
Resorts, Inc., The Ritz-Carlton Management
Company, LLC, The Cobalt Travel Company, LLC,
and The Lion & Crown Travel Co., LLC*

# Exhibit B

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01301-PAB-GPG

**RCHFU, LLC,** *et al.*

Plaintiffs,

v.

**MARRIOTT VACATIONS WORLDWIDE CORPORATION,** *et al.*

Defendants.

---

## RESPONSES AND OBJECTIONS OF PLAINTIFF DAVID SCHAECTER TO MARRIOTT DEFENDANTS' FIRST SET OF INTERROGATORIES

---

Plaintiff David Schaecter ("Plaintiff"), by and through his undersigned counsel, pursuant to Fed.R.Civ.P. 26 and 33 as well as the Scheduling Order entered on August 18, 2016, hereby objects and responds to Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, and The Lion & Crown Travel Company, LLC, (collectively "Defendants" or "Marriott Defendants") First Set of Interrogatories ("Interrogatory" or "Interrogatories") to Plaintiff:

## PRELIMINARY STATEMENT

Plaintiff is presently pursuing his investigation of the facts and law relating to this case, and has not completed discovery or preparation for trial.  Therefore, these responses and objections are being provided without prejudice to Plaintiff's right to add, modify or otherwise

change or amend these responses and objections and are subject to Plaintiff's right to produce documents or information of any subsequently discovered fact or document. The information hereinafter set forth is true and correct to the best of Plaintiff's knowledge as of this date, and is subject to corrections for inadvertent errors, mistakes or omissions. These responses and objections are based on documents and information presently available to Plaintiff's and his counsel of record.

These responses and objections to Interrogatories are made by Plaintiff subject to and without waiving, but on the contrary reserving, Plaintiff's right to amend or supplement his responses in the event that any information or documents previously available are unintentionally omitted from Plaintiff's responses or production of documents.

These responses and objections are made by Plaintiff subject to and without waiving, but on the contrary reserving, Plaintiff's rights to object to other discovery procedures relating to the subject matter of the requests.  Further, each response is being provided subject to Plaintiff's rights to object to the introduction of such response at any hearing or at the trial of this matter.

## GENERAL OBJECTIONS AND RESERVATION OF RIGHTS

The following is a list of the general objections and reservations of rights that may apply to one or more of Defendants' Interrogatories. Plaintiff will identify the specific objection and reservation of rights applicable to any Interrogatory by Defendants in Plaintiff's individual responses to the Interrogatories.

1.      Plaintiff objects to any Interrogatory to the extent that it calls for the disclosure of information that contains attorney-client communications, constitutes attorney work-product, discloses mental impressions, conclusions, opinions, or legal theories of any attorneys, contains privileged attorney-client communications, contains confidential or proprietary information, was

prepared in anticipation of litigation, contains joint-defense or common-interest privileged communications, or is otherwise protected from disclosure under applicable privileges, laws, or rules. Inadvertent production of any document or revealing of information subject to any applicable privilege or protection, including but not limited to the attorney-client privilege and the work-product doctrine, is not intended to be, and shall not operate as, a waiver of any such privilege or protection, in whole or in part.

2.      Plaintiff objects to any Interrogatory to the extent that it seeks information that is not within Plaintiff's possession, custody, or control or refers to entities, persons, or events not known to Plaintiff, on the grounds that such Interrogatory seeks to require more of Plaintiff than any obligation imposed by law, would subject Plaintiff to unreasonable and undue oppression, burden and expense, and/or further seeks to impose upon Plaintiff an obligation to investigate or discover information or materials from third parties or sources that are equally accessible to Defendants.

3.      Plaintiff objects to any Interrogatory to the extent it is vague, ambiguous, overly broad, unduly burdensome, oppressive, harassing, incomprehensible, or contain words or phrases that are confusing or lack sufficient definition to permit response.

4.      Plaintiff objects to any Interrogatory to the extent that it seeks information that is the subject of confidentiality agreements, protective orders, or rulings issued by other courts limiting dissemination or usage of the requested information.

5.      Plaintiff objects to any Interrogatory to the extent it calls for information that is already in the possession of or equally available to Defendants, including but not limited to documents available from other Defendants in the above-captioned case, government agencies, regulatory bodies, court files, the Internet, or commercial industry sources.

6.      Plaintiff objects to any Interrogatory to the extent it seeks to create any obligation to provide information in a manner not required under the Federal Rules of Civil Procedure or other applicable law.   When appropriate, Plaintiff will undertake a reasonable and good faith effort to respond. Plaintiff's response therefore will be based upon such documents and information as are reasonably available to Plaintiff and susceptible to retrieval through reasonable efforts. Plaintiff expressly disclaims any obligation and objects to any attempt to impose any further or greater obligation upon it to collect documents or information or to supplement these responses, except as may be imposed by law or regulation.

7.      Plaintiff reserves the right to challenge the relevancy, materiality, or admissibility at trial of any of the information they provide in response to the Interrogatories.

8.      Plaintiff objects to any Interrogatory to the extent that it seeks legal opinions or conclusions, or presents questions of pure law. Nothing in Plaintiff's responses is intended to provide, and no part of Plaintiff's responses shall be construed as providing, a legal conclusion regarding the meaning or application of any terms or phrases used in Defendants' Interrogatories.

9.      Plaintiff objects to any Interrogatory to the extent it is compound, duplicative, or cumulative of other forms of discovery that are more convenient or less burdensome.

10.      Plaintiff objects to any Interrogatory to the extent it seeks information or documents not proportional to the needs of the case, not relevant to the claims or defenses of any party, or otherwise not within the scope of relevant discovery.

11.      Plaintiff objects to any Interrogatory to the extent that it prematurely requests discovery of materials and information in advance of his respective deadlines under the Federal Rules of Civil Procedure, Local Rules, or this Court's orders. Plaintiff's investigation, discovery, and analysis are ongoing, and his responses are based on his present investigation as

well as information presently available. Plaintiff reserves the right to produce evidence of subsequently discovered facts, and to modify, supplement, or otherwise change or amend his responses and objections to these Interrogatories as necessary.

12.     Plaintiff objects to these Requests, including to the Definitions and Instructions therein, to the extent that they are overly broad, vague, ambiguous, incomprehensible, or otherwise lacking in sufficient precision to permit a response, unduly burdensome, oppressive, unreasonably cumulative, duplicative or intended to harass, or not relevant to the subject matter of this action or reasonably calculated to lead to the discovery of admissible evidence.

13.     Plaintiff objects to Instruction No. 7, which purports to require Plaintiff to respond with the production of documents and information for a period ending with the "present." The Marriott Defendants objected to Plaintiff's request for production of documents for any records after June 30, 2014, and stated this was the "relevant time period." By propounding discovery for the period ending at the present, the Marriott Defendants are taking an inconsistent position. Plaintiff invites the Marriott Defendants to meet and confer on the relevant time period for producing documents.

14.     Plaintiff objects to Instruction No. 3, which purports to require Plaintiff to (1) provide information beyond the requirements of Fed.R.Civ.P. 26(b)(5), and (2) provide Defendants' version of a privilege log at the time responses to the Interrogatories are served.

15.     Pursuant to the Stipulated Protective Order Regarding Confidentiality of Discovery Materials, entered on January 13, 2017, Plaintiff may designate certain responses and documents as confidential.

16.     Plaintiff objects to Definition No. 4 – "Aspen Resort" which is not a word combination found in any Marriott or Ritz-Carlton documents. Plaintiff has defined the Ritz-

Carlton Club Aspen Highlands, located in Aspen, Colorado as the "Ritz-Aspen" in its filings and in discovery, and will continue to do so here.

17.     Rule 26(b)(1) identifies the factors that govern a proportionality determination: (1) the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff objects to certain of the interrogatories, requests for admission, and requests for production of documents on the grounds that the Marriott Defendants are seeking highly irrelevant information in order to simply burden and harass Plaintiff and his counsel.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

### *Interrogatory No. 1.*

*Identify all efforts that you personally made (i.e., efforts undertaken by you directly, rather than indirectly through your attorneys in the Action) to respond to the Marriott Defendants' First Set of Interrogatories, First Set of Requests for Production of Documents, and First Set of Requests for Admission, including without limitation, the review of specific documents and records that you personally maintain and communications that you personally had with others.*

### Response to Interrogatory No. 1.

Plaintiff incorporates by reference Objections Nos. 1, 3, 6, 7, 10, and 12. Plaintiff further object to Interrogatory No. 1 on the grounds that it requests information that is not relevant to any claim or defense. Plaintiff further responds to this Interrogatory as vague and ambiguous with respect to the term "all efforts." The Marriott Defendants are not permitted to seek details about "all efforts" each of hundreds of Plaintiff made to respond to discovery. Otherwise, a

running log of such efforts would need to be kept. Such information would not lead to the discovery of admissible evidence. Without waiving the Objections and subject to the Preliminary Statement, General Objections and specific objections, Plaintiff responds as follows:

Plaintiff's efforts in responding to discovery were coordinated step by step with Plaintiff's counsel. All such communications are privileged. All Plaintiffs received copies of the discovery requests along with privileged instructions. At the outset of this litigation, counsel instructed all Plaintiffs to preserve all records relating to their Fractional Units, the Aspen Highlands and the present action. Plaintiff searched for and provided all responsive hard copies and electronically stored data in his possession, custody, and control for processing by Plaintiff's counsel. Likewise, Plaintiff reviewed the interrogatories with Plaintiff's counsel and provided information and records in order to respond as required. Plaintiff communicated primarily with Plaintiff's counsel and counsel's staff, but also generally with co-owners of other Units (co-Plaintiffs), spouses, family members, and occasionally a lawyer or accountant as necessary.

### *Interrogatory No. 2.*

*Have you ever tried to make a reservation at the Aspen Resort to use your Fractional Interest during the designated time period set forth in your Purchase Contract, but were unable to do so? If so, identify (a) the date and context of all such occasions on which you were unable to make a reservation at the Aspen Resort, including without limitation, the reason for your inability to do so; (b) the manner in which you became aware that you could not make a reservation at the Aspen Resort; (c) whether you advised Marriott or the Association of your inability to make a reservation at the Aspen Resort; and (d) if so, the response and any remedy that you received from Marriott or the Association.*

### **Response to Interrogatory No. 2.**

Plaintiff incorporates by reference Objections Nos. 2, 3, 5, 7, 9, 10, 12, 13, 16 and 17. Plaintiff objects to this request as seeking information that is irrelevant to any claims or defenses in this case. Without waiving the Objections and subject to the Preliminary Statement, General Objections and specific objections, Plaintiff responds as follows:

Plaintiff has not had difficulties making reservations during his "fixed weeks." However, Plaintiff has had difficulties making reservations to use the "floating weeks" and exchanging "fixed weeks" for other times. He has had to forfeit some of the time to which he is entitled due to difficulties making reservations.

### *Interrogatory No. 3.*

*Have you ever communicated with any of the Marriott Defendants, the Association, or any other person, other than your attorneys, concerning: (a) the proposed or actual MVC Affiliation; (b) any alleged decline in the value of your Fractional Interest; or (c) any complaints regarding annual assessments at the Aspen Resort that you paid in connection with your Fractional Interest? If so, identify (i) the dates on which each such communication took place; (ii) whether the communication was oral or written; (iii) if oral, all persons present when the communication took place; (iv) the substance and context of the communication; and (v) if written, provide a copy of the communication. If you do not know the exact date of a particular oral communication, state the time frame with as much precision as possible.*

### Response to Interrogatory No. 3.

Plaintiff incorporates by reference Objections Nos. 1, 2, 3, 4, 5, 7, 9, 10, 12, 13 and 16. Plaintiff specifically objects that this interrogatory is compound and provides separate and discrete subparts, which under Rule 33 of the Federal Rules of Civil Procedure are to be counted as separate interrogatories. Without waiving the Objections and subject to the Preliminary

Statement, General Objections and specific objections, Plaintiff responds as follows:

Plaintiff raised concerns with members of staff on many occasions.

### *Interrogatory No. 4.*

*Indicate whether you read, or were you otherwise made aware of, paragraph 35(f) of the Purchase Contract, which provides that "[i]n the event of any litigation between Seller and Purchaser concerning the subject matter of this Agreement, the prevailing party shall be paid by the non-prevailing party all its costs and expenses, including, without limitation, reasonable attorneys' fees and reasonable costs incurred incident to such litigation," before you agreed to join the Action as a co-Plaintiff, and identify the assets that are available to you in meeting this obligation in the event that the Marriott Defendants were to prevail on all or major aspects of its defense of the Action.*

### Response to Interrogatory No. 4.

Plaintiff incorporates by reference Objections Nos. 1, 2, 3, 6, 7, 8, 9, 10, 11, 12, 13 and 14.  The portion of this compound interrogatory that asks Plaintiff to "identify the assets" they might have available to meet the nonexistent judgment that the Marriott Defendants' imagine that they would obtain as a "prevailing party," is essentially identical to the Marriott Defendants' Request for Production No. 5, which seeks the widest range of personal financial records of hundreds of people, including tax returns, personal and business income, assets, bank statements, liabilities, assets, accounts, stocks/bonds, properties, ledgers, trusts, *etc.*  This is a similarly patently improper request on numerous grounds. Moreover, the Marriott Defendants purport to be entitled to recovery of attorneys' fees and costs under paragraph 35(f) of a Purchase Contract. The Marriot Defendants have not prevailed in the Action and are not entitled to discovery of all of Plaintiff's personal financial information (here assets) as if they were in the process of

collecting a judgement. It is not proper under Fed. R. Civ. P. 69(a)(2) which only permits discovery in aid of a money judgment. *Fox v. Nat'l Oilwell Varco*, 602 F. App'x 449, 451 (10th Cir. 2015); Rule 69(a). The rule establishes the procedure by which a judgment creditor executes on a money judgment. Rule 69(a)(1) states that "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise." Rule 69(a)(2) provides that a judgment creditor, "[i]n aid of the judgment or execution ... may obtain discovery from any person—including the judgment debtor...." These provisions clearly contemplate the existence of a money judgment, without which there is no right to such discovery. *See Sanderson v. Winner*, 507 F.2d 477, 480 (10th Cir.1974) (observing that discovery under Rule 69 is contingent on obtaining a judgment); *United States v. Varnado*, 447 Fed.Appx. 48, 50 (11th Cir.2011) (*per curiam*) (unpublished) (holding that for Rule 69 "to apply a 'money judgment' must exist" (cite omitted)). Thus, at a bare minimum, this portion of the interrogatory is premature.

Subject to and without waiving said objections, Plaintiff responds as follows:

Paragraph 35(f) is part of the Purchase Agreement. Plaintiff is fully aware of this provision.

### *Interrogatory No. 5.*

*Other than your Fractional Interest, have you ever owned a timeshare interest at any resort or with any developer? If so, identify (a) the nature and percentage of the interest, (b) the resort, hotel, or other real property at which you own or owned the interest, (c) the date that you purchased the interest, (d) the purchase price for the interest, (e) if applicable, the date that you sold the interest, (f) if applicable, the sale price for the interest, (g) if applicable, whether you attempted to sell the interest, but were unable to do so, (h) the dates and locations of your use of the interest, and (i) if applicable, whether you used any kind of exchange program associated*

10

*with the interest.*

**Response to Interrogatory No. 5.**

Plaintiff incorporates by reference Objections Nos. 2, 3, 6, 7, 10, 12, 13 and 17. Subject to and without waiving the Preliminary Statement, General Objections and specific objections, Plaintiff responds as follows:

No.

***Interrogatory No. 6.***

*Identify all e-mail addresses that you use, as well as all user names that you use on social media (including, without limitation, on Facebook, YouTube, Twitter, Pinterest, Tumblr, and Instagram).*

**Response to Interrogatory No. 6.**

Plaintiff incorporates by reference Objections Nos. 2, 3, 6, 7, 12, 13 and 17. Plaintiff specifically objects to this interrogatory because it seeks information that is not relevant to any claims or defenses in this case and is not proportionate to the needs of the case. *See, e.g., Tucker v. Momentive Performance Materials USA, Inc.*, 2016 WL 8252929, at *7 (S.D.W. Va. Nov. 23, 2016) ("[A] party seeking discovery of social networking information must make a threshold showing that publicly-available information on those sites undermines the non-movant's claims."). Plaintiff declines to provide the requested information but invite Propounding Party to confer about a more limited, proportional request that is likely to produce information relevant to the case.

***Interrogatory No. 7.***

*For each of your Responses to Marriott's First Set of Requests for Admission that is not an unqualified admission, set forth all facts that support your Response.*

**Response to Interrogatory No. 7.**

Plaintiff incorporates by reference Objections Nos. 1, 5, 6, 8, 9. 11, 12 and 13. Without waiving the Objections and subject to the Preliminary Statement, General Objections and specific objections, Plaintiff responds as follows: Plaintiff will comply with Fed. R. Civ. P. 36(a)(4) and (5).

***Interrogatory No. 8.***

*Identify the damages that you seek to recover on an individual basis, specifically by category as well as by amount, the basis for calculating each item of alleged damages, and all documents upon which the calculation of such alleged damages is based.*

**Response to Interrogatory No. 8.**

Plaintiff incorporates by reference Objections Nos. 1, 2, 6, 8, and 11. Plaintiff further objects on the grounds that the damages categories and calculations will be the subject of Fed. R. Civ. P. 26(a)(2) expert testimony and such disclosures and information as required will be provided in accord with the Scheduling Order entered in this Action (as amended). Without waiving the Objections and subject to the Preliminary Statement, General Objections and specific objections, Plaintiff responds as follows:

Generally, Plaintiff has been damaged by the significant diminution in value of his Fractional Units caused by the MVC affiliation. Additionally, Plaintiff is entitled to disgorgement of all commissions, fees and profits the Marriott Defendants received, an accounting of all commissions, fees and profits earned by Marriott Defendants and will seek a constructive trust imposed upon said commissions, fees and profits for the benefit of Plaintiff. Because expert discovery has not yet occurred, Plaintiff reserves the right to supplement or modify the types of damages they seek.

As agreed by the parties, some specific quantifiable damages information will be provided to the Marriott Defendants in a separate Fact Sheet.


Dated: August 10, 2017

As to the foregoing objections,

REISER LAW, p.c.

THE MATTHEW C. FERGUSON LAW FIRM, P.C.

____/s/ Michael J. Reiser_____
Michael J. Reiser, # 16161
Lilia Bulgucheva (CA State Bar # 291374)
1475 N. Broadway, Suite 300
Walnut Creek, CA 94596
Telephone: (925) 256-0400
E-mail: michael@reiserlaw.com
E-mail: lilia@reiserlaw.com
*Attorney for Plaintiffs*

_____/s/ Matthew C. Ferguson_____
Matthew C. Ferguson, #25687
119 South Spring, Suite 201
Aspen, Colorado 81611
Telephone: (970) 925-6288
Facsimile: (970) 925-2273
E-mail: matt@matthewfergusonlaw.com
*Attorney for Plaintiffs*

GIBBS LAW GROUP, LLP

THE MEADE LAW FIRM, P.C.

___/s/ Michael Schrag_____
Michael Schrag (CA State Bar # 185832)
Linda Lam (CA State Bar# 301461)
505 14th Street, Suite 1110
Oakland, CA 94612
Phone: (510) 350-9718
E-mail: mls@classlawgroup.com
E-mail: lpl@classlawgroup.com
*Attorney for Plaintiffs*

_____/s/ Tyler Meade_____
Tyler Meade (CA State Bar # 160838)
Melissa Riess James (CA State Bar #295959)
1816 Fifth Street
Berkeley, CA 94710
Telephone: 510-843-3670
E-mail: tyler@meadefirm.com
E-mail: melissa@meadefirm.com
*Attorney for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that on this 10th day of August, 2017, a true and accurate copy of the foregoing **RESPONSES AND OBJECTIONS OF PLAINTIFF DAVID SCHAECTER TO MARRIOTT DEFENDANTS' FIRST SET OF INTERROGATORIES** was served *via* E-mail upon following:

        Daniel F. Shea, Esq.
           *dan.shea@hoganlovells.com*
        Jessica Black Livingston, Esq.
           *jessica.livingston@hoganlovells.com*
        Hogan Lovells US LLP
        1200 Seventeenth Street, Suite 1500
        Denver, Colorado 80202

        Naomi G. Beer, Esq.
           *BeerN@gtlaw.com*
        Greenberg Traurig, LLP
        1200 17th Street, Suite 2400
        Denver, Colorado 80202

        Ian S. Marx, Esq.
           *MarxI@gtlaw.com*
        Philip R. Sellinger, Esq.
           *SellingerP@gtlaw.com*
        Greenberg Traurig, LLP
        500 Campus Drive, Suite 400
        Florham Park, New Jersey 07932

                         */s/ Bianca Torres*
                         Bianca Torres