IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 16-01301 PAB

RCHFU, LLC, et al.

    Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, et al.

    Defendants.

---

**DEFENDANTS' UNOPPOSED MOTION TO
EXCEED PAGE LIMITATION ON TRIAL BRIEF**

---

Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, and The Lion & Crown Travel Co., LLC (collectively, "Defendants") respectfully seek leave to exceed the page limitation set forth in Rule IV(H) of this Court's Civil Practice Standards for trial briefs by no more than ten pages. In support of this motion, Defendants state as follows:

<u>Certificate Under Local Rule 7.1(a)</u>

1.    Defendants' counsel has conferred with Matthew C. Ferguson, counsel for Plaintiffs, who agreed to this enlargement of the page limitation in an e-mail message sent on August 5, 2020.

<u>Certificate Under Local Rule 6.1</u>

2.    A copy of this motion has been provided to all counsel of record.

3. The extension of the page limitation is requested because of the complexity and novelty of several of the factual and legal issues to be tried, which necessitate a longer submission than that likely contemplated by the Court's Practice Standard for an ordinary civil trial. That complexity is best illustrated by the parties' extensive descriptions of their respective claims and defenses, which consume 43 pages of the May 13, 2020 final pretrial order (ECF #578 at 2-45). Addressing these issues in a trial brief would better facilitate the Court's ability to consider and resolve them as they arise during the course of the trial.

4. In their trial brief, Defendants will need to address numerous points, including:

   a. Whether fiduciary duties arose and were breached as a result of (i) certain provisions in the governing documents for The Ritz-Carlton Club, Aspen Highlands ("RC Club Aspen"); (ii) the assumption of such duties from alleged promises by Defendants to perform certain future acts (including a proposed "vote" on the so-called "MVC Affiliation); or (iii) certain Defendants' operation of reservation systems and external exchange programs.

   b. Whether certain decisions by former Defendant Aspen Highlands Condominium Association, Inc. (the "Association"), as to which Plaintiffs allege Defendants aided and abetted breaches of fiduciary duty by the Association, were protected by the business judgment rule.

   c. Whether claims that Defendants concealed certain documents or information from the Association are actionable in light of the Association's representation by independent counsel.

2

    d. The validity of Plaintiffs' claim for constructive fraud to the extent that it is premised upon the performance of future events or consequences.

    e. Whether Plaintiffs can demonstrate the reliance element of their constructive fraud claim.

    f. Whether Plaintiffs' constructive fraud and unjust enrichment claims are barred by the defenses of laches and waiver.

    g. Whether Plaintiffs' equitable unjust enrichment claim, and their efforts to recover equitable remedies such as disgorgement of profits, are barred by virtue of the availability of legal remedies, in light of the recent holding in *Liu v. SEC*, 140 S. Ct. 1936 (2020).

    h. Whether Plaintiffs can demonstrate any causal connection between Defendants' actions and any alleged diminution in the value of their fractional interests at RC Club Aspen as a result of the MVC Affiliation.

    i. Whether Defendants are entitled to a proportional set-off from any money judgment as a result of any losses attributable to either wrongdoing by the Association or by virtue of Plaintiffs' own actions.

5. Defendants consent to allowing Plaintiffs an additional ten pages for their trial brief.

WHEREFORE, Defendants respectfully request that this Court allow an expansion of the page limitation on their trial brief by ten pages.

Dated:  December 15, 2020

Respectfully submitted,

GREENBERG TRAURIG, LLP

By:  *s/ Ian S. Marx*
Naomi G. Beer
Philip R. Sellinger
Ian S. Marx
1200 Seventeenth Street, Suite 2400
Denver, Colorado 80202
Tel: 303.572.6500 / Fax: 303.572.6540
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
Tel: 973.360.7900 / Fax: 973.301.8410
Email:  BeerN@gtlaw.com, SellingerP@gtlaw.com,  MarxI@gtlaw.com

*Attorneys for Defendants*

CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of December, 2020, a true and accurate copy of the foregoing **DEFENDANTS' UNOPPOSED MOTION TO EXCEED PAGE LIMITATION ON TRIAL BRIEF** was filed and served with the Clerk of the Court via CM/ECF filing system which will send notification to the following:

Michael J. Reiser
Law Office of Michael J. Reiser
1475 N Broadway, Suite 300
Walnut Creek, CA 94596
*Counsel for Plaintiffs*

Matthew C. Ferguson
The Matthew C. Ferguson Law Firm, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611
*Counsel for Plaintiffs*

Tyler R. Meade
The Meade Firm P.C.
1816 Fifth Street
Berkeley, CA 94710
*Counsel for Plaintiffs*

Linda Pham Lam
Michael Schrag
Gibbs Law Group LLP
505 14th Street, Suite 1100
Oakland, CA 94612
*Counsel for Plaintiffs*

Jessica Black Livingston
Hogan Lovells US LLP
1601 Wewatta Street, Suite 900
Denver, Colorado 80202
*Counsel for Defendant*
*Aspen Highlands Condominium Association, Inc.*

              *s/ Gregory Scavelli*
               Gregory Scavelli

              *(Original on file at offices of Greenberg Traurig,*
              *LLP, pursuant to C.R.C.P. 121, § 1-26)*