# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Case No. 1:16-cv-01301-PAB-GPG

RCHFU, LLC, a Colorado limited liability company,
et al.

      Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION,
a Delaware corporation, et al.

      Defendants.

---

## MARRIOTT DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS FOR PRODUCTION (SET ONE)

---

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Marriott Vacations Worldwide Corporation, Marriott Ownership Resorts, Inc., The Ritz-Carlton Management Company, LLC, The Cobalt Travel Company, LLC, and The Lion & Crown Travel Company, LLC (collectively, the "Marriott Defendants") by and through their undersigned counsel, Greenberg Traurig, LLP, respond to Plaintiffs' Requests for Production (Set One), dated September 8, 2016 (the "Requests"), as follows:

### GENERAL OBJECTIONS

1.    Marriott Defendants object to these Requests to the extent that they attempt to impose obligations on them other than those authorized or imposed by the applicable laws, the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Colorado.

NJ 229931873v1

2.    Marriott Defendants object to these Requests to the extent that they seek
documents or information protected from disclosure by the attorney-client privilege, the work
product doctrine, the joint defense privilege, or any other applicable privileges. Privileged
documents and information will not be provided. Moreover, the inadvertent production of
documents protected by any such privilege or doctrine shall not constitute a waiver thereof,
either as to those documents so inadvertently produced or as to any other documents.

3.    Marriott Defendants object to these Requests to the extent that they are beyond
the proportionality and burden standards set forth in Federal Rule of Civil Procedure 26(b)(1).
Marriott Defendants will produce only non-privileged documents that are relevant to a claim or
defense that are proportional to the needs of the case, considering the importance of the issues at
stake in the action, the amount in controversy, the parties' relative access to relevant information,
the parties' resources, the importance of the discovery in resolving the issues, and whether the
burden or expense of the proposed discovery outweighs its likely benefit.

4.    Marriott Defendants object to these Requests to the extent that they are served on
the Marriott Defendants as a group, with no attempt to identify which Defendant is expected to
possess and produce documents responsive to each specific Request. Marriott Defendants will
not produce duplicate copies of responsive documents to the extent more than one Marriott
Defendant has access to such documents. To the extent Marriott Defendants agree to produce
documents herein, only one copy of responsive documents will be produced.

5.    Marriott Defendants object to these Requests to the extent that they seek
documents that are not within their possession, custody or control.

6.    Marriott Defendants object to these Requests, including to the Definitions and
Instructions therein, to the extent that they are overly broad, vague, ambiguous,

2

incomprehensible, or otherwise lacking in sufficient precision to permit a response, unduly burdensome, oppressive, unreasonably cumulative, duplicative or intended to harass, or not relevant to the subject matter of this action or reasonably calculated to lead to the discovery of admissible evidence.

7.      Marriott Defendants object to the Requests to the extent they request documents for a time period between 2012 to the present.  Marriott Defendants agree to a relevant time period from January 1, 2012 through June 30, 2014.  To the extent Plaintiffs seek documents beyond June 2014, Marriott Defendants object to requests for such documents as overly broad and unduly burdensome, irrelevant to the claims and defenses in this matter, and not reasonably calculated to lead to the discovery of admissible evidence.

8.      Marriott Defendants' Responses to these Requests are based upon documents currently available to them and a reasonable review of their current records.  Marriott Defendants reserve the right to rely on any facts, documents or other evidence which may develop or subsequently come to their attention, to assert additional objections or to correct, supplement or amend these Responses at any time.

9.      Marriott Defendants object to these Requests to the extent that they seek Marriott Defendants' confidential or proprietary business information without the entry of an appropriate protective order.  Any documents to be produced will be produced only after the parties enter into a mutually agreeable confidentiality order.  Confidential documents will not be produced without the entry of a confidentiality order.

10.     Marriott Defendants object to producing any ESI (including electronic mail) in response to the Requests until the parties enter into a mutually agreeable ESI protocol including the use of agreed upon search terms to limit the number of potentially responsive documents and

an agreed upon list of custodians whose ESI must be searched, to avoid undue burden or expense pursuant to Federal Rule of Civil Procedure 26(b)(1) and (2).

11.     To the extent that Marriott Defendants provide information or documents in response to these Requests, they do not concede that the information requested by Plaintiffs is relevant to this action, or that any documents, information or responses to these Requests are or will be admissible evidence at a trial of or any hearing in these actions.  Marriott Defendants do not waive any objection, on any ground, whether or not asserted herein, to the use of any such response at any such trial or hearing.

12.     The foregoing General Objections shall be deemed incorporated by reference in response to each Request as if fully set forth therein, and are not waived by the production of documents in Response to any particular Request.

## DOCUMENT REQUESTS

### REQUEST NO. 1

All DOCUMENTS from 2012 to the present CONCERNING MVW's statement on page 13 of its 2012 Annual Report (Form 10-K) that it has "significantly scaled back [its] development of Luxury vacation ownership products," otherwise known as the products under its Ritz-Carlton Destination Club brand.

### RESPONSE TO REQUEST NO. 1

Marriott Defendants object to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome and could encompass documents subject to the attorney-client privilege.  The Request, as written, seeks every document that could possibly relate or refer to the reduction of luxury vacation ownership products  by The Ritz-Carlton Destination Club brand, not just prior to 2012, but after 2012 as well. There is no way for Marriott Defendants to identify and compile all of the documents that could be responsive to this Request.  Defendant also object to the time frame set forth in this Request to the extent it seeks documents through the present.  Marriott Defendants are willing to confer with Plaintiffs' counsel in an attempt to determine whether the parties can reach an agreement to narrow the Request so that it is properly within the scope of discovery.

4

## REQUEST NO. 2

All DOCUMENTS, including internal analyses, communication, memoranda, and feedback from Ritz-Carlton Destination Club members, CONCERNING the decision to affiliate the Ritz-Aspen with the Marriott Vacation Club Destinations exchange program, thereby allowing MVC members to use their points to reserve stays at the Ritz-Aspen.

### RESPONSE TO REQUEST NO. 2

Marriott Defendants object to this Request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine. Marriott Defendants also object to this Request as overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents relating to all Ritz-Carlton Destination Clubs and members of such clubs, as opposed to just The Ritz-Carlton Club, Aspen Highlands, as such information is not relevant to this action involving only The Ritz-Carlton Club, Aspen Highlands.

Subject to the foregoing, Marriott Defendants interpret this Request to seek documents concerning the affiliation of The Ritz-Carlton Club, Aspen Highlands, with Marriott Vacation Club Destinations, and Marriott Defendants will produce for inspection and copying, upon entry of a mutually agreeable confidentiality order, all such non-privileged documents in their possession, custody or control.

## REQUEST NO. 3

All DOCUMENTS, including internal analyses, communications, memoranda, and feedback from Ritz-Carlton Destination Club members CONCERNING the affiliation or potential affiliation of any other Ritz-Carlton Club with the Marriott Vacation Club Destinations exchange program.

### RESPONSE TO REQUEST NO. 3

Marriott Defendants object to this Request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine. Marriott Defendants also object to this Request as overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence on the grounds that it seeks documents relating to all Ritz-Carlton Destination Clubs and members of such clubs, as opposed to just The Ritz-Carlton Club, Aspen Highlands, as such information is not relevant to this action involving only The Ritz-Carlton Club, Aspen Highlands.

Subject to the foregoing, Marriott Defendants interpret this Request to seek documents concerning the affiliation of The Ritz-Carlton Club, Aspen Highlands, with Marriott Vacation Club Destinations, and Marriott Defendants will produce for inspection and copying, upon entry of a mutually agreeable confidentiality order, all such non-privileged documents in their possession, custody or control

NJ 229931873v1

**REQUEST NO. 4**

All DOCUMENTS, including correspondence, voting material and/or surveys, sent to owners of fractional interests at the Ritz-Aspen CONCERNING the affiliation (or proposed affiliation) of the Ritz-Aspen with the Marriott Vacation Club Destinations exchange program, which allowed MVC members to use their points to reserve stays at the Ritz-Aspen.

**RESPONSE TO REQUEST NO. 4**

Subject to and without waiving the General Objections, Marriott Defendants will produce for inspection and copying, upon entry of a mutually agreeable confidentiality order, all responsive, non-privileged documents in their possession, custody or control. Marriott Defendants further state that a third party, APCO Worldwide, administered the survey of members at The Ritz-Carlton Club, Aspen Highlands, and this third party may have responsive documents that are not in Marriott Defendants' possession, custody or control.

**REQUEST NO. 5**

DOCUMENTS sufficient to show the total annual cost of operating the Ritz-Aspen and Ritz-Carlton Membership Program from 2012 to the present.

**RESPONSE TO REQUEST NO. 5**

Subject to and without waiving the General Objections, Marriott Defendants will produce for inspection and copying, upon entry of a mutually agreeable confidentiality order, copies of the approved condominium association operating budget for The Ritz-Carlton Club, Aspen Highlands, during the time period between January 1, 2012 through June 30, 2014. To the extent this Request seeks any documents beyond that time frame, or any additional types of documents, Marriott Defendants object to the Request as irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad and unduly burdensome, and as vague and ambiguous.

**REQUEST NO. 6**

DOCUMENTS sufficient to show Marriott Defendants' annual revenues and profits from selling MVC timeshares from 2012 to the present.

**RESPONSE TO REQUEST NO. 6**

Marriott Defendants object to this Request on the grounds that it improperly seeks financial discovery that is not appropriate at this initial stage of the litigation. Marriott Defendants further object on the grounds that this Request seeks confidential and proprietary information that is irrelevant to the claims and defenses in this action and the Request is not reasonably calculated to lead to the discovery of admissible evidence. Marriott Defendants are willing to confer with Plaintiffs' counsel in an

6

attempt to determine whether the parties can reach an agreement to narrow the Request so that it is properly within the scope of discovery.

## REQUEST NO. 7

DOCUMENTS sufficient to show the amount in exchange fees, or fees collected from Ritz-Carlton Membership Program and MVC members, during reservation procedures or administration of the exchange program for the Ritz-Carlton Membership Program and Marriott Vacation Club Destinations system, collected by Cobalt Travel Company, LLC and the Lion & Crown Travel Co., LLC during 2012, 2013, 2014, 2015, and 2016.

### RESPONSE TO REQUEST NO. 7

Marriott Defendants object to this Request on the grounds that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant also object to the extent this Request seeks confidential and proprietary information. Marriott Defendants are willing to confer with Plaintiffs' counsel in an attempt to determine whether the parties can reach an agreement to narrow the Request so that it is properly within the scope of discovery.

## REQUEST NO. 8

Produce the version of the Declaration of Condominium for Aspen Highlands Condominiums – Aspen Highlands Village that governs Plaintiffs' fractional interests at the Ritz-Aspen.

### RESPONSE TO REQUEST NO. 8

Marriott Defendants object to this Request on the grounds that it seeks the production of a document that is available via Colorado's public records.  Subject to and without waiving the General Objections, Marriott Defendants will produce for inspection and copying, upon entry of a mutually agreeable confidentiality order, the requested document in effect as of January 1, 2012 and any amendments through June 30, 2014.

## REQUEST NO. 9

Produce each and every version of the Ritz-Carlton Club Membership Program Affiliation Agreement that has existed since the opening of the Ritz-Aspen.

### RESPONSE TO REQUEST NO. 9

Subject to and without waiving the General Objections, Marriott Defendants will produce for inspection and copying, upon entry of a mutually agreeable confidentiality order, copies of each final and executed version of the Ritz-Carlton Club Membership Program Affiliation Agreement in effect between January 1, 2012 through June 30, 2014.  To the extent this Request seeks any documents beyond that time frame, or any additional types of documents, including unexecuted drafts,

NJ 229931873v1

Marriott Defendants object to the Request as irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad and unduly burdensome, and as seeking documents protected by the attorney-client privilege and work product doctrine.

## REQUEST NO. 10

Produce each and every version of the Management Agreement between the Ritz-Carlton Management Company, LLC and Aspen Highlands Condominium Association that has existed since the opening of the Ritz-Aspen, including any drafts or redline versions, as well as DOCUMENTS including internal analyses, communications and memoranda CONCERING the Management Agreements.

### RESPONSE TO REQUEST NO. 10

Subject to and without waiving the General Objections, Marriott Defendants will produce for inspection and copying, upon entry of a mutually agreeable confidentiality order, copies of each final and executed version of the Management Agreement between the Ritz-Carlton Management Company, LLC and the Aspen Highlands Condominium Association ("Management Agreement") in effect between January 1, 2012 through June 30, 2014. To the extent this Request seeks any documents beyond that time frame, or any additional types of documents, including unexecuted drafts of the Management Agreement, or internal analyses, communications or memoranda regarding the Management Agreement, Marriott Defendants object to the Request as irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad and unduly burdensome, and as seeking documents protected by the attorney-client privilege and work product doctrine.

## REQUEST NO. 11

All DOCUMENTS listed in the Marriott Defendants' Rule 26(a)(1) initial disclosures.

### RESPONSE TO REQUEST NO. 11

Subject to and without waiving the General Objections, Marriott Defendants will produce for inspection and copying, upon entry of a mutually agreeable confidentiality order, non-privileged documents responsive to this Request.

*NJ 229931873v1*

Dated:  October 13, 2016

Respectfully submitted,
GREENBERG TRAURIG, LLP

By:

Naomi G. Beer
Philip R. Sellinger
Ian S. Marx
1200 Seventeenth Street, Suite 2400
Denver, Colorado 80202
Tel:     303.572.6500
Fax:     303.572.6540
Email:  BeerN@gtlaw.com
          SellingerP@gtlaw.com
          MarxI@gtlaw.com

*Attorneys for the Marriott Vacations
Worldwide Corporation, Marriott Ownership
Resorts, Inc., The Ritz-Carlton Management
Company, LLC, The Cobalt Travel Company, LLC,
and The Lion & Crown Travel Co., LLC*

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of October, 2016, a true and accurate copy of the foregoing **MARRIOTT DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS FOR PRODUCTION (SET ONE)** was served to the following parties:

Michael J. Reiser
Lilia Bulgucheva
Law Office of Michael J. Reiser
961 Ygnacio Valley Road
Walnut Creek, CA 94596
*Counsel for Plaintiffs*

Tyler R. Meade
The Meade Firm P.C.
1816 Fifth Street
Berkeley, CA 94710
*Counsel for Plaintiffs*

Daniel F. Shea
Jessica Black Livingston
Hogan Lovells US LLP
1200 Seventeenth Street, Suite 1500
Denver, Colorado 80202
*Counsel for Aspen Highlands
 Condominium Association*

Matthew C. Ferguson
The Matthew C. Ferguson Law Firm, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611
*Counsel for Plaintiffs*

Linda Pham Lam
Michael Schrag
Gibbs Law Group LLP
505 14th Street, Suite 1100
Oakland, CA 94612
*Counsel for Plaintiffs*

NJ 229931873v1