IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 16-cv-01301-PAB-GPG

RCHFU, LLC, a Colorado limited liability company, et al.,

    Plaintiffs,

v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, et al.,

    Defendants.

_____

**ORDER**
_____

    This matter is before the Court on defendants' motion for reconsideration [Docket No. 569]. Defendants request that the Court reconsider its order, Docket No. 564, granting in part and denying in part defendants' motion *in limine* to bifurcate trial. Docket No. 569 at 1.

## I. BACKGROUND

    The background facts are set forth in the Court's previous orders, *see, e.g.*, Docket No. 563, and will not be repeated here unless relevant to resolving the present motion. This action arises out of a dispute regarding the management of the Ritz-Carlton Club, Aspen Highlands ("Aspen Highlands"), located in Aspen, Colorado, and its affiliation with Marriott Vacation Club Destination ("MVC"). Plaintiffs claim that the affiliation, resulting from defendants' allegedly wrongful acts, decimated the value of their fractional interests at Aspen Highlands and that plaintiffs were damaged thereby. Docket No. 430 at 10, ¶ 1.

Defendants moved to preclude plaintiffs from offering certain evidence at trial by filing six motions *in limine*. Docket Nos. 466, 467, 468, 469, 470, and 475. The Court entered an order ruling on all six of these motions. Docket No. 564. Two of defendants' motions are relevant here. First, defendants sought to bifurcate the action into two trials – a two-phase jury trial considering, first, liability and compensatory damages and second, if necessary, punitive damages – and a bench trial on unjust enrichment and disgorgement of profits. Docket No. 470 at 1. The Court determined that defendants had not met their burden of demonstrating that bifurcation of the jury trial was warranted. Docket No. 564 at 22. As to the request for a bench trial on equitable issues, the Court held that it would consider plaintiffs' claims for unjust enrichment after the jury's resolution of the legal issues. *Id.* at 24.

Second, defendants moved to preclude evidence of non-affiliation-related damages and conduct. Docket No. 469. The Court granted defendants' motion to the extent it sought to exclude the use of this evidence in support of plaintiffs' claims for compensatory damages. Docket No. 564 at 15. The Court, however, denied defendants' motion to the extent it sought to prohibit plaintiffs from using this evidence in support of their arguments that defendants acted heedlessly and recklessly, without regard for the consequences; that is, in support of plaintiffs' punitive damages claims. *Id.* at 16, 17. The Court determined that a limiting instruction could cure any danger of undue prejudice or confusion of the issues. *Id.* 17.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure do not specifically provide for motions for

reconsideration. *See Hatfield v. Bd. of Cty. Comm'rs*, 52 F.3d 858, 861 (10th Cir. 1995). Instead, motions for reconsideration fall within a court's plenary power to revisit and amend interlocutory orders as justice requires. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P.54(b)); *see also Houston Fearless Corp. v. Teter* 313 F.2d 91, 92 (10th Cir. 1962). Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error. Motions to reconsider are generally an inappropriate vehicle to advance "new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Under the clearly erroneous standard, "the reviewing court [must] affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

## III. ANALYSIS

Defendants seek reconsideration of the Court's order denying bifurcation of the jury trial. Docket No. 569 at 1. Defendants argue that reconsideration is appropriate where, as here, "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete*, 104 F.3d at 1012. In support of their motion, defendants raise three arguments. First, defendants assert that the Court "misconstrued" their motion as seeking two separate juries, rather than one jury. Docket No. 569 at 2. Second, defendants argue that the Court's conclusion that the evidence of

non-affiliation-related damages and conduct was "*entirely irrelevant*" and failed to satisfy the "*minimum requirements* of relevance" because it has "*no probative value*" should have led the Court to determine that bifurcation was proper and that a limiting instruction was insufficient to cure the prejudice to defendants. *Id.* at 2–3. Third, defendants explain that plaintiffs will suffer no prejudice as a result of bifurcation because defendants will pay any costs necessary to produce any witnesses again. *Id.* at 8. In their reply, defendants also argue that the Court's rulings on the motions *in limine* were inconsistent. Docket 575 at 3.

On their first point, defendants maintain that they "seek, and have always sought, one jury, which, if necessary, would hear the punitive damages case immediately after the presentation and decision regarding the liability/compensatory damages case." Docket No. 569 at 2. Plaintiffs disagree, explaining that defendants stated in their initial motion that bifurcation is appropriate when "having the *same jury* charged with deciding the issue of liability and compesatory damages also hear evidence offered in support of a punitive recovery is likely to unduly prejudice the defendant." Docket No. 573 at 2 n.1 (quoting Docket No. 470 at 8, ¶ 14). In that motion, defendants also argue, "presenting all of this evidence together in a single jury trial would be overwhelming and confusing." Docket No. 470 at 12, ¶ 20.[1] The Court agrees with plaintiffs. Defendants have not "always sought" one jury to hear both phases of the case. The Court has not "misapprehended the facts, a party's position, or the controlling law"; rather, defendants attempt to advance a "new argument[], . . . which [was] available at the time of the

---

[1] Defendants abandon this issue in their reply brief. *See* Docket No. 575.

original motion." *Servants of the Paraclete*, 204 F.3d at 1012.

In support of their second argument, defendants insist that the Court's ruling on excluding non-affiliation-related damages and conduct evidence "eliminated Plaintiffs' principal argument against bifurcation" that overlapping evidence in the two phases would be a waste of resources – yet the Court's bifurcation ruling "failed to give due consideration" to the prejudice that could result from the jury's exposure to non-affiliation evidence during the liability and compensatory damages phase of the trial. Docket No. 569 at 2. Defendants contend that the Court's ruling that "evidence of non-affiliation conduct is *irrelevant* to plaintiffs' case on liability and compensatory damages should have changed the bifurcation analysis." *Id.* In defendants' view, since the Court held that non-affiliation evidence is *"entirely irrelevant"* to the liability and compensatory damages issue and "does not satisfy the *minimum* requirements of relevance" because it has "*no probative value*" to those issues, *id.* at 3, the Court recognized the potential prejudice, and therefore should have ordered a bifurcated trial instead of a limiting instruction, *id.* at 6–7, which defendants believe would be insufficient to cure the potential prejudice. Docket No. 575 at 2. Defendants ask the Court, therefore, to bifurcate the trial such that "the very same jury that will hear all" affiliation-related evidence "during the liability/compensatory damages phase will immediately thereafter sit to hear the additional non-affiliation evidence that is relevant solely as to willfulness and punitive damages." Docket No. 569 at 7.

Plaintiffs argue that defendants point to "no change in the law, newly discovered evidence, or clear error that would warrant reconsideration." Docket No. 573 at 2 (citing

*Carbajal v. Lucio*, No. 10-cv-02862-PAB-KLM, 2016 WL 7245798, at *1 (D. Colo. Dec. 14, 2016)). Instead, plaintiffs argue, defendants repeat the same arguments as in their original motion, that, if the jury heard evidence on punitive damages as well as evidence on liability and compensatory damages in the same trial, defendants would suffer undue prejudice. *Id*. Plaintiffs maintain, however, that evidence supporting plaintiffs' claim for punitive damages is based on defendants' decision to "affiliate [Aspen Highlands] with the Marriott Vacation Club despite knowing that doing so would destroy Plaintiffs' property value" and defendants' "reneging on [their] promise that no affiliation would take place without a majority vote in favor of it." *Id.* at 3. This evidence would also support plaintiffs' liability and constructive fraud claims, and a limiting instruction would cure any prejudice, plaintiffs insist. *Id.* Defendants accuse plaintiffs of "repeating and expanding upon the Court's misapprehension of a key element of Defendants' position, namely, the assumption that Defendants are seeking two separate juries," and insist that a limiting instruction would be insufficient. Docket No. 575 at 2. Defendants, however, failed to make the first argument, for the same jury to hear both phases, when they should have, and provide no support for the latter argument, besides enumerating cases where courts have found limiting instructions insufficient.

Plaintiffs also explain that the Court's motion *in limine* decisions are consistent with each other because the "bulk of evidence on punitive damages . . . still substantially overlaps with evidence that will support liability." Docket No. 573 at 5. The Court's decision to allow plaintiffs to present non-affiliation evidence to support their punitive damages arguments does not change the overlap. *Id.* This is consistent, plaintiffs

argue, with the Court's decision to prohibit plaintiffs from introducing such evidence in support of their liability and compensatory damages claims. Furthermore, plaintiffs argue that, contrary to defendants' assertions, the Court did not rule that "evidence of non-affiliation conduct does not satisfy the *minimum* requirements of relevance . . . in that it has *no probative value*." *Id.* (quoting Docket No. 569 at 3). Defendants do not raise this argument in their reply, but repeat their earlier argument that, "[a]fter the Court determined that non-affiliation conduct was not encompassed by Plaintiffs' claims, it then overlooked that determination by ruling that non-affiliation-related evidence introduced solely to support punitive damages is admissible in the liability/compensatory damages phase of the trial." Docket No. 575 at 3. Defendants close their reply by raising a new argument, that plaintiffs "do not even try to explain how they could possibly be prejudiced by a bifurcation of the trial." *Id.*

The Court begins by noting that defendants' characterization of the Court's order is incorrect. The Court did not determine that plaintiffs' non-affiliation evidence fails to satisfy the minimum requirements of relevance and has no probative value. Rather, as plaintiffs explain, the Court held that plaintiffs' complaint failed to put defendants on notice that plaintiffs seek damages related to pre-affiliation conduct, and, therefore, the Court granted defendants' motion to the extent plaintiffs sought to use the evidence in support of their claims for compensatory damages. Docket No. 564 at 13, 15.

The Court next considers defendants' second argument, that the Court "failed to give due consideration" to defendants' claims of the potential prejudice. Docket No. 569 at 2. The Court disagrees. Defendants raised the issue of prejudice in their original motion. *See, e.g.*, Docket No. 469 at 14. They also raised this issue in their reply brief,

7

arguing that any marginal relevance of pre-affiliation conduct is substantially outweighed by undue prejudice to the defendants. Docket No. 525 at 3 n.3. The Court considered these arguments and found them without merit. Docket No. 564 at 16–17. Any potential prejudice, the Court determined, could be corrected by a limiting instruction. *Id.* at 17. While defendants may think this insufficient protection, courts routinely instruct juries that evidence may be relevant to one claim and not to another. *See, e.g.*, *Leiserv, LLC v. Summit Ent. Ctrs., LLC*, No. 15-cv-01289-PAB-KLM, 2017 WL 491171, at *8 n.8 (D. Colo. Feb. 6, 2017) ("A limiting instruction would be sufficient to address any resulting prejudice to defendants."); *see also S.E.C. v. Peters*, 978 F.2d 1162, 1172–73 (10th Cir. 1992) (discussing limiting instructions and Fed. R. Evid. 403). Further, defendants provide no reason that a jury would be unable to heed the Court's direction; they simply assert that the Court's instruction would "compound the prejudice." Docket No. 569 at 6.

In their reply brief, defendants assert that the Court's order was inconsistent because the Court made a determination about the non-affiliation evidence, but then overlooked that determination in its decision on bifurcation. Docket No. 575 at 3. Defendants rely on *United States v. Ibarra*, 920 F.2d 702, 706 (10th Cir. 1990), for the proposition that reconsideration is appropriate where the court "overlooked" a point in its initial decision.[2] The Court did not, however, overlook a point in its initial decision.

---

[2] The question before the *Ibarra* court was "whether the filing of a motion for reconsideration that raises only a previously conceded argument tolls the time for filing a notice of appeal." *Ibarra*, 920 F.2d at 705. In determining that it did not, the court held, "motion for reconsideration of a previously considered issue . . . is analogous to . . . successive motions for reconsideration of the same issue," and that "such a motion has very little likelihood of success and merely serves to prolong the process of litigation." *Id.* at 706. The Court "previously considered" defendants' arguments in their motions *in limine*. Docket Nos. 469, 470.

Defendants argued, in separate motions *in limine*, that the Court should preclude non-affiliation evidence, Docket No. 469, and should bifurcate trial and preclude reference to defendants' profits in an earlier phase of trial, Docket No. 470. The Court considered these arguments and found some persuasive and some not. Defendants did not, however, argue, as they appear to do now, that bifurcation, rather than a limiting instruction, is the appropriate mechanism for preventing prejudice if the Court did not wholly exclude non-affiliation evidence. Docket Nos. 469, 525. If defendants wanted the Court either to exclude non-affiliation evidence, or bifurcate trial, rather than impose a limiting instruction, they should have made such an argument in their motion *in limine* instead of choosing to advance, in a motion for reconsideration, a "new argument[] . . . which [was] available at the time of the original motion." *Servants of the Paraclete*, 204 F.3d at 1012.

Defendants' final argument is that plaintiffs "do not even try to explain how they could possibly be prejudiced by a bifurcation of the trial." Docket No. 575 at 3. Plaintiffs do not have the burden of establishing that bifurcation is inappropriate. Rather, as the Court explained in its order, "[d]efendant, as the moving party, bears the burden of establishing that bifurcation is warranted." Docket No. 564 at 19 (quoting *Baker v. Equifax Credit Info. Servs., Inc.*, 1998 WL 101829, at *1 (D. Kan. Feb. 6, 1998) (citing *Ake v. Gen Motors. Corp.*, 942 F. Supp. 869 (W.D.N.Y. 1996)).[3] The Court finds no

---

[3] Defendants further argue that, in granting defendants' motion to exclude the use of the non-affiliation evidence in support of plaintiffs' claims for compensatory damages, Docket No. 564 at 15, the Court "eliminated Plaintiffs' principal argument against bifurcation," Docket No. 569 at 2. Again, it is defendants' burden to establish that bifurcation is appropriate, not plaintiffs' burden to show that bifurcation would be prejudicial.

9

"clear error" in its earlier analysis of the issues, and it is not "left with the definite and firm conviction that a mistake has been committed." *U.S. Gypsum Co.*, 333 U.S. at 395.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendants Motion for Reconsideration of March 20, 2020 Order With Respect to Motion *In Limine* to Bifurcate Jury Trial into Liability and Punitive Damages Phases [Docket No. 569] is **DENIED**.

DATED February 16, 2021

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge
